FILED

MAR 10 2009

Phil Lombardi, Clerk
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

Case No. **09 CR 0 4 3 JHP**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | INDICTMENT |
| ) | [18 U.S.C. § 371, Conspiracy to |
| v. ) | Defraud the United States; |
| ) | 26 U.S.C. § 7201, Tax Evasion; |
| LINDSEY KENT SPRINGER, ) | 26 U.S.C. § 7203, Failure to File |
| OSCAR AMOS STILLEY, ) | Tax Return] |
| ) | |
| Defendants. ) | |

**THE GRAND JURY CHARGES:**

**GENERAL ALLEGATIONS**

At all times relevant to this Indictment:

1. **LINDSEY KENT SPRINGER** ("Defendant **SPRINGER**") was a resident of the City of Kellyville, in the Northern District of Oklahoma.

2. Defendant **SPRINGER** used the name Bondage Breakers Ministry to solicit and receive money. Defendant **SPRINGER**'s stated purpose for Bondage Breakers Ministry was "to get rid of the Internal Revenue Service."

3. **OSCAR AMOS STILLEY** ("Defendant **STILLEY**") was an attorney residing in Fort Smith, Arkansas.

4.  Defendant **STILLEY** maintained an Arkansas IOLTA Foundation Trust Account ("IOLTA account") at Arvest Bank; an IOLTA account is an interest-bearing account used to hold client funds.

5.  Defendants **SPRINGER** and **STILLEY** each earned income in various ways, including assisting individuals being investigated and prosecuted for federal tax violations. Defendant **SPRINGER** referred individuals to Defendant **STILLEY**, and provided assistance on many of these cases.

6.  Defendant **SPRINGER** last filed an individual income tax return with the Internal Revenue Service in the late 1980's.

7.  Defendant **STILLEY** last filed an individual income tax return with the Internal Revenue Service in the late 1980's.

## COUNT ONE
## [18 U.S.C. § 371]

8.  General Allegations paragraphs 1 through 7 are incorporated as if fully set forth herein.

### OBJECT OF THE CONSPIRACY

9.  Beginning in or about 2000, and continuing until on or about January 15, 2009, within the Northern District of Oklahoma, and elsewhere, Defendants **SPRINGER** and **STILLEY**, and others, both known and unknown to the Grand Jury, unlawfully and knowingly combined, conspired, confederated, and agreed together to defraud the United States by impeding, impairing, obstructing, and defeating the lawful government functions

of the Internal Revenue Service, an agency of the United States, in the ascertainment, computation, assessment, and collection of revenue, that is, federal individual income taxes.

## MANNER AND MEANS OF THE CONSPIRACY

The object of the conspiracy was to be accomplished, and was accomplished, through the following manner and means:

10. Defendants **SPRINGER** and **STILLEY** would and did use Defendant **STILLEY**'s IOLTA account to conceal Defendant **SPRINGER**'s income, assets, and personal expenses;

11. Defendant **SPRINGER** would and did use Defendant **STILLEY**'s credit card to pay Defendant **SPRINGER**'s personal expenses;

12. Defendants **SPRINGER** and **STILLEY** would and did use cashier's checks, money orders, cash, and other means to avoid creating the usual records of financial transactions and to conceal Defendant **SPRINGER**'s income;

13. Defendants **SPRINGER** and **STILLEY** would and did knowingly misrepresent the source and nature of Defendant **SPRINGER**'s income to Internal Revenue Service employees, the Grand Jury, and the Department of Justice; and

14. Defendants **SPRINGER** and **STILLEY** would and did refrain from filing forms with the Internal Revenue Service, including Forms 1040 and 1099.

## OVERT ACTS IN FURTHERANCE OF THE CONSPIRACY

In furtherance of the conspiracy and to effect the object thereof, Defendants **SPRINGER** and **STILLEY**, and others known and unknown to the Grand Jury, committed the following overt acts, among others, in the Northern District of Oklahoma and elsewhere:

15.   On or about September 16, 2005, Defendant **SPRINGER** told Internal Revenue Service employees that all funds he receives are gifts and donations, that he does not have any income, and that he does not provide any services for payment.

16.   On or about January 20, 2006, Defendant **STILLEY** stated to Internal Revenue Service employees that people give money to Defendant **SPRINGER** for his ministry, and expect no services in return.

17.   On or about March 9, 2006, Defendant **STILLEY** provided the Grand Jury with a document titled "RESPONSE TO SUBPOENA" stating that "LINDSEY SPRINGER does not charge for his services," and purporting to list "any money paid, given, transferred, or provided to LINDSEY SPRINGER for any purpose."

18.   On or about June 24, 2003, Defendant **STILLEY** caused to be deposited a check for $112,500 into his IOLTA account.

19.   On or about June 30, 2003, Defendant **STILLEY** caused to be written a check for $14,359 from his IOLTA account to Defendant **SPRINGER**.

20.   On or about July 21, 2003, Defendant **STILLEY** caused to be written a check for $35,000 from his IOLTA account to Defendant **SPRINGER**.

21. On or about July 31, 2003, Defendant **STILLEY**, using funds from his IOLTA account, purchased a $37,000 cashier's check for Defendant **SPRINGER**.

22. On or about July 31, 2003, Defendant **SPRINGER** used the $37,000 cashier's check to purchase a Chevrolet Corvette.

23. On or about November 6, 2003, Defendant **STILLEY** caused $375,059.90 to be transmitted to his IOLTA account.

24. On or about November 7, 2003, Defendant **STILLEY** caused three cashier's checks payable to Defendant **SPRINGER** in the amount of $20,000 each to be issued from his IOLTA account.

25. On or about November 7, 2003, Defendant **STILLEY** purchased $18,000 in money orders for Defendant **SPRINGER** using funds from his IOLTA account.

26. On or about August 8, 2005, Defendant **SPRINGER** sent an email to a third person containing the account number, routing number, and name of Defendant **STILLEY**'s IOLTA account.

27. On or about August 11, 2005, Defendants **SPRINGER** and **STILLEY** caused $192,000 to be transmitted to Defendant **STILLEY**'s IOLTA account for Defendant **SPRINGER**.

28. On or about August 15, 2005, Defendant **STILLEY** caused $166,000 to be transmitted from his IOLTA account for the purchase of a motor home titled in the name of Defendant **SPRINGER** and his wife.

29. On or about August 18, 2005, Defendants **SPRINGER** and **STILLEY** caused $58,000 to be transmitted to Defendant **STILLEY**'s IOLTA account for Defendant **SPRINGER**.

30. On or about August 26, 2005, Defendant **STILLEY** caused $5,560 to be transmitted from his IOLTA account to Oklahoma Truck and Trailer Sales for the purchase of a trailer titled in the name of Defendant **SPRINGER**.

31. On or about September 1, 2005, Defendant **STILLEY** caused $25,813 to be transmitted from his IOLTA account to Lexus of Tulsa for the purchase of a Lexus titled in the name of Defendant **SPRINGER** and his wife.

32. On or about September 19, 2005, Defendant **STILLEY** purchased two $10,000 cashier's checks payable to Defendant **SPRINGER** with funds from Defendant **STILLEY**'s IOLTA account.

33. On or about November 9, 2005, Defendant **STILLEY** purchased a $10,000 cashier's check payable to Defendant **SPRINGER** with funds from Defendant **STILLEY**'s IOLTA account.

34. On or about November 29, 2005, Defendant **STILLEY** purchased a $9,000 cashier's check payable to Defendant **SPRINGER** with funds from Defendant **STILLEY**'s IOLTA account.

35. On or about December 9, 2005, Defendant **SPRINGER** caused $50,000 he earned from the sale of a motor home to be transmitted to Defendant **STILLEY**'s IOLTA account.

36. On or about May 2, 2006, Defendant **STILLEY** caused to be written a $1,993.56 check from his IOLTA account to Defendant **SPRINGER**.

37. On or about July 25, 2006, Defendant **STILLEY** caused to be deposited a $175,000 check in his IOLTA account.

38. On or about August 3, 2006, Defendant **STILLEY** caused to be written a $25,000 check from his IOLTA account to Bondage Breakers Ministry.

39. On or about January 15, 2009, Defendant **SPRINGER** represented that he earned no income and that the money he received was given "without any expectation for anything from anybody."

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO
## [26 U.S.C. § 7201]

40. General Allegations paragraphs 1, 2, 5, and 6 are incorporated as if fully set forth herein.

41. From on or about January 1, 2000, and continuing to on or about January 15, 2009, within the Northern District of Oklahoma and elsewhere, Defendant **SPRINGER** had and received taxable income, and upon that taxable income there was a substantial income tax due and owing. Well knowing and believing the foregoing facts, Defendant **SPRINGER** did willfully attempt to evade and defeat the individual income taxes due and owing by him to the United States of America for the calendar year 2000, by failing to file a United States Individual Income Tax Return as required by law, and by committing various affirmative acts of evasion, including: receiving income in a fictitious name; directing individuals to write "donation" or "gift" on checks that were payment for services; directing individuals to pay for services by cashier's check; using a check-cashing business to cash checks; using money orders, cash, and other means to avoid creating the usual records of financial transactions and to conceal his income; making false statements to agents and employees of the Internal Revenue Service; and, otherwise concealing and attempting to conceal from all proper officers of the United States of America his true and correct income.

All in violation of Title 26, United States Code, Section 7201.

## COUNT THREE
## [26 U.S.C. § 7201 and 18 U.S.C. § 2]

42. General Allegations paragraphs 1 through 7 are incorporated as if fully set forth herein.

43. From on or about January 1, 2003, and continuing to on or about January 15, 2009, within the Northern District of Oklahoma and elsewhere, Defendant **SPRINGER** had and received taxable income, and upon that taxable income there was a substantial income tax due and owing. Well knowing and believing the foregoing facts, Defendants **SPRINGER** and **STILLEY** did willfully attempt to evade and defeat the individual income taxes due and owing by Defendant **SPRINGER** to the United States of America for the calendar year 2003, by failing to file a United States Individual Income Tax Return as required by law, and by committing various affirmative acts of evasion. Defendant **SPRINGER** committed the following affirmative acts of evasion: directing individuals to make checks payable to Bondage Breakers Ministry; using a check-cashing business to cash checks; and accepting collectible coins as payment for services. Defendants **SPRINGER** and **STILLEY** committed, and aided and abetted the commission of, the following affirmative acts of evasion: using Defendant **STILLEY**'s IOLTA account; using Defendant **STILLEY**'s credit card to pay Defendant **SPRINGER**'s personal expenses; using cashier's checks, money orders, cash, and other means to avoid usual records and to conceal income; making false statements to agents and employees of the Internal Revenue Service; and,

otherwise concealing and attempting to conceal from all proper officers of the United States of America Defendant **SPRINGER**'s true and correct income.

All in violation of Title 26, United States Code, Section 7201 and Title 18, United States Code Section 2.

## COUNT FOUR
[26 U.S.C. § 7201 and 18 U.S.C. § 2]

44. General Allegations paragraphs 1 through 7 are incorporated as if fully set forth herein.

45. From on or about January 1, 2005, and continuing to on or about January 15, 2009, within the Northern District of Oklahoma and elsewhere, Defendant **SPRINGER** had and received taxable income, and upon that taxable income there was a substantial income tax due and owing. Well knowing and believing the foregoing facts, Defendants **SPRINGER** and **STILLEY** did willfully attempt to evade and defeat the individual income taxes due and owing by Defendant **SPRINGER** to the United States of America for the calendar year 2005, by failing to file a United States Individual Income Tax Return despite earning income of sufficient amount to require the filing of an individual income tax return, and by committing various affirmative acts of evasion. Defendant **SPRINGER** committed the following affirmative acts of evasion: directing individuals to make checks payable to Bondage Breakers Ministry; and using a check-cashing business to cash checks. Defendants **SPRINGER** and **STILLEY** committed, and aided and abetted the commission of, the following affirmative acts of evasion: using Defendant **STILLEY**'s IOLTA account; using Defendant **STILLEY**'s credit card to pay Defendant **SPRINGER**'s personal expenses; using cashier's checks, money orders, cash, and other means of payment to avoid usual records and to conceal income; making false statements to agents and employees of the Internal Revenue

Service; and, otherwise concealing and attempting to conceal from all proper officers of the United States of America Defendant **SPRINGER**'s true and correct income.

All in violation of Title 26, United States Code, Section 7201, and Title 18, United States Code Section 2.

## COUNT FIVE
## [26 U.S.C. § 7203]

46.    General Allegations paragraphs 1, 2, 5, and 6 are incorporated as if fully set forth herein.

47.    During the calendar year 2002, Defendant **SPRINGER** had and received gross income in excess of $7,700. By reason of such gross income, he was required by law, following the close of the calendar year 2002 and on or before April 15, 2003 to make an income tax return to the Internal Revenue Service Center, at Austin, Texas, to a person assigned to receive returns at the local office of the Internal Revenue Service at Tulsa, Oklahoma, or to another Internal Revenue Service office permitted by the Commissioner of Internal Revenue, stating specifically the items of his gross income and any deductions and credits to which he was entitled. Well knowing and believing all of the foregoing, he did willfully fail, on or about April 15, 2003, in the Northern District of Oklahoma and elsewhere, to make and file an income tax return.

All in violation of Title 26, United States Code, Section 7203.

## COUNT SIX
### [26 U.S.C. § 7203]

48.   General Allegations paragraphs 1, 2, 5 and 6 are incorporated as if fully set forth herein.

49.   During the calendar year 2004, Defendant **SPRINGER** had and received gross income totaling in excess of $15,900. By reason of that gross income, he was required by law, following the close of the calendar year 2004 and on or before April 15, 2005 to make an income tax return to the Internal Revenue Service Center, at Austin, Texas, to a person assigned to receive returns at the local office of the Internal Revenue Service at Tulsa, Oklahoma, or to another Internal Revenue Service office permitted by the Commissioner of Internal Revenue, stating specifically the items of his gross income and any deductions and credits to which he was entitled. Well knowing and believing all of the foregoing, he did willfully fail, on or about April 15, 2005, in the Northern District of Oklahoma and elsewhere, to make and file an income tax return.

All in violation of Title 26, United States Code, Section 7203.

DAVID E. O'MEILIA
UNITED STATES ATTORNEY

CHARLES A. O'REILLY
Trial Attorney, Tax Division
United States Department of Justice

KENNETH P. SNOKE
Assistant United States Attorney

A TRUE BILL

/s/ Grand Jury Foreperson
Grand Jury Foreperson