IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

**FILED**

MAR **1 8** 2009

Phil Lombardi, Clerk
U.S. DISTRICT COURT

UNITED STATES OF AMERICA

Plaintiff,[1]

Case No. 09-CR-043 JHP

v.

LINDSEY KENT SPRINGER,
OSCAR AMOS STILLEY

Defendant.

## MOTION FOR BILL OF PARTICULARS

Lindsey Kent Springer ("Springer"), by limited special appearance, and not

a general appearance, request this United States District of Oklahoma Northern

Division Court to direct Counsel for the 28 U.S.C. § 1861-1878 United States Policy

Grand Jury pursuant to Federal Rules of Criminal Procedure 7(f) to provide certain

particulars regarding the "Grand Jury charges" in its indictment dated March 10,

2009.

### THE CHARGES ALLEGED

### Violation of 18 U.S.C. § 371

Count One charges that beginning on or about January 2000 that Lindsey

Kent Springer and Oscar Amos Stilley within the United States District of Oklahoma

did unlawfully conspire and agreed together to "defraud the United States" by

---

[1]This is subject to future debate since purportedly a Grand Jury issued the
Indictment!

1

impeding, impairing, obstructing, and defeating, the lawful government functions
of the Internal Revenue Service in their effort to ascertain, compute, assess, and
collect "federal individual income taxes."

Violation of 26 U.S.C. § 7201

Count Two alleges that beginning in January 2000, Springer willfully
attempted to evade "income taxes due and owing" by failing to provide
information for "calender year 2000" "as required by law" and that "upon that
'taxable income' there was a substantial income tax due and owing."

Count Three alleges that beginning in January 1, 2003, Springer willfully
attempted to evade "income taxes due and owing" by failing to provide
information for "calender year 2003" "as required by law" and that "upon that
'taxable income' there was a substantial income tax due and owing."

Count Four alleges that beginning in January 1, 2005, Springer willfully
attempted to evade "income taxes due and owing" by failing to provide
information for "calender year 2005" "as required by law" and that "upon that
'taxable income' there was a substantial income tax due and owing."

Violation of 26 U.S.C. § 7203

Count Five alleges that Springer had received "gross income" in excess of $
7,700 during the 365 days of 2002, and was "required by law" on or before April 15,
2003, to make an income tax return to the Internal Revenue Service Center at
Austin, Texas, or at Internal Revenue Service in Tulsa, Oklahoma, or as "permitted"

2

by the Commissioner of Internal Revenue, "stating specifically the items of his gross income" and that Springer willfully failed "to make any income tax return."

Count Six alleges that Springer had received "gross income" in excess of $15,900 during the 365 days of 2004, and was "required by law" on or before April 15, 2005, to make an income tax return to the Internal Revenue Service Center at Austin, Texas, or at Internal Revenue Service in Tulsa, Oklahoma, or as "permitted" by the Commissioner of Internal Revenue, "stating specifically the items of his gross income" and that Springer willfully failed to make any income tax return."

## ELEMENTS OF CONSPIRACY

The elements of conspiracy under 18 U.S.C. § 371 are "that (1) the defendant entered into an agreement; (2) the agreement involved a violation of the law; (3) one of the members of the conspiracy committed an overt act; (4) the overt act was in furtherance of the conspiracy's object; and (5) the defendant wilfully entered the conspiracy." *United States v. Weidner*, 437 F.3d 1023, 1033 (10th Cir. 2006). U.S. v. Thompson, 518 F.3d 832 (10th Cir. 2008).

## ELEMENTS OF TAX EVASION

"[T]he elements of § 7201 are willfulness[,] the existence of a tax deficiency, . . . and an affirmative act constituting an evasion or attempted evasion of the tax." *Sansone v. United States*, 380 U. S. 343, 351 (1965). The Courts of Appeals have divided over whether the Government must prove the tax deficiency is "substantial," see *United States v. Daniels*, 387 F. 3d 636, 640-641, and n. 2 (CA7 2004) (collecting

3

cases); we do not address that issue here.  See Boulware v. U.S. 128 S.Ct 1168.

" The felony offense of willfully attempting to evade taxes is the 'capstone of a system of sanctions which singly or in combination were calculated to induce prompt and forthright fulfillment of every duty under the income tax law.' Spies v. United States, 317 U.S. 492, 497, 63 S.Ct. 364, 367, 87 L.Ed. 418 (1943). To obtain a conviction for evasion, the government must prove three elements: 1) the existence of a substantial tax liability, 2) willfulness, and 3) an affirmative act constituting an evasion or attempted evasion of the tax. Sansone v. United States, 380 U.S. 343, 351, 85 S.Ct. 1004, 1010, 13 L.Ed.2d 882 (1965); United States v. Payne, 978 F.2d 1177, 1178 (10th Cir. 1992), cert. denied, ___ U.S. ___, 113 S.Ct. 2441, 124 L.Ed.2d 659 (1993); United States v. Swallow, 511 F.2d 514, 519 (10th Cir.), cert. denied, 423 U.S. 845, 96 S.Ct. 82, 46 L.Ed.2d 66 (1975). An affirmative act requires more than the passive failure to file a tax return; rather, it requires a positive act of commission designed to mislead or conceal. Spies, 317 U.S. at 499, 63 S.Ct. at 368; Payne, 978 F.2d at 1178. It is the requirement of an affirmative act that distinguishes the offense of evasion from the misdemeanor offense of willful failure to file a tax return. Sansone, 380 U.S. at 351, 85 S.Ct. at 1010.

## ELEMENTS OF WILLFUL FAILURE TO MAKE

Under section 7203 t"his misdemeanor requires [proof of] only willfulness and the omission of the required act."  SANSONE v. UNITED STATES, 380 U.S. 343,

4

351 (1965)

## PARTICULARS REQUESTED AS TO EACH COUNT

1.      Please identify what particular land located in the City of Kellyville is within the exclusive judicial power of the United States.   See paragraph 1, pg. 1

2.      Please identify with particularity the name of any "County" or "Counties" the 28 U.S.C. § 1861-1878 Policy Grand Jury found the violation of 18 U.S.C. § 371 alleged in Count One occurred within.

3.      Please explain with particulars whether the theory of the 28 U.S.C. § 1861-1878 Policy Grand Jury Indictment dated March 10, 2009, is that the State of Oklahoma is in the "Northern District of Oklahoma" for Tenth Amendment powers or whether the "Northern District of Oklahoma" is in the State of Oklahoma for Tenth Amendment Powers.

4.      Please provide with particularity the specific information as to how the Grand Jury was drawn, by whom drawn or picked, how many number of persons or people made up the 28 U.S.C. § 1861-1878 Policy Grand Jury, involving the charges dated March 10, 2009, giving specifics as to the date they were summoned, the place they were summoned, and how each of their names were derived.

5.      Please identify with particularity the date and place the 28 U.S.C. § 1861-1878 Policy Grand Jury was given power to return an indictment against Lindsey K. Springer including the name of any person who empowered them.

6.      Please identify with particularity how many of the Grand Jurors were

5

registered voters and from where they were registered.

7.      Please identify with particularity each Grand Juror's political affiliation listed with their voter registration.

8.      Please identify with particularity how many Grand Jurors were drawn solely from the Driver's License List from the County of Tulsa.

9.      Please identify with particularity how many Grand Jurors were drawn from the Driver's License list of any other County, other than the County of Tulsa.

10.     Please identify the particulars of the legal description of the "place" or "places" the alleged violation of 18 U.S.C. § 371 was first found to have been completed as alleged in Count One.

11.     Please identify the particulars of the place, date and time, the alleged conspiracy in Count One was first entered into by both Lindsey Kent Springer and Oscar Amos Stilley.

12.     Please identify with particularity what is meant by the term "income" as alleged in paragraph 5 on page 2 of the 28 U.S.C. § 1861-1878 Policy Grand Jury Indictment dated March 10, 2009.

13.     Please identify with particularity the meaning of the term "Income" as alleged in paragraph 5 on page 2 of the 28 U.S.C. § 1861-1878 Policy Grand Jury Indictment dated March 10, 2009.

14.     Please identify with particularity the meaning of "earned" the Grand Jury meant with particularly the name of any person relied upon to make such

6

determination, as alleged in paragraph 5 on page 2 of the 28 U.S.C. § 1861-1878 Policy Grand Jury Indictment dated March 10, 2009.

15.     Please identify with particularity how the "income" was "earned" by Lindsey Kent Springer as alleged in paragraph 5 on page 2 of the 28 U.S.C. § 1861-1878 Policy Grand Jury Indictment dated March 10, 2009.

16.     Please identify with particularity the names of each of the persons meant by the term "individuals," as alleged in paragraph 5 on page 2 of the 28 U.S.C. § 1861-1878 Policy Grand Jury Indictment dated March 10, 2009 and whether these persons testified before the Grand Jury rendering the charges dated March 10, 2009.

17.     Please identify with particularity the   place and times of any specific individual identified in paragraph 16, being "investigated," identifying the specific federal tax violations alleged involving such individual, as alleged in paragraph 5 on page 2 of the 28 U.S.C. § 1861-1878 Policy Grand Jury Indictment dated March 10, 2009.

18.     Please identify with particularity the place and times of any specific individual being "prosecuted," identifying the specific federal tax violations allegedly violated, as alleged in paragraph 5 on page 2 of the 28 U.S.C. § 1861-1878 Policy Grand Jury Indictment dated March 10, 2009.

19.     Please  identify with particularity the specific theory of each investigation or prosecution that encompasses or is intended by the Grand Juries meaning of the

7

phrase "federal tax violations," meant as alleged in paragraph 5 on page 2 of the 28 U.S.C. § 1861-1878 Policy Grand Jury Indictment dated March 10, 2009.    20.

Please identify with particularity the names of each of the persons meant by the Grand Jury alleging term "individuals," that is meant by the phrase "referred individuals to Defendant Stilley," as alleged in paragraph 5 on page 2 of the 28 U.S.C. § 1861-1878 Policy Grand Jury Indictment dated March 10, 2009.    21.

Please identify with particularity the meaning of the term "filed" meant by the Grand Jury as alleged in paragraph 6 on page 2 of the 28 U.S.C. § 1861-1878 Policy Grand Jury Indictment dated March 10, 2009.

22.    Please identify with particularity the meaning of the term "return" as meant by the Grand Jury alleged in paragraph 6 on page 2 of the 28 U.S.C. § 1861-1878 Policy Grand Jury Indictment dated March 10, 2009.

23.    Please identify with particularity the meaning of the phrase "lawful government functions" meant as alleged in paragraph 6 on page 2 of the 28 U.S.C. § 1861-1878 Policy Grand Jury Indictment dated March 10, 2009.

24.    Please identify with particularity the meaning of the term "return" meant by the "Grand Jury" as alleged in paragraph 7 on page 2 of the 28 U.S.C. § 1861-1878 Policy Grand Jury Indictment dated March 10, 2009.

25.    Please identify with particularity the meaning of the term "others" meant by the Grand Jury as alleged in paragraph 9 on page 2 of the 28 U.S.C. § 1861-1878 Policy Grand Jury Indictment dated March 10, 2009.

8

26.    Please identify with particularity the specific provision or provisions, statute, statutes, regulation, regulations, revenue ruling, revenue rulings, revenue procedure and revenue procedures, assigning the Internal Revenue Service the function of "ascertainment," as alleged in paragraph 9 on page 2-3 of the 28 U.S.C. § 1861-1878 Policy Grand Jury Indictment dated March 10, 2009.

27.    Please identify with particularity the specific provision or provisions, statute, statutes, regulation, regulations, revenue ruling, revenue rulings, revenue procedure and revenue procedures, assigning the Internal Revenue Service the function of "computation," as alleged in paragraph 9 on page 2-3 of the 28 U.S.C. § 1861-1878 Policy Grand Jury Indictment dated March 10, 2009.

28.    Please identify with particularity the specific provision or provisions, statute, statutes, regulation, regulations, revenue ruling, revenue rulings, revenue procedure and revenue procedures, assigning the Internal Revenue Service the function of "assessment," as alleged in paragraph 9 on page 2-3 of the 28 U.S.C. § 1861-1878 Policy Grand Jury Indictment dated March 10, 2009.

29.    Please identify with particularity the specific provision or provisions, statute, statutes, regulation, regulations, revenue ruling, revenue rulings, revenue procedure and revenue procedures, assigning the Internal Revenue Service the function of "collection of revenue" as alleged in paragraph 9 on page 2-3 of the 28 U.S.C. § 1861-1878 Policy Grand Jury Indictment dated March 10, 2009.

30.    Please identify with particularity the dates, places and times, each lawful

9

function of ascertainment, computation, assessment, and collection of revenue, the Grand Jury alleges was impeded, impaired, obstructed and defeated by Lindsey K. Springer, Oscar Amos Springer, or any one known or unknown to the Grand Jury as alleged in paragraph 9 on page 2-3 of the 28 U.S.C. § 1861-1878 Policy Grand Jury Indictment dated March 10, 2009, including the names of any person "known" or "unknown."

31.     Please identify with particularity the dates and amount of "income" the Grand Jury found Lindsey Kent Springer and Oscar Amos Stilley attempted to conceal by "use of Defendant Stilley's IOLTA account" alleged in paragraph 10 on page 3 of the 28 U.S.C. § 1861-1878 Policy Grand Jury Indictment dated March 10, 2009.

32.     Please identify with particularity the "assets" the Grand Jury alleges Lindsey Kent Springer and Oscar Amos Stilley attempted to conceal by "use of Defendant Stilley's Iolta account" alleged in paragraph 10 on page 2 of the 28 U.S.C. § 1861-1878 Policy Grand Jury Indictment dated March 10, 2009, describing the asset attempting to be concealed.

33.     Please identify with particularity who the Grand Jury alleges Lindsey Kent Springer and Oscar Amos Stilley attempted to conceal from by "use of Defendant Stilley's IOLTA account" alleged in paragraph 10 on page 3 of the 28 U.S.C. § 1861-1878 Policy Grand Jury Indictment dated March 10, 2009.

34.     Please identify with particularity the dates and amounts of each cashier's

check, money order or cash transaction the Grand Jury found or was presented with that Lindsey Kent Springer and Oscar Amos Stilley "use[d]" to "avoid creating the usual records of financial transactions alleged in paragraph 12 on page 3 of the 28 U.S.C. § 1861-1878 Policy Grand Jury Indictment dated March 10, 2009.

35.    Please identify with particularity what is meant by the Grand Jury when they use the phrase "other means" alleged in paragraph 12 on page 3 of the 28 U.S.C. § 1861-1878 Policy Grand Jury Indictment dated March 10, 2009.

36.    Please identify with particularity what the Grand Jury determined the types of "usual records of financial transactions" were that Lindsey Kent Springer and Oscar Amos Stilley should have purportedly used other than "cashier's checks, money orders, cash, or other means" or "checks" alleged in paragraph 12 on page 3 of the 28 U.S.C. § 1861-1878 Policy Grand Jury Indictment dated March 10, 2009.

37.    Please identify with particularity what "income" the Grand Jury found probable cause to believe was "concealed" by Lindsey K. Springer and Oscar Amos Stilley's "use of cashier's checks, money orders, cash, and other means alleged in paragraph 12 on page 3 of the 28 U.S.C. § 1861-1878 Policy Grand Jury Indictment dated March 10, 2009.

38.    Please identify with particularity who the    "income" the Grand Jury concluded was "concealed" from by Lindsey K. Springer and Oscar Amos Stilley's "use of cashier's checks, money orders, cash, and other means alleged in paragraph 12 on page 3 of the 28 U.S.C. § 1861-1878 Policy Grand Jury Indictment

11

dated March 10, 2009.

39.     Please identify with particularity each transaction of income, including dates, amounts, and the name of any person who determined or was involved in the determination, that the Grand Jury concluded each transaction of income alleged in paragraph 12 on page 3 of the 28 U.S.C. § 1861-1878 Policy Grand Jury Indictment dated March 10, 2009, was to be reported.

40.     Please identify with particularity how each transaction of income alleged in paragraph 12 on page 3 of the 28 U.S.C. § 1861-1878 Policy Grand Jury Indictment dated March 10, 2009, was specifically determined by the Grand Jury to require a report, giving description of the way the Grand Jury determined such income was to be reported and to whom it was to be reported to for each transaction.

41.     Please identify with particularity the dates, places, and times, the Grand Jury concluded   Lindsey Kent Springer and Oscar Amos Stilley, misrepresented the source of Lindsey Kent Springer's income to the Internal Revenue Service employees, the Grand Jury, and the Department of Justice.

42.     Please identify with particularity the name of every "Internal Revenue Service employee" alleged in paragraph 13 on page 3 of the 28 U.S.C. § 1861-1878 Policy Grand Jury Indictment dated March 10, 2009, that the Grand Jury determined either Lindsey Kent Springer or Oscar Amos Stilley misrepresented the "nature" of Lindsey Kent Springer's "income."

43.     Please identify with particularity the meaning of the phrase "Grand Jury"

12

alleged in paragraph 13 on page 3 of the 28 U.S.C. § 1861-1878 Policy Grand Jury Indictment dated March 10, 2009, where either Lindsey Kent Springer or Oscar Amos Stilley misrepresented the "nature" of Lindsey Kent Springer's "income."

44.    Please identify with particularity the date, place, and time, either Lindsey Kent Springer or Oscar Amos Stilley misrepresented the "nature" of Lindsey Kent Springer's "income" to any "Grand Jury" alleged in paragraph 13 on page 3 of the 28 U.S.C. § 1861-1878 Policy Grand Jury Indictment dated March 10, 2009.

45.    Please identify with particularity the date, place, and time, either Lindsey Kent Springer or Oscar Amos Stilley misrepresented the "nature" of Lindsey Kent Springer's "income" to "Department of Justice" alleged in paragraph 13 on page 3 of the 28 U.S.C. § 1861-1878 Policy Grand Jury Indictment dated March 10, 2009.

46.    Please identify with particularity what the Grand Jury means by the phrase "Department of Justice" alleged in paragraph 13 on page 3 of the 28 U.S.C. § 1861-1878 Policy Grand Jury Indictment dated March 10, 2009.

47.    Please identify with particularity the name or names of any person who represented to the 28 U.S.C. § 1861-1878 Policy Grand Jury issuing the indictment giving rise to the summons in this Case, dated March 10, 2009, to which gave their testimony that either Lindsey Kent Springer or Oscar Amos Stilley misrepresented the "nature" of Lindsey Kent Springer's "income" to the "Department of Justice."

48.    Please identify with particularity which Forms 1040 and 1099s for which transactions of "income" did the 28 U.S.C. § 1861-1878 Policy Grand Jury issuing the

indictment giving rise to the summons in this Case, dated March 10, 2009, determine Lindsey Kent Springer and Oscar Amos Stilley were required not to "refrain from filing" as alleged in paragraph 14, on page 3.

49.     Please identify with particularity the name or names of any "Internal Revenue Service employees" who told the Grand Jury Lindsey Kent Springer "told" them "all funds he receives are gifts and donations, that he does not have income, and that he does not provide any services for payment" as alleged in paragraph 15, pg. 4, of the 28 U.S.C. § 1861-1878 Policy Grand Jury issuing the indictment giving rise to the summons in this Case, dated March 10, 2009,

50.     Please identify with particularity the name or names of any "Internal Revenue Service employees" that told any lawfully empaneled Grand Jury Oscar Amos Stilley had "stated" "people give money to Defendant Springer for his ministry and expect no services in return" as alleged in paragraph 16, pg. 4 of the 28 U.S.C. § 1861-1878 Policy Grand Jury issuing the indictment giving rise to the summons in this Case, dated March 10, 2009.

51.     Please identify with particularity the name or names of any person or persons who stated Oscar Amos Stilley told them "people give money to Defendant Springer for his ministry and expect no services in return" as alleged in paragraph 16, pg. 4 of the 28 U.S.C. § 1861-1878 Policy Grand Jury issuing the indictment giving rise to the summons in this Case, dated March 10, 2009,

52.     Please identify with particularity how the 28 U.S.C. § 1861-1878 Policy Grand

14

Jury issuing the indictment giving rise to the summons in this Case, dated March 10, 2009, was presented with the statements of Oscar Amos Stilly dated March 9, 2006, that "Lindsey Springer does not charge for his services," or "any money paid, given, transferred, or provided to Lindsey Springer for any purpose" as alleged by the Grand Jury in paragraph 17, pg. 4.

53.    Please identify with particularity the name of the payor and payee of the "check for $112,500," the date on said check,  which particular bank it was drawn, including the specific location of the bank and any other identifying information thereon, as alleged in the 28 U.S.C. § 1861-1878 Policy Grand Jury indictment giving rise to the summons in this Case, dated March 10, 2009, in paragraph 18, pg. 4.

54.    Please identify with particularity what the Grand Jury means by using the term "IOLTA", by whom the Grand Jury received this information, giving dates, names, and times, as this term is used by the 28 U.S.C. § 1861-1878 Policy Grand Jury indictment giving rise to the summons in this Case, dated March 10, 2009.

55.    Please identify with particularity the description of the transaction totaling $375,059.90, including where the Grand Jury determined this transaction came from,  who the Grand Jury found this transaction was to or for, and how the Grand Jury determined it was received into Stilley's IOLTA account, as alleged in paragraph 23, page 5, of the 28 U.S.C. § 1861-1878 Policy Grand Jury indictment giving rise to the summons in this Case, dated March 10, 2009.

56.    Please identify with particularity the name of the "third party" alleged in

15

paragraph 26,  page 5, of the 28 U.S.C. § 1861-1878 Policy Grand Jury indictment giving rise to the summons in this Case, dated March 10, 2009.

57.    Please identify with particularity the name the check for $ 175,000 was from, the bank it was drawn, including the location of the bank and any other identifying information made available to the 28 U.S.C. § 1861-1878 Policy Grand Jury indictment giving rise to the summons in this Case, dated March 10, 2009, as alleged in paragraph 37, pg. 7.

58.    Please identify with particularity the names of any person whom Lindsey K. Springer "represented" that he "earned **no income** and that the money he received was given 'without any expectation for anything from anybody'" as alleged in paragraph 39, pg. 7 by the 28 U.S.C. § 1861-1878 Policy Grand Jury indictment giving rise to the summons in this Case, dated March 10, 2009.

59.    Please identify with particularity the names of any person who testified directly or indirectly to the Grand Jury issuing the March 10, 2009, indictment in this case that either the Grand Jury or the United States or any other Government Agency, State of Federal, offered concessions, for such testimony.

60.    Please identify with particularity the name of any person or persons, each who testified before the Grand Jury issuing the indictment dated March 10, 2009, who offered their testimony in exchange for immunity or any other concessions given them  including any "benefit" lawfully entered into between them and the Grand Jury issuing the charges in this case.

16

61. Please identify with particularity the name of any person or persons, each who gave testimony to any person who testified before the Grand Jury issuing the indictment dated March 10, 2009, whose words were made available in exchange for immunity or any other concessions given them including any "benefit" or lawfully entered into agreement between each such person and the sovereign representing the Grand Jury claims in the March 10, 2009 charges.

62. Please identify with particularity the meaning or identity of the phrase "Individual Income Tax Return" the Grand Jury alleges in paragraph 41, 43, and 45, that they allege Lindsey Kent Springer was "required by law" to "file."

63. Please identify with particularity the meaning or identity of the phrase "Income Tax Return" alleged in paragraph 47 and 49, of the 28 U.S.C. § 1861-1878 Policy Grand Jury indictment giving rise to the summons in this Case, dated March 10, 2009, that Lindsey Kent Springer was "required by law" to "make."

64. Please identify with particularity what is meant by the Grand Jury in paragraph 41,43,45,47, and 49, by the meaning of the phrase "required by law" with specific citation to any such law relied upon by the Grand Jury in making such allegations as alleged in the 28 U.S.C. § 1861-1878 Policy Grand Jury indictment giving rise to the summons in this Case, dated March 10, 2009,.

65. Please identify with particularity what the Grand Jury means with specific names, places, dates and times, if made available to them, regarding the "affirmative acts of evasion" listed in Count Two the persons Lindsey Kent Springer

17

is alleged to have directed "to write 'donation' or 'gift' on checks that were payment for services" as alleged in paragraph 41, page 8, of the 28 U.S.C. § 1861-1878 Policy Grand Jury indictment giving rise to the summons in this Case, dated March 10, 2009.

66.    Please identify with particularity what the Grand Jury means with specific names, places, dates and times, if made available to them, regarding the "affirmative acts of evasion" listed in Count Two the person or persons Lindsey Kent Springer is alleged to have directed "to pay for services by cashier's check" alleged in paragraph 41, page 8, of the 28 U.S.C. § 1861-1878 Policy Grand Jury indictment giving rise to the summons in this Case, dated March 10, 2009.

67.    Please identify with particularity what the Grand Jury means by the phrase "usual records of financial transactions" alleged in Count Two, paragraph 41, page 8, Count Three, paragraph 43, page 9, Count Four, paragraph 45, page 11, of the 28 U.S.C. § 1861-1878 Policy Grand Jury indictment giving rise to the summons in this Case, dated March 10, 2009.

68.    Please identify with particularity the names of the "agents and employees of the Internal Revenue Service" alleged that Lindsey Kent Springer made "false statements" to, as stated in Count Two, paragraph 41, page 8, Count Three, paragraph 43, page 9, Count Four, paragraph 45, page 11, in the 28 U.S.C. § 1861-1878 Policy Grand Jury indictment giving rise to the summons in this Case, dated March 10, 2009.

69.     Please identify with particularity the dates, places, and times the "false statements" were made by Lindsey Kent Springer,  as stated in Count Two, paragraph 41, page 8, Count Three, paragraph 43, page 9, Count Four, paragraph 45, page 11, in  the 28 U.S.C. § 1861-1878 Policy Grand Jury indictment giving rise to the summons in this Case, dated March 10, 2009.

70.     Please identify with particularity each material false statement the Grand Jury found Lindsey Kent Springer made, including how that statement was material, as stated in Count Two, paragraph 41, page 8, Count Three, paragraph 43, page 9, Count Four, paragraph 45, page 11, in the 28 U.S.C. § 1861-1878 Policy Grand Jury indictment giving rise to the summons in this Case, dated March 10, 2009.

71.     Please identify with particularity the meaning of the phrase "otherwise concealing" as stated Count Two, paragraph 41, page 8, Count Three, paragraph 43, page 9, Count Four, paragraph 45, page 11, , the 28 U.S.C. § 1861-1878 Policy Grand Jury indictment giving rise to the summons in this Case, dated March 10, 2009, and state specifically any such act, the date of the act, who was involved in the concealing act, and who was concealed from by the act or acts itself.

72.     Please identify with particularity the meaning of the phrase "attempting to conceal" as stated Count Two, paragraph 41, page 8, Count Three, paragraph 43, page 9, Count Four, paragraph 45, page 11, in the 28 U.S.C. § 1861-1878 Policy Grand Jury indictment giving rise to the summons in this Case, dated March 10, 2009, and state specifically any such attempted act, the date of the attempted

19

act, who was involved in the attempted concealing act, and who was concealed from by the attempted act or acts itself.

73.     Please identify with particularity the meaning of the phrase "proper officer of the United States of America" as stated in Count Two, paragraph 41, page 8, Count Three, paragraph 43, page 9, Count Four, paragraph 45, page 11, in the 28 U.S.C. § 1861-1878 Policy Grand Jury indictment giving rise to the summons in this Case, dated March 10, 2009, and state specifically the name of any such proper officer, their location, including job description and where they can be served with subpoena, with disclosure as to whether that person testified before the March 10, 2009 Grand Jury or at any other time prior to March 10, 2009.

74.     Please identify with particularity what the Grand Jury means with specific names, places, dates and times, if made available to them, regarding the "affirmative acts of evasion" listed in Count Three the persons Lindsey Kent Springer is alleged to have directed "individuals to make checks payable to Bondage Breaker's Ministry" alleged in paragraph 43, page 9, and paragraph 45, at page 11, of the 28 U.S.C. § 1861-1878 Policy Grand Jury indictment giving rise to the summons in this Case, dated March 10, 2009.

75.     Please identify with particularity what the Grand Jury means with specific names, places, dates and times, if made available to them, regarding the "affirmative acts of evasion" listed in Count Three in paragraph 43, page 9, and Count Four in paragraph 45, page 11, regarding each use of "Defendant Stilley's

IOLTA account" alleged of the 28 U.S.C. § 1861-1878 Policy Grand Jury indictment giving rise to the summons in this Case, dated March 10, 2009.

76.    Please identify with particularity the date, place, time and description, of each transaction by Lindsey Kent Springer and Oscar Amos Stilley of any "cashier's checks, money orders, cash, and other means" the Grand Jury alleges in Count Three at paragraph 43, page 9, and Count Four at paragraph 45, page 11, of the 28 U.S.C. § 1861-1878 Policy Grand Jury indictment giving rise to the summons in this Case, dated March 10, 2009.

77.    Please identify with particularity the names of the "agents and employees of the Internal Revenue Service" alleged that Lindsey Kent Springer made "false statements" to, as stated in Count Three at paragraph 43, page 9, and Count Four at paragraph 45, page 11, in  the 28 U.S.C. § 1861-1878 Policy Grand Jury indictment giving rise to the summons in this Case, dated March 10, 2009.

78.    Please identify with particularity the dates, places, and times the "false statements" were made, by Lindsey Kent Springer,  as stated in Count Three in paragraph 43, page 9, and in Count Four at paragraph 45, page 11, in the 28 U.S.C. § 1861-1878 Policy Grand Jury indictment giving rise to the summons in this Case, dated March 10, 2009.

79.    Please identify with particularity each material false statement the Grand Jury found Lindsey Kent Springer made, including how that statement was material, as stated in Count Three at paragraph 43, page 9, and Count Four at paragraph

45, page 11, in the 28 U.S.C. § 1861-1878 Policy Grand Jury indictment giving rise to the summons in this Case, dated March 10, 2009.

80.    Please identify with particularity the meaning of the phrase "otherwise concealing" as stated Count Three at paragraph 43, page 10, and Count Four at paragraph 45, page 12, in the 28 U.S.C. § 1861-1878 Policy Grand Jury indictment giving rise to the summons in this Case, dated March 10, 2009, and state specifically any such act, the date of the act, who was involved in the concealing act, and who was concealed from by the act or acts itself.

81.    Please identify with particularity the meaning of the phrase "attempting to conceal" as stated in Count Three, in  paragraph 43, page 10, and Count Four, in paragraph 45, page 12, in the 28 U.S.C. § 1861-1878 Policy Grand Jury indictment giving rise to the summons in this Case, dated March 10, 2009, and state specifically any such attempted act, the date of the attempted  act, who the Grand Jury found probable cause to believe was involved in the attempted concealing act, and who the Grand Jury found probable cause to believe was concealed from by the attempted act or acts of concealment.

82.    Please identify with particularity the meaning of the phrase "proper officer of the United States of America" as stated in Count Three, in paragraph 43, page 10, and Count Four, in paragraph 45, page 12, of the 28 U.S.C. § 1861-1878 Policy Grand Jury indictment giving rise to the summons in this Case, dated March 10, 2009, and state specifically the name of any such proper officer, their location,

22

including job description and where they can be served with subpoena, with disclosure as to whether that person testified before the March 10, 2009 Grand Jury or at any other time prior to March 10, 2009.

83.     Please identify with particularity the significance of the phrase "in excess of $ 7,700" as alleged in Count Five, paragraph 47, at page 13, and "totaling in excess of $ 15,900" in Count Six, relevant to the violation of 26 U.S.C. § 7203, including how that theory and amount were derived by the 28 U.S.C. § 1861-1878 Policy Grand Jury indictment giving rise to the summons in this Case, dated March 10, 2009.

84.     Please identify with particularity which provision or provisions of the Internal Revenue Code were relied upon to find probable cause to believe Lindsey Kent Springer was required to "make an income tax return to the Internal Revenue Service Center, at Austin Texas, to a person assigned to receive returns at the local office of the Internal Revenue Service at Tulsa, Oklahoma, or to another Internal Revenue Service office permitted by the Commissioner of Internal Revenue, stating specifically the items of gross income and any deductions and credits to which he was entitled" alleged in Count Five and Six of the 28 U.S.C. § 1861-1878 Policy Grand Jury indictment giving rise to the summons in this Case, dated March 10, 2009.

85.     Please identify with particularity what the Grand Jury means by "required by law" in Count Five and Six, including any citation to any specific law they were presented in finding probable cause to allege such phrase as well as the person

23

or persons who testified specifically about these laws before the 28 U.S.C. § 1861-1878 Policy Grand Jury indictment giving rise to the summons in this Case, dated March 10, 2009.

86.    Please identify with particularity what the Grand Jury means by "elsewhere" in Count Five and Six of the 28 U.S.C. § 1861-1878 Policy Grand Jury indictment giving rise to the summons in this Case, dated March 10, 2009.

87.    Please identify with particularity the meaning of the term or phrases "income," "earned income," "individual income," "any income," "taxable income," "gross income," "true... income," "correct income," "funds," "earned," and "adjusted gross income" as used in each Count interchangeably in the 28 U.S.C. § 1861-1878 Policy Grand Jury indictment giving rise to the summons in this Case, dated March 10, 2009, including the name of any person who tendered such meaning of such terms to said Grand Jury and any specific provision of law relied upon to support finding probable cause to make such allegations against Lindsey Kent Springer.

88.    Please identify with particularity the territorial description of the place the Grand Jury found probable cause to believe each of the completed alleged crimes in their indictment were committed pursuant to 18 U.S.C. § 5, in an "internal revenue district" within the United States District of Oklahoma, Northern Division as created at 28 U.S.C. § 116.

89.    Please identify with particularity the name of the District Director the Grand

24

Jury found probable cause to believe occupied the District Director's Office existing

for the internal revenue district encompassing the legal residence of Lindsey Kent

Springer for the calender year 2000, 2002, 2003, 2004 and 2005.


Lindsey Kent Springer reserves the right to amend this Motion in the event the

information provided warrants such amendment.

Respectfully Submitted

Lindsey K. Springer
5147 S. Harvard, # 116
Tulsa, Oklahoma 74135
918-748-5539/955-8225(cell)

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Lindsey Kent Springer's

Motion for Bill of Particulars was served on March 18, 2009, to:


The United States District Attorney
for the Northern Division of
the United States District of Oklahoma,
Honorable David O'Meilia
Assistant United States Attorney Kenneth P. Snoke,
U.S. Department of Justice's Attorneys
Scott Bradford and Charles O'Reilly,
110 West 7th Street, # 300,
in the City of Tulsa,
State of Oklahoma  74119.


Signature

26