IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA

      Plaintiff,

v.                           Case No. 09-CR-043 JHP

LINDSEY KENT SPRINGER,
OSCAR AMOS STILLEY

      Defendants

**MOTION FOR CLARIFICATION WITH RESPECT TO SPECIFIC LEGAL AUTHORITY FOR APPOINTMENT OF JUDGE IN TRIAL OF INSTANT CASE**

Lindsey Kent Springer ("Springer"), by limited special appearance, and not a general appearance, and moves this Court for clarification as to the appointment of the Honorable Stephen P. Friot, United States District Judge for the Western Division of the United States District of Oklahoma, (28 U.S.C. § 116(C)) states as follows:

1.     It appears that the assignment of the Honorable Judge Friot is not authorized by any statute or constitutional provision.

2.     A decent respect for the opinions of this Court and the citizens of this state suggests that this Court should be apprised of the legal considerations of the parties, and given an opportunity to self-inspect, and to make such corrections without further pleadings by the parties.

**MEMORANDUM IN SUPPORT OF MOTION**

1

## BACKGROUND

Since at least 1997, the United States' Attorneys designated and holding office  in the State of Oklahoma, at Tulsa and Oklahoma City, have been conducting criminal investigations into whether Lindsey Kent Springer, in receiving certain monetary instruments from certain persons sharing in Springer's mission,[1] named Bondage Breaker's Ministries, was required to candidly report  the receipt of any such instruments[2] to the Internal Revenue Service upon any of its information request forms.

On March 10, 2009, and many United States Grand Juries later, purportedly empaneled pursuant to 28 U.S.C. § 1861-1878,[3] the United States Attorneys'

_____

[1]      Paragraph 2 alleges the mission of Bondage Breaker's to be to "get rid of the Internal Revenue Service."

[2]      There are accusations that Defendant Springer received coins, presumably lawful money of the United States, the complaint there being an allegation that such were "collectible" coins, whatever that is shown to mean.

[3]These "Grand Juries" exist only at the control of the United States and are not empaneled pursuant to the meaning of the term "Grand Jury" under the Fifth Amendment.  The Supreme Court said in *United States v. Williams*, 504 U.S. 36, 47 (1992) "[R]ooted in long centuries of Anglo-American history," *Hannah v. Larche*, 363 U.S. 420, 490 (1960) (Frankfurter, J., concurring in result), the **grand jury** is mentioned in the Bill of Rights, but not in the body of the Constitution. **It has not been textually assigned**, therefore, **to any of the branches described in the first three Articles. It "`is a constitutional fixture in its own right**.'" *United States v. Chanen*, 549 F.2d 1306, 1312 (CA9 1977) (quoting *Nixon v. Sirica*, 159 U.S. App. D.C. 58, 70, n. 54, 487 F.2d 700, 712, n. 54 (1973)), cert. denied, 434 U.S. 825 (1977). In fact, the whole theory of its function is that it belongs to no branch of the institutional Government, serving as a kind of buffer or referee between the Government and the people. See *Stirone v. United States*, 361 U.S. 212, 218 (1960); *Hale v. Henkel*, 201 U.S. 43, 61 (1906); G. Edwards, *The Grand Jury* 28-32 (1906). Although the grand jury normally operates, of course, in the courthouse

2

Assistant, Honorable Kenneth Snoke and Charles O'Reilly, alleged the return of a

purported Grand Jury indictment,[4] alleging violations of 18 U.S.C. § 371 (the defraud

clause?)(Year 2000 through Present) , 26 U.S.C. § 7201 (apparently evasion of

assessment but elements omitted)(Years ending 2000, 2003 and 2005)    and 26

U.S.C. § 7203 (willful failure to make a U.S. Individual Income Tax Return)(Years 2002

and 2004)(Springer only).

   This charging instrument was labeled by the Clerk's Office as 09-CR-43-JLP.

On March 18, 2009, Springer and Oscar Amos Stilley ("Stilley") were to be arraigned

but  just prior to that arraignment, the Honorable Judge Payne recused himself

citing to conflict of interest by minute entry without written docket number.

Springer and Stilley were released on a signature bond and were ordered to

---

and under judicial auspices, its institutional relationship with the Judicial Branch
has traditionally been, so to speak, at arm's length."
   In *Clawson v. United States,* 114 U.S. 477, 5 S.Ct. 949 (1885) before Utah
became a State and at a time where it was a U.S. territory, the Supreme Court
sitting with jurisdiction over U.S. Territory, expressed the words of Chief Justice
MARSHALL, speaking of the law as it then existed, says: "It has been justly
observed that no act of congress directs grand juries, or defines their powers.
**\*\*955** By what authority, then, are they summoned, and whence do they derive
their powers? The answer is that the laws of the United States have erected
courts which are invested with criminal jurisdiction. This jurisdiction they are
bound to exercise, **\*488** and it can only be exercised through the instrumentality
of grand juries. They are, therefore, given by a necessary and indispensable
implication. But how far is this implication necessary and indispensable? The
answer is obvious. Its necessity is co-extensive with that jurisdiction to which it is
essential."


   [4]   Whether this indictment was actually returned in accordance with
the law remains in dispute.

reappear on March 30, 2009, to determine their representation under the Sixth Amendment.

During this hearing Springer and Stilley were informed that a United States District Court Judge would be assigned by the end of the week (4.3.09).

On April 1, 2009, the Honorable Chief Judge Eagen, assignedJudge Friot by minute entry.  It cannot be disputed that Judge Friot's permanent post of duty[5] is the Western District of Oklahoma,  holding court in Oklahoma City.

1.     **NEED FOR CLARIFICATION AS TO ASSIGNMENT OF HONORABLE JUDGE FRIOT.**

According to the statutes and decisions a "chief judge of a circuit is empowered to designate any district judge of the circuit to hold a district court in any district within the circuit. 28 U.S.C. § 292(b)"  *United States v. Royals*, 777 F.2d 1089 (5th Cir. 1985)

Section 296 provides further that a "judge sitting by designation shall have all the powers of a judge of the district to which he is designated and assigned."

Section 295 establishes the procedure for any designation under either section 291 or 292.  See *Bessemer and Lake Erie R. R. Co. v. I. C. C.*, 691 F.2d 1104 (3rd Cir. 1982)("Chief Judge Seitz, pursuant to 28 U.S.C. § 292(a), designated Chief Judge Clarkson S. Fisher and Judge H. Curtis Meanor to hear them. Orders containing those designations are on file in the Office of the Clerk of this Court.")

The Eleventh Circuit in *Matters of Certain Complaints*, 783 F.2d 1488 (11th Cir.

---

[5]        By Congressional mandate in 28 U.S.C. § 116(C).

4

1986) stated that:

> "[U]nder Article III, the judicial power is invested in one Supreme Court 'and in such inferior Courts as the Congress may from time to time ordain and establish.' Pursuant to its latter power to ordain and establish the inferior courts, Congress has enacted many laws placing administrative duties on judges and supporting personnel in the judicial branch. For example, a chief judge of a circuit court is empowered to designate judges to sit in different courts within the circuit, 28 U.S.C. § 292(b)......Chief judges, circuit councils, court executives and clerks of court all hold, by law, specified court management responsibilities, the exercise of which are presumably believed by Congress to be "necessary and proper," Art. I, § 8, in order to 'ordain and establish' those inferior courts sharing in the 'judicial power' under Article III."

In *U.S. v. Ritter*, 273 F.2d 30, 32 (10th Cir. 1959) the Tenth Circuit designation was likewise found to be authorized by the "Chief Judge of this Circuit, pursuant to Section 292(b), Title 28 U.S.C..."

The Supreme Court followed the same reasoning when it reviewed Congress' creation of non-Art. III courts in the District of Columbia. It noted that there was in the District:

> "no division of powers between the general and state governments. Congress has the entire control over the district for every purpose of government; and it is reasonable to suppose, that in organizing a judicial department here, all judicial power necessary for the purposes of government would be vested in the courts of justice."
> *Kendall v. United States*, 12 Pet. 524, 619 (1838).

*Northern Pipeline Co. v. Marathon Pipe Line Co.*, 458 U.S. at 66

Undersigned is not aware of any statutory authority allowing a Chief Judge of a Congressionally created District Court to assign to a case docketed in that district to a judge from another Congressionally created district. Perhaps such a law exists. Undersigned cannot find it. The assignment by Judge Eagan appears

to violate the constitution and the laws of the United States, namely 28 U.S.C. § 291, 292, and 295.

Undersigned is most sensitive to the considerations of comity and courtesy to judicial officers.  This is a sensitive issue which should not be treated lightly or callously by anyone.

In fact, court decisions suggest that official conduct is presumed correct, regular, and compliant with the laws.  See for example *National Archives and Records Admin. v. Favish*, 541 U.S. 157, 174,124 S.Ct. 1587 (2004)

> .... In *Department of State v. Ray*, 502 U.S. 164 (1991), **we held there is a presumption of legitimacy accorded to the Government's official conduct.** Id., at 178-179. The presumption perhaps is less a rule of evidence than a general working principle. However the rule is characterized, where the presumption is applicable, clear evidence is usually required to displace it. Cf. *United States v. Armstrong*, 517 U.S. 456, 464 (1996) ("`[I]n the absence of clear evidence to the contrary, courts presume that [Government agents] have properly discharged their official duties'"); *United States v. Chemical Foundation, Inc.*, 272 U.S. 1, 14-15 (1926) ("**The presumption of regularity supports the official acts of public officers and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties**"). ....
> (Emphases added)

This motion is filed solely in light of the fact that undersigned cannot discern any legal basis for this specific appointment.  In the opinion of undersigned, Judges Eagan and Friot have a reasonable expectation of an opportunity to examine the constitutional and statutory underpinnings of the appointment, and take such action as either of them deem appropriate, prior to the consideration of any further action by undersigned.  By this motion undersigned does not presume to suggest

whom might be appointed by the chief justice of the Supreme Court when a certificate of necessity is made out by the Chief Judge of the10[th] Circuit, or other authorized officer.

CONCLUSION

**WHEREFORE,** Lindsey Kent Springer respectfully requests this Court in its judicial power, and not legislative management of any case or controversy, to identify a statutorily and/or constitutionally authorized basis for the appointment of the Honorable United States Judge Stephen Friot, from the United States' Western District of Oklahoma by the Honorable Claire V. Eagan, United States' Northern District of Oklahoma's Chief Judge, including any statutory citation or other constitutional provisions enumerated to the United States, and any reference to decisions by the Supreme Court of the United States or 10th Circuit explaining such application and usage as relied upon to make such assignment; and for such other and further relief as may be appropriate whether or not specifically prayed.


Respectfully Submitted

 /s/ Lindsey Kent Springer
Lindsey K. Springer
5147 S. Harvard, # 116
Tulsa, Oklahoma 74135
918-748-5539/955-8225(cell)

7

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Lindsey Kent Springer's

First Motion for Clarification  was served through the Court's ecf system on April 7, 2009, to:

Kenneth P. Snoke,
Charles O'Reilly,
Oscar Stilley

/s/ Lindsey Kent Springer
Signature