## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.    09-CR-043-SPF |
| | ) | |
| LINDSEY KENT SPRINGER, | ) | |
| OSCAR AMOS STILLEY, | ) | |
| | ) | |
| Defendants. | ) | |

### UNITED STATES' SURREPLY TO DEFENDANT SPRINGER'S MOTION FOR PROTECTIVE ORDER PENDING PROSPECTIVE FRANKS HEARING

The United States of America, by and through its attorneys, David E. O'Meilia, United States Attorney for the Northern District of Oklahoma, and Kenneth P. Snoke, Assistant United States Attorney, and Charles A. O'Reilly, Trial Attorney, United States Department of Justice, hereby files its surreply in opposition to Defendant's Motion for Protective Order Pending Prospective Franks Hearing (Docket #35) [hereinafter Defendant's Motion for Protective Order] and Defendant's Reply to United States' Opposition to Protective Order (Docket #44) [hereinafter Defendant's Reply].

Defendant Springer's filings make unsubstantiated allegations that the material seized pursuant to the search warrant was "illegally obtained." Defendant's assertions are false. Defendant's next premise appears to be that illegally seized evidence, that is not itself contraband, falls outside the requirement that a person have standing to object to a search in order to trigger the exclusionary rule.

From these faulty premises, Defendant Springer leaps to the unsupported conclusion that "[o]nce the Court determines the seized material was seized without probable cause and in violation of the Fourth and Fifth Amendment [sic], and since the material is not contraband, the only thing left is for the Court to direct said material returned, the original and all copies, to Springer." (Defendant's Reply, p. 10). Defendant is wrong. The Court should order that the material seized from Defendant Springer be made available for discovery by Defendant Stilley.

A.    Seized Materials "Non-Contraband" Status is Irrelevant

Defendant appears to assert that the fact that the material was seized is not contraband distinguishes this case from those cited by the Government, and thus mandates its return. This assertion is specious and without legal support. As an initial matter, the first case cited by the United States in its opposition to Defendant's Motion for Protective Order, *Rakas v. Illinois*, involved the seizure of both contraband (a sawed-off shotgun) and non-contraband (rifle shells). 439 U.S. 128 (1978). The Supreme Court drew no distinction between the shotgun and rifle shells for suppression purposes. Numerous cases have allowed the introduction against third parties of illegally seized evidence that was not contraband. *See: United States v. Salvucci*, 448 U.S. 83 (1980) (defendant, charged with unlawful possession of stolen mail (non-contraband) seized by police during search of an apartment rented by defendant's mother, lacked "standing" or even "automatic standing" to contest the search); *California v. Greenwood*, 486 U.S. 35 (1988) (defendants did not have "standing," i.e. an

-2-

expectation of privacy, in (contraband and non-contraband) evidence found and seized by police from defendants' garbage, which they had placed in opaque bags outside their house for collection by trash collector); *United States v. Dunning*, 312 F.3d 528, 531-32 (1st Cir. 2002) (defendant had no expectation of privacy in letters sent and delivered to girlfriend of defendant, seized in search of girlfriend's (parents') home); *United States v. Short*, 181 F.3d 620, 623 (5th Cir. 1999) (defendant lacked standing to challenge seizure of 3 cellular telephones from another person's vehicle, after defendant had been removed, as a passenger, from the vehicle.

In *United States v. Payner*, 447 U.S. 727, 729 (1980), the Supreme Court reversed the District Court's decision to suppress evidence–a loan guarantee agreement–that the government obtained through "a flagrantly illegal search of a bank officer's briefcase." 447 U.S. 727, 729 (1980). The District Court had ruled that, although the illegal search did not violate respondent's Fourth Amendment rights, the inherent supervisory power of the federal courts required it to exclude evidence tainted by the illegal search. In reversing, the Supreme Court did not consider the fact that the loan guarantee agreement was not contraband to be of any consequence.

Defendant Springer relies on language in *Gouled v. United States*, 255 U.S. 298 (1921), in an attempt to distinguish the cases cited by the United States in its Response. The problem with relying upon (and quoting at some length) a 1921 case, even an United States

Supreme Court case like *Gouled*, is that it has subsequently been abrogated on this issue of law.

In *Warden v. Hayden*, 387 U.S. 294 (1967), the Supreme Court, after quoting the exact language cited by defendant Springer (Doc. 44, p. 8), rejected *Gouled*'s limitations on seizing "mere evidence," in light of intervening decisions, statutes and rules since *Gouled*, and found that there was no Fourth Amendment reason to distinguish intrusions to secure "mere evidence"from intrusions to secure "<u>contraband</u>"or fruits of a crime, when looking at the legality of searches and the admission of items seized.  (387 U.S. at 300-310).  Nor is the Fifth Amendment implicated by the seizure,  and the subsequent use in evidence at trial, of "mere evidence" such as documents–even those previously written by a defendant–since there was no "compulsion" to write the documents in the first place, and no testimonial interest to be protected.  *See: Fisher v. United States*, 425 U.S. 391, 401 (1976), citing *United States v. Nobles*, 422 U.S. 225, 233 n.7 (1975).

>    B.    Material Seized Pursuant to an Invalid Warrant Admissible <u>Against Defendant Without Standing to Object to the Search</u>

The United States reiterates that there is no evidence that the search of Defendant Springer's home was illegal.  The search was legal.  However, assuming for the sake of argument that the search was invalid, the United States remains obligated to turn over discoverable material to Defendant Stilley, and materials obtained pursuant to a presumed

illegal search are admissible against Defendant Stilley with respect to both the conspiracy and tax evasion charges.

A defendant must have standing to challenge the admission of illegally obtained evidence; a defendant has standing only if his own constitutional rights were violated. *United States v. Salvucci*, 448 U.S. at 86-87; *see also Rakas v. Illinois*, 439 U.S. at 134. Courts have consistently denied standing to defendants protesting a search of documents not in their possession. *See, e.g. United States v. Dunning*, 312 F.3d 528, 532 (1st Cir. 2002); *United States v. Gordon*, 168 F.3d 122, 1228 (10th Cir. 1999); *United States v. King*, 55 F.3d 1193, 1196 (6th Cir. 1995).

In *Rakas*, the Supreme Court reformulated the issue of standing under the Fourth Amendment. *Rakas* concluded that the "Court's long history of insistence that Fourth Amendment rights are personal in nature has already answered many . . . traditional standing inquiries, and we think that the definition of those rights is more properly placed within the purview of substantive Fourth Amendment law rather than within that of standing." *Id*. at 140. Because the issue of standing is "invariably intertwined" with substantive Fourth Amendment analysis, the most logical inquiry focuses solely on a particular defendant's rights under the Fourth Amendment. *Id*. at 139. The Court must determine "whether the challenged search or seizure violated the Fourth Amendment rights of [the] criminal defendant who seeks to exclude the evidence...." *Id*. at 140, 99 S.Ct. at 429. It is immaterial if evidence sought to be introduced against a defendant was obtained in violation of someone

else's Fourth Amendment rights. Fourth Amendment rights are personal and cannot be asserted vicariously. See *id*.

The exclusionary rule is an extraordinary remedy whose reach is strictly circumscribed. "[T]he supervisory power [of the courts] does not authorize a federal court to suppress otherwise admissible evidence on the ground that it was seized unlawfully from a third party not before the court. Our Fourth Amendment decisions have established beyond any doubt that the interest in deterring illegal searches does not justify the exclusion of tainted evidence at the instance of a party who was not the victim of the challenged practices." *United States v. Payner*, 447 U.S. at 735, citing *Rakas v. Illinois, supra*, 439 U.S. at 137; *Alderman v. United States*, 394 U.S. 165, 174-75 (1969).

> The troublesome question of whether a co-defendant whose Fourth Amendment rights have not been violated has standing to suppress evidence illegally seized from a co-defendant has been authoritatively answered by the Supreme Court in *Alderman v. United States* [citations omitted]. The Court in that case in the majority opinion held that the exclusionary rule of *Weeks v. United States*, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652, and *Mapp v. Ohio*, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081, 84 A.L.R. 933, extends only to a party from whom the evidence was illegally obtained and squarely holds that evidence illegally obtained from one defendant is not excludable against a co-defendant whose constitutional rights have not been violated by the search and seizure.

*Standard Oil Co. v. State of Iowa*, 408 F.2d 1171, 1174 (8th Cir. 1969).

C.   Illegally Obtained Evidence Admissible Against Defendant

Defendant asserts, without support, "[o]nce the Court determines the seized material was seized without probable cause and in violation of the Fourth and Fifth Amendment [sic],

-6-

and since the material is not contraband, the only thing left is for the Court to direct said material returned, the original and all copies, to Springer."   Defendant's Reply, p. 10). Again, Defendant Springer is mistaken.

"The exclusionary rule does not proscribe the use of illegally seized evidence in all proceedings or against all persons." *In re Search of Office of Tylman*, 245 F.3d 978, 981 (7th Cir. 2001), citing *United States v. Calandra*, 414 U.S. 338, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974).  Illegally obtained evidence can be used in grand jury investigations. *United States v. Calandra*, 414 U.S. 338, 349-52 (1974); *United States v. Salazar*, 323 F.3d 852, 856 (10th Cir. 2003).  Illegally seized evidence can also used to impeach a defendant's testimony.  *See: Michigan v. Harvey*, 494 U.S. 344, 346 (1990); *Oregon v. Hass*, 420 U.S. 714 (1975); *Harris v. New York*, 401 U.S. 222 (1971); and, more recently, *Kansas v. Ventris*, ____ U.S. _____, 2009 WL 1138842 (April 29, 2009).   Thus, defendant Springer's assumption that all materials are to be returned along with copies, even if the items taken in the search are suppressed, is unfounded.

D.   Conclusion

For the foregoing reasons, Defendant's motion should be denied, and the Court should authorize the Government to provide co-defendant Stilley with discovery seized from

defendant Springer in order to ensure that defendant Stilley has ample opportunity to review the evidence and to prepare for trial.

Respectfully submitted,

DAVID E. O'MEILIA
UNITED STATES ATTORNEY


*/s/ Kenneth P. Snoke*
KENNETH P. SNOKE
Assistant United States Attorney
Special Assistant United States Attorney
110 West Seventh Street, Suite 300
Tulsa, Oklahoma  74119
(918) 382-2700

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of May 2009, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Lindsey Kent Springer
Defendant

Oscar Amos Stilley
Defendant

Robert Williams
Standby Counsel assigned to Lindsey Kent Springer

Charles Robert Burton, IV
Standby Counsel assigned to Oscar Amos Stilley.


*/s/ Kenneth P. Snoke*
Kenneth P. Snoke
Assistant United States Attorney

-8-