IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA

        Plaintiff,

Case No. 09-CR-043-SPF

v.

LINDSEY KENT SPRINGER,
OSCAR AMOS STILLEY

        Defendants.

MEMORANDUM OF LAW IN SUPPORT OF SPRINGER'S THIRD
MOTION TO DISMISS PURSUANT TO CIR v DUBERSTEIN HOLDING

Lindsey Kent Springer ("Springer"), files this Memorandum of Law in support of his Third Motion to Dismiss the document labeled "INDICTMENT" dated March 10, 2009, because no "trier of fact" has made any determination any income received by Springer was anything other than a "gift" pursuant to 26 U.S.C. § 102 and Commissioner v. Duberstiein, 363 U.S. 278, 288 (1960).

**A.      SUMMARY OF THE CHARGES RELATED TO THIS MOTION**

Springer is not alleged by the Grand Jury to have any post high school education whatsoever.  The Grand Jury alleges Springer established Bondage Breaker's Ministries to receive income from several sources and it appears the theory is that instead of the income Springer received being a "gift," the United States Department of Justice has somehow convinced their 7th Grand Jury the money given Springer was "payment" for "services."  No other theory is alleged in

1

the March 10, 2009 Grand Jury indictment. The question of liability associated with the receipt of such gifts is squarely at issue in each Count of the Grand Jury indictment.

**B.     LEGAL ARGUMENT IN FAVOR OF DISMISSAL**

"The conclusion whether a transfer amounts to a 'gift' is one that must be reached on consideration of all the factors." Commissioner v. Duberstiein, 363 U.S. 278, 288 (1960) "Specifically, the trier of fact must be careful not to allow trial of the issue whether the receipt of a specific payment is a gift to turn into a trial of the tax liability." Id.

"The exclusion of property acquired by gift from gross income under the federal income tax laws was made in the first income tax statute passed under the authority of the Sixteenth Amendment, and has been a feature of the income tax statutes ever since. The meaning of the term 'gift' as applied to particular transfers has always been a matter of contention. Specific and illuminating legislative history on the point does not appear to exist. Analogies and inferences drawn from other revenue provisions, such as the estate and gift taxes, are dubious. See Lockard v. Commissioner, 166 F.2d 409. The meaning of the statutory term has been shaped largely by the decisional law." Duberstein at 284

Title 26, Sections "101-121, specifically exclude certain receipts from "gross income," including, for example, gifts and inheritances." Rudolph v. United States, 370 U.S. 269, 273 (1962) "Single transactions, it is well known, may be susceptible to

different, and inconsistent, theories of taxation." United States v. Dalm, 494 U.S. 596, 598 (1990)

In Commissioner v. Duberstein, 363 U.S. 278 (1960), the Court held that the principal criterion for identifying a gift under the applicable provision of the Internal Revenue Code was the intent or motive of the donor - "one that inquires what the basic reason for his conduct was in fact." Id., at 286. Resolution of that issue determined the ultimate issue of whether a gift had been made. Both issues were held to be questions of fact subject to the clearly-erroneous rule. Pullman-Standard v. Swint, 456 U.S. 273, 288 (1982)

There is another reason why Duberstein controls and that is because Congress does not direct any money received by way of gift be reported as such giving the Internal Revenue Service three yeas to pass on whether they agree with the characterization that the gift or gifts received were in fact gifts. There is no form for the recipient to report receiving such gifts to the Internal Revenue Service. There are no forms promulgated by the Secretary regarding Title 26, Section 102 required by the recipient.

In Rogers v. Hill, 289 U.S. 582, 591-592, the Supreme Court held, following the dissenting opinion in the court below, that a bonus payment having no relation to the value of services for which it is given is in reality a gift in part. Certainly, where all the facts and circumstances in the case, including the express stipulation of the parties, clearly show the making and the intent to make a gift, it cannot be

3

converted into a payment for services by inaccurately describing it, in the consummating resolutions, as a bonus. Bogardus v. CIR, 302 U.S. 34, 42 (1937)

### C. EACH COUNT OF INDICTMENT INVOLVES QUESTION OF LIABILITY AND CANNOT BE REACHED BY TRIER OF FACT DECIDING WHETHER MONEY RECEIVED BY SPRINGER WAS IN FACT A "GIFT" OR NOT.

_____ "The conclusion whether a transfer amounts to a 'gift' is one that must be reached on consideration of all the factors." Commissioner v. Duberstein, 363 U.S. 278, 288 (1960) "Specifically, the trier of fact must be careful not to allow trial of the issue whether the receipt of a specific payment is a gift to turn into a trial of the tax liability." Id.

Whether the liability is alleged that Springer was prohibited from impeding lawful functions of the IRS in the computation, ascertainment, assessment or collection of taxes, or whether he is alleged to be "required by law" to provide information to the Internal Revenue Service on a U.S. Individual Income Tax Form 1040, or whether the alleged claims are that Springer owed a tax deficiency for years 2000, 2003 and 2005, based upon some newly concluded construction of gifts Springer is alleged to have received, each of the alleged crimes in each Count rely almost solely upon whether the money received by Springer triggered a "liability" Springer was then required to report or pay.

Before any determination can be made as to whether Springer has some liability to report or pay, a determination must be made as to whether money received by Springer was excludable from gross income as a "gift" or includable

4

as "gross income."

Duberstein holds that the question as to whether money given Springer is a "gift" or otherwise, must be decided by a non criminal trial first, and is NOT to be decided in a trial determining any tax liability or tax consequence.[1]

The elements of a § 7201 violation are an affirmative act constituting an evasion or attempted evasion **of the tax**, willfullness, and the **existence of a substantial tax deficiency**. Sansone v. United States, 380 U.S. 343, 351, 85 S.Ct. 1004, 1010, 13 L.Ed.2d 882 (1965); United States v. Swallow, 511 F.2d 514, 519 (10th Cir.), cert. denied, 423 U.S. 845, 96 S.Ct. 82, 46 L.Ed.2d 66 (1975). The failure to file a tax return is insufficient to establish the affirmative act necessary for a § 7201 conviction. Spies v. United States, 317 U.S. 492, 499, 63 S.Ct. 364, 368, 87 L.Ed. 418 (1943). A tax evasion prosecution must be commenced within six years after the commission of the offense. U.S. v. Payne, 978 F.2d 1177 (10th Cir. 1992)

Because a tax deficiency is an essential element of the crime of tax evasion, Sansone, 380 U.S. at 343, 85 S.Ct. at 1004; Swallow, 511 F.2d at 514, the statute of limitations did not begin to run on Defendant's § 7201 violations until Defendant incurred a tax deficiency. See United States v. Kafes, 214 F.2d 887, 890 (3d Cir.) (tax evasion offense not complete until defendant's tax payment became due), cert. denied, 348 U.S. 887, 75 S.Ct. 207, 99 L.Ed. 697 (1954).

---

[1] It is interesting that Tax Evasion in theory is prohibiting the "attempt" as a way around imprisonment for debt, yet the entire term of imprisonment is premised upon how much " tax loss" the Government can prove beyond a reasonable doubt.

The Supreme Court has held that the elements of Internal Revenue Code ("I.R.C.") § 7201, the provision criminalizing the evasion of taxes, include the existence of a "tax deficiency." While § 7201 does not describe "tax deficiency," it is defined elsewhere in the IRC as the amount by which the tax exceeds the tax reported on the return plus the amounts previously assessed as a tax deficiency. The IRC specifically excludes interest from being treated as tax for purposes of deficiency procedures.  The Sentencing Guidelines also exclude interest and penalties in assessing the penalty for tax evasion.  Although the deficiency procedures are separate from the criminal liability provisions, we are persuaded that the definition of "tax liability" excluding penalties and interest extends to § 7201. We decline to assume a broader meaning for a "tax deficiency" under § 7201 than under the deficiency proceedings provision, especially when § 7201 attaches criminal liability to the debt owed.  U.S. v. Wright, 211 F.3d 233, 236 (5th Cir. 2000)

In Williams v. CIR, 627 F.2d 1032 (10th Cir. 1980) the 10th Circuit "recognized that intent is the controlling factor" and said that , "primary weight in this area must be given to the conclusions of the trier of fact."  See also Christiansen v. CIR, 843 F.2d 418 (10th Cir. 1988)("This focus on the external features of the transaction serves as an expedient for any more intensive inquiry into the motives of the payor.")

The Grand Jury Indictment in each Count ignores the holding of Commissioner v. Duberstiein, 363 U.S. 278, 288 (1960).  The trier of fact in this case cannot decide whether and to what extent money given to Springer was or wasn't

6

a gift, while also decide, as a result of that decision, whether there is a tax deficiency or tax liability as a result of any such decision, regarding the money given as gift to Springer.   Likewise, there has been no "deficiency" determination as defined pursuant to 26 U.S.C. §§ 6211, 6212 and 6213 ("the deficiency proceedings provision.")[quoting U.S. v. Wright, 211 F.3d 233, 236 (5th Cir. 2000)]

## CONCLUSION

Lindsey Kent Springer requests this Court to enter an order dismissing Counts One, Two, Three, Four, Five and Six, for failure to allege an offense under 18 U.S.C. § 371, 26 U.S.C. §§ 7201 and 7203, because the moneys allegedly given to Springer is prohibited from being determined by the trier of fact on whether a substantial tax deficiency exists as a crime, or some other liability to report information or not impede the ascertainment, at the same time the trier of fact is determining whether the money given Springer was in fact a gift.

Respectfully Submitted
/s/ Lindsey K. Springer
Lindsey K. Springer
5147 S. Harvard, # 116
Tulsa, Oklahoma 74135
918-748-5539/955-8225(cell)

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Lindsey Kent Springer's Memorandum of Law in Support of his Third Motion To Dismiss was ecf'd on May 15, 2009, to:

Kenneth P. Snoke,
Charles O'Reilly,
Oscar Stilley

<u>/s/ Lindsey K. Springer</u>
Signature