IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA

        Plaintiff,

                              Case No. 09-CR-043-SPF

v.

LINDSEY KENT SPRINGER,
OSCAR AMOS STILLEY

        Defendants.

MEMORANDUM OF LAW IN SUPPORT OF SPRINGER'S SIXTH MOTION TO DISMISS GRAND JURY INDICTMENT FOR FAILURE TO PLEAD FRAUD PARTICULARLY

Lindsey Kent Springer, files this Memorandum of Law in support of his Sixth Motion to Dismiss the document labeled "INDICTMENT" dated March 10, 2009, based upon Counts One, Two, Three and Four, failing to plead defraud or false with particularity.

**A.     SUMMARY OF COUNTS ONE, TWO, THREE AND FOUR RELEVANT TO THIS MOTION.**

Count One alleges Springer, on January 15, 2009, represented that he made no "income" and that the only money he received was "given" without any expectation from anything from anybody." Count One alleged Springer and Stilley conspired to defraud the Internal Revenue Service.

Counts Two, Three and Four, allege Springer made "false statements to agents and employees of the internal revenue service."

**B.     LEGAL ARGUMENT IN FAVOR OF DISMISSAL**

1

False statements need not be alleged in an indictment unless in some unusual case this were necessary to "put the defendant on fair notice of the charges against which he must defend, and enable the defendant to assert a double jeopardy defense." U.S. v. Redcorn, 528 F.3d 727, 737 (10th Cir. 2008)

In general, a false statement is material if it has "a natural tendency to influence, or [is] capable of influencing, the decision of the decisionmaking body to which it was addressed." United States v. Gaudin, 515 U.S., at 509 (quoting Kungys v. United States, 485 U.S. 759, 770 (1988) (internal quotation marks omitted)). Neder v. U.S., 527 U.S. 1, 16 (1999)

The elements of conspiracy under 18 U.S.C. 371 are "that (1) the defendant entered into an agreement; (2) **the agreement involved a violation of the law**; (3) one of the members of the conspiracy committed an overt act; (4) the overt act was in furtherance of the conspiracy's object; and (5) the defendant wilfully entered the conspiracy." *United States v. Weidner*, 437 F.3d 1023, 1033 (10th Cir. 2006). **The core of a conspiracy is an agreement to commit an unlawful act.**'" *Id.* (quoting United States v. Morehead 959 F.2d 1489, 1500 (10th Cir. 1992)). "The existence of the agreement to violate the law may be inferred from a `unity of purpose or common design and understanding' among conspirators to accomplish the objects of the conspiracy." *Id.* (quoting *United States v. Kendall*, 766 F.2d 1426, 1431 (10th Cir. 1985)). See U.S. v. Thompson, 518 F.3d 832, 853 (10th Cir. 2008)

### C.    THIS COURT SHOULD DISMISS THE CLAIMS IN COUNTS ONE, TWO, THREE, AND FOUR, BY THE GRAND JURY, BECAUSE MATERIALITY IS NOT

**ALLEGED IN RELATION TO THE ALLEGATION OF MAKING FALSE STATEMENTS OR TO DEFRAUD**.

Count one alleges Springer made statements on January 15, 2009 but never claims whether those statements were false.  Count One otherwise alleged Springer and Stilley conspired to defraud the Internal Revenue Service.  In Count One, the only violation identifies section 371 and that would mean the second element of a conspiracy to defraud is to show the violation of 371 and that is circular at best.  Count One suffers from failure to allege the first and second elements. There is no allegation of the "agreement" when it was entered and what unlawful act the agreement set out to accomplish.  There is no defraud pled with particularity that is "material."

Counts Two, Three and Four, claim Springer made false statements but then never alleges what those statements were that are false and how that was material. The Jury should only be allowed to consider what the Grand Jury alleges and the Grand Jury did not allege what was false and how that was material and/or to who it was material made.

CONCLUSION

Lindsey Kent Springer requests this Court to enter an order dismissing Counts One for failure to allege the first two elements of a 371 conspiracy, for failure to plead defraud with materiality/particularity, and as to Counts Two, Three and Four, dismissal for failure to allege whatever it was that was false stated by Springer and how that was material and/or to whom the statement was made, as an element

of those Claims.

                                        Respectfully Submitted
                                        /s/ Lindsey K. Springer
                                        Lindsey K. Springer
                                        5147 S. Harvard, # 116
                                        Tulsa, Oklahoma 74135
                                        918-748-5539/955-8225(cell)

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Lindsey Kent Springer's Memorandum of Law in Support of his Sixth Motion To Dismiss was ecf'd on May 15, 2009, to:

Kenneth P. Snoke,
Charles O'Reilly,
Oscar Stilley

/s/ Lindsey K. Springer
Signature