IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA

        Plaintiff,

                              Case No. 09-CR-043-SPF

v.

LINDSEY KENT SPRINGER,
OSCAR AMOS STILLEY

        Defendants.

MEMORANDUM OF LAW IN SUPPORT OF SPRINGER'S SEVENTH MOTION TO DISMISS COUNT ONE FOR FAILURE TO ALLEGE THE PERSONS AND LAW INTENDED TO BE IMPEDED, AND COUNTS ONE THROUGH SIX FOR FAILURE TO ALLEGE THE DUTY UNDER THE LAW FOR SPRINGER TO PROVIDE INFORMATION TO THE IRS.

Lindsey Kent Springer, files this Memorandum of Law in support of his Seventh Motion to Dismiss the document labeled "INDICTMENT" dated March 10, 2009, based upon Counts One failing to allege person or persons and code section intended to be impeded by Springer and Stilley, and as to Counts One, Two, Three, Four, Five and Six, for failing to allege statutes imposing criminal duty upon Springer to provide information to the IRS on any U.S. Individual Income Tax Return Form 1040 for years 2000 through 2005.

**A.**     **SUMMARY OF THE CHARGES RELATED TO THIS MOTION**

Count One alleges Springer and Stilley conspired to impede the functions of the Internal Revenue Service in their ascertainment, assessment, computation and collection, income taxes from 2000 through January 15, 2009.

1

Count Two, Three, Four, Five and Six, allege Springer was required to provide income information to the Internal Revenue Service by way of an "income tax return." Counts Two, Three and Four, allege Springer attempted to evade the income taxes due and owing.

**B.     LEGAL ARGUMENT IN APPLICABLE TO THIS MOTION IN FAVOR OF DISMISSAL**

Neither Title 18, Section 371, or Title 26, 7201 or 7203, identify what specific provisions of the tax code trigger their violation. Neither section 7201 or 7203 define the word "return" or what satisfies the making of such a document as the Grand Jury alleges.

Sections 371, 7201, and 7203, are substantive provisions that provide the mode of penalty for doing something that other provisions of the Internal Revenue Code require. For instance, "defraud" requires an allegation of an agreement to violate some other law. See U.S. v. Thompson, 518 F.3d 832, 853 (10th Cir. 2008) 7201 makes two attempted acts a felony. The first is an attempt to evade the "assessment" of the any tax imposed by Title 26, and the second is an attempt to evade the "payment" of any tax imposed by Title 26. The Grand Jury alleges evasion of the income taxes "due and owing."

The federal tax evasion statute provides that "[a]ny person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall . . . be guilty of a felony. . . ." 26 U.S.C. § 7201. The elements of a § 7201 violation are an affirmative act constituting an evasion or attempted

evasion of the tax, willfullness, and the existence of a substantial tax deficiency. Sansone v. United States, 380 U.S. 343, 351, 85 S.Ct. 1004, 1010, 13 L.Ed.2d 882 (1965); United States v. Swallow, 511 F.2d 514, 519 (10th Cir.)  See also U.S. v. Payne, 978 F.2d 1177, 1178 (10th Cir. 1992)

The elements of § 7201 are willfulness; the existence of a tax deficiency, and an affirmative act constituting an evasion or attempted evasion of the tax, Sansone v. United States, 380 U.S. 343,351 (1965)

In comparison, § 7203 makes it a misdemeanor willfully to fail to perform a number of specified acts at the time required by law. This misdemeanor requires only willfulness and the omission of the required act.  Id.

The intent requirement in criminal tax cases is particularly strict. As the Supreme Court stated in *Cheek v. U.S.*, 498 U.S. 192, 201-02, 111 S.Ct. 604, 112 L.Ed.2d 617 (1991): Willfulness, as construed by our prior decisions in criminal tax cases, requires the Government to prove **that the law imposed a duty** on the defendant, that the defendant knew of this duty, and that he voluntarily and intentionally violated that duty. . . ." U.S. v. CHISUM, 502 F.3d 1237, 2141 (10th Cir. 2007)

C.  **THIS COURT SHOULD DISMISS THE CLAIMS IN COUNT ONE BY THE GRAND JURY AS THEY FAIL TO ALLEGE THE ELEMENTS OF A CONSPIRACY TO DEFRAUD THE FUNCTIONS OF THE INTERNAL REVENUE SERVICE.**

Count One fails to allege any specific law imposing a "function" on the

Internal Revenue Service in the "computation, ascertainment, assessment, and collection" of taxes, that the Grand Jury alleges Springer and Stilley conspired to "impede, impair, obstruct, or defeat." Likewise, no provision of law is alleged that the jury must find the agreement was to violate. U.S. v. Thompson, 518 F.3d 832, 853 (10th Cir. 2008) [1]

**D.    THIS COURT SHOULD DISMISS THE CLAIMS IN COUNTS ONE, TWO, THREE, FOUR, FIVE AND SIX BY THE GRAND JURY, BECAUSE NO LAW REQUIRED SPRINGER TO FILE A UNITED STATES INDIVIDUAL INCOME TAX RETURN IN TULSA OKLAHOMA FOR CALENDER YEAR 2000, 2003 AND 2005**

The Grand Jury indictment at Counts Two[2] through Six allege "was required by law" but at no time announce what the specific code provision is that such requirement then is derived.    Count Five alleges "in excess of $ 7700" while Count Six alleges in "excess of $ 15,900."  There is no law to which these amounts can be derived. In each count some theory of a requirement to provide information to the IRS on an "income tax return" is alleged.

Springer asserts the Grand Jury did not allege any specific provision because

---

[1] Springer's Sixth Motion to Dismiss addresses the defect of failing to allege materiality and fraud with particularity in Counts One, Two, Three and Four. The claim in this Motion is based upon the defect of failing to allege the specific section the conspiracy intended to impede, impair, obstruct, and defeat. This is so because of the requirement the Government must prove Springer and Stilley entered into an agreement to violate this law. Without the identity of this law conspired to violate, the real possibility exists that the Jury may consider something entirely different than the Grand Jury thought they were considering.

[2] Count One does not in so many words allege "was required by law" but seems to suffer from the same defect and it is for this reason Springer includes Count One in this defense claim for dismissal.

they were not presented with any such law to determine any such requirement. Count Five and Six allege on or about April 15, 2003 and 2005, but no other information is alleged. Common Law violations do not exist in the United States theory of law.

## CONCLUSION

Lindsey Kent Springer requests this Court to enter an order dismissing Counts One for failure to allege the person or persons intended to be impeded, the internal revenue code provision identifying the function the alleged agreement was to violate, and to dismiss Counts One through Six because the Grand Jury Indictment fails to allege the law imposing the duty on Springer to make or file "income tax returns" for any years at issue.

Respectfully Submitted

/s/ Lindsey K. Springer
<u>Lindsey K. Springer</u>
5147 S. Harvard, # 116
Tulsa, Oklahoma 74135
918-748-5539/955-8225(cell)

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Lindsey Kent Springer's Memorandum of Law in Support of his Seventh Motion To Dismiss was ecf'd on May 15, 2009, to:

Kenneth P. Snoke,
Charles O'Reilly,
Oscar Stilley

/s/ Lindsey K. Springer
Signature