IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA                                          PLAINTIFF

v.                               Case No. 09-CR-043 CLK

LINDSEY KENT SPRINGER,
OSCAR AMOS STILLEY                                                DEFENDANT

**VERIFIED MOTION TO DISMISS FOR FRAUD AND VIOLATION OF THE 5<u>TH</u> AMENDMENT**

Comes now **OSCAR AMOS STILLEY**[1] by limited special appearance, and not a general appearance, and makes his verified motion for the United States District of Oklahoma Northern Division Court to dismiss for the following reasons:

1. Brian Shern caused to be issued and served upon Oscar Stilley a subpoena commanding and requiring him to testify at a grand jury convened on or about March 9, 2006.

2. Again on or about June 9, 2006, Oscar Stilley was commanded and required to appear and give testimony before the grand jury.

3. At some a few weeks before June 9, 2006, at 1:00 PM, in response to inquiry from Oscar Stilley, Brian Shern told Oscar Stilley that he was not then

---

[1] It is presumed that the plaintiff is master of his own complaint. This complaint is styled in the name of "**UNITED STATES OF AMERICA**" as opposed to the people thereof, or any grand jury. Plaintiff, whoever that may actually be, named **OSCAR AMOS STILLEY** as a Defendant. Therefore, **OSCAR AMOS STILLEY** has appeared specially and limited, challenging jurisdiction, to defend against the charges to the extent required so to do by the law.

under criminal investigation, in order to get Oscar Stilley to testify before the grand jury. The testimony of Oscar Stilley was given to the grand jury at the aforementioned time and place.

4. Oscar Stilley did not at the time have sufficient reason to believe that Mr. Shern was not telling the truth, and in fact believed Mr. Shern's representations.

5. Afterwards, on or about June 15, 2006, Oscar Stilley entered appearance for Richard Blackstock in the Northern District of Oklahoma, with respect to criminal charges against Mr. Blackstock.

6. At the said initial appearance, Mr. Snoke informed the Court and those present of a criminal investigation of Oscar Stilley, and suggested that Mr. Blackstock should be directed to elect either to waive the potential conflict or seek other counsel.

7. Shortly thereafter, Oscar Stilley called Mr. Shern and asked him why Mr. Shern had told Oscar Stilley that he was not under criminal investigation. Mr. Shern opined that the term "criminal investigation" has different meanings at different times, thus both his representation and Snoke's were the truth.

8. On or about April 22, 2009, Brian Shern stated in the presence of witnesses that the criminal investigation started after the testimony of Oscar Stilley at the grand jury, due to the testimony given.

9. The government in a letter signed by Charles O'Reilly, dated April 29, 2009, now admits that Oscar Stilley was "under investigation as early as May of 2004. "

10. The government has not stated the actual time that the criminal investigation of Oscar Stilley began.

11. Oscar Stilley was at the time of the commencement of the criminal investigation a licensed attorney.

12. Oscar Stilley would have invoked his constitutional rights and privileges at the proceedings, had he been truthfully told that he was then under criminal investigation.

13. Under the procedures of the US Department of Justice in place when the investigation of Oscar Stilley began, no criminal investigation could have been started without formal written authorization from the US Department of Justice.

14. The testimony of Oscar Stilley was effectively coerced by legal process and material falsehoods told by Brian Shern.

15. The testimony given then is now referenced or otherwise utilized in the current indictment of Oscar Stilley.

16. The 5th Amendment prohibits any government act to compel a citizen to be a witness against himself.

17. The indictment should therefore be quashed and dismissed as the product of a violation of the 5th Amendment to the US Constitution.

WHEREFORE, Defendant Oscar Stilley requests that this Court dismiss this indictment with prejudice; and for such other and further relief as may be appropriate whether or not specifically prayed.

## VERIFICATION

On the date stated below, I Oscar Stilley declare that the foregoing statements are true and correct and made on personal knowledge.

Respectfully submitted,

By:     /s/ Oscar Stilley
Oscar Stilley, Attorney at Law
7103 Race Track Loop
Fort Smith, AR 72916
479-996-4109
479-996-3409 Fax
oscar@oscarstilley.com

## CERTIFICATE OF SERVICE

I, Oscar Stilley, by my signature above certify that I have this May 15, 2009, caused the Plaintiff to be served with a copy of this pleading by CM/ECF to: Kenneth P. Snoke, United States Attorney's Office, 110 W 7th Street, Suite 300, Tulsa, OK 74119-1013, ken.snoke@usdoj.gov; Charles A O'Reilly, US Dept of Justice, PO Box 972, Washington, DC 20044, email charles.a.o'reilly@usdoj.gov . Also by email to Lindsey K. Springer at Gnutella@mindspring.com .