IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA                                                      PLAINTIFF

v.                                      Case No. 09-CR-043 CLK

LINDSEY KENT SPRINGER,
OSCAR AMOS STILLEY                                                            DEFENDANT

**BRIEF IN SUPPORT OF VERIFIED MOTION TO DISMISS FOR FRAUD AND VIOLATION OF THE 5TH AMENDMENT**

Comes now **OSCAR AMOS STILLEY**[1] by limited special appearance, and not a general appearance, and for his brief in support of verified motion for the United States District of Oklahoma Northern Division Court to dismiss for violation of the 5th Amendment states:

Government agent Brian Shern lied to Oscar Stilley in order to obtain his testimony. Mr. Shern told Oscar Stilley that he was not under criminal investigation at the time that Oscar Stilley was subpoenaed to testify at the grand jury in 2006. In reliance on this representation by Mr. Shern, Oscar Stilley presumed that he was legally bound to give the testimony sought. A grand jury subpoena is clearly "compulsory process." It cannot be reasonably denied the

---

[1] It is presumed that the plaintiff is master of his own complaint. This complaint is styled in the name of "**UNITED STATES OF AMERICA**" as opposed to the people thereof, or any grand jury. Plaintiff, whoever that may actually be, named **OSCAR AMOS STILLEY** as a Defendant. Therefore, **OSCAR AMOS STILLEY** has appeared specially and limited, challenging jurisdiction, to defend against the charges to the extent required so to do by the law.

punishment, up to and including fine and imprisonment, would have followed had the subpoena not been honored.  See e.g. *United States v. Singleton*, 144 F.3d 1343, 1347 (10th Cir. 1998) "Every citizen has the legal duty to testify to facts within his knowledge, and any witness may be compelled to do so by subpoena and civil contempt proceedings."

Furthermore, Oscar Stilley had no substantial basis for disbelieving Mr. Shern.  At the time, Oscar Stilley had no knowledge of what the grand jury was purportedly investigating, and certainly had no knowledge that he himself was a target of criminal investigation by the US DOJ.

It can scarcely be denied that the testimony given was compelled by dishonest means.  This is clearly unlawful.  In *Lile v. McKune*, 224 F.3d 1175, 1180 (10th Cir. 2000) the Court said:

> Supreme Court jurisprudence concerning the Fifth Amendment right against self-incrimination instructs that, unless an individual is given immunity at the time of his potentially incriminating testimony, he may not be confronted with the dilemma of either answering questions that may incriminate him or being [Page 1181] substantially penalized solely for the assertion of his constitutional privilege. See *Garner*, 424 U.S. at 661 (indicating that where the assertion of the privilege is penalized it "foreclos[es] a free choice to remain silent[] and therefore . . . compel[s] the incriminating testimony"). In other words, "**a State may not impose substantial penalties because a [declarant] elects to exercise his Fifth Amendment right not to give incriminating testimony against himself.**" *Cunningham*, 431 U.S. at 805; see also *Murphy*, 465 U.S. at 434. Resolution of the compulsion question in this case then turns on whether the consequences of Plaintiff's refusal to admit responsibility for his charged and uncharged sexual offenses constitute substantial penalties that are impermissibly coercive.
> (Emphasis added)

In *Clanton v. Cooper*, 129 F.3d 1147 (10th Cir. 1997) the Court explained that a violation of the 5th Amendment prohibits use of the evidence thereby obtained:

> [49] There are two types of constitutional protections that invoke exclusionary rules. In the first category, the exclusion of unconstitutionally obtained evidence is designed to protect the enjoyment of constitutional rights themselves. Thus, for example, the Fourth Amendment protects the right to privacy by prohibiting officers from bursting into a home (lacking consent or exigent circumstances) and seizing evidence without a warrant; if the officers do so, the resulting evidence, though accurate, will be suppressed to discourage such unconstitutional actions. See, e.g., *United States v. Moore*, 91 F.3d 96 (10th Cir. 1996). **In this category, only the victims of the unconstitutional conduct may challenge the unconstitutional nature of the officer's actions, because only their rights have been violated**.[2] See, e.g., *United States v. Moffett*, 84 F.3d 1291, 1293 (10th Cir. 1996) (citing *Rakas v. Illinois*, 439 U.S. 128, 139-40 (1978)).
>
> [50] In the second category, a constitutional violation may assist officers in gathering evidence, but the violation has both offended the Constitution and rendered the evidence unreliable. A coerced confession fits into this category. As stated by the Supreme Court in *Jackson v. Denno*, 378 U.S. 368, 385-86 (1964):
>
>> It is now inescapably clear that the Fourteenth Amendment forbids the use of involuntary confessions not only because of the probable unreliability of confessions that are obtained in a manner deemed coercive, but also because of the `strongly felt attitude of our society that important human values are sacrificed where an agency of the government, in the course of securing a conviction, wrings a confession out of an accused against his will,' *Blackburn v. Alabama*, 361 U.S. 199, 206-207, and because of the `deep-rooted feeling that the

---

[2]    This footnote is by Oscar Stilley, not the 10th Circuit. I write to say that I do not by this citation agree that papers illegally seized from Lindsey Springer may be nevertheless used against Oscar Stilley. It strains reason that the government may keep and use non-contraband against a co-defendant. Even if the Court did not order the return of all copies, how could the government ever get past the requirement to admit only original documents?

police must obey the law while enforcing the law; that in the end life and liberty can be as much endangered from illegal methods used to convict those thought to be criminals as from the actual criminals themselves.' *Spano v. New York*, 360 U.S. 315, 320-321.

[51] Consequently, because the evidence is unreliable and its use offends the Constitution, a person may challenge the government's use against him or her of a coerced confession given by another person. "Confessions wrung out of their makers may be less reliable than voluntary confessions, so that using one person's coerced confession at another's trial violates his rights under the due process clause." *Buckley v. Fitzsimmons*, 20 F.3d 789, 795 (7th Cir. 1994). Further, "It is unthinkable that a statement obtained by torture or by other conduct belonging only in a police state should be admitted at the government's behest in order to bolster its case. . . . Yet methods offensive when used against an accused do not magically become any less so when exerted against a witness." *LaFrance v. Bohlinger*, 499 F.2d 29, 34 (1st Cir. 1974). See also *United States v. Merkt*, 764 F.2d 266, 274 (5th Cir. 1985); *United States v. Chiavola*, 744 F.2d 1271, 1273 (7th Cir. 1984); *Bradford v. Johnson*, 476 F.2d 66, 66 (6th Cir. 1973) (per curiam), aff'g 354 F. Supp. 1331 (E.D.Mich. 1972). **Clanton may contest the voluntariness of Eaves's confession not based on any violation of his constitutional rights, but rather as a violation of her own Fourteenth Amendment right to due process.**

[52] Having established that Clanton has standing to contest the voluntariness of Eaves's confession, we consider whether Cooper is entitled to qualified immunity for his conduct in eliciting the confession. The Fifth Amendment provides that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. "To be admissible, a confession must be made freely and voluntarily; it must not be extracted by threats in violation of due process or obtained by compulsion or inducement of any sort." *Griffin v. Strong*, 983 F.2d 1540, 1542 (10th Cir. 1993) (citing *Haynes v. Washington*, 373 U.S. 503, 513 (1963)). To determine whether a confession was made freely and voluntarily, the "totality of the circumstances" must be considered. *Arizona v. Fulminante*, 499 U.S. 279, 285-86 (1991). In applying this test, we have explained that:

> The central consideration in determining whether a confession has been coerced always involves this question: **did the governmental conduct complained of bring about a confession not freely self-determined? Incriminating statements obtained by government acts, threats, or promises that permit the defendant's will to be**

**overborne are coerced confessions running afoul of the Fifth Amendment.** *Griffin*, 983 F.2d at 1543 (internal citation, punctuation marks, and footnote omitted).
(Emphasis added)

Reason, logic, and experience all support the verified motion, which says that Oscar Stilley, an attorney, inquired concerning whether he was a target in order to effectively exercise his constitutional rights.  Had Oscar Stilley been told the truth, he would have declined to answer any question believed to be rationally within the purview of the 5th Amendment privilege.

However, in this case there was an express and admittedly untrue statement from the government stating that Oscar Stilley was not under investigation.   The government's fraud resulted in testimony that was not freely self determined.    Therefore, this Court should dismiss the instant cause for the government's material falsehoods and constitutional violations.


WHEREFORE, Defendant Oscar Stilley requests that this Court dismiss this indictment with prejudice; and for such other and further relief as may be appropriate whether or not specifically prayed.


Respectfully submitted,

By: /s/ Oscar Stilley
Oscar Stilley, Attorney at Law
7103 Race Track Loop
Fort Smith, AR 72916
479-996-4109
479-996-3409 Fax
oscar@oscarstilley.com

**CERTIFICATE OF SERVICE**

I, Oscar Stilley, by my signature above certify that I have this May 15, 2009, caused the Plaintiff to be served with a copy of this pleading by CM/ECF to: Kenneth P. Snoke, United States Attorney's Office, 110 W 7th Street, Suite 300, Tulsa , OK 74119-1013, ken.snoke@usdoj.gov; Charles A O'Reilly, US Dept of Justice, PO Box 972, Washington , DC 20044, email charles.a.o'reilly@usdoj.gov . Also by email to Lindsey K. Springer at Gnutella@mindspring.com .