IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.    09-CR-043-SPF |
| | ) | |
| LINDSEY KENT SPRINGER, | ) | |
| OSCAR AMOS STILLEY, | ) | |
| | ) | |
| Defendants. | ) | |

## UNITED STATES' CONSOLIDATED RESPONSE TO
## DEFENDANTS' MOTIONS TO DISMISS

The United States of America, by and through its attorneys, David E. O'Meilia,

United States Attorney for the Northern District of Oklahoma, and Kenneth P. Snoke,

Assistant United States Attorney, and Charles A. O'Reilly, Trial Attorney, United States

Department of Justice, hereby responds in opposition to Defendants Lindsey Kent

Springer and Oscar Amos Stilley's nine pretrial motions to dismiss filed May 15, 2009:

Springer's First Motion to Dismiss Grand Jury Indictment for Lack of Venue and
Memorandum of Law in Support of Motion (Docket #51 and #52);

Springer's Second Motion to Dismiss Raising Public Protection and
Memorandum of Law in Support of Motion (Docket #53 and #54);

Springer's Third Motion to Dismiss Pursuant to CIR v. Duberstein Holding and
Memorandum of Law in Support of Motion (Docket #55 and #56);

> Springer's Fourth Motion to Dismiss Regarding Substantial Tax Deficiency Argument and Memorandum of Law in Support of Motion (Docket #57 and #58);
>
> Springer's Fifth Motion to Dismiss Claiming Privilege of Silence and Memorandum of Law in Support of Motion (Docket #59 and #60);
>
> Springer's Sixth Motion to Dismiss Grand Jury Indictment for Failure to Plead Fraud Particularly and Memorandum of Law in Support of Motion (Docket #61 and #62);
>
> Springer's Seventh Motion to Dismiss Count One for Failure to Allege the Persons and Law Intended to be Impeded, and Counts One through Six for Failure to Allege the Duty Under the Law for Springer to Provide Information to the IRS and Memorandum of Law in Support of Motion (Docket #63 and #64);
>
> Springer's Eighth Motion to Dismiss Grand Jury Indictment for Violations of Fourth and Fifth Amendment and Selective Prosecution and Memorandum of Law in Support of Motion (Docket #65 and #66);
>
> [Stilley's] Verified Motion to Dismiss for Fraud and Violation of the 5th Amendment and Brief in Support of Motion (Docket #67 and #68).

Defendant Stilley joined each of Defendant Springer's motions to dismiss.

Docket #69. Therefore, the Government treats the motions to dismiss filed by Defendant

Springer as if filed by both defendants.

A.    Motion to Dismiss for Lack of Venue - Docket #51 and #52

Defendants' first motion to dismiss the Indictment is without support. Defendants

move to dismiss the Indictment on the premise that venue is improper in the Northern

District of Oklahoma. They appear to assert that the charges in the Indictment had to be

brought in Austin, Texas or Washington, D.C.  (Docket #51 at 1), because "Internal

Revenue Districts . . . have not existed since the latter part of 1999."  Docket #52 at 4.

In a criminal case, venue is appropriate in each district in which an offense is

committed. Title 18, United States Code Section 3237(a).  Title 18, United States Code

Section 3237 speaks directly to venue with respect to the tax fraud charges brought in this

indictment.  As stated, "[e]xcept as otherwise expressly provided by enactment of

Congress, any offense against the United States begun in one district and completed in

another, or committed in more than one district, may be inquired of and prosecuted in any

district in which such offense was begun, continued, or completed."  In Section 3237(b)

of Title 18, Congress specifically provided that, with respect to the offense of failing to

file, venue is appropriate in the judicial district in which the defendant was residing at the

time the offense occurred.[1]  See also, United States v. Hicks, 947 F.2d 1356, 1361

(9th Cir. 1991) ("Failure to file a tax return is an offense either that the defendant's place

of residence, or at the collection point where the return should have been filed"); United

---

[1]     Title 18, United States Code Section 3237(b) provides:

Notwithstanding subsection (a), where an offense is described in section 7203 of the
Internal Revenue Code of 1986, or where venue for prosecution of an offense described in
section 7201 or 7206(1), (2), or (5) of such Code (whether or not the offense is also described in
another provision of law) is based solely on a mailing to the Internal Revenue Service, and
prosecution is begun in a judicial district other than the judicial district in which the defendant
resides, he may upon motion filed in the district in which the prosecution is begun, elect to be
tried in the district in which he was residing at the time the alleged offense was committed:
Provided, That the motion is filed within twenty days after arraignment of the defendant upon
indictment or information.

States v. Rice, 659 F.2d 524, 526 (5th Cir. 1981); United States v. Taylor, 828 F.2d 630, 633 (10th Cir. 1987).  Defendant Springer resided within the Northern District of Oklahoma at all times relevant to the Indictment.  Furthermore, numerous overt acts of the conspiracy and affirmative acts of the tax evasion were committed within the Northern District of Oklahoma.

The IRS Restructuring and Reform Act of 1998 abolished internal revenue districts as of October 1, 2000 (not the latter part of 1999 as asserted by Defendants).  See Testimony of David C. Williams, Inspector General, Treasury Inspector General for Tax Administration, dated May 8, 2001, Implementation of the IRS Restructuring and Reform Act of 1998, Joint Hearing Before Committees of the United States Senate and United States House of Representatives.  The fact that Internal Revenue districts were abolished does not affect the propriety of venue in the Northern District of Oklahoma.

As Defendants correctly assert, Title 26, United States Code Section 6091 governs the place for filing tax returns.  Defendants, however, incorrectly leap to the conclusion that Section 6091 of Title 26 precludes Defendant Springer's prosecution for failure to file, and both Defendants' prosecution for conspiracy to defraud the Internal Revenue Service and for attempting to evade Defendant Springer's federal income taxes.  Defendants ignore common sense,[2] as well as Section 6091(b)(1)(B)(i), which provides

---

[2]     "The canon in favor of strict construction (of criminal statutes) is not an inexorable command to override common sense and evident statutory purpose. . . . Nor does it demand that a statute be given the 'narrowest meaning'; it is satisfied if the words are given their fair meaning in accord with the manifest intent of the lawmakers."  United States v. Moore, 423

-4-

that where a person has no legal residence or principal place of business in any internal revenue district, "the Secretary may by regulations designate" an alternative place.

The Secretary of the Treasury has so designated.  Title 26, Code of Federal Regulations, Section 1.6091-2 clearly provides that "income tax returns of individuals, estates, and trusts shall be filed with any person assigned the responsibility to receive returns at the local Internal Revenue Service office that serves the legal residence or principal place of business of the person required to make the return."  Prior to, as well as after, the September 16, 2004 revision of Section 1.6091, taxpayers were afforded the option of filing their tax returns at the local office of the Internal Revenue Service, or with the Internal Revenue Service Center servicing their residence.  The local office of the Internal Revenue Service serving Defendant Springer's legal residence and principal place of business is located at 1645 S. 101st East Avenue, Tulsa, Oklahoma 74128, and was located at that address at all times relevant to the Indictment.

Defendants' criminal conduct, including conspiracy to defraud, tax evasion and willful failure to file, were committed within the Northern District of Oklahoma and elsewhere.  Defendant Springer did not file his tax returns in the Northern District of Oklahoma, or anywhere else.  Therefore, prosecution for failure to file, as well as conspiracy and tax evasion, is appropriate in this judicial district.

---

U.S. 122, 145 (1975), quoting United States v. Brown, 333 U.S. 18, 25-26 (1948).

B.   Motion to Dismiss Raising Public Protection - Docket #53 and #54

Defendants' second motion to dismiss premised on the Paperwork Reduction Act

(hereinafter "PRA") is frivolous. "[E]very court that has considered the argument that the

regulations and the instruction books promulgated by the IRS are within the scope of the

PRA has rejected it." Salberg v. United States, 969 F.2d 379, 384 (7th Cir. 1992).  Some

courts have simply noted that the PRA applies to the forms themselves, not to the

instruction booklets, and because the Form 1040 does have a control number, there is no

PRA violation.  See United States v. Patridge, 507 F.3d 1092, 1094 (7th Cir. 2007)[3]

(holding that the IRS has complied with the PRA by placing a control number on tax

forms); James v. United States, 970 F.2d 750, 753 n.6 (10th Cir. 1992) (noting that the

lack of an OMB number on IRS notices and forms does not violate PRA); Salberg v.

United States, 969 F.2d at 383-84; United States v. Holden, 963 F.2d 1114, 1116 (8th Cir.

1992) (holding that tax form instruction books are not an agency request for information

subject to the PRA); United States v. Dawes, 951 F.2d 1189, 1191-93 (10th Cir. 1991);

United States v. Wunder, 919 F.2d 34, 38 (6th Cir. 1990).

---

[3]      Defendant Springer is very familiar with this matter as he assisted attorney Jerold
W. Barringer in Denny Patridge's defense, including sitting at counsel table during the trial.

     C.     <u>Motion to Dismiss Pursuant to CIR v. Duberstein Holding -</u>
          <u>Docket #55 and #56</u>

Defendants' third motion to dismiss "because no 'trier of fact' has made any determination any income received by Springer was anything other than a 'gift' . . ." lacks merit.  Defendants appear to assert that the Government must prove to either a judge or jury that money Defendant Springer received is income before seeking an indictment charging that Defendant Springer received income.  The appropriate venue for the factual determination of whether Defendant Springer earned income is the trial jury.  Contrary to Defendants' assertion, "the trier of fact in this case" can "decide whether and to what extent money given to Springer was or wasn't a gift . . .."  See Docket #56 at 6-7.  The grand jury returned a valid indictment, and the trial jury will have the opportunity to make this determination at the trial scheduled to commence October 26, 2009.

     D.     <u>Motion to Dismiss Regarding Substantial Tax Deficiency Argument -</u>
          <u>Docket #57 and #58</u>

Defendants' fourth motion to dismiss "because no amount of 'gross income' is alleged nor any 'substantial tax deficiency' was specifically alleged . . ." is frivolous.  The Indictment appropriately charges the elements of the charges alleged.  It is not necessary to charge or prove the exact amount of the tax that is due and owing.  <u>United States v. Bishop</u>, 264 F.3d 535, 550-52 (5th Cir. 2001); <u>United States v. Thompson</u>, 806 F.2d 1332, 1335-36 (7th Cir. 1986); <u>United States v. Harrold</u>, 796 F.2d 1275, 1278 (10th Cir. 1986); <u>United States v. Citron</u>, 783 F.2d 307, 314-15 (2d Cir. 1986); <u>United States v.</u>

Buckner, 610 F.2d 570, 573-74 (9th Cir. 1979); United States v. Marcus, 401 F.2d 563, 565 (2d Cir. 1968).

Defendants also assert that the Indictment contains "no allegation of any amounts, no allegation of any 'source,' of any gross income, leaving Springer to simply guess as to which money given by which persons over the last umpteen years the Government intends to argue was not a gift and what was a gift." Docket #58 at 5. Defendants need to review the material provided in discovery, which includes the evidence presented to the grand jury. The discovery materials more than adequately apprise the defendants of the funds alleged to be income to Defendant Springer.

Furthermore, although not directly raised by the defendants, it is important to note that the tax deficiency need not be for taxes due and owing by the defendant; the deficiency may be for taxes due and owing by another taxpayer. One may attempt to evade the assessment or payment of taxes of another. See United States v. Wilson, 118 F.3d 228, 231, 236 (4th Cir. 1997) (attorney convicted of attempting to evade a client's taxes). Thus, Defendant Stilley cannot assert that the indictment is insufficient as to him because the indictment does not allege he attempted to evade his own taxes. The indictment clearly alleges that Defendant Stilley attempted to evade Defendant Springer's federal income taxes.

E.     Motion to Dismiss Claiming Privilege of Silence - Docket #59 and #60

Defendants fifth motion to dismiss appears to be a reassertion of the Fifth
Amendment claim previously brought in Docket #7.  Defendants appear to be asserting
that the Fifth Amendment protections sanction Defendant Springer's failure to file federal
income tax returns.  To the extent Defendants makes this assertion, it is specious.

Defendant Springer is certainly protected from being compelled to testify against
himself.  With respect to having a Fifth Amendment right not to file, this position has
been universally rejected by Courts.  It is not criminal to earn income; therefore, the
requirement to file a federal income tax return does not compel an individual to testify
against oneself, in violation of the Fifth Amendment of the United States Constitution.
Defendant Springer's citations notwithstanding, the Supreme Court in United States v.
Sullivan held that the privilege against compulsory self-incrimination is not a defense to
prosecution for the complete failure or refusal to file a tax return.  274 U.S. 259, 263
(1927).  The Court, stated, however, that the privilege could be claimed against specific
disclosures sought on a return:

> If the form of return provided called for answers that the defendant was
> privileged from making he could have raised the objection in the return, but
> could not on that account refuse to make any return at all.

The Court further stated, "It would be an extreme if not an extravagant application of the
Fifth Amendment to say that it authorized a man to refuse to state the amount of his
income because it had been made in crime."  Id. at 263-64; see Garner v. United States,

424 U.S. 648, 650 (1976). Defendants cite <u>Garner</u> for the proposition that "the privilege [from self-incrimination] could be exercised by simply failing to file." Docket 60 at 3. Defendants misrepresent <u>Garner</u>'s holding. In <u>Garner</u>, the Court stated that "the claims of privilege we consider here are only those justified by a fear of self-incrimination other than under the tax laws. Finally, nothing we say here questions the continuing validity of <u>Sullivan's</u> holding that returns must be filed." 424 U.S. at 650, n.3.

> F.    <u>Motions to Dismiss Grand Jury Indictment for Failure to Plead Fraud Particularly, and to Dismiss Count One for Failure to Allege the Persons and Law Intended to be Impeded, and Counts One through Six for Failure to Allege the Duty Under the Law for Springer to Provide Information to the IRS -  Docket #61, #62, #63 and #64</u>

Defendants' sixth and seventh motions to dismiss are each without merit. In Defendants' sixth motion to dismiss, they assert that the indictment fails "to allege the first two elements of a 371 conspiracy, [and fails] to plead defraud with materiality/particularity . . .." Defendants further assert in their sixth motion to dismiss that the tax evasion charges should be dismissed because the counts fail "to allege whatever it was that was false stated by Springer and how that was material and/or to whom the statement was made, as an element of those Claims." Docket #61 at 1.

Defendants' seventh motion to dismiss is frivolous because there is no requirement that an indictment allege the "person or persons and code section intended to be impeded . . .,"[4] nor is there any requirement that an indictment "allege statutes imposing criminal

---

[4]    Defendants are charged in Count One with conspiring to defraud the United States by impeding, impairing, obstructing, and defeating the lawful government functions of the

duty upon Springer to provide information to the IRS on any U.S. Individual Income Tax Return for years 2000 through 2005." Docket #63 at 1. The Indictment sufficiently informs the Defendants of the charges against them.

The Defendants are charged in Count One of the Indictment with conspiracy to defraud the United States in violation of Title 18, United States Code Section 371; the elements of this charge are:

1.    The defendant agreed with at least one other person to violate the law;

2.    One of the conspirators engaged in at least one overt act furthering the conspiracy's objective;

3.    The defendant knew the essential objective of the conspiracy;

4.    The defendant knowingly and voluntarily participated;

5.    There was interdependence among the members of the conspiracy, that is, the members, in some way or manner, intended to act together for their shared mutual benefit within the scope of the conspiracy charged.

Tenth Circuit Pattern Criminal Jury Instructions (No. 2.19) (2005 ed.).

Count One of the Indictment charges:

Beginning in or about 2000, and continuing until on or about January 15, 2009, within the Northern District of Oklahoma, and elsewhere, defendants **SPRINGER** and **STILLEY**, and others, both known and unknown to the Grand Jury, unlawfully and knowingly combined, conspired, confederated,

---

Internal Revenue Service, in violation of Title 18, United States Code Section 371. It is unclear what Defendants mean when they assert that the Government failed to allege person, persons or code section intended to be impeded.

and agreed together to defraud the United States by impeding, impairing, obstructing, and defeating the lawful government functions of the Internal Revenue Service, an agency of the United States, in the ascertainment, computation, assessment, and collection of revenue, that is, federal individual income taxes.

The Indictment could not more plainly state the allegation that the Defendants "combined, conspired, confederated, and agreed together to defraud the United States." Defendants' citation to inapplicable and inapposite law appears calculated only to harass and delay.

Defendants cite to no law in support of their assertion that the Court should dismiss the tax evasion charged in Counts Two, Three and Four "for failure to allege whatever it was that was false stated by Springer and how that was material and/or to whom the statement was made, as an element of those Claims."  Docket #62 at 3-4.  As Defendants are well aware, an indictment is sufficient if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double-jeopardy defense.  United States v. Redcorn, 528 F.3d 727, 733 (10th Cir. 2008); see also, United States v. Resendiz-Ponce, 549 U.S. 102, 107-08 (2007); Hamling v. United States, 418 U.S. 87, 117 (1974).

An indictment does not have to describe the government's evidence, plead evidentiary detail, or identify all the facts supporting the allegations.  Wong Tai v. United States, 273 U.S. 77, 82 (1927); Resendiz-Ponce, 549 U.S. at 108; United States v. Urban, 404 F.3d 754, 771 (3rd Cir. 2005); United States v. Brandon, 298 F.3d 307, 311 (4th Cir.

2002).  An indictment may track the statutory language, or adopt other language, as long as the indictment sets forth the essential elements of the charged offense. Hamling, 418 U.S. at 117-19 (1974).

Defendants assert that the Government "must prove Springer and Stilley entered into an agreement to violate this law," and appear to be arguing that there must be some other law that the Defendants conspired to violate.  Contrary to Defendants' apparent assertion, Title 18, United States Code Section 371 is written in the disjunctive and prohibits two distinct types of conspiracies.  United States v. Hitt, 249 F.3d 1010, 1015 (D.C. Cir. 2001); United States v. Kraig, 99 F.3d 1361, 1366 (6th Cir. 1996); United States v. Arch Trading Co., 987 F.2d 1087, 1091 (4th Cir. 1993); United States v. Helmsley, 941 F.2d 71, 90 (2d Cir. 1991).  The first part of the statute, which is generally known as the "offense clause," prohibits conspiring to commit offenses that are specifically defined in other federal statutes.  The second part of the statute, which is generally known as the "defraud clause," prohibits conspiring to defraud the United States.  United States v. Hurley, 957 F.2d 1, 3 (1st Cir. 1992); United States v. Touhey, 867 F.2d 534, 536 (9th Cir. 1989); United States v. Cure, 804 F.2d 625, 628 (11th Cir. 1986).  Defendants Springer and Stilley are appropriately charged pursuant to the second part of the statute, the defraud clause.

G.    Motion to Dismiss Grand Jury Indictment for Violations of Fourth and
      Fifth Amendment - Docket #65 and #66

Defendants' eighth motion to dismiss is without merit.  Defendants assert that the

Indictment should be dismissed "because all Six Counts were obtained by presenting

evidence illegally taken from Springer . . . and in violation of Springer's Fifth Amendment

[right] not to be compelled to be a witness against himself, by searching, taking and

utilizing Springer words taken by way of the Search Warrant from computers and other

writings."  Docket #65 at 1-2.

As previously stated in other filings, the search warrant was valid.  However, even

if Defendants were correct that the search was illegal, their argument is pointless, for

evidence obtained by an illegal search is admissible in grand jury proceedings.  In United

States v. Calandra, the Supreme Court considered whether evidence obtained by an illegal

search and seizure could be used to question a grand jury witness.  The Court held that the

exclusionary rule is inapplicable to grand jury proceedings.  414 U.S. 338, 350 (1974).

In addition to permitting grand juries to hear evidence obtained in violation of a

person's Fourth Amendment rights, courts have also permitted, in certain limited

circumstances, the use of evidence obtained in violation of Fifth Amendment rights.

United States v. Blue, 384 U.S. 251, 255 (1966) (incriminating evidence previously filed

by defendant in tax deficiency proceeding could be considered by grand jury, even

assuming that government acquired the evidence in violation of defendant's Fifth

Amendment privilege); United States v. Strouse, 286 F.3d 767, 773 (5th Cir. 2002); In re

-14-

Grand Jury Proceedings (John Roe, Inc.), 142 F.3d 1416, 1424-25 (11th Cir. 1998)
(Eleventh Circuit declined to enjoin the grand jury from considering attorney-client
privileged information, observing that it lacked power to prevent the grand jury from
considering incompetent or unconstitutionally-obtained evidence).

Defendants' motion to dismiss also appears to assert that only "'contraband' or
'instrumentality or fruit of a crime' may be seized pursuant to a search warrant. This
position is without merit. Mere evidence may be seized pursuant to a search warrant.
Warden v. Hayden, 387 U.S. 294, 302-03 (1967).

Finally, Defendants' allegations that IRS Special Agent Donna Meadors[5] made
false representations to Defendant Springer to induce him to cooperate are incorrect. From
January 26, 2004 to December 2, 2004, then Revenue Agent Meadors was conducting a
civil investigation into whether Defendant Springer was promoting an abusive tax shelter
program. With respect to Defendant Springer, at no time was Ms. Meadors "working with
Mr. Reed, the civil/criminal coordinator for the IRS out of Oklahoma City . . .." During
the investigation and prosecution of Eddy Patterson and his wife, Ms. Meadors worked as
the cooperating Revenue Agent and testified as an expert witness at the Pattersons' trial.
Ms. Meadors was not involved with a criminal investigation of either Defendant Springer
or Defendant Stilley.

---

[5]     Donna Meadors reported for training to become an IRS Special Agent on July 7,
2005. Prior to that, Ms. Meadors worked as an IRS Revenue Agent.

Defendants present no basis to dismiss for selective prosecution.  A defendant claiming selective prosecution must demonstrate "that the federal prosecutorial policy had a discriminatory effect and that it was motivated by a discriminatory purpose." United States v. Armstrong, 517 U.S. 456, 465 (1996) (internal quotation marks omitted). "Selectivity in the enforcement of criminal laws is . . . subject to constitutional constraints." United States v. Batchelder, 442 U.S. 114, 125 (1979).  Nevertheless, " 'the conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation' so long as 'the selection was (not) deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification.'" Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978), quoting Oyler v. Boles, 368 U.S. 448, 456 (1962).  "Moreover, there is a presumption that prosecution for violation of the criminal law is in good faith."  United States v. Bennett, 539 F.2d 45, 54 (10th Cir. 1976).

Contrary to the assertion contained in Defendants' Eighth Motion to Dismiss, there is no evidence of discriminatory effect and purpose.  Both Defendants are alleged to be chronic criminal tax offenders who have not filed federal income tax returns since the late 1980's.  Defendants do not allege that prosecutorial selection was based upon "race, religion, or other arbitrary classification."  Rather, Defendants allege that the Indictment was brought "to silence what Springer witnessed" and because "Bondage Breaker's Ministry [stated mission] was to 'get rid of the IRS.'" Docket #66 at 7.  Defendants' speculation notwithstanding, there is no evidence to support their claims nor their motion

-16-

to dismiss for selective prosecution. Defendants were selected for prosecution, and the grand jury indicted them, because the evidence established that each had violated the criminal tax laws.

      H.    <u>Motion to Dismiss for Fraud and Violation of the 5th Amendment - Docket #67 and 68</u>

Defendant Stilley's Motion to Dismiss for Fraud and Violation of the 5th Amendment incorrectly asserts that "Government agent Brian Shern lied to Oscar Stilley in order to obtain his testimony. Mr. Shern told Oscar Stilley that he was not under criminal investigation at the time that Oscar Stilley was subpoenaed to testify at the grand jury in 2006." Docket #68 at 1.

The government does not dispute the basic fact that "[a]t some [time] a few weeks before June 9, 2006, at 1:00 p.m., in response to inquiry from Oscar Stilley, [Special Agent] Brian Shern told Oscar Stilley that he was not then under criminal investigation . . .." Docket #67 at 1. The conversation identified by Defendant Stilley occurred on May 17, 2006, when IRS Special Agent Shern telephoned Defendant Stilley to determine whether Defendant Stilley would accept via facsimile transmission a follow-up grand jury subpoena for an appearance scheduled in June 2006 . However, IRS Special Agent Shern was not lying when he made the statement that Defendant Stilley was not under investigation, and Special Agent Shern did not make the statement "in order to get Oscar

Stilley to testify before the grand jury.[6]  No misrepresentation regarding Defendant

Stilley's status, inadvertent or otherwise, was made prior to Defendant Stilley's only

appearance before the grand jury on March 9, 2006.  The misrepresentation[7] regarding

Defendant Stilley's status occurred on May 17, 2006, more than two months after

Defendant Stilley's appearance and testimony before the grand jury.

It appears that the Department of Justice policy requiring warning grand jury

witnesses that they are targets or subjects of the investigation may have been violated

when Defendant Stilley testified before the grand jury on March 9, 2009.  While violations

of Department policies are not condoned, a defendant is not entitled to suppression of his

testimony when not advised of target status prior to testifying.  United States v. Myers, 123

F.3d 350, 355-56 (6th Cir. 1997).  Neither the Self-incrimination Clause nor the Due

Process Clause of the Fifth Amendment require the government to notify a grand jury

witness of their target status.  "Because target witness status neither enlarges nor

diminishes the constitutional protection against compelled self-incrimination,

potential-defendant warnings add nothing of value to protection of Fifth Amendment

---

[6]      Defendant Stilley, a criminal defense attorney, testified before the grand jury on March 9, 2006; his subsequent grand jury appearance was excused.  Defendant Stilley did not reappear before the grand jury after March 9, 2006.

[7]      The misrepresentation made by Special Agent Shern was innocent.  Special Agent Shern understood that the investigation was of Defendant Springer; to Special Agent Shern's knowledge, Defendant Stilley was only a witness with respect to income earned by Defendant Springer.  This misunderstanding is consistent with Internal Revenue Service and Department of Justice, Tax Division, records, which indicate that Defendant Stilley did not become a target of the investigation until January of 2007.

rights." United States v. Washington, 431 U.S. 181, 190 (1977).  See United States v.

Myers, 123 F.3d at 355-56 (Defendant, who was target of grand jury investigation, was not

entitled to suppression of his grand jury testimony based on government's failure to

provide target letter prior to his testimony).

Furthermore, even misrepresentation as to target status does not warrant dismissal

of an indictment.  United States v. Babb, 807 F.2d 272, 278-79 (1st Cir. 1986); United

States v. Short, 671 F.2d 178, 187-88 (6th Cir. 1982); United States v. Crocker, 568 F.2d

1049, 1055 (3d Cir. 1977) (abrogated on other grounds).  Instead, the remedy for these

types of violations of Departmental policy is to bring the matter to the attention of the

Office of Professional Responsibility.  United States v. Myers, 123 F.3d at 357-58; United

States v. Gillespie, 974 F.2d 796, 802 (7th Cir. 1992); United States v. Pacheco-Ortiz, 889

F.2d 301, 310-11 (1st Cir. 1989).  See also United States v. Gross, 41 F.Supp.2d 1096,

1097 (C. D. Cal. 1999).

As became apparent after the documents from the Eddy Patterson et al. prosecution

were unsealed, the Assistant U.S. Attorneys handling the investigation and prosecution of

the Pattersons considered Defendants Springer and Stilley to be under investigation as

early as May 2004.[8]  The investigation of Springer and Stilley occurred because Defendant

Stilley's former client, Eddy Patterson, represented by new counsel, informed Assistant

---

[8]     Upon learning that the investigation of Defendant Stilley predated the grand jury
appearance, the United States notified Defendant Stilley in a cover letter included with discovery
on April 29, 2009.

U.S. Attorneys Douglas Horn and Melody Nelson that both Defendants Springer and

Stilley made various representations to induce Eddy Patterson to retain them, including

telling Eddy Patterson they did not pay federal income taxes.  Prior to reviewing the

document titled Joint Sentencing Agreement, neither Assistant U.S. Attorney Kenneth

Snoke, IRS Special Agent Brian Shern, nor the undersigned, were aware that Defendant

Stilley was under investigation prior to his March 9, 2006 grand jury appearance.  Records

of both the United States Department of Justice, Tax Division, and the Internal Revenue

Service, indicated that the investigation of Defendant Stilley commenced well after

Defendant Stilley's grand jury appearance.

     These records indicate that in June of 2005, the Internal Revenue Service requested,

and the Tax Division authorized, the expansion of the Patterson grand jury investigation to

include Defendant Springer.  These records further indicate that in January of 2007, ten

months after Defendant Stilley's Marcy 9, 2006 grand jury appearance, the Internal

Revenue Service and the Tax Division expanded the ongoing grand jury investigation to

include Defendant Stilley as a target.

I.    <u>Conclusion</u>

For the foregoing reasons, each of Defendants' motions to dismiss should be

denied.

Respectfully submitted,

DAVID E. O'MEILIA
UNITED STATES ATTORNEY


 _/s/ Charles A. O'Reilly_____
CHARLES A. O'REILLY, CBA NO. 160980
Trial Attorney, Dept. of Justice
KENNETH P. SNOKE, OBA NO. 8437
Assistant United States Attorney
110 West Seventh Street, Suite 300
Tulsa, Oklahoma  74119
(918) 382-2700

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 29th day of May 2009, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Lindsey Kent Springer
Defendant

Oscar Amos Stilley
Defendant

Robert Williams
Standby Counsel assigned to Lindsey Kent Springer

Charles Robert Burton, IV
Standby Counsel assigned to Oscar Amos Stilley.


*/s/ Charles A. O'Reilly*_____
Trial Attorney, Dept. of Justice

-22-