**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

UNITED STATES OF AMERICA                                    PLAINTIFF

v.                              Case No. 09-CR-043 SPF

LINDSEY KENT SPRINGER,
OSCAR AMOS STILLEY                                          DEFENDANT

### MOTION TO SUPPRESS ALL TESTIMONY AND DOCUMENTS FROM OSCAR STILLEY TO THE GRAND JURY

Comes now **OSCAR AMOS STILLEY**[1] by limited special appearance, and not a general appearance, and moves the Court to suppress all documents and evidence obtained directly or indirectly as a result of grand jury subpoenas to Oscar Stilley, as follows:

The government claims that its false statements were simple inadvertence. The government claims that they had no knowledge that Oscar Stilley was a target until after the grand jury testimony was given. However, the government, to the knowledge of undersigned, has not disclosed any of the supposed documents indicating that the investigation was expanded to include Oscar Stilley.

---

[1]    It is presumed that the plaintiff is master of his own complaint. This complaint is styled in the name of "**UNITED STATES OF AMERICA**" as opposed to the people thereof, or any grand jury. Plaintiff, whoever that may actually be, named **OSCAR AMOS STILLEY** as a Defendant. Therefore, **OSCAR AMOS STILLEY** has appeared specially and limited, challenging jurisdiction, to defend against the charges to the extent required so to do by the law.

The government claims that the investigation of the Pattersons was expanded to include Lindsey Springer in June of 2005, and to include Oscar Stilley in January 2007.

The government should be required to turn over the documents which purport to so expand the grand jury investigation. Mr. Shern says that the misrepresentation was made on May 17, 2006, the date of the transmission of a fax subpoenaing additional information to the grand jury. The government has not turned over any memorandum of interview for that date. Presumably such a document exists, and this document, and all other memorandums concerning the issuance or enforcement of the subpoenas of Oscar Stilley, should be turned over.

The government cites *United States v. Babb*, 807 F.2d 272, 278 (1st Cir. Mass. 1986) The holding of that case is really to the effect that a lie by a prosecutor does not excuse a lie by a target. There the Court said:

> This court has also had the opportunity to consider whether prosecutorial misrepresentations regarding a grand jury witness's target status require the suppression of that witness's [**15] self-incriminating testimony. In *United States v. Winter*, 663 F.2d 1120 (1st Cir. 1981), cert. denied, 460 U.S. 1011, 75 L. Ed. 2d 479, 103 S. Ct. 1250 (1983), the witness-defendant sought to suppress incriminating statements made before the grand jury. Although these statements were not used in the government's case-in-chief against him, the witness alleged that they were obtained because he waived his privilege in reliance on the misrepresentations and that they were used to refresh other witnesses' memories and thus consequently led to his indictment. Id. at 1150-52.
>
> In *Winter*, we approached the witness's due process claim by evaluating the totality of the circumstances to determine **whether the**

**misrepresentations had actually misled the witness.** Id. at 1151. We noted that the warnings that were given more than fulfilled the constitutional requirements. **In addition, we found that the witness could not "possibly have been misled into waiving his rights" since the prosecutor had warned him that his name had been mentioned by other witnesses.** Id. at 1152. Finding no relationship between the [**16] misconduct and the harm of which the witness complained, we concluded that his due process claim was "tenuous indeed." Id.
(Emphases added)

Brian Shern's claim that his falsehood was innocent is believable only if we also believe that he cannot remember, even for a short period of time on matters that he is investigating, who is the target of his investigation. Attached hereto as Exhibit "1" is a copy of an affidavit for the search warrant for Lindsey Springer's residence. On page 13 of this document, at page 17, he says that "STILLEY has not filed a federal income tax return since before 1990." Brian Shern apparently signed this document on September 15, 2005.

Douglas Horn sought authorization for the subpoena of Oscar Stilley. See Exhibit "2." It lists Lindsey Springer as a target of the investigation. On the 5th page of this document (Subpoena 01005) Douglas Horn flatly states that "Oscar Stilley has not been contacted since he is a target of the investigation." Thus Mr. Shern's claims cannot be credible if we believe that Shern was privy to statements made by Mr. Horn in order to obtain the authorization to issue the subpoena of Oscar Stilley.

Furthermore, the bank records of Oscar Stilley, concerning any transaction exceeding $500, made after January 1, 2000, were subpoenaed from Arvest

Bank on August 2, 2004.[2]  This plainly indicates an investigation of Oscar Stilley, not merely an investigation of Lindsey Springer.

Nor can Mr. Shern plead ignorance of his duties under the law.  Mr. Shern himself filled out and signed a document as part of the subpoena of Brad Noe Autoplex that shows that CID agents routinely prepare forms that ask whether or not a target warning is needed.  Exhibit "3" pages 90-95 of Subpoenas.   See in particular page 93, which asks Brian Shern to state whether or not a target warning is needed.  On information and belief this form was filled out for Oscar Stilley too.   If not then an explanation should be forthcoming.

Brian Shern, knowing full well that a warning was required, has evaded not only the warning, but has also failed to turn over documents that would most likely incriminate him for his violation of the constitution and other laws or rules of the United States.   In Footnote 6 of *Babb*, the Court said:

> 6 We cannot overly stress this distinction between the prosecutor's misrepresentations and Babb's perjury. To be convicted for perjury, Babb's false statements must have been both knowingly made and material. 18 U.S.C. § 1623(a). Even if the prosecutor had knowingly made false statements to Babb, in this context these misrepresentations would not have been material. **If his misrepresentations had been material, then Babb's conviction would have been a product of the prosecutor's improper conduct, and we would have been willing to exercise our supervisory powers.**
> (Emphasis added)

The government in its response to the motion concerning *Commissioner v.*

---

[2]        For the government's ready reference it may review this document at Subpoena 00096.

*Duberstein*, 363 U.S. 278, 288 (1960), cites no cases.   Rather, the government contradicts the basic premise of that case by suggesting that the petit jury can decide the status of the financial transfers, the intent of the parties, the tax consequences, and criminal liability, all in one fell swoop.

One of the myriad problems with this approach is that faced by a witness. The government apparently expected Oscar Stilley, presumed to know the law including the holding of *Duberstein*,  to assume that this US Supreme Court case would be overruled by a magistrate and a District Court, and assume that Oscar Stilley therefore should have recognized that he faced peril on the claim that Oscar Stilley effectuated certain transfers at the specific request of his clients.

All this assumes that all the rules of construction, including but not limited to the rule of lenity, the established heirarchy of court decisions, and a host of other legal principles, would be unceremoniously and without notice or warning tossed out the window.  Worse yet, in order for Oscar Stilley to protect his 5th Amendment rights at the grand jury, Oscar Stilley is expected, under the government's theory, to anticipate all these changes and assume that some reasonable probability exists that he will face criminal charges as an *accomplice* under the newly minted rules offered by the government.

If this is true, then no testimony can honestly be mandated from anyone, in light of the 5th Amendment.  If the government's theories are tenable, then any witness has a rational basis of assuming that the government will summarily

change the law, even the law as stated by the US Supreme Court, and charge the witness either as principal or as accomplice under that new "law." Thus all testimony, no matter how innocuous it might seem on its face, would qualify as "incriminating" as that term is used in 5th Amendment case law.

WHEREFORE, Defendant Oscar Stilley respectfully requests that all testimony from Oscar Stilley to the grand jury, and all evidence supplied, and all fruits of the poisonous tree, be suppressed; that the government be ordered to turn over all undisclosed documentation concerning the commencement of a criminal investigation of Oscar Stilley; be and for all such other and further relief as may be appropriate whether or not specifically prayed.

Respectfully submitted,

By:____ /s/ Oscar Stilley_____
Oscar Stilley, Attorney at Law
7103 Race Track Loop
Fort Smith, AR 72916
479-996-4109
479-996-3409 Fax
oscar@oscarstilley.com

### CERTIFICATE OF SERVICE

I, Oscar Stilley, by my signature above certify that I have this June 1, 2009, caused the Plaintiff to be served with a copy of this pleading by CM/ECF to: Kenneth P. Snoke, United States Attorney's Office, 110 W 7th Street, Suite 300, Tulsa , OK 74119-1013, ken.snoke@usdoj.gov; Charles A O'Reilly, US Dept of Justice, PO Box 972, Washington , DC 20044, email charles.a.o'reilly@usdoj.gov . Also by email to Lindsey K. Springer at Gnutella@mindspring.com .