IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.   09-CR-043-SPF |
| | ) |
| LINDSEY KENT SPRINGER, | ) |
| OSCAR AMOS STILLEY, | ) |
| | ) |
| Defendants. | ) |

**UNITED STATES' RESPONSE IN OPPOSITION
TO MOTION FOR BILL OF PARTICULARS**

The United States of America, by and through its attorneys, Thomas Scott Woodward, Acting United States Attorney for the Northern District of Oklahoma, and Kenneth P. Snoke, Assistant United States Attorney, and Charles A. O'Reilly, Special Assistant U.S. Attorney, hereby opposes Defendants' Motions For Bill of Particulars. Defendant Springer's Motion for Bill of Particulars (which Defendant Stilley incorporates "as if set forth word for word . . ."), covers three areas of inquiry. The first requests "this Court issue an order directing the United States to identify each provision of law encompassing the phrase 'required by law' alleged in the Grand Jury Indictment in each Count." The second request "seeks the provisions of law that direct the 'functions' alleged to have been the object of the conspiracy alleged in Count One." The third area of inquiry asks for the "identification of the 'law' the Grand Jury alleges was the 'object' of the conspiracy to violate and to which the first element in section 371 was to accomplish." Doc. 82 p.1.

The Government hereby incorporates Section D of the Consolidated Response to Defendants' Pretrial Motions (Doc. 42) as if fully set forth herein. Defendants cite no case law in support of their Motion for Bill of Particulars. As noted previously in the Government's Consolidated Response, the function of a bill of particulars is very limited as to both scope and purpose. The motion for a bill of particulars is addressed to the sound discretion of the trial court, and the trial court's ruling thereon will not be disturbed in the absence of an abuse of that discretion. *Wong Tai v. United States*, 273 U.S. 77 (1927); *United States v. Ivy*, 83 F.3d 1266, 1281 (10th Cir. 1996); *United States v. Kunzman*, 54 F.3d 1522, 1526 (10th Cir. 1995); *United States v. Barbieri*, 614 F.2d 715, 719 (10th Cir. 1980).

A bill of particulars is only appropriate in a limited number of cases where a defendant has not been adequately informed of the nature of the charges against him, thus barring him from making a reasonable defense and from protecting himself against a second prosecution for the same basic offense. In cases where the defendant has been apprised of the basic nature of the case against him prior to trial, however, a bill of particulars should not be granted. *United States v. Ivy*, *supra*, at 1281, *quoting United States v. Levine,* 983 F.2d 165, 166-67 (10th Cir. 1992); *United States v. Barbieri, supra*; *United States v. Addonizio*, 451 F.2d 49, 58-60 (3rd Cir. 1972).

It is definitely not the function or purpose of a bill of particulars to compel the government to disclose, in advance of trial, the evidence by which it will attempt to prove the charges alleged in the indictment. *United States v. Ivy, supra; United States v. Levine, supra; United States v. Barbieri, supra*. The charges in the indictment are clear.

In ruling against the granting of a bill of particulars, the Chief Judge Frank succinctly stated:

> Surprise and prejudice are claimed in the judge's denial of motions for bills of particulars. The indictment, however, was sufficiently specific to apprise defendants of the nature of the charge against them and to permit them to prepare to adequately for trial. The defendants in the various questions were, in effect, making an effort to obtain from the government a statement of its evidence . . . . [T]hat practice is not required by the Federal Rules of Criminal Procedure. Rule 7(f) . . . .

*United States v. Lebron,* 222 F.2d 531, 535-36 (2d Cir. 1955).

The Defendants have been very adequately informed of the nature of the charges against them so that they can prepare an intelligent defense, and also guard against any subsequent prosecution for the same acts.

The Indictment in this case, coupled with discovery, provides the Defendants with a plethora of information detailing the precise nature of the charges against them. *See United States v. Ivy, supra; United States v. Sturmoski*, 971 F.2d 452 (10th Cir. 1992); *United States v. Barbieri, supra*. As noted by the Court in the hearing held April 22, 2009, the Indictment "is impressively informative." Transcript of hearing dated April 22, 2009, p. 99.

The Defendants are charged in this case with conspiring to defraud the Internal Revenue Service and with tax evasion with respect to Defendant Springer's federal income taxes for the years 2000, 2003 and 2005. Defendant Springer is also charged with willfully failing to file his 2002 and 2004 federal income tax returns. Defendant Stilley practiced as a criminal defense attorney for more than a decade, until being suspended from practice by the Supreme Court of Arkansas in 2007. Defendant Springer has assisted in the defense of numerous criminal tax cases during the past decade. It is inconceivable that either would need a bill of particulars to understand what is requested in Defendant Springer's motion. For example, it is clear that Defendants understand the phrases "required by law," "functions," and "computation,

ascertainment, assessment and collection."

As with Defendants' earlier Motions for Bill of Particulars (Doc 8 and 33), Defendants' requests are improper. *See Depew v. United States*, 50 F.Supp.2d 1009, 1014 (D. Colo. 1999). As the district court judge stated recently in *United States v. McCumber*, 2009WL700618 (D.Kan. March 17, 2009) (citations omitted):

> The purpose of a bill of particulars is to inform the defendant of the charges against him with sufficient precision to allow him to prepare his defense. A bill of particulars is not necessary if the indictment sets forth the elements of the offense charged and sufficiently apprised the defendant of the charges' against him. A bill of particulars is not a discovery device to obtain the government's evidence; instead, it is a device used to obtain the theory of the government's case where the indictment is too vague. Furthermore, where the government has provided discovery in abundance, defendants cannot assert that a bill of particulars is necessary because review of the documents would be copious or burdensome to conduct.

Based on the foregoing, the Defendants' Motion for Bill of Particulars should be denied.

Respectfully submitted,

THOMAS SCOTT WOODWARD
ACTING UNITED STATES ATTORNEY


 /s/ Charles A. O'Reilly
CHARLES A. O'REILLY, CBA NO. 160980
Special Assistant U.S. Attorney
KENNETH P. SNOKE, OBA NO. 8437
Assistant United States Attorney
110 West Seventh Street, Suite 300
Tulsa, Oklahoma  74119
(918) 382-2700

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 1st day of July 2009, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Lindsey Kent Springer
Defendant

Oscar Amos Stilley
Defendant

Robert Williams
Standby Counsel assigned to Lindsey Kent Springer

Charles Robert Burton, IV
Standby Counsel assigned to Oscar Amos Stilley.

                                                */s/ Charles A. O'Reilly*
                                                Trial Attorney, Dept. of Justice