UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

**FILED**

JUL 1 2009

Phil Lombardi, Clerk
U.S. DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 09-CR-43-SPF |
| v. ) | |
| ) | |
| LINDSEY KENT SPRINGER, ) | |
| OSCAR AMOS STILLEY ) | |
| ) | |
| Defendant. ) | |

## EDDY PATTERSON'S MOTION TO QUASH SUBPOENA

EDDY LYNN PATTERSON, by and through his previously appointed counsel, Stephen J. Knorr, respectfully files this motion to quash a subpoena served on him on behalf of Lindsey Springer seeking Mr. Patterson's attendance at a hearing in this matter on July 2, 2009, at 9:00 a.m. and the production of certain. In support, Mr. Patterson states as follows:

1.      Undersigned counsel was retained by Mr. Patterson and his wife shortly after his conviction in December of 2003 to represent him for sentencing purposes and for a possible appeal. Oscar Stilley had represented Mr. Patterson during the trial of U.S. v. Patterson, 03-CR-55-CVE, and Lindsey Springer provided additional counsel to Mr. Patterson. As a result of post-trial negotiations, Mr. Patterson was sentenced on September 1, 2004, pursuant to a sealed agreement requiring his cooperation in certain on-going investigations involving Stilley and Springer.

1

2. On June 5th, 2006, as a result of Mr. Patterson's inability to afford undersigned counsel on a retained basis, a motion for appointment of counsel was filed in Mr. Patterson's case (Docket # 225) and was granted the next day by court order (Docket # 226).

3. Mr. Patterson was subsequently re-sentenced by this court pursuant to Fed.R.Crim.P. 35 and has since been released from the custody of the Bureau of Prisons and is under the supervision of the U.S. Probation Office.

4. An indictment was returned in the Northern District of Oklahoma against Mr. Stilley and Mr. Springer in March of 2009, and Mr. Patterson is expected to be a witness for the government during the trial of that matter as a condition of his post-trial agreement

5. On June 25th, 2009, Mr. Patterson was served a subpoena on behalf of Mr. Springer to appear at a hearing on a pre-trial motion (on a *Franks* issue) in the Stilley-Springer case for Thursday, July 1st at 9:00 and was asked to bring a number of documents with him, including but not limited to tax returns, the agreement reached with the government, restitution paid in his case, indicia of attorney-client privilege waiver with respect to Mr. Stilley, and correspondence regarding the termination of Mr. Stilley as Mr. Patterson's attorney. Mr. Patterson's wife and co-defendant in his criminal case, Judith Patterson, also has received a subpoena..

6. Upon receipt of the subpoena, Mr. Patterson contacted undersigned counsel for legal advice on the subpoena, especially some of the documents that have been requested, and has requested that undersigned counsel continue to represent him during the cooperation

phase of his post-trial agreement with the government which includes as a by-product any testimony required by subpoena by another party. Chief Judge Claire V. Egan re-appointed undersigned counsel on June 30th, 2009. to continue to represent Mr. Patterson in his continuing capacity as a cooperating defendant.

7. The subpoena that was issued on behalf of Springer calls for Mr. Patterson's testimony as well as certain documents. It is Mr. Patterson's understanding that the hearing on July 2, 2009, is on a *Franks* motion regarding a search warrant executed at Springer's residence. The search warrant affidavit apparently refers to statements made by Mr. Patterson to agents during a Rule 11 meeting held in 2004. Mr. Patterson's testimony would be of no value in such a hearing since the Franks focus is on whether the agent's statements in the affidavit were deliberately false or made in reckless disregard of the truth. That issue would involve the testimony of the agents as to their knowledge and not whether Mr. Patterson was truthful during that interview. Mr. Patterson believes that the subpoena is an attempt to intimidate him given his status as a witness in the case for the government.

8. The documents requested in the subpoena also are not relevant to the hearing and /or are already in the possession of Springer. See Government's Motion to Quash Subpoena (Docket # 94).

(a) Springer has listed all contracts and cancelled checks establishing when undersigned counsel was retained. Such documents are not relevant to the hearing. Springer also included attorney William Widell in that request but Mr. Patterson never hired Mr.

Widell, a fact that Springer knows because Mr. Widell was local counsel for Judith Patterson and was hired by Jerold Berringer, an attorney from Illinois.

(b) Also requested is proof of the waiver of the attorney-client privilege regarding Stilley's representation of Mr. Patterson. This has been included in the materials given to Springer and is in the memo of interview of Mr. Patterson dated May 6, 2004. In the first paragraph, Mr. Patterson unequivocally waived the privilege, one held by the client, not by the attorney. These documents are not relevant to the matter being litigated in court.

(c) Springer has requested all promises made to Mr. Patterson regarding his sentence reduction, including any deals regarding his wife. All such documents have been turned over to Springer by the government. See Government Motion to Quash. The subpoena also asks for records of the same for Widell who has never represented Mr. Patterson.

(d) Copies of any requests made by Mr. Patterson to Jerold Barringer for a six month period where Mr. Patterson requested the return of a retainer from 2000 also is included in the subpoena. Any such documents also have no relevance to the July 2 hearing.

(e) Springer has requested copies of tax return from 1993 to 2008 filed by Mr. Patterson. This request is interesting in that Springer sought to act as a tax counselor for Mr. Patterson in the years leading up to his 2003 trial. Such

4

documents are not relevant to the issues raised in the *Franks* motion.

(f)  The final request is for any documents which show how much fine or restitution Mr. Patterson has paid since his conviction and sentencing. Again, such documents, if they exist, are not relevant to the inquiry before this Court.

9.  Mr. Patterson incorporates by reference all arguments made by the United States in its filing seeking to quash this and other subpoenas. Docket No. 94.

10. Mr. Patterson will appear at the hearing as required by the subpoena and bring with him whatever documents he might have in his possession.

11. A proposed order has been submitted to the Clerk's office per local rules.

Mr. Patterson respectfully requests that this Court quash the subpoena compelling Mr. Patterson's attendance and the production of the documents sought in the subpoena.

Respectfully submitted,

_____
Stephen J. Knorr
Attorney at Law
OBA Number 19393
4815 S. Harvard, Suite 523
Tulsa, OK   74135
918-742-1280

Attorney for Eddy Lynn Patterson

**CERTIFICATE OF SERVICE**

I certify that this had been transmitted to the following parties and attorneys by other means than CM/ECF per the directions of the District Court Clerk's office.

Charles Robert Burton, IV
Charles Anthony O'Reilly
Kenneth Snoke
Oscar Amos Stilley
Robert Scott Williams
Lindsey Kent Springer

_____
Stephen J. Knorr