# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.      09-CR-043-SPF |
| | ) | |
| LINDSEY KENT SPRINGER, | ) | |
| OSCAR AMOS STILLEY, | ) | |
| | ) | |
| Defendants. | ) | |

## UNITED STATES' PROPOSED JURY INSTRUCTIONS

The United States of America, by and through its attorneys, Thomas Scott Woodward,

Acting United States Attorney for the Northern District of Oklahoma, and Kenneth P. Snoke,

Assistant United States Attorney, and Charles A. O'Reilly, Special Assistant, United States

Attorney, hereby submits the attached jury instructions and verdict forms for the Court's

consideration.  The United States requests that it be allowed to propose such additional jury

instructions as may be necessary based upon developments during the trial of this case.

Respectfully submitted,

THOMAS SCOTT WOODWARD
ACTING UNITED STATES ATTORNEY

  /s Charles A. O'Reilly
CHARLES A. O'REILLY, CBA No. 160980
Special Assistant U.S. Attorney
KENNETH P. SNOKE, OBA No. 8437
Assistant United States Attorney
110 West Seventh Street, Suite 300
Tulsa, Oklahoma  74119
(918) 382-2700

# INDEX/JURY INSTRUCTIONS

Opening - Preliminary Instructions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4

Introduction to Final Instructions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   9

Duty to Follow Instructions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   10

Presumption of Innocence - Burden of Proof - Reasonable Doubt . . . . . . . . . . . . . . . . . . . .   11

Evidence - Defined . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   12

Evidence - Direct/Circumstantial . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   13

Credibility of Witnesses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   14

Summaries and Charts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   16

Stipulations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   17

Consider Only the Offenses Charged . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   18

Counts are Separate Crimes . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   19

Multiple Defendants . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   20

Date of Offense . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   21

Proof of Intent . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   22

Knowingly - Defined . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   23

Willfully - Defined . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   24

Count One: The Statute Defining the Offense . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   25

Count One: Nature of the Offense . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   26

Count One: Elements of the Offense . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   27

Unanimity of Theory . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   28

Counts Two through Four: The Statute Defining the Offense . . . . . . . . . . . . . . . . . . . . . . . . 32

Count Two: Nature of the Offense . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

Count Two: Elements of the Offense . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

Counts Three and Four: Nature of the Offense . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

Counts Three and Four: Elements of the Offense . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

Counts Five and Six: The Statute Defining the Offense . . . . . . . . . . . . . . . . . . . . . . . . . . 37

Counts Five and Six:  Nature of the Offense . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 40

Counts Five and Six: Elements of the Offense . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41

Aid and Abet: The Statute Defining the Offense . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 42

Aid and Abet:  Nature of the Offense . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 43

Aid and Abet:  Elements of the Offense . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 44

Closing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 45

Verdict Forms . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 47

## UNITED STATES' REQUESTED INSTRUCTION NO. ___

## PRELIMINARY INSTRUCTION

Members of the Jury:

At the end of the trial, I will give you detailed guidance on the law and how you will go about reaching your decision. But now I simply want to generally explain how the trial will proceed and to give you some guidance as to the elements of the crimes charged. These preliminary instructions are given for guidance only, in order to provide you with a context within which to place the evidence as it is admitted at trial. Your deliberations will in all respects be governed by the final instructions given after all of the evidence has been presented. In the event of any discrepancy between the two sets of instructions, the final jury instructions supercede this preliminary instruction.

This criminal case has been brought by the United States government. I will sometimes refer to the government as the prosecution. The government is represented by Assistant United States attorneys Kenneth Snoke and Charles O'Reilly. The defendants, Lindsey K. Springer and Oscar A. Stilley, have decided to represent themselves and not use the services of a lawyer. They have a perfect right to do this. Their decisions have no bearing on whether they are guilty or not guilty, and this should have no effect on your consideration of the case.

The indictment charges the defendants with conspiring to defraud the United States by impeding and impairing the Internal Revenue Service in the ascertainment, assessment and collection of federal income taxes and with attempting to evade individual income taxes owed by Defendant Springer. The indictment also charges Defendant Springer with willfully failing to file federal income tax returns. The elements of the conspiracy charged in Count One of the

4

Indictment are that the defendant agreed to defraud the United States, and that an overt act was committed in furtherance of the conspiracy. The elements of the tax evasion charged in Counts Two, Three and Four of the Indictment are a tax deficiency, an affirmative act committed that furthered the tax evasion and willfulness. The elements of willfully failing to file a tax return as charged in Counts Five and Six of the Indictment are that the defendant earned sufficient income to trigger the filing requirement, the defendant failed to timely file a tax return and willfulness. Willfulness, as used with respect to tax evasion and willful failure to file, means the intentional violation of a known legal duty.

The indictment is simply the description of the charges made by the government against the defendants; it is not evidence of guilt or anything else. Each defendant has pleaded not guilty and is presumed innocent. A defendant may not be found guilty by you unless all twelve of you unanimously find the government has proved the defendant's guilt beyond a reasonable doubt. There are two defendants in this case and you will have to give separate consideration to the case against each defendant as each is entitled to individual consideration.

The first step in the trial will be the opening statements. The government in its opening statement will tell you about the evidence it intends to put before you. Just as the indictment is not evidence, neither is the opening statement. Its purpose is only to help you understand what the evidence will be. It is a road map to show you what is ahead.

After the government's opening statement, the defendant may make an opening statement.

Evidence will be presented from which you will have to determine the facts. The evidence will consist of the testimony of witnesses, documents and other things received into the

record as exhibits, and any facts about which the government and the defendants agree or as to which they stipulate.

The government will offer its evidence. After the government's evidence, the defendants may present evidence, but they are not required to do so. I remind you that the defendant is presumed innocent and it is the government that must prove the defendant's guilt beyond a reasonable doubt. If the defendant submits evidence, the government may introduce rebuttal evidence.

At times during the trial, the government or the defendant may make an objection to a question asked or to an answer given by a witness. This simply means that the party objecting is requesting that I make a decision on a particular rule of law. Do not draw any conclusion from such objections or from my rulings on objections. If I sustain an objection to a question, the witness may not answer it. Do not attempt to guess what the answer might have been given if I had allowed the answer. If I overrule the objection, treat the answer as any other. If I tell you not to consider a particular statement, you may not refer to the statement in your later deliberations. Similarly, if I tell you to consider a particular piece of evidence for a specific purpose, you may consider it only for that purpose.

During the course of the trial, I may have to interrupt the proceedings to confer with the parties about the rules of law that should apply. Sometimes we will talk briefly at the bench. But some of these conferences may take more time, so I will excuse you from the courtroom. I will try to avoid such interruptions whenever possible, but please be patient even if the trial seems to be moving slowly because conferences often actually save time in the end.

You are to consider all the evidence received in this trial. It will be up to you to decide

what evidence to believe and how much of any witness's testimony to accept or reject.

After you have heard all the evidence on both sides, the government and the defense will each be given time for their final arguments.

During the course of the trial I may ask a question of a witness.  If I do, that does not indicate I have any opinion about the facts in the case but am only trying to bring out facts that you may consider.

During the course of the trial, you should not talk with any witness, or with a defendant, or any of the lawyers at all.  In addition, during the course of the trial, you should not talk about the trial with anyone else.  Also, you should not discuss this case among yourselves until I have instructed you on the law and you have gone to the jury room to make your decision at the end of the trial.  It is important that you wait until all the evidence is received and you have heard my instructions on the controlling rules of law before you deliberate among yourselves.  Let me add that during the course of the trial you will receive all the evidence you properly may consider to decide the case.  Because of this, you should not attempt to gather any information on your own that you think might be helpful.  Do not engage in any outside reading on this case, do not attempt to visit any places mentioned in the case, and do not in any other way try to learn about the case outside the courtroom.

The court reporter is making stenographic notes of everything that is said.  This is basically to assist any appeals.  However, a typewritten copy of the testimony will not be available for you during deliberations.  On the other hand, any exhibits that have been admitted into evidence will be available to you during your deliberations.

Now that the trial has begun you must not hear or read about it in the media.  The reason

for this is that your decision in this case must be made solely on the evidence presented at the trial.

With that introduction, Mr. _____, you may present the opening statement for the government.

10th Circuit Pattern Jury Instructions 1.01 (2005) (modified).

## UNITED STATES' REQUESTED INSTRUCTION NO. ___

## INTRODUCTION TO FINAL INSTRUCTIONS

Members of the Jury:

In any jury trial there are, in effect, two judges.  I am one of the judges; you are the other.  I am the judge of the law.  You, as jurors, are the judges of the facts.   I presided over the trial and decided what evidence was proper for your consideration.  It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

In explaining the rules of law that you must follow, first, I will give you some general instructions which apply in every criminal case--for example, instructions about burden of proof and insights that may help you to judge the believability of witnesses.  Then I will give you some specific rules of law that apply to this particular case and, finally, I will explain the procedures you should follow in your deliberations, and the possible verdicts you may return.  These instructions will be given to you for use in the jury room, so you need not take notes.

10th Circuit Pattern Jury Instructions 1.03 (2005).

## UNITED STATES' REQUESTED INSTRUCTION NO. ___

## DUTY TO FOLLOW INSTRUCTIONS

You, as jurors, are the judges of the facts.  But in determining what actually happened  – that is, in reaching your decision as to the facts  –  it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you.  You must not substitute or follow your own notion or opinion as to what the law is or ought to be.  It is your duty to apply the law as I explain it to you, regardless of the consequences.  However, you should not read into these instructions, or anything else I may have said or done, any suggestion as to what your verdict should be.  That is entirely up to you.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy.  That was the promise you made and the oath you took.

10th Circuit Pattern Jury Instructions 1.04 (2005).

**UNITED STATES' REQUESTED INSTRUCTION NO. ___**

**PRESUMPTION OF INNOCENCE -**

**BURDEN OF PROOF - REASONABLE DOUBT**

The government has the burden of proving a defendant guilty beyond a reasonable doubt. The law does not require a defendant to prove his innocence or produce any evidence at all. The government has the burden of proving a defendant guilty beyond a reasonable doubt, and if it fails to do so you must find that defendant not guilty.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. There are few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning a defendant's guilt. A reasonable doubt is a doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case. If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him guilty. If, on the other hand, you think there is a reals possibility that he is not guilty, then you must give him the benefit of the doubt and find him not guilty.

10th Circuit Pattern Jury Instructions 1.05 (2005).

## UNITED STATES' REQUESTED INSTRUCTION NO. ___

### EVIDENCE - DEFINED

You must make your decision based only on the evidence that you saw and heard here in court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, the stipulations that the lawyers agreed to, and the facts that I have judicially noticed.

Nothing else is evidence.  The Indictment is not evidence.  The lawyers' statements and arguments are not evidence.  Their questions and objections are not evidence.  My legal rulings are not evidence.  And my comments and questions are not evidence.

During the trial, I did not let you hear the answers to some of the questions that the lawyers asked.  I also ruled that you could not see some of the exhibits that the lawyers wanted you to see.  And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record.  You must completely ignore all of these things.  Do not even think about them.  Do not speculate about what a witness might have said or what an exhibit might have shown.  These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

10th Circuit Pattern Jury Instructions 1.06 (2005).

12

## UNITED STATES' REQUESTED INSTRUCTION NO. ___

## EVIDENCE - DIRECT/CIRCUMSTANTIAL

There are, generally speaking, two types of evidence from which a jury may properly determine the facts of a case.  One is direct evidence, such as the testimony of an eyewitness. The other is indirect or circumstantial evidence, that is, the proof of a chain of facts which point to the existence or non-existence of certain other facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence.  The law simply requires that you find the facts in accord with all the evidence in the case, both direct and circumstantial.

While you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits, inferences you feel are justified in the light of common experience.  An inference is a conclusion that reason and common sense may lead you to draw from facts which have been proved.  In contrast, a presumption is a conclusion which the law requires you to make from particular facts, unless there is convincing evidence to the contrary.

By permitting such reasonable inferences, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in this case.

10th Circuit Pattern Jury Instructions 1.07 (2005).

13

**UNITED STATES' REQUESTED INSTRUCTION NO. ___**

**CREDIBILITY OF WITNESSES**

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses [including the defendant] who testified in this case. You should think about the testimony of each witness you have heard and decide whether you believe all or any part of what each witness had to say, and how important that testimony was. In making that decision, I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome in this case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he/she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? When weighing the conflicting testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail. And you should keep in mind that innocent misrecollection - like failure of recollection - is not uncommon.

In weighing the testimony of the witnesses, you have a right to consider their appearance and manner while testifying, their means of knowledge, apparent intelligence or ignorance,

interest or want of interest in the outcome of the case, and all other facts and circumstances appearing in the trial which will aid you in arriving at the truth.

[The testimony of the defendant should be weighed and his credibility evaluated in the same way as that of any other witness.]

[The defendant did not testify and I remind you that you cannot consider his decision not to testify as evidence of guilt.  I want you to clearly understand, please, that the Constitution of the United States grants to a defendant the right to remain silent.  That means the right not to testify or call any witnesses.  That is a constitutional right in this country, it is very carefully guarded, and you should understand that no presumption of guilt may be raised and no inference of any kind may be drawn from the fact that a defendant does not take the witness stand and testify or call any witnesses.]

In reaching a conclusion on a particular point, or ultimately in reaching a verdict in this case, do not make any decisions simply because there were more witnesses on one side than on the other.

10th Circuit Pattern Jury Instructions 1.08 (2005).

15

## UNITED STATES' REQUESTED INSTRUCTION NO. ___

## SUMMARIES AND CHARTS

[Not admitted] Certain charts and summaries have been shown to you to help explain the evidence in this case.  Their only purpose is to help explain the evidence.  These charts and summaries are not evidence or proof of any facts.

[Admitted] Certain charts or summaries have been admitted into evidence and have been shown to you during the trial for the purpose of explaining facts that are allegedly contained in books, records, or other documents which are also in evidence in the case.  You may consider these admitted charts and summaries as you would any other evidence admitted during the trial and give them such weight or importance, if any, as you feel they deserve.

10th Circuit Pattern Jury Instructions 1.41 (2005); O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 14.02 (5th Edition 2000) (modified).

**UNITED STATES' REQUESTED INSTRUCTION NO. \_\_\_**

**STIPULATIONS**

The government and the defendant have stipulated - that is, they have agreed - that certain facts are as stated.  You must therefore treat those facts as having been proven.

Eight Circuit Model Jury Instructions: Criminal §§ 2.02 and 2.03 (2003) (modified).

## UNITED STATES' REQUESTED INSTRUCTION NO. ___

## CONSIDER ONLY THE OFFENSES CHARGED

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crime charged.  The defendant is not on trial for any act, conduct, or crime not charged in the indictment.  It is not up to you to decide whether anyone who is not on trial in this case should be prosecuted for the crime charged.  The fact that another person also may be guilty is no defense to a criminal charge.  The question of the possible guilt of others should not enter your thinking as you decide whether this defendant has been proved guilty of the crime charged.

10th Circuit Pattern Jury Instructions 1.19 (2005).

18

## UNITED STATES' REQUESTED INSTRUCTION NO. ___

## COUNTS ARE SEPARATE CRIMES

You are advised that a separate crime is charged by each count contained in the Indictment.  Each crime charged, and any evidence pertaining to it, should be considered separately.  The fact that you may find one defendant guilty or not guilty of one of the counts in the Indictment should not control your verdict as to any other crime charged against that defendant or against the other defendant.

O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, § 12.12 (5th Edition 2000) (modified).

**UNITED STATES' REQUESTED INSTRUCTION NO. ___**

**MULTIPLE DEFENDANTS**

A separate crime is charged against one or more of the defendants in each count of the indictment.  You must separately consider the evidence against each defendant on each count and return a separate verdict for each defendant.  Your verdict as to any one defendant or count, whether it is guilty or not guilty, should not influence your verdict as to any other defendants or counts.

10th Circuit Pattern Jury Instructions 1.22 (2005).

**UNITED STATES' REQUESTED INSTRUCTION NO. ___**

**DATE OF OFFENSE**

The indictment charges that the offenses were committed "on or about" a certain date.

The government must prove beyond a reasonable doubt that the defendant committed the crime

reasonably near the date charged.

10th Circuit Pattern Jury Instructions 1.18 (2005) (modified).

**UNITED STATES' REQUESTED INSTRUCTION NO. \_\_\_**

**PROOF OF INTENT**

The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind.  In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or acts done or omitted by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent.

The government is not required to prove a defendant's state of mind with direct evidence. The government may prove a defendant's intent with circumstantial evidence alone.

You may infer, but you are certainly not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. It is entirely up to you, however, to decide what facts to find from the evidence received during the trial.

Eight Circuit Model Jury Instructions: Criminal § 7.05 (2003); Devitt & Blackmar, Federal Jury Practice and Instructions, § 14.13 (3d ed. 1977) (modified).

**UNITED STATES' REQUESTED INSTRUCTION NO. ___**

**KNOWINGLY - DEFINED**

When the word ''knowingly'' is used in these instructions, it means that the act was done

voluntarily and intentionally, and not because of mistake or accident.

10th Circuit Pattern Jury Instructions 1.37 (2005) (modified).

**UNITED STATES' REQUESTED INSTRUCTION NO. ___**

**WILLFULLY - DEFINED**

For purposes of these instructions, an act is done "willfully" if it is done voluntarily and

intentionally, and if it is done with the purpose of violating a known legal duty.

*Cheek v. United States*, 498 U.S. 192 (1991).

24

**UNITED STATES' REQUESTED INSTRUCTION NO. ___**

**COUNT ONE: THE STATUTE DEFINING THE OFFENSE**

Section 371 of Title 18 of the United States Code provides, in pertinent part, that: "if two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy..." then each such person shall be guilty of an offense against the United States.

18 U.S.C. § 371.

**UNITED STATES' REQUESTED INSTRUCTION NO. \_\_\_**

**COUNT ONE:  NATURE OF THE OFFENSE**

Defendants Springer and Stilley are charged in Count One with a violation of Title 18, United States Code Section 371.  This law makes it a crime to conspire to either commit an offense against, or to defraud, the United States.

The Indictment charges that beginning in or about 2000, and continuing until on or about January 15, 2009, within the Northern District of Oklahoma, and elsewhere, Defendants Springer and Stilley, and others, unlawfully and knowingly combined, conspired, confederated, and agreed together to defraud the United States by impeding, impairing, obstructing, and defeating the lawful government functions of the Internal Revenue Service, an agency of the United States, in the ascertainment, computation, assessment, and collection of revenue, that is, federal individual income taxes.

**UNITED STATES' REQUESTED INSTRUCTION NO. ___**

**COUNT ONE: ELEMENTS OF THE OFFENSE**

To find Defendants Springer and Stilley guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

> *First*: there was an agreement to defraud the United States or to commit violations of federal law;
>
> *Second*: one of the conspirators committed an overt act in furtherance of the conspiracy's object; and
>
> *Third*: each defendant willfully joined the conspiracy.

A conspiracy or agreement to violate the law, like any other kind of agreement or understanding, need not be formal, written, or even expressed directly in every detail.  To prove the existence of a conspiracy or an illegal agreement, the government is not required to produce a written contract between the parties or even produce evidence of an express oral agreement spelling out all of the details of the understanding.

The term "overt act" means some type of outward, objective action performed by one of the parties to or one of the members of the agreement or conspiracy which evidences that agreement.  Although you must unanimously agree that the same overt act was committed, the government is not required to prove more than one of the overt acts charged.  The overt act may, but for the alleged illegal agreement, appear totally innocent and legal.

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, §§ 31.04, 31.07  (5th Edition 2000) (modified).

## UNITED STATES' REQUESTED INSTRUCTION NO. ___

## UNANIMITY OF THEORY

Your verdict must be unanimous.  Count One of the indictment accuses each defendant of conspiracy to defraud the United States and committing the following overt acts in furtherance of that conspiracy:

- On or about September 16, 2005, Defendant Springer told Internal Revenue Service employees that all funds he receives are gifts and donations, that he does not have any income, and that he does not provide any services for payment.

- On or about January 20, 2006, Defendant Stilley stated to Internal Revenue Service employees that people give money to Defendant Springer for his ministry, and expect no services in return.

- On or about March 9, 2006, Defendant Stilley provided the Grand Jury with a document titled "RESPONSE TO SUBPOENA" stating that "Lindsey Springer does not charge for his services," and purporting to list "any money paid, given, transferred, or provided to Lindsey Springer for any purpose."

- On or about June 24, 2003, Defendant Stilley caused to be deposited a check for $112,500 into his IOLTA account.

- On or about June 30, 2003, Defendant Stilley caused to written a check for $14,359 from his IOLTA account to Defendant Springer.

- On or about July 21, 2003, Defendant Stilley caused to be written a check for $35,000 from his IOLTA account to Defendant Springer.

- On or about July 31, 2003, Defendant Stilley, using funds from his IOLTA

account, purchased a $37,000 cashier's check for Defendant Springer.

- On or about July 31, 2003, Defendant Springer used the $37,000 cashier's check to purchase a Chevrolet Corvette.

- On or about November 6, 2003, Defendant Stilley caused $375,059.90 to be transmitted to his IOLTA account.

- On or about November 7, 2003, Defendant Stilley caused three cashier's checks payable to Defendant Springer in the amount of $20,000 each to be issued from his IOLTA account.

- On or about November 7, 2003, Defendant Stilley purchased $18,000 in money orders for Defendant Springer using funds from his IOLTA account.

- On or about August 8, 2005, Defendant Springer sent an email to a third person containing the account number, routing number, and name of Defendant Stilley's IOLTA account.

- On or about August 11, 2005, Defendants Springer and Stilley caused $192,000 to be transmitted to Defendant Stilley's IOLTA account for Defendant Springer.

- On or about August 15, 2005, Defendant Stilley caused $166,000 to be transmitted from his IOLTA account for the purchase of a motor home titled in the name of Defendant Springer and his wife.

- On or about August 18, 2005, Defendants Springer and Stilley caused $58,000 to be transmitted to Defendant Stilley's IOLTA account for Defendant Springer.

- On or about August 26, 2005, Defendant Stilley caused $5,560 to be transmitted from his IOLTA account to Oklahoma Truck and Trailer Sales for the purchase of

a trailer titled in the name of Defendant Springer.

- On or about September 1, 2005, Defendant Stilley caused $25,813 to be transmitted from his IOLTA account to Lexus of Tulsa for the purchase of a Lexus title din the name of Defendant Springer and his wife.

- On or about September 19, 2005, Defendant Stilley purchased two $10,000 cashier's checks payable to Defendant Springer with funds from Defendant Stilley's IOLTA account.

- On or about November 29, 2005, Defendant Stilley purchased a $9,000 cashier's check payable to Defendant Springer with funds from Defendant Stilley's IOLTA account.

- On or about December 9, 2005, Defendant Springer caused $50,000 he earned from the sale of a motor home to be transmitted to Defendant Stilley's IOLTA account.

- On or about May 2, 2006, Defendant Stilley caused to be written a $1,993.56 check from his IOLTA account to Defendant Springer.

- On or about July 25, 2006, Defendant Stilley caused to be deposited a $175,000 check in his IOLTA account.

- On or about August 3, 2006, Defendant Stilley caused to be written a $25,000 check from his IOLTA account to Bondage Breakers Ministry.

- On or about January 15, 2009, Defendant Springer represented that he earned no income and that the money he received was given "without any expectation for anything from anybody."

The government does not have to prove all of these different acts for you to return a guilty verdict on count.

But in order to return a guilty verdict, all twelve of you must agree upon which of the acts listed above, if any, a defendant committed and that the defendant committed at least one of the acts listed.

10th Circuit Pattern Jury Instructions 1.24 (2005) (modified).

**UNITED STATES' REQUESTED INSTRUCTION NO. ___**

**COUNTS TWO THROUGH FOUR: THE STATUTE DEFINING THE OFFENSE**

Section 7201 of Title 26 of the United States Code provides, in pertinent part, that: "any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof..." shall be guilty of tax evasion.

26 U.S.C. § 7201.

## UNITED STATES' REQUESTED INSTRUCTION NO. ___

## COUNT TWO: NATURE OF THE OFFENSE

Defendant Springer is charged in Count Two with a violation of Title 26, United States Code Section 7201.  This law makes it a crime for anyone willfully to attempt to evade or defeat the payment of federal income tax.

The Indictment charges that from on or about January 1, 2000 and continuing to on or about January 15, 2009, within the Northern District of Oklahoma and elsewhere, Defendant Springer had and received taxable income, and upon that taxable income there was a substantial income tax due and owing.  Well knowing and believing the foregoing facts, Defendant Springer did willfully attempt to evade and defeat the individual income taxes due and owing by him to the United States of America for the calendar year 2000, by failing to file a United States Individual Income Tax Return as required by law, and by committing various affirmative acts of evasion.

**UNITED STATES' REQUESTED INSTRUCTION NO. ___**

**COUNT TWO: ELEMENTS OF THE OFFENSE**

To find Defendant Springer guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

> *First*: the defendant owed substantial income tax in addition to the tax liability which he reported on his 2000 income tax return;
>
> *Second*: the defendant intended to evade and defeat payment of that additional tax;
>
> *Third*: the defendant committed an affirmative act in furtherance of this intent; and
>
> *Fourth*: the defendant acted willfully, that is, with the voluntary intent to violate a known legal duty.

To ''evade and defeat'' the payment of tax means to escape paying a tax due other than by lawful avoidance.  The indictment alleges a specific amount of tax due for each calendar year charged.  The proof, however, need not show the exact amount of the additional tax due.  The government is required only to prove, beyond a reasonable doubt, that the additional tax due was substantial.

An "affirmative act" to evade tax is a positive act of commission designed to mislead or conceal.  In the present case, the affirmative acts alleged in the Indictment are: receiving income in a fictitious name; directing individuals to write "donation" or "gift" on checks that were payment for services; directing individuals to pay for services by cashier's check; using a check-cashing business to cash checks; using money orders, cash, and other means to avoid creating the usual records of financial transactions and to conceal his income; making false statements to

34

agents and employees of the Internal Revenue Service; and, otherwise concealing and attempting

to conceal from all proper officers of the United States of America his true and correct income.

10th Circuit Pattern Jury Instructions 2.92 (modified); *United States v. Meek*, 998 F.2d 776, 779 (10th Cir. 1993).

## UNITED STATES' REQUESTED INSTRUCTION NO. ___

## COUNTS THREE AND FOUR: NATURE OF THE OFFENSE

Defendants Springer and Stilley are charged in Counts Three and Four with violations of Title 26, United States Code Section 7201.  This law makes it a crime for anyone willfully to attempt to evade or defeat the payment of federal income tax.

In Count Three, the Indictment charges that from on or about January 1, 2003 and continuing to on or about January 15, 2009, within the Northern District of oklahoma and elsewhere, Defendant Springer had and received taxable income, and upon that taxable income there was a substantial income tax due and owing.  Well knowing and believing the foregoing facts, Defendants Springer and Stilley did willfully attempt to evade and defeat the individual income taxes due and owing by Defendant Springer to the United States of America for the calendar year 2003, by failing to file a United States Individual Income Tax Return as required by law and by committing various affirmative acts of evasion.

In Count Four, the Indictment charges that from on or about January 1, 2005 and continuing to on or about January 15, 2009, within the Northern District of oklahoma and elsewhere, Defendant Springer had and received taxable income, and upon that taxable income there was a substantial income tax due and owing.  Well knowing and believing the foregoing facts, Defendants Springer and Stilley did willfully attempt to evade and defeat the individual income taxes due and owing by Defendant Springer to the United States of America for the calendar year 2005, by failing to file a United States Individual Income Tax Return as required by law and by committing various affirmative acts of evasion.

**UNITED STATES' REQUESTED INSTRUCTION NO. ___**

**COUNTS THREE AND FOUR: ELEMENTS OF THE OFFENSE**

To find the defendants guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

> *First*: Springer owed substantial income tax in addition to the tax liability which he reported on his 2003 (Count Three) and 2005 (Count Four) income tax returns;
>
> *Second*: each defendant intended to evade and defeat payment of that additional tax;
>
> *Third*: each defendant committed affirmative acts in furtherance of this intent; and
>
> *Fourth*: each defendant acted willfully, that is, with the voluntary intent to violate a known legal duty.

To ''evade and defeat'' the payment of tax means to escape paying a tax due other than by lawful avoidance. The indictment alleges a specific amount of tax due for each calendar year charged. The proof, however, need not show the exact amount of the additional tax due. The government is required only to prove, beyond a reasonable doubt, that the additional tax due was substantial.

An "affirmative act" to evade tax is a positive act of commission designed to mislead or conceal. In the present case, the affirmative acts alleged in the Indictment are: directing individuals to make checks payable to Bondage Breakers ministry; accepting collectible coins as payment for services; using Defendant Stilley's IOLTA account; using Defendant Stilley's credit card to pay Defendant Springer's personal expenses; using a check-cashing business to cash checks; using money orders, cash, and other means to avoid creating the usual records of

financial transactions and to conceal his income; making false statements to agents and

employees of the Internal Revenue Service; and, otherwise concealing and attempting to conceal

from all proper officers of the United States of America Defendant Springer's true and correct

income.

10th Circuit Pattern Jury Instructions 2.92 (modified); *United States v. Meek*, 998 F.2d 776, 779
(10th Cir. 1993).

**UNITED STATES' REQUESTED INSTRUCTION NO. \_\_\_**

**COUNTS FIVE AND SIX: THE STATUTE DEFINING THE OFFENSE**

Section 7203 of Title 26 of the United States Code provides, in pertinent part, that "any person required under this title to pay any estimated tax or tax, or required by this title or by regulations made under authority thereof to make a return, keep any records, or supply any information, who willfully fails to pay such estimated tax or tax, make such return, keep such records, or supply such information, at the time or times required by law or regulations, shall..." be guilty of failure to file.

26 U.S.C. § 7203.

## UNITED STATES' REQUESTED INSTRUCTION NO. ___

## COUNTS FIVE AND SIX: NATURE OF THE OFFENSE

Defendant Springer is charged in Counts Five and Six with violations of Title 26, United States Code Section 7203.  This law makes it a crime for anyone to willfully fail to make and file an income tax return.

In Count Five, the Indictment charges that during the calendar year 2002, Defendant Springer had and received gross income in excess of $7,700.  By reason of such gross income, he was required by law, following the close of the calendar year 2002 and on or before April 15, 2003 to make an income tax return to the Internal Revenue Service stating specifically the items of his gross income and any deductions and credits to which he was entitled.  Well knowing and believing all of the foregoing, Defendant Springer did willfully fail, on or about April 15, 2003, in the Northern District of Oklahoma and elsewhere, to make and file an income tax return.

In Count Six, the Indictment charges that during the calendar year 2004, Defendant Springer had and received gross income in excess of $15,900.  By reason of such gross income, he was required by law, following the close of the calendar year 2004 and on or before April 15, 2005 to make an income tax return to the Internal Revenue Service stating specifically the items of his gross income and any deductions and credits to which he was entitled.  Well knowing and believing all of the foregoing, Defendant Springer did willfully fail, on or about April 15, 2005, in the Northern District of Oklahoma and elsewhere, to make and file an income tax return.

**UNITED STATES' REQUESTED INSTRUCTION NO. ___**

**COUNTS FIVE AND SIX: ELEMENTS OF THE OFFENSE**

To find Defendant Springer guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

> *First*: the defendant was required by law or regulation to file a tax return concerning his income for the taxable years ending December 31, 2002 (Count Five) and December 31, 2004 (Count Six);
>
> *Second*: the defendant failed to file such a return at the time required by law; and
>
> *Third*: in failing to file the tax return, the defendant acted willfully.

For the crime of willful failure to file a tax return, the government is not required to show that a tax is due and owing from the defendant. Nor is the government required to prove an intent to evade or defeat any taxes.

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, §§ 67.11, 67.12 (5th edition 2000).

41

**UNITED STATES' REQUESTED INSTRUCTION NO. ___**

**AID AND ABET: THE STATUTE DEFINING THE OFFENSE**

Section 2(a) of Title 18 of the United States Code, provides that: "Whoever commits an offense against the United States, or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."

.

18 U.S.C. § 2.

## UNITED STATES' REQUESTED INSTRUCTION NO. ___

## AID AND ABET: NATURE OF THE OFFENSE

Counts Three and Four of the Indictment also charge Defendants Springer and Stilley with violations of 18 U.S.C. § 2.  This law makes it a crime to intentionally help someone else commit a crime.

The Indictment charges in Count Three that Defendants Springer and Stilley committed, and aided and abetted the commission of, the following affirmative acts of evasion: using Defendant Stilley's IOLTA account; using Defendant Stilley's credit card to pay Defendant Springer's personal expenses; using cashier's checks, money orders, cash and other means to avoid usual records and to conceal income;  making false statements to agents and employees of the Internal Revenue Service; and otherwise concealing and attempting to conceal from all proper officers of the United States of America Defendant Springer's true and correct income.

The Indictment charges in Count Four that Defendants Springer and Stilley committed, and aided and abetted the commission of, the following affirmative acts of evasion: using Defendant Stilley's IOLTA account; using Defendant Stilley's credit card to pay Defendant Springer's personal expenses; using cashier's checks, money orders, cash and other means to avoid usual records and to conceal income;  making false statements to agents and employees of the Internal Revenue Service; and otherwise concealing and attempting to conceal from all proper officers of the United States of America Defendant Springer's true and correct income.

## UNITED STATES' REQUESTED INSTRUCTION NO. ___

## AID AND ABET: ELEMENTS OF THE OFFENSE

To find the defendants guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

> *First*: someone else committed the charged crime, and
>
> *Second*: each defendant intentionally associated themselves in some way with the crime and intentionally participated in it as they would in something they wished to bring about. This means that the government must prove that each defendant consciously shared the other person's knowledge of the underlying criminal act and intended to help the other.

So, if the acts or conduct of an agent, employee or other associate of the defendant are willfully directed or authorized by the defendant, or if the defendant aids and abets another person by willfully joining together with that person in the commission of a crime, then the law holds the defendant responsible for the conduct of that other person just as though the defendant had personally engaged in such conduct.

Each defendant, however, need not perform the underlying criminal act, be present when it is performed, or be aware of the details of its commission to be guilty of aiding and abetting. But a general suspicion that an unlawful act may occur or that something criminal is happening is not enough.  Mere presence at the scene of a crime and knowledge that a crime is being committed are also not sufficient to establish aiding and abetting.

10th Circuit Pattern Jury Instructions 2.06 (2005); Eleventh Circuit Pattern Jury Instructions: Criminal (Offense) § 7 (2003).

44

## UNITED STATES' REQUESTED INSTRUCTION NO. ___

## CLOSING

In a moment the bailiff will escort you to the jury room and provide each of you with a copy of the instructions that I have just read. Any exhibits admitted into evidence will also be placed in the jury room for your review.

When you go to the jury room, you should first select a foreperson, who will help to guide your deliberations and will speak for you here in the courtroom. [The second thing you should do is review the instructions. Not only will your deliberations be more productive if you understand the legal principles upon which your verdict must be based, but for your verdict to be valid, you must follow the instructions throughout your deliberations. Remember, you are the judges of the facts, but you are bound by your oath to follow the law stated in the instructions.]

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the indictment. Your deliberations will be secret. You will never have to explain your verdict to anyone.

You must consult with one another and deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts. You must decide whether the government has proved the defendant guilty beyond a reasonable doubt. A form of verdict

has been prepared for your convenience.

If you want to communicate with me at any time during your deliberations, please write down your message or question and give it to [the marshal] [the bailiff] [my law clerk], who will bring it to my attention.  I will respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally.  I caution you, however, that with any message or question you might send, you should not tell me any details of your deliberations or indicate how many of you are voting in a particular way on any issue.

Let me remind you again that nothing I have said in these instructions, nor anything I have said or done during the trial and sentencing proceedings, was meant to suggest to you what I think your decision should be.  That is your exclusive responsibility.

10th Circuit Criminal Pattern Jury Instructions 1.23 & 1.43 (2005) (modified).

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.09-CR-043-SPF** |
| | ) | |
| **LINDSEY KENT SPRINGER,** | ) | |
| **OSCAR AMOS STILLEY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## VERDICT

We, the jury, being duly sworn and upon our oaths, find the defendant Lindsey K. Springer:

With respect to Count 1 -

Not Guilty _____          Guilty _____

      If you find Defendant Springer guilty as charged in Count 1, please identify by paragraph number as indicated in the Indictment which overt act or acts that you unanimously agreed upon:

_____

_____

With respect to Count 2 -

Not Guilty _____          Guilty _____

With respect to Count 3 -

Not Guilty _____          Guilty _____


With respect to Count 4 -

Not Guilty _____          Guilty _____


With respect to Count 5 -

Not Guilty _____          Guilty _____


With respect to Count 6 -

Not Guilty _____          Guilty _____

We, the jury, being duly sworn and upon our oaths, find the defendant Oscar A. Stilley:

With respect to Count 1 -

Not Guilty _____          Guilty _____

     If you find Defendant Stilley guilty as charged in Count 1, please identify by paragraph number as indicated in the Indictment which overt act or acts that you unanimously agreed upon:

_____

_____

With respect to Count 3 -

Not Guilty _____          Guilty _____

With respect to Count 4 -

Not Guilty _____          Guilty _____

_____          _____
DATE                                                  FOREPERSON

49

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 3rd day of August 2009, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Lindsey Kent Springer
*Pro se* Defendant

Oscar Amos Stilley
*Pro se* Defendant

Robert Williams
Standby Counsel assigned to Lindsey Kent Springer

Charles Robert Burton, IV
Standby Counsel assigned to Oscar Amos Stilley.


  /s Charles A. O'Reilly
CHARLES A. O'REILLY, CBA No. 160980
Special Assistant U.S. Attorney