IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA                                                        PLAINTIFF

v.                              Case No. 09-CR-043 SPF

LINDSEY KENT SPRINGER,
OSCAR AMOS STILLEY                                              DEFENDANT

## BRIEF IN SUPPORT OF MOTION TO DISMISS CONSPIRACY COUNT

Comes now **OSCAR AMOS STILLEY**[1] by limited special appearance, and not a general appearance, and for his brief in support of motion to dismiss Count 1, the conspiracy count, states:

Indictments aren't particularly hard to draft, generally speaking. They must charge every element of one crime in one count, and then move on. Duplicity[2] and multiplicity[3] are both forbidden, for good reasons that benefit the Defendant in the protection of constitutional rights.

---

[1] It is presumed that the plaintiff is master of his own complaint. This complaint is styled in the name of "**UNITED STATES OF AMERICA**" as opposed to the people thereof, or any grand jury. Plaintiff, whoever that may actually be, named **OSCAR AMOS STILLEY** as a Defendant. Therefore, **OSCAR AMOS STILLEY** has appeared specially and limited, challenging jurisdiction, to defend against the charges to the extent required so to do by the law.

[2] Charging more than one crime in a single count. *U.S. v. Haber*, 251 F.3d 881, 888 (10th Cir. 2001).

[3] Charging the same offense in multiple counts of the complaint. *United States v. johnson*, 130 F.3d 1420, 1434 (10th Cir. 1997)

It is clear from the "Use Note" of 10th Cir. Pattern Criminal Jury Instruction 2.19 that conspiracy to commit a particular substantive offense requires at least the degree of criminal intent necessary to commit the underlying offense. The drafters of the jury instructions cite to *United States v. Feola*, 420 US 671, 686 (1975).

In *United States v. Bedford*, 536 F.3d 1148, 1155 (10th Cir. Colo. 2008) the Court said:

> On appeal, Defendant argues the district court failed to instruct the jury on the elements of the underlying substantive crimes. Because Defendant did not raise this objection before the district court, we review this claim for plain error. See *Willis*, 476 F.3d at 1127. HN9"[T]he essence of any conspiracy is the agreement or confederation to commit a crime." *United States v. Robertson*, 473 F.3d 1289, 1292 (10th Cir. 2007) (alteration in original) (internal quotation marks omitted). **Our precedent requires the prosecution in a conspiracy [**12] case to prove the degree of criminal intent necessary for a conviction on the underlying substantive offense of the conspiracy.** See *United States v. Feola*, 420 U.S. 671, 688, 95 S. Ct. 1255, 43 L. Ed. 2d 541 (1975). Thus, a district court must instruct the jury about this criminal intent requirement for the underlying offense. n6 See *Ingram v. United States*, 360 U.S. 672, 678, 79 S. Ct. 1314, 3 L. Ed. 2d 1503, 1959-2 C.B. 334 (1959), *United States v. Robertson*, 473 F.3d 1289, 1292-93 (10th Cir. 2007).
> (Emphases added)

By successfully arguing to this Court that there were no underlying statutes in Count 1 which might require disclosure in a bill of particulars, the government is estopped to now say that there are underlying statutes. Even if there were underlying statutes, they weren't alleged in the indictment. The 5th Amendment forbids trial for any crime except on indictment or presentment by a grand jury.

There is no such thing as a federal common law crime. *United States v. Canon*, 1991 U.S. App. LEXIS 19439 (10th Cir. Aug. 16, 1991, citing to *United States v. Hudson & Goodwin*, 7 Cranch 32 (1812). The fact was settled shortly after the adoption of the constitution and seems not to have been formally questioned to any significant degree. There are a smattering of cases since that time declaring that such a beastie cannot exist. See e.g. *United States v. Bloom*, 149 F.3d 649, 654 (7th Cir. Ill. 1998). The paucity of caselaw is doubtless the result of the limited number of cases where the issue is placed squarely before a court.

This Court asked the parties to supply jury instructions, including a preliminary instruction to guide the jury in receiving evidence.

Oscar Stilley faces one conspiracy count and two tax evasion counts, under a theory of accomplice liability, which require some sort of preliminary instruction. However, there is no rational way to provide such a jury instruction, which saves the conspiracy count while simultaneously respecting the established law of the circuit. It just can't be done.

The Tenth Circuit says that the object of a conspiracy must be to "violate the law." The law must be a statute, there are no common law crimes. Thus the objective of the conspiracy must be to violate some written statutory law.

The next instruction, 2.20, makes it clear that it is possible to have multiple conspiracies, and that proof and finding of one conspiracy is not good enough for a conviction unless the proven conspiracy is also the charged conspiracy.

How are the defendants to plead conviction or acquittal based on this indictment?  Should we argue that an acquittal on this conspiracy charge bars indictment for conspiring to violate any US law?  If not why not?

If so can we not deduce that the indictment necessarily fails to charge a specific conspiracy?  Why else would the government concede that a conspiracy charge forecloses every other possible conspiracy charge, or every possible tax conspiracy charge, or any class of conspiracies whatsoever?

Without knowing the statute, how can we know what specific statute was involved?  This cannot be left for decision later, the 5th Amendment and the caselaw require specific notice of the charges before arraignment.

In *U.S. v. Earls*, 42 F.3d 1321 (10th Cir. 1994)the Court said:

> [40] "[I]t is generally accepted procedure to use `and' in an indictment where a statute uses the word `or' . . . [because] [t]his assures that defendants are not convicted on information not considered by the grand jury." *United States v. Daily*, 921 F.2d 994, 1001 (10th Cir. 1990), cert. denied, 502 U.S. 952, 112 S.Ct. 405, 116 L.Ed.2d 354 (1991). Moreover, it is "entirely proper" for the district court to instruct the jury in the disjunctive, though the indictment is worded in the conjunctive. *United States v. Hager*, 969 F.2d 883, 890 (10th Cir.), cert. denied, ___ U.S. ___, 113 S.Ct. 437, 121 L.Ed.2d 357 (1992). As a result, the indictment was not broadened.

The government actually did not use the disjunctive form.   Multiplying "impair, impede, obstruct, or defeat" by "ascertainment, computation, assessment or collection" gives one 4 times 4 ways to lose, which equals 16 different wrongs the jury might independently find, even if the other 15 were rejected out of hand.  Such would amount to asking this Court to instruct the jury

that there are 16 different ways that the Defendants could have committed this crime, none of which violated any statute.

The government uses the conjunctive. Undersigned objects to any other form, and objects to any argument using the disjunctive.

Defendant furthermore objects to count 1 for other reasons as well. The government by its jury instructions entitled "Nature of the offense" makes it plain that its complaint is directed against defeating the "lawful government functions" of the Internal Revenue Service. "Lawful" functions are those fixed by statute. There are no common law functions of the IRS.

The government now proposes jury instructions which allow a conviction under a "defraud" theory, which indirectly implicates some statute. Alternatively the government relies upon a theory openly requiring a violation of federal law. If the statutory theory is raised at all, it must necessarily be raised with respect to some undisclosed statute.

The "defraud clause" is in reality nothing more than an escape hatch for the government to obfuscate and conceal the fact that the government alleges the violation of a statute never disclosed. The government wishes to make up its statutory theory as it goes along. The government evaded disclosure on the front end, and now pursues its Kafkaesque goals as if nothing ever happened.

What if the jury finds agreement, and a solitary act, which constitute the

elements of the charge for both the conspiracy charge and the tax evasion charge?  Both appear to be indirect counts, in that they suggest that Oscar Stilley assisted someone else in the commission of an offense.  What keeps the jury from plugging 7201 in as the statute and using the very same conduct to convict Oscar Stilley of Count 1 and Count 3 or 4, or perhaps even all three?  The verdict form calls for a determination of the overt act for the conspiracy, but there is no mechanism suggested whereby the verdict on the tax evasion charge would supply similar information.   Even if it did, such would not change the fact that the indictment as written allows the jury to convict Oscar Stilley of at least two and possibly three counts based upon one single act of assistance to Lindsey Springer.   Thus a single act could expose Oscar Stilley to at least 10 and possibly 15 years of incarceration.

Oscar Stilley recognizes and acknowledges that his conspiracy instruction is essentially a directed verdict on the charge.   There is no statute alleged, so it is impossible for the government to provide the proof required by the instruction.  The instruction is legally correct and approved by the 10th Circuit.  Therefore, this Court should dismiss count 1 for the defects recounted in this supporting brief as well as the underlying motion.

WHEREFORE, Defendant Oscar Stilley respectfully requests that the Court dismiss count 1 with prejudice; be and for all such other and further relief as may be appropriate whether or not specifically prayed.

Respectfully submitted,

By: /s/ Oscar Stilley
Oscar Stilley
7103 Race Track Loop
Fort Smith, AR 72916
(479) 996-4109
(866) 673-0176 fax
oscar@oscarstilley.com

**CERTIFICATE OF SERVICE**

I, Oscar Stilley, by my signature above certify that I have this August 3, 2009, caused the Plaintiff to be served with a copy of this pleading by CM/ECF to: Kenneth P. Snoke, United States Attorney's Office, 110 W 7th Street, Suite 300, Tulsa , OK 74119-1013, ken.snoke@usdoj.gov; Charles A O'Reilly, US Dept of Justice, PO Box 972, Washington , DC 20044, email charles.a.o'reilly@usdoj.gov . Also by email to Lindsey K. Springer at Gnutella@mindspring.com .