IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.   09-CR-043-SPF |
| | ) |
| LINDSEY KENT SPRINGER, | ) |
| OSCAR AMOS STILLEY, | ) |
| | ) |
| Defendants. | ) |

**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT SPRINGER'S
SECOND [THIRD] MOTION FOR BILL OF PARTICULARS**[1]

The United States of America, by and through its attorneys, Thomas Scott Woodward, Acting United States Attorney for the Northern District of Oklahoma, Kenneth P. Snoke, Assistant United States Attorney, and Charles A. O'Reilly, Special Assistant United States Attorney, hereby responds in opposition to Defendant Springer's Second [Third] Motion for Bill of Particulars. Defendant Springer's requests in this motion for a bill of particulars are untimely and inappropriate.

As articulated in the Government's previous responses (United States' Consolidated Response to Defendants' Pretrial Motions and United States' Response in Opposition to Motion

---

[1] "Lindsey Kent Springer's Second Motion for Bill of Particulars" is a misnomer. This filing constitutes Defendant Springer's third motion for a bill of particulars (doc. no. 8, 82 and 105).

for Bill of Particulars, doc. no. 42 Section D and doc. no. 97), the function of a bill of particulars is limited as to both scope and purpose. A bill of particulars is limited to those instances where a defendant has not been adequately informed of the nature of the charges against him, thus barring him from making a reasonable defense and from protecting himself against a second prosecution for the same basic offense. In cases where the defendant has been apprised of the basic nature of the case against him prior to trial, as in the instant case, a bill of particulars should not be granted. *United States v. Ivy*, 83 F.3d 1266, 1281 (10th Cir. 1996), *quoting United States v. Levine,* 983 F.2d 165, 166-67 (10th Cir. 1992); *United States v. Barbieri*, 614 F.2d 715, 719 (10th Cir. 1980); *United States v. Addonizio*, 451 F.2d 49, 58-60 (3rd Cir. 1972). The trial court's ruling on a motion for a bill of particulars will not be disturbed in the absence of an abuse of discretion. *Wong Tai v. United States*, 273 U.S. 77 (1927); *United States v. Ivy*, *supra*; *United States v. Kunzman*, 54 F.3d 1522, 1526 (10th Cir. 1995); *United States v. Barbieri*, *supra*.

     This Indictment adequately informs the defendants of the nature of the charges against them, thus enabling them to make a reasonable defense and protecting each against a second prosecution for the same basic offense. On July 1, 2009, the Court granted, in part, Defendants' motion for bill of particulars, and ordered the Government to address the phrase "required by law" as stated in Counts 2, 3, 5 and 6 of the Indictment. The United States filed a Bill of Particulars pursuant to the Court's order on July 14, 2009 (doc. no. 104).

     "A bill of particulars is not a discovery device to obtain the government's evidence; instead, it is a device used to obtain the theory of the government's case where the indictment is too vague." *United States v. McCumber*, 2009WL700618 (D.Kan. March 17, 2009) (citations omitted). The instant Indictment is not too vague; to the contrary, it "is impressively

informative." Transcript of hearing dated April 22, 2009, p. 99. Defendant Springer's third motion for bill of particulars seeks information that is similar to that which the Court previously rejected following Defendants' motions for bill of particulars dated March 18, 2009 and April 10, 2009 (doc. no. 8 and 33). Defendant Springer also seeks information that has already been provided pursuant to previous pleadings and discovery (*i.e.*, "4. Please identify the specific 'place' the 'failure to file' a 'return' was completed by Lindsey Kent Springer for each of the years alleged in the Grand Jury Indictment where the failing to file a return is alleged as part of the theory of crime?" (doc. no. 105 at 8)). Finally, Defendant Springer's third motion for a bill of particulars is untimely. Pursuant to the Court's order dated April 22, 2009, motions for bill of particulars were due June 15, 2009 (doc. no. 43).

    Defendant Springer's persistent refusal to acknowledge that the law requires individuals who earn income to file federal income tax returns and pay federal income taxes does not warrant a bill of particulars. The United States respectfully requests that the Court deny Defendant Springer's third motion for a bill of particulars.

Respectfully submitted,

THOMAS SCOTT WOODWARD
ACTING UNITED STATES ATTORNEY

 /s/ Charles A. O'Reilly
CHARLES A. O'REILLY, CBA NO. 160980
Special Assistant U.S. Attorney
KENNETH P. SNOKE, OBA NO. 8437
Assistant United States Attorney
110 West Seventh Street, Suite 300
Tulsa, Oklahoma  74119
(918) 382-2700

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 6th day of August 2009, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Lindsey Kent Springer
Defendant

Oscar Amos Stilley
Defendant

Robert Williams
Standby Counsel assigned to Lindsey Kent Springer

Charles Robert Burton, IV
Standby Counsel assigned to Oscar Amos Stilley.

                                                */s/ Charles A. O'Reilly*
                                                Special Assistant U.S. Attorney