IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA

        Plaintiff,

                         Case No. 09-CR-043-SPF

v.

LINDSEY KENT SPRINGER,
OSCAR AMOS STILLEY

        Defendants.

MOTION TO RECONSIDER

      Lindsey Kent Springer ("Springer") moves the Court to reconsider its decision and order dated August 4, 2009 Denying Springer's Motion for Continuance filed timely on August 3, 2009, and the order dated August 6, 2009 Denying Springer's Motion for Leave to File 2 Days out of time Springer's proposed jury instructions, including the imbedded order "striking" Springer's entire Motion for Leave pursuant to Fed.R.Cr.Pr.45, and in consideration both good cause and excusable neglect standards[1] find that both Good Cause and Excusable Neglect have been met.

---

[1] The 10th Circuit found "Good cause" when the government explained that it needed to wait until "it received the sentencing transcript before it could determine whether or not the plea agreement had been breached. This [the 10th Circuit explained] sufficiently explains any delay." U.S. v. Young, 05-3238 (10th Cir. 11-28-2006) Indeed, this Court has even found "good cause" when it allowed the July 9, 2009 minute sheet to be changed to July 2, 2009 for the Frank's hearing where the case agent in this case was merely going on "vacation."

1

BACKGROUND

The case to which this Court is assigned is a criminal case where certain constitutional rights are at issue between the Grand Jury charges and Springer. Trial is scheduled to begin October 26, 2009.     On April 22, 2009, this Court issued a "minute sheet" which contained certain rulings and certain time lines or a schedule regarding certain pre trial issues.  In this sheet the Court denied Springer's Bill of Particulars "without prejudice."   See Doc. 43, pg. 1   Docket 43 also contained a schedule that set a Frank's Hearing for July 9, 2009, and proposed jury instructions on August 3, 2009, with objections due on proposed jury instructions by August 17, 2009.   At the request of the Government this Court reset the Franks Hearing and Suppression Hearing for July 2, 2009.  See Doc. 48 and 49.[2]

On July 2, 2009, this Court ordered the Government to provide a Bill of Particulars to Springer involving the meaning intended by the Grand Jury on the phrase "required by law."    This Court in an exchange with the Government granted the request of Springer by enquiring to the Government as to how the Court would be drafting the "jury instructions" and instructing "the jury." See Doc. 100

---

[2]The date change from July 9, 2009 to July 2, 2009, shows the scrupulous compliance designation the Court gives the Government overlooks "good cause" for the Government meant "for a vacation" while Springer needing the meaning of "required by law" and due process the Court suggests both Springer's Motions did not contain "any semblance of a showing of "good cause."

On July 8, 2009, this Court amended its "minute sheet" and directed both Oscar Stilley and Lindsey Kent Springer to include in the proposed jury instructions any "affirmative defense" instructions.  See Doc. 102

On July 14, 2009, the Government filed a "Bill of Particulars" purportedly answering this Court's question as to how it would instruct the jury on Springer's liability among other issues.  See Doc. 104

On July 30, 2009, Springer moved the Court for another or "second"[3] Bill of Particulars due to the fact the Government did not satisfy the meaning of the phrase "required by law" in their long list of code sections they cited to in the Bill of Particulars.  See Doc. 105.[4]

On August 3, 2009, when Springer was attempting to complete the proposed jury instructions ordered April 22, 2009, as amended July 8, 2009, and as amended July 14, 2009 by the Government slapping the words "Bill of Particulars" to an

---

[3]The Government correctly points out in its opposition to having not identified a single code section that places the "liability" of any tax imposed with Springer that the "second" is actually the "third" because of the original Bill of Particulars was filed before this Court was assigned by Chief Judge Eagan that this Court on April 22, 2009 then and there denied without prejudice.

[4]This Court should take notice that 4 days before proposed jury instructions were due, as amended, Springer brought to the Court's attention by Motion the defect in the Government's Bill of Particulars.   Springer was faced with either moving the Court to direct the Government to comply with the Court's order or asking for another Bill of Particulars narrowing the issue to liability which was ignored by the Government's Bill of Particulars.   Instead of providing a simple answer to the issue of liability the Government has chose to oppose the second Bill of Particulars without even attempting to defend their "Bill of Particulars."

3

electronic entry, Springer recognized that he was not able to present a complete set of proposed jury instructions to this Court without knowing the theory of liability intentionally absent form the Bill of Particulars.[5]   Springer timely moved[6] for an 10 day continuance informing the Court of two reasons why he needed the 10 days:

> Many of the proposed instructions applicable to Springer are mentioned in comments by the 10th Circuit Pattern Instructions but no accompanying instruction. This has caused Springer to look through many judicial decisions by the 10th Circuit and Supreme Court to structure the instructions consistent with current federal law. And finally, the continuance would allow for this Court to direct compliance with Springer's Second Motion for Bill of Particulars which is absolutely necessary to understand the liability and deficiency elements considering the scant instructions the 10th Circuit has endorsed.

See Doc. 106

In its order denying Springer's request the Court simply said:

> Defendant Springer's "Motion for 10 Day Continuance" (doc. no. 106) requests a ten-day extension of the date on which proposed jury instructions are due. The motion is **DENIED**. The schedule (including the deadline for any objections to the government's proposed jury instructions) remains in place.

See Doc. 111

There was no finding by the Court that Springer had not shown good cause.

---

[5]The very same question this Court raised on July 2, 2009 with the Government in the wake of granting a Bill of Particulars involving the phrase "required by law."

[6]In its order of August 6, 2009, this Court began by saying "Mr. Springer has filed a second motion for leave to file proposed jury instructions out of time." This is not proper construction of Doc. 106. The first Motion for 10 Day Continuance was filed on August 3, 2009, and not out of time. Nor was it a motion for leave to file out of time. It was styled a Motion for Continuance.

On August 5, 2009, the next day, Springer files Motion for Leave to file out of time his proposed jury instructions, proposed affirmative defenses, reserving his right to amend them based upon events prospectively in nature.  See Doc. 113

On August 6, 2009, this Court denied Springer relief requested in Doc. 113 by saying:

> Mr. Springer has filed a **second motion** for leave to file proposed jury instructions out of time. (Doc. no. 113, filed August 5, 2009.) The court has already denied leave to <u>Mr. Springer to file his jury instructions late</u>. (Order, doc. no. 111.) Mr. Springer has known the due date for his requested jury instructions since April 22, 2009. See doc. no. 43, p. 2 (April 22, 2009). See also, doc. no. 102 (July 8, 2009). **Neither his first motion (doc. no. 106) nor his second motion (doc no. 113) contains any semblance of a showing of "good cause,"** Rule 45(b)(1), Fed.R.Crim.P., or (**as to the second motion, filed after the due date) "excusable neglect**," Rule 45(b)(1)(B), Fed.R.Crim.P. Aside from the failure of the motions to make the required showing, the court notes that, with respect to simultaneous filing requirements (such as that set forth in the schedule put in place in this case **fifteen weeks ago**), basic fairness to the litigants in our adversary system requires that the court **not lightly excuse one party** from a simultaneous filing deadline when the opposing party **has scrupulously complied** with the deadline. Moreover, if this complex case is to be prepared for trial and tried on the basis of the schedule upon which all parties (and the court) have relied, it is essential that all parties and the court comply with the established deadlines in the absence of a highly persuasive showing – not made here – that relief from the schedule is warranted. (Mr. Springer may rest assured that the court's stringent approach applies equally to the government and to the defendants. Any requests from the government for scheduling relief will be held to the same standard.)

See Doc. 117

Springer is uncertain what this Court intends by striking a Motion for Leave or

Denying Springer the right to propose jury instructions 81 days before trial.[7]  What defenses has Springer reserved for trial with the Court striking his Motion for Leave or Denying Springer's Motion for Continuance?

This Motion to Reconsider follows.

1.      **This Court is holding Springer to a standard no litigant or Defense Counsel has ever been held to before today reported in any criminal case whatsoever and should set aside its previous orders and direct Springer's proposed jury instructions to be filed and not stricken.**

Springer is mindful of the Court's rulings but if it means Springer is not being allowed any defenses with instructions for same then Springer must claim the Court's position taken with its minute sheet violates Springer's Fifth and Sixth Amendment Rights.  The Court does not cite to any case ever which supports its construction of its minute sheet especially in light of all the time Springer has spent searching for the meaning "required by law" the Grand Jury alleged but that the Government refuses to identify.

Springer is certain this Court is aware of the record to be made regarding proposed jury instructions.  The 10th Circuit said we "review de novo whether the jury instructions given were adequate, but review for an abuse of discretion the denial of [particular] defense instructions. . . ." United States v. Al-Rekabi 454 F.3d 1113, 1121 (10th Cir. 2006); *see also United States v. Williams*, 403 F.3d 1188, 1195 n. 7 (10th

_____

[7]The Court in its order of August 6, 2009 suggests this case is complicated but chooses to apply that complicated designation to every aspect of the case except proposed jury instructions involving Springer.

Cir. 2005). "**Criminal defendants are entitled to jury instructions** upon their theory of defense provided there is evidentiary and legal support. Upon the failure to so instruct, we will **find reversible error**." *United States v. Visinaiz*, 428 F.3d 1300, 1308 (10th Cir. 2005) (citations omitted).

In U.S. v. Farr, 536 F.3d 1174 (10th Cir. 2008) the 10th Circuit reversed this Court specifically after it created a jury instruction in the middle of trial that arguably pulled the Government's case "out of the ditch."[8]

In the case involving Springer, this Court simply is refusing to consider, indeed "struck" Springer's Motion for Leave to File out of time proposed jury instructions 2 days late, even though Springer moved for more time, timely,[9] and explained why he needed the extra then 10 days (now 2 days).

Springer pointed out that no party would be prejudiced since "trial" was almost 90 days away and that Springer was having a difficult time structuring instructions[10] with the clear case law from the 10th Circuit addressing liability and

---

[8]Hardly something Springer feels warm and fuzzy about.

[9]The Court should also reconsider its position that the Motion for 10 Day Continuance was in actuality a Motion for Leave to File out of time because it clearly was not.   Rule 45 cited by the Court places "good cause" before the time expired and "excusable neglect" after the time expired.  Springer did not neglect anything as evidence by his March 18, 2009 Bill of Particulars (Doc. 8), June 15, 2009 Bill of Particulars (Doc.82) and July 30, 2009 Bill of Particulars (Doc. 105).  How can jury instructions be adequately proposed when the Government cannot cite to a single code section the Grand Jury based its tax liability allegations upon after being given three different opportunities to say what the Grand Jury intended and to which the Government refuses?

[10]Evidence of complexity!

that the Bill of Particulars filed by the Government did not satisfy the "required by law" this Court ordered them to answer on July 2, 2009.[11]

---

[11]Take for instance the scrupulous' proposed instructions in which the Government refused to propose instructions consistent with what they told the Court on July 2, 2009 in arguing against the meaning of "law" in the first element they cited to for Count One in their evasion of a Bill of Particulars requested by Springer as to Count One two separate times.

They told the Court on July 2, 2009 that the Grand Jury theory in Count One was to "defraud" the United States and not the "offense against the laws of the United States" part yet their proposed instructions filed timely relies upon language of both "offense against the United State" and "defraud" appearing on proposed page 25 and 26.

Springer attended a conference call on August 6, 2009, with both Mr. O'Reilly and Mr. Shern about this issue hoping not to have to get the Court involved because of this obvious error, and Mr. O'Reilly assured Springer again there was no "other offense" alleged or intended in Count One and that the wording was a simple oversight.  Springer does not doubt his sincerity but rather points out to the Court that on something so important and integral to the theory of the Government's case and the requirement of notice due Springer, where "defraud" is one alleged crime and "offense against the laws of the United States" is another under section 371, by the time pattern jury instructions are proposed by the Government (15 weeks)(48 months)their scrupulous detail is beyond lacking.  "The elements of conspiracy under 18 U.S.C. § 371 are "that (1) the defendant entered into an agreement; (2) the agreement involved a violation of the law; (3) one of the members of the conspiracy committed an overt act; (4) the overt act was in furtherance of the conspiracy's object; and (5) the defendant wilfully entered the conspiracy." *United States v. Weidner*, 437 F.3d 1023, 1033 (10th Cir. 2006)." Interdependence requires that a defendant's actions "facilitate the endeavors of other alleged coconspirators or facilitate the venture as a whole." *United States v. Evans*, 970 F.2d 663, 670 (10th Cir. 1992) (quotation and alterations omitted). "What is needed is proof that [the coconspirators] intended to act *together* for their *shared mutual benefit* within the scope of the conspiracy charged." *Id.* at 671.  Section 371 says "If two or more persons conspire either to commit any offense against the United States, **or** to defraud the United States, or any agency thereof in any manner or for any purpose, *and one or more of such persons do any act to effect the object of the conspiracy,* each shall be fined under this title or imprisoned not more than five years, or both."

The Difference between the two parties is that Springer was not simply

On July 30, 2009, 4 days before the August 3, 2009 minute sheet date, Springer filed a Motion for Bill of Particulars citing to the 10th Circuit recent decision in *U.S. v. Farr*, 536 F.3d 1174 (10th Cir. 2008) which zoomed in on the "liability" element in an attempted tax evasion charge. See Doc. 105

Springer referenced this Motion in his request for the 10 day continuance as one of the reasons he was unable to complete the proposed jury instruction task the Court had directed on April 22, 2009, as amended on July 2, 2009, July 8, 2009, and as made even more complicated by the Government's response, or lack there of, in its Bill of Particulars on July 14, 2009.

Springer had spent over 60 hours prior to the Government's Bill of Particulars on proposed jury instructions alone trying to make certain this Court's time is not wasted while maintaining all of Springer's rights.   In addition, Springer spent numerous hours between July 14, 2009 and July 28, 2009, attempting to make sense out of the instructions considering the Government's Bill of Particulars and this Court demanding Springer provide proposed defense instructions in its order of July 8, 2009.

Instead of, as Springer pointed out, the fact no party would be prejudiced

---

going to file something in hopes the Court would allow him to change it later while the Government simply and scrupulously could have cared less. Furthermore, it is the Government who is required to give Springer notice of the charges so Springer can give the Government notice of his defense.  How can this Court think Springer can give notice of his defenses without the Government giving Springer notice of the charges?

by the 10 day and now 2 day time period at issue, this Court's order denying Springer the 10 extra days, or even the 2 days now, seeks to prejudice only Springer and no one else affecting his substantial rights involving the October 26, 2009 trial.

With all due respect it is Springer's liberty that is at stake to which Jury Instructions play an undeniable role not the prosecutor's reputation. "Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Price*, 265 F.3d 1097, 1107 (10th Cir. 2001).   There is nothing Springer could think of that 2 days would impact upon any complex issue in this case more than this Court denying Springer to file, and this Court consider, Springer's proposed jury instructions with defenses that can be identified at this guessing stage of the Government's case.[12]

As the 10th Circuit said in Farr:

> It is axiomatic in our legal system that "a court cannot permit a defendant to be tried on charges that are not made in the indictment against him." *Stirone v. United States*, 361 U.S. 212, 217, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960); *see Schmuck v. United States*, 489 U.S. 705, 717, 109 S.Ct. 1443, 103 L.Ed.2d 734 (1989) ("It is ancient doctrine of both the common law and of our Constitution that a defendant cannot be held to answer a charge not contained in the indictment brought

---

[12]Stand by Counsel pointed out to Springer that getting to the point with this Court was the proper route in seeking any relief.  This Court even suggested on April 22, 2009 that Motions should be concise.  On July 2, 2009, this Court referred to some of the language in Springer's motions as rambling.  Springer shortens his requests what would clearly qualify as concise and this Court has concluded Springer had again "not showed any semblance of a showing of 'good cause'" under Rule 45 and without saying what satisfies good cause.

against him."). This prohibition derives from the Fifth Amendment guarantee that "[n]o person shall be held to answer for a[n] . . . infamous crime, unless on a presentment or indictment of a Grand Jury," U.S. Const. amend. V, as well as the Sixth Amendment's assurance of a defendant's right "to be informed of the nature and cause of the accusation" against him or her, *id.* amend. VI. *See Bishop*, 469 F.3d at 902. As the Supreme Court long ago instructed, [i]f it lies within the province of a court to change the charging part of an indictment to suit its own notions of what it ought to have been, or what the grand jury would probably have made it if their attention had been called to suggested changes, the great importance which the common law attaches to an indictment by a grand jury, as a prerequisite to a prisoner's trial for a crime, and without which the constitution says `no person shall be held to answer,' may be frittered away until its value is almost destroyed. . . . . . . Any other doctrine would place the rights of the citizen, which were intended to be protected by the constitutional provision, at the mercy or control of the court or prosecuting attorney; for, if it be once held that changes can be made by the consent or the order of the court in the body of the indictment as presented by the grand jury, and the prisoner can be called upon to answer to the indictment as thus changed, the restriction which the constitution places upon the power of the court, in regard to the prerequisite of an indictment, in reality no longer exists. *Ex parte Bain*, 121 U.S. 1, 10, 13, 7 S.Ct. 781, 30 L.Ed. 849 (1887), *overruled in part on other grounds by United States v. Cotton*, 535 U.S. 625, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002). These observations remain no less binding upon us today.

Farr 1180

The 10th Circuit further reasoned:

More fundamentally still, the prohibition on constructive amendments is grounded not just in the Sixth Amendment's notice requirement but also in the grand jury guarantee of the Fifth Amendment. "As the dual source of the rule makes clear, it protects *both* a defendant's right to be subjected only to charges set by a grand jury and his interests in having sufficient notice." *United States v. Gonzalez-Edeza*, 359 F.3d 1246, 1250 n. 1 (10th Cir. 2004). In addition to any Sixth Amendment notice guarantees, the Fifth Amendment right "to have the grand jury make the charge on its own judgment is a substantial right which cannot be taken away

with or without court amendment," *Stirone*, 361 U.S. at 218-19, 80 S.Ct. 270, and it provides a sufficient basis, standing alone, to compel reversal without any further showing of prejudice, *see id.*, 361 U.S. at 217, 80 S.Ct. 270 ("Deprivation of such a basic right is far too serious to be . . . dismissed as Page 1185 harmless error."); *Sells*, 477 F.3d at 1237 (constructive amendment "is reversible per se"); *Apodaca*, 843 F.2d at 428.[fn7]

All Springer was trying to do by seeking more time was to understand the theory of the charges involving the law so that Springer does not wind up in the same place where Ms. Farr wound up which arguably was having her Constitutional Rights violated and having to endure two separate trial, two separate appeals, all which could have clearly been easily avoided had the Government been required to identify the liability statute which encompassed the Grand Jury theory of attempted tax evasion and this Court held them to that legal theory.

Since the Government filed their opposition without citing to any specific liability provision, like 3404 or 6672 in Farr, Springer presented his proposed jury instructions as an attachment which the Government has now anyway.[13]

---

[13]Springer understands the need to keep a schedule and has kept every date without excuse or failure not only in this case, when humanly possible, but in **Springer v. Horn, et al.**, 06-156 (N.D.Ok)(pending for 44 months)(suspended pending appeal interlocutory by DOJ); **USA v. Springer, 08-278** (N.D.Ok)(pending for 15 months)(Trial Suspended pending outcome of Tax Court Trial set for September 14, 2009 in Oklahoma City)(Burden on CIR); **Springer v. IRS**, 3781-09 L (Notice of Lien and Release of Lien tendered Springer revoked by IRS and Chief Judge of Tax Court ordered trial on why IRS was intentionally using wrong address)(said lien would be "invalid"); **Springer v. CIR**, 08-9004 (10th Circuit)(Stemming from **Springer v. IRS**, 05-1075 (W.D. Okla.) (J.Friot)(pending since October 2005); **Springer v. Albin**, et al, 09-5088 (10th Circuit)(interlocutory appeal taken by DOJ on theft of money by Shern and others at issue in 06-156)(admitting theft in response at 10th Circuit); **Springer v. Richardson Law Firm,**

CONCLUSION

Because the record is so important involving jury instructions and Springer's rights under both the Fifth Amendment and Sixth Amendment, and because the record needs to be clear for the 10th Circuit to review any denial of Springer's request to file proposed jury instructions, including defenses, Springer respectfully requests this Court reconsider its decision to strike Springer's Motion for Leave to File 2 days out of time, and its decision denying Springer's Motion for Continuance, finding the Good Cause shown by Springer in his motions far exceeded that of the vacation of Brian Shern which resulted in July 9, 2009 being moved to July 2, 2009, Granting Springer leave to file his proposed jury instructions, or in the alternative, Springer requests this Court address specifically how the reasons Springer gave in his Motion for Continuance was not "good cause" enough or how the reasons stated in his Motion for Leave to File 2 Days out of time, along with his good cause, did not satisfy any "excusable neglect" relevant to the trial being set for October 26, 2009.[14]

_____

**et al.**, S.Ct. Oklahoma 106,277 (regarding liable and slander); **Springer v. Springfield Business Journal, et al.**,  09-1410 (8th Circuit)(Liable and Slander)

[14]Springer recognizes that in filing opposition to the Government's proposals the he can suggest instructions in the alternative but Springer can find no case where the District Court has ever refused to file proposed jury instructions 81 days before trial, with extension or 2 days out of time, by the person whose liberty is the very subject of those instructions.  Most cases go to trial within 70 days of arraignment.  Modifying the one date of objections being due on the 20th instead of the 17th is no more burden then changing the July 9, 2009 date for the Franks Hearing to July 2, 2009.  The Government moves the

13

Respectfully Submitted
/s/ Lindsey K. Springer
<u>Lindsey K. Springer</u>
5147 S. Harvard, # 116
Tulsa, Oklahoma 74135
918-748-5539/955-8225(cell)

---

calender 7 days and Springer seeks to move it 2 or 3 days.

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Lindsey Kent Springer's

Motion to Reconsider was ecf'd on August 7, 2009 to:


Kenneth P. Snoke,
Charles O'Reilly,
Oscar Stilley


/s/ Lindsey K. Springer
Signature

15