IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.   09-CR-043-SPF |
| | ) | |
| LINDSEY KENT SPRINGER, | ) | |
| OSCAR AMOS STILLEY, | ) | |
| | ) | |
| Defendants. | ) | |

**UNITED STATES' RESPONSE IN OPPOSITION TO
DEFENDANT SPRINGER'S MOTION TO RECONSIDER**

  The United States of America, by and through its attorneys, Thomas Scott Woodward, Acting United States Attorney for the Northern District of Oklahoma, and Kenneth P. Snoke, Assistant United States Attorney, and Charles A. O'Reilly, Special Assistant United States Attorney, hereby responds in opposition to Defendant Springer's Motion to Reconsider (doc. no. 118).  By his motion, Defendant Springer seeks to have the Court excuse his delinquent filing of twenty-four proposed jury instructions.  However, Defendant Springer fails to identify any good cause.  Instead, Defendant Springer asserts without support that "[t]his Court is holding Springer to a standard no litigant or Defense Counsel has ever been held to before today . . .."  Defendant Springer's Motion to Reconsider at 6 (doc. no. 118).

  On the day proposed jury instructions were due, Defendant Springer filed his Motion for 10 Day Continuance (doc. no. 106) in which he articulated no reason for his failure to comply with the Court's trial schedule.  Instead, Defendant Springer asserted that he "thought he could be finished by close of day August 3, 2009, but has come to the realization that compliance 'ain't

happening because of the difficulty in the way the indictment has been drafted." Defendant Springer's Motion for 10 Day Continuance at 2 (doc. no. 106). Defendant Springer's flippant disregard for the Court's scheduling order is indefensible.

In Defendant Springer's subsequent Motion for Leave to File Out of Time Proposed Jury Instructions, Defendant Springer again failed to offer good cause for the delinquent filing. Instead, Defendant Springer simply stated that "[t]he 2 days was needed to narrow the proposed instructions from over 40 down to just 24 at this point." Defendant Springer's Motion for Leave to File Out of Time Proposed Jury Instructions at 1 (doc. no. 113).

Defendant Springer's asserted good cause appears to be that on August 3, 2009, Defendant Springer "recognized that he was not able to present a complete set of proposed jury instructions to this Court without knowing the theory of liability intentionally absent form [sic] the Bill of Particulars." Defendant Springer's Motion to Reconsider (doc. no. 118) at 4. This reason, finally asserted on August 7, 2009, is inadequate to establish good cause. The theory of liability in this case is simple; Defendant Springer earned his livelihood assisting individuals with tax matters. "Under the Internal Revenue Code, gross income is 'all income from whatever source derived,' 26 U.S.C. § 61(a), and an exemption from the payment of taxes 'should be clearly expressed.'" *Barrett v. United States*, 561 U.S. 1140, 1145 (2009).

Defendant Springer confuses the Court's appropriate rejection of his untimely filing of proposed jury instructions with Defendant Springer not being allowed any defenses within the jury instructions. The two are not synonymous. "A defendant is entitled to a theory of defense instruction if it is 'a correct statement of the law, and if he has offered sufficient evidence for the jury to find in his favor.' However, a theory of defense is not required if offered only to clarify

the issues.  It is only required if, without the instruction, the other instructions are erroneous or inadequate. *United States v. Bedford*, 536 F.3d 1148, 1154 (10th Cir. 2008) (citations omitted).

Defendant Springer is entitled to jury instructions that "adequately apprise[ ] the jury of the issues and the governing law." *United States v. Thompson*, 518 F.3d 832, 865 (10th Cir. 2008).  However, Defendant Springer is not entitled to his choice of jury instructions.  A District Court's refusal to give a defendant's requested jury instructions is reviewed "for abuse of discretion. To assess whether the court properly exercised its discretion, 'we review the jury instructions de novo to determine whether, as a whole, they accurately state the governing law and provide the jury with an accurate understanding of the relevant legal standards and factual issues in the case.'" *United States v. Moran*, 503 F.3d 1135, 1146 (10th Cir.2007) (citations omitted).

The Court's schedule was posted April 22, 2009.  Defendant Springer's failure to adhere to that schedule without good cause should not be countenanced.  Therefore, the United States requests that the Court deny Defendant Springer's Motion to Reconsider.

Respectfully submitted,

THOMAS SCOTT WOODWARD
ACTING UNITED STATES ATTORNEY

 /s/ Charles A. O'Reilly
CHARLES A. O'REILLY, CBA NO. 160980
Special Assistant U.S. Attorney
KENNETH P. SNOKE, OBA NO. 8437
Assistant United States Attorney
110 West Seventh Street, Suite 300
Tulsa, Oklahoma  74119
(918) 382-2700

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 12th day of August 2009, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Lindsey Kent Springer
Defendant

Oscar Amos Stilley
Defendant

Robert Williams
Standby Counsel assigned to Lindsey Kent Springer

Charles Robert Burton, IV
Standby Counsel assigned to Oscar Amos Stilley.

                                               */s/ Charles A. O'Reilly*
                                               Special Assistant U.S. Attorney