IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 09-CR-43-SPF |
| | ) | |
| LINDSEY KENT SPRINGER and | ) | |
| OSCAR STILLEY, | ) | |
| | ) | |
| Defendants. | ) | |

SPRINGER'S REPLY TO PROSECUTION'S OPPOSITION TO SECOND BILL OF PARTICULARS

Lindsey Kent Springer ("Springer") files reply regarding the Prosecution's Opposition to Springer's Motion for Second Bill of Particulars.

The prosecution argues that the "theory of liability in this case is simple; Defendant Springer earned his livelihood assisting individuals with tax matters. 'Under the Internal Revenue Code, gross income is 'all income from whatever source derived,' 26 U.S.C. § 61(a), and an exemption from the payment of taxes 'should be clearly expressed.'" *Barrett v. United States*, 561 U.S.[1] 1140, 1145 (2009)." Doc. 119, at 2   Springer is not certain how the attorneys for the Department of

---

[1]This case as cited never existed "It is **settled law in this circuit, as elsewhere**, that the language employed by the government in its indictments becomes an essential and delimiting part of the charge itself, such that "[i]f an indictment charges particulars, **the jury instructions and evidence introduced at trial must comport with those particulars**." United States v. Farr,  536 F35 1174, 1181 (2008)

1

Justice became fact witnesses on the elements of the alleged "required by law" offenses but at least at some point someone other then them will need to testify as to the theory presented to the Grand Jury.

The Prosecution has also stated "It is not the prosecution's burden to prove that Defendant Springer was made liable by express words in Title 26, U.S. Code Sections 1,61,63,6011(a), 6012()(1)(A), 6072(a), 6091, 6151 or 7203..." See Doc. 120, pg. 4.[2] Each one of these sections were listed in the Prosecution's purported compliance with the Court's July 2, 2009, Order to provide this Court and Springer with the meaning of "required by law" in a Bill of Particulars.  See Doc. 104, pg. 2.

"The purpose of a bill of particulars is to inform the defendant of the charges against him with sufficient precision to allow him to prepare his defense." See Doc. 97, pg. 4   The Prosecution admits Counts Two, Three and Four, required Springer to defend against an unidentified tax liability, with no amount alleged whatsoever, and wish for this Court to learn nothing from the decision in Farr.

The Prosecution's assertion is in direct contradiction to what the 10th Circuit Court of Appeals directed this Court in United States v. Farr,  536 F35 1174, 1181 was the requirement. In Farr, the 10th Circuit explained the tax deficiency element this way:

---

[2]Counts Two, Three and Four, allege "income taxes due and owing by him."

2

By charging Ms. Farr with willfully attempting to defeat the "payment of the quarterly employment tax . . . due and owing by her," the indictment effectively limited the first element of Section 7201 — a substantial tax due and owing — **to liability for quarterly employment taxes which she purportedly owed**. From that point on, absent a proper amendment to the indictment by the grand jury, the government was not **free to prove any other tax liability at trial**.

The Prosecution identifies section 1 and 6011 in their Bill of Particulars dated July 14, 2009, to which section 1 is the "tax imposed" but does not direct who is made liable.  Section 6011 states:

> When required by regulation prescribed by the Secretary any person made liable for any tax imposed by this title..."

Section 1 does not say who is liable for the any tax imposed.  Long ago the Supreme Court settled this question about the 16th Amendment in Brushaber v. Union Pac. R.R., 240 U.S. 1, 19 (1916), wherein they held:

> a condition which clearly demonstrates that the purpose was not to change the existing interpretation except to the extent necessary to accomplish the result intended, that is, the prevention of the resort to the sources from which a taxed income was derived in order to cause a direct tax on the income to be a **direct tax on the source itself** and thereby to take an income tax out of the class of excises, duties and imposts and place it in the class of direct taxes.

To explain their conclusion the Brushaber Supreme Court explained:

> Indeed in the light of the history which we have given and of the decision in the Pollock Case and the ground upon which the ruling in that case was based, **there is no escape** from the conclusion that the Amendment was drawn for <u>the purpose of doing away for the future</u>

> <u>with the principle upon which the Pollock Case was decided</u>, that is, of determining whether a tax on income was direct not by a consideration of the burden placed on the taxed income upon which it directly operated, but by taking into view the burden which resulted on the property from which the income was derived, **since in express terms the Amendment provides that income taxes, from whatever source the income may be derived**, shall not be subject to the regulation of apportionment.

The 16th Amendment clearly allows Congress the power to "lay and collection a tax on income" but the Prosecution refuses to give Springer, Stilley, and this Court, notice of its theory of that liability or where Congress laid at the feet of Springer any such liability by some specific law.  In Farr, the Prosecution in that case gave the section 3403 theory of liability to the Grand Jury and presented an entirely different theory of liability under section 6672 to the jury and Court at trial.

At least in Farr, Ms. Farr was given one or the other to prepare to defend.  In this case, the Prosecution argues they have to give no liability theory and it would appear by their opposition to Stilley's Proposed Jury Instructions that there are no "express words in Title 26, US Code..."[3] they can or are willing to say the Grand Jury as to Counts Two, Three and Four relied upon.   Doc. 120 at 4.

---

[3] The same holds true about the Prosecutions opposition to Springer's "Second Bill of Particular" request.

4

CONCLUSION

Springer needs the identify of the specific provision to which the Grand Jury was told made Springer liable for any section 1 taxes including the name of any person who testified as to such liability prior to the indictment being presented to the Grand Jury.

Respectfully Submitted
/s/ Lindsey K. Springer
Lindsey K. Springer
5147 S. Harvard, # 116
Tulsa, Oklahoma 74135
918-748-5539/955-8225(cell)

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Lindsey Kent Springer's Reply to the Prosecution's Opposition to Springer's Motion for Second Bill of Particulars was ecf'd on August 12, 2009, to:

Kenneth P. Snoke,
Charles O'Reilly,
Oscar Stilley

<u>/s/ Lindsey K. Springer</u>
Signature