IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 09-CR-43-SPF |
| | ) | |
| LINDSEY KENT SPRINGER and | ) | |
| OSCAR STILLEY, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM IN SUPPORT OF EIGHTH MOTION TO DISMISS

Lindsey Kent Springer ("Springer") files this memorandum in support of his Eighth Motion to Dismiss.

This Court has given the Prosecution plenty of time to identify the legal theory of liability the Grand Jury found led to Springer owing tax liability for the years 2000 through 2007 at issue in Counts One through Six.

On March 18, 2009 the Prosecution was asked for the meaning of "required by law" among many others in a Bill of Particulars to which this Court denied without prejudice to discovery settling many of the requests.

After the Prosecution filed its June 2, 2009 response to Springer's Motions to Dismiss, Springer moved the Court for a Bill of Particulars significantly reduced in length from the Bill of Particulars this Court denied without prejudice.

On July 2, 2009, this Court ordered the Prosecution to give Springer particulars regarding the meaning of "required by law" the Grand Jury alleged in Counts Two,

1

Three, Five and Six.

On July 14, 2009, the Prosecution provided section 1,61,63,6011,6012,6071,6091, 6151 and 7203.

On July 30, 2009, Springer moved for another Bill of Particulars asking the Court to direct the Prosecution to disclose the liability provision encompassing the Prosecution theory of tax liability owed by Springer.

On August 3, 2009, the Prosecution filed proposed jury instructions letting Springer see at least some part the Prosecution theory to which liability played no specific role.

On August 4, 2009, the Prosecution filed opposition to Springer's additional Bill of Particulars arguing Springer will just have to wait to trial for the liability surprise.

On August 12, 2009, the Government filed objection to Stilley's proposed jury instructions where they argued "it is not the prosecution's burden to prove that Defendant Springer was made liable by express words in Title 26, US Code Section 1,61,63,6011, 6012,6071,6091,6151 or 7203."  See Doc. 120, pg. 4[1]

On August 12, 2009, the Prosecution, in opposition to Springer's Motion to Reconsider regarding jury instruction proposals made by Springer, directed this Court that under "the Internal Revenue Code, gross income is 'all income from whatever source derived,' 26 U.S.C. § 61(a), and an exemption from the payment of taxes 'should be clearly expressed.'" Doc. 119, at 2

---

[1]Its certainly not Springer's burden!

The Prosecution rested the entire Grand Jury theory of liability on the meaning of the term "gross income" at section 61 saying "that theory of liability in this case is simple; Defendant Springer earned his livelihood assisting individuals with tax matters." Id.

1.   **Springer moves to dismiss Count One for failure to allege the first and second elements of a violation of Title 18, Section 371.**

The Prosecution looked at this Court square in the eye on July 2, 2009 and in arguing against a Bill of Particulars on the word "law" appearing in the Prosecutions theory of Count One presented in their opposition to Springer's Motion to Dismiss Count One, the Prosecution proposed in the elements of their conspiracy claims to this Court the object of the conspiracy alleged was "defraud." They were objecting to Springer's much shortened request:

> The **first** requests "this Court issue an order directing the United States to identify each provision of law encompassing the phrase 'required by law' alleged in the Grand Jury Indictment in each Count." The **second** request "seeks the provisions of law that direct the 'functions' alleged to have been the object of the conspiracy alleged in Count One." The **third** area of inquiry asks for the "identification of the 'law' the Grand Jury alleges was the 'object' of the conspiracy to violate and to which the first element in section 371 was to accomplish." Doc. 82 p.1.

See Doc. 97, pg. 1

The Prosecution stated in their opposition the "Defendants are charged in this case with conspiring to defraud the Internal Revenue Service.."Doc. 97, pg. 3

The Prosecution theorized on June 2, 2009:

3

Furthermore, although not directly raised by the defendants, it is important to note that **the tax deficiency need not be for taxes due and owing by the defendant**; the **deficiency may be for taxes due and owing by another taxpayer**. One may attempt to evade the assessment or payment of taxes of another. See United States v. Wilson, 118 F.3d 228, 231, 236 (4th Cir. 1997) (attorney convicted of attempting to evade a client's taxes). Thus, Defendant Stilley cannot assert that the indictment is insufficient as to him because the indictment does not allege he attempted to evade his own taxes. **The indictment clearly alleges that Defendant Stilley attempted to evade Defendant Springer's federal income taxes**.

See Doc. 71, pg. 8

Again, on June 2, 2009, the Prosecution informed this Court and Springer that

its theory in Count One was to prove the following:

The Defendants are charged in Count One of the Indictment with conspiracy to defraud the United States in violation of Title 18, United States Code Section 371; the elements of this charge are:

1. The defendant agreed with at least one other person **to violate the law**;

2. One of the conspirators engaged in at least one overt act furthering the conspiracy's objective;

3. The defendant knew the essential objective of the conspiracy;

4. The defendant knowingly and voluntarily participated;

5. There was interdependence among the members of the conspiracy, that is, the members, in some way or manner, intended to act together for their shared mutual benefit within the scope of the conspiracy charged.

Tenth Circuit Pattern Criminal Jury Instructions (No. 2.19) (2005 ed.).

See Doc. 71, pg. 11

4

Springer has no way of preparing   any defense to something not yet revealed or alleged to define "violate the law."  Springer has no way of defending against the "essential object of the conspiracy" to "defraud" if the Prosecution switches back to "to violate" a certain law.

The Prosecution looked this Court eyeball to eyeball and stated the object of the alleged conspiracy was to "defraud" the IRS and not to commit a violation of some specific provision of law.

The Prosecution proposed a Jury Instruction as to Count One obviously leaving off the "interdependence" element they had correctly cited to on June 2, 2009.  The Prosecution proposed to this Court that the object of the conspiracy was "*First*: there was an agreement to defraud the United States or to commit violations of federal law."  See Doc. 107, pg. 27

Springer contacted Shern and O'Reilly about this and was told that the reference to the "commit violations of federal law" was a mistake and that they only intend to argue to this Court and Jury the object of the conspiracy was to "defraud" the IRS.  See Doc. 118, pg. 8 (fn.11)

Now, in their opposition to Stilley's proposed instructions they argue:

The United States' proposed instruction on the elements of conspiracy correctly states the elements the government must prove. United States' Proposed Jury Instructions at 27 (doc. no. 107). However, the United States' proposed jury instruction inadvertently omitted the

interdependence element that is unique to this Circuit.[2]

See Doc. 120 at pg. 3

The elements as of August 3, 2009, were:

**First**: there was an agreement to defraud the United States <u>or to commit violations of federal law</u>. **Second**: one of the conspirators committed an overt act in furtherance of the conspiracy's object; and **Third**: each defendant willfully joined the conspiracy.

See Doc. 107, pg. 27

How can a jury decide how any of the acts the Prosecution proposes on page 28 of its Proposed Instructions further's the object of any conspiracy if there is no specific object of the conspiracy to further to which the Prosecution has refused or cannot allege or identify?

The Prosecution knows that only after every element of a conspiracy to defraud is found beyond a reasonable doubt can a jury find a violation of section 371 exists.    Yet, the Prosecution proposes their theory of Count One is  that the jury need first find "there was an agreement to defraud the United States or to commit violations of federal law."

On August 12, 2009, the Prosecution flips back to June 2, 2009 theory with a new twist.  On August 3, 2009 the 3 element test was proposed, and now on August 12, 2009, the Prosecution offers the June 2, 2009 5 element test with certain

_____

[2]They had it on June 2, 2009 and "inadvertently omitted interdependence element' on August 3, 2009.

significant changes.

The Prosecution now proposes:

The defendants are charged in Count One with a violation of 18 U.S.C. section 371. **This law makes it a crime to conspire to defraud the United States**.[3]

To find the defendants guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: **the defendant agreed to defraud the United States**;

*Second*: one of the conspirators engaged in at least one overt act furthering the conspiracy's objective;

*Third*: the defendant knew the essential objective of the conspiracy;

*Fourth*: the defendant knowingly and voluntarily participated;

*Fifth*: there was interdependence among the members of the conspiracy; that is, the members, in some way or manner, intended to act together for their shared mutual benefit within the scope of the conspiracy charged.

A conspiracy or agreement to violate the law, like any other kind of agreement or understanding, need not be formal, written, or even expressed directly in every detail. To prove the existence of a conspiracy or an illegal agreement, the government is not required to produce a written contract between the parties or even produce evidence of an express oral agreement spelling out all of the details of the understanding.

Under the Prosecution theory as of August 12, 2009, if the jury finds the first

element they have found the entire conspiracy.  How can a purported crime have

---

[3]So, now the object of the conspiracy was to violate section 371?

only one element?[4]

The Prosecution proposes this Court tell the Jury it is a crime to defraud the United States and then asks the Jury to find the Defendants conspired to defraud the United States as the first element of 5 elements.  See Doc 120-2 (Exhibit A).

Look at how they attempt to keep the object of the conspiracy being some law violated alive.  They conclude after going from 5 elements on June 2, 2009, to 3 elements on August 3, 2009, back to 5 elements on August 12, 2009, albeit different, they now propose:

> A conspiracy or **agreement to violate the law**, like any other kind of agreement or understanding, need not be formal, written, or even expressed directly in every detail. To prove the existence of a conspiracy or an illegal agreement, the government is not required to produce a written contract between the parties or even produce evidence of an express oral agreement spelling out all of the details of the understanding.

See Doc. 120-2(Exhibit A)

There is no provision identified by the Prosecution which makes defrauding the United States prohibited in anyone's theory.   Section 371 makes it a crime to enter into some agreement (conspiracy) to defraud or commit any one of several offenses announced by Congress of the United States in some other "law."

Now the Prosecution wishes this Court to instruct the Jury on the "law" being

---

[4]They accomplished this circular single element crime theory in Count One by evading the Pattern instruction they suggested on June 2, 2009, that controlled Count One, and why they need not provide a bill of particulars as to the object of the conspiracy that this Court then accepted.

violated without any identification as to what that agreement or understanding was to violate.  We know they argue it was to violate something but they just can't quite put their finger on some specific law as the conspiracy's object.

At best now we know the theory of Count One is to conspire to violate section 371.   A sort of agreed to agree to defraud the IRS.  Section 371 is not one of the offenses intended by the meaning of offense or defraud under section 371.[5] Springer asserts the Government will argue Springer has no case to support his argument that the object of the conspiracy theory in Count One cannot be to violate section 371.    This is what the Grand Jury is alleging and this is not a crime to which Springer or Stilley were given prior public notice of in any Federal Statute at Large whatsoever.

"`An indictment is sufficient if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense.'" *United States v. Chisum*, 502 F.3d 1237, 1244 (10th Cir. 2007) (quoting *United States v. Dashney*, 117 F.3d 1197, 1205 (10th Cir. 1997)). "`[I]t is generally sufficient that an indictment set forth an offense in the words of the statute itself, as long as those words themselves fully, directly, and expressly, without any uncertainty or ambiguity, set

---

[5]Even if it was, and it's not,  the Prosecution would have to bring a conspiracy to commit an offense instead of defraud and list 371 as the object of the conspiracy and then prove that section was the object of Springer and Stilley's interdependence.

forth all the elements necessary to constitute the offence intended to be punished.'" *United States v. Hathaway*, 318 F.3d 1001, 1009 (10th Cir. 2003) (quoting *Hamling v. United States*, 418 U.S. 87, 117, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974)). Therefore, where the indictment quotes the language of a statute and includes the date, place, and nature of illegal activity, it "need not go further and allege `in detail the factual proof that will be relied upon to support the charges.'" *United States v. Dunn, MI* F.2d 1026, 1029 (10th Cir. 1988) (quoting *United States v. Crippen*, 579 F.2d 340, 342 (5th Cir. 1978)). We review the sufficiency of an indictment *de novo, United States v. Todd*, 446 F.3d 1062, 1067 (10th Cir. 2006), but a challenge to the indictment is not a vehicle for testing the government's evidence. "Rather, `[a]n indictment should be tested solely on the basis of the allegations made on its face, and such allegations are to be taken as true.'" *Id.* (quoting *United States v. Hall*, 20 F.3d 1084, 1087 (10th Cir. 1994)).  Quoting U.S. v. Redcorn, 528 F.3d 727,733 (10th Cir. 2008) Obviously the indictment is not quoting any language from any section specifically.

Count One should be dismissed for failure to allege the 1st 2nd and 5th elements of a conspiracy under Title 18, Section 371 and that the Prosecution has no theory by which any Grand Jury could have alleged each of the elements material to giving Springer notice and allowing him to prepare a defense against

each of the elements required to allege a crime under section 371. [6]

**2.      Springer moves to dismiss Counts Two, Three, Four, Five and Six, based upon failure to allege a tax liability Springer owed according to some specific provision of law within Title 26, United States Code and to which would have triggered section 6011 as identified by the Prosecution in their Bill of Particulars.**

The prosecution argues that the "theory of liability in this case is simple; Defendant Springer earned his livelihood assisting individuals with tax matters. 'Under the Internal Revenue Code, gross income is 'all income from whatever source derived,' 26 U.S.C. § 61(a), and an exemption from the payment of taxes 'should be clearly expressed.'" Doc. 119, at 2

The Prosecution has also stated "It is not the prosecution's burden to prove that Defendant Springer was made liable by express words in Title 26, U.S. Code Sections 1,61,63,6011(a), 6012()(1)(A), 6072(a), 6091, 6151 or 7203..." See Doc. 120, pg. 4.[7]   Each one of these sections were listed in the Prosecution's purported compliance with the Court's July 2, 2009, Order to provide this Court and Springer with the meaning of "required by law" in a Bill of Particulars.   See Doc. 104, pg. 2.

The Prosecution's assertion is in direct contradiction to what the 10th Circuit Court of Appeals directed this Court in United States v. Farr,  536 F35 1174, 1181

---

[6]Going from 5 elements on June 2, 2009, to 3 elements on August 3, 2009, back to a different 5 elements, along with the added paragraph in Doc. 120-2 on August 12, 2009, proves the Prosecution is just making this up as they go along and they have failed to allege clearly each element of the section 371 violation they intend to prove before the Jury at any subsequent trial.

[7]Counts Two, Three and Four, allege "income taxes due and owing by him."

was the requirement. In Farr, the 10th Circuit explained the tax deficiency element

this way:

> By charging Ms. Farr with willfully attempting to defeat the "payment of the quarterly employment tax . . . due and owing by her," the indictment effectively limited the first element of Section 7201 — a substantial tax due and owing — **to liability for quarterly employment taxes which she purportedly owed**. From that point on, absent a proper amendment to the indictment by the grand jury, the government was not **free to prove any other tax liability at trial**.

The Prosecution identifies section 1 and 6011 in their Bill of Particulars dated

July 14, 2009, to which section 1 is the "tax imposed" but does not direct who is

made liable.  Section 6011 states:

> When required by regulation prescribed by the Secretary any person made liable for any tax imposed by this title..."

Section 1 does not say who is liable for the any tax imposed.  Long ago the

Supreme Court settled this question about the 16th Amendment in Brushaber v.

Union Pac. R.R., 240 U.S. 1, 19 (1916), wherein they held:

> a condition which clearly demonstrates that the purpose was not to change the existing interpretation except to the extent necessary to accomplish the result intended, that is, the prevention of the resort to the sources from which a taxed income was derived in order to cause a direct tax on the income to be a **direct tax on the source itself** and thereby to take an income tax out of the class of excises, duties and imposts and place it in the class of direct taxes.

To explain their conclusion the Brushaber Supreme Court explained:

> Indeed in the light of the history which we have given and of the decision in the Pollock Case and the ground upon which the ruling in

that case was based, **there is no escape** from the conclusion that the Amendment was drawn for <u>the purpose of doing away for the future with the principle upon which the Pollock Case was decided</u>, that is, of determining whether a tax on income was direct not by a consideration of the burden placed on the taxed income upon which it directly operated, but by taking into view the burden which resulted on the property from which the income was derived, **since in express terms the Amendment provides that income taxes, from whatever source the income may be derived**, shall not be subject to the regulation of apportionment.

The 16th Amendment clearly allows Congress the power to "lay and collection a tax on income" but the Prosecution refuses to give Springer, Stilley, and this Court, notice of its theory of that liability or where Congress laid at the feet of Springer any such liability by some specific law.  In Farr, the Prosecution in that case gave the section 3403 theory of liability to the Grand Jury and presented an entirely different theory of liability under section 6672 to the jury and Court at trial.

At least in Farr, Ms. Farr was given one or the other to prepare to defend.  In this case, the Prosecution argues they have to give no liability theory and it would appear by their opposition to Stilley's Proposed Jury Instructions that there are no "express words in Title 26, US Code..."[8] they can, or are willing to say, the Grand Jury as to Counts Two, Three and Four relied upon.   Doc. 120 at 4.

It is obvious that without a tax liability theory alleged the "generic tax evasion" section gives notice of nothing regarding the elements in a section 7201

---

[8]The same holds true about the Prosecutions opposition to Springer's "Second Bill of Particular" request.

charge.   The Grand Jury alleges Springer was "required by law" but the Prosecution, who controlled what the Grand Jury signed on to, refused to identify any specific provision where Congress of the United States directed Springer be made liable for any tax regarding any money Springer is alleged to have received for his purported "livelihood."

Counts Two, Three, Four, Five and Six, rely upon Springer being made liable for some specific taxes "due and owing" or "made liable for any tax imposed by this title" and the Prosecution cannot identify any specific words showing Springer "was made liable by express words in Title 26, U.S. Code" and Springer cannot find any.

 This Court should dismiss Counts Two, Three, Four, Five and Six, on grounds Counts Two, Three and Four, fail to allege the tax liability element under section 6011, and the requirement by law component element of willfulness required to allege and prove attempted tax evasion under section 7201, and because Counts Five and Six fail to allege section 6011's required liability that then triggers the requirement to use certain forms and comply with certain regulations prescribed by the Secretary.

**3.     Springer moves to dismiss Counts Five and Six on the basis the theory of the Prosecution regarding Springer exceeding an "exempt amount" is not established within any code provision cited by the Government's Bill of Particulars.**

The Prosecution theorized in their Bill of Particulars that section 6012 plays some role in their "required by law" theory of the Grand Jury.  Section 6012 relies

14

upon an exempt amount not written by Congress in any Federal Law.   Counts Five and Six each allege a certain "amount" Springer allegedly exceeded triggering a theory he was required by law to make or file certain unspecified forms of returns.

Count Five alleges $ 7700 and Count Six alleges $ 15,900.   These amounts appear in no federal code section whatsoever.   Certainly, these amounts do not appear in any regulation or at any code section listed by the Prosecution that Springer can find or the Prosecution can identify.   This is just stuff the Prosecution is making up and is not within any "law" under the meaning of "required by law" written by Congress.   This is arbitrary and selective enforcement involving vague and ambiguous terms.

Section 7203 requires the Grand Jury to allege Springer was "required by this title" to make a return.   The Grand Jury did not allege where in "this title" required Springer to say or do anything.   The Prosecution was required to identify the meaning of "required by law" as used by the Grand Jury in Counts Five and Six and the Prosecution cites to Section 1,61,63,6011, 6012, 6071, 6091, 6151 and 7203 as what "required by law" means.

Section 7203 cannot require anything and is a generic provision as the Farr Court found section 7201 to be.   Sections 1, 61,63 and 6071 do not required any specific return.   The term "return" is not defined in section 7203.

This leaves 6011, 6012, 6091 and 6151.   Section 6151 requires nothing. Required by this Title is left to section 6011, 6012, and section 6091.

This Court already knows there are no internal revenue districts for the Prosecution to establish Springer was required to do anything within this Judicial District.   Section 6012 relies upon section 6011 and section 6011 requires the Grand Jury to allege Springer is "made liable" by "this title."

The Grand Jury indictment in Counts Five and Six fail to allege a theory of requirement Springer had "in this title" regarding the filing or any form of return to which Springer was made liable to make or file.

This Court should dismiss Counts Five and Six for failing to allege sufficiently that Springer was required by this title to make or file any return based upon Springer being "made liable" for any "tax imposed by this title."

4.      **Springer moves to dismiss Counts One through Six on the basis that the Grand Jury was misled by the Prosecution and its witness that Springer was liable for the payment of some unidentified amount of taxes for tax years 2000 through 2007.**

Springer incorporates the argument in # 1,2 and 3 above into # 4 herein. Springer asserts that dismissal is appropriate for all counts based upon the failure of the Grand Jury or Prosecution to identify a single code provision that Congress holds or makes Springer liable for some tax on income.  There can be no doubt that if the Prosecution cannot identify such specified provision where Congress imposes a liability upon Springer the Grand Jury was not told of any such provision likewise.

The Prosecution misled the Grand Jury into thinking Springer had some liability to which Count One, Two, Three, Four, Five and Six, were based.

This Court should find as a matter of law that the Prosecution nor Grand Jury

identified, or can identify, any specific code provision or law that announces Springer is made liable for any tax to which section 6011 would apply.

5.   **Springer moves to dismiss Counts One through Six, based upon applying the rule of lenity to an ambiguous statute as to Title 18, Section 371, Title 26, Section 7201 and Title 26, Section 7203.**

Section 371 of Title 18 relies upon the phrase <u>conspiracy to defraud the United States or anyone of its Agencies for any manner or any purpose</u> and does not define defraud, the manner or purpose it intends to reach.  There is no way Springer or the public in general could possibly have known that section 371 can be both the violation provision and the first element of the violation provision simultaneously.  Such a construction is insane and warrants the rule of lenity.

Title 26, Section 7201 is a "generic tax evasion" statute and does not identify what Congress meant by "tax imposed by this title" or "payment thereof." None of the code sections identified by the Prosecution in their Court ordered Bill of Particulars explaining what the Grand Jury meant by "required by law" identify how Springer was made liable for the section any tax imposed.  Furthermore, no specific provision is identified to which the Grand Jury concluded Springer was liable for the payment of any tax imposed by "this title."

The Prosecution actually said on August 12, 2009 that:

"theory of **liability** in this case is simple; Defendant Springer earned his livelihood assisting individuals with tax matters. 'Under the Internal Revenue Code, gross income is 'all income from whatever source derived,' 26 U.S.C. § 61(a), and an exemption from the payment of taxes 'should be clearly expressed.'" Doc. 119, at 2

17

Section 61 does not make Springer or anyone else liable for any tax imposed by Title 26.

The term "evade" is not defined.   The term "defeat" is not defined.   The term "return" neither appears in section 7201 or is defined.   Section 6011 provided by the Prosecution requires Springer be made liable for any tax imposed by this title.   See Title 26, Section 6011.   The Prosecution has conclusively stated to this Court on August 12, 2009, that "it is not the prosecution's burden to prove that Defendant Springer was made liable by express words in Title 26, US code..."

Section 7201 relies upon the phrase "this title." Section 7203 relies upon the phrase "this title."   Section 6011 relies upon the phrase "this title." Section 371 thus far continues to have a "violate the law" component the Prosecution refuses to identify specifically.   And the Prosecution now claims their theory of liability does not rely on any "words in Title 26."   See Doc. 120, pg. 4   The phrase "this title" can only mean Title 26 and no other title of law.

Each section relied upon by the Prosecution to allege a theory of violating section 371, 7201 and 7203, rely upon such ambiguous terms as to render each provision meaningless or very confusing.  If any of these provisions are relied upon by the Prosecution and Grand Jury to allege Springer is made liable for some tax imposed by "this title" such liability does not appear upon the face of any such provisions.  See Section 3403 and 6672 for examples of unequivocal liability being imposed by Congress.

18

This Court should dismiss each Count One, Two, Three, Four, Five and Six, on Rule of Lenity Grounds.

**6.     Springer moves to dismiss Counts One through Six based upon Title 18, Section 371, Title 26, Section 7201 and Title 26, Section 7203 being vague and ambiguous, impermissibly vague and arbitrary in enforcement.**

A statute is impermissibly vague "`if it fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits.'" *Ward v. Utah*, 398 F.3d 1239, 1251 (10th Cir. 2005) (quoting *Hill v. Colorado*, 530 U.S. 703, 732, 120 S.Ct. 2480, 147 L.Ed.2d 597 (2000)). Additionally, a statute that authorizes or encourages arbitrary and discriminatory enforcement can be impermissibly vague. U.S. v. Franklin-El 554 F. 3d 903, 910 (10th Cir. 2009)

Section 371 of Title 18, Sections 7201 and 7203, along with the rest of the sections the Prosecution cited to in its Bill of Particulars, fail to give notice to Springer that he is "made liable" for any tax imposed. These same sections also encourage arbitrary and discriminatory enforcement and are thus impermissibly vague.

Section 371 relies upon "defraud" to suggest what "agreements" are prohibited but does not define the term. Congress has elected not to define the term and has used it many times. Average people would not know the term "defraud" means anything because Congress has not defined it. It most certainly would not mean what the Prosecution convinced the Grand Jury it is to mean. There are supposedly two different 5 element theories and one 3 element theory

involving the term "defraud" in section 371 just swirling around in the Prosecutor's head. How can the public know what is meant by section 371 when the Prosecutor does not even know what is meant?

Section 371 clearly invites arbitrary enforcement as it has attempted to do in the words alleged in the Grand Jury indictment involving Count One.    The Prosecution cannot even identify specifically the first two elements when the defraud part is alleged.  There only answer is the first element is the jury must find a conspiracy to defraud the United States and that is supposed to be the only outcome if all 5 elements are found beyond a reasonable doubt.

Sections 7201 and 7203 do no better.  Section 7201 is a "generic tax evasion provision" which relies upon some other provision imposing a liability upon the person accused.   Section 7203 relies upon "required by this title" and even if connected to section 6011, section 6011 can only be triggered when some person is made liable for any tax imposed by this title.   Yet, in the theory advanced against Springer there is no "express words in Title 26 US Code" that makes Springer liable. See Doc. 120 at pg. 4.

Section 7201 does not define "tax imposed by this title" or "payment thereof." Assuming those, with more, survive the arbitrary enforcement problem, without more, a person not made liable would never be said to have attempted to "evade" or "defeat" something he or she is not made liable for.  Evade is not

defined.  Defeat not defined.[9]

Section 7203 does not identify the meaning of the word "return" and its reference to "this title" allows for arbitrary enforcement based upon a liability theory not supported by any other provision.  Even if the Court could get to section 6011, "made liable for any tax imposed" jumps right up.  If this Court could solely rely upon section 6012, which it cannot get to without going through section 6011, there is no meaning of the term "exempt amount" to give the public notice how such section would be applicable.

Title 18, Section 371 and Title 26, Sections 7201 and 7203, for the forgoing reasons are each unconstitutionally vague, ambiguous, impermissibly vague and promote arbitrary and obviously discriminatory enforcement as the only reason the Prosecution brought the claims against Springer in the first place was to harass him based upon his ministries stated calling.   To the extent this Court considers section 1,61,63, 6071,6091 and 6151, to play any role in the phrase "required by law" because they do not say how Springer is made liable for any tax imposed by Title 26, those provisions are equally vague, ambiguous, impermissibly vague and promote arbitrary and obviously discriminatory enforcement without any notice being given to the public.

---

[9]The Government even argues through Title 18, Section 2, Stilley can be held liable for Springer's purported tax liability but without any citation to what makes Springer liable.

CONCLUSION

Lindsey Kent Springer respectfully request this Court to enter an order dismissing each of the Counts One, Two, Three, Four, Five and Six, for the reasons

Respectfully Submitted

/s/ Lindsey K. Springer
<u>Lindsey K. Springer</u>

5147 S. Harvard, # 116

Tulsa, Oklahoma 74135

918-748-5539/955-8225(cell)

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Lindsey Kent Springer's

Memorandum in Support of his Eight Motion to Dismiss was ecf'd on August 12,

2009, to:


Kenneth P. Snoke,
Charles O'Reilly,
Oscar Stilley


/s/ Lindsey K. Springer
Signature

23