IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.   09-CR-043-SPF |
| | ) | |
| LINDSEY KENT SPRINGER, | ) | |
| OSCAR AMOS STILLEY, | ) | |
| | ) | |
| Defendants. | ) | |

**UNITED STATES' NOTICE OF INTENT TO USE EXPERT WITNESSES TESTIMONY PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 16(a)(1)(G)**

The United States of America, by and through its attorneys, Thomas Scott Woodward, United States Attorney for the Northern District of Oklahoma, and Kenneth P. Snoke, Assistant United States Attorney, and Charles A. O'Reilly, Special Assistant, United States Attorney, hereby submits its Notice of Intent to Use Expert Witness Testimony Pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G), along with the following written summaries of its expert witnesses' testimony and qualifications.

The United States hereby requests reciprocal discovery pursuant to Fed.R.Crim.P. 16.

## NOTICE

The Government anticipates calling two expert witnesses to testify at trial. Should unforeseen events arise between now and the date of trial which require expert testimony, or should the current trial date change, the Government reserves the right to seek the Court's permission to offer the testimony of additional and/or alternative expert witnesses. The Federal Rules of Evidence authorize the use of an expert witness if the expert witness "will assist the trier of fact to understand the evidence or to determine a fact in issue . . .. " Fed. R. Evid. 702. The Government now provides notice of its intent to offer expert testimony on the subjects of (1) Arkansas Interest on Lawyers Trust Accounts (hereinafter IOLTA accounts), as more particularly described below; and (2) taxation. The issues in this case justify expert testimony in each area.

First, Nate Coulter, Esq., President of the Board of the Arkansas IOLTA Foundation, will testify regarding IOLTA accounts, including the appropriate uses of IOLTA accounts. Second, IRS Fraud Technical Advisor Brian Miller will provide an analysis of the financial and tax evidence introduced at trial and explain the tax consequences of the Government's evidence.

A.   *Nate Coulter and Arkansas IOLTA Account*

As alleged in the indictment, the defendants utilized Defendant Stilley's Arkansas IOLTA account in the course of the conspiracy and tax evasion. Mr. Coulter's testimony will explain to the jury the accounting and other issues involved with respect to IOLTA accounts. Included in this testimony will be a description of what IOLTA accounts are, how and when IOLTA accounts are created, and how and when IOLTA account can be utilized.

Nate Coulter is highly qualified to testify in this area. Mr. Coulter, an attorney licensed to practice in Arkansas since 1985, is admitted to practice in all Arkansas state and federal courts, as well as the United States Court of Appeals for the Eighth Circuit. Mr. Coulter graduated from Harvard University Law School in that 1985. Mr. Coulter is the Chairman of the Arkansas IOLTA Foundation, a Member of the Arkansas Access to Justice Commission, and former Chairman of the Arkansas Bar Association Board of Governors.

B.  *Taxation*

  1.  *Generally*

Near the end of its case-in-chief, the Government will call a summary expert witness trained in taxation and accounting. This witness, IRS Fraud Technical Advisor Agent Brian Miller, will provide an analysis of the financial records introduced into evidence and explain the tax consequences of the Government's evidence. Specifically, the witness will compute various defendants' annual income for the years set forth below. The expert witness will also testify as to the income tax consequences of non-reporting of income by these defendants.

Mr. Miller earned his Bachelor of Business Administration degree in Accounting from Harding University in 1987. For twenty-two years, Mr. Miller worked as a Revenue Agent with the Internal Revenue Service, conducting approximately 1,000 audits. As a Fraud Technical Advisor, Mr. Miller provides guidance related to fraud issues to employees of the Internal Revenue Service. Mr. Miller has been a Certified Public Accountant in the state of Arkansas since 1989, and became a Certified Fraud Examiner in 1999.

Mr. Miller's training includes Internal Revenue Service courses on tax law, and he attends annual continuing professional education on changes in tax law and procedures. Mr. Miller teaches fraud-related courses to IRS employees, and teaches a forensic accounting

class at Harding University.

Mr. Miller has testified as an expert and summary witness in approximately fifteen trials, including: *United States v. Blackstock*, 06-CR-062-TCK (NDOK); *United States v. Robbins, et al.*, 04-cr-00104-TCK (NDOK); *United States v. Patterson*, 03-CR-055-CVE (NDOK); *United States v. Jewell*, 07-cr-00103-JLH (EDAR); *United States v. Swisher*, 01-CR-046-WRW (EDAR); *United States v. Robinson*, 04-CR-083-SWW (EDAR); *United States v. Lake*, 01-CR-023-CCF (NDGA); *United States v. Marston*, 06-CR-4191 (WDAR); *United States v. Roberts*, 00-CR-20018 (WDAR).

A draft summary of Mr. Miller's conclusions will be provided to defendants upon the completion of the draft summaries.

The use of an expert witness in criminal tax prosecutions has been approved consistently. *United States v. Bedford*, 536 F.3d 1148, 1158 (10th Cir. 2008). "'Expert testimony by an IRS agent which expresses an opinion as to the proper tax consequences of a transaction is admissible evidence,' *United States v. Windfelder*, 790 F.2d 576, 581 (7th Cir. 1986), so long as the expert does not 'directly embrace the ultimate question of whether [the defendants] did in fact intend to evade income taxes.' *United States v. Sabino*, 274 F.3d 1053, 1067 (6th Cir. 2001)." *United States v. Beford*, *supra*.

Through Mr. Miller, the Government will offer summary testimony and schedules reflecting the Government's evidence. The schedules will be prepared based entirely on evidence that has been admitted. The Tenth Circuit has "approved the use of summaries in tax prosecutions, as long as the district court provides appropriate limiting instructions." *United States v. Thompson*, 518 F.3d 832, 858 (10th Cir. 2008).

The summary schedules, because they will reflect only evidence that is admitted at trial, by necessity will not be finalized until shortly before the summary witness's testimony. Copies of the summary schedules will be provided to the Court and defense shortly before the testimony. Prior to trial, the Government will have draft schedules prepared reflecting the evidence the Government anticipates will be admitted. Defendants have been provided with the underlying documentary evidence which will be used in creating the summary schedules for trial as well as draft summaries prepared by Special Agent Brian Shern that were presented to the Grand Jury.

    2.    *Subject Matter of Anticipated Testimony as to Specific Defendants*

### LINDSEY KENT SPRINGER

With regard to Defendant Springer, Revenue Agent Miller is expected to testify, in sum and substance, as follows: first, that Defendant Springer has failed to file an individual income tax return for any year from 1990 up to and through 2008, and regarding the tax history (including, but not limited to, filings, payments, and withholdings) for the defendant; second, the amount of income earned by Defendant Springer during the prosecution years and otherwise; and third, regarding the tax consequences of Defendant Springer's conduct as described in the Indictment.

### OSCAR AMOS STILLEY

With regard to Defendant Stilley, Mr. Miller is expected to testify, in sum and substance, as follows: first, that Defendant Stilley has failed to file an individual income tax return for any year from 1990 up to and through 2008, and the tax history (including, but not limited to, filings, payments, and withholdings) for the defendant; second, the amount of income earned by Defendant Stilley during the prosecution years and otherwise; and third, regarding the tax consequences of Defendant Stilley's conduct as described in the Indictment.

   3. *Subject Matter of Anticipated Testimony as to Charges Generally*

In addition to testimony related to the specific defendants, Mr. Miller will testify as to the tax implications of all of the conduct charged in the Indictment, as well as to additional evidence presented in the course of the trial.  With regard to each defendant, Mr. Miller will view the documentary evidence admitted at trial and hear the trial testimony.  Applying the relevant provisions of the Internal Revenue Service Code, he is expected to calculate the amount of income earned and tax due and owing to the United States Treasury.  He is also expected to testify that, pursuant to the relevant provisions of the Internal Revenue Code, federal tax returns for the years 2000 through 2005 were required to be timely filed by each defendant.

II

**CONCLUSION**

Federal Rule of Criminal Procedure 16(a)(1)(G) requires that the United States provide notice of its intent to use expert witness testimony at trial.  The United States hereby provides such notice, and reserves the right to seek the Court's permission to offer additional expert witnesses should they become necessary.  Finally, the United States requests reciprocal discovery pursuant to Fed.R.Crim.P. 16.

              Respectfully submitted,

              THOMAS SCOTT WOODWARD
              ACTING UNITED STATES ATTORNEY

               /s Charles A. O'Reilly
              CHARLES A. O'REILLY, CBA No. 160980
              Special Assistant U.S. Attorney
              KENNETH P. SNOKE, OBA No. 8437
              Assistant United States Attorney
              110 West Seventh Street, Suite 300
              Tulsa, Oklahoma  74119
              (918) 382-2700

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 13th day of August 2009, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Lindsey Kent Springer
*Pro se* Defendant

Oscar Amos Stilley
*Pro se* Defendant

Robert Williams
Standby Counsel assigned to Lindsey Kent Springer

Charles Robert Burton, IV
Standby Counsel assigned to Oscar Amos Stilley.

    /s Charles A. O'Reilly
CHARLES A. O'REILLY, CBA No. 160980
Special Assistant U.S. Attorney