IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 09-CR-43-SPF |
| | ) | |
| LINDSEY KENT SPRINGER and | ) | |
| OSCAR STILLEY, | ) | |
| | ) | |
| Defendants. | ) | |

SPRINGER'S SUMMARY OF THE INDICTMENT

Lindsey Springer ("Springer") submits his "summary" of the indictment in this case. Springer requests in leu of a summary that the Court simply read the indictment instead of a summary. It is clear the parties cannot agree on the most basic of issues. For instance, the parties do not agree on the elements of any of the Counts. The Prosecution still believed as of this morning that Mr. Stilley was charged in Count Two. The Prosecution believed as of this morning that tax evasion was the object in Count One along with impeding the lawful function language. The Prosecution as of this morning believed the crime in Counts Two, Three and Four, was tax evasion instead of "attempted tax evasion." There are so many differences between what the Prosecution advances in theory and what the actual laws say, accompanied with 10th Circuit and Supreme Court precedent, that the only way to avoid this conflict is to simply read the jury the indictment.

Springer proposed this morning the following:

1

SPRINGER'S SUMMARY OF INDICTMENT

1. In Count One, the Indictment charges that from the year 2000 to January 15, 2009, Defendants Springer and Stilley conspired to defraud the United States by working together to impede and impair the ability of the Internal Revenue Service to ascertain, compute, assess, and collect the federal income tax liabilities owed by Defendant Springer. The Indictment charges that, in an attempt to evade his federal income tax obligations, Defendant Springer conspired with Defendant Stilley and others to hide the fact that Defendant Springer received income. The Indictment charges that Defendant Springer earned taxable income and utilized various means to hide this fact. These means included using the nominee name Bondage Breakers Ministry, using Defendant Stilleys attorney-client trust account to transmit funds to Defendant Springer, and using Defendant Stilleys credit card Defendant Springer's purchases for which Defendant Springer reimbursed Defendant Stilley. The Indictment alleges that the defendants took these and other steps to impede, impair, obstruct and defeat the Internal Revenue Service in its ascertainment, computation, assessment and collection of federal income tax liabilities owed by Defendant Springer for years 2000, 2003 and 2005.

2. The elements of conspiracy "to defraud" under 18 U.S.C. § 371 are "that (1) the defendant entered into an agreement; (2) the agreement involved a violation of the law; (3) one of the members of the conspiracy committed an overt act; (4) the overt act was in furtherance of the conspiracy's object; [and] (5) the defendant wilfully entered the conspiracy," *United States v. Weidner*, 437 F.3d 1023, 1033 (10th Cir. 2006). See also U.S. v. Thompson, 518 F.3d 832, 853 (10th Cir. 2008), and (6) interdependence among the alleged co-conspirators; that is the members, in some way or manner, intended to act together for their shared mutual benefit within the scope of the conspiracy charged. Title 18, United States Code Section 371. *See United States v. Edwards,* 69 F.3d 419, 430-431 (10th Cir. 1995); Tenth Circuit Pattern Jury Instructions 2.19 (2005) (modified)

3. Defendant Springer is charged in Count Two with attempting to evade Defendant Springer's income tax liability for the years 2000 in violation of Title 26, United States Code, Section 7201. The elements of attempted tax evasion are: (1) a substantial tax liability was due and owing by Springer for the year 2000; United States v. Mounkes, 204 F.3d 1024, 1028 (10th Cir. 2000); U.S. v. Anderson, 319 F.3d 1218, 1219 (10th Cir. 2003); U.S. v. Thompson, 518 F.3d 832, 853 (10th Cir. 2008) and U.S. v. Farr, 536 F.3d 1174, 1181 (10th Cir. 2008), (2) willfulness; and (3) an affirmative act constituting evasion or attempted evasion of payment regarding the tax liability owed by Springer. United States v. Mounkes, 204 F.3d 1024, 1028 (10th Cir. 2000);

U.S. v. Anderson, 319 F.3d 1218, 1219 (10th Cir. 2003). To find Springer acted willfully as alleged in Count Two, the Government must prove (1) that the law imposed a specific duty on Springer to file a Form 1040 at the time, place and manner, prescribed therein, (2) that Springer knew of this specific duty according to these prescribed laws, and (3) that he voluntarily and intentionally violated such duty under these laws. . U.S. v. Chisum, 502 F.3d 1237, 1241 (10th Cir. 2007); quoting Cheek v. United States, 498 U.S. 201, 202 (1991).

4. Defendants Springer and Stilley are charged in Counts Three and Four with attempting to evade Defendant Springer's income tax liability for the years 2003 and 2005 in violation of Title 26, United States Code, Section 7201. Defendant Stilley is charged using the aiding and abetting statue, Title 18, United States Code, Section 2. The elements of attempted tax evasion are: The elements of attempted tax evasion are: (1) a substantial tax liability was due and owing by Springer for the year 2003 and 2005; United States v. Mounkes, 204 F.3d 1024, 1028 (10th Cir. 2000); U.S. v. Anderson, 319 F.3d 1218, 1219 (10th Cir. 2003); U.S. v. Thompson, 518 F.3d 832, 853 (10th Cir. 2008) and U.S. v. Farr, 536 F.3d 1174, 1181 (10th Cir. 2008), (2) willfulness; and (3) an affirmative act constituting evasion or attempted evasion of payment regarding the tax liability owed by Springer. United States v. Mounkes, 204 F.3d 1024, 1028 (10th Cir. 2000); U.S. v. Anderson, 319 F.3d 1218, 1219 (10th Cir. 2003).To find Springer acted willfully as alleged in Count Three and Four, the Government must prove (1) that the law imposed a specific duty on Springer to file a Form 1040 at the time, place and manner, prescribed therein, (2) that Springer knew of this specific duty according to these prescribed laws, and (3) that he voluntarily and intentionally violated such duty under these laws. U.S. v. Chisum, 502 F.3d 1237, 1241 (10th Cir. 2007); quoting Cheek v. United States, 498 U.S. 201, 202 (1991). The elements of aiding and abetting are that the Government must prove beyond a reasonable doubt Stilley (1) "willfully associate[d] with the criminal venture," and (2) "aid[ed] such venture through affirmative action." *United States v. Jones*, 44 F.3d 860, 865, 869 (10th Cir. 1995)

5. Additionally, Defendant Springer is charged individually in Counts Five and Six with willfully failing to file his federal income tax return Form 1040 for the years 2002 and 2004, in violation of Title 26, United States Code, Section 7203. The elements of willful failure to file a Form 1040 are: (1) Springer omitted filing a Form 1040 for each of the years 2002 and 2004 and (2) Springer acted willfully. Sansone v. United States, 380 U.S. 343, 351 (1965)  To find Springer acted willfully as alleged in Count Five and Six, the Government must prove (1) that the law imposed a specific duty on Springer to file a Form 1040 at the time, place and manner, prescribed therein, (2) that Springer knew of this specific duty according to these prescribed laws, and (3) that he voluntarily and intentionally violated such duty under these laws. U.S. v.

Chisum, 502 F.3d 1237, 1241 (10th Cir. 2007); quoting Cheek v. United States, 498 U.S. 201, 202 (1991). See also United States v. Thompson/Center Arms Co., 504 U.S. 505, 518 (1992); Bryan v. United States, 524 U.S. 184, 194 (1998)

6. In each of the Six Counts of the indictment, the Government is required to prove venue. Proof of venue is an essential element of each of the Counts in the Government's case according to the offenses charged and the Sixth Amendment. It may be established by direct or circumstantial evidence. Furthermore, unlike other elements of an offense which must be proved beyond a reasonable doubt, *venue need* only be proved by a preponderance of the evidence." U.S. v. Taylor, 828 F.2d 630, 633 (10th Cir. 1987) The requirement concerning the place of filing of the individual income tax return Form 1040 for the years 2000 through 2005 is provided in 26 U.S.C.A. § 6091(b)(1)(A) for persons other than corporations. It prescribes the place of filing as "in the internal revenue district in which is located the legal residence or principal place of business of the person making the return. . . ." "The federal statute and regulations lay down the rule as a matter of federal law." Taylor at 634 In order for you to find venue was proven to be in the United States District Court for the Northern District of Oklahoma you must find (1) Springer was required by law to file a Form 1040 for the years 2000 through 2005 on or before April 15, 2001, April 15, 2002, April 15, 2003, April 15, 2004, April 15, 2005 and April 15, 2006 with the District Director over the Internal Revenue District encompassing the County of Creek, State of Oklahoma; (2) that Springer maintained a legal residence in this "Internal Revenue District" established by law at the same time; (3) that legal residence was located within the geographical boundaries of the United States District Court for the Northern District of Oklahoma. To find an "Internal Revenue District" encompassed the legal residence of Springer according to Title 26, Section 7621, you must find that as of January 1, 2001, and continuing through April 15, 2006, the President of the United States of America had established an "Internal Revenue District" encompassing the County of Creek in the State of Oklahoma. To find Springer's residence is within the United States District Court for the Northern District of Oklahoma you must find that Springer lived in the County of Creek in the State of Oklahoma.

The only communication Springer is aware of in response to this proposed summary was that the Prosecution told Stilley in an email they cannot agree with Springer's proposal. If the Court wishes to see these emails Springer will be more than happy to provide them at the request of the Court. Springer was given the

4

proposed summary this morning and told he had to have his summary back to the Prosecution by "COB" which Springer took to mean "close of business." Springer had his proposal to the Prosecution by 1:00 P.M. today.

Therefore, out of an abundance of caution Springer submits his summary of the indictment and would request this Court simply read the indictment to the trial jury.

Respectfully Submitted
/s/ Lindsey K. Springer
Lindsey K. Springer
5147 S. Harvard, # 116
Tulsa, Oklahoma 74135
918-748-5539/955-8225(cell)

CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of Lindsey Kent Springer's Proposed Summary of Indictment was ecf'd on September 21, 2009 to:

Kenneth P. Snoke,
Charles O'Reilly,
Oscar Stilley

                              <u>/s/ Lindsey K. Springer</u>
                              Signature