IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 09-CR-43-SPF |
| | ) | |
| LINDSEY KENT SPRINGER and | ) | |
| OSCAR STILLEY, | ) | |
| | ) | |
| Defendants. | ) | |

FIRST MOTION IN LIMINE (Meadors)

Lindsey Kent Springer ("Springer") moves the Court for an order prohibiting the Prosecution in this case from presenting any evidence obtained by way of Donna Meadors in her official capacity that was obtained unlawfully and is based upon hearsay pursuant to Federal Rules Evidence 802.

It is expected Donna Meadors will be testifying in the Government's case in chief or that she will be referenced as an author to certain documents and testimony obtained during her 6700 investigation of Springer.

Ms. Meadors relied upon Title 26, Section 7601 in issuance of certain summons she utilized in gathering information relied upon by Brian Shern in his pursuit of Springer.

Section 7601 only authorizes summons if an authorized person is to "canvass" "internal revenue districts" to inquire after and concerning all persons therein who may be liable to pay any internal revenue tax..." "IRS has broad authority to issue

1

summonses in support of its efforts to determine taxpayers' tax liabilities. *See* 26 U.S.C. § 7601, 7602; *United States v. Arthur Young & Co.,* 465 U.S. 805, 816, 104 S.Ct. 1495, 1502, 79 L.Ed.2d 826 (1984). Codner v. U.S., 17 F.3d 1331, 1332 (10th Cir. 1994); see also U.S. v. Taylor, 828 F.2d 630, 634 (10th Cir. 1987)("The requirement concerning the place of filing of the individual income tax returns is provided in 26 U.S.C.A. § 6091(b)(1)(A) for persons other than corporations. It prescribes the place of filing as "**in the internal revenue district** in which is located the legal residence or principal place of business of the person making the return. . . ." The federal statute and regulations **lay down the rule as a matter of federal law**,..."); see also Rush v. United States, 256 F.2d 862, 864 (10th Cir. 1958)( Title 26, Section 7325 provides "for the appraisal of seized goods by disinterested citizens who reside in 'the internal revenue district wherein the seizure was made.'")

The Prosecution admits that since at least October, 2000, all "internal revenue districts" under Title 26, Section 7621 have been "abolished."  See Doc. 71, page 4

Springer was not every allowed to file any objection to such summons.  Ms. Meadors investigation under 6700 was began in January, 2004 and concluded by the end of December, 2004. Ms. Meadors had no authority under Title 26 to issue any summons outside the canvassing "internal revenue districts" and her usage of summons was not authorized by Title 26, Section 7601 or 7602.

Ms. Meadors is also expected to testify about what she learned during her 6700 investigation.  Such presentation of evidence would be hearsay and violate

2

Springer's right to confront witnesses both against him and in aid of his defense.

CONCLUSION

Springer requests this Court prohibit Donna Meadors from testifying about anything someone told her or shared with her unless and until the person she is testifying about has previously testified at trial regarding the very information she seeks to convey to the jury at trial.

Respectfully Submitted
/s/ Lindsey K. Springer
Lindsey K. Springer
5147 S. Harvard, # 116
Tulsa, Oklahoma 74135
918-748-5539/955-8225(cell)

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Lindsey Kent Springer's

First Motion in Limine was ecf'd on September 21, 2009 to:

Kenneth P. Snoke,
Charles O'Reilly,
Oscar Stilley

<u>/s/ Lindsey K. Springer</u>
Signature