IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 09-CR-43-SPF |
| | ) | |
| LINDSEY KENT SPRINGER and | ) | |
| OSCAR STILLEY, | ) | |
| | ) | |
| Defendants. | ) | |

SECOND MOTION IN LIMINE (Stilley)

Lindsey Kent Springer ("Springer") moves the Court for an order prohibiting the Prosecution in this case from presenting any evidence obtained by way of Oscar Stilley testifying or answering any questions of any Grand Jury or of any other evidence obtained by way, directly or indirectly, of any investigator in any case brought against Oscar Stilley. This includes but is not limited to any documents produced by Oscar Stilley in complying with any Grand Jury Subpoena or any supplement to such testimony as well as any persecution in the State of Arkansas by the Supreme Court of the State of Arkansas.

Paragraph 13 of Count One alleges that Stilley misrepresented the "source and nature" of Springer's income from the IRS, "Grand Jury" and "Department of Justice." The timing of Mr. Stilley's testimony and production of documents has been at issue previously before this Court on the question of whether Mr. Stilley was under criminal investigation at the time of the authorization and issuance of a

1

Grand Jury subpoena during the calender year 2006.

Paragraph 17 of Count One alleges Stilley testified before a Grand Jury on March 9, 2006. Paragraph 43 and 45 allege Stilley made false statements to IRS Agents and IRS Employees.

**1       Presenting testimony or documents obtained from Stilley and any other evidence of such hearsay violates confrontation clause of Sixth Amendment and rule outlined in Bruton v. U.S.**

In Bruton v. United States, 391 U.S. 123 (1968), the Supreme Court held that in a joint trial, one defendant's "powerfully incriminating extrajudicial statements" regarding a co-defendant violate the co-defendant's Sixth Amendment rights, despite instructions to the jury to disregard that evidence when determining guilt. See  U.S. v. Rahseparian, 231 F.3d 1267, 1276 (10th Cir. 2000) The test is whether the out of court statements are "inculpatory" or rather merely "inferentially incriminating."  Id. at 1277; citing Richardson v. Marsh, 481 U.S. 200, 208 (1987)

The charges in Count One are conspiracy and in Counts Three and Four are that Springer and Stilley aided and abetted each other to commit the offense of attempted tax evasion of Springer's tax liability for calender year 2003 and 2005.

"Admitting statements deemed reliable by a judge is fundamentally at odds with the right of confrontation. To be sure, the Clause's ultimate goal is to ensure reliability of evidence, but it is a procedural rather than a substantive guarantee. It commands, not that evidence be reliable, but that reliability be assessed in a particular manner: **by testing in the crucible of cross-examination**. The Clause thus

reflects a judgment, not only about the desirability of reliable evidence (a *point on which there could be little dissent*), but about how reliability can best be determined. Cf. 3 Blackstone, Commentaries, at 373 ("This open examination of witnesses . . . is much more conducive to the clearing up of truth"); M. Hale, History and Analysis of the Common Law of England 258 (1713) (adversarial testing "beats and bolts out the Truth much better")." Crawford v. Washington, 541 U.S. 36, 62 (2004)

"When many defendants are tried together in a complex case and they have markedly different degrees of culpability, this risk of prejudice is heightened." See *Kotteakos* v. *United States*, 328 U.S. 750, 774-775 (1946). "Evidence that is probative of a defendant's guilt but technically admissible only against a codefendant also might present a risk of prejudice." Zafiro v. United States, 506 U.S. 534, 539 (1993); citing *Bruton* v. *United States*, 391 U.S. 123 (1968). "Conversely, a defendant might suffer prejudice if essential exculpatory evidence that would be available to a defendant tried alone were unavailable in a joint trial." See Zafiro supra, citing Tifford v. *Wainwright*, 588 F.2d 954 (CA5 1979) (*per curiam*).

On or about August 20, 2009, Springer received the Grand Jury testimony of Brian Shern which although clearly littered with false summary testimony that the trial jury will plainly see, such testimony contains clear evidence the United States intends to rely upon violating Springer's Sixth Amendment Rights to confront witnesses and or the Fifth Amendment Right of Stilley not to testify.

3

Springer cannot force Stilley to testify at trial in order to allow Springer to test his answers Shern testified in summary Stilley gave to the Grand Jury. However, because the claims against Springer rely heavily upon Stilley's testimony Shern stated "Lindsey Springer does not charge for his services." See Exhibit 1, pg. 30 "GJ01471"

Mr. Shern also obtained the Grand Jury indictment by summarizing Mr. Stilley's testimony that Stilley did not testify about "all the payments he made, you know, to Mr. Springer." Exhibit 1, pg. 31 "GJ01471"

It is clear at this juncture to Springer that the Prosecution is intending to rely upon violating Springer's right to confront all witnesses against him to present their case in chief on the issues related to Stilley's testifying and presenting documentary evidence which Springer was never offered the right to cross examine Stilley before trial. Stilley's testimony and production of documents and other matters must not be allowed to be presented to the trial jury as they are extrajudicial, out of court statements, and qualify for no exception under the hearsay rule.

**2. Springer cannot compel Stilley to testify at trial based upon Stilley's Right secured under Fifth Amendment.**

The Fifth Amendment prohibits any defendant from being compelled to be a witness against himself in any criminal case. "In appropriate cases, a defendant's right to present a defense must bow to accommodate legitimate, competing interests in the criminal trial process." See U.S. v. Serrano, 406 F.3d 1208, 1215 (10th

4

Cir. 2005). "Traditional testimonial privileges — including the Fifth Amendment privilege against self-incrimination — represent legitimate trial interests sufficient to force a defendant's right to present a defense to give way."

U.S. v. Rivas-Macias, 537 F.3d 1271, 1278 (10th Cir. 2008)

The Prosecution appears to be planning to present evidence through its case agent and summary witness Brian Shern what Mr. Stilley testified to before the March 9, 2006 Grand Jury.  It is also now clear that Mr. Shern plans to inform the jury at trial to things Mr. Stilley tendered in response to the Grand Jury subpoena.

Yet, the Prosecution cannot call Mr. Stilley in their case in chief and in fact the Court is to instruct the jury that Mr. Stilley has an absolute right not to testify and cannot be called by Government or Springer.   Springer will make and maintain constant objections to the introduction by the Prosecution of each and every statement made by Stilley to anyone as hearsay unless Springer is allowed to cross examine Stilley on those statements during the Prosecution's case in chief.

**3.      Sever will not fix the problem**

Severance will not fix the problem Shern's testimony demonstrates in the Prosecution's case in chief.  See Exhibit 1 cited above.   In a conspiracy the overt act committed by any member of the alleged conspiracy may be relied upon to satisfy that prong of the elements test. The elements of conspiracy "to defraud" under 18 U.S.C. § 371 are "that (1) the defendant entered into an agreement; (2) the agreement involved a violation of the law; (3) one of the members of the

5

conspiracy committed an overt act; (4) the overt act was in furtherance of the conspiracy's object; (5) the defendant wilfully entered the conspiracy," *United States v. Weidner*, 437 F.3d 1023, 1033 (10th Cir. 2006). See also U.S. v. Thompson, 518 F.3d 832, 853 (10th Cir. 2008), and (6) interdependence among the alleged co-conspirators; that is the members, in some way or manner, intended to act together for their shared mutual benefit within the scope of the conspiracy charged. Title 18, United States Code Section 371. *See United States v. Edwards,* 69 F.3d 419, 430-431 (10th Cir. 1995); Tenth Circuit Pattern Jury Instructions 2.19 (2005) (modified)

Whether the Prosecution splits the indictment into to different trials or leaves it the way it is, based upon Shern's testimony recently disclosed to Springer, there is no way such testimony can be maintained at trial without the direct and intentional violation of Springer's Right under the Sixth Amendment to confront every witness the Prosecution relies upon in presenting its case in chief.

CONCLUSION

Springer requests this Court issue an order prohibiting the Prosecution from presenting any testimony of Oscar Stilley or any other words stated by Oscar Stilley, orally or in writing, including any documents presented by Mr. Stilley to the Prosecution and Grand Jury in 2006 unless and until Springer is provided the right at trial during the Prosecution's case in chief to confront Mr. Stilley as to his out of court statements, documents and testimony.

Respectfully Submitted

/s/ Lindsey K. Springer
<u>Lindsey K. Springer</u>
5147 S. Harvard, # 116
Tulsa, Oklahoma 74135
918-748-5539/955-8225(cell)

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Lindsey Kent Springer's Second Motion in Limine was ecf'd on September 21, 2009 to:

Kenneth P. Snoke,
Charles O'Reilly,
Oscar Stilley

                                          /s/ Lindsey K. Springer
                                          Signature