IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 09-CR-43-SPF |
| | ) | |
| LINDSEY KENT SPRINGER and | ) | |
| OSCAR STILLEY, | ) | |
| | ) | |
| Defendants. | ) | |

THIRD MOTION IN LIMINE (Sixth Amendment)

Lindsey Kent Springer ("Springer") moves the Court for an order prohibiting the Prosecution in this case from presenting any evidence in general that would violate the Sixth Amendment to the Constitution.

The Prosecution plans on entering evidence of certificates signed by some employee of the United States in effort to establish certain facts into evidence for the jury to consider.

The Sixth Amendment to the United States Constitution, made applicable to the States via the Fourteenth Amendment, *Pointer* v. *Texas*, 380 U. S. 400, 403 (1965), provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." In *Crawford*, after reviewing the Clause's historical underpinnings, we held that it guarantees a defendant's right to confront those "who `bear testimony'" against him. Crawford v. Washington, 541 U.

1

S. 36, 51 (2004). A witness's testimony against a defendant is thus inadmissible unless the witness appears at trial or, if the witness is unavailable, the defendant had a prior opportunity for cross-examination. *Id.*, at 54. Luis E. Melendez-Diaz v. Massachusetts, 129 S.Ct. 2527 (decided 6.25.09) Melendez-Diaz objected to the admission of certificates.

Springer request this Court prohibit the Prosecution from attempting to present or presenting any document into evidence, certified, declaration, affidavit or the like, which purports to establish directly or circumstantially any fact into evidence for the jury to consider, unless the person so testifying is the source of the document and the direct source of the information contained within the document.

Springer cannot cross examine a computer system. Springer requests further that if the source of the information sought to be presented is derived from any computer that the person or source of the information then input to the computer must by the witness testifying or the document and information must be prohibited from being presented at trial.

The reason for this is clear as announced and directed by the Supreme Court in the Melendez-Diaz decision. Springer has a Sixth Amendment Right to confront the witness against him and to present witnesses in his favor. If Springer is confronted with a witness testifying about what a computer says or does not say and that person is not the author of the information then Springer would be denied

the right to cross examine the witness as to the substance of the information being presented.

Springer will request voir dire of all witnesses in this regard.

CONCLUSION

Springer request this Court prohibit the Prosecution from presenting any evidence, affidavit, declaration or other documents from any potential witness unless the witness testifying is capable of testifying about not only the source of the information but that witness is the source of the information contained within the affidavit, declaration or other document.

Respectfully Submitted
/s/ Lindsey K. Springer
<u>Lindsey K. Springer</u>
5147 S. Harvard, # 116
Tulsa, Oklahoma 74135
918-748-5539/955-8225(cell)

CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of Lindsey Kent Springer's Third Motion in Limine was ecf'd on September 21, 2009 to:

Kenneth P. Snoke,
Charles O'Reilly,
Oscar Stilley

                      <u>/s/ Lindsey K. Springer</u>
                      Signature