IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA                                          PLAINTIFF

v.                              Case No. 09-CR-043 SPF

LINDSEY KENT SPRINGER,
OSCAR AMOS STILLEY                                                DEFENDANT

### BRIEF IN SUPPORT OF MOTION FOR SUBPOENAS PURSUANT TO RULE 17(b)

Comes now **OSCAR AMOS STILLEY**[1] by limited special appearance, and not a general appearance, and for his motion states:

A defendant is entitled to an ex parte hearing in order to establish the right to relief under Fed. Crim. Pro. R. 17(b). See *United States v. Greschner*, 802 F.2d 373 (10th Cir. 1986) where the Court said:

> [24] The defendants' motion invoked 18 U.S.C. § 3006A(e) and Fed.R.Crim.P. 17(b). These provisions require the trial court to consider the motions ex parte. See Marshall v. United States, 423 F.2d 1315, 1318 (10th Cir. 1970) (Government attorney's participation at hearing violates § 3006A(e)'s ex parte requirement); accord United States v. Lawson, 653 F.2d 299, 304 (7th Cir. 1981) (dictum) (same) cert. denied, 454 U.S. 1150, 102 S.Ct. 1017, 71 L.Ed.2d 305 (1982); Mason v. State of Arizona, 504 F.2d 1345, 1352 (9th Cir. 1974) (dictum) (Government attorney's presence at hearing violates § 3006A(e), cert. denied, 420 U.S. 936, 95 S.Ct. 1145, 43 L.Ed.2d 412 (1975); United States v. Chavis, 476 F.2d 1137, 1145 (D.C.Cir. 1973) (same);

---

[1] It is presumed that the plaintiff is master of his own complaint. This complaint is styled in the name of "**UNITED STATES OF AMERICA**" as opposed to the people thereof, or any grand jury. Plaintiff, whoever that may actually be, named **OSCAR AMOS STILLEY** as a Defendant. Therefore, **OSCAR AMOS STILLEY** has appeared specially and limited, challenging jurisdiction, to defend against the charges to the extent required so to do by the law.

United States v. Sutton, 464 F.2d 552, 553 (5th Cir. 1972) (per curiam) (same); Holden v. United States, 393 F.2d 276, 278 (1st Cir. 1968) (Government attorney's presence at hearing violates Rule 17(b); cf. United States v. Brown, 535 F.2d 424, 428-29 (8th Cir. 1976) (Rule 17(b) violated by local rule requiring defendant to send copies of subpoena applications to Government).

[25] The trial court violated the statute and the Rule by allowing two Government attorneys to attend the hearing. V R. 2; VI R. 2. In connection with the request for a penologist, the court instructed the defendants to present "some need material." V R. 6. In responding to this requirement the defendants disclosed their theory of self-defense. V R. 6-10. The manifest purpose of the ex parte proceedings provided for in the statute and the Rule is to insure that defendants will not have to make a premature disclosure of their case. Marshall v. United States, 423 F.2d at 1218; see also H.R.Rep. No. 864, 88th Cong., 2d Sess. (1963) (Criminal Justice Act's ex parte procedure "prevents the possibility that an open hearing may cause a defendant to reveal his defense"), reprinted in 2 U.S.Code Cong. & Ad.News 2990, 2990 (1964) (emphasis added); S.Rep. No. 346, 88th Cong., 1st Sess. 3 (1963) (ex parte requirements inserted into Criminal Justice Act "in order to protect the accused from premature disclosure of his case") (emphasis added).

A defendant is required to make some showing of need. *U.S. v. Hernandez-Urista*, 9 F.3d 82 (10th Cir. 1993). This pleading is filed as an open document with a summary of expected testimony. In so doing Defendant does not waive the right to an ex parte hearing to flesh out any details that the Court may deem necessary to make a decision. There are in fact other serious issues concerning the testimony sought, that Oscar Stilley is not agreeable to sharing with the government.

The government in its 404(b) disclosure included "defendant Stilley's practice of law, including suspensions, sanctions and disbarment proceedings." The government further stated that:

The evidence offered by the United States pursuant to Federal Rule of Evidence 404(b) will be offered in its case-in-chief as proof of the defendants' intent, knowledge and willfulness. The United States specifically reserves the right to supplement and amend this notice prior to the introduction of the evidence, and does not waive any argument that the above-identified matters are intrinsic to the charged offense.

Defendant needs the following witnesses, listed by name, with the expected testimony for each.

Mark Zokle, former client who testified against Oscar Stilley at disbarment trial. He will testify that he came to Little Rock, Arkansas to testify in the disbarment trial of Oscar Stilley. His testimony was received out of order, and used solely for purposes of determining punishment later. He was told to come to Little Rock, Arkansas to testify as part of a deal made with the government for a reduction in punishment on a plea entered for certain tax charges. Mr. Zokle will give testimony as to the reasons that he failed to pay the amounts shown due on tax returns without telling Oscar Stilley.

Mark McBride will testify as to the unwritten agreement between Mr. Zokle and the government, and the reasons that Mr. Zokle came and testified. Mr. McBride will provide testimony as to why Mr. Zokle failed to inform the special judge for disbarment about his former accountant who stole nearly $400,000 from him. Mr. McBride will provide further explain why he went to Little Rock, Arkansas with his client to testify in the disbarment, but failed to ensure that the special judge for the disbarment knew about the theft.

Seth Uram, US Attorney prosecuting Mark McBride, will provide information as to why Tom Baird was given a special deal to testify against Mark Zokle, rather than punishing him fulling for stealing money withheld for deposit for taxes.

Thomas Baird, Accountant for Mark Zokle who allegedly stole tax deposit money from Zokle, who will testify about his theft of money from Zokle, and how he got a better deal by agreeing to testify against Mr. Zokle.

Stark Ligon, Executive Director of the Arkansas Supreme Court Committee on Professional Conduct, will explain how he has managed on numerous occasions to get the panels assigned to Oscar Stilley's cases to summarily refuse to rule on serious constitutional and other legal questions presented for their review.  He will testify as to how he managed to get a disbarment recommendation against Oscar Stilley despite the fact that when the special judge told him to cite his record support on a count by count basis, he listed not a single citation to the record in his count by count analysis of all 32 counts.  He will explain how he got a disbarment recommendation with only one witness on the question of liability, namely Oscar Stilley, and how he got volumes of rank hearsay admitted, not one smidgen of which he could say was sufficiently probative to support a record citation, as to any count of a 32 count complaint. He will explain why he made copious citations to the official record when discussing irrelevant matters, or matters not alleged as part of any count of his 32 count complaint for disbarment.  He will testify about his conversations with Seth

Uram and others, and about the documents that he received from the US DOJ in his quest to disbar Oscar Stilley.

W. H. "Dub" Arnold, Tom Glaze, and Ray Thornton, Former Arkansas Supreme Court Justices, and current Arkansas Supreme Court Justices Donald Corbin, Annabelle Clinton Imber, Jim Hannah, and Robert Brown will testify as to why they summarily dismissed a complaint against themselves for an illegal exaction, without the slightest notice or opportunity to be heard, in a case filed by Oscar Stilley. They will also give testimony as to why and how they ordered a lawyer ethics complaint to be made, quashed their own subpoenas for their testimony, again without any notice or opportunity to be heard whatsoever, in a tribunal in which they were not parties and had no jurisdiction whatsoever. They will explain why they failed to recuse on motion, when the suspension was appealed, despite the fact that they were the sole accusers and there were no other witnesses against Oscar Stilley. They will explain why they decided the appeal and upheld the attorney sanctions while refusing to address the central issues on appeal. They will explain why they have repeatedly refused to rule on issues before the court relative to Oscar Stilley.

US District Court Judge Thomas Eisele was the accuser of Oscar Stilley in the matter of his disbarment, who avoided any requirement to give testimony by deposition or at trial concerning his accusations. He will give testimony as to why that he made the accusations, the nature of the accusations, and why he

refused to testify even though other judges have testified at the Arkansas Supreme Court Committee on Professional Conduct about their complaints against lawyers.

US District Court Judge Jimm Larry Hendren, in determining a show cause proceeding, found that process in the attorney disciplinary proceedings leading up to and including disbarment proceedings was not the process due. He will explain why he stated, without authority, that some deprivations of due process don't arise to constitutional dimensions. He will also explain why he made a complaint against Oscar Stilley for language deemed critical of the government.

Sebastian County, Arkansas, Circuit Judge Stephen Tabor made allegations leading to disbarment proceedings, but obtained an order quashing his subpoena, so that he never had to face his accused. He will also explain why he allowed parties in his Court to convert funds in a certified check to an unauthorized use, thus causing Oscar Stilley to be jailed for three weeks without work release.

Paul Beran, Chancellor of University of Arkansas at Fort Smith will explain why he authorized the conversion of the funds mentioned above, and why he intentionally sought denial of work release, which was contradictory to his claim that UAFS was trying in good faith to collect a judgment.

James Marschewski, former Sebastian County, Arkansas, Circuit Judge, currently

a US Magistrate, will explain why he ordered Oscar Stilley to turn over attorney-client privileged material, and pay 100% of all money received, without exemption for unearned retainers, into the registry of the court, in violation of federal debt collection laws.  He will explain why he promised to consider my claim that he was on a committee for UAFS at the same time he heard their lawsuit and claim for sanctions, then evaded that responsibility for some 2 years.

US District Court Judge Claire Eagan, will explain why she made numerous claims while at the same time admitting and stating that the initial suspension of Oscar Stilley was unconstitutional.  She will explain why she sat on the show cause pleadings for many months, leaving Oscar Stilley suspended, then issued an order making numerous claims unsupported by any record before the Court.  She will also testify about her deals made with various parties in order to get Eddy Patterson to terminate Oscar Stilley and hire someone else, and about the compensation paid to such lawyers.

US District Court Judges Terence Kern, Gregory Frizzell, and James Payne will explain why they refused the right to Oscar Stilley to take depositions or present witnesses in his reciprocal suspension case, despite the fact that the local rule says that is a right, and the court can bring witnesses on its own motion.  They will explain why they repeatedly relied on Judge Eagan's conclusion even though her opinion was made without evidence, and no evidence was allowed.   They will explain why the claim that reliance on the

Arkansas Supreme Court Clerk as the agent of Oscar Stilley to provide notice of disbarment to other courts, a task assigned by rule to said clerk, was unreasonable and a basis for imposition of suspension. They will explain why they concluded, without evidence, that no such notice of suspension was timely received by the NDOK clerk.

US District Court Judge Mary H. Murguia (USDC Phoenix, Arizona) will bring all her records related to the payment of Oscar Stilley's billings as a lawyer at public expense for Patricia Ensign. She will also testify as to her reasons for removing Oscar Stilley as counsel under the CJA based on pleadings she suggested were frivolous. She will explain why that when all the accusations against Oscar Stilley were rebutted, she declared that she could terminate Oscar Stilley even if every word in his pleading was true, based on her discretion. She will explain her reasons for making major cuts in the bills submitted by Oscar Stilley, and then refusing to provide reasons and explanations in order to allow Oscar Stilley to better conform to her practice standards.

Defendant has reserved the right of substitution. Undersigned is not insensitive to the fact that many of his witnesses are judges. If this Court after an ex parte hearing finds that some other witness can provide equivalent testimony, then that witness is sought, without prejudice to the claim that the original witness is necessary and proper, except to the extent that undersigned agrees to the substitution.

WHEREFORE, Defendant Oscar Stilley respectfully requests that the Court issue the listed subpoenas; for all such other and further relief as may be appropriate whether or not specifically prayed.

Respectfully submitted,

By: /s/ Oscar Stilley
Oscar Stilley, Attorney at Law
7103 Race Track Loop
Fort Smith, AR 72916
479-996-4109
(866) 673-0176 Fax
oscar@oscarstilley.com

## CERTIFICATE OF SERVICE

I, Oscar Stilley, by my signature above certify that I have this September 21, 2009, caused the Plaintiff to be served with a copy of this pleading by CM/ECF to: Kenneth P. Snoke, United States Attorney's Office, 110 W 7th Street, Suite 300, Tulsa, OK 74119-1013, ken.snoke@usdoj.gov; Charles A O'Reilly, US Dept of Justice, PO Box 972, Washington, DC 20044, email charles.a.o'reilly@usdoj.gov . Also by email to Lindsey K. Springer at Gnutella@mindspring.com .