# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 09-CR-0043-F |
| ) | |
| LINDSEY KENT SPRINGER and ) | |
| OSCAR AMOS STILLEY, ) | |
| ) | |
| Defendants. ) | |

## **ORDER FOR HEARING**

Before the court is Defendant Springer's Application Under Rule 17(b), doc. no. 141, and Defendant Stilley's Motion for Subpoenas Pursuant to Rule 17(b), doc. no. 152.

The purpose of Rule 17(b)'s provision for ex parte proceedings is to insure that defendants will not have to make a premature disclosure of their case. United States v. Greschner, 802 F.2d 373, 380 (10th Cir. 1986), citing Marshall v. United States, 423 F.2d 1315, 1318 (10th Cir. 1970) and legislative history. Allowing the government to respond to motions that have been voluntarily filed with notice to the government – which is the case here with respect to both motions – does not infringe this purpose in any respect.[1] Accordingly, if the government desires to respond to the

---

[1] Defendant Springer's motion is entitled as an ex parte motion but it was not filed ex parte, and the certificate of service states that the motion "was ecf'd on September 21, 2009 to: Kenneth P. Snoke, Charles O'Reilly, [and] Oscar Stilley." Doc. no. 141, p. 12. Defendant Stilley's motion notes that his "pleading is filed as an open document with a summary of expected testimony" although defendant Stilley does not waive his entitlement to an ex parte hearing. Doc. no. 153, p. 2. The certificate of service reflects service "by CM/ECF" to Mr. Snoke, Mr. O'Reilly and defendant Springer. Doc. no. 153, p. 9.

motions, the government may do so by filing a response brief no later than October 5, 2009.

In order to protect the ex parte nature of the proceedings, the government will not be allowed to participate in the hearing on the motions. *See*, Rule 17(b), and Greschner, 802 F.2d at 379-80 and authorities cited there. Holding the hearing ex parte will allow the court to delve as deeply as necessary into the relevant facts while eliminating any possibility that defendants might, during this process, be required to reveal more of their defense to the government than they wish to reveal at this stage. *See*, U.S. v. Hildebrand, 928 F. Supp. 841, 856 (N.D. Iowa, 1996) (noting in that court's experience in conducting this type of ex parte hearing with defense counsel, the court must probe, sometimes quite deeply, into the nature of the defense).

Accordingly, the motions are **SET** for ex parte hearing on October 9, 2009, at 1:30 p.m.

Dated this 22nd day of September, 2009.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

09-0043p028.wpd