# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>LINDSEY KENT SPRINGER and )<br>OSCAR AMOS STILLEY, )<br>)<br>Defendants. ) | Case No. 09-CR-0043-F |

## **ORDER**

Rule 17(b), Fed. R. Crim. P., provides that, upon a defendant's ex parte application, the court must order that a subpoena be issued for a named witness if the defendant shows an inability to pay the witness's fees, and if the defendant shows the necessity of the witness's presence for an adequate defense. The purpose of this order is to provide defendants with some guidance regarding the court's expectations with respect to the showing required by Rule 17(b).

The court will take the sworn testimony of the defendants with respect to their asserted financial inability to pay witness fees. The court's questions may go to both assets and cash flow.

It is defendants' burden to meet the necessity requirement, and this burden is not light. United States v. Pursley, 2009 WL 2568954 (10th Cir., August 21, 2009) with additional authorities cited there.[1]  Mere allegations of materiality and necessity are not sufficient to establish that a witness is necessary to an adequate defense. *Id*. To show necessity, a defendant must establish that the witness's testimony is relevant,

---

[1]No page references are currently available for Pursley.

material and useful. *Id.* He must demonstrate particularized need. *Id.* Moreover, an adequate ground for the denial of a request of a subpoena under the necessity requirement exists when the defendant fails to set forth the expected testimony of the witness, or when the testimony of the subpoenaed witness would be cumulative of testimony of other witnesses. *Id.* Finally, practical factors also bear on the analysis, such as timing and the possible delay of trial. *Id.*

Applying these guidelines to the motions before it, the court's preliminary impression is that the testimony contemplated from some of the proposed witnesses may not relate to matters that are material or relevant to the issues in this case. For example, it is not obvious how testimony regarding proceedings or rulings which occurred during the course of other judicial proceedings are material or relevant. A number of witnesses are proposed to testify that they "supported Springer and his ministry." Again, it is not obvious how such testimony is relevant or material. Also, listing many witnesses to testify to the same facts is obviously cumulative.

Finally, with respect to the manner of conducting the ex parte hearing, defendants are advised that it is proper for the court, if necessary when probing the need for a subpoena to be issued under Rule 17(b), to require that the need be established by sworn testimony. *See*, Marshall v. United States, 423 F.2d 1315, 1319 (10th Cir. 1970) (addressing analogous requirement per 18 U.S.C. §3006A(e).

Dated this 22nd day of September, 2009.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

09-0043p029.wpd