# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 09-CR-043-SPF |
| | ) | |
| LINDSEY KENT SPRINGER, | ) | |
| OSCAR AMOS STILLEY, | ) | |
| | ) | |
| Defendants. | ) | |

## UNITED STATES' MOTION TO TAKE RULE 15 DEPOSITION
## AND BRIEF IN SUPPORT THEREOF

The United States of America, by and through its attorneys, Thomas Scott Woodward, Acting United States Attorney for the Northern District of Oklahoma, and Kenneth P. Snoke, Assistant United States Attorney, and Charles A. O'Reilly, Special Assistant United States Attorney, hereby moves this Court, pursuant to Rule 15 of the Federal Rules of Criminal Procedure, to order the videotaped deposition of witness Vikki Lynn Wiggins of Los Angeles, California, who is a witness in this case. As a result of health, Ms. Wiggins has become unable to travel to Tulsa, Oklahoma for the trial in the above-captioned case, currently set to begin October 26, 2009.

In support of this motion, the United States would show the Court that:

1. Vikki Lynn Wiggins is a witness with respect to Counts One and Two of the Indictment; her testimony is necessary to establish the payment of five checks totaling $65,000 to Defendant Springer.

2. During the time period 2000 and 2001, Ms. Wiggins was a minister with a local chapter of the Nation of Levites in New Mexico, at which time she came into contact with Defendant Springer.

3. Ms. Wiggins has resided in Los Angeles, California since approximately 2002.

4. According to Ms. Wiggins and her doctor, Ms. Wiggins' health prevents her from traveling. Ms. Wiggins recently came close to death and is now medically fragile.[1]

5. Ms. Wiggins paid Defendant Springer the five checks identified below for Defendant Springer's efforts in recovering money from a third party.

| Bates Number | Check Date | Payor | Payee | Amount |
|---|---|---|---|---|
| 1183 | 01/24/00 | Lea County State Bank | Bondage Breakers Ministries | $8,000 |
| 1181 | 01/25/00 | Bank of America | Bondage Breakers Ministries | $12,000 |
| 1162 | 10/06/00 | Garlin Assoc. Ministries of Nation of Levites | Bondage Breakers Ministries | $10,000 |
| 1148 | 05/31/01 | Garlin Assoc. Ministries of Nation of Levites | Lindsey Springer | $17,500 |
| 1146 | 05/31/01 | Garlin Assoc. Ministries of Nation of Levites | Lindsey Springer | $17,500 |

6. The United States learned of Ms. Wiggins unavailability on September 22, 2009, when Ms. Wiggins was contacted regarding serving her with a trial subpoena.

Under the law and the circumstances, Ms. Wiggins is both essential and "unavailable" under Rule 15 of the Federal Rules of Criminal Procedure and Federal Rule of Evidence

---

[1] Because of the shortness of time prior to trial, the United States is filing this motion in anticipation of receiving corroboration regarding Ms. Wiggins' condition from her medical doctor. When this information is received, the United States will immediately supply that information to the Court and Defendants.

804(a)(4). *See United States v. Keithan*, 751 F.2d 9, 12-13 (1st Cir. 1984); *United States v. Gigante*, 166 F.3d 75, 79-80 (2d Cir. 1999); *United States v. Terrazas-Montano*, 747 F.2d 467, 469 (8th Cir.1984); *United States v. Furlow*, 644 F.2d 764, 766-77 (9th Cir.1981).

The United States submits that the testimony of prospective witness Vikki Lynn Wiggins is relevant to the allegations in the Indictment, that exceptional circumstances exist under the facts of this case justifying the need for a deposition, and that the interests of justice would be served by taking a videotaped deposition of Ms. Wiggins in Los Angeles, California. Therefore that the deposition should be taken as soon as possible, and in any event in time for use at the October 26, 2009 trial. Pursuant to Rule 15 of the Federal Rules of Criminal Procedure, the United States will pay the costs associated with the taking of the deposition, including the cost of videotaping the deposition, preparing transcriptsof the videotaped deposition (if requested), and the travel of the defendants and their attorneys.

In an electronic communication dated September 25, 2009, Defendant Springer stated, he "will not agree to the taking of Ms. Wiggins and Garlin Associated Ministries deposition prior to trial ." Attachment A. Defendant Stilley also indicated he was opposed to the Government's motion in an electronic communication on the same date. Attachment B.

        Respectfully submitted,

        THOMAS SCOTT WOODWARD
        ACTING UNITED STATES ATTORNEY

        /s/ Charles A. O'Reilly
        CHARLES A. O'REILLY, CBA NO. 160980
        Special Assistant U.S. Attorney
        KENNETH P. SNOKE, OBA NO. 8437
        Assistant United States Attorney
        110 West Seventh Street, Suite 300
        Tulsa, Oklahoma 74119
        (918) 382-2700

**CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of September 2009, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Lindsey Kent Springer
Defendant

Oscar Amos Stilley
Defendant

Robert Williams
Standby Counsel assigned to Lindsey Kent Springer

Charles Robert Burton, IV
Standby Counsel assigned to Oscar Amos Stilley.

*/s/ Charles A. O'Reilly*
Special Assistant U.S. Attorney