IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 09-CR-43-SPF |
| | ) | |
| LINDSEY KENT SPRINGER and | ) | |
| OSCAR STILLEY, | ) | |
| | ) | |
| Defendants. | ) | |

SPRINGER'S OPPOSITION TO PRE-TRIAL VIDEO DEPOSITION OF WIGGINS

Lindsey Kent Springer ("Springer") files his opposition to the Prosecution's unsupported Motion under Rule 15 to cause Springer set aside at least 2 days and possible 3 to take the video deposition of Vikki Wiggins and Garlin Associated Ministries in California because purportedly Ms. Wiggins is unable to travel to the October 26, 2009 trial in this case coming "close to death" and "is medically fragile." How can anyone make objection to undisclosed facts?

The Prosecution purportedly first learned on September 22, 2009 of the unidentified medical reason for taking the video deposition of Ms. Wiggins in California when they were serving a subpoena on Ms. Wiggins. The Prosecution fails to mention what that medical reason is or giving some description that would lead a reasonable person to understand what that condition was or is. As exhibit "A" attached to the Prosecution's Motion stated, Springer refuses to waive his Sixth Amendment Right to confront Ms. Wiggins before the trial jury to which a video will

1

not allow.  Such deposition of such a purported key figure in the theory prosecuting Springer would require Springer show his defense strategy prior to trial to the Prosecution to which Springer objects profusely.  Springer also requested proof from a doctor that Ms. Wiggins was even unable to travel including the medication she was on currently and the medication she was on at the time she gave her testimony before one of the several Grand Juries Brian Shern summarized on March 9, 2009.  No such information is attached.  In fact, after 3 days the Prosecution asserts the vague "health" and "fragile" Ms. Wiggins but then admits they have not received any corroboration from any "medical doctor" of any condition." Doc. 62, (fn 1), pg. 2

Even if such "corroboration" existed Springer has a right to examine that evidence before having to post his objections to such suggestion.  The Prosecution is fully aware of the trial schedule in this case and that with less than a month for trial and with numerous obligations Springer has currently, such as (1) depositions on October 1 and 2, 2009, in Eddy and Judy Patterson v. Bondage Breaker's Ministries, CJ 08-2961, (2) briefs due in the Supreme Court on October 3, 2009 in Springer v. Richardson Law Firm, 106,277, and (3) replies to the Prosecution's Motion in Limine on October 5, 2009, as well as (4) preparation and hearing on October 9, 2009 on the ex-parte Motion for Subpoenas scheduled recently by this Court, along with (5) a Petition for Rehearing due in 08-9004 on or before October 13, 2009 in the United States Court of Appeals for the Tenth Circuit in Springer v. IRS, leaves Springer

2

less than 5 working days to prepare for pretrial on October 21, 2009 with this Court and then leaving 2 business days from there to prepare for trial on October 26, 2009.

The government has filed a motion to take the deposition of Vikki Wiggins of California prior to trial under Federal Rule of Criminal Procedure 15(a), which authorizes the taking of the deposition if exceptional circumstances exist. Determining whether a deposition should be taken under the particular circumstances is within the sound discretion of the district court. *United States v. Edwards*, 69 F.3d 419, 437 (10th Cir. 1995). To determine whether exceptional circumstances exist, the court looks to three factors: (1) whether the desired witness is unavailable to testify at trial; (2) whether the witness's testimony is material to the government's case; and (3) whether taking the deposition would cause injustice to the defendant. *United States v. Ramos*, 45 F.3d 1519, 1522-23 (11th Cir. 1995) (citing *United States v. Drogoul*, 1 F.3d 1546, 1553 (11th Cir. 1993). The government bears the burden of showing the existence of exceptional circumstances. *United States v. Kelley*, 36 F.3d 1118, 1124 (D.C. Cir. 1994).

Springer objects to taking the deposition of Vikki Wiggins prior to trial because the government has not shown that she will be unavailable to testify at trial and that taking of the deposition outside the presence of the trial jury would violate Springer's Sixth Amendment Right to confront witnesses. Springer also opposes on grounds the Prosecution has failed to show "exceptional circumstances" exist.

Springer also contends having to take the deposition before trial allows the Prosecution to have a peak at Springer's defense strategy something Springer asserts would be unfair and prejudicial to Springer.

To establish unavailability, the government must demonstrate that "a substantial likelihood . . . exists that the proposed deponent will not testify at trial." *Drogoul*, 1 F.3d at 1553. The government represents that Vikki Wiggins will unlikely be able to travel in late October or early November due to her previous "close to death" experience.  Doc. 162 at 2  Springer is without any evidence to even suggest Ms. Wiggins will be unable to travel in late October or early November, 2009.  The estimated six-week trial is scheduled to begin on October 26, 2009. Counsel for the Prosecution does not describe the nature of the medical issue or the estimated recovery time.  The government has not demonstrated to the court that there is a substantial likelihood that Vikki Wiggins will be unable to testify at trial.

In *Barber v. Page,* 390 U.S. 719, 721, 88 S.Ct. at 1320, the Supreme Court stated: "Many years ago this Court stated that '[t]he primary object of the [Confrontation Clause of the Sixth Amendment] . . . was to prevent depositions or *ex parte* affidavits . . . being used against the prisoner in lieu of a personal examination and cross-examination of the witness in which the accused has an opportunity, not only of testing the recollection and sifting the conscience of the witness, **but of compelling him to stand face to face with the jury in order that they may look at him, and judge by his demeanor upon the stand and the manner in**

4

**which he gives his testimony whether he is worthy of belief**.' *Mattox v. United States,* 156 U.S. 237, 242-243 [15 S.Ct. 337, 339, 39 L.Ed. 409] (1895)." United States v. Rothbart, 653 F.2d 462, 466 (10th Cir. 1981)

More recently, in holding the Sixth Amendment right of confrontation applicable to the States through the Fourteenth Amendment, the Supreme Court said, "There are few subjects, perhaps, upon which this Court and other courts have been more nearly unanimous than in their expressions of belief that the right of confrontation and cross-examination is an essential and fundamental requirement **for the kind of fair trial which is this country's constitutional goal**." *Pointer v. Texas,* 380 U.S. 400, 405 [85 S.Ct. 1065, 1068, 13 L.Ed.2d 923] (1965). See also *Douglas v. Alabama,* 380 U.S. 415 [85 S.Ct. 1074, 13 L.Ed.2d 934] (1965).

While an exception to the confrontation requirement has traditionally been recognized where a witness is unavailable for trial but has given previous testimony wherein he was subject to cross-examination by the defendant, the exception applies only if "the prosecutorial authorities have made a good-faith effort to obtain his presence at trial." *Barber, supra,* at 725, 88 S.Ct. at 1322. The Prosecution in this case has failed to make a good-faith effort to obtain Vikki Wiggins presence at trial.

They attach no subpoena, no explanation as to why they are just now learning about their purported witnesses condition, give no medical reason whatsoever, offer no evidence from any licenced corroborator on such condition, all the while stating they have known since September 22, 2009 such unknown

"close to death" experience occurred and renders Ms. Wiggins unable to travel for trial. Springer does not take exception with the need for Ms. Wiggins testimony as he intends to call her also before the trial jury also.

CONCLUSION

Springer simply does not have any spare time to give the Prosecution at this late hour to surrender 2 or 3 business days to take the deposition of Ms. Wiggins while keeping the rest of the court time schedule in this and other cases listed above. Springer refuses to show prior to trial his line of defense to the Prosecution's theories which would be violated if Springer is required to either attend a deposition in California prior to trial or be seen to have waived Springer's sixth amendment right to cross examine witnesses the Prosecution intends are adverse to Springer's interests otherwise. Springer waives no such right whatsoever. Springer also opposes the Motion on grounds the Prosecution has not shown the witness sought is unavailable for trial or otherwise given any logical explanation as to why Ms. Wiggins condition renders her unavailable for trial while she remains available to testify. Simply, no exceptional circumstances warrant the taking of any pre-trial deposition under the Motion filed by the Prosecution.

Respectfully Submitted
/s/ Lindsey K. Springer
Lindsey K. Springer
5147 S. Harvard, # 116
Tulsa, Oklahoma 74135
918-748-5539/955-8225(cell)

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Lindsey Kent Springer's

Opposition to Prosecution's Rule 15 requests was ecf'd on September 27, 2009 to:


Kenneth P. Snoke,
Charles O'Reilly,
Oscar Stilley




/s/ Lindsey K. Springer
Signature