IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA

      Plaintiff,

                         Case No. 09-CR-043-SPF

v.

LINDSEY KENT SPRINGER,
OSCAR AMOS STILLEY

      Defendants.

SPRINGER'S FOURTH MOTION FOR BILL OF PARTICULARS

Lindsey Kent Springer ("Springer") moves the Court for a Bill of Particulars relating specifically to the phrase "and regulations thereunder" that the Prosecution mentions in their "trial brief" regarding under the explanation of "required by law." See Doc. 138, pg. 20 of 33. Each of the Counts are "specific intent" crimes.

GOOD CAUSE

This Court seems to require that since a Bill of Particulars was not filed by the original schedule for Bill of Particulars regarding "required by law" means "regulations thereunder" that Springer is required to show good cause if he seeks such particulars any time after that date. Springer shows the Court that up and until July 14, 2009, there was never any mention of "regulations" being involved in the "duty" requiring Springer say or do anything alleged not said or not done in the Grand Jury Indictment. On July 2, 2009, this Court ordered the Government to provide a Bill of Particulars regarding "required by law." The July 14, 2009 filing

1

alleged section 6011 which beings "when required by regulations..." There is no possible way this Court could find Springer was given knowledge the Prosecution intended to rely upon any "regulations" in its theory that Springer was "required by law" by reading of the indictment. The term "law" does not suggest "regulation." The Supreme Court in Cheek v. United States, 498 U.S. 192, 201 (1991 specifically addressed this issue in defining willfulness (addressed more fully below) where in it said the term "Willfulness, as construed by our prior decisions in criminal tax cases, requires the Government to prove that the **law imposed a duty on the defendant**, that the **defendant knew of this duty**, and **that he voluntarily and intentionally violated that duty**. We deal first with the case where the issue is whether the defendant knew of the duty *__purportedly imposed by the provision of the statute or regulation he is accused of violating,__*"[1]

On September 21, 2009, in an ongoing shift of theory the Prosecution now has directly informed this Court that it intends to rely upon "regulations thereunder" regarding its meaning of "required by law" in effort to prove specific intent. Yet, not in one single pleading has one "regulation" been identified or offered, nor is any mention of regulation, generally or specifically, in any Count of the Indictment.

If Springer now has to defend against "regulations" as deriving some "duty" then Springer must be allowed to know in advance of trial what that or those "regulations" are identified specifically to be. Springer is certain the Grand Jury was

---

[1] Here it is "statute" or "regulation" in the disjunctive.

never told about any regulations.

There is no way Springer could have presupposed the Prosecution was intending to engage the "regulations" side of section 7203 nor was there any way Springer could know "regulations" were included in the phrase "required by law."

In Springer's construed 3rd Bill of Particulars, Springer did seek:

> 3. What are the "regulations," if any, promulgated by the Secretary of the Treasury under its authority in section 6011, that the Grand Jury relied upon in alleging "required by law" involving section 6011? Please identify any and all if relied upon by the Grand Jury?

This Court without addressing this question stated it denied this request for being out of time, not showing Good Cause, and denied this request on the merits without any explanation whatsoever. Both are completely erroneous determinations by the District Court.[2] See Doc. 136 at 2.

Good cause having been shown, Springer turns to the request herein.

ARGUMENT IN FAVOR OF THE PARTICULARS

When the Prosecution is arguing erroneously against the Paperwork Reduction Act not applying to Failure to File Form 1040s as a "complete defense," they argue the requirement to file does not involve any regulations and is a "statutory command." See Doc. 93, pg. 7; See also Doc. 104, pg. 1 ("The filing of

---

[2]The District Court could treat this Motion as a Motion to Reconsider denial of question 3 in Springer's construed third Motion for Bill of Particulars. The issue is not going away as the entire premise of the Prosecution's questions of its experts and revenue agents and CI will hinge upon unidentified regulations. The Prosecution must prove Springer aware of these "regulations" as Cheek holds.

3

income tax returns is mandated by statute.")

When the Prosecution is having to define what the Grand Jury meant by "required by law" the Prosecution includes Title 26, Section 6011 which beings "[W]hen required by regulations..." See Doc. 104, pg. 2 This is so even though the Prosecution never actually mentions any regulations specifically.

In the Prosecution's "trial brief" they now parenthetically add "and regulations thereunder" to the meaning of the phrase "required by law." See Doc. 138 at pg. 20 of 33

Following *"Ratzlaf,* we look to the Supreme Court's most recent opinion addressing the meaning of willful." U.S. v. Overholt, 307 F.3d 1231, 1246 (10th Cir. 2002) "In *Bryan v. United States,* 524 U.S. 184, 118 S.Ct. 1939, 141 L.Ed.2d 197 (1998), the defendant was convicted of willfully dealing in firearms without a federal license and conspiring to do so. *Id.* at 189, 118 S.Ct. 1939. The jury was instructed:

> A person acts willfully if he acts intentionally and purposely and with the intent to do something the law forbids, that is, with the bad purpose to disobey or to disregard the law. Now, the person need not be aware of the specific law or rule that his conduct may be violating. But he must act with the intent to do something that the law forbids."

*Id.* at 190, 118 S.Ct. 1939. See Overholt, 307 F.3d at 1246

The Supreme "Court endorsed this instruction in Ratzlaf. It acknowledged *Ratzlaf,* as well as several tax-evasion cases, such as *Cheek v. United States,* 498 U.S. 192, 111 S.Ct. 604, 112 L.Ed.2d 617 (1991), **required** the jury to **'find that the**

4

**defendant was aware of the specific provision of the tax code that he was charged with violating**.' 524 U.S. at 194, 118 S.Ct. 1939."   See Overholt at 1246

Whether one has to be proven with specific knowledge of the law alleged to have been violated and/or simply knowledge of the facts that are allege to have violated the law, depends on whether the term "willfully" appears in a offense under sections 7201 through 7207.  Both section 7201 and 7203 are at issue in this case.

In Cheek v. United States, 498 U.S. 192, 201 (1991) the term "Willfulness, as construed by our prior decisions in criminal tax cases, requires the Government to prove that the **law imposed a duty on the defendant**, that the **defendant knew of this duty**, and **that he voluntarily and intentionally violated that duty**. We deal first with the case where the issue is whether the defendant knew of the duty ***purportedly imposed by the provision of the statute or regulation he is accused of violating,*** a case in which there is no claim that the provision at issue is invalid."

There can be no doubt that if the theory of "required by law" includes "regulations" as the Prosecution suggests in citing to section 6011 and now states specifically in their "trial brief," then the Prosecution is required to give Springer notice of those "regulations" so he can prepare a defense to the charges in Counts One through Six.³  Springer would also be allowed to challenge those "regulations"

---

³Springer could not possibly have waived challenges to "regulations" by June 15, 2009 as the term did not appear out of the lips of the Prosecution until July 14, 2009.  The term again appears specifically under the phrase "required

5

as invalid once their disclosure is divulged by the Prosecution if the shoe fit.[4]

The Prosecution has not identified any "regulations" whatsoever in the Grand Jury Indictment or in any pleading addressing its meaning of "required by law." This includes the Bill of Particulars (Doc. 104), Opposition to Motion to Dismiss (Doc. 71) and Sur-reply (Doc. 93), and now the Trial Brief (Doc. 138). The first time Springer was made aware regulations were even suggested in the Prosecution theory of the Grand Jury indictment was in their Bill of Particulars filed July 14, 2009. See Doc. 104

In each Count of the Indictment, the claims therein are inexorably linked to the requirement to make or file a Form 1040 with the IRS. See Doc. 138, pg. 25 of 33("1040") In raising their erroneous and now deemed "frivolous" construction of the Tenth Circuit's decision in upholding only a smidgeon of Judge Eagen's June 22, 2006 Order in *Springer v. United States*, 447 F.Supp.2d 1235 (NDOK 2006) related to a "private right of action," the Prosecution then and there argued:

> Defendant's position with respect to the Paperwork Reduction Act was previously rejected by Chief District Judge Claire Eagan in *Springer v. United States*, 447 F.Supp.2d 1235 (NDOK 2006). Defendant's reassertion of the defense here is frivolous. **The Paperwork Reduction**

---

by law" in the Prosecution's trial brief. And there was no way anyone would have known the theory was involving regulations instead of a "statute" as addressed in the meaning of willfulness by the Cheek Court.

[4]Springer is not seeking any more time to prepare a defense to these "regulations" so long as those "regulations" are identified soon. It is obvious the Prosecution knows the regulations as it has moved the term "regulations" into the meaning of "required by law" in its trial brief. Springer argues failing to disclose the regulations is called sand bagging and should not be tolerated by this or any honorable court.

6

**Act is <u>not</u> a defense to the crime of willfully failing to file a tax return.**

> [T]he obligation to file a tax return stems from 26 U.S.C. § 7203, **not from any agency's demand**. The Paperwork Reduction Act does not repeal § 7203. Repeal by implication depends on inconsistency that makes it impossible to comply with the newer law while still honoring the old one (citations omitted), and there is no such inconsistency between §7203 and the Paperwork Reduction Act. One reason for this is that § 7203 requires a "return" but does not define that word or require anyone to use Form 1040, or any "official" form at all. All that is required is a complete and candid report of income. *United States v. Patridge*, 507 F.3d 1092, 1094-95 (7th Cir. 2007). The distinction Defendant seeks to draw from language in *Patridge* that appears to indicate a taxpayer could comply with the filing requirement by filing something other than a Form 1040 is irrelevant.

And:

In Defendant's citation to *United States v. Chisum*, 502 F.3d 1237 (10th Cir. 2007), is inapposite, as in *Chisum* the charges were predicated on the filing of false information, not the failure to file." *Id*. at 1244. Furthermore, and as indicated above, Defendant has been directly told that **his theory that the Paperwork Reduction Act provides sanctuary for his willful non-filing is improper**:

> Plaintiff's allegations rely on the language of the public protection provision of the PRA, which states that "no person shall be subject to any penalty for failing to comply with a collection of information ... if the collection of information does not display a valid control number." 44 U.S.C. § 3512(a)(1). However, it is settled law that "**the requirement to file a tax return is mandated by statute, not by regulation**" and "such explicit statutory requirements are not subject to the PRA." *United States v. Dawes*, 951 F.2d 1189, 1191-92 (10thCir.1991).

See Doc. 93, pg. 6-7

Of course Dawes does not suggest or even attempt to support the

7

Prosecution's frivolous suggestions and in fact states the Form 1040 is subject to the Protection of the Paperwork Reduction Acts:

> [11] We would be inclined to follow the general analysis of Wunder and Hicks **and hold that the operation of the PRA in these circumstances did not repeal the criminal sanctions for failing to file an income tax return because the obligation to file is a statutory one**. However, <u>we are not compelled to rest our opinion on the statutory origin theory</u> because we find the analysis of other courts which have considered the issue to be persuasive.
>
> [12] As noted above, section 3502(11) of the PRA defines an "information collection request" as a "written report form, application form, schedule, questionnaire, reporting or recordkeeping requirement, collection of information requirement, or other similar method calling for the collection of information." 44 U.S.C. § 3502(11) (1991). **While we acknowledge that tax forms are information collection requests**, Dole, 110 S.Ct. at 933; United States v. Collins, 920 F.2d 619, 630 & n. 13 (10th Cir. 1990) (dictum), <u>we are not persuaded that either the instruction booklet or the regulations fit under this statutory definition.</u>
>
> [13] The Supreme Court in Dole has noted that most items in the statutory definition are "forms for communicating information to the party requesting that information" and that the "`reporting and recordkeeping requirement' category is limited to `only rules requiring information to be sent or made available to a federal agency, [and] not disclosure rules.'" Dole, 110 S.Ct. at 935. We agree with the court in Crocker, 753 F. Supp. 1209, that the instruction booklets are "simply publications designed to assist taxpayers to complete tax forms and more easily comply with an `information collection request.'" Id. at 1216. The same analysis holds true for the tax regulations. **The 1040 form is the information collection request which arguably must comply with the PRA. It is through the 1040 form that the government obtains all of the tax information it requires;** the instructions and the regulations do not request any additional information. See id. They are subsidiary to and mere administrative appendages of the tax form. They function only to aid the taxpayer in providing the information required by the 1040 form. As such, they are not independent information collection requests subject to the provisions of the PRA.

U.S. v. Dawes, 951 F.2d 1189, 1192 (10th Cir. 1991)

Dawes went on to hold "[A]s long as the 1040 form complies with the Act, nothing more is required. Id. at 1193

On August 31, 2009, the Tenth Circuit found the Commissioner of the IRS was "frivolous" for arguing what the Prosecution claims Judge Eagen stated in her June 22, 2006 Order. Springer previously attached this Motion to his "trial brief" filed on September 21, 2009 and need not attach it to this Motion. See Doc. 142

"[t]he only PRA violations [Springer] asserts concern the IRS Form 1040. The failure-to-pay penalties have an independent and separate statutory basis under the Internal Revenue Code, however, that is not based on Mr. Springer's failure to file Form 1040s for the tax years in question." Springer v. Comm. IRS, 08-9004, 1, 7 (10th Cir. 8-31-2009)

"The **Commissioner is wrong about what happened in the prior appeal**. In that appeal, we referred to the **three underlying cases** that had been consolidated for appeal as *Springer I*, *Springer II*, and *Springer III*, and **we did not address the merits of Mr. Springer's claims under the PRA in any of the three cases**. Instead, we affirmed the district court's dismissal of *Springer I* for lack of subject matter jurisdiction, *Springer*, 231 F. App'x at 797; we affirmed the district court's dismissal of *Springer II* on the ground that the Tax Court had exclusive jurisdiction over the case,

9

*id.*; and **we affirmed the district court's dismissal of *Springer III*[5] on the ground that the PRA does not create a private right of action, *id.* at 799.**

Regulations are at issue in the requirement to make or file theory advanced by the Prosecution in this case as they have stated in their "trial brief." The Prosecution's "mandate by statute, not by regulation" theory is simply frivolous in light of its admission in its trial brief and identifying section 6011 which is solely based upon "regulations prescribed by the Secretary."

CONCLUSION

After having shown exceptionally great cause, Springer requests this Court issue an order to the Prosecution that the Prosecution surrender to Springer a list of each and every "regulation" "thereunder" relied upon in the Prosecution's theory of Counts One through Six which it intends to prove Springer had specific knowledge of and intended to violate in regard to the phrase "required by law" and the meaning of "willfully" as defined by Cheek in the Supreme Court and section 6011 of Title 26 identified in the Bill of Particulars by the Prosecution on July 14, 2009.

Respectfully Submitted
/s/ Lindsey K. Springer
Lindsey K. Springer
5147 S. Harvard, # 116
Tulsa, Oklahoma 74135
918-748-5539/955-8225(cell)

---

[5]Springer III is out of the Northern District Judge Eagen presiding while Springer I and II were out of the Western District Judge Friot presiding.

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Lindsey Kent Springer's Fourth Motion for Bill of Particulars was ecf'd on September 30, 2009, to:

Kenneth P. Snoke,
Charles O'Reilly,
Oscar Stilley

                                        <u>/s/ Lindsey K. Springer</u>
                                        Signature