IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA

    Plaintiff,

             Case No. 09-CR-043-SPF

v.

LINDSEY KENT SPRINGER,
OSCAR AMOS STILLEY

    Defendants.

SPRINGER'S MOTION TO RECONSIDER OR TO CLARIFY

  Lindsey Kent Springer ("Springer") moves the Court to reconsider, and/or clarify its order dated September 22, 2009 in which is decided that Count One was sufficient as alleging a "conspiracy to defraud the United States" based upon the flawed dicta of United States v. Bedford, 536 F.3d 1148, 1151, 1155-1157.[1][2]

---

[1] Springer requests this Court reconsider it's order denying Springer's Motion to Dismiss along with the substance of denying Stilleys Motion, or in the alternative, to set forth with specificity for appellate review the specific federal law that makes "defrauding the United States" prohibited by federal law independent of section 371 and independent of any "agreement" to "defraud the United States." In other words, where was the public given notice published in the Federal Register or Statutes at Large that to "defraud the United States" independent of any agreement was "to commit a crime" against the laws of the United States?

[2] In Bedford, no challenge to the theory or authority that "defrauding the United States" was independent "crime" against the laws of the United States. Springer realizes the District Court's intention is that this issue is for the Tenth Circuit to address and so Springer requests this Court make the record clear as to its position in order that said Tenth Circuit, if it becomes necessary, will have the District Court's disposition and can make a de novo review on this apparently controversial but strait forward claim by Springer.

1

QUESTION(s) PRESENTED

1. WHERE DID CONGRESS CODIFY THE "SUBSTANTIVE OFFENSE" OF "DEFRAUDING THE UNITED STATES"[3] ANNOUNCING SAME PUBLICLY TO THE WHOLE WORLD?

2. ISN'T THE ONLY OFFENSE ANNOUNCED IN TITLE 18, § 371, OTHER THAN TO CONSPIRE TO COMMIT AN OFFENSE, IS THE "AGREEMENT TO DEFRAUD THE UNITED STATES"?

ARGUMENT AND AUTHORITY

In Bedford, the Panel explained the history of a conspiracy to defraud. "[T]he essence of any conspiracy is the agreement or confederation **to commit a crime.**" *United States v. Robertson*, 473 F.3d 1289, 1292 (10th Cir. 2007) (alteration in original) (internal quotation marks omitted).

"Indictments under the broad language of the general conspiracy statute **must be scrutinized carefully** as to each of the charged defendants because of the possibility, inherent in a criminal conspiracy charge, that its wide net may ensnare the innocent as well as the culpable." Dennis v. United States, 384 U.S. 855, 860 (1966) The first part of Title 18, Section 371 is the "conspiracy-to-defraud clause of § 371" and not the "defraud the United States" clause. Dennis at 860

The Prosecution proposed in its jury instructions that "A conspiracy or

---

[3] Why couldn't the Department of Justice rely upon Title 18, Section 371 to charge a single person with "defrauding the United States" without alleging any co-conspirator or without alleging any agreement (conspiracy) by just arguing they charged the "substantive offense" of defraud as this Court relies upon Bedford to maintain?

2

agreement **to violate the law**, like any other kind of agreement or understanding, need not be formal, written, or even expressed directly in every detail." Doc. 107, at 27

Springer's motion(s) herein focus on the phrase to "commit a crime" or "violate the law" as stated by the Court stemming from Bedford and Robertson. In Count One, the Prosecution clearly alleged that its theory of crime under Title 18, Section 371 is a conspiracy to defraud the United States. Section 371 only prohibits the conspiracy to commit the object and does not determine whether the object is unlawful. "The core of a conspiracy is an agreement to commit an unlawful act." *United States v. Morehead,* 959 F.2d 1489, 1500 (10th Cir. 1992) (quoting United States v. Esparsen, 930 F.2d 1461, 1471 (10th Cir. 1991)). In Bedford, as obviously relied upon by this Court, the "**substantive crime** of defrauding the government" is the alleged object of the conspiracy in that case. Bedford, 1155

Section 371"encompasses two types of conspiracies: (1) a conspiracy to commit a substantive offense under a separate criminal statute; and (2) a conspiracy to defraud the United States, <u>**without reference to another criminal statute**</u>. United States v. Alston, 77 F.3d 713, 718 (3d Cir. 1996).

In United States v. Feola, 420 U.S. 671, 95 S.Ct. 1255, 43 L.Ed.2d 541 (1975), the Supreme Court said: "It is well settled that the law of conspiracy serves ends different from, and complementary to, those served **by criminal prohibitions of the substantive offense.** Because of this, consecutive sentences may be imposed for

3

the **conspiracy and for the underlying crime**. . . . **The law of conspiracy identifies the agreement to engage in a criminal venture** as an event of sufficient threat to social order to permit the imposition of criminal sanctions for the agreement alone, plus an overt act in pursuit of it, **regardless of whether the crime agreed upon actually is committed**." U.S. v. Gallup, 812 F.2d 1271, 1277 (10th Cir. 1987)

Springer cannot find a single case ever where any person was indicted or found guilty of "defrauding the United States" as a substantive crime. Certainly there is wire fraud and mail fraud but both those require an interstate nexus in addition to the fraud. Furthermore, an agreement to commit wire fraud or mail fraud would be appropriate under the "conspiracy to commit an offense" clause of section 371. See U.S. v. Dazey, 403 F.3d 1147, 1159 (10th Cir. 2005)("All of the appellants were convicted of **conspiracy to commit wire fraud** in violation of 18 U.S.C. § 371.").

The Prosecution asserted in Count One the Grand Jury alleged a *"Klein* conspiracy" under the "defraud clause." *See United States v. Klein*, 247 F.2d. 908 (2d. Cir. 1957), *cert. denied 355 U.S. 924 (1958)*. See Doc. 93 at 10

"A Klein conspiracy consists of three elements: (1) existence of an agreement to accomplish an illegal or unlawful objective against the United States; (2) commission of an overt act by conspirators in furtherance of conspiracy; and (3) **intent by the defendant to agree to the conspiracy and to defraud the United States.**" United States v. Gambone, 125 F. Supp. 2d 128, 131 (E.D. Pa. 2000); citing

4

to United States v. Klein, 247 F.2d 908 (2d Cir. 1957).

The Prosecution, in their proposed jury instructions, offered only 3 elements were needed proven to sustain a guilty verdict alleged in Count One.  See Doc. 107, at 27  In their trial brief, the Prosecution aborted the 3 element test announced in Klein, identifying not a single case from the 10th Circuit that agrees with or endorses the 2nd Circuit's 3 element test in Klein.  See Doc. 138, pg. 6 of 33

"[A] person is guilty of conspiracy if he agrees with one or more other persons **to violate the law**, and then any one of the conspirators commits an overt act in furtherance of **the object of the agreement**." *United States v. Gonzalez,* 797 F.2d 915, 916 (10th Cir. 1986). However, where the underlying offense agreed upon by the putative conspirators does not constitute a **substantive violation of federal law no conspiracy can be effectuated under 18 U.S.C. § 371**. Lubin v. United States, 313 F.2d 419, 422 (9th Cir. 1963).

The Supreme Court precedent  requires "the prosecution in a conspiracy case to prove the degree of criminal **intent** necessary for a conviction on **the underlying substantive offense of the conspiracy**." *See United States v.* Feola, 420 U.S. 671, 688, 95 S.Ct. 1255, 43 L.Ed.2d 541 (1975). Thus, **a district court must instruct the jury about this criminal intent requirement for the underlying offense**. See Ingram v. United States, 360 U.S. 672, 678, 79 S.Ct. 1314, 3 L.Ed.2d 1503 (1959), *United States v. Robertson*, 473 F.3d 1289, 1292-93 (10th Cir. 2007).

Moreover, a conspiracy conviction requires "at least the degree of criminal

5

intent necessary **for the substantive offense itself**." U.S. v. Weidner, 437 F.3d 1023 (10th Cir. 2006); citing *United States v. Morehead,* 959 F.2d at 1500

For instance "a mere open defiance of the governmental purpose to enforce a law by urging persons subject to it to disobey it" "can **not** be used as authority to include within the legal definition of a conspiracy to defraud the United States." Hammerschmidt v. U.S., 265 U.S. 182, 189 (1924)

The elements of conspiracy under 18 U.S.C. § 371 are "that (1) the defendant entered into an agreement; (2) the agreement involved **a violation of the law**; (3) one of the members of the conspiracy committed an overt act; (4) the overt act was in furtherance of the conspiracy's **object;** and (5) the defendant **wilfully** entered the conspiracy." United States v. Weidner, 437 F.3d 1023, 1033 (10th Cir. 2006). U.S. v. Thompson, 518 F.3d 832, 853 (10th Cir. 2008)

A violation of 18 U.S.C. § 371, "is the federal general conspiracy statute prohibiting conspiracies 'to defraud the United States . . . in any manner or for any purpose.'" U.S. v. Qayyum, 451 F.3d 1214, 1217 (10th Cir. 2006) To prosecute under § 371, the government must prove "(1) an agreement; (2) to **break the law**; (3) an overt act; (4) the purpose of which is to further the object of the conspiracy; and (5) that the defendant entered the conspiracy willfully." United States v. Davis, 965 F.2d 804, 811-12 (10th Cir. 1992) U.S. v. Qayyum, 451 F.3d at 1218

In U.S. v. Welch, 327 F.3d 1081, 1086 (10th Cir. 2003) Count One alleged "ninety-eight overt acts by one or both Defendants in furtherance of a conspiracy

6

to defraud in violation of 18 U.S.C. § 371. **<u>The conspiracy count is based upon four substantive offenses..."</u>**

To convict of conspiracy, the government has to establish: (1) the defendant's agreement with another person **<u>to violate the law</u>**; (2) his knowledge of the essential objective of the conspiracy; (3) his knowing and voluntary involvement; and (4) interdependence among the alleged coconspirators. *See United States v. Edwards,* 69 F.3d 419, 430 (10th Cir. 1995); 18 U.S.C. § 371   U.S. v. Rahseparian, 231 F.3d 1257, 1262 (10th Cir. 2000)

To the contrary, "defraud" has a wider meaning than **<u>an individual act of fraud</u>**.  U.S. v. Massey, 48 F.3d 1560, 1566 (10th Cir. 1995)  "We agree with *Caldwell*'s requirement that ..... the **means** must be dishonest, deceitful or fraudulent in the sense of its usual meaning. U.S. v. Scott, 37 F.3d 1564, 1576 (10th Cir. 1994)   An "overt act must be evaluated with reference to the object of the conspiracy." U.S. v. Brown, 200 F.3d 700, 706 (10th Cir. 1999)

The Prosecution states:

> In support of his argument, Defendant cites several Tenth Circuit cases (*Dazey; Moorehead; Esparsen;* and *Kendall*) which are not helpful because **they do not involve the "defraud clause"**.

See Doc. 93 at 9

The Prosecution argued in Doc. 93 that these cases cited by Springer were not helpful yet the very same first and second element of the conspiracy under 371 articulated in those cases are the exact same in U.S. v. Thompson, 518 F.3d 832

7

(10th Cir. 2008), a case regularly cited by the Prosecution and directly involving "defraud." See Doc. 119 at 3 and Doc. 93, pg. 9 (fn.4) The elements of conspiracy to "defraud" are "that (1) the defendant entered into an agreement; (2) the agreement involved a violation of the law; (3) one of the members of the conspiracy committed an overt act; (4) the overt act was in furtherance of the conspiracy's object; and (5) the defendant wilfully entered the conspiracy." See Thompson, at 853; citing *Weidner*, 437 F.3d at 1033.

There are five alleged "manner and means" by the Grand Jury in Count One. Paragraph 10 alleged Stilly and Springer used Stilley's Iolta account to conceal Springer's income, assets and expenses. Paragraph 11 alleges Springer used Stilley's credit card to pay a few expenses Springer incurred personally. Paragraph 12 alleges Springer and Stilley used cashiers checks, money orders, cash and other means to avoid creating the usual records of financial transactions to conceal Springer's income. Paragraph 13 alleges Springer and Stilley misrepresented the source and nature of Springer's income to Internal Revenue Service employees, the Grand Jury and Department of Justice (September 16, 2005, March 6, 2006 and January 15, 2009). Paragraph 14 alleges Stilley and Springer refrained from filing Form 1040s and 1099s for the years 2000 through 2005. Alleged "omissions" could never satisfy the manner required under section 371. Omissions are failing to act and not acts "in furtherance of the conspiracies objective." How can "failure to act" be an act let alone overt?

In order for the Prosecution to satisfy Springer and Stilley entered into an unlawful agreement, the Prosecution is required to show Springer and Stilley were aware the object of the alleged agreement was unlawful. Count One, like Counts Two through Six are "specific intent" offenses.

Following *"Ratzlaf,* we look to the Supreme Court's most recent opinion addressing the meaning of willful." U.S. v. Overholt, 307 F.3d 1231, 1246 (10th Cir. 2002) "In *Bryan v. United States,* 524 U.S. 184, 118 S.Ct. 1939, 141 L.Ed.2d 197 (1998), the defendant was convicted of willfully dealing in firearms without a federal license and conspiring to do so. *Id.* at 189, 118 S.Ct. 1939. The jury was instructed:

> A person acts willfully if he acts intentionally and purposely and with the intent to do something the law forbids, that is, with the bad purpose to disobey or to disregard the law. Now, the person need not be aware of the specific law or rule that his conduct may be violating. But he must act with the intent to do something that the law forbids."

*Id.* at 190, 118 S.Ct. 1939. See Overholt, 307 F.3d at 1246

The Supreme "Court endorsed this instruction in Ratzlaf. It acknowledged *Ratzlaf,* as well as several tax-evasion cases, such as *Cheek v. United States,* 498 U.S. 192, 111 S.Ct. 604, 112 L.Ed.2d 617 (1991), **required** the jury to **'find that the defendant was aware of the specific provision of the tax code that he was charged with violating**.' 524 U.S. at 194, 118 S.Ct. 1939." See Overholt at 1246

But it distinguished those cases because they "involved highly technical statutes that presented the danger of ensnaring individuals engaged in apparently

9

innocent conduct." *Id.* "As a result," the Court continued, "**we held** that these statutes `carv[e] out an exception to the traditional rule' that ignorance of the law is no excuse and require that the **defendant have knowledge of the law**."*Id.* at 194-95, 118 S.Ct. 1939 (quoting Cheek, 498 U.S. at 200, 111 S.Ct. 604).

In the Prosecution's trial brief they claim "This method of receiving income defeated **normal IRS investigative methods**, and was contrary to normal business practices, even the normal business practices of a ministry." See Doc. 138, pg. 25 of 33 "All of these actions avoided creating the usual records of financial transactions, concealed Defendant Springer's income, and **defeated normal IRS investigative methods.**" See Doc. 138 pg. 25 of 33 "Throughout this period of time, Defendants Springer and Stilley did not file any **income tax forms with the IRS including Forms 1040 and 1099.** Additionally, both Defendant Springer and Defendant Stilley continued to represent **to the IRS and others that Defendant Springer received no income from his activities, but only received donations or gifts for which Springer provided no services**." See Doc. 138 pg. 25-26 of 33

Federal crimes are defined by Congress, not the courts.[4] See United States v. *Kozminski*, 487 U.S. 931, 939; *United States v. Wiltberger*, 5 Wheat. 76, 95 (1820)). The simple truth is that Congress has **not** made it a Federal Crime to commit the act

---

[4]And certainly not the IRS, Department of Justice or Grand Jury!

of "Defrauding the United States."

In U.S. v. Caldwell, 989 F.2d 1056, 1059 (9th Cir. 1993) the Prosecution contended *"any* conspiracy to obstruct a government function is illegal,....., even if the obstruction is not done deceitfully or dishonestly." The 9th Circuit explained "[U]nder this reading, the government argues, people have a duty 'not to conduct their business affairs in such a manner that the IRS would be <u>impeded and impaired in its . . . collection of revenue</u>.'" Id. "Or, as government counsel candidly asserted at oral argument, "if what you're doing, legal or illegal, is intended to impede and impair the Internal Revenue Service, . . . that constitutes a crime under section 371." **"We think not**. The Supreme Court has made it clear that 'defraud' is limited only to wrongs done 'by deceit, craft or trickery, or at least by means that are dishonest.' *Hammerschmidt,* 265 U.S. at 188, 44 S.Ct. at 512." Caldwell at 1059[5]

In McNally v. United States, 483 U.S. 350, 107 S.Ct. 2875, 2881, 97 L.Ed.2d 292 (1987) the Supreme Court stated "a criminal fraud statute should not be construed in a manner that leaves its outer boundaries ambiguous.'" U.S. v. MINARIK, 875 F.2d 1186, 1190 (6th Cir. 1989) The Supreme Court "warned against loose interpretations of criminal fraud statutes which allow the fact situation to define the crime." Id. The problem is particularly acute under the "defraud" clause of § 371 because

---

[5]It is no wonder a violation of Section 371 means something different depending on where the person accused lives in the United States. It is the term "defraud" that has led to this complete break down in the rule of law amongst Judges.

"Hammerschmidt stripped the word 'defraud' of its common law roots limiting it to **purposeful misrepresentation** and broadened it to include "**interference**" with "**lawful government functions** . . . **at least by means that are dishonest**." Id.

CONCLUSION

Springer respectfully requests this Court to reconsider its Order dated September 22, 2009, finding United States v. Bedford, 536 F.3d 1148, 1151, 1155-1157 held that "defrauding the United States" as a "**substantive crime**" and set aside such finding as such dicta is not even good dicta, and resort to finding Count One fails to allege a conspiracy to defraud according to the elements of the offense, as asserted by the Prosecution in their Trial Brief, the Tenth Circuit numerous decisions on the subject, as there is not a single allegation of a "offense" supporting any usage of the term "defraud" as the object, that interdependence was not alleged, nor willfulness, or in the alternative, Springer requests this Court to identify with clarity where specifically Congress made "defrauding the United States" a "substantive crime" separate from a violation of Title 18, Section 371's "Conspiracy to Defraud" clause so Springer can be put on notice as to that independent "substantive offense" prohibition by Congress.[6]

---

[6] For the record, if this Court's conclusion is that Congress announced a "substantive offense" of "defrauding the United States" in Section 371, as mentioned in Bedford, and that it finds no other Federal Law announces that "defrauding the United States" is an independent offense against the laws of the United States, Springer would be satisfied the record has been made clear on this issue. This issue is only reoccurring because of the multiple theories in the elements of the alleged violation in Count One the Prosecution has continued to

12

>  Respectfully Submitted
>  /s/ Lindsey K. Springer
>  <u>Lindsey K. Springer</u>
>  5147 S. Harvard, # 116
>  Tulsa, Oklahoma 74135
>  918-748-5539/955-8225(cell)

---

advanced.

[7]It appears the "lawful function" per the Prosecution's Trial Brief is "normal IRS investigative methods." See Doc. 138, pg. 25 of 33. Sure glad we finally got that commitment on the theory of the alleged "function" Springer and Stilley allegedly took to impede and impair.

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Lindsey Kent Springer's Motion to Reconsider and to Clarify was ecf'd on September 30, 2009, to:

Kenneth P. Snoke,
Charles O'Reilly,
Oscar Stilley

/s/ Lindsey K. Springer
Signature