# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.   09-CR-043-SPF |
| | ) | |
| LINDSEY KENT SPRINGER, | ) | |
| OSCAR AMOS STILLEY, | ) | |
| | ) | |
| Defendants. | ) | |

## UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT SPRINGER'S MOTIONS FOR DAUBERT HEARING

The United States of America, by and through its attorneys, Thomas Scott Woodward, Acting United States Attorney for the Northern District of Oklahoma, and Kenneth P. Snoke, Assistant United States Attorney, and Charles A. O'Reilly, Special Assistant United States Attorney, hereby responds in opposition to Defendant Lindsey Kent Springer's Motion for *Daubert* Hearing, doc. no. 168. With the exception of a citation to *Daubert v. Merrill Dow Pharmaceuticals*, 509 U.S. 579, 589 (1993), Defendant Springer provides no basis to justify a hearing.

In *Daubert*, the Supreme Court ruled that Federal Rule of Evidence 702 required district courts ensure that an expert's scientific testimony "both rests on a reliable foundation and is relevant to the task at hand." *Id*. at 597. In *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), the Supreme Court extended *Daubert* to include any expert testimony based on "technical" and "other specialized knowledge." *Kumho Tire Co.*, 526 U.S. at 152.

While a district court must "make some kind of reliability determination" before admitting expert testimony, the district court retains "great latitude in determining how to make *Daubert* reliability findings." *United States v. Velarde*, 214 F.3d 1204, 1209 (10th Cir. 2000) (emphasis omitted). Accordingly, "*Daubert* does not mandate an evidentiary hearing." *United States v. Nichols*, 169 F.3d 1255, 1262 (10th Cir. 1999). "[W]e simply require 'a sufficiently developed record in order to allow a determination of whether the district court properly applied the relevant law.'" *Id.*, quoting *United States v. Call*, 129 F.3d 1402, 1405 (10th Cir. 1997).

An evidentiary or other hearing is not necessary to develop the record that IRS Fraud Technical Advisor Brian Miller is properly qualified to testify a summary witness in this case, and that his testimony will be relevant to this trial. Therefore, the United States requests the Court deny Defendant's Motion for *Daubert* Hearing.

Respectfully submitted,

THOMAS SCOTT WOODWARD
ACTING UNITED STATES ATTORNEY

 /s/ Charles A. O'Reilly
CHARLES A. O'REILLY, CBA NO. 160980
Special Assistant U.S. Attorney
KENNETH P. SNOKE, OBA NO. 8437
Assistant United States Attorney
110 West Seventh Street, Suite 300
Tulsa, Oklahoma  74119
(918) 382-2700

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 1st day of October 2009, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Lindsey Kent Springer
Defendant

Oscar Amos Stilley
Defendant

Robert Williams
Standby Counsel assigned to Lindsey Kent Springer

Charles Robert Burton, IV
Standby Counsel assigned to Oscar Amos Stilley.

                                                                           */s/ Charles A. O'Reilly*
                                                                           Special Assistant U.S. Attorney