IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 09-CR-43-SPF |
| | ) | |
| LINDSEY KENT SPRINGER and | ) | |
| OSCAR STILLEY, | ) | |
| | ) | |
| Defendants. | ) | |

LINDSEY KENT SPRINGER'S RESPONSE TO PROSECUTION'S SUPPLEMENT
TO THEIR RULE 15 MOTION REGARDING WITNESS WIGGINS

Lindsey Kent Springer ("Springer") files his reply to the Prosecution's Supplement to their Rule 15 Motion Regarding witness Wiggins.

Without being political, this Court has hit Springer over the head with its orderly progression of the case "hammer" resulting in several issues paramount to a Sixth Amendment Right to a Jury Trial of Springer being either ignored completely, or given alternative grounds after the hammer, denying Springer's issues on the merits without any explanation for appellate review whatsoever.

For instance, Springer sought a short extension, prior to proposed jury instructions being due, and this Court denied without explanation after the Government responded and after the time to file proposals of this Court's strict time table had passed. Springer moved to reconsider and this Court denied Springer's motion. In its first denial the Court explained:

1

> "basic fairness to the litigants in our adversary system requires that the court not lightly excuse one party from a simultaneous filing deadline when the opposing party has scrupulously complied with the deadline. Moreover, if this complex case is to be prepared for trial and tried on the basis of the schedule upon which all parties (and the court) have relied, **it is essential that all parties and the court comply with the established deadlines in the absence of a highly persuasive showing** – not made here – that relief from the schedule is warranted. (Mr. Springer may rest assured that <u>**the court's stringent approach applies equally to the government**</u> and to the defendants. Any requests from the government for scheduling relief will be held to the same standard.)

See Doc. 117 at 1-2

The Prosecution's "supplement" does nothing to chin the bar to qualify their need to extract 2 to 3 days of time belonging to Springer, between October 8, 2009[1] and October 26, 2009 when trial is scheduled to begin, in preparation for the trial the Prosecution has had over 13 years to prepare for, when they say:

> The United States restates that the testimony of prospective witness is relevant to the allegations in the Indictment, that exceptional circumstances exist under the facts of this case justifying the need for a deposition, and that the interests of justice would be served by taking a videotaped deposition of Ms. Wiggins in Los Angeles, California. Ms. Wiggins is on full Social Security disability. Furthermore, Ms. Wiggins' medical condition is frail, including significant problems that would interfere with, and likely prevent, her ability to travel and testify in court.

See Sealed Document dated October 1, 2009 at 1-2

For instance, the Prosecution knew they were calling Ms. Wiggins from the

---

[1] Springer has responses due today on other documents filed by the Prosecution and at all times must preserve the record for any possible appellate review.

beginning and did not attempt to contact her until September 22, 2009 when they were attempting to serve her with a subpoena. Coincidence or not[2], it took Prosecution another 9 days to get a letter from Wiggins' husband and a doctor. Springer is not aware of whether this Court received Exhibit C and D from the prosecution but neither show Ms. Wiggins cannot travel to Oklahoma as a purported star witness of the Prosection.

Whether Ms. Wiggins is on full Social Security disability means nothing in relation to traveling. Ms. Wiggins condition is purportedly "frail" and that she has "lumbar spinal stenosis." See Exhibit C.

A cursory review on line shows this Court that everyone gets this at one point or another:

> "Almost everyone will experience low back pain at some point in their lives. A common cause of low back pain is lumbar spinal stenosis. As we age, our spines change. These normal wear-and-tear effects of aging can lead to narrowing of the spinal canal. This condition is called spinal stenosis."

See **http://orthoinfo.aaos.org/topic.cfm?topic=A00329;**

This article goes on to say that there is "**Less pain with leaning forward or sitting.**" Studies of the lumbar spine show that leaning forward can actually increase the space available for the nerves. Many patients may note relief when leaning forward and especially with sitting. Pain is usually made worse by standing up straight and walking. Some patients note that they can ride a stationary bike or

---

[2]Rule 17 Motion served on 9.21.09 by Springer with Wiggins' name on the list.

walk leaning on a shopping cart. Walking more than 1 or 2 blocks, however, may bring on severe sciatica or weakness.

Dr. George deTarnowsky concludes Wiggins is better suited to having her deposition taken at her home. Dr. Detarnowsky does not say he is treating Ms. Wiggins at home or that she is bed ridden. The logical conclusion is that Ms. Wiggins is able to travel from her home to see her Doctor. Mr. Wiggins states Ms. Wiggins needs to keep up her potassium levels but that is not stated by the Doctor nor is it stated whether this can be done for Ms. Wiggins as it has been done for numerous others in the past allowing them to travel.

Springer is not unsympathetic to Ms. Wiggins but rather unsympathetic to the Prosecution in this case. If it comes down to Springer losing 3 days prior to trial so that the Prosecution can take Ms. Wiggins deposition at her home then Springer asserts that such places Springer in a position that compromises his defense. Where Springer could make those three days up is the question and with this Court being unsympathetic to the complexities of this case thus far, regarding Springer, it is unfair to require Springer either waive his right to confront Ms. Wiggins, which he demands, or give up 3 days prior to trial so the prosecution can secure Wiggins testimony and present same at trial whenever they strategically choose.

Springer reasserts that having to allow the Prosecution time after that deposition to study Springer's defense strategy is also unfair. Granted, they will eventually see it anyway, Springer argues that prior to trial, at this late hour,

prejudices Springer and should not be granted.

Springer bets that if this Court denies the Prosecution's Motion that Ms. Wiggins will show up and testify anyway.

Springer also requested the Prosecution disclose the medication Ms. Wiggins is on to which no evidence suggests she is on any medication and Exhibit D only suggests she need potassium.

## CONCLUSION

For the forgoing reasons and those stated in Springer's original opposition and that appear in Prosecution's Exhibit A, Springer requests this Court deny the Prosecution's Motion.

Respectfully Submitted
/s/ Lindsey K. Springer
Lindsey K. Springer
5147 S. Harvard, # 116
Tulsa, Oklahoma 74135
918-748-5539/955-8225(cell)

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Lindsey Kent Springer's Response to the Supplemental filed by the Prosecution was ecf'd on October 5, 2009, to:

Kenneth P. Snoke,
Charles O'Reilly,
Oscar Stilley

/s/ Lindsey K. Springer
Signature