# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 09-CR-043-SPF |
| | ) | |
| LINDSEY KENT SPRINGER, | ) | |
| OSCAR AMOS STILLEY, | ) | |
| | ) | |
| Defendants. | ) | |

## UNITED STATES' CONSOLIDATED RESPONSE IN OPPOSITION TO DEFENDANTS' MOTIONS IN LIMINE

The United States of America, by and through its attorneys, Thomas Scott Woodward, Acting United States Attorney for the Northern District of Oklahoma, and Kenneth P. Snoke, Assistant United States Attorney, and Charles A. O'Reilly, Special Assistant United States Attorney, hereby responds in opposition to Defendant Lindsey Kent Springer's seven motions in limine (doc. nos. 144 through 148, 150 and 151) and Defendant Oscar Amos Stilley's Motion in Limine, doc. no. 149. Defendant Stilley adopted his codefendant's seven motions in limine, motion for subpoenas pursuant to Rule 17(b), and trial brief. Defendant Stilley's Adoption of Motions, doc. no. 155.

A. <u>Defendant Springer's First Motion in Limine (Meadors) (doc. no. 144)</u>

Defendants ask "the Court for an order prohibiting the Prosecution in this case from presenting any evidence obtained by way of Donna Meadors in her official capacity that was obtained unlawfully and is based upon hearsay pursuant to Federal Rules Evidence [sic] 802." Defendant Springer's First Motion in Limine (Meadors), doc. no. 144 at 1. Although titled a motion in limine, this is a motion to suppress. Defendants' motion to suppress is untimely; pursuant to the Court's order dated April 22, 2009, doc. no. 43, motions to suppress were due June 1, 2009.[1] Given that Internal Revenue Service Special Agent Donna Meadors[2] obtained no evidence in an unlawful manner, Defendants' claims notwithstanding, there is no illegally obtained evidence to suppress.

To the extent that Defendants' motion is to "prohibit Donna Meadors from testifying about anything someone told her or shared with her," (doc. no. 144 at 3), Defendant appears to be asking the Court to rule with respect to potential hearsay testimony which is covered by the Federal Rules of Evidence. The United States has no intention of seeking to introduce impermissible hearsay evidence at trial. Defendants can and should object at trial to questions calling for hearsay testimony.

---

[1] The United States notes that Defendants Stilley and Springer each filed motions to suppress, doc. nos. 72 and 74, respectively, which were considered and denied by the Court on July 1, 2009, doc. no. 100.

[2] During the time Special Agent Meadors was conducting the 6700 investigation, her position with the Internal Revenue Service was Revenue Agent.

B. <u>Defendant Springer's Second Motion in Limine (Stilley) (doc. no. 145)</u>

Defendant Springer's Second Motion in Limine is another motion to suppress and is likewise untimely. On July 1, 2009, the Court specifically considered and denied his codefendant's motion to suppress (doc. no. 72) Grand Jury testimony and documents provided pursuant to the Grand Jury subpoena. However, Defendants raise some different issues with respect this motion to suppress. Defendants' motion is far broader, seeking to have this Court suppress:

> any evidence obtained by way of Oscar Stilley testifying or answering any questions of any Grand Jury or any other evidence obtained by way, directly or indirectly, of any investigation in any case brought against Oscar Stilley. This includes but is not limited to any documents produced by Oscar Stilley in complying with any Grand Jury Subpoena or any supplement to such testimony as well as any persecution in the State of Arkansas by the Supreme Court of the State of Arkansas.

Defendant Springer's Second Motion to Suppress (Stilley), doc. no. 145 at 1.

Notwithstanding Defendants' citation to *Bruton v. United States*, 391, U.S. 123 (1968), and *Crawford v. Washington*, 541 U.S. 36 (2005), as well as other cases, statements by a coconspirator of a party, made during the course and in furtherance of the conspiracy, are not hearsay and are admissible. Fed. R. Evid. 801(d)(2)(E). "Rule 801(d)(2)(E) provides that '[a] statement is not hearsay if . . . [t]he statement is offered against a party and is ... a statement by a coconspirator of a party during the course and in furtherance of the conspiracy.' [footnote omitted] Statements by a conspirator are in furtherance of the conspiracy when they are "intended to promote the conspiratorial

objectives." *United States v. Townley*, 472 F.3d 1267, 1273 (10th Cir. 2007), *quoting United States v. Reyes*, 798 F.2d 380, 384 (10th Cir. 1986).

> Evidence which is admissible under the conspiracy exception to the hearsay rule does not violate the right to confront and cross-examine guaranteed by the Sixth Amendment (footnote omitted). The *Bruton* doctrine does not rule situations like the present one in which the evidence is admissible under a well recognized exception to the hearsay rule.

*United States v. Cox*, 449 F.2d 679, 688-89 (10th Cir. 1971). *Crawford* explicitly notes that while confessions are among the "core class" of testimonial statements; statements made in furtherance of a conspiracy are not. *See Crawford*, 541 U.S. at 51-52.

Although the statements at issue consist of Defendant Stilley's responses in the Grand Jury and to Internal Revenue Service agents, the statements are non-hearsay statements made in furtherance of the conspiracy. As charged in the Indictment, it was part of the conspiracy that Defendant Stilley knowingly misrepresented the source and nature of Defendant Springer's income to Internal Revenue Service employees and the Grand Jury. As the Second Circuit noted in *United States v. Reynolds*:

> Although the statements at issue, having been made during interviews with government officials in the course of an investigation, do have characteristics of *Crawford's* "core class of 'testimonial' statements" [citations omitted], in the context of the crimes for which Defendants were convicted, the challenged statements are part and parcel of co-conspirators' statements made in the course of and in furtherance of Defendants' conspiratorial plan to mislead investigators.

433 F.3d 273, 291 (2d Cir. 2007).

As such, the statements made by Defendant Stilley, as well as the documents he provided to the Grand Jury, are admissible and do not violate *Bruton* or *Crawford*.

C.  Defendant Springer's Third Motion in Limine (Sixth Amendment) (doc. no. 146)

Defendants' request with this motion in limine is so far beyond anything authorized by law that the United States is uncertain where to begin. Federal Rule of Evidence 803 provides that even where the declarant is available as a witness, the following are not excluded by the hearsay rule: records of regularly conducted activities; the absence of entries in records kept in accordance with regularly conducted activities; public records and reports; the absence of public records or entries; records of documents affecting an interest in property; statements in documents affecting an interest in property; judgments of previous convictions.

The United States hopes that stipulations can be reached regarding the authenticity of records obtained from the Internal Revenue Service, courts and businesses. The United States sought stipulations from both Defendants that neither has filed a federal income tax return since the 1980's, given that this does not appear to be a disputed fact.[3] Absent obtaining stipulations, the United States will call a custodial witness to testify to the authenticity of various records, including records maintained electronically. There is no requirement that the person testifying be "the source of the document and the direct

---

[3] Each defendant declined the requested stipulation, so the United States will call an IRS representative to testify regarding the lack of record of any tax return for the past twenty years with respect to each defendant.

source of the information contained within the document." Defendant Springer's Third Motion in Limine (Sixth Amendment), doc. no. 146 at 2.

Such a reading of *Crawford* and *Melendez-Diaz v. Massachussetts*, 129 S.Ct. 2527 (2009), would abrogate all hearsay exceptions premised on records maintained in the ordinary course of business. Defendants cite no law supporting their broad request to abrogate the Federal Rules of Evidence. Defendants' citations to are inapposite. *Melendez-Diaz* dealt with laboratory analysts' "'certificates of analysis' showing the results of the forensic analysis performed on the seized substances. The certificates reported the weight of the seized bags and stated that the bags '[h]a[ve] been examined with the following results: The substance was found to contain: Cocaine.'" 129 S.Ct. at 2531. Thus, the certificates were prepared in anticipation of litigation and contained the testimonial statements offered for the truth that the substance had been tested and was cocaine.

Defendants ignore *Crawford's* explicit recognition that business records are not testimonial. 541 U.S. at 56. As the Seventh Circuit observed in *United States v. Ellis*, "Given the records themselves do not fall within the constitutional guarantee provided by the Confrontation Clause, it would be odd to hold that the foundational evidence authenticating the records do[es]." 460 F.3d 920, 927 (7th Cir. 2006). A document is admissible under the business record exception if two foundational facts are established: (a) the document was made or transmitted by a person with knowledge at or near the time

of the incident recorded, and (b) the document was kept in the course of a regularly conducted business activity. *See United States v. Ray*, 920 F.2d 562, 565 (9th Cir. 1990); *Kennedy v. Los Angeles Police Dept.*, 901 F.2d 702, 717 (9th Cir. 1990). In determining if these foundational facts have been established, the court may consider hearsay and other evidence not admissible at trial. See Fed. R. Evid. 104(a) and 1101(d)(1); *Bourjaily v. United States*, 483 U.S. 171, 178-79 (1987).

"A foundation for admissibility may at times be predicated on judicial notice of the nature of the business and the nature of the records as observed by the court." *Federal Deposit Ins. Corp. v. Staudinger*, 797 F.2d 908, 910 (10th Cir. 1986), quoting Weinstein's Evidence ¶803(6)[02] at 803-179 to -181 (1985); *see also Manufacturers and Traders Trust Co. v. Goldman ( In re Ollag Constr. Equip. Corp.)*, 665 F.2d 43, 46 (2d Cir.1981) (finding information on financial statements provided to a bank in the regular course of the bank's business to be sufficiently trustworthy to qualify as business records, in part because providing of false information under such circumstances is subject to criminal sanctions; the court contrasted such information to that provided by hotel guests, where there is no similar indicia of reliability).

Computer data evidence is often introduced to show the defendant's filing history, to prove that the defendant did not file returns as required, and to show that the defendant received notices about his tax liabilities. "A computer printout is admissible under Rule 803(6), as with any other form of business record, if the offeror establishes a

sufficient foundation in the record for its introduction [citation omitted]. 'Computer business records are admissible if (1) they are kept pursuant to a routine procedure designed to assure their accuracy, (2) they are created for motives that tend to assure accuracy ( e.g., not including those prepared for litigation), and (3) they are not themselves mere accumulations of hearsay.'" *United States v. Cestnik*, 36 F.3d 904, 909 (10th Cir. 1994), *quoting United States v. Hernandez*, 913 F.2d 1506, 1512 (10th Cir.1990).

Defendants challenge the admissibility of computer records; courts routinely reject such challenges. Certified Internal Revenue Service transcripts, whether Forms 4340 or 3050, may be admitted under Federal Rule of Evidence 803(6) as business records or under Rule 803(10) as certificates of lack of official records. *See Perez v. United States*, 312 F.3d 191, 195 (5th Cir. 2002) (certificate of assessments and payments is prima facie evidence of taxpayer's assessed liabilities and the IRS's notice thereof). Official IRS documents, including those generated by computer, are admissible as public records. *Hughes v. United States*, 953 F.2d 531, 540 (9th Cir. 1992); *see also United States v. Hayes*, 861 F.2d 1225, 1228 (10th Cir.1988) (noting the "well established proposition" that data generated by computer may qualify under business records exception of Rule 803(6)); *United States v. Spine*, 945 F.2d 143, 148-149 (6th Cir. 1991) (certificates of assessments and payments, which showed defendant filed no returns, admissible under Rule 803(10)); *United States v. Bowers*, 920 F.2d 220, 223 (4th Cir. 1990) (IRS records

admissible as certificates of lack of official record under Rule 803(10)). No showing of the accuracy of the computer system needs to be made to introduce the documents. *See United States v. Ryan*, 969 F.2d 238, 240 (7th Cir. 1992) (certified copies of master file transcripts admissible as self-authenticating documents).

    D.    <u>Defendant Springer's Fourth Motion in Limine (illegal tax protestor) (doc. no. 147)</u>

Defendants move "the Court for an order prohibiting the Prosecution in this case from presenting any argument referencing Springer as an illegal tax protestor or a tax protestor unless a definition of that phrase can be agreed upon by the parties and the Court." As stated by several Courts, the term "tax protester accurately characterizes the Defendants' activities. *See United States v. Bergman*, 813 F.2d 1027, 1029 (9th Cir. 1987). The evidence the Government anticipates introducing through documents and testimony will establish that Defendants in this matter exhibited behavior best characterized as "tax protester" activity, which includes asserting that there is no legal requirement to file income tax returns and refusing to file income tax returns. As the *Bergman* Court also stated, "[r]eferences to [Defendant's] 'tax protest' activities were also probative of his willfulness in violating the tax laws." *Id.*

    E.    <u>Defendant Springer's Fifth Motion in Limine (taxes) (doc. no. 148)</u>

Defendants request that "this Court prohibit the Prosecution from presenting any statements or questions or argument that suggests that because of Springer and Stilley the juror or public at large paid more taxes." Doc. no. 148. As the Supreme Court observed

nearly three-quarters of a century ago, the prosecutor "may prosecute with earnestness and vigor - indeed, he should do so. But while he may strike hard blows, he is not at liberty to strike foul ones." *Berger v. United States*, 295 U.S. 78, 88 (1935). Arguments to jurors that "they as citizens carry an additional burden when someone does not pay his taxes" are improper. *United States v. D'Anna*, 450 F.2d 1201, 1205-06 (2d Cir. 1971); *see also United States. v. Falk*, 605 F.2d 1005, 1015 (7th Cir. 1979); *United States v. Trutenko*, 490 F.2d 678, (7th Cir. 1973); *United States v. Lotsch*, 102 F.2d 35, 37 (2d Cir. 1939); *Taglianetti v. United States*, 398 F.2d 558, 566 (1st Cir. 1968), *aff'd*, 394 U.S. 316 (1969); *Buttermore v. United States*, 180 F.2d 853, 856 (6th Cir. 1950)

Nevertheless, Defendants' request is overbroad. The United States certainly anticipates arguing to the jury that the Defendants criminal conduct harmed the United States. However, the United States will not improperly appeal to the jurors' pecuniary interests by arguing that the jurors had to pay more taxes because of the Defendants' criminal conduct. It is within the court's discretion to permit "reminding jurors that payment of taxes is essential to the conduct of government . . .." *United States v. Cotter*, 425 F.2d 450, 452-453 (1st Cir. 1970). What a prosecutor may not do is to select "some single matter especially provocative of emotion." *Id*. at 453. The case law is clear that what is precluded is appealing to juror's emotions through the use of inflammatory rhetoric. As the *Cotter* Court stated, "the prosecutor is to argue the case. He may discuss the evidence, the warrantable inferences, the witnesses and their credibility. He may talk

about the duties of the jury, the importance of the case and anything else that is relevant. . . . He must not appeal to the passion or prejudice of the jury directly, or, by the introduction of irrelevant matter, indirectly." *Id.* at 452.

Thus, the Government should not, and will not, argue in a manner that impermissibly appeals to the jurors' passions or prejudices. However, the Government should be free to remind jurors that taxes are an essential component of our civil responsibilities and essential for the conduct of government.

    F.    <u>Defendant Springer's Sixth Motion in Limine (Brian Miller) (doc. no. 150)</u>

Citing no law in support of their motion, Defendants seek to have Internal Revenue Service Revenue Agent Brian Miller prohibited from testifying as an expert in this case because he conducted the audit of one of Defendants clients. As an initial matter, the United States objects to Defendants' libelous misrepresentation that Revenue Agent Miller "tampered with the evidence," (doc. no. 150 at 1), which Defendants have not and cannot support. Defendants' conclusory allegation that Revenue Agent Miller "would not be capable of giving an objective legal opinion regarding any treatment of any money tendered to Springer by any witnesses presented at trial including the medical association Dr. Roberts worked for" (doc. no. 150 at 1) is similarly unsupported.[4]

---

[4] The United States is gratified to learn that "[Defendant] Springer is certain Mr. Shern is more than capable of explaining to the jury how he arrived at his tax calculations." Doc. no. 150 at 2. However, the United States intends to qualify Revenue Agent Miller as an expert witness to perform tax calculations and summarize the evidence presented at trial.

G.  Defendant Springer's Seventh Motion in Limine (abusive trust and trust) (doc. no. 151)

Again without citation to any law supporting their request, Defendants request that the "Court prohibit the Prosecution from uttering or stating or referencing the term 'abusive' when referencing the term 'trust' and that the Prosecution be prohibited from presenting any evidence affiliating Springer to any promotion of any trusts . . .." Defendant Springer's Seventh Motion in Limine (abuse trust and trust), doc. no. 151 at 2. The anticipated evidence for the prosecution establishing Defendant Springer's willfulness includes Defendant Springer's promotion of abusive trusts during the 1980's, and the resulting consequences to Defendant Springer's clients. These consequences included audits and criminal convictions for tax fraud. These consequences were communicated by the clients to Defendant Springer, thereby establishing the relevance of this line of inquiry; Defendant Springer's willfulness is at issue in this prosecution.

As indicated in the United States' prior pleadings, evidence establishing willfulness is direct evidence of the crimes with which Defendants are charged. Defendant Springer's previous promotion of abusive trusts designed to evade his clients federal income tax obligations, and the negative results to these clients, is relevant to establish Defendant Springer's knowledge of his legal obligations under federal law.

H.  Defendant Stilley's Motion in Limine (doc. no. 149)

Defendant Stilley requests that "this Court issue an order prohibiting the government from the presentation of any prior out of court statements of Lindsey

Springer, whether oral or written and whether express or implied. Such order should make it clear that the government is forbidden to allude to any such evidence in any statements or testimony before the trial jury." Defendant Stilley's Motion in Limine (doc. no. 149 at 1). Defendant Stilley offers no legal support for his request, nor can he. As previously discussed, coconspirator statements are admissible as non-hearsay. Furthermore, absent a codefendant's statements directly implicating a defendant in criminal activity, *Bruton* and its progeny are not implicated.

> [T]he rule announced in *Bruton* is a limited one. Specifically, "*Bruton* applies only in those few contexts where the statement is so inculpatory as to the defendant that the 'practical and human limitations of the jury system cannot be ignored.'" *United States v. Rahseparian*, 231 F.3d 1267, 1277 (10th Cir. 2000), *quoting Bruton v. United States*, 391 U.S. 123, 135 (1968). In other words, the Bruton rule does not apply to "statements that are not directly inculpatory but only inferentially incriminating." *Id.* at 1277.

*United States v. Nash*, 482 F.3d 1209, 1217-18 (10th Cir. 2007). The United States is entitled to introduce each Defendant's prior statements that provide evidence of the defendant's willfulness, knowledge and intent. If specific statements of a coconspirator are elicited that were made not in furtherance of the conspiracy, and that do not otherwise fall within an exception to the hearsay rule, and which inculpate the codefendant, a proper objection should be made at that time.

I.  Conclusion

For the foregoing reasons, the United States requests the Court deny each of Defendants' motions in limine.

Respectfully submitted,

THOMAS SCOTT WOODWARD
ACTING UNITED STATES ATTORNEY


 /s/ Charles A. O'Reilly
CHARLES A. O'REILLY, CBA NO. 160980
Special Assistant U.S. Attorney
KENNETH P. SNOKE, OBA NO. 8437
Assistant United States Attorney
110 West Seventh Street, Suite 300
Tulsa, Oklahoma  74119
(918) 382-2700

**CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of October 2009, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Lindsey Kent Springer
Defendant

Oscar Amos Stilley
Defendant

Robert Williams
Standby Counsel assigned to Lindsey Kent Springer

Charles Robert Burton, IV
Standby Counsel assigned to Oscar Amos Stilley.

*/s/ Charles A. O'Reilly*
Special Assistant U.S. Attorney
