# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | Case No. | 09-CR-043-SPF |
| | ) | | |
| LINDSEY KENT SPRINGER, | ) | | |
| OSCAR AMOS STILLEY, | ) | | |
| | ) | | |
| Defendants. | ) | | |

### UNITED STATES' CONSOLIDATED RESPONSE IN OPPOSITION TO DEFENDANT SPRINGER'S APPLICATION UNDER RULE 17(b) AND DEFENDANT STILLEY'S MOTION FOR SUBPOENAS PURSUANT TO RULE 17(b)

The United States of America, by and through its attorneys, Thomas Scott Woodward, Acting United States Attorney for the Northern District of Oklahoma, and Kenneth P. Snoke, Assistant United States Attorney, and Charles A. O'Reilly, Special Assistant United States Attorney, hereby responds in opposition to Defendant Lindsey Kent Springer's Application Under Rule 17(b), doc. no. 141, and Defendant Oscar Amos Stilley's Motion for Subpoenas Pursuant to Rule 17(b), doc. no. 152. Defendants are charged with conspiracy to defraud the United States and related criminal tax offenses. As indicated hereinafter, Defendants have not, and the Government believes cannot, establish that the requested witnesses' testimonies are relevant, material and useful, nor can either Defendant show a particularized need as to each requested witness.

A. Rule 17(b) Subpoenas Unnecessary for
Witnesses Testifying for the Government

The Government has issued trial subpoenas to the following individuals identified by the Defendants in their pleadings: Patrick Turner, Arthur Hawkins, Cynthia Hawkins, Andrew Ouwenga, Denny Patridge, Ronald Young, Russell Young, Larry Simmons, Vikki Wiggins, James Lake, Lawrence Lodgsden, Phillip Roberts, Barbara Hodsden, Brian Miller,[1] Eddy Patterson, Judith Patterson, Ernest Swisher and Mark Zokle. Defendant Springer also asks that the following individuals bring the items identified in addition to testifying at trial: Arthur and Cynthia Hawkins - individual and corporate tax returns for the years 2000 through 2006; Andrew and Karen Ouwenga - individual and trust returns for the years 2000 through 2006; Vikki Wiggins - individual and Garlin Associated Ministries' tax returns for the years 2000 through 2006; James Lake - individual and trust tax returns for the years 1998 through 2006; Phillip Roberts - individual and Ortho/Neuro Medical Associates' tax returns for the years for the years 1998 through 2006; Eddy and Judith Patterson - individual tax returns for the years 1996 through 2005.

A subpoena ad testificandum is not necessary for a witness who testifies at trial. *See United States v. Pursley*, 2009WL2568954 (10th Cir., August 21, 2009), citing *United States v. Kaufman*, 393 F.2d 172, 177 (7th Cir. 1968). With respect to Defendant Springer's request for prospective witnesses tax returns, Defendant articulates nothing

---

[1] IRS Fraud Technical Advisor Agent Brian Miller was not subpoenaed but will testify at trial as the United States' summary witness.

justifying the production of these tax returns. Defendant provides no basis to determine in what manner the tax returns identified are remotely relevant to this case or his defense. Furthermore, even if Defendant speculates that these individuals' tax returns might provide impeachment evidence, that would be insufficient. Rule 17 of the Federal Rules of Criminal Procedure is not intended to serve as a discovery tool, nor does it provide a basis for a "blind fishing expedition seeking unknown evidence." *United States v. MacKey*, 647 F.2d 898, 901 (9th Cir. 1981).

Even though the United States has subpoenaed each of the witnesses identified above, with the exception of IRS Agent Miller, the United States requests that the Court make inquiry of the Defendants with respect to each of these witnesses to determine whether the witnesses' testimony will be relevant to either Defendants' defense. The United States makes this request in order to ensure, in the event that a decision is made that a witness' testimony is unnecessary (for example, where both a husband and wife are subpoenaed, the United States may well call only one spouse to testify), that individuals are not released from subpoena that Defendants are relying on having present to testify at trial.

  B. <u>Defendants Failed to Comply With the *Touhy* Regulations</u>

Defendant Springer seeks to have the Court authorize the payment and issuance of subpoenas to seven federal employees: Brian Miller; Fred Rice; Donna Meadors; Tim Patterson; Tim Arsenault; Douglas Horn; Melody Nelson (former federal employee).

Defendant Stilley requests the court to authorize the payment and issuance of subpoenas to an additional nine federal employees, eight of whom are federal judges: Seth Uram (an Assistant U.S. Attorney in the Northern District of Ohio, misidentified as the United States Attorney); United States District Court Judges Thomas Eisele, Jimm Larry Hendren, Claire Eagan, Terence Kern, Gregory Frizzell, James Payne and Mary H. Murguia; United States Magistrate Judge James Marschewski.  As with Defendant Springer's previous attempt to subpoena federal employees, Defendants ignore the rules regulating the issuance of subpoenas to federal employees.  The United States hereby incorporates United States Motion to Quash Subpoenas, doc. no. 94, and requests that Defendants' motions be denied.

    C.    Defendant Stilley's Request to Subpoena Stark Ligon
           and Arkansas Supreme Court Bench is Unwarranted

Defendant Stilley requests to subpoena Mr. Stark Ligon, Arkansas Supreme Court Justices Donald Corbin, Annabelle Clinton Imber, Jim Hannah, and Robert Brown, and former Arkansas Supreme Court Justices W.H. "Dub" Arnold, Tom Glaze and Ray Thornton.  The scope of the proposed testimony is with respect to matters related to disbarment proceedings against Defendant Stilley, as well as related disciplinary matters.  Defendant Stilley's proposed testimonies from these individuals regarding the details underlying Defendant Stilley's suspension from the practice of law and potential disbarment are irrelevant to the charges against Defendant Stilley - that Defendant Stilley conspired to defraud the United States, and that Defendant Stilley aided and assisted the

attempted tax evasion of his codefendant's federal income taxes for the years 2003 and 2005.

Defendant Stilley's Brief in Support of Motion for Subpoenas Pursuant to Rule 17(b), doc. no. 153, clearly establishes that the requested testimony is irrelevant to a defense to the charges in the indictment. Mr. Ligon's testimony appears to be sought to establish a variety of ancillary matters unrelated to the charges, and in no way relevant to any defense the United States can fathom. Testimony from Arkansas Supreme Court justices, both past and present, is sought to explain "why they summarily dismissed a complaint against themselves for an illegal exaction, without the slightest notice or opportunity to be heard," and other matters unrelated to this case, or again to any defense to the charges of conspiracy to defraud and tax evasion. Defendant Stilley's Brief in Support of Motion for Subpoenas Pursuant to Rule 17(b), doc. no. 153 at 5.

D.   <u>Defendants' Requests with Respect to Remaining Witnesses</u>

In addition to the witnesses already addressed, Defendant Springer seeks to subpoena a variety of witnesses whose proposed testimony is irrelevant, much of which has already been addressed in the United States' Motion in Limine, doc. no. 137, which is incorporated herein. As articulated in the United States' Motion in Limine, the Defendants should be precluded from introducing irrelevant evidence of payments made to Defendant Springer that are not alleged to be taxable income. Thus, testimony from witnesses who gave money to Defendant Springer, or who were otherwise "supportive"

of Defendant Springer's mission, is irrelevant to the charges brought against Defendants. The proposed testimony of attorney Jerold Barringer[2] regarding the Paperwork Reduction Act is likewise irrelevant. See United States' Motion in Limine Regarding Defendants' "Evidence," Argument and "Good Faith" Defense, doc. 137, at 4 and 14.

Defendant Stilley proposes the issuance of subpoenas to several individuals related to Mark Zokle, a witness in this matter. Defendant Stilley asserts that Mr. Zokle's attorney, Mark McBride, "will testify as to the unwritten agreement between Mr. Zokle and the government, and the reasons that Mr. Zokle came and testified [at Defendant Stilley's disbarment hearing]." Defendant Stilley's Brief in Support of Motion for Subpoenas Pursuant to Rule 17(b), doc. no. 152. Not only is the proposed testimony irrelevant to the charges in this matter, there was no "unwritten agreement between Mr. Zokle and the government." Finally, any relevant testimony can be inquired of Mr. Zokle.

The proposed testimonies of Assistant U.S. Attorney Seth Uram ("will provide information as to why Tom Baird was given a special deal to testify against Mark Zokle . . .") and Tom Baird are, if possible, even less relevant.

---

[2] Defendant Springer identifies Mr. Barringer as "a foremost expert on the Paperwork Reduction Act of 1995." Defendant Springer's Ex Parte Application Under Rule 17(b), doc. no. 141 at 4. However, in *United States v. Patridge*, a case which addressed the Paperwork Reduction Act, the Seventh Circuit stated that Mr. Barringer "has performed below the standard of a *pro se* litigant; we have serious doubts about his fitness to practice law. The problem is not simply his inability to distinguish between plausible and preposterous arguments. It is his disdain for the norms of legal practice (19 issues indeed!) and the rules of procedure." 507 F.3d 1092, 1095 (7th Cir. 2007).

Finally, the proposed testimony of each of the other witnesses identified does not appear to be relevant to the proposed charges, nor to offer a defense to the charges. Defendant Stilley's accusation that Sebastian County Circuit Judge Stephen Tabor caused Defendant Stilley to be jailed for three weeks appears wholly irrelevant to the charges in the indictment, and irrelevant to a defense to the charges.

Similarly, the proposed testimony of the following individuals is irrelevant to the charges against the Defendants and to any discernible defense: United States District Court Judges Jimm Larry Hendren, Clair Eagan, Terence Kern, Gregory Frizzell and James Payne; Paul Beran, Chancellor of the University of Arkansas at Fort Smith; United States Magistrate Judge James Marschewski.

With respect to United States District Court Judge Mary H. Murguia, Defendant Stilley asserts that her proposed testimony is required with respect to the bases for terminating his representation at public expense, and regarding the money paid to Defendant Stilley for billings with respect to Patricia Ensign. Judge Murguia's decision to terminate Defendant Stilley is unrelated to the matters charged in the indictment, and would appear to be similarly unrelated to any proposed defense. While the funds paid to Defendant Stilley are relevant to the indictment (the Indictment charges that Defendant Stilley earned income representing individuals in criminal tax cases and that he failed to file federal income tax returns), in no sense is United States District Court Judge Murguia

necessary to establish the facts regarding Defendant Stilley's representation of Ms. Ensign and the amounts paid to Defendant Stilley.

E.   Conclusion

For the foregoing reasons, absent the ability of Defendants to establish that each requested witness' testimony is relevant, material and useful, and Defendants showing a particularized need with respect to each witness, Defendants' motions for the issuance of subpoenas pursuant to Rule 17(b) of the Federal Rules of Criminal Procedure should be denied.

Respectfully submitted,

THOMAS SCOTT WOODWARD
ACTING UNITED STATES ATTORNEY


 /s/ Charles A. O'Reilly
CHARLES A. O'REILLY, CBA NO. 160980
Special Assistant U.S. Attorney
KENNETH P. SNOKE, OBA NO. 8437
Assistant United States Attorney
110 West Seventh Street, Suite 300
Tulsa, Oklahoma  74119
(918) 382-2700

**CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of October 2009, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Lindsey Kent Springer
Defendant

Oscar Amos Stilley
Defendant

Robert Williams
Standby Counsel assigned to Lindsey Kent Springer

Charles Robert Burton, IV
Standby Counsel assigned to Oscar Amos Stilley.

*/s/ Charles A. O'Reilly*
Special Assistant U.S. Attorney