IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA					PLAINTIFF

v.				Case No. 09-CR-043 SPF

LINDSEY KENT SPRINGER,
OSCAR AMOS STILLEY						DEFENDANT

**RESPONSE TO MOTION TO TAKE DEPOSITION OF MS. WIGGINS PURSUANT TO RULE 15 [DOCKET 162]**

Comes now **OSCAR AMOS STILLEY**[1] by limited special appearance, and not a general appearance, and for his response to Motion to take Rule 15 Deposition [Docket 162, as amended] states:

1. Defendant Oscar Stilley admits that Vikki Wiggins is a proposed witness. The exact nature of her testimony is unknown, thus the remainder of the paragraph is neither admitted nor denied.

2. Defendant Oscar Stilley is without knowledge of the facts alleged in paragraph 2 and thus neither admits nor denies said paragraph.

3. Defendant Oscar Stilley is without knowledge of the facts alleged in

---

[1] It is presumed that the plaintiff is master of his own complaint. This complaint is styled in the name of "**UNITED STATES OF AMERICA**" as opposed to the people thereof, or any grand jury. Plaintiff, whoever that may actually be, named **OSCAR AMOS STILLEY** as a Defendant. Therefore, **OSCAR AMOS STILLEY** has appeared specially and limited, challenging jurisdiction, to defend against the charges to the extent required so to do by the law.

paragraph 3 and thus neither admits nor denies said paragraph.

4.      Paragraph 4 is denied.  There are no declarations under penalty of perjury submitted in support of the request for a Rule 15 deposition of Vikki Wiggins.  Dr. DeTarnowsky, MD submits an unsworn "To whom it may concern" letter which says that Ms. Wiggins has problems that interfere with her ability to travel.  It says nothing to the effect that she could not feasibly travel to court for testimony, only that "...she **is much better suited** to having her sworn testimony at her own residence." (Emphases added) Furthermore, the "declaration" of Gary Wiggins, Ms. Wiggins' husband, is neither signed nor sworn.  From the subject line it appears that a witness coordinator sent an email to Ms. Wiggins, but this email is not included. Setting aside all these defects, the email essentially suggests that Ms. Wiggins could testify in Tulsa as long as she got enough rest and potassium.  Undersigned has no objection to rest and potassium for Ms. Wiggins, so long as her testimony is given live at trial.  Save for words in the government's pleadings, there is not statement to the effect that Ms. Wiggins "recently came close to death" or that she could not testify at trial if her legitimate health needs were respected.

5.      Paragraph 5 is denied. If Ms. Wiggins testifies at trial she can explain

the purpose of those transfers, whether they were "paid...for Defendant Springer's efforts..." or not, as well as all other nuances and relevant facts. The government is simply trying to slip in their version of the facts as if it is uncontested truth.

6. Paragraph 6 is another surreptitious effort to claim that the unavailability of Ms Wiggins is an established fact when it plainly is not.

7. Rather than file another response to the motion to seal Lindsey Springer's response, undersigned will simply say that he opposes the motion, and sees no protected medical information which might need to be sealed. In fact the entire motion sequence should be unsealed.

WHEREFORE, Defendant Oscar Stilley respectfully requests that the motion be denied; that Ms. Wiggins be required to appear to testify, or else not testify at all; that all pertinent pleadings concerning Ms. Wiggins be and remain unsealed absent specific authority to the contrary; and such other relief as may be appropriate whether or not specifically prayed.

Respectfully submitted,

By:  /s/ Oscar Stilley
Oscar Stilley, Attorney at Law
7103 Race Track Loop
Fort Smith, AR 72916
(479) 996-4109
(866) 673-0176 Fax
oscar@oscarstilley.com

## BRIEF IN SUPPORT OF RESPONSE TO MOTION TO TAKE DEPOSITION OF MS. WIGGINS PURSUANT TO RULE 15 [DOCKET 162]

The "facts" in support of the government's motion seem to be quite the moving target. Mr. O'Reilly first says that "Ms. Wiggins' health prevents her from traveling. Ms. Wiggins came close to death and is now medically fragile."

In the instant case this Court is faced with two statements. One is an unsworn statement from Dr. George deTarnowsky, MD dated September 25, 2009, which doesn't actually say Ms. Wiggins could not reasonably travel, and in fact strongly implies that she can.

The second is an unsworn and unsigned statement purporting to be written by the witness' husband, Gary Wiggins. Gary Wiggins didn't purport to sign his "letter," which appears to be a response to an undisclosed email from Gayla Stewart. Setting aside all these factors, Mr. Wiggins claims that Ms. Wiggins gets Social Security, but doesn't say whether it is retirement or disability.

Mr. O'Reilly avers that it is on "full social security disability." Aside from the fact that undersigned has implemented a "trust but verify" policy respecting any statements from the government, such a claim, even if true, is totally unimpressive. Undersigned personally knows people on full

social security disability who are capable of doing almost any job they feel like doing.  There are millions of people on SS disability, and the rolls continue to swell on a daily basis.

Nothing but Mr. O'Reilly's unsupported statement in his motion supports the idea that Ms. Wiggins came close to death.  Nobody claiming any knowledge has allegedthat she is actually "prevented" from traveling.  Ms. Wiggins has not personally uttered so much as a word in her own behalf.

In fact, Lindsey Springer on September 25, 2009 asked for "...the letter from the Doctor claiming she is unable to travel along with a list of medicine she is currently on accompanied with a list of any medicine she was on at the time she testified before one of your previous Grand Juries."

This is a fair request, but the government just blew it off.  Not only did they blow off such a reasonable request, they now want to seal Mr. Springer's response, which as far as undersigned can see contains no secret medical information.  Matters readily observable, such as appearing "frail" or not being so limber as other people,  surely cannot qualify as confidential medical information, at least without some citation to authority.

Undersigned strongly suspects that Ms. Wiggins' condition is not materially different than her condition when she came and testified before the grand jury. There is not even an attempt to show her physical condition then and now, nor so much as a conclusory statement that her physical condition has materially declined in the interim.

Mr. Wiggins worries about stress and anxiety. While it is hardly unreasonable to assume that a requirement to give testimony is stressful for just about anyone, that is not sufficient cause to excuse the requirement of giving live testimony. Furthermore, the government is the source of much of the stress.

Remember the government trying to claim that they only targeted Oscar Stilley after he testified truthfully, but not the way the government wanted him to testify? Sure it was false, and the government later admitted that the criminal investigation of Oscar Stilley started long before his appearance before the grand jury. However, the very *claim* that a criminal investigation was commenced after and because of the refusal or failure to testify according to the government's wishes, in an attempt to exculpate a CID agent's false statements to the witness concerning his target status, is in and of itself a damning indictment of the United States

Department of Justice.

The government, having threatened and punished truthful testimony contrary to their own selfish interests, now proclaims that the stress and strain on witnesses similarly situated is a reason to excuse the witness from appearance at trial.  Such an excuse is akin to one who kills his parents and then pleads for mercy on the ground that he is an orphan.

This motion has all the signs of a concerted effort by the government to contrive a reason to excuse Vikki Wiggins from testifying live before the jury.  The real reason, most likely, is the justifiable fear that Ms. Wiggins might speak the truth in the very presence of the jury, either from an awakened conscience, or through the disinfecting properties of cross examination.

Such developments should take place with 12 pairs of ears hearing the words, 12 pairs of eyes seeing the subtle nuances, and the full benefit of live testimony of the witness.  The temporary inconvenience of traveling to testify at trial pales in comparison to the incarceration that could be meted out to the defendants, up to 37 years total according to the government.  The founders wisely required that such momentous decisions be made on the basis of testimony from live witnesses, with full rights of

confrontation in the presence of the jury.   The government has shown neither the exceptional circumstances nor the interest of justice required by Rule 15.

The government's motion should be denied, and this complete line of pleadings should be maintained without seal so that the public can review these pleadings.  If the Court finds that some of the pleadings or documents have information protected by some specific law or rule, then that specific provision of law or rule should be cited, and the Court should order the sealing of only those documents or parts of documents essential to compliance with the authority cited.   Otherwise the general constitutional right to a public trial must control.

WHEREFORE, Defendant Oscar Stilley respectfully requests that the motion be denied; that Ms. Wiggins be required to appear to testify, or else not testify at all; that all pertinent pleadings concerning Ms. Wiggins be and remain unsealed absent specific authority to the contrary; and for such other and further relief as may be appropriate whether or not specifically prayed.

> Respectfully submitted,
>
> By: /s/ Oscar Stilley
> Oscar Stilley, Attorney at Law
> 7103 Race Track Loop
> Fort Smith, AR 72916
> (479) 996-4109
> (866) 673-0176 Fax
> oscar@oscarstilley.com

### CERTIFICATE OF SERVICE

I, Oscar Stilley, by my signature above certify that I have this October 5, 2009, caused the Plaintiff to be served with a copy of this pleading by CM/ECF to: Kenneth P. Snoke, United States Attorney's Office, 110 W 7th Street, Suite 300, Tulsa, OK 74119-1013, ken.snoke@usdoj.gov; Charles A O'Reilly, US Dept of Justice, PO Box 972, Washington, DC 20044, email charles.a.o'reilly@usdoj.gov . Also by email to Lindsey K. Springer at Gnutella@mindspring.com .