**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **LINDSEY KENT SPRINGER,** ) <br> **OSCAR AMOS STILLEY,** ) <br> ) <br> **Defendants.** ) | Case No. 09-CR-043-SPF |

## ORDER TO TAKE RULE 15 DEPOSITION (Dkt. 162)

The Court, having reviewed and considered the Government's Motion to Take Rule 15 Deposition (Dkt. 162) of Vikki Lynn Wiggins in Los Angeles, California, the authority offered in support thereof, and the Defendants' respective positions, finds:

1. The testimony of the witness, Vikki Lynn Wiggins, Los Angeles, California, is relevant to the allegations in the Indictment;

2. Exceptional circumstances exist under the facts and circumstances of this case justifying the need for a deposition to be taken of Ms. Wiggins, based on her physical infirmity, medical fragility and inability to travel, as set forth in the Government's motion, and in the supplement to the motion and attachments;[1]

3. The interests of justice will be served by the taking of a videotaped deposition;

---

[1] The court notes, in particular, the information which has been provided to the effect that the witness suffers from congestive heart failure, and has apparently satisfied the stringent disability standards of the Social Security Administration.

4. The videotaped deposition should be taken as soon as possible, but in any event in time for use at the October 26, 2009 trial; and

5. Pursuant to Rule 15(d) of the Federal Rules of Criminal Procedure, the Government will pay the costs of taking the deposition and the expense of travel and subsistence for the defendants and their standby counsel.[2]

WHEREFORE, it is ordered that a videotaped deposition of Vikki Lynn Wiggins be taken as set forth above.

Dated this 6th day of October, 2009.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

09-0043p031.wpd

---

[2] The court includes standby counsel in this provision only because the deposition proceedings will, in effect, be trial proceedings. The attendance of standby counsel is not required, but is permitted. If standby counsel attend – participating only as advisors to the defendants – then the government shall bear the expense of their travel and subsistence.