IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA

        Plaintiff,

                             Case No. 09-CR-043-SPF

v.

LINDSEY KENT SPRINGER,
OSCAR AMOS STILLEY

        Defendants.

MOTION TO COMPEL CLERK OF COURT TO COMPLY WITH
28 U.S.C. SECTION 1867(f) AND TEST v. UNITED STATES, 420 U.S. 28, 30 (1975)

Lindsey Kent Springer ("Springer") moves the Court for an Order directing the Clerk of the United States District Court for the Northern District of Oklahoma to essentially comply with Title 28, Section 1867(f) and the Supreme Court's decision in Test v. United States, 420 U.S. 28, 30 (1975) and allow Springer unqualified access to inspect the process and scope of how each prospective juror was summoned for Trial on October 26, 2009. Springer finds it utterly amazing that 34 years after the Supreme Court issued its order in Test to the Tenth Circuit that he is having to seek permission from this Court to have the Clerk's Office provide Springer what for many years has remained the law of the Tenth Circuit and of the entire Country regarding jury selection compliance under section 1867(f).

Congress does not define "cross section of the community" in Title 28, Section 1869 or as the phrase appears at 1861. "**Thus, the 6th Amendment provides that all**

1

**criminal trials shall be by a jury of the "State and district" in which the crime shall have been committed; and by "district" is here meant either an entire State or a subdivision of a State."  Harvard Law Review, The status of our new territories, Vol. XII, 365, 385 (January 25, 1899)**

Congress does not define the term "district" or "division" as used in section 1861.  Although section 1861 is entitled "Declaration of Policy" such policy cannot abrogate, or be allowed to abrogate, the Sixth Amendment Right of Springer to have the trial jury drawn from the State and district wherein the alleged offenses are "said" to have been committed.  See Smth v. Daily Mail Publishing Co., 443 U.S. 97, 104 (1979)("However, we concluded that the State's policy must be subordinated to the defendant's Sixth Amendment right of confrontation. ... The important rights created by the First Amendment must be considered along with the rights of defendants guaranteed by the Sixth Amendment. See *Nebraska Press Assn*. v. *Stuart*, 427 U.S., at 561. Therefore, the reasoning of *Davis* that the **constitutional right must prevail[1] over the state's interest** in protecting juveniles applies with equal force here.")

"[g]rand and petit juries [are to be] selected at random from a fair cross section of the community." 28 U.S.C. § 1861. Test v. United States, 420 U.S. 28, 30 (1975)(emphasis added)  The 10th Circuit, after being reversed in Test, stated a trial jury is to be "selected at random from a fair cross section of the community" as

_____

[1]Issues here were about confrontation clause but that is distinction without a difference related to the Sixth Amendment.  The Sixth Amendment Right must prevail!

required by the Act and the **fifth and sixth amendments** to the United States Constitution. United States v. Test, 550 F.2d 577, 581 (10th Cir. 1976)

"Section 1861 of the Act provides: It is the policy of the United States that all litigants in Federal courts entitled to trial by jury **shall have the right** to grand and petit juries *selected at random from a* **fair cross section of the community** **in the district** or division wherein the court convenes...." Id. at 584

Section 1867 (f) of the Act, in relevant part, provides:

"The contents of records or papers used by the jury commission or clerk in connection with the jury selection process shall not be disclosed, **except . . . as may be necessary in the preparation or presentation of a motion** [**challenging compliance with selection procedures**] under . . . this section. . . . The parties in a case shall be allowed to inspect, reproduce, and copy such records or papers at all reasonable times during the preparation and pendency of such a motion. . . ." (Emphasis supplied.)

Test v. United States, 420 U.S. 28, 29 (1975)

"This provision makes clear that a litigant has essentially an **unqualified right to inspect jury lists**." Id. "It grants access in order to aid parties in the 'preparation' of motions challenging jury-selection procedures. Indeed, without inspection, a party almost invariably would be unable to determine whether he has a potentially meritorious jury challenge. Thus, **an unqualified right** to inspection **is required** not only by the plain text of the statute, but also by the statute's overall purpose of insuring 'grand and petit juries selected at random from a fair cross section of the community.' 28 U.S.C. § 1861." Id.

"Since petitioner was denied an opportunity to inspect the jury lists, we vacate the judgment of the Court of Appeals and remand the case to that court with instructions to remand to the District Court so that petitioner may attempt to support his challenge to the jury-selection procedures. We express no views on the merits of that challenge." Id.

The Policy implemented by the District Court under its "plan" under Title 28, Section 1863 states as follows:

> Pursuant to 28 U.S.C. § 1861, all litigants "have the right to grand and petit juries selected at random from a fair cross section of the community." The court uses a two-step process to select jurors. First, a master jury wheel is created by selecting names at random from the actual voter lists of the **counties in the district and from the driver license list of Tulsa County**. Then, names are randomly drawn periodically from the master jury wheel to receive juror qualification questionnaires. Individuals' answers to these questionnaires determine whether they are legally qualified to serve. If so, the names of those persons are put on a second wheel, a qualified jury wheel. As prospective jurors are needed for a specific trial or grand jury, juror summonses are sent to persons randomly selected from the qualified wheel. All of these selections are carried out through a properly programmed electronic data processing system for pure randomized selection. The pure randomized process ensures that the mathematical odds of any single name being picked are substantially equal.
>
> Posted on the world wide web on November 18, 2008 at:

http://www.oknd.uscourts.gov/okndpublic/JuryInfo.nsf/e1df95432b8fe773862567 ca00573ae3/dd8a518dd650dfcc8625750500648e1d?OpenDocument

Springer requested access to the lists drawn for the trial of October 26, 2009, on October 5, 2009 from the Clerk's Office according to the "plan" and was

informed the Clerk's Office does not report to any Commissioner. Thus there is absolutely no oversight whatsoever.

Springer did learn of a "Jury Administrator" and her name is Melissa Tarwater. Ms. Tarwater reports to the Clerk Phil Lombardi directly. She also informed Springer this Court is aware of the jury selection process in this District as it has tried "numerous" cases in this District.

Springer was told by Ms. Tarwater that in order for Springer to gain access to the information regarding the prospective jury summoned to verify compliance with the District Court plan, as is obviously Springer's unqualified right under Title 28, Section 1867(f) and pursuant to Test v. United States, 420 U.S. 28, 30 (1975), and United States v. Test, 550 F.2d 577, 581-584 (10th Cir. 1976), that Springer would need an order from this Court to gain such access.

Although that is not what Title 28, Section 1867(f) says, nor is that what the Supreme Court in the Test (1975) case said, Springer finds that without such order he will be denied his rights under Title 28, Section 1867(f) and pursuant to the fifth and sixth amendments according to 10th Circuit in Test (1976).

Springer asked how the plan divides the juror selection between being derived from the 11 counties in the State of Oklahoma and from the Driver's License List of Tulsa County, State of Oklahoma.

Ms. Tarwater informed Springer that 75% of the jury summons according to the "plan" are derived from 11 counties named  Craig, Creek, Delaware, Mayes,

Nowata, Osage, Ottawa, Pawnee, Rogers, Tulsa and Washington equally, and 25% are derived from the driver's license list of the County of Tulsa only.

Springer is developing a Motion regarding this plan as it clearly violates the Sixth Amendment right of Springer for the Jury to be derived from the State and district where the alleged offense is said to have occurred by depriving Springer of his neighbors and equals from that selection process. Duncan v. Louisiana, 391 U.S. 145, 151-154 (1968)

The State of Oklahoma is divided up into 24 districts and 77 Counties. Springer lives in the 24 district which is made up of Creek and Okfuskee County. For purpose of this Motion Springer seeks to discover his unqualified right to inspect the summons set out and returned to insure himself that compliance with the District Court plan has in fact occurred.

Springer also intends to show that the "plan" itself violates the clear meaning of the phrase "cross section of the community" and in fact violates the Sixth Amendment right to have any jury drawn from the State and district wherein the alleged acts legislatively occurred. As the Tenth Circuit stated after it was reversed in Test, the jury must be drawn from a "fair cross section of the community in the district or division wherein the court convenes."

Springer will present these challenges in one motion after he has had the opportunity to search through the purported compliance with the District Court plan.

CONCLUSION

Springer requests this Court to issue an order directing the Clerk of the United States District Court for the Northern District of Oklahoma to comply with Title 28, Section 1867(f), the decision by the Supreme Court in Test v. United States, 420 U.S. 28, 30 (1975), and United States v. Test,  550 F.2d 577, 581-584 (10th Cir. 1976), to give Springer unqualified access to the procedures used and juror lists maintained for the October 26, 2009 trial of Springer in this case,  including any list of any person disqualified for any reason, and for copies be made per Springer's request in order for Springer to properly support any resulting motion regarding the failure of the Clerk to follow procedure in implementing the plan dated November 18, 2008.


Respectfully Submitted

/s/ Lindsey K. Springer
Lindsey K. Springer
5147 S. Harvard, # 116
Tulsa, Oklahoma 74135
918-748-5539/955-8225(cell)

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Lindsey Kent Springer's

Motion to Compel Clerk of Court to Comply with 28 U.S.C. Section 1867(f) and and

Test v. United States was ecf'd on October 6, 2009, to:


Kenneth P. Snoke,
Charles O'Reilly,
Oscar Stilley


/s/ Lindsey K. Springer
Signature