IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA

        Plaintiff,

                              Case No. 09-CR-043-SPF

v.

LINDSEY KENT SPRINGER,
OSCAR AMOS STILLEY

        Defendants.

RESPONSE IN OPPOSITION TO PROSECUTION'S MOTION DOCKET 185

Lindsey Kent Springer ("Springer") files his response in opposition to the Prosecution's Response/Motion dated October 8, 2009, wherein they are objecting to this Court's order dated October 8, 2009 granting Springer's 4th Motion for Bill of Particulars related to the phrase "regulations thereunder."

The Prosecution has not show good cause nor even attempted for their late Motion(s). This Court should deny the Motion for Extension and alternatively, deny the Motion to Reconsider as their motion is without merit and actually misrepresents the Tenth Circuit's holding in **United States v. Dawes, 951 F.2d 1189, 1191-1993 (10$_{th}$ Cir. 1991)**

In its objection to the Court's Order and Opposition to Springer's 4th[1] Motion the Prosecution argues:

---

[1] Springer shows he can learn!

1

> As previously articulated in the United States' pleadings, "the requirement to file a tax return is mandated by statute, not by regulation." *See United States v. Wunder*, 919 F.2d 34, 38 (6th Cir. 1990); *see also* **United States v. Dawes, 951 F.2d 1189, 1191 (10th Cir. 1991)**. **The regulations promulgated serve only to clarify the statutory duty to file**. The United States does not intend to introduce regulations into this trial. The United States anticipates that all information regarding the law will come from the Court.

See Doc. 185 at 2.

Springer has clearly showed this Court that the decision in Dawes specifically rejected the decision in Wunder. Springer will not reproduce that entire holding again as it appears in his Trial Brief and Opposition to the Prosecution's Motion in Limine. However, nothing could be made more clear that how the above statement defies what the 10th Circuit said in 1990 in the Collins case, in 1991 in the Dawes decision or in every case since:

> "We would be inclined to follow the general analysis of *Wunder* and *Hicks* and hold that the operation of the PRA in these circumstances did not repeal the criminal sanctions for failing to file an income tax return because the obligation to file is a statutory one. **However, we are not compelled to rest our opinion on the statutory origin theory** because we find the analysis of other courts which have considered the issue to be persuasive."

*United States v. Dawes*, 951 F.2d 1189, 1192 (10th Cir. 1991).

The Prosecution keeps saying this because they are attempting to establish they relied in good faith on the words of Judge Eagan in her decision dated June 22, 2006, which the Prosecution's construction and application of that holding on August 31, 2009, was found frivolous by the Tenth Circuit. Springer attached that

holding as Exhibit 1 to his Trial Brief.

The Prosecution's memory and ever changing argument is more than short. In opposition to Springer's Motion to Dismiss regarding the "place" where Springer is allegedly "required by law" written by Congress of the United States to "make" or "file" a Form 1040 for the years 2000 through 2005, the Prosecution stated:

> As Defendants correctly assert, Title 26, United States Code Section **6091 governs the place for filing tax returns**. Defendants, however, incorrectly leap to the conclusion that Section 6091 of Title 26 precludes Defendant Springer's prosecution for failure to file, and both Defendants' prosecution for conspiracy to defraud the Internal Revenue Service and for attempting to evade Defendant Springer's federal income taxes. Defendants ignore common sense, as well as Section 6091(b)(1)(B)(i), which provides [-5-] that where a person has no legal residence or principal place of business in any internal revenue district, "**the Secretary may by *regulations* designate**" an **alternative place**. The Secretary of the Treasury has so designated. Title 26, Code of Federal **Regulations**, Section 1.6091-2 clearly provides that "income tax returns of individuals, estates, and trusts shall be filed with any person assigned the responsibility to receive returns at the local Internal Revenue Service office that serves the legal residence or principal place of business of the person required to make the return." **Prior to, as well as after, the September 16, 2004 revision of Section 1.6091, taxpayers were afforded the option of filing their tax returns at the local office of the Internal Revenue Service, or with the Internal Revenue Service Center servicing their residence**.

Not only is this statement knowingly false at the time it was made, a "regulation" dated September 16, 2004 could not apply retroactively back to the year 2000. Furthermore, the above quote clearly demonstrates that the Prosecution intends to rely upon regulations to prove Springer was aware of the place he was "required by law" "triggering an obligation to file a return."

In the Second Bill of Particulars filed by Springer, this Court ordered the

Prosecution to explain "required by law" as the Grand Jury intended and furthermore in open Court directed the Prosecution on July 2, 2009 to pretend the Prosecution was directly communicating with the Court on what the jury instructions are to say regarding this "requirement." The Court gave the Prosecution 14 days and on the 12th day they filed a statement asserting sections 1,61,63,6011,6012,6071,6091,6151 and 7203 are what "required by law" means.[2]

Section 61 does not define "services" or compensation for services. It certainly never states "compensation for services rendered." Section 6011 begins "When required by regulations prescribed by the Secretary every person made liable for any tax imposed by this title...." Section 6012 references an "exemption amount" which the prosecution misleads the Grand Jury with Mr. Shern's assistance in directing this statute requires a return when the "threshold amount" is met. The term "threshold" never appears in section 6011, 6012 or 151(d).

Section 6012(a)(1)D)(ii) defines "exemption amount" "has the same meaning as given that term at section 151(d)." The prosecution never cites to section 151(d) nor could they.

But wait, there is more. The Prosecution, in attempt to cloud Springer's "difficult issues under both the tax code and the PRA"[3] tried to mislead this

---

[2]The Grand Jury in Count Two does not allege Springer was "required by law" to do anything.

[3]See Exhibit 1 attached to Springer's Trial Brief at page 7.

Court of Springer's claims under the Paperwork Reduction Act of 1995 by stating:

> "[E]very court that has considered the argument that the **regulations** and the instruction books promulgated by the IRS are within the scope of the PRA has rejected it." Salberg v. United States, 969 F.2d 379, 384 (7th Cir. 1992).

See Doc. 71 at 6.

Springer never mentioned any challenge to any regulations. Now why would the Prosecution be referring to "argument" that "regulations" promulgated by the IRS do not need comply with the Paperwork Reduction Act requirements if they did not intend to argue "regulations" were at issue between Springer and the theory of the Grand Jury?[4]

In opposition to Springer's Second Motion for Bill of Particulars the Prosecution argued:

> Defendant Springer has assisted in the defense of numerous criminal tax cases during the past decade. It is inconceivable that either would need a bill of particulars to understand what is requested in Defendant Springer's motion. For example, **it is clear that Defendants understand the phrases "required by law**," "functions," and "computation, ascertainment, assessment and collection."

See Doc. 97 at 3-4

It is not even clear whether the Prosecution understands their own theory of what the Grand Jury means when it says "required by law." Somehow, the

---

[4]Springer has never argued that any "regulations" are required to comply with the PRA and the Prosecution cannot point to any pleading that says otherwise.

5

Prosecution has managed to argue one minute regulations are what they intend to establish Springer's intention was to violate and the next minute they argue "the duty to pay federal tax is 'manifest on the face of the statutes, without any resort to IRS rules, forms or regulations"(quoting *United States v. Bowers*, 920 F.2d 220, 222 (4th Cir. 1990)). See Doc. 137 at 9.

Yet, in paragraph 14 of the Grand Jury Indictment the Form 1040 and 1099 is specifically mentioned along with some use of the term Form. See Doc. 1, pg. 3 Counts Two, Three and Four allege as Springer failed to file a "United States Individual Income Tax Return" and those words only appear on the face of the alleged Form 1040. See Doc. 1, pg. 8,9 and 10.

The Prosecution argued in its Bill of Particulars[5] that according to the Tenth Circuit in *United States v. Collins*, 920 F.2d 619, 630-31 (10th Cir. 1990) "The filing of income tax returns is mandated by statute." They even went further and argued that the Tenth Circuit in *United States v. Dawes*, 951 F.2d 1189, 1193 (10th Cir. 1991) along with the 11th Circuit in *United States v. Neff*, 954 F.2d 698, 699-700 (11th Cir. 1992), the 9th Circuit in *United States v. Hicks*, 947 F.2d 1356, 1359 (9th Cir. 1991), the 5th Circuit in *United States v. Kerwin*, 945 F.2d 92 (5th Cir. 1991), and the 6th Circuit in *United States v. Wunder*, 919 F.2d 34, 38 (6th Cir.1990) holds the same theory that "The filing of income tax returns is mandated by statute."

The Prosecution then cites specifically to "The statutes that required

---

[5] Doc. 104, at 1.

Defendant Springer file individual federal income tax returns are as follows" and then cited the sections quoted above including section 6011, 6012, 6071, 6091, 6151 and 7203 each of which use the term "return" and as the Prosecution points out in *United States v. Patridge*, 507 F.3d 1092, 1094-95 (7th Cir. 2007) "§ 7203 requires a 'return' but does not define that word or require anyone to use Form 1040, or any 'official' form at all." See Doc. 93 at 6

As reported to this Court by Springer in his Trial Brief and Opposition to the Prosecution's Motion in Limine, neither the holding in Collins or Daws makes this statement. In fact, the Dawes Court repudiated it by saying:

> However, we are not compelled to rest our opinion on the statutory origin theory because we find the analysis of other courts which have considered the issue to **be persuasive**.

Dawes at 1192.

As this Court stated in its order dated October 10, 2009, if the Prosecution intends on introducing in its theory that any "regulations thereunder" play any role in its theory of prosecution regarding the triggering of any obligation of Springer to file an income tax return form 1040 or 1099, they must be required to divulge such theory to Springer prior to trial.

"An administrative regulation, of course, is not a 'statute.'" United States v. Mersky, 361 U.S. 431, 437 (1960) "While in practical effect regulations may be called 'little laws,' they are at most but offspring of statutes." Id. "Congress alone may pass a statute, and the Criminal Appeals Act calls for direct appeals if the District

Court's dismissal is based upon the invalidity or construction of a statute." See *United States* v. *Jones*, 345 U.S. 377 (1953). The Supreme Court has always construed the Criminal Appeals Act narrowly, limiting it strictly "to the instances specified." *United States* v. *Borden Co.*, 308 U.S. 188, 192 (1939). See also *United States* v. *Swift & Co.*, 318 U.S. 442 (1943). "Here the statute is not complete by itself, since it merely declares the range of its operation and leaves to its progeny the means to be utilized in the effectuation of its command." Mersky, supra

"But it is the statute which creates the offense of the willful removal of the labels of origin and provides the punishment for violations. **The regulations**, on the other hand, **prescribe the identifying language** of the label itself, and assign the resulting tags to their respective geographical areas. Once promulgated, these regulations, **called for by the statute itself**, have the force of law, and violations thereof incur criminal prosecutions, just as if all the details had been incorporated into the congressional language. *The result is that neither the statute nor the regulations are complete without the other, and only together do they have any force*." United States v. Mersky, 361 U.S. 431, 438 (1960)

CONCLUSION

Springer requests this Court deny the Prosecution's Motion for Extension for not showing any good cause, and in the alternative, Deny the Prosecution's Motion to Reconsider this Court's Order dated October 8, 2009, and direct them to fully comply with this Court's Order dated October 8, 2009, by October 19, 2009, or earlier, regarding the specific identity of any "regulation thereunder" associated with the phrase "required by law" as appearing in their Trial Brief and as identified in their Bill of Particulars defining the meaning of "required by law" dated July 14, 2009.

<div style="margin-left:auto">

Respectfully Submitted
/s/ Lindsey K. Springer
Lindsey K. Springer
5147 S. Harvard, # 116
Tulsa, Oklahoma 74135
918-748-5539/955-8225(cell)

</div>

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Lindsey Kent Springer's Opposition to Prosecution's Docket # 185 was ecf'd on October 9, 2009, to:

Kenneth P. Snoke,
Charles O'Reilly,
Oscar Stilley

/s/ Lindsey K. Springer
Signature