# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 09-CR-043-SPF |
| ) | |
| LINDSEY KENT SPRINGER and ) | |
| OSCAR AMOS STILLEY, ) | |
| ) | |
| Defendants. ) | |

# ORDER

Before the court is the United States' Request for Extension of Time to Respond and Motion for Reconsideration of Order Granting Defendant Springer's Fourth Motion for Bill of Particulars (doc. nos. 185 and 187), filed on October 8, 2009. Defendant Springer has timely responded to that motion. See doc. no. 188, filed on October 9, 2009.

In its motion, the government makes the arguments it would have made if it had timely responded to Springer's Fourth Motion for Bill of Particulars (doc. no. 166). The court has carefully considered those arguments, thus effectively granting the government's request for extension of time, so, to that extent (*i.e.* to the extent that the government requests more time to respond to Springer's Fourth Motion for Bill of Particulars), the motion is **GRANTED**.

By order dated October 8, 2009, the court granted Springer's Fourth Motion for Bill of Particulars to the extent of directing the government to file "a supplemental bill of particulars, not later than October 19, 2009, specifying the 'regulations thereunder' (*see* government's trial brief, doc. no. 138, at p. 12) specifically relied upon by the government in this case as specifying events triggering an obligation to file a return." Doc. no. 184, at pp. 1 - 2.

The court granted Springer's Fourth Motion for Bill of Particulars because the government, in its trial brief, wrote (under the heading "Required to File by Law") that "Various provisions of the Internal Revenue Code (and regulations thereunder) specify the events that trigger an obligation to file a return." Doc. no. 138, at 12. The court was of the opinion when it entered its order on October 8, and is still of the opinion, that if regulations are important enough to the government's case to be referred to at all, then they should be cited specifically. It seems passing strange that, in this criminal tax case, the government would see fit to refer generally to operative regulations, but resist informing the defendant (and, by the way, the court) as to what it refers to when it writes about "the regulations thereunder." For this reason, the court is unmoved by the government's arguments as to the niceties of bills of particulars. If the device of a supplemental bill of particulars were not available to provide the specificity called for by fundamental fairness, the court would, in the blink of an eye, require the government to provide the needed specificity in a supplement to the trial brief that made reference to "the regulations thereunder" but gave no indication of *which* regulations.

Accordingly, to the extent that the government's motion is a motion for extension of time, it is **GRANTED**. To the extent that the motion seeks reconsideration of the court's October 8, 2009 order, it is **DENIED**. The supplemental bill of particulars remains due not later than October 19, 2009.

Dated October 13, 2009.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

09-0043p036.wpd