# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 09-CR-0043-SPF |
| LINDSEY KENT SPRINGER and OSCAR AMOS STILLEY, | ) |
| Defendants. | ) |

## ORDER

Before the court is the Motion for Daubert Hearing of defendant Lindsey Kent Springer (doc. no. 168, filed on September 30, 2009). The government has responded to the motion (doc. no. 171).

The government's response appropriately acknowledges that the district court must make a reliability determination before admitting expert testimony and points out that the district court has considerable discretion in determining how it will go about performing its gatekeeper function. The government also points out, correctly, that an evidentiary hearing is not always necessary as a prerequisite to the district court's performance of its gatekeeper function. *See, generally,* the discussion in In re Williams Securities Litigation, 496 F.Supp.2d 1195, at 1230 (N.D. Okla. 2007).

The government argues that an "evidentiary or other hearing is not necessary to develop the record that IRS Fraud Technical Advisor Brian Miller is properly qualified to testify [as] a summary witness in this case . . ." Government's response, at 2. The court concludes, however, that, in the circumstances of this case, even if an evidentiary hearing is not absolutely necessary, the court's fulfillment of its gatekeeper obligation will be aided by holding an evidentiary hearing outside of the

hearing of the jury. For one thing, as the parties and counsel will hear at the outset of the trial, the undersigned judge is mindful of his obligation to see to it that the time of the jurors is not needlessly squandered by interruptions or by the expenditure of inordinate amounts of time on foundational matters that are, in any event, for the court and not the jury to determine. For that reason, especially in a trial that will in any event be longer than the vast majority of trials, it will not be desirable to send the jury out of the courtroom in the middle of a trial day for the purpose of hearing from the parties pro and con as to the admissibility of the proposed expert testimony. It will be equally undesirable for the court to attempt to fulfill its gatekeeper responsibility "on the fly" without the benefit of proceedings outside of the hearing of the jury. The court's determination to hold an evidentiary hearing is also motivated, in part, by the indication in the government's trial brief (doc. no. 138 at p. 21) that the government may intend to lay its foundation for the proposed summary exhibits with the testimony of the person who *supervised* the preparation of the exhibit.[1] Although it is true that the Tenth Circuit case cited by the government for the proposition that the agent who supervised the preparation of the exhibit may provide the foundational testimony (United States v. Behrens, 689 F.2d 154 (10th Cir. 1982) - *in dictum*: the sponsoring witness was the agent who *did* prepare the chart), the court is quite naturally inclined to take a more cautious approach if the government does indeed propose to authenticate its summary exhibits with the testimony of an agent who supervised the preparation of the exhibits but did not actually prepare them.[2]

---

[1] This is not a Daubert issue, but is related in some respects to the Daubert issues, and should be resolved without taking the time of the jury.

[2] On this point, the court offers the government no assurance of success in getting its summary exhibits into evidence on the strength of the testimony of a witness who only supervised the preparation of those exhibits. The government will proceed at its own risk.

Accordingly, defendant Springer's Motion for Daubert Hearing is **GRANTED**. The court notes that Mr. Springer has requested that the Daubert hearing take place before trial. This request is **DENIED**. At the pretrial conference on October 21, 2009, the court will discuss with the parties the appropriate scheduling of the Daubert hearing. It is likely that the Daubert hearing will be conducted beginning at 5:30 p.m. at an appropriate point during the trial.

Dated October 13, 2009.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

09-0043p038.wpd