**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 09-CR-043-SPF |
| | ) | |
| LINDSEY KENT SPRINGER, | ) | |
| OSCAR AMOS STILLEY, | ) | |
| | ) | |
| Defendants. | ) | |

**RESPONSE TO DEFENDANT SPRINGER'S
MOTION TO COMPEL CLERK OF COURT TO COMPLY
WITH TITLE 28, UNITED STATES CODE, SECTION 1867(f)
AND *TEST v. UNITED STATES*, 420 U.S. 28, 30 (1975) (DOC. NO. 179)**

COMES NOW the Plaintiff, United States of America, by and through Thomas Scott Woodward, Acting United States Attorney for the Northern District of Oklahoma, Kenneth P. Snoke, Assistant United States Attorney, and Charles A. O'Reilly, Special Assistant United States Attorney, and responds to Defendant Springer's Motion (doc. no. 179), filed October 6, 2009, as follows:

Title 28, United States Code, Section 1867(f), provides:

The contents of records or papers used by the jury commission or clerk in connection with the jury selection process shall not be disclosed, except pursuant to the District Court plan, or as may be necessary in the preparation or presentation of a motion under subsection (a), (b), or (c) of this section, until after the master jury wheel has been emptied and refilled pursuant to section 1863(b)(4) of this title and all persons selected to serve as jurors before the master wheel was emptied have completed such service. The parties in a case shall be allowed to inspect, reproduce and copy such records or papers at all reasonable times during the preparation and pendency of such a motion. Any person who discloses the contents of any record or paper in violation of

> this subsection may be fined not more than $1,000 or imprisoned not more than one year, or both.

28 U.S.C. § 1867(f).

Since the "district court plan" apparently does not provide for his access under § 1867(f), Defendant Springer apparently seeks this access "as may be necessary in the preparation or presentation of a motion under subsection (a), (b), or (c) of this section . . ." Actually, § 1867(a) is the only section under which a defendant, such as Defendant Springer, can "move to dismiss the indictment or stay the proceedings against him on the ground of substantial failure to comply with the provisions of this title in selecting the grand or petit jury." 28 U.S.C. § 1867(a).

Defendant Springer bases his current motion on his claim that the Northern District of Oklahoma "plan" does not comport with drawing jurors from a "cross section of the community", and violates his Sixth Amendment right to have the jurors drawn from the state and district wherein the alleged acts occurred. This language is taken from 28 U.S.C. § 1861, which provides:

> It is the <u>policy</u> of the United States that all litigants in Federal courts entitled to trial by jury shall have the right to grand and petit juries selected at random from a fair cross section of the community in the district or division wherein the court convenes. It is further the policy of the United States that all citizens shall have the opportunity to be considered for service on grand and petit juries in the district courts of the United States, and shall have an obligation to serve as jurors when summoned for that purpose. 28 U.S.C. § 1861 (emphasis added).

Although Defendant Springer claims that the term "district" or "division" as used in Section 1861 is not defined by Congress, the term "division" is defined at Title 28, United States Code Section 1869(e). Additionally, from the text of the Voting Rights Act of 1965, as amended (subsection (f) of the Act was amended by Pub. L. 95-598, Title II § 243, November 6, 1978, 92 Stat.2671, effective June 28, 1984, . . . ) it is clear that the district referred to in Title 28, United States Code Sections 1861 *et seq*., means, in this case, the Federal Judicial District for the Northern District of Oklahoma, and that "division" means what is set forth in Title 28, United States Code Section 1869(e). Since the Northern District of Oklahoma does not have any "statutory divisions of a judicial district," it could (like the Western District of Oklahoma) have "divisions" comprised of "counties, parishes or similar political subdivisions surrounding the places where court is held as the district court plan shall determine" -- but it does not. Defendant Springer erroneously argues that Congress in this Act, and/or the Supreme Court in its 1975 opinion in *Test v. United States*, 420 U.S. 28 (1975), meant for the district jury selection plans to be based on state judicial districts, rather than federal districts. Defendant Springer cites no authority supporting his erroneous contention that the federal district court jury selection plan needs to draw jury venire men from one of the twenty-four state judicial districts which he says comprise the state court system in Oklahoma. Contrary to Defendant Springer's claimed justification for searching the jury selection records in the Northern District of Oklahoma Federal District Court Clerk's office, he is not entitled to a jury comprised of individuals who live in Creek or Okfuskee

3

County by either Title 28, United States Code Sections 1861, *et seq.*, nor by the Sixth Amendment. The clerk has already provided Defendant Springer with the Northern District of Oklahoma's method of the jury selection plan, *i.e.* seventy-five percent taken from the voter registration records of the eleven counties in the Northern Federal Judicial District of Oklahoma, plus twenty-five percent taken from the driver's license records of persons in Tulsa County. Therefore, even if Defendant Springer has a right to examine the jury selection records in order to prepare and present a motion under Title 28, United States Code Section 1867(a), the Government suggests that those records are not going to support his erroneous underlying basis for filing such a motion. Defendant Springer's asserted basis is that registered voters in Creek and Okfuskee Counties are a cognizable group, and that he is entitled by the Sixth Amendment or by Title 28, United States Code Sections 1861, *et seq.* to be tried by jurors drawn from those counties. *See United States v. Test*, 550 F.2d 577 (10th Cir. 1976); *United States v. Bailey*, 76 F.3d 320, 323 (10th Cir. 1996).

As to Defendant's motion, the Government agrees that Title 28, United States Code Section 1867(f) gives a defendant the right to inspect the contents of records or papers used by the clerk in connection with the jury selection process "in the preparation or presentation of a motion under subsection (a) . . ." however flawed the theory motivating the gathering of such information and the filing of such a motion. The Government, however, gives notice that, should Defendant Springer move to dismiss the indictment or stay the proceedings

4

against him on the ground of substantial failure to comply with the provisions of Title 28 in selecting the grand or petit jury, the Government will vigorously oppose such a motion.

Respectfully submitted,

THOMAS SCOTT WOODWARD
ACTING UNITED STATES ATTORNEY

*/s/ Kenneth P. Snoke*
KENNETH P. SNOKE, OBA # 8437
Assistant United States Attorney
CHARLES A. O'REILLY, CBA # 160980
Special Assistant United States Attorney
110 West Seventh Street, Suite 300
Tulsa, Oklahoma 74119
(918) 382-2700

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of October, 2009, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Lindsey Kent Springer
Defendant

Oscar Amos Stilley
Defendant

Robert Williams
Standby Counsel assigned to Lindsey Kent Springer

Charles Robert Burton, IV
Standby Counsel assigned to Oscar Amos Stilley

*/s/ Kenneth P. Snoke*
Kenneth P. Snoke
Assistant United States Attorney

5