# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.    09-CR-043-SPF |
| | ) | |
| LINDSEY KENT SPRINGER, | ) | |
| OSCAR AMOS STILLEY, | ) | |
| | ) | |
| Defendants. | ) | |

## UNITED STATES' SECOND BILL OF PARTICULARS

The United States of America, by and through its attorneys, Thomas Scott

Woodward, Acting United States Attorney for the Northern District of Oklahoma, and

Kenneth P. Snoke, Assistant United States Attorney, and Charles A. O'Reilly, Special

Assistant United States Attorney, hereby files this second Bill of Particulars pursuant to

the Court's orders dated October 8 and 13, 2009.  The Court ordered the United States to

file a supplemental bill of particulars "specifying the 'regulations thereunder' . . .

specifically relied upon by the government as specifying events triggering an obligation to

file a return."  Doc. no. 192 at 1.  The abbreviated answer to the Court's order is that the

passing, parenthetical reference to regulations in the government's trial brief was not

intended to suggest that the Government would be relying on Treasury Regulations in

proving its case in chief. As indicated in the Government's prior filings and further referenced below, the obligation to file a tax return is a statutory obligation. In its case in chief, the Government will prove that the defendant had a statutorily-mandated obligation to file a federal tax return without reference or reliance on Treasury Regulations.

In the United States Trial Brief (doc. no. 138), the United States included the parenthetical phrase "and regulations thereunder," when describing the law that specifies the events that trigger an obligation to file a return. Doc. no. 138 at 12. As previously stated by the Government in earlier responses to Defendants' motions for bill of particulars, the filing of income tax returns is mandated by statute. *United States v. Collins*, 920 F.2d 619, 630-31 (10th Cir. 1990); *United States v. Dawes*, 951 F.2d 1189, 1193 (10th Cir. 1991); *United States v. Neff*, 954 F.2d 698, 699-700 (11th Cir. 1992); *United States v. Hicks*, 947 F.2d 1356, 1359 (9th Cir. 1991); *United States v. Kerwin*, 945 F.2d 92 (5th Cir. 1991); *United States v. Wunder*, 919 F.2d 34, 38 (6th Cir.1990). In its Bill of Particulars filed July 17, 2009, the United States identified the statutes that impacted on the required filing of individual federal income tax returns: Title 26, United States Code Sections 1, 61, 63, 6011(a), 6012(a)(1)(A), 6072(a), 6091, 6151, and 7203. Doc. no. 104 at 2. Given the likely defense that the funds received by Defendant Springer were gifts and therefore not taxable income, Title 26, United States Code Section 102 is also implicated.

Regulations under the Internal Revenue Code provide some clarification and specific examples regarding filing requirements that may or may not be helpful in a specific individual's situation. In this case, a review of the regulations reveals no exceptions or qualifications that would exclude Defendant Springer from the filing requirement. The regulations promulgated under the Internal Revenue Code that provide clarification of the filing requirements for individuals include the following: Title 26, Code of Federal Regulations Sections 1.1-1, 1.61-1 et seq., 1.63, 1.102-1, 1.151-1, 1.6011-1 and 1.6012-1. However, as stated above, the United States did not rely upon any regulations specifying events triggering an obligation for the Defendants to file tax returns.

Respectfully submitted,

THOMAS SCOTT WOODWARD
ACTING UNITED STATES ATTORNEY

*/s Charles A. O'Reilly*
CHARLES A. O'REILLY, CBA No. 160980
Special Assistant U.S. Attorney
KENNETH P. SNOKE, OBA No. 8437
Assistant United States Attorney
110 West Seventh Street, Suite 300
Tulsa, Oklahoma 74119
(918) 382-2700

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 19th day of October 2009, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Lindsey Kent Springer
*Pro se* Defendant

Oscar Amos Stilley
*Pro se* Defendant

Robert Williams
Standby Counsel assigned to Lindsey Kent Springer

Charles Robert Burton, IV
Standby Counsel assigned to Oscar Amos Stilley.


 */s Charles A. O'Reilly*
CHARLES A. O'REILLY, CBA No. 160980
Special Assistant U.S. Attorney