IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

**UNITED STATES OF AMERICA**      **PLAINTIFF**

**v.**      **Case No. 09-CR-043 SPF**

**LINDSEY KENT SPRINGER,**
**OSCAR AMOS STILLEY**      **DEFENDANT**

<u>**MOTION TO BAR MENTION OF THE TESTIMONY OF VIKKI WIGGINS PRIOR TO A REASONABLE TIME AFTER PRODUCTION OF THE TRANSCRIPT OF HER TESTIMONY**</u>

Comes now **OSCAR AMOS STILLEY**[1] by limited special appearance, and not a general appearance, and for his motion states:

1. The testimony of Vikki Wiggins was taken by deposition October 16, 2009.

2. The testimony showed that Ms. Wiggins had abstained from her prescribed medication on the date of the deposition.

3. The testimony showed that Ms. Wiggins was not the source of any of the funds conveyed to Mr. Springer, with respect to which she testified.

4. The testimony showed that Ms. Wiggins had no authority to authorize

---

[1] It is presumed that the plaintiff is master of his own complaint. This complaint is styled in the name of "**UNITED STATES OF AMERICA**" as opposed to the people thereof, or any grand jury. Plaintiff, whoever that may actually be, named **OSCAR AMOS STILLEY** as a Defendant. Therefore, **OSCAR AMOS STILLEY** has appeared specially and limited, challenging jurisdiction, to defend against the charges to the extent required so to do by the law.

the payment of funds in the amount actually conveyed, for any reason.

5.     The testimony showed that Ms. Wiggins had no personal knowledge of the reasons for the transfers of funds to Mr. Springer.

6.     The government will not be unduly harmed by being required to forego any mention of this testimony until such time the Defendants have had a chance to review the transcript and file a motion to quash, strike, or otherwise prohibit the use of Ms. Wiggins' testimony.

7.     The government has the option of producing a witness having personal knowledge and actual authority to speak on behalf of the "Nation of Levites" or "Garlin Ministries" or such other organization as may be proper.  Thus a prohibition upon the use of the speculation of Ms. Wiggins will not unduly impede the government's prosecution of the case.

8.     Ms. Wiggins associated herself with someone named "Ginger" who had a signature stamp of Ms. Wiggins' signature.  Ms. Wiggins was without knowledge of when this stamp was used, and was also woefully ignorant of whether and how certain large financial instruments were negotiated under her signature.

9.     The facts alleged here can be suitably proven to this Court only upon receipt of the transcript and identification of specific portions of the

testimony that prove the assertions herein, and further evidence in support of the claim that Ms. Wiggins was an incompetent witness as to the matters with respect to which the government inquired.

10. Undersigned proposes 3 days as a reasonable time for review of the transcript and filing of any motion.

11. Undersigned inquired of counsel for the government, who stated that the government opposes this motion.

WHEREFORE, Defendant Oscar Stilley respectfully requests that the Court prohibit the government from mentioning or causing the mention of anything about the testimony of Ms. Wiggins until 3 days after the production of her transcript; and such other relief as may be appropriate whether or not specifically prayed.

Respectfully submitted,

By:     /s/ Oscar Stilley
Oscar Stilley, Attorney at Law
7103 Race Track Loop
Fort Smith, AR 72916
(479) 996-4109
(866) 673-0176 Fax
oscar@oscarstilley.com

## CERTIFICATE OF SERVICE

    I, Oscar Stilley, by my signature above certify that I have this October 20, 2009, caused the Plaintiff to be served with a copy of this pleading by CM/ECF to: Kenneth P. Snoke, United States Attorney's Office, 110 W 7th Street, Suite 300, Tulsa , OK 74119-1013, ken.snoke@usdoj.gov; Charles A O'Reilly, US Dept of Justice, PO Box 972, Washington , DC 20044, email  charles.a.o'reilly@usdoj.gov . Also by email to Lindsey K. Springer at Gnutella@mindspring.com .