### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.   09-CR-043-SPF |
| | ) | |
| LINDSEY KENT SPRINGER, | ) | |
| OSCAR AMOS STILLEY, | ) | |
| | ) | |
| Defendants. | ) | |

**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT STILLEY'S MOTION TO QUASH TESTIMONY OF VIKKI WIGGINS, AND BRIEF IN SUPPORT**

COMES now the United States of America, by and through its attorneys, Thomas Scott Woodward, Acting United States Attorney for the Northern District of Oklahoma, and Kenneth P. Snoke, Assistant United States Attorney, and Charles A. O'Reilly, Special Assistant United States Attorney, and hereby responds in opposition to Defendant Oscar Amos Stilley's Motion to Quash Testimony of Vikki Wiggins and Brief in support thereof. (Doc. nos. 210 and 211).

Rule 601, Federal Rules Evidence provides:

> Every person is competent to be a witness except as otherwise provided in these rules. However, in civil actions and proceedings, . . .

Rule 602, Federal Rules of Evidence, provides:

> A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the witness' own

> testimony. This rule is subject to the provisions of rule 703, relating to opinion testimony by expert witnesses.

As an initial matter, it is unclear that Defendant Stilley has standing to make this motion; Ms. Wiggins' testimony was solely with respect to Defendant Lindsey Kent Springer and relates almost entirely to Count 2, the tax evasion charged with respect the year 2000–a charge in which Defendant Stilley is not named. In response to Defendant Stilley's question, do you know Oscar Stilley, Ms. Wiggins replied that she did not. (Tr., 10/16/2009, p. 130, *see also* p. 19). Secondly, Ms. Wiggins' entire testimony dealt with her conversations and dealings (<u>personally</u>) with Defendant Lindsey Springer. Even one check that she hadn't seen before, was issued because she requested it, to pay Defendant Springer (who had requested payment). (Tr., 10/16/09, pp.24-25).

To address the merits of Defendant Stilley's motion, in short, Defendant Stilley's serious misrepresentations of fact are truly astounding. Defendant Stilley states that "the testimony showed that Ms. Wiggins was not the source of any of the funds conveyed to Mr. Springer, with respect to which she testified." Doc. no. 211 at 2. However, Defendant Stilley himself disproves his own assertion in his pleading, quoting the following question from Defendant Springer and Ms. Wiggins' answer:

> Q. So that's where this check was drawn on - - this cashier's check (Government's Exhibit 3). And you already said you caused it to be prepared; right?
>
> A. With Jeremy Selvey's permission, yes. (Tr., 10/15/09, p. 22).

Mrs. Wiggins had previously identified this check, Government's Exhibit 3, as a cashiers check for $8,000, dated January 24, 2000, that she caused to be issued, to pay Defendant Springer for getting Garlin Associated Ministries money back from IFA, based on a verbal request for more money from Defendant Springer. (*See*: Tr. 10/16/09, pp. 19-22). The "remitter" on this check was "Garlin Ministries," and it was drawn on Garlin's account at Lea County State Bank in Lovington, New Mexico–not on the Nation of Levites' account at Bank of America. (*See*: Tr., 10/16/09, pp. 21-25, Government's Exhibits 3, 4). All of this shows Ms. Wiggins' "personal knowledge" about these payments–why, when and to whom they were made. She explained exactly how she "caused the checks to be issued"–four (Government's Exhibits 3, 11, 16 and 17) from the Garlin Ministries' bank accounts in New Mexico or at Harris Bank, in Schaumburg, Illinois, which she controlled,[1] and one (Government's Exhibit 4) by Jeremy Selvey, from the Nation of Levites' bank account at Harris Bank.

The fact that Ms. Wiggins said that she had to get the permission of Jeremy Selvey to make the payments requested by Defendant Springer in return for getting Garlin Associated Ministries' money back from IFA, does not demonstrate a lack of personal knowledge.

---

[1] It should be noted that Ms. Wiggins' signature (or at least her signature stamp) is on the checks, drawn on Garlin Ministries' accounts–Government's Exhibits 11, 16 and 17–supporting her testimony that she caused the issuance of those checks.

Defendant Stilley also quotes the following passage as somehow showing a lack of personal knowledge:

> Q. During the pendency of that lawsuit did you talk to Lindsey periodically, Mr. Springer?
>
> A. Yes. Until after the - - Jeremy said "No more" - - "No more money." And without his permission I couldn't give him any more.

(Tr., 10/16/09, p. 22, lines 21 - 25).

To the extent that Ms. Wiggins needed to be the "source of the funds;" in order to be a competent witness, she was the person who caused the checks to be prepared and sent to Defendant Springer to be paid, and she definitely demonstrated that she had "personal knowledge "of the reasons for the transfers of funds to Mr. Springer." (*See* Tr., 10/16/09, p. 19, lines 17-25; p. 20, lines 5-12; p.21, lines 19-24; p.22. Lines 8-13; p.23, lines 13-15; p.27, lines 1- 15; p.34, lines 18-25; p.36, lines 16-25; p. 37, lines 16-25; and p. 37, lines 1-24).

Defendant Stilley's hand-picked examples do not support his contention that Ms. Wiggins is an incompetent witness to testify to the matters to which she testified, including the fact that she caused the issuance of these five checks to Defendant Springer for services, and not as gifts or donations.

E.  <u>Conclusion</u>

For the foregoing reasons, Defendant Stilley's Motion to Quash Testimony of Vikki Wiggins should be denied.

Respectfully submitted,

THOMAS SCOTT WOODWARD
ACTING UNITED STATES ATTORNEY


 */s/ Charles A. O'Reilly*
CHARLES A. O'REILLY, CBA NO. 160980
Special Assistant U.S. Attorney
KENNETH P. SNOKE, OBA NO. 8437
Assistant United States Attorney
110 West Seventh Street, Suite 300
Tulsa, Oklahoma  74119
(918) 382-2700

**CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of October 2009, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Lindsey Kent Springer
Defendant

Oscar Amos Stilley
Defendant

Robert Williams
Standby Counsel assigned to Lindsey Kent Springer

Charles Robert Burton, IV
Standby Counsel assigned to Oscar Amos Stilley.

*/s/ Charles A. O'Reilly*
Special Assistant U.S. Attorney