IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 09-CR-43-SPF |
| | ) | |
| LINDSEY KENT SPRINGER and | ) | |
| OSCAR STILLEY, | ) | |
| | ) | |
| Defendants. | ) | |

SPRINGER'S OBJECTIONS AND SUGGESTIONS REGARDING THE JURY
INSTRUCTION ON THE TERM "GIFT" AT TITLE 26, § 102

Lindsey Kent Springer ("Springer") generally objects to the Court giving the jury any instruction on the meaning of "gift" other than to simply state what Title 26, Section 102 says and that is gifts are excluded (or not included) within the meaning or calculation of gross income. Any thing else said violates the Sixth Amendment Right of Springer to have a jury decide as the fact finder the meaning of Gift.

If this Court decides to overrule Springer's objection on this point, and intends to give an instruction the world has never seen before, Springer has no other objection to the first paragraph of the Court's offered instruction notwithstanding Springer's general objection.

Springer objects to the term "avoid" in the phrase "avoid paying income taxes" in the first sentence of the second paragraph because the alleged acts in

1

Counts 2, 3 and 4, are the "attempt to evade" the tax imposed by this title.[1] Furthermore, as to Counts 5 and 6 evading taxes is not an element nor is it required that the Prosecution show a tax liability was owed for these years under their theory.

Count One also simply requires a "shared benefit" under the term interdependence. To instruct the jury Springer "sought to conceal taxable income, and to avoid (or evade) paying income taxes" regarding Count 5 and 6 takes each Count that stands alone separate from each other and merges them into one giant "offense" which other instructions this Court gives on separate crimes becomes either confusing or all together negated to which Springer strongly opposes and objects. This sentence, other than Springer's first objection above, should read:

> "The Government asserts that, in committing these alleged offenses, defendant Springer sought to conceal **his gross income** for calender years 2000, 2001, 2002, 2003, 2004 and 2005, attempting to evade paying taxes for calender year 2000, 2003 and 2005, by characterizing money he received as gifts or donations to him or his ministry, and by causing the person giving him money to do the same."

---

[1] In United States v. Thompson/Center Arms C0., 504 U.S. 505, 518 (1992), the Supreme Court noted that "Failure to pay the tax on such a kit thus would amount to evasion, **not avoidance**. In our system, **avoidance of a tax by remaining outside the ambit of the law that imposes it is every person's right**. 'Over and over again, courts have said that there is nothing sinister in so arranging one's affairs as to keep taxes as low as possible. Everybody does so, rich or poor; and all do right, for nobody **owes any public duty to pay more than the law demands**: **taxes are enforced exactions, not voluntary contributions**. To demand more in the name of morals is mere cant.' Commissioner v. Newman, 159 F.2d 848, 850-851 (CA2) (L. Hand, J., dissenting), cert. denied, 331 U.S. 859 (1947)."

2

As to the last sentence in paragraph two Springer argues that "taxable income" should be changed to "gross income" as above:

> "Defendant Springer and Stilley, for their part, assert that certain payments made to defendant Springer were gifts or donations to Mr. Springer and that gifts are excluded from the **calculation of gross income.**"[2]

Springer objects entirely to the 3rd proposed paragraph by the Court.

There simply is not a single case or statute or regulation or revenue procedure that the Prosecution can provide to this Court that gives notice to the public of what this Court has offered in paragraph 3. In fact, the Supreme Court in Commissioner v. Duberstein, 363 U.S. 278, 286 (1960) specifically directs otherwise and states:

> "We take it that the proper criterion, established by decision here, is one that inquiries **what the basic reason for his conduct was in fact** - **the dominant reason that explains his action in making the transfer**. *Further than that we do not think it profitable to go*."

The Jury is to decide the facts. "[p]ropositions are not principles of law but rather **maxims of experience** that the tribunals which **have tried the facts** of cases in this area have enunciated in explaining their factual determinations." Duberstein, at 287

The Court's third paragraph, notwithstanding Springer's first objection above, if given at all, must be limited to saying:

> "Ministry. You are instructed that any exclusion or exemption from the

---

[2]See direct words of Title 26, Section 102

3

income tax imposed on gross income must be derived either by some specific code section enacted by Congress or through some regulation implemented by the Secretary of the Treasury. A federal tax on gross income is imposed on such gross income regardless of whether the recipient's receipt of such gross income is associated in any way with a ministry.

Under the section "Gifts" Springer objects to the first sentence of this paragraph.[3] This sentence should read:

> Gifts. You are further instructed that, for federal income tax purposes, gross income does not include, and specifically excludes, money or property acquired by gift. It is for you, the jury, to decide whether any money given to defendant Lindsey Springer were gifts, and thus not required to be reported by defendant Lindsey Springer as gross income.[4] In order for you to find the money given to defendant Lindsey Springer was compensation for services you must find that the

---

[3]"[T]he general and longstanding rule in federal tax cases [is] that although **state law** creates legal interests and rights in property, federal law determines whether and to what extent those interests will be taxed." United States v. Irvine, 511 U.S. 224, 238 (1994); see also Autin v. Commissioner, 109 F.3d 231, 233 (5th Cir. 1997) ("No court considering federal taxation problems has challenged the premise that **state law determines the nature of the property right**; federal law's task is to determine the appropriate tax treatment when such property rights are transferred."). However, in federal taxation cases, state law controls only to the extent that certain statutory provisions of the federal revenue laws make their application dependent on state law. Estate of Davenport v. C.I.R., 184 F.3d 1176, 1182 (10th Cir. 1999)

[4]The term "payment" of money followed by "payments for services rendered or to be rendered" overstates the Prosecution theory. To be consistent the Court, if it persists on this instruction in this manner, should always refer to "gifts" as "payment of a gift" and when referencing "services rendered" should state "payment for services rendered." The Court's inclusion "or to be rendered" is not the law and demonstrates that if the money is not yet "earned," under this type of theory, such payment could not qualify as "services rendered" and without the "service" rendered there is no triggering of the term "service" in either title 26, Section 61 or in the regulation 26 CFR 1.61-1 cited by the Prosecution in its 2nd bill of particulars.

4

money given was based upon a percentage of profits.[5]

The rest of the "Gift" paragraph maybe what the Prosecution wishes the law to be but this paragraph is ignoring the Duberstein command and is not found in any utterance by Congress or jurist.[6] "The conclusion whether a transfer amounts to a 'gift' is one that must be reached on consideration of all the factors." Duberstein, at 288 The Supreme Court further instructed this Court, as Springer did in his Motion to Dismiss, that "Specifically, **the trier of fact must be careful not to allow trial of the issue whether the receipt of a specific payment is a gift to turn into a trial of the tax liability, or of the propriety, as a matter of fiduciary or corporate law, attaching to the conduct of someone else.**" Id

Yet, over Springer's stern objections, that is exactly what is happening here.

---

[5] 26 CFR 1.61-2(2000)(which has not changed for 2001 through 2005) states "**Compensation for services**, including fees, commissions, and similar items" and states:

"In general. (1) Wages, salaries, commissions paid salesmen, **compensation for services on the basis of a percentage of profits**, commissions on insurance premiums, tips, bonuses (including Christmas bonuses), termination or severance pay, rewards, jury fees, marriage fees and other contributions received by a clergyman for services, pay of persons in the military or naval forces of the United States, retired pay of employees, pensions, and retirement allowances **are income to the recipients unless excluded by law**."

[6] See Pullman-Standard v. Swint, 456 U.S. 273, 288 (1982)("In Commissioner v. Duberstein, 363 U.S. 278 (1960), the Court held that **the principal** (but not only) criterion for identifying a gift under the applicable provision of the Internal Revenue Code was the intent or motive of the donor - "one that inquires what the basic reason for his conduct was **in fact**." Id., at 286. **Resolution of that issue determined the ultimate issue of whether a gift had been made. Both issues were held to be questions of fact**..." (Emphasis added)

5

"These considerations, also, reinforce us in our conclusion that while the principles urged by the Government may, in nonabsolute form as crystallizations of experience, **prove persuasive to the trier of facts in a particular case**, <u>neither they, nor any more detailed statement than has been made, can be laid down as a matter of law</u>." Duberstein, at 289

"Decision of the issue presented in these cases must be based ultimately on the application of the fact-finding tribunal's experience with the <u>**mainsprings of human conduct**</u> to the <u>**totality of the facts of each case**</u>. The <u>**nontechnical nature of the statutory standard**</u>, the close relationship of it to the data of <u>**practical human experience**</u>, and the multiplicity of relevant factual elements, with their various combinations, creating the necessity of ascribing the proper force to each, confirm us in our conclusion that <u>**primary weight in this area must be given to the conclusions of the trier of fact**</u>. Baker v. Texas & Pacific R. Co., 359 U.S. 227; Commissioner v. Heininger, 320 U.S. 467, 475; United States v. Yellow Cab Co., 338 U.S. 338, 341; Bogardus v. Commissioner, supra, at 45 (dissenting opinion)." Id Duberstein says the trier of fact is to decide the meaning of gift and no other.

Springer also objects to the short paragraph (fifth) following the "Gift" paragraph. There is no such words in Duberstein, Title 26, Section 102, the regulations thereunder cited by the Prosecution at 26 CFR 1.102-1, or in any published decision ever by any Court, Congress or jurist. This Court's proposal highlights how the term "Gift" is either meaningless or unconstitutionally being

confined and defined by the Prosecution in this case.

Telling the fact finder what it should find is a "practical test" is invading the province of the jury. Duberstein says this case should not have even been brought but were are here in this ditch at this point. A jury will not know the difference between a "bona fide gift," a "gift" or "compensation for service on the basis of a percentage of profits." Why confuse them when they should be allowed to do what fact finders are required by Duberstein to do and that is let the jury decide whether each specific item is a gift or not.

The Court's sixth paragraph seems like it is a bowl of mish-mashed words which will only invade the fact finder role of Springer's Sixth Amendment Right to a jury trial finding all facts. Notwithstanding Springer's general objection to the Court's instruction as a whole, and notwithstanding the objections above alternatively, the sixth paragraph is cumulative, repetitive, and confusing and should be deleted entirely.

The Court should simply identify the statutory exclusion from gross income and let the jury decide whether each item is a gift or not. Alternatively only:

### GIFT DEFINED

Title 26, Section 102 says that gifts are excluded (or not included) within the meaning or calculation of gross income.
"The Government asserts that, in committing the alleged offenses in Counts One, Two, Three, and Four, defendant Springer sought to conceal **his gross income** for calender years 2000, 2001, 2002, 2003, 2004 and 2005, attempting to evade paying taxes for calender year 2000, 2003 and 2005, by characterizing money he received as gifts or donations to him or his ministry, and by causing the

7

person giving him money to do the same.  Defendant Springer and Stilley, for their part, assert that certain payments made to defendant Springer were gifts or donations to Mr. Springer and that gifts are excluded from the **calculation of gross income."**

**Ministry.**   You are instructed that any exclusion or exemption from the income tax imposed on gross income must be derived either by some specific code section enacted by Congress or through some regulation implemented by the Secretary of the Treasury.  A federal tax on gross income is imposed on such gross income regardless of whether the recipient's receipt of such gross income is associated in any way with a ministry.

**Gifts**.   You are further instructed that, for federal income tax purposes, gross income does not include, and specifically excludes, money or property acquired by gift.  It is for you, the jury, to decide whether any money given to defendant Lindsey Springer were gifts, and thus not required to be reported by defendant Lindsey Springer as gross income.   In order for you to find the money given to defendant Lindsey Springer was compensation for services you must find that the money given was based upon a percentage of profits.

CONCLUSION

This Court should place the meaning of Gift in the hands of the jury and simply tell them that the term gift is not defined in Title 26, Section 102, or anywhere else in Federal Law or Regulations, and let the jury decide whether each item alleged to be gross income by the Grand Jury is in fact a gift or not.  Alternatively, and only over Springer's objection, Springer proposes the above instruction defining Gift.

Respectfully Submitted

/s/ Lindsey K. Springer
<u>Lindsey K. Springer</u>
5147 S. Harvard, # 116
Tulsa, Oklahoma 74135
918-748-5539/955-8225(cell)

8

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Lindsey Kent Springer's Objections and Suggestions regarding the jury instruction on the term "gift" was ecf'd on November 3, 2009 before 8:30 A.M.to:

Kenneth P. Snoke,
Charles O'Reilly,
Oscar Stilley

/s/ Lindsey K. Springer
Signature