IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 09-CR-43-SPF |
| | ) | |
| LINDSEY KENT SPRINGER and | ) | |
| OSCAR STILLEY, | ) | |
| | ) | |
| Defendants. | ) | |

PROPOSED INSTRUCTIONS FOR COUNT TWO, THREE, FOUR, FIVE AND SIX,
REGARDING VENUE, DISTRICT DIRECTOR AND MATERIALITY

Lindsey Kent Springer ("Springer") submits his brief in support of his proposal regarding Venue for the Court's charge to the Jury. Springer also submits his proposal on "materiality" regarding Counts One, Two, Three and Four. Springer accepts the Court's proposed instruction as to Count One with the exception regarding materiality.

For Counts Two, Three and Four, the charges are attempted tax evasion. There is no dispute the Grand Jury alleges these alleged offenses were committed in this judicial district. And for that matter there is no dispute the alleged violations in Counts Five and Six purportedly occurred in this judicial district.

Each of the Counts Two, Three, Four, Five and Six, are premised upon the allegation that Springer was required by law to file a "United States Individual Income Tax Return" as "required by law." Actually Count Four leaves off the phrase

1

"required by law" but includes the phrase "United States Individual Income Tax Return" as its theory.

The requirement to make or file a Form 1040 **stems** from section 6011 and 6012.  See U.S. v. Dawes, 951 F.2d 1189(fn.3)(10th Cir. 1991)("26 U.S.C. § 6011-12"); See also United States v. Rickman, 638 F.2d 182 (10th Cir. 1980)("Sections 6011 and 6012").

Section 6011 begins "When required by regulations prescribed by the Secretary any person made liable for any tax imposed by this title, or with respect to the collection thereof, **shall make a return or statement according to the forms and regulations prescribed by the Secretary**.  Every person required to make a return or statement shall include therein the information **required by such forms or regulations**." See Titl 26, Section 6011(2000)

The Prosecution cited in its "Bill of Particulars" title 26, Section 6091 as directing the "place" where a return is "required by law to be filed."  The prosecution also cited to section 6151 regarding the "payment of taxes" connecting the payment to the requirement to file the return required by law.  The requirement concerning the place of filing of the U.S. Individual Income Tax Returns is provided in 26 U.S.C.A. § 6091(b)(1)(A) for persons other than corporations. It prescribes the place of filing as "in the internal revenue district in which is located the legal residence or principal place of business of the person making the return. . . ." **The federal statute and regulations lay down the rule as a matter of federal law**. U.S. v. Taylor, 828 F.2d 630,

2

634 (10th Cir. 1987) Venue is proper in the district of taxpayers' residence. United States v. Garman, 748 F.2d 218, 220 (4th Cir. 1984), cert. denied, 470 U.S. 1005, 105 S.Ct. 1361, 84 L.Ed.2d 382 (1985); United States v. Grabinski, 727 F.2d 681, 684 (8th Cir. 1984); United States v. Rice, 659 F.2d 524, 526 (5th Cir. 1981). See also 26 U.S.C. § 6091(b)(1)(A)(I).  U.S. v. Dawes, 874 F.2d 746, 750 (10th Cir. 1989)

Springer relies on the well-established rule that when an alleged crime consists of a failure to act,[1] **"the place fixed for performance of the act is the proper venue**. See, e.g., United States v. Rice, 659 F.2d 524, 526 (5 Cir. 1981); Bowles v. United States, 73 F.2d 772, 774 (4 Cir. 1934)."  See United States v. Garman, 748 F.2d 218, 220 (4th Cir. 1984)

In Garman, cited by the 10th Circuit in Dawes, at 750, they stated they read section 6091 and the regulations "to establish alternative places for filing individual tax returns: the **internal revenue district where the taxpayer resides** if the return is hand-carried, **or the service center serving the internal revenue district where the taxpayer resides if the return is mailed**. Thus we read the regulations adopted pursuant to § 6091 to prescribe two places of filing.

As this Court is aware, the Prosecution admitted that "internal revenue districts" were abolished in October, 2000.  See Doc. 71, pg. 4.  The Prosecution argued in their opposition to Springer's Motion to Dismiss that the "The IRS Restructuring and Reform Act of 1998 abolished internal revenue districts as of

---

[1] Counts Two, Three, Four, Five and Six clearly rely upon such alleged omission.

3

October 1, 2000 (not the latter part of 1999 as asserted by Defendants)." The IRS restructuring act did not "abolish" "internal revenue districts." The IRS did that on their own. Title 26, section 7621 clearly remains a law in the Tax Code which directs the President to establish "internal revenue districts." Simply, he has not done so and since at least October, 2000, no such internal revenue districts have been "established by law." Section 6091 also remains the law of the land.

When this Court ordered the Prosecution to file a 2nd Bill of Particulars regarding "regulations" they planned on relying upon at trial, the Prosecution chose not to cite to any regulation promulgated pursuant to Title 26, section 6091 and for good reason.

The regulation part of section 6091 only applies if the place to provide information is not otherwise provided by "this title."[2] Section 7621 is clearly within "this title" that being title 26 and is so provided. Section 6091 requires hand delivery at the district director's office in the internal revenue district where the taxpayer's legal residence is located or mailed to a service center previously established by law encompassing the internal revenue district in which the taxpayer lives.

There are no internal revenue districts established by law since at least October, 2000, and therefore, there can be no service center over such "internal revenue district."

---

[2]The regulation did change for the year 2005 to now say "local office" but that language does not apply to the place fixed by "this title." The regulation before the 2005 change mirrored the statutory language of section 6091.

4

The Prosecution wishes this Court to view the term "district" every time it appears in respect to venue to mean "judicial district." This is error.

To establish evidence of venue the Prosecution was required to show "the place fixed for the performance of the act." The only place the Prosecution alleged is that Springer was required by law to file a return somewhere in the 11 counties which make up this judicial district.

Then, after showing the place under section 6091 where Springer was to perform in an internal revenue district or with the service center where Springer was directed to mail such form of return over such internal revenue district, [See 6091] the Prosecution must then show that internal revenue district or "place" fixed for such performance was within this United States judicial district under 28 U.S.C. § 116(a).

The Prosecution tendered no evidence that any "service center" over any internal revenue district exists within the 11 counties that make up this Court's "judicial district." This leaves only the place the law required Springer to deliver by hand to the district director of the internal revenue district in which his legal residence is within.

Springer has attached proposed instructions addressing the venue issue related to Counts Two, Three, Four, Five and Six in addition to what the Court has already proposed. Springer has also attached proposal regarding the term district director and internal revenue district.

## MATERIALITY

Lastly, Springer proposes a jury instruction on materiality in addition to the instructions the Court has proposed based upon the decision by the Supreme Court in *United States v. Gaudin*, 515 U.S. 506, 511, 522–23 (1995) "[v]enue is proper in conspiracy offenses in any district where the agreement was formed or an overt act occurred." United States v. Scott, 37 F.3d 1564, 1580 (10th Cir. 1994); United States v. Durham, 139 F.3d 1325, 1329 (10th Cir. 1998). The right to a trial by jury does not depend on the magnitude of the evidence arrayed against the defendant. United States v. Miller, 111 F.3d 747, 753 (10th Cir. 1997)

Where materiality is an element, the court must submit the materiality question to the jury. '"To be material under section 1623(a), a false statement must have 'a natural tendency to influence, or [be] capable of influencing, the decision required to be made.' "* Durham*, 139 F.3d at 1329 (citation omitted). The statement need not actually have influenced so long as it had the potential or capability of doing so. Materiality is determined based on a statement's purpose at the time the allegedly false statement was made. See *Neder v. United States*, 527 U.S. 1, 16 (1999) (citation omitted).

"The Constitution gives a criminal defendant the right to have a jury determine, beyond a reasonable doubt, his guilt of every element of the crime with which he is charged. The trial judge's refusal to allow the jury to pass on the "materiality" of Gaudin's false statements infringed that right."United States v.

6

Gaudin, 515 U.S. 506, 522 (1995)

Springer argues that Count One's reliance upon the object of "defraud" shows materiality is at issue in Count One. The Grand Jury alleges Springer and Stilley misrepresented the source and nature of Defendant Springer's income to the Internal Revenue Service, Grand Jury and Department of Justice." Materiality is also at issue in Counts Two, Three and Four, because affirmative acts are alleged that both Springer and Stilley made "false statements to employees of the internal revenue service."

Springer has proposed a materiality instruction accompanying the venue proposals.

Respectfully Submitted

/s/ Lindsey K. Springer
<u>Lindsey K. Springer</u>
5147 S. Harvard, # 116
Tulsa, Oklahoma 74135
918-748-5539/955-8225(cell)

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Lindsey Kent Springer's Brief in Support of Venue Jury Instructions was ecf'd on November 8, 2009, after lunch to:

Kenneth P. Snoke,
Charles O'Reilly,
Oscar Stilley

/s/ Lindsey K. Springer
Signature