# VENUE AS TO COUNT TWO, THREE AND FOUR

Lindsey Kent Springer has raised as an affirmative defense that he was not required to file a U.S. Individual Income Tax Return for the calender year 2000, 2003 and 2005, based upon his belief that the Form 1040 did not comply with the Paperwork Reduction Act of 1995. Defendant Springer has also raised the defense that since at least October, 2000, no actual district directors or internal revenue districts existed encompassing his legal residence.

The Law provides that any person required to file a U.S. Individual Income Tax Return Form 1040 must either file such form of return by hand with the district director of the internal revenue district encompassing the legal residence of person making the return or the return must be mailed to the IRS service center encompassing such internal revenue district in which is located the person's legal residence.

With respect to venue for purpose of willfully attempted tax evasion alleged in Counts Two, Three, and Four, you are further instructed that the government must prove by a preponderance of the evidence that Lindsey Kent Springer was required by law to file a U.S. Individual Income Tax Form 1040, for Calender Year 2000, 2003, and 2005, with the district director of the internal revenue district encompassing his legal residence in Kellyville Oklahoma. If you find Lindsey Kent Springer was either not required by law to file a U.S. Individual Income Tax Return Form 1040 within any of the 11 counties within this judicial district for the years 2000, 2003 and 2005, or had a good faith or mistaken belief he was not required to file

such return in the manner described above, then you must find Lindsey Kent Springer not guilty of the charges in Counts Two, Three and Four.

VENUE AS TO COUNTS FIVE AND SIX

Lindsey Kent Springer has raised as an affirmative defense that he was not required to file a U.S. Individual Income Tax Return for the calender year 2002 and 2004, based upon his belief that the Form 1040 did not comply with the Paperwork Reduction Act of 1995. Defendant Springer has also raised the defense that since at least October, 2000, no actual district directors or internal revenue districts existed encompassing his legal residence.

The Law provides that any person required to file a U.S. Individual Income Tax Return Form 1040 must either file such form of return by hand with the district director of the internal revenue district encompassing the legal residence of the person making the return or the return must be mailed to the IRS service center encompassing such internal revenue district in which is located the person's legal residence.

With respect to venue for purpose of willfully failing to file Form 1040 as alleged in Counts Five and Six, you are further instructed that the government must prove by a preponderance of the evidence that Lindsey Kent Springer was required by law to file a U.S. Individual Income Tax Form 1040, for Calender Year 2002 and 2004, with the District Director of the Internal Revenue District encompassing his legal residence in Kellyville Oklahoma. If you find Lindsey Kent Springer was not required by law to file a U.S. Individual Income Tax Return Form 1040 within any of the 11 counties within this judicial district for the years 2002 and 2004, or had a good faith or mistaken belief he was not required to file such return

in the manner described above, then you must find Lindsey Kent Springer not guilty of the charges in Counts Two, Three and Four.

DISTRICT DIRECTOR AND INTERNAL REVENUE DISTRICTS

For venue purposes in Counts Two, Three, Four, Five and Six, I instruct you as a matter of law that since at least October 2000, all district directors and internal revenue districts were abolished by the Internal Revenue Service.

Since October, 2000, there was no district director or internal revenue district encompassing the county of residence to which Lindsey Kent Springer is alleged to have resided.

As a matter of law I also instruct you that no district director or internal revenue district encompassed any of the 11 counties listed in this Court's venue instruction that make up this Court's judicial district.

MATERIALITY

Count One alleges the object of the conspiracy's agreement was to "defraud the United States by impeding, impairing, obstructing, and defeating the lawful function of the Internal Revenue Service in the computation, ascertainment, assessment, and collection of income taxes."

Count One also alleges that both Lindsey Kent Springer on September 16, 2005 and again on January 15, 2009, falsely stated that Lindsey Kent Springer does not have "income" and does not provide services "for payment." Count One also alleges Oscar Stilley on January 20, 2006, and on March 6, 2006 before the grand jury, stated any person who gives Springer Money expects no services in return and that "Lindsey Springer does not charge for his services."

It is up to you the fact finding as to whether in fact these statements were in fact made in the manner in which they are alleged.

If you find the statements in fact were made, then you must next consider whether the statements made were in fact material to the issues being addressed by the Internal Revenue Service at the time the statements are found by you to have been made.

In general, a false statement is material if it has a natural tendency to influence, or [is] capable of influencing, the decision of the decision making body to which it was addressed.