N THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA

        Plaintiff,

                              Case No. 09-CR-043-SPF

v.

LINDSEY KENT SPRINGER,
OSCAR AMOS STILLEY

        Defendants.

SPRINGER'S MOTION FOR EXTENSION TO FILE MOTION FOR NEW TRIAL AND
MOTION FOR JUDGMENT OF ACQUITTAL

Lindsey Kent Springer ("Springer"), files his Motion for Extension of time to file Motion for New Trial and Motion for Judgment of acquittal. Springer seeks 2 weeks additional time from November 25, 2009 to file both Motions with the Court to includ December 8, 2009.

On March 10, 2009, Springer and Oscar Amos Stilley ("Stilley") were indicted by a United States Grand Jury sitting in the Court House of the United States District Court for the Northern District of Oklahoma. On March 19, 2009, Springer was released on signature Bond with certain conditions. On October 26, 2009, trial began in the matter of Springer and Stilley in the United States District Court for the Northern District of Oklahoma. On November 16, 2009, after two days of deliberation, the Jury returned a guilty verdict in favor of the United States and against Springer and Stilley on all counts. After verdict this Court modified the

1

conditions of bond involving Springer (and Stilley).

There are several issues related to the trial that Springer needs to raise in his Motion for New Trial. Other issues related to Directed Verdict or Judgement of Acquittal require both precision and clarity. Springer has ordered certain transcripts most of which were ordered on an expedited basis with two being ordered on the more than 8 day fee schedule. Springer is informed by Tracy Washbourne that she can deliver the transcripts within a 14 day period due to the trial she was scheduled in has settled and the holidays afford her time to deliver such transcript. The transcript Springer presently awaits is the pre-trial transcript from October 21, 2009.

In its Bill of Particulars dated July 14, 2009, the United States identified Title 26, United States Code Section 6011(a) as the "General Requirement of Return, Statement or List" and Title 26, United States Code Section 6012(a)(1)(A) alleging the "Persons Required to Make Returns of Income." Section 6011 states:

> When required by regulations prescribed by the Secretary any person made liable for any tax imposed by this title, or with respect to the collection thereof, shall make a return or statement according to the forms and regulations prescribed by the Secretary. Every person required to make a return or statement shall include therein the information required by such forms or regulations.

This Court ordered the Prosecution to file a second Bill of Particulars citing to the regulations they rely upon in the Grand Jury allegation of "required by law." See Doc. 184 and 192.

The Prosecution filed a second bill citing to several regulations:

The regulations promulgated under the Internal Revenue Code that provide clarification of the filing requirements for individuals include the following: Title 26, Code of Federal Regulations Sections 1.1-1, 1.61-1 et seq., 1.63, 1.102-1, 1.151-1, **1.6011-1** and 1.6012-1. However, as stated above, the United States did not rely upon any regulations specifying events triggering an obligation for the Defendants to file tax returns.

See Doc. 201

1.6011-1 (2000) cited by the United States beginning for the year 2000 says:

(a) *General rule.* Every person subject to any tax, or required to collect any tax, under Subtitle A of the Code, **shall make such returns or statements as are required by the regulations in this chapter**. <u>**The return or statement shall include therein the information required by the applicable regulations or forms**</u>.

(b) *Use of prescribed forms.* <u>**Copies of the prescribed return forms will so far as possible be furnished taxpayers by district directors**</u>. A taxpayer will not be excused from making a return, however, by the fact that no return form has been furnished to him. Taxpayers not supplied with the proper forms should make application therefor to the district director in ample time to have their returns prepared, verified, and filed on or before the due date with the internal revenue office where such returns are required to be filed. Each taxpayer should carefully prepare his return and set forth fully and clearly the information required to be included therein. Returns which have not been so prepared will not be accepted as meeting the requirements of the Code. In the absence of a prescribed form, a statement made by a taxpayer disclosing his gross income and the deductions therefrom may be accepted as a tentative return, and, if filed within the prescribed time, the statement so made will relieve the taxpayer from liability for the addition to tax imposed for the delinquent filing of the return, provided that without unnecessary delay such a tentative return is supplemented by a return made <u>**on the proper form.**</u>

(c) *Tax withheld on nonresident aliens and foreign corporations.* For requirements respecting the return of the tax required to be withheld

3

under chapter 3 of the Code on nonresident aliens and foreign corporations and tax-free covenant bonds, see § 1.1461–2. [T.D. 6500, 25 FR 12108, Nov. 26, 1960, as amended by T.D. 6922, 32 FR 8713, Ju ne 17, 1967]

As this Court knows, there are issues related to the Form 1040, including the fact the United State never once presented any evidence of what specific form of return the Secretary "prescribed" that the law mandated Springer to file for years 2000 through 2005 as to Counts Two through Six, nor did the United States tender any evidence of what the specific form of return the Secretary "prescribed" that the law mandated Springer to file for years 1985 through 2007 as to Count One.

There are other issues related to jury instructions regarding the elements of the allege offense in each count, including term "defraud," gift, materiality, venue, the requirement to file a Form 1040, the Paperwork Reduction Act as a substantive defense, the limit in which this Court placed on Springer's presentation of his good faith defense regarding the Paperwork Reduction Act, including the May, 2005 United States Government Accountability Report, and the impact the 1997 disgorgement of 1.2 million dollars from Springer had on Springer's good faith because the payment was labeled as a donation, and that the jury should have been allowed to consider fully these facts and circumstances without the limitations imposed by this Court.[1]

---

[1] Initially, this Court allowed the United States 2 plus weeks to present its case against Springer while limiting Springer's good faith on Springer's reliance of the Paperwork Reduction Act of 1995 to 45 minutes which arguably was allowed to go for

4

There are also issues related to venue which must be properly and carefully made in the Motion for New Trial and Motion for Judgment of Acquittal. Issues related to the evidence presented at trial obtained by United States Agents Donna Meadors and Brian Shern from Springer and Stilley in violation of Springer (and Stilley's) Fifth Amendment Rights that needs full consideration by this Court in light of the Motion to Reconsider pending and that the Prosecution has until December 11, 2009, to file its opposition to that Motion.

Springer also has a brief due in 09-5088 (Bivens case on interlocutory appeal at the 10th Circuit on an Order denying Bivens' Defendants Qualified Immunity for the 2nd time)(just completed)(Judge Frizzell), due by November 23, 2009, plus Springer has a reply due in the State Supreme Court by December 2, 2009, as well as oppositions to certain motions in case DF-106,227, along with a Petition for Writ of Certiorari in 08-9004 (10th Cir. Rehearing En Banc denied October 27, 2009) regarding the order of August 31, 2009 where the Court stated Springer raised difficult issues between the tax code and the PRA.

Springer is also being asked to provide certain information to the Probation Office regarding certain detailed requests by December 1, 2009 with additional

---

one hour and 50 minutes. While the District Court repeatedly told the jury the Form 1040 did not violate the Paperwork Reduction Act of 1995 the Prosecution repeatedly argued the requirement to file a Form 1040 was not subject to the Paperwork Reduction Act.

information due by December 15, 2009 per this Court's order.[2]

Springer's Motions for New Trial and Judgement of Acquittal would be due on Wednesday, November 25, 2009, without this court extending the time period. It is anticipated the transcript Springer has ordered and needs for both the Motion for New Trial and Motion for Judgment of Acquittal should be ready by December 2-3, 2009. Springer asks for an additional 2 weeks or until December 8, 2009 to file both his Motion for New Trial and Motion for Judgment of Acquittal.

---

[2]The Court misconstrued Springer's answer to the question regarding lawsuits initiated by Springer in its Order of November 17, 2009. The actual exchange between Springer and O'Reilly went:

Mr. Springer, how many lawsuits have you initiated?
8 A. You want me to guess?
9 Q. An estimate, not a wild guess.
10 A. Explain "initiated." You mean with my name on it?
11 Q. Where you were the person initiating the lawsuit,
12 you filed it, either your name is on it or you caused it
13 to be filed by somebody else as opposed to being a
14 defendant.
15 A. Maybe a thousand.
See Transcript of Trial November 12, pg. 44, line 10 Springer Cross Examination.

Springer understood this question regarding "or you caused it to be filed by someone else" to mean any case that Springer ever had any involvement with whatsoever. Springer understood this question to mean even minimal knowledge of any lawsuit. Springer has not filed one thousand lawsuits or for that matter even 20 lawsuits personally.

6

CONCLUSION

Lindsey Kent Springer respectfully requests this Court for good cause shown extend the time period for filing Motions for New Trial and Motion for Judgment of Acquittal for a period of 2 weeks to include December 8, 2009.[3]

                                        Respectfully Submitted
                                        /s/ Lindsey K. Springer
                                        Lindsey K. Springer
                                        5147 S. Harvard, # 116
                                        Tulsa, Oklahoma 74135
                                        918-748-5539/955-8225(cell)

---

[3] Again, the Prosecution has till December 11, 2009 to file its opposition to Springer's Motion to Reconsider dismissal for violation of Springer (and Stilley's) Fifth Amendment Rights and Motion to Suppress.

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Lindsey Kent Springer's Fourth Motion For Extension to File Motion for New Trial and Motion for Judgment of Acquittal was ecf'd on November 19, 2009, to:

Kenneth P. Snoke,
Charles O'Reilly,
Oscar Stilley

<u>/s/ Lindsey K. Springer</u>
Signature