# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.    09-CR-043-SPF |
| | ) | |
| LINDSEY KENT SPRINGER, | ) | |
| OSCAR AMOS STILLEY, | ) | |
| | ) | |
| Defendants. | ) | |

## UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION, DISMISSAL AND OR FOR MISTRIAL DECLARATION (DOCKET NOS. 224 AND 232)

The United States of America, by and through its attorneys, Thomas Scott Woodward, Acting United States Attorney for the Northern District of Oklahoma, and Kenneth P. Snoke, Assistant United States Attorney, and Charles A. O'Reilly, Special Assistant United States Attorney, hereby responds in opposition to Defendants' Motion for Reconsideration, Dismissal and or Mistrial Declaration, filed November 1, 2009. Doc. nos. 224 and 232. On November 16, 2009, the trial jury convicted Defendants Springer and Stilley on all charges brought in the Indictment.

Defendant Springer's twenty-page motion and Defendant Stilley's four-page joinder seek to relitigate several of Defendants' pretrial motions "based upon recently tendered discovery related to the Grand Jury testimony of Eddy Patterson and Judy

Patterson on October 28, 2009." (Doc. no. 224-1 at 1-2).[1]  Defendants' motion and

joinder raise no new issues, but only seeks to submit employees of the United States to

libelous conjecture and false accusations.  Nothing in Defendants' twenty-four pages

justifies suppression, dismissal of charges or mistrial.

Defendants rest their motion primarily upon the United States' pretrial production

of Judy Patterson's grand jury testimony.[2]  Defendant Stilley also raises the failure of the

United States to provide him with copies of Special Agent Shern's transcripts from the

*Franks* and *James* hearings in this case.  Defendant Stilley fails to explain why the United

---

[1]        Contrary to Defendants' assertion, Mrs. Patterson's grand jury testimony was made available to Defendant Springer on October 16, 2009 at the Office of the United States Attorney for the Northern District of Oklahoma, and Defendant Stilley on October 19, 2009 at the Office of the United States Attorney for the Western District of Arkansas.  Attachment A. Defendant Springer signed the receipt for this discovery on October 21, 2009; Defendant Stilley signed his receipt on October 23, 2009.  Attachment B.

[2]        During an October 6, 2009, pretrial witness interview of Mrs. Patterson, the prosecution team learned for the first time that Mrs. Patterson may have testified in the Grand Jury.  Mrs. Patterson stated that she testified after she was released from incarceration in the Fall of 2004.  A previous review of the Patterson case files and Grand Jury Subpoena Log Book in July of 2009 had revealed no indication that Mrs. Patterson had testified before the Grand Jury. Mr. Patterson's previous Grand Jury testimony and interviews had been found in the case files, and previously had been turned over in discovery.

Upon learning that Mrs. Patterson recalled testifying before the Grand Jury, the prosecution team immediately sought to locate Mrs. Patterson's grand jury testimony, which had never been previously transcribed and which did not appear in the Grand Jury Subpoena Log Book.  It appears that Mrs. Patterson testified before the grand jury without a subpoena.  AUSA Snoke finally found a record book containing a daily list of witnesses kept, for billing purposes, by the Grand Jury reporter.  After reviewing several month's entries in this book, AUSA Snoke found that the entry for the last Grand Jury witness of the day, on October 6, 2004, was blank as to the witness' name, although the case name was listed.  This entry corresponded to when Mrs. Patterson believed she had testified.   The prosecution team confirmed this with the Grand Jury Reporter, who immediately transcribed  Mrs. Patterson's Grand Jury testimony, which was then provided to defendants Springer and Stilley.

States must provide copies of hearing transcripts that are equally available to Defendants and where Defendants were in attendance during the hearings. These transcripts were not uniquely in the possession of the United States.

Based upon the United States' compliance with the rules of discovery with respect to Mrs. Patterson's grand jury testimony, Defendants seek to relitigate the Government's alleged failure to advise Defendant Stilley of his status as a target of the grand jury investigation at the time Defendant Stilley was subpoenaed for documents and testimony before the Grand Jury in January of 2006. This issue was previously raised by the Defendants, and addressed by the United States in its Consolidated Response to Defendants' Motions to Suppress and Motion for *Franks* Hearing (Doc. no. 80), and by this Court's Order denying Defendants' Motions to Suppress and For *Franks* Hearing (Doc. no. 100). As previously indicated, the Defendants' allegations that Defendant Stilley was under grand jury investigation at the time he was served with a subpoena confer no protections upon the defendants; the only possible repercussion from the alleged violation of Department of Justice policy would be a referral to the Office of Professional Responsibility.

The Grand Jury Transcript of Mrs. Patterson was made available to Defendant Springer on CD on October 16, 2009, and likewise to Defendant Stilley, in Ft. Smith, AR, on October 19, 2009 (not October 28, 2009 as falsely asserted by Defendants). Defendants Springer and Stilley retrieved this discovery on October 21 and October 23,

2009, respectively.  This was at least six days prior to Mrs. Patterson's twenty-minute trial

testimony on October 29, 2009.  Furthermore, Defendants had the option to recall

Mrs. Patterson in their defense case.  There is no exculpatory material in Mrs. Patterson's

testimony, so *Brady* and *Giglio* do not apply to this discovery.  The *Jencks* Act provides

that discovery of witness statements must be made no later than immediately following

the witness' testimony at trial.  18 U.S.C. §3500.  Here, Defendants received

Mrs. Patterson's grand jury transcript prior to her trial testimony.

In their pleadings, as indicated above, Defendants repeatedly misrepresent the

facts.  Defendants misleadingly imply that Defendant Stilley was told that he was

"definitely not under criminal investigation by the grand jury" at the time Defendant

Stilley presented false and misleading testimony and information to the Grand Jury on

March 9, 2006.  As was established at the hearing held prior to trial, no misrepresentation

was made to Defendant Stilley regarding his status prior to Defendant Stilley's

appearance before the Grand Jury.  The inadvertent misrepresentation regarding

Defendant Stilley's status was made during a telephone conversation regarding the

service of a second subpoena, and occurred several months after Defendant Stilley's

March 9, 2006 grand jury testimony and presentation of the fraudulent document entitled

Response to Subpoena.

Likewise false is Defendants' claim that Donna Meadors "used administrative

summons to conduct a criminal investigation of Springer for Horn and Nelson."

(Doc. no. 224-1 at 13). This false allegation also has already been refuted in pretrial motions practice. Furthermore, Defendants' attempt to relitigate Donna Meadors is baffling given that Ms. Meadors is not mentioned at all in the grand jury testimony that purportedly supports resurrecting this false allegation. As Defendants have been repeatedly advised, then-Revenue Agent Meadors conducted, and subsequently closed, a 6700 investigation based upon allegations that Defendant Springer was promoting abusive trusts.

Defendants also assert that the United States' providing of Mrs. Patterson's grand jury testimony prior to trial is "[s]and bagging for certain." (Doc. no. 224 at 2, fn. 3). Defendants fail to explain how the United State's providing of Mrs. Patterson's grand jury testimony constitutes "sand bagging," nor is there any evidence of "sand bagging" or even of a violation of the rules of discovery. To the contrary, the United States provided Mrs. Patterson's statement prior to trial, which is beyond the requirements of the *Jencks* Act.

Defendants also falsely assert that "[t]he Prosecution directly told this Court that although Oscar Stilley was under 'investigation' by the IRS or Department of Justice at the time he was subpoenaed, in March, 2006, he was not a target or subject of an [sic] Grand Jury investigation until July, 2007. This was knowingly false at the time it was presented to this Court." (Doc. no. 224 at 2). Defendants present no support for their assertion that the United States knowingly made a false representation to this Court, for

the simple reason that the Defendants' allegation is itself false. The Defendants'

allegations were previously addressed and refuted in the United States' Consolidated

Response to Motions to Suppress and for Franks Hearing (Doc. no. 80). In that pleading

and subsequently, the United States has acknowledged that Defendant Stilley appears to

have been under investigation as early as May 2004, based upon the review of the

materials from the *United States v. Eddy Patterson et al.* prosecution that were unsealed

on the motion of the United States (Doc. no. 39) for purposes of providing Defendants

discovery by order dated April 22, 2009 (Doc. no. 43). Doc. no. 80 at 14. As the United

States stated in its consolidated response, "[p]rior to reviewing the document titled Joint

Sentencing Agreement (Docket #75-22), neither Assistant U.S. Attorney Kenneth Snoke,

IRS Special Agent Brian Shern, nor the undersigned, were aware Defendant Stilley was

under investigation prior to his March 9, 2006 grand jury appearance. Records of both

the United States Department of Justice, Tax Division, and the Internal Revenue Service,

indicated that the investigation of Defendant Stilley commenced well after Defendant

Stilley's grand jury appearance." (Doc. no. 80 at 14-15). The grand jury transcript of

Mrs. Patterson dated October 6, 2004, is consistent with the representations made by the

United States in the pleadings filed in this case. There is no evidence to support

Defendants' libelous conjecture that Assistant U.S. Attorney Snoke and Special Agent

Shern knew of Mrs. Patterson's grand jury testimony. Neither Assistant U.S. Attorney

Snoke nor Special Agent Shern were aware that Mrs. Patterson had testified before the

grand jury until the pretrial interview in October of this year.  Mrs. Patterson's grand jury testimony was handled by the prosecutors previously assigned to this investigation; the testimony occurred well before either Assistant U.S. Attorney Snoke or Special Agent Shern were assigned to the investigation.  Furthermore, Defendants fail to assert how the grand jury transcript made available to each Defendant by October 19, 2009, changes anything with respect to the Court's previous ruling.

In conclusion, Defendants provide no basis for reconsideration, dismissal, suppression or mistrial.  For the foregoing reasons, Defendants' Motion for Reconsideration, Dismissal and or Mistrial Declaration (Doc. nos. 224 and 231) should be denied.

Respectfully submitted,

THOMAS SCOTT WOODWARD
ACTING UNITED STATES ATTORNEY


 /s/ Charles A. O'Reilly
CHARLES A. O'REILLY, CBA NO. 160980
Special Assistant U.S. Attorney
KENNETH P. SNOKE, OBA NO. 8437
Assistant United States Attorney
110 West Seventh Street, Suite 300
Tulsa, Oklahoma  74119
(918) 382-2700

## <u>CERTIFICATE OF SERVICE</u>

     I hereby certify that on the 20th day of November 2009, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

     Lindsey Kent Springer
     Defendant

     Oscar Amos Stilley
     Defendant

     Robert Williams
     Standby Counsel assigned to Lindsey Kent Springer

     Charles Robert Burton, IV
     Standby Counsel assigned to Oscar Amos Stilley.


                                    */s/ Charles A. O'Reilly*
                                      Special Assistant U.S. Attorney