IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA                                          PLAINTIFF

v.                            Case No. 09-CR-043 SPF

LINDSEY KENT SPRINGER,
OSCAR AMOS STILLEY                                                DEFENDANT

### MOTION FOR TRANSCRIPT AT PUBLIC EXPENSE

Comes now **OSCAR AMOS STILLEY**[1] by limited special appearance, and not a general appearance, and for his motion states:

1. A verdict of guilty was returned on all counts in the captioned case on November 16, 2009.

2. Oscar Stilley intends to appeal if any conviction is entered. Lindsey Springer has stated that he would do the same if any conviction were entered against him.

3. Both Defendants have been forbidden to give tax advice.

4. The paying practice of Oscar Stilley overwhelmingly involved the provision of advice related to the federal income tax.

---

[1] It is presumed that the plaintiff is master of his own complaint. This complaint is styled in the name of "**UNITED STATES OF AMERICA**" as opposed to the people thereof, or any grand jury. Plaintiff, whoever that may actually be, named **OSCAR AMOS STILLEY** as a Defendant. Therefore, **OSCAR AMOS STILLEY** has appeared specially and limited, challenging jurisdiction, to defend against the charges to the extent required so to do by the law.

5.     This Court having heard the estimated gross receipts of undersigned, in an ex parte proceeding, determined that Oscar Stilley was indigent for the purposes of obtaining subpoenas at public expense.

6.     The expense and burden of a 3 week trial, plus the inability to continue the only substantial remunerative practice that undersigned had, has rendered undersigned not reasonably capable of paying the cost of the transcript.

7.     The IRS seized $37.83 from undersigned, out of expense money from the trip for the Wiggins deposition, altogether in violation of the most elementary requirements of due process.   Money was also seized from Mr. Springer.  These acts evince a design to use the civil process parallel to the criminal process, not for any legitimate collection purposes, but rather to scorch the earth on the Defendants and interfere with their ability to prepare and present an appeal.

8.     The Court's standby counsel each have opined that Defendants are likely to be immediately incarcerated upon sentencing.  While unwilling to bet against himself, and not putting any words in the Court's mouth, undersigned cannot discount the possibility unless reasonable assurances to the contrary are made by the Court, sooner rather than later.

9. If undersigned is incarcerated upon sentencing, it would be for all practical purposes impossible to prepare an appeal brief complying with the rules and furthermore adequately briefing the matters for appellate review.

10. The fundamental essence of due process is the right to be heard in a reasonable time and a reasonable manner.

11. It is not possible to prepare briefs and other pleadings so as to be heard in a reasonable time and a reasonable manner, if a pro se litigant is incarcerated during such times that the brief and other papers must be prepared.

12. Undersigned is an attorney who has in the past done substantial appellate work in both state and federal courts.

13. With all due respect to all other persons concerned, undersigned, after due deliberation, has elected to represent himself on appeal.

14. The only way that undersigned believes that he can reasonably assure that his appellate brief will be suitable and satisfactory for appellate review, and considerate of judicial economy, is to start immediately on the appeal, as soon as a transcript is available.

15. An order directing the court reporter to at once commence

preparation of the transcript, at such times as are convenient for her, and with all customary charges to be paid at public expense, is the only practical way to protect and defend the interests of all parties involved herein.

16. The government will also need a full transcript, for purposes of defending any judgment and conviction entered herein.

17. Defendant does not wish to procure voir dire, but does wish to procure all other parts of the transcript including hearings from the initial appearance forward. Inquiry has been made of Lindsey Springer, who states that he does not require the voir dire for purposes of his appeal, but does desire all other material.

WHEREFORE, Defendant Oscar Stilley respectfully requests that the Court order the production of the transcript, excluding voir dire, at public expense; and such other relief as may be appropriate whether or not specifically prayed.

Respectfully submitted,

By: /s/ Oscar Stilley
Oscar Stilley, Attorney at Law

> 7103 Race Track Loop
> Fort Smith, AR 72916
> (479) 996-4109
> (866) 673-0176 Fax
> oscar@oscarstilley.com

**CERTIFICATE OF SERVICE**

I, Oscar Stilley, by my signature above certify that I have this December 1, 2009, caused the Plaintiff to be served with a copy of this pleading by CM/ECF to: Kenneth P. Snoke, United States Attorney's Office, 110 W 7th Street, Suite 300, Tulsa, OK 74119-1013, ken.snoke@usdoj.gov; Charles A O'Reilly, US Dept of Justice, PO Box 972, Washington, DC 20044, email charles.a.o'reilly@usdoj.gov, and Lindsey K. Springer at Gnutella@mindspring.com.