IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

**UNITED STATES OF AMERICA**            **PLAINTIFF**

v.        Case No. 09-CR-043 SPF

**LINDSEY KENT SPRINGER,**
**OSCAR AMOS STILLEY**           **DEFENDANT**

### BRIEF IN SUPPORT OF MOTION FOR TRANSCRIPT AT PUBLIC EXPENSE

Comes now **OSCAR AMOS STILLEY**[1] by limited special appearance, and not a general appearance, and for his brief in support of motion states:

It appears to be customary and legally required that a defendant lacking resources for appeal be provided a transcript. As the court explained in *U.S. v. Gilbreath*, 9 F.3d 85 (10th Cir. 1993)

> Further, you would have the right to have a lawyer in order to do that. If you can't afford one, the Court will see to it that you have one appointed at the public expense for that purpose. Also, the Court will see to it that you are provided a transcript of the record that is appropriate for any appeal at the cost to the public.

---

[1] It is presumed that the plaintiff is master of his own complaint. This complaint is styled in the name of "**UNITED STATES OF AMERICA**" as opposed to the people thereof, or any grand jury. Plaintiff, whoever that may actually be, named **OSCAR AMOS STILLEY** as a Defendant. Therefore, **OSCAR AMOS STILLEY** has appeared specially and limited, challenging jurisdiction, to defend against the charges to the extent required so to do by the law.

The requirement is of constitutional dimensions.  In *Williams v. Illinois*, 399 U.S. 235, 241 (1970), the Court said:

> *Griffin v. Illinois*, 351 U.S. 12 (1956), marked a significant effort to alleviate discrimination against those who are unable to meet the costs of litigation in the administration of criminal justice. In **holding that the failure to provide an indigent criminal defendant with a trial transcript at public expense in order to prosecute an appeal <u>was a violation of the Equal Protection Clause</u>**, this Court declared that "**[t]here can be no equal justice where the kind of trial a man gets depends on the amount of money he has**." Id., at 19. In the years since the Griffin case the Court has had frequent occasion to reaffirm allegiance to the basic command that justice be applied equally to all persons.[fn16] Subsequent decisions of this Court have pointedly demonstrated that the passage of time has heightened rather than weakened the attempts to mitigate the disparate treatment of indigents in the criminal process.[fn17] Applying the teaching of the *Griffin* case here, we conclude that an indigent criminal defendant may not be imprisoned in default of payment of a fine beyond the maximum authorized by the statute regulating the substantive offense.
> (Emphases added)

Undersigned has chosen to proceed on appeal pro se.  A direct appeal from a criminal conviction is a matter of right.  As possessor of the right, a defendant has the right to conduct his own defense, provided that he does so in conformity to the rules.  As Justice Frankfurter eloquently put it for the Court in *Adams v. United States ex rel. McCann*, 317 U.S. 269, 280 (1942), to require the acceptance of counsel as a condition precedent to the exercise of a defendant's discretion and choices "is to imprison a man in his privileges and call it the Constitution."  The Court

was not convinced, nor should it have been, that the possibility of unwise choices is sufficient to override the free will of an individual.

This Court has appointed standby counsel, for its own benefit as well as the benefit of the Defendants.  These learned counsel have opined, based upon various acts of the Court including but not limited to the additional conditions imposed upon the reading of the verdict, and other circumstances, that post trial motions are likely to be denied, and that the Court is likely to order immediate incarceration upon sentencing.

Having received such information from attorneys held in esteem by this Court, undersigned cannot in good conscience and with due regard for his family and others depending upon him fail to bring these issues to the immediate attention of the Court.  If incarceration upon sentencing is within the realm of possibilities, the right to be heard in a reasonable time and manner requires the ability to brief legal issues sooner rather than later.

In order to assure that at least the liability issues are briefed on some semblance of parity with a litigant having the services of counsel, it is necessary to have the transcript promptly ordered and supplied to the Defendants.

Defendant has served time in jail.  He was not allowed any metal, not even staples or paper clips.  Only very short pencils were allowed for a writing instrument.  Defendant had no access whatsoever to any legal materials except those brought in, which could not have hard covers.  Some items that friends were supposed to bring never got there, for whatever reason.  Only lawyers had routine access.  Visits from other persons was extremely limited, and their ability to bring materials was also extremely limited or non-existent.

Telephone time was very limited.  Research capability was essentially non-existent.  Papers beyond a small amount were exceedingly difficult to organize and keep together, due to the prohibition on possession of metal or other items that facilitate organization of papers.

Perhaps other incarceration facilities are better.  On information and belief most aren't.  Few if any allow word processors and electronic files.  The playing field, where one party is incarcerated and the other is not, is so lopsided that there can scarcely be any appearance of equality before the law.  No one can perform nearly as well under the restrictions of jail as they could perform with even the cheapest and oldest technology readily available on the outside.

In light of all these facts, and the law, Defendants should be accorded a transcript at public expense and at the customary rate, as soon as the schedule of the court reporter reasonably permits.

WHEREFORE, Defendant Oscar Stilley respectfully requests that the Court order the production of the transcript, excluding voir dire, at public expense; and such other relief as may be appropriate whether or not specifically prayed.

Respectfully submitted,

By:     /s/ Oscar Stilley
Oscar Stilley, Attorney at Law
7103 Race Track Loop
Fort Smith, AR 72916
(479) 996-4109
(866) 673-0176 Fax
oscar@oscarstilley.com

**CERTIFICATE OF SERVICE**

I, Oscar Stilley, by my signature above certify that I have this December 1, 2009, caused the Plaintiff to be served with a copy of this pleading by CM/ECF to: Kenneth P. Snoke, United States Attorney's Office, 110 W 7th Street, Suite 300, Tulsa , OK 74119-1013, ken.snoke@usdoj.gov; Charles A O'Reilly, US Dept of Justice, PO Box 972, Washington , DC 20044, email  charles.a.o'reilly@usdoj.gov , and Lindsey K. Springer at Gnutella@mindspring.com .