IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA

        Plaintiff,

                                Case No. 09-CR-043-SPF

v.

LINDSEY KENT SPRINGER,
OSCAR AMOS STILLEY

        Defendants.


MOTION TO VACATE ORDER DATED DECEMBER 9, 2009, TO REINSTATE DOC. 257
AND 260, AND ALTERNATIVELY, FOR ADDITIONAL TIME TO COMPLY[1]

      Lindsey Kent Springer ("Springer") files his Motions (1) to Vacate the Court's

Order of December 9, 2009, wherein the Court ordered stricken both Springer's

Reply to the Prosecution's Response in Opposition to Springer's Motion to

Reconsider, for Dismissal and for Mistrial (Doc. 257) for being in violation of Local

Civil Rule 7.2, and Motion for Judgment of Acquittal (Doc. 260), and (2) to Reinstate

Docket # 257 and 260, or (3) Alternatively, for 10 days additional time to refile both

Docket # 257 and 260 in accordance with Local Civil Rule 7.2 and the extended

number of pages in each. Springer apologizes to the Court for not understanding

the Court's wishes in regard to the application of Local Criminal Rule 12.1 with Local

---

[1] Springer also requests this Court treat this Motion as his "reply" in
opposition to the unsigned Motion to Strike filed by some unknown person. See
LCR Rule 12.1(D).

1

Criminal Rule 1.2 to that of Local Civil Rule 7.2 The Prosecution however should not benefit from any construction of any such unintentional error.

## 1.    THE COURT ORDER

The Court order reads as follows:

Before the court is the United States' Motion to Strike Defendants' Replies to Prosecution's Opposition to Springer's Motion to Reconsider, to Dismiss, and for Mistrial, filed December 8, 2009 (doc. no. 259). Said motion is **GRANTED**, for the reasons set forth in the motion.

Springer's "Reply to Prosecution's Opposition to Springer's Motion to Reconsider, to Dismiss, and for Mistrial" and Stilley's "Reply to Response to Motion for Mistrial," both filed on December 7, 2009 (doc. nos. 257 and 258) are **STRICKEN**.

In addition, the court **STRIKES** Springer's Motion for Judgment of Acquittal, filed on December 8, 2009 (doc. no. 260), as it is in violation of LCvR7.2(c) – "No brief shall be submitted that is longer than twenty-five (25) typewritten pages without leave of Court.... Briefs exceeding fifteen (15) pages in length shall be accompanied by an indexed table of contents showing headings or sub-headings and an indexed table of statutes, rules, ordinances, cases and other authorities cited."

Further, the court **STRIKES** Stilley's Motion for Judgment of Acquittal, or for New Trial (doc. no. 261) and Stilley's Brief in Support of Motion for Judgment of Acquittal, or for New Trial (doc. no. 263), both filed December 8, 2009. Stilley's motion is effectively a brief. His motion and brief together exceed 25 pages.

Therefore, they are stricken for the same reasons as set forth in the preceding paragraph.

Plaintiff is **DIRECTED** to respond to Springer's Motion for New Trial (doc. no. 262) not later than January 11, 2010. Defendant Springer may file a reply (in compliance with the Local Rules) within ten days thereafter.

## 2.    THE PROSECUTION'S CLAIM

The Prosecution's unsigned Motion states:

"Local **Civil** Rules of the United States District Court for the Northern District of Oklahoma. Pursuant to **ND LCR 1.2, LCvR7.2** applies to **criminal** cases. LCvR 7.2(h) provides that reply briefs must "be limited to ten (10) pages in length unless otherwise authorized by the Court." Furthermore, "[b]riefs exceeding fifteen (15) pages in length shall be accompanied by an indexed table of contents showing headings or sub-headings and an indexed table of statutes, rules, ordinances, cases, and other authorities cited." LCvR 7.2(c).

Doc. 259 at 2

The Prosecution further adds:

"by previous motions filed by the United States in this case, the **Defendants have been apprised of the local rules regulating reply briefs** (United States' Consolidated Response to Defendants' Motions to Suppress and for Franks Hearing at Doc. No. 80:4 fn. 1; United States Motion to Strike at Doc. No. 86)."

ND LCR 1.2 states:

**Where appropriate in a criminal context**, **Civil Local Rules**, 1.4 (Professional Conduct Expected), **7.2 (Briefs)**, 40.1 (Assignment of Cases), 47.1 (Random Selection of Grand and Petit Jurors), 47.2 (Communication with Jurors), 65.1.1 (Security; Sureties), 67.1 (Deposit and Disbursement of Registry Funds), 77.1 (Business Hours), 77.2 (No Ex Parte Communication with Judges), 79.1 (Records Kept by the Court Clerk), 80.1 (Court Reporters), 83.2 (Professional Conduct and Courtroom Decorum), 83.3 (Bar Admission), and 83.4 (Oath of Attorney) are also deemed applicable to criminal cases.

3. **REASON FOR GRANTING MOTION AND RELIEF SOUGHT**

   A. **Local Rule 1.2 does not specifically apply to Rule 29 Motions.**

Local Criminal Rule 1.2 states "where appropriate in a criminal context" and then references Civil Local Rule 7.2 "Briefs" with nothing directing the meaning of "where appropriate."

Local Criminal Rule 12.1 is labeled "**MOTIONS, APPLICATIONS AND**

3

**OBJECTIONS" and staes:**

A. Motions in Writing. Motions in criminal cases shall be in writing and state with particularity the grounds therefor and the relief or order sought.

"District courts are authorized to prescribe local procedural rules **provided the rules are consistent with the Acts of Congress** and the **Federal Rules of Procedure**. *See* 28 U.S.C. § 2071; Fed.R.Civ.P. 83 *Murry v. City of Tahlequah*, 312 F.3d 1196, 1199 (10th Cir. 2002) "But district courts must construe and apply local rules in a manner consistent with Fed.R.Civ.P..." Id. "This is not to say that a district court may not adopt local rules of criminal procedure. *See* Fed.R.Crim.P.57(a). These local rules, however, 'must be consistent with — but not duplicative of — federal statutes and rules." Fed.R.Crim.P. 57(a)(1). *U.S. v. Souser*, 405 F.3d 1162 (10th Cir. 2005)

Under the Rules Enabling Act, "[t]he Supreme Court shall have the power to prescribe general rules of practice and procedure and rules of evidence for cases in the United States district courts (including proceedings before magistrate judges thereof) and courts of appeals," 28 U.S.C. § 2072(a), and "[a]ll laws in conflict with such rules shall be of no further force or effect after such rules have taken effect," *id*. § 2072(b). *San Juan County v. U.S.*, 503 F.3d 1163, 1172 (10th Cir. 2007)

Congress, through the Supreme Court, specifically provides at Rule 29(c)[2] of the Federal Rules of Criminal Procedure that Springer may move for judgment of acquittal, or renew a motion within 7 days or within any other time the court sets

---

[2]28 U.S.C. Section 2072.

during the 7-day period. Based upon Springer's timely request this Court set the day for Springer under both Rule 29 and 33 on December 8, 2009. Springer kept that order of the Court.

**B.     Timeliness of Springer's Reply**

This Court also stated at the bench on November 16, 2009, Springer had 10 days from the day the Prosecution filed its Response to Springer's Motion to Reconsider, for Dismissal and Mistrial. That Response was filed on Nov. 20, 2009.

Federal Rules of Criminal Procedure state in computing time of "less than 11 days" the party shall exclude weekends and legal holidays from that calculation. November 20, 2009, the date of the Prosecution's response, was a Friday. The first of the 10 days would begin on Monday, November 23, 2009. Thursday was a legal holiday known as "Thanksgiving" and so Friday, 27, 2009, would be the 4th day of the 10 day calculations. The 28th and 29th are a "weekend" and so Monday the 30th is the 5th day of the 10 day calculations. Friday, the 4th of December, 2009, would be the 9th day of the 10 days. Saturday the 5th and Sunday the 6th are another weekend and leaving Monday, December 7, 2009, as Springer's 10th day to file his reply. Springer filed his reply within 10 days as directed by the Court.

**C.     Timeliness of Springer's Rule 29(c) Motion**.

This Court on November 20, 2009, Granted Springer's request to file Motions under Rule 29 and 33 until December 8, 2009. Springer filed his Rule 29 Motion on December 8, 2009. The Motion for New Trial is not the subject of this Motion.

## D. Court's order violates Federal Rules Criminal Procedure 57.

The Court's Order of December 9, 2009, granting the unsigned[3] request from the unauthorized U.S. Assistant Attorney, specifically violates Rule 57(a)(1) and (2) and is in opposition to Rule 57(b) of the Federal Rules of Criminal Procedure.[4]

### (i) Springer has right to reply and file Motion under Rule 29

This Court ordered Springer could file reply within 10 days of the Prosecution's Response to Springer' Motion (Doc. 224) By striking this Reply the Court has caused Springer to lose a "right" Springer had to make such reply.

There is no doubt that by striking Springer's Motion for Judgment of Acquittal the Order of this Court has caused "a party to lose rights" as prohibited by Rule 57(a)(1). There can also be no objection that Springer's loss of his right to file a Rule 29(c) Motion is a "sanction" and causes a "disadvantage" for the alleged "noncompliance with any requirement" and the only issue as to this part of the Rule 57 violation is whether Springer's acts causing the Court to Grant the Prosecution's unsigned Motion to Strike were (1) "unintentional failure to comply with the requirement" or (2) whether the "the requirement" was "not in federal law, federal

---

[3]With no properly created office to hold for appointment under Title 28, Section 541, and no current person purporting to have been appointed by the President to such purported "office" in the United States' Northern Judicial District for Oklahoma, Springer claims and intends to pursue the same both in regard to section 542 and 543 violations.

[4]Without citation to any authority the Prosecution actually filed their unsigned Motion to Strike seeking this Court to issue an order that violates Federal Rules Criminal Procedure 57 and numerous local rules of the Northern Judicial District.

rules, or the local district rules" and if not (3) whether "the alleged violator was furnished with actual notice of the requirement before noncompliance."

Springer's acts were clearly unintentional. Furthermore, no "requirement" was previously established by law or rule. The only question then is whether the Court gave Springer notice of its construction of Local Criminal Rule 12.1 to Local Civil Rule 7.2 prior to December 7 or 8, 2009. The answer to that question is an obvious no. The Court's order seem to suggest the Court's rule is that motions under 12.1 must comply with civil rule 7.2. If that is the Court's position no such "notice" was given "before" the alleged noncompliance as would then be required by Federal Rule Criminal Procedure 57(b).

### (ii) Northern District v. Western District Local Rules of Criminal Procedure

Rule 57(a)(1) requires "after giving appropriate public notice and an opportunity to comment, [Court] make and amend rules governing its practice."

Local Criminal Rule 1.2 does not state all motions shall comply with Local Civil Rule 7.2. Take for example the Local Rules in the District of Judge Friot's commission. The preface reads "These local civil and criminal rules are **promulgated to supplement** the Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure with local court procedure."

Western Judicial District's rules, **LCrR1.3** states **"Applicability of Local Civil Rules"** and reads**:**

> To avoid unnecessary repetition, where local rules are equally applicable to both criminal and civil practice, specific reference is

7

made herein to the appropriate local civil rule.

Under the Western District's **LCrR12.1 labeled "Pretrial Motions"** the requirement involving all motions gives the pubic notice that**:**

> (c) **Motions in Writing.** Motions in criminal cases **shall be in writing and state with particularity the grounds therefor and the relief** or order sought. All motions and other pleadings shall conform to the requirements of **LCrR49.2**.

> (d) **Concise Brief Required.** All motions and responses thereto must be accompanied by a concise brief citing all authorities upon which the movant or respondent relies. **Briefs shall[5] conform to LCvR7.1(c)-(e).** A motion and the brief in support may be presented to the Court as one document if clearly stated in the caption of the pleading.

The Northern Judicial District Rule under 12.1(A) is not even remotely close to the Western Judicial District Rule under its 12.1(c) and (d) involving Motions practice.   The Local Rules of both Districts are required to correspond to the Federal Rules of Criminal Procedure. The Prosecution's claim and this Court's Order of December 9, 2009, clearly allow Local Criminal Rule 1.2 and Local Civil Rule 7.2 not to correspond in any way with Local Criminal Rule 12.1.

<u>(iii) "Where appropriate" does not mean "shall"</u>

Saying in Local Rule 1.2 that "where appropriate" Local Civil Rule 7.2 (briefs) makes Local Civil Rule 7.2 violated ("are filed in violation of the Local Civil Rules") by Springer is simply absurd and should be reversed by this or any Court.

There is no specific mention in Local Criminal Rule 1.2 that Local Civil Rule 7.2

---

[5]Shall means must.

"shall" apply to all criminal cases.[6]  The Prosecution states (but unsigned) that "Pursuant to ND LCR 1.2, LCvR7.2 applies to criminal cases."   They cite to not a single case ever which has made that construction out of the Northern Judicial District Local Criminal Rule 1.2 or 12.1.  The Prosecution next states what Local Civil Rule 7.2 says without ever showing how they concluded it must or shall apply.

Apparently, in effort to gloss over these obvious failure of the Prosecution to show support in any rule or case supporting their construction of Local Criminal Rule 1.2 or 12.1, they state:

> There is **no excuse** for Defendants' **failure to comply with the rules**.[7] Pursuant to Court Orders dated November 20, 2009, and November 23, 2009, Defendants Springer and Stilley, respectively, were provided until December 7, 2009 to file their replies; this allowed the Defendants **seventeen days to reply from the date the United States filed its response**.[8] Furthermore, **by previous motions filed[9]** by the United States

---

[6]The Western District Rule in Local Rule 12 corresponding to Federal Rule of Criminal Procedure 12 as it is required to do and states "shall conform to **LCvR7.1(c)-(e)."**

[7]They meant these "civil rules."

[8]This argument only goes to Springer's Reply to their Response to Springer's Motion to Reconsider, for Dismissal and for Mistrial.

[9]This is the new tortured "public notice" the Prosecution contends gave Springer notice pursuant to Federal Rule Criminal Procedure 57(a)(1) of their "where appropriate" theory that  Local Civil Rule 7.2 applies to both Springer's Reply and Motion for Judgment of Acquittal.   If the Prosecution would take the time to read Federal Rules Criminal Procedure Rule 57(a)(1) they would see that it says "Each district court acting by a majority of its district judges may, after giving appropriate public notice and an opportunity to comment..."   There is no notice or opportunity given by a majority of the district judges in the Northern Judicial District of the Prosecution's alleged application of the "violation" of Local Civil Rule 7.2  by Springer.  They suggest their Motion to Strike is the notice

in this case, the Defendants have been apprised of the local rules regulating reply briefs (United States' Consolidated Response to Defendants' Motions to Suppress and for Franks Hearing at Doc. No. 80:4 fn. 1; United States Motion to Strike at Doc. No. 86).

Springer was given no Judicial Notice that Local Criminal Rule 1.2 makes all motions filed under 12.1 are strictly governed by Local Civil Rule 7.2.

<u>(iv)    No notice given to Springer under Fed.R.Cr.Pr. 57(a)(1),(b) & (c)</u>

There is no doubt Rule 12 or 29 of the Federal Rules of Criminal Procedure fail to identify any specific form in which motions are to be filed. Local Rules should govern this procedure is equally accepted by all parties.[10]

Local Criminal Rule 12.1 corresponding with Federal Rules of Criminal Procedure give no notice to Springer that Local Civil Rule 7.2 shall or must apply to all motions filed in a Criminal Case.

There has been no other notice given to Springer that this Court even

---

required under Rule 57 by the Supreme Court.

What is even more alarming is the arrogance by which the Prosecution makes and argues its unsigned motion. Federal Rule Criminal Procedure clearly and unmistakably states that "no sanction or other disadvantage may be imposed for noncompliance with any 'requirement' **not in** federal law, **federal rules**, or the **local district rules <u>unless the alleged violator was furnished with actual notice of the requirement** </u>before the noncompliance."

[10]Imagine under Rule 29(a) in the middle of an oral Motion for Judgment of Acquittal the Prosecution stood up and objected to the length and asked the Court Reporter to identify how many pages she had typed regarding the oral motion. If the typed words exceeded a certain number of pages the Prosecution then could claim that the oral motion had gone on so long that it violated a local rule governing the length by which oral motions are measured. With no such rule in place how could that be?

considered the argument that Local Civil Rule 7.2 applied to motions filed under Local Criminal Rule 12.1.

<u>(iv)    Prosecution notice of what they wish Local Criminal Rules to be is not notice under Fed.R.Cr.Pr. 57</u>

The last issue in this regard is the Prosecution's suggestion that "**by previous motions filed** by the United States in this case, **the Defendants have been apprised of the local rules regulating reply briefs** (United States' Consolidated Response to Defendants' Motions to Suppress and for Franks Hearing at Doc. No. 80:4 fn. 1; United States Motion to Strike at Doc. No. 86)."  Motion at 2

Springer takes no exception with the fact the Prosecution filed a motion to strike at Doc. No. 86.  Likewise, Springer takes no exception with the argument the United States made in that motion regarding a violation of Local Civil Rule 7.2.  In that Motion, the Prosecution argued Springer's Reply (Doc. 81) "is filed in violation of Local Civil Rule 7.2(h)."  In a footnote the Prosecution stated "For *Franks* Hearing, Local Criminal Rule 1.2 incorporates Local Civil Rule 7.2. Docket #81 at 4 n. 1."

What the Prosecution intentionally left out of its Motion to Strike (Doc.259) "notice" theory is that before Springer could even file a "response" in opposition to its "Doc. 86" submission, on the next day, the District Court denied Doc. 86 saying:

"Government's Motion to Strike Reply (doc no. 86) is **hereby DENIED**. The **court** has **reviewed** the **reply** brief filed by defendant Springer (doc no. 81) with respect to the pending motions to dismiss..."

See Doc. 87

How the Prosecution concludes Springer was given Notice by the Court's denial of its Motion to Strike for alleged violations of Local Civil Rule 7.2 on June 18, 2009, is simply more scandalous behavior.[11]

---

[11]The Reply filed by Springer struck by this Court raises significant issues of violations of Federal Law by the Prosecution in this case. Prosecutorial misconduct is clearly on the near horizon. In that reply, Springer sets out in specific detail the facts not in dispute and that there was clearly an ongoing criminal referral institutionally made by the Internal Revenue Service at the time Donna Meadors was using IRS civil summons to gather information for Doug Horn and Melody Nelson's Grand Jury. That Grand Jury number was and is 2004R00263. Telling this Court Springer was not recommended for Prosecution by a Grand Jury until June 10, 2005 or Stilley until 2007 was knowingly false at the time it was made by the Prosecution.

Furthermore, without District Directors or Internal Revenue Districts there was no delegation of authority from 2000 forward for Meadors to issue summons under Title 26, Section 7601, 7602 or 7609, nor did Shern or anyone else have any delegation of authority or redelegation of that authority. This is a "violation" of federal law and "bad faith." The delegation from the Commissioner of Internal Revenue on down through any District Director encompassing the State of Oklahoma, or anywhere else, without "authority" to gather the information with summons and other tools they employed requires suppression. Title 26, Section 7608(b) gave Shern no authority to serve a search warrant in the State of Oklahoma without delegation of authority

Furthermore, without District Directors and Internal Revenue District, there could be no "lawful function" of the IRS being lawfully exercised outside of Washington D.C. pursuant to Title 4, Section 72. See Hughes v. U.S., 953 F.2d 531, 542 (9th Cir. 1992) These are but to name of few of the issues therein.

The Motion for Judgment of Acquittal raises significant defects in the evidence presented by the Prosecution that rendered each of the Six Counts unproven and to be dismissed.

To think that these violations of Springer's Rights and Federal Law would be allowed to go un checked because of a construction of Local Criminal Rule 1.2 that makes Local Civil Rule 7.2 apply to motions filed under Local Criminal Rule 12.1, and where it is alleged Springer violated this cocktail of rules in fettering out Springer's Reply, or for that matter his Motion for Judgment of Acquittal, would be one of the greatest injustices Springer has ever seen purportedly under the "rule of law."

It has taken Springer 12 pages just to get this far on the unlawful aspects of the Prosecution's Motion to Strike (Doc. 259) and the obvious reason this Court's Order of December 9, 2009, violates Federal Rules of Criminal Procedure 57(a)(1) and (2) and 57(b) and 57(c) and should be **vacated**.

Federal Rule Criminal Procedure 57(c) clearly requires "notice" of the "date specified" any "rule" "takes effect." Since the Prosecution cannot cite to any specific rule which makes Local Civil Rule 7.2 applicable to all Motions filed under Federal Rules of Criminal Procedure 12, 29, 33, Franks Motions, or Motions filed under Local Criminal Rule 12.1, the only place they could possibly have had any basis to file an unsigned Motion to Strike is if the "alleged violator was furnished with actual notice of the requirement before the non compliance." Fed.R.CR.Pr. 57(b).

By "notice" is meant by the Court and not by the Prosecution's suggestions. See title of Rule 57 is "District Court Rules." Not titled "United States Assistant Attorney Rules." No attorney with decades of experience could have understood the Prosecution's erroneous claims. Springer in no way could have understood the Court to have agreed with the Prosecution on June 18, 2009, when it DENIED the Prosecution's Motion to Strike Springer's Reply for being 28 pages in length.

It appears to Springer the Prosecution has probably used this tactic to evade answering issues in the past in the Northern Judicial District as they have attempted to sell this rule theory to this Court with no success until apparently now. The way this rule is being construed renders the abuse that can follow enormously

13

unchecked and in violation of the 5th Amendment Due process Rights of Springer.

The violation of due process is enormous if this Court allows its December 9, 2009, Order to stand. This Court should **vacate** its order, deny the Prosecution's Motion to Strike, and direct the Prosecution to **file a sur-reply** as it did on June 18, 2009, to Springer's Reply filed December 7, 2009, and to file Response to Springer's Motion for Judgment of Acquittal within the time allowed by local criminal rules or order of this Court.[12]

**E.     Other Relief Springer seeks by this Motion.**

First, Springer seeks this Court to reinstate Springer's Reply (Doc. 257) with specific findings the Reply was clearly within LCR Rule 12.1(A) of the Northern District of Oklahoma Rules and pursuant to any Federal Rules Criminal Procedure 57 that were in effect at the time the Reply was filed.

---

[12]Just like the intentional delay of tendering the Judy Patterson Grand Jury testimony on October 6, 2004, on October 16, 2009 while the Prosecution was fully aware Springer was off to California on October 16, 2009, a week before trial was to begin, in their pursuit of the Wiggins testimony, so to was the intention to file their Response to Springer's Motion to Reconsider, for Dismissal and for Mistrial a tactical move to force Springer to have to file his reply, Motion for Judgment of Acquittal and Motion for New Trial on December 7, 2009 or December 8, 2009, instead of December 21, 2009 as the Court ordered on November 16, 2009. During the trial Springer had to draft the Motion to Reconsider and work on drafting his response brief in the 10th Circuit in 09-5088, Jury Instructions, including briefing on Venue, prepare for testimony, his witnesses, all the while dealing with all the other issues that can arise when the average citizen must defend against unlawful claims by the United States that have their basis solely in the hundred billion dollar budget. This Court ought to direct Brian Shern to produce his delegation of authority in the State of Oklahoma including what office, established by law, he works out of and when that office was established.

Second, Springer seeks this Court to reinstate Springer's Motion for Judgment of Acquittal (Doc. 260) for the very same reasons above that it complied with both Federal Rules of Criminal Procedure and Local Criminal Rules of the Northern Judicial District governing Motions and Replies.

**D.** **Alternatively, Springer seeks 10 days to modify Docket 257 and 260.**

Alternatively, Springer seeks relief from this Court in an order allowing him to 10 days to refile both Docket 257 and 260 according to Local Civil Rule 7.2. Springer seeks this 10 days to be calculated to start from the day the Court alternatively grants that part of Springer Motions herein.

CONCLUSION

Lindsey Kent Springer respectfully requests this Court to vacate its order of December 9, 2009, reinstate Springer's Reply, Doc. 257, and Springer's Motion for Judgment of Acquittal, Doc. 260, or alternatively, order Springer within 10 days he may refile his Reply and Motion for Judgment Acquittal, with **the extended number of pages** included therein, under the format expressed under Local Civil Rule 7.2.


Respectfully Submitted

/s/ Lindsey K. Springer
Lindsey K. Springer
5147 S. Harvard, # 116
Tulsa, Oklahoma 74135
918-748-5539/955-8225(cell)

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Lindsey Kent Springer's

Motion to Vacate Order of December 9, 2009, for Order reinstating Docket # 257

and 260, and alternatively, for 10 days to refile docket # 257 and 260 in accorance

with Local Civil Rule 7.2 was ecf'd on December 10, 2009, to:


Kenneth P. Snoke,
Charles O'Reilly,
Oscar Stilley


/s/ Lindsey K. Springer
Signature