IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA                                PLAINTIFF

v.                              Case No. 09-CR-043 SPF

LINDSEY KENT SPRINGER,
OSCAR AMOS STILLEY                                            DEFENDANT

**MOTION OF OSCAR STILLEY TO RECONSIDER ORDER STRIKING PLEADINGS, AND TO REINSTATE ALL PLEADINGS STRICKEN**

Comes now **OSCAR AMOS STILLEY**[1] by limited special appearance, and not a general appearance, and for his motion states:

1. Oscar Stilley hereby adopts and incorporates the motion of Lindsey Springer, [docket 265] seeking similar relief, as if set forth word for word herein.

2. To the extent not prohibited by the Court or inconsistent with law, ethical considerations, or any order or rule of this Court, Oscar Stilley hereby adopts and incorporates his supporting brief, as if set forth word for word herein.

3. This motion is set forth paragraph by paragraph for multiple reasons, not the least of which is to give the government an opportunity to respond to each paragraph by admission or denial with such explanation as may be deemed appropriate.

---

[1] It is presumed that the plaintiff is master of his own complaint. This complaint is styled in the name of "**UNITED STATES OF AMERICA**" as opposed to the people thereof, or any grand jury. Plaintiff, whoever that may actually be, named **OSCAR AMOS STILLEY** as a Defendant. Therefore, **OSCAR AMOS STILLEY** has appeared specially and limited, challenging jurisdiction, to defend against the charges to the extent required so to do by the law.

4.	Oscar Stilley will thus construe any paragraph not denied in whole or in part as being conceded as true and correct, by the government.

5.	The Local Rules leave any party including but not limited to criminal defendants at liberty to incorporate other arguments and pleadings filed in the case by reference.

6.	The Court's action in summarily granting the government's motion, without hearing from the Defendants in writing or by voice, violates due process and Local Civil Rule of the United States District Court for the Northern District of Oklahoma 7.2(e),[2] (abbreviated LCvR 7.2(e)) which provides that non-dispositive motions are ripe for review only upon the expiration of 21 days from the filing of the motion.

7.	The allowance of 21 days to respond to a motion is inconsistent, at least in part, with Local Criminal Rules of the United States Northern District of Oklahoma 12.1(D), (abbreviated N.D. LCR 12.1(D))[3] which allows the government only 7 days to respond to motions.

8.	Oscar Stilley moved the Court for an order for a transcript at public expense. [docket # 254]

---

[2]	Nothing herein should be construed as conceding that LCvR 7.2 generally controls practice in criminal cases.

[3]	Why the abbreviation for the local criminal rules is not the more consistent and far more identifiable "LCrimR," or the more descriptive "NDOKLCrimR" or similar abbreviation is not explained. Perhaps the Rules could be improved with a bit of effort.

9. If the limit is 7 days as set forth in N.D. LCR 12.1(D), the motion should be deemed confessed or at least defaulted.  However, if LCvR 7.2 applies then the government has another week to respond.

10. The entire layout of the Local Criminal Rules is such as to leave even attorneys guessing as to certain deadlines and other technical requirements.

11. Paper[4] is cheap and liberty is dear.  The US District Court for the Northern District of Oklahoma should dispense with any uncertain or conditional adoptions of local civil rules, in the local criminal rules, in favor of rules that are, so far as possible, definite, distinct, certain, consistent, rational, and logically organized.

12. The power of a District Court to promulgate local rules is expressed at Federal Rule of Criminal Procedure 57.  (Fed. R. Crim. P. 57)

13. Fed. R. Crim. P.  57(A)(2) provides that "A local rule imposing a requirement of form must not be enforced in a manner that causes a party to lose rights because of an unintentional failure to comply with the requirement."

14. Oscar Stilley thus had a legitimate reason for including matters which he deemed essential to the record in numbered paragraphs of a motion.

15. Oscar Stilley did not intentionally violate any applicable rule with respect to any pleading stricken by the Court.

16. On information and belief Lindsey Springer did not intentionally violate any

---

[4] Bits and bytes, the normal channel by which the public is customarily advised of local rules, are even cheaper.

applicable rule with respect to any pleading stricken by the Court.

17.    Oscar Stilley incorporated the pleadings of Lindsey Springer by reference.

18.    As a result of such incorporation by reference, Oscar Stilley is vested with a legal interest in preserving said pleadings and obtaining well reasoned rulings upon the same.

19.    According to Fed. R. Crim. P. 12(e) "... When factual issues are involved in deciding a motion, the court must state its essential findings on the record."

20.    The specific language of Fed. R. Crim. P. 12(e) set forth in the previous paragraph is applicable to this motion.

21.    LCvR 7.2(j) provides in its entirety:

> **Mere statements in brief not part of the record.**
> Factual statements or documents appearing only in the brief shall not be deemed part of the record in the case, unless specifically permitted by the Court.

22.    This Court never proposed to prohibit the government from making such record as the government deemed appropriate.

23.    Oscar Stilley had the right to make and preserve the record that he deemed appropriate.

24.    Nothing in the local rules, civil or criminal, gives adequate notice to any criminal defendant that a lengthy motion consisting of numbered paragraphs might nevertheless be deemed a "brief" and counted against any page limitation.

25.    If part of Local Civil Rule 7.2 is applicable to criminal cases generally, but

other parts are not, due process and the prohibition on ex post facto laws would necessarily be offended by the failure of the promulgating court to identify, beforehand, which parts apply to criminal cases and which do not.

26. It was well within the power of the judges of the Northern District of Oklahoma[5] who promulgated said rules, to specifically and unequivocally state which Civil Local Rules, or parts thereof, likewise apply in criminal cases.

27. The Local Criminal Rules altogether fail make it clear that the words therein might be construed to permit a criminal defendant to suffer the complete loss of their right to be heard, on the (presumptive) theory that the brief[6] entail too many words for the Court to consider.

28. If in fact N.D. LCR 1.2, in incorporating certain pleadings including LCvR by reference "Where appropriate..." intended to incorporate all parts of said rules, then the Court violated LCvR 7.2(e) & (h), which make it clear that a motion cannot be ripe for ruling prior to the expiration of time for response.

29. The Court did not give notice of any intent to reduce the time for response to the motion to strike.

30. N.D. LCR 1.1 (E) says that "A Judge, in any criminal case, may waive any requirement of these Rules when the administration of justice requires such

---

[5] The latest version of both the Local Criminal Rules and the Local Civil Rules appear to bear a date of December 1, 2009. It does not appear to undersigned that changes from the previous versions have any impact on the present dispute.

[6] However the term "brief" may be defined.

waiver. ..."

31.     The defendants and both of them were entitled to be heard with respect to arguments that the "administration of justice" required such waivers, if in fact the pertinent rule were deemed applicable in a criminal context.

WHEREFORE, Defendant Oscar Stilley respectfully requests that the Court reconsider and reinstate each and every pleading stricken by the Court's order [docket 264]; in the alternative, and without prejudice to the foregoing, that the Court craft the least restrictive method of allowing the defendants arguments to be heard and decided in a well reasoned order; and such other relief as may be appropriate whether or not specifically prayed.

Respectfully submitted,

By:     /s/ Oscar Stilley
Oscar Stilley, Attorney at Law
7103 Race Track Loop
Fort Smith, AR 72916
(479) 996-4109
(866) 673-0176 Fax
oscar@oscarstilley.com

**CERTIFICATE OF SERVICE**

I, Oscar Stilley, by my signature above certify that I have this December 14, 2009, caused the Plaintiff to be served with a copy of this pleading by CM/ECF to: Kenneth P. Snoke, United States Attorney's Office, 110 W 7th Street, Suite 300, Tulsa , OK 74119-1013, ken.snoke@usdoj.gov; Charles A O'Reilly, US Dept of Justice, PO Box 972, Washington , DC 20044, email  charles.a.o'reilly@usdoj.gov , and Lindsey K. Springer at Gnutella@mindspring.com .