**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

**UNITED STATES OF AMERICA**                                                          **PLAINTIFF**

**v.**                                    **Case No. 09-CR-043 SPF**

**LINDSEY KENT SPRINGER,
OSCAR AMOS STILLEY**                                                          **DEFENDANT**

**OPENING BRIEF IN SUPPORT OF MOTION OF OSCAR STILLEY TO RECONSIDER
ORDER STRIKING PLEADINGS, AND TO REINSTATE ALL PLEADINGS STRICKEN**

Comes now **OSCAR AMOS STILLEY**[1] by limited special appearance, and

not a general appearance, and for his motion states:

The Local Criminal Rule referenced by the government and by the Court

provides as follows:

> **LOCAL CRIMINAL RULE 1.2
> APPLICABILITY OF CIVIL RULES**
> **Where appropriate** in a criminal context, Civil Local Rules, 1.4 (Professional
> Conduct Expected), 7.2 (Briefs), 40.1 (Assignment of Cases), 47.1 (Random
> Selection of Grand and Petit Jurors), 47.2 (Communication with Jurors),
> 65.1.1 (Security; Sureties), 67.1 (Deposit and Disbursement of Registry
> Funds), 77.1 (Business Hours), 77.2 (No Ex Parte Communication with
> Judges), 79.1 (Records Kept by the Court Clerk), 80.1 (Court Reporters),
> 83.2 (Professional Conduct and Courtroom Decorum), 83.3 (Bar
> Admission), and 83.4 (Oath of Attorney) are also deemed applicable to
> criminal cases.
> (Emphasis added)

---

[1]     It is presumed that the plaintiff is master of his own complaint.  This complaint is styled in the name of "**UNITED STATES OF AMERICA**" as opposed to the people thereof, or any grand jury.  Plaintiff, whoever that may actually be, named **OSCAR AMOS STILLEY** as a Defendant.  Therefore, **OSCAR AMOS STILLEY** has appeared specially and limited, challenging jurisdiction, to defend against the charges to the extent required so to do by the law.

The term "where appropriate" necessarily implies that there will be certain occasions in which one or more of such rules will be "not appropriate."   The litigant is left in the precarious position of guessing what applies and what doesn't.

The following chart was made solely from comparing the tables of contents of three versions of the said local civil rules that undersigned happens to have in his possession.

| Local Rule | January 1, 1995 Version | January 9, 2006 Version | January 1, 2009 Version |
|---|---|---|---|
| 1.4 | PRESENT | AWOL | AWOL |
| 7.2 | | | |
| 40.1 | | | |
| 47.1 | | | |
| 47.2 | | | |
| 65.1.1 | PRESENT | AWOL | AWOL |
| 67.1 | | | |
| 77.1 | PRESENT | AWOL | AWOL |
| 77.2 | AWOL | AWOL | AWOL |
| 79.1 | | | |
| 80.1 | PRESENT | AWOL | AWOL |
| 83.2 | | | |
| 83.3 | | | |
| 83.4 | | | |

This chart was made in the following way.  First, the "incorporated" rules

that didn't exist in the December 1, 2009 version were identified as AWOL.[2]

Thereupon previous versions were reviewed to determine, to the extent possible

with the limited library of undersigned, when the AWOL rule was last shown in the

local civil rules.  For those "incorporated" rules listed in the index of the local civil

rules dated December 1, 2009, there was no need to examine anything else.  All

those rows are left blank.

Thus it appears that the list of "incorporated" rules has not actually been

cross referenced with any semblance of diligence for well over 14 years.  The

last two versions reference the same 5 non-existent rules out of 14 total

"conditionally incorporated" rules.   This means that over 35% of the rules just

now incorporated "where appropriate in a criminal context" don't even exist,

and haven't existed for at least 3 years.

Do we really want to go down this road?  Does anyone really think that

the Court's action in summarily striking our dispositive motions will help persuade

the thousands of Americans following this proceeding that lawyers and judges

are all just honorable priests at the altar of justice, each trying to make sure that

justice prevails?

In a nutshell, the now stricken pleadings of undersigned simply showed

that when taken in the light most favorable to the government, the proof

showed that at the very most Oscar Stilley had been presented with a choice of

---

[2]        A generally recognized acronym for "Absent Without Leave."

committing a pretended offense as opposed to a real offense. Undersigned showed conclusively that the failure to make the funds transfers that he made would have been a violation of attorney professional conduct rules, fiduciary obligations, as well as civil and possibly also criminal conversion of funds to which some other person was entitled.

Oscar Stilley rather meekly invited this Court to dismiss Oscar Stilley from the litigation on the grounds that all sorts of rules required that he convey the funds to the persons who actually received the funds. In other words, that would be a way around the hard legal questions. Some of those hard questions "hack at the roots" as opposed to "hacking at the branches" of evil.

For this I would most respectfully apologize to the Creator of human liberty, to the Court, to Mr. Springer, to standby counsel, to former clients, and most importantly to the people of this great land who have vested undersigned with certain privileges and duties as an attorney. Those rights and privileges may be in tatters and rags, but they are still mine today. Furthermore, licenses may be revoked, but the noble ideals of the profession cannot be erased by the order of a court or a committee. Whether one or more persons may not actually *desire* such an apology is irrelevant.

Undersigned furthermore understands that this Court may nevertheless rule on some claims and declare others to be thereby moot. Undersigned can't **make** the Court do anything. But undersigned can **ask**, as forcefully and

persuasively as his skill allows, that this Court follow its conscience where it leads, and enter an order that honestly adjudicates **all** the core issues presented in the pleadings.   If "all" is too much then please issue a reasoned opinion upon at least enough issues to throw the doors wide open on the political prisoners now languishing in federal prisons, and to stop the economic torment that routinely follows for dissidents upon their release from incarceration.

How the Court treats this request is a decision that the Court alone can make.

You see, after all these years of telling people like Jim Lake to "pack a toothbrush" in their pocket, figuratively of course, Oscar Stilley kind of mislaid his somewhere.  After all, *Oscar!* is a nice fellow with 4 kids, two little ones and two adopted from Russia.  How could anyone deliberately make them effectively fatherless again!

But that's not a good answer.  Liberty has never been bought on the cheap.

Furthermore, the former clients paraded through the courtroom were generally[3] all at least pretty good people themselves, and often the finest people among us, just trying to get answers to legitimate legal questions.  They all had good reasons not to go to prison.   Nevertheless, *Oscar!* proposed to this Court an escape hatch that let *Oscar!* escape, but without affecting any other

---

[3]    This does not condone the falsehoods of Jim Lake or anyone else, even in the dire straights of a criminal trial.

political prisoner held now or in the past by the US government.

Why *Oscar!* should escape prison **_and at the same time_** essentially invite the Court to leave all these other people as political prisoners, incarcerated in plain violation of the constitution and applicable laws, was not explained. What's more, there's no good explanation for it.   **That's _wrong,_** violates legal ethics, and transgresses personal conscience too.  This Court likewise has a conscience, which should be pricked by the facts and law irrefutably demonstrated to this Court by each point of the dispositive motions the Court recently struck from the record.

On April 15, 1991 (I am not making this up and I did not pick the date) undersigned affirmed to the world the Arkansas Attorney's oath, which provides in pertinent part:

> I will not reject, from any consideration personal to myself, the cause of the impoverished, the defenseless, or the oppressed. I will endeavor always to advance the cause of justice.

Fear motivated the invitation for this Court to ignore the cause of the oppressed in favor of a narrow "escape hatch" for *Oscar!*   After all, the courts have routinely put the clients of *Oscar!* in prison in a manner reminiscent of the way this Court "decided" the PRA argument in this case: No evidence, no argument, no questions, the government wins.  Fear is of course a "consideration personal to myself" and altogether inconsiderate of the cause of the oppressed. Fear retards rather than advances the cause of "liberty and justice for all."

Sure, *Oscar!* can tell you the law applicable to this motion.  The summary entry of an order without waiting for response is such an elementary violation of the first principles of due process that citation to authority seems quite unnecessary.  If the government thinks otherwise let them say so.

The rule of lenity also clearly forbids what this Court just did.    See *U.S. v. Concha*, 233 F.3d 1249, 1256 (10th Cir. 2000), where the Court said, in pertinent part:

> ... For these reasons, and contrary to the Fourth and Sixth Circuits, we believe that the statute is ambiguous. In such a situation, we are guided by the rule of lenity, that we "will not interpret a federal criminal statutes so as to increase the penalty that it places on an individual when such an interpretation **can be based on no more than a guess as to what <u>Congress</u> intended.**" .....      (Emphasis added)

The "rule" in this case is grievously ambiguous by its very terms.  The 4 district judges and 3 magistrates of the district would not intentionally embarrass themselves by incorporating non-existent local civil rules into the local criminal rules.   If the intent of the law is the intent of the lawmaker, then in the present case it is impossible to determine what the law is, from the face of the local criminal rules, or otherwise.  Criminal defendants are necessarily left to guess as to what applies and what doesn't.

This Court already knows that undersigned and Mr. Springer are quite willing to follow this Court's directives and even its preferences, not prejudicial to any substantial right, on matters of form.  If this Court expresses a desire for a table of contents and a table of authorities for lengthy briefs, we're happy to

oblige with or without the compulsion of a rule.

On the flip side keep in mind that this Court, after inquiring and finding undersigned indigent for purposes of subpoenas at government expense, entered an order that essentially destroyed the law practice of Oscar Stilley, and rendered him dependent upon the charity of others for his subsistence.   Part time office help has been terminated due to inadequate resources.   Wrecking the finances of undersigned necessarily degrades the ability of undersigned to produce a quality brief within the time allowed by the rules.[4]

The longest briefs usually don't take the longest time.  The best briefs are the product of much verbiage distilled down to the fundamental essence with the application of skill and effort.  Such briefs become works of art, carefully crafted to persuasively express the most pertinent legal and factual arguments in concise, direct language.

There is however a difference between the concept of courtesy and comity on the one hand, and binding, enforceable rules of law on the other. Oscar Stilley respectfully asks this Court to rule that the conditionally

---

[4]      Our penal system has a shameful practice of degrading the ability of incarcerated litigants to effectively plead an appeal or other legal matters.  If due process were any part of the goal, prisoners would be given access to a computer, with secure password based access to their personal files and pleadings in customary formats.  Unfortunately, the general rule is that litigants are deprived of such elementary basics as their own personal computer files, which renders effective advocacy virtually impossible.  Then such persons are either mocked or given the condescending "pat on the head" for producing anything close to competitive under such absurd limitations.

incorporated rules be declared inapplicable to criminal proceedings, at least to the effect that they prejudice the substantial rights of any criminal defendant, and furthermore to declare that a motion supported by a substantial brief will not be construed as part of the brief.

The judges of the Northern District have the power to promulgate unambiguous rules.  If requested, undersigned counsel would be glad to assist. Undersigned would in fact likely proffer suggestions if notified of an intent to amend the local criminal rules.

Keep in mind the fact that the government, in filing their pleading, committed two violations of rules.  They failed to sign their pleading as required by the rules, and attached a proposed order to the motion, rather than sending the order via email as directed in administrative rules.

That's all well and good, since everyone makes mistakes, but why shouldn't we get the same courtesy?  Why two standards?   Why should the government's errors be forgiven at the same time that this Court grants a summary order striking the dispositive motions of defendants?

WHEREFORE, Defendant Oscar Stilley respectfully requests the relief stated and requested at the conclusion of the motion.

Respectfully submitted,


By:_____/s/ Oscar Stilley_____
Oscar Stilley, Attorney at Law

7103 Race Track Loop
Fort Smith, AR 72916
(479) 996-4109
(866) 673-0176 Fax
oscar@oscarstilley.com

**CERTIFICATE OF SERVICE**

I, Oscar Stilley, by my signature above certify that I have this December 14, 2009, caused the Plaintiff to be served with a copy of this pleading by CM/ECF to: Kenneth P. Snoke, United States Attorney's Office, 110 W 7th Street, Suite 300, Tulsa , OK 74119-1013, ken.snoke@usdoj.gov; Charles A O'Reilly, US Dept of Justice, PO Box 972, Washington , DC 20044, email  charles.a.o'reilly@usdoj.gov , and Lindsey K. Springer at Gnutella@mindspring.com .