IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.   09-CR-043-SPF |
| | ) |
| LINDSEY KENT SPRINGER, | ) |
| OSCAR AMOS STILLEY, | ) |
| | ) |
| Defendants. | ) |

**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT STILLEY'S
MOTION TO RECONSIDER ORDER STRIKING ALL PLEADINGS,
AND TO REINSTATE ALL PLEADINGS STRICKEN**

The United States of America, by and through its attorneys, Thomas Scott Woodward, Acting United States Attorney for the Northern District of Oklahoma, and Kenneth P. Snoke, Assistant United States Attorney, and Charles A. O'Reilly, Special Assistant United States Attorney, hereby responds in opposition to Defendant Stilley's Motion to Reconsider Order Striking Pleadings, and to Reinstate All Pleadings Stricken [hereinafter Defendant's Motion to Reconsider and Reinstate], doc. no. 267. The United States hereby incorporates the United States' response to Defendant Springer's Motion to Vacate Order Dated December 9, 2009, to Reinstate Doc. 257 and 260, and Alternatively,

for Additional Time to Comply, doc. no. 266, and stands ready to provide additional briefing should the Court believe such would be helpful.

Defendant Stilley's rambling Motion to Reconsider and Reinstate cites virtually no law in support of his requests, but does manage to libel witnesses who testified at trial and to raise other facts irrelevant to the issue of whether the Court erred by striking the defendants' pleadings. The one case cited by Defendant Stilley has nothing to do with compliance with the local rules.[1] However, the United States found a relevant Fifth Circuit opinion holding that the appellate court will "review the district court's administrative handling of a case, including its enforcement of the local rules and its own scheduling orders for abuse of discretion." *Macklin v. City of New Orleans*, 293 F.2d 237, 240 (5th Cir. 2002).[2]

There was no abuse of discretion. Defendants are bound by the same rules as all litigants, and have no one to blame but themselves for their failure to comply with those rules. Contrary to Defendant Stilley's conclusory assertion, the Court's Order does not cause Defendants Springer or Stilley to lose any "substantial rights." Defendant Springer

---

[1] Defendant Stilley's sole case citation is to the Tenth Circuit's decision to "not interpret a federal criminal statute so as to increase the penalty that it places on an individual when such an interpretation can be based on no more than a guess as to what Congress intended." *United States v. Concha*, 233 F.3d 1249, 1256 (10th Cir. 2000). This case is inapposite to the question of to what extent a district court judge can control the administration of the court's docket.

[2] Cited with approval in the unpublished criminal case, *United States v. Alvarado*, 321 Fed.Appx. 399, 400 (5th Cir. 2009) (upholding the striking of a pro se pleading for a speedy trial).

and Stilley each twice moved for judgment of acquittal; those motions were denied by this Court.

The United States therefore requests that the Court deny Defendant Stilley's Motion to Reconsider and Reinstate, doc. no. 267.

>Respectfully submitted,
>
>THOMAS SCOTT WOODWARD
>ACTING UNITED STATES ATTORNEY
>
>*/s/ Charles A. O'Reilly*
>CHARLES A. O'REILLY, CBA NO. 160980
>Special Assistant United States Attorney
>KENNETH P. SNOKE, OBA NO. 8437
>110 West Seventh Street, Suite 300
>Tulsa, Oklahoma 74119
>(918) 382-2700

## CERTIFICATE OF SERVICE

  I hereby certify that on the 15th day of December 2009, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Lindsey Kent Springer
Defendant

Oscar Amos Stilley
Defendant

Robert Williams
Standby Counsel assigned to Lindsey Kent Springer

Charles Robert Burton, IV
Standby Counsel assigned to Oscar Amos Stilley.

             */s/ Charles A. O'Reilly*
             Charles A. O'Reilly
             Special Assistant United States Attorney