IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA

       Plaintiff,

                              Case No. 09-CR-043-SPF

v.

LINDSEY KENT SPRINGER,
OSCAR AMOS STILLEY

       Defendants

MOTION TO STRIKE DOC. # 259 AND DOC. # 266

Lindsey Kent Springer ("Springer"), not within any internal revenue district encompassing the State of Oklahoma, and not within any territorial jurisdiction of the United States, moves the United States' Article III Northern Oklahoma Judicial District Court, sitting with alleged subject matter jurisdiction and not territorial jurisdiction, to strike the "UNITED STATES' MOTION IN OPPOSITION TO DEFENDANT SPRINGER'S MOTION TO VACATE ORDER DATED DECEMBER 9, 2009, TO REINSTATE DOC. 257 AND 260, AND ALTERNATIVELY, FOR ADDITIONAL TIME TO COMPLY" (Doc. 266) as it was filed in violation of the Federal Rules of Criminal Procedure and would qualify for violation of the United States theory under **LCvR7.2.**

Springer also moves to strike the United States Motion to Strike dated December 8, 2009, Doc. 259, as it was electronically filed in violation of LCrR49.1C which requires that "All pleadings and motions shall have the **signing attorney**'s firm name, address, telephone number, and state bar membership number (if

1

applicable) typed under the signature line."

## A. BRIEF IN SUPPORT OF MOTION

The United States' "MOTION IN OPPOSITION TO DEFENDANT SPRINGER'S MOTION TO VACATE ORDER DATED DECEMBER 9, 2009, TO REINSTATE DOC. 257 AND 260, AND ALTERNATIVELY, FOR ADDITIONAL TIME TO COMPLY," sought struck by Springer's Motion herein, apparently circulates as Motion, a Response, and another Motion.

### 1. DOCKET # 266 MUST BE STRUCK

There appears no rule that would allow any Motion to accompany a response to a motion in the Local Rules of Criminal Procedure. This is true of both the Federal Rules of Criminal Procedure and local rules lawfully passed under Fed.R.Cr.Pr. Rule 57.

**LCvR7.2(e)** entitled Response Briefs states: "A response to a motion may not also include a motion or a cross-motion made by the responding party."

Springer is mindful of the fact that the Local Criminal Rules do not specifically identify any specific document to which LCvR7.2 attaches. LCrR 1.2 states: "Where appropriate in a criminal context, Civil Local Rules....., 7.2 (Briefs)" Although there is no statement making any pleading in a criminal case "appropriate" to LCvR7.2(e), the United States has argued LCvR7.2 is mandatory to them. See Doc. 259 ("Pursuant to ND LCR 1.2, LCvR7.2 applies to criminal cases")

Doc. 266 states that it is a "Motion in Opposition to Defendant's Springer's

2

Motion to Vacate Order..." and "Alternatively, for additional time to comply."[1]  On December 14, 2009, Oscar Stilley filed a Motion to Reconsider an order striking his Motion for Judgment of Acquittal and other pleadings apparently struck by order dated December 9, 2009.  Doc. 265

The United States filed a "response in opposition" dated December 15, 2009, Doc. 269 in which it stated:

> The United States hereby incorporates the **United States' response** to Defendant Springer's Motion to Vacate Order **Dated December 9, 2009**, to Reinstate Doc. 257 and 260, and Alternatively, for Additional Time to Comply, doc. no. 266, and stands ready to provide additional briefing should the Court believe such would be helpful.

Springer acknowledges the term "response" does not appear in the name of Doc. 266 and that the term "responds" does appear in the first paragraph of said document.

This is very confusion to Springer.  Probably why all commissioned Article III Judges of the United States' Northern Oklahoma Judicial District enacted under certain rules that motions and responses should not be in the same document.

Docket # 266 should be struck as it violates the United States' own construction of the Local Federal Rules of Civil and Criminal Procedure.

### 2.     Docket # 259 must be struck.

---

[1]Springer has reviewed several responses to motions over the last 17 years and has never seen a response in opposition to a Motion styled as a Motion. Springer has seen motions to strike or for clarification, but never where a motion responds to a motion.

3

The United States Motion to Strike dated December 8, 2009, Doc. 259, was filed in violation of LCrR49.1C which requires that "All pleadings and motions shall have the **signing attorney**'s firm name, address, telephone number, and state bar membership number (if applicable) typed under the signature line.

Unlike the United States' request to strike Springer's Motions docketed at # 257 and 260, Local Criminal Rule 49.1 has no vague connection theory to some remote civil rule that would allow filing without signing. Instead of arguing the merits of Springer's Reply to Response to Motion for Reconsideration, Dismissal and New Trial, or Springer's Post Trial Motion for Judgment of Acquittal, the United States chooses to instead argue strict compliance civil rules in this criminal rules case "where appropriate. "But district courts must construe and apply local rules in a manner consistent with Fed.R.Civ.P..." *Murry v. City of Tahlequah*, 312 F.3d 1196, 1199 (10th Cir. 2002)

There was no reason to strike Springer's Reply to the United States Response in Opposition to Springer's Motion for Reconsideration, Dismissal and Mistrial, unless some advantage was to have been gained by it with the unsigned Motion.

In the United States' **"MOTION IN OPPOSITION TO DEFENDANT SPRINGER'S MOTION TO VACATE ORDER DATED DECEMBER 9, 2009, TO REINSTATE DOC. 257 AND 260, AND ALTERNATIVELY, FOR ADDITIONAL TIME TO COMPLY,"** sought struck by Springer's Motion herein, the United States writes "Springer obsesses about **the fact** that the United States' Motion to Strike, doc. no. 259, is unsigned, although he

4

provides no indication as to how this oversight prejudices him."[2]

The District Court should strike Doc. # 259 as it is in violation of FCrR49.1.

CONCLUSION

Springer respectfully request both Doc. # 259 and 266 be struck as they both fail to comply with the Federal Rules of Criminal Procedure and the Local Rules of the Northern Oklahoma Judicial District criminal rules.

>Respectfully Submitted
>/s/ Lindsey K. Springer
>Lindsey K. Springer
>5147 S. Harvard, # 116
>Tulsa, Oklahoma 74135
>918-748-5539/955-8225(cell)

---

[2] How would Springer's Reply filed on December 7, 2009 prejudice the United States? For that matter, how does any pleading Springer files prejudice the United States?

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Lindsey Kent Springer's Motion to Strike # 259 and 266 was ecf'd on December 28, 2009 to:

Kenneth P. Snoke,
Charles O'Reilly,
Oscar Stilley

/s/ Lindsey K. Springer
Signature