IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA

       Plaintiff,

                               Case No. 09-CR-043-SPF

v.

LINDSEY KENT SPRINGER,
OSCAR AMOS STILLEY

       Defendants

SPRINGER'S REPLY TO UNITED STATE'S MOTION TO OPPOSE, RESPONSE, AND MOTION FOR MORE TIME IN THE ALTERNATIVE

Lindsey Kent Springer ("Springer") files his reply in the event this Court does not strike the multi-purpose Motion-Response-Motion docketed at # 266.

**1.    Violating Federal Rules of Criminal Procedure is not discretionary.**

It is hard for Springer to imagine what Attorney would ever have to actually be explaining to a proper District Court why complying with Federal Rules of Criminal Procedure is not optional.

The United States argues in its response in opposition (Doc. 269) to Stilley's Motion to Reconsider (Doc.267) that:

> However, the United States found a relevant Fifth Circuit opinion holding that the appellate court will "review the district court's **administrative handling of a case**, including its enforcement of the local rules and its own scheduling orders for abuse of discretion."

1

*Macklin v. City of New Orleans*, 293 F.2d 237, 240 (5th Cir. 2002)[1]
Doc. 269, pg. 2

First, Macklin was a "civil rights case" and it was "civil" not "criminal." Second, Macklin did not have any substantive rights under the Sixth Amendment for a Jury Trial or certain due process rights under the Fifth Amendment, post verdict, at issue, when the District Court "extended filing deadlines that the City was unable to meet." See Macklin, at 240  Extending filing deadlines which extends party rights is in no way comparable to striking pleadings in a criminal case for failure of those pleadings to comply with local civil rules which prevents parties rights from being considered in a criminal case.

Prior to the current version of Rule 29(c), Federal Rules of Criminal Procedure did not "vests the court with supervisory power to enter judgment of acquittal." Carlisle v. United States, 517 U.S. 416, 424 (1996) This Rule provides:

> "These rules are intended to provide for the just determination of every criminal proceeding.  They shall be construed to secure simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay."

"Whatever the scope of [this] 'inherent power,' however, it does not include the power to develop rules that circumvent or conflict with the Federal Rules of

---

[1] Just as another example, when the United States is allowed to go hypocritical with its construction of the rules, Macklin is reported at F.3d and not F.2d.  You would think with 3000 attorneys between General Counsel and Chief Counsel for the IRS that are at Mr. Snoke and O'Reilly's disposal, that enough money is being spent to at least cite the case they "found" like manna from heaven, correctly.

2

Criminal Procedure." Carlisle v. United States, 517 U.S. at 426  As the Supreme Court held and stated to all Article III Judges sitting in a subject matter jurisdiction capacity, in Bank of Nova Scotia v. United States, 487 U.S. 250, 254-255 (1988), "federal courts **may not** invoke supervisory power to circumvent Rule 52(a): '[F]ederal courts **have no more discretion to disregard the Rule's mandate than they do to disregard constitutional or statutory provisions**.'" And no such "discretion" exists in apply local civil rules to criminal documents.

How the Law Firm of the "United States" and its 3000 plus attorneys even suggest that a properly commissioned Article III inferior Court's application of a local civil rule to a criminal case, without prior notice to the Fifth and Sixth Amendment Rights protected for the accused, which is then relied upon to strike a Rule 29(c) Motion for Judgment of Acquittal a day after it is filed, becomes equivalent to "administrative handling of a case" is disbarment conduct and disciplinary complaint material.[2]

In conclusion, the United States argues that "Contrary to Defendant Stilley's conclusory assertion, the Court's Order **does not** cause Defendants Springer or

---

[2]Along with, among others, arguing judicial district and internal revenue district mean the same thing, or searching a house with a warrant without authority under 7806(b), or hiding Grand Jury testimony from October 6, 2004, knowing the impact of that revelation would have on the United States case and evidence, or saying Mr. Snoke in 2006 was unaware of what Ms. Nelson or Mr. Horn were doing in 2004 in the Grand Jury Investigation of Springer and Stilley, or having Mr. Shern state to the Jury at trial that only $ 17,000 was discovered and nobody stole $ 2,000 while in the 10th Circuit, Shern's attorneys on his behalf argue the money was in fact "stolen."

Stilley to lose any 'substantial rights.' Defendant Springer and Stilley each twice moved for judgment of acquittal; those motions were denied by this Court." Doc. 269, pg. 3

Of course, the Law Firm United States would make such argument, under there application of Rule 29, that Rule 29(c) is simply meaningless. Once you make an oral motion under Rule 29, and get a one word "denied" from the bench, you have had all the "substantive" right Rule 29 provides any accused under Rule 29. This is not the law.[3]

---

[3] When the United States Law Firm is allowed to begin down the slippery slope of lawlessness accomplishing and defending things like (1) complying with the Paperwork Reduction Act is excused by the "statutory origin theory," or (2) the IRS can falsify documents to the Office of Management and Budget, or (3) offices of the seat of Government can exercise authority outside the District of Columbia without expressed permission by Congress, or (4) construing Title 28, Section 292(b) to allow a single senior Chief Judge of "a circuit" to designate for yearly service numerous commissioned Article III office holders to offices that do not even exist, as a matter of law, or (5) a Chief Judge can "assign" a Judge outside her Judicial District aborting random assignment rules, (6) the absurd arguments such as we do not have to sign pleadings, (7) we can file motions when the rules forbid motions included within responses, (8) pleadings in a criminal case can be struck by the Court when they do not comply with local civil rules, and don't worry Judge, your administration of a case is reviewed for "abuse of discretion," so go ahead and continue with that abuse, are each warning signs and the result of what is certainly to follow is the public discovery of scandal.

The case law the United States has asked this Court to ignore in the pleadings of this case is beyond alarming. For instance, the United States has argued that the term "district" in the holding of *United States v. Brewer*, 486 F.2d 507, 509 (10th Cir. 1973)(*overruled on other grounds by United States v. Taylor*, 838 F.2d 630, 633 (10th Cir. 1987) means a judicial district and not an internal revenue district. Everyone knows the phrase "district in which the offense was committed" or service center "serving that district" mean "internal revenue district under "26 U.S.C. § 6091(b)(1)(A)(I) and (ii)" and not "judicial district." See

What would be the need to strike anything if it had no meaning or impact on the case? Prior to the current version of Rule 29(c), a district court had no authority to consider a motion under that rule filed out of time. See Carlisle, supra

On November 5, 2009, the Tenth Circuit addressing a question of venue in *United States v. Hamilton*, 07-3273 addressed an "argument at the close of the government's evidence in a Federal Rule of Criminal Procedure 29(a) motion for judgment of acquittal" that was "renewed" "in a Rule 29(c) motion after the verdict." Pg. 6. "The district court rejected the Rule 29(a) motion **in an extensive ruling from the bench** and later **relied on that ruling in rejecting the Rule 29(c)** motion at the sentencing hearing." No such ruling of any length has been deposited in the record of this case. None! The United States Law Firm would be defending this Court's decision on appeal.[4]

---

*Rush v. United States*, 256 F.2d 862, 864 (10th Cir. 1958) holding Judicial Districts under Title 28, Section 81-131 [including 116(a)] do not "coincide" with "Internal Revenue Districts" established by the President under Title 26, Section 7621.

[4] As this Court noted on Friday, the 13th, 2009, when Mr. Snoke informed this Court of his need to attend the oral argument before the 10th Circuit on Monday, November 16, 2009, in 08-cv-636, 08-cv-620, 09-5034 and 5035, regarding orders of Judge Friot in both cases, his leave would be to defend those orders. Ms. Nelson signed the indictment at issue in 09-5034 and 09-5035 on January 9, 2005 and in that case Mr. Snoke was also prosecuting. Both were under then Chief of Criminal in Tulsa, Oklahoma, Doug Horn's directives, and there is no way Snoke, under any proper oath, could say he did not know Nelson and Horn were conducting a Grand Jury investigation of Springer and Stilley in 2004. Mr. O'Reilly's assertions in pleadings on Mr. Snoke's behalf continue to prove unreliable and false. At this point Springer has no evidence Mr. O'Reilly knew or should have known about the Grand Jury investigation of Springer and

The United States argues the following in addition to what they stated in their unsigned Motion dated December 8, 2009:

> "...doc. no. 260, and Reply to Prosecution's Opposition to Springer's Motion to Reconsider, to Dismiss, and for Mistrial, doc. no. 257, **each exceeded the page limitation under the local rules**. Defendant Springer's **violation of the local rules was excessive**. As noted in the Court's order, Defendant Springer's seventynine page motion for judgment of acquittal **violated LCvR 7.2** which provides: "No brief shall be submitted that is longer than twenty-five (25) typewritten pages without leave of Court . . .. Briefs exceeding fifteen (15) pages in length shall be accompanied by an indexed table of contents showing headings or sub-headings and an indexed table of statutes, rules, ordinances, cases and other authorities cited." In addition to exceeding the page limitation, Defendant Springer provided no index or table of contents. Defendant Springer's fifty-one page reply to the United States seven-page response was more than **five times longer than permitted under the local rules**. **Under no stretch of the imagination did Defendant Springer's filings comply with ND LCR 12.1(B)**, which provides that "[a]ll motions and responses thereto must be accompanied by a **concise brief** citing all authorities upon which the movant or respondent relies" (emphasis added). As noted above, **these limitations are more specifically detailed in LCvR 7.2**.

Springer argues the United States has gone absolutely nuts. The theory the United States advances about local rules above is as ridiculous as their theory about the Form 1040 not being required to comply with the Paperwork Reduction

---

Stilley beginning in 2003-2004 time period.  Whether Ms. Nelson and Mr. Horn knew of that is not in dispute.  Whether Ms. Nelson and Mr. Horn kept that information from Mr. Shern is an impossible leap, to the extent Mr. Shern sought subpoena of Mr. Stilley on September 22, 2005, at Ms. Nelson's discretion, leaving a "?" on the blank for "target," and where on December 15, 2005, Douglas Horn seeks permission from Washington D.C. to have a Grand Jury subpoena issued to Stilley as a "target."  Horn's statements to the Department of Justice are beyond perjury and scandalous as he did not tell D.C. he was in an ongoing Grand Jury investigation of Stilley and Springer beginning back in 2004..

Act of 1995 or that internal revenue districts do not affect the venue of a United States District Court regarding the "internal revenue laws" which are only applicable in D.C. or within "internal revenue districts." See 26 CFR 601.101, 601.104, and 601.107.

Federal Rules of Criminal Procedure are like "statutes" and Local Rules of Criminal Procedure are like "regulations." The United States never once addressed Federal Criminal Rule 57 or how the United States theory of "where appropriate" in LCR 1.2 attaches to LCR 12.1. They never identify where any Article III Judge from the Northern Oklahoma Judicial District Court endorsed such a rule.  Equally convincing is that the United States never addressed how the Western Oklahoma Judicial District Court Rules differed drastically from those claimed violated by the United States in this case.

Stephen P. Friot is not a "district judge" acting by or with the "majority" in the Northern Judicial District Court.  He has no authority to change the local rules herein. Those rules are to be approved by a "majority of the district judges" in the Northern Oklahoma District Court. See Fed.R.Cr.Pr. Rule 57(a)(1)  The United States is silent on this as well in their response/motion.

Rule 57(a)(2) was equally not addressed by the United States which says a "rule imposing a requirement of form must not be enforced in a manner that causes a party to lose rights because of an unintentional failure to comply with the requirement."  The United States does not show where the "requirement" was

"imposed" nor can they.

The United States also suggests that if they have not said enough for the Court to rule in their favor then they are asking for more time to respond.  Springer has searched and searched and searched to find any cases or rules ever that afford the United States that kind of procedural right, outside the District of Columbia, to have documents struck at will and obtain unlimited extensions and has been unable to find any Article III Judge properly commissioned and seated to have ever even been asked to rule on such a request let alone grant it.

**2.     Motion to Oppose and Extension should be denied**.

However this Court construes the United States razzle dazzle at Doc. 266, the Motion characteristics of such a filing should be denied.  Why would the United States need more time to respond to a Motion when Springer was not given any time to even respond to its Motion?  They need say no more.  Their argument is clear.  They argue "where appropriate" in LCR1.2 means LCvR7.2 applies to all Motions or other pleadings filed under LCR12.1 in the Clerk's Office for the Northern Oklahoma Judicial District Court.  If they are wrong then their Motion should have been denied and the Order dated December 9, 2009 should be immediately vacated.    If the United States is determined not wrong then whoever makes that determination should state on the record, in a written order that comports with fundamental fairness and due process, addressing Springer's arguments related to Federal Rules of Criminal Procedure 57.  It would be difficult to imagine what the

"abuse of discretion" argument at the Tenth Circuit would be, by the DOJ, to save such offending order, if there is no way for the Tenth Circuit to determine why the order of December 9, 2009 was issued in the first place.

## CONCLUSION

Springer requests the United States' Northern Judicial Court Judge issue an order vacating the order dated December 9, 2009 which struck Springer's Reply (257) and Motion for Judgment of Acquittal (260), deny any extension requests to the United States, and reinstating those docket entries for the reasons in Springer's Motion and Reply herein with direction for the United States to respond or waive within 10 days.

Respectfully Submitted

/s/ Lindsey K. Springer
Lindsey K. Springer
5147 S. Harvard, # 116
Tulsa, Oklahoma 74135
918-748-5539/955-8225(cell)

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Lindsey Kent Springer's Reply to United States' Motion to Oppose, Response, and Motion for More Time in the Alternative, was ecf'd on December 28, 2009, to:

Kenneth P. Snoke,
Charles O'Reilly,
Oscar Stilley

/s/ Lindsey K. Springer
Signature