**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 09-CR-043-SPF** |
| | ) | |
| **LINDSEY KENT SPRINGER,** | ) | |
| **OSCAR AMOS STILLEY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT SPRINGER'S MOTION FOR NEW TRIAL (DOCUMENT NUMBER 262)**

The United States of America, by and through its attorneys, Thomas Scott Woodward, Acting United States Attorney for the Northern District of Oklahoma, and Kenneth P. Snoke, Assistant United States Attorney, and Charles A. O'Reilly, Special Assistant United States Attorney, hereby responds in opposition to Defendant Lindsey Kent Springer's Motion for New Trial (doc. no. 262). Defendant asserts many of the frivolous arguments he and his codefendant raised repeatedly throughout this prosecution, all of which have been properly rejected by the Court. Defendant raises for the first time

in this Court an objection based upon the frivolous contention that neither the prosecution team nor the Internal Revenue Service can operate outside the District of Columbia.

## I. Defendant's Allegations Do Not Warrant a New Trial

On the motion of a defendant, a district court may grant a new trial "if the interests of justice so require." Fed. R. Crim. P. 33(a). Defendant fails to demonstrate that the interests of justice would be served by granting his motion for new trial. To the contrary, Defendant's voluminous filings appear to be nothing more than challenges to the Court and the United States in a transparent attempt to provoke error.

### A. Jury Properly Instructed on Meaning of Gift

Defendant asserts without legal support that the Court's instruction with respect to the definition of gift warrants a new trial. Defendant misleadingly cites *Commisioner v. Duberstein*, 363 U.S. 278, 288 (1960), omitting the end of the sentence that drastically changes the meaning of the phrase Defendant purports to quote. In Defendant's Motion for New Trial, Defendant asserts that the Supreme Court "'specifically' stated 'the trier of fact must be careful not to allow trial of the issue whether the receipt of a specific payment is a gift to turn into a trial of the tax liability.'" Doc. no. 262 at 1-2. Defendant's omission of the remainder of the sentence, without any indication that there is an omission, is reprehensible. The Supreme Court's complete statement on the issue reads as follows:

> Specifically, the trier of fact must be careful not to allow trial of the issue whether the receipt of a specific payment is a gift to turn into a trial of the tax liability, *or of the propriety, as a matter of fiduciary or corporate law, attaching to the conduct of someone else*.

*Id.* (emphasis added to omitted language). Contrary to the implication made by Defendant, in *Duberstein* the Supreme Court held that the fact finder must determine whether the specific payment is income or a gift, stating that "primary weight in this area must be given to the conclusions of the trier of fact." *Id*. at 290, citing *Baker v. Texas & Pacific R. Co.*, 359 U.S. 227 (1959); *Commissioner v. Heininger*, 320 U.S. 467,475 (1943); *United States v. Yellow Cab Co.*, 338 U.S. 338, 341 (1949); *Bogardus v. Commissioner*, 302 U.S. 34, 45 (1937) (dissenting opinion).

The Court properly defined income and gifts in Instructions 18 and 19. As the Fifth Circuit stated with respect to the corresponding jury instruction, "the court's instructions were complete and accurate in all respects." *United States v. Terrell*, 754 F.2d 1139, 1149 (5th Cir. 1985). Finally, contrary to Defendant's assertion that he "timely objected" to the Court's instruction, doc. no. 262 at 2, the United States does not recall any objection to the Court's final instruction. In fact, during Defendant's cross-examination, Defendant acknowledged that he now understood that the funds attributed to him were income, but testified that he believed at the time he received the funds they were gifts. The jury verdict demonstrates the jury disbelieved Defendant's testimony.

**B. Court's Venue Instruction Proper**

Defendant appears to assert that the venue instruction was improper, but then cites and quotes *United States v. Brewer*, 486 F.2d 507, 509 (10th Cir. 1973)[1] for the proposition that "federal income tax returns must, by statute, be filed in the place of legal residence of the taxpayer or at a service center servicing that district." Doc. 262:2. The evidence presented at Defendant's trial established his legal residence was in the Northern District of Oklahoma. Thus, Defendant's own pleading demonstrates that venue is proper. In Section 3237(b) of Title 18, Congress specifically provided that, with respect to the offense of failing to file, venue is appropriate in the judicial district in which the defendant was residing at the time the offense occurred. See also, *United States v. Hicks*, 947 F.2d 1356, 1361 (9th Cir. 1991) ("Failure to file a tax return is an offense either at the defendant's place of residence, or at the collection point where the return should have been filed"); *United States v, Rice*, 659 F.2d 524, 526 (5th Cir. 1981); *see also United States v. Taylor*, 828 F.2d 630, 633 (10th Cir. 1987).

> Under 18 U.S.C. § 3231, federal district courts have exclusive jurisdiction over "all offenses against the United States," including those crimes defined in Title 26 of the United States Code. . . .. The Internal Revenue Code was validly enacted by Congress and is fully enforceable, . . .. Venue is proper in the district of taxpayers' residence (citations omitted).

*United States v. Dawes*, 874 F.2d 746, 750 (10th Cir. 1989), overruled on other grounds.

---

[1] "Ordinarily criminal prosecutions must be brought in the district in which the offense was committed, and federal income tax returns must, by statute, be filed in the place of legal residence of the taxpayer or at a service center serving that district, 26 U.S.C. §6091(b)(1)(A)(i) and (ii), or the principal place of business of the taxpayer."

Nevertheless, Defendant continues to obsess about the lack of Internal Revenue Districts, and has beat this dead horse continuously throughout pretrial proceedings, including Defendants' Motion to Dismiss Grand Jury Indictment for Lack of Venue (doc. nos. 51 and 52). Defendant simply refuses to acknowledge that "[i]n a criminal case, venue is appropriate in each district in which an offense is committed." Title 18, United States Code Section 3237(a). The United States previously addressed Defendant's frivolous position with respect to venue in its Consolidated Response to Defendants' Motions to Dismiss, doc. no. 71, and Sur-Reply to Defendant Springer's Reply Brief, doc. no. 93. The Court properly denied Defendants' motion to dismiss by order dated July 1, 2009. Doc. no. 100.

**C. Court Correctly Instructed that Form 1040 Complied with Paperwork Reduction Act**

Without legal support, Defendant continues to maintain the frivolous position that the Form 1040 fails to comply with the Paperwork Reduction Act. As an initial matter, the Form 1040's compliance or noncompliance with the Paperwork Reduction Act is irrelevant to the crimes of which Defendants were convicted. Defendant attempted to evade federal income taxes, conspired to defraud the Internal Revenue Service and willfully failed to file a tax return. The jury convicted Defendant of those charges.

Nowhere does the Indictment allege that either Defendant willfully failed to file a Form 1040.[2]

The United States previously addressed Defendant's position with respect to the Paperwork Reduction Act in Consolidated Response to Defendants' Motions to Dismiss, doc. no. 71, and Sur-Reply to Defendant Springer's Reply Brief, doc. no. 93. Defendant refuses to acknowledge what the Courts have repeatedly stated, and this Court correctly instructed the trial jury, "the requirement to file a tax return is mandated by statute, not by regulation" and "such explicit statutory requirements are not subject to the PRA." *United States v. Dawes*, 951 F.2d 1189, 1191-92 (10th Cir.1991), quoted in *Springer v. United States*, 447 F.Supp.2d 1235, 1238 (N.D. Okla. 2006).

**D. Trial Jury Properly Drawn**

Defendant also resurrects his frivolous assertion that "[t]he Jury in this case was not drawn according to the Sixth Amendment State and district mandate." Doc. no. 262:6. Defendant fails to demonstrate any problem with the jury pool from which the petit jury was selected.

Defendant's citation to *Test v. United States*, 420 U.S. 28, 30 (1975) is inapposite. In *Test*, the "petitioner was denied an opportunity to inspect the jury lists." *Id*. Pursuant

---

[2] The manner and means section of Count One of the Indictment alleged, and the evidence at trial proved, that "Defendants Springer and Stilley would and did refrain from filing forms with the Internal Revenue Service, including Forms 1040 and 1099." Each Defendant admitted during their trial testimony that they filed no tax returns at any time during the 1990's or 2000's.

to the Court's Order dated October 16, 2009, the Court granted Defendant Springer's Motion to Compel Court to Comply with 28 U.S.C. Section 1867(f) and *Test v. United States*, 420 U.S. 28, 30 (1975), doc. no. 179. Defendant's assertion that "[t]his Court should order a new trial and direct the Clerk to draw the Jury solely from the 24th District encompassing Creek and Okfuskee Counties in the State of Oklahoma" is preposterous and without legal support.[3]

**E. Count One Alleges Conspiracy to Defraud Internal Revenue Service**

Contrary to Defendant's assertion, Count One was not a conspiracy to evade Defendant Springer's taxes. Count One alleged a *Klein*-conspiracy, charging as follows:

> Beginning in or about 2000, and continuing until on or about January 15, 2009, within the Northern District of Oklahoma, and elsewhere, Defendants SPRINGER and STILLEY, and others, both known and unknown to the Grand Jury, unlawfully and knowingly combined, conspired, confederated, and agreed together to defraud the United States by impeding, impairing, obstructing, and defeating the lawful government functions of the Internal Revenue Service, an agency of the United States, in the ascertainment, computation, assessment, and collection of revenue, that is, federal individual income taxes.

Defendant incorrectly asserts that the Court "allowed the Prosecution to argue a variance of the Indictment in Count One, which had a spill over effect to Counts Two through Four, which clearly affected Five and Six, by directing the Prosecution they could argue the items of income in Count One were not limited to Springer but was 'broader'

---

[3] Okfuskee County is not within the Northern Judicial District of Oklahoma. Okfuskee County lies within the Eastern Judicial District of Oklahoma. 28 U.S.C. §116(b).

than Springer's income." Defendant further asserts that "[p]aragraphs 10 through 14 clearly and unmistakably allege the income at issue was Springer's and not Stilley's." Doc. no. 262 at 9-10.

Paragraphs nine through fourteen of Count One alleged the manner and means Defendants used in the conspiracy to defraud the United States. Contrary to Defendant's assertion, paragraph fourteen, which reads "Defendants Springer and Stilley would and did refrain from filing forms with the Internal Revenue Service, including Forms 1040 and 1099," does not "clearly and unmistakably allege the income at issue was Springer's and not Stilley's; there is no reason for Defendant Stilley to file a Form 1040 on behalf of Defendant Springer. The Indictment's language referencing Defendant Stilley's failure to file Forms 1040 clearly and unmistakably alleges conduct independent of Defendant Springer's income.

**F. United States Properly Argued to Jury That Defendant Springer Cheated on Taxes for Nineteen Years**

The United States is puzzled by Defendant's assertion that "[d]uring the Government's case in chief they stated to the jury on more than one occasion Springer cheated on his taxes for 19 years." Doc. no. 262:10. The United States does not recall making that specific statement other than in the rebuttal-phase of closing argument, but will stipulate that Defendant Springer has cheated on his federal income taxes since the late 1980's. As the jury was instructed, argument is not evidence. The evidence presented at trial demonstrated that Defendant Springer is a chronic tax cheat who

willfully violated the Internal Revenue laws as alleged in the indictment, and that he has willfully not filed tax returns since the 1980's.

During Defendant Springer's opening statement, Defendant stated that in 1990 he was an officer of a corporation and that "when bankruptcy occurred, withholding taxes were not able to be paid by the corporation. I was then held, as a corporate officer, personally liable by the IRS." Transcript of October 27, 2009 at 3-4:16-2. Defendant also told the jury during his opening statement that "IRS issues with Lindsey Springer start in 1990 and they come all the way through." Transcript of October 27, 2009 at 9:23-25. In Defendant's direct testimony, he stated that "my problems with the IRS began when I was a corporate officer to One Stop Collision Repair Center. I had no money, but I had connections. And a man with money began a corporation and he and I together tried to make money in 1987." Transcript of November 10, 2009 at 144:15-19. Defendant also admitted that the corporation did not account for, collect and pay over payroll taxes, that he was a corporate officer of the corporation, and that he "could be held liable as a corporate officer under a penalty provision, where they penalize corporate officers for liabilities of the corporation." Transcript of November 10, 2009 at 146:14-17. During Defendant's cross-examination, Defendant admitted not filing tax returns or paying taxes at any point during the 1990's, despite Internal Revenue Service efforts to assess and collect taxes dating back to the early 1990's. This admission was consistent with the testimony of Debra Barham, the Internal Revenue Service Center Representative,

that she could find no records that either defendant filed individual income tax returns since the 1980's.

"The prosecutor is entitled to argue to the jury that it should draw reasonable inferences from the evidence to support the government's theory of the case." *United States v. Dazey*, 403 F.3d 1147, 1170 (10th Cir. 2005), citing *United States v. Espinosa*, 771 F.2d 1382, 1402 (10th Cir. 1985) (holding that the prosecutor at closing argument is free to make fair comment on the evidence and draw reasonable inferences from it). At the end of the United States closing argument, the United States turned to the defendants and stated, "Mr. Springer, Mr. Stilley, you have cheated the IRS for decades, but we have caught you." Transcript of November 13, 2009. Following Defendants' closing arguments, in response to Defendants' assertions that prosecution was brought because of Defendants' advocacy against the Internal Revenue Service, the United States stated, "We're here because Mr. Springer cheated on his taxes and has for the last 19 or more years and specifically the charges in this case are because Mr. Springer cheated on his taxes for the years 2000 through 2005 and Mr. Stilley helped him do it." Transcript of November 13, 2009. This argument, to which neither defendant objected, was fair comment on the evidence presented at trial.

**F. United States District Court Judge Stephen P. Friot Appropriately Presided at Defendants' Trial**

Defendant once again challenges the authority of District Court Judge Stephen P. Friot to conduct the trial of this matter. See doc. no. 30. Title 28, United States Code

Section 292(b) provides that "[t]he chief judge of a circuit may, in the public interest, designate and assign temporarily any district judge of the circuit to hold a district court in any district within the circuit." The United States once again directs Defendant's attention to the Designation of District Judges for Service in Other Districts Within the Tenth Circuit order dated December 30, 2008, signed by the Honorable Robert H. Henry, Chief Judge, United States Court of Appeals for the Tenth Circuit. This order designates and assigns the Honorable District Judge Stephen P. Friot to the Northern District of Oklahoma. See doc. no. 42-2.

By order dated April 22, 2009, the Court granted Defendant Springer's Motion for Clarification of Authority, and directed Defendant Springer to the Tenth Circuit order referenced above that was attached to the United States' Consolidated Response to Defendants' Pretrial Motions. Doc. no. 42. Defendant Springer also cites to Title 4, United States Code Section 72 in support of his motion. However, this statute specifically provides that authority may exist where expressly provided by law. The Honorable District Court Judge Stephen P. Friot's service is expressly provided by law.

**G. Touhy Regulations Comply with Sixth Amendment**

Defendant asserts without any attempt at legal support that "Toughy [sic] regulations, to the extent they trump Springer's right to call valuable witnesses to his defense, violates Springer's Sixth Amendment Rights." Doc. no. 262:14. Defendant asserts that he attempted to have the Court agree to provide the following witnesses in his

defense: IRS Special Agent Donna Meadors; IRS Special Agent Tim Arsenault; Assistant U.S. Attorney Douglas Horn; and former Assistant U.S. Attorney Melody Nelson. However, Defendant makes no showing of any effort to comply with the *Touhy* regulations, nor any showing that the witnesses identified had any relevant testimony that would have been helpful to Defendant.

"Pursuant to 5 U.S.C. § 301, federal agencies may promulgate so-called *Touhy* regulations to govern the conditions and procedures by which their employees may testify about work-related issues at trial." *United States v. Soriano-Jarquin*, 492 F.3d 495, 503 (4th Cir. 2007); *see also, United States ex rel. Touhy v. Ragen*, 340 U.S. 462, 468 (1951).

The party requesting the testimony or documents must comply with authorization procedures. *See United States. v. Allen*, 554 F.2d 398, 406 (10th Cir. 1977) (noting that the defendant made no showing that a request for testimony had been made or approved and granting Government's motion to quash). The party requesting the testimony or documents must define the scope of the request so the agency counsel can assess whether the disclosure is proper or lawful. *Id.*

With respect to the Internal Revenue Service, the *Touhy* regulations are found at 26 C.F.R. §§ 301.9000-1 - 301.9000-7.  Employees of the Department of Justice are covered under 28 C.F.R. §§ 16.21-.29.  Defendant cannot claim surprise regarding the regulations, having previously been advised of the need to comply with *Touhy* regulations prior to the *Franks* hearing on July 2, 2009.  In the United States' Motion to Quash

Subpoenas, doc. no. 94, filed June 30, 2009, the United States informed Defendants of the requirements to serve subpoenas upon employees, and former employees, of the United States Department of Justice and the Internal Revenue Service. Defendant's willful defiance of the rules does not warrant a new trial.

**H. United States Attorney Authorized to Practice in the Northern District of Oklahoma**

Defendant presents what appears to be a wholly original defense in his motion for a new trial, asserting that neither the "Prosecution Team" nor the Internal Revenue Service Special Agent were authorized to act "outside the District of Columbia." Doc. no. 262:15. Defendant's assertion is frivolous to the point of absurdity.

Defendant cites to Title 4, United States Code Section 72, which provides, "All offices attached to the seat of government shall be exercised in the District of Columbia, and not elsewhere, except as otherwise expressly provided by law." Unfortunately for Defendant, there is no support for his position that this statute prevents the Internal Revenue Service or the United States Attorney for the Northern District of Oklahoma from operating outside the District of Columbia.

"[T]he Secretary of the Treasury and the Commissioner of Internal Revenue have the authority to delegate tax collecting power to local IRS officers and employees throughout the country."*Hughes v. United States*, 953 F.2d 531, 542-43 ( 9th Cir. 1992). With respect to the Office of the United States Attorney, "United States Attorneys get their authority directly from Congress, not by delegation from the Attorney General.

Congress has conferred express authority on United States Attorneys by law." *Thomas v. I.N.S.*, 35 F.3d 1332, 1338 (9th Cir. 1994). Title 28, United States Code Section 547 provides, in relevant part, "[e]xcept as otherwise provided by law, each United States attorney, within his district, shall . . . (1) prosecute for all offenses against the United States." Thus, the authority of both the Internal Revenue Service Special Agent and the prosecution team to operate in the Northern District of Oklahoma are expressly provided by law.

**II. Conclusion**

For the foregoing reasons, and the reasons previously articulated in other pleadings in this case, Defendant's Motion for New Trial should be denied.

Respectfully submitted,

THOMAS SCOTT WOODWARD
ACTING UNITED STATES ATTORNEY

*/s/ Charles A. O'Reilly*

CHARLES A. O'REILLY, CBA NO. 160980
Special Assistant U.S. Attorney
KENNETH P. SNOKE, OBA NO. 8437
Assistant United States Attorney
110 West Seventh Street, Suite 300
Tulsa, Oklahoma 74119
(918) 382-2700

**CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of January, 2010, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Lindsey Kent Springer
Defendant

Oscar Amos Stilley
Defendant

Robert Williams
Standby Counsel assigned to Lindsey Kent Springer

Charles Robert Burton, IV
Standby Counsel assigned to Oscar Amos Stilley.

*/s/ Charles A. O'Reilly*
Special Assistant U.S. Attorney