IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA

        Plaintiff,

                        Case No. 09-CR-043-SPF

v.

LINDSEY KENT SPRINGER,
OSCAR AMOS STILLEY

        Defendants

BRIEF IN  SUPPORT OF MOTION TO DISMISS COUNT ONE FOR LACK OF
ARTICLE III SUBJECT MATTER JURISDICTION, ARTICLE III JURISDICTION
OF THE FACTS AND ARTICLE III VENUE

Table of Contents

I.      QUESTIONS PRESENTED IN ADDITIONS TO ISSUES BELOW . . . . . . . . . . . . . . 1

II.    COUNT ONE'S ALLEGATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    A.     Conduct alleged in Count One  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

III.   COUNT ONE FAILS TO ALLEGE AN OFFENSE . . . . . . . . . . . . . . . . . . . . . . . . . 2

IV.   DISTRICT COURT LACKS SUBJECT MATTER JURISDICTION, JURISDICTION OF THE
       FACTS, AND VENUE AND COUNT ONE SHOULD BE DISMISSED . . . . . . . . . . 4

    A.     The Internal Revenue Service is not an "agency" of the United States
          established by law, as that term appears at Title 18, United States
          Code, Section 371, and Count One fails to allege an offense under the
          laws of the United States . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

         i.     Internal Revenue Service is not an "office" that can be
                exercised outside of the District of Columbia under Title 4,
                Section 72 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

B.      There is no function to be exercised by the Internal Revenue Service to ascertain, compute, assess, or collect taxes at issue as alleged in Count One, and Count One fails to allege an offense under the laws of the United States . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

        (i)      Collection Function delegated only to District Director . . . . 11

        (ii)     Assessment Function delegated only to district director and director of regional service center over internal revenue district . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

        (iii)    No Director of Regional Service Center exists over internal revenue district since 2000 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

C.      The Internal Revenue Service is not an agency of the United States nor authorized by law to perform the four functions listed in Count One, and they are not, and Count One fails to allege an offense under the laws of the United States . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

D.      The functions alleged in Count One are not to be administered or enforced within the United States' Northern Oklahoma Judicial District boundaries, and therefore Count One fails to allege an offense under the laws of the United States . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

E.      The position of "district director" under Title 26, United States Code, Section 7621, 26 CFR 301.7621-1 (2000-2009), and 26 CFR 301.7701-10 (2000-2009) encompassing the State of Oklahoma and this Court's Judicial boundaries under Title 28, United States Code, Section 116(a), do not legally exist, and the  functions listed in Count One alleged to have been impeded are only lawfully delegated to a "district director," resulting in causing Count One to fail to allege an offense under the laws of the United States . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

V.      COUNT ONE FAILS TO ALLEGE AN OBJECT TO IMPEDE LAWFUL FUNCTIONS OF ANY AGENCY ESTABLISHED BY LAW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

A.      Springer used Stilley's Iolta Account regarding income, assets and personal expenses implicates nor impedes any lawful functions .  17

B.      Springer use of Stilley's credit card for personal expenses could never

impede any lawful function . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

C.    Springer and Stilley use of cashier's checks, cash, money orders and other means to avoid creating usual records of financial transactions to conceal Springer's income implicates nor impedes any lawful functions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

D.    Springer and Stilley misrepresented the source and nature of Springer's income to "Internal Revenue Service employees," the Grand Jury and Department of Justice implicates nor impedes any lawful function 19

E.    Springer and Stilley's refraining from filing forms with the Internal Revenue Service, including Form 1040 and 1099 implicates nor impedes any lawful functions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

VI.    MOTION TO DISMISS AS TIMELY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

VII.    Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

## Table of Authority

Cases

*Allnutt v. C.I.R.*, 523 F.3d 406, 414 (fn. 1) (4th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . 16

*Cameron v. I.R.S.*, 593 F. Supp. 1540, 1549 (1984)(NDIn) . . . . . . . . . . . . . . . . . . . . . 5

*Dennis v. United States*, 384 U.S. 855, 861 (1966) . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Donaldson v. United States*, 400 U.S. 517, 534 (1971) . . . . . . . . . . . . . . . . . . . . . . . 9,21

*Glasser v. United States*, 315 U.S. 60, 66 (1942) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Garner v. United States*, 424 U.S. 648, 651 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Haas v. Henkel*, 216 U.S. 462, 479 (1910) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Hammerschmidt v. United States*, 265 U.S. 182, 188 (1924) . . . . . . . . . . . . . . . . . 13

*Hale v. Henkel*, 201 U.S. 43, 61 (1906) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Head v. Hunter*, 141 F.2d 449, 451 (10th Cir. 1944) . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Hughes v. U.S.*, 953 F.2d 531, 542 (9th Cir. 1992) . . . . . . . . . . . . . . . . . . . 6,7,11,16,22

*Jeppsen v. CIR*, 128 F.3d 1410 (10th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Johnston v. United States*, 351 U.S. 215, 220 (1956) . . . . . . . . . . . . . . . . . . . . . . . . 22

*McNally v. United States*, 483 U.S. 350, 361 (1987) . . . . . . . . . . . . . . . . . . . . . . . . 13

*Nixon v. Sirica*, 159 U.S. App. D.C. 58, 70, n. 54, 487 F.2d 700, 712, n. 54 (1973) . 20

*Perlmutter v. CIR*, 44 T.C. 382, 398 (1965) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Rine v. Imagitas*, Inc., 08-14880 (11th Cir. 12-21-2009) . . . . . . . . . . . . . . . . . . . . . 11

*Stirone v. United States*, 361 U.S. 212, 218 (1960) . . . . . . . . . . . . . . . . . . . . . . . . . 20

*United Statse v. Anderson*, 319 F.3d 1218, 1220-1221 (10th Cir. 2003) . . . . . . . . . . 4

*United States v. Brewer*, 486 F.2d 507, 509 (10th Cir. 1973) . . . . . . . . . . . . . . . . . 13

*United States v. Chanen*, 549 F.2d 1306, 1312 (CA9 1977) . . . . . . . . . . . . . . . . . . 20

*United States v. Collins*, 920 F.2d 619,630 (10th Cir. 1990) . . . . . . . . . . . . . . . . . . . 6

*United States v. Crum*, 288 F.3d 332, 334 (7th Cir. 2002) . . . . . . . . . . . . . . . . . . . . 6

*United States v. Central Bank of Denver*, 843 F.2d 1300, 1311 (fn.1)(10th. 1988) 10

*United States v. Euge*, 444 U.S. 707, 716 (1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*United States v. Gorman*, 393 F.2d 209, 214 (7th Cir. 1968) . . . . . . . . . . . . . . . . . 16

*United States v. Gricco*, 277 F.3d 339, 348 (3d Cir. 2002) . . . . . . . . . . . . . . . . . . . 13

*United States v. LaSalle National Bank*, 437 U.S. 298, 308 (1978) . . . . . . . . . . . . . 9

*United States v. Martin,* 147 F.3d 529, 532 (7th Cir. 1998) . . . . . . . . . . . . . . . . . . 23

*United States v. Prentiss,* 206 F.3d 960, 981 (10th Cir. 2000) . . . . . . . . . . . . . . . . . 23

*United States v. Sinks*, 473 F.3d 1315, 1321 (10th Cir. 2007) . . . . . . . . . . . . . . . . . 23

*United States v. Taylor*, 828 F.2d 630, 634 (10th Cir. 1987) . . . . . . . . . . . . . . . . . 13

*United States v. Thompson*, 518 F.3d 832, 870, (fn. 13) . . . . . . . . . . . . . . . . . . . 4

*United States v. Williams*, 504 U.S. 36, 47 (1992) . . . . . . . . . . . . . . . . . . . . . . . . 20

*Young v. IRS*, 596 F. Supp. 141, 147 (1984)(NDIn) . . . . . . . . . . . . . . . . . . . . . . . 5

Statutes

    Title 4, United States Code, Section 72 . . . . . . . . . . . . . . . . . . . 2,6,7,14,19,22

    Title 5, United States Code, Section 101 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    Title 18, United States Code,  Section 371 . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    Title 18, United States Code,  Section 3231 . . . . . . . . . . . . . . . . . . . . . . . . . 4

    Title 18, United States Code,  Section 3237 . . . . . . . . . . . . . . . . . . . . . . . . . 4

    Title 26, United States Code,  Section 6020 . . . . . . . . . . . . . . . . . . . . . . . . 1,8

    Title 26, United States Code, Section 6071 . . . . . . . . . . . . . . . . . . . . . . . . . 2

    Title 26, United States Code, Section 6091 . . . . . . . . . . . . . . . . . . . . . . . 12,13

    Title 26, United States Code, Section 6201 . . . . . . . . . . . . . . . . . . . . . . . . . 9

    Title 26, United States Code, Section 6301 . . . . . . . . . . . . . . . . . . . . . . . . 1,7,9

    Title 26, United States Code,  Section 6702 . . . . . . . . . . . . . . . . . . . . . . . . . 2

    Title 26, United States Code, Section 7601 . . . . . . . . . . . . . . . . . . . . . . . . . 9

    Title 26, United States Code,  Section 7621 . . . . . . . . . . . . . . . . . . 3,6,15,16

    Title 26, United States Code,  Section 7701(a)(11) . . . . . . . . . . . . . . . . . . 10

    Title 26, United States Code, Section 7801 . . . . . . . . . . . . . . . . . . . . . . . . 6,9

Title 26, United States Code,  Section 7803 . . . . . . . . . . . . . . . . . . . . . . . . 6,10

Title 26, United States Code,  Section 7804 . . . . . . . . . . . . . . . . . . . . . . . . 6,21

Title 28, United States Code,  Section 116(a) . . . . . . . . . . . . . . . . . . . 3,12,14

Title 31, United States Code, Section 301 . . . . . . . . . . . . . . . . . . . . . . . . . . 5,9

Regulations

26 CFR 301.6301-1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1,11

26 CFR 601.101 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1,2,5,7,11,20,21

26 CFR 601.104 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

26 CFR 601.107 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9,21

26 CFR 301.7621-1 (2000-2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3,15

26 CFR 301.7701-9 (2000-2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3,15,16

26 CFR 301.7701-10 (2000-2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . 3,15,16

26 CFR 301.6201-1(2000-2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Misc.

Internal Revenue Bulletin 2007-36 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Restructuring and Reform Act of 1998, Public Law 105–206 (RRA 1998) . 12

G. Edwards, The Grand Jury 28-32 (1906) . . . . . . . . . . . . . . . . . . . . . . . . 19

Rules.

Fed.R.Civ.P. 12(b)(3)    23

BRIEF IN SUPPORT OF MOTION TO DISMISS COUNT ONE

I.      QUESTIONS PRESENTED IN ADDITION TO ISSUES BELOW

1.      Does this Court lack subject matter jurisdiction, jurisdiction of the facts and venue, over the claims in Count One because of the absence of an internal revenue district and district director established by law that encompasses or interacts with  the United States' Northern Oklahoma Judicial District boundaries and the residence of Springer as the accused? The answer is YES!

2.      If yes, should Count One be dismissed for failure to allege an offense against the laws of the United States under this Court's Article III original subject matter jurisdiction?  The answer is YES!

II.     COUNT ONE'S ALLEGATIONS

        A.      Conduct alleged in Count One

        Count One alleges violation of Title 18, Section 371 in that Springer entered

into an agreement to defraud the United States by impeding one of its agencies,

the Internal Revenue Service,[1] and its **lawful functions** of the computation,

ascertainment, assessment and collection of income taxes.[2]

---

        [1]United States Code, in relevant part provides: "The Internal Revenue Service **is a bureau** of the Department of the Treasury under the immediate direction of the Commissioner of Internal Revenue. The Commissioner has general superintendence of the **assessment** and **collection** of all taxes imposed by any law providing internal revenue. The Internal Revenue Service is **the agency** by which these *functions* are performed. **Within an internal revenue district** the internal revenue laws are administered **by a district director** of internal revenue...."

        [2]The Tax Collection function begins with Title 26, Section 6301 and is promulgated to the District Director by the Secretary at 26 CFR 301.6301-1.  26 CFR 601.104 entitled "Collection functions" states that (a)(1) "Generally, an internal revenue tax assessment is based upon a return **required by law or regulations** to be filed by the taxpayer upon which the taxpayer computes the tax in the manner indicated by the return."   This regulation goes on to say that "If a taxpayer fails to make a return it may be made for the taxpayer by a district

-1-

Springer can find no authority given by Congress to the Secretary to "compute" or "ascertain" specifically anything involving internal revenue laws. Equally, Springer can find no regulations employing the terms computation or ascertainment anywhere implementing any internal revenue law enacted by Congress to the Secretary as a "function."[3]

There is also no provision of law creating any agency named the "Internal Revenue Service" that would qualify under Title 4, Section 72.

In any event, 26 CFR 601.101(2000-2009) places all administration and enforcement of "the **assessment** and **collection**" of all taxes imposed by any law providing internal revenue" "***functions***" to be performed **within "**an internal revenue district, and to be administered **by a district director** of internal revenue."

III.    COUNT ONE FAILS TO ALLEGE AN OFFENSE

Count One alleges an agreement to impede the lawful functions of the Internal Revenue Service.   Count One further alleges that Springer and Stilley entered into an agreement to impede four functions lawfully delegated to the Internal Revenue Service.   These functions are listed as "ascertainment,

───────────────────────

director or other duly authorized officer or employee. See section 6020 of the Code and the regulations thereunder."  And finally, this regulation requires that all "Returns **must be made on the forms prescribed by the Internal Revenue Service**. Forms are obtainable at the principal and branch offices of district directors of internal revenue."

[3]Title 26, United States Code, Section 6702 provides a civil penalty for **filing** a return that does not contain information on which "the substantial correctness of the self assessment may be judged."

computation, assessment, and collection" of income taxes of Springer.

The Internal Revenue Service is not an "agency" of the United States established by Congress and Count One fails to allege an offense under the laws of the United States.

The functions of ascertaining, computing, assessing or collecting are not functions of the Internal Revenue Service and Count One fails to allege an offense under the laws of the United States

The Internal Revenue Service is not an agency of the United States nor authorized by law to perform the four functions listed in Count One, and thus Count One fails to allege an offense under the laws of the United States.

The functions alleged in Count One are not administered or enforced within the United States' Northern Oklahoma Judicial District boundaries, and Count One fails to allege an offense under the laws of the United States.

The position of "district director" under Title 26, United States Code, Section 7621, 26 CFR 301.7621-1 (2000-2009), and 26 CFR 301.7701-10 (2000-2009) encompassing the State of Oklahoma and this Court's Judicial boundaries under Title 28, United States Code, Section 116(a), does not legally exist, and therefore the functions listed in Count One alleged to have been impeded only being lawfully delegated to a "district director," Count One fails to allege an offense under the laws of the United States.

IV.  DISTRICT COURT LACKS SUBJECT MATTER JURISDICTION, JURISDICTION OF THE FACTS, AND VENUE UNDER ARTICLE III.

The genius of the United States' Northern Oklahoma Judicial Court having Title 18, Section 3231, subject matter jurisdiction, jurisdiction of the facts, and venue over Count One, is found in whether or not Count One alleges an offense against the laws of the United States said to have been committed within the United States' Northern Oklahoma Judicial District Court's jurisdiction.[4] Count one does not allege any such offense.

It is quite clear to Springer that Congress' ability to assert punishment power alleged in Count One hinges exclusively upon the identity of "internal revenue districts." Such legislative district must be encompassing the Counties that are identified in Title 28, Section 116(a) and that neither such internal revenue district exists or existed, spanning the time period of Count One. See Doc. 71, pg. 4 Nor is there any "district director" holding such administrative office created by the Secretary within any place encompassing the United States' Northern Oklahoma Judicial District Court boundaries the United States can identify established by law.

---

[4]At times the United States has argued venue is proper under Title 18, United States Code, Section 3237, citing Counts One through Four are "continuing offenses." See Doc. 71, pg. 3 A tax evasion offense is not "complete" and "the statute of limitations does not begin running until the affirmative acts are complete." *U.S. v. Anderson*, 319 F.3d 1218, 1220-1221 (10th Cir. 2003); see also *U.S. v. Thompson*, 518 F.3d 832, 870, (fn. 13) (10th Cir. 2008) There is no way for a conspiracy to defraud the "lawful functions of the Internal Revenue Service" or "attempt" to "defeat" a tax imposed offense to have began without each element being completed or committed. Section 3237(a) says offenses "begun in one district and completed in another...may be inquired of and prosecuted in any district in which such offense begun, continued, or completed.

This is the only way that the place for both trial and power to impose punishment could be placed by Congress within the United States' Northern Oklahoma Judicial District Court as to Count One.

A.    The Internal Revenue Service is not an "agency" of the United States established by law, as that term appears at Title 18, United States Code, Section 371, and Count One fails to allege an offense under the laws of the United States.

The "Internal Revenue Service" is not an agency created by Congress but rather pursuant to "legislative grant of authority, the Secretary of the Treasury created the IRS. 26 C.F.R. § 601.101." *Young v. IRS*, 596 F. Supp. 141, 147 (1984)(NDIn); see *Cameron v. I.R.S.*, 593 F. Supp. 1540, 1549 (1984)(NDIn)  The phrase "Internal Revenue Service" appears in Count One at paragraph 6, 7, 9, 13, 14 and 15.  The "Internal Revenue Service" is the "agency" the Grand Jury alleges was the target of the alleged conspiracy in Count One of Springer and Stilley.

26 CFR 601.101 (2000-2009) is the only place the Secretary or his delegate can be said to have created the Internal Revenue Service :

"The Internal Revenue Service is a bureau of the Department of the Treasury under the immediate direction of the Commissioner of Internal Revenue. The Commissioner has general superintendence of the assessment and collection of all taxes imposed by any law providing internal revenue. The Internal Revenue Service **is the agency** by which these **_functions_** are performed. **Within an internal revenue district** the internal revenue laws are administered **by a district director** of internal revenue...."

The Secretary of Treasury is created at Title 31, § 301 and in place in the "seat of government."  "The executive departments are listed at 5 U.S.C. § 101, and that

list includes only the 'Department of the Treasury.' 31 U.S.C. § 301 introduces a subchapter dealing with the organization of the 'Department of the Treasury.' Subsection (a) says that the Department of the Treasury is an executive department, and (b) says that it is headed by the Secretary of the Treasury." *United States v. Crum*, 288 F.3d 332, 334 (7th Cir. 2002)

It is clear "that the Secretary of the Treasury has full authority to administer and enforce the Internal Revenue Code, 26 U.S.C. § 7801, and has the power to create an agency to administer and enforce the laws. *See* 26 U.S.C. § 7803(a).[5] Pursuant to this legislative grant of authority, the Secretary of the Treasury created the IRS. 26 C.F.R. § 601.101." *Young v. IRS*, 596 F. Supp. 141, 147 (1984)(NDIn); see *Cameron v. I.R.S.*, 593 F. Supp. 1540, 1549 (1984)(NDIn); See also *United States v. Collins*, 920 F.2d 619,630 (10th Cir. 1990) citing *Cameron* as to certain authorities. Title 4, Section 72 provides however:

> "[a]ll offices attached to the seat of governments shall be exercised in the District of Columbia, and **not elsewhere**, except as otherwise expressly **provided by law**."

*Hughes v. U.S.*, 953 F.2d 531, 542 (9th Cir. 1992)

"This section [4 U.S.C. § 72] does not foreclose the exercise of authority by the IRS outside the District of Columbia. The **President is authorized** to establish **internal revenue districts for the purpose of administering the internal revenue laws**, and

---

[5]Someone moved the wording of Section 7803(a) to its current location of 7804(a).

these districts can be created outside of Washington, D.C. *See 26 U.S.C. § 7621.*" Id.

Under *Hughes*, the 9th Circuit explained how the power flows from the Secretary:

> 26 U.S.C. § 6301 provides that "[t]he Secretary shall collect the taxes imposed by the internal revenue laws." The actual task of collecting the taxes, however, has been delegated to local **IRS directors**. "The taxes imposed by the internal revenue laws shall be collected by **district directors** of internal revenue." 26 C.F.R. § 301.6301-1. **District directors** in turn **are authorized to redelegate** the levy power to lower level officials such as collection officers. See IRS Delegation Order 191. The delegation of authority down the chain of command, from the Secretary, to the Commissioner of Internal Revenue, to local IRS[6] employees constitutes a valid delegation by the Secretary to the Commissioner, and a redelegation by the Commissioner to the delegated officers and employees. See 26 C.F.R. § 301.7701-9.

*Hughes v. United States*, 953 F.2d 536

> ### i. Internal Revenue Service is not an "office" that can be exercised outside of the District of Columbia under Title 4, Section 72

To the extent the purported agency "Internal Revenue Service" attaches to the seat of Government then said agency is not authorized by any federal law to be exercised outside the District of Columbia. No law established the Internal Revenue Service as any "agency."

The only way the office of the Secretary of the Treasury can be exercised outside of the District of Columbia is if expressly provided by law. The Secretary, at 26 CFR 601.101 purportedly created an "agency" called "Internal Revenue Service" and directed all internal revenue laws be administered and enforced by a district

---

[6]District director. Executive Order 12866 defines Agency at Title 44, § 3512. Agency is any "Executive Department." IRS is not an executive department.

director of a specific internal revenue districts.   Congress did not established by law the Internal Revenue Service. The United States admits internal revenue districts do not exist and have not existed since at least 2000.  See Doc. 71, pg. 4.

At best the "Internal Revenue Service" is an agency created by the Secretary of the Treasury.  Congress has not created an office called "Internal Revenue Service" that can be "exercised" outside of the District of Columbia.  The Internal Revenue Service cannot exists outside of the District of Columbia except as established by law.  There exists no law enacted by Congress creating such an agency that can be exercised outside the District of Columbia.

The Internal Revenue Service is not an "agency" for purpose of Title 18, Section 371 alleged internal revenue lawful function offenses outside the District of Columbia as it is not established by Congress.

B.      There is no function to be exercised by the Internal Revenue Service to ascertain, compute, assess, or collect taxes at issue as alleged in Count One, and Count One fails to allege an offense under the laws of the United States

_____The Functions of ascertaining, computing, assessing and collection income taxes has not been delegated or redelegated to the "Internal Revenue Service." Title 26, United States Code, Section 6020(b) authorizes the **Secretary** to "make such return from his own knowledge and from such information as he can obtain through testimony or otherwise."  *Garner v. United States*, 424 U.S. 648, 651 (1976)[7]  The

statutory framework imposes on the Secretary of the Treasury, and "officers and employees" **as his designate**, a broad duty to enforce the tax laws. 26 U.S.C. § 7601(a). Congress has legislated that the Secretary is "required to make the inquiries, determinations, and assessments of all taxes . . . **imposed by this title**. . . ." 26 U.S.C. § 6201 (a). Under § 6301 the Secretary "shall collect the taxes imposed by the internal revenue laws." *United States v. Euge*, 444 U.S. 707, 716 (1980)[8]

Section 7601 places authority in the Secretary to "cause officers and employees of the Treasury Department to proceed, from time to time, through each **internal revenue district** and inquire after and concerning all persons therein <u>who may be liable to pay any internal revenue tax</u>....or....any objects with respect to which any **tax is imposed**." *United States v. LaSalle National Bank*, 437 U.S. 298, 308 (1978)  The Secretary of the Treasury has established "**district** offices, each with an audit division and a criminal division."[9] *Donaldson v. United States*, 400 U.S. 517, 534 (1971) See also 26 CFR § 601.107(2000-2009) This was prior to year 2000.

There is no question but that the Secretary of Treasury is authorized to administer and enforce the internal revenue laws in the District of Columbia.  See Title 26, United States Code, Section 7801 and Title 31, United States Code, Section

---

[8]In *United States v. Euge*, 444 U.S. 707, 710 (fn.3) (1980) the Supreme Court explained the  Responsibility for administration and enforcement of the revenue laws is vested in the **Secretary of the Treasury**. 26 U.S.C. § 7801 (a). For the purposes of the opinion in Euge, they referred to the authority and responsibilities of the Secretary and the Service interchangeably.

[9]See 26 CFR 601.107 (2000-2009)

301. There is no question that the Secretary can delegate certain authority by the inclusion of the term "Secretary" from Congress in certain provisions of the internal revenue laws by regulations. *Jeppsen v. CIR*, 128 F.3d 1410 (10th Cir. 1997) The term "Secretary" means the Secretary of the Treasury or his delegate. 26 U.S.C. § 7701(a)(11)(B). *United States v. Central Bank of Denver*, 843 F.2d 1300, 1311 (fn.1)(10th Cir. 1988)

The "Internal Revenue Service" does not have any "lawful functions" to perform either in the District of Columbia or elsewhere, including the State of Oklahoma directed by Congress of the United States. The Internal Revenue Service is not a delegate of the Secretary of the Treasury. The Internal Revenue Service exercises no power surrendered to the United States by the Constitution. There is no department head of the Internal Revenue Service other than most notably, the Secretary of the Treasury, since he is the officer that created the Internal Revenue Service by regulation. Springer submits that the Commissioner of Internal Revenue is created at Title 26, United States Code, Section 7803(a)(1)(1998), but that office is in the Department of Treasury under the direct supervision of the Secretary of Treasury and located in the District of Columbia only.

The functions alleged by the Grand Jury that were the object of the allege conspiracy to defraud the Internal Revenue Service is the purported lawful function of the Internal Revenue Service's computation, ascertainment, assessment and collection of income taxes of Springer. These functions are clearly not delegated

to any "Internal Revenue Service" but rather are specifically delegated only to "district directors" of "internal revenue districts." "Function" is defined as "the action for which a person or thing is specially fitted, used, or responsible or for which a thing exists; the activity appropriate to the nature or position of a person or thing." *Webster's Third New International Dictionary* 920 (3d ed. 1966)." *Rine v. Imagitas, Inc.*, 08-14880 (11th Cir. 12-21-2009)

(i)     Collection Function delegated only to District Director

"The **taxes imposed** by the internal revenue laws shall be collected by **district directors** of internal revenue." 26 C.F.R. § 301.6301-1. *Hughes v. United States*, 953 F.2d 536 (9th Cir. 1992) See also 26 CFR 601.101 (2000-2009) (*functions* performed **within an internal revenue district and** internal revenue laws are administered **by a district director** of internal revenue).

(ii)     Assessment Function delegated only to district director and director of regional service center over internal revenue district

26 CFR 301.6201-1 (2000-2009) states the Secretary delegated that the "district director is authorized and required to make all inquiries necessary to the determination and assessment of **all taxes imposed** by the Internal Revenue Code of 1954 or any prior internal revenue law. The district director is further authorized and required, and the director of the regional service center is authorized, to make the

**determinations**[10] and the assessments of such taxes."

        (iii)    No district director or Director of Regional Service Center exists over internal revenue district since 2000.

There is no "district director" nor director of a regional service center without internal revenue districts previously established by law any where within Title 28, United States Code, Section 116(a) boundaries. The Secretary has not, by regulation, identified which regional service center services which internal revenue districts as there are no internal revenue districts to be serviced. See Doc. 71, pg. 4. See also Internal Revenue Bulletin 2007-36, published in the federal register by the Secretary dated September 4, 2007, page 536 ("The offices of the district director and Special Procedures were eliminated by the IRS reorganization implemented pursuant to the IRS Restructuring and Reform Act of 1998, Public Law 105–206 (RRA 1998), creating uncertainty as to the timeliness of notices and requests under these provisions.") See **_Exhibit_** 1, pg. 536

Title 26, United States Code, Section 6091(b)(1)(A) generally provides that returns for individuals shall be **made to the Secretary**: (i) **in the internal revenue district** in which is located the legal residence or principal place of business of the person making the return, or (ii) **at a service center serving the internal revenue district referred to in clause (i)**, as the Secretary may by regulations designate."

---

[10]At best ascertainment and computation mean determination under Treasury Regulations.

Ordinarily criminal prosecutions "**must** be brought in the district in which the offense was committed, and federal income tax returns must, by statute, **be filed** in the place of legal residence of the taxpayer or at a **service center** serving that district, 26 U.S.C. § 6091 (b) (1) (A) (i) and (ii), or the principal place of business of the taxpayer." *United States v. Brewer*, 486 F.2d 507, 509 (10th Cir. 1973) "This is essential to establish jurisdiction and venue." Id. The federal statute and regulations lay down the rule as a matter of federal law..." *U.S. v. Taylor*, 828 F.2d 630, 634 (10th Cir. 1987)

Impeding the IRS function must be the conspiracy's objects, and not merely a foreseeable consequence or collateral effect. *United States v. Gricco*, 277 F.3d 339, 348 (3d Cir. 2002). It is enough if the acts[11] charged frustrate the administration of a statute or "impair or impede a governmental function." *Head v. Hunter*, 141 F.2d 449, 451 (10th Cir. 1944)

The fraud covered by the statute "reaches `any conspiracy for the purpose of impairing, obstructing or defeating the lawful function of any department of Government.'" *Dennis v. United States*, 384 U.S. 855, 861 (1966), quoting *Haas v. Henkel*, 216 U.S. 462, 479 (1910); see also *Glasser v. United States*, 315 U.S. 60, 66 (1942); *Hammerschmidt v. United States*, 265 U.S. 182, 188 (1924) *Hammerschmidt* indicates that while "[t]o conspire to defraud the United States means .........to interfere with or obstruct one of its lawful governmental functions[12] by deceit, craft

---

[11]By acts meaning object of the conspiracy.

[12]Count One alleges the impede a "lawful function" theory.

or trickery, or at least by means that are dishonest." 265 U.S., at 188. *McNally v. United States*, 483 U.S. 350, 361 (1987)

Without any "internal revenue district" or "district director" to administer and enforce the internal revenue laws there can be no lawful function capable of being impeded, impaired, obstructed or defeated, by the alleged acts explaining the object in Count One within the boundaries of Title 28, United States Code, Section 116(a). Count One fails to allege an offense within this Court's subject matter jurisdiction. No one can conspire to impede the Internal Revenue Service functions.

      C.     The Internal Revenue Service is not an agency of the United States nor authorized by law to perform the four functions listed in Count One, and they are not, and Count One fails to allege an offense under the laws of the United States.

As demonstrated above more fully, the "Internal Revenue Service" is not a delegate of the Secretary of the Treasury. It is at best an administrative agency or name referring to a group of people who are employed under the Secretary of Treasury in the Department of Treasury in D.C. The Internal Revenue Service does not qualify to be "established by law" under Title 4, United States Code, Section 72.

The functions of ascertainment, computation, assessment or collection, are each not delegated to the Internal Revenue Service by Congress nor are they each delegated to the Internal Revenue Service by the Secretary of Treasury. As demonstrated above it is the district director's delegated function to determine, assess, and collect internal revenue taxes, and neither that office or internal revenue districts have legally existed since the year 2000. See Doc. 71, pg. 4

Count One fails to allege an offense involving any "agency" and its "lawful functions" being defrauded as neither IRS or the functions legally exist outside D.C.

D.   The functions alleged in Count One are not to be administered or enforced within the United States' Northern Oklahoma Judicial District boundaries, and therefore Count One fails to allege an offense under the laws of the United States.

There is no doubt that all internal revenue laws are to only be administered and enforced by internal revenue district directors outside the District of Columbia through internal revenue districts. There are no functions capable of being administered and enforce absent internal revenue districts and district directors encompassing the State of Oklahoma and this Court's judicial district.

Count One fails to allege an offense capable of being committed with any district court of the United States as there are no internal revenue laws administered or enforced within the State of Oklahoma absent any internal revenue district or district director.

E.   The position of "district director" under Title 26, United States Code, Section 7621, 26 CFR 301.7621-1 (2000-2009), and 26 CFR 301.7701-10 (2000-2009) encompassing the State of Oklahoma and this Court's Judicial boundaries under Title 28, United States Code, Section 116(a), do not legally exist, and the functions listed in Count One alleged to have been impeded are only lawfully delegated to a "district director," resulting in causing Count One failing to allege an offense under the laws of the United States

There can be no doubt the alleged "object" is "impeding, impairing, obstructing and defeating the lawful functions of the Internal Revenue Service, an

agency of the United States..."  Doc. 2 paragraph 9

The position of district director was eliminated prior to 2000, encompassing the State of Oklahoma, rendering any function assigned to be administered or enforced impossible.  See ***Exhibit 1***, page 536 There can be no district director if no internal revenue district exists encompassing the boundaries of the State of Oklahoma.  In *Allnutt v. C.I.R.*, 523 F.3d 406, 414 (fn. 1) (4th Cir. 2008) the Fourth Circuit found the "District Director's Office, now **defunct**,..."  Black's Law, Sixth Edition defines "defunct" as "having ceased to exist; no longer operative..."

Title 26, United States Code, Section 7621(a) reads in relevant part: "The President shall establish convenient internal revenue districts for the purpose of administering the internal revenue laws. The President may from time to time alter such districts." Section 7621(b) reads in relevant part: "Boundaries-For the purpose mentioned in subsection (a), the President may subdivide any State, or the District of Columbia, or may unite into one district two or more States." *Hughes v. U.S.*, 953 F.2d 531, 542 (9th Cir. 1992); see also *United States v. Gorman*, 393 F.2d 209, 214 (7th Cir. 1968)

26 CFR 301.7701-10 "the term 'district director' means the district director of internal revenue for an internal revenue district. The term also includes the Director of International Operations." *Perlmutter v. CIR*, 44 T.C. 382, 398 (1965)

Count One, without an internal revenue district or district director encompassing the State of Oklahoma and the place of Springer lives, this judicial

district Court lacks Article III subject matter jurisdiction as no offense is alleged.

V.     COUNT ONE FAILS TO ALLEGE AN OBJECT TO IMPEDE LAWFUL FUNCTIONS OF
       ANY "AGENCY" UNDER SECTION 371

The Manner and Means alleging the "object" of the single conspiracy is (a)
Springer used Stilley's Iolta Account regarding income, assets and personal
expenses, (b) Springer used Stilley's credit card for personal expenses, (c) Springer
and Stilley used cashier's checks, cash, money orders and other means to avoid
creating usual records of financial transactions to conceal Springer's income, (d)
Springer and Stilley misrepresented the source and nature of Springer's income to
"Internal Revenue Service employees," "the Grand Jury" and "Department of
Justice", (e) Springer and Stilley did refrain from filing forms with the Internal Revenue
Service, including Form 1040 and 1099. See Doc. 1, paragraph 10,11,12,13 and 14.

A.     Springer used Stilley's Iolta Account regarding income, assets and
       personal expenses implicates nor impedes any lawful functions

There is no allegation Springer ever spoke to the Secretary of the Treasury or
his proper delegate. There is not a single function given to the Internal Revenue
Service that the United States or Grand Jury can identify where Springer being
connected with transactions deriving from Stilley's Iolta Account could ever
impede, impair, obstruct or defeat. Even if district directors existed from 2003
through 2005,[13] outside the District of Columbia, and they most certainly did not,

_____

[13]The time period of alleged use of the Iolta Account. See Doc. 2,
Paragraph 18-34, 36-38

there is no function lawfully delegated to the district director to be performed outside the District of Columbia.  There is no function involved that would implicate use of Stilley's Iolta Account regarding income, assets and personal expenses of Springer. With no internal revenue district or district director, the function of determine, collection or assessment, are not existing and could not be impeded by what is alleged in paragraph 10.

Use of Stilley's Iolta Account in no way could have impeded any lawful function of the district director as a delegate of the Secretary of Treasury outside the District of Columbia, or in the United States Northern Oklahoma Judicial District from 2000 to 2009, because there is no district director function to be performed therein.

B.     Springer use of Stilley's credit card for personal expenses could never impede any lawful function.

There is no allegation Springer ever spoke to the Secretary of the Treasury or his delegate. The term personal expenses in paragraph 11 would appear to implicate the same "function" as paragraph 10's personal expenses alleged.  There is no such  "function" that the use of a credit card,  as to paragraph 11, would implicate involving the year 2003, 2004 and 2005.  Furthermore, with no internal revenue district or district director, the function of determining, collecting or assessing, are not existing and could not be impeded by what is alleged in paragraph 11.     Use of Stilley's credit card in no way could have impeded any lawful function of the district director as a delegate of the Secretary of Treasury

outside the District of Columbia from 2000 to 2009.

     C.     Springer and Stilley use of cashier's checks, cash, money orders and other means to avoid creating usual records of financial transactions to conceal Springer's income implicates nor impedes any lawful functions

This claim is too vague to begin with. There is no allegation Springer ever spoke to the Secretary of the Treasury or his delegate. Paragraph 12's use of transaction devices, which are certainly mainstream, in no way could have impeded any lawful function of the district director, as a delegate of the Secretary of Treasury, outside the District of Columbia. In this allegation it is the "who" Springer's income was "concealed" from that brings this point home. Presuming ascertainment and computation mean "determine," that or those functions must be enumerated to the hands of the Secretary of Treasury and then he must delegate that or those functions to someone outside the District of Columbia in an office "established by law." Title 4, United States Code, Section 72. See Part IV above.

There is no such office established by law outside the District of Columbia and no person to perform such function. Use of cashier's checks, cash, money orders and other means in no way could have impeded any lawful function of the district director as a delegate of the Secretary of Treasury outside the District of Columbia from 2000 to 2009. The money at issue was not contraband.

     D.     Springer and Stilley misrepresented the source and nature of Springer's income to "Internal Revenue Service employees," the Grand Jury and Department of Justice implicates nor impedes any lawful functions

The indictment does not name the Internal Revenue Service employees or Department of Justice persons to which paragraph 13 alleges were misrepresented both as to the "source and nature" of Springer's income. There is no allegation Springer ever spoke to the Secretary of the Treasury or any proper delegate. The Secretary of the Treasury has no delegation from a Grand Jury.

A Grand Jury has no lawful functions under anyone's imagination alleged in Count One's theory. "It has not been textually assigned, therefore, to any of the branches described in the first three Articles." *United States v. Williams*, 504 U.S. 36, 47 (1992) It "'`is a constitutional fixture in its own right.'" *United States v. Chanen*, 549 F.2d 1306, 1312 (CA9 1977) (quoting *Nixon v. Sirica*, 159 U.S. App. D.C. 58, 70, n. 54, 487 F.2d 700, 712, n. 54 (1973)), cert. denied, 434 U.S. 825 (1977). In fact, the whole theory of its function is that it belongs to no branch of the institutional Government, serving as a kind of buffer or referee between the Government and the people. See *Stirone v. United States*, 361 U.S. 212, 218 (1960); *Hale v. Henkel*, 201 U.S. 43, 61 (1906); G. Edwards, The Grand Jury 28-32 (1906).

The Department of Justice equally is not any part of the Internal Revenue Service. Count One alleges the Internal Revenue Service is the "agency" and not the "Department of Justice."

Lastly, the Internal Revenue Service is not an agency established by law as that term is meant at Title 4, Section 72. At best, it is an "agency" established under and by the Secretary of the Treasury pursuant to 26 CFR 601.101 and his Title 26,

United States Code, Section 7804(a)(1998) persons.[14]   This regulation requires a district director and an internal revenue district under Title 26, United States Code, Section 7621, legally encompassing the State of Oklahoma in which Springer lives for any "internal revenue law," for any year, including any theory, to then be capable of being "administered" or enforced.  The IRS means nothing without District Directors and Internal Revenue Districts.

The Internal Revenue Service does not have any "employees."  The Secretary of the Treasury may have employees paid by the U.S. Treasury working for him.  The Commissioner of Internal Revenue may have employees paid by the U.S. Treasury working for him.  These though are Department of Treasury employees and in D.C.

There are no employees delegated by the Secretary of the Treasury in the District of Columbia that are authorized to exercise that office in the State of Oklahoma.  Special Agents in the criminal investigation part can only be delegated by the district director under 26 CFR 601.107 and under no other authority. *Donaldson v. United States*, 400 U.S. 517, 534 (1971)  Title 26, United States Code, Section 7804 provides "administration and enforcement of the internal revenue laws" by the Commission or Internal Revenue, in the District of Columbia.  Outside the District of Columbia it is the district directors pursuant 26 CFR 601.101(2000-2009).

---

[14]Section 7804(a) begins "Unless otherwise prescribed by the Secretary, the Commissioner of Internal Revenue is authorized to employ such number of persons, as the Commissioner deems proper for the administration and enforcement of the internal revenue laws, and the Commissioner shall issue all necessary directions, instructions, orders, and rules applicable to such persons."

Equally, there is not one of the functions listed in paragraph 9 of the indictment that were assigned to any person by the district director for years 2000 to present to any person encompassing the State of Oklahoma by the Department of Treasury. Not one! There is no law establishing any office for the "Internal Revenue Service" to act outside of the District of Columbia, including within the State of Oklahoma during the time period alleged in Count One.

There legally exists no Internal Revenue Service employees, as a matter of law, either in the District of Columbia or within the State of Oklahoma after 2000.

There is no lawful function that can be or is implicated or impeded by any alleged statements made to any purported "Internal Revenue Service employees," as none exist by law, within the State of Oklahoma, and the Grand Jury and Department of Justice implicates nor impedes any lawful functions of any authorized person.

E.    Springer and Stilley's refraining from filing forms with the Internal Revenue Service, including Form 1040 and 1099 implicates nor impedes any lawful functions

There is no requirement in any internal revenue law that Springer file either Form 1040 or 1099 with the "Internal Revenue Service." Neither Section 1, 61,63,6011,6012,6071,6091,6151 or 7203, fix the place for performance at the "Internal Revenue Service." See *Johnston v. United States*, 351 U.S. 215, 220 (1956) There is no law establishing the "Internal Revenue Service" within or outside of the District of Columbia allowed by Title 4, Section 72 to do anything in the State of Oklahoma.

-22-

See *Hughes v. U.S.*, 953 F.2d 531, 536, 542 (9th Cir. 1992)(only through internal revenue districts can Secretary exercise his office outside the District of Columbia).

There are no internal revenue districts encompassing the State of Oklahoma and the emphasis on paragraph 14 is the "filing." Failing to file forms 1040 or 1099 do not implicate nor impede any lawful functions of any agency established by law.

VI.     MOTION TO DISMISS AS TIMELY.

Springer claims his motion challenging subject matter jurisdiction can be raised at any time. "[a] court may not adjudicate a criminal prosecution without subject matter jurisdiction is beyond doubt." *United States v. Prentiss,* 206 F.3d 960, 981 (10th Cir. 2000). See *United States v. Martin,* 147 F.3d 529, 532 (7th Cir. 1998)(describing "jurisdictional" in the sense that it affects a court's subject matter jurisdiction, *i.e.,* a court's constitutional or statutory power to adjudicate a case. . . .". *Prentiss*, 982

Following *Prentiss*, Rule 12(b) was amended. Currently, Rule 12(b) provides that "at any time while the case is pending, the court may hear a claim that the indictment . . . fails . . . to state an offense." Fed.R.Cr..P. 12(b)(3). *U.S. v. Sinks*, 473 F.3d 1315, 1321 (10th Cir. 2007)

VII.    CONCLUSION

Lindsey Kent Springer respectfully requests this United States' Northern Oklahoma Judicial District Court under its Article III enumerated power dismiss Count One of the grand jury indictment for lack of Article III subject matter jurisdiction, lack of Article III jurisdiction of the facts, and Article III venue.

Respectfully Submitted

/s/ Lindsey K. Springer

Lindsey K. Springer

5147 S. Harvard, # 116

Tulsa, Oklahoma 74135

918-748-5539/955-8225(cell)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Lindsey Kent Springer's Memorandum in Support of Motion to Dismiss Count One for lack of Article III subject matter jurisdiction, lack of Article III jurisdiction of the facts and lack of Article III Venue, with attachment, was ecf'd on January 20, 2010 to:

Kenneth P. Snoke,
Charles O'Reilly,
Oscar Stilley

/s/ Lindsey K. Springer
Signature