IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA

        Plaintiff,

                            Case No. 09-CR-043-SPF

v.

LINDSEY KENT SPRINGER,
OSCAR AMOS STILLEY

        Defendants

BRIEF IN  SUPPORT OF MOTION TO DISMISS COUNT TWO, THREE, FOUR, FIVE AND SIX FOR LACK OF ARTICLE III SUBJECT MATTER JURISDICTION  AND ARTICLE III JURISDICTION OF THE FACTS AND VENUE

Table of Contents

I.     THE ALLEGATIONS OF INTERNAL REVENUE SERVICE, UNITED STATES OF AMERICA AND PROPER OFFICER FAIL TO ALLEGE AN OFFENSE DEPRIVING THIS COURT OF SUBJECT MATTER JURISDICTION, JURISDICTION OF THE FACTS AND VENUE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.    JURISDICTION AND VENUE OBJECTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

      A.     Conduct alleged in Count Two, Three and Four . . . . . . . . . . . . . . . 5

      B.     Conduct Alleged in Count Five and Six . . . . . . . . . . . . . . . . . . . . . . 7

III.   COUNT TWO, THREE AND FOUR FAILS TO ALLEGE AN OFFENSE . . . . . . . . 12

      A.     Tax not imposed on compensation for services by any proper officer of the United States of America upon Springer by the Secretary . 12

IV.   COUNT FIVE AND SIX FAILS TO ALLEGE AN OFFENSE . . . . . . . . . . . . . . . . 19

V.    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

-i-

Table of Authorities                                    page #

Cases

*Armour Packing Co. v. United States*, 209 U.S. 56, 82 (1908) . . . . . . . . . . . . . . . 14

*Brushaber v. Union Pacific R.R.*, 240 U.S. 1, 17-19, 36 S.Ct. 236, 241-42, 60 L.Ed. 493 (1916) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Cameron v. I.R.S.*, 593 F. Supp. 1540, 1549 (1984)(NDln) . . . . . . . . . . . . . . . . . . . . . 1

*Cottage Sav. Ass'n v. Comm'r*, 499 U.S. 554, 560-61, 111 S.Ct. 1503, 113 L.Ed.2d 589 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Cox v. C.I.R., 514 F.3d 1119, 1125 (10th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . 15

*Emmons v. CIR*, 92 T.C. 342, 346 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*General Dynamics Land Systems, Inc.* v. *Cline*, 540 U. S. 581, 596 (2004) . . . . . . . 5

*Hibbs  v. Winn*, 542 U.S. 88, 100 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Holywell Corp. v. Smith*, 503 U.S. 47, 52 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Johnston v. United States*, 351 U.S. 215, 220 (1956) . . . . . . . . . . . . . . . . . . . . . . . . 9

*Laing v. United States*, 423 U. S. 161, 170, n. 13 (1976) . . . . . . . . . . . . . . . . . . . . . . 5

*McGraw v. Barnhart*, 450 F.3d 493, 498 (10th Cir. 2006) . . . . . . . . . . . . . . . . . . . . 15

*Scanlon White, Inc. v. C.I.R.*, 472 F.3d 1173, 1175 (10th Cir. 2006) . . . . . . . . . . . . 15

*Stamos v. CIR*, 95 T.C. 624, 638 (fn. 24) (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Sundance Assoc, Inc. v. Reno*, 139 F.3d 804, 809 (10th Cir. 1998) . . . . . . . . . . . . 15

*United States v. Anderson*, 319 F.3d 1218, 1220-1221 (10th Cir. 2003) . . . . . . . . . . 3

(Authorities con't)                                                                    page #

*United States v. Brewer*, 486 F.2d 507, 509 (10th Cir. 1973) . . . . . . . . . . . . . . . . . .  9

*United States v. Farr*, 536 F.3d 1174, 1177 (10th Cir. 2008) . . . . . . . . . . . . . . . . . .  4

*United States v. Gorman*, 393 F.2d 209, 214 (7th Cir. 1968) . . . . . . . . . . . . . . . .  10

*United States v. Smith*, 918 F.2d 1551, 1557 (11th Cir. 1990) . . . . . . . . . . . . . . .  11

*United States v. Stillhammer*, 706 F.2d 1072, 1077 (10th Cir. 1983) . . . . . . . . . . .  15

*United States v. Taylor*, 828 F.2d 630, 634 (10th Cir. 1987) . . . . . . . . . . . . . . . . . .  9

*United States v. Thompson*, 518 F.3d 832, 870, (fn. 13)  . . . . . . . . . . . . . . . . . . . . .  3

*Winnett v. CIR*, 96 T.C. 802, 807 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

*Young v. IRS*, 596 F. Supp. 141, 147 (1984)(NDIn) . . . . . . . . . . . . . . . . . . . . . . . . .  1

Statutes

      Title 4, United States Code, Section 71 . . . . . . . . . . . . . . . . . . . . . . . . . . . .  20

      Title 4, United States Code, Section 72 . . . . . . . . . . . . . . . . . . . . . . . . . . . .  20

      Title 18, United States Code,  Section 3231  . . . . . . . . . . . . . . . . . . . . . . . . .  2

      Title 18, United States Code,  Section 3237  . . . . . . . . . . . . . . . . . . . . . . . . .  3

      Title 26, United States Code,  Section 11(1939) . . . . . . . . . . . . . . . . . . . . 14,18

      Title 26, United States Code,  Section 1(1954) . . . . . . . . . . . . . . . . . . . . . 12,17

      Title 26, United States Code,  Section 61  . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

(Statutes Con't)                                                page #

Title 26, United States Code, Section 6001 . . . . . . . . . . . . . . . . . . . . . . . . 6,17

Title 26, United States Code, Section 6011 . . . . . . . . . . . . . . . . . . . . . . . . 6,17

Title 26, United States Code,  Section 6012 . . . . . . . . . . . . . . . . . . . 6,7,12,17

Title 26, United States Code, Section 6071 . . . . . . . . . . . . . . . . . . . . . . . . 12

Title 26, United States Code, Section 6091 . . . . . . . . . . . . . . . . . . . . . . . 2,7,18

Title 26, United States Code, Section 6151 . . . . . . . . . . . . . . . . . . . . . . . 14,18

Title 26, United States Code, Section 6201 . . . . . . . . . . . . . . . . . . . . . . . . . 5

Title 26, United States Code, Section 6203 . . . . . . . . . . . . . . . . . . . . . . . . . 5

Title 26, United States Code, Section 6215 . . . . . . . . . . . . . . . . . . . . . . . . . 5

Title 26, United States Code,  Section 7201 . . . . . . . . . . . . . . . . . . . . . 4,12,18

Title 26, United States Code,  Section 7203 . . . . . . . . . . . . . . . . . . . . . 6,19,20

Title 26, United States Code,  Section 7701(a)(11) . . . . . . . . . . . . . . . . . . . 5

Title 26, United States Code,  Section 7621 . . . . . . . . . . . . . . . . . . . . . . . . 10

Title 26, United States Code, Section 7851 . . . . . . . . . . . . . . . . . . . . . . . . 10

Title 26, United States Code,  Section 7803 . . . . . . . . . . . . . . . . . . . . . . . . 20

Title 26, United States Code,  Section 7805 . . . . . . . . . . . . . . . . . . . . . . . . . 2

Title 28, United States Code,  Section 116(a) . . . . . . . . . . . . . . . . . . . . . . . . 3

(Statutes Con't)                                                          page #

    Title 31, United States Code, Section 301 . . . . . . . . . . . . . . . . . . . . . . . . . . .  20

    Title 44, United States Code, Section 3502 . . . . . . . . . . . . . . . . . . . . . . . 8,20

Regulations

    26 CFR 1.1-1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  17

    26 CFR 1.6011-1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

    26 CFR 1.6091-2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

    26 CFR 1.6151-1(2000-2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  14

    26 CFR 601.101 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1,13,18,19,20

    26 CFR 601.107 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

    26 CFR 601.601 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

    26 CFR 301.6201-1 (2000-2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  13

    26 CFR 301.6203-1 (2000-2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

CONSTITUTION

    Article I, Section 8, Clause 1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  14

    Article I, Section 9 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  15

Misc.

    Senate Report No. 1625, 89th Cong., 2nd Sess. (1966) . . . . . . . . . . . . . . .  11

    Federal Rules Criminal Procedure 12(b)(3)(B) . . . . . . . . . . . . . . . . . . . . . 20,21

I.  THE ALLEGATIONS OF INTERNAL REVENUE SERVICE, UNITED STATES OF AMERICA AND PROPER OFFICER FAIL TO ALLEGE AN OFFENSE DEPRIVING THIS COURT OF SUBJECT MATTER JURISDICTION, JURISDICTION OF THE FACTS AND VENUE

The "Internal Revenue Service" is not an agency created by Congress but rather pursuant to "legislative grant of authority, the Secretary of the Treasury created the IRS. 26 C.F.R. § 601.101." *Young v. IRS*, 596 F. Supp. 141, 147 (1984)(NDIn); see *Cameron v. I.R.S.*, 593 F. Supp. 1540, 1549 (1984)(NDIn)  The phrase "Internal Revenue Service" appears in several places in each Count at issue herein.   The "Internal Revenue Service" is the "agency" the Grand Jury alleges was the central target of the alleged conspiracy in Count One of Springer and Stilley.

At 26 CFR 601.101(2000-2009) Congress place all administration and enforcement of "the **assessment** and **collection**" of all taxes imposed by any law providing internal revenue" "***functions***" to be performed **within** "an internal revenue district, and to be administered **by a district director** of internal revenue."

Count Two, Three and Four, allege the phrase "United States of America" as being owed taxes by Springer for 2000, 2003 and 2005, the phrase "required by law" relative to being allegedly required to file a return and pay a tax, the phrase "Internal Revenue Service" "employees" relating to alleged statements made by Springer, and that Springer concealed from "all 'proper officers' of the 'United

States of America' Springer's true and correct income." See Doc. 2, paragraphs 40,41,42,43,44 and 45.[1]

Count Five and Six allege Springer was required to make a U.S. Individual Income Tax Return to the "Internal Revenue Service Center in Austin Texas," and to a person assigned to receive returns at the "local office of the Internal Revenue Service in Tulsa, Oklahoma, and to "another Internal Revenue Service office permitted by the Commissioner of Internal Revenue." Doc. 2, paragraph 46,47,48 and 49.[2] Springer challenges reliance upon 26 CFR 1.6091-2 as playing any role or part of the alleged requirement to file a Form 1040 for any year at issue as this regulation either does not apply to the returns alleged and at issue or the regulation exceeds the delegation of authority by the Secretary to promulgate regulations either under Title 26, United State Code, Section 7805, or pursuant to his grant of certain authority provided at Title 26, United States Code, Section 6091.

II.    JURISDICTION AND VENUE OBJECTION

The genius of the United States' Northern Oklahoma Judicial Court having Title 18, Section 3231 jurisdiction and venue over Count Two, Three, Four, Five and Six, is found in whether or not Count Two, Three, Four, Five and Six, allege offenses against

---

[1]Paragraphs 40,42 and 44 reallege paragraphs 1 through 7 and in 6 and 7 the Internal Revenue Service is mentioned twice.

[2]Paragraph 46 and 48 reallege paragraphs 1,2,5 and 6, and paragraph 6 relies upon the phrase "Internal Revenue Service."

the laws of the United States said to have been committed within the United States'

Northern Oklahoma Judicial District Court's jurisdiction.[3]   It is quite clear to Springer

that Congress' ability to assert punishment power alleged in each Count hinges

exclusively upon the identity of "internal revenue districts." Such district must be

encompassing the Counties that are identified in Title 28, Section 116(a) and that

neither such district exists or existed, spanning the time period of each Count. Nor

is their any "district director" holding such office created by the Secretary within any

---

[3]At times the purported Attorney General Appointment(s) have argued
venue is proper under Title 18, United States Code, Section 3237, citing Counts
One through Four are "continuing offenses."  See Doc. 71, pg. 3   A tax evasion
offense is not "complete" and "the statute of limitations does not begin running
until the affirmative acts are complete." *U.S. v. Anderson*, 319 F.3d 1218, 1220-
1221 (10th Cir. 2003); see also *U.S. v. Thompson*, 518 F.3d 832, 870, (fn. 13) (10th
Cir. 2008) There is no way for an attempted evasion of a tax imposed offense to
begin without each element being complete.  Section 3237(a) says offenses
"begun in one district and completed in another...may be inquired of and
prosecuted in any district in which such offense begun, continued, or
completed."  Just asking where the "attempted tax evasion offense" began
should end the continuing offense theory argued in Doc. 71, pg. 3.  The
"offence" can only begin where the "attempt" is first made. If not, the United
State should explain where the offense in Counts Two, Three and Four "began".
An alleged tax evasion offense regarding the "tax imposed" side of section 7201
cannot be a continuing offense.

What "assessment" or tax imposed or levied does the alleged attempts in
Counts Two, Three and Four, intend to impede or defeat?   The policy of the
Department of Justice seems to have merged a theory of "self assessment" by
"mandate by statute" with an "assessment" Congress gave to the Secretary
who gave to the Commissioner who delegated to district directors to perform.

Committing other affirmative acts after the alleged first act is found to
have been committed could be acts relied upon for statute of limitations issues
but there is no offense begun until each element can be said to have been
committed.  See Article III, Section 2, Clause 3 and the Sixth Amendment ("trial
of all crimes")(not the trial of a single element of an alleged offense)

place encompassing the United States' Northern Oklahoma Judicial District.

This is the only way that the place for both trial and power to impose punishment could ever be within the United States' Northern Oklahoma Judicial District Court as to each of these Counts designated by Congress.

There are three types of conduct alleged in the indictment. Count One is addressed separately in a Motion to Dismiss filed simultaneously herewith.

A.     Conduct alleged in Count Two, Three and Four

Count Two, Three and Four, allege Springer attempted to evade or defeat "individual income tax due and owing by him to the 'United States of America'" for "calender" years 2000, 2003 and 2005. Each Count finishes with "conceal and attempt to conceal from all proper officers[4] of the United States of America his true and correct income." Section 7201 states the attempt must be to evade or defeat the "tax imposed by this title." The theory is properly construed as regarding the internal revenue code's assessment functions directed to the Secretary. There are

---

[4]Congress has never used the phrase "proper officer" in any provision of or in Title 26. Section 7201 certainly does not mention such phrase. Section 7201, "a generic tax evasion provision providing that [a]ny person who willfully attempts in any manner to evade or defeat **any tax imposed by this title** or the **payment thereof** shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined not more than $100,000 ($500,000 in the case of a corporation), or imprisoned not more than 5 years, or both, together with the costs of prosecution." See *United States v. Farr*, 536 F.3d 1174, 1177 (10th Cir. 2008)

two types of assessments.  Voluntary assessments[5] and those accomplished according to Title 26, United States Code, Sections 6201,[6] 6202, 6203[7] and 6215.

---

[5]26 CFR 601.107(2000-2009) provides in relevant part: "Each **district** has a Criminal Investigation **function** whose mission is to encourage and achieve the **highest possible degree of voluntary compliance** with the internal revenue laws."

[6]26 CFR 301.6201-1(2000-2009) the "**district director** is authorized and required to make all inquiries necessary to the determination and assessment of all taxes imposed by the Internal Revenue Code of 1954 or any prior internal revenue law. The **district director** is further authorized and required, and the director of the regional service center is authorized, to make the determinations and the assessments of such taxes."

[7]As used in Title 26, "the term 'assessment' involves a 'recording' of the amount the tax-payer owes the Government.  26 U.S.C. § 6203. " *Hibbs v. Winn*, 542 U.S. 88, 100 (2004)  The 'assessment is 'essentially a bookkeeping notation.' *Laing* v. *United States*, 423 U. S. 161, 170, n. 13 (1976). Section 6201(a) of the IRC authorizes the **Secretary of the Treasury** 'to make . . . assessments of all taxes . . . imposed by this title.'" *Hibbs*, supra   Title 26, Section 7701(a)(11) defines "Secretary of the Treasury" to mean "the Secretary of the Treasury personally and shall not include any delegate of his."

"An assessment is made 'by recording the liability of the taxpayer in the office of the Secretary **in accordance with rules or regulations prescribed by the Secretary**.' § 6203.  Section 301.6203-1 of the Treasury Regulations states that an assessment is accomplished by the 'assessment officer signing the summary record of assessment,' which, 'through supporting records,' provides 'identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of the assessment." **26 CFR § 301.6203-1 (2003)**.

The Supreme Court said not to focus on the word "assessment" in isolation, however. *Hibbs v. Winn*, 542 U.S. at 100  Instead, they follow "the cardinal rule that statutory language must be read in context [since] a phrase gathers meaning from the words around it." *General Dynamics Land Systems, Inc*. v. *Cline*, 540 U. S. 581, 596 (2004) (internal quotation marks omitted). In "tax law generally, an assessment is closely tied to the collection of a tax, *i. e.*, the assessment is the official recording of liability that triggers levy and collection efforts. Hibbs, supra   The rule against superfluities complements the principle that courts are to interpret the words of a statute in context. See 2A N. Singer,

26 CFR § 601.601 (2000-2009) **"Rules and regulations"** states "Internal revenue rules take various forms. The **most important** rules are issued as **regulations and Treasury decisions** prescribed by the Commissioner and approved by the Secretary or his delegate. Other rules may be issued over the signature of the Commissioner or the signature of any other official to whom authority has been delegated." See also *Stamos v. CIR*, 95 T.C. 624, 638 (fn. 24) (1990) (delegating to **district director** under TD. 6118)[8]

B.      Conduct Alleged in Count Five and Six

Count Five and Six are for willful failure to file U.S. individual income tax returns Form 1040 for the calender year 2002 and 2004.   Section 7203 provides a misdemeanor for anyone to willfully fail to **file** a "return" required by "this title" or by "regulation" thereunder.  Statement is more accurate to describe the purported act.

The requirement to **file**[9] a return "required by" Title 26,[10] United States Code,

_____

Statutes and Statutory Construction § 46.06, pp. 181-186 (rev. 6th ed. 2000) ("A statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant. . . ." (footnotes omitted)). A tax becomes due and owing when it is assessed and recorded in the office of the Secretary.

[8]Under the 1939 Code, the district director was formally known as "Collector of Internal Revenue" and under Section 3650 the President was authorized to establish up to 65 collection districts.

[9]The United States routinely argues that the requirement of Springer to file a return derives from Title 26, United States Code, Section 6012 and that this is their "mandate by statute, not by regulation" theory they so proudly march.  A clear reading of Section 6012 refers to the term "make" and does not rely upon or include the term "file" a return.   Equally, Section 6012 does not require any

involving "income tax returns" begins and ends at Section 6091. The "general and longstanding rule is that for purposes of determining the commencement of the limitations period on assessments, a return is considered **filed when delivered**. *Emmons v. CIR,* 92 T.C. 342, 346 (1989), affd. 898 F.2d 50 (5th Cir. 1990). See *Winnett v. CIR*, 96 T.C. 802, 807 (1991)

"Section 6091 (b)(1)(A) generally provides that returns for individuals shall be **made to the Secretary**: (i) **in the internal revenue district** in which is located the legal

---

"payment" of any tax, identify any type of return form, explain what is required to be reported, identify any time period to make such return, or identify what triggers the need to "make" such as the "exemption amount."

Tax deficiency is determined when the tax is to be levied. A voluntary assessment date of April 15 does not establish a tax liability especially when no return is voluntarily filed on that date. Springer cannot attempt to defeat an "assessment" if he is the person to make the assessment. Failure to file cannot be an affirmative act of attempted tax evasion. Yet, that is exactly what was accomplished in the claims of Counts Two, Three and Four. If a return was omitted and the "deficiency" is said to have been "owed" and "due," if not for the omission, then any act alleging the "attempt" only affected failure to voluntarily assess and not any "assessment" to be made by the Secretary.

Another point to be made is in Executive Order 12866 of September 30, 1993--Regulatory Planning and Review the President defines "Agency" to mean an agency under Title 44, Section 3502(1) at section 3(12)(b). The current definition of "Agency" under the 1995 Paperwork Reduction Act is "Executive Department" or "independent regulatory agency." See Section 3502(1995) The Internal Revenue Service is neither.

[10]The United States has routinely and unmistakably advanced a theory that not a single regulation is involved in their theory of each Count of the Grand Jury Indictment. That admission alone should have been sufficient for dismissal of each count of the indictment. There is no way that Title 26 could require anything of Springer to do anything or not do anything without the substantive regulations implementing such provisions. The mere mentioning of the phrase "Internal Revenue Service" systemically follows with "regulation" as the Internal Revenue Service is a creature of the Secretary of the Treasury only.

residence or principal place of business of the person making the return, or (ii) **at a service center serving the internal revenue district referred to in clause (i)**, as the Secretary may by regulations designate "26 U.S.C.A. § 6091(b)(1)(A) for persons other than corporations...prescribes the place of filing as 'in the internal revenue district in which is located the legal residence or principal place of business of the person making the return. . . .' The **federal statute and regulations** lay down the rule as a matter of federal law.."[11]*United States v. Taylor*, 828 F.2d 630, 634 (10th Cir. 1987)

Ordinarily criminal prosecutions "**must** be brought in the district[12] in which the offense was committed, and federal income tax returns must, by statute, **be filed** in the place of legal residence of the taxpayer or at a service center serving that **district,**[13] 26 U.S.C. § 6091 (b) (1) (A) (i) and (ii), or the principal place of business of the taxpayer." *United States v. Brewer*, 486 F.2d 507, 509 (10th Cir. 1973) "This is essential to establish jurisdiction and venue." Id. In order for a "judicial district" to

---

[11]The "regulation" part applies to the Secretary picking which service center is over or to receive from which internal revenue district certain returns if the selection was to voluntarily "mail" information. Without "regulations" there would be no Internal Revenue Service period!

[12]This can only mean the "district" where the "said crime" is alleged to have been committed. Without a determination of the specific "internal revenue district" and district director's legal location there can never be a determination of any judicial district.

[13]Internal Revenue District and not Judicial District. Congress has never directed a taxpayer file a return according to the boundary of any location identified by its judicial district boundaries. See Title 26, United States Code, Section 7621 as opposed to Title 28, United States Code, Section 116(a).

be determined the "offense" must be determined first.[14]  Under Title 26, Section 7621,

the term "internal revenue district" means a subdivision of a State or two or more

States into one district.

The Seventh Circuit in *United States v. Gorman*, 393 F.2d 209, 213-214 (7th Cir.

1968), considered the question that there were no internal revenue districts as a

result of the elimination of the 1939 act when the 1954 act was enacted.  *Gorman*,

however, failed to follow the statutory trail from 26 U.S.C. Sec. 7621 to 26 U.S.C. Sec.

7851(b) which stated that the effect of the repeal of the 1939 Code did not abolish,

terminate or otherwise change any internal revenue district.

*Gorman* does describe that individuals are required to file individual income

tax returns in the internal revenue district of their legal residence or place of business.

*Id*.  *Gorman* went on to describe that there were two internal revenue districts

created under the 1939 Act, (11 F.R. 177A, p.28), one of which was where Chicago

and Oak Park (residence and place of business of *Gorman*) were located, and that

those locations were then in the Northern Judicial District of Illinois, giving that Court

_____

[14]In *Johnston v. United States*, 351 U.S. 215, 220 (1956) the Supreme Court
held that the general rule is "where the crime charged is a failure to do a legally
required act, the place fixed for its performance fixes the situs of the crime."  The
venue of trial is thereby predetermined, but those provisions do not furnish
guidance for determination of the place of the crime. That place is determined
**by the acts of the accused that violate a statute**. This requirement of venue
states the public policy that fixes the situs of the trial in the vicinge of the crime
rather than the residence of the accused. Cf. *United States v. Anderson*, 328 U.S.
699, 705. "A variation from that rule for convenience of the prosecution or the
accused is not justified."  Id

venue and subject matter jurisdiction to hear the case. The Court went on to state that "[t]o hold otherwise would mean that no one could be prosecuted for failure to file tax returns anywhere in the United States. Congress intended no such ludicrous result". *Id.*

Here, however, Congress did not intend for the Secretary to abolish the internal revenue districts, the district directors, or the directors of the regional service centers over the internal revenue districts.

The Senate Report No. 1625, 89th Cong., 2nd Sess. (1966), reprinted in U.S.Code Cong. & Ad.News 3676, 3680-81, reports as follows:

> "Present law provides that the willful failure to file a tax return is a misdemeanor. For purposes of determining where a prosecution of this offense is to occur, present case law holds that the venue is to be in the **judicial district in which the return was required to be filed**. Under the bill, taxpayers are required to file returns in either of **two judicial districts in the majority of cases**. If they choose to mail their return, <u>regulations</u> may require that they be filed in the judicial district **in which their service center is located**. If they choose to file their return in person, by hand-carrying, they are required to file it **at their district director's office**. In most cases, the service center and the **district office** will be located **in different judicial districts**. Since venue for a willful failure to file prosecution lies in <u>**either district**</u>, the Government under the bill could bring the prosecution in either district. (footnote omitted)."

This then takes the claims against Springer to require the prosecution establish jurisdiction "that an offense has occurred in the trial district." *United States v. Smith*, 918 F.2d 1551, 1557 (11th Cir. 1990).

To determine whether Count Five and Six allege an offense in the United States' Northern Oklahoma Judicial District, the Court must make a determination

as to the presence of one of two places to be within its Judicial District.

The First is location of the "district director's office" and the second is the location of the "regional service center" over the "internal revenue district." As will soon be clearly undisputable, neither an office of a district director exists within the United States' Northern Oklahoma Judicial District, nor is any "regional service center" located within that judicial district.

III.    COUNT TWO, THREE AND FOUR FAILS TO ALLEGE AN OFFENSE

A.    Tax not imposed on compensation for services by any proper officer of the United States of America upon Springer by the Secretary

Count Two, Three and Four, allege attempt to evade and defeat a tax imposed by this title and that title being Title 26. See Title 26, United States Code, Section 7201. The offense alleged is the "attempt" to evade or defeat a "tax imposed." The Prosecution provided a Bill of Particulars in which it listed section 1 which says there is a tax imposed on "taxable income." Section 61 defines "gross income" and section 63 defined "taxable income" to be "gross income minus" certain deductions. Section 6011 cited by the United States directs when the Secretary "prescribes by regulation any person made liable for any tax imposed by this title, or with respect to the collection thereof, shall make a return.... according to the forms and regulations prescribed by the Secretary." The Secretary has prescribed no such regulations imposing, levying or assessing any Section 1 tax upon Springer and his receipt of payments as income outside the District of Columbia.

Section 6012 explains in respect to income taxes "every individual having for

-11-

the taxable year gross income which equals or exceeds the exemption amount..." Section 6071 provides the "when" and 6091 purportedly provides the "where."[15]

Section 6091 directs the place the "return" is to be made "to the Secretary - in the internal revenue district in which is located the legal residence .... of the person making the return" and "hand carried returns" shall be made "to the Secretary" "under regulations prescribed by the Secretary" "in the internal revenue district" of the legal residence of the person making the return. Section 6151 provides the place where any taxes then showed on the return made and owed is to be paid. "The Internal Revenue Code ties the duty to pay federal income taxes to the duty to make an income tax return. See 26 U.S.C. § 6151(a)" *Holywell Corp. v. Smith*, 503 U.S. 47, 52 (1992)("when a return of a tax is required . . . the person required to make such return shall . . . pay such tax").

The Taxes imposed by "this Title" are initially to be imposed by the Secretary of the Treasury. 26 CFR 601.101(2000-2009), in relevant part provides: "The Internal Revenue Service is a bureau of the Department of the Treasury under the immediate direction of the Commissioner of Internal Revenue. The Commissioner has general superintendence of **the assessment and collection of <u>all taxes imposed </u>by any law providing internal revenue**. The Internal Revenue Service is the agency[16] by which these *functions* are performed. Within an internal revenue district the internal

---

[15]See Doc. 104, pg. 2

[16]The only given authority for such creature is Title 26, Section 7804(a).

revenue laws are administered by a district director of internal revenue...."

26 CFR 301.6201-1(2000-2009) the "**district director** is authorized and required to make all inquiries necessary to the determination and assessment of **all taxes imposed** by the Internal Revenue Code of 1954 or any prior internal revenue law. The district director is further authorized and required, and the director of the regional service center is authorized, to make the determinations and the assessments of such taxes." 26 CFR 1.6151-1(2000-2009) requires payment where return is required by law to be "filed." See Title 26, United States Code, Section 6151.

To "impose" is defined in Black's Law, Sixth Edition, to mean to "levy or exact by authority. To lay as a burden, tax duty or charge." Section 6011 cited in the Bill of Particulars commands that "when required by regulations prescribed by the Secretary **any person made liable for any tax imposed by this title**...shall make a return....according to the forms and regulations prescribed by the Secretary."[17]

"It is the province of the judiciary to enforce laws constitutionally enacted, not to make them to suit their own views of propriety or justice." *Armour Packing Co. v. United States*, 209 U.S. 56, 82 (1908)    Without any established by law district director and internal revenue district encompassing the legal residence of Springer, the Secretary of the Treasury has not "imposed" or levied or otherwise laid any

---

[17]Section 11 of the Internal Revenue Code of 1939 instead of "imposed" relied upon the term levy to described the tax laid. Section 6001 requires the Secretary give notice to every person liable for any tax imposed by Title 26 to keep records. No such regulation has been prescribed by the Secretary regarding Springer.

"individual income tax" upon any money received by Springer for any year, including 2000, 2003 and 2005. To make a return of tax is wholly distinct from the filing of a return.

The Sixteenth Amendment acknowledges Congress' power to lay and collect a tax on income from what ever source derived so long as that source is a source under Article I, Section 8, Clause 1. "Following ratification of the Sixteenth Amendment, the Supreme Court observed that the Amendment granted no new power to Congress, but "merely freed it to exercise the taxing power granted in Article I, Section 8, in taxing income without the restriction of apportioning the tax among the states, and without regard to any census or enumeration, a condition placed on direct taxes by Article I, Section 9." *United States v. Stillhammer*, 706 F.2d 1072, 1077 (10th Cir. 1983); See *Brushaber v. Union Pacific R.R.*, 240 U.S. 1, 17-19, 36 S.Ct. 236, 241-42, 60 L.Ed. 493 (1916).

Title 26, United States Code, Section 7805 provides "Congress has delegated to the Commissioner the power to promulgate `all needful rules and regulations for the enforcement of the Internal Revenue Code,' 26 U.S.C. § 7805(a)..." *Scanlon White, Inc. v. C.I.R.*, 472 F.3d 1173, 1175 (10th Cir. 2006) The Tenth Circuit defers to the Commissioner's "regulatory interpretations of the Code so long as they are reasonable." *Cottage Sav. Ass'n v. Comm'r*, 499 U.S. 554, 560-61, 111 S.Ct. 1503, 113 L.Ed.2d 589 (1991) (internal brackets omitted). The best indicator of a statute's meaning should be the language itself, *see McGraw v. Barnhart*, 450 F.3d 493, 498

(10th Cir. 2006), Cox v. C.I.R., 514 F.3d 1119, 1125 (10th Cir. 2008) However, "we assume that in drafting legislation, Congress says what it means." *Sundance Assoc, Inc. v. Reno*, 139 F.3d 804, 809 (10th Cir. 1998). An agency may not read ambiguity into a statute in order to reach a practical result. *Id.*

Count Two, Three and Four, relies upon reference to alleging "concealing and attempting to conceal from all proper officers of the United States of America his true and correct income." No "law" sets forth any "officers" of the United States of America that could qualify as proper officer other than district directors and those officers do not exist and have not existed since at least 2000. Naming the "United States of America" or "any proper officer" thereof under the internal revenue laws fails to trigger this Court's inferior court Article III subject matter jurisdiction.

The United States in its First and Second bill of particulars does not cite to any provision that identifies the proper officer of the United States of America function or the function that "attempting to conceal from" would intend to mislead.[18] There

---

[18]Doc. 201, pg. 3, the AGA write "[t]he regulations promulgated under the Internal Revenue Code that provide clarification of the filing requirements for individuals include the following: Title 26, Code of Federal Regulations Sections 1.1-1, 1.61-1 et seq., 1.63, 1.102-1, 1.151-1, 1.6011-1 and 1.6012-1. However, as stated above, the United States did not rely upon any regulations specifying events triggering an obligation for the Defendants to file tax returns." Here the AGA narrow their particulars to "**events triggering**" and omit any reference to regulations promulgated under section 6001, 6091 or 6151. There inclusion of regulations without citation to specific years is also misleading. In Doc. 104, the unauthorized particularized the following:

"the United States identified the statutes **that impacted** on the required filing of individual federal income tax returns: Title 26,

is simply no office, function, or delegate, authorized outside the District of Columbia to exercise the authority of the seat or office of the Secretary or Department of Treasury within any legal boundaries described by or with the boundaries of the State of Oklahoma related to internal revenue laws.

The AGA cite to 26 CFR 1.1-1 (2000-2009) in a Second bill of particulars. See Docket 201. This "regulation" provides in relevant part that "In general, the tax is payable upon the basis of returns rendered by **persons liable** therefor (subchapter A (sections 6001 and following), chapter 61 of the Code) or at the source of the income by withholding."[19] A person can only become "liable" under 6001 and 6011 if the Secretary makes that person "liable" by published properly regulations.

Section 1(c) imposes a tax on the taxable income of every individual who is not married but does not say who is liable for that tax. This section applies to Counts Two and Three. Section 1(d) states a tax is "imposed on the taxable income of every married individual but does not say who is liable for that tax. This section applies to Count Four. Congress left to the Secretary to determine who is to be "liable" for the "tax imposed" by this Title 26. See 26 United States Code, Sections 6001and 6011.

26 CFR §1.6011(2000-2009) states "(a) *General rule*. Every person subject

_____

United States Code Sections 1, 61, 63, 6011(a), 6012(a)(1)(A), 6072(a), 6091, 6151, and 7203. Doc. no. 104 at 2."

The difference between the meaning of "events triggering" and "that impacted" is an alarming deception by the unauthorized.

[19]This at the source part has not been alleged in the Grand Jury indictment.

to any tax, or required to collect any tax, under Subtitle A of the Code, shall

make such returns or statements as are required by the regulations in this

chapter. The return or statement shall include therein the information required

by the applicable regulations or forms."

In its second bill of particulars the unauthorized, along with citing 1.6011,

stated that as "previously stated by the Government in earlier responses to

Defendants' motions for bill of particulars, the **filing** of income tax returns is

mandated by statute."  Doc. 201, pg. 2.

26 CFR § 601.101(2000-2009) states in pertinent part here:

Generally, the procedural rules of the Service are based on the Internal
Revenue Code of 1939 and the Internal Revenue Code of 1954, and
the procedural rules in this part apply to **the taxes imposed by both
Codes** except to the extent specifically stated or where the procedure
under one Code is incompatible with the procedure under the other
Code.

Section 11 of the 1939 Code reads:

"There shall be levied, collected, and paid for each taxable year upon
the net income of every individual..."

The "filing" can only be considered mandated by Title 26, United States Code,

Section 6091 outside D.C.  The payment can only be a "mandate" at Title 26, United

States Code, Section 6151.   Congress has not provided a statutory mandate as to

where the "filing" of such "income tax returns" are to be made other than internal

revenue district surrounding the legal residence of Springer since at least 2000.

Neither the United States of America, as the Plaintiff, or alleging the attempted

evasion was to "conceal and attempt to conceal from all proper officers of the United States of America," alleges a violation of Title 26, United States Code, Section 7201, because there are no such person or officers within the boundaries of this Court's judicial district performing any lawful functions on behalf of the Secretary, including imposing any taxes on Springer. No regulation says otherwise.

Alleging Springer made false statements to agents and employees of the Internal Revenue Service renders the same result. There were no "agents" or "employees" of the "Internal Revenue Service" lawfully within this Court's judicial boundaries and for more than one reason. First, the Internal Revenue Service is an arm of the Secretary by 26 CFR § 601.101 and without district directors and an internal revenue district, no delegation from the Secretary to such purported "agents" or "employees" lawfully can be shown by the AGA.

This court lacks Article III power and subject matter jurisdiction over the allege attempted evasion of any tax allegedly imposed on Springer by Title 26 because the Secretary has not imposed any Title 26 tax upon Springer in the State of Oklahoma to which any alleged "attempt" to evade or defeat could be measured or compared. Count Two, Three and Four fail to allege an offense and dismissal is warranted and constitutionally demanded.

IV.    COUNT FIVE AND SIX FAILS TO ALLEGE AN OFFENSE

Count Five and Six, allege Springer willfully failed to file a U.S. Individual Income Tax Return with a "person assigned to receive the return at the local Internal

Revenue Service office in Tulsa." The Grand Jury alleges Austin Texas Internal Revenue Service Center or another Internal Revenue Service office permitted by the Commissioner of Internal Revenue but neither of these places could possible be relied upon to establish either territorial or subject matter jurisdiction of any alleged violation of Title 26, United States Code, Section 7203.

Neither of the Offices alleged (for any count) are "offices" established by law that can withstand the charge of Title 4, United States Code, Section 72. As previously demonstrated, the Internal Revenue Service is created by the Secretary at 26 CFR 601.101(2000-2009). There is no law cited in the indictment or bill of particulars that provides the "Internal Revenue Service" is the place Springer was "required by law" to do or say anything. The "Internal Revenue Service" is not an "Executive Department" under Title 44, Section 3502(1)(1995).

Alleging Internal Revenue Service's local office fails to allege an offense. Alleging the Commissioner of Internal Revenue's permission could only allege District of Columbia as that is the seat of Government and the location of that office. See Title 4, United States Code, Section 71; See also Title 26, United States Code, Section 7803. The District of Columbia is also the place where the Secretary of Treasury office is seated. See Title 31, United States Code, Section 301.

Title 4, United States Code, Section 72 prohibits any exercise of any office attached to seat of government to be exercised outside the District of Columbia, unless expressly established by law. The claims in each Count, including Count Five

and Six, fail to allege offenses under Title 26, United States Code, Section 7203, as there is no office established by law, nor proper officer to perform such functions, as receiving U.S. Individual Income Tax Returns for years 2000 through 2009, or "returns of tax" including 2002 and 2004 Form 1040s, from Springer, anywhere encompassing or surrounding the State of Oklahoma and included within this judicial district.

"While the court may determine, as a matter of law, the existence of federal jurisdiction over a geographic area, whether the locus of the offense is within that area is an essential element that must be resolved by the trier of fact." U.S. v. Prentiss, 206 F.3d 960, 967 (10th Cir. 2000)

This court lacks Article III power and subject matter jurisdiction over the allege wilful failure to file Form 1040 returns allegedly imposed by Title 26 because the Secretary has not imposed or levied any Title 26 tax, return of tax, or liability, upon Springer in the State of Oklahoma to which any alleged requirement would be triggered. Count Five and Six fail to allege an offense and dismissal is warranted and constitutionally demanded.

V.      MOTION TO DISMISS AS TIMELY.

Springer claims his motion challenging subject matter jurisdiction can be raised at any time. "[a] court may not adjudicate a criminal prosecution without subject matter jurisdiction is beyond doubt." *United States v. Prentiss,* 206 F.3d 960, 981 (10th Cir. 2000). See *United States v. Martin,* 147 F.3d 529, 532 (7th Cir. 1998)(describing "jurisdictional" in the sense that it affects a court's subject matter

jurisdiction, *i.e.,* a court's constitutional or statutory power to adjudicate a case. . . .". *Prentiss*, 982

Following *Prentiss*, Rule 12(b) was amended. Currently, Rule 12(b) provides that "at any time while the case is pending, the court may hear a claim that the indictment . . . fails . . . to state an offense." Fed.R.Cr..P. 12(b)(3). *U.S. v. Sinks*, 473 F.3d 1315, 1321 (10th Cir. 2007)

VI.     CONCLUSION

Lindsey Kent Springer respectfully requests this United States' Northern Oklahoma Judicial District Court under its Article III enumerated power dismiss Count Two, Three, Four, Five, Six, of the grand jury indictment for lack of Article III subject matter jurisdiction, Article III jurisdiction of the facts, and for lack of Article III venue.

/s/ Lindsey K. Springer
Lindsey K. Springer
5147 S. Harvard, # 116
Tulsa, Oklahoma 74135
918-748-5539/955-8225(cell)

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Lindsey Kent Springer's Brief in Support of Motion to Dismiss Counts Two, Three, Four, Five and Six for lack of Article III subject matter jurisdiction, Article III jurisdiction of the facts, and Article III venue, was ecf'd on January 20, 2010 to:

Kenneth P. Snoke,
Charles O'Reilly,
Oscar Stilley

/s/ Lindsey K. Springer
Signature