IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA

        Plaintiff,

                                Case No. 09-CR-043-SPF

v.

LINDSEY KENT SPRINGER,
OSCAR AMOS STILLEY

        Defendants

MOTION TO DISMISS INDICTMENT FOR (1) LACK OF ARTICLE III STANDING OF UNITED STATES OF AMERICA, (2) LACK OF ARTICLE III CASE OR CONTROVERSY, (3) FOR VIOLATION OF TITLE 28, UNITED STATES CODE, SECTION 547, LACKING OF SUBJECT MATTER JURISDICTION, AND BRIEF IN SUPPORT THEREOF

Lindsey Kent Springer, ("Springer") files his Motion to Dismiss based upon (A) the United States of America lacks standing to be the Plaintiff involving each Count, (B) the indictment is being Prosecuted in violation of Title 28, United States Code, Section 547, (C) and for lack of Article III subject matter jurisdiction over the case or controversy. The brief is contained within this Motion pursuant to LCvR 7.2(m)

1.     QUESTIONS PRESENTED

    A.     DOES THE UNITED STATES OF AMERICA HAVE STANDING TO BRING DISTRICT DIRECTOR ENFORCEMENT CLAIMS BEFORE THE GRAND JURY AND THIS COURT?

    B.     IS THE PROSECUTION OF EACH COUNT OF THE INDICTMENT BEING PROSECUTED IN VIOLATION OF TITLE 28, UNITED STATES CODE, SECTION 547?

    C.     DOES EACH COUNT OF THE INDICTMENT ALLEGE A CASE OR CONTROVERSY UNDER ARTICLE III, SECTION 2, CLAUSE 1 AND 3?

1

II. BRIEF IN SUPPORT OF MOTION IN FAVOR OF DISMISSAL

   A. The United States of America lacks standing under Article III to institute or file criminal offense charges in this Court derived from internal revenue laws when it is undisputed the internal revenue district director office and internal revenue district encompassing Springer's residence were abolished in the year 2000 and when internal revenue laws only apply within internal revenue districts outside the District of Columbia.

There are only two provisions in the Constitution at Article III which would provide the "United States" with standing to be a party in a grand jury indictment involving an alleged violation of an internal revenue law. First, Article III, Section 2 places judicial power "arising under... the laws of the United States" and second "controversies" to which the United States is a party." Presuming Title 18, Section 371, Title 26, Sections 7201 and 7203, are "laws of the United States," these laws are only administered and enforceable outside the District of Columbia within a previously established internal revenue district by a district director involving internal revenue laws. Neither exists as a matter of law.

To begin with, title 4, Section 72 provides:

"[a]ll offices attached to the seat of governments shall be exercised in the District of Columbia, and **not elsewhere**, except as otherwise expressly **provided by law**."

*Hughes v. U.S.*, 953 F.2d 531, 542 (9th Cir. 1992)

"This section [4 U.S.C. § 72] does not foreclose the exercise of authority by the IRS [Secretary of the Treasury] outside the District of Columbia. The **President is authorized** to establish **internal revenue districts for the purpose of administering the internal revenue laws**, and these districts can be created outside of Washington,

D.C. *See* 26 U.S.C. § 7621." Id.

Title 26, United States Code, Section 7621(a) reads in relevant part: "The President shall establish convenient internal revenue districts for the purpose of administering the internal revenue laws. The President may from time to time alter such districts." Section 7621(b) reads in relevant part: "Boundaries-For the purpose mentioned in subsection (a), the President may subdivide any State, or the District of Columbia, or may unite into one district two or more States."

Under 26 CFR 301.7621 (2000-2009) the President is said to have delegated to the Secretary of Treasury his authority to prescribe internal revenue districts for the purpose of administering the internal revenue laws by Executive Order No. 10289, dated September 17, 1951 (16 FR 9499), as made applicable to the Code by Executive Order No. 10574, dated November 5, 1954 (19 FR 7249). No such internal revenue districts have existed since the year 2000 under these executive orders.

Under *Hughes*, the 9th Circuit explained how the power is to flow from the Secretary:

> 26 U.S.C. § 6301 provides that "[t]he Secretary shall collect the taxes imposed by the internal revenue laws." The actual task of collecting the taxes, however, has been delegated to local **IRS directors**. "The taxes imposed by the internal revenue laws shall be collected by **district directors** of internal revenue." 26 C.F.R. § 301.6301-1. **District directors** in turn **are authorized to redelegate** the levy power to lower level officials such as collection officers. See IRS Delegation Order 191. The delegation of authority down the chain of command, from the

3

Secretary, to the Commissioner of Internal Revenue, to local IRS[1]
employees constitutes a valid delegation by the Secretary to the
Commissioner, and a redelegation by the Commissioner to the
delegated officers and employees. See 26 C.F.R. § 301.7701-9.

*Hughes v. United States*, 953 F.2d 536[23]

Count One alleges a purported agency "Internal Revenue Service" was the object of Springer and Stilley to impede the "agency" lawful functions in the State of Oklahoma. Count Two, Three and Four, allege violations of Title 26, Section 7201 of attempting to evade the "tax imposed" by Title 26 in the State of Oklahoma. This tax is imposed by "district directors. See 26 CFR 301.6301(2000-2009); see also 26

---

[1]District director.

[2]The United States cites to Hughes at Doc. 276, pg. 13 Interestingly, the unauthorized argue in opposition to Springer's Motion for a New Trial "[T]he Secretary of the Treasury and the Commissioner of Internal Revenue have the authority to delegate tax collecting power to local IRS officers and employees throughout the country."*Hughes v. United States*, 953 F.2d 531, 542-43 ( 9th Cir. 1992).
The actual context of the quote is:

The President is authorized to establish internal revenue districts for the purpose of administering the internal revenue laws, and these districts can be created outside of Washington, D.C. See 26 U.S.C. § 7621. Furthermore, as we have held, the Secretary of the Treasury and the Commissioner of Internal [Page 543] Revenue have the authority to delegate tax collecting power to local IRS officers and employees throughout the country. **See supra Part II(A)(1)**.

[3]This is "See Part II(A)(1)" addressed in that part of Hughes by the unauthorized which clearly relies solely upon internal revenue district and district director for proper delegation outside the District of Columbia.

4

CFR 601.101(2000-2009) Count Five and Six allege violations of Title 26, Section 7203 for failure to file a "return" at the place and time "required by law." The place a return is to be filed and taxes to be paid are with the "district director" in the internal revenue district located the legal residence of Springer. See Title 26, United States Code, Section 6091, 6151; 26 CFR 1.6091-2 (2000-2009)[4]

---

[4]For year 2005, the Secretary amended 1.6091-2 and replaced internal revenue district and district director with person assigned at a local office. There are no "offices" established by law outside of the District of Columbia to qualify for this change in phraseology and the Secretary could not by regulation change the meaning of a statute when the language of the statute is clear and unambiguous. The Tenth Circuit and Supreme Court have long held that "a regulation promulgated by an administrative agency charged with the administration of an Act has the force and effect of law if it is reasonably related to administrative enforcement and does not contravene statutory provisions." *Joudeh v. United States*, 783 F.2d 176, 180-81 (10th Cir. 1986); see also In re *LMS Holding Co.*, 50 F.3d 1526, 1528 (10th Cir. 1995) (holding certain treasury regulations to have "the force and effect of law"). With regard to treasury regulations promulgated by the Secretary of the Treasury, the Supreme Court has specifically held that "[b]ecause Congress has delegated . . . the power to promulgate `all needful rules and regulations for the enforcement of [the Internal Revenue Code],' we must defer to [the Secretary's] regulatory interpretations of the Code so long as they are reasonable." *Cottage Sav. Ass'n v. Commissioner*, 499 U.S. 554, 560-61 (1991).

The Supreme Court has long held that "`[t]reasury regulations and interpretations long continued without substantial change, applying to unamended or substantially reenacted statutes, are deemed to have received congressional approval and have the effect of law.'" *Cottage Sav. Ass'n*,499 U.S. at 561 (quoting *United States v. Correll*, 389 U.S. 299, 305-06(1967)). See also *Jeppsen v. CIR*, 128 F.3d 1410, 1417 (10th Cir. 1997)

Congress specifically withheld authority to identify the place for individual income tax returns in section 6091. To the extent "local office" and district director are intended to mean something different, the 2005 regulation change under 1.6091-2 exceeds any authority Congress delegated to the Secretary regarding needful rules for the enforcement of the internal revenue laws. Title 26, United States Code, Section 6091 clearly directs hand filing returns with the district director in the internal revenue district. No other office under Title 4,

Many Courts have held "[a] government agency such as the IRS" may qualify as a crime victim. See *United States v. Minneman*, 143 F.3d 274, 284 (7th Cir. 1998); see also U.S. v. May, 568 F.3d 597, 602 (6th Cir. 2009)("victim in this case is the IRS"); and *Abreu-Reyes v. I.N.S.*, 292 F.3d 1029, 1031 (9th Cir. 2002)("caused a loss to the victim, the Internal Revenue Service ("IRS"),)

There is no doubt the Secretary of the Treasury has been tendered authority to administer and enforce the "internal revenue laws."  See Title 26, Section 7805 Congress has delegated to the Commissioner the power to promulgate `all needful rules and regulations for the enforcement of the Internal Revenue Code,' 26 U.S.C. § 7805(a)" *Scanlon White, Inc. v. C.I.R.*, 472 F.3d 1173, 1175 (10th Cir. 2006)

26 CFR 601.101 (2000-2009) is the only place the Secretary or his delegate can be said to have created the Internal Revenue Service :

> "The Internal Revenue Service is a bureau of the Department of the Treasury under the immediate direction of the Commissioner of Internal Revenue. The Commissioner has general superintendence of the assessment and collection of all taxes imposed by any law providing internal revenue. The Internal Revenue Service **is the agency** by which these *functions* are performed. **Within an internal revenue district** the internal revenue laws are administered **by a district director** of internal revenue...."

The Internal Revenue Service is not an agency established by law enacted by Congress.  The Internal Revenue Service is a creature of the Secretary of

---

United States Code, Section 72 would qualify as "established by law" in order to withstand "and not elsewhere."

6

Treasury. The "Internal Revenue Service" is not an agency created by Congress but rather pursuant to "<u>legislative grant</u> of authority, the Secretary of the Treasury created the IRS. 26 C.F.R. § 601.101." *Young v. IRS*, 596 F. Supp. 141, 147 (1984)(NDIn); see *Cameron v. I.R.S.*, 593 F. Supp. 1540, 1549 (1984)(NDIn)

The Secretary of Treasury is granted authority in the District of Columbia to administer and enforce the internal revenue laws. See Title 31, United States Code, Section 301; and Title 26, United States Code, Section 7801. Outside the District of Columbia, the legislative grant must be exercised only through offices "established by law." See Title 4, United States Code, Section 72. There is no law establishing any office called "Internal Revenue Service" outside the District of Columbia and since at least 2000 there are no internal revenue districts or district directors within the State of Oklahoma or this Judicial District.

"[c]ourts must look behind names that symbolize the parties to determine whether a justiciable case or controversy is presented." *United States v. ICC*, 337 U.S. 426, 430 (1949). "Standing to sue or defend is an aspect of the case-or-controversy requirement." *Arizonans for Official English v. Arizona,* Page 1204 520 U.S. 43, 64, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997)

Since the Secretary delegated the functions involving filing returns, paying taxes, assessment and collection, to "district directors" of internal revenue districts, and that Congress directed the "internal revenue districts" are to administer the internal revenue laws, see Title 26, United States Code, Section 7621, and the fact

7

remains no such director or district existed during the time period of the purported controversy in each of the Six Counts of the indictment, the Internal Revenue Service is not a victim of any action or inaction taken within the boundaries of the State of Oklahoma by Springer.

The Secretary nor his delegate could legally refer Springer for prosecution of any offense involving any "internal revenue law" within the State of Oklahoma or its legal boundaries. He has not delegated to make such referral without a district director, see 26 CFR § 601.107, an runs smack dab into Title 4, United States Code, Section 72 if he attempts such delegation theory.

Accordingly, the United States of America does not have standing to bring claims arising under the "internal revenue laws," as alleged in each Count of the indictment, as purported "offenses against the laws of the United States," due to the absence and abolishment of internal revenue districts and district directors positions since at least the year 2000 encompassing the State of Oklahoma. An "Internal Revenue Service" has no function authorized by law in the State of Oklahoma otherwise. Furthermore, "Internal Revenue Service" is not an "agency" established by law. See 26 CFR 601.101(2000-2009) for the purpose of determining standing of a party.

    B.    THE PROSECUTION OF EACH COUNT OF THE INDICTMENT IS IN VIOLATION OF TITLE 28, UNITED STATES CODE, SECTION 547.

There are no United States Attorney Offices established by law that could

qualify to be exercised outside of the District of Columbia. A United States Attorney is appointed by the President to each "judicial district." See Title 28, United States Code, Section 541. Title 28, United States Code, Section 547 directs that the "United States Attorney" prosecute all offenses against the laws of the United States in the judicial district to which the President appoints.

"A referral to the Justice Department permits criminal litigation to proceed. The IRS[5] cannot try its own prosecutions. Such authority is reserved to the Department of Justice and, <u>more particularly</u>, to the United States Attorneys. 28 U.S.C. § 547 (1). *United States v. LaSalle National Bank*, 437 U.S. 298, 312 (1978)

"Absent a proper representative of the Government as a petitioner in this criminal prosecution, jurisdiction is lacking.." *United States v. Providence Jounal Co.*, 485 U.S. 693, 708 (1988)

The indictment in this case is signed by two attorneys. Mr. O'Reilly and Mr. Snoke. Mr. O'Reilly does not purport to be a United States Attorney in the United States' Northern Oklahoma Judicial District. He clearly is not. See Doc. 2, pg. 14

Mr. Snoke represents himself to be an "assistant United States Attorney." See Doc. 2, pg. 14. Neither of these men are a "United States Attorney" for this Judicial District as required by Title 28, United States Code, Section 547.[6] Section 541 simply

---

[5]This should read Secretary of the Treasury or his delegate.

[6]For Secretary of Treasury see Title 31, United States Code, Section 301 (seat of Government)(in Department of Treasury). For Commissioner of Internal Revenue see Title 26, United States Code, Section 7803 (Department of Treasury).

9

places the appointment somewhere within a "judicial district."

Title 28, United States Code, Section 547 directs the "United States Attorney" "shall" "within his district" "prosecute for all offenses against the United States." Title 28, United State Code, Section 542 authorizes the Attorney General to "appoint" one or more assistant United States Attorneys in any "district" when the public interest so requires.[7] Any "function" given to the Attorney General by Congress may be "authorized" by "any other officer, employee or agency of the Department of Justice. See Title 28, United States Code, Section 510. Title 28, United States Code, Section 509 places the functions of the attorney general to include "all functions of other officers of the Department of Justice and all functions of agencies and employees of the Department of Justice." The Secretary of Treasury, Commissioner of Internal Revenue nor district directors, are functions, agencies or officers, of the Department of Justice.

Apparently, the Attorney General has written 28 CFR § 0.70(2005) in accord with his General functions**:**

> "The following functions are assigned to and shall be conducted, handled, or supervised by, the Assistant Attorney General, Tax Division:
>
> (b) Criminal proceedings arising under the internal revenue laws.

---

For Chief Counsel of the Internal Revenue see Title 26, United States Code, Section 7803(b)(no reference to "office"); See Title 26, United States Code, Section 7801(b)("Office of General Counsel" in the Department of Treasury:)

[7]Assistant United States Attorneys picked for public interest reasons are hired and fired by the "Attorney General" and not appointed by the President United States Attorney of a judicial district. See Title 28, Section 542

Title 26, United States Code, Section 7801(a)(2)(A) provides that the "administration and enforcement" of "the following provisions of this title shall be performed by or under the supervision of the Attorney General: (i) Chapter 53. (ii) Chapter 61 through 80, to the extent such chapter relate to the enforcement and administration of the provisions referred to in clause (I).

Chapter 53 is entitled "Machine Guns, Destructive Devices, and Certain Other Firearms." In the United States' First Bill of Particulars they cited "required by law" meant Sections 1,61,63,6011,6012,6071,6091,6151 and 7203. None of these provisions are listed in Chapter 53.

The only authority the "Attorney General" has to "enforce" or "prosecute" "Proceedings arising under the internal revenue laws" is limited to "Machine Guns, Destructive Devices, and Certain other Firearms." 28 CFR § 0.70 does not apply nor could it to any other "internal revenue laws."

Alleged violations of Title 18, United States Code, Section 371 related to "internal revenue laws," and alleged violations of Title 26, United States Code, Section 7201 and 7203, which are also related to "internal revenue laws," are not functions delegated to the Attorney General by Congress to prosecute outside D.C.

Former United States Attorney David O'Meilia resigned on June 28, 2009. **http://www.mainjustice.com/tag/david-omeilia/.** Charles O'Rielly and Kenneth Snoke are neither one a United States Attorney appointed by the President and

11

confirmed by the Senate under Title 28, United States Code, Section 541.[8]

This Court lacks Article III subject matter jurisdiction, subject matter jurisdiction over the Title 28, United States Code, Section 1861 grand jury claims, and jurisdiction over the facts, as the "offenses" are not prosecuted[9] by the United States Attorney specifically and no such person is present in this Judicial district from June 28, 2009.

C.  EACH COUNT OF THE INDICTMENT DOES NOT ALLEGE A CASE OR CONTROVERSY UNDER ARTICLE III, SECTION 2, CLAUSE 1 AND 3

Issue A and B are incorporated herein. Subject Matter Jurisdiction of an Article III Court is limited by 'article III of the Constitution" "to deciding `cases' and `controversies.'" *Diamond v. Charles,* 476 U.S. 54, 61, 106 S.Ct. 1697, 90 L.Ed.2d 48 (1986). *San Juan County, Ut. v. U.S.*, 420 F.3d 1197, 1204 (10th Cir. 2005) "Article III limits the federal courts' subject matter jurisdiction to **specifically defined cases** and controversies. *Id.*

Accordingly, Article III limits a federal court's authority to impose and enforce sanctions when the case or controversy at issue is not properly before the federal

---

[8] Since June, 2009, there has been no United States Attorney even available to prosecute the claims in the grand jury indictment. Honorable David O'Meilia's name does appear in printed above Mr. O'Reilly and Mr. Snoke but section 547 requires prosecution by the United States Attorney. Mr. O'Meilia without doubt did not prosecute the claims in the grand jury indictment. Title 28, Section 547 does not authorize a "prosecution team."

[9] Black's Law, Sixth Edition defines prosecutor as the person who prosecutes a crime.

courts. *Olcott v. Delaware Flood Co.*, 327 F.3d 1115, 1122 (10th Cir. 2003) "[w]hether an offense occurred within particular geographical boundaries is an appropriate subject for judicial notice." *United States v. Burch*, 169 F.3d 666, 671 (10th Cir. 1999)

Fed.R.Crim.P. 18 reinforces these directives: "[e]xcept as otherwise permitted by statute or by these rules, the prosecution shall be had in a district in which the offense was committed." *United States v. Cryar*, 232 F.3d 1318, 1321 (10th Cir. 2000); See also *United States v. Johnson,* 323 U.S. 273, 275, 65 S.Ct. 249, 89 L.Ed. 236 (1944).

The place at which the said crime was committed `must be determined from the *nature of the crime alleged and the location of the act or acts constituting it.*'" *United States v. Medina-Ramos,* 834 F.2d 874, 876 (10th Cir. 1987) (quoting *United States v. Anderson,* 328 U.S. 699, 703, 66 S.Ct. 1213, 90 L.Ed. 1529 (1946)) (emphasis added); *see United States v.* Rodriguez-Moreno, 526 U.S. 275, 279, 119 S.Ct. 1239, 143 L.Ed.2d 388 (1999) ("**In performing this inquiry**, a court must initially identify the conduct constituting the offense (the nature of the crime) and then discern the location of the commission of the criminal acts."); *United States v. Cabrales,* 524 U.S. 1, 6-7, 118 S.Ct. 1772, 141 L.Ed.2d 1 (1998) (stating that the "`locus delicti' [of the charged offense] must be determined from the nature of the crime alleged and the location of the act or acts constituting it"). *United States v. Cryar*, 232 F.3d 1318, 1321 (10th Cir. 2000)

Constitutional power is merely the first hurdle that must be overcome in

determining that a particular federal court has jurisdiction over a particular controversy. For the "jurisdiction of the federal courts is limited not only by the provisions of Art. III of the Constitution, but also by Acts of Congress." *Palmore* v. *United States*, 411 U.S. 389, 401; *Lockerty* v. *Phillips*, 319 U.S. 182, 187; *Kline* v. *Burke Constr. Co.*, 260 U.S. 226, 234; *Cary* v. *Curtis*, 3 How. 236, 245. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 372 (1978)

Federal criminal jurisdiction is limited by federalism concerns; states retain primary criminal jurisdiction in our system. *See* U.S. Const. amend. X *United States v. Prentiss*, 206 F.3d 960, 967 (10th Cir. 2000) "That a court may not adjudicate a criminal prosecution without subject matter jurisdiction is beyond doubt." *United States v. Prentiss*, 206 F.3d 960, 981 (10th Cir. 2000) Courts' recurring reference to the elements of a crime as "jurisdictional" to justify dismissal of an indictment which fails to allege an element, however, is misplaced. *E.g., United States v. Tran,* 234 F.3d 798, 805-810 (2d Cir. 2000); *United States v. Spinner,* 180 F.3d 514, 515-17 (3d Cir. 1999). An indictment's failure to allege an element of a crime "is not jurisdictional in the sense that it affects a court's subject matter jurisdiction, *i.e.,* a court's constitutional or statutory power to adjudicate a case. . . ." *United States v. Martin,* 147 F.3d 529, 532 (7th Cir. 1998). *Prentiss*, 982

The Internal Revenue Service cannot be a victim nor can it be the Plaintiff. This purported administrative agency is not an agency within the meaning of Title 18, Section 371, especially outside the District of Columbia. None of the "lawful

functions" listed are delegated to the "Internal Revenue Service."  The Internal Revenue Service is not charged or delegated with either imposing taxes on income received by persons residing in the State of Oklahoma nor is the Internal Revenue Service charged or delegated with imposing the requirement of persons in the State of Oklahoma to file a U.S. Individual Income Tax Return or pay any income taxes shown to be owed on such return.

Without internal revenue district and district director encompassing the State of Oklahoma, the residence of Springer and this judicial district, each of the Six Counts of the grand jury indictment fails to allege a case or controversy within this Court's Article III Subject Matter Jurisdiction.

CONCLUSION

Lindsey Kent Springer respectfully request the United States District Court for the Northern Judicial District dismiss the grand jury indictment for the reason that (A) the United States of America lacks standing to be the Plaintiff involving each Count, (B)  the indictment is being Prosecuted in violation of Title 28, United States Code, Section 547, rendering a lack of jurisdiction to prosecute Springer,  (3) and for lack of Article III subject matter jurisdiction over the case or controversy.

/s/ Lindsey K. Springer
<u>Lindsey K. Springer</u>
5147 S. Harvard, # 116
Tulsa, Oklahoma 74135
918-748-5539/955-8225(cell)

15

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Lindsey Kent Springer's Motion to Dismiss Indictment and all Counts and brief in support was ecf'd on January 20, 2010 to:

Kenneth P. Snoke,
Charles O'Reilly,
Oscar Stilley

        /s/ Lindsey K. Springer
        Signature