# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 09-CR-0043-SPF ) |
| LINDSEY KENT SPRINGER and OSCAR AMOS STILLEY, | ) ) ) ) |
| Defendants. | ) |

## ORDER

Before the court is defendant Stilley's Motion to Modify Conditions of Release (doc. no. 296), filed on February 1, 2010. The court has carefully reviewed the motion, as well as the brief in support (doc. no. 298).

In a series of alternative requests, defendant Oscar Stilley seeks to be relieved of the additional conditions of release which were imposed by the court after the verdicts were returned at the conclusion of the trial of this case. Mr. Stilley also requests a hearing with respect to imposition of conditions other than those which were originally established in this case by the Magistrate Judge.

As an initial matter, Mr. Stilley "moves that a duly seated United States district judge of a court position created by Congress, or a special judge appointed in strict compliance with all laws enacted on the subject, by Congress, enter an order striking all conditions of release imposed by Stephen P. Friot." Motion, at 1. To the extent that Mr. Stilley requests that his motion be addressed by a "duly seated United States district judge of a court position created by Congress," his motion is certainly well taken. The undersigned judge answers that description and accordingly will proceed to address the motion. To the extent that Mr. Stilley requests that all of the conditions

of release which were imposed at the conclusion of the trial be stricken, the motion is not well taken, for the reasons stated below.

As an additional preliminary matter, Mr. Stilley's request for a hearing is **DENIED**. Section 3143 of Title 18 governs release or detention pending sentencing or appeal. The preceding section, 18 U.S.C. § 3142, governs release or detention pending trial. Significantly, § 3142 contains mandatory and detailed provisions with respect to the holding of a hearing on the issue of pretrial detention. In contrast, § 3143, dealing with release or detention pending sentencing or appeal, is silent as to any hearing requirement. The court concludes that a hearing on Mr. Stilley's motion is not required by statute and is not otherwise required under the circumstances of this case. The trial of this case began on October 26, 2009 and ended on November 16, 2009. The court heard the testimony of 63 witnesses, including both of the defendants. The evidence received at trial was highly informative as to Mr. Stilley's personal history, his financial history, his personal philosophy, the extent of his disposition to obey the law, and his willingness to take advantage of vulnerable persons. Thus, in Judge Pollack's words, the undersigned "presided at the trial, which revealed data of a highly informative and significant nature, tested in the crucible of cross examination." United States v. Bynum, 344 F.Supp. 647, 648 (S.D.N.Y. 1972). For that reason, this court concludes, as did Judge Pollack in Bynum, that it is not necessary to hold a hearing to address release or detention (or conditions of release) under § 3143. Mr. Stilley's request for a hearing is accordingly **DENIED**.

The court also concludes that Mr. Stilley's request for elimination or modification of his conditions of release is without merit. Under 18 U.S.C. § 3143, once Mr. Stilley was convicted of the offenses charged against him in the indictment, detention pending sentencing was mandatory in the absence of a finding, by clear and convincing evidence, that he was not likely to flee or pose a danger to the safety of

any other person or the community if released. In this context, the term "danger," is not to be "restrictively applied only to those situations involving physical violence." United States v. Erickson, 506 F.Supp. 83, at 88 (W. D. Okla. 1980) (construing 18 U.S.C. § 3148). To the contrary, if the court believes that the defendant "is an unrepentant con-artist who will continue to prey on any person gullible enough to listen" to him, then the safety of the community is at risk. United States v. Masters, 730 F.Supp. 686, 689 (W.D. N.C. 1990). For that reason, as the court explained at length on the record at the conclusion of the trial of this case, the court is satisfied that continued release, as opposed to incarceration pending sentencing, is an appropriate alternative for Mr. Stilley only on the basis of the additional conditions imposed at the conclusion of the trial. Aside from restrictions on the filing of tax-related civil litigation, the additional restrictions that were imposed on Mr. Stilley at the conclusion of the trial are as follows:

> 1. You will provide no advice, suggestions, or recommendations to any person or entity, public or private, other than immediate family members, with respect to any matter relating to federal taxation. This prohibition includes any medium, including conference calls and the internet.
>
> 2. Subject to the exception set forth below in this paragraph (B)(2), you will maintain no website that refers to any matter relating to federal taxation. You will immediately take down any website that you control that makes reference to any matter relating to federal taxation. You will post no material of any kind on any website that refers to any matter relating to federal taxation. Exception: You may solicit funds in support of your defense, and, in so doing, accurately make reference to the nature, history, result and status of this case, as long as, in so doing, you provide no advice, suggestions, or recommendations to any person or entity, public or private, other than immediate family members, with respect to any matter relating to federal taxation.
>
> 3. You will not directly or indirectly undertake any activities of any kind in the name of Bondage Breakers Ministry.

4. You will provide no representation or services of any kind to any person or entity, with respect to any matter relating to federal taxation.

5. You will not engage in any activity that would constitute the unauthorized practice of law.

6. You will not work directly or indirectly in any business, profession, or self-employment engaged in the offer, sale, purchase, trade, brokering, solicitation, or similar transactions with respect to any real property, securities or negotiable instruments.

7. You will not engage in telemarketing activities, to include any telephone sales or other such business, campaign, venture, or transaction.

8. You shall disclose all e-mail accounts, PayPal accounts, internet connections and Internet connection devices, including screen names and passwords, to the U.S. Probation Officer. You shall immediately advise the U.S. Probation Officer of any changes in your e-mail accounts, connections, devices, or passwords.

9. If instructed by the U.S. Probation Officer, the you shall refrain from using e-mail, an internet connection, or an Internet connection device. The U.S. Probation Officer shall have authority to monitor all computer activity, to include all e-mail or internet connections, including but not limited to installation of remote computer monitoring software. Unless waived by the U.S. Probation Officer, the cost of the remote computer monitoring software shall be paid by the defendant.

10. You shall not access any on-line service using an alias, or access any on-line service using the Internet account, name, or designation of another person or entity.

11. You are prohibited from altering or using any form of encryption, cryptography, stenography, compression, password-protected files or other methods that limit access to, or change the appearance of data and/or images.

12. You are prohibited from altering or destroying records of computer use, including the use of computer software or functions designed to alter, clean or "wipe" computer media, block computer monitoring software, or restore a computer to a previous state.

13. If instructed by the Probation Officer, you shall provide originals or copies of all personal and business telephone phone records and all credit

card, checking account and PayPal statements to the U.S. Probation Officer.

14. You will report to the Probation Officer the particulars, as specified by the Probation Officer, of all transactions consummated with a check cashing service. These reports shall be made within 10 calendar days after completion of any such transaction. You shall refrain from transacting business with any check cashing service if so directed by the Probation Officer.

15. You shall, not later than November 26, 2009, surrender possession, to the United States Probation Office, or to the United States Marshal, of all firearms located in your residence or otherwise in your possession, custody or control, and shall not possess a firearm, destructive device or other dangerous weapon.

16. You shall maintain employment which meets the approval of the probation officer, failing which you shall perform community service as shall be directed by the probation officer for at least 30 hours per week. [Footnote omitted.]

C. Monitoring.

\* \* \* \*

    2. <u>Defendant Stilley</u>: Defendant Stilley shall successfully participate in the home Confinement Program to include global positioning electronic monitoring until released from the program by the Court or probation office. The defendant shall abide by a curfew from 6:00 p.m. to 7:00 a.m., seven days per week, during which time he must remain at this home unless a medical emergency arises. The defendant shall remain within the boundary of Sebastian County, Arkansas, unless travel is authorized for a Court appearance. Travel to and from Court appearances must be made via the most direct route available and must be reported to the probation office prior to departure the defendant's home. The entire cost of the program shall be paid by the probation office.

    3. The probation officer is directed to install the GPS equipment on the defendants immediately. The defendants shall accompany the probation officer from the court to the probation office for installation of the GPS equipment.

Doc. no. 247.

These additional conditions are regulatory, not punitive, and were imposed with a view to establishing a structure for Mr. Stilley's day-to-day life, pending sentencing, which would minimize the risk that Mr. Stilley would engage in the kind of mischief for which the evidence demonstrated he has an unmistakable propensity when left entirely to his own devices. *See also*, United States v. Moss, 522 F.Supp. 1033, 1035 (E.D. Pa. 1982) and United States v. Karmann, 471 F.Supp. 1021, 1022 (C.D. Calif. 1979).

Mr. Stilley's Motion to Modify Conditions of Release, doc. no. 296, is accordingly in all things **DENIED.**

Dated February 3, 2010.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

09-0043p058.wpd