IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 09-CR-043-SPF |
| | ) | |
| LINDSEY KENT SPRINGER, | ) | |
| OSCAR AMOS STILLEY, | ) | |
| | ) | |
| Defendants. | ) | |

**UNITED STATES' RESPONSE IN OPPOSITION TO
DEFENDANT SPRINGER'S MOTION TO DISMISS (DOC. 295)**

The United States of America, by and through its attorneys, Thomas Scott Woodward, United States Attorney for the Northern District of Oklahoma, and Kenneth P. Snoke, Assistant United States Attorney, and Charles A. O'Reilly, Special Assistant United States Attorney, hereby responds in opposition to Defendant Lindsey Kent Springer's delinquently filed Motion to Dismiss for Lack of Substantive Regulations Having Force and Effect of Law (doc. no. 295), dated February 1, 2010. By scheduling order dated April 22, 2009, the Court ordered that all motions to dismiss were to be filed by May 15, 2009, except motions to dismiss on a basis that could not have been reasonably anticipated or factually supported as of May 15, 2009 (doc. no. 43). In

addition to being untimely, Defendant's pleading manifests his continued obstinate and willful disregard for the law.

Defendant's assertion that the Internal Revenue Service's alleged failure to comply with the Administrative Procedures Act provides a defense is meritless. Defendant's "obligation to file a federal income tax return is derived from 26 U.S.C. §6012. Section 6012, being a congressionally enacted federal statute, is not the rule of an 'agency' as the term agency is defined by the APA." *United States v. Clayton*, 506 F.3d 405, 409 (5th Cir. 2007).

I.  Defendant's Motion to Dismiss is Untimely

Defendant's motion to dismiss should be dismissed as untimely. Federal Rule of Criminal Procedure 12(b)(3) provides that a motion alleging a defect in the indictment must be brought before trial, "but at any time while the case is pending, the court may hear a claim that the indictment or information fails to invoke the court's jurisdiction or to state an offense." Defendant's motion to dismiss does not assert that the indictment fails to invoke the court's jurisdiction or state an offense. Defendant's motion only asserts that "none of the regulations cited" by the United States "were in compliance with the Administrative Procedures Act." This alleged defect could have been brought before trial, and is therefore untimely pursuant to Fed.R.Crim.P. 12(b)(3).

Furthermore, by order dated April 22, 2009, the Court ordered that all motions to dismiss were to be filed no later than May 9, 2009 (doc. no. 43). The order provided that

motions to dismiss on any basis that could not have been reasonably anticipated or factually supported as of May 15, 2009, were to be filed no later than August 3, 2009. Defendant filed his latest motion to dismiss on February 1, 2010, nearly three months after the trial ended, and almost six months after the last date motions to dismiss were due by order of this Court.

Defendant fails to identify any basis for his motion to dismiss that could not have been anticipated or factually supported as of May 15, 2009. In fact, Defendant's motion appears largely to simply reassert positions previously asserted by Defendants, although now couched under the Administrative Procedures Act. The only factual allegations asserted by Defendant that antedate May 15, 2009, are the United States' Consolidated Response to Defendants' Motions to Dismiss filed on May 29, 2009 (doc. no. 71), the United States' Bill of Particulars (doc. no. 104) and United States' Second Bill of Particulars (doc. no. 201) filed July 14, 2009, and October 19, 2009, respectively, and the Court's Order dated October 13, 2009 for the second bill of particulars (doc. no. 192) and Order dated January 28, 2010 (doc. no. 293). Defendant includes the following quotation from the Court's January 28, 2010 order:

> [A]s held in *United States v. Dawes*, 951 F.2d 1189, 1191-92 (10th Cir. 1991), quoted in *Springer v. United States*, 447 F.Supp.2d 1235, 1238 (N.D. Okla. 2006), 'the requirement to file a tax return is mandated by statute, **not by regulation**' and 'such explicit statutory requirements are not subject to the PRA.'

Other than Defendant's assertion that "[t]his is the first time an order has contained these words in this case" (doc. no. 295 at 4), Defendant provides nothing that could be interpreted as an explanation for why this motion to dismiss could not have been brought timely.

II.  Administrative Procedures Act Does Not Implicate Statutory Requirements

Defendant asserts that the indictment should be dismissed "because the regulations applicable to the requirement to 'file a return' for the years 2000 through 2005 were not promulgated in accord with the Administrative Procedure's Act, Title 5, United States Code, Section 553, et seq, and being substantive rather than interpretive, do not have the force and effect of law" (doc. no. 295 at 1).  Defendant's assertion is without merit.

Defendant's thirteenth motion to dismiss[1] raises arguments analogous to those made in his previous filings and arguments, including in Defendant's repeated references to the Paperwork Reduction Act.  These arguments, previously rejected by the Court, most recently in its Order dated January 28, 2010 (doc. no. 293), also include Defendant's canard that the abolishment of the Internal Revenue districts prevented the United States from prosecuting him ("Springer's motion herein addresses the notion that because Springer is alleged not to have lived in any 'internal revenue district . . ." (doc. no. 295 at 6-7)).  While a defendant may raise jurisdiction at any point while the case is "pending,"

---

[1] Defendant Springer's previous motions to dismiss include doc. nos. 51, 53, 55, 57, 59, 61, 63, 65, 123, 280, 282 and 284.

Defendant has raised these arguments previously, and this Court has appropriately rejected them.

Defendant cites eight different cases, none dealing with criminal violations of the tax code, as well as various regulations. However, Defendant studiously ignores the simple fact that courts that have considered arguments that the Administrative Procedures Act can be a defense to tax evasion and willful failure to file have consistently rejected the argument. *See United States v. Clayton*, 506 F.3d at 9-10 ("Clayton's Form 1040 instruction booklet argument is a red herring. Although the IRS indeed publishes the annual exemption amounts in the Form 1040 instruction booklet and other government publications, the government makes no claim that the exemption amount listed in the Form 1040 instruction booklet has the force of law. Instead, the exemption amount is calculated under a formula that is set forth in § 6012 of the IRC"); *United States v. Hicks*, 947 F.2d 1356, 1359-60 (9th Cir. 1991) ("[i]t is the tax code itself, without reference to regulations, that imposes the duty to file a tax return"); *United States v. Bowers*, 920 F.2d 220, 221-22 (4th Cir. 1990) (upholding conviction under 26 U.S.C. §7201 and stating that "[t]he cases relied upon by the Bowers, on the other hand, involve unpublished rules that imposed substantive obligations beyond those created by the statute itself"); *United States v. Bentson*, 947 F.2d 1353, 1355-56 (9th Cir. 1991) ("[t]he district court denied Bentson's motion for dismissal based on the APA as untimely. Whether or not it was untimely, the legal theory on which the motion was based has no merit"). *See also, United States v.*

*Bennett*, 2007 WL 2790744 (D. Haw. 2007); *United States v. Dawes*, 1990 WL 171074 (D. Kan. 1990).

Defendant was not charged with violation of a regulation, but with violation of Title 18, United States Code Section 371, and Title 26, United States Code Sections 7201 and 7203.  These criminal statutes are clear.  *See Bowers*, 920 F.2d at 221-23 ("[t]he statutes themselves require the payment of the tax and the filing of a return").  The jury verdict established that Defendant willfully violated these statutes.

III. Conclusion

For the foregoing reasons, including those articulated in previous pleadings filed in this case, Defendant's Motion to Dismiss for Lack of Substantive Regulations Having Force and Effect of Law (doc. no. 295) should be denied.

> Respectfully submitted,
>
> THOMAS SCOTT WOODWARD
> UNITED STATES ATTORNEY
>
>  /s/ Charles A. O'Reilly
> CHARLES A. O'REILLY, CBA NO. 160980
> Special Assistant United States Attorney
> KENNETH P. SNOKE, OBA NO. 8437
> Assistant United States Attorney
> 110 West Seventh Street, Suite 300
> Tulsa, Oklahoma  74119
> (918) 382-2700

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 4th day of February, 2010, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Lindsey K. Springer, Defendant

Oscar A. Stilley, Defendant

Robert Williams
Standby Counsel assigned to Lindsey Kent Springer

Charles Robert Burton, IV
Standby Counsel assigned to Oscar Amos Stilley

                                               */s/ Charles A. O'Reilly*
                                               CHARLES A. O'REILLY
                                               Special Assistant United States Attorney