IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.    09-CR-043-SPF |
| ) | |
| LINDSEY KENT SPRINGER, ) | |
| OSCAR AMOS STILLEY, ) | |
| ) | |
| Defendants. ) | |

### UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT SPRINGER'S MOTION STAY ALL ORDERS PENDING RULING FROM SUPREME COURT AND FOR ALTERNATIVE (DOC. NO. 306)

The United States of America, by and through its attorneys, Thomas Scott Woodward, United States Attorney for the Northern District of Oklahoma and Kenneth P. Snoke, Assistant United States Attorney, and Charles A. O'Reilly, Special Assistant United States Attorney, hereby responds in opposition to Defendants' Motion Stay All Orders Pending Ruling from Supreme Court, Brief in Support and for Alternative (doc. nos. 306 and 309)[1] (hereinafter Defendants' Motion for Stay). The United States attempts

---

[1] Defendant Stilley joined "in pleadings 295, 306 and 308, as if set forth herein word for word." Doc. no. 309. However, Defendant Stilley's joinder may be untimely, at least with respect to his purported joinder of Defendant Springer's Motion to Dismiss for Lack of Substantive Regulations Having Force and Effect of Law and Brief in Support, and related reply. Doc. nos. 295 and 308.

to address the substantive issues raised by Defendants, but confesses to being unable to identify any that have not previously been addressed and rejected in this case, possibly because Defendants' Motion for Stay is virtually incomprehensible. Many of Defendants' allegations in their latest motion are not addressed herein, having previously been addressed, refuted and denied.

Defendants fail to offer any legitimate basis for overriding the Rules of Federal Criminal Procedure and statutory authority regarding the proceedings of criminal trials, nor have Defendants established a lack of an alternative adequate remedy -, i.e., an appeal of the judgment and sentence. As Defendant Springer has been advised both by this Court and by the Tenth Circuit Court of Appeals, the remedy for the issues raised herein and heretofore is through the appellate process.

> The Supreme Court has made it clear that mandamus is a "drastic" remedy that is "to be invoked only in extraordinary situations." *In re Antrobus*, 519 F.3d 1123, 1124 (10th Cir. 2008) *(quoting Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980) (per curiam)). Among other factors for mandamus relief, a petitioner must show that "no other adequate remedy is available." *In re McCarthey*, 368 F.3d 1266, 1268 (10th Cir. 2004) (alteration and quotation omitted). Mr. Springer cannot satisfy this requirement, because at the proper time he may appeal his conviction and sentence. "The extraordinary relief of a writ of mandamus is not a substitute for an appeal." *Weston v. Mann (In re Weston)*, 18 F.3d 860, 864 (10th Cir. 1994).

*In re Lindsey K. Springer*, 09-5165 (D.C. No. 4:09-CR-00043-SPF-1)(N.D.Okla. 12/04/2009). In light of (a) the unlikelihood of success on the merits of the underlying action, (b) the United States' interest in the timely effectuation of final criminal

judgments, (c) the public's interest in the orderly administration of its criminal justice system free from belated efforts to derail it, and (d) Defendants' unnecessary delay in bringing this challenge to the jurisdiction of the trial judge, a stay is clearly inappropriate. Furthermore, Defendants' Motion for Stay contains misrepresentations of fact and law.[2]

I.      Defendants Fail to Meet the Test for Granting a Stay

Defendants assert that a request for stay is governed by Rule 8 of the Federal Rules of Appellate Procedure. Defendants omit noting "Rule 38 of the Federal Rules of Criminal Procedure governs a stay in a criminal case." Fed.R.App.P. 8(c).

---

[2] For example, Defendants falsely assert that "O'Reilly and Snoke issued a knowingly unlawful levy levying Springer's wife's checking account and Springer's paypal account . . ." (doc. no. 306 at 5, fn. 4), and "the Levy of November 20, 2009 [was] brought at the direction of O'Reilly and Snoke . . .." Doc. no. 306 at 17. Contrary to Defendants' assertion, and as Defendant Springer knows, neither of the prosecutors assigned to this case had any role with respect to the levies issued against Defendant Springer for delinquent taxes from the years 1992 through 1995. As Defendant Springer alleged in his opposition to these levies in 08-cv-278TCK-PJC, the Internal Revenue Service issued the levies ("On November 23, 2009, Agent Fred Rice levied Springer's Paypal account of $ 978.00 and levied Springer's wife checking account to the tune of $ 1400.00 on this same day at the direction of Mr. Strong, Ms. Downs, and the IRS in general"). *United States v. Springer*, 08-CV-278-TCK-PJ, doc no. 172 at 6, and generally doc nos. 174, 174-3 and 177; Attachments 1, 2 and 3.

Defendants also appear to assert that the United States misquoted *Macklin v. City of New Orleans*, 293 F.3d 237, 240 (5th Cir. 2002), stating that "[l]ike just about everything else they have been willing to say, even that appears wrong." Doc. no. 306 at 7 fn. 6. The quotation cited by the United States is correct. However, Defendants may be taking exception to the typographical error in which the United States indicated F.2d instead of F.3d.

3

A. Defendants Fail to Address All Five Requirements

Defendants also omit the first requirement that must be addressed by litigants moving for a stay: jurisdiction of this Court.[3] Defendants' Motion for Stay only addresses four of the five requirements identified in Tenth Circuit Rule of Appellate Procedure 8. Doc. no. 306 at 4. Defendants fail to address "the basis for the district court's or agency's subject matter jurisdiction and the basis for the court of appeals' jurisdiction, including citation to statutes and a statement of facts establishing jurisdiction." 10th Cir. R. 8.1(A). "No application for a stay or an injunction pending appeal will be considered unless the applicant addresses all of the following . . .." 10th Cir. R.8. Thus, as a result of Defendants' failure to address the first requirement in their motion, the Court should not consider Defendants' Motion for Stay.

B. Defendants Fail to Show a Likelihood of Success

Defendants fail to show the likelihood of success on appeal. Every alleged issue that has been previously raised by the Defendants has been considered and appropriately rejected by this Court. Similarly, Defendants' frivolous arguments have been previously

---

[3] Since the adverse verdict in this case, Defendants have repeatedly denied this Court has jurisdiction, most recently in Defendant Springer's Reply to Response in Opposition to Springer's Motions to Dismiss (Doc. 280, 282, 284). Doc. no. 308 at 1. Contrary to Defendant Springer's false assertion that the prosecutors "confess" that "[t]his Court lacks" jurisdiction (doc. no. 308 at 1), the United States acknowledges that this Court has jurisdiction in this case.

rejected by other courts that have considered them. Defendants offers no legitimate reason to believe that the jury verdicts convicting them will be overturned on appeal.[4]

Defendants falsely assert that this Court "was prohibited from 'proceeding further' under Title 28, United States Code Section 144. Doc. no. 306 at 12. Defendant Springer's lack of a legal education does not give him a license to misrepresent the law. As they have done throughout their criminal careers, Defendants ignore the facts and law that do not suit them, and makes false allegations that others must take the time to address and refute. The Court has previously considered and correctly rejected Defendants' frivolous contention that recusal is appropriate. The Court explained the reasons for denying Defendant Springer's motion for recusal in the order dated January 28, 2010. Doc. no. 293 at 19-23. Defendants conveniently ignore addressing these reasons given by the Court, and simply repeat their ill-conceived position that merely by filing a motion and affidavit, however lacking in merit, the Court was prohibited from acting further. For the reasons asserted in previous pleadings, Defendants are again wrong. The United States incorporates herein by reference its previous response, United States' Consolidated Response in Opposition to Defendant Springer's Motion to Disqualify, Recuse, Removal and Random Assignment, and Title 28 Section 144 Affidavit of Lindsey Kent Springer Regarding Bias and Prejudice. Doc. no. 277.

---

[4] All Defendants offer in support is the statement that "it is likely the Supreme Court will grant the relief Springer seeks," as well as similar assertions. Doc. no. 3 at 10. Defendants' asserted certitude is without factual or legal support.

C.   Defendants Fail to Articulate a Showing that Mandamus Will Issue

Defendants fail to show the threat of irreparable harm if the stay or injunction is not granted. Defendants state they are "needing to focus [their] attention to some degree on preparing for the April 21, 2010 sentencing even though it may not actually take place depending on what the Supreme Court does with Springer's Petition for Writ of Mandamus." Doc. no. 306 at 5.

Defendants are advised that they should focus their attention on preparing for sentencing; the trial jury convicted Defendants, and it is almost certain the Court will hold the sentencing hearing on April 21, 2010. There is virtually no chance that the Supreme Court will grant Defendant Springer's Petition for Writ of Mandamus. Furthermore, Defendants' conjecture that the Supreme Court will issue a writ of mandamus is insufficient to warrant a stay. The Supreme Court has traditionally exercised extreme caution in granting writs of mandamus; the petitioning party bearing "the burden of showing that its right to issuance of the writ is 'clear and undisputable.'" *Bankers Life and Casualty Company v. Holland*, 346 U.S. 379, 384, (1953), *quoting United States v. Duell*, 172 U.S. 576, 582 (1899). As the Court more recently emphasized "(o)nly exceptional circumstances, amounting to a judicial usurpation of power, will justify the invocation of this extraordinary remedy." *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980) (per curiam); *quoting Will v. Calvert Fire Insurance Company*, 389

U.S. 90, 98 n.6 (1967); *see also In re Cooper Tire & Rubber*, 568 F.3d 1180 (10th Cir. 2009). Defendants have not, and cannot, meet this standard.

Rulings on motions to recuse are left to the discretion of the district court. *See Nichols v. Alley*, 71 F.3d 347, 350 (10th Cir. 1995). Because of their discretionary nature, recusal matters will rarely be the objects of mandamus relief. *See Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. at 36. Here, Defendants' conclusory allegations of bias and the fact that the trial court ruled against them a number of times is insufficient to justify recusal, much less a writ of mandamus ordering recusal. *See Liteky v. United States*, 510 U.S. 540, 555-56 (1994).

Similarly, whether a stay should issue is relegated to the discretion of the district court. *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1487 (10th Cir. 1983) (finding district court's grant of stay to be an abuse of discretion), and is thus no basis for mandamus relief. Defendants do not, and cannot, establish a clear and indisputable right to a stay or to mandamus relief.

D.   A Stay to the Orders of this Court Will Cause Harm

Defendants understate the risk of harm to the public interest if Defendants' Motion for Stay is granted. In setting the conditions for release pending sentencing, the Court identified Defendants' proclivity for "mischief"[5] in fashioning the restrictions on

---

[5]   Contrary to Defendant's assertion in his pleading, the Court did not use the term "mischief" in its Order dated January 28, 2010. See doc. no. 306 at 11. The Court usedthe term in its Order dated February 3, 2010.

7

Defendants' continued release. As the Court previously stated in addressing the motion to modify terms of release filed by Defendant Stilley:

> These additional conditions are regulatory, not punitive, and were imposed with a view to establishing a structure for Mr. Stilley's day-to-day life, pending sentencing, which would minimize the risk that Mr. Stilley would engage in the kind of mischief for which the evidence demonstrated he has an unmistakable propensity when left entirely to his own devices. *See also, United States v. Moss*, 522 F.Supp. 1033, 1035 (E.D. Pa. 1982) and *United States v. Karmann*, 471 F.Supp. 1021, 1022 (C.D. Calif. 1979).

Court Order dated February 3, 2009. Doc. no. 299 at 6. The Court's concerns and rationale are equally applicable to Defendant Springer. Defendants are "unrepentant con-artist[s] who will continue to prey on any person gullible enough to listen" to them. Therefore, the safety of the community is at risk. *See United States v. Masters*, 730 F.Supp. 686, 689 (WDNC 1990).

Also, were Defendants' Motion for Stay granted, and all the Court's "orders, rulings and opinions" stayed, irreparable harm would be done not only by these Defendants, but also by others. Similarly situated defendants would be encouraged to file frivolous petitions simply in order to delay justice.[6]

E.    **Defendants' Identified Harm to Themselves is Ill-Founded**

Defendants assert they "a stay of the Court's orders due to the difficulty Springer has in balancing his need to comply with release pending sentencing and his need to

---

[6] Defendant states that he "makes this Motion so that he can pursue stay in the Tenth Circuit and then Supreme Court if he is unsuccessful. **Such requirement will take even more time**." Doc. no. 306 at 18 fn. 14 (emphasis added).

8

protect and represent himself in 09-cr-043 and the other cases Springer is required to prosecute or defend." Doc. no. 306 at 9. Defendants appear to assert that the conditions of release may result in their "being prohibited from representing [themselves] and vigorously pursuing that end." Doc. no. 306 at 12.

Defendant Springer asserts, without support, that he "cannot possibly maintain representing himself on these issues if Springer is to expend 40 hours per week away from representing himself under Judge Friot's Nov. 17, 2009 Order." Doc. no. 306 at 17. Somehow, other individuals holding full-time jobs manage to represent themselves. Furthermore, there are 168-hours in a week. Even allowing for eight hours per day for sleeping and two hours per day for commuting, the Court's forty-hour requirement leaves Defendant Springer with more than sixty hours each week to work on his defense. The Court previously denied Defendant Stilley's similar request. Doc. no. 299.

The conditions of release set by the Court were designed to ensure that Defendants did not engage in further misconduct while on release pending sentencing. The only fact Defendant Springer identifies that is a colorable impediment to his self-representation is the imposition of levies issued by the Internal Revenue Service against Defendant Springer's financial accounts. However, as the evidence established at trial, Defendant Springer is a chronic tax cheat who has not willingly paid any of his federal income tax obligations since at least 1990. The Internal Revenue Service has been seeking to collect the delinquent taxes, penalties and interest owed by Defendant Springer for more than a

decade. As indicated in his pleadings in the civil case, Defendant Springer continues to attempt to evade payment of his assessed federal income taxes, penalties and interest for the years 1990 through 1995. *See United States v. Springer,* 08-cv-278TCK-PJC. Contrary to Defendants' allegations, neither Assistant U.S. Attorney Snoke nor the undersigned had any role with respect to the levies assessed against Defendant Springer's financial accounts.

II.     Bail Reform Act Governs Release Pending Sentencing and Appeal

The Bail Reform Act of 1984 governs release pending sentencing or appeal. *See* 18 U.S.C. § 3143. Section 3143(a)(1) provides in pertinent part that a person who has been found guilty of an offense who is facing a likely term of imprisonment under the Sentencing Guidelines shall be detained unless the court finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the community or another person if released, or that the defendant's appearance and the safety of the community can be assured through "a condition or combination of conditions . . .." 18 U.S.C. §§3142 and 3143(a)(1). The Court determined that with respect to each defendant, additional conditions of release were required to assure the safety of the community.

Defendants' claim that "[t]he evidence is clear and convincing that none of the alleged conduct involving the public at issue has occurred or was occurring at the time of the Grand Jury Indictment" (doc. no. 306 at 7), and that [Defendant Springer] has committed no "mischief" for at least forty-two months. Doc. no. 306 at 8. To the

contrary, the evidence presented at trial demonstrated that Defendant Springer attempted and continued his con-artist activities up to and through the trial. This was aptly demonstrated by at least one witness' naive belief that Defendant Springer had any intention of repaying the money Defendants stole. In Defendant Springer's examination of that witness, Defendant Springer elicited testimony that Defendant Springer convinced the witness that an offer to purchase Defendant Springer's motor home should be declined rather than accepting the offer which, in theory, would have enabled Defendant Springer to make a significant payment toward what Defendant Springer owed. Defendant Springer's continuing misconduct is also demonstrated by Defendants' and others' internet postings reporting on this trial, including an internet blog that continues to serve as an echo of Defendants' ridiculous positions.[7]

III.     Defendants' Apparent Request for Sanctions is Frivolous and Unfounded

Defendants appear to be seeking sanctions when they state that "to suggest otherwise when a citizen's liberty is being sought requires with equal force sanctions against the attorneys making such argument." Doc. no. 306 at 21. Defendants offer absolutely no support for seeking sanctions against the prosecutors, nor can they. As with all of Defendants' frivolous positions, including the oft-refuted assertion that the lack of internal revenue districts divests the Court of jurisdiction to hear this matter, the United

---

[7]     As of the date of the filing of this response, that blog claimed to have had more than 6,600 visitors.

States has responded to Defendants' arguments and the Court has rejected them. *See* doc. no. 71 at 2-5 (United States Consolidated Response to Defendants' Motions to Dismiss); doc. no. 100 (Minute Order denying Motions to Dismiss doc. nos. 51, 53, 55, 57, 59, 61, 63, 65, 67, and 69); and doc. no. 293 at 5-6 (Order addressing motions at doc. nos. 224, 232, 262, 265, 267, 270 (affidavit), 271, 273 and 285).

Contrary to Defendants' implication that Defendants' position with respect to internal revenue districts has merit, or Defendants' assertion that "[t]he cases are so overwhelming in Springer's favor" that the United States has failed to "address them head on," Defendants' position is without merit and there are no cases in Defendant's favor on this issue. As previously asserted, Defendants' position is frivolous; the United States previously has addressed and refuted Defendants' position (*see* doc. no. 71 at 2-5, and doc. no. 276 at 4-5), and this Court has previously ruled against Defendants on these same frivolous positions.

IV.	Conclusion

Based upon the foregoing, Defendants' Motion for Stay should be denied, the Defendants' conditions of release should remain unchanged, and sentencing should proceed as scheduled on April 21, 2010.

                Respectfully submitted,

                THOMAS SCOTT WOODWARD
                UNITED STATES ATTORNEY

                */s/ Charles A. O'Reilly*
                CHARLES A. O'REILLY, CBA NO. 160980
                Special Assistant United States Attorney
                KENNETH P. SNOKE, OBA NO. 8437
                Assistant United States Attorney
                110 West Seventh Street, Suite 300
                Tulsa, Oklahoma  74119
                (918) 382-2700

**CERTIFICATE OF SERVICE**

   I hereby certify that on the 12th day of February, 2010, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Lindsey K. Springer, Defendant

Oscar A. Stilley, Defendant

Robert Williams
Standby Counsel assigned to Lindsey Kent Springer

Charles Robert Burton, IV
Standby Counsel assigned to Oscar Amos Stilley


                */s/ Charles A. O'Reilly*
                CHARLES A. O'REILLY
                Special Assistant United States Attorney