IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA

           Plaintiff,

                                      Case No. 08-CV-278-TCK-PJC

v.

Lindsey K. Springer, et al.,

           Defendants.


SPRINGER'S EMERGENCY MOTION TO ENJOIN UNDER 26 U.S.C. § 6330(e)
AND FOR TEMPORARY RESTRAINING ORDER

Plaintiff, Lindsey K. Springer and his nominee, SLCA Family Trust ("Springer"), by limited special appearance, living in the State of Oklahoma, and not in the United States Judicial District of Oklahoma, moves this Court pursuant to its supervisory power, and to the power granted in equity under federal law to enjoin Plaintiff pursuant to 26 U.S.C. § 6330(e), and any officers or employees to which work in concert with the, and to return levied property unlawfully taken from Springer on November 23, 2009.

On March 4, 2005, Fred Rice issued a Notice of Levy to Springer for the years at issue in the United States Amended Complaint.

On March 18, 2005, Springer sought CDP hearing on levy notice.[1]

On September 15, 2005, Springer appealed two determinations to the United

---

[1] The Internal Revenue Law provides a taxpayer with a right to a CDP notice for each tax period involving a levy and also, and in addition, a taxpayer has a right to a CDP hearing regarding a lien notice.

1

States District Court. See 05-1075.

This case was dismissed on August 7, 2006. Springer appealed to the 10th Circuit (06-6268) and out of an abundance of caution appealed to the Tax Court (017707-06L)

On August 23, 2007, the IRS Certified a release of lien fo the years at issue in Mr. Rice's Notice of Levy. See Exhibit 10 and 11 attached to Amended Complaint.

On August 23, 2007, the IRS also withdrew several Notice of Tax Liens. See Exhibit 7, 8 and 9, attached to Amended Complaint.

On May 9, 2008, the United States filed their complaint in this action. On July 16, 2008, Springer pointed out the mistake in bringing the action was that the claims the United States erroneously advanced in their complaint had been certified "released" unconditionally by the IRS on August 23, 2007.

On August 4, 2008, the United States convinced Agent Norman to "revoke" the almost year old Certificate of Releases and also convinced her to issue a new lien in favor of the IRS and against the property belonging to Springer.

On August 5, 2008, Springer received notice of these actions taken by the Internal Revenue Agent Norman and Springer's right to a Collection Due Process Hearing regarding the New Notice of Lien dated August 4, 2008.

Springer timely requested a hearing on the propriety of the revocation and new lien with the Internal Revenue Service. Agent Clark was assigned.

On October 10, 2008, Plaintiff Amended their Complaint at paragraphs 37

2

through 41 to include the August 4, 2008 revocation of Certificate of Lien Release.

On November 4, 2008, Agent Clark sent notice to Springer of the pending administrative claims Springer raised in his Collection Due Process request made in September, 2008. Those notices are attached to Docket # 57 as Exhibit 1 and 2

On January 9, 2009, IRS changed its manual to reflect Springer was not to have a CDP hearing on the August 4, 2008 revocation.

On January 9, 2009, Agent Clark informed Springer he was terminating Springer's CDP requests without explanation.

On February 18, 2009, Tax Court docketed Springer's timely Petition over the IRS's determination Springer had no right to a CDP hearing dated January 9, 2009.

On June 12, 2009, the Chief Judge of Tax Court ordered a trial on the issue of whether the April 28, 1999 Notice of Federal Tax Lien was mailed to Springer at his last known address.

On August 31, 2009, the 10th Circuit in Springer v. IRS, 08-9004 (017707-06L)(05-1075)(06-6268), published its decision upholding the March 4, 2005 Notice of Levy issued by Officer Rice.

On September 14 and 15, 2009, Judge Elizabeth C. Paris held hearing regarding IRS's Motion to Dismiss Springer's Petition to Tax Court over whether January 9, 2009 denial of CDP hearing was "determination" subject to Tax Court review.

On September 14 and 15, 2009, Judge Paris ordered the IRS to turn over

3

several items of discovery from Mr. Clark that demonstrated the involvement of Mr. Metcalfe and Strong in Mr. Clark's decision to refuse Springer a CDP hearing on the August 4, 2008 revocation of Springer's Certificate's of Release dated August 23, 2007.

These documents showed that 6 days prior to the IRS purportedly issuing an "assessment," dated May 29, 1997, on May 23, 1997, for the years at issue in the case herein, IRS was using and fully aware of Springer's address of 5147 S. Harvard, # 116, Tulsa, Oklahoma, 74135. (See discovery tendered to Springer in 3781-09L)

However, from May 29, 1997, IRS began sending Springer Notices of Tax Lien and Right to a CDP hearing, dated April 26, 1999, to 5943 E. 13th St. Tulsa, Oklahoma intentionally and not to 5147 S. Harvard, # 116, Tulsa, Oklahoma 74135.  See Ambuhle Declaration, Exhibit A, filed 12.12.08, (Doc. 76)

During the hearing in Tax Court, Judge Paris enquired of Ms. Downs as to why the IRS was using an address connected to corporate 6672 penalties with Springer's personal taxes claimed owed by way of Notice of Deficiency using the South Harvard Address.  Ms. Downs stood silent in answer to Judge Paris' question.

A tax lien only arises as a matter of law.  In order for the IRS to have a tax lien they must have issued an assessment, giving Springer notice and demand for payment and Springer then by operation of time refusing to pay.

The United State has no evidence they ever sent Springer any "assessment"

4

to 5147 S. Harvard, # 116, Tulsa, Oklahoma, regarding the Tax Court decision dated February 10, 1997, nor can they prove Springer refused to pay any demand for payment derived from any lawful assessment. Or any other notice with the wrong address.

The only "lien" that existed would need derive from proof of a demand for payment and refusal to pay which the United States has not produced in discovery.

In paragraph 15 of the Amended Complaint, the United States and IRS allege the following:

> 15. On the dates set forth below, a delegate of the Secretary of the Treasury **properly and timely made assessments against, and gave notice and made demand for payment upon Springer for the following unpaid federal income taxes and statutory additions** to tax:

In discovery in this case Springer sought the "assessment" and "notice and demand for payment" and was told Strong and the IRS are still looking for the assessment and notice and demand. That looking apparently continues.

There is no assessment and no notice and demand for payment. Without notice and demand for payment the IRS has no lien arising as a matter of law under Title 26, Section 6321.

This is why the Certificate of Releases were issued on August 23, 2007 as well as the withdrawal of notices.

Springer's CDP appeal is currently pending in tax court.

5

Section 6330(e) says that "the beginning of a levy or proceeding during the time the suspension under this paragraph is in force may be enjoined by a proceeding in the proper court."

On November 23, 2009, Agent Fred Rice levied Springer's Paypal account of $ 978.00 and levied Springer's wife checking account to the tune of $ 1400.00 on this same day at the direction of Mr. Strong, Ms. Downs, and the IRS in general. Exhibit 1.

The levy claims are derived from the assertion made by the United States and IRS in their Amended Complaint which are unsupported by any evidence whatsoever.

The only possible claim the IRS could have hinges both in this Court, the Tax Court, and lives or dies with the production of a valid assessment and notice and demand for payment to Springer, at his last known address, of such notice and demand, as alleged in paragraph 15 and 16 of the amended complaint.

The United States alleges this notice occurred on or about May 29,1997, July 9, 1997, April 9, 1998, and with other additions with dates alleged in paragraph 15 of the Amended Complaint.

Paragraph 16 alleges "Despite notice and demand for payment, Springer has neglected or refused to fully pay to the United States the tax assessments described in paragraph 15, above, together with the statutory additions to tax and

6

interest which have accrued thereon as provided by law."

There is no such notice and demand ever made to Springer at his last known address, and that as of August 23, 2007, the statutory time to make such "assessment" under Title 26, Section 6201, 6202 and 6203 had expired (10 years)(60 days).

Title 26, Section 6215 requires that once an amount has been determined final by the Tax Court, an assessment shall be made and paid upon notice and demand from the Secretary.

The United States alleges in paragraph 11, 12 and 13, of their amended complaint such was the case with Springer. There is an additional reason to enjoin Mr. Rice and the United State under section 6330. The regulations applicable to Rice's 11.23.09 levy are found at 26 CFR 301.6331 (2009): http://edocket.access.gpo.gov/cfr_2009/aprqtr/pdf/26cfr301.6331-1.pdf

This regulation clearly and unmistakably states:

(a) *Authority to levy*—(1) *In general*. If any person liable to pay any tax neglects or refuses to pay the tax within 10 days after notice and demand, the district director to whom the assessment is charged (or, upon his request, any other district director) may proceed to collect the tax by levy. The district director may levy upon any property, or rights to property, whether real or personal, tangible or intangible, belonging to the taxpayer. The district director may also levy upon property with respect to which there is a lien provided by section 6321 or 6324 for the payment of the tax.

Springer took the deposition of Ms. Mitchell, Ms. Wiedermann, Ms. Norman, Mr. Ambuehl, Mr. Nassif, and Ms. Bushnell all who confirmed that all Internal

Case 4:08-cv-00278-TCK-PJC Document 172 Filed in USDC ND/OK on 12/22/2009 Page 7 of 13

7

Revenue Districts and District Directors were abolished by late 1999 or early 2000.

In USA v. Springer, the United States admitted that all Internal Revenue Districts were abolished in the year 2000. See Doc. 71, pg. 4 in 09-cr-043.

Springer is not certain what levy authority Mr. Rice has been delegated but under 26 CFR 301.6331-1, he could not possess any delegation of authority from the "District Director" because that position has not existed since late 1999 or early 2000.

Titile 26, Section 6301 directs the Secretary with the authority to collect taxes and by regulation at 26 CFR 301.6301-1(2009)[2] the Secretary directs collection to be accomplished by way of the District Director of the Internal Revenue Districts.

ARGUMENT AND AUTHORITY

There exists a "broad prohibition of judicial impediment to taxation" however, this prohibition should not "be interpreted to give the Government carte blanche in the creation or assessment of taxes." Wyoming Trucking Assn. V. Bentsen, 82 F.3d 930, 933 (10th Cir. 1996) Such omnipotence would potentially allow the government to work all manner of legal deprivation under the guise of its power to tax. See Miller v. Standard Nut Margarine Co., 284 U.S. 498, 509, 52 S.Ct. 260, 263, 76 L.Ed. 422 (1931).

The Supreme Court has recognized a two-tiered exception to the Anti-Injunction Act. Enochs v. Williams Packing & Navigation, 370 U.S. 1, 82 S.Ct.

---

[2] http://edocket.access.gpo.gov/cfr_2009/aprqtr/pdf/26cfr301.6301-1.pdf

8

1125, 8 L.Ed.2d 292 (1961). The Williams Packing test allows an injunction of a tax where (1) it is clear that under no circumstances could the government ultimately prevail, and (2), equity jurisdiction would otherwise exist. Alexander v. Americans United Inc., 416 U.S. 752, 758, 94 S.Ct. 2053, 2067, 40 L.Ed.2d 518 (1974), citing Williams Packing. See Wyoming, at 930

**1. It is clear that under no circumstances could the government ultimately prevail**

The United States alleges an assessment exists, notice and demand was given to Springer, Springer refused to pay, and as a result of these actions, a lien arises as a matter of law against Springer and his rights to property regarding the Tax Court Order dated February 10, 1997. See paragraph 12 through 16 of the Amended Complaint.

In order for Fred Rice to justify his Levy he would need to produce the assessment the United States is still looking for, Notice and Demand given to Springer of the assessment stemming from the February 10, 1997 Tax Court order that the United States is still looking for, and that the lien supporting Fred Rice's Levy on Springer, both on Paypal and Springer's wife's checking account, exists as a matter of law.

No such lien exists as a matter of law. No record of any assessment exists and no record of any notice and demand of Springer under Title 26, Section 6201, 6202, 6203 exists to his last known address or any other address.

9

Furthermore, the Levy Notice Mr. Rice issued on March 4, 2005, involves a claim of Tax Lien that was certified released and withdrawn on August 23, 2007 by Renee Mitchell.

The August 4, 2008 New Lien claim by the IRS is currently under CDP litigation in the United States Tax Court. See 3781-09L

Under no circumstances could the United States prevail regarding the pending CDP hearing in Tax Court because the only test is whether such CDP request is pending. There is no dispute case 3781-09L is pending.

Likewise, without any lien over the amounts in the Tax Court Order dated February 10, 1997, the notice of levy is based upon no legitimate claim of the United States. See Title 26, Section 6201, 6202, 6203, 6215, 6321, and 26 CFR 301.6203-1.

Lastly, without evidence Fred Rice has been delegated by a District Director sitting over an Internal Revenue District encompassing the State of Oklahoma, Fred Rice would lack any delegation of authority to even issue a Notice of Levy under Title 26, Section 6301, 6331, and by regulation under 26 CFR 301.6301-1(2009) or 301.6331-1(2009); See also 26 CFR 601.101 referencing internal revenue laws applicable only in Internal Revenue Districts. See Titile 26, 7851.

**2. Equity jurisdiction exist**

First, the United States does not dispute this Court has jurisdiction over their

10

claims. Second, there is a disputed fact arising over the existence of a lien against Springer. Third, there is a disputed fact arising over the existence of any assessment or notice and demand for payment regarding the Tax Court decision dated February 10, 1997. Fourth, it is apparent that any possible notice would have been intentionally sent to the wrong address, and not last known address, of Springer.

The United States so matter of fact alleged in their Complaint and Amended Complaint, a lien existed as a matter of law, assessments were timely made, notice and demand were given to Springer, and Springer refused to pay those demands. Yet, the United States cannot produce a single shred of evidence to Springer, this Court or the Tax Court, that would begin to support such allegations.

Section 6330(e) clearly authorizes the United States may be enjoined by a proceeding in the proper court. This court has the supervisory power over its docket and the United States is the Plaintiff in this case.

CONCLUSION

Because the issue of the August 4, 2008 lien and the other conduct by the United States are pending before this Court and administratively before the United States Tax Court, this Court should enter an Order enjoining the United States and any Internal Revenue Service employees, pursuant to 26 U.S.C. § 6330, under its supervisory power, or in equity, including Fred Rice and his supervisors and co-employees, attorneys, and anyone working in concert with him, pending the final outcome of both this case and 3781-09L (Tax Court) on the propriety of any assessment, lien, or release that as of 18 months and counting the United States has been unable and unwilling to produce.

Respectfully Submitted

/s/ Lindsey K. Springer
Lindsey K. Springer
5147 S. Harvard, # 116
Tulsa, Oklahoma 74135
918-748-5539/955-8225(cell)

12

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Springer's Emergency Motion for Restraining Order and injunction, with exhibit, was mailed electronically (ECF) where denoted and by carrier otherwise on November 23, 2009:

By ECF:

Robert D. Metcalfe
James Clive Strong


Otherwise, on November 17, 2008:

Allen Mitchell, Esquire
111 East Dewey
P.O. Box 190
Sapulpa, Oklahoma 74067
(Attorney for defendants Martha F. Moore,
W.T. Smith and Janeth S. Smith)

Ms. Regina M. Carlson, Individually and
as Co-Trustee of the S.L.C.A. Family Trust
1003 Westland Road
Sapulpa, Oklahoma 74066

        /s/ Lindsey K. Springer
        Signature

| | |
|---|---|
| From: | \<service@paypal.com\> |
| To: | \<gnutella@mindspring.com\> |
| Sent: | Monday, November 23, 2009 1:53 PM |
| Subject: | Notification of Limited Account Access RXI060 |

Hello Lindsey Springer,

We're contacting you to let you know that we received a Levy notice from the Internal Revenue Service that affects your account. A Levy is the legal seizure of property or personal accounts to satisfy a debt.

The Levy requires us to turn over any funds in your account to the Internal Revenue Service. It also instructs that your access to your account will remain limited until the Internal Revenue Service notifies us that the debt has been paid.

If you have questions, please contact Fred Rice at 405-297-4468.

Sincerely,
PayPal

Please do not reply to this email. This mailbox is not monitored and you will not receive a response. For assistance, log in to your PayPal account and click the Help link in the top right corner of any PayPal page.

PayPal Email ID PP522

11/24/2009