IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA

        Plaintiff,

                      Case No. 08-CV-278-TCK-PJC

v.

Lindsey K. Springer, et al.,

        Defendants.

SPRINGER'S SUPPLEMENT TO HIS EMERGENCY MOTION TO ENJOIN UNDER 26
U.S.C. § 6330(e)AND FOR TEMPORARY RESTRAINING ORDER

Plaintiff, Lindsey K. Springer and his nominee, SLCA Family Trust ("Springer"),

by limited special appearance, living in the State of Oklahoma,[1] and not within any

Internal Revenue District previously established by law under Title 26, Section 7621,

asserting no valid assessment, no lien and no delegation of authority to levy exists,

files this supplement to his Motion filed on November 23, 2009, (Doc. 172 and 173)

to demonstrate the Notice of Levy and Letter to Springer by United States was

received by Springer on November 24, 2009, issued by Officer Fred Rice ("United

States"), on behalf of Plaintiff, and encompass the same years and purported

assessments at issue in this case and at issue in 3781-09L.   Title 26, § 6302 directs

that "mode" of collection is to be accomplished by "this title" or by regulations.

---

[1]Springer lives in the State of Oklahoma's Senate District 12 encompassing the
County of Creek. Springer lives in the State of Oklahoma's U.S. Congressional District 3
encompassing the County of Creek.  Springer lives in the State of Oklahoma's 24th
Judicial District encompassing the County of Creek.  Springer lives in the State of
Oklahoma's Representative District 29 encompassing most of the County of Creek.

ISSUES PRESENTED

1.    IN THE ABSENCE OF ANY INTERNAL REVENUE DISTRICTS OR DISTRICT
      DIRECTORS, BEGINNING IN THE YEAR 2000 TO PRESENT DAY, WHETHER FRED
      RICE HAS ANY DELEGATION OF AUTHORITY UNDER TITLE 26, SECTION 6301,
      AND 26 CFR 301.6301-1, Title 26, Section 7701(a)(12), 26 CFR 301.7701-9 AND
      26 CFR 301.7701-10,  TO CAUSE TO ISSUE OR ISSUE A NOTICE OF LEVY UNDER
      TITLE 26, SECTION 6331 AND 26 CFR 301.6331-1 AGAINST THE PROPERTY
      INTEREST OF LINDSEY KENT SPRINGER?

2.    IN THE ABSENCE OF ANY FORM 4340 TRANSCRIPT CONTAINING (1) THE **NAME
      OF THE TAXPAYER, (2) THE TAXPAYER'S [LAST KNOWN] ADDRESS**, (3) SOCIAL
      SECURITY NUMBER, (4) TYPE AND AMOUNT OF TAX INVOLVED, AND DATE OF
      ASSESSMENT, AS FOUND IN LONG V. U.S., 972 F.2d 1174, 1183 (fn. 8) (10th Cir.
      1992), HAS THE UNITED STATES PRESENTED PRESUMPTIVE PROOF OF A VALID
      ASSESSMENT UNDER TITLE 26, SECTIONS 6201,6202, 6303, AND ACCORDING TO
      26 CFR 301.6201 AND 301.6203?

3.    DOES THE UNITED STATES HAVE A VALID LIEN AS A MATTER OF INTERNAL
      REVENUE LAW ENFORCEABLE UPON PROPERTY OR RIGHTS TO PROPERTY
      BELONGING TO LINDSEY K. SPRINGER PURSUANT TO TITLE 26, SECTION 6331?

4.    WHETHER THE CERTIFICATE OF LIEN RELEASE DATED AUGUST 23, 2007, RENDERS
      THE NOTICE OF INTENT TO LEVY DATED MARCH 4, 2005, PURSUANT TO TITLE 26,
      SECTION 6331, AND 26 CFR 301.6331-1, INVALID AS A MATTER OF INTERNAL
      REVENUE LAW?

5.    WHETHER THE CERTIFICATE OF LIEN RELEASE DATED AUGUST 23, 2007, RENDERS
      THE NOTICE OF LEVY DATED NOVEMBER 20, 2009, PURSUANT TO TITLE 26,
      SECTION 6331, AND 26 CFR 301.6331-1, INVALID AS A MATTER OF INTERNAL
      REVENUE LAW?

6.    WHETHER 10 YEAR STATUTE OF LIMITATIONS PROHIBITS RECOVERY BY UNITED
      STATES IN THIS CASE OVER THEIR CLAIMS IN THEIR AMENDED COMPLAINT.

7.    WHETHER THE AMOUNTS AND YEARS AT ISSUE IN SPRINGER V. IRS, 08-9004, (10TH
      CIR. 2009) (8.31.09) WERE MOOTED BY THE CERTIFICATE OF RELEASE DATED
      AUGUST 23, 2007?

HISTORY

All Internal Revenue Districts were abolished by the President of the United States by October, 2000 and the Arkansas-Oklahoma District was terminated by the end of 1999. See Exhibit 2, Doc. 71, United States Opposition to Springer's Motion to Dismiss in 09-cr-043 dated May 29, 2009.

On August 23, 2007, IRS certified release of any lien claimed resulting from a Tax Court decision dated February 10, 2009. See Exhibit 10 and 11 attached to Amended Complaint dated October 10, 2008 (amending May 9, 2008 Original Complaint). At the time of the Complaint no Lien existed as a matter of law.

Springer and the IRS are in a controversy stemming from the "revocation" of release on August 4, 2008 pending in Tax Court. This case is docketed with tax court as 3781-09L. At issue in 3781-09L is whether a lien exists as a matter of law from May 29, 1997, or at any time thereafter.

On August 31, 2009, the Tenth Circuit issued a published opinion in 08-9004, styled Springer v. IRS upholding the Levy notice of the United States dated March 4, 2005 and citing Springer raises difficult issues between the tax code and the Paperwork Reduction Act. This decision also found the Commissioner made a frivolous argument when it claimed the Tenth Circuit had ruled Springer's Paperwork Reduction Act claims in 05-6387 (05-466 WDOk.), 06-5123 (NDOk.) and 06-6268 (WDOk.) were frivolous and meritless. The Panel stated they had never

ruled on the merits of Springer's Paperwork Reduction Act claims in any prior cases.[2]

On November 20, 2009, the United States placed in the mail copies of two Notice of Levies issued to "First United Bank and Trust" and "Paypal." Both Notices display Springer's Social Security Number and list out each of the years at issue in this case. Exhibit 3, pg. 1 and 2. The **First** Notice of Levy is to Paypal in Omaha Nebraska. The **Second** Notice of Levy is to First United Bank and Trust in Durant, Oklahoma. The actual checking account to which the Second Notice levied was held in an account in Sapulpa, Oklahoma at the First United Bank and Trust.

The United States also mailed a 10 day notice under Title 26, Section 6331, to Springer at his correct address on November 20, 2009. This Notice states "to prevent collection action, please pay the amount you owe by 11/30/09. Exhibit 3, pg. 3.[3]

The United States letter states enforced collection may include placing a levy on your bank accounts and then directs Springer he has till November 30, 2009 to prevent such collection action.

Springer points out that the same amounts, years and asserted assessments, listed by Officer Rice in his Notice of Levies dated 11/20/09, match the years and asserted assessments in Exhibit 10 and 11 of the United States Amended Complaint certified on August 23, 2007 released as to all liens against Springer.

---

[2]Petition for Rehearing was denied on October 27, 2009. Springer is preparing Writ of Certiorari due by January 24, 2010. A mandate has been issued by the Clerk's Office

[3]This was a shallow assertion by the Notice as the levy had already occurred.

4

1. IN THE ABSENCE OF ANY INTERNAL REVENUE DISTRICTS OR DISTRICT DIRECTORS, PURSUANT TO TITLE 26, 7621, BEGINNING IN THE YEAR 2000 TO PRESENT DAY, FRED RICE HAS NO DELEGATION OF AUTHORITY UNDER TITLE 26, SECTION 6301, AND 26 CFR 301.6301-1, Title 26, Section 7701(a)(12), 26 CFR 301.7701-9 AND 26 CFR 301.7701-10, TO CAUSE TO ISSUE OR ISSUE A NOTICE OF LEVY UNDER TITLE 26, SECTION 6331 AND 26 CFR 301.6331-1 AGAINST THE PROPERTY INTEREST OF LINDSEY KENT SPRINGER?

Title 26, Section 7621 directs

(a) Establishment and alteration -The President shall establish convenient internal revenue districts for the purpose of administering the internal revenue laws. The President may from time to time alter such districts.

(b) Boundaries- For the purpose mentioned in subsection (a), the President may subdivide any State, or the District of Columbia, or may unite into one district two or more States.

Title 4, Section 72 specifically provides "All offices attached to the seat of government shall be exercised in the District of Columbia, and not elsewhere, except as otherwise expressly provided by law." See Hughes v. U.S., 953 F.2d 531, 542 (9th Cir. 1992)(they rely on 4 U.S.C. § 72...,  This section does not foreclose the exercise of authority by the IRS outside the District of Columbia. The President is authorized to **establish internal revenue districts for the purpose of administering the internal revenue laws**, and these districts can be created outside of Washington, D.C. See 26 U.S.C. § 7621.")

The President of the United State "abolished internal revenue districts as of October 1, 2000." See Exhibit 2 citing "Testimony of David C. Williams, Inspector General, Treasury Inspector General for Tax Administration, dated May 8, 2001,

5

Implementation of the IRS Restructuring and Reform Act of 1998, Joint Hearing Before Committees of the United States Senate and United States House of Representatives."[4]   Without an Internal Revenue District there would be no boundary to identify and assign Internal Revenue District Directors.

26 CFR 301.6331-1 is entitled "Levy and distraint" and states "(a) *Authority to levy*—(1) *In general*. If any person liable to pay any tax neglects or refuses to pay the tax within 10 days after notice and demand, **the district director to whom the assessment is charged** (or, upon his request, any other district director) **may proceed to collect the tax by levy**. The **district director** may levy upon any property, or rights to property, whether real or personal, tangible or intangible, belonging to the taxpayer. The **district director may also levy upon property with respect to which there is a lien provided by section 6321** or 6324 for the payment of the tax."

Section 6322 clearly places the lien to arise at the time the "assessment" is made and assessments are made under 26 CFR 301.6203-1 by "The district director and the director of the regional service center" who "shall appoint one or more assessment officers. The district director shall also appoint assessment officers in a Service Center servicing his district. The assessment shall be made by an assessment officer signing the summary record of assessment. The summary record, through

---

[4]Springer presumes the United States will attempt to argue that the IRS Restructuring and Reform Act of 1998 abolished Internal Revenue Districts but that is false.   Title 26, Section 7621 remains a law of the United States and not repealed by the RRA 1998.

supporting records, shall provide identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of the assessment."

Officer Rice is not the "Secretary" under any Internal Revenue Law nor is he the Secretary of the Treasury. He likewise is no "delegate" of the Secretary or Secretary of the Treasury. The only way Officer Rice can exercise any authority of the Secretary is if he meets the definition under Title 26, Section 7701(a)(11)(B) which means the Secretary of the Treasury or his "delegate."[5]

26 CFR 301.7701-9(2009) entitled "**Secretary or his delegate"** defines the terms to mean "the Secretary of the Treasury, or any officer, employee, or agency of the Treasury Department ***duly authorized by the Secretary to perform the function mentioned or described in the context***, and the term 'or his delegate' when used in connection with any other official of the United States shall be similarly construed."

The Levy issued by Officer Rice on November 20, 2009, and his notice to

---

[5]Title 26, Section 7701(a)(11) entitled "Secretary of the Treasury and Secretary" and defines (A) Secretary of the Treasury - The term "Secretary of the Treasury" means the Secretary of the Treasury, personally, and shall **not include any delegate of his**. (B) Secretary - The term "Secretary" **means the Secretary of the Treasury or his delegate**. (12) Delegate (A) In general - The term "or his delegate"— (i) when used with reference to the Secretary of the Treasury, means any officer, employee, or agency of the Treasury Department **duly authorized** by the Secretary of the Treasury directly, or indirectly by one or more redelegations of authority, ***to perform the function mentioned*** or described in the context; and (ii) when used with reference to any other official of the United States, shall be similarly construed.

Springer on November 19, 2009, were both in violation of several Federal Laws and Regulations. First, there exists no Internal Revenue District or District Director encompassing the State of Oklahoma and particularly where Springer lives.

Under 26 CFR 601.101(2009) the Secretary promulgates "General Procedural Rules" and in "Introduction" states "(a) *General*. The **Internal Revenue Service is a bureau** of the Department of the Treasury under the **immediate direction of the Commissioner of Internal Revenue**. The ***Commissioner has general superintendence of the assessment and collection of all taxes imposed by any law providing internal revenue***. The Internal Revenue Service is the agency by which **these functions** are performed. **Within an *internal revenue district* the internal revenue laws are administered by a *district director* of internal revenue**."

In addition, Officer Rice is not the Secretary of the Treasury, or the Secretary. Officer Rice has no delegation of authority under Title 26, section 7701(a)(11), 7701(a)(12), 6301, 6331, nor any authority under 26 CFR 26 CFR 301.7701-9, 301.7701-10, 301.6301-1, and 26 CFR 301.6331-1 to levy the property interests of Lindsey Kent Springer within the boundaries of the State of Oklahoma or County of Creek.

The First Levy was in Omaha Nebraska and Springer is certain Fred Rice has currently no delegation of authority from any District Director encompassing the Internal Revenue District boundaries surrounding Omaha, Nebraska under Title 26, Section 7621.

The Second Levy is in Durant but the actual property is located in Sapulpa,

Oklahoma, within the County of Creek, State of Oklahoma and not in Durant, Oklahoma. Whether the delegation of authority to Officer Rice is to be shown from a District Director encompassing Durant, Oklahoma, or Sapulpa, Oklahoma, Springer is certain Officer Rice has currently no delegation of authority from any District Director encompassing any Internal Revenue District boundaries surrounding Sapulpa, Oklahoma under Title 26, Section 7621.

Since there are no Internal Revenue Districts, no District Directors, and no "offices" established by law, within the boundaries of the State of Oklahoma, Fred Rice has no delegation of authority to issue a levy against the property or rights to property belonging to Springer for years 1990, 1991, 1992, 1993, 1994, 1995 and 1996, listed within his Notice of Levy dated November 20, 2009 and this Court should find such Levy invalid as a matter of law.

2.      IN THE ABSENCE OF ANY FORM 4340 TRANSCRIPT CONTAINING (1) THE **NAME OF THE TAXPAYER, (2) THE TAXPAYER'S [LAST KNOWN] ADDRESS**, (3) SOCIAL SECURITY NUMBER, (4) TYPE AND AMOUNT OF TAX INVOLVED, AND DATE OF ASSESSMENT, AS FOUND IN LONG V. U.S., 972 F.2d 1174, 1183 (fn. 8) (10th Cir. 1992), THE UNITED STATES HAS NOT PRESENTED PRESUMPTIVE PROOF OF A VALID ASSESSMENT UNDER TITLE 26, SECTIONS 6201,6202, 6303, AND ACCORDING TO 26 CFR 301.6201 AND 301.6203?

In Ford v. Pryor, 552 F.3d 1174, 1179 (10th Cir. 2008) the Tenth Circuit reaffirmed its holding that in order for a Form 4340 and Certificate of Assessment to be synonymous, Form 4340 must contain "the required information" including "identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of the assessment." 26 C.F.R. § 301.6203-1.

*See* R. (No. 08-2034) Doc. 11-3, at 2-41. The Ford Court also found Form 4340 must also "includes the date of assessment" which is "the date the summary record is signed by an assessment officer." 26 C.F.R. § 301.6203-1. Courts, including the Tenth Circuit, have held that a Summary Record Assessment, provided on Form 4340, is "presumptive proof of a valid assessment." *March v. IRS*, 335 F.3d 1186, 1188 (10th Cir. 2003) (quotation omitted) (collecting cases).

In Long v. U.S., 972 F.2d 1174, 1183 (fn. 8) (10th Cir. 1992) the Tenth Circuit found that a "Form 4340 is a transcript that specifies that **name of the taxpayer**, the **taxpayer's address**, social security number, type and amount of tax involved, and the date of each assessment." They also found the "document" is to be "certified" by a director."

In Docket 89-2, 89-3, 89-4, 89-5, 89-6 and 89-7, the United States presented form 4340s with no taxpayer address. The reason for this is simple. If they ever sent "assessment" notices and demand for payment they sent them to an address other than Springer's last known address of 5147 S. Harvard, # 116, Tulsa, Oklahoma, 74135. Alan Ambuehl's Second Declaration, Docket 76, pg. 5-6, show the address used in 1999 was 5943 E. 13th St. Tulsa, Oklahoma, and not 5147 S. Harvard, # 116, Tulsa, Oklahoma 74135.

The presumptive proof is that not assessment with Springer's last known address was recorded in the office of the Secretary pursuant to Title 26, Section 6201. Title 26, Section 6303 directs the Secretary to give notice to Springer within 60

days and demanding payment. Under Title 26, Section 6321, a lien arises as a matter of law after the person liable "neglects or refuses to pay the same after demand.

In addition, 28 U.S.C. § 2410 (1988) authorizes civil actions against the United States to, inter alia, quiet title to "real or personal property on which the United States has or claims a mortgage or other lien." Guthrie v. Sawyer, 970 F.2d 733, 735 (10th Cir. 1992)   "While section 2410(a) thus waives sovereign immunity for quiet title actions involving tax liens, that section may 'not be construed as permitting a collateral attack on the merits of a tax assessment.' Schmidt v. King, 913 F.2d 837, 839 (10th Cir. 1990)." Id.  "When the taxpayer challenges the procedural regularity of the tax lien and the procedures used to enforce the lien, and not the validity of the tax assessment, **sovereign immunity is waived and the district court does have jurisdiction over a quiet title action**."[6]

_____The United States has not produced any presumptive proof of any valid assessment for the years 1990 through 1995 to levy against Springer's property or rights to property at issue in Officer Rice's Notice of Levy.

3.     THE UNITED STATES DOES NOT HAVE A VALID LIEN AS A MATTER OF INTERNAL REVENUE LAW ENFORCEABLE UPON PROPERTY OR RIGHTS TO PROPERTY BELONGING TO LINDSEY K. SPRINGER PURSUANT TO TITLE 26, SECTION 6331.

"The IRS must give [this] notice, containing the amount and a demand for

---

[6]Springer throws this jurisdictional argument in for good measure as the United States commenced this action and they must have waived sovereign immunity over those claims they seek this Court's Judgement to make.

11

payment, within sixty days of making the assessment. See I.R.C. § 6303(a). If the deficiency is not paid, a lien arises in favor of the United States on all real and personal property of the taxpayer, see I.R.C. § 6321, as of the time the assessment is made, see I.R.C. § 6322. The IRS is also authorized to levy upon the taxpayer's property, after notice, to recover unpaid taxes. See I.R.C. § 6331." Id.

There is no dispute the Certificate of Lien Release unconditionally released the lien claimed by the United States in its original complaint dated May 9, 2008. This release encompassed any Notice of Levy issued prior to August 23, 2007 (Rice's Notice of Intent to Levy and Right to CDP Hearing mailed to the wrong address is dated March 4, 2005).

There is no evidence any "assessment" was mailed to Springer at his last known address (or any address for that matter). The United States does not possess any evidence any "notice and demand" for payment required by Title 26, Section 6321 for a lien to arise as a matter of law after February 10, 1997 ever was attempted to be mailed to Springer at his last known address (or mailed to any address).

The United States Notice of Levy dated November 20, 2009, is based upon a claim of a tax lien in favor of the United States which as a matter of fact and law does not nor did ever exist.

Officer Rice's Notice of Levy is based upon an erroneous claim of lien that as a matter of law does not exist whatsoever.

12

4.    THE CERTIFICATE OF LIEN RELEASE DATED AUGUST 23, 2007, RENDERS THE NOTICE OF INTENT TO LEVY DATED MARCH 4, 2005, PURSUANT TO TITLE 26, SECTION 6331, AND 26 CFR 301.6331-1, AND THE NOTICE OF LEVY DATED NOVEMBER 20, 2009, INVALID AS A MATTER OF INTERNAL REVENUE LAW.

Officer Rice's Notice of Intent to Levy dated March 4, 2005, was premised upon numerous erroneous theories not to mention that a lien must have been in existence in favor of the United States for such Notice to in fact issue.

On August 23, 2007, any doubt of a lien was foreclosed in favor of Springer by the Certificate of Release issued by R.A. Mitchell.

The August 4, 2008, revocation of Certificate of Release of Lien and New Notice of Tax Lien are completely erroneous.  The undisputed fact is no lien, as a matter of law, arose on or about May 29, 1997, April 28, 1999, or at any time thereafter.  This includes August 4, 5, 2008.

Furthermore, the Certificate of Release of Lien dated August 23, 2007, as to all years at issue in this case and Officer' Rice's Notice of Levy dated November 20, 2009, were released as of August 23, 2007.

The August 4, 2008 revocation of these Certificate of Releases was an erroneous action taken with no justification under Federal Law.  This action by the IRS is also in dispute in Tax Court in case # 3781-09L.

Without a valid lien as a matter of law, the Notice of Levy issued by Officer Rice dated November 20, 2009, is completely erroneous, reckless and intentional. Without repeating, only District Directors of Internal Revenue Districts properly established under Title 4, Section 72 and Title 26, Section 7621, could delegate

13

power within the Internal Revenue District, previously established by law, to persons

such as Officer Rice.

Officer Rice has no such delegation of authority because no such delegation

of authority is available to Officer Rice to exercise as a delegate on behalf of the

Secretary of the Treasury or Commissioner of Internal Revenue.

5.  THE CERTIFICATE OF LIEN RELEASE DATED AUGUST 23, 2007, RENDERS THE
    NOTICE OF LEVY DATED NOVEMBER 20, 2009, PURSUANT TO TITLE 26, SECTION
    6331, AND 26 CFR 301.6331-1, INVALID AS A MATTER OF INTERNAL REVENUE
    LAW.

Officer Rice's Notice of Levy is premised upon a lien that does not exist as a

matter of Internal Revenue Law.  As demonstrated above and in the pleadings in

this case, no valid assessment exists, no notice and demand for payment was

made to Springer's last known address, no neglect or refusal has occurred, and no

lien arose on or about May 29, 1997, or at any time thereafter in favor of the United

States and against the property or rights to property belonging to Springer.

Officer Rice's Notice to Springer even fails to give the 10 days required by

section 6331.  The letter informs Springer he has 10 days to pay or collection will

begin even though enforced collection had already began.  See Exhibit 3.

The Notice of Springer's Right to a Collection Due Process Hearing

dated March 4, 2005, issued by Officer Rice to the known wrong address, does not

serve as the 10 day notice required by section 6331.[7]  Such construction of the 30

---

[7]Rice tapes a business card with the back face out on Springer's front door
saying for Springer to call him.  It was upon Springer calling him that Springer learned
the March 4, 2005, Notice of Levy was mailed to an intentional wrong address and not

day requirement under Title 26, Section 6330 would render the 10 days to have expired while the 30 days was continuing.

Exhibit 3 shows Officer Rice did not give Springer the 10 days notice nor did he make any finding of jeopardy with the Notice and Demand he gave Springer dated November 20, 2009, that Springer received on November 24, 2009.

The Notice of Levy should be held invalid and improvidently issued as a matter of law as there is no valid lien arising as a matter of law that Officer Rice can identify that would authorize an authorized person to issue a Notice of Levy.[8]

6.  THE 10 YEAR STATUTE OF LIMITATIONS PROHIBITS RECOVERY BY UNITED STATES IN THIS CASE OVER THEIR CLAIMS IN THEIR AMENDED COMPLAINT.

Title 26, Section 6501 sets the "collection after assessment" by levy to be "within 10 years after the assessment of the tax." The United States alleges the "assessment" occurred primarily on May 29, 1997. See paragraph 15 of their Amended Complaint. The Tax Court decision became final on February 10, 1997.

--------

last know address. The address used by the IRS on September 3, 1996, to mail Springer a Notice of Deficiency, see Amended Complaint at paragraph 10 and 11, which was 5147 S. Harvard, # 116, Tulsa, Oklahoma, 74135, was Springer's last known address and Springer has never submitted any change of address to the IRS since at least September 3, 1996. This address is the same address Springer used in his Tax Court Petition to which the United States claims derive their Lien under Title 26, Section 6215.

This issue is what presently is being decided in the United States Tax Court (3781-09L) and to which the United States IRS was given every opportunity on September 14, 15, 2009, by the Chief Judge of Tax Court to be prepared to present any evidence they had of the 5943 E. 13th Address usage by Springer after September 3, 1996, to which they informed the Tax Court Judge, Honorable Judge Paris, they had NO such evidence to present.

[8]As Springer shows Rice clearly is not such authorized person under 26 CFR 301.6331-1.

15

Title 26, Section 6503(a)(1) prohibited assessment for 60 days after February 10, 1997.[9]

In any event, to measure 10 years from May 29, 1997, concludes any claim under a valid assessment done on May 28, 2007. On its face, a Complaint filed on May 9, 2008, would clearly be outside of the 10 years.

Next, is the question of whether from March 19, 2005, through August 16, 2005, would qualify as an exception to the limitation under Title 26, Section 6503(a). Even with a valid assessment in existence, and there is no such assessment in the record of this case, the time period between March 19, 2005 and August 16, 2005, would not bring the May 9, 2008 Complaint within the 10 year limitation fixed by law.

May 29, 2007 to May 9, 2008, exceeds the 10 years by 335 days and the 150 days between March 19, 2005 and August 16, 2005 still leaves the United States with 185 days out of time even if they had produced any evidence of a valid assessment, notice and demand for payment to Springer, or that a lien arose as a matter of law after Springer could be shown to have refused to pay the amount claimed owed on that proved "notice and demand." See Title 26, Section 6330(e)(2)(Paragraph 1 shall not apply to a levy action while an appeal is pending if the underlying tax liability is not at issue in the appeal)

In any event, without sending Notice and Demand for payment to Springer's last known address of 5147 S. Harvard, # 116, Tulsa, Oklahoma, 74135, the United

---

[9]See also 26 CFR 301.6215-1 and Title 26, Section 6215.

16

States never had any lien, as a matter of law, and without any "record of assessment" recorded in the office of the Secretary reflected by such notice and demand, the United States' "Levy" is unlawful and reckless.[10]

Equally revealing is that the Levy notices reflected they are in accordance with Title 26, Section 6331 and they are clearly not.  Section 6331 specifically states "if any person liable to pay any tax neglects or refused to pay the same **within 10 days** after notice and demand, it shall be lawful for the Secretary to collect such tax by levy upon all property and rights to property belonging to such person or on which there is a lien provided in this chapter for the payment of such tax."

The United States cannot show a 10 day demand was made prior to the November 20, 2009 Levy issued by Officer Rice. Both the 10 day and 10 year limitations have been violated by Officer Rice's Levy action to both Paypal and First United Bank and Trust and both Levies should be held in valid as a matter of law.

7.    THE AMOUNTS AND YEARS AT ISSUE IN SPRINGER V. IRS, 08-9004, (10TH CIR. 2009)(8.31.09) WERE MOOTED BY THE CERTIFICATE OF RELEASE DATED AUGUST 23, 2007.

It is expected that the United States will claim the decision on August 31, 2009, in 08-9004, somehow authorizes Officer Rice to levy property or rights to

---

[10]"As a result, the legal and procedural requirements that the Appeals officer was required to verify under section 6330(c)(1) were (i) **that a valid assessment was made**, (ii) **that notice and demand was issued**, (iii) that the liability was not paid, and (iv) that the Final Notice of Intent to Levy and Notice of Your Right to a Hearing was issued to the taxpayer."  See Ron Lykins Inc. v. CIR, 133 T.C. No. 5, 17 (T.C. 9-2-2009)

property belonging to Springer.  Title 26, Section 7601 states the Secretary shall cause officers of the Treasury Department to proceed, form time to time, through each Internal Revenue District and inquire after and concerning all persons therein who may be liable to pay any internal revenue tax, and all persons owning or having the care and management of any objects with respect to which any tax is imposed.

26 CFR 301.7601-1 is entitled "Canvass of districts for taxable persons and objects" and states "Each district director shall, to the extent he deems it practicable, cause officers or employees under his supervision and control to proceed, from time to time, through his district and inquire after and concerning all persons therein who may be liable to pay any internal revenue tax, and all persons owning or having the care and management of any objects with respect to which any tax is imposed."

Whether it be to Levy under Title 26, Section 6331, or Summons under Section 7601, the authority must be derived from the District Director assigned to the Internal Revenue District by delegation of authority by the Secretary of the Treasury flowing down through the Commissioner of Internal Revenue.

Title 26, Section 6301 vests in the Secretary of the Treasury the function of collection of taxes and the Secretary delegated this function to the District Director of the Internal Revenue District whose boundaries must encompass the place Springer lives.

18

No such Internal Revenue Districts exist as a matter of law from the year 2000 forward. The Certificate of Release of Lien dated August 23, 2007, mooted Officer Rice's Notice of Intent to Levy dated March 4, 2005.

It was that Notice of Levy which was the subject of the decision dated August 31, 2009 by the Tenth Circuit in 08-9004.

Currently, the Tax Court, in 3781-09L and this Court are the only two Courts presented with the question regarding the validity of the claim of assessment, claim of notice and demand and refusal to pay by Springer, and that a lien arose as a matter of law on May 29, 1997, attaching to all property and rights to property belonging to Springer.

The Tax Court is considering the validity of the August 4,5, 2008 revocation of lien and new lien issued by the IRS. The only claim by the Commissioner in that case pending is whether the Letter dated January 9, 2009, is a determination subject to tax court review.

The Commissioner argues it is not but the Tax Court has informed the Commissioner that in "In Kennedy v. Commissioner, TC Memo. 2008-33, [that] Court, among other things, held that where a CDP lien notice was not mailed to a taxpayer's last know address, that CDP lien notice was invalid. See sec. 301.6320-1(a)(2), Q & A-12, Proced. & Admin. Regs.; see also Buffano v. Commissioner, TC Memo. 2007-32" and that "Upon due consideration, it is ORDERED that, on or before June 1, 2009, respondent shall file a Response to petitioner's opposition. Among

19

other things, respondent in that Response shall set forth respondent's position as to

whether or not the CDP lien notice sent by respondent on April 29, 1999, had been

sent to petitioner's last known address."

The Commissioner informed the Tax Court in response:

> Petitioner alleges that his last known address in 1999 was 5147 S.
> Harvard Ave. #116. Respondent acknowledges that this address has
> been used by petitioner for purposes of litigation and was an address
> so used by petitioner and known to respondent prior to April, 1999, but
> cannot confirm that this address was petitioner's "last known address"
> in respondent's electronic records on April 29, 1999. Respondent
> acknowledges that this address was used by respondent for purposes
> of the mailing, on September 3, 1996, of notices of deficiency to
> petitioner with respect to the taxable years 1990 through 1995.
> However, respondent's counsel does not know whether alternative
> addresses were used for purposes of the mailing of the notices of
> deficiency in 1996. Petitioner petitioned the Tax Court from the notices
> sent to 5147 S. Harvard Ave. #116.

If the Commissioner did not use Springer's last known address then Springer

has a right to a CDP Hearing regarding the Notice of Lien dated April 28, 1999 to

which he has not yet received.  See Exhibit 1 attached to the United States

Amended Complaint.  See also Docket 76, pg. 5-6 (Ambuehl Declaration using

5943 E. 13th St. Dated April 29, 1999)  The sole question for the Tax Court was and is

after September 3, 1996, where did Springer use 5943 E. 13th St. that caused the IRS

to change the address of Springer from 5147 S. Harvard, # 116, Tulsa, Oklahoma,

74135 to 5943 E. 13th St. Tulsa, Oklahoma.

When asked by Honorable Judge Paris the Commissioner informed the Tax

Court that no such evidence as to why the IRS changed the last known address of Springer to 5943 E. 13th St. existed after September 3, 1996.

Springer's right to challenge the Notice of Lien based upon the fact no assessment or lien as a matter of law is clear and undisputed at this point. The Lien at issue in 08-9004 was released on August 23, 2007, not just a Notice of Lien, but the actual Lien, and the only possible lien that any Levy could be supported by hinges on a valid assessment made within 60 days of February 10, 1997, a notice and demand for payment and Springer's refusal to pay that demand within the time set under the Internal Revenue Law.

The Lien Officer Rice purportedly relied upon to issue his Notice of Intent to Levy dated March 4, 2005, has been certified released. This makes the decision in 08-9004 not supportive of the United States claim of Levy dated November 20, 209. The United States has no "assessment" properly recorded in the office of the Secretary. The United State has made no demand for payment or given Springer notice as required by the Internal Revenue Law and regulations. The United States has no "lien" as a matter of law.

SPRINGER PREVAIL ON THE MERITS

Section 6330 should provide enough support for this Court to enjoin the United States in this case. This Court also has authority under Title 28, Section 2410. See Guthrie v. Sawyer, 970 F.2d 733, 735 (10th Cir. 1992)( In addition, 28 U.S.C. § 2410 (1988) authorizes civil actions against the United States to, inter alia, quiet title to

21

"real or personal property on which the United States has or claims a mortgage or other lien.")

While section 2410(a) thus waives sovereign immunity for quiet title actions involving tax liens, that section may "not be construed as permitting a collateral attack on the merits of a tax assessment." Schmidt v. King, 913 F.2d 837, 839 (10th Cir. 1990). "When the taxpayer challenges the procedural regularity of the tax lien and the procedures used to enforce the lien, and not the validity of the tax assessment, sovereign immunity is waived and the district court does have jurisdiction over a quiet title action." Id.  "[w]e now ...hold that while a quiet title action may not be used to seek review of the amount of tax liability assessed, that statute does waive sovereign immunity with respect to procedural violations arising from assessment, levy, and seizure." Guthrie,  supra

The Supreme Court carved out a narrow exception to the AIA, whereby litigation is permitted if two criteria are met: under no circumstances would the government be certain of succeeding on the merits; and plaintiff would suffer irreparable harm with no adequate legal remedy absent injunction. Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7 (1962) ("Only if it is then apparent that, under the most liberal view of the law and the facts, the United States cannot establish its claim, may the suit for an injunction be maintained.").

There is no question that the United States cannot established evidence to support their claim of a lien or right to levy for the reasons no District Director exists,

22

no Internal Revenue District encompassing the State of Oklahoma exists, no assessment exists, no notice and demand exists, no lien exists and any purported lien was certified released as a matter of law.

Springer has 3 children he currently is responsible, ages 9, 14 and 16 (type 1 diabetic), and his wife, and allowing the United States to continually levy what ever they choose can cause irreparable injury to Springer.    If Springer loses either the pre-existing coverage of his 16 year old son, or the insurance for his children or wife, those protections may not be re-gainable due to pre-existing condition issues and or once the automatic withdrawal is denied for lack of funds, the insurance policy would most likely cancel all together.

 Springer is in several litigations presently where the United States Department of Justice is on the opposing side.  Springer needs to maintain day to day expenses both for his family and those incurring in certain Federal cases.[11]  The United States on the other hand has no claim or need for the levied funds whatsoever.   In fact, the only event accomplished against Springer in all the different erroneous claims of authority displayed by the United States Department of Justice is that they can claim success by outspending their opponent.  Such a procedure needs a firm resolve form this Court and an injunction will send that message.

---

[11]This case remains pending.  3781-09L is pending.  06-156 remains pending an on interlocutory appeal in 09-5088 by the U.S. DOJ.  Springer also is representing himself in 09-cr-043 and it is paramount Springer not have money taken from him that is unauthorized as that could affect Springer's Sixth Amendment Right to self represent.

23

CONCLUSION

Springer requests this Court issue an order temporarily enjoining the United States, its officers and employees, from taking any administrative actions regarding Lindsey K. Springer, for years at issue in this case and present in the Notice of Levy dated November 20, 2009, finding (1) no delegation of authority exists for Officer Rice from any District Director or any Internal Revenue District encompassing either the place Springer lives, Durant, Oklahoma or Omaha, Nebraska; (2) that no assessment to Springer's last known address is presented in the record of this case; (3) that no notice and demand for payment to Springer at his last known address is present in the record of this case; (4) that a lien does not exist as a matter of law over the years 1990 through 1995; (5) that any purported lien was released on August 23, 2007; (6) that the claims of the United States are outside of 10 years from the purported assessment date of May 29, 1997; (7) that the decision by the Tenth Circuit in 08-9004 is based upon a Lien that was released on August 23, 2007, and (8) that whether a lien remains over these issues is presently pending in the United State Tax Court in 3781-09L under Title 26, section 6320 and appears likely no such lien exists.

Respectfully Submitted

/s/ Lindsey K. Springer
Lindsey K. Springer
5147 S. Harvard, # 116
Tulsa, Oklahoma 74135
918-748-5539/955-8225(cell)

24

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Springer's Supplemental Emergency Motion for Restraining Order and injunction, with exhibit, was mailed electronically (ECF) where denoted and by carrier otherwise on November 29, 2009:

By ECF:

Robert D. Metcalfe
James Clive Strong
Allen Mitchell

Otherwise, on November 29, 2009:


Ms. Regina M. Carlson, Individually and
as Co-Trustee of the S.L.C.A. Family Trust
1003 Westland Road
Sapulpa, Oklahoma 74066


/s/ Lindsey K. Springer
Signature

25

Internal Revenue Service
STOP 5113-OKC-FRED RICE
55 N.ROBINSON
OKLAHOMA CITY, OK 73102

Department of the Treasury

Date: 11/19/2009

Taxpayer Identification Number:
███████

Person to Contact:
FRED RICE

LINDSEY K. SPRINGER
5147 S. HARVARD AVE #116
TULSA, OK 74135

Contact Telephone Number:
405-297-4468
Contact Fax Number:
405-297-4405
Employee Identification Number:
73-0576

Dear LINDSEY K. SPRINGER

Although we previously sent you a notice of our intention to collect your unpaid tax through enforced collection, our records show that you still have not paid the amount you owe. Enforced collection may include placing a levy on your bank accounts, wages, receivables, commissions, etc. It could also involve seizing and selling your property, such as real estate, vehicles, or business assets.

To prevent collection action, please pay the amount you owe by 11/30/2009.

Make your check or money order payable to the United States Treasury, and write your social security number or employer identification number on it. Send your payment to us in the enclosed envelope with a copy of this letter. **The amount you owe is shown on the next page.**

If you recently paid this or if you can't pay it, call as soon as you get this letter. Our telephone number is at the top of this letter. If you disagree with our taking enforcement action, you may be able to work out another solution. Speak to the person whose name appears at the top of this letter, or ask for that person's manager. If you do not agree with the results, you may ask for appeals consideration.

The unpaid amount from prior notices may include tax, penalties, and interest you still owe. It also includes credits and payments we have received since our last notice to you.

**Interest - Internal Revenue Code Section 6601**
We charge interest when your tax is not paid on time. Interest is computed from the due date of your return (regardless of extensions) until paid in full or to the date of this notice. Interest is also charged on penalties assessed on your account. Interest compounds daily except on underpaid estimated taxes for individuals or corporations.

Letter 3174 (Rev. 11-2006)
Catalog Number 26846G

| FORM NUMBER | TAX PERIOD | UNPAID AMT FROM NOTICE | ADD PENALTY | ADD INTEREST | AMT YOU OWE |
|---|---|---|---|---|---|
| 1040 | 12/31/1992 | $14,606.76 | $2,021.00 | $19,462.89 | $36,090.65 |
| 1040 | 12/31/1993 | $67,060.95 | $9,943.00 | $89,356.13 | $166,360.08 |
| 1040 | 12/31/1994 | $21,339.20 | $3,406.00 | $28,402.71 | $53,147.91 |
| 1040 | 12/31/1995 | $20,155.73 | $3,514.50 | $26,856.50 | $50,526.93 |
| CIVIL PENALTY | 12/31/1996 | $4,329.16 | $0.00 | $4,339.47 | $8,668.63 |

(Rev. July 2002)

**Notice of Levy**

DATE: 11/20/2009

REPLY TO:

INTERNAL REVENUE SERVICE
STOP 5113-RICE
55 N. ROBINSON
OKLAHOMA CITY, OK 73102

TELEPHONE NUMBER
OF IRS OFFICE:

(405) 297-4468

(405) 297-4405 FAX

NAME AND ADDRESS OF TAXPAYER:

LINDSEY K. SPRINGER
5147 S. HARVARD #116
TULSA, OK 74135

TO:

FIRST UNITED BANK AND TRUST
PO BOX 130
DURANT, OK 74702

IDENTIFYING NUMBER(S):

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| 1040 | 12/31/1990 | $18,790.58 | $26,661.55 | $45,452.13 |
| 1040 | 12/31/1991 | $15,615.45 | $22,801.74 | $38,417.19 |
| 1040 | 12/31/1992 | $14,606.76 | $21,483.89 | $36,090.65 |
| 1040 | 12/31/1993 | $67,060.95 | $99,299.13 | $166,360.08 |
| 1040 | 12/31/1994 | $21,339.20 | $31,808.71 | $53,147.91 |
| 1040 | 12/31/1995 | $20,155.73 | $30,371.20 | $50,526.93 |
| CIVIL PENALTY | 12/31/1996 | $4,329.16 | $4,339.47 | $8,668.63 |

THIS LEVY WON'T ATTACH FUNDS IN IRAs, SELF-EMPLOYED INDIVIDUALS' RETIREMENT PLANS, OR ANY OTHER RETIREMENT PLANS IN YOUR POSSESSION OR CONTROL, UNLESS IT IS SIGNED IN THE BLOCK TO THE RIGHT. ➡

**Total Amount Due ▶ $398,663.52**

We figured the interest and late payment penalty to ___12/20/2009___

Although we have told you to pay the amount you owe, it is still not paid. This is your copy of a notice of levy we have sent to collect this unpaid amount. We will send other levies if we don't get enough with this one.

Banks, credit unions, savings and loans, and similar institutions described in section 408(n) of the Internal Revenue Code **must hold your money for 21 calendar days** before sending it to us. They must include the interest you earn during that time. Anyone else we send a levy to must turn over your money, property, credits, etc. that they have *(or are already obligated for)* when they would have paid you.

If you decide to pay the amount you owe now, please **bring** a guaranteed payment *(cash, cashier's check, certified check, or money order)* to the nearest IRS office within this form, so we can tell the person who received this levy not to send us your money. Make checks and money orders payable to **United States Treasury.** If you mail your payment instead of bringing it to us, we may not have time to stop the person who received this levy from sending us your money.

If we have erroneously levied your bank account, we may reimburse you for the fees your bank charged you for handling the levy. You must file a claim with the IRS on Form 8546 within one year after the fees are charged.

If you have any questions, or want to arrange payment before other levies are issued, please call or write us. If you write to us, please include your telephone number and the best time to call.

Signature of Service Representative

Title REVENUE OFFICER FRED RICE

Part 4— For Taxpayer

Form 668-A(c)(DO) (Rev. 7-2002)

Department of the Treasury — Internal Revenue Service
## Notice of Levy

DATE: 11/20/2009
REPLY TO:
    INTERNAL REVENUE SERVICE
    STOP 5113-RICE
    55 N. ROBINSON
    OKLAHOMA CITY, OK 73102

TELEPHONE NUMBER
OF IRS OFFICE:

(405) 297-4468
(405) 297-4405 FAX

NAME AND ADDRESS OF TAXPAYER:

LINDSEY K. SPRINGER
5147 S. HARVARD #116
TULSA, OK 74135

TO:
    PAYPAL
    ATTENTION: LEGAL DEPARTMENT
    PO BOX 45950
    OMAHA, NEBRASKA 68145-0950

IDENTIFYING NUMBER(S):

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| 1040 | 12/31/1990 | $18,790.58 | $26,661.55 | $45,452.13 |
| 1040 | 12/31/1991 | $15,615.45 | $22,801.74 | $38,417.19 |
| 1040 | 12/31/1992 | $14,606.76 | $21,483.89 | $36,090.65 |
| 1040 | 12/31/1993 | $67,060.95 | $99,299.13 | $166,360.08 |
| 1040 | 12/31/1994 | $21,339.20 | $31,808.71 | $53,147.91 |
| 1040 | 12/31/1995 | $20,155.73 | $30,371.20 | $50,526.93 |
| CIVIL PENALTY | 12/31/1996 | $4,329.16 | $4,339.47 | $8,668.63 |

| | Total Amount Due ▶ |
|---|---|
| THIS LEVY WON'T ATTACH FUNDS IN IRAs, SELF-EMPLOYED INDIVIDUALS' RETIREMENT PLANS, OR ANY OTHER RETIREMENT PLANS IN YOUR POSSESSION OR CONTROL, UNLESS IT IS SIGNED IN THE BLOCK TO THE RIGHT. ——————▶ | $398,663.52 |

We figured the interest and late payment penalty to   12/20/2009

Although we have told you to pay the amount you owe, it is still not paid. This is your copy of a notice of levy we have sent to collect this unpaid amount. We will send other levies if we don't get enough with this one.

**Banks, credit unions, savings and loans, and similar institutions described in section 408(n) of the Internal Revenue Code must hold your money for 21 calendar days before sending it to us.** They must include the interest you earn during that time. Anyone else we send a levy to must turn over your money, property, credits, etc. that they have (or are already obligated for) when they would have paid you.

If you decide to pay the amount you owe now, please **bring** a guaranteed payment (cash, cashier's check, certified check, or money order) to the nearest IRS office with this form, so we can tell the person who received this levy not to send us your money. Make checks and money orders payable to **United States Treasury.** If you mail your payment instead of bringing it to us, we may not have time to stop the person who received this levy from sending us your money.

If we have erroneously levied your bank account, we may reimburse you for the fees your bank charged you for handling the levy. You must file a claim with the IRS on Form 8546 within one year after the fees are charged.

If you have any questions, or want to arrange payment before other levies are issued, please call or write us. If you write to us, please include your telephone number and the best time to call.

| Signature of Service Representative | Title REVENUE OFFICER FRED RICE |
|---|---|

     Form 668-A(c)(DO) (Rev. 7-2002)