IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA

           Plaintiff,

                                              Case No. 08-CV-278-TCK-PJC

v.

Lindsey K. Springer, et al.,

           Defendants.

SPRINGER'S REPLY TO UNITED STATES' RESPONSE OPPOSING SPRINGER'S
MOTION TO ENJOIN UNDER 26 U.S.C. § 6330(e) AND FOR TEMPORARY
RESTRAINING ORDER

Lindsey K. Springer and his nominee, SLCA Family Trust ("Springer"), by limited special appearance, living in the State of Oklahoma, and not within any Internal Revenue District previously established by law under Title 26, Section 7621, files his reply to the United States Response in Opposition (Doc. 176) to Springer's Motion(s)(Doc. 172 and 173).

Now undisputed facts

The Secretary of Treasury officing in the District of Columbia in 1996 under the Clinton Administration was Robert Rubin pursuant to Title 31, Section 301(b). As of September 3, 1996 the Commissioner of Internal Revenue's office was filled by appointment of Margaret Milner Richardson pursuant to Title 26, Section 7803. See Exhibit 1 (1995 Booklet), pg. 4; and Exhibit 2 (1996 Booklet), pg. 4. K.J. Sawyer was the District Director of Oklahoma Arkansas Internal Revenue District in the year 1996. See Weiss v. Sawyer, (W.D.Okl. 1997) 28 F. Supp.2d 1221

On September 3, 1996, a person by the name of Norman Botsford[1] issued two notice of

---

[1] Paragraph 10 of the Amended Complaint dated October 10, 2008, alleges that "On September 3, 1996, the **Commissioner of Internal Revenue** issued two notices of deficiency to Springer, one

1

deficiencies to Springer at 5147 S. Harvard, # 116, Tulsa, Oklahoma 74135. Doc. 78-2, 78-3; See also Doc. 36, paragraph 10 The Notice of Deficiencies were sent from "Department of Treasury, Internal Revenue Service, District Director." Doc. 78-2, pg. 1; Doc. 78-3, pg. 1

Springer petitioned the Tax Court timely and on February 10, 1997, the United States Tax Court entered a decision in favor of the "Commissioner of Internal Revenue" and against Springer. Doc. 36, paragraph 12 and 13. From February 3, 2003 until June 28, 2006, John William Snow was the 73rd Secretary of the Treasury in the District of Columbia pursuant to Title 31, Section 301(b).

From May 1, 2003 to May 6, 2007, Mark W. Everson served as the Commissioner of Internal Revenue in the District of Columbia pursuant to Title 26, Section 7803. On March 9, 2005, Fred Rice, after depositing a business card on Springer's front door located in the County of Creek and State of Oklahoma, mailed to Springer's correct address a copy of the Notice of Intent to Levy sent to an erroneous address at Springer's demand.² Doc. 78-5   The years at issue in the Intent to Levy Notice were 1990-1995 with assessment dates of May 29, 1997, and April 9, 1998.  See Doc. 78-8

Springer timely sought a CDP Hearing on the Levy Notice and on August 16, 2005, a person claiming to act on behalf of the Secretary of the Treasury issued two notice of determinations. *Springer v. I.R.S.*, 231 Fed. Appx. 793, 799 (10th Cir., May 1, 2007)  From July 3, 2006 to January 9, 2009, Henry Merritt Paulson, Jr. Was the 74th   Secretary of the Treasury in the District of Columbia office pursuant to Title 31, Section 301(b). On August 23, 2007, the Secretary of the Treasury caused to be issued Certificate's of Release of Liens involving "assessments" against

---

asserting federal income tax deficiencies against him for the years 1990 through 1992 and the other asserting federal income tax deficiencies against him for the years 1993 through 1995.

²The wrong address is 5943 E. 13th St.  and the correct address is 5147 S. Harvard, # 116.

"Lindsey K. Springer" dated May 29, 1997 and April 9, 1998. See Doc. 36-8 and 36-9 (Exhibits Attached to Amended Complaint dated 10.10 08).

However, Springer did not receive notice of these Certificates of Release until July 19, 2008. See Doc. 14, pg. 1 (Declaration of Springer)  The United States Tax Court in an order and decision dated November 14, 2007, in *Springer v. Commissioner*, Case No. 17707-6L, affirmed the Commissioner of Internal Revenue's Judgment and granted the Commissioner of the Internal Revenue **only** to Proceed to Levy. See Order, Exh. 3.

On January 26, 2009, Timothy F. Geithner became the 75 Secretary of the Treasury.  See http://www.treas.gov/organization/bios/geithner-e.shtml On August 31, 2009, the Tenth Circuit affirmed the Tax Court's decision to sustain the Tax Court decision in 17707-6L. *See Springer v. Commissioner*, 580 F.3d 1142, 1143 (10th Cir. 8.31.09). On November 20, 2009, Fred Rice is claimed by the United States to have issued the two levies at issue in Springer's Motions under Title 26, Section 6331. See Doc. 176, pg. 2, and 4 footnote 2. See also Doc. 174-2 Fred Rice is not the Commissioner of Internal Revenue now or at anytime previously.

### UNITED STATES' ON JURISDICTION

The United States alleged in their Amended Complaint that this "civil action is commenced at the request of, and with the authorization of, the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and at the direction of the Attorney General of the United States, pursuant to §§ 7401 and 7403 of the Internal Revenue Code of 1986 (26 U.S.C.) ("IRC").

Jurisdiction is alleged pursuant to Title 26, Section 7402, and under Title 28, Section 1340 and 1345. The United States cites to United States v. Rodgers, 461 U.S. 677, 682 (1983) which quotes Section 6331(a) entitled "authority of the secretary":

> "If any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary [**or his delegate**] to collect such tax (and such further sum as shall be sufficient to cover the expenses of the levy) by levy upon all property and rights to property (except such property as is exempt under section 6334) belonging to such person or on which there is a lien provided in this chapter for the payment of such tax . . . ."

### UNITED STATES ERRONEOUS OPPOSITION

**1.  Section 6331 does not authorized the "IRS" but rather only authorizes the Secretary and Fred Rice is not the Secretary of Treasury as of November 20, 2009.**

There is no dispute the Plaintiff has directed Fred Rice to act under Section 6331. Doc. 176, pg. 4, fn.2 Congress does not though name Fred Rice specifically under Section 6331 and Mr. Strong and Acting U.S. Attorney Thomas S. Woodward either knew or should know this undisputed fact.

In fact, Section 6331 clearly authorizes the "Secretary" to levy and Fred Rice does not declare at any time he is the Secretary. Fred Rice has declared under penalty of perjury to this Court that he is a "duly commissioned Revenue Officer" who is "employed" in Oklahoma City. Doc. 157, pg.1

The only way Mr. Rice could act on behalf of the Secretary, is as a "delegate" of the Secretary of Treasury being the Commissioner of Internal Revenue. Rice could act with "redelegated" authority from the Secretary of the Treasury, through the Commissioner of Internal Revenue, however Rice has not ever established he is so re-delegated. The United States cannot show the Secretary, Commissioner or Rice are authorized to act outside the D.C.. See Hughes v. U.S., 953 F.2d 531, 536 and 542(9th Cir. 1992)("The actual task of collecting the taxes, however, has been delegated to local IRS directors.")("The taxes imposed by the internal revenue laws shall be collected by district directors of internal revenue. 26 C.F.R. § 301.6301-1.")("The President is authorized to establish internal revenue districts for the purpose of administering the internal revenue

laws, and these districts can be created outside of Washington, D.C. See 26 U.S.C. § 7621.")

Congress has delegated to the Secretary of the Treasury the task "of administering the tax laws of the Nation." See United States v. Cartwright, 411 U.S. 546, 550 (1973) Though in United States v. Correll, 389 U.S. 299, 307 (1967) the Supreme Court said that delegation was from Congress to the Commissioner. This Court is obligated to "defer to Treasury Regulations that 'implement the congressional mandate in some reasonable manner.'" Commissioner v. Portland Cement Co. of Utah, 450 U.S. 156, 169 (1981); United States v. Correll, supra, at 307  "Congress has delegated to the [Secretary of the Treasury and his delegate, the] Commissioner [of Internal Revenue], not to the courts, the task of prescribing `all needful rules and regulations for the enforcement' of the Internal Revenue Code. 26 U.S.C. § 7805" National Muffler Dealers Assn. v United States, 440 U.S. 472, 477 (1979)

As demonstrated in Springer's Motions and unrebutted by the United States, the only regulation the United States could attempt to rely upon to allow the Secretary to act outside of District of Columbia, under Title 4, Section 72, is through 26 CFR §§ 301.6331-1 and 601-101.[3]

It "is clear that the Secretary of the Treasury has full authority to administer and enforce the Internal Revenue Code, 26 U.S.C. § 7801, and has the power to create an agency to administer and enforce the laws. *See* 26 U.S.C. § 7803(a). Pursuant to this legislative grant of authority, the Secretary of the Treasury created the IRS. 26 C.F.R. § 601.101."Young v. IRS, 596 F. Supp. 141, 147 (1984)(NDIn); see Cameron v. I.R.S., 593 F. Supp. 1540, 1549 (1984)(NDIn)

---

[3]On page 8 of Springer's Supplemental to his Motions Springer specifically quoted a **2009** Treasury Regulation **26 CFR 601.101** which says "The Internal Revenue Service is the agency by which these functions are performed. **Within an *internal revenue district* the internal revenue laws are administered by a *district director* of internal revenue**."

5

At no time does the United States present any "evidence" Rice is a duly authorized delegate of the Secretary of the Treasury. Only the Secretary of the Treasury under section 6331, within D.C. only, was authorized by Congress to "levy" Springer. See Title 31, Section 301, which establishes the Department of Treasury and Office of the Secretary of Treasury at the "seat of Government."

Title 26, United States Code, Section 6301 provides the Secretary with the power to collect unpaid taxes. United States v. Tedder, 787 F.2d 540, 542 (10th Cir. 1986)("Congress gave the Secretary of the Treasury the power to enforce the income tax laws through involuntary collection. See, e.g., 26 U.S.C. § 6301 et seq.")

As Springer pointed out in his supplemental filing, 26 CFR 301.6331-1(2009) directs the "District Director" with the delegated power to levy and no such person or office or "internal revenue district" has existed since latter part of 1999 for the State of Oklahoma. This regulation is cited in the IR Manual as current and the source of any authority.

The United States does not cite to a single law that satisfies Title 4, Section 72's mandate that all "offices attached to the seat of government shall be exercised in the District of Columbia, **and not elsewhere**, *except* as otherwise expressly provided by law." Nor can they.

The office of the Commissioner is established in the "Department of the Treasury" pursuant to Title 26, United States Code, Section 7803. Again, the Department of Treasury is in the District of Columbia and that is where the office of the Commissioner of Internal Revenue is seated.

The lawless notion advanced by the United States in this case that Rice is a "Revenue Officer" and the "6331 provides the authority of the 'IRS' to make a levy" is unsupported by any facts, statutes or regulations. The Secretary of Treasury derives "authority" only pursuant to 26 U.S.C. §§ 7801, 7803. Springer v. U.S. 447 F. Supp.2d 1235, 1238 (N.D.Okla. 2006) Section

6

6331 never mentions "IRS" and the only way to get to IRS is through 26 CFR 601.101 and the regulation stops at the phrase "internal revenue district" and "district director" as there ain't none.

**2. Elizabeth Downs is not the Secretary of the Treasury nor would the Secretary of Treasury have any authority outside the District of Columbia to authorize suit under Title 26, Section 7401 or 7403 absent any office previously "established by law."**

On August 27, 2008, Robert D. Metcalfe signed under penalty of perjury that Elizabeth Downs was a "delegate of the Secretary of Treasury" and "IRS area counsel" requesting and authorizing Springer be sued. The redacted exhibit referenced by Metcalfe references Title 26, United States Code, Section 7401 and 7403. Metcalfe does not declare what specific delegation Elizabeth Downs possesses that authorizes her to act on behalf of the Secretary of the Treasury. See 26 CFR 301.7701-9 and 301.7701-10.

There is nothing in Title 26, United States Code, Section 7701(a)(12) that could be relied upon by Downs or Metcalfe to make such authorization. There is nothing in Downs' redacted letter that support Metcalfe's conclusion that she is a delegate of the Office of Secretary of Treasury. Without authorization from the Secretary, this Court lacks Jurisdiction over the claims made by the United States. Furthermore, even if Downs could act as the Secretary of the Treasury, that delegation would only be to the extent the Secretary could act himself. As the Supreme Court held long ago, "[t]he scope of [an agent's] authority may be explicitly defined by Congress or be limited by delegated legislation, properly exercised through the rule-making power. And this is so even though . . . the agent himself may have been unaware of the limitations upon his authority. <u>Fed. Crop Ins. Corp. v. Merrill</u>,332 U.S. 380, 383-84 (1947).

26 CFR 301.7401(2008) does not create any delegation of authority from the Secretary to the Commissioner. Equally, there is no delegation from the Secretary to the Chief Counsel. There is

7

not a single delegation of anything from the Secretary to anyone outside the District of Columbia. The Internal Revenue Manual at http://www.irs.gov/irm/part1/irm_01-002-053.html shows no listing for any such delegation.

Equally, there is no office out side the District of Columbia established by law that would allow the office of the Secretary of the Treasury to "be exercised" in the State of Oklahoma or anywhere else for that matter. See Title 4, Section 72.

Mr. Metcalfe's declaration that Ms. Downs is a delegate of the Secretary of Treasury is unsupported by any words in Ms. Downs April 10, 2008 purported redacted letter. See Doc. 34-A,

**3.    Kim Norman was not authorized by any law or delegation of authority to act on behalf of the Secretary of Treasury to revoke any Certificate of Release dated August 23, 2007 pursuant to Title 26, Section 6325(f)(2).**

The United States argues that:

the IRS continues to have liens because the IRS properly revoked the erroneous releases, the tax assessments are presumptively valid, and Springer has not provided evidence otherwise. (Doc. # 163).

Doc. 176, pg. 4.

This erroneous argument hinges upon whether Kim Norman was authorized by law to "revoke" Springer's Certificate's of Release. On August 15, 2008, the United States argued that:

"Springer bases his argument on two sets of documents: 1) withdrawals of Filed Notice of Federal Tax Lien....2) **Certificates of Release of Federal Tax Lien** ...which the IRS revoked because they were erroneously issued ......**on August 1, 2008, the IRS subsequently revoked those releases on August 4, 2008. IRC § 6325(f)(2)**. See Doc. 20, pg. 12

On December 12, 2008 the United States explains IRS revoked Springer's Releases:

(citing Treas. Reg. § 301.6325-1(a)(1)...**The statutory authority to revoke a certificate of release is found in IRC § 6325(f)(2). Section 6325(f)(2) authorizes the IRS to revoke a certificate of release and reinstate the lien** where the

8

certificate of release was "issued erroneously or improvidently." See Doc. 77, pg. 12

Title 26, Section 6325(f)(2) states:

"If the **Secretary** determines that a certificate of release of a lien imposed by section 6321 was issued erroneously or improvidently.... the **Secretary** may revoke such certificate and reinstate the lien..."

On August 15, 2008, Kim Norman declared under penalty of perjury that:

On August 4, 2008, I traveled to the Office of the County Clerk of Creek County in Sapulpa, Oklahoma, **for the purpose of filing Revocation of Certificate of Release of Federal Tax Lien** (Form 12474) and Notices of Federal Tax Lien. <u>I prepared and filed the Revocations because the IRS had determined that the Certificates of Release of Federal Tax Lien</u> (Exhibits 20 and 21 to this Declaration) **had been erroneously issued and recorded**

See Doc. 24, pg. 2

Norman said she prepared the revocation because "the IRS had determined..." She did not say "the Secretary had determined" and that is what Section 6325(f)(2) required. Ms. Norman's unauthorized Certificate of Revocation dated August 1, 2008, filed by her on August 4, 2008, is an unauthorized and unlawful exercise under Title 26, Section 6325.

Ms. Norman is not the Secretary of the Treasury. This is not disputed. She does not declare she is or that she is authorized as a delegate of the Secretary of the Treasury to issue revocations under Title 26, Section 6325(f)(2) outside D.C. The United States does not argue otherwise. Saying "IRS" is authorized or the "IRS" did it does not satisfy any Internal Revenue Law.

The Secretary of the Treasury has not delegated any authority under Title 26, Section 6325(f)(2) to Kim Norman. There is no evidence presented by the United States that says otherwise. Without district directors under 601.101(2008-2009), the Secretary of the Treasury, Commissioner of Internal Revenue and Internal Revenue Service are prohibited from exercising the "office" of the

Department of Treasury outside of D.C. pursuant to Title 4, Section 72.

**4. Springer has satisfied the test for injunction under section 6330 and equity**

The United States concludes its levy by Rice is valid by saying:

As discussed more fully in the United States' response in opposition to Springer's motion for summary judgment, the **IRS continues to have liens** because the **IRS properly revoked the erroneous releases**, the **tax assessments are presumptively valid**, and **Springer has not provided evidence otherwise**. (Doc. # 163).

IRS does not ever have a lien as a matter of law. See Section 6321. This section is a "lien in favor of the United States" and section 6323 places that interest in the hands of the Secretary. Kim Norman had no authority to revoke Springer's Certificate's of Release, as the Secretary of the Treasury, and no evidence provided by the United States shows that she did. See Long v. U.S., 972 F.2d 1174, 1183 (fn. 8) (10th Cir. 1992)     In the learned words from Chief Justice Marshall, writing for the Supreme Court in 1821 in *Thatcher v. Powell,* 19 U.S. (6 Wheat.) 54, 56, 5 L.Ed. 221 (1821) with respect to government taking of private property:

> "That no individual or public officer can sell, and convey a good title to, the land of another, **unless authorized so to do by express law**, is one of those self-evident propositions to which the mind assents, without hesitation; and that the person invested with such a power **must pursue with precision the course prescribed by law**, or his act is invalid, is a principle which has been repeatedly recognized in this court."

CONCLUSION

Springer's injunction should issue absent a showing of precision in compliance with law and that cannot ever be done in this case.

>                         Respectfully Submitted
>                         /s/ Lindsey K. Springer
>                         Lindsey K. Springer
>                         5147 S. Harvard, # 116
>                         Tulsa, Oklahoma 74135
>                         918-748-5539/955-8225(cell)

10

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Springer's Reply to the United States Response in Opposition to Springer's Motions for Restraining Order and injunction, with exhibits, was mailed electronically (ECF) where denoted and by carrier otherwise on December 18, 2009:

By ECF:

Robert D. Metcalfe
James Clive Strong
Allen Mitchell

Otherwise, on November 29, 2009:


Ms. Regina M. Carlson, Individually and
as Co-Trustee of the S.L.C.A. Family Trust
1003 Westland Road
Sapulpa, Oklahoma 74066


                                              /s/ Lindsey K. Springer
                                              Signature