IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA

        Plaintiff,

                              Case No. 09-CR-043-SPF

v.

LINDSEY KENT SPRINGER,
OSCAR AMOS STILLEY

        Defendants

SPRINGER'S REPLY TO RESPONSE IN OPPOSITION TO "THIRTEENTH"
MOTION TO DISMISS

Lindsey Kent Springer ("Springer") files his reply to the response in opposition to Springer's Motion to Dismiss regarding the now undisputed fact none of the substantive regulations at issue in each Count of the Grand Jury Indictment have the force and effect of law. Clearly Springer is timely on this Motion as the Court lacks jurisdiction in the absence of any substantive regulations promulgated according to the Administrative Procedures Act.

This part of the epic controversy centers around these words:

"'the requirement to file a tax return is mandated by statute, **not by regulation**' and "'such explicit statutory requirements are not subject to the PRA"

Compare the words above to these words:

"[H]owever, as stated above, the United States did not rely upon any regulations **specifying events triggering an obligation** for the Defendants to file tax returns."

Doc. 201, pg. 3.

What is the difference between "events triggering an obligation" and "the requirement to file

1

a tax return is mandated by statute, not by regulations"? What are the events as announced by "statute" that triggered the "obligation" to file "tax returns" and how is any "event" triggered without any regulations or other statutes that rely upon substantive regulations? What is a definition of "tax return" anyway?

The Supreme Court said in *United States v. Hubbell*, 530 U.S. 27, 35 (2000) evidence may be gathered as a "by product of obedience to a ***regulatory requirement***, such as filing an income tax return,..." They said "regulatory requirement"![1] The Tenth Circuit held in 1980 that "Sections 6011 and 6012, Title 26 U.S.C. require that he [Rickman] file a return." *United States v. Rickman*, 638 F.2d 182,184 (10th Cir. 1980)

And irony enters when in one of the very cases cited by the Court on January 28, 2010, and repeatedly cited as authority for the "mandate by statute" "not by regulation" theory the Tenth Circuit in *United States v. Dawes*, 951 F.2d 1189, 1193(fn. 3)(10th Cir. 1991) stated that "[T]he provisions of the Internal Revenue Code which require the filing of a tax return, 26 U.S.C. § 6011-12."

Interestingly, Mr. O'Reilly argues on the one hand Springer's Motion to Dismiss is too late and then on the other hand he argues it has been raised before which cannot possibly be true. It is argued that Springer's Motion on regulations should have been filed by May 15, 2009, but the moon gets scattered when in O'Reilly's trial brief, voila, a littering of continued references to regulations appears. Springer tried to get the Court involved in regulations after the first Bill of Particulars with O'Reilly's citation of section 6011 which begins "When required by regulations..."

---

[1] What is amazing to Springer is how does anyone expect any one to know which cases of the Supreme Court and Tenth Circuit to trust and which ones are suspect to treatment as gibberish by the United States when it does not suit its agenda?

2

Indeed, after this Court's order directing a Second Bill of Particulars and while O'Reilly and company had Springer in California doing the jig with a pre-trial deposition Springer strongly opposed and just a few days before trial, Springer and this Court learned of the substantive regulations O'Reilly listed in the Second Bill of Particulars. Oh, lets not forget the sliding in of the Grand Jury Transcript of Judith Patterson on the 21st of October for good measure dated October 6, 2004.

It is one thing to cite to substantive regulations but it is another to enforce them. Mr. O'Reilly has played with the term "regulation" as if without regulations section 6012 is the only words ever needed uttering by Congress to satisfy some "mandate" that Springer provide information about something to someone, somewhere, at some time. Mr. O'Reilly even takes a stab at the now undisputed fact, whatever his theory of section 6012 ought be, that an exempt amount plays an undeniable role in his theory. However, such exempt amount appears in no statute whatsoever. If the "amount" does not appear in any "statute" then what other way can such "amount" to which section 6012 so faithfully relies become a "mandate by statute, not by regulation" theory? Or even better, what "events trigger the obligation" under section 6012 if section 6012 does not define exemption amount, income and return?

Section 6012 does not define return, does not define income, and does not define exempt amount. Yet, under the weight of shear obstinance, Mr. O'Reilly is once again asking this Court to reject the Supreme Court of the United States holdings on the subject as well as long standing precedent in the Tenth Circuit.

"Sections 6001 and 6011 require every person responsible for payment or collection of taxes

to keep such records and make such returns *as the Secretary prescribes*." *Otte v. United States*, 419 U.S. 43, 52 (1974)

Mr O'Reilly wishes this Court stay away from the Supreme Court and stay out of the holdings by the Tenth Circuit. He concludes that "[t]he statutes themselves require the payment of the tax and the filing of a return". Doc. 302, pg. 6  But consider "the government makes no claim that the exemption amount listed in the Form 1040 instruction booklet has the force of law." Doc. 302, pg. 5

We are all aboard at this point. But watch this. Mr. O'Reilly then says "Instead, the exemption amount is calculated under a formula that is set forth in § 6012 of the IRC". This is not true. Springer and Mr. O'Reilly must not be reading from the same "statute" of section 6012. Springer specifically cites to section 6001 first. This section reads at all relevant times:

> 26 U.S.C. § 6001. Notice or regulations requiring records, statements, and special returns **Every person liable for any tax imposed by this title**, or for the collection thereof, shall keep such records, render such statements, make such **returns, and comply with such rules and regulations as the Secretary may from time to time prescribe**. Whenever in the judgment of the Secretary it is necessary, he may require any person, by notice served upon such person or by regulations, to make such returns, render such statements, or keep such records, as the Secretary deems sufficient to show whether or not such person is liable for tax under this title. The only records which an employer shall be required to keep under this section in connection with charged tips shall be charge receipts, records necessary to comply with section 6053(c), and copies of statements furnished by employees under section 6053(a).

Section 6011 reads as follows:

> 26 U.S.C. § 6011. General requirement of return, statement, or list (a) General rule — **When required by regulations prescribed by the Secretary any person made liable for any tax imposed by this title**, or with respect to the collection thereof, **shall make a return or statement according to the forms and regulations**

4

**prescribed by the Secretary. Every person required to make a return or statement shall include therein the information required by such forms or regulations**....

Section 6012, the mandating theory provision, reads in relevant part:

"26 U.S.C. § 6012. Persons required to make returns of income (a) General rule — Returns with respect to income taxes under subtitle A shall be made by the following:

(1) (A) Every individual having for the taxable year gross income which equals or exceeds the exemption amount, except that a return shall not be required of an individual...

There is not a smidgeon of doubt that section 6012, without substantive regulations, would ever satisfy establishing any "obligation" or "requirement" to say or do anything with the Secretary or his delegate upon Springer.[2]

There is no regulations promulgated by the Secretary identifying the meaning of exempt amount for 200, 2001, 2002, 2003, 2004 and 2005. O'Reilly admits this in his opposition.

## CONCLUSION

Without substantive regulations complying with the Administrative Procedures Act Section 6001 (requiring regulations), 6011 (requiring regulations) and 6012 (requiring regulations to define return, income and exempt amount) mandate nothing upon anyone to do anything at any time and for any reason. This is simply the law and O'Reilly's ignoring the Supreme Court and Tenth Circuit precedent should be enough for this Court to dismiss the indictment as Springer demands.

---

[2]Of course, O'Reilly argues in this regard that as long as he says someone is a delegate of the Secretary no further enquiry is allowed by the person that purported delegate has affected. That is not the law either.

Respectfully Submitted

/s/ Lindsey K. Springer
Lindsey K. Springer

5147 S. Harvard, # 116

Tulsa, Oklahoma 74135

918-748-5539/955-8225(cell)

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Lindsey Kent Springer's Reply to Response to Motion to Dismiss (13th) was ecf'd on February 18, 2010 to:

Kenneth P. Snoke,
Charles O'Reilly,
Oscar Stilley

/s/ Lindsey K. Springer
Signature