# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,     )
                                        )
       Plaintiff,             )
                                          )
vs.                                 )    Case No. 09-CR-0043-F
                                        )
LINDSEY KENT SPRINGER and  )
OSCAR AMOS STILLEY,       )
                                        )
       Defendants.        )

## ORDER

This order addresses the motions at doc. nos. 280, 282, 284, 306 and 309.

1.

Taking the last-filed motion first, defendant Oscar Stilley has filed a notice, docketed as a motion, asking to join in pleadings filed by defendant Springer.  (Doc. no. 309.)  The pleadings Mr. Stilley asks to join in are doc. nos. 295, 306 and 308. The motion to join in these pleadings is **GRANTED**.  (Doc. no. 309.)

2.

Defendant Springer's motions to dismiss (at doc nos. 280, 282 and 284) have been fully briefed and are ready for determination.  Defendant Stilley has joined in these motions.   The motion at doc. no. 280 seeks dismissal of count one on jurisdictional grounds and for lack of venue.  The motion at doc. no. 282 seeks dismissal of counts two through six on jurisdictional grounds and for lack of venue. The motion at doc. no. 284 seeks dismissal of the indictment on jurisdictional grounds.

In these motions, defendants make a number of arguments that the court has previously rejected, or which necessarily depend on previously-rejected arguments.

These arguments include but are not limited to defendants' contentions: that abolishment of Internal Revenue Districts prevents this prosecution; that the Internal Revenue Service does not have any lawful functions to perform either in the District of Columbia or elsewhere; that without any Internal Revenue Districts or a District Director to administer and enforce internal revenue laws, there can be no lawful function capable of being impeded, impaired, obstructed or defeated, by the alleged acts described in the indictment; that Thomas Scott Woodward was never authorized to act as United States Attorney in this case; that Mr. Snoke and Mr. Reilly also are not authorized to prosecute this action; and that the United States does not have standing to bring criminal charges under Article III.

The court is not required to continually interpret, restate and clarify previously rejected arguments in order to consider and ultimately reject them again after they have been repackaged by the defendants into yet more motions. However, to the extent that it appears defendants' motions may present new arguments, or, more accurately, new variations on old arguments, the court addresses those positions, albeit concisely. One such argument concerns the United States Attorney's authority to prosecute this action. The other concerns the United States' argued lack of standing to bring this action.

Defendants argue, again, that Thomas Scott Woodward has no authority to prosecute this case. Defendants now appear to argue that because Mr. Woodward has been sworn in as the appointed United States Attorney for the Northern District of Oklahoma, this fact undercuts jurisdiction for this prosecution and offers additional support to defendants' previously stated position that Mr. Woodward has never had the authority to act in this prosecution. The appointment of a previously acting United States Attorney, as a United States Attorney, does not compromise the United States' ability to prosecute this action. Nor does it show that Mr. Woodward previously had

no authority to act. The court rejects defendants' arguments regarding the lack of authority of Mr. Woodward. It also rejects defendants' argument that Mr. Snoke and Mr. O'Reilly have no authority to prosecute.

Much of defendants' standing argument depends on their previously rejected position that the abolishment of Internal Revenue Districts is a fact which defeats this action. The balance of defendants' standing argument appears to be that the United States has no standing because Mr. Snoke and Mr. O'Reilly cannot "identify what words in Article III allow [them] to represent a party named the United States of America in this case." (Reply brief, doc. no. 308, p. 9.) Having found that Mr. Snoke and Mr. O'Reilly do have the authority to prosecute this case, the court rejects this aspect of defendants' standing argument, along with all other aspects of defendants' standing argument. The court reaffirms its conclusion that the United States has standing to prosecute these defendants, for these crimes, which clearly impact United States citizens and the United States Treasury.

After careful consideration of each of defendants' arguments, the motions at doc. nos. 280, 282 and 284, are **DENIED**.

3.

Defendants move to stay all of the orders of the undersigned pending a ruling from the United States Supreme Court on defendants' petition for a writ of mandamus filed with that Court on January 21, 2010. (Motion at doc. no. 306.)[1]

The motion states that it is brought pursuant to Rule 8 of the Federal Rules of Appellate Procedure. That Rule provides, in subsection (c), that Rule 38 of the Federal Rules of Criminal Procedure governs a stay in a criminal case.

---

[1]A reply brief has not been filed and is not yet due. Given the nature of the problems with this motion, both procedural and on the merits, no reply brief is necessary in order for the court to rule.

Even if the motion were somehow appropriately considered under Rule 8 as defendants propose, Tenth Circuit Rule 8.1 provides that among the matters an applicant must address in a motion for a stay is "the basis for the district court's...subject matter jurisdiction...." 10th Cir. R. 8.1 (A). Defendants' moving papers do not state the basis of this court's jurisdiction. Indeed, defendants cannot do so because they have repeatedly objected to this court's jurisdiction in other papers.

On the merits, no basis for entry of a stay had been shown. Defendants' arguments for a stay are arguments that have been rejected by this court when included in other motions and briefs, and, with one exception (discussed below) warrant no further treatment. Defendants obviously object to the court's rulings on those motions. Defendants' remedy is an appeal, not a stay pending the Supreme Court's ruling on the petition for a writ of mandamus.

Some additional comment is warranted with respect to Mr. Springer's additional arguments (doc. no. 306, at 11 - 13) relating to the circumstances of the assignment of this case to the undersigned judge. Mr. Springer's complaints with respect to Chief Judge Eagan's assignment of this case to the undersigned judge were addressed in detail in the court's January 28, 2010 order (doc. no. 293, at 8 - 11), and that discussion will not be repeated here. The only leg of Mr. Springer's argument that warrants even a first look is his assertion that the assignment of this case to the undersigned judge was unlawful because "Judge Eagan was disqualified when Judge Eagan hand picked Judged Friot." Doc. no. 306, at 11. As was noted in the January 28 order, Chief Judge Eagan determined that it would be appropriate to assign this case to a judge from one of the other Oklahoma districts because defendant Oscar Stilley had been involved in hotly contested disciplinary proceedings in the Northern District. *Id.* at 10, n. 10. There has been no suggestion (nor could there be) that Judge Eagan had been sidelined from any duties relating to this case under 28 U.S.C. §144,

nor has there been any semblance of a showing that she should have disqualified herself under 28 U.S.C. § 455.[2]

In the alternative to a stay, Mr. Springer asks the court to reduce the work-or-community-service requirement set forth in the court's November 17, 2009 order. He incorrectly describes this as a 40-hour per week requirement. Doc. no. 306, at 18. The November 17 order setting the defendants' modified conditions of release imposed a 30-hour per week requirement of employment or community service. The court denies this request for reasons stated most recently in its order of February 3, 2010 (doc. no. 299), denying Mr. Stilley's motion to modify conditions of his release.

After careful consideration, the motion for stay, doc. no. 306, is **DENIED**.

Dated this 22nd day of February, 2010.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

09-0043p060 rev .wpd

---

[2]  District Judges in Oklahoma's three federal judicial districts routinely accept case assignments from the other districts – typically at the request of the Chief Judge of the district in which the case is pending. This can and does occur for any of a number of reasons other than disqualification. In recent years, the Western District has had a lower per-judge caseload than the other two districts, for which reason Western District judges have often accepted assignments in the other two districts.