# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>  )<br>Plaintiff, )<br>  )<br>vs. )<br>  )<br>LINDSEY KENT SPRINGER and )<br>OSCAR AMOS STILLEY, )<br>  )<br>Defendants. ) | Case No. 09-CR-0043-SPF |

## ORDER

The court hereby gives notice to defendants that, at sentencing, it is considering imposing non-standard conditions as a part of defendants' terms of supervised release following incarceration (in the event that the sentence, as to either defendant, includes a term of incarceration). *See*, Fed. R. Crim. P. 32(i)(1)(C), 32(i)(4)(A)(i); and United States v. Bruce, 458 F.3d 1157, 1166-67 (10th Cir. 2006), citing United States v. Bartsma, 198 F.3d 1191 (10th Cir. 1999) (based on Fed. R. Crim. P. 32, pre-hearing notice was required of the court's intent to impose, as a special condition of supervised release, that defendant consent to suspicionless searches), overruled on other grounds in U.S. v. Atencio, 476 F.3d 1099, 1105 at n.6 (10th Cir. 2007).

The non-standard conditions which this court is considering include many of the special conditions imposed by the court in its November 17, 2009 order (doc. no. 247), the imposition of which permitted defendants to remain on bond pending sentencing. Conditions the court is considering imposing as terms of supervised release include the following:

-- Restrictions on defendants' filing, without permission, civil actions relating to federal income tax.

-- Restrictions prohibiting defendants from advising individuals or entities other than immediate family members with respect to matters relating to federal taxation.

-- Restrictions prohibiting defendants from maintaining websites that make reference to matters relating to federal taxation.

-- Restrictions prohibiting activities of any kind in the name of Bondage Breakers Ministry.

-- Restrictions prohibiting representation of, or services to, any person or entity, with respect to matters relating to federal taxation.

-- Restrictions prohibiting defendants from engaging in the unauthorized practice of law.

-- Restrictions prohibiting defendants from working, directly or indirectly, in businesses related to the sale or trade of real property, securities or negotiable instruments.

-- Restrictions prohibiting defendants from engaging in telemarketing activities.

-- Requirements that defendants disclose email accounts, Paypal accounts, internet connections and connection devices, including screen names and passwords.

-- Certain restrictions on defendants' use of email, internet connections, or an internet connection service, including but not limited to the monitoring of defendants' use of such facilities by monitoring software and otherwise, with the cost of remote computer monitoring to be paid for by the defendants.

-- Restrictions prohibiting defendants from accessing any on-line service by using an alias or the internet account, name or designation of another person or entity.

-- Restrictions prohibiting defendants from altering or using any form of encryption or other methods that limit access to, or change, the appearance of data or images.

-- Restrictions prohibiting defendants from altering or destroying records of computer use.

-- Requirements that defendants provide originals or copies of all personal and business phone records and all credit card, checking account, and Paypal statements.

-- Requirements that defendants report all transactions consummated with a check cashing service.

-- Requirements prohibiting defendants from possessing firearms.

-- Requirements that defendants maintain approved employment.

-- Requirements that defendants abide by electronic monitoring, curfew requirements, and travel restrictions.

Defendants are referred to the court's November 17, 2009 order for more explicit information regarding the types of non-standard conditions the court is considering.

Dated this 23rd day of February, 2010.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

09-0043p061.wpd