# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 09-CR-0043-SPF |
| | ) | |
| LINDSEY KENT SPRINGER, and | ) | |
| OSCAR AMOS STILLEY, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Defendant Lindsey Springer has moved to dismiss counts one through six of the indictment. (Doc. no. 295.) Defendant Oscar Stilley has joined in the motion. Defendant Springer refers to this motion as his "thirteenth motion to dismiss."

The motion asks the court to dismiss the charges against the defendants on the grounds that federal regulations upon which the charges are based were not promulgated in accordance with the Administrative Procedure Act, 5 U.S.C. § 553 et seq. The motion has been fully briefed and is ready for determination.

The motion is denied for several reasons.

First, the motion is untimely. The motion purports to be brought now, based on the fact that it challenges a line of this court's order of January 28, 2010, which states that "the requirement to file a tax return is mandated by statute, not by regulation, and such explicit statutory requirements are not subject to the PRA." (Doc. no. 293, p. 6, citations omitted.) Defendants' motion states that "[t]his is the first time an order has contained these words in this case." (Doc. no. 295, p. 4.) True enough, but the basic argument the motion sets out could have been raised by May 15, 2009, the date on which all motions to dismiss were required. (Order, doc. no. 43.)

*And see*, Rule 12(b)(3)(B), Fed. R. Crim. P. (a motion alleging a defect in the indictment must be brought before trial, although a motion claiming the indictment fails to invoke the court's jurisdiction, or that the indictment fails to state an offense, may be brought at any time while a case is pending). The court finds that the motion is untimely.[1]

Second, although presented as a part of a new argument, defendants' motion reprises an old argument, previously addressed and rejected by this court several times, which is that the charges are defective because Internal Revenue Districts have been abolished. More specifically, the motion states: "Springer's Motion herein addresses the notion that because Springer is alleged not to have lived in any 'internal revenue district'... because they were abolished...Springer lodges [his] claim that to the extent 1.6091-2 encompasses the theory of Springer's 'requirement to file' a return by delivering it according to the rule set forth in 1.6091-2 (2005), these regulations are not in accord with the Administrative Procedures [sic] Act." (Doc. no. 295, pp. 6-7.)

Third, courts that have considered arguments like the one made here -- that the Administrative Procedure Act can be a defense to a tax evasion or willful evasion to file charge -- have rejected those arguments. *See*, *e.g.*, United States v. Bentson, 947 F.2d 1353, 1355-56 (9th Cir. 1991) (in a willful failure to file income tax returns case, the circuit court noted that "the district court denied the defendant's motion for dismissal based on the APA as untimely," and the circuit court stated that "whether or not it was untimely, the legal theory on which the motion was based has no merit"); United States v. Bowers, 920 F.2d 220, 222 (4th Cir. 1990) (defendants' arguments

---

[1] The court's order at doc. no. 290 stated a deadline of February 1, 2010, for motions that would terminate this case short of sentencing. That order, however, did not extend the deadline for motions which were already untimely because they should have been filed much earlier in these proceedings.

based on failure of the IRS to publish the forms it requires to be used to report income and instructions for filling out those forms were not a defense, because it is the statutes themselves that require the payment of the tax and the filing of the return; noting the duty to pay taxes is manifest on the face of the statutes without any resort to IRS rules, forms or regulations). This prosecution is for violation of tax statutes, not violation of a regulation, and the criminal statutes in question are clear. Accordingly, defendants' motion is rejected on its merits.

After careful consideration, defendants' motion is **DENIED**.

Dated this 25th day of February, 2010.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

09-0043p062.wpd