IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | Case No. | 09-CR-043-SPF |
| | ) | | |
| LINDSEY KENT SPRINGER, | ) | | |
| OSCAR AMOS STILLEY, | ) | | |
| | ) | | |
| Defendants. | ) | | |

**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT
SPRINGER'S MOTION FOR CONTINUANCE OR EXTENSION OF
SENTENCING HEARING AND OTHER RELIEF (DOC. NO. 322)**

The United States of America, by and through its attorneys, Thomas Scott Woodward, United States Attorney for the Northern District of Oklahoma and Kenneth P. Snoke, Assistant United States Attorney, and Charles A. O'Reilly, Special Assistant United States Attorney, hereby responds in opposition to Defendant Springer's Motion for Continuance or Extension of Sentencing Hearing and Other Relief (doc. no. 322) (hereinafter Defendant's Motion to Continue Sentencing). Ignoring that he has had five months to prepare for sentencing following his conviction, Defendant asserts that it is "impossible for Springer to either prepare for sentencing by April 21, 2010, or even provide the witness list and exhibits Springer intends to prove by that time." Defendant's Motion to Continue Sentencing at 8.

I.  DEFENDANT'S SENTENCING SHOULD OCCUR AS SCHEDULED

Federal Rule of Criminal Procedure 32(b) provides "[t]he court must impose sentence without unnecessary delay."  The jury convicted Defendant and his codefendant of all counts on November 16, 2009.  The Court set the day of sentencing by order dated January 25, 2010.  The United States Probation Office provided Defendant's initial Presentence Investigation Report on February 26, 2010.  Pursuant to the rules of criminal procedure, "[t]he probation officer must give the presentence report to the defendant . . . at least 35 days before sentencing unless the defendant waives this minimum period."  Fed.R.Crim.P. 32(e)(2).  Thirty-five days following February 26 fell on April 2, 2010.

Defendant asserts that he "cannot find a single case where his objections to the copy of the proposed preliminary Probation Report and his sentencing memorandum regarding a final report were due to be filed before the final report was to be submitted to Springer in order to prepare for sentencing."  Defendant's Motion to Continue Sentencing at 5.  Defendant's statement notwithstanding, consistent with the dictates of Fed.R.Crim.P. 32, Defendant received the Presentence Investigation Report more than thirty-five days before sentencing.  Intentionally or otherwise, Defendant confuses the final report containing the addendum addressing the parties' objections with the Presentence Investigation Report issued February 26, 2010.

Contrary to Defendant's assertion that "it is unreasonable for Springer to have to subpoena people if those amounts are conceded by the final Golihare report," (doc. no.

322 at 7), Defendant can and should identify all individuals whom he intends to call as witnesses. If Defendant subsequently determines he does not need a witness, the Court can release the witness from the subpoena.

By order dated March 25, 2010, the Court relieved Defendant of the requirement that he maintain employment of at least thirty hours per week, effective April 5, 2010, "[i]n order to facilitate the defendants' preparation for the sentencing hearing." Doc. no. 317. Thus, Defendant received significant additional time in which to prepare for the sentencing. Furthermore, Defendant will have had more than five months to prepare for the sentencing by April 21, 2010.

## II. DEFENDANT'S REASONS FOR DELAY ARE SPECIOUS

Defendant asserts that he "cannot provide an accurate list of those witnesses that are available to testify on April 21, 2010 along with an exhibit list and tax loss calculations by April 6, 2010 nor be prepared for sentencing by April 21, 2010." Defendant's Motion to Continue Sentencing at 4-5.

Defendant's claim that his need to subpoena witnesses will interfere with the prospective witnesses' ability to prepare tax returns is without merit. Defendant's sentencing date is scheduled for April 21, 2010, while the due date for federal tax returns is six days prior. Thus, with respect to his prospective witnesses, Defendant will have almost a full week between April 15 and the sentencing date to "prepare them in advance of the hearing." *See* doc. no. 322 at 6.

Defendant states that he intends to call as witnesses "CPAs and other preparers who Springer needs to bring in to testify about how Springer directed tax challenged individuals to them individually to clean up their tax problems if they were unable to find a CPA who would help them." Defendant asserts that this evidence "directly relates to tax loss calculations caused by Springer which is the amount of several million dollars in Springer's favor." Defendant's Motion to Continue Sentencing at 6. Defendant's position is erroneous, as his proposed evidence is irrelevant to the tax loss calculation.

Defendant's novel position that he should receive credit for those individuals whom he spoke with that complied with the tax laws borders on the ridiculous. The Sentencing Guidelines state that "[i]n determining the total tax loss attributable to the offense . . . all conduct violating the tax laws should be considered as part of the same conduct or common scheme or plan . . .." U.S.S.G. §2T1.1, comment. (n. 2). The Sentencing Guidelines also provide that "[t]he tax loss is not reduced by any payment of the tax subsequent to the commission of the offense." U.S.S.G. §2T1.1(c)(5).

The fact that Defendant may have counseled individuals to file accurate tax returns and pay the taxes they owed, while laudable, is not "conduct violating the tax laws," and is therefore not relevant to the tax loss calculation. Defendant's position is the equivalent of deducting all taxes accurately paid by clients of a tax return preparer convicted of criminal tax violations in determining the return preparer's tax loss. Therefore, criminal return preparers could insulate their criminal conduct by ensuring that they prepared more

accurate tax returns than fraudulent returns, thereby negating the finding of any tax loss. Defendant's "position makes a mockery of both the Internal Revenue laws and the sentencing guidelines." *See United States v. Spencer*, 178 F.3d 1365, 1369 (10th Cir. 1999).[1]

III. DEFENDANT COULD BE REMANDED PENDING SENTENCING

In 1984, Congress enacted Title 18, United States Code Section 3143, which provides that a person convicted at trial and facing a term of imprisonment should be detained unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community. Section 3143(b) covering release pending appeal is instructive: the statute provides that a defendant must show that his "appeal is not for purpose of delay and it raises a substantial question of law or fact likely to result in reversal or an order for a new trial." Defendant's

---

[1] "We do not interpret this provision [U.S.S.G. §2T1.1] as giving taxpayers a second opportunity to claim deductions after having been convicted of tax fraud. It must be remembered that, in tax loss calculations under the sentencing guidelines, we are not computing an individual's tax liability as is done in a traditional audit. Rather, we are merely assessing the tax loss resulting from the manner in which the defendant chose to complete his income tax returns. *Id.* at 1368. *See also United States v. Clarke*, 563 F.3d 1158, 1164 ("the 'tax loss' is the amount of loss the defendant intends to bring about, not the amount of loss to the government that actually results, and therefore, unclaimed deductions or other reductions in tax liability that are unrelated to the offense of conviction may not be used to offset the tax loss amount"); *United States v. Tandon*, 111 F.3d 482, 490 (6th Cir. 1997) ( "'tax loss' for purposes of §§ 2T1.3 and 2T1.4 is based on the amount by which the income was understated on the false tax returns and not on whether the government ultimately lost money"); *United States v. Phelps*, 478 F.3d 680, 681 (5th Cir. 2007) (defendant not entitled to credit for excess social security taxes paid through family members' tax filings).

Motion to Continue Sentencing appears to be filed solely for the purpose of delay, and raises no substantial question of law or fact.

IV.     CONCLUSION

For the foregoing reasons, the United States requests that the Court deny Defendant's Motion to Continue Sentencing.

                                  Respectfully submitted,

                                  THOMAS SCOTT WOODWARD
                                UNITED STATES ATTORNEY

                                */s/ Charles A. O'Reilly*
                                CHARLES A. O'REILLY, CBA NO. 160980
                                Special Assistant United States Attorney
                                KENNETH P. SNOKE, OBA NO. 8437
                                Assistant United States Attorney
                                110 West Seventh Street, Suite 300
                                Tulsa, Oklahoma  74119
                                (918) 382-2700

**CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of April, 2010, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Lindsey K. Springer, Defendant

Oscar A. Stilley, Defendant

Robert Williams
Standby Counsel assigned to Lindsey Kent Springer

Charles Robert Burton, IV
Standby Counsel assigned to Oscar Amos Stilley

                                            */s/ Charles A. O'Reilly*
                                            CHARLES A. O'REILLY
                                            Special Assistant United States Attorney