IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA                                              PLAINTIFF

v.                                          Case No. 09-CR-043 SPF

LINDSEY KENT SPRINGER,
OSCAR AMOS STILLEY                                         DEFENDANT

## MOTION TO CONTINUE SENTENCING

Comes now **OSCAR AMOS STILLEY**[1] by limited special appearance, and not a general appearance, and for his motion to continue sentencing states:

Oscar Stilley is accused of having caused large tax losses, yet Mr. Gollihare, who prepared the Presentence Report (PSR) has failed and neglected to identify the nature of the taxes alluded to in the PSR. Furthermore, despite a polite and reasonable request, Mr. Gollihare has neglected and failed to supply a list of the persons providing the information in the report, and copies of documents relied upon to support the allegations in the report.

Additionally, Oscar Stilley has not been informed of the theories for the various tax loss claims, again despite a polite request.

It is fundamentally unfair to require Oscar Stilley to list his witnesses and

---

[1] It is presumed that the plaintiff is master of his own complaint. This complaint is styled in the name of "**UNITED STATES OF AMERICA**" as opposed to the people thereof, or any grand jury. Plaintiff, whoever that may actually be, named **OSCAR AMOS STILLEY** as a Defendant. Therefore, **OSCAR AMOS STILLEY** has appeared specially and limited, challenging jurisdiction, to defend against the charges to the extent required so to do by the law.

exhibits without being informed of either the nature of the tax or the identity of the sources of information for the claims made.

Last summer Oscar Stilley, after much effort, obtained from Mr. O'Reilly and Mr. Snoke the following information as to the claims of tax loss.

| 00 | $33,777 |
|----|---------|
| 01 | $   500 |
| 02 | 0 |
| 03 | $89,350 |
| 04 | 0 |
| 05 | $33,463 |
| 06 | 0 this year and following |

The information supplied at that time implied a guideline range of 21-27 months, less any adjustments downward for amounts not proven or lacking a legal foundation. Undersigned relied upon the indictment and these representations in making his decisions and mounting a defense to the government's case.

After the verdicts Mr. O'Reilly opined to the press that the sentences would likely be in the 5-10 year range. When undersigned challenged him on that claim, he didn't deny having said such things, and even opined that a materially greater sentence might be conjured up after government lawyers reviewed all the facts. Now O'Reilly argues for 12 years 7 months on

undersigned, and nearly 20 years on Springer.

Such conduct implies a belief that the government can try a case on any theory, and thereafter change the theory on a whim, apparently as often as the government pleases, at any time. Due process on the other hand makes it clear that notice must come first, and after such the defendant must respond. Theory switching is strictly forbidden.

The notice in this case is so woefully and absurdly deficient as to render any listing of witnesses and exhibits a meaningless exercise. For which "indictment" should undersigned list witnesses? Should it be 1) the original indictment as explained by O'Reilly, 2) "new and improved indictment number 1," 3) "new and improved indictment number 2," or 4) some other accusation that undersigned is expected to detect by extrasensory perception (ESP)?

If the government can try the case on one theory and then put another theory forward for sentencing, what keeps that same government from inventing an entirely new theory for sentencing? If new theories are allowed for sentencing, why should undersigned believe that the theory relied upon by the government in their most recent documents will control?

In discussions with Mr. Gollihare undersigned asked which provision of §1B1.3 of the Sentencing Guidelines he relied upon for the various claims of tax loss. Thus far this information has not been supplied.

Oscar Stilley respectfully declines to lend any credence or respectability

to these proceedings by declaring a list of witnesses without a PSR that meaningfully identifies the facts and legal theories supporting the suggested Guideline Range.  Oscar Stilley expects full and fair notice, and furthermore a full measure of the time contemplated by the rules between the provision of a PSR and the date of sentencing.  All the foregoing is without prejudice to any right to present evidence or witnesses based upon the acts of other parties hereto.

In light of these facts undersigned respectfully requests an order requiring that undersigned receive a PSR that identifies specifically the tax losses claimed, all statutes necessary to establish the claim(s), the specific provision(s) of the indictment supporting the claim(s), and each and every guideline provision relied upon in support of the claim(s).   The sentencing should be continued so that undersigned has the full benefit of all time periods provided for by the rules.  Furthermore, the rescheduled sentencing should not be less than 35 days after the time all witnesses, documents, or other sources of information relied upon in the drafting of the PSR are disclosed to the defendants.

WHEREFORE, undersigned respectfully requests an order directing that undersigned be provided with a PSR that identifies specifically the tax losses claimed, all statutes necessary to establish the tax loss claim, the specific provision(s) of the indictment supporting the claim, and each and every guideline provision relied upon in support of the claim; requiring that

undersigned be provided with a list of all witnesses, documents, or other sources relied upon for any part of the PSR; and continuing sentencing sufficiently that defendants shall have not less than 35 days from the receipt of this information before sentencing is conducted; and for such other and further relief as may be appropriate whether or not specifically prayed.

Respectfully submitted,

By:     /s/ Oscar Stilley
Oscar Stilley, Attorney at Law
7103 Race Track Loop
Fort Smith, AR 72916
(479) 996-4109
(866) 673-0176 Fax
oscar@oscarstilley.com

**CERTIFICATE OF SERVICE**

I, Oscar Stilley, by my signature above certify that I have this April 6, 2010, caused the Plaintiff to be served with a copy of this pleading by CM/ECF to: Kenneth P. Snoke, United States Attorney's Office, 110 W 7th Street, Suite 300, Tulsa , OK 74119-1013, ken.snoke@usdoj.gov; Charles A O'Reilly, US Dept of Justice, PO Box 972, Washington , DC 20044, email charles.a.o'reilly@usdoj.gov , and Lindsey K. Springer at Gnutella@mindspring.com .