IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.   09-CR-043-SPF |
| | ) | |
| LINDSEY KENT SPRINGER, | ) | |
| OSCAR AMOS STILLEY, | ) | |
| | ) | |
| Defendants. | ) | |

**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT
STILLEY'S MOTION TO CONTINUE SENTENCING (DOC. NO. 326)**

The United States of America, by and through its attorneys, Thomas Scott Woodward, United States Attorney for the Northern District of Oklahoma and Kenneth P. Snoke, Assistant United States Attorney, and Charles A. O'Reilly, Special Assistant United States Attorney, hereby responds in opposition to Defendant Stilley's Motion to Continue Sentencing (doc. no. 326).  To date, Defendant has largely ignored the Court's sentencing schedule, failing to file any motion for departure or variance, a sentencing memorandum, or a list of any exhibits regarding restitution or loss amount.  *See* Scheduling Order (doc. no. 290).  Instead, on the date scheduled for Defendant's

disclosure of exhibits and witnesses, Defendant filed a frivolous motion asserting that the Probation Officer "failed and neglected to identify the nature of the taxes alluded to in the PSR." Defendant goes on to falsely assert that he "has not been informed of the theories for the various tax loss claims." Doc. no. 326 at 1. Defendant also asserts that he had insufficient notice of the penalties, stating that he "relied upon the indictment and these representations [regarding tax loss] in making his decisions and mounting a defense to the government's case." Doc. no. 326 at 2.

I.      The Presentence Investigation Report Explains the Sentencing Calculations

Defendant Stilley's brazen disregard for the facts and law borders on the absurd. The Presentence Investigation Report identifies in painstaking detail the sources of income from which the tax calculations are made, and the methodology used to calculate the tax losses for purposes of sentencing. Furthermore, the United States Sentencing Memorandum (doc. no. 315) provides additional explanation regarding the United States' position with respect to tax loss. Finally, the United States proved beyond a reasonable doubt that Defendant conspired to defraud the United States, and that Defendant evaded the federal income tax liabilities of his codefendant for the years 2003 and 2005. One of the elements of each tax evasion charge given to the jury was that defendant Springer owed substantial income tax for that year.

With respect to the factual assertions made in the Presentence Investigation Report to which Defendant objects, the Court must "rule on the dispute or determine that a ruling

is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing." Fed.R.Crim.P. 32(i)(3)(C).  Should the Court fail to adhere to its obligations under the Federal Rules of Criminal Procedure, Defendant may have a basis of appeal.  However, Defendant's persistent and continued refusal to acknowledge the facts and the law is unlikely to be persuasive.

II.     Defendant Appropriately Apprised of Statutory Maximum Sentence

Defendant appears to claim that he did not have notice of the potential maximum penalties (doc. no. 326 at 2-3).  This is simply false.  The Indictment charged Defendant with one count of conspiracy to defraud the United States pursuant to Title 18, United States Code Section 371, and two counts of tax evasion pursuant to Title 26, United States Code Section 7201.  In *Apprendi v. New Jersey*, the Supreme Court held that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. 466, 490 (2000).  *See also Blakely v. Washington*, 542 U.S. 296, 301 (2004).  Each of the elements of the crimes with which Defendant was charged was decided by the jury, and none of these elements increased the penalty beyond the statutory maximums.

As Defendant was advised at his arraignment on March 18, 2009, each of the charges has a statutory maximum penalty of five years imprisonment.[1]  Thus, Defendant

---

[1] The United States is perplexed by Defendant's reference to multiple versions of the indictment.  Doc. no. 326 at 3.  There was only one indictment in this case.

faced a maximum term of imprisonment of fifteen years. The sentences recommended both by the Presentence Investigation Report and the United States' Sentencing Memorandum are below the statutory maximum.

III.     Conclusion

Defendant states that he "respectfully declines to lend any credence or respectability to these proceedings by declaring a list of witnesses without a PSR that meaningfully identifies the facts and legal theories supporting the suggested Guideline Range." Doc. no. 326 at 4. By this statement, Defendant demonstrates contempt for the Court's Scheduling Order.

The United States requests that the Court deny Defendant's Motion to Continue Sentencing, and requests that the Court take whatever additional steps the Court believes are warranted.

        Respectfully submitted,

        THOMAS SCOTT WOODWARD
        UNITED STATES ATTORNEY

        */s/ Charles A. O'Reilly*
        CHARLES A. O'REILLY, CBA NO. 160980
        Special Assistant United States Attorney
        KENNETH P. SNOKE, OBA NO. 8437
        Assistant United States Attorney
        110 West Seventh Street, Suite 300
        Tulsa, Oklahoma  74119
        (918) 382-2700

**CERTIFICATE OF SERVICE**

   I hereby certify that on the 7th day of April, 2010, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Lindsey K. Springer, Defendant

Oscar A. Stilley, Defendant

Robert Williams
Standby Counsel assigned to Lindsey Kent Springer

Charles Robert Burton, IV
Standby Counsel assigned to Oscar Amos Stilley

                */s/ Charles A. O'Reilly*
                CHARLES A. O'REILLY
                Special Assistant United States Attorney