## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA                                    PLAINTIFF

v.                          Case No. 09-CR-043 SPF

LINDSEY KENT SPRINGER,
OSCAR AMOS STILLEY                                          DEFENDANT

### REPLY TO RESPONSE TO MOTION TO CONTINUE SENTENCING

Comes now **OSCAR AMOS STILLEY**[1] (Stilley) by limited special appearance,

and not a general appearance, and for his motion to continue sentencing

states:

The government laments that Stilley failed to file a motion for departure or

variance, a sentencing memorandum, or a list of exhibits.

The sentencing scheduling order (docket 290) simply set deadlines with

respect to certain written pleadings prior to sentencing.  It did not command the

defendants to file pleadings they did not wish to file.  Springer filed a

memorandum, Stilley did not.  Both were within their rights.

If the government thought that a downward variance or departure was

appropriate, it had the legal right to file such a request, and state its reasons.

---

[1]      It is presumed that the plaintiff is master of his own complaint.  This
complaint is styled in the name of "**UNITED STATES OF AMERICA**" as opposed to
the people thereof, or any grand jury.  Plaintiff, whoever that may actually be,
named **OSCAR AMOS STILLEY** as a Defendant.  Therefore, **OSCAR AMOS
STILLEY** has appeared specially and limited, challenging jurisdiction, to
defend against the charges to the extent required so to do by the law.

Stilley explained in his motion to continue sentencing why that it is not practicable to list witnesses or exhibits at the present time.

The government has not elected its lead count for sentencing purposes. Springer ably explains that the government has a duty to designate what it deems to be the principal count of conviction, and thereupon set forth the authority upon which it relies in support of adding loss not related to that count.

In *United States v. Dazey*, 403 F.3d 1147, 1177 (10th Cir. Okla. 2005) the Court said:

> A defendant convicted of conspiracy is accountable for **reasonably foreseeable conduct** in furtherance of the **jointly undertaken criminal activity**. See U.S.S.G. § 1B1.3(a)(1)(A). However, a defendant's accountability only extends to the criminal activity **that he agreed to undertake**. See id. § 1B1.3 n.2. This means **"proper attribution at sentencing requires . . . particularized findings about, the scope of the specific agreement the individual defendant joined** [**65]  in relation to the conspiracy as a whole." *United States v. Melton*, 131 F.3d 1400, 1404 (10th Cir. 1997) (internal quotation marks omitted). In the context of a conspiracy to defraud, we have held that a defendant is accountable for the entire loss created by a fraudulent organization if the defendant played a major role in the organization and the losses were reasonably foreseeable. See *United States v. Osborne*, 332 F.3d 1307, 1311-12 (10th Cir. 2003). If the defendant's role in the conspiracy was less substantial, then particularized findings about the defendant's  [*1177]  agreement to join the conspiracy must support the scope of the defendant's role in the conspiracy. See *Melton*, 131 F.3d at 1406. Moreover, a defendant is not accountable for the conduct of members of a conspiracy "prior to the defendant joining the conspiracy, even if the defendant knows of that conduct." U.S.S.G. § 1B1.3 n.2.
> (Emphasis added)

Neither the government nor Mr. Gollihare have made any attempt to give notice, required by due process, as to the scope of the conspiracy.  Without this

information, any designation of witnesses and exhibits for sentencing is essentially a meaningless exercise.

Stilley met with Todd Gollihare, the drafter of the PSR, telephonically, and asked for particulars concerning the basis of the theories. The information has not as of yet been forthcoming.   Consider the following non-exhaustive list of facts with respect to which Stilley has not been informed:

1)      No one  has identified or committed to the alleged "scheme" so that Stilley or Springer may reasonably question whether extraneous acts or proposed loss fall within the ambit of a specific provision of the Sentencing Guidelines.

2)      Stilley is charged with state income tax loss of more than $90,000, but no one will even identify which state was allegedly harmed.

3)      No one will break down the alleged tax loss by year or by type of tax, nor will anyone explain the method of calculation.  The government had precise numbers prior to trial, which presumably included at least some tax under 26 U.S.C. § 1, and some self employment tax.  The amounts are not broken out in any way.

4)      No one will state the provision of the indictment from which a claim is derived, thereupon identify the specific Sentencing Guidelines relied upon, the assumed facts, and their source (witness or documentary) whereby Stilley has a chance of evaluating the merits of the claim.

5)      PRA advice is alleged to be fraudulent, but the neither the specific advice nor the specific alleged recipient is identified,

6)      Both parties are alleged to have encouraged others to violate the Internal Revenue Laws, (PSR at 15) but neither the laws nor the recipients of the alleged advice[2] is disclosed.

---

[2]      It is alleged that Stilley agreed with Dr. Phillip Roberts' beliefs, in the early to mid 90s.  No attempt is made to show that this could possibly be part of a "scheme" involving Springer, whom Stilley did not even meet until many years

7)   Criminal source income is claimed by the government, but the government refuses to explain any possible way that Stilley could have done anything other than promptly convey the money to the person entitled to the money, despite his post trial brief and motion explaining that Stilley had no other legal choice in the matter.

If the figures weren't simply pulled out of the air, someone must have years, amounts with respect to specific taxes, the method of calculation, and the sources of information whether documentary or witness.  If there is any desire to inform the defendants or either of them it would be easy to do, by simply providing the material used to work up the numbers provided on the PSR for each Defendant.

The government at page 2 of their response claims that the PSR provides "painstaking detail" of the sources of income from which the tax calculations were made, and the methodology used to calculate tax losses.

This isn't true at all.  Nothing is broken out by year.   There was no attempt to identify the count of the complaint deemed the principal count, and to proceed from that point.  There was no identification of any specific provision of §1B1.3 of the Sentencing Guidelines, nor any attempt to show that the tax loss claimed in the PSR fell within the ambit of any particular branch of "relevant conduct" as defined in §1B1.3.

The IOLTA trust fund transactions are simply all thrown together as a lump sum, likewise without any attempt to identify a theory or basis for claiming that

later.  The documentation or witnesses relied upon is not disclosed, nor are the laws involved identified.

such could be classified as tax losses pursuant to the definition of relevant conduct in §1B1.3.

The government on page 2 of its response says that "Defendant [Stilley] evaded the federal income tax liabilities of his codefendant for the years 2003 and 2005."  Nevertheless, neither Gollihare nor the government are willing to break these years out and explain their theory.  Both have simply thrown everything together in one undifferentiated and legally unsupported pot, and invited Stilley to take a stab at sorting things out.

Stilley doesn't have the list of witnesses and documents, or the supporting legal provisions, respecting any theory now in play.   This is the identified reason that Stilley could not reasonably file a witness and exhibit list.  There was no contempt for the Court nor for any order of the Court.  The government being informed of the problem ignores it rather than attempting to correct any part of the problem.  Therefore, an order should be entered requiring the disclosure of information not yet disclosed, concerning which Stilley complains, with sentencing to be held a reasonable time thereafter.

WHEREFORE, undersigned respectfully requests an order directing that undersigned be provided with a PSR that identifies specifically the tax losses claimed, all statutes necessary to establish the tax loss claim, the specific provision(s) of the indictment supporting the claim, and each and every

guideline provision relied upon in support of the claim; requiring that undersigned be provided with a list of all witnesses, documents, or other sources relied upon for any part of the PSR; and continuing sentencing sufficiently that defendants shall have not less than 35 days from the receipt of this information before sentencing is conducted; and for such other and further relief as may be appropriate whether or not specifically prayed.

Respectfully submitted,

By:_____/s/ Oscar Stilley_____
Oscar Stilley, Attorney at Law
7103 Race Track Loop
Fort Smith, AR 72916
(479) 996-4109
(866) 673-0176 Fax
oscar@oscarstilley.com

## CERTIFICATE OF SERVICE

I, Oscar Stilley, by my signature above certify that I have this April 8, 2010, caused the Plaintiff to be served with a copy of this pleading by CM/ECF to: Kenneth P. Snoke, United States Attorney's Office, 110 W 7th Street, Suite 300, Tulsa , OK 74119-1013, ken.snoke@usdoj.gov; Charles A O'Reilly, US Dept of Justice, PO Box 972, Washington , DC 20044, email charles.a.o'reilly@usdoj.gov , and Lindsey K. Springer at Gnutella@mindspring.com .