# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | Case No. | 09-CR-043-SPF |
| | ) | | |
| LINDSEY KENT SPRINGER, | ) | | |
| OSCAR AMOS STILLEY, | ) | | |
| | ) | | |
| Defendants. | ) | | |

## UNITED STATES' REPLY TO DEFENDANT SPRINGER'S SENTENCING MEMORANDUM (DOC. NO. 321)

The United States of America, by and through its attorneys, Thomas Scott Woodward, United States Attorney for the Northern District of Oklahoma and Kenneth P. Snoke, Assistant United States Attorney, and Charles A. O'Reilly, Special Assistant United States Attorney, hereby replies to Defendant Springer's Sentencing Memorandum (doc. no. 321). Defendant Springer asserts that "[t]here is no tax loss" and "[t]here is no tax harm." Doc. no. 321 at 3. Defendant Springer concludes "that the proper sentence is 0-6 months probation as to each Count with a total points of 10 or 6." Doc. no. 321 at 15. Defendant Springer's positions are without merit.

As fully articulated and explained in the United States Sentencing Memorandum, Defendant Springer's adjusted offense level is 36, with a resultant Sentencing Guideline recommended range of between 188 and 235 months imprisonment. Defendant Springer's denials notwithstanding, the sentencing range results from the following: tax loss exceeding $1,000,000 (exclusive of penalties and interest); criminal source income

greater than $10,000; sophisticated concealment; encouraging others to violate the internal revenue laws; organizer or leader of criminal activity; abuse of position of trust or use of a special skill; obstruction of justice. United States Sentencing Memorandum, Summary Chart (doc. no. 315).

In a footnote, Defendant Springer asserts without legal support that the Court "should use the oldest tax loss table applicable in grouping not the newest." Doc. no. 321 at 3, fn. 1. This is contrary to established Tenth Circuit law which states the "sentencing court must apply the guidelines in effect at the time of sentencing . . . unless such application would violate the ex post facto clause." *United States v. Sullivan*, 255 F.3d 1256, 1259 (10th Cir. 2001). "The Ex Post Facto Clause is violated if the court applies a guideline to an event occurring before its enactment, and the application of that guideline disadvantages the defendant 'by altering the definition of criminal conduct or increasing the punishment for the crime.'" *United States v. Svacina*, 137 F.3d 1179, 1186 (10th Cir. 1998) (quoting *Lynce v. Mathis*, 519 U.S. 433, 441 (1997)). Similar to the defendant in *Sullivan*, Defendant Springer was on notice that losses from his conduct would be grouped with his latest offense "or be considered as relevant conduct, and that the penalty for his grouped tax offenses had been increased." *Sullivan*, 255 F.3d at 1262-63.

I.   **BASE OFFENSE LEVEL**

Defendant Springer asserts that "there is no tax loss" (doc. no. 321 at 8), because "[t]here is no 'harm' resulting from anything related to 1990 through 2007," and

"[b]ecause Springer caused to be paid to the Secretary over 4 million dollars during the time period." Doc. no. 321 at 8. As the Court has already ruled in its order denying Defendant Springer's motion to continue the sentencing, the "determination of the tax loss, for guidelines purposes, resulting from Mr. Springer's failure to comply with his personal obligations under federal tax law will not be affected by any considerations relating to any taxes purportedly paid by other individuals at Mr. Springer's instance." Doc. no. 324 at 2-3.

Defendant Springer objects to the inclusion of state income taxes, asserting that "[t]here is no evidence related to Stilley or Springer's [state tax] liabilities being relevant conduct." Doc. no. 321 at 7. To the contrary, at trial the United States introduced evidence that each Defendant earned income during the years 2000 through 2005, and that neither Defendant filed state income tax returns nor paid state income taxes to their states.[1] Contrary to Defendant Springer's assertion that the United States is "trying to force the theories of the 9th Circuit into the Tenth Circuit by default," (doc. no. 321 at 6, fn. 2), most, if not all, circuits that have considered the question have concluded that state tax losses should be included in the Sentencing Guidelines calculations. *See United States v. Maken*, 510 F.3d 654, 656-59 (6th Cir. 2007); *United States v. Baucom*, 486 F.3d 822, 829 (4th Cir. 2007), *vacated on other grounds*, 552 U.S. 1092 (2008); *United States*

---

[1] Defendant Springer's state income tax obligations were to the State of Oklahoma; Defendant Stilley's state income tax obligations were to the State of Arkansas.

v. *Powell*, 124 F.3d 655, 664-66 (5th Cir. 1997); *United States v. Fitzgerald*, 232 F.3d 315, 318 (2d Cir. 2000) (per curiam); *United States v. Schilling*, 142 F.3d 388, 394 (7th Cir. 1998); *United States v. Fuentes*, 107 F.3d 1515, 1526 (11th Cir. 1997).

## II. ENHANCEMENTS

### A. Sophisticated Means Applies to Defendant's Conduct

As correctly found by the Presentence Investigation Report, Defendant Springer's conduct involved sophisticated means. In arguing that sophisticated means are not present, Defendant Springer falsely asserts that "[n]o transactions were hidden by the use of the name Bondage Breaker's Ministries . . . [and] Springer never used Stilley's IOLTA account to hide any asset." Doc. no. 321 at 9. These statements are simply contrary to the evidence adduced at trial. That evidence, including Defendant Springer's use of the fictitious entity Bondage Breaker's Ministries to receive income, his use of his codefendant's IOLTA account to move funds and purchase vehicles, his use of a nominee name to hide his ownership of his home, his failure to keep records concerning his income, and his extensive use of cash, all in furtherance of his tax fraud, virtually compels a finding of the two-level upward enhancement for sophisticated means. *See United States v. Furkin*, 119 F.3d 1276, 1284-85 (7th Cir. 1997); *United States v. Barakat*, 130 F.3d 1448, 1457 (11th Cir. 1997).

**B.     Defendant Encouraged Others to Violate the Tax Laws**

The Presentence Investigation Report correctly applied the two-level upward enhancement for conduct encouraging persons other than or in addition to co-conspirators to violate the internal revenue laws. Defendant Springer falsely asserts that "[t]here is no evidence . . . that Springer did anything other than to convince people to comply with tax laws." Defendant Springer denies he told Messrs. Patterson and Lake they did not have to file tax returns or pay taxes, and denies encouraging "Mr. Turner to do anything other than loan Springer money." Doc. no. 321 at 10. Defendant Springer's denials notwithstanding, the evidence at trial established that Defendant Springer did encourage numerous individuals to violate the internal revenue laws through various means.

**C.     Defendant Obstructed Justice by Committing Perjury**

Defendant Springer asserts that he "never obstructed any justice being lawfully pursued . . ." and that he "never committed perjury . . .." Doc. no. 321 at 11. At trial, Defendant Springer falsely testified that he received no income and that all payments to him were donations or gifts. Defendant Springer's testimony, if believed by the jury, would have resulted in acquittals on at least Counts Two through Six. The jury recognized Defendant Springer's self-serving testimony for what it was - perjury.[2] The

---

[2] For the purposes of § 3C1.1, a witness commits perjury by: 1) giving false testimony under oath; 2) concerning a material matter; 3) with the willful intent to provide false testimony, rather than as a result of confusion, mistake or faulty memory. *See United States v. Hawthorne*, 316 F.3d 1140, 1146 (10th Cir. 2003).

Sentencing Guidelines define the perjury as conduct warranting the two-level upward adjustment under U.S.S.G. §3C1.1.

### D. Defendant Received Criminal Source Income Exceeding $10,000

The United States notes the irony of Defendant Springer's statement that "[d]esperation sometimes gives way to frivolous and meritless claims." Doc. no. 321 at 11. Defendant Springer's assertion that he "received no 'criminal source income'" is simply false and has been rejected by the trial jury. Throughout Defendant Springer's pleadings, he simply denies facts proven at trial, and then moves forward assuming that his denials will carry the day. As fully explained in the United States Sentencing Memorandum, Defendant Springer's conviction on Count 4, tax evasion with respect to 2005, establishes that the trial jury found that Defendant Springer had no intent to repay Mr. Turner when he induced Mr. Turner to wire $250,000 to Defendant Stilley's IOLTA account. Thus, the two-level upward enhancement for criminal source income exceeding $10,000 is appropriate.

### E. Defendant Was the Organizer and Leader of a Criminal Activity Involving Five or More Participants That Was Otherwise Extensive

Defendant Springer's objection to the two-level upward adjustment for his role in the offense is specious. In denying that the upward adjustment is warranted pursuant to U.S.S.G. §3B1.1, Defendant Springer asserts that he "was not a leader of an alleged two participant conspiracy to defraud the IRS out of anything." Doc. no. 321 at 13. Unfortunately for Defendant Springer, the evidence presented at trial is to the contrary.

Furthermore, as articulated in the United States' Sentencing Memorandum, Defendant Springer's conduct merits a four-level increase because it is otherwise extensive.[3] Doc. no. 315 at 14 - 15.

Defendant Springer asserts that "[t]he United States does not identify what the 'criminal activity' was" and that the United States "admits the five 'participants' do not exist to warrant any enhancement under 3B1.1(a)." Doc. no. 321 at 13. The United States reminds Defendant Springer that he was convicted of tax evasion and conspiring to defraud the United States - that constitutes the criminal activity. Regardless of the number of conspirators, an enhancement pursuant to Section 3B1.1(a) of the Sentencing Guidelines "is required where the district court finds that criminal activity was 'otherwise extensive' based upon factors other than the number of participants." *United States v. Anthony*, 280 F.3d 694, 702 (6th Cir. 2002). As stated in *United States v. Yarnell*, quoting *United States v. Dietz*, 950 F.2d 50, 53 (1st Cir. 1991):

> The sentencing court is free to consider the use of unwitting outsiders in determining if a criminal enterprise is "extensive" within the contemplation of section 3B1.1. . . . The extensiveness of a criminal activity is not necessarily a function of the precise number of persons, criminally culpable or otherwise, engaged in the activity. Rather, an inquiring court must examine the totality of the circumstances, including not only the number of

---

[3] Defendant Springer "demands the United States establish that under Count One there were thousands of victims." Doc. no. 321 at 14. The United States declines to address Defendant Springer's demand, absent being so directed by the Court. However, the United States notes that as of the date of this filing, a blog chronicling "the trial of Lindsey Springer and Oscar Stilley" indicated the number of visitors exceeded 7,800.

participants but also the width, breadth, scope, complexity, and duration of the scheme.

129 F.3d 1127, 1139 (10th Cir. 1997). As explained in the United States' Sentencing Memorandum, the evidence clearly establishes the extent of Defendant Springer's criminal activity and warrants the four-level upward increase.

F.  **Defendant Abused a Position of Trust**

In asserting that the enhancement for abuse of position of trust is erroneous, Defendant Springer asserts that he "never held himself out as a 'minister' and only held himself over Bondage Breaker's Ministries." Doc. no. 321 at 13. While Defendant Springer's disclaimer appears to be merely a matter of semantics, it is also false. During the deposition of William Thomas "WT" Smith held November 21, 2008 in *United States v. Lindsey Kent Springer et al*, 08-CIV-278-TCK-PJC, Mr. Smith testified that when he "asked him [Springer] what his occupation was. And I don't remember whether he used the word "pastor" or "minister," but he said, I am one or the other." Transcript, 19:16-19.

During Defendant Springer's testimony in the criminal trial of Harold Boos, when asked by defense counsel what he did prior to becoming a minister, Defendant Springer did not deny being a minister. Instead, he replied "[w]ould you want me to go from this point backwards or from the beginning forwards." Testimony of Lindsey Kent Springer in *United States v. Harold Douglas Boos*, 97-cr-053 (EDOK) 523:21-23. Similarly, Defendant Springer appeared to acknowledge being a minister during cross-examination in this case. Testimony of November 12, 2009, 63-64:25-5.

It cannot seriously be disputed that Defendant Springer held a position of trust with respect to individuals who sought his guidance and paid him money. However, the issue squarely before the Court is whether Section 3B1.3 applies where Defendant Springer held no position of trust with respect to the United States or the Internal Revenue Service. The Ninth Circuit requires that the position of trust "be established from the perspective of the victim." *United States v. Technic Servs., Inc.*, 314 F.3d 1031, 1048 (9th Cir. 2002), *overruled on other grounds by United States v. Contreras*, 593 F.3d 1135 (9th Cir. 2010) (en banc) (per curiam). However, as indicated in the United States Sentencing Memorandum, the Tenth Circuit applies the letter of the Sentencing Guidelines, holding that Section 3B1.3 is appropriate where "the defendant abused a position of public or private trust . . . in a manner that significantly facilitated the commission or concealment of the offense." *United States v. Mercer*, 472 F.Supp.2d 1319, 1321-22 (D. Utah 2007); *see also United States v. Koehn*, 74 F.3d 199, 201 (10th Cir. 1996). As the evidence proved at trial, Defendant Springer's position significantly facilitated his ability both to commit and conceal his tax offenses. Therefore, the two-level enhancement for abuse of position of trust is warranted.

### III.  Other Factors

Under the subheading "Other Factors" Defendant Springer frivolously "objects that the Court is authorized to impose any sentence under Title 26, Section 7201, 7203 or under Title 18, Section 371. . .." Defendant Springer also asserts that he "helped collect

millions of dollars for the United States." Finally, Defendant Springer states he "would require a direct accounting of each expense made by the United States including when made and by who." Doc. no. 321 at 14. As previously discussed, Defendant Springer's claim that he has helped collect millions of dollars for the United States is irrelevant to determining the Sentencing Guideline range. With respect to the costs of prosecution, the United States provided an accounting for use in the Presentence Investigation Report.

## IV. CONCLUSION

Defendant Springer's hubris and lack of acceptance of responsibility is fully evident from the Sentencing Memorandum. Defendant Springer simply denies each and every fact that led the jury to convict him. Defendant Springer also fails to acknowledge that the jury disbelieved his perjurious testimony. The United States requests that the Court impose the sentence Defendant Springer's conduct merits – a sentence at the high end of the Guideline range determined by the Court.

Respectfully submitted,

THOMAS SCOTT WOODWARD
UNITED STATES ATTORNEY

  /s/ Charles A. O'Reilly
CHARLES A. O'REILLY, CBA NO. 160980
Special Assistant United States Attorney
KENNETH P. SNOKE, OBA NO. 8437
Assistant United States Attorney
110 West Seventh Street, Suite 300
Tulsa, Oklahoma  74119
(918) 382-2700

# CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of April, 2010, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Lindsey K. Springer, Defendant

Oscar A. Stilley, Defendant

Robert Williams
Standby Counsel assigned to Lindsey Kent Springer

Charles Robert Burton, IV
Standby Counsel assigned to Oscar Amos Stilley

                                                */s/ Charles A. O'Reilly*
                                                CHARLES A. O'REILLY
                                                Special Assistant United States Attorney