**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA,           ) | |
| )                                     | |
|     Plaintiff,                            ) | |
| )                                     | |
| vs.                                   ) | Case No. 09-CR-043-SPF |
| )                                     | |
| LINDSEY KENT SPRINGER and             ) | |
| OSCAR AMOS STILLEY,                   ) | |
| )                                     | |
|     Defendants.                          ) | |

## ORDER

In a hearing held before United States Magistrate Judge Paul J. Cleary on March 30, 2009, the defendants announced their desire to proceed *pro se*. As is stated in Judge Cleary's April 3, 2009 order (doc. no. 27), Judge Cleary then proceeded to hold a *Faretta* colloquy with the defendants. At the conclusion of that colloquy, Judge Cleary found that the defendants had effectively waived their constitutional right to counsel and asserted their right to self representation.[1]  *Id.*  Judge Cleary's April 3 order further states as follows:

> The Court then proceeded, in the exercise of its inherent authority, to appoint Standby Counsel to serve exclusively on behalf of the Court "to protect the integrity and continuity of the proceedings." *See The Guide to Judiciary Policies and Procedures*, vol. 7, § 2.17.  In this circumstance, Standby Counsel is appointed on behalf of the Court to consult with Defendants and serve as a resource ensuring that Defendants receive a fair and expeditious trial.  Standby Counsel are paid in the capacity of an expert or consultant pursuant to 5 U.S.C. § 3109, and appointment may be made regardless of whether Defendants

---

[1] The undersigned judge independently conducted a *Faretta* colloquy, with the same result, on April 22, 2009.  *See,* Doc. no. 43.

are financially able to obtain counsel. Payment will be made using the regular CJA hourly rates as a guideline.

In his April 3 order, Judge Cleary appointed Robert Scott Williams and C. Robert Burton, IV to serve as standby counsel for defendants Springer and Stilley, respectively. (Standby counsel were not appointed to serve as counsel *for* the defendants and did not represent the defendants.)

The services of standby counsel have now been completed, and the reason for their appointment by Judge Cleary no longer exists. Accordingly, the appointment of Robert Scott Williams and C. Robert Burton, IV as standby counsel in this case is **TERMINATED**.

This order is entered without prejudice to the right of standby counsel to apply for compensation for their services, as contemplated by Judge Cleary's April 3, 2009 order.

Dated April 27, 2010.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

09-0043p070.wpd