```
 1              IN THE UNITED STATES DISTRICT COURT

 2             FOR THE NORTHERN DISTRICT OF OKLAHOMA

 3

 4   UNITED STATES OF AMERICA,

 5           Plaintiff,

 6   vs.                           Case No. CR-09-43-SPF

 7   LINDSEY KENT SPRINGER and
     OSCAR AMOS STILLEY,
 8
             Defendants.
 9
     ----------------------------
10

11

12

13

14

15           TRANSCRIPT OF JURY TRIAL PROCEEDINGS

16          BEFORE THE HONORABLE STEPHEN P. FRIOT

17             UNITED STATES DISTRICT JUDGE

18                  NOVEMBER 16, 2009

19                  VOLUME XIV OF XIV

20

21

22

23

24

25
```

```
 1   APPEARANCES:

 2   FOR THE GOVERNMENT:
                              Mr. Charles Anthony O'Reilly
 3                            U.S. Department of Justice
                              PO Box 972
 4                            Washington, DC 20044

 5

 6   FOR DEFENDANT SPRINGER:
                              Mr. Lindsey Kent Springer
 7                            5147 S. Harvard Ave.
                              Ste. 116
 8                            Tulsa, OK 74135

 9                            Mr. Robert Scott Williams
                              Taylor Ryan Schmidt & Van Dalsem
10                            1437 S. Boulder Ave., Ste. 850
                              Tulsa, OK 74119
11
     FOR DEFENDANT STILLEY:
12                            Mr. Oscar Amos Stilley
                              7103 Race Track Loop
13                            Fort Smith, AR 72901

14                            Mr. Charles Robert Burton, IV
                              Burton Law Firm, PC
15                            320 S. Boston, Ste. 2400
                              Tulsa, OK 74103
16

17

18

19

20

21

22

23

24

25
```

```
 1              (COURT IN RECESS AT 9:00 A.M. AWAITING
 2    VERDICT.)
 3              (COURT RESUMES AT 11:50 A.M.)
 4              THE COURT:  Okay.  The record will show that all
 5    the parties and counsel are present.
 6         I have received a note from the jury, which I will
 7    make the next sequentially numbered Court's exhibits.  It
 8    reads as follows:  "We cannot agree on the charge Count
 9    1, 3, and 4.  Please advise what we need to do next.
10    Thank you.  P.S., 3 and 4 charges referred to above are
11    having difficulty is for Oscar Stilley.  We have agreed
12    on the other charges."
13         The jury has now deliberated for about six hours and
14    I -- we went from -- they actually started deliberating
15    Friday at about one and we recessed Friday at about 20
16    minutes till six.  It's now ten minutes till eleven.  And
17    they resumed promptly at nine this morning.  So it's
18    actually a little over six hours.
19         And I'm certainly not ready to do anything other
20    than instruct the jury to continue its deliberations.
21    Subject to what the parties have to say, I do intend to
22    bring the jury back in and give them some encouragement
23    in the form of a substantially modified and substantially
24    softened-up version of an Allen charge.  But I'll
25    certainly afford, first, the government and then the
```

1  defendants to offer me their thoughts on that score.

2      What says the government?

3          MR. O'REILLY:  Your Honor, the government is in

4  favor of that.  I don't know if the Court would be

5  inclined to remind them of all the instructions, but

6  specifically the aiding and abetting instruction which

7  may give them some guidance.

8          THE COURT:  Yeah, I'm not going to pick and

9  choose the instructions that I would want them to go back

10  to.  Obviously, from the government's standpoint, that

11  would be tempting, but I really am not inclined to pick

12  and choose the instructions that I would want them to go

13  back and look at.

14      Mr. Springer.

15          MR. SPRINGER:  Your Honor, before you give the

16  Allen charge, may we have a copy of what that's going to

17  be just to see what it says?

18          THE COURT:  Well, I'll read it for you.  I don't

19  have an extra copy of it.

20          MR. SPRINGER:  Thank you.

21          THE COURT:  This was approved in United States

22  v. Cantwell, a decision by the Tenth Circuit in 2002.

23  That's C-A-N-T-W-E-L-L.  And it reads as follows:  "In a

24  large proportion of the cases and perhaps, strictly

25  speaking, in all cases, absolute certainty cannot be

1    obtained nor can it be expected.  Although the verdict to

2    which a juror agrees must, of course, be his or her own

3    verdict, the result of his or her own convictions and not

4    a mere acquiescence in the conclusions of his or her

5    fellow jurors, yet in order to bring 12 minds to a

6    unanimous result, you must examine the questions

7    submitted to you with candor and with the proper regard

8    and deference to the opinion of each other.

9         "As I instructed you initially, you should consider

10   that you are selected in the same manner and from the

11   same source from which any future jury must be selected.

12   There is no reason to suppose that this case will ever be

13   submitted to 12 men and women who are more intelligent,

14   more impartial or more competent to decide it or that

15   more or clearer evidence will be produced on one side or

16   the other.  And with this view, it is your duty to decide

17   the case, if you can conscientiously do so without

18   violence to your individual judgment.

19        "In the event that you cannot so decide, the jury

20   has a right to fail to agree.  As you know, the law

21   imposes a burden of proof on one party or the other in

22   all cases.  The high burden of proof which must be

23   sustained by the prosecution in this case has not

24   changed.

25        "In this case, the burden of proof is on the

1   prosecution to establish each essential element of the

2   offenses charged beyond a reasonable doubt, and if with

3   respect to any element of any count you are left with

4   reasonable doubt, the defendants are entitled to the

5   benefit of such doubt and must be acquitted on that

6   count.

7        "But in conferring together, you ought to pay proper

8   respect to each other's opinions and you ought to listen

9   with a disposition to being convinced by each other's

10   arguments.

11        "Thus, where there is a disagreement, jurors

12   favoring acquittal should consider whether a doubt in

13   their own mind is a reasonable one when it makes no

14   impression on the minds of the other equally honest and

15   equally intelligent jurors who have heard the same

16   evidence and with the same degree of attention and with

17   an equal desire to arrive at the truth and under the

18   sanction of the same oath.

19        "On the other hand, jurors favoring conviction

20   should seriously ask themselves whether they should doubt

21   the correctness of a judgment which is not concurred in

22   by others with whom they are associated and distrust the

23   sufficiency of that evidence which fails to carry

24   conviction in the minds of their fellow jurors.

25        "Finally, not only should jurors in the minority

1    re-examine their position, but jurors in the majority

2    should also do so to see whether they have given careful

3    consideration and sufficient weight to the evidence which

4    has favorably impressed the person in disagreement with

5    them."

6         Henry Fonda comes to mind, for some reason.

7         "That, of course, assumes" -- and, by the way, I'm

8    not going to say that.

9         "That, of course, assumes that there is a majority.

10   For all I know, you are split six and six.  If you are,

11   please consider these comments nevertheless.

12        "Incidentally, if you are unable to reach a

13   unanimous verdict as to all counts, you are free to

14   return a verdict on those counts, if any, to which all of

15   you do agree.

16        "I am instructing you now to return to the

17   deliberation room and resume your deliberations.  At such

18   point as it should appear that you are hopelessly

19   deadlocked, we will deal with that, but I trust that we

20   are not at that point and may never get to that point."

21        Government have any comments on that?

22             MR. O'REILLY:  No objection from the government,

23   Your Honor.

24             THE COURT:  It's softened up, really, beyond all

25   recognition of -- as a traditional Allen charge.  What

```
 1  says Mr. Springer?

 2         MR. SPRINGER:  I have no objection to that, Your

 3  Honor.

 4         THE COURT:  Mr. Stilley?

 5         MR. STILLEY:  No objection.

 6         THE COURT:  Very well.  If you will, please, I'm

 7  going to stay right here, and if you will, return -- the

 8  security officer please return the jury to the

 9  courtroom.

10      (JURY ENTERS THE COURTROOM.)

11         THE COURT:  Welcome back, members of the jury.

12  I do have a note signed by Mr. Horton.  And let me assure

13  you, first of all, that I and all the parties involved

14  with this case respect your work that you have put in on

15  this case not only in deliberations, but for the first --

16  for the three weeks, approximately, that preceded that.

17  We do respect your work.  We respect the challenges that

18  you face as jurors, working and deliberating together.

19  You certainly have had a considerable number of issues to

20  discuss, I think I can fairly say a substantial mass of

21  evidence to consider, and, of course, that evidence is

22  measured by the instructions on the law, which I have

23  given.

24      And those instructions on the law themselves are not

25  without their complexities.  And I do trust that in your
```

 1   deliberations you have carefully worked through the
 2   evidence, you have carefully worked through my
 3   instructions on the law and sought to arrive at just
 4   verdicts on these counts involving these two defendants.
 5        I'm going to give you some further guidance, and
 6   then I'm going to return you to continue your
 7   deliberations, but let me hasten to add, at the beginning
 8   of this case, I gave you a couple of historical anecdotes
 9   about the way our jury system worked hundreds of years
10   ago.  I'll give you another very brief one, by way of
11   reassurance.
12        Hundreds of years ago, in England, the judges in
13   some cases -- I think the phrase was that they required
14   the jury to remain in a room without "fire, food, or
15   candle" until they reached a verdict.  I'm not going to
16   do that.  I assure you of that.  Those days are long
17   over.
18        But there are some other weighty matters that I
19   would ask you to consider.  In this regard, I further
20   instruct you that in a large proportion of all cases and
21   perhaps, strictly speaking, in all cases, absolute
22   certainty cannot be obtained nor can it be expected.
23   Although the verdict to which a juror agrees must, of
24   course, be his or her own verdict, the result of his or
25   her own convictions, and not a mere acquiescence in the

conclusions of his or her fellow jurors, yet in order to bring 12 minds to a unanimous result, you must examine the questions submitted to you with candor and with the proper regard and deference to the opinion of each other.

As I instructed you last Friday, you should consider that you are selected in the same manner and from the same source from which any future jury must be selected. There is no reason to suppose that this case will ever be submitted to 12 men and women who are more intelligent, more impartial, or more competent to decide it or that more or clearer evidence will be produced on one side or the other. And with this view, it is your duty to decide the case, if you can conscientiously do so, without violence to your individual judgment.

Now, in the event that you cannot so decide, a jury has a right to fail to agree. As you know, the law imposes a burden of proof on one party or the other in all cases. The high burden of proof, which must be sustained by the prosecution in this case, has not changed.

In this case, the burden of proof is on the government to establish each essential element of the offenses charged beyond a reasonable doubt. And if with respect to any element of any count you are left in

1    reasonable doubt, the defendants are entitled to the

2    benefit of such doubt and must be acquitted on that

3    count.

4         But in conferring together, you ought to pay proper

5    respect to each other's opinions and you ought to listen

6    with a disposition to being convinced by each other's

7    arguments.  Thus, where there is a disagreement, jurors

8    favoring acquittal should consider whether a doubt in

9    their own mind is a reasonable one when it makes no

10   impression on the minds of other equally honest and

11   equally intelligent jurors who have heard the same

12   evidence and with the same degree of attention and with

13   an equal desire to arrive at the truth and under the

14   sanction of the same oath.

15        On the other hand, jurors favoring conviction should

16   seriously ask themselves whether they should doubt the

17   correctness of a judgment which is not concurred in by

18   others with whom they are associated and distrust the

19   sufficiency of that evidence which fails to carry

20   conviction in the minds of their fellow jurors.

21        Finally, not only should jurors in the minority

22   re-examine their positions, but jurors in the majority

23   should also do so to see whether they have given careful

24   consideration and sufficient weight to the evidence which

25   has favorably impressed the person in disagreement with

1    them.

2         That, of course, assumes that there is a majority.

3    For all I know, you are split six and six.  If you are,

4    please consider these comments nevertheless.

5         Incidentally, if you are unable to reach a unanimous

6    verdict as to all counts, you are free to return a

7    verdict on those counts to which all of you do agree.

8         I am instructing you now to go back and resume your

9    deliberations.  At such point as it should appear that

10   you are hopelessly deadlocked, we will deal with that,

11   but I trust that we are not at that that point and may

12   never get to that point.

13        Thank you very much for your continuing service to

14   the Court.  And if you will, please return with these

15   additional thoughts in mind to resume your

16   deliberations.

17        All persons in the courtroom will remain seated

18   while the jury departs.

19        (JURY EXITS THE COURTROOM)

20             THE COURT:  Court will be in recess subject to

21   call.

22        And, Pam, here is the note to make a court exhibit.

23        (COURT IN RECESS AWAITING VERDICT.)

24        (COURT RESUMES AT 2:30 P.M.)

25             THE COURT:  Okay.  It is now 2:30 in the

1   afternoon.  I have a note from Foreman Horton that simply

2   states, "We, the jury, have reached a verdict on the

3   above-mentioned case.  Thank you, sir."

4       I will give the note to the clerk to make this a

5   Court's exhibit in the next sequential order and we'll

6   request the security officer to cause the jury to return

7   to the courtroom.

8       (JURY ENTERS THE COURTROOM.)

9           THE COURT:  Welcome back, members of the jury.

10      Mr. Horton, I have your note that the jury has

11  reached a verdict.  My first inquiry will be of you and

12  then of the rest of the jurors after I review the verdict

13  form.

14      Mr. Horton, has the jury reached unanimous verdicts?

15          JURY FOREMAN HORTON:  Yes, Your Honor.

16          THE COURT:  Very well.  You will please give the

17  verdict form to the security officer to give to the

18  clerk.

19      (VERDICTS HANDED TO THE COURT BY THE CLERK.)

20          THE COURT:  Thank you.

21      The verdict appears to be in proper form and I will

22  ask the clerk to please read the verdict.

23          THE CLERK:  "In the United States District Court

24  for the Northern District of Oklahoma, United States of

25  America, Plaintiff, v. Lindsey Kent Springer, Oscar Amos

1    Stilley, Defendants, Case Number 09-CR-43-SPF, verdict

2    for Lindsey K. Springer:

3         We, the jury, being duly sworn and upon our oaths

4    find the Defendant Lindsey K. Springer with respect to

5    Count 1, guilty; with respect to Count 2, guilty; with

6    respect to Count 3, guilty; with respect to Count 4,

7    guilty; with respect to Count 5, guilty; with respect to

8    Count 6, guilty." Dated 11/16/09.  Signed by the

9    foreperson.

10        "In the United States District Court for the

11   Northern District of Oklahoma, United States of America,

12   Plaintiff, v. Lindsey Kent Springer and Oscar Amos

13   Stilley, Defendants, verdict for Oscar A. Stilley:  We,

14   the jury, being duly sworn and upon our oaths, find

15   Defendant Oscar A. Stilley with respect to Count 1,

16   guilty; with respect to Count 3, guilty; with respect to

17   Count 4, guilty." Dated 11/16/09.  Signed by the

18   foreperson.

19             THE COURT:  Thank you.

20        Ms. Lynn, if you will please hand me the verdict

21   forms.

22        Members of the jury, as you know, in this Court, as

23   the instructions have stated, and as I have stated more

24   than once, the requirement for a verdict is that the

25   verdict be unanimous.  I will first inquire of you with

1    respect to your verdicts with respect to Mr. Springer and

2    then with respect to Mr. Stilley.

3         I have read and the clerk has read your verdicts

4    with respect to Mr. Springer on all six counts.  Members

5    of the jury, are these your verdicts as to each and every

6    count?  If so, so signify by raising your hand.

7         (ALL JURORS RAISED THEIR HAND.)

8              THE COURT:  The jury has indicated unanimous

9    verdicts with respect to Mr. Springer.

10         Members of the jury, are these your verdicts on

11   Counts 1, 3, and 4 with respect to Oscar Stilley?  If so,

12   so signify by raising your hand.

13         (ALL JURORS RAISED THEIR HAND.)

14              THE COURT:  And the jurors have all raised their

15   hands indicating a unanimous verdict with respect to

16   Mr. Stilley.

17         Members of the jury, this was your last time to come

18   into this courtroom together as a body and this will be

19   my last opportunity to publicly thank you for your

20   service.  I publicly thank you for your service.  You

21   have rendered a valuable service to the Court, to your

22   community, to your country.

23         I know that, in some ways, your service has been

24   arduous, I know that for some of you it has represented

25   more than just inconvenience, I know that it has

 1   represented some degree of hardship for several of you,

 2   if not all of you.  For every one of you, it has

 3   represented a major disruption in your lives.  You have

 4   been attentive, you have been as conscientious as any

 5   jury I have seen in 37 years.  On behalf of the Court and

 6   your country, your community, I extend my sincere thanks

 7   to you for your service as jurors.

 8        There's one or two more things I would like to touch

 9   on, but then I will invite you to meet with me in the

10   jury room one more time, if you so desire to meet with me

11   so that I may more personally thank you for your service

12   and receive any comments or suggestions you may have.

13        But what I must say publicly and will say publicly

14   is that you now are free to speak to anyone you choose to

15   speak to about this case.  You are now relieved of that

16   restriction and you can discuss this case with anyone

17   with whom you choose to discuss it.

18        However, you must understand that the parties

19   associated with this case and the attorneys are, under

20   our rules, prohibited from contacting you directly or

21   indirectly to communicate about this case.  They are

22   prohibited -- for your protection and for your peace of

23   mind, they are prohibited from contacting you in any way,

24   directly or indirectly, to discuss this case.

25        If anyone should in any way attempt to contact you

 1  with a contact of that sort or if anyone should in any

 2  way seek to hold you accountable or answerable or

 3  criticize you for any aspect of your jury service, please

 4  let Deputy Court Clerk Pam Lynn know, please let Court

 5  Clerk Phil Lombardi know, and I will promptly be informed

 6  and appropriate action will be taken.  No one should ever

 7  question you about your verdict.  And that's true

 8  regardless of what your verdict would have been.  No one

 9  should question you in any way about your verdict.  No

10  one should contact you.  No one associated with the

11  parties, that is, should contact you in any way about any

12  aspect of your service as jurors, and that would be a

13  serious violation of the rules of this Court if they were

14  to do so.

15      I'm going to resume in a few minutes with the

16  parties to address some matters that it is now necessary

17  to address, but I'm going to recess -- counsel and

18  parties, I'm going to recess for just a few minutes to

19  afford me an opportunity to more personally thank the

20  jurors who choose to meet with me for a few minutes in

21  the jury deliberation room so that I may more personally

22  thank you for your service.  And I think I owe that to

23  you at a very minimum.

24      And I certainly would be receptive to any questions

25  you may have about how we could make service as jurors

1 better.

2     Now, it's now 20 minutes till three.  Counsel and

3 the parties should be prepared to resume here in the

4 courtroom at or soon after ten minutes till three.

5     Court will be in recess.

6     (COURT IN RECESS.)

7       THE COURT:  The clerk is directed to file the

8 verdict.

9     To the defendants, Lindsey Kent Springer and Oscar

10 Amos Stilley, you have heard the verdict.  The Court will

11 now refer the case for the preparation of a presentence

12 report.

13     I urge you to cooperate in every way with the

14 preparation of that report.  As you know, that report may

15 not be my only source of information to use in arriving

16 at a fair and just and lawful sentence in this case, but

17 it certainly will be one of my primary sources of

18 information to use for that purpose.  So I do urge you to

19 cooperate in every way with the preparation of the

20 presentence report.

21     It is very important to file your objections, if

22 any, to that report, within the time allotted by Rule 32,

23 because if no timely objections are filed, I will likely

24 take as true all unobjected-to factual portions of the

25 presentence report.

1      And, obviously, you will have opportunities to speak

2  on your behalf at sentencing.  I'm not going to set the

3  case for sentencing at this time.  I will consult with

4  the probation office and I'll -- I will probably inquire

5  into the status of the presentence report after a few

6  weeks, and then as soon as we are in the position to

7  confidently set the matter for sentencing, we will do

8  so.

9      The rules require that sentencing take place

10 promptly, I think is the operative word in the rules, and

11 I will do everything I can to comply with the

12 requirement, but I'm not going to set the case for

13 sentencing at this time.

14     Now, we do have a motion pending.  That is the

15 motion for reconsideration.  I overruled that motion in

16 part because it was a motion for mistrial, but that is

17 the motion at Docket Entry Number 224, which was

18 Mr. Springer's motion, which was joined in by Mr. Stilley

19 at Docket Entry Number 232.

20     My inclination -- I'll give Mr. O'Reilly an

21 opportunity to respond to this.  My inclination is to

22 give the government until the 11th of December to respond

23 to that motion.

24     What says the government on that score?

25          MR. O'REILLY:  Your Honor, that would be

1    sufficient time for us to respond.

2         THE COURT:  The government will have until

3    December 11th, to respond to the motion at Docket Entry

4    Number 224, joined in by Mr. Stilley at Docket Entry

5    Number 232.

6       Let's see.  I need to confer here at the bench, but

7    privately with the probation officer.  If you would

8    please come forward.

9       (DISCUSSION HAD OFF RECORD.)

10        THE COURT:  Under 18 United States Code, Section

11   3242 and 3143, it is now my duty to make a determination

12   with respect to detention pending sentencing.

13      Does the government have a position on that issue?

14        MR. O'REILLY:  No, Your Honor.  We're not

15   requesting.

16        THE COURT:  Pardon me?

17        MR. O'REILLY:  We are not requesting they be

18   remanded.

19        THE COURT:  My conferences with the probation

20   office have left me reasonably well-satisfied that I can

21   fashion conditions of release that will reasonably assure

22   the appearances of the defendants as required for

23   sentencing or any other hearing and which will either

24   eliminate or minimize danger to the community by virtue

25   of leaving these defendants on released status pending

1    sentencing.

2         It is my intention -- subject to additional

3    conditions, it is my intention for that reason to leave

4    these defendants on release status and not to remand them

5    pending sentencing.

6         But so that everyone will understand -- and I

7    realize that everyone probably wants to be on their way,

8    but we're just going to have to take a few minutes to

9    cover some of this ground.

10        Under 28 -- I'm sorry -- 18 United States Code,

11   Section 3143, if we wanted to go by the letter of the

12   statute, and I am going by the spirit of the statute, I

13   am to remand these defendants unless I find by clear and

14   convincing evidence that they are not likely to flee or

15   pose a danger to the safety of any other person or to the

16   community if released -- released under Section 3142(b)

17   or (c).  Well, the relevant section is 3142(c).

18        Under Section 3142(c), I am to order the release of

19   these defendants if I can fashion conditions which --

20   conditions or a combination of conditions which will

21   reasonably assure the appearances of these defendants as

22   required and the safety of other persons and the

23   community, and then there's a list of permissive

24   conditions, a non-exclusive list of permissive

25   conditions.

```
1        I am satisfied that it will be reasonably certain
2   that these defendants will appear and that they will not
3   represent a danger to the community if released pursuant
4   to new conditions.
5        Now, of course, the question that arises is what do
6   we mean by "danger to the community"?  On its face, that
7   language, you would think, would ordinarily encompass
8   violence or drug-dealing or things like that.  Well, it's
9   also clear under the case law construing those provisions
10  that the concept of danger to the community includes
11  fraudulent conduct and -- or conduct which represents the
12  threat of pecuniary harm to the community.  In that
13  respect, I rely on United States v. Karmann,
14  K-A-R-M-A-N-N, 471 F.Supp 1021, with the relevant
15  discussion at page 1022.  That, as it happens, was a
16  criminal tax case.  Also, United States v. Provenzano,
17  P-R-O-V-E-N-Z-A-N-O, 605 F.2d 85, a Third Circuit case
18  from 1979.  Also, United States v. Moss, M-O-S-S, 522
19  F.Supp 1033, at page 1035.  And on page 1035, the court
20  in that case said, "It is generally agreed that courts
21  may refuse bail on the ground that defendant poses a
22  threat to the community even though the threat is
23  pecuniary rather than physical."
24       I also rely on United States v. Masters, 730 F.Supp
25  686, where in a very helpful quote on page 689, the court
```

1   said, in part, "However, the Court believes it must also

2   consider the danger of a person who continues to

3   participate in possibly fraudulent schemes."

4       So conduct of the kind that has been very amply

5   proven in this case is conduct with which I must be

6   concerned in releasing these defendants pending

7   sentencing.

8       And it is on the basis of the authorities that I

9   have just cited that I do impose new conditions pending

10  sentencing.

11      These will be embodied in a new order, which will be

12  supplemental to the order entered by Judge Cleary March

13  19, 2009.  And I'm going to read these conditions of

14  release at this time.

15      The first one relates to these defendants' civil

16  litigation activities.  It is reasonably clear to me from

17  the evidence in this case that these defendants have used

18  civil litigation as part and parcel of their course of

19  fraudulent conduct and as part and parcel of their course

20  of dealing with individuals, including some of the

21  victims who testified at this trial by way, among other

22  things, of intimidation of individuals who -- with whom

23  they dealt.

24      Each defendant is directed to provide the following

25  documents to the probation office within 30 days:

1       First, true and complete copies of all complaints,

2   petitions, amended complaints or amended petitions or

3   pleadings of a similar nature filed by you in any civil

4   litigation presently pending in any state or federal

5   court by which you assert as a plaintiff or as a

6   counterclaiming defendant or as a cross-claiming

7   defendant or otherwise a claim for relief against any

8   person or public or private entity of any kind.

9       Unless the Court directs otherwise, you're not

10  required to provide copies of briefs filed by you in such

11  cases, although you may do so if you elect to do so.

12      What is required is copies of the pleadings by which

13  you state your claims.

14      Second, true copies of any orders, judgments or

15  decrees entered in any such pending case addressing the

16  merits of the claims asserted by any party in any such

17  case.

18      Third, true copies of the appearance docket,

19  commonly called the "docket sheet," for any such civil

20  litigation.

21      Fourth, the requirements of this order do not apply

22  to any litigation pending in the United States District

23  Court for the Northern District of Oklahoma or to any

24  appeals from orders or judgments entered by the United

25  States District Court for the Northern District of

3081

1   Oklahoma.

2       Fifth, you shall refrain from filing any civil suit

3   relating in any way to federal income taxation without

4   the permission of the probation officer.

5       Other matters:

6       First, you will provide no advice, suggestions or

7   recommendations to any person or entity, public or

8   private, other than immediate family members with respect

9   to any matter relating to federal taxation.  This

10  prohibition includes any medium, including conference

11  calls and the Internet.

12      Second, you will maintain no Web site that refers to

13  any matter relating to taxation.  You will immediately

14  take down any Web site that you control that makes any

15  reference to any matters relating to taxation.  You will

16  post no material of any kind on any Web site that refers

17  to any matter relating to taxation.

18      Third, you will not directly or indirectly undertake

19  any activities of any kind in the name of Bondage

20  Breakers Ministry.

21      Fourth, you will provide no representation or

22  services of any kind to any person or entity with respect

23  to any matter relating to federal taxation.

24      Fifth, you will not engage in any activity that

25  would constitute the unauthorized practice of law.

 1      Sixth, you will not work directly or indirectly in

 2   any business, profession or self-employment engaging in

 3   the offer, sale, purchase, trade, brokering, solicitation

 4   or similar transaction of any real property, securities

 5   or negotiable instruments.

 6      Seventh, you will not engage in telemarketing

 7   activities to include any telephone sales or solicitation

 8   of related businesses, campaigns, ventures or

 9   transactions.

10      Eighth, you shall disclose to the probation office

11   all e-mail accounts, PayPal accounts, Internet

12   connections and Internet connection devices, including

13   screen names and passwords to the U.S. probation

14   officer.

15      You shall immediately advise the U.S. probation

16   office of any changes in your e-mail accounts,

17   connections, devices or passwords.

18      Ninth, if instructed by the United States probation

19   office, you shall refrain from using e-mail and Internet

20   connection or an Internet connection device.

21      United States probation office shall have the

22   authority to monitor all of your computer activity to

23   include all e-mail or Internet connections to include but

24   not limited to installation of remote computer monitoring

25   software.

1    Unless waived by the United States probation office,

2  the cost of remote computer monitoring software shall be

3  paid by the defendant.

4    Tenth, you shall not access any on-line service

5  using an alias or access any on-line service using the

6  Internet account name or designation of another person or

7  entity.

8    Eleventh, you are prohibited from altering or using

9  any form of encryption, cryptography, stenography,

10  compression, password-protected files or other methods

11  that limit access to or change the appearance of data or

12  images.

13    Twelve, you are prohibited from altering or

14  destroying records of computer use, including the use of

15  computer software or functions designed to alter, clean

16  or wipe computer media, block computer monitoring

17  software or restore a computer to a previous state.

18    Thirteen, if instructed by the probation officer,

19  you shall provide all personal and business telephone

20  records and all credit card, checking account, and Paypal

21  statements to the U.S. probation officer.

22    Fourteen, you shall report to the probation officer

23  the particulars, as required by the probation officer, of

24  all transactions consummated with a check-cashing

25  service.  These reports shall be made within ten calendar

1  days after completion of any such transaction.

2      You shall refrain from transacting business with any

3  check-cashing service if so directed by the probation

4  officer.

5      Fifteenth, you shall, not later than ten days from

6  this date, surrender possession to the United States

7  probation office or to the United States Marshal of all

8  firearms located in your residence or otherwise in your

9  possession, custody or control and shall not possess a

10  firearm, destructive device or other dangerous weapon.

11      Sixteenth, you shall -- and this is one I'm going to

12  elaborate on, because this is of surpassing importance.

13  You shall maintain employment which meets the approval of

14  the probation officer, failing which you shall perform

15  community service as shall be directed by the probation

16  officer for at least 30 hours a week.

17      Now, I'm going to digress on that just a bit.  You

18  are accustomed to hearing judges say at sentencing that

19  you're going to do community service while you're on

20  supervised release.  This is not that.  The requirement

21  that you get a job or perform community service if you

22  fail to get a job is of utmost importance to my decision

23  not to incarcerate you to await sentencing.  The

24  provision for community service if you fail to get a job

25  approved by the probation officer is not community

1    service in the same sense as community service as a
2    condition of post-incarceration supervised release and is
3    obviously not imposed pursuant to Sentencing Guideline
4    5F1.3.
5        This requirement is imposed pursuant to 18 United
6    States Code Sections 3142 and 3143.  Under the facts of
7    this case, I can make the finding that you are not a
8    danger to the community, and this applies to both of you,
9    only if I fashion a combination of conditions that will
10   minimize the risks recognized by Sections 3142 and 3143
11   inherent in permitting you to remain on bond.
12       As far as this Court is concerned, steady work, even
13   if it is menial work, is exceptionally important in
14   minimizing those risks.  Holding a steady job, even if it
15   is not the employment you consider to be optimal, is
16   essential for two reasons:
17       First, the discipline that flows from a daily
18   routine of productive work can go far to help establish
19   compliance with the other conditions of release.
20       Second, if you are to avoid incarceration pending
21   sentencing, the way of life that both of you have led as
22   scam artists must end today.
23       The curfew and the other additional conditions I
24   have imposed will minimize the risk that you will
25   continue to practice your fraudulent way of life between

1  6 p.m. and 7 a.m., but if you're not gainfully employed

2  in honest work, even if it is meaningful work or

3  community service, if you fail to find work during normal

4  working hours, I will likely conclude that the risk you

5  present to the community is just too great and I will, in

6  all probability, direct that you be incarcerated pending

7  sentencing.

8       Now, you heard me make reference to a curfew.

9  Defendant Springer shall successfully participate in the

10 home confinement program to include global positioning

11 electronic monitoring until released from the program by

12 the Court or the probation office.

13      The defendant shall abide by a curfew from 6 p.m. to

14 7 a.m. seven days per week during which time he must

15 remain at his home unless a medical emergency arises.

16      Mr. Springer shall not travel outside the boundaries

17 of Creek and Tulsa Counties in Oklahoma without

18 permission from the probation office.  The entire cost of

19 the program shall be paid by the U.S. probation office.

20      The Defendant Stilley shall successfully participate

21 in the home confinement program to include global

22 positioning electronic monitoring until released from the

23 program by the Court or the probation office.

24      Defendant Stilley shall abide by a curfew from

25 6:00 p.m. to 7:00 p.m. seven days per week during the

1  time which he must remain at his home unless -- during

2  which time he must remain at his home unless a medical

3  emergency arises.

4      The Defendant Stilley shall remain within the

5  boundary of Sebastian County, Arkansas, unless travel is

6  authorized for a court appearance.  Travel to and from

7  court appearances must be made by way of the most direct

8  route available and must be reported to the probation

9  office prior to the departure from the defendant's home.

10  The entire cost of the program shall be paid by the

11  probation office.

12      The probation office is directed to install the GPS

13  equipment on the defendants immediately and before they

14  leave the courthouse today.

15      The defendants shall accompany the probation officer

16  from the court to the probation office for installation

17  of the GPS equipment.

18      At the sake -- at the risk of unduly repeating

19  myself and emphasizing that which I have already said

20  more than once, the defendants must bear in mind that the

21  requirements with respect to curfew, with respect to

22  work, honest work, and failing that, community service,

23  are very, very important to my decision to leave you on

24  bond pending sentencing.

25      Anything further this afternoon from the

1    government?

2           MR. O'REILLY:  Your Honor, just for clarity, the

3    government is aware of -- there is a Web site that's been

4    following this trial that appears to have been soliciting

5    funds for Mr. Springer through PayPal.  I'm not familiar

6    with the intricacies of it, but I want to know if that's

7    covered by your order, and, really, for Mr. Springer's

8    sake, if that's covered by your order.

9           THE COURT:  Well, that, I can't say, because I

10   don't know if it's controlled by Mr. Springer.  If

11   there's a Web site that refers to taxes, it must come

12   down or he will go to jail.  And that is the long and the

13   short of it.  The alternative is not to go back to the

14   way you live for 20 years until today.  The alternative

15   is you do these things or you go to jail.

16          MR. SPRINGER:  Okay. I did have one question.

17   You gave the government until the 11th of December 2009

18   to respond to the motion to reconsider.

19          THE COURT:  True.

20          MR. SPRINGER:  I was wondering if we have a

21   reply date time to reply to their response, which I'm

22   sure it will be extensive.

23          THE COURT:  Sure.  You can have ten days

24   following the date of filing of the government's response

25   within which to file a reply.

```
 1              MR. SPRINGER:  Thank you, Your Honor.

 2              THE COURT:  Very well.  And lest there be any

 3    doubt, the defendants' communication activities, the Web

 4    site, the conference calls are all -- I find, without

 5    hesitation, are all part of these defendants' scam that

 6    they have been running for these many years.  And if

 7    someone else wants to solicit money on their behalf,

 8    that's fine, or if they want to solicit money without

 9    making any reference to any matter relating to federal

10    taxation, that's fine, but any Web site that they control

11    that comes within the description that I just read, which

12    will be embodied in my order, must come down.

13         Anything further this afternoon from the

14    government?

15              MR. O'REILLY:  Not from the government, Your

16    Honor.

17              THE COURT:  From the defendants?

18              MR. SPRINGER:  No, Your Honor, not from me.

19              THE COURT:  Mr. Stilley?

20              MR. STILLEY:  No, Your Honor.

21              THE COURT:  The defendants are directed to

22    proceed immediately to the probation officer for the

23    installation of the GPS monitoring equipment.

24         Court will be in recess.

25         (COURT ADJOURNED)
```

1              REPORTER'S CERTIFICATE

2

3      I HEREBY CERTIFY THAT THE FOREGOING IS A TRUE AND

4  CORRECT TRANSCRIPT OF PROCEEDINGS:

5

6                    S/Tracy Washbourne
                     Tracy Washbourne, RDR, CRR
7                    United States Court Reporter
                     Western District of Oklahoma
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25