# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 09-CR-043-SPF |
| | ) |
| LINDSEY KENT SPRINGER, | ) |
| OSCAR AMOS STILLEY, | ) |
| | ) |
| Defendants. | ) |

### UNITED STATES' CONSOLIDATED RESPONSE IN OPPOSITION TO DEFENDANT'S MOTIONS FOR WRIT OF ERROR CORAM NOBIS, FOR APPOINTMENT OF COUNSEL REGARDING MOTION FOR WRIT OF ERROR CORAM NOBIS AND TO EXCEED PAGE LIMITATIONS (DOC. NOS. 402, 403, 404, 405, 408 and 409)

The United States of America, by and through its attorneys, Thomas Scott Woodward, United States Attorney for the Northern District of Oklahoma, and Charles A. O'Reilly, Special Assistant United States Attorney, hereby responds in opposition to Defendant's Motion for Writ of Error Coram Nobis and Motion for Appointment of Counsel Regarding Motion for Writ of Error Coram Nobis. The United States also opposes Defendant's motions for leave to exceed page limitations,[1] and requests that the

---

[1] The United States initially intended to raise no opposition to Defendant's motion for leave to exceed page limitations, following Defendant's initial set of motions (doc nos. 402 through 406). However, with Defendant's subsequent submissions in support of his improvidently filed Motion for Writ of Coram Nobis, Defendant's fifty-two pages of pleadings now grossly exceeds the page limitations set by local rules of which Defendant is well-aware. See Order dated December 9, 2009, striking defendants' pleadings doc. nos. 257, 258, 260, 261 and 263.

Court strike Defendant's filings related to Defendant's Motion for Writ of Coram Nobis for being filed in violation of local rules.

Defendant timely appealed his judgment and sentence to the Tenth Circuit Court of Appeals, and is represented on appeal by Jerold W. Barringer, Esq. See doc. no. 340. Should the Court decide not to strike Defendant's pleadings, the Court should dismiss them as this Court lacks jurisdiction as a result of Defendant's appeal of the judgment and sentence.

I.   DISTRICT COURT DIVESTED OF JURISDICTION BY APPEAL

"The filing of a notice of appeal is an event of jurisdictional significance - it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam); *United States v. Meyers*, 95 F.3d 1475, 1489 n. 6 (10th Cir. 1996).

Defendant filed a timely notice of appeal on April 23, 2010. Defendant is pursuing this appeal with the assistance of counsel. Pursuant to the Federal Rules of Appellate Procedure, "the filing of a notice of appeal usually divests the district court of further jurisdiction." *United States v. Meyers*, 95 F.3d at 1489 n. 6. Therefore, this Court no longer has jurisdiction to consider Defendant's requested relief.

II.     WRIT OF ERROR CORAM NOBIS PROVIDES DEFENDANT NO RELIEF

The writ of error coram nobis is an extraordinary common law tool by which a court can correct errors within its own jurisdiction. "[C]oram nobis normally lies only when the petitioner is no longer in federal custody." *Correa-Negron v. United States*, 473 F.2d 684, 685 (5th Cir. 1973); *see also United States v. Brown*, 413 F.2d 878 (9th Cir. 1969). "Since this motion in the nature of the ancient writ of coram nobis is not specifically authorized by any statute enacted by Congress, the power to grant such relief, if it exists, must come from the all-writs section of the Judicial Code." *United States v. Morgan*, 346 U.S. 502, 506 (1954).

As the Supreme Court stated in *Carlisle v. United States*, "'[t]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling.' *Pennsylvania Bureau of Correction v. United States Marshals Service*, 474 U.S. 34, 43 (1985). As we noted a few years after enactment of the Federal Rules of Criminal Procedure, 'it is difficult to conceive of a situation in a federal criminal case today where [a writ of coram nobis ] would be necessary or appropriate.' *United States v. Smith*, 331 U.S. 469, 475, n. 4 (1947). Rule 29 provides the applicable law." 517 U.S. 416, 428 (1996).

Rule 29 of the Federal Rules of Criminal Procedure provides that "[a] defendant may move for judgment of acquittal" within fourteen days. Defendant made such a

motion and this Court denied Defendant's motion. Defendant's relief, if any, must come through the appellate process.

III. APPOINTMENT OF COUNSEL IS NOT WARRANTED

Defendant's motion for writ of error coram nobis is a collateral attack on Defendant's conviction and sentence. The Supreme Court has "never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions, *see Johnson v. Avery*, 393 U.S. 483, 488 (1969)." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). "Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further. Thus, we have rejected suggestions that we establish a right to counsel on discretionary appeals." *Id*. (citations omitted).

"Under 18 U.S.C. §3006A, an indigent defendant is entitled to have counseled representation when, inter alia, the Sixth Amendment requires or when the defendant 'faces loss of liberty in a case, and Federal law requires the appointment of counsel.' 18 U.S.C. §3006A(a)(1)(H)-(I)." *United States v. Berger*, 375 F.3d 1223, 1226 (11th Cir. 2004). "After final conviction the appointment of counsel must rest in the discretion of the court." *Trenkler v. United States*, 268 F.3d 16, 20 (1st Cir. 2001). Defendant's case is on appeal before the Tenth Circuit, Defendant is represented on his appeal by Jerold W.

Barringer, Esq.;[2] Defendant presents no adequate reason for additional counsel to be appointed at taxpayer expense.

IV. CONCLUSION

For the foregoing reasons, the United States requests that the Court strike Defendant's motions, doc. nos. 402, 403, 404, 406 and 409, for being filed in violation of the local rules. Alternatively, the United States requests that the Court dismiss Defendant's Motion for Writ of Error Coram Nobis, and Defendant's Motion for Appointment of Counsel Regarding Motion for Writ of Error Coram Nobis for want of jurisdiction. Should the Court determine it retains jurisdiction for either or both of Defendant's motions, the United States requests the Court deny each motion.

                        Respectfully submitted,

                        THOMAS SCOTT WOODWARD
                        UNITED STATES ATTORNEY

                        */s/ Charles A. O'Reilly*
                        CHARLES A. O'REILLY, CBA NO. 160980
                        Special Assistant United States
                        110 West Seventh Street, Suite 300
                        Tulsa, Oklahoma 74119
                        (918) 382-2700

---

[2] In his motion, Defendant states that the Tenth Circuit questioned Mr. Barringer's representation of Defendant due to Mr. Barringer's prior representation of one of the witnesses in Defendant's trial. By order dated June 15, 2010, the Tenth Circuit ordered Mr. Barringer to show cause in writing why he should not be disqualified from representing Defendant. Mr. Barringer responded, and on July 12, 2010, the Tenth Circuit discharged the show cause order.

## CERTIFICATE OF SERVICE

       I hereby certify that on the 16th day of July 2010, I served the foregoing document by United States Postal Mail, and electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing, to the following ECF registrants:

Jerold W. Barringer, Esq.
Attorney for Defendant Springer
P.O. Box 213
Nokomis, IL 62075


Lindsey Kent Springer
Defendant
FTC Oklahoma City
Federal Transfer Center
P.O. BOX 898801
Oklahoma City, OK 73189
Inmate Number 02580-063


Oscar Amos Stilley
Defendant
FCI Forrest City Low
Federal Correctional Institution
P.O. Box 9000
Forrest City, AR 72336
Inmate Number: 10579-062.

                                                    /s Charles A. O'Reilly
                                                    Charles A. O'Reilly
                                                    Special Assistant United States Attorney