# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT
# OFFICE OF THE CLERK
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157

| | | |
|---|---|---|
| Elisabeth A. Shumaker<br>Clerk of Court | August 13, 2010 | Douglas E. Cressler<br>Chief Deputy Clerk |

Lindsey K. Springer
FCI - Big Spring
1900 Simler Avenue
Big Spring, TX 79720
# 02580-063

**RE:**  **10-5101, In Re: Lindsey Kent Springer**
Dist/Ag docket: 4:09-CR-00043-SPF

Dear Mr. Springer:

A petition for writ of mandamus was docketed today.

This application for extraordinary relief has been docketed but cannot be submitted to the court until the docket fee has been paid or the applicant has been granted leave to proceed without prepayment of fees and costs. *See* Fed. R. App. P. 21(a)(3). Within 30 days of the date of this order, applicant must pay the $450.00 docket fee to the clerk or file for leave to proceed without prepayment of fees on the enclosed form. If the fee is not paid or the form is not filed, this proceeding may be dismissed without further notice.

Proof of service of the application was not provided. Within 30 days of the date of this letter, applicant must provide proof of service of the application on respondent(s) and the district court judge, or this proceeding may be dismissed without further notice. The enclosed form may be used.

Applicant must complete and file the enclosed motion for leave to proceed without prepayment of costs or fees. Within 30 days of the date of this order, applicant must pay the $450.00 docket fee to the clerk or file for leave to proceed without prepayment of fees on the enclosed form. If the fee is not paid or the form is not filed, this proceeding may be dismissed without further notice.

Enclosed are entry of appearance forms for all parties to this appeal. They must be executed by counsel or the pro se parties and returned to this office  *See* 10th Cir. R. 46.1. Parties who do not enter their appearances may not receive notices.

Please contact this office if you have questions.

                                        Sincerely,

                                        Elisabeth A. Shumaker
                                        Clerk of the Court

cc:       Charles Anthony O'Reilly

EAS/jm

United States Court Appeals
For the Tenth Circuit

In re:
Lindsey Kent Springer

Case No _____
09-CR-043

Petition for Writ of Error
Coram Nobis or Mandamus
And ORDER of Release

1. Lindsey Kent Springer ("Springer") moves this Court for a Writ of Error Coram Nobis to the Honorable Stephen P Friot, United States District Court, sitting in the Northern Judicial District regarding the final Judgment entered in 09-CR-043, mandamus and for release.

Background

2. Springer was indicted on March 10, 2009 in the boundaries of the Northern Judicial District, See 28 U.S.C § 116(a).

3. Springer was arraigned on March 18, 2009 before Magistrate Judge. Doc. 14.

4. Springer attended a short hearing on March 30, 2010 before the same Magistrate. Doc. 23.

5. On March 31, 2009 Judge Friot was assigned to 09-CR-043, Doc 24

6. On April 22, 2009 Springer attended a hearing before Judge Friot, Doc. 43 A 2 minute exchange was made between Springer and Judge Friot regarding Springer's choice to proceed pro-se.

7. On May 15, 2009, Springer filed 8 motions to dismiss with supporting briefs. Doc. 51 thru 66.

-1-

8  On July 2, 2009, the Trial Judge denied Springer's Motions without complying with F.R.Cr.Pr. 12(d). No Findings or conclusions were given. The Trial Court also denied Suppression requests. See Doc 100.

9  On July 14, 2009, the tax division was ordered to provide a bill of particulars and did. Doc 201

10  On October 19, 2009, 7 days before Trial, the Tax Division provided a 2nd Bill of Particulars. Doc. 201.

11  On October 21, 2009, a pretrial hearing was held.

12  On October 26, 2009, trial began.

13  On November 16, 2009, after a hung Jury, an Allen instruction produced a Guilty Verdict on all Six Counts.

14  After post trial motions were all denied, on April 23, 2010, after a 3 day Sentencing hearing, Springer was sentenced to 15 years in the Bureau of Prisons

15  On April 23, 2010, Springer filed his Notice of Appeal to this Court Case No. 10-5055. Springer currently has pending issues in 09-5088, 10-5037 and 10-9001.

16  In each of these cases Springer is represented by Jerold Barringer.

17  The Tax Division is in an ongoing effort to prevent Barringer from representing Springer in 10-5055.

18  On July 8, 2010 Springer filed

-2-

in 09-CR-043 a Motion for Writ of error coram nobis to the Trial Judge, Doc. 402, 403, 404, 405, 408 and 409.

19. The Tax Division opposed the motion, Doc. 411

20. Springer timely replied and the motion has been pending for more than 15 days without order.

21. Springer simultaneously with this Petition has filed a request for release pending outcome of the courts decision and any appeal taken.

1. Writ of Error Coram Nobis to vacate Judgment and Sentence for being entered in violation of Sixth Amendment.

22. While Springer was studying his right to Appellate Counsel regarding the challenge to his counsel in 10-5055 Springer discovered why he had so many issues to raise on Appeal. Springers Sixth Amendment Right to Counsel was not voluntarily, knowingly and intelligently waived. See U.S. v. Dawes, 895 F.2d 1581, 1582 (10th Circuit 1990); citing U.S. v. Allen, 895 F.2d 1577 (10th Circuit 1990); Penson v. Ohio, 488 U.S. 75, 109 S.CT 346, 102 L.Ed.2d 300 (1988). These decision told

-3-

23. Springer the Counsel issue was no longer subject to harmless error. The Supreme Court held Coram Nobis is available to correct the most fundamental errors. U.S. v. Morgan, 346 U.S. 502, 512, 74 S.CT 247, 253, 98 L. Ed 248 (1954), citing U.S. v. Mayer 235 U.S. 55, 69, 35 S.CT 16, 19-20, 59 L. Ed 129 (1912) Morgan held the District Court had power under the all writs Act to issue writ of error Coram Nobis. The Tenth Circuit also found Title 28, § 2255 was not a bar to Dawe's Motion for a New Trial. Dawes at 1182.

24. This Court held in U.S. v. Padilla 819 F.2d 952 (10th Circuit 1987) there is two factors to be considered. First, was the choice to proceed without Sixth Amendment Counsel voluntary. Clearly standby Counsel was for the pleasure of the Court.

25. Springer asserted in his motion and reasserts here that his choice to proceed pro·se at trial was not voluntary. Springer met standby Counsel for 3 minutes before the March 18, 2009 arraignment. The Tax Division does not oppose this allegation. In fact, they did not cite a single opposition to any allegations in Springer's motion.

-4-

Springer will not repeat this comparison accept to say everything alleged was not opposed with any citation in the record.

26. The second test was and is whether Springer knowingly and Intelligently waived his right to counsel. Padilla at 955.

27. The trial Judge is to conduct an inquiry sufficient to establish a defendants knowledge and understanding of the factors relevant to his decision to waive counsel. See Sanchez v. Mondragon, 852 F.2d 1462, 1465 (10th Cir. 1988). To be voluntary means with eyes wide open. Faretta v. California, 422 U.S. 806, 835, 45 L. Ed 2d 562, 95 S.CT 2525 (Quoting Adams v. U.S ex rel McCann, 317 U.S. 269, 279 87 L. Ed 268, 63 S.CT 236 (1942)

28. The trial court was required to show on the record Springer had a sense of the magnitude of the undertaking and the hazards inherent in self representation for Trial. This task was upon the trial Judge who must bare in mind the strong presumption against waiver. Von Moltke v. Gillies, 332 U.S. 708, 723 68 S.CT 316, 323, 92 L.Ed 309 (1948)

To be valid the waiver must be made with an apprehension of the nature of the charges, the statutory offenses, including the range of punishments possible, possible defenses to the charges, and circumstances in mitigation. Von Moltke, 332 U.S. at 723-24, 68 S.CT at 323.

29. A Judge is to make certain the waiver is understanding and wisely made only from penetrating and comprehensive examination of all the circumstances under which such plea is tendered. Id. See also Allen, at 1578. This Court reiterated the factors articulated must be conveyed to the defendant by the Trial Judge and must appear on the record. Padilla at 956-57 Allen, 1578. The mandate by Padilla must occur at a pretrial hearing.

30. The Tax Division made no claim to the record where Springer made the eyes wide open decision to proceed at trial with eyes wide open There is no record to point to because none exists.

31. Springer and the trial court never had any discussions about

-6-

dangers and disadvantages whatsoever. There was no comprehensive and penetrating exchange between Springer and the trial court. Springer never had any exchange with the court outside the presence of the Tax Division or their case agents.

32. Springer's proceeding without counsel was not knowingly and intelligently made.

33. Although the Trial Judge in Sanchez did more than the Trial Judge in Padilla, the inquiry was found insufficient. Padilla was experienced with criminal justice system and was aware of most, if not all of the information, that the court was required to provide. The Trial Court did not fulfill its obligation to ensure the defendant was fully aware of all the requisite information. Padilla, 819 F.2d at 958-59. The evidence of defendant's knowledge of relevant considerations must be in the record, Sanchez, at 1467; Quoting U.S. v. Glipson, 693 F.2d 109, 112 (10th Circuit 1982)

34. The Tax Division does not identify any record whatsoever.

-7-

2. Tax Division only challenges Jurisdiction which is clearly an erroneous challenge.

35. Springer cited to each case herein in his Motion and supporting briefs which clearly gives the Judgment Court the power to fix the violation of the Sixth Amendment.

36. Springer cited to Dawes, 895 F.2d, 1181-1182, which directed Dawes be released from Prison. The Tax Division argued that the writ of Error Coram Nobis normally lies when the Petitioner is no longer in federal custody. Doc. 411, pg 3. They argued Springer's relief must come from the Appellate process. Doc 411, pg 4.

37. Springer did not raise the issue about counsel at the Trial Court before Judgment. This Court would not have jurisdiction to address the Sixth Amendment issue unless Springer has raised it. The Tax Divisions argument is not in accord with this Courts numerous decisions.

38. It is obvious the error occurred

- 8 -

3. Trial Court Errors.

39. The Dawes Court stated the only remedy when a Judgment is entered in violation of the Sixth Amendment is vacate the Judgment and sentence. 895 F.2d at 1582

40. In U.S. v. Taylor, 113 F.3d 1136, 1142 (10th Cir. 1997) Taylor was not found stuborn as Mr. Willie. See U.S. v. Willie, 941 F.2d 1384, 1370 (10th Cir. 1991). In light of the strong presumption against waiver, See Padilla, 819 F.2d at 956, and the difference factually between Springer and Willie, there is but no question the Sixth Amendment was violated.

41. Springer had no clue how the trial court was to define "gift," even after Springer's motion to dismiss because the court's only record was "denied". Doc 55, 56, 100.

42. Springer moved to dismiss on venue and Jurisdiction, Doc. 51, 52, 57, 58, 61, 62, 63, 64, to which the trial court gave not a hint as to its Rule 12(d) findings or conclusions.

43. Springer raised a pretrial defense on the PRA and the trial court denied without findings under 12(d). Springer was never told by

-9-

the Court about any dangers or disadvantages of Self representation. For instance, Springer was not aware of cross examing witnesses adverse to Springer and the impact that had on the Jury. Springer was not told he was prevented from raising a PRA complete defense until October 21, 2009 at pretrial. This Court told the Trial Judge on May 1, 2007, Springer's PRA Claims could only be raised as a complete defense, 231 Fed Appx 791. This Court also stated on August 31, 2009 the PRA is a defense when the penalties sought are based upon failure to file, 580 F.3d 1142, 1144. (10th Circuit 2009.)

44. Springer did not learn Toughy regulation trumped the Sixth Amendment till October 9, 2009 only Two weeks before Trial and a week before the last minute California Depositions of Ms. Wiggins. See Dec. 178, 191

45. Springer was not made aware of Testifying in a narrative and was only told about this disadvantage the day before Springer was to put on his deforse, in the middle of trial.

46. The disadvantage of Sentencing

-10-

pro se is obvious. As Springer told the Trial Court at Sentencing, having to object to the PSR, the Tax Division, make objections and present possible defenses was next to impossible. Seeing where the Court was to go was unforseen.

47. Had the Court discussed defenses, disadvantages, dangers, and inquired why Springer proceeded pro-se, Springer would have made decision with eyes wide open. Even if the Trial Court had complied with Rule 12(d) and made specific findings and conclusions Springer would have at least known where the Court stood and with other information of the dangers of self representation (and disadvantages) Springer obviously would have demanded Sixth Amendment Trial counsel.

48. Springer should have been told by the Trial Court its position on the PRA prior to trial with complete findings and conclusion. Springer did not learn till after trial the Court thought the PRA did not apply to form 1040. See Doc. 293, pgs At trial, Springer learned as he was proceeding his defense that the Trial Court thought Form 1040 did not violate the PRA.

49. Had the Court discussed Springers defenses with him Springer would

-11-

would have learned the Trial Court's positions. The disadvantage of this alone made Springer look like he was acting in bad faith when nothing was further from the Truth. See 580 F.3d 1142, 1145 ("Springer raises difficult issues between the Tax Code and the PRA.") Even if this did not come up in a discussion under Sixth Amendment collogy, the Trial Court was required under Rule 12(d) to make specific factual findings. Doc 100 makes no such findings.

50. The Tax Division cites to no record and there is none. Doc. 411. The only claim in opposition appears at page 5 ("Should the Court determine it retains jurisdiction for either or both of Defendant's motions, the United States requests the Court deny the motion"). That is it!

4. Request for alternative Mandamus

51. If Writ of Error Coram Nobis is not the correct procedure then Springer request in the alternative a Writ of Mandamus directing a Writ of Error Coram Nobis be issued by the District Court.

5. Springer request for Release and direction to District Court to appoint Counsel.

-12-

52. The Tax Division informs the trial Judge it has no Jurisdiction and that only this Court has Jurisdiction because Springer is on appeal at 10-5055.

53. The decision in <u>Dawes and Allen</u>, of which the Tax Division did not address in their opposition, is the law of this Circuit. Instead the Tax Division cites decisions from other Circuits about issues unrelated to the Sixth Amendment.

54. Springer has pro bono counsel in this Court in each case but that Counsel is unable to represent Springer in 09-CR-043.

55. The Tax Division has obviously spent time attacking Springer's Counsel.

56. Springer's Sixth Amendment right has been violated and there is no reason he should remain in prison.

57. As the Court in Dawes and Allen ordered their release so should Springer be released pending disposition of his Writ of Error Coram Nobis and during any subsequent appeal.

58. The Sixth Amendment is fundamental to the fact finding process and in 09-CR-043 the facts are in violation of Springers Sixth Amendment Right to Counsel

59. Springer request an order releasing him pending resolution and appeal on suitable bond conditions.

-13-

60. After arraignment Springer was on signature bond. After verdict Springer was on new restrictions that included he have a job in the community and monitoring. Springer complied with all conditions. See PSR (T. bolihare) See also Docs 13, 247. The restrictions at Title 18, § 3142 as to danger and flight are the same as § 3143(a) and (b). The reason Springer is currently in prison pending appeal is due to the Court's 15 year sentence. See Order May 6, 2010 and Order in this Court in 10-5055 on June 1, 2010.

61. Springer's Flight Risk assessment would be moot if the Judgment is in violation of Springer's Sixth Amendment Right to Counsel.

62. It is interesting the Tax Division argues against counsel and persists to this day of challenging Springers counsel in 10-5055.

## Conclusion

63. Springer respectfully request this Court liberally construe Springers Petition and issue a Writ of Error Coram Nobis if it has Jurisdiction (as Tax Division argued) directing Judgment in 09-CR-043 is entered in Violation of the Sixth Amendment or issue

-14-

an order directing the District Court issue an order vacating its order of April 23, 2010 and direct the immediate release of Springer from the custody of the Bureau of Prisons. See Dawes and Allen, supra.

Respectfully Submitted

*Lindsey K Springer*
Lindsey Kent Springer
02580-063
BIG-FCI
1900 Simler Ave
Big Springs TX 79720

## Certificate of Service

I certify that I mailed this Petition For Writ of Error Coram Nobis to Tenth Circuit Court Clerk Office, 1823 Stout Street, Byron White Courthouse Denver Colorado 80257. I further certify I have attached an accompany Declaration of Indigency and have no access to copying or computer type equipment. I request both the Tax Division and District Court be served by the Clerks office through its electronic system.

-15-

8.5.10
date

Lindsay K Springer
02580-063
BIG-FCI
1900 Simler Ave
Big Springs TX 79720

I also certify I mailed along with the Petition a Motion to proceed with out Payment of Fees and a declaration in support thereof.

8.5.10
date

Lindsay K Springer

-16-