# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 09-CR-043-SPF |
| ) | |
| OSCAR AMOS STILLEY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OF APPROVAL, WITH MODIFICATION, OF CLAIM FOR PROFESSIONAL SERVICES

Before the court is the claim for services and expenses of C. Robert Burton, attorney-at-law, who was appointed in this case to serve as standby counsel for the defendant Oscar Amos Stilley. The claim, submitted on form CJA 20, seeks compensation for services rendered in the amount of $117,000.06, consisting of compensation for services in court in the amount of $40,825.00, compensation for services out of court in the amount of $73,850.00, travel expenses in the amount of $70.00, and other expenses in the amount of $2,255.06.

Some review of the history of this matter is appropriate. In proceedings before Magistrate Judge Paul J. Cleary on March 30, 2009, Judge Cleary determined that it would be appropriate to appoint standby counsel for the *pro se* defendants in this case. That decision was entirely appropriate and was in keeping with applicable authority from the Court of Appeals. *See, e.g.,* United States v. Baker, 84 F.3d 1263, 1267 (10th Cir. 1996), citing United States v. Padilla, 819 F.2d 952, 959 (10th Cir. 1987)

(appointment of standby counsel for a *pro se* defendant is a preferred, though not mandatory, practice).

The order appointing standby counsel, including the appointment of Mr. Burton as consultant for Mr. Stilley, was entered on April 3, 2009. Doc. no. 27. The order provided that standby counsel were appointed as set forth in The Guide to Judiciary Policies and Procedures, vol. 7, § 2.17. The order further stated that standby counsel were to be paid in their capacities as experts or consultants pursuant to 5 U.S.C. § 3109.

Standby counsel, including Mr. Burton as standby counsel for Mr. Stilley, proceeded to serve, and to serve admirably, under exceptionally difficult circumstances, until they were relieved of further service following sentencing in this case. *See* Order dated April 27, 2010. Doc. no. 334.

By way of a claim for services and expenses on form CJA 20 dated May 17, 2010, Robert Scott Williams, standby counsel with respect to the defendant Lindsey Springer, submitted his request for compensation and reimbursement of expenses. Mr. Williams requested compensation at the rate of $195.00 per hour. The court approved Mr. Williams's request, the request was forwarded to the Court of Appeals for review and approval, and (as the court is informed) was approved for payment by the Court of Appeals.

The present request, by Mr. Burton, for services rendered (and expenses incurred) with respect to Mr. Stilley, seeks compensation for services at the rate of $250.00 per hour. That hourly rate is not unreasonable, and the court is strongly tempted to approve the application on the basis of that hourly rate. However, the court, upon careful consideration, has determined that, under all of the circumstances, the hourly rate that should be applied to this application is the hourly rate which was applied with respect to the previously-approved application submitted by Mr.

Williams for services rendered with respect to Mr. Springer - $195.00 per hour. The time devoted to the matter, as shown by Mr. Burton's claim form, was reasonable. The $195.00 per hour hourly rate is more than reasonable. As submitted, at the $250.00 hourly rate, the amount claimed is $117,000.06. As revised, to reflect a $195.00 hourly rate, the amount claimed would be $91,771.56. Payment of Mr. Burton for services rendered in this amount, at that rate, is amply justified and is by any measure necessary and appropriate in this case.

Although Messrs. Burton and Williams did not represent the defendants and did not act on their behalf, they served, at times under extraordinarily difficult circumstances, as consultants to the defendants throughout these proceedings - services which required a very substantial amount of time and attention from Messrs. Burton and Williams, both in court and out of court. Viewing the matter from the perspective of the *pro se* defendants, the court is highly confident that the advice provided by standby counsel in this case, to the extent that that advice was heeded by the defendants, enabled the defendants to reduce the likelihood that their self-representation would make a difficult legal and factual situation much worse. From the perspective of the court, the services of standby counsel had a beneficial effect by way of minimization of disruptive behavior and other counterproductive conduct on the part of the *pro se* defendants. That said, the court, after consultation with Mr. Burton, and in its discretion, applying some elements of parsimony, and with an eye to the rates which would apply under the Criminal Justice Act, approves the application of Mr. Burton at the rate of $195.00 per hour, which results in an approval from this court of payment in the amount of $91,771.56 (inclusive of expenses, as set forth above).

In conclusion, the court once again expresses to both Mr. Burton and Mr. Williams the court's sincere appreciation for their conscientious, patient and highly professional services as standby counsel in this case.

Dated August 17, 2010.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

09-0043p089.wpd