In The United States District Court
For The Northern District of Oklahoma

# FILED

United States of
America

NOV 1 2010

v.

Phil Lombardi, Clerk
U.S. DISTRICT COURT

09-CR-043

Lindsey Kent Springer

Memorandum In Support of Motion
For Release Pending Appeal or
For Consideration

I Springer is Likely to prevail on Appeal
on the issue that his waiver of counsel
was not voluntarily, knowingly, and intelligently
made                                                    1

(i) Conviction and Sentence without
    Waiver of Sixth Amendment Counsel    5

   A. Government Claim of Waiver          5

   B. Waiver Analysis                     6

   C. Voluntary                           6

   D Knowingly and Intelligently         10

      I. Knowingly                       10

      II Dangers                         10

      III Disadvantages                  11

      IV Hazards                         11

      V Apprehension of nature of changes  12

      VI Statutory Offense               13

VII   Range of Punishment                          13

VIII  Possible Defenses                            14

IX    Risks of Proceeding Pro Se                   14

X     Magnitude of Undertaking                     14

XI    Examination of Petitioner                    15

XII   Intelligently-wisely                         16

XIII  No effective waiver                          16

(ii)  IV  Title 18 § 3143 Factors                  18

      (A) Flight Risk                              19

      (B) Danger                                   20

(iii) Conclusion                                   20

Dawes, 895 F.2d 1581 (10th 1990)                   5
Allen, 895 F.2d 1577 (10th 1990)                   5
Faretta 422 US 806                                 7, 8 10, 15
Padilla 819 F.2d 952 (10th 1987)                   5, 7, 9, 10, 12, 15
Sanchez 858 F.2d 1462 (10th 1988)                  5, 10, 16
Silkwood 893 F.2d 245 (10th 1989)                  8
Von Moltke 332 US 708 (1948)                       5, 8, 9, 10, 11, 12, 15
Taylor 113 F.3d 1140 (10th 1997)                   7, 8, 16
Penson 488 US 75 (1988)                            5
Springer v. IRS 231 Fed Appx 791 (10th 2007)       18
Springer v CIR 580 F.3d 1142 (10th 2009)           18

18 USC § 3143                                      18, 19

Springer was not represented at Trial by Sixth Amendment Counsel. Springer is sorry for this issue but it is apparent Springer's Right has been violated. It is also apparent from the Transcripts that this Court's decision on Suppression likely will be reversed on Appeal.

1. Springer is likely to prevail on Appeal on the issue that his waiver of counsel was not voluntary, knowingly, and intelligently made

Springer will briefly cover the relevant history of the case. Indictment was returned on March 10, 2009. Doc 2. Springer appeared by electronic summons, March 18, 2009. Doc 14. Springer filed pre arraignment Bill of Particulars and Motion to make Fifth Amendment proffer. Honorable Judge James H. Payne was assigned and recused prior to arraignment. Doc 9. Petitioner met with Mr. Drew before arraignment. Doc 403. Bond conditions were set. Mr. Williams was appointed for arraignment only. Doc 11. On March 24, 2009, Mr. Williams moved to withdraw. Doc 24. Springer was arraigned. On March 30, 2009, Honorable Magistrate Cleary held a hearing to determine Petitioners intentions regarding representation. On March 30, 2004, Mr. Williams was appointed Stand by Counsel. On April 22, 2009, this Court held a hearing with Springer. After a short exchange Springer was found by the Court to have waived his Sixth Amendment right to Counsel. Doc 382, pg 4-26.

On April 22, 2009, the Trial Judge held a Supplemental Faretta colloquy." Doc 382, p. 5, line 15. After a few "advantages" of a lawyer were conveyed to Petitioner, the Statement that Stand by attorney Mr. Williams did not represent Petitioner, and a few questions asked of Petitioner, the trial court found "these defendants' .. waiver of Counsel is knowingly and voluntary, and made with a full understanding, and recognition of the dangers and disadvantages of proceeding pro-se" and confirmed Judge Cleary's determination.." Doc 382, p. 4-26.

This waiver was subject to certain conditions related to understanding the nature of the Charges. Doc 382, pg 17, ln 12-15. The transcript shows Springer was simultaneously, and in the presence of the Government witnesses and Stand-by-Counsel. The waiver was subject to a bill of particulars. Doc 382, p. 17, ln 17. The Bill of Particulars was denied pending discovery without prejudice. Doc 43

Springer moved to dismiss each charge based upon his lack of understanding of the Charges and for violation of Title 26 USC §7602(d). Brief and Exhibits were attached. Doc 51 through 66. The Prosecution Team opposed. Doc. 71

On June 15, 2009, Springer filed a bill of Particulars seeking the meaning of "required by law", "lawful functions" and "defraud". Doc 81 This Court granted Springer's request regarding "required by law." Doc 100.

On July 14, 2009, the Prosecution Team
2    filed its Bill of Particulars Identifying

nine (9) code sections. After this court denied Springer's request for a Bill of Particulars on "regulations" the Prosecution Team filed its trial brief repeatedly using the term regulations. Springer moved for reconsideration, doc. 158, to which this Court granted. Doc. 184, 192. Seven days before trial, the Prosecution tendered eight regulations and the Grand Jury Transcript of Judith R. Patterson Doc 201, 224, 252, 293

A pretrial conference was held on October 21, 2009, just two days after Springer returned from the Wiggins deposition. This is the first time defenses were discussed and the only discussion was whether Springer could defeat a Motion in Limine. Doc 384, 58-62. (They're just not taking the hint are they) (Ln 9-10) and 62-64. The Court It wasn't till November 4, 2009, the Trial Court inquired of Springer's allowed good faith defense on the P.R.A. Doc. 392, 1886-1914.

Trial began on October 26, 2009. Springer represented himself and relied heavily on Stand by counsel. Doc 418. The Jury found Springer guilty on November 16, 2009 This Court informed Springer for the first time that it would instruct the Jury Form 1040 did not violate the PRA on November 4, 2009, as Springer geared up to present a good faith defense. Doc. 392, 1949, 16-18

The trial court denied all post trial motions. Springer was sentenced on April 23, 2010 to 180 months in prison and ordered to pay restitution of

3

771,000 to the Secretary of the Treasury and State of Oklahoma.

Springer moved for release pending appeal and after opposition by the Prosecution Team, This Court denied the Motion. Doc 363. Springer moved to reconsider. Doc 368, 369, 372 This Court denied Springer's motions. Doc. 377 Springer filed a Motion for writ of error on the issue of whether Springer voluntarily knowingly, and intentionally waived his right to Sixth Amendment Counsel, Doc. 402, 403, 405, 406. The Prosecution Team opposed. Doc 411 This Court has not ruled on that Motion.

Springer moved for release pending ruling on his motion because the error was fundamental and that the conviction and Sentence and loss of liberty were based upon a violation of Petitioners Right to Sixth Amendment counsel. Doc. 417 On August 30, 2010, the Prosecution Team opposed release. Doc 420, pg 2. The Court has not ruled.

Springer Petitioned for writ of mandamus to the 10th Circuit regarding the issue as to Springer not voluntarily, knowing, and intelligently waiving his Sixth Amendment Right to Counsel, to which on October 22, 2010, Springer's writ was denied on procedural grounds and invited reconsideration of release pending appeal in 10-5055.

Springer makes this Motion so to make request for release to the 10th Circuit in 10-5055 if this Court chooses not to grant release.

4

(f) Conviction and Sentence is without
    Waiver of Sixth Amendment Counsel

Springer did not voluntarily, knowingly, and
intentionally, waive his right to Sixth Amendment
Counsel. Springer is not an attorney and
his education level is 12th grade. Doc 382,
pg 21, line 20. The right to counsel is required
to be honored by the Sixth Amendment. See
U.S v. Dawes, 895 F. 2d 1581, 1582 (10th Cir. 1990);
citing U.S. v. Allen, 895 F. 2d 1577 (10th Cir. 1990);
Penson v. Ohio, 488 U.S. 75, 109 S. CT 346, 102
L. Ed 300 (1988) There are two factors the
trial Court must consider in overcoming the
presumption against waiver. See U.S. v. Padilla
819 F. 2d 952 (10th Cir. 1987)

First, was the choice to proceed without
Sixth Amendment counsel voluntary. Second,
was the waiver knowingly and intentionally
made. Sanchez v. Mondragon, 858 F. 2d 1462,
1465 (10th Cir. 1988); Padila, 819 F. 2d at
959. A defendant left without counsel is
not subject to harmless error analysis. Allen,
895 F. 2d at 1580

"The right to counsel is fundamental to
insuring the very integrity of the fact finding
process." Dawes, 895 F. 2d at 1581 The trial
Court stated its power to accept or reject
a waiver of counsel was its "inherent power."
Doc 114, p. 25, Ln 25

A. Government Claim of Waiver

Springer does not need remind the Court
of the strong presumption against waiver
from the beginning. Von Moltke v. Gillies
332 U.S. 708, 723, 68 S. CT 316, 323, 92 L. Ed
309 (1948) The Government has not overcome

the strong presumption against Waiver.
Doc. 411 In its opposition to Springer's
motion for Release pending ruling on
Springer's Writ of Error and stating
Springer's Waiver was voluntary (Doc 419),
the Prosecution Team stated:

"The trial judge conducted a thorough
and comprehensive formal inquiry of
Defendant on the record to ensure
Defendant was aware of the nature
of the charges, the range of allowable
punishments and possible defenses, and
was fully informed of the risks of
proceeding pro se. See U.S. v. Willie,
941 F.2d 1384, 1388 (10th Cir. 1991),
cert denied, 502 US 1106 (1992)

The Prosecution also stated Springer
had a sense of the magnitude of the undertaking
and inherent hazzards of self-representation at
the time of his decision to proceed pro-se."
Citing Padilla, 819 F.2d at 956.

B. Waiver Analysis.

Springer claims his waiver was not voluntary,
in the Sixth Amendment sence, nor knowingly or
voluntarily made.

C.   Voluntary

The Prosecution Team has stated to this
Court that the March 30, 2009 hearing before
Magistrate Judge Paul Cleary, along with the
supplemental colloquy on April 22, 2009, between
Honorable Judge Friot, demonstrate Springer
voluntarily waived his Sixth Amendment Right

to Counsel. Doc 419. It is only the Trial
Judge who must provide the required
information, examine Springer, and make all
required inquiries. See Taylor, 113 F.3d at
1141. (information provided to magistrate
Judge was outside the context of his
[Taylor's] waiver of his right to counsel"
under the Sixth Amendment)

   In Faretta v. California, 422 US 806, 835,
the Supreme Court held that to be a valid
waiver, the professed waiver:

   "requires a showing on the record that
   defendant who elects to conduct his
   own defense had some sense of the
   magnitude of the undertaking and the
   hazards inherent in self representation
   when he made the election. The task of
   ensuring that defendant possesses the
   requisite understanding initially falls
   on the trial Judge who must bear in
   mind the strong presumption against
   waiver." Von Moltke, 332, US at 723

   The Supreme Court further stated that a trial
Judge can make certain that an accused's
proffessed waiver of counsel is understandingly
and wisely made only from a penetrating and
comprehensive examination of all the circumstance
under which such plea is tendered. Von Moltke
332 US at 723-24. There are factors which "must
be conveyed to the defendant by the trial Judge
and must appear on the record," so that review
can be made without speculation. Padilla. 819
F.2d at 956-57. The inquiry mandated by
Padilla must occur at a pretrial hearing
so that if the defendant decides not to
waive his right to counsel, he will have a

7

meaningful opportunity to exercise it. _Allen_ 895 F.2d at 578.

To be a valid waiver, it must be made with (1) an apprehension of the nature of the charges, (2) knowledge of the statutory offenses, (3) including with them the range of punishments thereunder, (4) possible defenses to the charges, and (5) circumstances in mitigation. _Von Moltk_, 332 US at 723-24. See also _Allen_, 895 F.2d at 1178.

Besides these five factors, _Padilla_, 819 F.2d at 956-57, _Allen_, supra, the trial judge should conduct an inquiry sufficient to establish a defendant's knowledge and understanding of the factors relevant to his decision to waive counsel. _Sanchez_, 858 F.2d at 1465, _Padilla_, 819 F.2d at 959. A penetrating and comprehensive examination of all the circumstances under which the waiver is made is required. _Von Moltk_, 332 US at 723-24; _Allen_, supra. The question of whether a defendant's waiver of counsel is voluntary turns on whether the defendant's objections to his counsel are such that he has a right to new counsel. _Taylor_, 113 F.3d at 1740. _Padilla_, 819 F.2d at 955. In order to be voluntary, the trial court must be confident the defendant is not forced to make a choice between incompetent counsel or appearing pro se. _U.S. v. Silkwood_, 893 F.2d 245, 248 (10th Cir. 1989); _Taylor_ 113 F.3d at 1140

Springer was never arrested and voluntarily appeared for initial appearance. Doc 13. Mr. Williams was appointed stand by counsel for arraignment only. Six days later Mr. Williams moved to withdraw. Doc 20, 21. Thereafter, without any trial judge assigned, on March

8

30, 2009, Mr. Williams was assigned to be standby counsel for the pleasure of the court. Doc 26. Springer was never even approved for the appointment of counsel. Springer had issues with disclosing information on a affidavit that could be possibly used against him. Springer described this as the "sticking point" to the Trial Judge. Doc 382, pg 6, line 6-16.

Springer contends the trial court was required to ask, and did not, why Springer was choosing to proceed without sixth Amendment counsel. The test must be satisfied by the April 22, 2009 record. When Mr. Williams had been stand by counsel for 19 days. No proper questions, examination, and inquiry occurred.

There is no discussion about Springer's choice to proceed pro-se, or his objections to the prospective appointment of counsel. Speculation is not an option. No attempt was made to give Springer counsel. Padilla, 819 F.2d at 956-57; Von Moltke 322 US at 723-24. The Trial Court had affirmed stand by counsel before the supplemental colloquy." Doc 114, pg 6, LN 8-10.

Springer asserted that he watched as probation officer Randall Drew sought someone to standby Springer at arraignment an no attorney volunteered. Doc 403, pg 13, para. 37. Springer met with Williams for 3 minutes prior to arraignment. Doc 403, pg 2, para. 9. Springer contends there is no record, in the sixth Amendment sense, showing Springer

9 voluntarily waived his right to trial counsel or appointed counsel.

D. Knowingly and Intelligently

I. Knowingly.

Springer did not knowingly waive his Sixth
Amendment Right to Sixth Amendment Counsel
Although the trial judge did more in Sanchez
than the trial judge in Padilla, both were
"insufficient." Sanchez, 858 F.2d at 1469. In
order to be competently and intelligently
choose self representation, Springer "should
be made aware of the dangers and disadvantages
of self representation", so that the record
will establish that "he knows what he is
doing and his choice is made with eyes open,"
Faretta, 422 U.S. at 835; Padilla, 819 F.2d
at 956.

Faretta requires a showing on the record
defendant understood the magnitude of the
undertaking and the hazards inherent in
self representation when he made the election."
Padilla 819 F.2d at 956. The trial court is to
make a thorough and comprehensive
examination of all the facts and circumstances
contemplated by Von Moltke and its progeny,
Padilla, 819 F.2d at 957

Dangers

There were 9 dangers the court gave
to Springer: (1) not tag teaming; (2) stand by
does not represent you; (3) without a lawyer
defendant might miss items; (4) it is unwise
to represent yourself; (5) there will be no special
treatment; (6) no entitlement to continuances; (7)
Government won't go easy on you; (8) no claim
on appeal you lacked skill or knowledge as a
basis for new trial; (9) you do understand the

12

dangers and disadvantages. Doc 382, pg. 4-26. Springer contends #3 is a possible danger. Doc 382, pg 8, line 21-23

Certainly, this is not the dangers associated with risks of self-representation in a criminal trial contemplated in Von Moltke. Springer's risk was believing he could not complete the affidavit prior to counsel being appointed. Doc 382, pg 14, line 6-7. Although the financial status of Springer was brought up repeatedly, the Trial Court never addressed it either on or off the record. Springer was offered no other choice.

## III Disadvantages.

Springer contends the Trial Judge did not ever inform Springer of any disadvantages to self representation. Although the Trial Judge articulated a few "advantages" to having a lawyer, Springer contends advantages of having an attorney does nothing to convey on the record any disadvantages to proceeding pro se or electing to self represent that may occur at any stage of the criminal proceeding.

Although the Trial Court asked Springer if he understood the "dangers and disadvantages" or "advantages and disadvantages", Doc 382, pg 24, line 2, 3-19, 20, it is obvious Petitioner did not because no disadvantage was communicated to Springer by the Trial Court. This shows lack of understanding of Springer.

## Hazards

There is no record where the hazards of self-representation were conveyed to Springer. It's

may be true that (9) listed possible warnings could classify as hazards in self-represent-ation, however, Springer contends the hazards must also include specifics like testifying in a narrative as to a good faith defense limited to less than 1 hour, or having a right to know the legal definition of gift, venue, Form 1040 did not violate the PRA, civil rules apply in a criminal case, or that income, taxable income, and gross income were all with the same meaning. Doc 390, 1942, 24 Springer also raised issue with how to bring witnesses to court yet the trial court did nothing to examine those questions. Doc 382 14, 6-25.

## V   Apprehension of Nature of Charges

The Supreme Court said the waiver must be "with an apprehension of the nature of the charges." Von Moltke 332 U.S. 723-24; Padilla, 819 F.2d 957. Apprehension means "comprehension" of the negative aspects of the charges. Springer informed the court on April 22, 2009 he did not understand the nature of the charges, and that they were confusing. Doc 382, pg 15, ln 14-16. Springer sought understanding the charges by filing Bills of Particulars. Doc 8, 81, 104, 105, 167 and 201. As of March 18, 2009, March 30, 2009, April 22, 2009, July 2, 2009 and October 13, 2009, Springer was still trying to understand the nature of the charges. This shows Springer never understood or comprehend the nature of the charges at any time before the plea was made on April 22, 2009.

## VI   Statutory Offense

Springer can read and write. However, just reading Title 18, USC § 371, Title 26 § 7201 and § 7203 does not satisfy apprehension of the offenses. Among others, Springer sought the meaning of "defraud" "lawful function" and "required by law." Doc 8, 81 Both on March 18, 2009 and June 15, 2009.

The Prosecution Team had provided the elements to Count one on May 29, 2009. Stating the first to Count One was that Springer and Stilley agreed to "violate the law." Doc 71, pg 11; Doc 383, 104, 16-25; Doc 383, 105, 1-17 The Prosecution opposed a Bill of Particulars, Doc 97, pg 4. The Trial Court Ordered Two Bill of Particulars on July 2, 2009, and October 13, 2009. Doc. 100, 184, 192. The Trial Court never examined Springer as to his apprehension or comprehension of the Statutory offenses. None of the Statutory offenses track the language of any Statute. The Trial Court never discussed with Springer the elements of each of the Six Counts to see what Springer's knowledge or understanding was as to those elements. Even as of July 2, 2009, the Trial Court was asking the Prosecution Team;

"What provisions should I be looking at here." Doc 383, pg 125, ln 11-21

## VII   Range of Punishment.

Springer was told he was looking at 22 years in prison. Doc 382, pg 24, ln. 9-13

## VIII   Possible Defenses

The Trial Court never discussed possible Trial defenses. It was not until Springer was asked to make a proffer under oath that any defense was discussed. This was on November 4, 2009, in the middle of Trial. Doc 392, 1881-1942. This Court had not decided if Springer was allowed to enter Form 1040 into the record. Doc 392, 1931, 15-16. It would have been highly unusual to have a discussion with Springer on the record before a plea waiver with the Prosecution Team in the room. It was highly unusual to find "these" defendants waived their right. This examination should have taken place separately as this Court did the Rule 17(d) Subpoena hearing before trial. There must be an indepth communication in order for a waiver to be valid. The only time defenses came up was when the Court said Springer's defenses were on his "shoulders." Doc 382, pg 25, Ln 13. This is insufficient to have a valid waiver of counsel.

## IX   Risks Proceeding Pro Se.

The Trial Court did not convey the risks or examine Springer to ensure Springer was aware of the risks of proceeding pro-se.

## X   Magnitude of Undertaking

Springer clearly did not understand the charges, offenses, defenses, risks, hazards, mitigation, role of Stand by counsel, rules

14

on Subpoenas, civil rules application, the meaning of gift, venue, jurisdiction, or how to testify in a narrative as to a good faith defense. Springer was unaware that Toughy regulations applied to Government witnesses in a Sixth Amendment Trial.

Simply telling Springer denied and burying limited findings in a transcript certainly was not proper due to Springer's financial condition.

Telling Petitioner for the first time in the middle of Trial that the Court found Form 1040 did not violate the PRA was certainly something the Trial Court should have ensured Springer was aware of before Springer presented or shaped his defenses. A discussion on this issue should have been made before the plea waiver was accepted.

Springer had no Sixth Amendment "Magnitude of the undertaking."

XI    Examination of Petitioner

No penetrating examination took place between Petitioner and the Court. Springer sought to make a fifth amendment proffer in Camera to which the Court denied. Doc 43 The Trial Judge never sought Springer's knowledge of the Trial process. Von Moltk, 332 US at 723. No comprehensive examination of all the circumstances under which the waiver was premised appears in the record. See Allen, 895 F.2d at 1578; Padilla, 819 F.2d 956-57 Evidence of Springer's knowledge must be in the record.

15

## XII    Intelligently - Wisely

Springer claims his waiver was not based upon proper intelligence. It was not intelligently made. This Court is to look at the entire circumstance of the case, including age, education, previous experience with criminal trials, background, experience and conduct, Padilla 819 F.2d at 958; Taylor, 113 F.3d at 1140.

Similar to Padilla, Sanchez and Taylor, the Trial Court did not discuss the charges, possible defenses, mitigating factors, or that Springer would be expected to follow the intricate rules of evidence and criminal procedures. Taylor, 113 F.3d at 1141. The Trial Judge instead told Springer he would be required to abide by the

> "rules of criminal law and the rules of courtroom procedure," Doc. 382, pg 11, ln. 1-6

The record shows the Trial Court did not ensure Springer's waiver was intelligently made.

### No effective Waiver

Springer did not stubbornly refuse the appointment of counsel. Springer did not make repeated assertions of his right to self representation. Springer did not refuse to accept the services of competent and available counsel. Nor did Springer assert he could only work with an attorney who shared his views on taxation.

To the contrary, Springer used the services of standby counsel repeatedly and often. Doc 418. Springer at times was getting conflicting views from Standby Counsel. Doc 396

This Court directed on April 22, 2009

"IF I conclude that your understanding of these charges is fatally deficient, then I'm not going to let you represent yourself." Doc 382, pg 18, ln. 14-17.

The Court also stated that

"If I appoint counsel for you, if you otherwise qualify, that counsel would represent you at the expense of the government." Doc 382, pg 23, ln. 11-15

This Court also stated that the advice needed by Springer enabled Springer to reduce the likelihood that "their" self representation would make a difficult legal and factual situation much worse. Doc 418

It was more than difficult to decide whether to listen to Mr Burton's advice or Mr. Williams advice. Doc 396, 2673, 12-13. (over instructions booklets); pg 2738, 11-15 ("Standby counsel has tried to confer with these parties") Mr. Burton was standby counsel for Stilley yet spoke to the Court about both Springer and Stilley. Doc 420, pg 15; Doc 382, pg 4, ln 3

Springer was 44 years old and twelfth
17  grade educated at the time of trial.

Springer was not stubborn in regard to the court attempting to appoint counsel. No attempt to appoint counsel by the Trial Court was ever attempted. Springer was never properly examined regarding self representation.

The 10th Circuit will not allow Springer to appeal without permission. Springer v. IRS, 231 Fed Appx 791; See also Springer v. CIR, 580 F.3d 1142, 1145 (10th Cir. 2009)

Springer simply did not waive his right to Sixth Amendment Counsel.

Springer did to move to dismiss on several grounds. At Trial this Court had not even decided whether it would define gift. Yet Springer moved to dismiss on this issue. There was no evidence Springer was made aware of the meaning of Gift until the end of Trial. Doc. 393, 1942, 15-24 There is no doubt the Court went back and fourth on the PRA whether the Form was subject to the Act versus The Form complied with the Act. The Trial Court not explaining the venue defense with Springer until its instructions simply shows nothing was discussed with Springer befor his waiver was tendered.

(ii)   Title 18 § 3143 Factors

Springer is to convince this Court Springer is not a flight risk. Also that he is no danger to the community.

18

## (A) Flight Risk

This Court previously said that because of the 180 month sentence imposed it was no longer clearly convinced Springer would not flee. Doc. 363, 377

The Sixth Amendment is fundamental to the fact finding process. Dawes 895, F.2d at 1581. The sentence is based upon Springer not voluntarily, knowingly, and intentionally waiving his right to counsel. Prior to sentencing this Court allowed Springer to remain at liberty, being convinced Springer was not a risk of flight, nor a danger to the community.

Springer's entire family lives in the Tulsa area, save his brother in Oklahoma city and Dad within 80 miles, outside of Tulsa. Springer's Mother (73), Sister (51), Brother (52) a' one child live in Tulsa, Springer has two children in Sapulpa (15, 14) and a son in Bixby (21).

Springer has never had a passport. Springer is capable of obtaining employment if released. Springer has all but lost his marriage of 7 years do to incarceration but can live with is son.

Springer obeyed every order of this Court since this case began. Springer also is and was maintaining several cases in the Northern District. Springer's sister owns a business for 30 years in Tulsa and employs 25 people full time.

Prior to incarceration Springer maintained a job making $2600 per month. This would allow Springer to get caught up on child support and complete his divorce that was

19

filed in July, 2010.

Springer after trial successfully wore a leg monitor with not a single violation reported. Prior to Sentencing Springer was told he could travel to anywhere he wanted with couple days notice.

Springer does not know what else to show on this issue.

## Danger

Prior to Sentencing this Court ordered Springer to get a job or donate his time. Springer did both. He donated his time to habitat for humanity and also obtained a full time job buying furniture for 3 stores in Tulsa and Broken Arrow.

Springer is no danger to the Community.

## Conclusion

Lindsey Kent Springer requests this Court to enter an order releasing him pending appeal finding this Court can order Suitable conditions to assure Springer will not give flight, is not a danger to the Community as he was not before Sentencing, and that he raises an issue that will likely result in reversal of the entire conviction, because Sixth Amendment Counsel is fundamental to the fact finding process and the sentence and conviction are premised upon that fundamental fact finding error.

20

Respectfully Submitted



\# 02580-063
B16 FCT
1900 Simler Ave
Big Springs Tx 79720

## Conclusion

I hereby certify that I mailed Springers Motion For Release and Brief In Support to the office of the Clerk, 333 W 4th St, Tulsa, Oklahoma 74103.

I further certify that all parties receive service of process through this Courts ECF System:

Charles A. O'Reilly
Oscar Stilley

October 26, 2010

21