# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 09-CR-0043-SPF |
| LINDSEY KENT SPRINGER, | ) |
| Defendant. | ) |

## ORDER

Mr. Springer has filed a number of motions: doc. no. 402 (seeking a writ of error coram nobis), doc. no. 403 (asking for appointment of counsel to pursue the motion for writ of error coram nobis), doc. no. 405 (asking leave to exceed the court's page limits with respect to his first brief filed in support of his motion for a writ of error coram nobis), doc. no. 408 (asking leave to file a second memorandum in support of his motion for writ of error coram nobis, and to exceed the court's page limit), doc. no. 414 (seeking additional time to proof transcripts), and doc. no. 416 (seeking release and a stay of judgment pending ruling on the motion for writ of coram nobis and resolution of any appeal of the court's order on that motion). Except for the motion for more time to proof transcripts, all of the motions have been objected to by the government. The briefing is complete, and the motions are ready for determination.

1. <u>Motions to exceed page limits and to file second memorandum.</u>

Mr. Springer is well aware of the applicable local court rules regarding page limits, having had previous compliance problems. Nevertheless, the undersigned recognizes that Mr. Springer does not have access to a typewriter and that it is difficult to judge the equivalent length, in terms of typewritten pages, of a handwritten page.

Therefore, both motions to exceed page limits are **GRANTED** and the court allows, and has considered, the second memorandum of law filed by Mr. Springer at doc. no. 409. (Doc. nos. 405, 408.)

## 2. Motion for Counsel.

Mr. Springer has counsel for purposes of his direct appeal, which is pending. Mr. Springer, however, has no constitutional right to representation for the purpose of pressing his motion for a writ of error corum nobis. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) ("Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further. Thus, we have rejected suggestions that we establish a right to counsel on discretionary appeals."), citations omitted. Mr. Springer's motion for appointment of counsel to represent him with respect to his motion for a writ of nobis corum is **DENIED**. (Doc. no. 403.) Additionally, the court notes that this motion is now moot because this order rules on the motion for writ of error coram nobis.

## 3. Motion for writ of error coram nobis.

Mr. Springer seeks a writ of error coram nobis based on his argument that he did not knowingly and voluntarily waive counsel in the underlying criminal action.

In response, the government argues that given the pendency of the direct appeal, this court lacks jurisdiction to hear this motion. The cases cited by the government for this proposition, however, do not involve a motion for a writ of error coram nobis. Nor does the government cite any recent, published, and directly on-point authority from the Tenth Circuit.

Certain cases indicate that the pendency of a direct appeal does not deprive the district court of jurisdiction for purposes of hearing a motion for a writ of error coram nobis. See, e.g., U.S. v. Deutsch, 321 F.Supp. 1356, 1358 (S.D. N.Y. 1971) (no jurisdictional bar to district court entertaining application for writ of error coram

nobis; a direct appeal was pending), order affirmed, 451 F.2d 98 (2d Cir. 1971). Additionally, Mr. Springer recently filed a motion with the Tenth Circuit asking that court to order this district court to grant his motion for a writ of error coram nobis. The Tenth Circuit has now ruled on that motion, denying relief. In re: Lindsey K. Springer, No. 10-5101, order of October 22, 2010.  That order does not state that the district court does not have jurisdiction to hear Mr. Springer's motion for a writ of error coram nobis.  The court presumes and finds that it has subject matter jurisdiction.

It is well established that prisoner may not challenge a sentence or conviction for which he is currently in custody through a writ of coram nobis. In re: Lindsey K. Springer, No. 10-5101, order of October 22, 2010, citing United States v. Torres, 282 F.3d 1241, 1245 (10th Cir. 2002).  Mr. Springer's motion will be denied on this ground.

Alternatively, the standard for relief for this type of motion is exceptionally high.  As stated in Klein v. United States, 880 F.2d 250, 253 (10th Cir. 1989), as quoted in Martinez-Arellano at 381, "Because the writ continues litigation after final judgment and exhaustion of other remedies, relief should be allowed through this extraordinary remedy only under circumstances compelling such action to achieve justice."  Contrary to Mr. Springer's contentions that he did not knowingly and voluntarily waive counsel, Mr. Springer was strongly warned of the dangers of *pro se* representation by Magistrate Judge Paul J. Cleary at the hearing regarding representation held on March 30, 2009. (See doc. no. 23.) Nevertheless, as indicated by the minute order, Mr. Springer knowingly and voluntarily waived his right to counsel and the court stated that stand-by counsel would be appointed.  Additionally, in the motions hearing on April 22, 2009, the undersigned conducted a thorough and comprehensive formal inquiry of Mr. Springer, on the record, to make sure that he was

aware of the risks of proceeding pro se and that his decision to proceed pro se was knowing and voluntary, which it was. (See minute order at doc. no. 43; Tr. of proceedings at doc. no. 114, pp. 4-26.) The court finds that Mr. Springer knowingly and voluntarily waived his right to counsel, and his motion is denied on the merits.

Mr. Springer's motion is **DENIED**. (Doc. no. 402.)

### 4. Motion for Release and Stay of Judgment Pending Ruling on Motion for Writ of Coram Nobis and Appeal.[1]

The court's denial of relief on Mr. Springer's motion for a writ of coram nobis moots the first part of this request, which is a request for release from prison and for a stay pending a ruling on the prior motion. Additionally, the court now denies Mr. Springer's request for release and for a stay of the judgment against him pending a ruling on any appeal of the instant order. The Tenth Circuit Court of Appeals and this court have now each denied relief pertaining to Mr. Springer's motion for a writ of coram nobis, and there is no justification for a release or stay. Mr. Springer's motion for release from prison and for a stay pending certain rulings is **DENIED**. (Doc. no. 416.)

### 5. Motion for Additional Time to Review Transcripts.

The motion seeks additional time to proof transcripts but it does not explain for what underlying purpose Mr. Springer is proofing transcripts. Moreover, without a better understanding of the motion, the court does not know whether the pendency of the appeal deprives it of jurisdiction over this request. As a general matter, the filing of a direct appeal deprives the district court of jurisdiction. U.S. v. Meyers, 95 F.3d

---

[1]The title of the motion is ambiguous with respect to whether Mr. Springer requests a stay pending resolution of his direct appeal or of any possible appeal of the instant order. The text of his motion (doc. no. 416, p. 12) clarifies that it is the latter, as it refers to an appeal "of such order...."

1475, 1488, n.6.  Mr. Springer, as the movant, has the burden of establishing jurisdiction and of showing the court, by way of an adequately briefed motion, that he is entitled to the relief sought.   Mr. Springer has not made these showings.  It is also possible that the motion, which was filed on July 29, 2010, is now moot, although the court makes no finding in this regard.  Therefore, despite the fact that the government has not objected to this motion, the court finds that Mr. Springer has failed to show that relief is warranted.  The motion for additional time within which to proof transcripts is **STRICKEN** for failure to establish this court's jurisdiction and for lack of clarity.  (Doc. no.  414.)

       Dated November 8, 2010.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

09-0043p090.wpd