In The United States District Court
Northern District of Oklahoma

United States of America,  )
          Plaintiff,       )
                           )
    v.                     )   09-CR-043 SPF
                           )
Lindsey Kent Springer      )
and Oscar Amos Stilley     )

## Motion For Evidentiary Hearing

Lindsey Kent Springer ("Springer") moves this Court for an order allowing Springer an evidentiary hearing on his Motion For a New Trial filed simultaneously herewith.[1]

Springer in his memorandum sets forth 3 significant events occurring after Trial that dramatically change how this Court would have ruled on the Franks and Suppression request filed on June 1, 2009.

First, Mr. Shern testified he did not know what his delegation of authority was as of April 2, 2010 while this purported criminal prosecution by purported institutional referral dated June 3, 2005, continued

Second, on October 15, 2010, the Tenth Circuit, relying on the "declarations"

---

1. Springer has also filed for leave to file an overlength brief which is hand written and probably if typed would not exceed 25 pages

ME

① of 4

of Mr.␣Stern and the other 10 Bivens Defendants, which declared they were each in Springer's home under the authority of the Secretary at Title 26, §7608(b), when this Court found the demarcation for the Secretary to the U.S. Attorney was 3 months earlier.

The date in Springer's home was September 16, 2005, and the institutional referral this Court found was on June 3, 2005. See Doc. 383, ¶1, ln 1-5.

Prior to the Tenth Circuit's ruling the District Court had never relied upon the §7608(b) statements. Springer did not have the referral letter until after Bivens Defendants interlocutory appealed to the Tenth Circuit.

Third, on January 18, 2011, after being in default for not responding to Springer's Motion to Reconsider, Judge Frizzell ordered the Bivens Defendants to address their alleged false statements regarding when the bright line referral was institutionally made for Title 26 prosecution, supporting "prosecutorial immunity" and qualified immunity.

The prosecutors Horn and Nelson, as of June 3, 2005, did not assert the ~~June~~ 3, 2005 letter as their prosecutorial authority under Title 26 or "any other criminal provision of law relating to internal revenue" (§7608(b)) in support of their previous prosecutorial immunity claims.

Mr. Stern and the other 10 Bivens Defendants continue to argue they

ME

② of 4

were authorized by the Secretary of the Treasury under Title 26, §7608(b) to "enforce any of the criminal provisions of the Internal Revenue Laws..."

Their actual statement is:

"Last, IRS Special Agents are authorized to execute search warrants. 26 U.S.C. §7608(b).

This court used the terms "cease", Doc. 383, 61, ln 16-19, the term "bright line", Doc. 383, 64, ln 4-7, "line of demarcation", Doc. 383, 61, ln 16-19, Doc. 383, 78, ln. 8, and "difinitive demonstration", Doc. 383, 70, ln 20-24, to describe when the authority of the Secretary ends and the U.S. Attorneys begins.

There is no doubt Mr. O'Reilly, Mr. Snoke, and Mr. Shern intentionally decieved this court as to both Horn and Nelsons authority, as of September 16, 2005 to prosecute tax related offenses, and Mr. Shern and others authority to act on behalf of the Secretary on September 16, 2005 up until April 21, 2010.

Horn and Nelson, as well as Shern continue, as of January 25, 2011, to maintain the Secretary's authority was institutionally referred to Horn and Nelson, while remaining with Shern and 10 others.

Without the June 3, 2005 theory of referral, no other prosecutorial authority for tax related offenses is claimed to

ME

③ of 4

have been made by O'Reilly, Snoke or Shern to seek a Grand Jury indictment, this becomes jurisdictional.

Springer intends to see a limited remand from the Tenth Circuit once his Motion for a new trial is docketed

## Conclusion

Lindsey Kent Springer request this Court set a date for an evidentiary hearing on the issue raised in Springers Motion For New Trial.

Respectfully Submitted

*/s/ Lindsey K Springer*
02580-063
FCI - Big Spring
1900 Simler Ave.
Big Spring TX 79720

## Certificate of Service

I hereby certify that I mailed Springer's Motion for evidentiary hearing to the Court Clerk, 333 W. 4th St, Tulsa, Okla 74103, on February 8, 2011.

I further certify that all parties receive service of Springer's Motion through the ECF System

Charles O'Reilly
Oscar Stilley

*/s/ Lindsey K Springer*

ME.

(4) of 4