

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

**FILED**

FEB 24 2011

Phil Lombardi, Clerk
U.S. DISTRICT COURT

| | |
|---|---|
| United States of America, | |
| Plaintiff, | Case No. 4:09-cr-00043-SPF-2 |
| vs. | |
| Lindsey Kent Springer<br>Oscar Amos Stilley, | Motion for Access |
| Defendants | |

## MOTION FOR ORDER PROHIBITING GOVERNMENT FROM INTERFERENCE WITH STILLEY'S RECEIPT AND USE OF COMPUTERS, PERIPHERALS, INTERNET ACCESS, TAX ADDRESSES, FORMS AND OTHER ITEMS USEFUL FOR PEACEFULLY PETITIONING FOR THE REDRESS OF GRIEVANCES

Comes now Oscar Amos Stilley, ("Stilley"), and for his motion states:

(1) This Court entered a judgment and commitment order directing Oscar Stilley to perform certain acts with respect to federal income taxes.

(2) Stilley is incarcerated in FCC Forrest City Low, in Forrest City, Arkansas, a prison operated by the Department of Justice-Federal Bureau of Prisons, ("DOJ-BOP").

(3) There are no tax forms for prior years available in this institution for the use of the inmates, nor are there any addresses of any officials whereby inmates might obtain forms or transcripts pertinent to any tax filings. Furthermore, although the prison has internet access and also has many computers, inmates are prohibited from

- 1 -

using the computers for legal or personal work. Inmates cannot use the internet except by TRULINCS, an extremely limited e-mail program, that basically allows the sending and receipt of plain text e-mails not to exceed 13,000 characters.

(4)  Stilley has repeatedly requested permission to use his own internet access, computers, computer files, and other equipment, supplies, and peripherals, beginning shortly after his arrival in midsummer 2010. The DOJ-BOP intercepted one delivery of legal documents and returned it to Stilley's home. The DOJ-BOP has by word and deed made it abundantly clear that it will prevent Stilley from receiving, possessing or using the aforementioned items of his property.

(5)  The prison initially refused to acknowledge the existence of Stilley's written request or to rule on it in any way, despite delivery in hard copy and also via fax.

(6)  Regional appeals officers are well known to reject appeals of administrative requests from prisons unless a ruling is obtained from officials at the prison, said response to be included in the appeal documentation.

(7)  Stilley recently received a document he construes as a denial of his administrative request, signed on behalf of Warden Outlaw, dated December 18, 2010. No reason was given for denial of the request. Stilley appealed January 4, 2011 but was told February 8 that he must get a rejection on a form called "BP-9." On the same day, Stilley made a request on a BP-9, requesting prompt disposition.

(8)  Thus, it is impossible for Oscar Stilley to get tax forms, instructions, laws, regulations, transcripts and other documents or information necessary to the

preparation of tax forms. Furthermore, the hard copy of such documents would vastly exceed the maximum amount of volume of legal documents allowed for an individual inmate in the custody of the DOJ-BOP.

(9) Given the complexity of the tax laws, and the potential for authorities from other circuits to be used in a criminal case relating to taxes, it would be altogether unreasonable to expect anyone to file any tax forms or make any determination of their tax status without full searchable access to all tax laws, decisions, rulings and other writings that might potentially be deemed authoritative.

(10) This Court in fact used a jury instruction from the Fifth Circuit, which it modified harshly to the detriment of defendants. Stilley must therefore be able to review all relevant authorities, including some such as cases from other circuits, which are not legally binding in the Tenth Circuit but might well be used against him. Furthermore, since the authorities can be modified, Stilley must be able to review all such authorities and be able to foresee precisely how the authority in question might be changed, pertaining to any tax question of significance to Stilley.

(11) Stilley has no access whatsoever to the regulations pertinent to the times relevant to this litigation in this prison. Other authorities, such as federal cases, are deliberately provided in such a haphazard manner that it is for all practical purposes impossible to verify whether the authorities relied upon are accurate and relevant statements of the law at the time of review.

(12) Because the tax laws change at various times, preparation of tax documents

requires one to be able to identify when a particular authority became effective, and if it is no longer effective, the date upon which it ceased to be effective.

WHEREFORE, Stilley requests that the Court order the Department of Justice, ("DOJ"), including the DOJ-BOP, to refrain from interfering with the efforts of any third party bringing or sending Oscar Stilley reasonable quantities of the following: computers, internet access devices, files, printers, peripheral devices, tabs, paper, and other common office equipment and supplies suited for the preparation of tax forms or other legal documents; or interfering with the use of same; and for such other and further relief as the Court may deem appropriate, whether or not specifically prayed.

## MEMORANDUM BRIEF

Stilley is currently in prison with a May, 2023 projected release date, assuming no loss of "good time." The entity that prosecuted him, the DOJ, has refused to allow Stilley access to his internet access and Lexis-Nexis legal research library.

The material that their subsidiary the DOJ-BOP has provided at taxpayer expense has been deliberately tampered with in order to create the illusion without the reality of allowing inmates reasonable access to the courts. There is not so much as a pretense of permitting access to the regulations in effect at the times relevant to the indictment in this case, and specifically, the years 1990-2008.

The First Amendment to the US Constitution provides that Congress may not abridge the right to peacefully petition for the redress of grievances. One of the rules necessary to make this guarantee meaningful is a prohibition on the interference with a

prison inmate's use of his own resources to prepare legal pleadings or other documents requesting relief from the government. The fact that appointed lawyers may be available, or that the prison may provide some legal resources on its own initiative, is irrelevant.

In *Ex Parte Hull*, 312 U.S. 346 (1941), the Court opined that "the state and its officers may not abridge or impair petitioner's right to apply to a federal court for a petition for a writ of habeas corpus." *Johnson v. Avery*, 393 U.S. 483 (1969) struck down a regulation prohibiting prisoners from "assisting each other with habeas corpus applications and other legal matters." *Procunier v. Martinez*, 416 U.S. 396 (1974) struck down an affirmative act of interference with access to courts even though the state (California) had prison law libraries and permitted inmate legal assistance, and even though the prisoners involved were actually represented by lawyers.

This request does not rely upon *Bounds v. Smith*, 430 U.S. 817 (1977), a case in which the state of North Carolina was mandated to provide certain assistance at public expense to allow inmates to effectively access the courts. In that case, below the 23 footnotes, by way of asterisk, the Court said, "the record reflects that prison officials in no way interfered with inmates' use of their own resources in filing collateral attacks."

This request involves nothing else. The DOJ-BOP has engaged in pervasive, invidious interference with Stilley's use of his own resources for legal or personal purposes. This interferes with Stilley's First Amendment rights and also interferes with his ability to help provide basic writing instruction to fellow inmates.

But for the DOJ-BOP's illegal interference, Stilley would in his spare time not

only assist other inmates in cleaning up their legal issues, but also teach keyboarding (typing), writing and computer skills. The DOJ-BOP's violation of constitutional rights is the primary driver of recidivism rates of perhaps 65-70%, versus 10% or less, achievable when inmates are treated like human beings, encouraged to succeed and assisted in charting a viable course with respect to their own economic situation. See Fortune magazine, November 15, 2010, article at 78, p. 83.

Norway achieves about 20% recidivism, a remarkable improvement on U.S. rates considering the fact that the U.S. incarcerates at a rate about five times the world average on a per capita basis. Norway achieves vastly better results from much more serious offenders than the US deals with on average.

The U.S. recidivism rates are at best the result of studied indifference to correctional outcomes, and more likely, the result of deliberate attempts to increase recidivism in order to cheat the taxpayers out of the honest services to which they are entitled. Recidivism results in more money for the bureaucracy. The DOJ-BOP knows that sabotaging efforts to clean up the legal detritus of inmates' past misadventures imposes enormous economic and social costs. The DOJ-BOP knows that denying inmates the ability to help less fortunate inmates learn valuable skills, such as keyboarding, is totally contrary to the legitimate goal of correcting bad behavior, yet they continue without a twinge of conscience.

My recollection is that the Court informed Stilley that it would favorably consider a request of this nature if one was made. If I could use my computer to search

documents, I'd tell you exactly where and how, but the DOJ-BOP will not allow me to have such resources.

After some eight months of diligent efforts through the DOJ-BOP administrative process, I am basically at square one. The DOJ-BOP simply stalls and stonewalls the administrative process. Undersigned therefore requests that this Court prohibit the DOJ-BOP from interfering with Stilley's receipt and use of his own resources useful for legal work including but not limited to preparation of tax documents and legal documents of whatever kind or character.

WHEREFORE, Stilley requests that the Court order the Department of Justice, ("DOJ"), including the DOJ-BOP, to refrain from interfering with the efforts of any third party bringing or sending Oscar Stilley reasonable quantities of the following: computers, internet access devices, files, printers, peripheral devices, tabs, paper, and other common office equipment and supplies suited for the preparation of tax forms or other legal documents; or interfering with the use of same; and for such other and further relief as the Court may deem appropriate, whether or not specifically prayed.

Respectfully submitted this 18th day of February, 2011

/s/ Oscar Stilley
Oscar Amos Stilley
7103 Race Track Loop
Fort Smith, Arkansas 72916

## CERTIFICATE OF SERVICE

By my signature above, I certify that on February 18, 2011, a copy of this document was served on Charles A. O'Reilly, U.S. Department of Justice, Jeffrey Andrew Gallant, U.S. Attorney's Office (Tulsa) and Lindsey Kent Springer by regular mail.