**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.    09-CR-043-SPF |
| | ) | |
| LINDSEY KENT SPRINGER, | ) | |
| OSCAR AMOS STILLEY, | ) | |
| | ) | |
| Defendants. | ) | |

**UNITED STATES' RESPONSE IN OPPOSITION TO STILLEY'S
MOTION FOR ORDER PROHIBITING GOVERNMENT FROM
INTERFERENCE WITH STILLEY'S RECEIPT AND USE OF
COMPUTERS, PERIPHERALS, INTERNET ACCESS, TAX
ADDRESSES, FORMS AND OTHER ITEMS USEFUL FOR PEACEFULLY
PETITIONING FOR THE REDRESS OF GRIEVANCES  (DOC. NO.  443)**

The United States of America, by and through its attorneys, Thomas Scott

Woodward, United States Attorney for the Northern District of Oklahoma, Charles A.

O'Reilly, Special Assistant United States Attorney, and Jeffrey A. Gallant, Assistant

United States Attorney, hereby responds in opposition to Stilley's Motion for Order

Prohibiting Government from Interference with Stilley's Receipt and Use of Computers,

Peripherals, Internet Access, Tax Addresses, Forms and Other Items Useful for

Peacefully Petitioning for the Redress of Grievances (hereinafter Stilley's Motion for

Access), and requests that the motion be denied.  Stilley's most recent motion represents

the seventh time he has sought this type of relief; the previous attempts were before the

Tenth Circuit Court of Appeals, and the United States Supreme Court by petition dated

January 21, 2011.[1]

---

[1]      Stilley's petition is currently before the United States Supreme Court, upon his Application to extend the time to file a petition for a writ of certiorari from February 2, 2011 to April 3, 2011. *Stilley v. Ligon*, 10A822 (2011). The Tenth Circuit denied each of Stilley's previous motions:

(1) Motion for Order Requiring the Government to Permit Access to Sufficient Resources to Permit Appellant to Effectively Appeal, filed May 25, 2010;

(2) Motion to Prohibit the United States Department of Justice From Interfering With The Right of Stilley, and All Other Litigants, to Reasonable Access to the Courts; to Compel the Department of Justice to Accord Stilley, and All Other Incarcerated Persons, Reasonable Access to the Courts as a Matter of Policy; To Accord Stilley an Opportunity to Reply; and, to Extend the Time for Briefing, Such that Stilley Has Fully 40 Days of Access to All Trial Resources Sought Herein; and, for Other Relief, filed August 2, 2010;

(3) Adoption of Paperwork Reduction Act and District Director Arguments by Lindsey Springer, and Motion for Partial Stay, Alternatively, Renewed Motion for Stay/Release Pending Appeal, filed November 2, 2010;

(4) Motion for Contempt, Access to the Courts and Other Relief, filed November 12, 2010;

(5) Motion for Judicial Determination of How Stilley May Avail Himself of the Process to Which this Court Has Declared He is Entitled; Claim of Right to Access the Courts; Reservation of Rights to Plead After Complete Exhaustion of Administrative Remedies; and Adoption of Claim of Rights and Arguments, filed December 9, 2010;

(6) Motion to Reconsider December 27, 2010 Order, filed January 18, 2011.

Stilley's Motion for Access borders on the frivolous, similar relief having been denied previously on more than one occasion.[2]   By order dated December 27, 2010, the Tenth Circuit denied Stilley's "Motion for Judicial Determination of How Stilley May Avail Himself of the Process to Which This Court Has Declared He is Entitled; Claim of Right to Access the Courts; Reservation of Rights to Plead After Complete Exhaustion of Administrative Remedies; and Adoption and Claim of Rights and Arguments," stating that they had "determined that it will not direct the Department of Justice or prison authorities to provide Mr. Stilley with legal research materials in addition to those already available to him." *United States v. Oscar A. Stilley*, 10-5057 (10th Cir. 2010).

As the United States asserted in its response to that motion:

Stilley's arguments lack merit and his requested relief should be denied. He has failed to exhaust his administrative remedies, and he establishes no clear and indisputable right to extraordinary relief. Moreover, as this Court has explained, "[w]hen a prisoner voluntarily, knowingly and intelligently waives his right to counsel in a criminal proceeding, he is not entitled to

---

[2]   As the Tenth Circuit stated in its order dated November 15, 2010:

Mr. Stilley seeks, essentially, reconsideration of this court's orders dated June 1 and August 10, 2010. The motion was filed in addition to the request submitted on November 2 seeking reconsideration of the court's order denying him release pending appeal. In concert with his reconsideration request, Mr. Stilley also seeks permission to file a supplemental brief, and asks this court to direct the government to show cause why it should not be held in contempt.

In short, the court has already denied the relief requested twice.

*United States v. Oscar A. Stilley*, 10-5057 (10th Cir. 2010).

access to a law library or other legal materials." *United States v. Cooper*, 375 F.3d 1041, 1052 (10th Cir. 2004).

Stilley, a prisoner incarcerated at the FCI Forrest City Low Federal Correctional Institution, Forrest City, Arkansas, requests that the District Court:

> order the Department of Justice, ("DOJ"), including the DOJ-BOP, to refrain from interfering with the efforts of any third party bringing or sending Oscar Stilley reasonable quantities of the following: computers, internet access devices, files, printers, peripheral devices, tabs, paper, and other common office equipment and supplies suited for the preparation of tax forms or other legal documents; or interfering with the use of same; and for such other and further relief as the Court may deem appropriate . . ..

Stilley's Motion for Access at 7.

The gist of Stilley's argument appears to be that by denying him and other prisoners the ability to bring in their own computers, internet access devices, etc., the BOP's standard policies and procedures deny these prisoners their Fifth Amendment right to due process, their Sixth Amendment right to counsel, and their First Amendment right to petition for the redress of grievances.  Stilley is wrong.

To the extent Stilley is asking for this Court to issue a writ of mandamus or other extraordinary writ, however – presumably to order the BOP to alter its standard procedures – he fails to establish any "extraordinary situation[ ]" to justify issuance of such a writ under 28 U.S.C. §1651.  *In re Antrobus*, 519 F.3d 1123, 1124 (10th Cir. 2008); *see also Weston v. Mann (In re Weston)*, 18 F.3d 860, 864 (10th Cir. 1994) (the "extraordinary relief of a writ of mandamus is not a substitute for an appeal").

First, as the Tenth Circuit Court of Appeals noted in its August 10, 2010 order, the extraordinary relief requested by Stilley is inappropriate because Stilley has failed to demonstrate that he has exhausted his administrative remedies. *See In re McCarthey*, 368 F.3d 1266, 1268 (10th Cir. 2004) (a mandamus petitioner must show, *inter alia*, that "no other adequate remedy is available") (alteration and quotation omitted). According to Stilley's February 24, 2011 motion, he still has a pending complaint before the FCC Forrest City warden.[3]  Assuming, for the sake of argument, that Stilley's most recent complaint has been denied, this Court would still not be the appropriate forum to appeal such a denial:  "BOP regulations require a prisoner to attempt informal resolution of a complaint and, if that fails, to submit a formal request for an administrative remedy to the institution.  If the inmate does not obtain a satisfactory resolution from the institution itself, he then may file a regional appeal followed by a national appeal." *Garza v. Davis*, 596 F.3d 1198, 1204 (10th Cir. 2010) (citing 28 C.F.R. § 542.13-15).  Stilley makes no pretense of having sought relief through these avenues.

Second, Stilley cannot establish that his right to his requested relief is "clear and indisputable." *Antrobus*, 519 F.3d at 1124 ("Petitioners must show that their right to the

---

[3]     "Stilley recently received a document he construes as a denial of his administrative request, signed on behalf of Warden Outlaw, dated December 18,2010. No reason was given for denial of the request. Stilley appealed January 4, 2011 but was told February 8 that he must get a rejection on a form called 'BP-9.' On the same day, Stilley made a request on a BP-9, requesting prompt disposition." Stilley's Motion for Access at 2.

writ is 'clear and indisputable.'")  To the contrary, Stilley's argument appears quite novel: that the United States Constitution requires that prisons allow a prisoner to access to and "use of his own resources to prepare legal pleadings or other documents requesting relief from the government."  Stilley's Motion for Access at 4-5.  Stilley is arguing that this Court should order the prison to allow all *pro se* prisoners to bring in their own computers and other resources, or that the prison provide similar materials which have legal-research and word-composition computer programs of a certain minimum quality.  Counsel for the government is unaware of any authority clearly and indisputably establishing such a constitutional right.

Finally, Stilley's motion fails on the merits.  Stilley's assertion that "[t]he fact that appointed lawyers may be available, or that the prison may provide some legal resources on its own initiative, is irrelevant . . ." (Stilley's Motion for Access at 5), is simply incorrect.  The Tenth Circuit Court of Appeals has held that "[w]hen a prisoner voluntarily, knowingly and intelligently waives his right to counsel in a criminal proceeding, he is not entitled to access to a law library or other legal materials."  *United States v. Cooper*, 375 F.3d at 1052.  Stilley's right to have an attorney represent him in this appeal – including a court-appointed attorney, if Stilley is unable to afford his own – forecloses any right-to-counsel or due-process argument he may be attempting to make.  *See id.* at 1051-52 ("It is well established that provision of legal counsel is a constitutionally acceptable alternative to a prisoner's demand to access a law library");

*United States v. Taylor*, 183 F.3d 1199, 1204 (10th Cir. 1999) ("providing legal counsel

is a constitutionally acceptable alternative to a prisoner's demand to access a law

library").

Stilley offers conclusory assertions unsupported by fact or law.[4]  Stilley cites

*Bounds v. Smith*, stating that "the Court said, 'the record reflects that prison officials in

no way interfered with inmates' use of their own resources in filing collateral attacks.'"

Stilley Motion for Access at 5.  As an initial matter, Stilley fails to note that his citation is

from Chief Justice Burger's dissenting opinion, 430 U.S. 817, 835 (1977).  Stilley also

fails to quote the following from the majority opinion: "the fundamental constitutional

right of access to the courts requires prison authorities to assist inmates in the preparation

and filing of meaningful legal papers by providing prisoners with adequate law libraries

or adequate assistance from persons trained in the law."  *Id*. at 828.  Stilley has been

provided access to adequate law libraries, and he has declined assistance from a court

---

[4]        Most egregiously, Stilley asserts that "[t]he fact that appointed lawyers may
be available, or that the prison may provide some legal resources on its own initiative, is
irrelevant."  Stilley Motion for Access at 5.  As Stilley is well aware, this is absolutely
incorrect, having been served with the United States' prior pleadings in this case and its
appeal.  *See Government's Response to Defendant-Appellant Stilley's Motion Dated
December 6,* 2010, at p. 8-9, 10-5057 (10th Cir. 2010), *quoting United States v. Taylor*,
183 F.3d at 1204 ("providing legal counsel is a constitutionally acceptable alternative to a
prisoner's demand to access a law library").  *See also Stilley Motion to Reconsider
December 27, 2010 Order*, at 12-13. 10-5057 (10th Cir. 2010) ("Both are misstatements
of the law to the extent that the law library access is the property of the prisoner.  Even if
it wasn't, what's the excuse for depriving Stilley of the docket items and exhibits?"

appointed attorney.  Stilley identifies no cases asserting that prisons must open their doors to a prisoner's computers and related equipment, likely because no such case exists.

Stilley appears unwilling to accept the fact that he is in prison, complaining that "[t]he entity that prosecuted him, the DOJ, has refused to allow Stilley access to his internet access and Lexis-Nexis legal research library."  Stilley's Motion for Access at 4. Also, Stilley complains of the abridgement of his First Amendment right to petition for grievances, asserting that "[t]he DOJ-BOP has engaged in pervasive, invidious interference with Stilley's use of his own resources for legal or personal purposes.  This interferes with Stilley's First Amendment rights and also interferes with his ability to help provide basic writing instruction to fellow inmates."  Stilley's Motion for Access at 5. "[T]he constitutional rights that prisoners possess are more limited in scope than the constitutional rights held by individuals in society at large."  *Shaw v. Murphy*, 532 U.S. 223, 229 (2001) ("In the First Amendment context, for instance, some rights are simply inconsistent with the status of a prisoner or 'with the legitimate penological objectives of the corrections system. . ..'" *citation omitted*).

Restrictions on prisoners bringing in personal computers and other related materials are "reasonably related to legitimate penological interests."  *See Gee v. Pacheco*, 627 F.3d 1178, 1187 (10th Cir. 2010).  The United States Supreme Court noted that "courts are ill equipped to deal with the increasingly urgent problems of prison administration and reform."  *Turner v. Safley*, 482 U.S. 78, 84 (1987).  "[W]hen a prison

regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Id*. at 89.

Stilley appears to suffer from the delusion that he should "assist other inmates in cleaning up their legal issues," and that the "[District] Court informed Stilley that it would favorably consider a request of this nature if one was made." Stilley's Motion for Access at 5-6. As a former attorney, Stilley knows, or should know, that an unlicensed attorney may not practice law in Arkansas, pursuant to Ark. Code Ann. § 16-22-206 (1987).[5]

For the foregoing reasons, the United States requests that this Court deny Stilley's Motion for Access.

Respectfully submitted,

THOMAS SCOTT WOODWARD
UNITED STATES ATTORNEY

   */s/ Charles A. O'Reilly*
CHARLES A. O'REILLY, CBA No. 160980
Special Assistant United States Attorney
JEFFREY A. GALLANT, OBA No.18509
Assistant United States Attorney
110 West Seventh Street, Suite 300
Tulsa, Oklahoma 74119
(918) 382-2700

---

[5] Stilley is no longer an attorney, having been ordered permanently disbarred by the Supreme Court of Arkansas on November 10, 2010. *See Ligon v. Stilley*, 2010 Ark. 418 (2010).

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of March 2011, I served the foregoing document by United States Postal Mail, and electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing, to the following ECF registrants:


Jerold W. Barringer, Esq.
Attorney for Defendant Springer
P.O. Box 213
Nokomis, IL 62075


Lindsey Kent Springer
Defendant
FTC Oklahoma City
Federal Transfer Center
P.O. BOX 898801
Oklahoma City, OK 73189
Inmate Number 02580-063


Oscar Amos Stilley
Defendant
FCI Forrest City Low
Federal Correctional Institution
P.O. Box 9000
Forrest City, AR 72336
Inmate Number: 10579-062.


 /s Charles A. O'Reilly
Charles A. O'Reilly
Special Assistant United States Attorney