IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OKLAHOMA

**FILED**

MAY 03 2013

Phil Lombardi, Clerk
U.S. DISTRICT COURT

LINDSEY KENT SPRINGER,        )
    Petitioner/Movant        )
v.                            )   Case No. 13-cv-145
UNITED STATES OF AMERICA,     )   (Formerly 09-cr-043)
    Respondent.              )

MOTION FOR DECLARATORY JUDGMENT REMEDY

Lindsey Kent Springer ("Petitioner") moves this Court for an order and judgment pursuant to 28 U.S.C. § 2201, Federal Rules of Civil Procedure Rules 7(b) and 57, and pursuant to Rule 12 of the rules Governing 2255 civil proceedings, declaring the following:

1) The requirement to file a Form 1040 United States Individual Income Tax Return is voluntary and not mandatory;

2) That once a Motion is docketed with the Clerk of Court for the Northern Judicial District of Oklahoma pursuant to 28 U.S.C. § 2255, the Clerk is required to open a new civil action under a new civil case number, and assign that new civil case according to both Local Rules of the Northern Judicial District of Oklahoma, as agreed to by all Northern Judicial District Judges, and in accordance with Rule 4 of the Rules Governing § 2255 civil proceedings;

3) That once the Clerk of Court assigns a Local District Judge from the Northern Judicial District of Oklahoma, the Clerk of Court is directed by Rule 3 of the Rules Governing § 2255 civil proceedings to serve the Motion and any accompaning documents;

4) That once the Clerk of Court assigns a case number and available judge to the new civil rights proceeding or case, all records, pleadings, and documents, are filed by the Clerk of Court in the new civil rights action;

5) That the jurisdiction Congress granted to District Courts to grant relief from final criminal judgments under 28 U.S.C. § 2255 is to be broader than the remedy under either common law habeas corpus or habeas corpus pursuant to 28 U.S.C. § 2241;

6) That the language at 26 U.S.C. § 7201 proscribes two different crimes subject to separate Fifth Amendment indictments by a Grand Jury;

7) That the Trial Judge receives his or her jurisdiction to conduct trial on Title 26, or Title 26 related crimes, only from a Grand Jury charging infamous crimes that provide punishment of prison exceeding 1 year;

-1-

8) That the two different Title 26 crimes proscribed by Congress at 26 U.S.C. § 7201 are (1) willful attempt to evade or defeat the assessment of any tax, and (2) willful attempt to evade or defeat the payment of any tax;

9) That the Grand Jury in its March 10, 2009 indictment in Counts Two, Three and Four, alleged the § 7201 crime of willful attempt to evade and defeat the assessment of Federal Income Tax for years 2000, 2003 and 2005 respectively;

10) The Jury verdict on Counts Two, Three and Four, are based upon the § 7201 crime of willful attempt to evade and defeat the payment of Federal Income Taxes;

11) That the Secretary of the Treasury gives notice to the public, including Petitioner, the Tax Division of the U.S. Department of Justice, Judge Friot, the Grand Jurors and Trial Jurors, that a taxpayer's obligation pursuant to 26 U.S.C. § 6012, and Section 6012's regulations prescribed by the Secretary, to file an individual income tax return, requires said taxpayer to answer each question asked on Form 1040 United States Individual Income Tax Returns by using Form 1040 United States Individual Income Tax Returns prescribed by the Secretary of the Treasury;

12) That the Secretary of the Treasury directs by public notice that a taxpayer use of Form 1040 United States Individual Income Tax Return in satisfying the requirements of 26 U.S.C. § 6012, and their regulations, is mandatory and not divorced, or voluntary from the obligation to file an income tax return;

13) That Form 1040 and United States Individual Income Tax Return are terms describing the same document, instrument, or request for information from the United States;

14) That the Grand Jury that returns the Six Count Indictment filed in 09-cr-043 believed Petitioner was required by law to answer all the questions or provide all the information sought on Form 1040 in Form 1040;

15) That Judge Friot believed Petitioner was required by law, or had a statutory obligation to file Form 1040s for years 2000 through 2005, and even at sentencing expanded that belief to years 1990 through 2007;

16) That the Tenth Circuit on October 26, 2011, held Form 1040 was divorced from the statutory obligation to file an income tax return and the criminalization of willful failure to do so, as alleged in each Count;

17) That the Tenth Circuit on October 26, 2011, held 26 U.S.C § 6091(a) governed the place the law requires taxpayers where income tax returns are to be delivered and where taxes were due and owing;

18) That 26 U.S.C. § 6091(a) directs regulations prescribed by the Secretary of the Treasury determine the place where taxpayers are to deliver their tax returns and taxes due and owing;

19) That the letter of referral dated June 3, 2005, is the only evidence offered in the record of 09-cr-043 that the Secretary of the Treasury transferred or otherwise authorized his Title 26, or Title 26 related enforcement authority

-2-

       to a U.S. Attorney for seeking a Grand Jury indictment regarding Petitioner's alleged tax debts;

20) That the June 3, 2005 letter is not authorized by the Secretary of the Treasury personally;

21) That the June 3, 2005 letter is the only evidence establishing the Grand Jury received permission to consider and indict Petitioner for Title 26, or Title 26 related offenses;

22) That the Grand Jury's jurisdiction involving indicting Petitioner for any Title 26, or Title 26 related crime is limited to the years and type of taxes the Secretary of the Treasury referred;

23) That the June 3, 2005 letter limits the Grand Jury's jurisdiction to Tax Years 2000 through 2004;

24) That the Counts One and Four exceed the years 2000 through 2004 and exceed the type of tax debt in the referral;

25) To the extent Count Two exceeds the requirement to file a United States Individual Income Tax Return and the taxes due and owing for Calendar Year 2000, the Grand Jury had no jurisdiction to go beyond the years 2000 through 2004;

26) To the extent Count Three exceeds the requirement to file a United States Individual Income Tax Return and taxes due and owing for Calendar Year 2003, the Grand Jury had no jurisdiction to go beyond the years 2000 through 2004;

27) The Place "required by law" or regulations to deliver income tax information and taxes due and owing were prescribed at 26 C.F.R. § 1.6091-2(1999 through 2004);

28) That 26 C.F.R. § 1.6091-2(1999 through 2004) requires income tax information and taxes due and owing for a person that lives in no internal revenue district for Calendar Years 2000, 2001, 2002, 2003 and 2004, to provide such information and taxes due and owing to the Secretary of the Treasury's District Director located at Baltimore Md. for each respective year;

29) That the District Director identified in 26 C.F.R. § 1.6091-2(1999 through 2004) at Baltimore Md. did not exist legally or factually as of at least October, 2000;

30) That the Tenth Circuit on October 26, 2011 held the internal revenue districts called for by Congress at 26 U.S.C. § 7621, and the office of district director, no longer legally or factually existed after the enactment of the Restructuring and Reform Act of 1998;

31) That the State of Oklahoma prohibits imprisoning any of its citizens for not paying any debt, including Federal Income Taxes;

32) That the State of Oklahoma reserved for its State citizens never to be deprived of their God given right to liberty based upon that citizen's failure to pay any debt, including Federal Income Taxes, as expressed by the language in the Tenth Amendment to the Constitution of the United States of America;

33) That Count One's 5 year sentence of imprisonment depriving Petitioner of his liberty is for Petitioner's failure to pay a Federal Income Tax debt which is prohibited by Article 2, § 13 of the Constitution for the State of Oklahoma and the Tenth Amendment;

34) That Count Two, Three and Four's 5 years each of imprisonment deprive Petit- of his liberty are premised upon Petitioner's willful failure to pay a Federal Income Tax Debt which is prohibited by Article 2, § 13 of the Constitution of the State of Oklahoma and the Tenth Amendment;

35) That Petitioner's imprisonment and deprivation of liberty is in violation of the Fifth Amendment's due process clause, and in violation of Article 2, § 13 of the Constitution for the State of Oklahoma;

36) That Congress has not authorized a United States District Court to impose an order of restitution to the Secretary of the Treasury or IRS regarding any Title 26, or Title 26 related offense or crime for any years or tax debt;

37) The phrase "tax loss" in United States Sentencing Guideline § 2T1.1 and any related guideline means tax debt as addressed in Article 2, § 13 of the Constitution for the State of Oklahoma;

38) That the phrase "tax loss" as meant at United States Sentencing Guideline § 2T1.1 and any related guidelines means both "tax deficiency" as used in the elements of Counts Two, Three and Four, and "tax liability as meant in 26 U.S.C § 1;

39) That Petitioner did not obstruct justice warranting 2 point enhancements under United States Sentencing Guidelines § 3C1.1 when Petitioner testified at trial he did not willfully fail to file Form 1040 United States Individual Income Tax Returns for years 2000 through 2005;

40) That Petitioner did not encourage anyone to violate the law deserving of the United States Sentencing Guideline enhancement under § 2T1.9 or anyother related guideline when he advised others that filing the Form 1040 United States Individual Income Tax Returns is voluntary and not mandatory;

41) That Oscar Stilley nor Petitioner "refrained" from filing Form 1040's with the IRS;

42) That there was no U.S. Attorney after June 28, 2009, properly sitting in the Northern Judicial District of Oklahoma, until Summer 2012;

43) That the Secretary of the Treasury and his Internal Revenue Service lost their authority to enforce Title 26, or Title 26 related offenses, once a Grand Jury referral is found to have been made;

44) That as of September 16, 2005, the Secretary of the Treasury and his Internal Revenue Service Special Agents, had not authority pursuant to 26 U.S.C. § 7608(b) to enforce or serve any Search warrant involving Petitioner and any tax duties and obligations alleged for Calendar years 2000 through 2004;

CONCLUSION

Petitioner respectfully requests that declaratory judgment remedy be granted as to each of the 44 issues raised in this Motion and as taken together with the Memorandum and Argument in Support of Declaratory Judgment filed simultaneously herewith this Motion.

Respectfully Submitted

*[signature]*

# 02580-063
Federal Correctional Institution
1900 Simler Ave
Big Spring, Texas 79720

CERTIFICATE OF SERVICE

I certify that I mailed Petitioner/Movant's Motion for Declaratory Judgment Remedy to the Clerk of Court, 333 W. Fourth Street, Tulsa, Oklahoma 74103, on April 30, 2013, by first class mail;

I further certify that all parties to this proceeding are ECF users and will receive service of process through the Court's ECF system:

United States Attorney
Northern District of Oklahoma
Danny Williams

*[signature]*
Server

DECLARATION OF MAILING

I declare under the penalty of perjury under Title 28, § 1746(1) under the laws of the United States of America that I mailed Petitioner's Motion For Declaratory Judgment Remedy to the Clerk of Court by placing same in the U.S. Mail located inside FCI Big Spring, within the external boundaries of Big Spring, Texas on April 30, 2013.

*[signature]*
Declarant

Lindsey Kent Springer
#02580-063
Federal Correctional Institution
1900 Simler Ave
Big Spring, Texas 79720

MIDLAND TX 797
WED 01 MAY 2013

postmarked 5/1/13

09-CR-43
Clerk of Court
United States District Court
Northern District of Oklahoma
333 W. Fourth Street
Tulsa, Oklahoma 74103

"Legal Mail"