IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LINDSEY KENT SPRINGER, | ) |
| Petitioner/Movant, | ) |
| v. | ) Case No. 13-cv-145 |
| UNITED STATES OF AMERICA, | ) (Formerly 09-cr-043) |
| Respondent. | ) |

FILED
MAY 10 2013
Phil Lombardi, Clerk
U.S. DISTRICT COURT

MOTION TO CLARIFY WHO IS U.S. ATTORNEY

Lindsey Kent Springer ("Petitioner") moves this Court for an order to clarify who is the U.S. Attorney for the Northern District of Oklahoma from June 29, 2009 through May 3, 2013.

BACKGROUND

On March 10, 2009 Petitioner was indicted by Grand Jury out of the Northern District of Oklahoma on Title 26 and Title 26 related crimes sought to prosecute by the U.S. Attorney David O'Mielia.

On June 28, 2009, David O'Milia resigned as U.S. Attorney and from that day forward Kenneth Snoke and Charles O'Reilly presented to this Court that Scott Woodward was "Acting United States Attorney for the Northern District of Oklahoma."

At different times Messer's Snoke and O'Reilly have stated Mr. Woodward was sworn in on January 27, 2010, while other reports from the media claim that is not true.

Petitioner attached as an exhibit to his Motion under § 2255's declaration that the Tulsa World claimed Danny C. Williams was sworn in as U.S. Attorney.

Under Rule 3(b) Petitioner's civil rights claims under § 2255 were to be served by the Clerk of Court on the United States Attorney for the Northern District of Oklahoma.

On May 3, 2013, "Acting United States Attorney for the Northern District of Oklahoma" Thomas Scott Woodward, and Kenneth Snoke, "Assistant United States Attorney"

-1-

✓ Mail    ___ No Cert Svc    ___ No Orig Sign
___ C/J    ___ C/MJ    ___ C/Ret'd    ___ No Env
___ No Cpys    ✓ No Env/Cpys    ___ O/J    ___ O/MJ

and "Charles A. O'Reilly, Special Assistant United States Attorney, moved to strike Petitioner's Motion to recuse and affidavit, or to deny the motion as barred under the doctrine of issue preclusion.

Above Mr. O'Reilly's signature appears the name Danny C. Williams, United States Attorney.

Issue number 2 in Petitioner's Motion for relief under 28 U.S.C. § 2255 involves a jurisdictional claim regarding without a U.S. Attorney there was no prosecutorial authority from either Congress under 28 U.S.C. § 547(1) or from the Secretary of the Treasury.

ARGUMENT

1. Mr. Woodward, Mr. Snoke, and Mr. O'Reilly's Motion demonstrates the need for an outline of who was U.S. Attorney and when they were authorized by law to so act with citation to statutes, regulations, and dates and times of such authorization.

Mr. Woodward, Mr. Snoke, and Mr. O'Reilly, should be directed by this Court to explain each their authority to act in this or 09-cr-043 from June 29, 2009 up to May 3, 2013.  There is no acting U.S. Attorney when there is a U.S. Attorney.

Petitioner has raised this issue jurisdictionally speaking and claims the team of Woodward, Snoke, and O'Reilly, false and fraudulently claimed Woodward was "Acting U.S. Attorney" and proceeded to act through that false pretense in obtaining Petitioner's conviction without the political implications requied by having a U.S. Attorney.

The Office of U.S. Attorney at 28 U.S.C. § 541 is a "high-government position." In Re Nofziger, 925 F.2d 428, 437(D.C. Cir. 1991)  "An appointee exercising significant authority pursuant to the laws of the United States is an 'officer of the United States,' and MUST, therefore, be appointed in the manner prescribed by § 2, Cl. 2 of that Article [Article II]." Bukley v. Valeo, 424 U.S. 1, 126(1976)

The "structural interest protected by the appointment clause are not those of any one branch of government but of the entire union." Freytag v. CIR, 501 U.S.

868, 880(1991).

The appointment clause is "more than a matter of 'etequette or protocol,' its among the significant structural safeguards of the Constitutional scheme." Edmonds v. U.S., 520 U.S. 651, 659(1979).

Both a "failure to perform [a duty], or an erroneous performance, is regarded as an injury to the public." Yaselli v. Goff, 12 F.2d 396, 404(2nd Cir. 1926)

An attorney for the United States is to be enjoined when "acting outside his statutory authority." Fay v. Miller, 183 F.2d 986, 988(D.C. Cir. 1950)

"[C]ourts will not recognize any suit, civil or criminal, as regularly before them if prosecuted in the name and for the benefit of the United States, unless the same is represented by the district attorney, or someone designated by him to attend to such business, in his absence as may pertain to the duties of his office." Confiscation Cases, 7 Wall 454, 457(1864).

Petitioner requests this Court to order the U.S. Attorney for the Northern District of Oklahoma, whoever that might be, to file with this Court and to be served on Petitioner the names of each person authorized by Federal Statute to hold the office of U.S. Attorney in the Northern District of Oklahoma from June 29, 2009, through May 3, 2013, including the date they obtained or became authorized by Federal Law to hold the Office of U.S. Attorney, the Statute that authorized them to be U.S. Attorney, and including the date, time and tenure, of each of them holding the Northern District of Oklahoma's U.S. Attorney Office.

Petitioner also requests this information be provided to the Court under the penalty of perjury so it can be relied upon to establish the facts of each person holding the office and by what authority did they act.

As the Court can see by "Acting United States Attorney for the Northern District of Oklahoma's Thomas Scott Woodward, his assistant Kenneth P. Snoke, and Special Assistant to Mr. Woodward Charles A. O'Reilly, their unsupported Motion to Strike

and alternative Motion to Deny Petitioner's Motion to Recuse and Affidavit, cites no authority for the relief they seek.[1]

CONCLUSION

Petitioner respectfully requests this Court issue an order to the U.S. Attorney, whoever that is, and direct him or maybe her to submit under the penalty of perjury the names of each person who has held the office of U.S. Attorney for the Northern District of Oklahoma since June 29, 2009, through May 3, 2012, with specifically the date and tenure of each person, their authority to so hold that office completely, and who is the current office holder recognized by Rule 3(b) of the Rules Governing 2255 Proceedings as the United States Attorney of that District responsible to respond to Petitioner's civil rights claims and their authority to now hold said office.

Respectfully Submitted

*[signature]*
Prison # 02580-063
Federal Correctional Institution
1900 Simler Ave
Big Spring, Texas 79720

---

[1] Petitioner is filing a response to the Motion to Strike or in the alternative Deny Petitioner's Motion to Recuse and Disqualify along with Affidavit within allowed. This is not a response to that Motion.

CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2013, Petitioner mailed his Motion to Clarify who is U.S. Attorney to the Clerk of Court, United States District Court for the Northern District of Oklahoma, 333 West Fourth Street, Tulsa, Oklahoma 74103:

I futher certify that all parties to this civil proceeding will receive service of the above entitled document through the Court's ECF system as ECF users:

United States of America
U.S. Attorney Danny C. Williams

_____
Server

DECLARATION OF MAILNG

I declare under the penalty of perjury pursuant to 28 U.S.C. § 1746(1) that I deposited the above entitled document in the U.S. Mail located inside FCI Big Srping, on May 7, 2013.

_____
Declarant

