IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LINDSEY KENT SPRINGER, | ) | |
| Petitioner/Movant | ) | |
| v. | ) | Case No. 13-cv-145 |
| UNITED STATES OF AMERICA | ) | (Formerly 09-cr-043) |
| Respondent. | ) | |
| | REPLY | |

FILED
MAY 20 2013
Phil Lombardi, Clerk
U.S. DISTRICT COURT

Lindsey Kent Springer ("Petitioner") files his "Reply" to Document entry 487 reconstrued as a response in opposition to Petitioner's Motion to Recuse the Honorable United States District Judge Stephen P. Friot and Affidavit of Lindsey Kent Springer for disqualification and recusal filed simultaneously with Petitioner's Motion to Recuse.

Petitioner objects to the response originally cast as a motion to strike as the Four named attorneys therein clearly intended to file a Motion to Strike and not just a response as the Court suggests. To the extent the document is found to be both a motion and a response the Clerk correctly noted the deficiency and properly created two entries liberally construing the Four attorney's intent.

Petitioner also objects to the Court's conferring with the filer(s) and then changing the document to exclude a motion to strike. Petitioner claims that conferring was regarding a substantive matter regarding a party and their litigation strategy and the Court should not be giving its advice or re-casting of certain claims or arguments being made by Four attorneys as such conferring supports the Motion to Recuse and Affidavit sought to be struck and responded to.

Petitioner has not as of yet had the Court confer with Petitioner about what litigation strategies Petitioner should employ against the jailer(s).

Now with approaching 500 documents neither Mr. Snoke or O'Reilly has ever pulled out the measuring stick on Petitioner's right margins. That is just the

-1-

type of procedural murass that makes relief under § 2255 less swift and less imperative. Sanders v. U.S.. 373 U.S. 1.14(1963)("if he were subject to any substantial procedure hurdles which made his remedy under § 2255 less swift and imperative than federal habeas corpus, the gravest constitutional doubts would be engendered as the Court in Hayman implicitly recognized.")

Although district courts are to construe pro-se Plaintiffs pleadings liberally. Haines v. Kerner, 404 U.S. 519, 520-21(1972), the Court is not to act as a party's advocate. Hall v. Bellmon, 935 F.2d 1106, 1110(10th Cir. 1991).

    A.  Who is the United States attorney required by Rule 3 and 4 of the Rules Governing 2255 proceedings.

The Response presents the names of "Acting United States Attorney" Thomas Scott Woodward, AUSA Kenneth P. Snoke, and Special AUSA Charles A. O'Reilly as those representing the filing party. Though the document is signed by Charles A. O'Reilly, above his name is United States Attorney Danny C. Williams.

Rule 3(b) of the Rules Governing 2255 Proceedings directs the Clerk's Office serve the "United States attorney." Rule 4 of the same Rules requires the "Judge must order the United States attorney to file an answer, motion, or other response within a fixed time..."

28 U.S.C. § 541 defines who the "United States attorney" to be and that is a "United States attorney for each judicial district." Section 541(a) requires the United States attorney be appointed by the President and with advice and consent of the senate. See U.S. v. Dunlap, 17 F. Supp. 2d 1183, 1185(D.C. Colo. 1998); see also Nichols v. Reno, 931 F. Supp. 748, 750(D.C. Colo. 1996)("the 'attorney for the government' referred to in the statute is the United States Attorney, appointed for each judicial district by the President pursuant to 28 U.S.C. § 541 with the statutory duty to 'prosecute for all offenses against the United States' within his district. 28 U.S.C. § 547.")

Not only is it confusing to name four attorneys througout a motion recast as a response but in one part lists an acting United States Attorney and in an-

other part it references an actual United States Attorney. Just like Petitioner believes the Court's recasting the motion as intending to be a response by these Four seasoned criminal attorneys, so has document 487 called into question who is the United States Attorney both after June, 2009 and to the present.

Because this issue is also raised in Ground 2 of Petitioner's 2255 proceeding it is imperative this Court address the issue. Petitioner has filed a motion seeking under penalty of perjury statements as to who the United States Attorney was according to laws of Congress from June 29, 2009 through the present.

    B. Is 13-cv-145 a "relitigation" or is it looking for one lawful litigation in a new civil rights comnplaint in the office of Habeas Corpus.

In liberally construing the well seasoned criminal attorneys response. after it has already received at least one other reconstruction from a motion to get to that response designation, the Four attorneys intended (which is certainly a long way around getting to a response), they claim Petitioner's Motion and Affidavit must be denied upon issue preclusion.

To get there from a motion to strike the Court must first determine what is a 2255 proceeding. Petitioner has filed a Motion to Reconsider the Court's prior ruling that a 2255 proceeding is an ongoing criminal proceeding and not a civil proceeding.

Local Rule LCvR 9.2 clearly lists 2255 proceedings as new civil actions. LCvR 40.1(b) directs a Magistrate is assigned to new civil actions. Magistrate Wilson was assigned on March 11, 2013 when case no. 13-cv-145 was opened.

Document 487 references Wiles v. Wyoming Department of Employment, 314 F.3d 501, 504(n.1)(10th Cir. 2002) which explains for clarity sake that the term "claim preclusion" is used instead of "res judicata." And that is what claim preclusion really is.

Document 487's preclusion claims were long ago foreclosed by the Supreme Court. "Plainly, were the prisoner invoking § 2255 faced with a bar of res jud-

-3-

icata, he would not enjoy the 'same rights' as the habeas corpus applicant or a 'remedy exactly commensurate with habeas.'" Sanders, 373 U.S. 373 U.S. at 14; cited in Petitioner's Affidavit to Recuse or Disqualify at page 39, ¶ 206.

Section "2255...to provide...a remedy exaclty commensurate with that which had previously been available by Habeas Corpus in the Court of the District Judge the prisoner was confined." Hill v. U.S., 368 U.S. 424, 427(1962); cited in Petitioner's Affidavit to Recuse or Disqualify at page 38, ¶ 204

"In our opinion an application under § 2255 is a new and independent civil proceeding." Martin v. U.S., 273 F.2d 775, 778(10th Cir. 1960); citing Heflin v. U.S., 358 U.S. 415, 418(n.7)(1959); cited in Petitioner's Affidavit to Recuse or Disqualify at page 40, ¶¶ 213, 214, and 215

Petitioner is not asking for "relitigatin" but "whether one adequate litigation has been afforded." Kaufman v. U.S., 394 U.S. 217, 225(1969); cited in Petitioner's Affidavit to Recuse or Disqualify at page 40, ¶ 218

An application under § 2255 is not relitigatin and res judicata or issue preclusion has no place in this habeas corpus civil rights action to secure Petitioner's civil right to liberty.

 C. Issues addressed in January 28, 2010 order did not address civil rights violations involving Judge Friot with a few exceptions and to which were changed dramatically by the Tenth Circuit's order dated October 26, 2011.

Petitioner's claims addressed by Judge Friot are not raised in this Motion with a few exceptions and the intervening change in the law of the Tenth Circuit at least as far as Petitioner is concerned warrants addressing rile Form 1040 played in each count. It is true Judge Friot instructed the Jury Form 1040 did not violate the Paperwork Reduction Act at issue in each of the Six Counts and Petitioner demanded a new trial based upon Judge Friot's very unlawful instruction. And it is true Petitioner claimed a new trial was warranted due to Judge Friot allowing the Jury to consider Stilley's tax liabilities in the defraud part of Count One which should never have happened.

But the Court's decision on January 28, 2010 was premised upon the Court's position that Form 1040 was inexorably linked to all Six Counts and that it could expand Count One to include Stilley's tax debts from the State of Arkansas, based upon the Grand Jury alleging Stilley refrained from filing Form 1040s in the manner and means section, which the Tenth Circuit in Petitioner's appeal held was divorced from the obligation to file an income tax return.

"the obligation to file a tax return and the criminalization of willful failure to do so represent statutory mandates divorced from Form 1040." U.S. v. Springer, 444 Fed. Appx. 256, 262(10th Cir. 2011)("there is no substantive obligation or crime arising out of Form 1040 itself.")

So, the Judge was wrong when he expanded Count One and he was wrong when he decided Form 1040 did not and does not violate the PRA, as he instructed the Jury. There was nothing about the Grand Jury alleging Stilley refrained from filing Form 1040 that supports the Court's expansion of Count One.

Furthermore, the Grand Jury was misled into believing Form 1040 United States Individual Income Tax Returns were mandatory, as was Petitioner's Jury at trial. The United States played what they thought the Juries believed and led them to continue in that belief regarding Form 1040 and its mandatory requirement ("required by Law") knowing on appeal they would switch to Form 1040 was not even at issue.

Just to be sure the United States made false claims to the Tenth Circuit which its attorneys had a duty not to do, when Petitioner was moving Form 1040s into the record during Trial they did not object stating:

> "Your Honor, with respect to the materials the information books and returns for years 2000 to 2005, we're not going to oppose the introduction of those. They're voluminous, but AT LEAST THEY DO FALL WITHIN THE SCOPE OF THE CONSPIRACY, although Mr. Springer didn't file any of the Forms in issue."

See Petitioner's Declaration accompanying his 2255 application. Doc. 472-475. page 21, ¶ 161

Besides the Court changing Count Two, Three and Four, to the crime of evasion

-5-

of payment of assessed taxes from the crime of evasion of assessment of taxes, which in U.S. v. Farr, 536 F.3d 1174, 1179-81(10th Cir. 2008) the Tenth Circuit warned Judge Friot not to change Grand Jury indictments, which he did in this case, along with expanding Count One beyond the referral to include Stilley's State of Arkansas tax debts for several years within the "defraud" manner and means sections of the Grand Jury's Count One (¶¶ 10 through 14). Judge Friot increased Petitioner's sentence several years based upon what Petitioner testified to about his failure to file Form 1040:

> "As for Mr. Springer, at trial, he looked at the jury and testified under oath that he never had any agreement with Mr. Stilley or anyone else to defraud the United States. He testified he did not willfully fail to file Form 1040 for the years 2000 through 2005...the statements are CATEGORICALLY FALSE. They were under oath. They were made for the purpose of deceiving the jury, and they amounted to obstruction of justice, Mr. Springer."

See Petitioner's Affidavit to Recuse and Disqualify, page 54, ¶ 308 quoting Doc. 401, pg. 426-27 dated April 23, 2010.

Judge Friot even increased Petitioner's sentence for encouraging others to violate the law where he found Petitioner told others the filing of Form 1040 United States Individual Income Tax Returns was voluntary.

Form 1040 United States Indiviudal Income Tax Returns could never have been involved in defrauding the IRS or United States as "the obligation to file a tax return and the criminalization of willful failure to do so represent statutory mandates divorced from Form 1040" and "there is no substantive obligation or crime arising out of Form 1040 itself." Springer, 444 Fed. Appx. at 262

Form 1040 played no role in doing anything to the United States or its IRS and Petitioner was not required by law to file Form 1040 for any years and nothing about not filing Form 1040 is criminal conduct.

There was no way my testimony to the Jury that I did not willfully fail to file Form 1040 for years 2000 through 2005, or that I did not enter into an agreement with Stilley to defraud the IRS of its lawful functions regarding Form 1040,

could ever be conduct that defrauded, if true, the IRS or United States. Petitioner's testimony was categorically true.

To the extent there is minimal overlap between Petitioner's Motion to Recuse and Disqulification of Judge Friot, along with Petitioner's Affidavit to Recuse and Disqualify Judge Friot, there is nothing that prohibits Petitioner from seeking Judge Friot's recusal and disqualification in 13-cv-145.

28 U.S.C. § 144 states:

> "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit, that judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding....A party may file only one such Affidavit in any case..."

Petitioner has not filed any such Affidavit in 13-cv-145 until now. Section 455 also makes reference to "in any proceeding" and makes no limitation as to how many motions in a proceeding a person can file. Like everything else, Mr. O'Reilly has carefully misled this Court regarding Count One's Defraud, Count Two, Three and Four's crime of evasion of payment, which was alleged as evasion of assessment, and how Form 1040 United States Individual Income Tax Returns were "required by law," and then they weren't depending who his audience was or is, so to does his claims of issue preclusion or res judicata fail. What also fails is the notion Petitioner's affidavit in 09-cr-043 somehow prevents Petitioner from filing his Motion and Affidavit to recuse in 13-cv-145. That to is just not true.

None of the Four attorneys point to a single word in Section 144 or 455(a) or (b) to support their claims. And Petitioner knows of none.

    D. Petitioner's Motion and Affidavit go well beyond "adverse rulings" and notwithstanding the Four Attorney's are wrong about the test.

The Four attorneys, without any discussion, cite two cases but never develope any argument as to how Petitioner has not satisfied the bias or prejudice and how Petitioner's claims are limited to "adverse legal rulings."

As Petitioner pointed out clearly in his Affidavit "there may be instances

-7-

which a judge's behavior during prior judicial proceedings can demonstrate sufficient friction between the judge and the complaining jparty to support a finding of bias." U.S. v. Daley, 564 F.2d 645, 651(2nd Cir. 1977)

"Comments and rulings by a judge during the trial of a case may well be relevant to the question of the existence of prejudice." Wolfsom v. Palmieri, 396 F.2d 121, 124(2nd Cir. 1968)

"Conceivably also,... contacts during trial might themselves have created such a degree of irritation with a party or his lawyer as to create the bent mind to which the Supreme Court referred in Berger." Palmieri, 396 F.2d at 125

Usually, bias sufficient to disqualify a judge must stem from an extrajudicial source, except 'where such pervasive bias and prejudice is shown by otherwise judicial conduct as would constitute bias against a party." U.S. v. Killough, 848 F.2d 1523, 1529(11th Cir. 1988)

"An exception exists when a judge's remarks demonstrate such pervasive bias or prejudice that it constitutes bias against a party." Wiley v. Wainright, 793 F.2d 1190, 1193(11th Cir. 1986)

"Honesty and integrity are presumed on the part of a tribunal, [and] there must be some substantial countervailing reason to conclude that a decision maker is actually biased with respect to factual issues being adjudicated." Gwinn v. Awmiller, 354 F.3d 1211, 1219(10th Cir. 2004; quoting Tomkovich v. Kan. Bd. of Regents, 159 F.3d 504, 518(10th Cir. 1998)

As each of these cases show the Four attorney's citations on page 2 of their "response" never developes the argument or the facts to show how Petitioner has not satisfied what is his burden under both 28 U.S.C. § 144 and 455(a) an (b).

Petitioner realizes how embarrasing it is for the three attorneys to have done what they have done to Petitioner's Constitutional Rights, and for certain, the judge assigned to this civil proceeding should at once cease any further deprivation of Petitioner's liberty based upon the facts and circumstances of

Petitioner's Declaration accompanying his 2255 civil rights application, his Affidavit for Recusal and Motion, and brief in support of Petitioner's civil rights claims which by order in 09-cr-043 limited to 25 pages or arguments.

Petitioner's liberty was taken based upon Form 1040 United States Individual Income Tax Returns being madatory, and "required by law," See Doc. 104, 201, to which the Tenth Circuit, at the direction of Charles A. O'Reilly and others, held "the obligation to file a tax return and the criminalization of willful failure to do so represent statutory mandates divorced from Form 1040" and "there is no substantive obligation or crime arising out of Form 1040 itself." See Springer 444 Fed. Appx. at 262

Judge Friot, in his order of January 28, 2010, that the Four attorneys claim raise issue preclusions in this civil proceeding, stated:

> "'Defendant Springer and Stilley would and did refrain from filing Forms with the Internal Revenue Service, including Form 1040 and 1099.'" Thus, Count One references Mr. Stilley's failure to file Form 1040 and alleges conduct by Mr. Stilley that is independent of Mr. Springer's income."

See U.S. v. Springer, 2010 U.S. Dist. Lexis 6906, Doc. 293, pg. 8

Without Petitioner and Stilley being shown by the United States to be required by law to file Form 1040 United States Individual Income Tax Returns as alleged in each of the Six Counts Petitioners (and Stilleys) referral dated June 3, 2005 for years 2000 through 2004 and Petitioner's taxes only, the indictment both within and exceeding those referred years, the conviction resulting from trial, the sentence, and judgment, are unconstitutional, without jurisdiction, invalid and void.

## CONCLUSION

Petitioner respectfully requests this Court recuse itself, or disqualify itself from Petitioner's civil rights claims in this 2255 proceeding, and enabling reassignment of Petitioner's civil rights claims involving the conduct of Judge Friot to a Northern Judicial District Judge.

Respectfully Submitted
*[signature]* 5.14.13
Prisoner # 02580-063
Federal Correctional Institution
1900 Simler Ave. Big Spring, Tx 79720

-9-

CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2013, I mailed to the Clerk of Court, United States District Court for the Northern District of Oklahoma, 333 West Fourth Street, Tulsa, Oklahoma 74103, the above "Reply":

I further certify that all parties shall receive service of process through the Court's ECF system:

Danny C. Williams-United States Attorney
Thomas Scott Williams-Acting United States Attorney
Kennedth P. Snoke- Assistant United States Attorney
Charles A. O'Reilly-Special Assistant United States Attorney

DECLARATION OF MAILING

I declare under the penalty of perjury that on May 14, 2013, I mailed the above Reply by placing same in the U.S. Mail Box located inside FCI Big Spring Federal Prison located within the external boundaries of the City of Big Spring and State of Texas pursuant to 28 U.S.C. § 1746(1).

