IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Respondent, ) | |
| ) | |
| vs. ) | Case No. 09-cr-0043-SPF |
| ) | |
| LINDSEY KENT SPRINGER, ) | |
| ) | |
| Defendant/Movant. ) | |

### ORDER

Mr. Springer, movant in this § 2255 matter, has filed a "Motion to Recuse and Disqualify Honorable United States District Judge Stephen P. Friot." Doc. no. 485. The motion, which includes a lengthy supporting brief, asks the undersigned to recuse pursuant to 28 U.S.C. §§ 455(a), (b)(1), (b)(5)(iv), and 28 U.S.C. § 144. To the extent the motion is urged under 28 U.S.C. § 144, Mr. Springer has also filed a 76-page affidavit in support. Doc. no. 486. The government has filed a response brief, and the motion is ready to be determined.

To sustain disqualification, bias and prejudice must arise from an extrajudicial source. Davis v. Cities Service Oil Co., 420 F.2d 1278, 1282 (10th Cir. 1970). Adverse legal rulings are not in themselves grounds for recusal. Glass v. Pfeffer, 849 F.2d 1261, 1268 (10th Cir. 1988). Furthermore, a trial judge has as much obligation not to recuse himself when there is no reason to do so as he does to recuse himself with the converse is true. United States v. Bray, 546 F.2d 851, 857 (10th Cir. 1976).

Mr. Springer's arguments depend on challenges to legal rulings which were adverse to him and contentions that such adverse rulings show favoritism to the government. Mr. Springer's has shown no bias or prejudice of a type which would cause recusal here. Nor have any other grounds for relief been shown.

The motion is **DENIED**.

Dated this 21st day of June, 2013.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

09-0043p107.wpd