## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff/Respondent** | ) | |
| | ) | |
| **v.** | ) | **Case No.    09-CR-043-SPF** |
| | ) | |
| **LINDSEY KENT SPRINGER,** | ) | |
| | ) | |
| **Defendant/Movant.** | ) | |

## UNITED STATES' REQUEST FOR EXTENSION OF TIME TO PROVIDE THE COURT WITH A PRELIMINARY RESPONSE IN OPPOSITION TO LINDSEY SPRINGER'S MOTION FOR RELIEF UNDER 28 U.S.C. §2255 (DOC. NOS. 472 - 475)

The United States of America, by and through its attorneys, Danny C. Williams, Sr.,

United States Attorney for the Northern District of Oklahoma, Jeffrey Gallant, Assistant U.S.

Attorney, and Charles A. O'Reilly, Special Assistant United States Attorney, hereby requests

an additional fourteen days to file its preliminary response to Mr. Springer's Motion for

Relief Under 28 U.S.C. §2255 (doc. nos. 472 - 475).

By Order dated March 15, 2015 (doc. no. 478), the Court directed the Government to

concisely list those grounds for relief that should be stricken or dismissed because they were

raised and resolved in the proceedings in the underlying criminal prosecution, or could have

been but were not raised in those proceedings.  With the exception of two grounds, the

Government anticipates all of Mr. Springer's grounds should be stricken or dismissed

because they were raised and resolved in the proceedings in the underlying criminal

prosecution, or could have been but were not raised in those proceedings.  To date, the two

grounds that Mr. Springer did not previously raised, and could not have previously raised,

are that (1) appellate counsel was ineffective and (2) the Tenth Circuit Court of Appeals

unconstitutionally limited his appellate brief.

The Government respectfully requests an additional fourteen days to file the

preliminary response for the following reasons:

(1)    Mr. Springer's pleadings consist of 271 pages of material purporting to

identify 76 separate grounds for relief, many of which are cumulative (the

Government tentatively has placed these 76 grounds into fourteen categories).

(2)    On July 11, 2013, the sole Government counsel familiar with the lengthy

record in this case was assigned to *United States v. Steven Frank Boitano*, 11-

cr-585-EJD, in the Northern District of California, with a trial scheduled to

begin August 8, 2013.

(3)    From July 11, 2013 up to and through August 8, 2013, that Government

counsel focused on preparing for the trial in that matter.

(4)    The trial in *United States v. Steven Frank Boitano* began August 8, and

continues as of the filing of this pleading.

(5)    The trial should conclude by August 16.

Although Mr. Springer purports to identify 76 separate grounds for relief, examination

of these grounds reduces the actual number of possible bases for relief to approximately

fourteen:   (1) the Court lacked jurisdiction; (2) the Internal Revenue Service lacked jurisdiction in the State of Oklahoma; (3) the Court's jury instructions were erroneous; (4) the Paperwork Reduction Act precluded the imposition of penalties;  (5) Mr. Springer was the victim of selective prosecution; (6) the Court incorrectly calculated the tax loss and sentencing guideline factors; (7) Mr. Springer did not knowingly and intelligently waive the right to counsel; (8) the Court incorrectly prevented Mr. Springer from issuing subpoenas to government employees; (9) the Internal Revenue Code is unconstitutionally vague and ambiguous; (10) the appellate court unconstitutionally limited the appellate brief to 14,000 words; (11) evidence should have been suppressed because it was obtained through an invalid search warrant; (12) the Indictment is defective; (13) the statute of limitations was violated, and  (14) the requirement to file violates self-incrimination protections.

With the exception of Mr. Springer's assertions that appellate counsel provided ineffective assistance, and that the appellate court unconstitutionally limited his appellate brief, Mr. Springer raised, or could have raised, each of these issues at trial or on direct appeal.

The Government does not believe that Mr. Springer previously raised the allegation that his prosecution was prohibited because of Mr. Springer's "information and belief" that the President of the United States is not eligible to hold office, nor that there was a Speedy Trial Act violation (see Grounds 63, 64 and 65).  Mr. Springer represented himself during the trial phase of these proceedings and could have raised these grounds previously.

## CONCLUSION

For the reasons identified above, the United States requests at least a fourteen day

extension of time in which to file its preliminary response.

Respectfully submitted,

DANNY WILLIAMS
UNITED STATES ATTORNEY

/s/ Jeffrey Gallant
JEFFREY GALLANT
Assistant United States
110 West Seventh Street, Suite 300
Tulsa, Oklahoma  74119
(918) 382-2700

## CERTIFICATE OF SERVICE

I hereby certify that on the 13h day of August 2013, I electronically transmitted the

foregoing document to the Clerk of Court using the ECF System for filing and transmittal

of a Notice of Electronic Filing.  I also served the foregoing document by United States

Postal Mail to the following ECF registrant:

Lindsey Kent Springer
Defendant
FCI Big Spring
Federal Correctional Institution
1900 Simler Ave
Big Spring, TX  79720
Inmate Number 02580-063.


/s/ Jeffrey Gallant
JEFFREY GALLANT
Assistant United States
110 West Seventh Street, Suite 300
Tulsa, Oklahoma  74119
(918) 382-2700