IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

FILED

OCT 9 2013

Phil Lombardi, Clerk
U.S. DISTRICT COURT

LINDSEY KENT SPRINGER,

Petitioner,

v.

Case No. 13-CV-145
(Formerly 09-CR-043)

UNITED STATES OF AMERICA

Respondent.

**MOTION FOR LEAVE TO CONDUCT LIMITED DISCOVERY ON UNITED STATES ATTORNEY**

Lindsey Kent Springer ("Petitioner") moves this Court for Leave to conduct limited discovery pursuant to Rule 6 of the Rules Governing Section 2255 Proceedings.

Petitioner has raised in Ground Two of has Section 2255 Application that from June 28, 2009 through at least January 21, 2010, and extending up to August 2, 2012, when the Tulsa World reported Danny C. Williams Sr. was confirmed as the next United States attorney for the Northern District of Oklahoma, that this Court did not have jurisdiction to allow Prosecution of the March 10, 2009 Grand Jury Indictment without a United States attorney pursuant to 28 U.S.C. Section 541, 546(c)(2), 546(d), and 547(1). See Doc. 472, pg. 12

Recently, the Tenth Circuit in "In Re Lindsey Kent Springer" granted permission for Petitioner to seek a Writ of Mandamus directing this Court to dismiss its April 28, 2010 Judgment on grounds that the April 28, 2010 Judgment , and all the proceedings from June 28, 2009, when David E. O'Meilia resigned his office of United States attorney for the Northern District of Oklahoma, through at least January 21, 2010, up to and including August 2, 2012 for being entered without jurisdiction pursuant to the holding in United States v. United States v. Providence Journal Co. 485 U.S. 693, 699-700, 99 L. Ed 2d 785, 108 S.Ct. 1502(1988), and United States v. Singleton, 165 F.3d 1297, 1300(10th Cir. 1999) where there was no United States attorney pursuant to 28 U.S.C. Sections 541, 546(c)(2), 546(d), and 547(1) authorized to prosecute. Exhibit 1

On September 18, 2013 a Panel of Judges in the Tenth Circuit denied issuance of the Writ of Mandamus but stated:

> "He has a motion under 28 U.S.C. S 2255 currently pending in the district court in which he has raised this same jurisdictional argument, and if his argument is ultimately unsuccessful before that Court, he can appeal from that decision. Accordingly, we deny his mandamus petition. We grant his motion to proceed on appeal without prepayment of costs and fees."

1

Exhibit 2

Recently, in the belated first response by Charles A. O'Reilly as Special Assistant to Danny C. Williams Sr., Mr. O'Reilly explained that he placed Petitioner's 76 grounds into twenty different categories.  Doc. 518, p.g 4

The first category Mr. O'Reilly offers is:

"(1) the Court lacked jurisdiction."

In the "Table" provided by Mr. O'Reilly setting forth the twenty categories, category 1 identifies under the heading "asserted grounds for relief" grounds 1,2,3,4,66,67,74 and 76."  In agreeing also Petitioner can raise ground that his appellate counsel was ineffective, Mr. O'Reilly agreed that this ground impacts or connects to:

"1 through 14, 28,29,30,32 through 37, 39, 41 through 44, 46,48,49,51,53 through 67 and 75."
Doc. 518, pg. 3, n.3

Ground Two is clearly listed in Mr. O'Reilly's Category 1 and in footnote 3 connected to the ineffective assistance of counsel claims.

I. CASE LAW CLEARLY SAYS WITHOUT UNITED STATES ATTORNEY COURT HAD NO PROPER PARTY BEFORE IT
AND HAD NO JURISDICTION TO DECIDE THE GRAND JURY INDICTMENT

"A federal court must at every stage in every case satisfy itself as to its own jurisdiction." Kokkonen v. Guardian Life, 511 U.S. 375, 377(1994).  If it is found that the Court lacked jurisdiction to try Petitioner, the judgment is void and the Petitioner must be discharged.  Ex Part Yarbrough, 110 U.S. 651, 654(1884); see also Ex Parte Lange, 85 U.S. (18 Wall) 163, 166(1874).

"Indeed, a federal court cannot even assert jurisdiction over a criminal case unless it is filed and prosecuted by the United States Attorney or a properly appointed assistant." Singleton, 165 F.3d at 1300  "Therefore, the governments sovereign authority to prosecute and conduct a prosecution is vested solely in the United States Attorney and his or her properly appointed assistants." Id.  "Therefore, the government's sovereign authority to prosecute and conduct a prosecution is vested SOLELY in the United States Attorney and his or her properly appointed assistants." Singleton, 165 F. 3d at 1300

"Of course, it cannot be otherwise because the government functions only through its officers and agents." Id.  "[w]here an attorney acting essentially without supervision who is not authorized to represent the United States presents the case to the Grand Jury, or perhaps otherwise conduct all of the proceedings, a jurisdictional defect is tendered and the proceedings are a nullity."  United States v. Navarro, 959 F. Supp. 1273, 1277(E.D. Cal. 1997); cited in Singleton, Id.

"[t]he Congress has...limited those who may appear on behalf of the United States in subordinate courts."

2

Navarro, 959 F. Supp. at 1277 "[t]he authority to prosecute federal crimes is....limited to the United States Attorney for the district. See 28 U.S.C. S 547(1)." Id. "[w]hen a statute prohibits an attorney purportedly representing the United States from doing so the defect cannot be cured and is jurisdictional. Providence Journal, supra." Navarro, 959 F. Supp. at 1279

"For that reason the district court, although having subject matter jurisdiction 'of all offenses against the laws of the United States, see 18 U.S.C. S 3231, is under Providence Journal, without jurisdiction over such case. See United States v. Durham, 941 F.2d 886(9th Cir. 1991)." Navarro, 959 F. Supp. at 1277

"Because only the United States Attorney, whether personally or through HIS assistants, may appear in a criminal case, it would seem to follow that a criminal case, prosecuted by an unauthorized attorney is non-cognizable." Id. "'Since Judicial jurisdiction implies the power to hear and determine a cause...' United States v. O'Grady, 89 U.S. 641, 647, 22 Wall 641, 33 L.Ed 772(1875), in the absence of jurisdiction a court may neither hear nor dispose of a case." Id.

"Since a federal offense is defined as 'an offense against the United States,' see 18 U.S.C. S 2, and the United States is the named plaintiff in a criminal prosecution, it seems SELF EVIDENT that only the United States has standing to pursue an affront to its criminal laws." United States v. Navarro, 972 F. Supp. 1296, 1305 (E.D. Cal. 1997) "It follows that where the prosecutor is not authorized to represent the United States, the government has not appeared, and since only the government may bring a criminal suit asserting a violation of federal law, the case brought must be DISMISSED for lack of a party having a case or controversy with the defendant, i.e. the Court is without jurisdiction." Id.

"For that same reason, it follows that when an unauthorized attorney purports to represent the United States, the United States is not a party within the meaning of Article III and thus, once again, the Court is without jurisdiction." Id.

"A federal court is without jurisdiction in a criminal prosecution where the Government lacks an authorized representative." U.S. v. Bennett, 464 Fed. Appx. 183, 185(4th Cir. 2012)(unpublished).

II. EVIDENCE SHOWS NO UNITED STATES ATTORNEY EXISTED FOR THE NORTHERN DISTRICT OF OKLAHOMA AFTER JUNE 28, 2009 UNDER 28 U.S.C. SS 541, 546(c)(2), 546(d), OR 547(1).

The style of the Case should be changed to Woodward, Snoke and O'Reilly (hereinafter referred to as "Government Lawyers") v. Lindsey Kent Springer, and Mr. O'Reilly has not objected ever to Petitioner's claim that David E. O'Meilia (hereinafter "O'Meilia") resigned his Senate confirmed United States attorney office for

the Northern District of Oklahoma on June 28, 2009.

The Government lawyers equally have made no objection that on August 2, 2012, Danny C. Williams Sr. (Williams) was the next United States attorney confirmed by the Senate for the Northern District of Oklahoma. There is only three statutes that the Government Lawyers could rely upon in claiming authorization to prosecute Petition in the March 10, 2009 Grand Jury indictment.

First, 28 U.S.C. Section 541, which is the Section both O'Meilia and Williams appointments were based upon. The Government Lawyers have never presented, or even hinted any name as "United States attorney" pursuant 28 U.S.C. Section 541 between June 28, 2009 through August 2, 2012.

Without a citation to Federal Law, the Government Lawyers claimed after O'Meilia resigned, between June 28, 2009 and January 21, 2010, Assistant United States Attorney Thomas Scott Woodward, pursuant to 28 U.S.C. Section 542 became an "Acting United States Attorney." Compare Doc. 104, pg. 1 with Doc. 292, pg. 1 (n.1).

On January 27, 2010, the Government Lawyers directed this Court that Woodward was sworn as the Attorney General's pick for United States attorney for the Northern District of Oklahoma. Doc. 292, n.1

The only two statutes available to appoint a United States attorney for the Northern District of Oklahoma, other than Section 541, is 28 U.S.C. Sections 546(c)(2) and 546(d). Section 546(d) can easily be dismissed as the possible source of authority for the Government Lawyers to prosecute Petitioner where it only applies to a "vacancy":

> "if an appointment expires under subsection (c)(2) of this section, the district court for such district may appoint a United States attorney to serve until the vacancy is filled. The Order of appointment by the Court shall be filed with the Clerk of Court."

Section 546(c)(2) allows the Attorney General to appoint a United States attorney for the Northern District of Oklahoma for a term not to exceed 120 days. Section 541, 546(c)(2) and 546(d) ever mentions or identifies an "Acting United States attorney" authorized to prosecute, or represent the United States of America, in the Prosecution of a Grand Jury Indictment, including the one dated March 10, 2009 generating 09-CR-043 in the Clerk's Office for the Northern District of Oklahoma.

It is not until January 21, 2010 that the Government Lawyers present to the Court that Woodward became the Attorney General's selection for the 120 term as United States attorney which can only be under 28 U.S.C. Section 546(c)(2). The Trial began on October 26, 2009 and ended with conviction on November 16, 2009. All this when no United States attorney legally or factually existed.

4

This Court's July 2, 2009 Suppression hearing occurred with no United States attorney with prosecutorial authority within the Northern District of Oklahoma. Even after the purported 120 days expired from January 21, 2010 O'Reilly continued to purport Woodward was United States attorney. See Doc. 419(8.30.2010) and Doc. 441(2.18.2011). Even on May 3, 2013 O'Reilly claimed Woodward was back at "Acting United States Attorney" and Snoke apparently came out of retirement. Doc. 487, pg. 1

The Tulsa World reported that at the time Williams was confirmed by the Senate there had not been a United States attorney for more than 3 years. See Doc. 472, Exhibit 8. For all of the reasons presented above Petitioner seeks permission to conduct limited discovery during the preliminary phase of the Court's schedule dated March 15, 2013 regarding the power to prosecute Petitioner from August, 2008 through August, 2012 for the purpose of proving Petitioner's claims this Court lacked jurisdiction from June 28, 2009 through August, 2012, which included pretrial, jury trial, conviction, post trial, sentencing, judgment, release pending appeal, and the entire appellate procedure involving 09-CR-043.

Petitioner claims Woodward, Snoke, O'Reilly, and Gallant, were not authorized by Congress under any Statute to represent the United States of America in the prosecution of the Grand Jury charges in 09-CR-043.

III. RULE 6 OF THE RULES GOVERNING 2255 PROCEEDINGS

Rule 6 of the Rules Governing Section 2255 proceedings requires a party show "good cause" to conduct discovery. Petitioner is required to provide "specific allegations [that] reason to believe that the Petitioner may, if the facts are fully developed, be able to demonstrate that he...is entitled to relief." Bracy v. Granly, 520 U.S. 899, 908-909(1997); quoting Harris v. Nelson, 394 U.S. 286, 30091969). Habeas Corpus Rule 6 is meant to be 'consistent' with Harris." Id.

In Bracy, his request for discovery was supported with a Copy of Judge Maloney's 1991 indictment and a "news paper article describing testimony from Maloney's trial." Bracy, 520 U.S. at 906. The Supreme Court held in Bracy that the indictment and newspaper article "established 'good cause' for discovery." Id. at 909 Although Bracy centered on Section 2254, the Tenth Circuit in an unpublished decision found "no reason to apply a different standard" under Section 2255's Rule 6. United States v. Moyo-Breton, 439 Fed. App. 711, 716 (10th Cir. 2011).

This Court has not ever addressed what specific provision of Federal Law authorized Woodward, Snoke,

O'Reilly, and Gallant, to prosecute Petitioner after O'Meilia resigned his office on June 28, 2009. The Court issued two orders discussing some aspects of Petitioner's post trial claims it lacked jurisdiction but never did the Court address how Woodward is authorized by Congress to prosecute Petitioner as first, an Acting United States attorney, and then as the Attorney General's selection of Woodward as United States attorney. Since Sections 541, 546(c)(2), and 546, establish no such "Acting United States attorney" authorized with jurisdiction to prosecute or represent the United States of America in 09-CR-043, Petitioner has shown good cause, consistent with the Supreme Court's decision in Providence Journal, Co. and the Tenth Circuit's decision in Singleton, for the limited discovery requested below at this stage of the Section 2255 proceedings. The two orders are Doc. 293 and 312.

IV   THE INTERROGATORIES

Petitioner seeks the following interrogatories:

Interrogatory No. 1 -

Identify the name of each United States attorney holding office between March 10, 2009 through August 1, 2012 for the Northern Judicial District of Oklahoma.

   A. Identify each person whose testimony you will or may rely in support of this answer.

   B. Identify each document on which you will or may rely in support of this answer.

Answer to No. 1 -

Interrogatory No. 2 -

For each named person you identified in Interrogatory No. 1 state the specific Federal Statute enacted by Congress at 28 U.S.C. Section 541, 546(c)(2), or 546(d) that authorized such named person to prosecute all offenses against the Laws of the United States within the Northern Judicial District of Oklahoma.

   A. Identify each person whose testimony you will or may rely in support of this answer.

   B. Identify each document on which you will or may reply in support of this answer.

Answer No. 2 -

Interrogatory No. 3 -

For each named person you identified in Interrogatory No. 1 that had a specific statutory basis for claiming to be the United States attorney for the Northern Judicial District of Oklahoma, between June 28, 2009 through August 1, 2012, identify the dates of the term of office each named person occupied the office of United States attorney for the Northern Judicial District of Oklahoma including the date each named person's term of office began

and when that named person's term terminated or expired.

    A. Identify each person whose testimony you will or may rely in support of this answer.

    B. Identify each document on which you will or may reply in support of this answer.

Answer No. 3 -

Interrogatory No. 4 -

Pursuant to the Holding in United States v. Providence Journal Co. 485 U.S. 693, 699-700, 99 L.Ed 2d 785, 108 S.Ct 1502(1988) and United States v. Singleton, 165 F.3d 1297, 1300(10th Cir. 1999) explain why the United States District Court for the Northern Judicial District of Oklahoma continued to have jurisdiction over the parties in 09-CR-043 after then United States attorney David E. O'Meilia resigned as the Northern Judicial District of Oklahoma's United States attorney on June 28, 2009 through August 1, 2012.

    A. Identify each person whose testimony you will or may rely in support of this answer.

    B. Identify each document on which you will or may rely in support of this answer.

Answer No. 4 -

Interrogatory No. 5 -

Identify what specific evidence you rely upon to maintain Thomas Scott Woodward was sworn in as the Attorney General's selection for United States attorney for the Northern Judicial District of Oklahoma on January 21, 2010, including a description of such evidence, how it is stored or maintained, if there is an author, the name of the author, and the date such evidence first existed.

    A. Identify each person whose testimony you will or may rely in support of this answer.

    B. Identify each document on which you will or may rely in support of this answer.

Answer No. 5 -

Interrogatory No. 6 -

Identify the name and statutory authority, if any, of any person that contributed or assisted you in any way in drafting the answers to these interrogatories.

    A. Identify each person whose testimony you will or may rely in support of this answer.

    b. Identify each document on which you will or may rely in support of this answer.

Answer No. 6 -

Interrogatory No 7 -

Identify the Federal Statute or Regulation that authorized the United States of America to be represented by

and through Thomas Scott Woodward as "Acting" United States attorney for the Northern Judicial District of Oklahoma as of June 28, 2009.

    A. Identify each person whose testimony you will or may rely in support of this answer.

    B. Identify each document on which you will or may rely in support of this answer.

Answer No. 7 -

REQUEST FOR PRODUCTION OF DOCUMENTS.

You are hereby requested to produce any and all reports, notes, statements or other documents (including emails and other electronically stored information) between August 1, 2008 through August 2, 2012 that you identified in your answers to interrogatory numbers 1 through 7.

You are also requested to produce the following reports, notes, statements or other documents (including emails and other electronically stored information) between June 1, 2009 through August 2, 2012 that:

    1) reference or relate to David E. O'Meilia resigning as the Northern Judicial District's United States attorney;

    2) establishes Kenneth P. Snoke as an Assistant United States attorney for the Northern Judicial District of Oklahoma appointed by the Attorney General of the United States pursuant to 28 U.S.C. Section 542;

    3) established Thomas Scott Woodward as an Assistant United States attorney for the Northern Judicial District of Oklahoma appointed by the Attorney General of the United States pursuant to 28 U.S.C. Section 542;

    4) establishes Charles A. O'Reilly as a Trial Attorney for the Department of Justice authorized to proceed in the Northern Judicial District of Oklahoma;

    5) authorizes Kenneth P. Snoke and Thomas Scott Woodward to prosecute Lindsey Kent Springer regarding the March 10, 2009 Grand Jury indictment docketed in 09-CR-043;

    6) authorizes Thomas Scott Woodward to perform the duties and functions of a United States attorney pursuant to 28 U.S.C. Section 541, 546(c)(2), 546(d) or 547(1);

    7) establishes Charles A. O'Reilly as a Special Assistant United States attorney for the Northern Judicial District of Oklahoma pursuant to 28 U.S.C. Section 543;

    8) authorizes Charles A. O'Reilly and Kenneth Snoke to perform the duties and functions of a United States States attorney pursuant to 28 U.S.C. Sections 541, 546(c)(2), 546(d) and 547(1);

    9) establishes Jeffrey A. Gallant as an Assistant United States attorney for the Northern Judicial District of Oklahoma pursuant to 28 U.S.C. Section 542;

    10) authorizes Danny C. Williams, Sr. to perform the duties and functions as the United States attorney for

the Northern District of Oklahoma pursuant to 28 U.S.C. Section 541, 546(c)(2), 546(d), and 547.

V. Request for Appointment of Counsel.

Petitioner obviously needs assistance in procuring the relief he seeks in his 2255 grounds for relief. Rule 6 provides this Court is authorized to provide Petitioner, who is incarcerated, with authority to appoint an attorney to assist Petitioner in these matters. Petitioner seeks to show that there was no person representing the United States of America after June 28, 2009 with authority to prosecute Petitioner in 09-CR-043.

VI. Conclusion

Petitioner respectfully requests this Court grant leave to proceed with limited discovery on the issues re-guarding the jurisdiction of this Court to proceed after June 28, 2009 without a United States attorney for the Judicial Northern District of Oklahoma, and the appointment of Counsel to assist in that endeavor.

Respectfully Submitted

*[signature]*
#02580-063
Federal Correctional Institution
P.O. Box 1500
El Reno, Oklahoma 73036

CERTIFICATE OF SERVICE

I hereby certify that I mailed first class Petitioner's Motion for Leave to Conduct Limited Discovery to the Clerk of Court, 333 West Fourth Street, Tulsa, Oklahoma 74103 on October 4, 2013:

I further certify that all parties are ECF users and the Clerk of Court shall serve each party through the ECF System:

United States of America
Danny C. Williams, Sr.

*[signature]*
Server

DECLARATION OF MAILING

I declare under the penalty of perjury pursuant to 28 U.S.C. Section 1746(1) under the laws of the United States of America that on October 4, 2013, I deposited Petitioner's Motion for Leave to Conduct Limited Discovery in the U.S. Mail Box located inside FCI El Reno.

*[signature]*
Declarant

9

FILED
United States Court of Appeals
Tenth Circuit

September 10, 2013

Elisabeth A. Shumaker
Clerk of Court

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

In re: LINDSEY K. SPRINGER,

      Petitioner.

No. 13-5113
(D.C. Nos. 4:13-CV-00145-SPF-TLW &
4:09-CR-00043-SPF-1)
(N.D. Okla.)

## ORDER

Before **BRISCOE**, Chief Judge.

Lindsey K. Springer's "Petition for Leave to Proceed Pro Se" in his mandamus proceeding filed on August 29, 2013 is granted.

                       Entered for the Court

                       ELISABETH A. SHUMAKER, Clerk

Exhibit 1
1 of 1

FILED
United States Court of Appeals
Tenth Circuit

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

September 18, 2013

Elisabeth A. Shumaker
Clerk of Court

In re:

LINDSEY K. SPRINGER,

Petitioner.

No. 13-5113
(D.C. Nos. 4:13-CV-00145-SPF-TLW &
4:09-CR-00043-SPF-1)
(N.D. Okla.)

## ORDER

Before **LUCERO**, **EBEL**, and **HOLMES**, Circuit Judges.

Lindsey K. Springer, proceeding pro se, has filed a petition for a writ of mandamus. Mr. Springer is subject to filing restrictions that prevent him from proceeding pro se unless he obtains permission from the Chief Judge. By order dated September 10, 2013, the Chief Judge granted him permission to proceed pro se in this mandamus action. In his petition, he requests that this court order the district court to vacate his convictions for conspiracy to defraud the United States, tax evasion, and other crimes for being entered without jurisdiction.

"[A] writ of mandamus is a drastic remedy, and is to be invoked only in extraordinary circumstances." *In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1186 (10th Cir. 2009) (internal quotation marks omitted). "Three conditions must be met before a writ of mandamus may issue": (1) the petitioner "must have no other adequate means to attain the relief he desires"; (2) "the petitioner must demonstrate that his right to the writ is clear and indisputable"; and (3) "the issuing court, in the

Exhibit 2
1 of 2

exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Id.* at 1187 (internal quotation marks omitted).

Mr. Springer's request is not appropriate for mandamus relief because he has an adequate alternative remedy. He has a motion under 28 U.S.C. § 2255 currently pending in the district court in which he has raised this same jurisdictional argument, and if his argument is ultimately unsuccessful before that court, he can appeal from that decision. Accordingly, we deny his mandamus petition. We grant his motion for leave to proceed on appeal without prepayment of costs or fees.

                                            Entered for the Court

                                            *Elisabeth A. Shumaker*

                                            ELISABETH A. SHUMAKER, Clerk

Exhibit 2
2 of 2

Lindsey Kent Springer
#02580-063
Federal Correctional Institute
P.O. Box 1500
El Reno, Oklahoma 73036

RECEIVED
OCT 9 2013
Phil Lombardi, Clerk
U.S. DISTRICT COURT

"Legal Mail"

09-CR-143-SPF

Clerk of Court
Northern District of Oklahoma
333 West Fourth Street
Tulsa, Oklahoma 74103

postmark
10/7/13
BC