IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA

    Plaintiff/Respondent

v.

    Case NO. 13-CV-145
    (Formerly 09-CR-043)

Lindsey Kent Springer,

    Defendant/Movant.

FILED
OCT 31 2013
Phil Lombardi, Clerk
U.S. DISTRICT COURT

09-CR-43-SPF

LINDSEY KENT SPRINGER'S MOTION FOR LEAVE TO FILE

REPLY

Lindsey Kent Springer ("Petitioner") moves this Court for Leave to file a reply to what Mr. O'Reilly filed, Doc. 524 and 525.

In Support of Mr. O'Reilly's "Response in Opposition to Mr. Springer's Motion to Strike," Mr. O'Reilly states, without evidence or declaration, that

> "the undersigned represented the United States of America during the grand jury investigation, at trial, and during Mr. Springer's appeal from his conviction. Pursuant to Title 28, United States Code Section 515(a) and Title 28, Code of Federal Regulations Section 0.13(a), Deputy Assitant Attorney General John A. Marrella of the United States Department of Justice, Tax Division authorized the undersigned to represent the United States with respect to this investigation and prosecution by letter dated December 23, 2008."

Doc. 525, pg. 2

Mr. O'Reilly goes on to explain, again without evidence or declaration, that:

> "By letter dated January 5, 2009, United States Attorney David E. O'Meilia appointed the undersigned as a Special Assistant United States Attorney for the Northern District of Oklahoma. The United States Attorneys for the Northern District of Oklahoma have extended the undersigned's appointment as a Special Assistant United States Attorney by letters dated January 4, 2010, January 4, 2011, January 10, 2012, and most recently by United States Attorney Danny C. Williams, Sr. in a letter dated December 19, 2012. Mr. rhetoric does not change the fact taht the undersigned has been and remains authorized to represent the United States of America."

Doc. 525, pg. 2

Judge Friot, to the extent Mr. O'Reilly continues to be allowed to represent the United States of America, supervised by Danny C. Williams, Sr., which is clearly in dispute, nowhere does Mr. O'Reilly identify the names of the

1

"United States Attorneys for the Northern District of Oklahoma" who extended his appointment as of January 4, 2010, January 4, 2011, and January 10, 2012. He names Mr. O'Meilia dated January 5, 2009, which is before Mr. O'Meilia resigned his office effective June 28, 2009. He names Mr. Williams, who took office as of August 2, 2012. But between those two dates, June 28, 2009, and August 2, 2012, he names noone because there is noone to name.

Mr. O'Reilly also argues that his preliminary response brief complies, or "concesely lists" with supporting record citations, those grounds for relief that should be stricken or dismissed because they are procedurally barred. Doc. 525 at 3

In Support of Mr. O'Reilly's "Response in Opposition to Mr. Springer's Motion for Leave to conduct limited discovery on United States attorney" Mr. O'Reilly claims that this jurisdiction issue is by issue preclusion, Doc. 526, pg. 2, and that Petitioner is procedurally barred from raising this jurisdictional challenge "in habeas review." Doc. 526, pg. 2

"Habeas Corpus has long been available to attack convictions and sentences entered by a court without jurisdiction." U.S. v. Addonizio, 442 U.S. 178, 185, 60 L.Ed 2d 805, 99 S.ct. 2235(1979) Section 2255's remedy is to be as braod as the habeas remedy. Addonizio, Id.; citing U.S. v. Hayman, 342 U.S. 205, 211-213, 96 L.Ed 232, 72 S.ct. 263(1952) "Section 2255 is available to correct error of constitutional or jurisdictional dimension." Brown v. U.S., 34 F.3d 990, 991(10th Cir. 1994). "[j]urisdictional issues are never waived and can be raised on collateral attack." U.S. v. Cook, 997 F.2d 1312, 1320(10th Cir. 1993). "[s]o long as a case is pending, the issue of Federal Court jurisdiction may be raised at any stage by the Court on its own motion." Praire Board of Potowatomi, 253 F.3d 1234, 1240(10th Cir. 2001); see also Mires v. U.S., 466 F.3d 1208, 1211(10th Cir. 2006) "[a]bsence of jurisdiction in the convicting court is indeed a basis for federal habeas corpus relief cognizable under the

due process clause." Yellowbear v. Attorney Gen. 525 F.3d 921, 924(10th Cir. 2008) "Jurisdiction, the Court said, refers to 'the Court's statutory or constitutional power to adjudicate the case.'" U.S. v. Devaughn, 694 F.3d 1141, 1147 (10th Cir. 2012); citing U.S. v. Cotton, 535 U.S. 625, 630, 122 S.Ct. 1781, 152 L.Ed 860(2002) and quoting Steel Co. v. Citizens for Better Env't, 523 U.S. 83, 89, 118 S.ct. 1003, 140 L.Ed 2d 210(1998).

"The doctrine of standing 'is an essential and unchanging part of the case-or-controversy requirement of Article III.'" Utah Wilderness Alliance v. Palma, 707 F.3d 1143, 1153(10th Cir. 2013); citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 112 S.ct 2130, 119 L.Ed 2d 351(1992); which cited to Allen v. Wright, 468 U.S. 737, 751, 104 S.Ct 3315, 82 L.Ed 2d 556(1984)."[A]bsent a Plaintiff with constitutional standing Federal Court's lack jurisdiction." Utah Wilderness, 707 F.3d at 1153; citing Summers v. Earth Island Inst., 555 U.S. 488 492-93, 129 S.Ct 1142, 173 L.Ed 2d1(2009). "The province of the Court," as Chief Justice Marshall once said in Marbury v. Madison, 1 Cranch 137, 170, 2 L.Ed 60(1803), "is solely to decide on the rights of individuals.'" Lujan, 504 U.S. at 576

"One who seeks to initiate or continue proceedings in Federal Court must deomonstrate, among other requirements, both standing to obtain relief requested See Jujan,...504 U.S. ...560-61..., and in addition, an 'ongoing interest in the dispute on the part of the opposing party that is sufficient to establish 'concrete adversness." Bond v. U.S. 564 U.S. __, 131 S.Ct __, 180 L.Ed 2d 269, 277 (2011); citing Camreta v. Greene, 563 U.S., ___,___, 131 S.Ct. __, 179 L.Ed 2d 118(2011).

recently, the Tenth Circuit stated "of course" no Court should "assume that [a party has] Article III standing." U.S. v. Pickard, 676 F.3d 1214, 1218 (n.2)(10th Cir. 2012). Jurisdiction of a Federal Court "must be shown affirmatively, and ...is not made by drawing...inferences favorable to the party assert-

3

ing it." Sac & Fox Nation v. Cuom, 193 F.3d 1162, 1168(10th Cir. 1999).

The Tenth Circuit explained in U.S. v. Singleton, 165 F.3d 1297, 1300(10th Cir. 1999) that:

> "[I]ndeed, a federal court cannot even assert jurisdiction over a criminal case unless it is filed and prosecuted by the United States attorney, or a properly appointed assistant."

Mr. O'Reilly argues in opposition to Petitioner's need for limited discovery claiming that "Mr. Springer neglects to mention that the Ninth Circuit reversed the district court's decision and reinstated Navarro's conviction, stating that "[t]he Attorney General can still appoint SAUSAs for more than the four-year limit imposed by § 3372. The district court erred to the contrary." United States v. Navarro, 160 F.3d 1254, 1258(9th Cir. 1998)." Doc. 526, pg. 3

No, Petitioner did not neglect to mention the 1998 decision by the Ninth Circuit. And neither did the Tenth Circuit in Singleton. In Singleton, the Tenth Circuit, in 1999, stated:

> "Only officers of the Department of Justice or the United States attorney can represent the United States in the prosecution of a criminal case. 28 U.S.C. §§ 516, 547(1994); United States v. Navarro, 959 F. Supp. 1273, 1277(E.D. Cal. 1997), rev'd on other grounds, 160 F.3d 1254, 1998 WL 809553(9th Cir. 1998). Indeed, a federal court cannot even assert jurisdiction over a criminal case unless it is filed and prosecuted by the United States attorney or a properly appointed assistant. See United States v. Providence Journal Co. 485 U.S. 693, 699-708, 99 L.Ed 2d 785, 108 S.Ct 1502(1988)(dismissing Petition for Certiorari for lack of jurisdiction where Petitioner was filed by a government lawyer acting without the authority to do so); United States v. Durham, 941 F.2d 886, 892(9th Cir 1991)(whether Special AUSA had been properly appointed went to jurisdiction of the district court). Therefore, the government's sovereign authority to prosecute and conduct a prosecution is vested SOLELY in the United States attorney and his or her properly appointed assistants."

Singleton, 165 F.3d at 1299-1300

There was no reason to mention that Navarro was reversed on other grounds. Mr. O'Reilly clearly has read Singleton and Providence Journal and knows from June 28, 2009 thorugh August 2, 2012, there was no United States attorney for the Northern District of Oklahoma. Otherwise, those dates, January 4, 2010, January 4, 2001, and January 10, 2012, would have named a United States attorney

4

if those letters were in fact signed by one authorized by Congress.

## CONCLUSION

Petitioner respectfully requests this Court to grant him leave to file a reply to Mr. O'Reilly's unauthorized representations between June 28, 2009 through at least August 2, 2012. Petitioner contends that Mr. Williams is not currently supervising Mr. O'Reilly as he is required to do.

Respectfully Submitted

*/s/ Lindsey K. Springer*
Prisoner I.D. 02580-063
Federal Correctional Institution
P.O. Box 1500
El Reno, Oklahoma 73036

## CERTIFICATE OF SERVICE

I hereby certify that I mailed to the Clerk of Court, 333 West Fourth Street, Tulsa, Oklahoma 74103, Petitioner's above Motion for Leave to file Reply to Mr. O'Reilly's response oopositions, Doc. 525, 526, on October 28, 2013:

I further certify that all the parties will be served by the Clerk of Court through the Court's ECF system:

United States of America
Danny C. Williams, Sr.
Charles A. O'Reilly

*/s/ Lindsey K. Springer*
Server

## DECLARATION OF MAILING

I declare under the penalty of perjury that on October 28, 2013, I deposited Petitioner's Motion for Leave as described above in the U.S. Mailbox located inside FCI Federal Correctinal Instituion at El Reno, Oklahoma on October 28, 2013, pursuant to 28 U.S.C. § 1746(1).

*/s/ Lindsey K. Springer*
Declarant

5



Ra--- ---springer
Prisoner Id. 02580-063
Federal Correctional Institution
P.O. Box 1500
El Reno Oklahoma 73036

**RECEIVED**
OCT 31 2013
Phil Lombardi, Clerk
U.S. DISTRICT COURT

"Legal Mail"

OKLAHOMA CITY OK 730
29 OCT 2013 PM 5 L
Postmarked 10/24/13

Clerk of Court
Northern District of Oklahoma
333 West Fourth Street
Tulsa Oklahoma 74103

+30-145-SAF-TLW
09-CR-43-SPF

7410383999