In The United States District Court
For the Northern District of Oklahoma

FILED
JAN 08 2014
Phil Lombardi, Clerk
U.S. DISTRICT COURT

Lindsey Kent Springer
 Petitioner

v.                               Case No 13-CV-145
                                 (formerly 09-CR-043)
USA
 Respondent

## Motion For Clarification on Reply

Lindsey Kent Springer ("Petitioner") seeks clarifications regarding this Court's order dated March 15, 2013. Doc 478

1. Is the Court expecting Petitioner show cause and prejudice on those grounds not arising under ineffective assistance of appellate counsel?

The Preliminary Response, Doc 518 admits ineffective assistance of appellate counsel claims could not have been raised before this 2255 proceeding. Doc 518, pg 2 Although Respondent only lists Ground 49 and 61 that "should not be struck or dismissed.

However, Respondent noted that Grounds "1 through 14, 28, 29, 30, 32 through 37, 39, 41 through 44, 46, 48, 49, 51, 53 through 67, and 75" assert appellate counsel was

1

ineffective. Doc 518, pg 3, note 3.

Then, Respondent make a third response, where in box 19 entitled "Ineffective assistance of appellate counsel," Respondent lists Grounds 59, 60, 61, 66, and 76. Doc 518, pg 7.

So, in one response Ground 61 is listed as could not have been raised. In a second response, Grounds 1 through 14, 28, 29, 30, 32 through 37, 39, 41 through 44, 46, 48, 49, 51, 53, through 67, and 75. The Third response for ineffective assistance of appellate counsel lists Grounds 59, 60, 61, 66, and 76.

In Ground 59, listed in the second and third response, lists "Grounds 1 to 14, 28 to 44, 48, 51 to 54, 56 to 58, 60 to 66." Doc 518, attachment pg. 39 of 53.

This Court directed Petitioner to only reply to the issues raised in Respondent's Preliminary Response. Doc 478, pg 2.

The Court's Two Step procedure directs the parties address two categories. One category is grounds "raised and resolved." The other category is grounds that could have been raised.

Nowhere does the Preliminary Response identify where any of the 76 Grounds were resolved, either in the District Court, or on direct appeal. Petitioner conceded Ground 37 had been decided by the

2

District Court but based upon Respondent withholding evidence of its selective prosecution, Doc 518, attachment, pg 20 of 53.

Although this Court mentions Frady in its March 15, 2013 order, it never mentions cause or prejudice Standards.

Nowhere in Respondents Preliminary Response do they raise Frady's cause and prejudice standard or even mention Frady.

Although ineffective assistance of appellate counsel "can establish cause to overcome the procedural bar," U.S. v. Stover, 292 Fed Appx 755, 756 (n.1) (10th Cir. 2008) (unpublished), "[W]hen a defendant alleges his appellate counsel rendered ineffective assistance by failing to raise an issue on appeal, we examine the merits of the omitted issue[s]." U.S. v. Cook, 45 F.3d 388, 392 (10th Cir. 1995)

This Court directed Step Two is the merits phase. Doc 478, pg 2 "We reiterate that counsel's ineffectiveness will constitute cause only if it is an independent constitutional violation." Coleman v. Thompson, 501 U.S. 722, 755 (1991)

If the Court is expecting cause and prejudice be affirmatively shown in Step One then Petitioner needs to know what grounds the Court views as

3

not arising under ineffective appellate counsel grounds. Although this Court only directed Petitioner to reply to the Preliminary Response, that Response identifies three different collections of Grounds that are claims of ineffective assistance of appellate counsel (that move to Step Two).

Petitioner contends that if in Doc 472 he claimed ineffective assistance of appellate counsel, in any Ground, that Ground should automatically move to Step Two merits phase. If a Ground lists both ineffective assistance of appellate counsel, and qualifies for some other exclusion from the Courts March 15, 2013 order, such as miscarriage of justice, actual innocence, change in the law, and jurisdiction: (the list is not exhaustive). Petitioner would make that factual and legal argument in his Reply to each such Ground.

Petitioner request this Court issue a clarifying directive as to which Grounds Respondents Preliminary Response lists as excluded from the First Step because the Ground(s) allege ineffective assistance of appellate counsel.[1]

---

[1] Petitioner will no doubt need leave to exceed 25 pages and that issue will also depend on what grounds move automatically to Step Two.

4

2. Since Respondent fails to identify any of the 76 Grounds which were "resolved," save Ground 37 in the District Court, and since all Grounds that could have been raised in the appellate court list the cause as ineffective assistance of appellate counsel, do all Grounds raised that were not resolved, move to Step Two automatically, or should Petitioner address those unresolved Grounds?

This Court directed Respondent to address all issues that were "raised and resolved or could have been raised. Doc 478, pg 2. Petitioner is then to Reply only to Respondent's issues. Respondent includes a section in its attachment where on each Ground the Preliminary Response asks could have been raised followed by Yes.

At no time does Respondent identify a single Court order where its claim of an issue raised was resolved. No Exhibits and no quotations!

On the Grounds Respondent says could have been raised, they also claim in the attachment, the Ground was in fact raised. So, Petitioner seeks a clarifying directive as to how this

5

Court intends Petitioner to address the issues Respondent lists as could have been raised and those Grounds Respondent Fails to identify as resolved.

3. When is the 5 months to conclude?

Respondent filed its Preliminary Response on September 9, 2013. Petitioner arrived at El Reno Camp on September 9, 2013. Petitioner immediately notified this Court of his new residence. On October 9, 2013 Respondent mails their Response to Petitioner at El Reno which Petitioner received. On December 16, 2013 Petitioner was transferred to LaTuna FSL and arrived on December 23, 2013. Petitioner has moved around alot and was also in the Big Spring Riot Lock down from August 7, 2013 to August 28, 2013. Depending on how long this Court takes to address the issues herein, Petitioner could make February 9, 2013, unless he is transferred again.

Petitioner seeks an initial due date from the Court under these circumstances.

4. What is the current disposition on Petitioner's Motion to Strike the Preliminary Response and Petitioner's Motion for Leave to Reply?

Petitioner filed a Motion to Strike and Motion for Leave to file Reply to Respondent's Response in opposition. Petitioner seeks to Reply to Doc 525 and 526 but has not been granted leave.

Please issue a clarifying directive regarding the disposition of Petitioner's recent pending Motions.

5. In Petitioner's Reply does the Court request Exhibits of the Transcript Exerts and other relied upon material in the record of 09-CR-043 and 10-5055?

Respondent attaches no record in support of its record citation. Petitioner invisions numerous records relied upon in his Reply. The Tenth Circuit requires a record in the event an appeal becomes necessary. All the record below is in 09-CR-043. All the record that would be appealed is

7

In 13-CV-145.

Petitioner merely wishes to make sure all procedures are followed.

Please issue a clarifying directive as to how the Court wishes Exhibits and Transcripts to be referenced in Reply either by an Appendix or merely citing to the record at this point. Seeing the record is just devistating to the Governments case, but it is volumous.

## Conclusion

Petitioner respectfully request the Court issue a clarifying directive or order addressing the issues above

Respectfully
Lindsey K Springer
Reg # 02580-063
Federal Satellite Low
P.O. Box 6000
Anthony, New Mexico
88021

## Certificate of Service

I hereby certify that on January 2, 2014, I deposited the above Motion for Clarifying directive to the Clerk of Court, 333 West Fourth St. Tulsa Oklahoma, 73102 by First Class Mail:

I further certify that all Parties are ECF users and shall receive service through the Courts ECF System:

Danny C. Williams Sr.
Charles A. O'Reilly
Jeffrey Gallant

*Lindsey K. Springer*
Server

## Declaration of Mailing

I declare under Penalty of Perjury that on January 2, 2014, I deposited the above Motion in the U.S Mail box located inside LaTuna FSL.

*Lindsey K. Springer*
declarant

Lindsey Kent Springer
02580-063
Federal Satellite Low
P.O. Box 6000
Anthony, New Mexico
88021



"Legal Mail"

Clerk of Court
Northern District of Oklahoma
333 West Fourth St
Tulsa, Oklahoma 74103
09-CR-43-SPF-1




Postmarked 1/6/14 - 8L

**RECEIVED**

JAN 8 2014

Phil Lombardi, Clerk
U.S. DISTRICT COURT