IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff/Respondent, | ) |
| | ) |
| vs. | ) Case No. 09-CR-0043-1-SPF |
| | ) |
| LINDSEY KENT SPRINGER, | ) |
| | ) |
| Defendant/Movant. | ) |

## ORDER

Mr. Springer moves for clarification of the court's scheduling order of March 15, 2013. Doc. no. 478. He appears to seek clarification regarding the permitted contents of his reply brief, which is currently due February 10, 2014.

The court's scheduling order of March 15, 2013 is clear, and all of the information contained in the next paragraph of this order is plainly set out there. Nevertheless, Mr. Springer proceeds *pro se* and his pleadings are liberally construed. For whatever benefit it may be to Mr. Springer, his motion (doc. no. 529) is **GRANTED** to the extent that his requests for clarification, and his other questions, are responded to as follows.

At this stage, a reply brief is permitted from Mr. Springer to explain to what extent, if any, Mr. Springer takes issue with the government's identification of claims (as set forth in the government's preliminary response brief) which the government contends need not be addressed by the court on their merits because they were, or could have been, asserted in the proceedings in the underlying prosecution. Mr. Springer's reply brief shall not address the merits of any of his asserted grounds for relief. After the reply brief is filed, the court will determine which of Mr. Springer's grounds for relief should be stricken or dismissed because they were, or could have

-2-

been, asserted in the proceedings in the underlying prosecution. After that ruling, dates for a second stage of briefing will be established. The government will be given a date for filing its second-stage response brief regarding the merits of the then-remaining claims, and Mr. Springer will be given a date by which to file a second-stage reply brief.

Mr. Springer's motion next expresses concern that he may be again moved to another facility, impacting his ability to file a timely reply. Mr. Springer may move for an extension, if necessary. As of now, however, his reply is due February 10, 2014.

Mr. Springer also inquires regarding the status of other motions he has filed. These motions were recently denied. See, doc. no. 528, dated January 6, 2014. The court presumes Mr. Springer's copy of this ruling crossed the instant motion in the mail. Regardless, the clerk is **DIRECTED** to include another copy of the January 6, 2014 rulings with Mr. Springer's copy of this order.

Lastly, Mr. Springer asks whether he is required to attach record documents to his reply brief. At this stage, clear and detailed citations to the record are sufficient, although exhibits are not precluded.

Dated this 10th day of January, 2014.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

09-0043p112.wpd