## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | |
| | ) | |
| vs. | ) | Case No. 09-CR-0043-SPF |
| | ) | |
| LINDSEY K. SPRINGER, | ) | |
| | ) | |
| Defendant/Movant. | ) | |

## ORDER

Defendant Lindsey K. Springer moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Doc. nos. 472-475. At this point, the court has before it the parties' first-stage arguments concerning which of Mr. Springer's 76[1] grounds for relief are procedurally barred and should therefore be dismissed without further consideration of the merits. Order, doc. no. 478. As a *pro se* plaintiff, Mr. Springer's pleadings are liberally construed.

### I. General Considerations.

When the court established the two-stage briefing process, it set out authorities for the proposition that certain grounds raised in support of § 2255 relief are procedurally barred. *See generally*, United States v. Frady, 456 U.S. 152, 165 (1982) ("we have long and consistently affirmed that a collateral challenge may not do service for an appeal"); United States v. Warner, 23 F.3d 287, 291 (10th Cir. 1994) ("2255 motions are not available to test the legality of matters which should have been

---

[1]Although the government has grouped Mr. Springer's grounds into twenty categories, Mr. Springer objects to this grouping and the court has at all times considered Mr. Springer's grounds for relief individually. When this order refers to a ground for relief by number, it uses the number assigned in the § 2255 motion, doc. no. 472.

raised on direct appeal"; "[a] defendant's failure to present an issue on direct appeal bars him from raising the issue in his § 2255 motion, unless he can show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed"; district court did not err in dismissing § 2255 motion as to claims previously considered and disposed of on direct appeal, citing <u>United States v. Prichard</u>, 875 F.2d 789, 791 (10th Cir. 1989), for the proposition that "absent intervening change in law of circuit, issues disposed of on direct appeal generally will not be considered in a §2255 collateral attack").

As the above authorities establish, the are exceptions to the procedural bar. *See*, <u>United States v. Cervini</u>, 379 F.3d 987, 990-91 (10th Cir. 2004) (failure to raise an issue either at trial or on direct appeal imposes a procedural bar to habeas review; the exceptions are if a defendant can show both good cause for failing to raise the issue earlier, and that the court's failure to consider the claim would result in actual prejudice to his defense; alternatively, if a defendant can demonstrate that failure to consider the federal claims will result in a fundamental miscarriage of justice, for example due to actual innocence, then the court may reach the merits of the claimed constitutional deficiencies despite the procedural bar). Mr. Springer argues that these exceptions apply to his § 2255 claims; before finding any grounds barred, the court has taken into consideration the argued-for exceptions.

## II.  The Parties' Positions.

Applying the above-described doctrines, the government contends that the only grounds for §2255 relief which should survive to the second stage are Mr. Springer's challenge to the Tenth Circuit's page restrictions on the length of his appellate brief, and Mr. Springer's claims of ineffective assistance of appellate counsel.

Mr. Springer, on the other hand, contends that all 76 grounds should survive to the second stage.  This order next addresses some of Mr. Springer's arguments.

A.  What Mr. Springer Refers to as
The  "Raised and Resolved" Issue.

Mr. Springer contends he raised a number of issues in his appeal but that the Tenth Circuit did not address them.  Grounds raised in an appeal are not procedurally barred unless they were addressed and disposed of by the Tenth Circuit in the direct appeal.  *See*, *e.g.*, United States v. Cook, 997 F.2d 1312, 1318 at n.6 (10th Cir. 1993) (court had "fully addressed" the allegation on direct appeal, deciding that issue adversely to the defendant; therefore, the issue was "not cognizable" under §2255).[2] Accordingly, one of Mr. Springer's primary arguments is that the government has not identified where the Tenth Circuit purportedly resolved certain grounds now asserted by Mr. Springer in support of §2255 relief, although the government identifies these grounds as having been raised by Mr. Springer in his direct appeal and argues that these grounds are procedurally barred on that basis.

The court has reviewed Mr. Springer's briefs filed in the direct appeal of his underlying criminal conviction, as well as the issues which the Tenth Circuit addressed and decided when it affirmed Mr. Springer's conviction in United States v. Springer, 444 Fed. Appx. 256 (10th Cir. 2011).[3]  In that decision the Tenth Circuit stated that potential issues which were referenced in Mr. Springer's appellate briefs

---

[2]Cook cites United States v. Prichard, 875 F.2d 789, 791 (10th Cir. 1989), which Cook paraphrases as holding that "absent intervening change in law of circuit, issues disposed of on direct appeal will not be considered on § 2255 collateral attack."  To the extent that Mr. Springer argues there was an intervening change in the law of the circuit which would save grounds disposed of in the direct appeal, the court rejects that argument.

[3]United States v. Springer denies defendants' appeals numbered 10-5055 and 10-5057 in which Mr. Springer and defendant Oscar Amos Stilley, respectively, challenged their convictions and sentences.

in a passing, perfunctory or scattered way were "insufficient to invoke appellate review and, accordingly, those issues are deemed waived." *Id*. at n.4.  The Tenth Circuit went on to individually treat and decide eight categories of issues which the court distilled from the issues that *had* been adequately raised by the defendants.  *See*, *id.* at 260 (listing  issues distilled from defendants' briefs).  The Tenth Circuit also addressed and disposed of appeal number 10-5156, *id*. at 266-67 (Mr. Springer's challenge to the district court's denial of his petition for a writ of error *corum noblis*); and appeal number 11-5053, *id*. at 267 (Mr. Springer's motion for a new trial and evidentiary hearing based on claims of newly discovered evidence to support his motion to suppress).  United States v. Springer resolved all adequately raised issues in the direct appeal, and all post-trial motions, against the defendants.

Given the above-described background, this court is not presented with a situation in which a defendant adequately raised arguments for purposes of a direct appeal but the Tenth Circuit left those arguments unaddressed.  The only arguments which were referenced by Mr. Springer in his appeal briefs but which the Tenth Circuit did not separately dispose of on their merits were arguments raised so inadequately that, in effect, they were not raised at all for purposes of the appeal.  The result is that the grounds which Mr. Springer argues he raised but the Tenth Circuit did not address are barred *not* because they were raised and resolved, but because they could have been effectively raised in the appeal but were not.  In this situation, Mr. Springer's complaint that the government has failed to show where each ground for relief was resolved in the direct appeal does not save any of his claims.

-4-

B. <u>Mr. Springer's Attempt to Save Issues</u>
<u>Which Were Not Raised In the Appeal</u>
<u>On Grounds that Such Issues "Evolved From"</u>
<u>United States v. Springer.</u>

Mr. Springer also argues that certain grounds for § 2255 relief could not have been raised in his direct appeal because <u>United States v. Springer</u> had not yet been decided.  He contends such grounds for relief "evolved" from the decision in <u>United States v. Springer</u>, or that he lacked prior notice regarding how the Tenth Circuit would explicate the law until <u>United States v. Springer</u> was decided.  As a result, he contends he was misled or judicially entrapped, making him unable to raise such grounds for relief earlier.  These types of arguments are made most noticeably with respect to Mr. Springer's grounds involving the Tenth Circuit's treatment of Form 1040.  For example, he contends that until <u>United States v. Springer</u> was decided, he was not on notice that "Form 1040 was divorced from the Six Counts offense conduct so I was misled."  Doc. no. 472, p. 78, ground 68.

The court rejects Mr. Springer's contention that such grounds are not barred in these § 2255 proceedings.  Such grounds were either raised and resolved against Mr. Springer in the direct appeal (his contention that these grounds "evolved from" the substantive rulings in <u>United States v. Springer</u> suggests as much), or they could have been raised in the direct appeal.  Furthermore, virtually all circuit decisions nudge the development of the law in one respect or another; Mr. Springer's argument, were it to be adopted, would subject all issues addressed in a direct appeal to potential redetermination in § 2255 proceedings.  <u>United States v. Springer</u> does not change the law in a manner which would suggest that any re-examination of these grounds for relief should be undertaken in these § 2255 proceedings.

C.  Jurisdictional Grounds for Relief.

Mr. Springer appears to argue that the court cannot dismiss any grounds which challenge the jurisdiction of the court.  He argues that jurisdiction is an issue which cannot be waived, and that jurisdiction may be raised in a collateral attack.

Many of Mr. Springer's jurisdictional arguments were raised and resolved in the direct appeal.  For example, to the extent that his § 2255 jurisdictional arguments arise out of his appellate challenge to the Internal Revenue Service's collection and enforcement authority, these types of "spurious delegation arguments" were determined to be frivolous in United States v. Springer.  Id. at 261.  The fact that jurisdictional grounds may be raised in a § 2255 proceeding does not mean that jurisdictional grounds previously determined in the appeal of the underlying criminal prosecution must be determined again in §2255 proceedings.   And there are no considerations in this case which suggest it would be necessary or appropriate to reconsider any previously rejected jurisdictional arguments.  Cf., Tooisgah v. United States, 186 F.2d 93, 96 (10th Cir. 1950) (motion involved no new facts, involved a possible conflict between state and federal jurisdiction, involved human liberties, and the issue had not been presented or painstakingly considered in the direct appeal).

As for Mr. Springer's jurisdictional grounds which were not resolved in the direct appeal, all such grounds could have been raised (or adequately raised) in the appeal and they are now barred for this reason.  An example of one such jurisdictional argument is that President Obama is not entitled to serve as President.  Based on this premise, Mr. Springer argues that government officials cannot enforce the laws against him.  Arguments regarding the President's law enforcement authority could have been made in the direct appeal, although the argument is patently frivolous.

On that last point – frivolousness –  the court also finds that Mr. Springer's jurisdictional grounds for relief are so lacking in merit that as an alternative to

dismissal, they should be denied on their merits even at this first stage. Although the court has previously reserved merits arguments for the second stage, the court takes this step, at this time, for several reasons. First, it would be a waste of the parties' and the courts' time and resources to entertain these grounds further or to dignify them by according them further treatment. Second, the Tenth Circuit previously denied Mr. Springer's request for mandamus relief, stating that Mr. Springer had an adequate alternative remedy because his § 2255 motion (the instant motion) was then pending, in which he had raised the same jurisdictional arguments. *See*, Appellate Case Number 13-5113, doc. no. 01019126981. Third, there is always the possibility that a reviewing court may determine that certain jurisdictional arguments should not have been dismissed as procedurally barred. For all of these reasons, this court wishes to leave no doubt that it has considered Mr. Springer's jurisdictional grounds for relief on their merits.

Mr. Springer's jurisdictional arguments which are dismissed as procedurally barred and which are alternatively denied on their merits, include the following.

– Arguments that only the Secretary of the Treasury or the Treasury Department have jurisdiction over matters pertinent to Mr. Springer's prosecution.

– Challenges to the authority of the grand jury including issues regarding the nature or scope of, or limitations on, the Justice Department's referral to the grand jury.

– Challenges to the authority or jurisdiction of the United States Attorney or any Assistant (or any Acting or Special Assistant) United States Attorneys involved in this prosecution including Mr. Springer's arguments that without a properly appointed United States Attorney there can be no properly appointed assistants.

– Challenges to the judicial authority of the federal courts, including challenges to federal judicial power over the crime of evasion of payment of taxes, and including

challenges to the judicial authority of the United States District Court for the Northern District of Oklahoma.

– Challenges to the authority and jurisdiction of Magistrate Judge McCarthy, or to the authority and jurisdiction of Judges Eagan, Kern or Friot.

– Arguments that the court has no authority to order restitution.

– Arguments that the federal government has no authority over these matters because such powers are not within the enumerated powers of the national government.

– Arguments that Mr. Springer's prosecution was unlawful because President Obama is ineligible to hold office.

– Any grounds for relief arguably not resolved in the direct appeal which are premised on the contention that the Internal Revenue Service and its agents, employees and officials had no authority in matters pertinent to Mr. Springer's criminal prosecution, including arguments premised on the abolition of internal revenue districts or district director offices, and arguments that the IRS had no person authorized to make ministry audits.

D.   Other Objections to Dismissal Raised by Mr. Springer.

Whether or not expressly addressed in this order, all other issues raised by Mr. Springer in his first-stage briefing papers have been carefully considered by the court.

III.   The Dismissed Grounds and the Surviving Grounds

A.   Grounds Raised and Disposed of on Appeal.

Grounds barred because they are fairly encompassed within the issues raised and disposed of in Mr. Springer's direct appeal include the following grounds for relief raised in Mr. Springer's § 2255 motion.

– Grounds based on or arising out of Mr. Springer's challenge to the Internal Revenue Service's collection and enforcement authority, addressed at <u>United States v. Springer</u>, 444 Fed. Appx. 256, 260-61.

– Grounds based on Mr. Springer's Form 1040-related arguments, such as arguments that he would have proceeded differently in district court if he had known that the Tenth Circuit was (in his words) going to hold that Form 1040 was "divorced" from the offense conduct, addressed in the Tenth Circuit's discussion of the Paperwork Reduction Act. *Id.* at 261-62. These grounds include those in which Mr. Springer alleges "judicial entrapment by estoppel" as a result of the Tenth Circuit's discussion of Form 1040.

– Grounds related to the suppression of evidence obtained after the case was transferred to the Department of Justice for criminal investigation. *See*, *id.* at 262.

– Grounds based on the trial court's  handling of "gift" and "income" in the jury instructions. *See*, *id*. at 263.

– Grounds based on Mr. Springer's claim that he did not knowingly, intelligently and voluntarily waive trial counsel. *See, id.* at 264.

– Grounds relating to the reasonableness of his sentence. *See, id*. at 264-65.

– Grounds relating to the manner in which the court calculated the tax loss, including arguments concerning which years should or should not have been included in those calculations. *See, id*. at 265.

– Other arguments raised by Mr. Springer in appeal no. 11-503 in support of the suppression issue, rejected by the Tenth Circuit for substantially the same reasons as those articulated by the district court. *See, id*. at 267.

B.  Grounds Which Could Have Been Raised

In the Appeal But Were Not.

This second  category of barred grounds – grounds which could have been raised in the appeal but were not raised in the appeal –  includes all other grounds raised by Mr. Springer in support of § 2255 relief, except grounds listed below as "surviving grounds."  This second category of barred grounds also includes any grounds covered in the preceding section A, which Mr. Springer might contend are not a close enough fit to be considered resolved in the direct appeal.

C.  Duplicative Grounds.

This order also dismisses grounds, or parts of grounds, which are merely duplicative of other grounds for relief.  (Numerous grounds are duplicative in part and ground 76, for example, is entirely duplicative.)

D.  Identification of Dismissed Grounds.

Eliminating all grounds for relief which fall into one or more of categories A, B or C above, leaves the grounds which are identified below in section E as "surviving grounds."  All other grounds for relief described in Mr. Springer's § 2255 motion are hereby **DISMISSED** for the reasons previously stated.

E.  Identification of Surviving Grounds.

The following grounds for § 2255 relief survive this order for consideration at the second stage of these proceedings.

– Ground 49 to the extent that it challenges the Tenth Circuit's page limitation on Mr. Springer's appellate briefing.

– Ground 50 to the extent that it challenges the undersigned's refusal to permit an extension of the page limitation applicable to Mr. Springer's memorandum brief filed in support of his § 2255 motion.[4]

– Ground 66 to the extent that it argues the cumulative effect of other meritorious grounds entitles Mr. Springer to relief under § 2255.[5]

– Ground 73 to the extent that it challenges the one-year window of time within which to seek relief under § 2255 as "not enough time to ascertain all the jurisdictional, and non-jurisdictional grounds, that warrant relief."  Doc. no. 472, p. 83.

– To the extent that Mr. Springer asserts ineffective assistance of his appellate counsel, that particular aspect of each such ground survives.  The parties do not always agree regarding in which grounds Mr. Springer alleges ineffective assistance of appellate counsel.[6]  Therefore, to avoid any confusion at the second stage, the court finds that ineffective assistance of appellate counsel is alleged in only the following grounds: grounds 1 - 14, 28-30, 32-37, 39, 41-44, 46, 48-49, 51, 53-67 and 75.  The listed grounds include Mr. Springer's arguments that the Tenth Circuit should have

---

[4]Ground 50 also challenges the Tenth Circuit's page limitation but it is, to that extent, duplicative.

[5]Ground 66 also restates grounds 1 through 75, and argues that the district court and appellate process was fundamentally unfair, but these arguments are duplicative of other grounds. Mr. Springer's cumulative effect argument is not, strictly speaking, a duplicative argument. Moreover, the cumulative effect cannot be addressed until the court determines which, if any, of the surviving grounds have merit, after which it can  consider the cumulative effect of all meritorious grounds.

[6]For example, the court notes Mr. Springer's argument within ground number 49, that "I claim for purpose of this Ground that all the Grounds raised 1 through 76 are Grounds that either should have been raised or were not evolved yet due to the Tenth Circuit's decision changing so many issues below." Doc. no. 472, p. 59.  These types of conclusory arguments are insufficient and do not expand Mr. Springer's ineffective assistance of appellate counsel arguments to all 76 grounds.

appointed new appellate counsel after his counsel was suspended, and that the Tenth Circuit should have started the appellate process over at that point.

## IV.  The Second Stage.

Within sixty days of the date of this order the government shall file its response brief addressing the merits of the surviving grounds.  Mr. Springer shall file his reply brief within sixty days of the government's filing of its response brief.

Primarily to give Mr. Springer as much early notice as possible, the court now advises that it is highly unlikely to permit briefs with more than 25 pages of text.[7]

Lastly, the parties are advised that although this order sets out the court's determinations regarding which claims survive to the second stage, it is not a final, appealable order.  At the end of the second stage, the court will enter a judgment.

Dated this 4th day of March, 2014.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

09-0043p116.wpd

---

[7]Although the court allowed Mr. Springer to file a lengthy reply brief at the first stage, a smaller number of issues now remain.  Also, Mr. Springer's lengthy filings have unnecessarily multiplied these proceedings.  For example, although the court permitted Mr. Springer to file a sixty-page reply brief in the first stage, that brief, including the appendix, totaled 176 pages, much of which was duplicative or frivolous.