In The United States District Court
For The Northern District of Oklahoma

Lindsey Kent Springer,
Movant

v.

United States of America,
Respondent.

Case No. 13-CV-145
(Formerly 09-CR-043)

FILED
MAR 27 2014
Phil Lombardi, Clerk
U.S. DISTRICT COURT

## Motion For Appointment of Sixth Amendment Counsel.

Lindsey Kent Springer ("Movant") moves the Court to direct the appointment of Sixth Amendment Assistance of Counsel to Movant involving Movant's ineffective appellate grounds, and those grounds Movant claims should have been raised, that the Court has now found were not raised, but should have been.

1. Movant has Sixth Amendment Right to counsel on his ineffective appellate counsel claims and those claims Movant claims should have been raised on direct appeal.

"[a] defendant's right to effective assistance of counsel applies not just at Trial, but also on direct appeal." U.S. v. Wollet, 164 Fed Appx 672, 677 (10th Cir. 2006)(unpublished) citing Evitts v. Lucey, 469 U.S. 387, 396 (1985); see also Baker v. Kaiser, 929 F.2d 1495, 1498 (10th Cir. 1991) citing Douglas v. California, 372 U.S. 353 (1963)("the right to counsel also extends

1

to a defendant's first appeal as of right.") "Implicit in these decisions is our conclusion that the Sixth Amendment right to counsel applies to the period perfecting an appeal." Baker, 929 F.2d at 1499.

Furthermore, "[I]neffective assistance of counsel claims 'should be brought in collateral proceedings, not on direct appeal.'" U.S. v. Calderon, 428 F.3d 928, 931 (10th Cir. 2005); quoting U.S. v. Galloway, 56 F.3d 1239, 1240 (10th Cir. 1995). See also Massaro v. U.S., 538 U.S. 500, 504-05 (2003) ("In light of the way our system has developed, in most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance.")

In the order dated March 4, 2014 many grounds affected by ineffective appellate counsel claims were dismissed due to appellate counsel's failure to adequately raise issues. The order goes on to direct all ineffective appellate counsel grounds moved to Step Two. The order also recognized Movant's appellate counsel was suspended, in part, based upon arguments raised in Movant's revised brief. And finally, the order identifies ground 49 having to do with the Tenth Circuit's refusal to provide leave to file an overlength brief.

None of these issues, or grounds, has Movant ever

2

mAC

received Sixth Amendment Counsel.

In fact, since Movant was unable to raise Sixth Amendment violations of ineffective appellate counsel in any court until this § 2255 proceeding, Movant has never received Sixth Amendment assistance of counsel, as of right, on his Sixth Amendment ineffective appellate counsel claims.

Movant actually should be given Sixth Amendment assistance of Counsel, ab initio, regarding any ineffective appellate counsel grounds, without reference to the merits of any ground raised in the § 2255 application.

Movant would point out the standing order of this Court is that a § 2255 proceeding is an ongoing criminal proceeding.

Although involving § 2254 proceedings, the Supreme Court recently held in Martinez v. Ryan, 132 S. Ct 1309, 1318 (2011) where a State "deliberately" chooses to move ineffectiveness claims outside of the direct-appeal process, where counsel is constitutionally guaranteed, Martinez's ability to file ineffective claims were significantly diminished.

The Court explained that the initial-review collateral proceeding is the first designated proceeding for a prisoner to raise a claim of ineffective assistance of counsel, and that the collateral proceeding is in many ways the equivalent of a prisoner's direct appeal as to

3

MAC

the ineffective-assistance of Counsel Claims.

Although Martinez claimed ineffective Trial counsel, Movant's ineffective appellate counsel claims are even further removed from the direct appeal process than those Trial Counsel violations which existed before direct appeal.

The Martinez Court reasoned Martinez justified the appointment of counsel because the state's habeas court "looks to the merits of claim" of ineffective assistance, that no other court has addressed the claims; and "defendants pursuing first-tier review ... are generally ill equipped to represent themselves" because they do not have a brief from counsel or an opinion of the court addressing their claim of error. 132 S.CT. at 1317

Martinez was an equitable decision and exception to <u>Coleman v. Thompson</u>, 501 U.S. 722, 754 (1991); <u>Evitt</u> 469 U.S. at 396; <u>Martinez</u>, 132 S.CT 1317

The Tenth Circuit in <u>U.S. v. Cook</u>, 45 F.3d 388, 392 (10th Cir. 1995) held "[W]hen a defendant alleges his appellate counsel rendered ineffective assistance by failing to raise an issue on appeal we examine the merits of the omitted issue[s]."

Although Movant maintains Sixth Amendment assistance of counsel is a right to all ineffective appellate conduct, not just after the merits have been argued, this Court is required to appoint Sixth Amendment assistance of

4

MAC

counsel as to any claim to which Movant has not received such assistance.

Ineffective appellate counsel claims are the first time Movant is allowed to raise challenges under the Sixth Amendmt to such counsel's conduct and § 2255 is the first procedure to recognize such claims where the record can be developed.

An order appointing effective Sixth Amendmet counsel regarding all ineffective appellate counsel conduct is a right belonging to Movant and to which is requested, as well as an equitable appointment for all matters not within the Sixth Amendment ineffective appellate counsel grounds.

Movant has also attached his original application to proceed struck by the Court in the event it becomes necessary to show Movant's ability to afford counsel is wanting. Exh. __A__

## Conclusion

Movant request the appointment of Sixth Amendment assistance of counsel as to all ineffective appellate counsel conduct and grounds, and an equitable appointment for all other issue in these § 2255 proceedings.

Respectfully
Lindsey K Springer
Reg # 02580-063
Federal Satellite Low - La Tuna
P.O. Box 6000
Anthony, New Mexico
88021

5.

MAC

## Certificate of Service

I hereby certify that I mailed First class on March 23, 2014 the above Motion for Appointment of Sixth Amendment Counsel to the Clerk of Court, 333 W. Fourth Street, Tulsa, Oklahoma 74103.

I further certify that all parties shall receive service through the Court's ECF:

Danny C. Williams
Charles A O'Reilly
Jeffrey A. Gallat.

_Lindsey K Springer_
Server

## Declaration of Mailing

I declare, under penalty of perjury, pursuant to 28 U.S.C. § 1746(1), under the laws of the United States of America, I deposited the above Motion in the U.S. Mailbox located inside FSL La Tuna on March 23, 2014

_Lindsey K Springer_
declarant.

6.

mAC

Lindsey Kent Sprinyer
Reg # 02580-063
Federal Satellite Low-La Tuna
P.O. Box 6000
Anthony, New Mexico 88021

**RECEIVED**

MAR 27 2014

Phil Lombardi, Clerk
U.S. DISTRICT COURT

⇔02580-063⇔
　Clerk Of Court
　Northern District of Okla
　333 W 4TH ST
　Tulsa, OK 74103
　United States



"Legal Mail"

09-CR-43-SPF

NO postmark