In The United States District Court
For The Northern District of Oklahoma

United States of America
Plaintiff

v.                                              Case No. 09-CR-043
                                                ~~13-CV-145-SPF-TLW~~
Lindsey Kent Springer
Defendant

FILED
APR 28 2014
Phil Lombardi, Clerk
U.S. DISTRICT COURT

Motion To Proceed In Forma Pauperis
and Waiving Fees

Lindsey Kent Springer ("Defendant") moves for an order waiving filing fees involving Defendant's Appeal of the order dated April 10, 2014. Defendant accompanies the Northern District IFP Form simultaneously for filing with this motion.

Background

On June 3, 2005 the IRS made an institutional referral involving Defendant to the Department of Justice for grand jury investigation of Title 26, or Title 26 related violations, for calender years 2000 to 2004, based upon AUSA Nelson's request to the IRS. The June 3, 2005 referral letter names IRS Criminal Investigator Brian Shern and William Taylor, Supervisor, as IRS contacts.

On September 15, 2005 Magistrate McCarthy issued a Rule 41(b) Search warrant to Shern on his purported

1

affidavit and AUSA Nelson's application, for the same person, Title 26 violations, and Calender years, listed in the June 3, 2005 referral letter.

On September 16, 2005 Shern, Williams, and 9 other IRS Criminal Investigators, served and executed Magistrate McCarthy's Search Warrant on Defendant's home, AUSA Nelson was overseeing the search by cellphone.

While AUSA Nelson used IRS Criminal Investigators to gather evidence through IRS enforcement procedure, $19,000 was discovered. Nelson instructed Shern to seize the $19,000 and upon the conclusion of the search Defendant was given a verified copy of all the property taken including the $19,000.

From at least September 15, 2005 through March 10, 2009, AUSA Nelson and other government lawyers utilized IRS Criminal Investigators to gather evidence to present to a grand jury through Title 26 enforcement procedure.

On March 10, 2009 a grand jury returned a six count indictment for Title 26, and Title 26 related violations utilizing the evidence gathered by the IRS Criminal Investigators after the June 3, 2005 referral.

On March 31, 2009 United States district judge Honorable Claire V. Eagan of the Northern District of Oklahoma assigned United States district judge

2

Honorable Stephen P. Friot of the Western District of Oklahoma to preside in and over the Northern District's March 10, 2009 indictment filed in 09-CR-043.

On June 28, 2009 United States Attorney David E. O'Meilia resigned.

After Defendant's attempts to suppress the evidence gathered after June 3, 2005 by IRS enforcement was denied by a minute order, Doc 100, the evidence gathered was presented to a jury at trial leading to Defendant's conviction on all six counts dated November 16, 2009.

On April 28, 2010 Defendant was sentenced to 15 years in prison and held liable for over $770,000 in restitution.

Defendant appealed through Counsel, paying the Filing Fee, and after appellate counsel was suspended, the conviction, sentence, and judgment was affirmed on October 26, 2011.

After denial of Certiorari, Defendant moved for release and relief pursuant to 28 U.S.C § 2255 in 09-CR-043. United States district judge Honorable Western District of Oklahoma's Stephen P. Friot was again assigned by the Northern District of Oklahoma to preside in 13-CV-145

In several grounds Defendant raises issue with Judge Friot's failure to address the lawfulness of

the search where AUSA Nelson and other government lawyers used IRS enforcement procedures to gather evidence to present to a grand jury after the June 3, 2005 grand jury referral.

Respondent agreed these grounds were raised in the district court, and on direct appeal, but were not resolved. See Trans. 7-2-09 (Doc. 383, pg 70-71)

In its March 4, 2014 order, Defendant was allowed to proceed on 45 of 51 ineffective appellate Sixth Amendment Counsel grounds. However, the March 4, 2014 order does not address the district court's failure to have resolved these claims that the search warrant was unlawful. The March 4, 2014 order does find the issues were not raised sufficiently enough on appeal to warrant a determination the issues were raised on appeal, but not resolved, concluding they were not raised on appeal at all.

Defendant asked for reconsideration but was denied.

Defendant filed a Rule 41(g) motion for Return of his seized property claiming the search was unlawful, that all property should be returned to Defendant, and including the remaining $2,000 not yet returned.

Respondent opposed Defendant's motion arguing only $17,000 was seized, not $19,000 as the

4

inventory list clearly verifies, and instead of claims the lawfulness of the search has been ruled upon and Defendant should send someone to retrieve his property, instead of returning the property to Defendant as Rule 41(g) mandates.

On April 10, 2014, without any opportunity to Reply to those arguments and exhibits presented on April 9, 2014 by Respondent, Western District Judge Friot denied Defendant's Rule 41(g) motion on all issues.

On April 18, 2014 Defendant placed in the U.S. Mail his Notice of Appeal of the April 10, 2014 order

This Motion Follows:

1. The Fees in this Case to appeal should be waived

Defendant should not have to pay a filing Fee to Appeal the April 10, 2014 order refusing to hold an evidentiary hearing on whether Defendant is owed $2,000. of the $19,000 Taken or seized on September 16, 2005. There is no question the IRS's enforcement procedure was used by AUSA Nelson and other government lawyers, after June 3, 2005, to gather evidence to present to a grand jury. Compare USA v. Springer, 444 Fed Appx 256, 260-262 (10th Cir. 2011)(Finding Department of Justice referral dated

5

June 3, 2005), with Springer v. Albin, 398 Fed Appx 427, 429 (10th Cir. 2010)(Fine agents executed a search warrant at Defendant's home on September 16, 2005).

Under U.S. v. LaSalle, 437 U.S. 298, 308-317 (1978) and cases cited by Defendant, the United States attorney is prohibited from using IRS Criminal Investigators to gather evidence using the Secretary's enforcement power after an IRS institutional referral is made for grand jury investigation.

Equally, there is no question Magistrate McCarthy had no authority in issuing the IRS a search warrant knowing AUSA Nelson received a grand jury referral for the same person, taxes, and calendar years.

It is clearly erroneous for the April 10, 2014 order to find no dispute existed regarding the difference between the $17,000 returned and the $19,000 seized on September 16, 2005. The Tenth Circuit in Albin clearly did not resolve this dispute. 398 Fed Appx at 433 ("And as the agents argue, whether currency was seized, lost, or stolen is irrelevant to the legal questions posed in this appeal.")

Although the April 10, 2014 order finds Defendant's Article III challenge to Magistrate's authority to issue search warrants "frivolous," many Courts have held, even recently, Article III power cannot be waived in order to allow Magistrates to issue

6

orders and judgments. See Brown v. U.S., 2014 (11th Cir. 4-7-14)(#11-15149)(holding Magistrates lack statutory authority to issue final judgments on federal prisoner's § 2255 motion). See also U.S. v. Johnston, 258 F.3d 361, 366 (5th Cir 2001)(holding to delegate prisoner's § 2255 proceeding to magistrate is precluded by Article III.)

Defendant merely claimed in his Rule 41(g) motion that a search warrant is a "case or controversy" under Article III § 2 and as such must be issued by an Article III Judge despite the language of Rule 41(b).

Defendant offered an alternative to holding Rule 41(b) unconstitutional by finding Defendant's home is outside the exclusive territorial jurisdiction of the Northern District of Oklahoma being located within the sovereign state of Oklahoma.

The Tenth Circuit in Anderson v. U.S., 62 Fed Appx 883, 885-886 (10th Cir. 2003) denied Anderson relief challenging the lawfulness of the search of his car because he had a full and fair hearing and Anderson did not appeal. However, Anderson was allowed to challenge the lawfulness of the search of his home which had not been sufficiently litigated in the criminal case. Citing Klemers v. Wallace (In Re Wallace), 840 F.2d 762, 765 (10th Cir. 1988) The question is whether there remains

7

"a genuine issue of material fact for trial regarding the legality of the search of his residence." Anderson 62 Fed Appx at 886.

In U.S. v. Perry, 515 Fed Appx 784, 786 (10th Cir. 2013) Perry filed a § 2255, as Defendant has now pending, but did not challenge the lawfulness of the search. The Court denied Perry's § 2255 and he did not appeal. The Tenth Circuit held Perry could not use Rule 41(g) to collaterally attack the lawfulness of the search.

Defendant has collaterally attacked the lawfulness of the search and is entitled to an evidentiary hearing with the result being all property not yet returned, including the $2,000, be returned to Defendant (not retrieved by Defendant).

This Court can easily find Defendant is in a Pauper status, raises issues that are not frivolous, and should be permitted to proceed with a waiver of the appellate filing fees. Defendant has received waiver most recently in 13-5062 and 13-5113.

## Conclusion

Defendant requests an order be issued waiving the appellate filing fees finding Defendant is in Forma Pauperis and has shown justifiable reasons warranting his reasons for appeal.

8

Respectfully
*Lindsey K Springer*
Reg # 02580-063
Federal Satellite Low-LaTuna
P.O. Box 6000
Anthony, New Mexico 88021

Certificate of Service

I hereby certify that on April 22, 2014 I mailed First Class the above Motion to the Clerk of Court, 333 West Fourth St. Tulsa, Oklahoma 74103;

I further certify that all parties are registered ECF users and shall receive service of the above Motion through the ECF system:

Danny G. Williams Sr.

Charles A. O'Reilly

Jeffrey A. Gallant

*Lindsey K Springer*
Server

Declaration of Mailing

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746(1), under the laws of the United States of America, that on April 22, 2014 I deposited the above Motion in the U.S. mailbox located inside FSL LaTuna to the address above.

*Lindsey K Springer*
declarant

9



Lindsey Kent Springer
Reg #02580-063
Federal Satellite Low-La Tuna
P.O. Box 6000
Anthony, New Mexico 88021

"Legal Mail"

13-CV-145-SPF-TLW

Clerk Of Court
Northern District of Okla
333 W 4TH ST
Tulsa, OK 74103
United States

NO POSTMARK — X

RECEIVED
APR 28 2014
Phil Lombardi, Clerk
U.S. DISTRICT COURT