**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff/Respondent** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 09-CR-0043-SPF** |
| | ) | |
| **LINDSEY KENT SPRINGER,** | ) | |
| | ) | |
| **Defendant/Movant.** | ) | |

**UNITED STATES' RESPONSE IN OPPOSITION TO**
**LINDSEY KENT SPRINGER'S MOTION FOR RELIEF**
**UNDER 28 U.S.C. § 2255 (DOC. NOS. 472 - 475)**

The United States of America, by and through its attorneys, Danny C. Williams, Sr., United States Attorney for the Northern District of Oklahoma, Jeffrey Gallant, Assistant U.S. Attorney, and Charles A. O'Reilly, Special Assistant United States Attorney, hereby files its response brief addressing the merits of the surviving grounds from Mr. Springer's Motion for Relief Under 28 U.S.C. § 2255 (doc. nos. 472 - 475) as directed by the Court in its order dated March 4, 2014 (doc. no. 537). Pursuant to the Court's order, the United States responds in opposition to identified specific portions of grounds numbers 49, 50, 66, 73 and, subject to the limitations identified by the Court,

Mr. Springer's assertion of ineffective assistance of his appellate counsel. For the reasons identified herein, and in the trial and appellate record of this case, Mr. Springer's motion for relief pursuant to Title 28, United States Code Section 2255 should be denied.

**BACKGROUND**

On March 10, 2009, the grand jury indicted Mr. Springer and his codefendant, Mr. Oscar Amos Stilley, alleging that each conspired to defraud the United States and that each evaded Mr. Springer's 2003 and 2005 income taxes. The grand jury also charged that Mr. Springer evaded his 2000 income taxes and willfully failed to file his 2002 and 2004 individual income taxes.

Mr. Springer and his codefendant each represented themselves at trial. On November 16, 2009, following a three-week trial, a jury convicted both defendants with respect to each charge alleged in the indictment. By order dated November 20, 2009, the Court granted Mr. Springer's motion for an extension of time to file his motions for new trial and for judgment of acquittal. The Court denied Mr. Springer's motion for a new trial by order dated January 28, 2010 (doc. no. 293). The Court struck Mr. Springer's post-trial motion for judgment of acquittal (doc. no. 260) for being filed in violation of the Court's rules, including the page limitation restriction.[1]

---

[1] In the order denying Mr. Springer's motion to reinstate the stricken motion, the Court noted that Mr. Springer had already twice moved for judgment of acquittal, both at the close of the Government's case and at the end of the trial. Doc. no. 293 at 15.

Following a three-day sentencing hearing commencing April 21, 2010, the district court sentenced Mr. Springer to fifteen years in prison, three years of supervised release, and restitution for tax losses. Mr. Springer timely filed his notice of appeal, and challenged the conviction and sentence.

Jerold W. Berringer, Esq. represented Mr. Springer on appeal.[2] By order dated November 19, 2010, the Tenth Circuit denied Mr. Springer's motion to exceed the word-count limitation in his opening brief. In his appeal, Mr. Springer raised the following challenges: (1) whether the Indictment properly charged Messrs. Springer and Stilley and whether their convictions were invalid as a matter of law because of the IRS's administrative reorganization; (2) whether the Paperwork Reduction Act offered a defense to criminal tax prosecution; (3) whether the District Court's denial of Messrs. Springer's and Stilley's motions to suppress evidence was proper; (4) whether the District Court properly instructed the jury; (5) whether the District Court's refusal to allow the defendants to subpoena Government witnesses in violation of the *Touhy* regulations was proper; (6) whether Mr. Springer's waiver of his right to counsel was voluntary, knowing, and intelligent; (7) whether the District Court correctly calculated the Defendants'

---

[2] By order dated September 2, 2011, the Tenth Circuit suspended Mr. Barringer from practice for making frivolous statements and arguments in a federal tax lien foreclosure appeal involving Mr. Springer. *In re: Jerold W. Barringer*, 11-816 (10th Cir. 2011). This suspension occurred after Mr. Barringer had filed Mr. Springer's opening and reply briefs in the criminal appeal, but before the Tenth Circuit issued its opinion affirming the judgment and sentence.

sentencing ranges under the Guidelines and imposed reasonable sentences.[3] Mr. Springer also raised a variety of additional issues in a perfunctory manner, unaccompanied by an effort at developed argumentation. The Tenth Circuit affirmed Mr. Springer's conviction and judgment by order dated October 26, 2011. Mr. Springer filed a petition for writ of certiorari with the United States Supreme Court on April 24, 2012; the Supreme Court denied Mr. Springer petition on June 24, 2012.

Mr. Springer timely filed his Motion Under U.S.C. § 2255 to Vacate, Set Aside or Correct a Sentence By a Person in Federal Custody on March 11, 2013. Doc. nos. 472 - 475. In his 90-page motion, Mr. Springer asserted 76 grounds on which he claimed that he was being held in violation of the Constitution, laws, or treaties of the United States. By order dated March 15, 2013 (doc. no. 478), the Court directed the United States to concisely list those grounds for relief identified by Mr. Springer that should be stricken or dismissed because they were raised and resolved in the proceedings in the underlying criminal prosecution, or could have been but were not raised in those proceedings. The United States complied, filing a preliminary response on September 9, 2013.
Doc. no. 518.

By order dated March 4, 2014, the Court identified five grounds that would be considered with respect to Mr. Springer's motion pursuant to Section 2255, and directed the United States to file a response brief within sixty days. Doc. no. 537 at 10-12.

---

[3] Mr. Springer's appellate brief also challenged the felony classification of Mr. Stilley's conspiracy conviction.

## DISCUSSION

GROUND 49: THE TENTH CIRCUIT'S PAGE LIMITATION DID NOT VIOLATE MR. SPRINGER'S RIGHTS UNDER THE DUE PROCESS CLAUSE

In Ground 49, Mr. Springer asserts that "[t]he indictment conviction, sentence, and judgment on all Six Counts must be vacated and set aside being in violation of the Fifth Amendment Due Process clause and its equal protection component . . . [because] [t]he Tenth Circuit prohibited Mr. Barringer from exceeding 14,000 words in [Mr. Springer's] direct appeal." As an initial matter, Mr. Springer fails to explain or offer support for the proposition that an alleged procedural violation at the appellate level could result in his release under Section 2255.

As appellate courts have ruled, "a page limitation merely limited the manner in which [petitioner] could present his arguments; it did not wholly prevent him from presenting them . . .." *Mueller v. Angelone*, 181 F.3d 557, 583 (4th Cir. 1999), *quoting Weeks v. Angelone*, 176 F.3d 249, 271 (4th Cir. 1999). The Tenth Circuit considered and denied Mr. Springer's motion to exceed the page limitation. The Tenth Circuit's page limitation did not prevent Mr. Springer from presenting meritorious arguments. In fact, the Tenth Circuit found one of his arguments "patently frivolous" and the other positions "meritless." *United States v. Springer et al*, 444 Fed.Appx. 256 (10th Cir. 2011).

With respect to the arguments he would have made but for the Tenth Circuit's page limitation, Mr. Springer states that he is "unable to say what those issues would have been - without the benefit of Counsel." Mr. Springer's Motion Pursuant to Section 2255

at 59 (doc. no. 472). Mr. Springer thereby concedes that he does not make any showing that he was prejudiced by the appellate page limitations. In any event, the Tenth Circuit has consistently approved appellate page limitations as a means by which to avoid unnecessarily complicating the task of appellate judges. *See United States v. Patterson*, 713 F.3d 1237, 1250 (10th Cir. 2013). As this Court previously noted, "[p]age limitation rules are an important tool for carrying out the just and efficient administration of justice." Doc. no. 293 at 16.

In Mr. Springer's 271-pages of moving papers, he "asserts numerous matters which would appear to have been previously litigated and adjudicated in the underlying criminal proceedings, or which could have been asserted in those proceedings." Court's Order dated March 15, 2014 (Doc. no. 478). Many of the grounds Mr. Springer identifies are frivolous, including his repeated challenges to the authority of this Court, the United States Attorney's Office, federal jurisdiction and the authority of the Internal Revenue Service. The Tenth Circuit's page limitations are a reasonable means of handling their docket, and do not violate the Constitution, laws, or treaties of the United States.

GROUND 50: THE DISTRICT COURT APPROPRIATELY DENIED MR. SPRINGER'S REQUEST TO EXTEND THE PAGE LIMITATION FOR HIS BRIEF IN SUPPORT OF HIS MOTION UNDER 28 U.S.C. § 2255

Under Ground 50, Mr. Springer asserts that "[t]he indictment conviction, sentence, and judgment on all Six Counts are in violation of the Powers enumerated to the United States by the Constitution and render the United States' power to make anything a crime vacated due to suspending [Mr. Springer's] rights to a full and fair appeal and [ ] right to

seek a Writ of Habeas Corpus." The Court has concluded that, to the extent the Court refused Mr. Springer's request for an extension of the page limitation, this ground survives the Court's order for consideration at the second stage of these proceedings. Doc. no. 537 at 10. As indicated above, despite the Court's order denying Mr. Springer's request for an extension of the 25-page limitation, Mr. Springer's moving papers total 271 pages. Thus, Mr. Springer's complaint lacks merit where, despite the Court's denial of the motion for leave to exceed the 25-page limitation (doc. no. 471), the Court considered Mr. Springer's 90-page Motion Under U.S.C. §2255 to Vacate, Set Aside or Correct a Sentence by a Person in Federal Custody (doc. no. 472), accompanying 32-page Memorandum and Breif [sic] in Support of Defendant's Motion to Vacate, Set Aside and Correct Conviction, Sentence and Judgment (doc. no. 473), and 60-page Reply to Respondent's Preliminary Response (doc. no. 534).[4]

The Tenth Circuit characterizes page limitations as a "supervision of litigation" decision, subject to review under an abuse of discretion standard, and recognizes them as permissible parameters in the filing of dispositive motions and subsequent responses. *Timmerman v. U.S. Bank, N.A.*, 483 F.3d 1106, 1112 (10th Cir.2007). "[W]hen a pro se party files pleadings that are consistently verbose and confusing . . . the imposition of such a page limitation is a permissible and reasonable exercise of discretion." *Murphy v. Colorado Department of Corrections*, 2008 WL 496307, at *2 (D.Colo. Feb. 20, 2008).

---

[4] By order dated February 3, 2014, the Court granted Mr. Springer's motion to file an overlength response. Doc. no. 533.

As with this Court's and the appellate court's previous requirement that Mr. Springer observe page limitations, this Court's denial of Mr. Springer's request did not constitute a violation of the Constitution, laws, or treaties of the United States.

GROUND 66: MR. SPRINGER WAS PROPERLY TRIED AND CONVICTED

Mr. Springer claims in Ground 66 that "[t]he conviction, sentence, and judgment on all Six Counts must be vacated and set aside being in violation of the Fifth Amendment Due Process clause and its equal protection component" as the result of the cumulative effect of other meritorious grounds. However, Mr. Springer raised no meritorious grounds for relief. As determined by the District Court and the Tenth Circuit Court of Appeals, Mr. Springer received a fair trial, the appellate court considered his appeal, and affirmed the judgment and sentence. *See Bunton v. Atherton*, 613 F.3d 973, 990 (10th Cir. 2010) ("the cumulative error doctrine does not apply [w]here . . . we have not found the existence of two or more actual errors"). Thus, Mr. Springer's assertion that "[e]ach Ground collectively, in a cumulative way, deprived me of Due Process and the entire District and Appellate Court process was fundamentally unfair" (doc. no. 472 at 76) is without merit, and Mr. Springer is not entitled to the relief he seeks.

GROUND 73: THE ONE YEAR STATUTE OF LIMITATIONS WITHIN WHICH MOTIONS PURSUANT TO SECTION 2255 MUST BE BROUGHT PROVIDES AN ADEQUATE AND EFFECTIVE REMEDY

In Ground 73, Mr. Springer asserts that "[t]he referal [sic], indictment, conviction, sentence, and judgment on all Six Counts must be vacated or set aside due to the Writ of Habeas Corpus being suspended . . . [because] Section 2255 requires a 1 year window to

seek such relief under Habeas Corpus procedures which is not enough time to ascertain all the jurisdictional, and non jurisdictional grounds, that warrant relief." Mr. Springer's unsupported assertion that the one year time limitation violates his Constitutional protections is incorrect, and Mr. Springer cannot establish that the one-year limitations period rendered the remedy inadequate and ineffective. *See Miller v. Marr*, 141 F.3d 976, 977 (10th Cir. 1998) ("Whether the one-year limitation period violates the Suspension Clause depends upon whether the limitation period renders the habeas remedy 'inadequate or ineffective' to test the legality of detention").

It is true that the limitations period is not jurisdictional and therefore "may be subject to equitable tolling." *Miller v. Marr*, 141 F.3d at 978. In order to justify equitable tolling, Mr. Springer must make a specific showing of (1) lack of access to relevant materials, and (2) the steps taken to "diligently pursue his federal claims." *Id.* The law provides for the equitable tolling of the limitations period "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Circumstances that may warrant such equitable tolling include where a petitioner's legal papers were confiscated shortly before the filing deadline (*United States v. Gabaldon*, 522 F.3d 1121, 1125-26 (10th Cir. 2008)), or where a petitioner was placed in administrative segregation and denied all access to his legal papers despite his diligent efforts to retrieve them (*Espinoza–Matthews v. California*, 432 F.3d 1021, 1027–28 (9th Cir. 2005)). Such circumstances are absent here, as demonstrated by Mr. Springer's

prolific filings both with the District and Appellate courts. The statutory provision requiring that motions pursuant to Section 2255 be filed within a one year window does not violate the Constitution, laws, or treaties of the United States.

MR. SPRINGER'S CONVICTION AND SENTENCE WITHSTAND CLAIMS OF INEFFECTIVE ASSISTANCE OF APPELLANT COUNSEL

Mr. Springer's assertion that he was denied effective assistance of counsel with respect to grounds 1 through 14, 28, 29, 30, 32 through 37, 41 through 44, 46, 48, 49, 51, 53 through 67 and 75 does not warrant relief. As part of his argument, in Grounds 60 and 61, Mr. Springer asserts without citation to relevant authority[5] that the Tenth Circuit should have appointed new appellate counsel and restarted the appellate process after the Tenth Circuit suspended Mr. Barringer. In order to establish a claim of ineffective assistance of appellate counsel, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Smith v. Robbins*, 528 U.S. 259, 285 (2000) (the *Strickland* test applies to appellate as well as trial counsel). Court's "give considerable deference to an attorney's strategic decisions and 'recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Bullock v. Carver*, 297 F.3d 1036, 1044

---

[5] Mr. Springer appears to cite *Engberg v. Wyoming*, 265 F.3d 1109, 1120 (10th Cir. 2001), in support of the proposition that "[t]he Tenth Circuit should have appointed Defendant new counsel and started the appeal process over." Doc. no. 473 at 24-25. *Engberg* does not support this position.

(10th Cir. 2002), quoting *Strickland*, 466 U.S. at 690. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. at 686.

As an initial matter, the District Court and Tenth Circuit Court of Appeals have already considered and rejected the underlying bases upon which Mr. Springer now asserts his appellate counsel was ineffective. On appeal, Mr. Springer's appellate counsel advanced the following eight arguments in Mr. Springer's opening appellate brief:

> 1) defendants committed no crimes because there is no government entity outside of Washington, D.C. with the lawfully delegated power to collect taxes or enforce the internal revenue laws;
>
> 2) the Paperwork Reduction Act precludes imposition of all penalties arising from their convictions;
>
> 3) the district court erred in denying their motion to suppress;
>
> 4) the district court erroneously instructed the jury as to the definitions of "gift" and "income";
>
> 5) the district court should have allowed defendants to subpoena employees of the Justice Department and the IRS;
>
> 6) defendants did not waive their right to counsel voluntarily, knowingly, and intelligently;
>
> 7) the district court did not properly calculate their attributable tax losses under the sentencing guidelines or properly apply their respective sentencing enhancements; and
>
> 8) Mr. Stilley's conspiracy conviction cannot be classified as a felony.

A defendant can establish the first prong under *Strickland* by "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. "When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id*. at 688. Review of counsel's performance must be highly deferential. *Id*. at 689.

To establish the second prong, a defendant must show prejudice resulting from counsel's performance. *Id.* at 687. That is, the "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *see also Lockhart v. Fretwell*, 506 U.S. 364, 369-70 (1993). A court deciding an ineffectiveness claim "need not determine whether counsel's performance was delinquent before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697. Mr. Springer cannot establish either of the *Strickland* prongs. As indicated above, appellate counsel made strategic decisions regarding what to include in the appellate brief. The evidence presented at trial overwhelmingly proved Mr. Springer guilty of each charge of which he was convicted.

Mr. Springer's pleadings fail to demonstrate that his appellate counsel's performance was constitutionally deficient, and there can be no prejudice from appellate

counsel's failure to raise Mr. Springer's patently frivolous and meritless positions. *See United States v. Orange*, 447 F.3d 792, 797 (10th Cir. 2006) ("If the omitted issue is without merit, then counsel's failure to raise it is not prejudicial, and thus is not ineffective assistance." (citation omitted)). Mr. Springer's allegation of ineffective assistance of appellate counsel because issues lacking merit were not raised does not violate the Constitution, laws, or treaties of the United States.

Even were Mr. Springer able to establish that his appellate counsel's performance was objectively unreasonable, Mr. Springer fails to show actual prejudice, that is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *See Smith v. Robbins*, 528 U.S. at 764, quoting *Strickland*, 466 U.S. at 694. The Tenth Circuit's suspension of Mr. Barringer's ability to practice occurred on September 2, 2011, after briefing was complete. Thus, the panel fully considered Mr. Springer's appeal on the merits because the appeal was fully briefed prior to Mr. Barringer's suspension.[6]

**CONCLUSION**

With the exception of Mr. Springer's assertion under Ground 66 that the conviction and sentence should be set aside based upon the cumulative effect of other

---

[6] In its 22-page order affirming the judgment and conviction, the Tenth Circuit noted both that Mr. Barringer was indefinitely suspended during the pendency of the appeal, and that "this panel has determined unanimously that oral argument would not materially assist the determination of these appeals." *United States v. Springer et al.*, 444 Fed.Appx. 256 (10th Cir. 2011).

meritorious grounds, the remaining grounds do not directly challenge the trial, judgment or conviction. Instead, each of these remaining grounds relates only to post-sentencing matters, making challenges either with respect to the direct appeal or with respect to the collateral attack pursuant to Section 2255. To that end, these remaining grounds do not challenge Mr. Springer's conviction or sentence. As indicated above, Mr. Springer fails to explain or offer support for the proposition that an alleged procedural violation at the appellate level or with respect to his Section 2255 proceedings could result in his release.

Mr. Springer has not and cannot show that his appellate counsel performed below an objective standard of reasonableness, or that he was prejudiced by the alleged deficiencies in appellate counsel's performance, nor can he show that his trial was deficient in any manner. Accordingly, the United States respectfully requests that the Court deny Mr. Springer's Motion Under U.S.C. § 2255 to Vacate, Set Aside or Correct a Sentence by a Person in Federal Custody and related pleadings, documents numbers 472, 473, 474 and 475.

Respectfully submitted,
DANNY WILLIAMS
UNITED STATES ATTORNEY

*/s/ Charles A. O'Reilly*

CHARLES A. O'REILLY, CBA NO. 160980
Special Assistant United States Attorney
JEFFREY GALLANT
Assistant United States Attorney
110 West Seventh Street, Suite 300
Tulsa, Oklahoma 74119
(918) 382-2700

**CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of April 2014, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing. I also served the foregoing document by United States Postal Mail to the following ECF registrant:

Lindsey Kent Springer
Defendant
Inmate Number 02580-063
FCI La Tuna
Federal Correctional Institution
Federal Satellite Low
P.O. Box 6000
Anthony, TX 88021.

*/s Charles A. O'Reilly*
Charles A. O'Reilly
Special Assistant United States Attorney