IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OKLAHOMA

**FILED**

JUN 2 0 2014

Phil Lombardi, Clerk
U.S. DISTRICT COURT

| | |
|---|---|
| Lindsey Kent Springer, | ] |
| Movant, | ] |
| | ] |
| v. | ] Case No. 13-CV-145 |
| | ] (Formerly 09-CR-043) |
| United States of America, | ] |
| Respondent. | ] |

MOVANT'S RESPONSE MERITS BRIEF

Lindsey Kent Springer w/o Counsel
Reg. # 02580-063
Federal Satellite Low-LaTuna
P.O. Box 6000
Anthony, New Mexico 88021

✓ Mail        ___ No Cert Svc        ___ No Orig Sign

___ C/J        ___ C/MJ        ___ C/Ret'd        ___ No Env

___ No Cpys        ✓ No Env/Cpys        ___ O/J        ___ O/MJ

-i-

TABLE OF CONTENTS

Deficient Performance/Conflict/Merits. . . . . . . . . . 1

Prejudice-Outcome would have been different. . . . . . . .24

Ground 1. . . . . . 1,24

Ground 2. . . . . . 1,24

Ground 3. . . . . . 2,24

Ground 4. . . . . . 2,24

Ground 5,6,7. . . . . 3,24

Ground 8,9. . . . . . 4,24

Ground 10,11,12,13. . . . 5,25

Ground 14. . . . . . 16,25

Ground 28,29. . . . . 5,25

Ground 30. . . . . . 9,25

Ground 32. . . . . . 17,25

Ground 33. . . . . . 10,25

Ground 34. . . . . . 13,25

Ground 36. . . . . . 15,25

Ground 37. . . . . . 15,25

Ground 39. . . . . . 16,25

Ground 42. . . . . . 16,25

Ground 43. . . . . . 16,25

Ground 44. . . . . . 16,25

Ground 46. . . . . . 18,25

Ground 48. . . . . . 19

Ground 49. . . . . . 24,25

Ground 50. . . . . . .23

Ground 51. . . . . . 18,25

Ground 53. . . . . . 13,25

Ground 54. . . . . . .25

–ii–

TABLE OF CONTENTS (con'td)

Ground 55.  .  .  .  .  .  17,25

Ground 56.  .  .  :  .  .  19,25

Ground 57.  .  .  .  .  .  20,25

Ground 58.  .  .  .  .  .  20,25

Ground 59.  .  .  .  .  .  1,25

Ground 60.  .  .  .  .  .1,21,25

Ground 61.  .  .  .  .  .  23,25

Ground 62.  .  .  .  .  .  4,25

Ground 64.  .  .  .  .  .  23,25

Ground 65.  .  .  .  .  .  23,25

Ground 66.  .  .  .  .  .  20,25

Ground 67.  .  .  .  .  .  17,25

Ground 75.  .  .  .  .  .  17,25

-iii-

## TABLE OF AUTHORITIES

Badaracco v. CIR, 464 U.S. 386, 399(1983). . . . . . . .5,15

Buckley v. Valeo, 424 U.S. 1, 126(1976). . . . . . . . 2

Devon Energy v. Mosaic Potash, 693 F.3d 1195, 1201(10th Cir. 2012). . . 1

Edmonds v. U.S., 520 U.S. 651, 659(1997). . . . . . .2

Freeman v. Heiman, 426 F. 2d 1050, 1052(10th Cir. 1970). . . . . 19

Kawashima v. Holder, 182 L.Ed 2d 1,10(2012). . . . . . 11

K-Mar v. US DOD, 752 F. Supp. 1207, 1210(W.D. Ok. 2010). . . . 5

Kokkonen v. Guardian Life, 511 U.S. 375, 377(1994). . . . . . 5

Long Island R. Co. v. Aberdeen Rock Co., 439 U.S. 1, 6(1978). . . . 9

Sac & Fox Nation v. Cuomo, 193 F.3d 1162, 1168(10th Cir. 1999). . . 2

Sansone v. U.S., 380 U.S. 343, 354(1965). . . . . . .11

Stirone v. U.S., 361 U.S. 212, 215-16(1960). . . . . . 12

Stoia v. U.S., 109 F.3d 392, 395(7th Cir. 1996). . . . . .21

U.S. v. Anderson, 545 F.3d 1072, 1078(D.C. Cir. 2008). . . . 5

U.S. v. Cheek, 498 U.S. 192, 202(1991). . . . . . 10

U.S. v. Chisum, 502 F.3d 1237, 1243(10th Cir. 2007). . . .8

U.S. v. Cohen, 297 F.2d 760, 770(9th Cir. 1960). . . . .11

U.S. v. Cotton, 535 U.S. 625, 630(2002). . . . . . 1

U.S. v. Cronic, 466 U.S. 648, 656(1984). . . . . . 22

U.S. v. Dahlstrom, 493 F. Supp. 966, 975(C.D. Cal. 1980). . . . 5

U.S. v. Farr, 536 F.3d 1174, 1180(10th Cir. 2008). . . . 12

U.S. v. Farr, 701 F.3d 1274, 1285(10th Cir. 2012). . . . 14

U.S. v. Flood, 713 F.3d 1281, 1286(10th Cir. 2013). . . . 23

U.S. v. Hassebrock, 663 F.3d 906, 925(7th Cir. 2011). . . . 5

U.S. v. Lasalle, 437 U.S. 298, 308-317(1978). . . . 3,4,5,15

U.S. v. Miller, 471 U.S. 130, 143(1985). . . . . .12

U.S. v. Root, 585 F.3d 145, 151(3rd Cir. 2009). . . . 11

U.S. v. Singleton, 165 F.3d 1297, 1300(10th Cir. 1999)(en banc). . . 2

-iv-

TABLE OF AUTHORITIES (con'td)

U.S. v. Springer, 444 Fd. Appx. 256, 262(10th Cir. 2011).  .  .  .  .  .4

U.S. v. Swallow, 511 F.2d 514, 523(10th Cir. 1975).  .  .  .  .  . 14

U.S. v. Vasquex-Alvarez, 176 F.3d 1294, 1297(10th Cir. 1999).  .  .  . 9

U.S. v. Wiess, 566 F. Supp. 1452, 1455(D.C. Cal. 1983).  .  .  .  .5,15

STATUTES INVOLVED

18 U.S.C. § 371.  .  .  .  .  .  .  .  .  . 8

§ 3553.  .  .  .  .  .  .  .  . .16

§ 3663.  .  .  .  .  .  .  .  . 5

§ 3663A.  .  .  .  .  .  .  . 5

26 U.S.C. § 6011(e).  .  .  .  .  .  .  .  . 7,9

§ 6091(b)(1)(B).  .  .  .  .  . 18

§ 6334(e).  .  .  .  .  .  .  . 19

§ 7201.  .  .  .  .  .  .  . 8,11,21

§ 7203.  .  .  .  .  .  .  .  . 8

§ 7514.  .  .  .  .  .  .  .  . 19

§ 7601.  .  .  .  .  .  .  .  . 19

§ 7608(b).  .  .  .  .  .  .  . 3,4

§ 7621.  .  .  .  .  .  .  . 18

§ 547(1).  .  .  .  .  .  .  .  . 2

§ 2007(a).  .  .  .  .  .  .  . 19

§ 2255.  .  .  .  .  .  .  . 22,23,24

44 U.S.C. § 3506.  .  .  .  .  .  .  .  . 6,7

§ 3507.  .  .  .  .  .  .  .  . 6,7

§ 3512.  .  .  .  .  .  .  . 6,8,16

REGULATIONS

5 C.F.R. § 1320.8(b)(3).  .  .  .  .  .  .  . 8

26 C.F.R. § 1.6091-2(2000-2004).  .  .  .  .  . 18

§ 1.6091-2(2005-2014).  .  .  .  .  . 18

–v–

TABLE OF AUTHORITIES (con'td)

Misc.

U.S.S.G. § 2T1.9.   .   .   .   .   .   .   .   .   .   . 25

§ 2T4.1.   .   .   .   .   .   .   .   .   . 25

§ 3B1.1(a).   .   .   .   .   .   .   .   . 25

§ 3C1.1.   .   .   .   .   .   .   .   . .17

Restructuring and Reform Act of 1998.   .   .   .   .   .   . .19

§ 3345.   .   .   .   .   .   .   .   . 19

State of Oklahoma Constitution, Article 2, § 13.   .   .   .   . 19

United States Constitution

Article II, § 2, Cl. 2.   .   .   .   .   .   .   . 2

III, § 1.   .   .   .   .   .   .   .   . 5,24

§ 2.   .   .   .   .   .   .   .   . 5,24

Fifth Amendment.   .   .   .   .   .   .   . 13,23,24

Sixth Amendment.   .   .   .   .   .   . 13,22,23,24

ATTACHMENTS TO DECLARATION OF LINDSEY KENT SPRINGER

Attachment A-Excerps from Appellate Counsel's Revised Brief   1

B-Excerps of Hearing Record involving Count 1 liability   10

C-Excerps from Sentencing Transcript   14

D-Excerps of Movant's Trial Testimony   19

E-Jury Instruction on Willfulness and Good Faith   24

F-Jury Instruction on evasion of payment offense   26

G-Excerps of Miller Testimony at Trial   35

H-Excerps of Truner Testimony at Trial   37

I-Excerps of Government Appeal Brief on 26 C.F.R. § 1.6091-2   41

J-Excerps of July 2, 2009 Hearing on 26 U.S.C. § 6091(b)(1)(B)   42

K-Excerps of Trial Objection on Gift Jury Instruction   43

L-10th Cir. Order in 11-816 dated August 2, 2011   46

–vi–
ATTACHMENTS TO DECLARATION OF LINDSEY KENT SPRINGER (con!td)

Attachment M–Exhibit List in Illiniois Disciplinary action          49

          N–U.S.A. Opposition in Barringer v. U.S.A.          57

          O–Order in Barringer v. U.S.A.          62

          P–10th Circuit Order in 11–816 suspending Barringer 9/2/11          68

DEFICIENT PERFORMANCE/ACTUAL CONFLICT/MERITS
Strickland v. Washington, 466 U.S. 668, 688(1984)
Ground 59--The Tenth Circuit listed numerous errors in Appellate Coun-
sel's brief.  Doc. 474, 46-47.  Appellate Counsel failed to raise winners
while raising issues he was warned not to raise. The revised brief included
6 pages of duplicate and redundant argument between page 29 to 35. See Mov-
ant's Declaration at Attachment A, pg 1 to 6 of this Response. Respondent
argues Appellate Counsel's Conduct was strategic. Laboring under an actual
conflict (Grd. 60), and doing what Counsel was warned not to do, does not
qualify as strategy under the Sixth Amendment-the merits are as follows:

Ground 1--The only evidence of an IRS referral to the Department of
Justice is a Grand Jury referral dated June 3, 2005, and June 10, 2005, to
Mr. O'Meilia.  See Springer's Declaration filed in Support of his 2255 App-
lication, Doc. 474, (hereinafter referred to as "Doc. 474"), Exhibit 15-1 to 6
These two documents specifically disavow any connection to an IRS Criminal
Prosecution Referral to the Department of Justice or Mr. O'Meilia. Doc. 474,
Exhibit 15-3 to 4.  Respondent does not dispute this fact.  On July 2, 2009,
the hearing Judge held the burden was on Movant which the Tenth Circuit re-
cently held the burden was on the party "invoking federal jurisdiction."
See Devon Energy v. Mosaic Potash, 693 F.3d 1195, 1201(10th Cir. 2012).

The Court's lack of power to hear a case can never be forfeited or waived.
U.S. v. Cotton, 535 U.S. 625, 630(2002).  There is no evidence the Secretary
of the Treasury or DOJ referred Movant for Title 26, or Title 26 related,
criminal prosecution.  This issue was clearly presented by reading both June,
2005 letters.

Ground 2--There is no evidence affirmatively showing Mr. Woodward was
authorized to criminally prosecute Movant beginning June 28, 2009.  Respondent
does not dispute this fact in its Response.  The First time Mr. Woodward,
Snoke, and O'Reilly, state anything in regard to Woodward's standing under
Article III to prosecute Movant is on January 27, 2010, falsely claiming that

1

Mr. Woodward was sworn in on January 21, 2010 as the Attorney General's app-
ointee.  See Doc. 292, pg. 1.  Standing cannot be determined when challenged
by "drawing from the pleadings inferences favorable to the party asserting it."
Sac & Fox Nation v. Cuomo, 193 F.3d 1162, 1168(10th Cir. 1999).  "[a] federal
court cannot even assert jurisdiction over a criminal case unless it is filed
and prosecuted by the United States Attorney..."  U.S. v. Singleton, 165 F.3d
1297, 1300(10th Cir. 1999)(en banc).  Nothing in any order of the Trial Judge
ever identifies a single Federal Statute that would authorize Mr. Woodward,
Snoke, and O'Reilly, to Prosecute Movant under 28 U.S.C. § 547(1) or Article
III, §§ 1 and 2.

The Office of United States Attorney is an Article II, § 2, Cl. 2 Office
and the person exercising the power of that Office must be appointed according
to laws enacted by Congress.  Buckley v. Valeo, 424 U.S. 1, 126(1976) and
Edmonds v. U.S., 520 U.S. 651, 659(1997).  Article II, § 2, Cl. 2 requires a
Presidential Commission to evidence the appointment and Mr. Woodward has no
such Commission.  Neither Mr. Woodward, Snoke, O'Reilly, were authorized with
Statutory and Constitutional power and authority to prosecute movant.

Ground 3--The Grand Jury Investigation IRS Referral is limited to Title
26 Tax Years 2000 through 2004.  See Doc. 474, Exhibit 15-1.  In comparing the
Six Counts of the Grand Jury indictment one can easily see that Count One
spans 2000 through 2009; Count Two is for 2000 through 2009; Count Three is
for 2003 through 2009; Count Four is for 2005 through 2009; Count Five is for
2002 and Count Six is for 2004.  See Doc. 474, pg. 7 citing to the indictment
at Doc. 2.  For instance, Count Four is totally outside 2000 through 2004.

Respondent does not dispute these facts.  Respondent had no standing to
investigate or prosecute Movant involving years outside of "2000 through 2004."

Ground 4--Respondent presented no evidence either showing the Secretary
of the Treasury, or DOJ, referred to O'Meilia any Title 26 Tax Years in re-

2

gard to Defendant Stilley's tax liabilities.  Movant objected to the Jury being asked to consider Stilley's liabilities within the object of the conspiracy in Count one.  See Movant's Declaration filed in support of this merits response (hereinafter referred to as "Movant's Declaration") as Attachment _B ;_ See also Doc.293, pg..7-8 The Jury was instructed in error. Id. at _8_   In denying Movant's Motion for a New Trial, the Trial Judge reasoned his constructive amendment was allowed where the Grand Jury alleged Stilley refrained from filing Form 1040s in ¶ 14 of the indictment.  Id. The Grand Jury cannot give authority to prosecute offenses to which have never been referred to the United States Attorney.  See U.S. v. Lasalle, 437 U.S. 298, 308-317(1978).  There is no way to determine whether the Jury were unanimous on the object to which the Secretary of the Treasury had referred for Grand Jury Investigation.  This issue is notwithstanding the fact no criminal prosecution referral was ever made.

Respondent does not dispute these facts.  Respondent had no standing to investigate or prosecute Stilley involving any Title 26 Tax Years and including his liabilities prevented Movant from receiving a Jury Trial on the Grand Jury charges in Count 1; which directly affected Counts 2 through 6.

Ground 5,6,7--The Grand Jury referral date is June 3, 2005.  Doc. 474, Exhibit 15-1.  The IRS Title 26, § 7608(b) search warrant was issued on September 15, 2005, and executed on September 16, 2005.  All the evidence gathered by the IRS using Title 26 enforcement authority after June 3, 2005, including that gathered on September 16, 2005 and January 15, 2009, from Movant, was all gathered in violation of Lasalle, 437 U.S. at 308-317.  AUSA Nelson declared she was assisting the IRS Criminal Investigation when she sought a search warrant from Magistrate McCarthy on September 15, 2005. See Doc. 75-18, page 2-3.

The Good Faith standard will not permit the IRS to become an information

gathering agency for other departments," including the Department of Justice,
regardless of the status of a criminal case.  Lasalle, 437 U.S. 316.  The only
authority for IRS Agents to serve search warrants is 26 U.S.C. § 7608(b). See
Doc. 75-19, pg. 2

Appellate Counsel managed to invoke appellate review of the IRS Summons
Investigation in 2004 compared to the June 3, 2005, Grand Jury referral date,
but did not invoke the June 3, 2005,Grand Jury referral date,and the September
15, 2005, search warrant issuance and September 16, 2005, search warrant exec-
ution. See U.S. v. Springer, 444 Fed. Appx. 256, 262(10th Cir. 2011)

Movant contends the proper remedy is to dismiss the entire case. However,
once all the evidence is suppressed that was gathered by the IRS using its
enforcement authority under Title 26 to gather evidence for the United States
Attorney or Grand Jury, along with all other evidence gathered from that evid-
ence, the result is the same.  All evidence must be suppressed. No evidence
of any quality would remain to present to a Jury for Trial on any of the Six
offenses alleged by the Grand Jury.

All the evidence entered at Trial, including all transactions, receipts,
names of supporters, and any electronic evidence, would all require suppress-
ion.  It would be an impossible task to separate the unlawfully seized evid-
ence used at Trial from that otherwise.  Respondent makes no argument that
without the unlawfully seized evidence their case could still be maintained.

Respondent disputes none of this.

Ground 8,9,62--The Franks hearing would have demonstrated that both Agent
Shern and AUSA Nelson falsely sought an IRS Title 26, § 7608(b) search warrant
while both knew an IRS Title 26 Grand Jury referral was then pending for more
than 3 months. See Doc. 474, Exhibit 15-1,2, naming both Nelson and Shern.

Any IRS use of enforcement authority under Title 26 after referral to the

Department of Justice "is not to be condoned or tolerated by the Judiciary." U.S. v. Wiess, 566 F. Supp. 1452, 1455(D.C. Cal. 1983) citing Lasalle, 437 U.S. 316-17(n.18). See also Badaracco v. CIR, 464 U.S. 386, 399(1983)(once a referral is made to the DOJ the IRS is under well known restraints) Dismissal is the only effective determent when a case reaches the criminal trial phase. U.S. v. Dahlstrum, 493 F. Supp. 966, 975(C.D. Cal. 1980).

Clearly, the evidence shows the Department of Justice and United States Attorney relied upon and used IRS Title 26 enforcement authority to gather evidence for presentation to the Grand Jury with no IRS purpose whatsoever.

Ground 10,11,12,13--Nowhere in the Sentencing Transcripts does the Sentencing Judge ever identify his statutory and constitutional authority to order Movant to pay restitution to the State of Oklahoma or IRS on the same gross income. See Movant's Declaration at Attachment C (excerpts of sentencing transcript). Congress granted no jurisdiction to the Sentencing Judge. See U.S. v. Anderson, 545 F.3d 1072, 1078(D.C. Cir. 2008); U.S. v. Hassebrock, 663 F.3d 906, 925(7th Cir. 2011). 18 U.S.C. §§ 3663 or 3663A do not list any Title 26, or Title 26 related authority to order restitution. The order of Restitution violates Article III, § 2's "case or controversy" requirement having no law to support such exercise of judicial power involving restitution. There is no way for the Grand Jury Investigation Referral, or Grand Jury indictment, to expand the Article III Judicial Power beyond that set by Congress. The Sentencing Judge simply overlooked that the presumption is he had no such power or authority. See K-Mar v. US DOD, 752 F. Supp. 1207, 1210 (W.D. Ok. 2010) citing Kokkonen v. Guardian Life, 511 U.S. 375, 377(1994).

Respondent does not dispute these facts.

Grounds 28,29--Movant showed the Trial Judge, the Jury, and again at sentencing, Form 1040 United States Individual Income Tax Returns for 2000 through 2005 displayed an invalid OMB number 1545-0074, and that this number

5

was not issued by the Director of OMB in accordance with the Paperwork Reduct-
ion Act of 1995, i.e. 44 U.S.C. §§ 3501 et seq.  Movant further showed the IRS
failed to "inform the person who is to respond to the [Form 1040] that
[Movant] is not required to respond to the collection of information unless
[the Paper Form] displays a valid control number." See Movant's Declaration at
Attachment  D (Trial Testimony).

As to whether OMB # 1545-0074 for each year 2000 through 2005 is dis-
played as a valid OMB number hinges upon whether the Director assigned the
number "in accordance with" the Paperwork Reduction Act's requirements ["PRA"]
of 1995.  To make this determination whether the number was so assigned requi-
res an understanding of PRA's demands.

Movant has repeatedly demonstrated Form 1040 does not display compliance
with 44 U.S.C. §§ 3506(c)(1)(B)(i), (ii), (iii), or (iii)(I), (II), (III),
(IV), and (V), or 3507's clearance requirements, and thus does not display
a valid OMB control number issued by the Director of OMB in accordance with
§ 3512(a)(1) and (2).  See Doc. 472, pg. 38.

Section 3506(c)(1)(B) requires the IRS Paper Form 1040 United States
Individual Income Tax Return:

(i) display a control number and expiration date;

(ii) indicate the collection is in accordance with the clearance require-
ments of section 3507;

(iii) informs Movant:

(I) the reasons the information is being collected;

(II) the way such information is to be used;

(III) an estimate of the burden of collection;

(IV) whether responses to the questions in the collection of inform-
ation are to be given voluntarily, required to receive a benefit,
or are mandatory responses;

(V) of the fact that the IRS may not seek any information from the
public, including income tax information, and Movant is not re-

quired to provide any such information, unless the paper form displays a valid OMB control number issued by the Director in accordance with the Paperwork Reduction Act of 1995.

Movant attached to his declaration, Doc. 474, Exhibit 13-1 through 13-12, the IRS Agency Form 1040 United States Individual Income Tax Return Paper for years 2000 through 2005, as was entered pretrial involving Movant's Motion to Dismiss, Docs. 53, 54, Exhibits 1 through 5 (Doc. 474, pg. 2), as well as showed where these Forms were entered into the Trial record, Doc. 474, pg. 22 citing TT Doc. 396, pg. 2690-2693, and received, pg. 2734-35.  Movant showed specifically how Form 1040 did not display an OMB Control Number issued by the Director in Accordance with the PRA.  Doc. 474, pg. 18 through 23.

First, § 3506(c)(1)(B) unambiguously requires "each information collection" either "is," "displays," "indicates," and "informs."  Each of these requirements must by statute appear in the Paper Forms.  See U.S. v. Chisum, 502 F.3d 1237, 1243(10th Cir. 2007).  Congress forbids the IRS from requesting tax return information "of any tax imposed by Subtitle A...[from] individuals ...to be other than on paper forms supplied by the Secretary."  See 26 U.S.C. § 6011(e)(1).  Between § 6011(e)(1) and 44 U.S.C. § 3506(c)(1)(B), to be a Paper Form displaying a valid OMB Control Number issued by the Director in accordance with the PRA,the Form 1040 United States Individual Income Tax Return for 2000 through 2005 must display compliance with each of the mandates of § 3506(c)(1)(B).  Respondent made no objection to this argument.

Nowhere on Form 1040 for 2000 through 2005 is there displayed (i) an expiration date, (2) indication of the clearance requirements of § 3507, (3) the reasons the income tax information is being gathered, (4) how the IRS intends to use the information gathered, (5) any estimate of the burden of the information being collected on the person, (6) any statement whether the response is voluntary, required to receive a benefit, or mandatory, (7) the fact the IRS cannot conduct or sponsor the gathering of income tax information, and

that the target of such information collection request is not required to pro-
vide any such information, unless the Paper Form displays a valid OMB Control
Number issued by the Director in accordance with the PRA.  Respondent does not
dispute ever that Form 1040 United States Individual Income Tax Forms "in
issue," See Doc. 474, pg. 21, quoting TT Doc. 396, pg. 2675, or to which Res-
pondent defined in its First Bill of Particulars as the meaning of "Required
by Law," as used by the Grand Jury in its indictment, See Doc. 474, pg. 14,
citing Doc. 104, pg. 1, violates the PRA, nor do they ever even suggest where
on the Grand Jury's Form 1040 these mandates are displayed.

It is impossible to show that something is not displayed on Form 1040
other than to provide the Paper Form at issue and State that nowhere on the
Paper Form do any of the PRA's mandates appear displayed.  The burden then
shifts to the Respondent, who is using the Paper Form to show criminal conduct
that is subject to penalty otherwise,  to show where the Paper Form displays
the mandated information.

Movant further supports his defenses by showing the IRS falsely certified
to the OMB in its Paper Form 83-I that it had provided all the information
called for under 5 CFR § 1320.8(b)(3). Doc. 474, Exhibit 13-13, 13-14.  None
of the certification requirements to which IRS purportedly certified actually
appear on Form 1040.  Even though an OMB # 1545-0074 appears on the Form 1040s
"in issue," that display does not prove the OMB number was issued by the Dir-
ector of OMB in accordance with the PRA.  The Paper Form must display the re-
quired mandates to be "in accordance with the PRA," and as Respondent readily
admits by not denying, OMB # 1545-0074 is not a valid OMB Control Number iss-
ued by the Director in accordance with the PRA.

The public protection can be raised at any time. See 44 U.S.C. § 3512(b).
Section 3512 begins "Notwithstanding any other provision of law" and Movant
claims the penalties provided for under 18 U.S.C. § 371, and 26 U.S.C. §§

8

7201 and 7203, are penalties that do not withstand § 3512(a)'s public protection. "Congress deprived the Commission even ... limited authority...with the words "notwithstanding any other provision of law'..." Long Island R. Co. v. Aberdeen & Rock R. Co., 439 U.S. 1, 6(1978). These words "evinces Congressional intent to pre-empt any law Federal or State." U.S. v. Vasquex-Alvarez, 176 F.3d 1294, 1297(10th Cir. 1999) Clearly the penalties imposed upon Movant are penalties subject to the public protection of the PRA. See 44 U.S.C. § 3502(14) defining penalties.

Form 1040 United States Individual Income Tax Return for 2000 through 2005 were not required to be filed where the Paper Form provided by the Secretary under 26 U.S.C. § 6011(e) did not display a valid OMB Control Number issued by the Director in accordance with the PRA.

Ground 30--The Trial Judge clearly approved Movant's Good Faith defense under the PRA. See Doc. 474, pg. 19. The Trial Judge instructed the Jury to consider Movant's understanding of the PRA "for your consideration with respect to the issue of willfulness." Id. At the same time, the Trial Judge instructed the jury he had:

> "ruled that Form 1040 did not and does not violate the Paperwork Reduction Act."

Id. citing TT. Doc. 393, pg. 1949

Willfulness was obviously the main element of each of the Six Counts to which was contested or in controversy. See Movant's Declaration at Attachment E (instruction on willfulness and good faith)(TT Doc. 396, pg. 2899-2900).So was Good Faith.

First, the Court had never made any such ruling public prior to its jury instruction. Nowhere in the record does any such ruling appear and Respondent does not say otherwise. Movant was given no notice of this ruling and such ruing had a direct and negative impact on Movant's approved defense and pre-

9

vented Movant from preparing his defense either around this instruction or presenting other defenses that would have been available. Doc. 474, pg 58-60. Second, this instruction violated Movant's right to a Jury Trial on every element of each offense basically instructing the Jury Movant's defense was objectionably unreasonable. This instruction violated both the Fifth and Sixth Amendments to Due Process and a Jury Trial as well as overruled the Supreme Court's holding in Cheek v. U.S., 498 U.S. 192, 202(1991), which held:

> "In the end, the issue is whether, based on all the evidence, the Government has proved that the defendant was aware of the duty at issue, which cannot be true if the jury credits a good faith misunderstanding and believe submission, whether or not the claimed belief or misunderstanding is objectively reasonable."

Congress, the Secretary of the Treasury, and Supreme Court invited Movants scrutiny of the IRS Form 1040 Paper Form and directed Movant to not respond to the information requested if the Paper Form 1040 does not display a valid OMB Control Number issued by the Director in accordance with the PRA. See Doc. 474, pg. 1 quoting the Commissioner of the IRS as a delegate of the Secretary of the Treasury ("you are not requird to provide the information requested on a Form that is subject to the Paperwork Reduction Act unless the Form displays a valid OMB Control Number.")

By instructing the Jury Form 1040 did not violate the PRA the Court cut clean off any chance the Jury would consider Movant's testimony in regard to Movant's understanding of the PRA and overly diligent comparison of Form 1040 to the requirements of the PRA and its public protection announcment.

Ground 33--The indictment clearly alleged in Count 2,3, and 4, the offense of willful attempt to evade and defeat the tax imposed by Title 26, i.e. evasion of assessment. For instance, Counts 2, 3 and 4 allege Movant failed to file Form 1040 "United States Individual Income Tax Return" for 2000, 2003, and 2005, "as required by law." Doc. 474, pg. 7 quoting Doc. 2, ¶¶ 41,43,45

Furthermore, the alleged affirmative acts are (1) receiving income," (2)

writing donation or gift on checks by transferor, (3) using cashier's checks to pay for services, (4) using methods of payment to avoid creating records and concealing income, (5) using name of ministry to receive income, (6) using check cashing business instead of FDIC insured Bank, (7) and accepting collector coins as payment for services, (8) and concealing income from the IRS for years 2000, 2003 and 2005. See Doc. 474, pg. 38-39

The Supreme Court made it perfectly clear in Kawashima v. Holder, 182 L.Ed 2d 1, 10(2012) citing Sansone v. U.S. 380 U.S. 343, 354(1965) that 26 U.S.C. § 7201 "incudes two offenses":

"Moreover, § 7201 includes two offenses: "the offense of willfully attempting to evade or defeat the assessment of a tax, as well as the offense of willfully attempting to evade or defeat the payment of a tax."

The distinction that separates the two offenses is that "evasion of assessment" acts involve attempts to "shield taxable income to prevent the IRS from determining one's tax liability," See U.S. v. Root, 585 F.3d 145, 151 (3rd Cir. 2009), and the offense of "evasion of payment" "concerns conduct designed to place assets out of reach to prevent the IRS from settling one's tax liability." Id. citing Sansone, 380 U.S. at 354.

"Failing to file a return...failing to keep records, concealing income" are acts that allege the evasion of assessment offense. See U.S. v. Cohen, 297 F.2d 760, 770 (9th Cir. 1960).

Movant chose to present his defense to Count 2, 3, and 4, based upon the notice given in the Grand Jury indictment, that he did not willfully attempt to evade assessment of any tax imposed for years 2000, 2003 and 2005. Doc. 474, pg. 19. However, the Trial Judge constructively amended Counts 2,3, and 4, instructing the jury to decide whether Movant "willfully attempt[ed] to evade or defeat the payment of Federal income taxes." See Movant's Declaration at Attachment F (Volume XII, pg. 2910)      In defining "evade or defeat the payment" to the jury the Trial Judge instructed means to "escape paying a tax due other than legal avoidance." See Doc. 474, pg. 25 quoting

TT Doc. 397, pg. 2954, 2957 and 2959.  In defining "affirmative act" for the jury, the Trial Judge instructed:

> "an affirmative act to evade and defeat payment of taxes is a positive act of commission designed to mislead and conceal."

Doc. 474, pg. 25; quoting TT Doc. 397, pg. 2954.

Furthermore, while instructing the Jury on Movant's Good Faith defense, the jury was instructed:

> "You are instructed that if a defendant has a good faith misunderstanding of the laws requirement to report the income at issue here, he is not guilty of willfully violating a known legal duty."

See Movant's Declaration at Attachment E

The difference between the two distinct § 7201 offenses is the acts the Grand Jury alleges.  Counts 2,3 and 4, were charged as evasion of assessment which a good faith defense would apply involving not reporting the "income at issue," while the offense of evasion of payment the Trial Judge instructed the Jury on would never have to do with failing to report income but failure to pay already assessed taxes.  The Court's switch to evasion of payment, along with its other instructions on evasion of payment, rendered Movant's Defense meaningless.

Neither the Trial Judge or the government laywers are authorized to switch the offense charged to a different offense.  See U.S. v. Miller, 471 U.S. 130, 143(1985); Stirone v. U.S., 361 U.S. 212, 215-16(1960); U.S. v. Farr 536 F.3d 1174, 1180(10th Cir. 2008).  A simple comparison between the indict- ment with the Trial Judge's jury instructions reveals Movant was convicted of an offense in Counrt 2,3, and 4, that the Grand Jury did not indict.  Further- more, the constructive amendment and switch to evasion of payment cut clean off Movant's defenses invovlving both whether the transactions were gifts or not, as well as Movant's understanding of the PRA in regard to being required to file Form 1040.  While Movant was presenting defenses to evasion of assess- ment, the Trial Judge was constructively amending the offenses in Count 2,3,

4, to evasion of payment.  When coupled with the Trial Judge's instruction on the PRA and Form 1040 at issue not violating the PRA, as well as the meaning of gift and applying it ex post facto 9 years earlier, it is clear to any jurist that the switch at the end of trial to evasion of payment violated the Fifth Amendment Grand Jury Indictment clause as well as the Sixth Amendments right to know the nature of the charges and jury trial provisions. The Jury can only consider the offenses charged by the Grand Jury.

Movant has not received the Jury Trial on the Grand Jury's alleged offenses in Count 2, 3, and 4, and was clearly denied the right to put on a defense, even a Good Faith one, to the offense of evasion of payment, to which there is absolutley no evidence Movant attempted to evade the payment of any assessed tax for 2000, 2003, and 2005, as well as ample evidence that had an assessment for those years already been made, Movant made no effort to hide his assets or otherwise prevent the IRS from settling his account for those years.  Agent Shern's unsworn purported Affidavit shows hundreds of thousands of dollars in vehicles easily seizable to offset any already assessed taxes. Doc. 474, pg. 79; Doc. 75-20, pg. 13-14; See also Agent Meadors January 26, 2004 and December 2, 2004 correspondence with Movant at Doc. 75-14; 75-14

The Trial Judge's constructive amendment to Counts 2, 3, and 4, to the offense under § 7201's evasion of payment violated Movant's Fifth and Sixth Amendment Rights and this constitutional error infected the entire Jury Trial as to all Six Counts by confusing the Jury which then denied Movant a Jury Trial.  Movant is actually innocent of Counts 2,3, and 4.

Ground 34,53--Movant is actually innocent of requirement to file a Form 1040 United States Indivdidual Income Tax Return for Title 26 year 2005 where the only transaction that exceeded the threshold amounts was the $ 250,000 transaction involving Turner.  The Threshold was $ 16,400.  See Movant's Declaration at Attachment __G__ (Miller establishing $ 16,400).  The elements

of a § 7201 offense of evasion of assessment are (1) a substantial tax liability stemming from the requirement to report income on a Paper Form, (2) that Movant voluntarily and intentionally violated a known legal duty, i.e. acted "willfully," and (3) at least one act affirming or constituting an attempt to evade the assessment of the tax imposed by Title 26 at issue.  U.S. v. Farr, 701 F.3d 1274, 1285(10th Cir. 2012). A loan is not gross income in the year the loan is made.  See U.S. v. Swallow, 511 F.2d 514, 523(10th Cir. 1975).

Turner testified at the time the transaction took place he was loaning Movant the money and was his intention to use it at a later date if he was to get indicted.  See Movant's Declaration at Attachment  H  (Volume VII, pg 1475) 1475, 1510).  The entire theory presented by the Government was that the $ 250,000 transaction was for services rendered and in 2005.  This theory was only derived from Expert and Summary Witness Miller who testified after:

> "heard the testimony of other witnesses, saw some other exhibits, that led me to believe in all likelihood the $ 250,000 would never be repaid by Mr. Springer."

See Movant's Declaration at Attachment G  (Volume IX,   pg. 2008)

Not one other person testified about the loan period other than Mr. Turner and Movant.  Mr. Miller's errant conclusions were not based upon any other exhibits about the transaction.  Movant made payments until late 2008.  See Movant's Declaration at Attachment  H  (Volume VII, pg. 1510-1512)

None of the affirmative acts alleged involving checks paid to a ministry or cashing checks at a check cashing business were ever connected to the Turner $ 250,000.  See Doc. 472, pg. 38, 44.  Even if the $ 250,000 became gross income when it was not being paid on would place that theory in 2009's reporting requirement involving 2008's income.  Not in 2005s.  The Government is not allowed to switch theories back and forth and that is exactly what they did with Turner's $ 250,000.  First its a loan, then services rendered, then stolen.  Movant did not willfully fail to report Turner's

$ 250,000 loan as gross income in 2005 and without it Miller testified Movant did not meet any one of the three elements required for conviction under § 7201's evasion of assessment theory. See Movant's Declaration at Attachment G

Ground 36--Once the offense alleged in Count 2 is properly identified as willful attempt to evade assessment, not payment, Count Two's alleged offense would be complete as of April 15, 2001. 26 U.S.C. § 6531 requires evasion of assessment be filed within 6 years of when the offense was completed. Count Two is charged on March 10, 2009, almost 2 years outside the statute of limit- ations. After June 3, 2005, the IRS was not authorized to conduct any type of civil or criminal enforcement investigation involving years "2000 through 2004." See Doc. 474, Exhibit 15-1; See also Lasalle, 437 U.S. at 312-317

There is no other affirmative acts alleged or shown at Trial that could, or acted to show, Count Two's failing to report income is earned during the year 2000, other than failng to report the income on Form 1040 by April 15, 2001. Neither statements made during the September 16, 2005 search or those made on January 15, 2009, could be used to extend the statute of limitations where the IRS was "under well known restraints." Badarocco, 464 U.S. at 399.

Ground 37--The evidence in the possession of the Government during pre- trial was that while it selected Movant for both Grand Jury Investigation and sought to prosecute (though challenged elsewhere herein),millions of people were not, for the same failure to report income for the same years under the same circumstances, or ever worse circumstances. Doc. 474, Exhibit 6,7 Movant moved to dismiss and for discovery on this issue and was denied. Doc. 474, pg. 14. The only difference between Movant and Millions who failed to report Hundreds of Billions is that Movant was outspoken regarding Form 1040 and the PRA violations. The millions of others had no reason whatsover. The decision to charge and purportedly prosecute Movant had a discriminatory purpose to silence Movant regarding Form 1040 and its failure to comply with the PRA. See

15

Doc. 474, pg. 13  This purpose was clearly to violate Movant's First Amendment Right and stop him from exercising the public protection provided by Congress and the Secretary preserved at 44 U.S.C. § 3512(a).  Movant raised this issue pre-trial and was denied. Respondent did not deny these facts.

Ground 39--Movant was sentenced to 15 years for doing what Congress, the Supreme Court, and Secretary of the Treasury invited.  The instruction was to refuse to provide income tax information until the Paper Form requesting such information displayed a valid OMB Control Number issued in Accordance with the PRA by the Director of OMB. See Doc. 474, pg. 1  Being punished for doing what the law invites is the cruelest and most unusual form of punishment and violates the Eighth Amendment. Respondent did not deny these facts.

Ground 42--Movant provided evidence that others who were charged with similar offenses to Movants involving failure to report the income at issue did not receive a similar sentence.  Doc. 474, Exhibits 9,11  The Sentence was not in accordance with 18 U.S.C. § 3553.  Respondent did not deny these facts.

Ground 14,43--Tax Loss drove the sentence in this case and Relevant Conduct, which was used to increase the Tax Loss, required the conduct to be relevant criminal conduct and not non-criminal conduct.  The Sentencing Judge incorrectly relied upon allegations Movant failed to file Form 1040s for other years as relevant criminal conduct.  No evidence showed Movant acted willfully for 1990 through 1995, 1999, 2001, 2006 and 2007.  Furthermore, the Sentencing Judge should not have used the gross income for 2001, 2002, and 2004, where the Jury was not asked to find failure to pay for those years but only willful failure to file.  Respondent does not dispute these facts.

Ground 44--The Sentencing Judge included interest and penalties in his tax loss calculations where only evasion of payment offenses, or willful failure to pay offenses, trigger including interest and penalty in the tax loss.

Ground 75--Movant was given no notice he had to vacate his home of 14 years until March 16, 2010. Sentencing was set for April 21, 2010. Having to relocate Movant's family in 30 days after dwelling for 14 years and prepare for a 3 day sentencing hearing (longer than most trials) was simply impossible. Movant requested a continuance to which the Sentencing Judge denied without explanation. Had the extension been granted, the outcome would have been different in that the Sentencing Judge would have considered (1) the statements made by the Secretary of the Treasury, Congress, and the Suprme Court in directing the Public not to report their income if the Paper Form provided does not comply with the PRA, (2) that millions owing hundreds of billions are never charged for similar conduct, (3) that those whe are charged are not as severely penalized as Movant was, (4) that its gift instruction was applied ex post facto in violation of the Constitution, (5) that it was the Trial Judges instruction on Form 1040 not violating the PRA that cut clean off the Jury's consideration of Movant's Good Faith defense, (6) that failing to file Form 1040 United States Individual Income Tax Paper Forms, even if done intentionally, is not criminal conduct, (7) that Movant did not waive counsel on the Trial Judge's constructive amendment to Counts 2,3, and 4, (8) that Stilley's Arkansas Tax liabilities were not referred by the Secretary of DOJ to the Northern District of Oklahoma, and (9) telling others Form 1040 violated the PRA is not criminal conduct of any sort, directly, or as relevant conduct. Denying guilt does not trigger § 3C1.1. Respondent does not dispute this.

Ground 55--Mr. McGinness was sentenced to 15 months and Movant was sentenced to 15 years. He failed to report $ 1,4 million to which he admittedly stole. Doc. 474, Exhibit 9,11  Respondent does not dispute these facts.

Ground 32--The Secretary of the Treasury did not publish for 2000 through 2004 its Central and Field organization which was necessary to know where to file Form 1040s in the absence Internal Revenue Districts and its directors.

17

Respondent does not dispute these facts.

Ground 46--After both Trial Judge and Respondent repeatedly claiming the requirment to file an income tax return does not involve Treasury Regulations, See Doc. 201, pg. 1-2; see also Doc. 293, pg. 6, Respondent convinced the Tenth Circuit 26 CFR 1.6091-2(2005) controlled the filing of the income tax returns at issue in all Six Counts. See Movant's Declaration at Attachment I (excerps of appeal brief by Respondent).  The Trial Judge instructed the jury that to find Movant guilty of acting "willfully," the Jury must find Movant voluntarily and intentionally violated a known legal duty of "reporting the income at issue here."" See Movant's Declaration at Attachment -E (Volume XII, pg. 2899, 2900).  The jury was further instructed that to find Movant acted willfully the government was required to prove the law imposed a duty at issue on Movant, Id.  All agree Movant lived in no Internal Revenue District. Doc. 71, pg. 4.  See also Movant's Declaration at Attachment J (7.2.09 Judge statement).  All agreed § 6091(b)(1)(B) directed the Secretary to designate by regulation where a person in Movant's circumstances was to file the tax return at issue. Id.  For 2000 through 2004 the Secretary directed by Regulation that Movant file his tax return for 2000 through 2004 with the "district director Baltimore Md. 21202."  See Doc. 474, pg. 52  All agree no such place existed between 2000 through 2004. Doc. 71, pg. 4  It was impossible for Movant to act willfully in the failure to file a tax return as required by the Secretary under 26 CFR 1.6091-2(2000-2004) where the place the Secretary designated was abolished and defunct.  The Secretary provided no other place under his authority of § 6091(b)(1)(B) for those years.  Respondent disputes none of this.

Ground 51--26 U.S.C. § 6091(b) calls for tax returns required under §§ 6011 and 6012.  These are the provisions identified by the Government in its First Bill of Particulars. See Doc. 104, 201.  Congress did not abolish Internal Revenue Districts called for by 26 U.S.C. § 7621, or district director

called for by 26 U.S.C. § 7514. The Amendments to § 6334(e) made by the Restructuring and Reform Act of 1998, § 3445 added duties to district directors specifically. Since 1998, Congress has not amended §§ 6091(b), 7514, 7601, or 7621, all of which call for Internal Reveue Districts and district directors. Respondent does not dispute these facts.

Ground 48--Movant was given no notice either in the year of each transaction, or before trial, the Trial Judge's definition of gift. The Trial Judge instruction cut clean off in the middle of trial Movant's defenses after several days of testimony centered around gift. The term Gift was alleged in the indictment. Respondent does not dispute these facts.

Ground 56--The Trial Judge made the decision not to allow Movant to argue at trial as a defense, nor at sentencing, that the transactions at issue were for the most part a gift or donation but may have had minor services connection. See Movant's Declaration at Attachment  K

Everyone agrees that Congress has only imposed a tax on gross income and not gifts. Not one person testified they treated the transaction between them and Movant as a payment for services when calculating their personal income tax liabilities for the year the transaction occurred. Not one! The Government provided no evidence of any 1099s by these supporters showing they considered the transactions as expenses and this is crutial. The indictment did not identify one specific transaction required to be reported in Counts 2 through 6. Respondent does not dispute these facts.

Ground 67--As it stands now, Movant is imprisoned for failure to pay tax debt. See Movant's Declaration at Attachment  F  showing switch to offense of evasion of payment, and Attachment  C , explaining how sentence was determined. Oklahoma's Constitution at Article 2, § 13, prohibits imprisonment for failure to pay a debt. See Freeman v. Heiman, 426 F.2d 1050, 1052(10th Cir. 1970). 28 U.S.C. § 2007(a) prohibits imprisonment for debt. The Tenth Amendment requires

the United States to obey the powers the States, and their people, reserved to themselves.  Without a failure to pay tax debt there would be no possible offense in Counts 1 through 4, and no sentencing enhancements for tax loss, interest, penalty, or restitution.

Ground 66—Not only was there no proescutorial referral (Grd. 1,3,4), no United States Attorney (Grd. 2), no Title 26 enforcement authority for IRS after June 3, 2005 Grand Jury referral (Grd. 5-7), no jurisdiction to order restitution (Grd. 10-13), the fact Movant was not required by law to file Form 1040 (conduct the Grand Jury thought and alleged criminal)(Grd. 15-27), along with Movant's defense involving Good Faith in failing to file Form 1040 being cut clean off by the Trial Judge's instruction (Grd. 30), without notice and where the Trial Judge instructed the Jury to the legal meaning of "gift" never given advanced notice to Movant (Grd. 48,56), and where the Trial Judge switched Count 2,3, and 4, to the offense of evasion of payment all the while Movant is defending the Grand Jury charges (Grd. 33, 46), each show Movant's conviction, sentence, and judgment, on all Six Counts, were obtained in direct violation of the Fifth and Sixth Amendments in every respect.  Both the Grand Jury indictment involving the non criminal conduct of failing or refraining from filing Form 1040 United States Individual Income Tax Returns, for all years alleged, and the Jury's verdict involving the clear and facially apparent errors requires Movant's conviction be reversed with dismissal on all Six Counts

Ground 57,58--Movant never fully waived his right to Sixth Amendment Counsel at any stage.  During  the waiver discussion the Trial Judge, in response to Movant's explanation "I do not understand whether its [Count 2,3,4] evasion of assessment, evasion of payment, or how once could go for 9 years," Doc. 474 pg. 8, held:

"I understand your point.  We'll address that when we address the motion

20

for bill of particulars.  I think your recitation at least for immediate purposes, satisfies me that you do at least understand, <u>subject to the limitations you have described,</u> the general nature of the charges."

See Doc. 474, pg. 9; Quoting HT Doc. 382, pg. 17

The Bill of Particulars each involved evasion of assessment provisions involving the filing of a Form 1040 United States Individual Income Tax Re-Turn," Doc. 474, pg. 14, citing Doc. 104, pg.2, and explaining "required by law" means "failure to file a Federal Income Tax Return" and not failure to pay taxes that had already been assessed or determined.  Id.

As addressed in Ground 33, § 7201 contains two distinct offenses and at Trial the Jury was instructed to find whether Movant intended to evade payment instead of the Grand Jury's alleged evasion of assessment.  Compare Doc. 474, pg. 7 quoting Doc. 2, ¶¶ 41, 43, 45, with Doc. 474, pg. 25 and Movant's Declaration at Attachment F (Volume XII, pg. 2954, 2957, and 2959)

Not only does the Constructive Amendment to Count 2,3, and 4, from evasion of assessment, to evasion of payment, violate both the Fifth Amendment requirement all charges be by Grand Jury indictment, and the Sixth Amendment right to advanced notice of the charges to put on a defense, the switch voided what ever pre-trial waiver the Trial Judge thought he obtained on 4-22-2009 and as amended by both Bills of Particulars, in regard to Movant's waiver of his Sixth Amendment right to Trial Counsel. Respondent does not dispute this.

Although Appellate Counsel raised issue generally with the Trial waiver he did not raise this obvious winner.

Ground 60--The errors made by Appellate Counsel is not only which issues raised, but to what extent they were raised and why, was severly in actual conflict when Counsel was warned not to raise certain issues on December 15, 2010, in 10-5037, but raised them again on January 3, 2011, in Movant's direct criminal appeal.  An actual conflict exists if "the defense attorney was required to make a choice advancing his own interests to the detriment of his clients." Stoia v. U.S., 109 F.3d 392, 395(7th Cir. 1996).

21

In its June 23, 2011 order to show cause in 10-5037, the Tenth Circuit pointed out after it had warned Appellate Counsel, he continued in 10-5055 raising the same arguments. See Movant's Declaration at Attachment L (10th Circuit Order in In Re. Barringer, 11-816 dated 8.2.11 quoting the June 23, 2011 order). Although the brevity of this conflict was not fully realized by Movant until November, 2013, See Movant's Declaration at 3, the actual conflict is made undisputable when Appellate Counsel's own interests become apparent when considering he had not filed tax returns for years 2001 through 2007. See Movant's Declaration at Attachment M (list of Exhibits in Disbarment proceedings in Illinois), Attachment N (U.S.A. opposition to Appellate Counsel's dismissal claims in IRS Summons dispute involving Appellate Counsel not filing tax returns), and Attachment O (Court Order denying Petition and identifying years 2001 through 2007).

Attachment N shows Appellate Counsel was having to argue why "no action can be brought against him "for failure to file tax returns," and the Court Order establishes the years at issue in the August, 2011 summons. Attachment O

It is clear with all the issues not raised, or raised in error, or perfunctory, that Movat did not have Sixth Amendment Counsel "acting in the role of an advocate." U.S. v. Cronic, 466 U.S. 648, 656(1984).

The same years at issue in Movant's Criminal Appeal are the same years Appellate Counsel is being investigated for not filing tax returns. This shows why Appellate Counsel continued to go against the December 15, 2010 order in 10-5037. The Order of September 2, 2011 suspending Appellate Counsel was as a result of his representation of Movant in his Criminal appeal. See Movant's Declaration at Attachment P (Order dated 9.2.11 suspending Counsel).

All the issues raised in Movant's § 2255 application, and especially those being discussed on the merits herein, should have been raised on direct appeal by Counsel who was not laboring under an actual conflict of interest.

22

Movant, who was in prison, needed a conflict free attorney to assist in deciding which issues to raise. That did not happen and could not with counsel laboring under a conflict. Appellate Counsel's not filing tax returns for years 2001 through 2007, along with his representations in the revised brief, and those issues not raised, clearly violated Movant's Fifth Amendment right to due process and Sixth Amendment right to conflict free and effective counsel.

Ground 61--The Tenth Circuit began judging the merits of Appellate Counsel's revised brief in 10-5055 long before its October 26, 2011 decision. See Movant's Declaration at Attachment L (8.2.11 order) Two of the Circuit Judges in 10-5037 commenting on 10-5055 were also in 10-5055. See Doc. 474, pg. 33-34. Once the Judges decided in 10-5037 to seek suspension of Apppellate Counsel for his conduct in 10-5037 and 10-5055, Movant should have been given appointed counsel. A direct criminal appeal is a critical stage of the criminal process and Movant did not waive that right to conflict free and effective counsel. See U.S. v. Flood, 713 F.3d 1281, 1286(10th Cir. 2013). Respondent does not dispute these facts.

Ground 64,65--Movant has not yet received a jury trial on either criminal conduct alleged by the Grand Jury involving Form 1040 United States Individual Income Tax Returns or the offenses alleged in Counts 2,3, and 4. Respondent does not dispute these facts.

Ground 50,73--Movant contends the 2255 process has become so drawn out and complicated, especially where no right to Counsel has yet to be provided at all critical stages of the continuation of the same criminal matter, that the 2255 procedure looks nothing like Habeas Corpus as it was originally or as it stands today. It is impossible to raise anymore than already said as it would take 50 pages to show the history of 2255 and Habeas Corpus. Just that alone violates due process and suspends the Writ of Habeas Corpus procedding. Giving one party to a controversy limitless boundaries of time and word to accuse another, and limiting the other to 25 pages or 1 year to opp-

23

ose the procedure of both trial, appeal, and 2255 ineffective assistance of Counsel, denies the accused the most basic notion of equal protection of the laws and fairness, especially where the entire theory of having two Governments is designed to protect liberty, not deprive it.

Ground 49--There is no dispute this was a very complicated case causing numerous controversies within the case that generated very little in the way of findings or written opinions from the Trial Judge. Movant agrees page limitations serve a purpose but that purpose can never be to violate due process under the Fifth Amendment, or deny effective Counsel required by the Sixth Amendment. By limiting an accused to 14,000 words in such a complicated case, while allowing the accuser limitless boundaries, simply violates both the Fifth and Sixth Amendment. When issues are moved outside of the direct appeal process they are no longer subject to the Sixth Amendment Right to Counsel. Movant challenges that procedure in this case as there is no doubt the Sixth Amendment must be honored, and when the imprisoned is denied raising such claims in his direct review process and then denied Counsel when those violations are allowed to be addressed in a 2255 proceeding, the imprisoned has been denied Sixth Amendment Counsel on all Sixth Amendment Counsel violations.

PREJUDICE-OUTCOME WOULD HAVE BEEN DIFFERENT
Strickland v. Washington, 466 U.S. 668, 694(1984)
Had Appellate Counsel not labored under a direct and actual conflict and had he raised effectively the issues in Movant's 2255 Application, the following results would have been different--Ground 1-reversal and dismissal of all Six Counts of conviction for lack of Article III subject matter jurisdiction; Ground 2-reversal and dismissal of all Six Counts of conviction for lack of a government lawyer with Article III, § 2 standing to prosecute; Ground 3-reversal and dismissal of conviction on Counts 1,2,3, and 4, for charge exceeding the years authorized by the grand jury referral; Ground 4-reversal and dismissal of Count 1 with a new trial on Counts 2 through 6; Grounds 5,6,7,8,9, and

24

62, reversal with direction to hold a full and fair hearing on suppression and dismissal after all unlawfully seized and used evidence is suppressed, and complete dismissal of all Six Counts of conviction for using IRS and Title 26 enforcement authority to gather evidence for the DOJ to present to the Grand Jury after June 3, 2005; Grounds 10 through 13—reversal and dismissal of all restitution ordered; Grounds 28,29—reversal and dismissal on all six Counts; Ground 30—reversal and a new trial on all Six Counts; Ground 32—reversal and dismissal on all Six Counts; Ground 33, 64,65—reversal on Counts 2,3, and 4, with new trial on all Six Counts; Grounds 34,53—reversal on Count 4 and dismissal reducing sentence 5 years; Ground 36—reversal and dismissal reducing sentence 5 years; Ground 37—reversal and remand with hearing and discovery on selective prosecution; Grounds 14,39,42,43,44,55,67,& 75—reversal of the § 3C1.1 2 level enhancment applied to denial of guilt, recalculating offense tax loss and subtracted from relevant tax loss as quadruple counting, withdrawing interest and penalties, withdrawing $ 250k Turner Transaction in all three instances of use, resulting in § 2T4.1's loss to be under $ 1 Million rendering the offense level to at minimum 30 and range of 78 to 97 months and finding §§ 2T1.9 and 3B1.1(a) only apply to Count 1 reduced by 6 levels Counts 2,3, and 4; Grounds 46, 51,56,57,58 and 66, reversal and either order for new trial or outright dismissal; Ground 54—reversal and new trial on all Six Counts; Grounds 49,59,60, and 61, reversal with an order for a new appeal to be filed with Sixth Amendment Assistance of Counsel.

    Appointment of Counsel and an evidentiary hearing is requested.

Respectfully,

Reg. # 02580-062
Federal Satellite Low-La Tuna
P.O. Box 6000
Anthony, New Mexico 88021

25

## CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2014, I mailed First Class U.S. Mail the above Response Merits Brief to the Clerk of Court, 333 West Fourth Street, Tulsa, Oklahoma 74103:

I further certify that all parties to the proceeding are ECF users and shall receive service of process through the ECF system:

United States Attorney Danny C. Williams, Sr.
Jeffrey A. Gallant
Charles A. O'Reilly

_____
Server

## DECLARATION OF MAILING

I declare under the penalty of perjury, pursuant to 28 U.S.C. § 1746(1) under the laws of the United States of America, that on June 15, 2014 I deposited the above Response Merits Brief in the U.S. Mailbox located inside FSL La Tuna Federal Prision to the address above.

_____
declarant

26

To:   Clerk of Court
333 West Fourth Street
Tulsa, Oklahoma 74103

From:  Lindsey Kent Springer
Reg. # 02580-063
Federal Satellite Low-La Tuna
P.O. Box 6000
Anthony, New Mexico 88021

Re:  13-CV-145(09-CR-043)
Please find enclosed my _Response Merits Brief_

to be filed in the above referenced matter.  I was unable to enclose the

_Declaration in Support with Attachments_ with this pleading

due to weight restrictions.

Thank you for your attention to this matter and I hope your office is

highly favored.  Have a blessed day.

Truly,

*Lindsey K Springer*

Dated this __15__ Day of June, 2014

Lindsey Kent Springer
Reg # 02580-063
Federal Satellite Low La Tuna
P.O. Box 6000
Anthony, New Mexico 88021






09-CR-43-SPF

NO
postmark
SC
©

⇔02580-063⇔
Clerk Of Court
Northern District of Okla
333 W 4TH ST
Tulsa, OK 74103
United States

"Legal Mail"



EL PASO TX 799
TUE 17 JUN 2014 PM

RECEIVED
JUN 2 0 2014
Phil Lombardi, Clerk
U.S. DISTRICT COURT