In The United States District Court
For The Northern District of Oklahoma

**FILED**

Lindsey Kent Springer

    Movant

JUN 27 2014

Phil Lombardi, Clerk
U.S. DISTRICT COURT

v.

United States of America

    Respondent

Case No. 13-CV-145
(Formerly 09-CR-043)

Motion For Leave To Amend 2255

Lindsey Kent Springer
Reg # 02580-063
Federal Satellite Low-La Tuna
P.O. Box 6000
Anthony, New Mexico 88021

√ Mail    ___No Cert Svc    ___No Orig Sign

___C/J    ___C/MJ    ___C/Ret'd    ___No Env

___No Cpy's    √ No Env/Cpy's    ___O/J    ___O/MJ

— 1 —

# Table of Contents

Additional Issues ........................................... 1

I. Argument in Support of Amendment ....... 2

   A. 18 U.S.C § 3584 (a) ....................... 4

   B. Brown v. Ohio ............................. 4

   C. U.S. v. Morehead ........................ 4

   D. Count 2, 3, 4, 5, and 6, are lessor
      included offense in Count 1 .......... 5

    (i) Count 1 ................................ 5

    (ii) Count 2, 3, 4 ........................ 6

    (iii) Count 3 and 4 aiding and abetting .. 7

    (iv) 26 U.S.C § 7203 willful failure to
       File a Form 1040 United States
       Individual Income Tax Return is a
       lessor included offense in Count 1, 2,
       3, and 4. .............................. 8

    (v) The years at issue in each count ... 9

    (vi) Summary to this point ............... 9

    (vii) The "acts" in Count 1 include the
       Affirmative Acts in Count 2, 3, and
       4. ..................................... 10

      (a) Counts 3 and 4 ...................... 11

      (b) Counts 1 ............................ 11

      (c) The Affirmative Acts in Count
         2, 3, and 4. .......................... 13

      (d) To evade or defeat ................. 17

    (viii) All elements and all facts alleged
        in counts 2, 3, 4, 5, and 6, are
        included in Count 1 ................... 17

— 11 —

## Table of Contents (con't d)

E. Count 2, 3, and 4's "attempt" is the offense subject to 18 USC § 3584(a) and Count 1's "defraud" is the sole object of Count 2, 3, and 4's attempt.   17

F. Sentencing Movant to 5 years in Count 1 and 5 years to each Count 2, 3, and 4, and to run Count 1, 2, and 3, consecutive to each other violates 18 U.SC § 3584(a)   20

G. Sentencing Movant to 5 years in Count 1 and 5 years to each count 2, 3, and 4, and 1 year to counts 5 and 6, violates the Fifth Amendment's Double Jeopardy Clause.   21

H. Count 3 and 4 would be multiplicitous to Count 2, and Count 4 would be multiplicitous to Count 3   22

I. Appellate Counsel's deficient performance   23

J. Prejudice to Movant   23

K. Mayle v. Felix   24

Conclusion   24

Declaration and Signature   25

Certificate of Service   25

Declaration of Mailing   25

— iii —

## Table of Authorities

Brown v. Ohio, 432 U.S. 161, 169 (1977) _____ 4, 21

Ex Parte Nielson, 131 U.S. 176, 188 (1889) _____ 4

Mayle v. Felix, 545 U.S. 644, 657 (2005) _____ 3, 24

Spies v. U.S., 317 U.S. 492, 498 (1943) _____ 19

Warnick v. Booher, 425 F.3d 842, 847 (10th 2005) _____ 5

U.S. v. Bedford, 536 F.3d 1148, 1155 (10th Cir. 2008) _____ 19

U.S. v. Dashney, 937 F.2d 532, 540 (n.7)(10th 1991) _____ 5

U.S. v. Espinoza-Saenz, 235 F.3d 501, 503 (10th 2000) _____ 24

U.S. v. Farr, 591 F.3d 1322, 1326 (10th Cir. 2010) _____ 5

U.S. v. Klein, 247 F.2d 908, 915-18 (2nd Cir. 1957) _____ 18

U.S. v. Morehead, 959 F.2d 1489, 1505 (10th Cir. 1992) 4, 22

U.S. v. Rentz, 735 F.3d 1245, 1253 (10th Cir. 2013) _____ 5

U.S. v. Rodriguez-Aguirre, 73 F.3d 1023 (10th Cir. 1996) 21

U.S. v. White, 417 F.2d 89, 94 (2nd Cir. 1969) _____ 4, 21

### Statutes Involved

18 U.S.C § 2 _____ 7

§ 371 _____ 5, 10, 17, 18, 20, 21, 23

§ 3553(a)(6) _____ 3

§ 3584 _____ 1, 4, 20

26 U.S.C § 7201 _____ 2, 13, 14, 18

§ 7203 _____ 8

28 U.S.C § 1746(1) _____ 25

§ 2255 _____ 1, 24

### Misc.

5th Amendment _____ 2, 5, 21, 22

6th Amendment _____ 2, 23

Rule 12 of Rules Governing 2255 proceedings _____ 24

Rule 15 of the Federal Rules of Civil Procedure _____ 1, 24

In The United States District Court
For The Northern District of Oklahoma

Lindsey Kent Springer

    Movant

V.

                 Case No. 13-CV-145
               (Formerly 09-CR-043)

United States of America

    Respondent.

## Motion For Leave To Amend 2255

Lindsey Kent Springer ("Movant") moves this Court For an order allowing 2 additional issues that relate back to the original 2255 to be raised pursuant to Rule 15 of the Fed. R. Civ. P.

### Additional Issues

1. 18 U.S.C § 3584(a) prohibits consecutive Terms of Imprisonment For Counts 2, 3, and 4's attempt offense with Count 1's "defraud" the United States. Running Count 2 and 3 consecutive to Count 1 violates the Fifth Amendment's due process clause. The Failure of Appellate Counsel to raise this issue is deficient performance and would result in the length of Imprisonment For all Six Counts being reduced to 60 months. This Failure was prejudicial to Movant and his right to liberty. Appellate Counsel was ineffective For Failing to raise this Winner.

2.   Counts 2, 3, 4, 5 and 6, are offenses included in Count 1. Count 5 and 6 are offenses included in Counts 2, 3, and 4. Counts 3 and 4 are included in Count 2. Count 4 is included in Count 3. The sentence imposed is multiplicitous and violates the Fifth Amendment's due process and double jeopardy clause exceeding the statutory maximum. The Failure to raise these issues on direct appeal was deficient performance as they are winners and would result in dismissal of Counts 2 through 6 exposing movant to a maximum of 60 months. The Failure to raise these issues was prejudicial to movant in violation of the Sixth Amendment right to counsel.

I.  Argument in Support of Amendment/Supplement

These issues above relate back to Grounds 33, 42, 44, 55, 75, as well as 49, 57, 58, 59, 60, and 61.

Ground 33 claims Appellate counsel's ineffectiveness violated the 6th Amendment in Failing to raise that the Trial Judge constructively amended counts 2, 3, and 4, switching the § 7201 offense to evasion of payment, From evasion of assessment of individual income tax For years 2000, 2003, and 2005. Doc 472, pg 43

2

Ground 42 claims the 180 month sentence which was almost double of Mr. Gollihare's recommendation is inconsistent with other sentences involving similar facts in Tax prosecutions. Doc 472, pg 52

Ground 44 claims the 180 month sentence is unreasonable. Doc 472, pg 54.

Ground 55 claims the 180 month sentence is unwarranted and also contrary to 18 U.S.C § 3553(a)(6). Doc 472, pg 65

Ground 57 and 58 claim the conviction, sentence, and judgment were obtained or entered without a waiver of counsel. Doc 472, pg 67, 68

Ground 75 claims the sentence and judgment were entered in error where Movant ordered to relocate from his home of 14 years and 20 acres by April 15, 2010 (30 days) was not able to adequately and fairly litigate at sentencing and where Movant's request for continuance to enable proper preparation was denied.

Each of these Grounds for Relief claimed Appellate counsel was ineffective for failing to raise the issues therein and the outcome would have been different had they been raised.

These Two issues arise from the same core facts. Mayle v. Felix, 545 U.S 644, 657 (2005)

A. 18 U.S.C 3 3584(a)

Section 3584(a) prohibits "multiple terms of imprisonment...imposed...at the same time...run consecutively" "For an attempt and For another offense that was the sole objective of the attempt."

B. Brown v. Ohio, 432 U.S. 161, 169 (1977)

The "Fifth Amendment Forbids...cumulative punishment For greater and lesser included offenses." A "judge is Forbidden to impose cumulative punishment For two crimes at the end of a single proceeding." Id at 166. "where...a person has been tried and convicted For a crime which has various incidents included in it, he cannot be a second time tried For one of those incidents without being twice put in jeopardy For the same offense." Id at 168 citing Ex Parte Nielsen, 131 U.S. 176, 188 (1889) "The conviction of the greater precedes the conviction of the lesser." Brown, at 168. where offense is a crime within a crime cumulative penalty is improper, U.S. v. White, 417 F.2d (2nd Cir. 1969)

C. U.S. v. Morehead, 959 F.2d 1489, 1506 (10th Cir. 1992)

"Failure to object on multiplicity grounds prior to trial does not waive the multiple sentence issue." "The threat of multiple sentences For the

4

same offense raises double jeopardy implications.
Id. at 1505. "Multiplicity refers to multiple
counts of an indictment which cover the same
criminal behaviour." Id. citing U.S. v. Dashney,
937 F.2d 532, 540 (n.7) (10th Cir. 1991). The Fifth
Amendment's Double Jeopardy Clause prohibits
multiple punishment for the same offense, Warrick
v. Booher, 425 F.3d 842, 847 (10th Cir. 2005); see
also U.S. v. Farr, 591 F.3d 1322, 1326 (10th Cir. 2010)

   D. Counts 2, 3, 4, 5, and 6, are lesser included
      offenses in Count 1.

   In order to understand how Counts 2, 3, 4, 5,
and 6, are lesser included offenses, or offenses
included, in count 1, ascertaining the elements
to each count is required, "where the same
act or transaction constitutes a violation of
two distinct statutory provisions." The Block-
burger test asks "whether each provision re-
quires proof of a fact which the other does not."
U.S. v. Rentz, 735 F.3d 1245, 1253 (10th Cir. 2013)

   (1) Count 1

   Count 1 alleges a violation of 18 USC § 371
as a conspiracy to defraud the IRS in its

ascertainment, computation, assessment, and collection of revenue, that is Federal Individual income taxes." Doc 2, pg 3, ¶ 9

Movant and Stilley are alleged to have:

"unlawfully and knowingly combined, conspired, confederated, and agreed together to defraud the United States by impeding, impairing, obstructing, and defeating the lawful government functions of the Internal Revenue Service, in the ascertainment, computation, assessment, and collection of revenue, that is Federal Individual income taxes."

Id.

The Five elements to Count 1, as the jury was instructed, are:

First, that the defendant agreed with at least one other person to violate the law by defrauding the United States;

Second, one of the conspirators engaged in at least one overt act furthering the conspiracy's objective;

Third, that the defendant knew the essential objective of the conspiracy;

Fourth, that the defendant participated in the conspiracy knowingly, willfully, and voluntarily;

Fifth, that there was interdependence among the members of the conspiracy. That is that the members of the conspiracy in some way or manner intended to act together for their shared mutual benefit within the scope of the conspiracy charged.

Vol. XII, pgs 2906-2907

(ii)  Count 2, 3, 4.

6

After correcting its instruction to evasion of payment, the Jury was instructed the elements to the offense in Counts 2, 3, and 4:

First, that Defendant Springer owed substantial tax for the year 2000, 2003, and 2005;

Second, that Defendant Springer intended to evade and defeat payment of that tax;

Third, that Defendant Springer committed an affirmative act in furtherance of this intent;

Fourth, that Defendant Springer acted willfully, that is, with voluntary intent to violate a known legal duty.

Vol. XIII, pg 2953 to 2959


(iii) Counts 3 and 4 aiding and abetting


The Jury was instructed the elements of a violation of 18 USC § 2 are:

First, that Defendant Springer committed the tax evasion crime charged in the indictment in Count 3 or in Count 4 respectively;

Second, that Defendant Stilley intentionally associated himself in some way with that crime and intentionally participated in it as he would in something he wished to bring about which requires proof that Defendant Stilley consciously shared Defendant Springer's knowledge of the underlying criminal act of tax evasion charged and that Defendant Stilley intended to help Defendant Springer commit that crime.

Vol. XIII, pg 2961-62

7

The Jury was instructed they need find these elements "To Find Defendant Stilley guilty of the tax evasion charge in Count 3 and Count 4 as an aider and abetter..." Id

(iv) 26 U.S.C § 7203's willful Failure to File a Form 1040 United States Individual Income Tax Return is a lesser included offense in Counts 1, 2, 3, and 4.

Count 5 and 6 charge a violation of 26 U.S.C § 7203 in Willfully Failing to file a Form 1040 United States Individual Income Tax Return For years 2002 and 2004.

Respondent listed 26 U.S.C § 7203 in its First Bill of Particulars defining the Grand Jury's phrase "required by law" alleged in Counts 2, 3, 5, and 6. The Same applies to "requiring" in Count 4.

Respondent also explained "required by law" was in reference to Petitioner's Failure to File Federal Income Tax Returns. Doc 474, pg 14 quoting Doc 104, pg 1

Paragraph 6 of the Grand Jury indictment alleges Movant Last Filed "an individual income tax return with the [IRS] in the late 1980s." Doc 2

Counts 1 through 6 incorporate Paragraph 6 into each Count. Doc 2, ¶¶ 8, 40, 42, 44, 46 and 48.

8

Count 1's ¶ 14 also alleges Movant refrained from filing Form 1040 United States Individual Income Tax Returns with the IRS. Doc 2.

Count 2, 3, and 4, allege Movant willfully attempt to evade and defeat the individual income taxes due and owing by him by failing to file a United States Individual Income Tax Return as required by law. Doc 2, ¶¶ 41, 43, 45

Paragraph 5 of the indictment alleges Movant earned income in various way. Doc 2.

Counts 1 through 6 incorporate Paragraph 5 in each Count. Doc 2, ¶¶ 8, 40, 42, 44, 46, and 48.

(v) The years at issue in each Court

The Grand Jury alleged the years at issue in Counts 1 and 2 is from 2000 to 2009. Doc 474, pg 7. Count 3 is from 2003 to 2009. Id. Count 4 is from 2005 to 2009. Id Counts 5 and 6 are for 2002 and 2004 only.

(vi) Summary to this point

Counts 1 through 6 involve the element of willful in connection with the duty to file a Form 1040 United States Individual Income Tax Return. All six Counts involve the failure

9

to File Form 1040 United States Individual Income Tax Returns. And Counts 1, 2, 3, and 4 each involve Federal Income Tax Returns.

Furthermore Count 1 includes all the years at issue in Counts 2. through 6.

Equally, Count 1 includes the same two defendants listed in Counts 3 and 4.

(VII) The "acts" in Count 1 include the affirmative acts in Counts 2, 3, and 4.

The Court instructed the Jury:

"Section 371..... makes it a crime to willfully conspire to violate the law by defrauding the United States."

Vol. XIII, pg 2906

The Jury was also instructed as to counts 3 and 4:

"Counts 3 and 4 of the indictment charge both Defendant Springer and Defendant Stilley with tax evasion, in violation of Title 26, Section 7201, of the United States Code."

Vol. XIII, pg. 2955

The Court continued:

"In addition to being charged as a principal Defendant Stilley is charged as an aider and abetter in Count 3."

Vol. XIII, pg 2958-59

The same instruction was given to the Jury for Count 4. Vol. XIII, pg 2961

10

Before connecting Movant's alleged conduct in Counts 2 through 6 to Count 1, Movant will connect Movant and Stilley's alleged conduct in Count 3 and 4 to be included in Count 1.

(a) Count 3 and 4

Count 3 alleges the following affirmative acts against Movant and Stilley:

1) using Stilley's IOLTA account;

2) using Stilley's credit card to pay movant's personal expenses;

3) using cashiers checks, money orders, and other means to avoid usual records and to conceal income;

4) making false statements to agents and employees of the IRS;

5) and otherwise concealing and attempting to conceal from the IRS movant's true and correct income;

Doc 474, pg 39; See also Doc 2, II 43.

Count 4 alleges the same 5 affirmative acts against movant and Stilley. Doc 474, pg 39; See also Doc 2, II 45.

(b) Count 1

The "Manner and Means of the Conspiracy" part of count 1 alleges:

10) Springer and Stilley used Stilley's IOLTA account to conceal Springer's income, assets, and personal expenses;

11) Springer used Stilley's credit card to pay Springer's personal expenses;

12) Springer and Stilley used cashier's checks, money orders, cash, and other means to avoid creating the usual records of Financial transactions and to conceal Springers income;

13) Springer and Stilley knowingly mis-represented the source and nature of Springers income to IRS employees, the Grand Jury, and the Department of Justice;

14) Springer and Stilley refrained From Filing Forms with the IRS, including Form 1040 United States Individual Income Tax Forms, and 1099.

using Stilley's IOLTA account is the same in both Counts 3 and 4 as it is in II 10 in Count 1. Doc 474, pg 39.

using Stilley's credit card to pay movants personal expenses in both Count 3 and 4 is the same in II 11 of Count 1. Id

using cashiers checks, money orders, cash and other means to avoid creating records and to conceal movants income is the same in both Counts 3 and 4 as it is in II 12 of Count 1. Id

Although worded slightly different, count 3 and 4's making False statements to agents of the IRS is the same as "knowingly misrep-resenting" Movants income to the IRS alleged in II 13 of Count 1. Id

The last aiding and abetting act alleged

12

in Count 3 and 4 is concealing and attempting
to conceal Mouant's income from the IRS which
is the same as ¶ 14's refraining from filing
Forms with the IRS, including Form 1040 United
States Individual Income Tax Returns. Id

So all 5 affirmative acts in Count 3 and
4 involving Mouant and Stilley are the same
5 claims in the manners and means description
the Grand Jury alleged in Count 1 in ¶ ¶'s
10 through 14.

What the Grand Jury alleged in Count 3 and
4 joining Mouant and Stilley is the same acts
the Grand Jury alleged in Count 1 as the object
of the offense in Count 1.

(c) The Affirmative Acts in Count 2, 3, and 4.

Count 2 alleges the Affirmative Acts involving
a violation of 26 U.S.C § 7201:

    1) receiving income in a fictitous name;

    2) directing individuals to write "donation"
       or "gift" on checks that were payment
       for services;

    3) directing individuals to pay for services
       by cashiers checks;

    4) using a check-cashing business to cash
       checks;

    5) using money orders, cash, and other
       means to avoid creating the usual records
       of financial transactions and to conceal
       his income;

    6) making false statements to agents and

13

employees of the IRS;

7) and otherwise concealing and attempting to conceal from all proper officers of the United States of America his True and Correct income.

Doc. 474, pg 38

Count 3 alleges the Affirmative Acts involving a violation of 26 U.S.C § 7201;

1) directing individuals to make checks payable to Bondage Breakers Ministry;

2) using a Check Cashing business to cash Checks;

3) accepting Collectible coins as payment for services;

Doc. 474, pg 38

Count 4 alleges the Affirmative Acts involving a violation of 26 U.S.C § 7201;

1) directing individuals to make checks payable to Bondage Breakers Ministry;

2) using a Check Cashing business to cash Checks;

Doc. 474, pg 38

Count 2's receiving money in a Fictitous name, and Count 3 and 4's directing individuals to make checks payable to Bondage Breakers Ministry, is the same allegations in II 2 of the indictment alleging:

"Springer used the name Bondage Breakers Ministry to solicit and receive money."

Doc. 2, pg 1.

Paragraph 2 is also realleged into Counts

14

2 through 6,

Count 2's directing people to write "gift" or "donation" that were payment for services is the same in Count 1's. II 15 alleging "Springer told Internal Revenue Service employees that all funds he receives are gifts and donations, that he does not have any income, and that he does not provide any services for payment," Doc 2, pg 4. It is also the same allegations in II 5 which begins "Springer... earned income in various ways..." which the Grand Jury made applicable to all six counts.

Count 2's directing individuals to pay for services with cashiers checks is the same as Count 1's "Springer ... would and did use cashiers checks... to avoid creating the usual records of financial transactions..." Doc 2, pg 3,

Count 2, 3, and 4's "using a check cashing business" although not specifically alleged in Count 1, is no different than II 10's "conceal Defendant Springer's income," or II 12's "avoid creating the usual records of financial transactions and to conceal... Springer's income," Doc 2, pg 3.

Count 2's using cashiers checks, money orders, and other means to avoid creating usual records is the same as Count 1's II 12 "use of cashiers checks, money orders, cash, and other means to avoid

15

creating the usual records of financial transactions and to conceal... Springer's income." Doc 2, pg 3

Count 2's making false statements to agents and employees of the IRS is the same in Count 1's ¶ 13 "did knowingly misrepresent the source and nature of... Springer's income to Internal Revenue Service employees..." Doc 2, pg 3.

Count 2's "otherwise concealing and attempting to conceal from all proper officers of the United States of America his true and correct income" is the same as Count 1's ¶ 9 "impeding, impairing, obstructing, and defeating the lawful government functions of the Internal Revenue Service," ¶ 10's "conceal... Springer's income," ¶ 12's "conceal... Springer's income," and ¶ 13's "knowingly misrepresent the source and nature of... Springer's income to Internal Revenue Service employees."

There simply can be no difference between "did refrain from filing forms with the Internal Revenue Service, including forms 1040," and "concealing or attempting to conceal from all proper officers of the United States of America his true and correct income," Compare Doc 2, ¶ 14 with ¶¶ 6, 40 through 49.

This leaves Count 3's accepting collectible coins in payment of services which is the same as Count 1's ¶ 12 "and other means to avoid

creating the usual records of Financial Transactions."
Doc 2, ¶ 12 This act is also included within
¶ 5's "each earned income in various ways, including
assisting individuals being investigated and pros-
ecuted For Federal tax violations," which the
Grand Jury incorporated into each of the Six
Counts.

(d) to evade or defeat

Count 2, 3, and 4 allege Movant willfully attempted
to "evade and defeat" Federal Individual Income
Taxes For 2000, 2003, and 2005, and Count 1 alleges
the object of the conspiracy to defraud the IRS
was:

"by... defeating the lawful government Functions."
Doc 474, pg 7 compared to Doc 2, pg 2, ¶ 9.

(VIII) All elements and all Facts alleged in
Counts 2, 3, 4, 5, and 6, are included in
Count 1

As shown above, each of the elements instructed
to the Jury on Counts 2 through 6 are included
in the elements of Count 1.

As shown above, each of the Fact allegations
alleged in Counts 2 Through 6 are included in
the allegations of Fact in Count 1.


E. Count 2, 3, and 4's "attempt" is the
offenses subject to 18 U.S.C § 3584 (a)
and Count 1's "defraud" is the sole
object of Count 2, 3, and 4's attempt.

17

Count 2, 3, and 4 list 26 U.S.C § 7201, and regardless of which of the two distinct offenses the Grand Jury alleged, be it attempting to evade and defeat the assessment of Federal Individual Income Taxes for years 2000, 2003, or 2005, or whether it should have been what the Trial Judge switched to in attempting to evade and defeat the payment of Taxes, both offenses are alleged as "attempts." See Doc 2, ¶ ¶ 41, 43, and 45 ("Springer did willfully attempt to evade and defeat...")

To determine whether Count 1's offense is the sole object of Count 2, 3, and 4's attempt requires an understanding of 18 U.S.C § 371.

26 U.S.C § 7201 reads:

"Any person who willfully attempts in any manner to evade or defeat any tax imposed by this Title, or the payment thereof..."

18 U.S.C § 371 reads:

"If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose..."

The Trial Judge referred to Count 1 as a Klein conspiracy. Doc 383, pg 150. A Klein Conspiracy is to defeat the Functions of the IRS. U.S. v. Klein, 247 F.2d 908, 915-18 (2nd Cir. 1957)

The difference between the § 7203 misdemeanor

18

of willful Failure to File a Form 1040 United States Individual Income Tax Return, and the felony of willful attempt to evade or defeat the tax imposed "is found in the affirmative action implied From the term "attempt.'" *Spies v. U.S.*, 317. U.S. 492, 498 (1943) ("The attempt made criminal by this statute....")

The Trial Judge on October 21, 2009, in the Context of discussing Count 1 stated:

> "The conspiracy count, at least From an evidentiary standpoint, may be the grand jury's Flagship Count in this case. It certainly stakes out the scope, to a large degree, the scope of the evidence that will be admissible. And will apparently be a good deal of evidence come in under the conspiracy count that will be relevant, or is made relevant, by the conspiracy counts that will also be supportive of some other counts.

Doc. 384, pg 20.

"our precedent requires the prosecution in a conspiracy case to prove the degree of criminal intent necessary For a conviction on the underlying substantive offense of the Conspiracy," *U.S. v. Bedford*, 536 F.3d 1148, 1155 (10th Cir. 2008)

In this case "the underlying crime," the Trial Judge said, was "defrauding the government." *Id* at 1156

At the July 2, 2009 hearing, the Trial Judge held:

19

"The defraud clause... reaches conspiracy meant to interfere or obstruct one of the governments lawful functions. In this case, such as collecting taxes and getting lawful returns in by some means that is dishonest. And that is exactly what is charged here."

Doc 383, pg 150; See also Doc 474, pg 13

So Count 1's offense is "defraud the government" and Counts 2, 3, and 4, are the attempts under 18 U.SC § 3584(a).

The First Element the Jury was instructed:

"that the defendant agreed with at least one other person to violate the law by defrauding the United States..."

Vol. XII, pg 2906.

This Judge can easily find Count 1's "defraud the government" offense is the object of Count 2, 3, and 4's "attempt."

F. Sentencing Mount to 5 years in Count 1, and 5 years to each Count 2, 3, and 4, and to run Count 1, 2, and 3, consecutive to each other violates 18 U.SC § 3584(a)

In the April 28, 2010 Judgment, the Sentence imposed States:

"180 months, said term consists of sixty months as to each counts One, Two, Three, and Four, and twelve months as to each of Counts Five and Six. The terms imposed as to Counts Four, Five, and Six shall run concurrently with each other and with the terms imposed as to Counts One, Two, and Three. The terms as to Counts One, Two, and Three shall run consecutively to each other."

Doc 337, pg 2.

The sentence, according to 18 U.S.C § 3584(a), should run Count 1 concurrent with Counts 2 through 6, and Counts 2 through 6 concurrent with each other and with Count 1 to produce a maximum 60 month sentence.

**6. Sentencing Movant to 5 years in Count 1 and 5 years to each Count 2, 3, and 4, and 1 year to Counts 5 and 6, violates the Fifth Amendment's Double Jeopardy clause**

Having established all the elements of each Count 2 through 6 are included in the elements of Count 1, and having shown the facts or conduct alleged in Counts 2 through 6, are included in Count 1, this Judge should vacate the sentence and Special Assessment imposed as to Counts 2 through 6 for being in violation of the double jeopardy clause of the Fifth Amendment.

The "Fifth Amendment Forbids... cumulative punishment for greater and lesser included offenses," U.S. v. Rodriguez-Aguirre, 73 F.3d 1023, 1025 (10th Cir. 1996); citing Brown, 432 U.S. at 169

Movant was sentenced to multiple sentences from the same conduct and where all the elements of Counts 2 through 6 are included within Count 1, See White, 417 F.2d at 94 (a crime within a crime).

21

Again, multiplicity refers to multiple counts of an indictment which cover the same criminal behaviour. <u>Morehead</u>, 959 F. 2d at 1505

The Fifth Amendment requires dismissal of counts 2 through 6. Imposition of an unauthorized sentence is a miscarriage of justice.

H. Count 3 and 4 would be multiplicitous to Count 2, and Count 4 would be multiplicitous to Count 3.

There is no question the Trial Judge charged Count 2, 3, and 4, to attempt to evade payment from evasion of assessment.

Count 2 spans 2000 through 2009. Count 3 spans 2003 through 2009, Count 4 spans 2005 through 2009. Doc 474, pg 7

Clearly all the conduct alleged in Count 3 and 4 is covered in Count 2. And, clearly, Count 4's alleged conduct is covered in Count 3. Even if Count 2 was not included in Count 1, which it certainly is, Count 3 and 4 are the same offense as in Count 2

To the extent the aiding and abetting charge is not included in Count 2, the outcome is the same due to the jury being required to find Movant "committed the tax evasion crime charged in the indictment" in Counts 3 and 4. See Vol. XIII, pg 2961-62

22

I.   Appellate counsels deficient performance.

Appellate counsel did not raise these issues
on direct appeal and had they been raised,
the Tenth Circuit would have reversed the
sentence directing under 18 USC § 3584(a)
the sentence not to exceed 60 months to be
ran concurrently with all other sentences, or
held Counts 2 through 6 were included in
Count 1 requiring Counts 2 through 6 be
dismissed in violation of the Fifth Amendmt
Double Jeopardy prohibition. Equally, the
Tenth Circuit would have found, notwithstanding
the constructive amendment to Counts 2, 3, and
4, that Counts 3 and 4 are included in Count
2, and Count 4 is included in Count 3, requiring
dismissal of Counts 3 and 4 on Double Jeopardy
grounds. Counts 5 and 6 would also be dismissed
being included in Counts 2 and 3 as well.

J.   Prejudice to Movant

Appellate counsels deficient performance
was prejudicial to Movant in that Movant
would have received a reduced sentence to
no more than 60 months, notwithstanding
the other grounds that would have resulted
in dismissal of all six counts or a new
Trial. The 180 months exceeds the Statutory
maximum, of 5 years, under these circumstances.

23

Movant includes these issues as related back to Grounds 33, 42, 44, 49, 55, 57, 58, 59, 60, 61, and 75. It would be a miscarriage of justice not to allow these issues to be ruled on the merits.

K. Mayle v. Felix, 545 U.S 644, 657 (2005)

Relation back ordinarily is allowed "when the new claim is based on the same facts as the original pleading and only changes the legal theory." Mayle, 545 U.S. at 664 (n.7)

The Tenth Circuit in U.S v. Espinoza-Saenz 235 F. 3d 501, 503-505 (10th Cir. 2000) "allow relation back only when the claims added by amendment arise from the same core facts as the timely filed claims..." Mayle, 545 U.S. at 657. The facts are the same.

## Conclusion

Movant respectfully request leave to Amend, or Supplement, his application by motion pursuant to 28 U.S.C. § 2255, pursuant to Rule 12 of the rules governing 2255 proceedings, and Rule 15 of the Federal Rules of Civil procedure, and include the issues herein. Movant requests this Judge to direct Respondent answer these issues, for the appointment of counsel, and an evidentiary hearing.

24

I declare under the penalty of perjury, pursuant to 28 USC § 1746(1), under the laws of the United States of America, that the foregoing is True and correct to the best of my knowledge and belief.

Lindsey K Springer
Reg # 02580-063
Federal Satellite Low-La Tuna
P.O. Box 6000
Anthony, New Mexico 88021

## Certificate of Service

I certify that I mailed the above motion to the clerk of Court, 333 west Fourth St., Tulsa Oklahoma, 74103, on June 23, 2014.

I further certify that all parties to the case are ECF Registered users and shall be served through that system:

Danny C. Williams Jr.
Jeffrey A. Gallant
Charles A. O'Reilly

Lindsey K Springer
Server

## Declaration of Mailing

I declare under penalty of perjury that on June 23, 2014, I deposited the above motion in the U.S. mailbox located inside FSL La Tuna to the address above.

Lindsey K Springer
declarant

25



EL PASO TX 799

TUE 24 JUN 2014 PM

postmarked 6/24/14 - sc

09 cr 43

RECEIVED

JUN 27 2014

Phil Lombardi, Clerk
U.S. DISTRICT COURT

<>02580-063<>
        Clerk Of Court
        Northern District of Okla
        333 W 4TH ST
        Tulsa, OK 74103
        United States

Lindsey Kent Springer
Reg. # 02580-063
Federal Satellite Low La Tuna
P.O. Box 6000
Anthony, New Mexico 88021

"Legal Mail"