IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent | ) | |
| | ) | |
| v. | ) | Case No.    09-CR-043-SPF |
| | ) | |
| LINDSEY KENT SPRINGER, | ) | |
| | ) | |
| Defendant/Movant. | ) | |

UNITED STATES' RESPONSE IN OPPOSITION TO
LINDSEY SPRINGER'S MOTION FOR LEAVE TO AMEND
MOTION MADE PURSUANT TO 28 U.S.C. §2255 (DOC. NO. 570)

The United States of America, by and through its attorneys, Danny C. Williams,

Sr., United States Attorney for the Northern District of Oklahoma, Jeffrey Gallant,

Assistant U.S. Attorney, and Charles A. O'Reilly, Special Assistant United States

Attorney, responding pursuant to the Court's Order dated July 1, 2014 (doc. no. 571),

hereby responds and objects to Mr. Springer's 24-page Motion for Leave to Amend 2255

(doc. no. 570).  As more fully detailed herein, Mr. Springer's motion should be stricken

for being filed in violation of the page limitations imposed under the local rules; as the

Court indicated in its order dated March 4, 2014 (doc. no. 537 at 12) ("the court now

advises that it is highly unlikely to permit briefs with more than 25 pages of text").

Mr. Springer already filed a twenty-five page typewritten reply brief (doc. no. 570)

in response to the Government's Response in Opposition to Lindsey Kent Springer's

Motion for Relief Under 28 U.S.C. § 2255 (doc. no. 562). Furthermore, Mr. Springer's motion fails to comply with Local Rule 9.2 that governs actions brought by incarcerated persons, which provides that "[o]riginal proposed amended pleadings shall be signed and attached to any motion for leave to amend the pleading." LCvR9.2(c). Mr. Springer does not appear to have attached the proposed amended pleading, but simply seeks to add two additional issues to the 76 grounds for relief identified in his original Motion Under U.S.C. § 2255 to Vacate, Set Aside or Correct a Sentence by a Person in Federal Custody. Doc. no. 472.

Mr. Springer seeks "an order allowing 2 additional issues that relate back to the original 2255 to be raised pursuant to Rule 15 of the Fed.R.Civ.P." Doc. no. 570 at 5. Should the Court entertain Mr. Springer's Motion to Amend, the Court should deny the motion because each additional issue could have been raised previously during the appeal, and because Mr. Springer's contentions with respect to both alleged issues are wrong as a matter of law. Mr. Springer's first additional issue asserts that pursuant to Title 18, United States Code Section 3584(a) the Court was prohibited from imposing consecutive terms of imprisonment, and therefore the maximum term for which he could be imprisoned was five years. Mr. Springer states that his second additional issue is that "[t]he sentence imposed is multiplicitous and violates the Fifth Amendment's due process and double jeopardy clause exceeding the statutory maximum." Doc. no. 570 at 6. Each of these contentions is without merit.

-2-

There is no proper allegation of ineffective assistance of counsel for failure to raise frivolous or legally incorrect positions. *United States v. Orange*, 447 F.3d 792, 797 (10th Cir. 2006) ("If the omitted issue is without merit, then counsel's failure to raise it is not prejudicial, and this is not ineffective assistance." (citation omitted)). Therefore, appellate counsel's failure to raise these meritless issues cannot constitute ineffective assistance of counsel.

## MR. SPRINGER'S PLEADINGS VIOLATE PAGE LIMITATIONS

Rule 47.7 of the Local Rules provides that "[n]o brief shall be submitted that is longer than twenty-five (25) pages without leave of Court." Furthermore, this Court reminded the parties that "it was highly unlikely to permit briefs with more than 25 pages of text" by order dated March 4, 2014. Should the Court consider Mr. Springer's Motion for Leave to Amend 2255 (doc. no. 570), the Court will be allowing Mr. Springer to double the length of the page limitation directed by the local rules and reiterated in the Court's prior order. The Government objects to any such extension of the page limitations, and requests that the Court strike Mr. Springer's pleading for being filed in violation of the local rules.

## FAILING TO MAKE FRIVOLOUS AND LEGALLY INCORRECT MOTIONS DOES NOT CONSTITUTE INEFFECTIVE ASSISTANCE OF COUNSEL

Mr. Springer asserts that his appellate attorney's failure to object to consecutive terms of imprisonment and to the Indictment as multiplicitous constitutes ineffective assistance of counsel. Mr. Springer is wrong.  The Indictment charged and the jury

convicted Mr. Springer with respect to six distinct crimes. Count 1 charged Messrs. Springer and Stilley with conspiring to defraud the United States with respect to taxes. Count 2 charged Mr. Springer alone with attempting to evade his 2000 income taxes. Counts 3 and 4 charged Messrs. Springer and Stilley with attempting to evade Mr. Springer's 2003 and 2005 income taxes, respectively. Counts 5 and 6 respectively charged Mr. Springer alone with willfully failing to file a 2002 income tax return and a 2004 income tax return. Each crime charged was distinct and required proof of facts not required with respect to the other Counts charged. The Tenth Circuit Court of Appeals, in addressing a defendant's similar contention that the consecutive sentences imposed violated the Double Jeopardy Clause of the Fifth Amendment and Wharton's Rule because the conspiracy count together with the other counts was essentially a single comprehensive crime, stated "[e]ven if this court should view the charges as concerning one comprehensive criminal episode, it is well settled that a single transaction may be punished under separate statutory provisions if conviction on each charge requires proof of a fact not required for conviction under the other statutory provisions. *Blockburger v. United States*, 284 U.S. 299, 304 (1932); *Timberlake v. United States*, 767 F.2d 1479, 1481 (10th Cir. 1985); *see United States v. Genser*, 710 F.2d 1426, 1429 n.3 (10th Cir. 1983) (noting rejection by this Circuit of the "same transaction" and "totality of the circumstances" test as a substitute for the *Blockburger* test); *United States v. Neal*, 692 F.2d 1296, 1305-06 (10th Cir. 1982). *United States v. Davis*, 793 F.2d 246, 248 (10th Cir. 1986). The *Davis* Court went on to reject the argument that the substantive counts merged

-4-

into the conspiracy count, and also to reject the assertion that the imposition of consecutive sentences violated double jeopardy. *Id*. at 249.

**CONCLUSION**

The Government requests that the Court strike Mr. Springer's most recent pleading, doc. no. 570, because, together with Mr. Springer's previous and related pleading, doc. no. 567, the pleadings exceed twenty-five pages in length, in violation of Rule 47.7 of the Local Rules. Should the Court decide to consider Mr. Springer's motion to amend, the Court should deny the amendment because each of the two additional issues could have been raised in the underlying proceedings and each of the additional issues is without merit. Counsel's election to not raise either issue cannot constitute ineffective assistance of counsel.

Respectfully submitted,

DANNY WILLIAMS
UNITED STATES ATTORNEY

    */s/ Charles A. O'Reilly*
CHARLES A. O'REILLY, CBA NO. 160980
Special Assistant United States Attorney
JEFFREY GALLANT
Assistant United States Attorney
110 West Seventh Street, Suite 300
Tulsa, Oklahoma  74119
(918) 382-2700

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 10th day of July 2014, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing, and also served the foregoing document by United States Postal Mail, to:

Lindsey Kent Springer
Defendant
FCI La Tuna
Federal Correctional Institution
P.O. Box 6000
Anthony, TX 88021
Inmate Number 02580-063.

_/s/ Charles A. O'Reilly_
Charles A. O'Reilly
Special Assistant United States Attorney

-6-