In The United States District Court
For The Northern District of Oklahoma

**FILED**

JUL 11 2014

Phil Lombardi, Clerk
U.S. DISTRICT COURT

Lindsey Kent Springer

      Movant

v.

United States of America

      Respondent.

Case No. 13-CV-145
(Formerly 09-CR-043)

Motion For Release Pending Disposition
of 2255 Proceeding

Lindsey Kent Springer
Reg # 02580-063
Federal Satellite Low La Tuna
P.O. Box 6000
Anthony, New Mexico 88021

___Mail    ___No Cert Svc    ___No Orig Sign
___C/J    ___C/MJ    ___C/Ret'd    ___No Env
___No Cpy's    ___No Env/Cpy's    ___O/J    ___O/MJ

—i—

## Table of Contents

Table of Authorities — iii —

Motion For Release 1

Argument 2

I. The offense alleged in Count 2 through 6 are necessarily included, and lesser included, offenses within Count 1's offense rendered the conviction, Sentence, and judgment, and imprisonment, cumulative, multiplicitous, and in violation of the Fifth Amendment 2

A. Comparison between Count 1 with Count 2 through 6 3

(i) Count 1 3

(ii) Count 2, 3, 4 7

(iii) Count 3 and 4 aiding and abetting 9

(iv) Count 5 and 6 11

B. Count 1 alleges Movant Failed to File Form 1040 United States Individual Income Tax Returns For Same years alleged in Counts 2 through 6 — 11

C. The Tax years and Type of Tax For Counts 2 through 6 are the same years and taxes included in Count 1. 12

D. The Tax Years and Type of Tax For counts 3 and 4 are in Count 2 — 12

E. The elements of willfully is the Same In count 1 as it is alleged in Count 2 through 6 13

(i) counts 3 and 4 13

F. Count 2, 3, and 4, Affirmative Acts and conduct alleged are included in Count 1 13

— ii —

Table of Contents (cont'd)

G. Count 2, 3, and 4 alleged "defeat" is included in Count 1's "defeating"  16

H. Conspiracy requires criminal intent of underlying substantive offense  17

2. The sentence and judgment involving Counts 1, 2, and 3, to run consecutive with each other, violates 18 USC. § 3584 (a), and is unconstitutional  19

3. The conviction, sentence, and judgment, involving Counts 2, 3, and 4, are in direct violation of both the Fifth and Sixth Amendment  20

4. Movant's Sixth Amendment waiver of Trial Counsel was invalid as to all Six Counts  24

Conclusion  25

– iii –

## Table of Authorities

Brown v. Ohio, 432 U.S. 161, 169 (1977)   2, 3

Descamps v. U.S., 186 L. Ed 2d 438, 458 (n.4)(2013)   21

Ex Parte Nielson, 131 U.S. 176, 188 (1889)   3

Flora v. U.S., 302 U.S. 145, 176 (1960)   17

Johnson v. Zerbst, 304 U.S. 458, 468 (1938)   25

Helvering v. Mitchell, 303 US. 391, 399 (1938)   17

Kawashima v. Holder, 182 L. Ed 2d 1, 10 (2012)   18, 21

Laing v. U.S., 423 U.S. 161, 188 (1975)   17

Lawn v. U.S., 355 U.S. 339, 360 (1957)   20

Sansone v. US, 380 U.S. 343, 354 (1965)   18, 21

Spies v. U.S., 317 U.S. 492, 497 (1943)   21

Stirone v. U.S, 361 U.S. 212, 215-16 (1960)   24

Warnick v. Booher, 425 F.3d 842, 847 (10th 2005)   3

U.S. v. Bedford, 536 F.3d 1148, 1155 (10th 2008) 17,18

U.S. v. Bishop, 412 U.S. 346, 359 (1973)   21

U.S. v. Cohen, 297 F.2d 760, 770 (9th 1960)   22

U.S. v. Cotton, 535 U.S. 625, 630 (2002)   24

U.S. v. Dashney, 937 F.2d 532, 540 (10th 1991)   3

U.S. v. Dunkel, 900 F.2d 105, 107 (7th Cir. 1990)   22

U.S. v. Farr, 536 F.3d 1174, 1180 (10th Cir. 2008) 22,24

U.S. v. Farr, 591 F.3d 1322, 1324 (10th Cir. 2010)   3

U.S. v. Galletti, 541 U.S. 114, 122 (2004)   17

U.S. v. Green, 293 Fed Appx 431, 434 (10th 2007)   22

U.S. v. Sabino, 307 F.3d 446, 450 (6th Cir. 2002)   20

- iv -

## Table of Authorities (cont'd)

U.S. v. Klein, 247 F. 2d 908, 915-18 (2nd 1957) 5

U.S. v. McGill, 964 F. 2d 222, 230 (3rd 1993)   22

U.S. v. Miller, 471 U.S. 130, 143 (1985)   24

U.S. v. Morehead, 959 F. 2d 1489, 1506 (10th 1992) 3

U.S. v. Root, 585 F. 3d 145, 151 (3rd 2009)   22

U.S. v. Rodriguez, 73 F. 3d 1023, 1025 (10th 1996)   2

U.S. v. White, 417 F. 2d 89, 94 (2nd 1969)   3

### Statutes Involved

18 U.S.C § 371   4, 5, 19

§ 3584(a)   2, 19, 20

26 U.S.C § 7201   7, 18, 19, 23

§ 7203   11, 19

28 U.S.C § 1651   1

§ 2241   1

§ 2255   1

### Constitution

Fifth Amendment   1, 2, 18, 24, 25

Sixth Amendment   1, 2, 24, 25

## Motion For Release Pending Disposition
## of 2255 Proceeding

Lindsey Kent Springer ("Movant") moves for and order releasing him from his current imprisonment pending the outcome of his pending 2255 proceeding pursuant to 28 U.S.C. §§ 1651, 2241, 2255, and its inherent power.

Movant began serving his sentence of incarceration on April 23, 2010, has completed 50 months to date, earned 8 months of good time credits, for a total time served of 58 months. (approximately)

Movant has claims pending in the 2255 proceeding that his conviction, sentence, and judgment, regarding counts 2, 3, and 4, were entered in violation of the Fifth and Sixth Amendments where the Trial Judge switched the offenses alleged to attempted willful evasion of payment of individual income taxes for 2000, 2003, and 2005, from attempted willful evasion of assessment.

Movant has claims pending that the offenses alleged in counts 2 through 6 are necessarily included in Count 1 which renders the sentence of counts 2 through 6 multiplicitous to Count 1 in violation of the Fifth Amendment.

Movant also claims the sentence and judgment

1

running Counts 1, 2, and 3, consecutive with each other, violates 18 U.S.C. § 3584 (a), in violation of the Fifth Amendment.

Movant's Sixth Amendment waiver of Trial Counsel was invalid rendering the conviction, sentence, and Judgment, on all six Counts entered in violation of the Fifth and Sixth Amendment.

## Argument For Release

1. The offenses alleged in Counts 2 through 6 are necessarily included, and lesser included, offenses within Count 1's offense rendering the conviction, sentence, Judgment, and imprisonment, cumulative, multiplicious, and in violation of the Fifth Amendment.

Movant was sentenced and incarcerated on April 23, 2010. Movant has served 50 months in prison at various places. The April 28, 2010 Judgment states Movant be imprisoned 60 months on Counts 1 through 4 respectively, and 12 months on Counts 5 and 6 respectively. Doc 337.

The "Fifth Amendment Forbids... cumulative punishment For greater and lesser included offenses." U.S. v. Rodriguez-Aguirre, 73 F.3d 1023, 1025 (10th Cir. 1996); citing Brown v. Ohio, 432 U.S. 161, 169 (1977)

A "Judge is Forbidden to impose cumulative

punishment for two crimes at the end of a single proceeding." <u>Brown</u>, Id at 166.

"where... a person has been tried and convicted for a crime which has various incidents included in it, he cannot be a second time tried for one of those incidents without being twice put in jeopardy for the same offense." Id. at 168 citing <u>Ex Parte Nielson</u>, 131 U.S. 176, 188 (1889)

Where an offense is a crime within a crime cumulative penalty is improper. <u>U.S. v. White</u>, 417 F. 2d 89, 94 (2nd Cir. 1969)

"Multiplicity... refers to multiple counts of an indictment which cover the same criminal behavior." <u>U.S. v. Morehead</u>, 959 F. 2d 1489, 1506 (10th Cir. 1992) citing <u>U.S. v. Dashney</u>, 937 F. 2d 532, 540 (N.7)(10th Cir. 1991) The Fifth Amendment's Double Jeopardy Clause prohibits multiple punishment for the same offense. <u>Warnick v. Booher</u>, 425 F. 3d 842, 847 (10th Cir. 2005): See also <u>U.S. v. Farr</u>, 591 F. 3d 1322, 1326 (10th Cir. 2010)

A. <u>Comparison between Count 1 with 2 through 6</u>

(i) <u>Count 1</u>

Count 1 alleges a violation of 18 U.S.C. §371 as a conspiracy to defraud the IRS in its ascertainment, computation, assessment, and collection of revenue, that is Federal Individual Income Taxes. Doc 2, pg 3 (II 9)

Movant and Oscar Amos Stilley are alleged to have:

"unlawfully and knowingly combined, conspired, confederated, and agreed, together to defraud the United States by impeding, impairing, obstructing, and defeating the lawful government functions of The Internal Revenue Service, in the ascertainment, computation, assessment, and collection of revenue, that is Federal Individual Income Taxes."

Id.

In denying Movant's Motion To Dismiss Count 1, the Trial Judge explained what Movant was called to defend against:

"The defraud clause... reaches conspiracy meant to interfere or obstruct one of the government's lawful functions. In this case such as collecting Taxes and getting lawful returns in by some means That is dishonest, and that is exactly what is charged here,"

Doc 474, pg 13 quoting Hearing Trans, Doc 383, pg 150

During the October 21, 2009 Pre-Trial hearing, the Trial Judge, while discussing Counts 1 through 6, stated:

"The Conspiracy Count, at least from an evidentiary standpoint, may be the grand jury's flagship Count in this case. It certainly stakes out the scope, to a large degree, the scope of the evidence that will be

4

admissible. And will apparently be a good deal of evidence come in under the conspiracy count that will be relevant, or is made relevant, by the conspiracy counts that will be supportive of some other counts."

<u>Doc</u> 384, pg 20; See also attached to Movants Declaration at <u>1, Exhibit AA, and 1</u>

The Trial Judge refered to Count 1 as a Klein Conspiracy. <u>Doc</u> 383, pg 150 (7.2.09 hearing); See also attached to Movant's Declaration at <u>1, Exhibit BB, and 2</u> A Klein conspiracy is to defeat the Functions of the IRS. <u>U.S v Klein</u>, 247 F. 2d 908, 915-18 (2nd Cir. 1957)

18 U.S.C § 371 reads in relevant part:

"If two or more persons conspire either to commit any offense against the United States or to defraud the United States, or any agency thereof in any manner or for any purpose..."

The Five elements to Count 1 as the Jury was instructed, are:

<u>First</u>, that the defendant agreed with at least one other person to violate the law by defrauding the United States;

<u>Second</u>, One of the conspirators engaged in at least one overt act furthering the conspiracy's objective;

<u>Third</u>, That the defendant knew the essential objective of the conspiracy;

<u>Fourth</u>, That the defendant participated in the conspiracy knowingly, willfully, and voluntarily;

<u>Fifth</u>, That there was interdependence among the members of the conspiracy. That is

5

that the members of the conspiracy in some way or manner intended to act together for their shared mutual benefit within the scope of the conspiracy charged.

See Vol. XII, pgs 2906-2907; See also attached to Movant's Declaration at 1, Exhibt CC, and 5-6

In the "manner and means of the conspiracy," the grand jury alleges;

II 10) Springer and Stilley used Stilley's IOLTA account to conceal Springer's income, assets, and personal expenses;

II 11) Springer used Stilley's credit card to pay Springer's personal expenses;

II 12) Springer and Stilley used cashiers checks, money orders, cash, and other means to avoid creating the usual records of financial transactions and to conceal Springer's income;

II 13) Springer and Stilley Knowingly misrepresented the source and nature of Springer's income to IRS employees, the Grand Jury, and the Department of Justice;

II 14) Springer and Stilley refrained from filing forms with the IRS, including Form 1040 United States Individual Income Tax Return Forms, and 1099;

Doc 2, pg 3

Paragraph 5 of the indictment alleges both Movant and Stilley:

"earned income in various ways including assisting individuals being investigated and prosecuted for federal tax violations."

Doc 2, pg 2

6

Paragraph 6 alleges Movant:

"last filed an individual income tax return with the Internal Revenue Service in the late 1980s."

Doc 2, pg 2

The years alleged in Count 1 alleges from 2000 through 2009. Doc 2, ¶ 9; Doc. 474, pg 7

(ii) Counts 2, 3, 4

Counts 2, 3, and 4, allege violations of 26 U.S.C. § 7201. Doc. 2, ¶¶ 41, 43, 45; Counts 2, 3, and 4 also incorporate ¶¶ 5 and 6 into each Count. See Doc. 2 ¶¶ 40, 42, 44.

26 U.S.C. § 7201 reads in relevant part:

"Any person who willfully attempts in any manner to evade or defeat any tax imposed by this Title, or the payment thereof..."

The four elements to Counts 2, 3, and 4, instructed to the jury, are:

First, that Defendant Springer owed substantial tax for the years 2000, 2003, and 2005;

Second, that Defendant Springer intended to evade and defeat payment of that tax;

Third, that Defendant Springer committed an affirmative act in furtherance of this intent;

Fourth, that Defendant Springer acted willfully, that is, with voluntary intent to violate a known legal duty.

Vol. XIII, pg 2955 to 2959: see also attached to Movants Declaration at 1, Exhibit DD, and 10-14

7

The years alleged in Count 2 are from 2000 to 2009. Doc. 474, pg 7. Count 3's years are from 2003 to 2009, Id. Count 4's years are from 2005 to 2009, Id.

Counts 2, 3, and 4, allege Movant willfully attempted to evade and defeat the individual income taxes due and owing by Movant "by failing to file a United States Individual Income Tax Return" as required by law (or requiring as in Count 4). Doc 2, ¶¶ 41, 43, 45; Doc. 474, pg 7

The Affirmative Acts alleged in Count 2 are:

1) receiving income in a fictitious name;

2) directing individuals to write "donation" or "gift" on checks that were payment for services;

3) directing individuals to pay for services by cashiers checks;

4) using a check-cashing business to cash checks;

5) using money orders, cash, and other means to avoid creating the usual records of financial transactions and to conceal his income;

6) making false statements to agents and employees of the IRS;

7) and otherwise concealing and attempting to conceal from all proper officers of the United States of America his true and correct income.

Doc 474, pg 38

The Affirmative Acts in Count 3 allege:

8

1) directing individuals to make checks payable to Bondage Breakers Ministry;

2) using a check cashing business to cash checks;

3) accepting collectible coins as payment for services;

Doc 474, pg 38.

The Affirmative Acts in Count 4 alleged;

1) directing individuals to make checks payable to Bondage Breakers;

2) using a check cashing business to cash checks;

Doc 474, pg 38

(iii) Count 3 and 4 aiding and abetting

Count 3 and 4 also include alleging a violation of 18 U.S.C. § 2. The Jury was instructed:

"Counts 3 and 4 of the indictment charge both Defendant Springer and Defendant Stilley with tax evasion, in violation of Title 26, section 7201, of the United States Code."

Vol. XIII, pg 2955; see also attached to Mount's Declaration at 1, Exhibit DD, and 1D

The Jury was instructed the elements of aiding and abetting are:

First, That Defendant Springer committed the tax evasion crime charged in the indictment in Count 3 or in Count 4 respectively;

Second, That Defendant Stilley intentionally associated himself in some way with that crime and intentionally participated in it as he would in something he wished to bring about which requires proof that Defendant Stilley consciously shared Defendant Springer's knowledge of the underlying criminal act of tax evasion charged and that Defendant

9

Stilley intended to help Defendant Springer commit that crime.

Vol. XIII, pg 2961-62; See also attached to Movant's Declaration at 1, Exhibit DD, and 16-17

The Jury was instructed they need to find these elements "to find Defendant Stilley guilty of the tax evasion charge in Count 3 and Count 4 as an aider and abetter..." Id.

Count 3 and 4 allege the following aider and abettor acts:

   1) using Stilley's IOLTA account;

   2) using Stilley's credit card to pay movant's personal expenses;

   3) using cashiers checks, money orders, and other means to avoid usual records and to conceal income;

   4) making false statements to agents and employees of the IRS;

   5) and otherwise concealing and attempting to conceal from the IRS movant's true and correct income;

Doc 474, pg 39; Doc 2, II IV 43, 45

The Trial Judge also instructed the Jury:

   "In addition to being charged as a principal Defendant Stilley is charged as an aider and abetter in Count 3."

Vol. XIII, pg 2958.59; See also attached to Movant's Declaration at 1, Exhibit DD, and 13-14

The Same instruction was given to the Jury as to Count 4. Vol. XIII, pg 2961; See Movant's

10

Declaration at 1, Exhibit DD, and 16

(iv) Counts 5 and 6

Counts 5 and 6 allege Movant Willfully Failed to File a Federal Income Tax Return For calendar year 2002 and 2004 in violation of 26 U.S.C § 7203. Doc 474, pg 7

The elements to Count 5 and 6 are:

1) Defendant was required by law to File a tax return!

2) Defendant Failed to do so';

3) Defendant's Failure to do so..was willful.

Vol. XIII, pg 2965 ; See also Movant's Declaration at 1, Exhibit DD, and 20

26 U.S.C § 7203 reads in relevant part:

"Any person...required by this Title or by regulation made under authority thereof to make a return,...who willfully Fails to ...make a return, at the times...required by law or regulation, shall...be guilty of a misdemeanor."

B. Count 1 alleges Movant Failed to File Form 1040 United States Individual Income Tax Returns For Same years alleged in Count 2 Through 6.

Paragraph 6 incorporated into all six Counts alleges Movant has not filed "Individual income tax returns" with the IRS since late 1980s. Doc 474, pg 7.

Count 2, 3, and 4, each allege, in addition

11

to II 6, that Movant Failed to File Form 1040 United States Individual Income Tax Returns For 2000, 2003, and 2005. [2,3,4]. Doc 474, pg I

Counts 5 and 6 allege, in addition to II 6, that Movant Failed to File individual income tax returns for 2002 and 2004 [5,6]. Doc 474, pg. I Respondent listed 26 USC § 7203 in its Court ordered Bill of Particulars defining "required by law." Doc. 474, pg 14 citing Doc 104.

All the Tax Returns alleged not filed in Counts 2 through 6, are included in Count 1.

C. The Tax Years and Type of Tax For Counts 2 through 6 are the same years and taxes included in Count 1.

Count 1 alleges Tax Years 2000 through 2009, and Federal Income Taxes. Doc 2, pg 2-3, Count Two alleges the exact same. Doc 474, pg I Count 3 alleges Tax Years 2003 through 2009. Id. Count 4 alleges Tax Years 2005 to 2009. Id. Count 5 alleges 2002 and Count 6 alleges 2004.

All the Tax Years and Taxes at issue in Counts 2 through 6 are included in Count 1

D. The Tax Years and Type of Tax For Counts 4 is in Count 3 and For Counts 3 and 4 are in Count 2.

Count 2 alleges 2000 to 2009 which includes

12

Count 3's 2003 to 2009, Count 4's 2005 to 2009, and Counts 5 and 6's 2002 and 2004. Count 3 includes Count 4, 5, and 6. Count 4 includes Count 5 and 6.

This renders Counts 2, 3, 4, 5, and 6 multiplicitous to each other as described above.

E.  **The element of willfully is the same in Count 1 as it is alleged in Count 2 through 6.**

The element of willfully is alleged in all six counts to mean the same thing. See attached to Movants Declaration at 1, Exhibit CC and 3-4

All the Affirmative Acts alleged in Counts 2, 3, and 4, are the same Acts alleged and included in Count 1

(i) Counts 3 and 4

The Grand Jury's ¶¶ 10, 11, 12, 13, and 14, are exactly the same acts alleged in Count 3 and 4 under aiding and abetting at ¶¶ 43 and 45, See Doc 474, pg 39

What the Grand Jury alleged in Counts 3 and 4 joining Stilley to Movant are the same acts alleged in the manner and means, and object, of Count 1.

F.  **Count 2, 3, and 4 Affirmative Acts and conduct alleged are included in Count 1**

13

Count 2's receiving income in a fictitous name at ¶ 41, and Count 3 and 4's directing individuals to make checks payable to Bondage Breaker's Ministry, are the same allegation as Count 1's "Springer used the name Bondage Breaker's Ministry to solicit and receive money." Doc. 2, pg 1, ¶ 2.

Paragraph 2 is also realleged in Counts 2 through 6.

Count 2's allegation Movant directed people to write "gift" or "donation" that were payment for services is the same allegation as Count 1's ¶ 15 that "Springer told Internal Revenue Service employees that all funds he receives are gifts and donations, that he does not have any income, and that he does not provide any services for payment." Doc 2, pg 4 This same allegation in Count 2 is also the same allegation in ¶ 5 which begins "Springer... earned income in various ways..." Paragraph 5 is realleged in all six counts.

Count 2's directing individuals to pay for services with cashier's checks is the same allegation in Count 1 alleging "Springer... would and did use cashier's checks...to avoid creating the usual records of

Financial transactions..." Doc 2, pg 3.

Count 2, 3, and 4's "using a check cashing business" is the same allegation as ¶ 10's "conceal Defendant Springer's income," or ¶ 12's "avoid creating the usual records of Financial transactions and to conceal... Springer's income," Doc 2, pg 3.

Count 2's using cashier's checks, money orders, and other means to avoid creating usual records is the same allegation in Count 1's ¶ 12 "use of cashier's checks, money orders, cash, and other means to avoid creating the usual records of Financial transactions and to conceal... Springer's income." Doc 2, pg 3.

Count 2's allegation making False Statements to agents and employees of the IRS is the same allegation as Count 1's ¶ 13 "did knowingly misrepresent the source and nature of... Springer's income to Internal Revenue Service employees..." Doc 2, pg 3.

Count 2's "otherwise concealing and attempting to conceal From all proper officers of the United States of America his true and correct income" is the same Count 1's allegation in ¶¶ 9, 10, 12, and 13. Doc 2, pg 3.

Equally, there is no difference in Count 1's

"did refrain from filing forms with the Internal Revenue Service, including form 1040," and Count 2's "Concealing or attempting to conceal from all proper officers of the United States of America his true and correct income," Compare Doc 2, ¶ 14 with ¶¶ 6, and 40 through 49.

This leaves Count 3's accepting collectible coins in payment of services which is the same allegation as Count 1's ¶ 12 "and other means to avoid creating the usual records of Financial Transactions." Accepting coins is the same as ¶ 5 incorporated into all six Counts.

All the acts alleged in Count 2, 3, and 4, are included in Count 1

6. <u>Count 2, 3, and 4's alleged "defeat" is Included in Count 1's "defeating"</u>

Count 2, 3, and 4, allege Movant willfully attempted to "evade and defeat" Federal Individual Income Tax imposed by Title 26 for years 2000, 2003, and 2005. Doc 2, ¶¶ 41, 43, 45. Count 1 alleges the object of the Conspiracy to defraud the IRS was "by ... defeating the lawful government functions." Doc 474, pg 7 compared to Doc 2, ¶ 9

16

The Tax system is primarily "a self reporting and self assessment one. It is 'based upon voluntary assessment and payment, not upon distraint." Flora v. U.S. 302 U.S. 145, 176 (1960) quoted in Laing v. U.S. 423 U.S. 161, 191 (1975). See also Helvering v. Mitchell, 303 U.S. 391, 399 (1938), U.S. v. Galletti, 541 U.S. 114, 122 (2004)

Being required to file a Tax return is the same statement as "self assessment" for counts 1 through 6.

H.  Conspiracy requires criminal intent of underlying substantive offense.

In U.S. v. Bedford, 536 F.3d 1148, 1155 (10th Cir. 2008), the Tenth Circuit explained:

"Our precedent requires the prosecution in a conspiracy case to prove the degree of criminal intent necessary for a conviction on the underlying substantive offense of the conspiracy."

The Jury was instructed the first element in Count 1 they must find:

"that the defendant agreed with at least one other person to violate the law by defrauding the United States."

See Movant Declaration at 1, Exhibit CC, and 5.

In this very case the Trial Judge found that the "underlying crime" was "defrauding

17

the government." See also <u>Bedford</u>, 536 F. 3d at 1155.

Routinely, Mr. Woodward, Snoke, and O'Reilly, referred to Movant's conduct in all six Counts as "Fraudulent Conduct," and "Criminal tax Fraud," <u>Doc</u> 361, pg 5

It is true while making it clear 26 U.S.C § 7201 "includes two offenses," see <u>Kawashima v. Holder</u>, 182 L. Ed 2d 1, 10 (2012), citing <u>Sansone v. U.S.</u>, 380 U.S. 343, 354 (1965), the Supreme Court held "the elements of tax evasion pursuant to § 7201 do not necessarily involve Fraud..."

The Statements made by the Trial Judge and Mr. Woodward, Snoke, and O'Reilly, shows the offenses and conduct in Count 2 through 6 are necessarily included within Count 1's offense.

It is for these reasons the conviction, sentence, and Judgment in Count 2 through 6 are in Violation of the Fifth Amendment due process and double jeopardy clauses, are void as cumulative punishment involving various incidents included within Count 1.

The offenses in Count 2 through 6 are offenses within Count 1 and the cumulative penalties are improper.

2. The Sentence and Judgment involving Counts 1, 2, and 3, to run consecutive with each other, violates 18 U.S.C § 3584(a), and is unconstitutional.

18 U.S.C § 3584(a) reads in relevant part:

"If multiple terms of imprisonment are imposed on a defendant at the Same Time... the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt."

Count 2, 3, 4, 5, and 6, clearly qualify as "an attempt" for purpose of § 3584(a). 26 U.S.C § 7201 begins:

"Any person who willfully attempts in any manner..."

26 U.S.C § 7203 reads in relevant part:

"Any person... required by this Title or by regulation... to make a return... who willfully fails to... make such return, at the times... required by law or regulation..."

Besides Count 1 having a "manner" section (II II 10 to 14), 18 U.S.C § 371 clearly reads:

"If two or more persons conspire to... defraud the United States, or an agency thereof in any manner, or for any purpose..."

Clearly, 26 U.S.C §§ 7201 and 7203 qualify as "an attempt" for purpose of applying 18 U.S.C § 3584(a)'s prohibition on consecutive punishment.

The only remaining issue is whether 18 U.S.C. § 371's "defraud" offense satisfies § 3584(a)'s "for another offense that was the sole objective of the attempts." The object of a Klein conspiracy

19

is to evade taxes. U.S v. Sabino, 307 F. 3d 446, 450 (6th 2002).

Although movant maintains at no time was his objective to ever defraud the IRS, the Jury instruction that led to the conviction on Count 1 was based upon the Tenth Circuit's decision in Bedford holding there is a crime of "defrauding the United States," or any of its agencies, which is the underlying crime alleged in Count 1. See movant's Declaration at 1, Exhibit CC, and 5

Count 1's "Flagship" offense incorporated or included each of the offenses in Courts 2 through 6. Respondent consistently referred to all six counts using the term Fraud or tax Fraud. See Doc 361, pg 5. Count 1 is clearly the object of Count 2 through 6's attempts.

As such, the running of Courts 2 and 3 consecutive to Count 1 violates 18 U.S.C 5 3584(a), thus violating the due process clause of the Fifth Amendment, and is unconstitutional.


3.   The conviction, sentence, and judgment, involving Counts 2, 3, and 4, are in direct violation of both the Fifth and Sixth Amendmet.

In Lawn v. U.S, 355 U.S 339, 360 (1957), the Supreme Court explained Tax evasion was divided into two distinct crimes. The First being evasion of assessment, Id at 343, and the second, evasion

of payment. Id at 361; See also U.S. v. Bishop, 412 U.S. 346, 359 (1973) citing Sansone, 380 U.S. at 350-51

Although 26 U.S.C § 7201's phrase "tax imposed by this Title" is not defined in the 1939 codes §§ 145(a) or (b), see Spies v. U.S, 317 U.S. 492, 497 (1943), the Court described it this way:

"The United States has relied for the collection of its income tax largely upon the taxpayer's own disclosures rather then upon a system of withholding the tax from him by those from whom the income may be received."

317 U.S. at 495

Recently, the Supreme Court explained in Kawashima, 182 L.Ed 2d at 10, citing Sansone, 380 U.S. at 354:

"§ 7201 includes two offenses: 'the offense of willfully attempting to evade or defeat the assessment of a tax as well as the offense of willfully attempting to evade or defeat the payment of a tax.'"

There is no doubt § 7201 is "a single statute [that] sets forth [two] different offenses." Descamps v. U.S, 186 L.Ed 2d 438, 458 (n.4)(2013)

In examining Counts 2, 3, and 4, Movant is alleged to have evaded and defeated willfully the individual income taxes due and owing "by failing to file a United States Individual Income Tax Return" as required by law for 2000, 2003, and 2005, and listing the Affirmative Acts of (1) receiving income in a fictitious name; (2) directing

21

Individuals to write "donation" or "gift" on checks; (3) directing individuals to pay with cashiers checks; (4) using a check-cashing business to cash checks; (5) using money orders, cash, and other means to avoid creating records and to conceal income; (6) making false statements to agents and employees of the IRS; (7) accepting collectible coins.

The concealing of assets placing beyond the IRS's reach, see U.S. v. Green, 293 Fed Appx 431, 434 (10th Cir. 2007) (unpublished), placing property in a nominee name or filing false offer and compromise, Id, concealing ability to pay, U.S. v. McGill, 964 F.2d 222, 230 (3rd Cir. 1993), or failing to pay withholding taxes, U.S. v. Farr, 536 F.3d 1174, 1180 (10th Cir. 2008), are evasion of payment offenses.

Evasion of Assessment offenses "involve efforts to shield taxable income to prevent the IRS from determining one's tax liability," U.S. v. Root, 585 F.3d 145, 151 (3rd Cir. 2009); McGill, 964 F.2d at 230, as well as "failing the IRS about your income," U.S. v. Dunkel, 900 F.2d 105, 107 (7th Cir. 1990), and "failing to file a return...failing to keep records, concealing income," U.S. v. Cohen, 297 F.2d 760, 770 (9th Cir. 1960)

At the close of trial the jury was instructed

§ 7201:

"makes it a crime for anyone to willfully attempt to evade or defeat the payment of Federal income taxes."

Vol. XII, pg 2910, 2913; See Movant's Declaration at 1, Exh. CC, 7

In defining for the Jury "to evade or defeat payment" the instruction read:

"means to escape a tax due other than lawful avoidance."

Vol. XIII, pg 2954-2957, 2959; See Movant's Declaration at 1, Exhibit DD, and 9, 12, and 14

When instructing the Jury on the meaning of "affirmative act," the Trial Judge instructed:

"an affirmative act to evade and defeat payment of taxes is a positive act of commission designed to mislead and conceal."

Id at 2954; See Movant's Declaration at 1, Exh. DD, and 9

The instruction on good Faith read:

"You are instructed that if a defendant has a good Faith misunderstanding of the laws requirement to report the income at issue here, he is not guilty of willfully violating a known legal duty."

Vol. XIII, pg 2899-2900; See Movant's Declaration at 1, Exh CC.

Failing to report income goes to evasion of assessment, not payment. Movant was charged with evasion of assessment, and convicted of evasion of payment. Movant's good Faith centered on assessment, and not payment.

Neither the Trial Judge or the government

23

lawyers are authorized to switch the offenses charged in Counts 2, 3, and 4. See U.S. v. Miller, 471 U.S. 130, 143 (1985); Stirone v. U.S., 361 U.S. 212, 215·16 (1960); Farr, 536 F.3d at 1180

Switching the offense to evasion of payment violated the Fifth Amendments requirement of a Grand Jury indictment and due process clause, as well as the Sixth Amendments notice of the nature and cause clause. Id.

In addition, the Trial Judge never acquired subject matter jurisdiction involving any offense of evasion of payment in Counts 2, 3, and 4, See U.S. v. Cotton, 535 U.S. 625, 630 (2002)

Movant has already served 50 months of Count 1 is 60 months, as well as Count 4, and served all 12 months of Count 5 and 6, and with 8 months (appx). of Good time credit on 60 months, and without any halfway house, Movant is now less than 60 days from release, without the sentence in Counts 2, 3 [and 4].

4.   Movants Sixth Amendment waiver of Trial Counsel was invalid as to all six counts.

On April 22, 2009 Movant explained he did not understand the offense alleged in Counts 2, 3, and 4, Doc 474, pg 8 (II 65) The Trial Judge explained he would address the issue in the Bill of Particulars

24

and described Movants lack of understanding as an exception to the waiver. Doc 474, pg 9 (II 66) The Two Bills of Particulars identified statutes and Regulations imposing the income tax, Doc 474, pg 14

The switch at trial to evasion of payment voided the waiver and deprived the Trial Judge of Trial Jurisdiction on all six counts See Johnson v. Zerbst, 304 U.S 458, 468 (1938)

Conclusion

Movant requests his release from imprisonment due to having served all the sentence of Counts 1, 4, 5, and 6; that Counts 2 through 6 impose a sentence in violation of the Fifth Amendment; that running Counts 1, 2, and 3, consecutive, violates 18 U.S.C § 3584(a); that Counts 2, 3, and 4, impose a sentence upon a conviction entered in violation of the Fifth and Sixth Amendment having switched the offense, and with no original jurisdiction; and having switched the offense in Count 2, 3, and 4 rendered Movants Sixth Amendment Trial Counsel waiver void depriving the Trial Judge of Trial Jurisdiction. Movants continued imprisonment is also in violation of the due process clause of the Fifth Amendment.

Lindsey K Springer

Reg # 02580-063
Federal Satellite Low-La Tuna
P.O. Box 6000
Anthony, New Mexico 88021

25

Certificate of Service

I hereby Certify that I mailed First Class
U.S. mail the above Motion on July 6, 2014, to
The clerk of court, 333 W. Fourth St., Tulsa, Oklahoma
74103:

I further Certify that all parties are ECF users
and Shall receive service Through The ECF System.
Danny C. Williams
Jeffrey A. Gallant
Charles A. O'Reilly

_Lindsey K Springer_
Server

Declaration of Mailing

I declare under penalty of perjury, pursuant to
28 U.S.C § 1746(i), under the laws of the United
States of America, that on July 6, 2014, I
deposited the above Motion in the U.S mailbox
located inside FSL La Tuna. to the address above.

_Lindsey K Springer_
declarant

26

Lindsey Kent Springer
Reg # 02580-063
Federal Satellite Low-La Tuna
P.O. Box 6000
Anthony, New Mexico 88021

"Legal Mail"

RECEIVED

JUL 11 2014

Phil Lombardi, Clerk
U.S. DISTRICT COURT

<<02580-063>>
Clerk Of Court
Northern District of Okla
333 W 4TH ST
Tulsa, OK 74103
United States

09-CR-43-SPF-1

Postmark 7/2/14-SC