In The United States District Court

For The Northern District of Oklahoma

**FILED**

JUL 11 2014

Phil Lombardi, Clerk
U.S. DISTRICT COURT

Lindsey Kent Springer,

    Movant,

v.

United States of America

    Respondent.

Case No. 13-CV-145
(Formerly 09-CR-043)

Declaration of Lindsey Kent Springer
In Support of Motion For Release
Pending Disposition of 2255.

I, Lindsey Kent Springer, declare the following:

Attached to this declaration is page 20 of the hearing Transcript dated October 21, 2009, as Exhibit AA.

Attached to this declaration is page 150 of the hearing Transcript dated July 2, 2009, as Exhibit BB.

Attached to this declaration are pages 2899, 2900, 2906, 2907, 2910, and 2913, of the Trial Transcript dated November 12, 2009, as a group Exhibit CC.

Attached to this declaration are pages 2954. through 2959, 2961, 2962, 2964, and 2965,           of the Trial Transcript dated

— 1 —

__ Mail    __ No Cert Svc    __ No Orig Sign
__ C/J    __ C/MJ    __ C/Ret'd    __ No Env
__ No Cpy's   ✓ No Env/Cpy's.   __ O/J   __ O/MJ

November 13, 2009, as a group Exhibit DD.

I have been incarcerated since April 23, 2010.

I have served more than 50 months having only lost 1 day of good time. at present.

I file this declaration in support of my Motion For Release pending disposition of my 2255.

Based upon 60 month maximum and having to serve 87% equals 52 months and 6 days of the 60 months.

I have served 50 months and 9 days minus 1-day equals 50 months 8-days.

Based upon the errors shown in my Motion I should be in a halfway house at present. if my arguments are correct.

I declare under penalty of perjury, pursuant to 28 USC. § 1746(1), under the laws of the United States of America, the above is true and correct to the best of my knowledge and belief.

_Lindsey K Springer_
declarant
Reg # 02580-063
Federal Satellite Low La Tuna
P.O. Box 6000
Anthony, New Mexico 88021

- 2 -

Certificate of Service

I hereby certify that on July 6, 2014, I mailed First Class U.S Mail the above Declaration and Exhibits to the Clerk of Court, 333 West Fourth St., Tulsa, Oklahoma 74103;

I further certify all Parties are registered ECF users and shall receive service through the ECF System:

Danny C. Williams, Sr.
Jeffrey A Gallant
Charles A. O'Reilly

Lindsey K Springer
Server

Declaration of Mailing

I declare under the penalty of perjury, pursuant to 28 USC § 1746(1), under the laws of the United States of America, that on July 6, 2014, I deposited the above Declaration and Exhibits in the U.S. Mailbox located inside FSL LaTuna.

Lindsey K Springer
declarant

1  the government.  One matter that is certainly on my

2  agenda for the pretrial conference, but perhaps we ought

3  to address it now, is whether we need -- are going to

4  need a James hearing and -- to determine the

5  admissibility of co-conspirator hearsay.

6      Obviously, we've got a -- we've got a conspiracy

7  count, for lack of a better word.  The conspiracy count,

8  at least from an evidentiary standpoint, may be the grand

9  jury's flagship count in this case.  It certainly stakes

10  out the scope, to a large degree, the scope of the

11  evidence that will be admissible.  And will apparently be

12  a good deal of evidence come in under the conspiracy

13  count that will be relevant, or is made relevant, by the

14  conspiracy counts that will also be supportive of some of

15  the other counts.  But all that comes back to a question

16  of whether we ought to have a hearing, commonly called a

17  James hearing, to determine the existence, at least as to

18  whether there is an adequate preliminary showing of the

19  existence and scope of a conspiracy.

20      Obviously, we've got ample case law that counsels a

21  district court to do just exactly that and to have that

22  sort of a hearing if it should appear that the

23  government, to any significant degree, does depend on

24  admissibility of co-conspirator, what would otherwise be

25  hearsay, co-conspirator statements.  And I intend to take

Exhibit AA

1 of 1

1   who within -- which specific officers or employees were

2   specifically impeded.  If there is any exculpatory

3   material where people were not, we're going to be turning

4   that over.  I really have no other way to respond to this

5   motion.

6          THE COURT:  Thank you.  The motions at Docket

7   Entry Number 63, joined in -- or the motion I should say

8   at Docket Entry Number 63, joined in by Defendant Stilley

9   at Docket Entry Number 69, will be denied.

10         One thing that was reasonably clear to me, even

11  before today, it certainly is more clear now, is that the

12  charge we have in Count 1 is what is commonly called a

13  Klein conspiracy under the defraud clause of Section

14  371.  This traces back to the Second Circuit's decision

15  in United States v. Klein, 247 F.2d 908.

16         In that case, the Second Circuit observed that in

17  Hammerschmidt v. United States, 265 U.S. 182, the Supreme

18  Court recognized that the defraud clause reaches not only

19  a conspiracy to cheat the government out of property or

20  money, but that it also reaches conspiracy meant to

21  interfere with or obstruct one of the government's lawful

22  functions.  In this case, such as collecting taxes and

23  getting lawful returns in by some means that is

24  dishonest.  And that is exactly what is charged here.

25         I have obviously given the defendants some relief by

Exhibit BB

2

1  will use to express your verdicts separately as to each

2  of the two defendants.  Your verdict as to any one

3  defendant or count, whether it is guilty or not guilty,

4  should not influence your verdict as to the other

5  defendant or any other counts.

6      Intent ordinarily may not be proved directly.

7  Because there is no way of fathoming or scrutinizing the

8  operations of the human mind.  You may infer a

9  defendants' intent from the surrounding circumstances.

10  Intent may be and usually is proved by circumstantial

11  evidence, if it is proved at all.

12      You may consider any statements made and any acts

13  done or omitted by a defendant and all other facts and

14  circumstances in evidence that indicate his state of

15  mind.  You may consider it reasonable to draw an

16  inference and thus find that a person intends the natural

17  consequences of acts knowingly done.  As I have stated,

18  it is entirely up to you to decide what facts to find

19  from the evidence.

20      Knowingly.  When the word "knowingly" is used in

21  these instructions, it means that the act was done

22  voluntarily and intentionally and not because of mistake

23  or accident.

24      Willfully.  For purposes of these instructions, an

25  act is done willfully if it is done voluntarily and

Exhibit CC

1 of 6

3

1 intentionally and if it is done with the purpose of

2 violating a known legal duty.

3      Willfulness requires the government to prove that

4 the law imposed a duty on the defendant, that the

5 defendant knew of this duty, and that the defendant

6 voluntarily and intentionally violated this duty.

7      Good faith defense.  In this case, the defendants

8 maintain they are not guilty of any of the crimes charged

9 because they contend they did not act willfully and acted

10 in good faith.

11      You are instructed that if a defendant had a good

12 faith misunderstanding of the law's requirements to

13 report the income at issue here, he is not guilty of

14 willfully violating a known legal duty.  You are further

15 instructed, however, a defendants' disagreement with the

16 law, no matter how earnestly held, does not constitute a

17 defense of good faith, misunderstanding, or mistake.  It

18 is the duty of all citizens to obey the law regardless of

19 whether they agree with it.

20      In determining whether or not a defendant acted

21 willfully and in determining whether a defendant acted in

22 good faith, you may consider all of the circumstances

23 surrounding the transactions and activities which you

24 find occurred.  To the extent that you are called upon to

25 evaluate the state of mind of the parties to various

*Tracy Washbourne, RDR, CRR*
United States Court Reporter
U.S. Courthouse, 200 N.W. 4th St.
Oklahoma City, OK 73102 * 405.609.5505

2 of 6

4

2906

1    As I stated, Defendants Springer and Stilley are

2    charged in Count 1 with a violation of Title 18, United

3    States Code, Section 371.  This law makes it a crime to

4    willfully conspire to violate the law by defrauding the

5    United States.  The indictment charges that beginning in

6    or about 2000 and continuing until on or about January

7    15, 2009, within the Northern District of Oklahoma, and

8    elsewhere, Defendants Springer and Stilley and others

9    unlawfully and knowingly combined, conspired,

10   confederated, and agreed together to defraud the United

11   States by impeding, impairing, obstructing, and defeating

12   the lawful government functions of the Internal Revenue

13   Service, an agency of the United States, in the

14   ascertainment, computation, assessment, and collection of

15   revenue, that is federal individual income taxes.

16   Section 371 of 18 United States Code makes it a

17   crime to willfully conspire to violate the law by

18   defrauding the United States.  To find a defendant guilty

19   of this crime as charged in Count 1, you must be

20   convinced that the government has proved each of the

21   following elements beyond a reasonable doubt:  First,

22   that the defendant agreed with at least one other person

23   to violate the law by defrauding the United States;

24   second, that one of the conspirators engaged in at least

25   one overt act furthering the conspiracy's objective;

*Tracy Washbourne, RDR, CRR*
United States Court Reporter
U.S. Courthouse, 200 N.W. 4th St.
Oklahoma City, OK 73102 * 405.609.5505

3 of 6     5

1   third, that the defendant knew the essential objective of

2   the conspiracy; fourth, that the defendant participated

3   in the conspiracy knowingly, willfully, and voluntarily;

4   and, fifth, that there was interdependence among the

5   members of the conspiracy.  That is that the members of

6   the conspiracy in some way or manner intended to act

7   together for their shared mutual benefit within the scope

8   of the conspiracy charged.

9       You are further instructed that to "defraud" the

10  United States means not only to intentionally cheat the

11  government out of property or money but also to interfere

12  with or obstruct by deceit, craft, or trickery or at

13  least by means that are dishonest one of the following

14  lawful government functions:  The lawful government

15  functions which the indictment charges were interfered

16  with by the defendants in this case are the Internal

17  Revenue Service's ascertainment, computation, assessment,

18  and collection of revenue.

19      To find a defendant guilty of a conspiracy to

20  defraud the United States, the government must prove

21  beyond a reasonable doubt that the defendant knowingly

22  and willfully acted in the manner set forth in the

23  preceding paragraph.  In order to find a defendant guilty

24  of a conspiracy to defraud the United States, the

25  government must prove beyond a reasonable doubt that the

*Tracy Washbourne, RDR, CRR*
United States Court Reporter
U.S. Courthouse, 200 N.W. 4th St.
Oklahoma City, OK 73102 * 405.609.5505

4 of 6

6

```
 1          THE COURT:  Very well.  You've heard me read
 2   those paragraphs one time already and they are there for
 3   you to see on pages 35, 36, and down to the middle of 37
 4   of the instructions and you should regard those as having
 5   been re-read by me.  But with the courtesy of counsel and
 6   the parties, I will not read them again.
 7          Finally, you are instructed that in addition to the
 8   elements described in this instruction, proof of proper
 9   venue is also required before you may find a defendant
10   guilty of the crime charged in Count 1.  I will instruct
11   you later regarding proof of venue.
12          Next, I will instruct you regarding Counts 2 through
13   4 of the indictment.  Counts 2, 3, and 4 charge a
14   violation of Section 7201 of Title 26 of the United
15   States Code.  Section 7201 provides in pertinent part
16   that "any person who willfully attempts in any manner to
17   evade or defeat any tax imposed by this title or the
18   payment thereof" shall be guilty of an offense against
19   the United States.
20          Defendant Springer is charged in Count 2 with a
21   violation of this law, Title 26 of the United States
22   Code, Section 7201.  This law makes it a crime for anyone
23   to willfully attempt to evade or defeat the payment of
24   federal income tax.  The indictment charges that from on
25   or about January 1, 2000, and continuing to on or about
```

*Tracy Washbourne, RDR, CRR*
United States Court Reporter
U.S. Courthouse, 200 N.W. 4th St.
Oklahoma City, OK 73102 * 405.609.5505

5 of 6

7

```
 1   elements described in this instruction proof of proper
 2   venue is also required before you may find the defendant
 3   guilty of the crime charged in Count 2.  I will instruct
 4   you later regarding proof of venue.
 5        Counts 2 and 3, nature of the offense.  And for the
 6   benefit of the jury, since it's five o'clock, I'm going
 7   to go through page 44 and then we'll recess overnight.
 8   It won't take terribly long to finish this in the
 9   morning.
10           MR. O'REILLY:  Your Honor, I believe you
11   misspoke.  Counts 3 and 4.
12           THE COURT:  I'm sorry.  The instruction that's
13   on page 42 relates to Counts 3 and 4.  And if I said
14   otherwise, that was incorrect.
15        So members of the jury, I'm going to go through page
16   44 and then tomorrow morning I will finish with the
17   remainder of the instructions, which won't take terribly
18   long, but I don't intend to keep you tonight while I
19   finish that, and then we will proceed, as I have stated,
20   with the closing arguments of counsel and the parties.
21        Counts 3 and 4 of the indictment charge both
22   Defendant Springer and Defendant Stilley with tax evasion
23   in violation of Title 26, Section 7201, of the United
24   States Code.  As previously stated, this law makes it a
25   crime to willfully attempt to evade or defeat the payment
```

*Tracy Washbourne, RDR, CRR*
United States Court Reporter
U.S. Courthouse, 200 N.W. 4th St.
Oklahoma City, OK 73102 * 405.609.5505

6 of 6

8

2954

1    guilty of the crime of tax evasion as charged in Count 2,

2    you must be convinced that the government has proved each

3    of the following essential elements beyond a reasonable

4    doubt:

5        First, that Defendant Springer owed substantial

6    income tax for the year 2000.

7        Second, that Defendant Springer intended to evade

8    and defeat payment of that tax.

9        Third, that Defendant Springer committed an

10   affirmative act in furtherance of this intent.

11       And, fourth, that Defendant Springer acted

12   willfully, that is, with the voluntary intent to violate

13   a known legal duty.

14       To "evade and defeat" the payment of tax means to

15   escape paying a tax due other than by lawful avoidance,

16   for the proof need not show the exact amount of the

17   additional tax due; however, the government is required

18   to prove beyond a reasonable doubt that the additional

19   tax due from Defendant Springer was substantial.

20       And by the way, the presence of the word

21   "additional" in those two sentences is also an error on

22   my part.

23       You are instructed that an affirmative act to evade

24   and defeat payment of taxes is a positive act of

25   commission designed to mislead or conceal.

Exhibit DD
1 of 12   9

1    For purposes of Count 2, the affirmative acts
2  alleged in the indictment to have been committed by
3  Defendant Springer are:  Receiving income in a fictitious
4  name; directing individuals to write "donation" or "gift"
5  on checks that were payment for services; directing
6  individuals to pay for services by cashier's check; using
7  a check-cashing business to cash checks; using money
8  orders, cash, and other means to avoid creating the usual
9  records of financial transactions and to conceal
10  Defendant Springer's income; making false statements to
11  agents and employees of the Internal Revenue Service; or
12  otherwise concealing and attempting to conceal from all
13  proper officers of the United States of America Defendant
14  Springer's true and correct income.

15    Finally, you are instructed that in addition to the
16  elements described in this instruction, proof of proper
17  venue is also required before you may find the defendant
18  guilty of the crime charged in Count 2.  I will instruct
19  you later regarding proof of venue.

20    Counts 3 and 4 of the indictment charge both
21  Defendant Springer and Defendant Stilley with tax
22  evasion, in violation of Title 26, Section 7201, of the
23  United States Code.

24    As previously stated, this law makes it a crime to
25  willfully attempt to evade or defeat the payment of

*Tracy Washbourne, RDR, CRR*
United States Court Reporter
U.S. Courthouse, 200 N.W. 4th St.
Oklahoma City, OK 73102 * 405.609.5505

2 of 12

10

2956

1    federal income tax.

2        In Count 3, the indictment charges that from on or

3    about January 1, 2003, and continuing to on or about

4    January 15, 2009, within the Northern District of

5    Oklahoma and elsewhere, Defendant Springer had and

6    received taxable income and upon that taxable income

7    there was a substantial income tax due and owing.

8        The indictment further charges that well-knowing and

9    believing the foregoing facts, Defendants Springer and

10   Stilley did willfully attempt to evade and defeat the

11   individual income taxes due and owing by Defendant

12   Springer to the United States of America for calendar

13   year 2003 by failing to file a United States Individual

14   Income Tax Return, as required by law, and by committing

15   various affirmative acts of evasion.

16       In Count 4, the indictment charges that from on or

17   about January 1, 2005, and continuing to on or about

18   January 15, 2009, within the Northern District of

19   Oklahoma and elsewhere, Defendant Springer had and

20   received taxable income and upon that taxable income

21   there was a substantial income tax due and owing.

22       The indictment further alleges that well-knowing and

23   believing the foregoing facts, Defendants Springer and

24   Stilley did willfully attempt to evade and defeat the

25   individual income taxes due and owing by Defendant

3 of 12

11

1  Springer to the United States of America for calendar

2  year 2005 by failing to file a United States Individual

3  Income Tax Return, as required by law, and by committing

4  various affirmative acts of evasion.

5       Count 3, to find a defendant guilty of the crime of

6  tax evasion, as charged in Count 3, you must be convinced

7  that the government has proved each of the following

8  elements beyond a reasonable doubt:

9       First, that Defendant Springer owed substantial

10  income tax for the year 2003;

11       Second, that the defendant intended to evade and

12  defeat payment of that tax owed by Defendant Springer;

13       Third, that in furtherance of this intent, the

14  defendant committed one of the affirmative acts charged

15  in the indictment;

16       And, fourth, that the defendant acted willfully,

17  that is, with the voluntary intent to violate a known

18  legal duty.

19       As previously stated, to evade and defeat the

20  payment of tax means to escape paying a tax due other

21  than by lawful avoidance.

22       Count 3 of the indictment does not allege a specific

23  amount of tax due from Defendant Springer from calendar

24  year 2003.   The proof need not show the exact amount of

25  the tax due for that year.

*Tracy Washbourne, RDR, CRR*
United States Court Reporter
U.S. Courthouse, 200 N.W. 4th St.
Oklahoma City, OK 73102 * 405.609.5505

4 of 12

12

1          And in the official copy, I will delete the word

2     "additional."

3          The government is required to prove beyond a

4     reasonable doubt that the tax due was substantial.

5          An affirmative act to evade or defeat the payment of

6     taxes is a positive act of commission designed to mislead

7     or conceal.

8          For purposes of Count 3, the affirmative acts

9     charged in the indictment to have been committed by

10     Defendant Springer are:  Directing individuals to make

11     checks payable to Bondage Breakers Ministry; using a

12     check-cashing business to cash checks; and accepting

13     collectable coins as payment for services.

14          The affirmative acts charged in the indictment by

15     Defendants Springer and Stilley are:  Using Defendant

16     Stilley's IOLTA account; using Defendant Stilley's credit

17     card to pay Defendant Springer's personal expenses; using

18     cashier's checks, money orders, cash, and other means to

19     avoid creating the usual records of financial

20     transactions and to conceal income; making false

21     statements to agents and employees of the Internal

22     Revenue Service; and otherwise concealing and attempting

23     to conceal from all proper officers of the United States

24     of America Defendant Springer's true and correct income.

25          In addition to being charged as a principal,

*Tracy Washbourne, RDR, CRR*
United States Court Reporter
U.S. Courthouse, 200 N.W. 4th St.
Oklahoma City, OK 73102 * 405.609.5505

5 of 12

13

1  Defendant Stilley is charged as an aider and abetter in

2  Count 3.  I will instruct you shortly regarding the

3  elements of aiding and abetting.

4      Finally, you are instructed that, in addition to the

5  other elements described in this instruction, proof of

6  proper venue is also required before you may find a

7  defendant guilty of the crime charged in Count 3.  I will

8  instruct you later regarding proof of venue.

9      Count 4.  To find a defendant guilty of the crime of

10 tax evasion as charged in Count 4, you must be convinced

11 that the government has proved each of the following

12 elements beyond a reasonable doubt:

13     First, that Defendant Springer owed substantial

14 income tax for the year 2005;

15     Second, that the defendant intended to evade and

16 defeat payment of that tax owed by Defendant Springer;

17     Third, that in furtherance of this intent, the

18 defendant committed one of the affirmative acts charged

19 in the indictment;

20     And, fourth, that the defendant acted willfully,

21 that is, with the voluntary intent to violate a known

22 legal duty.

23     Again, as previously stated, to evade and defeat the

24 payment of taxes means to escape paying a tax due other

25 than by lawful avoidance.

*Tracy Washbourne, RDR, CRR*
United States Court Reporter
U.S. Courthouse, 200 N.W. 4th St.
Oklahoma City, OK 73102 * 405.609.5505

6 of 12

14

2960

1        Count 4 of the indictment does not charge a specific
2   amount of tax due from Defendant Springer for calendar
3   year 2005.   The proof need not show the exact amount of
4   the tax due for that year.

5        And, again, in the official version, I will delete
6   the word "additional" there.

7        The government is required to prove beyond a
8   reasonable doubt that the tax due was substantial.

9        I'll make the same correction, deleting the word
10  "additional."

11       Again, an affirmative act to evade or defeat payment
12  of taxes is a positive act of commission designed to
13  mislead or conceal.

14       For purposes of Count 4, the affirmative acts
15  alleged to have been committed by Defendant Springer, as
16  charged in the indictment, are:  Directing individuals to
17  make checks payable to Bondage Breakers Ministry and
18  using a check-cashing business to cash checks.

19       The affirmative acts by Defendants Springer and
20  Stilley, as charged in the indictment, are:  Using
21  Defendant Stilley's IOLTA account; using Defendant
22  Stilley's credit card to pay Defendant Springer's
23  personal expenses; using cashier's checks, money orders,
24  cash, and other means of payment to avoid usual records
25  and to conceal income; making false statements to agents

*Tracy Washbourne, RDR, CRR*
United States Court Reporter
U.S. Courthouse, 200 N.W. 4th St.
Oklahoma City, OK 73102 * 405.609.5505

7 of 12
15

1  and employees of the Internal Revenue Service; and

2  otherwise concealing and attempting to conceal from all

3  proper officers of the United States of America Defendant

4  Springer's true and correct income.

5      In addition to being charged as a principal,

6  Defendant Stilley is charged as an aider and abetter in

7  Count 4.

8      Again, you are instructed that, in addition to the

9  other elements described in this instruction, proof of

10  proper venue is also required before you may find a

11  defendant guilty of the crime charged in Count 4.  I will

12  instruct you later regarding proof of venue.

13      I will now instruct you on the elements of aiding

14  and abetting.

15      With respect to aiding and abetting, you are

16  instructed that Section 2(a) of Title 18 of the United

17  States Code provides that, "Whoever commits an offense

18  against the United States or aids, abets, counsels,

19  commands, induces, or procures its commission is

20  punishable as a principal."

21      As previously stated, Counts 3 and 4 of the

22  indictment charge Defendant Stilley with violations of

23  this statute, 18 United States Code, Section 2.  This law

24  makes it a crime to intentionally help someone else

25  commit a crime.

*Tracy Washbourne, RDR, CRR*
United States Court Reporter
U.S. Courthouse, 200 N.W. 4th St.
Oklahoma City, OK 73102 * 405.609.5505

8 of 12

16

2962

1     To find Defendant Stilley guilty of the tax evasion

2 charged in Count 3 or Count 4 as an aider and abetter,

3 you must be convinced that the government has proved each

4 of the following elements beyond a reasonable doubt:

5 First, that Defendant Springer committed the tax evasion

6 crime charged in the indictment in Count 3 or in Count 4,

7 respectively; and, second, that Defendant Stilley

8 intentionally associated himself in some way with that

9 crime and intentionally participated in it as he would in

10 something he wished to bring about which requires proof

11 that Defendant Stilley consciously shared Defendant

12 Springer's knowledge of the underlying criminal act of

13 the tax evasion charged and that Defendant Stilley

14 intended to help Defendant Springer commit that crime.

15     An aider and abetter need not perform the underlying

16 criminal act, be present when it is performed, or be

17 aware of the details of its commission to be guilty of

18 aiding and abetting, but a general suspicion that an

19 unlawful act may occur or that something criminal is

20 happening is not enough.  Mere presence at the scene of a

21 crime and knowledge that a crime is being committed are

22 also not sufficient to establish aiding and abetting.

23     Again, in addition to the elements of aiding and

24 abetting described in this instruction, proof of venue is

25 required in order to find a defendant guilty of a crime

*Tracy Washbourne, RDR, CRR*
United States Court Reporter
U.S. Courthouse, 200 N.W. 4th St.
Oklahoma City, OK 73102 * 405.609.5505

9 of 12

17

1    by aiding and abetting.

2         I will instruct you later regarding proof of venue.

3         Counts 5 and 6 of the indictment charge Defendant

4    Springer only with a violation of Section 7203 of Title

5    26 of the United States Code.

6         Section 7203 provides, in pertinent part, that, "Any

7    person required under this title to pay any estimated tax

8    or tax or required by this title or by regulations made

9    under authority thereof to make a return, keep any

10   records, or supply any information, who willfully fails

11   to pay such estimated tax or tax, make such return, keep

12   such records, or supply such information at the time or

13   times required by law or regulations shall be guilty of

14   an offense against the United States."

15        As just stated, Defendant Springer is charged in

16   Counts 5 and 6 with violations of Title 26, United States

17   Code, Section 7203.  This law makes it a crime for anyone

18   to willfully fail to make and file an income tax return.

19        In Count 5, the indictment charges that during the

20   calendar year 2002, Defendant Springer had and received

21   gross income in excess of $7,700.

22        The indictment further charges that by reason of

23   such gross income Defendant Springer was required by law,

24   following the close of the calendar year 2002 and on or

25   before April 15, 2003, to make an income tax return to

*Tracy Washbourne, RDR, CRR*
United States Court Reporter
U.S. Courthouse, 200 N.W. 4th St.
Oklahoma City, OK 73102 * 405.609.5505

10 of 12

18

1    the Internal Revenue Service stating specifically the

2    items of his gross income and any deductions and credits

3    to which he was entitled.

4          The indictment further charges that well-knowing and

5    believing all of the foregoing Defendant Springer did

6    willfully fail on or about April 15, 2003, in the

7    Northern District of Oklahoma and elsewhere, to make and

8    file an income tax return.

9          In Count 6, the indictment charges that during the

10   calendar year 2004, Defendant Springer had and received

11   gross income in excess of $15,900.   The indictment

12   further charges that, by reason of such gross income,

13   Defendant Springer was required by law, following the

14   close of the calendar year 2004 and on or before April

15   15, 2005, to make an income tax return to the Internal

16   Revenue Service stating specifically the items of his

17   gross income and any deductions and credits to which he

18   was entitled.

19         The indictment further charges that well-knowing and

20   believing all of the foregoing, Defendant Springer did

21   willfully fail on or about April 15, 2005, in the

22   Northern District of Oklahoma and elsewhere to make and

23   file an income tax return.

24         Counts 5 and 6, elements of the offense.

25         To find Defendant Springer guilty of the crime

*Tracy Washbourne, RDR, CRR*
United States Court Reporter
U.S. Courthouse, 200 N.W. 4th St.
Oklahoma City, OK 73102 * 405.609.5505

11 of 12

19

1  charged in Count 5 or Count 6, you must be convinced that

2  the government has proved each of the following elements

3  beyond a reasonable doubt:

4       First, that Defendant Springer was required by law

5  to file a tax return concerning his income for the

6  taxable years ending December 31, 2002, for purposes of

7  Count 5 or December 31, 2004, for purposes of Count 6;

8       Second, that Defendant Springer failed to file such

9  a return at the time required by law;

10      And, third, that in failing to file the tax return,

11 Defendant Springer acted willfully, that is, with a

12 voluntary intent to violate a known legal duty.

13      For the crime of willful failure to file a tax

14 return, the government it not required to show that a tax

15 is due and owing from Defendant Springer, nor is the

16 government required to prove an intent to evade or defeat

17 any taxes.

18      Again, in addition to the elements described in this

19 instruction, proof of proper venue is also required

20 before you may find a defendant guilty of the crimes

21 charged in Counts 5 or 6.

22      I will instruct you next regarding proof of venue.

23      I will now give you instructions regarding proof of

24 venue.

25      In addition to the other elements of each crime

*Tracy Washbourne, RDR, CRR*
United States Court Reporter
U.S. Courthouse, 200 N.W. 4th St.
Oklahoma City, OK 73102 * 405.609.5505

12 of 12

20