

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

Lindsey Kent Springer,

    Movant,

v().                            Case No. 13-CV-145
                              (Formerly 09-Cr-043)

United States of America,

    Respondent.

FILED
JUL 25 2014
Phil Lombardi, Clerk
U.S. DISTRICT COURT

### MOVANT'S REPLY TO RESPONDENT'S OPPOSITION TO MOVANT'S MOTION FOR LEAVE TO AMEND APPLICATION BY MOTION PURSUANT TO 28 U.S.C. § 2255

Lindsey Kent Springer ("Movant") files his reply to Respondent's Opposition to Movant's Motion for Leave to Amend Movant's Application by Motion pursuant to 28 U.S.C. § 2255 (herein after referred to as "Motion")

Respondent argues Movant's motion should be stricken for violating the page limitations imposed under Local Civil Rule ("LCvR") limiting page limits to no more than 25 pages. Opp, at 1  Respondent argues Movant's Motion fails to comply with LCvR 9.2(c) for failing to attach the proposed amended pleading. Opp. at 2  Respondent also argues the additional issues related to pending issues or grounds should not be addressed on the merits "because each additional issue could have been raised previously during the appeal. Opp. at 2  And finally, Respondent argues the Motion should be denied "because Mr. Springer's contentions with respect to both alleged issues are wrong as a matter of law. Id.

1. Movant's Motion should not be stricken and Respondent's imbedded Motion with its response should not be considered, and or denied.

    LCvR 7.2(e) states:

    "Response Briefs.  A response to a Motion may not include a motion or a cross-motion made by the responding party."

Respondent "requests that the Court strike Mr. Springer's pleading for being filed in violation of the local rules." Opp. at 3.  In its conclusion, Respondent:

-1-

"requests that the Court strike Mr. Springer's most recent pleading, doc. no. 570, because, together with Mr. Springer's previous and related pleading, doc. no. 567, the pleading exceed twenty-five pages in length, in violation of Rule 47.7 of the Local Rules."

Although Movant filed a "Motion," a Motion for Leave to file an amended pleading would generally not be considered a pleading.

LCvR 7.2(c) limits "brief[s]" to 25 pages "typewritten" without leave of the Court.

(a)  Movant's Motion is not a "brief"

Movant is not certain why Respondent cites to "Local Rule 47.7" but LCvR 7.2(c) does not apply to Motions but only limits "brief[s]" to 25 pages without leave of Court. Movant's Motion is not subject to the specific words of LCvR 7.2(c) nor is any Motion limited to 25 pages.

(b)  Movant's Motion is 24 pages

Respondent admits Movant's Motion is 24 pages. Opp. at 1

(c)  Movant's Motion is not typewritten

Movant's Motion is not typewritten and only typewritten briefs are subject to 25 pages without leave of the Court.

(d)  Resopndent's Motion to Strike should not be considered

LCvR 7.2(e) prohibits a Response Brief to a Motion including within that response a Motion. Respondent clearly moves in its Response to strike Movant's Motion. The Motion to Strike should not be considered.

(e)  Respondent's Motion to Strike should be denied

Respondent moves the Court to strike Movant's Motion in its Response opposing Movant's Motion. Respondent complains that--if Movant understands the Motion--because Movant has already filed a 25 page typewritten Reply Brief to Respondent's Opposition Brief on the merits of Movant's 2255 claims, Movant's 24 page Motion, added to 25 pages of Reply, Doc. 567, equals 49 pages.

No local rule requires Movant to obtain leave to ask for leave to amend and no legal theory known to the English speaking world calls for Movant to

-2-

ask for permission to ask for leave to amend anything. Just to be clear, Respondent's conclusion, prescribed by no less than three government lawyers, states:

> "Mr. Springer's most recent pleading, doc. no. 570, because together with Mr. Springer's previous and related pleading, doc. no. 567, the pleadings exceed twenty-five pages in length, in violation of Rule 47.7."

Although a Motion under § 2255 is not an actual Habeas Corpus, but rather a "substitute," see Boumediene v. Bush, 171 L.Ed 2d 41, 83(2008), citing U.S. v. Hayman, 342 U.S. 205(1952), which the Boumediene Court said § 2255 was an attempt to "streamline habeas corpus relief, not to cut it back," Id., the Supreme Court has "consistently rejected interpretations of the habeas corpus statute that would suffocate the writ in stifling formalisms or hobble its effectiveness with the mannacles of arcane and scolastic procedural requirements." Hensly v. Municiple Ct., 411 U.S. 345, 350(1973); quoting Frank v. Mangum, 273 U.S. 309, 346(1969).

Respondent's Motion to Strike should be denied.

(f) Local Rule 47.7

Respondent does not cite to any terms of "Local Rule 47.7" and no such civil rule exists. In the event Respondent has now joined Local Civil Rules with Local Criminal Rules, Respondent must speak clearly as to how "Local Rule 47.7" would be at issue in regard to Movant's Motion. This, Respondent has not done.

2. Movant contends LCvR 9.2(c) does not apply.

LCvR 7.2(a) states:

> "Filing. Except as provided in LCvR 9.2(c) for actions brought by incarcerated persons, no attached pleading, motions, or other papers shall be removed for filing from an original motion. Nor shall pleadings, motions or other papers be held by the Court Clerk for filing, awaiting leave to do so."

LCvR 9.2(c) provides:

> "Amended pleadings. Original proposed amended pleadings shall be signed and attached to any motion for leave to amend the pleading. Unless otherwise permitted by the Court, every pleading to which an amendment is

permitted as a matter of right or has been allowed by order of the Court, must be retyped or handwritten and filed so that it will be complete in itself, including exhibits, without referencing to the superceding pleading."

The Judge ordered Respondent to respond to Movant's Motion. If the Judge grants leave to amend Movant's Motion with two related back issues then if the Judge requests Movant file an Amended 2255 adding the two issues then Movant would clearly satisfy such request.

The standing order dated March 27, 2013 is that "[A] § 2255 motion is a continuation of the criminal case whose judgment is under attack." See Doc. 480, 484 In contrast, LCvR 9.2 is entitled "Actions Brought by Incarcerated Persons." Although LCvR 9.2(a) considers a motion to vacate under § 2255, and requires use of proper forms, and 9.2(b) identifies § 2255 as a motion, and not a petition, LCvR 9.2(c) only appears to apply to petitions and not motions under § 2255.

Respondent's argument Movant did not comply with LCvR 9.2(c) should be rejected on the merits and find LCvR 7.2(a) governs Movant's Motion.

3. Respondent's Opposition is frivolous squared

(a) Respondent is correct that both related issues could have and should have been raised on direct appeal.

Movant and Respondent agree that Movant's Appellate Counsel could have raised both related back issues listed in Movant's Motion. Opp. at 2

(b) Cause and Prejudice

Respondent argues that there can be no cause or prejudice where "appellate counsel's failure to raise these meritless issues cannot constitute ineffective assistance of counsel." At no time does Respondent attempt to show that Movant has not been prejudices by Appellate Counsel's ineffectiveness.

(c) The related issues are winners

Respondent summarizes its entire opposition as follows:

"The Indictment charged and the jury convicted Mr. Springer with respect

-4-

to six distinct crimes."

Opp. at 4

Respondent describes each Count charged as follows:

Count 1 charged Messrs Springer and Stilley with conspiring to defraud the United States with respect to taxes;

Count 2 charged Mr. Springer alone with attempting to evade his 2000 income taxes;

Count 3 and 4 charged Messrs Springer and Stilley with attempting to evade Mr. Springer's 2003 and 2005 income taxes, respectively;

Count 5 and 6 respectively charged Mr. Springer alone with willfully failing to file a 2002 income tax return and a 2004 income tax return.

"Defendants were selected for prosecution, and the grand jury indicted them, because the evidence established that each had violated the criminal tax laws."  Doc. 71, pg. 17

Respondent's only argument opposing the merits of both related issues is:

"Each crime charged was distinct and required proof of facts not required with respect to the other Counts charged."

Movant listed in his Motion both the elements to each of the Six Counts, as the Jury was instructed, and the facts necessarily required to find those elements.  Doc. 570, pg. 5-9(elements) and pg. 10-14(acts alleged by grand jury).  Movant showed how the elements and offenses in Counts 2 through 6 are included in Count 1.  Doc. 570, pg. 14-21

Respondent raised not a single objection to Movant's comparison with each count, its elements and facts, or any specific difference between any Count.

Count 1 clearly includes all the transactions and all the acts or conduct in Counts 2 thorugh 6.  Whether Count 1 is broader than Counts 2 through 6 doesn't change the fact every element and every fact necessary to prove Count 2 through 6 are included in Count 1. ("Springer's income," "Springer's personal expenses," "concealing Springer's income," and "Springer refrained from filing ...form 1040...") Doc. 570, pg. 11-12

Count 1 did not allege generically "taxes" as Respondent contends but specifically alleged "Federal Individual Income Taxes." See Doc. 570, pg. 6

Respondent makes no objection that Count 1 is a Klien conspiracy. Doc. 570, pg. 18. There is no difference between alleging an agreement to defeat the functions of the IRS, U.S. v. Klein, 247 F.2d 908, 915-18(2nd Cir. 1957), and attempting to evade and defeat a tax imposed by Title 26. The object of a Klein conspiracy is to evade taxes. U.S. v. Sabino, 307 F.3d 446, 450(6th Cir. 2002).

To show a Klein Conspiracy, the United States must show not only (1) the requisite act of a failure to properly report income, but also (ii) an agreement between at least two conspiractors to impde the IRS's functioning and (iii) knowing particpation in such a conspiracy. U.S. v. Adkinson, 158 F.3d 1157, 1153(11th Cir. 1998); see also U.S. v. McKee, 506 F.2d 225, 238(3rd Cir. 2007). And see U.S. v. Tilga, 824 F. Supp. 2d 1295, 1301(D.N.M. 2011)(explaining the Conspiracy was to "evade payment of taxes owed to the United States.")

The "essence of a crime of conspiracy is an agreement to violate the law." U.S. v. Pena, 974 F.2d 1241, 1244(10th Cir. 1992) citing Klein, 247 F.2d at 918-919; See also U.S. v. Hopkins, 716 F.2d 739, 748(10th Cir. 1982)

The "tax purpose must be the object of a Klein conspiracy, and not merely a foreseeable consequence of some other conspiratorial scheme." Adkinson, 158 F.3d at 1155. A conspiracy has overt acts as a part of the crime, which § 371 defines and makes punishable, and acts that are apart from it. Braverman v. U.S., 317 U.S. 49, 53(1942).

The agreement in a Klein conspiracy must have the intent to "obstruct the government's knowledge and collection of revenue due." Klein, 247 F.2d at 918; Adkinson, 158 F.3d at 1154 "[a] conspiracy may have multiple objectives, and 'if one of its objectives, even a minor one, be the evasion of federal taxes, the offense is made out.'" Adkinson, 158 F.3d at 1155; quoting Ingram v. U.S., 360 U.S. 672, 679-80(1959) A conspiracy to defraud the United States by frustrating the <u>lawful information-gathering</u> function of the IRS is commonly ref-

erred to as a Klein conspiracy. U.S. v. Gambone, 125 F. Supp. 2d 128, 131(E. D. Penn. 2000); see also U.S. v. Alston, 77 F.3d 713, 717(n.13)(3rd Cir. 1996)

The jury was instructed twice that § 371:

"makes it a crime to willfully conspire to violate the law by defrauding the United States."

See Vol. XII, pgs 2906; quoted in Doc. 570, pg. 6

The second time was when the jury was instructed on the elements:

"First, that the defendant agreed with at least one other person to violate the law by defrauding the United States."

Id.

Respondent obviously cannot dispute the record. Turning then to U.S. v. Davis, 793 F.2d 246(10th Cir. 1986), Respondent argues generally that running the sentences consecutive between Counts 1, 2 and 3, was not unlawful.

In Davis, the crimes he pled to were violating 21 U.S.C. § 843(b)(using a phone to distribute cocaine), 26 U.S.C. § 7201(attempting to evade or defeat income tax by failing to make an income tax return for 1983, by failing to pay such tax, and concealing and attempting to conceal his cocaine income), and 18 U.S.C. § 371(conspiring to distribute cocaine, defraud the IRS, and prevent IRS from collecting income taxes). Davis' punishment for the use of phone in a drug crime and concealing his cocaine income were ran consecutively and the § 371 punishment was suspended under the old sentencing system in favor of probation. Davis does not identify which § 7201 offense he admitted to.

It is obvious use of a phone had nothing to do with concealing income and concealing income had nothing to do with use of a phone. Although there was some overlap between the conspiracy and the § 7201 offense, the object of distributing cocaine in the conspiracy was not an element or fact of the § 7201 offense. To avoid being deprived of liberty twice for the § 7201 offense conduct, the § 371 punishment was "suspended."

The Blockburger test, which Respondent makes no effort to show allows either consecutive punishment, or multiple penalties, calls for a comparison

between each Count with each other Count of conviction to determine each crime requires proof of facts the other did not. U.S. v. Neal, 692 F.2d 1296, 1306 (10th Cir. 1982)(a case cited in Davis).

In U.S. v. Genser, 710 F.2d 1426(10th Cir. 1983), another case cited in Davis and by Respondent, Opp. at 4, the Blockburger test was explained through the Supreme Court's decision in Brown v. Ohio, 432 U.S. 161(1977). Movant cited to Brown in his Motion. Doc. 570, pg. 4,21

Brown involved a conviction for joyriding and autotheft of the same vehicle and time period. Although autotheft required an additional element of intent that joyriding did not, the Supreme Court held both convictions were for the same offense under the double jeopardy clause of the Fifth Amendment and Blockburger test. The joyriding offense "Blockburgered" the auththeft conviction. Genser, 710 F.2d at 1428  Genser reversed holding the elements of distributing drugs and dispensing drugs were the same offense. Id. at 1431

The focus under Blockburger is "on the proof necessary to prove the statutory elements of each offense, rather than on the actual evidence to be presented at trial." Illinois v. Vitale, 447 U.S. 410, 416(1980).

Like § 371, § 7201 contains two distinct offenses, and where each offense prohibits indefinite class of acts. This requires a determination of the elements by examining the particular legal theory relied upon by the prosecution. The focus must remain on the elements essential to the offense and its ultimate facts the prosecution is required to prove. In order to satisfy this test a comparison is to be made determining which offense is alleged. "If a single statute sets forth several different offenses, [a] pleading...that does not indicate which crime [the] defendant allegedly commited is insufficient." Descamps v. U.S. 186 L.Ed. 2d 438, 458(n.6)(2013)

Section 371 established "two separate and distinct offenses." U.S. v. Rigas, 565 F. Supp. 2d 620, 630(M.D. Penn. 2008)(see also pg. 631, and n.6) Section 7201 also "includes two offenses." Kawashima v. Holder, 182 L.Ed 2d

-8-

1, 10(2012); citing Sansone v. U.S., 380 U.S. 343, 354(1965)

Movant has repeatedly showed the Trial Judge Counts 2,3 and 4, began as evasion of assessment offenses and switched to evasion of payment offenses at the end of trial. Doc. 472, pg. 43. Respondent cannot address the elements or facts comparing each Count because that comparison requires Respondent to recognize the switching of the charges and disavowing of the undisputed fact § 7201 prescribes "two" distinct offenses. The Jury instructions clearly identify the offense of conviction is willfully attempt to evade and defeat the payment of tax. Respondent cannot show how the "violate the law by defrauding the United States," the first element in Count One, does not encompass the offenses of attempt in Counts 2,3 and 4, which necessarily include the attempt not to make a tax return in Counts 5 and 6.

Movant showed each element of Counts 2 through 6, and each fact to prove those elements, are included in Count 1. Movant also showed the elements and facts of Counts 5 and 6 are included in Counts 1 through 4. The elements and facts of Count 4 are included in Counts 1,2, and 3. The elements and facts of Count 3 are included in Counts 1 and 2. And, the elements and facts of Count 2 are included in Count 1. Doc. 570, pg. 14-21  Clearly the facts of each Count were used multiple times in arriving at the 180 month sentence. Respondent disputes none of this other than general denial.

In the main paragraph in Counts 2, 3 and 4, it is alleged:

"From on or about January 1, 2000 through, and continuing to on or about January 15, 2009[Count 3 alleges "January 1, 2003" continuing to "January 15, 2009"][Count 4 alleges "January 1, 2005" continuing to "January 15, 2009"], within the Northern District of Oklahoma, and elsewhere, Defendant Springer had and received taxable income, and upon that taxable income there was a substantial income tax due and owing."

Doc. 2, pg. 8(Count 2), 9(Count 3), and 11(Count 4), ¶¶ 41,43,45

Respondent's argument Count 2 was limited to year 2000, Count 3 was limited to year 2003, and Count 4 was limited to 2005 is not the limits of Counts 2,3, and 4. The only difference between Count 1 and 2 is Count 1 required an agreement that Count 2 does not. Count 1 is simply adding another person to

-9-

the offense alleged in Count 2. The time period is the exact same and the elements of tax deficiency, affirmative act, and willfulness, are included in Count 1. So is Count 3 and 4's elements. Count 3 and 4 even add the second person Count 2 does not that is included in Count 1's agreement. Although the aiding and abetting charges are not in Count 2, the substantive offense of Count 3 and 4 are covered in time period in Count 2. Count 4's time period is clearly covered in Count 3's time period. and aiding and abetting. Movant raised issue with Counts 1,2, and 3, being ran consecutive in violation of 18 U.S.C. § 3584(a). Respondent never makes any opposition to this ground nor could they have any. Clearly, § 3584(a) prohibits running Counts 1,2, and 3 consecutive to each other, or with any other Count.

## CONCLUSION

Respondent's Motion to Strike should either be not considered or denied. Respondent's argument LCvR 9.2(c) requires Movant attach his proposed amended Motion should be denied and if the Judge orders Movant to do so Movant will comply with that order as LCvR 7.2(a) directs. Movant should be granted leave to amend his Application by Motion pursuant to 2255 finding the issues relate back to the same core facts of the 2255 application. An order should issue finding 18 U.S.C. § 3584(a) prohibits the running of the sentence in Counts 2, 3, and 4 consecutive with each other. An order should issue finding Counts 2 through 6 are multiplicitous to each other and Count 1 dismissing Counts 2 through 6. An order should issue finding Movant has shown cause for failure to have raised these related issues on direct appeal in that his Appellate Counsel failed to raise these winners, and prejudice is clearly shown where the sentence exposure would have been a total of 60 months instead of 180.

Respectfully,

Lindsey K Springer

(Reg.) # 02580-063
Federal Satellite Low-La Tuna
P.O. Box 6000
Anthony, New Mexico 88021

CERTIFICATE OF SERVICE

I hereby certify that I mailed First Class U.S. Mail on July 21, 2014, the above Reply to Responent's Opposition/Respondent's Motion to Strike, to the Clerk of Court, 333 West Fourth Street, Tulsa, Oklahoma, 74103:

I further certify that all parties are ECF users and shall receive service through the ECF system:

Danny C. Williams, Sr.
Jeffrey A. Gallant
Charles A. O'Reilly

*[signature]*
server

DECLARATION OF MAILING

I declare under the penalty of perjury, pursuant to 28 U.S.C. § 1746(1), under the laws of the United States of America, that on July 21, 2014, I deposited the above Reply in the U.S. Mailbox located inside FSL La Tuna addressed to the address above.

*[signature]*
declarant

Lindsey Kent Springer
Reg # 02580-063
Federal Satellite Low-La Tuna
P.O. Box 6000
Anthony, New Mexico 88021

⇔02580-063⇔
Clerk Of Court
U.S. Courthouse Rm. 411
333 W 4TH ST
Tulsa, OK 74103
United States

"Legal Mail"

BECCE145
09-CR-43-SPF



JUL 22 2014
USPS

RECEIVED
JUL 25 2014
Phil Lombardi, Clerk
U.S. DISTRICT COURT