IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff/Respondent, | ) |
| | ) |
| vs. | ) Case No. 09-CR-0043-SPF |
| | ) |
| LINDSEY KENT SPRINGER, | ) |
| | ) |
| Defendant/Movant. | ) |

## ORDER
(re doc. no. 570)

Defendant/movant Lindsey Kent Springer seeks leave to amend his pending §2255 motion. Doc. no. 570. Moving under Rule 15, Fed. R. Civ. P., he asks permission to add two additional grounds for relief to the approximately seventy-six grounds for relief stated in his original § 2255 motion.[1] The government has filed a response brief objecting to the proposed amendments. Doc. no. 576. The response brief argues that the motion should be stricken for non-compliance with various aspects of the local rules, and also because the proposed grounds would fail on their merits if the court were to reach the merits. Mr. Springer has filed a reply, arguing that the rules cited by the government do not apply and that the proposed grounds are

---

[1] The proposed grounds relate to 1) whether 18 U.S.C. § 3584(a) prohibits the court from imposing consecutive terms of imprisonment, making the maximum term for which Mr. Springer could have been imprisoned five years; and 2) whether the "sentence imposed is multiplicitous and violates the Fifth Amendment's due process and double jeopardy clause exceeding the statutory maximum." Doc. no. 570, pp. 5, 6.

meritorious. Doc. no. 582. Mr. Springer is a very experienced litigant. He proceeds *pro se* and his pleadings are liberally construed.

## Procedural Background

Mr. Springer's original motion for § 2255 relief was received by the court on March 11, 2013. On March 15, 2013, the court established a briefing schedule tailored to these complex proceedings, dividing the briefing on Mr. Springer's seventy-six grounds for relief into two stages. After the first-stage briefing was complete, the court entered a twelve-page ruling, on March 4, 2014, determining numerous issues. Doc. no. 537. Mr. Springer then filed numerous motions, all of which (other than the instant motion to amend) have now been disposed of. The only matters which remain to be determined at this point are the second-stage issues which survived the court's order of March 4, 2014, and the instant motion to amend which was received by the court on June 27, 2014. The government and Mr. Springer have already filed briefs with regard to the surviving second-stage issues. To date, many hundreds of pages of arguments and materials have been filed by Mr. Springer in these proceedings.

## Discussion

A motion to amend § 2255 grounds for relief may be denied as untimely. *See*, *e.g.*, United States v. Burbage, 280 Fed. Appx. 777 (10th Cir. 2008) (§ 2255 case in which movant sought to amend after objections to magistrate judge's findings were due but before district court had accepted the magistrate judge's recommendations to dismiss the case; district court's second reason for denying the motion to amend, untimeliness, was adequate standing alone where district court stated that movant could not raise new claims at this late date, as they occurred to the movant); United States v. Johnson, 162 F.3d 1174 (10th Cir. 1998) (§ 2255 case in which district court

denied leave to amend filed seven months after original claim and two months after district court decided the case; motion offered no facts or law that could not have been offered earlier; court noted that untimeliness alone is a sufficient reason to deny leave to amend).[2]

A litigant cannot propose new claims whenever they occur to him. All the more so here, due to circumstances unique to this case such as the following.

1. This is complex litigation in which Mr. Springer has already raised approximately seventy-six grounds for relief.

2. The court long ago organized the issues into a two-part briefing schedule and ruling schedule, which the proposed amendments, if allowed at this late date, would decimate.

3. Mr. Springer's motion to amend was filed more than a year after he filed his original motion for § 2255 relief, and more than three months after the court entered a number of dispositive rulings on those grounds for relief in the court's first-stage ruling.

4. Mr. Springer's motion suggests no reason why his proposed grounds for relief could not have been included in his original § 2255 motion. Instead, his motion focuses only on the purported merits of the additional grounds for relief.[3] He offers no explanation for his delay.

---

[2] Both of these decisions are unpublished and are cited in compliance with the Tenth Circuit's rules regarding citations to unpublished decisions.

[3] Although this order does not reach the merits of the proposed new grounds for relief, the court has reviewed the proposed grounds and finds nothing there to suggest the amendments should be permitted despite the motion's belatedness.

5. These proceedings have reached the final stage. The court has already entered a number of dispositive rulings. Moreover, the briefing of the surviving grounds for relief was completed on June 20, 2014, when the court received Mr. Springer's brief on the merits of the surviving grounds. Other than ruling on the instant motion, all that remains to be done is for the court to adjudicate the surviving grounds.

6. The timing of the motion suggests the possibility of bad faith on Mr. Springer's part.

7. Introducing new grounds for § 2255 relief at this stage would prejudice the United States by requiring it to respond to the proposed claims once the original claims were amended.

For all of these reasons, the court finds that the proposed amendment comes too late even measured by the liberal standards of Rule 15(a)(2), Fed. R. Civ. P.[4] It will be denied as untimely.

Alternatively, the motion does not comply with LCvR9.2(c). Mr. Springer argues that subsection (c) does not apply. Rule 9.2, however, is entitled "Actions Brought by Incarcerated Persons." Sections (a) and (b) of Rule 9.2 specifically address § 2255 proceedings. Although section (c) does not refer to § 2255 motions, read in context, it is clear that section (c), which is entitled "Amended Pleadings," applies to § 2255 proceedings. Section (c) provides that "Original proposed amended pleadings shall be signed and attached to any motion for leave to amend the pleading."

---

[4]The Tenth Circuit has applied Rule 15, Fed. R. Civ. P., to motions to amend § 2255 proceedings. *See*, *e.g.*, United States v. Espinoza-Saenz, 235 F.3d 501, 503 (10th Cir. 2000) (applying Rule 15, Fed. R. Civ. P., to motion to amend § 2255 proceedings). Rule 15(a)(2) provides that the court should freely give leave when justice so requires. Justice does not require permitting the amendments proposed by Mr. Springer.

No such attachment was included with Mr. Springer's motion to amend.  Lack of compliance with the court's local rules is an alternative basis for denying the motion.

Ruling

Mr. Springer's motion to amend (doc. no. 570) is **DENIED**.

Dated this 30th day of July, 2014.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

09-0043p128.wpd