# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff/Respondent, | ) ) ) | |
| vs. | ) ) | Case Nos. 09-cr-0043-SPF and 13-cv-0145-SPF-TLW |
| LINDSEY KENT SPRINGER, | ) ) ) | |
| Defendant/Movant. | ) | |

## ORDER

On March 11, 2013, Mr. Springer moved to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. Doc. no. 472, filed with doc. nos. 473-475. In that motion, he stated approximately seventy-six separate grounds for relief. On March 15, 2013, the court established a two-stage briefing schedule. Doc. no. 478. After briefing of the first-stage issues, the court entered an order on March 4, 2014, doc. no. 537, disposing of many of the seventy-six grounds for relief urged by Mr. Springer. The order dismissed all procedurally barred grounds for relief, and as an alternative basis for disposing of the jurisdictional grounds for relief it also found those grounds lacked merit. The order also identified all grounds which survived for second-stage consideration. Per the briefing schedule, the government then responded to Mr. Springer's arguments regarding the remaining grounds for relief. Doc. no. 562. Mr. Springer filed a reply brief. Doc. no. 567. Accordingly, the second-stage briefing is now complete.

Mr. Springer is an experienced litigant. He appears *pro se* and his pleadings are liberally construed.

Remaining Grounds

The following grounds for relief remain for consideration on their merits. (These are the surviving grounds as stated in the March 4 order, doc. no. 537, pp. 10-12, footnotes deleted.)

– Ground 49 to the extent that it challenges the Tenth Circuit's page limitation on Mr. Springer's appellate briefing.

– Ground 50 to the extent that it challenges the undersigned's refusal to permit an extension of the page limitation applicable to Mr. Springer's memorandum brief filed in support of his § 2255 motion.

– Ground 66 to the extent that it argues the cumulative effect of other meritorious grounds entitles Mr. Springer to relief under § 2255.

– Ground 73 to the extent that it challenges the one-year window of time within which to seek relief under § 2255 as "not enough time to ascertain all the jurisdictional, and non-jurisdictional grounds, that warrant relief." Doc. no. 472, p. 83.

– To the extent that Mr. Springer asserts ineffective assistance of his appellate counsel, that particular aspect of each such ground survives. The parties do not always agree regarding in which grounds Mr. Springer alleges ineffective assistance of appellate counsel. Therefore, to avoid any confusion at the second stage, the court finds that ineffective assistance of appellate counsel is alleged in only the following grounds: Grounds 1 - 14, 28-30, 32-37, 39, 41-44, 46, 48-49, 51, 53-67 and 75. The listed grounds include Mr. Springer's arguments that the Tenth Circuit should have appointed new appellate counsel after his counsel was suspended, and that the Tenth Circuit should have started the appellate process over at that point.

This order addresses each of these remaining grounds, leaving Ground 66 for last because it involves the cumulative effect of Mr. Springer's arguments.

Ground 49

The surviving aspect of Ground 49 contends that the Tenth Circuit's page limitation on Mr. Springer's appellate briefing supports relief under §2255.

Mr. Springer cites no authority which indicates that he may attack his sentence under § 2255 on a ground such as this, which does not directly challenge his trial, judgment or conviction. Moreover, appellate courts have stated that page limitations merely limit the manner in which a petitioner can present his arguments; they do not wholly prevent a petitioner from presenting those arguments. *See*, *e.g.*, Mueller v. Angelone, 181 F.3d 557, 582-83 (4th Cir. 1999). The Tenth Circuit has referred to page limitations on appellate briefs as a means by which to avoid unnecessarily complicating the task of appellate judges. *See*, United States v. Patterson, 713 F.3d 1237, 1250 (10th Cir. 2013), and cases cited there. Without page limitations, parties would be encouraged to include frivolous and duplicative arguments.

Additionally, Mr. Springer states that without the benefit of counsel, he is unable to say at this time what issues he would have raised on appeal but for the Tenth Circuit's enforcement of its page limitation. Doc. no. 472, p. 59. Mr. Springer has shown no prejudice as a result of the Tenth Circuit's page limitations on appellate briefing.

This ground for relief has no merit and is rejected as a basis for relief under §2255.

Ground 50

The surviving aspect of Ground 50 contends that the undersigned's refusal to permit an extension of the twenty-five-page limit applicable to Mr. Springer's

memorandum brief filed in support of his § 2255 motion, constitutes grounds for relief under § 2255.[1]

Mr. Springer cites no authority which indicates that he may attack his sentence under § 2255 on a ground such as this, which does not directly challenge his trial, judgment or conviction. Moreover, despite Mr. Springer's complaint that his brief was not allowed to exceed twenty-five pages of text (the length permitted by the court's local rules), his § 2255 motion raised seventy-six grounds for relief. Mr. springer also presented hundreds of pages of material in support of his § 2255 motion. Like page limits on appellate briefing, page limits on briefing filed with a district court are a necessary case management tool without which there would be no check on frivolous or duplicative arguments. In its first-stage ruling the court held that numerous grounds raised by Mr. Springer were procedurally barred, and that all of his jurisdictional arguments were also frivolous. If Mr. Springer had deleted such arguments, he would have had many more pages available to devote to other arguments. Courts have stated that when a *pro se* party files pleadings which are consistently verbose and confusing, the imposition of a page limitation is a permissible and reasonable exercise of discretion. Murphy v. Colorado Dept. of Corrections, 2008 WL 496307 at *2 (D. Colo. 2008).

Additionally, Mr. Springer's second-stage memorandum, doc. no. 567, pp. 30-31 (addressing Ground 50), does not identify any arguments which Mr. Springer would have made but for this court's enforcement of the page limit. Mr. Springer has shown no prejudice as a result of the enforced page limit.

---

[1] As stated within Ground 50, doc. no. 472, p. 60 (facts portion), the undersigned denied Mr. Springer's motion to file an over-length brief in support of his § 2255 motion, on January 4, 2013. The order of denial is at doc. no. 471.

This ground for relief has no merit and is rejected as a basis for relief under §2255.

## Ground 73

The surviving aspect of Ground 73 argues that the one-year window within which to seek relief under § 2255 does not allow enough time to ascertain all grounds that warrant relief, thereby entitling Mr. Springer to § 2255 relief.

In Miller v. Marr, 141 F.3d 976 (10th Cir. 1998), the Tenth Circuit found that as applied in that case, the one-year limitation on filing a habeas petition did not violate petitioner's rights under the Suspension Clause (U.S. Const. art. I, § 9 cl. 2, the Constitution's prohibition on suspending the writ). Id. at 977. The court stated that "Whether the one-year limitation period violates the Suspension Clause depends upon whether the limitation period renders the habeas remedy inadequate or ineffective to test the legality of detention." Id.

Mr. Springer filed a timely motion for § 2255 relief, including seventy-six grounds for relief. Mr. Springer identifies no grounds which he would have presented but for the one-year limit, and he presents no arguments which would support equitable tolling of the one-year period. It is Mr. Springer's burden to show that the one year period was inadequate or ineffective. Id. He has not carried that burden.

This ground has no merit and is rejected as a basis for relief under § 2255.

## Grounds for Relief Based on Ineffective Assistance of Counsel

As stated in the court's order at the conclusion of the first stage, grounds for relief which assert that Mr. Springer had ineffective assistance of counsel on appeal survived to the second stage and are included within the following grounds: Grounds 1 - 14, 28-30, 32-37, 39, 41-44, 46, 48-49, 51, 53-67 and 75. As noted in the first-stage order, among these ineffective assistance grounds are complaints by Mr. Springer that the Tenth Circuit should have appointed new appellate counsel after his

counsel was suspended (due to conduct in another matter) from practicing before the Tenth Circuit, and that the Tenth Circuit should have started Mr. Springer's appellate proceedings over at that point.[2]

Mr. Springer contends his appellate counsel was ineffective for failure to raise grounds for relief which he now argues are meritorious and should have been asserted on appeal.[3] To establish a claim of ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984). A court deciding an ineffective assistance claim need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. Strickland, 466 U.S. at 697. In other words, the court may examine the Strickland requirements in any sequence, and a finding that either requirement is not met ends the discussion.

The court has carefully reviewed each ground for relief based on purported ineffective assistance of appellate counsel. Having done so, the court concludes that all such grounds for relief fall into one or more of the following categories.

---

[2] Mr. Jerold W. Berringer represented Mr. Springer on appeal. By order of September 2, 2011, the Tenth Circuit suspended Mr. Barringer from practicing before that court, for making frivolous arguments in a federal tax lien foreclosure appeal involving Mr. Springer. *See*, suspension order, In re: Jerold W. Barringer, 2011 WL 10657459 (10th Cir. 2011). The suspension occurred after Mr. Barringer had filed Mr. Springer's opening and reply briefs in the direct appeal which underlies this § 2255 matter, but before the Tenth Circuit affirmed the judgment and sentence in that direct appeal.

[3] In a few instances (*see, e.g.*, Grounds 28, 29, 30, and 57, all of which involve the Paperwork Reduction Act and/or Form 1040), Mr. Springer claims not that his appellate counsel *failed* to raise issues, but that appellate counsel failed to "*properly* raise" issues. Mr. Springer presumably makes this distinction because he recognizes that these grounds were, in fact, raised by his appellate counsel. The Tenth Circuit found that the Paperwork Reduction Act and Form 1040 issues had been sufficiently raised in the appeal, and it addressed and rejected those issues in the direct appeal. Grounds which were sufficiently raised, but rejected, in the direct appeal, merit no relief under §2255 for purported ineffective assistance of counsel during the appeal.

1. They are grounds which come within the scope of issues which were sufficiently raised by appellate counsel in the direct appeal, which were addressed by the Tenth Circuit in that appeal, and which were rejected by the Tenth Circuit in the direct appeal. *See*, Springer, 444 Fed. Appx. 256, 260 (identifying eight categories of arguments advanced by Mr. Springer on appeal; each of those eight sets of issues was addressed and rejected).[4]

2. They are grounds which either expressly or by implication challenge the federal courts' jurisdiction over the underlying crimes. Some of these types of jurisdictional grounds come within the scope of jurisdictional issues rejected on their merits by the Tenth Circuit in the direct appeal. For example, in Springer, the Tenth Circuit discussed and rejected Mr. Springer's arguments regarding the "Delegation of IRS Collection and Enforcement Authority." *Id*. at 260-61. Additionally, all of Mr. Springer's jurisdictional grounds for relief were rejected on their merits by the undersigned in the first-stage order. That order stated that Mr. Springer's jurisdictional grounds for relief were so lacking in merit that "it would be a waste of the parties' and the courts' time and

---

[4]The Tenth Circuit stated as follows. "Defendants' opening brief can be distilled to advance the following eight arguments: 1) defendants committed no crimes because there is no government entity outside of Washington, D.C. with the lawfully delegated power to collect taxes or enforce the internal revenue laws; 2) the Paperwork Reduction Act precludes imposition of all penalties arising from their convictions; 3) the district court erred in denying their motion to suppress; 4) the district court erroneously instructed the jury as to the definitions of "gift" and "income"; 5) the district court should have allowed defendants to subpoena employees of the Justice Department and the IRS; 6) defendants did not waive their right to counsel voluntarily, knowingly, and intelligently; 7) the district court did not properly calculate their attributable tax losses under the sentencing guidelines or properly apply their respective sentencing enhancements; and 8) Mr. Stilley's conspiracy conviction cannot be classified as a felony." Springer, 444 Fed. Appx. at 260.

resources to entertain these grounds further or to dignify them by according them further treatment." Doc. no. 537, p. 7.

3. They are grounds which arguably could be described as new grounds for relief not previously presented by Mr. Springer's appellate counsel, which Mr. Springer now contends his counsel should have raised on appeal. Having examined each ground which arguably falls into this category, the court has determined that each such ground lacks merit.[5]

As stated in n.5, *supra*, among the arguably new arguments raised by Mr. Springer (*i.e.* the third set of grounds identified above) are grounds which contend that after his counsel was suspended, the Tenth Circuit should have appointed new

---

[5]Arguments which are arguably new include the following. Mr. Springer contends the crimes he was indicted for did not match the crimes on which the jury was instructed. *See*, *e.g.*, Grounds 33, 34, 36, 43. For example, Mr. Springer contends he was indicted in counts two, three and four for evading required tax filings, whereas the jury was instructed regarding evading taxes. These counts, however, charge that Mr. Springer willfully attempted to evade and defeat the individual income <u>taxes due and owing</u> by him. These counts further allege that Mr. Springer attempted to evade and defeat <u>the taxes due</u> not only by failing to file tax returns as required by law, but also by committing various other affirmative acts of evasion. Accordingly, there is no merit to these grounds for relief. Mr. Springer also contends that due to various improprieties he has not yet had a proper trial, in violation of the Speedy Trial Act. *See*, *e.g.*, Grounds 64, 65. These arguments are also frivolous. Other arguably new but frivolous grounds for relief include contentions that appellate counsel failed to argue: that summary testimony by an agent regarding the amount of financial transactions violated Mr. Springer's rights, *see*, *e.g.* Ground 53; that the jury instruction about avoiding deadlock violated Mr. Springer's rights, *see*, *e.g.*, Ground 54; that Mr. Springer was selectively prosecuted, *see*, *e.g.* Ground 37; that Mr. Springer's sentence was ten times as long as the sentence given to Mr. McGinness of the HOW Foundation, *see*, *e.g.*, Ground 55; that Mr. Springer's counsel should have raised page limits arguments (rejected in this order), *see*, *e.g.*, Ground 49; and that Mr. Springer's sentence violates the Oklahoma Constitution and the United States Constitution because Mr. Springer has been imprisoned for a debt, *see*, *e.g.*, Ground 67. Mr. Springer also contends the Tenth Circuit should have started his appeal over after his appellate counsel was suspended from practicing. These "should have started over" types of arguments are new arguments, *see* grounds 59, 60 and 61, whose lack of merit is addressed next in the text of this order. Whether or not specifically addressed in this order, the court has considered all ineffective assistance grounds which could arguably be characterized as new arguments, and has concluded that all such arguments lack merit.

counsel for Mr. Springer and should have started the appellate proceedings over. *See, e.g.* Grounds 59, 60, 61.[6] In its first-stage order, the court characterized these grounds as "ineffective assistance" grounds because, in each of them, Mr. Springer states that they "evolved from Appellate Counsel and Court conduct during appeal process." The court also grouped these complaints with the "ineffective assistance" grounds because, by their nature, they obviously challenge the effectiveness of Mr. Springer's representation during the appeal. Whether considered as arguments presented by Mr. Springer under the rubric of ineffective assistance, or whether characterized in some other manner, the court now finds that these grounds lack merit for the reasons stated below.

Mr. Barringer was not suspended until after the briefing was complete on Mr. Springer's appeal. *See*, n.2, *supra*. In its detailed order affirming the judgment and conviction, the Tenth Circuit stated the panel had unanimously determined that oral argument would not materially assist the determination of the appeals before it. Springer, 444 Fed. Appx. 256, 259 at unnumbered footnote. This indicates the panel's conclusion that better-presented argument was not necessary for the panel to determine the issues. Mr. Springer has not identified any meritorious grounds which were not raised but which, if raised, would have led to a different result in his appeal if the Tenth Circuit had appointed new counsel or started his appeal over after Mr. Barringer was suspended.[7] Mr. Springer has shown no prejudice as a result of his

---

[6] Ground 60 includes an argument that Mr. Barringer had a conflict of interest with Mr. Springer due to Mr. Barringer's own tax problems involving failure to file tax returns for years 2001 and 2007. Failure to file tax returns does not create a conflict with Mr. Springer's positions or defenses.

[7] In Ground 59, Mr. Springer lists grounds which he contends should have been raised or more fully developed by Mr. Barringer. All of these grounds have been rejected for various reasons, under this order or the court's prior order at the first stage.

complaints regarding the manner in which the Tenth Circuit handled his appeal after Mr. Barringer was suspended.

Because all of Mr. Springer's ineffective assistance of appellate counsel arguments fall into one or more of the three categories identified earlier in this order, it is clear that all such arguments lack merit. There can be no prejudice as a result of counsel's failure to raise meritless arguments. United States v. Orange, 447 F.3d 792, 797 (10th Cir. 2006) ("If the omitted issue is without merit, then counsel's failure to raise it is not prejudicial, and thus is not ineffective assistance."). Thus, the prejudice requirement of Strickland is not met. Additionally, deficient performance of counsel, the other requirement under Strickland, cannot be premised on counsel's failure to make a patently meritless argument. All of the issues which Mr. Springer complains that his appellate counsel did not raise are patently meritless. Accordingly, neither prong of the Strickland test is met.

The court rejects Mr. Springer's ineffective assistance grounds as a basis for relief under § 2255.

## Ground 66

Ground 66 argues that the cumulative effect of all of Mr. Springer's grounds for relief entitles him to relief. This court has now found that none of the grounds for relief presented by Mr. Springer supports § 2255 relief. Mr. Springer's grounds also lack merit, considered together. *See*, Bunton v. Atherton, 613 F.3d 973, 990 (10th Cir. 2010) (cumulative error doctrine does not apply where court has not found the existence of two or more actual errors).

## Ruling On Second Stage Issues

All grounds for relief which survived the first stage to be considered at the second stage are **DENIED** on their merits. They are rejected on their merits as grounds for relief under §2255.

This order and the court's first-stage order dispose of all grounds for relief presented by Mr. Springer in these § 2255 proceedings.

Certificate of Appealability

A movant in a § 2255 matter is entitled to a certificate of appealability only upon making a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This standard is satisfied by demonstrating that the issues movant seeks to raise are deserving of further proceedings, debatable among jurists of reasons, or subject to different resolution on appeal. *See*, Slack v. McDaniel, 529 U.S. 473, 484 (2000) ("[W]e give the language found in §2253(c) the meaning ascribed it in [Barefoot v. Estelle, 463 U.S. 880, 893 (1983)], with due note for the substitution of the word 'constitutional.'"). "Where a district court has rejected the constitutional claims on the merits, ... [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* When a prisoner's habeas petition is dismissed on procedural grounds without reaching the merits of the prisoner's claims, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Movant has not made the required showing and a certificate of appealability is **DENIED**.

Dated this 22nd day of August, 2014.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

09-0043p129.wpd