

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OKLAHOMA

FILED

AUG 25 2014

Phil Lombardi, Clerk
U.S. DISTRICT COURT

| | |
|---|---|
| Lindsey Kent Springer, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Case No. 13-CV-145 |
| ) | (Formerly 09-CR-043) |
| United States of America, ) | |
| ) | |
| Respondent. ) | |

### MOTION FOR ORDER FINDING CHARLES A. O'REILLY IS NOT AUTHORIZED AND WAS NEVER AUTHORIZED TO REPRESENT THE UNITED STATES OF AMERICA

Lindsey Kent Springer ("Movant") moves for an order finding (1) that Charles A. O'Reilly is not currently authorized to represent the United States of America, nor has ever been so authorized, between December 22, 2008 to the date of filing of this Motion, (2) that John A. Marrella is not an "Officer of the Department of Justice" as of December 23, 2008 to the extent Mr. O'Reilly relies upon any purported authorization from or communicated by Mr. Marrella, (3) that there is no office established by Congress pursuant to Article II, § 2, Cl. 2 for a person to hold as "Deputy Assistant Attorney General," (4) that 28 U.S.C. § 515(a) does not identify the office holder of "Deputy Assistant Attorney General" with any authority therein to anything, (5) that neither Mr. O'Reilly or Mr. Marrella were or are the Attorney General as meant by 28 U.S.C. § 515(a), (6) that neither Mr. O'Reilly or Mr. Marrella were or are an "Officer of the Department" as that phrase is used in 28 U.S.C. § 515(a), (7) that neither Mr. O'Reilly or Mr. Marrella were or are "specially appointed" by the Attorney General to conduct or assist in the prosecution of the March 10, 2009 indictment being attacked in Movant's 2255 application, (8) that Mr. O'Reilly is not an attorney Specially appointed as an "attorney" by the Attorney General meant by 28 U.S.C. § 515(a), (9) that 28 CFR § 0.13(a) is an impermissible delegation of the Attorney General's

1

authority under 28 U.S.C. § 515(a) according to the holding in U.S. v. Giordano, 416 U.S. 505, 513(1974), and (10) that 28 U.S.C. §§ 516 and 517 are not applicable to Mr. O'Reilly.

## ACKNOWLEDGMENT

Movant acknowledges Judge Friot has recently stated he believes Movant's attack on the Article III standing of Mr. Woodward, Mr. O'Reilly, and Mr. Snoke to represent the United States of America in the prosecution of the March 10, 2009 Grand Jury Indictment "Frivolous." Doc. 575, pg. 2

However, as Judge Friot is aware, the Chief Judge of the Tenth Circuit granted Movant permission to file his Petition in 13-5113 on September 10, 2013, which is required due to the injunction the Tenth Circuit placed between Movant and his right to either appeal or bring an original action. see Springer, v. IRS, ex rel USA, 231 Fed. Appx. 793, 802-804(10th Cir. 2007) (unpublished). On September 18, 2013, Three Tenth Circuit Judges denied the relief Movant sought in the Petition filed in 13-5113 but waived the filing fees. Granting Movant permission to file an original action and waiving the filing fees were both finding Movant's claims regarding Judge Friot's Article III power to adjudicate the March 10, 2009 indictment, and enter Judgment, were not frivolous.

In addition to these Four Tenth Circuit Judges not finding Movant's claims regarding the Article III Standing of Mr. Woodward, Mr. O'Reilly, and Mr. Snoke, not frivilous, on April 7, 2014, another panel of Judges in USA v. Springer, 14-5012, granted Movant permission to proceed Pro-Se on similar gronds stemming from orders in USA v. Springer, 08-CV-278, which contains the same Article III deficiency Movant claims exists in this case before Judge Friot. At this point, Six out of Seven Tenth Circuit Judges have allowed Movant to proceed in spite of the injunction which is in place to catch frivolous filings.

The issues in 13-5113 and 14-5012 are the same as the issues Movant raised in Ground 2 of his 2255 application and that Movant has sought discovery, and to strike documents, filed and signed by Mr. O'Reilly.

Recently, Movant presented evidence from the Department of Justice unequivocally showing Mr. O'Reilly is not a current employee of the Department of Justice and that no records exist of any appointment of Mr. O'Reilly as an "Special Assistant United States Attorney." Doc. 573, Exhibit 7

1. There is no Article II, § 2, Cl. 2 Office of "Deputy Assistant Attorney General" established by law of Congress within the Department of Justice.

On October 24, 2013, in opposition to Movant's Motion to Strike, Doc. 522, Mr. O'Reilly stated to Judge Friot on the record:

> "With respect to the abov-captioned case, the undersigned represented the United States of America during the grand jury investigation, at trial, and during Mr. Springer's appeal from his conviction. Pursuant to Title 28, United States Code, Section 515(a) and Title 28, Code of Federal Regulations Section 0.13(a), Deputy Assistant Attorney General John A. Marrella of the United States Department of Justice, Tax Division authorized the undersigned to represent the United States with respect to this investigation and prosecution by letter dated December 23, 2008."

Doc. 525, pg. 2

In addition to Movant's objection to Mr. O'Reilly's claim he was "appointed" by David E. O'Meilia as "Special Assistant United States Attorney" on January 5, 2009, Mr. O'Reilly also claimed:

> "United States Attorneys for the Northern District of Oklahoma have extended the undersigned's appointment as a Special Assistant United States Attorney by letters dated January 4, 2010, January 4, 2011, January 10, 2012, and most recently by United States Attorney Danny C. Williams, Sr. in a letter dated December 19, 2012."

Id.

Movant has been denied discovery of any of these appointments or letters and it would have been no moment for Mr. O'Reilly to have produced them instead of requiring Movant to develope the record that they dont.

Movant premised the above so as there be no doubt Movant's objection to

3

Mr. O'Reilly's "appointment" by either O'Meilia, the "United States Attorneys," or Mr. Williams, has never been even remotely tested and is continued to be objected to by Movant.

The issue being raised, in addition to the issues already raised and denied, is that no provision of Title 28 creates an Article II, § 2, Cl. 2 office of "Deputy Assistant Attorney General."

Article II, § 2, Cl. 2 reads in relevant part:

> "[the President]...shall nominate, by and with the advice and consent of the Senate, shall appoint...all other officers of the United States, whose Appointments are not herein otherwise provided for, and which shall be established by law; but Congress may by Law vest the Appointment of such inferior officers, as they think proper, in the President alone, in the Courts of Law, or in the Heads of Departments."

"[a]n appointee exercising significant authority pursuant to the laws of the United States is a 'officer of the United States,' and must, therefore be appointed in the manner prescribed by § 2, Cl.2 of that Article." Buckley v. Valeo, 424 U.S. 1, 126(1976).

The only statute establishing any office of "Assistant Attonrey General" is found at 28 U.S.C. § 506 and mentions nothing about "Deputy Assistant Attorney General":

> "The President shall appoint, by and with the advice and consent of the Senate, 11 Assistant Attorney Generals, who shall assist the Attorney General in the performance of his duties."

It is true Congress established at 28 U.S.C. § 504 an Article II, § 2, Cl. 2 office of "Deputy Attorney General" but no provision of law establishes an office of "Deputy Assistant Attorney General" in Title 28.

The fact there is no office of "Deputy Assistant Attorney General" established by Congres renders Mr. O'Reilly's statement he was "authorized to represent the United States" by "Deputy Assistant Attorney General John A. Marrella" an untrue statement as to both fact and law.

    2.  28 U.S.C. § 515(a) does not mention "Deputy Assistant Attorney General.

Mr. O'Reilly's reliance upon 28 U.S.C. § 515(a) is in error.  Section

4

515 reads in relevant part:

> "The Attorney General or any other officer of the Department of Justice, or any attorney specially appointed by the Attorney General under law, may, when specifically directed by the Attorney General, conduct any kind of legal proceedings, civil or criminal...which United States attorneys are authorized by law to conduct, whether or not he is a resident of the district in which the proceeding is brought."

Section 515(a) requires persons conducting any criminal proceeding be either the Attonrey General personally, or an "other officer of the Department of Justice...specifically appointed by the Attorney General," or an "attorney specially appointed by the Attorney General under law...specifically appointed by the Attorney General."

> (i) Neither Mr. O'Reilly or Mr. Marrella were or are the Attorney General.

Mr. O'Reilly does not claim to be that Attorney General nor does he claim Mr. Marrella is the Attorney General or Deputy Attorney General ever.

> (ii) Neither Mr. O'Reilly or Mr. Marella were or are an "officer of the Department of Justice specially appointed by the Attorney General.

Section 515(a), as quoted above, requirs the "officer of the Department of Justice" be "specifically appointed by the Attorney General."

In U.S. v. Giordan, 416 U.S. 505, 513(1974) the Supreme Court addressed to what extent the Attorney General Court delegate his duty under 28 U.S.C. §§ 509 and 510. 28 U.S.C. § 509 reads:

> "All functions of other officers of the Department of Justice, and all functions of agencies and employees of the Department of Justice are vested in the Attorney General."

28 U.S.C. § 510 rreads the:

> "Attorney General may from time to time make such provisions as he considers appropriate authorizing the performance by an officer, employee, or agency of the Department of Justice of any function of the Attorney General."

"Despite § 510, Congress does not always contemplate that the duties assigned to the Attorney General may be freely delegated."Giordano, 416 U.S. at 514. At issue in Giordano was whether 18 U.S.C. § 2516 power to authorize

5

wire taps could be delegated to an Executive Assistant to the Attorney General. Section 2516 authorized wire tap application be made by the:

> "Attorney General, or any Assistant Attonrey General specially designated by the Attorney General.."

The Supeme Court held the Executive Assistant to the Attorney General could not be delegated the duties under § 2516 because:

> "Plainly, the Executive Assistant is neither the Attorney General nor a specially designated Assistant Attorney General."

416 U.S. at 513

The Supreme Court explained the matter of delegation in § 2516 is expresslly addressed by § 2516 and the power of the Attorney General in this respect is specifically limited to delegating his authority to "any Assistant Attorney General specially designated by the Attorney General." Id. at 514

28 U.S.C. § 515(a) uses the same language as § 2516 requiring the Attorney General specifically appoint an officer of the Department of Justice. Like "specially designate," the phrase "specifically directed by the Attorney General" is not delegatable.

Neither Mr. O'Reilly or Mr. Marrella are an "officer of the Department of justice" nor are either of them specially directed by the Attorney General as is requird by § 515(a).

3. Mr. O'Reilly is not an attorney specially appointed by the Attorney General under law.

The last option under § 515 is for Mr. O'Reilly show he is an "attorney specially apointed by the Attorney General under law" and "specifically directed by the Attorney General." Even if Mr. Marrella somehow "authorized" Mr. O'Reilly to represent the United States, Mr. O'Reilly concedes Mr. Marrella is not the Attorney General and that is the end of that part of the inquiry regarding § 515(a).

Mr. O'Reilly was not specially apointed by the Attorney General nor specifically directed by the Attorney General to do anything in the Northern

6

District of Oklahoma in Movant's criminal case ever and no evidence says otherwise.

4. 28 CFR § 0.13(a) is an impermissible delegation under § 515(a).

Mr. O'Reilly finally claimed under 28 CFR § 0.13(a) Mr. Marrella was delegated the Attorney General's authority under § 515(a). As explained above, the Attorney General's authority under § 515(a) is not delegatable as held in Giordano about similar language in § 2516.

28 CFR § 0.13(a) reads in relevant part:

"Each Assistant Attorney General and Deputy Assistant Attorney General is authorized to exercise the authority of the Attorney General under 28 U.S.C. § 515(a), in cases assigned to, conducted, handled, or supervised by such official, to designate Department attorneys to conduct any legal proceeding, civil or criminal, including grand jury proceedings and proceedings befor committing magistrates, which United States attorneys are authorized by law to conduct, whether or not the designated attorney is a resident of the district which the proceeding is brought."

First, the Attorney General's authority under § 515(a) is not delegatable due to its usage of the phrase "specially appointed by the Attorney General" and "specifically directed by the Attorney General." See Giordano, 416 U.S. at 513-514.

Second, although the Attorney General could specifically direct an officer of the Department of Justice to conduct a criminal case, that directive is specifically and only to be made by the Attorney General.

Third, § 515(a)'s "officer of the Department of Justice" does not include a "Deputy Assistant Attorney General" as that employment opportunity is not an office established by Congress pursuant to its authority at Article II, § 2, Cl. 2. There is no difference between an Executive Assistant to the Attorney General, at issue in Giordano, and a purported "Deputy Assistant Attorney General. Neither are nominated by the President, confirmed by the Senate, or otherwise carrying out a duty established by law of Congress.

Movant has conducted a word search through Title 28 and finds no office to be created by the appointment of a "Deputy Assistant Attorney General." Mr.

7

Marrella would need by "specially appointed by the Attorney General under law" and "specifically directed by the Attorney General" to conduct a criminal case in the Northern District of Oklahoma, and then only if a United States attorney was properly in office.

In this case, it is not Mr. Marrella, but rather Mr. O'Reilly who claims authority under § 515(a). See Doc. 525, pg. 2. Since Mr. O'Reilly admits he was not specially appointed and specifically directed by the Attorney General to conduct or assist a United States Attorney, in the Northern District of Oklahoma, Mr. O'Reilly was not authorized under 28 U.S.C. § 515(a) to conduct or assist in the Northern District of Oklahoma prosecution of the March 10, 2009 Grand Jury Indictment.

The authority Congress placed in the Attorney General to appoint and direct specifically and specially is undelegatable rendering both reliance upon 28 CFR § 0.13(a), and the purorted delegation of authority to make a § 515(a) appointment and directive impermissible.

5. 28 U.S.C. §§ 516 and 517 are of no help to Mr. O'Reilly

Both 28 U.S.C. §§ 516 and 517 only apply to officers of the Department of Justice and Mr. O'Reilly has admitted he is not an Article II, § 2, Cl.2 officer of the Department of Justice. A Trial Attorney is not an officer of the Department of Justice. A "Special Assistant United States Attorney" is not an "officer of the Department of Justice" for purpose of applying 28 U.S.C. §§ 516 and 517. Section 516 and 517 are no help to Mr. O'Reilly.

CONCLUSION

Movant respectfully requests for an order finding (1) that Charles A. O'Reilly is not currently authorized to represent the United States of America nor has ever been so authorized, between December 22, 2008, to the date of filing of this Motion, (2) that John A. Marrella is not an "Officer of the Department of Justice" as of December 23, 2008 to the extent Mr. O'Reilly

8

relies upon any purported authorization from or communicated by Mr. Marrella, (3) that there is no office established by Congress pursuant to Article II, § 2, Cl. 2 for a person to hold as "Deputy Assistant Attonrey General," (4) that 28 U.S.C. § 515(a) does not identify the office holder of "Deputy Assistant Attorney General" with any authority therein to do anything, (5) that neither Mr. O'Reilly or Mr. Marrella were or are the Attorney General as meant by 28 U.S.C. § 515(a), (6) that neither Mr. O'Reilly or Mr. Marrella were or are an "Officer of the Department" as that phrase is used in 28 U.S.C. § 515(a), (7) that neither Mr. O'Reilly or Mr. Marrella were or are "specially appointed" by the Attorney General to conduct or assist in the prosecution of the March 10, 2009 Indictment being attached in Movant's 2255 application, (8) that Mr. O'Reilly is not an attorney Specially appointed as an "attorney" by the Attorney General meant by 28 U.S.C. § 515(a), (9) that 28 CFR § 0.13(a) is an impermissible delegation of the Attorney General's authority under 28 U.S.C. § 515(a) according to the holding in U.S. v. Giordano, 416 U.S. 505, 513(1974) and, (10) that 28 U.S.C. §§ 516 and 517 are not applicable to Mr. O'Reilly.

Respectfully Submitted

/s/ Lindsey K Springer
Reg. # 02580-063
Federal Satellite Low-La Tuna
P.O. Box 6000
Anthony, New Mexico 88021

9

CERTIFICATE OF SERVICE

I herby certify that on August 21, 2014, I mailed First Class U.S. the above Motion to the Clerk of Court, 333 West Fourth St., Tulsa, Oklahoma 74103:

I further certify that all parties to the above case are registered ECF users and shall receive service of the above Motion through the Court's ECF System:

United States of America

_____
server

DECLARATION OF MAILING

I declare under the penalty of perjury pursuant to 28 U.S.C. § 1746(1) under the laws of the United States of Amercia that on August 21, 2014, I deposited the above Motion in the U.S. Mailbox located inside FSL La Tuna Federal Prison to the address above.

_____
declarant

Lindsey Kent Springer
Reg # 02580-063
Federal Satellite Low - La Tuna
P.O. Box 6000
Anthony, New Mexico 88021

"Legal Mail"
09-CR-43-SPF

⇔02580-063⇔
Clerk Of Court
U.S. Courthouse Rm. 411
333 W 4TH ST
Tulsa, OK 74103
United States



AUG 22 2014

RECEIVED
AUG 25 2014
Phil Lombardi, Clerk
U.S. DISTRICT COURT