

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OKLAHOMA

**FILED**

SEP 1 2 2014

Phil Lombardi, Clerk
U.S. DISTRICT COURT

Lindsey Kent Springer,

    Movant,

v.

United States of America,

    Respondent.

Case No. 13-CV-145
(09-CR-043-SPF-N.D.OK.)

NOTICE OF APPEAL

    Lindsey Kent Springer ("Movant") files his Notice of Appeal of the Orders of Honorable United States District Judge for the Western District of Oklahoma, Stephen P. Friot, in the above captioned matter, and the Judgment entered August 22, 2014. The orders to which Movant Appeals to the United States Court of Appeals for the Tenth Circuit are as follows:

1) Minute Order dated March 11, 2013, assignment of Judge Friot, and assignment of Magistrate, along with civil case number, Doc. 476;

2) Order establishing two-step procedure dated March 15, 2013, and directing First Step not to include any argument on any merits of any ground for relief, Doc. 478;

3) Order explaining 2255 is motion in ongoing criminal case dated March 27, 2013, Doc. 480;

4) Order reaffirming March 27, 2013, Order concluding 2255 is motion in ongoing criminal case dated April 9, 2013, Doc. 484;

5) Order Striking Motion for Declaratory Judgment for not being author-ized by Judge Friot to be filed in 2255 proceeding dated May 7, 2013, Doc. 492;

6) Order denying in part and striking in part Motion for Clarification who United States Attorney was from June 28, 2009 to present dated May 15, 2013, Doc. 496;

7) Order denying Judge Friot recuse due to bias and prejudice where Civil Rights violations raised in 2255 Motion/Application were as a direct result of Judge Friot switching the alleged offense in Counts 2, 3, and 4, from 26 U.S.C. § 7201's attempted evasion of assessment, to § 7201's offense of attempted evasion of payment; expanding or broadening Count 1's object to include Co-Defendant's Arkansas Tax Liabilities where no such referral from the Secretary of the Treasury was made regarding Co-Defendant's Arkansas Tax Liabilities due to the



1

IRS Taxes he may have been liable for; Judge Friot's instruction to the Jury that he had "ruled" Form 1040 United States Individual Income Tax Return did not and does not violate the Paperwork Reduction Act when the only ruling in the record was Judge Friot ruled Form 1040 was not subject to the Paperwork Reduction Act where no regulations were involved in the statutory obligation to file a Form 1040, and where such Jury Instruction rendered Movant's Good Faith Defense subjectively unreasonable in violation of well established Supreme Court and Tenth Circuit precedent; Judge Friot's allowing shifting positions as to the theory behind Counts 2 and 4; Judge Friot being fully aware of the June 3, 2005 IRS Institutional Referral for Grand Jury Investigation but refusing to address the unlawfulness of the September 15, 2005 Search Warrant, and its September 16, 2005, execution, by IRS Agents who were under well known prohibitions rendering the IRS post referral use of Title 26 enforcement authority to gather evidence or information for the United States Attorney, his Assistants, and their Grand Jury, unlawful, warranting determination of bad faith and all such evid- and information so gathered required to be suppressed from the Jury Trial, even warranting dismissal with prejudice; and for imposing an order of restitution to the IRS and State of Oklahoma, having neither stated Judge Friot's authority to do so, or having any such authority to impose such restitution as a condition of imprisonment and sentence; and among others dated June 21, 2013, <u>Doc. 510</u>;

8) Order refusing to disqualify Charles A. O'Reilly based upon his lack of authority to represent the United States of America after David E. O'Meilia resigned on June 28, 2009 dated June 25, 2013, <u>Doc. 511</u>;

9) Order denying issuance of Conditional Writ of Habeas Corpus releas- ing Movant due to the clear and indisputable evidence the convict- ion, Sentence, and Judgement, on all Six Counts, were obtained and entered in violation of Movant's Fifth and Sixth Amendment Rights involving the non-criminal conduct of failing to file Form 1040 United States Individual Income Tax Returns, the switching of the Grand Jury's alleged § 7201 offense to attempted evasion of payment, expanding Count One to include Co-Defendant's Arkansas Federal In- come Tax Liability, and that the Judgment was invalid due to the government attorneys representing the party United States of America were unauthorized to do so and made false statements to obscure their lack of Article III, § 2 standing to prosecute Movant pursuant to 28 U.S.C. § 547(1) dated July 3, 2013, <u>Doc. 514</u>

10) Order denying Movant leave to conduct discovery, to reply to Resp- ondent's Opposition to Movant's request for discovery, and denying Movant's request to strike the September 9, 2013, preliminary resp- onse Brief (Step-One's Response) filed by O'Reilly under United States Attorney Danny C. Williams, Sr.'s name, where O'Reilly was continuing to assert claims of authority to represent the United States of America that were untrue dated January 6, 2014, <u>Doc. 528</u>;

11) Order clarifying to Movant <u>NOT</u> to address the merits of any ground raised in Movant's Step-One Reply to O'Reilly's September 9, 2013, Step-One Response Brief dated January 10, 2014, <u>Doc. 530</u>;

12) Order denying reconsideration of January 6, 2014, order denying Movant's Motion for Leave to Conduct Discovery, Motion for Leave to Reply to Respondent's Opposition to Movant's Motion, and Motion to Strike dated February 13, 2014, <u>Doc. 536</u>;

13) Order on Step-One denying as precluded all but four of seventy-six Grounds for Relief; denying on the merits all but four of seventy-six Grounds for relief; ordering 47 of the 72 Grounds for relief to move to the Step-Two "merits" phase under claims of ineffective assistance of counsel; deciding to address the merits with summary denials being either frivolous or without merit after instructing Movant not to address the merits of any of the seventy-six Grounds for relief in the Step-One briefing dated March 4, 2014, <u>Doc. 537</u>;

14) Order denying disqualification of Judge Friot by Judge Friot where Movant claimed Judge Friot was not Commissioned by the President to Hold an Article III, § 1 district judge office in the Northern Judicial District of Oklahoma; that former Chief Judge Robert H. Henry's December  30, 2008, purported letter of designation of all 14 Article III, § 1, and 28 U.S.C. § 133(a) district judges commissioned by the President to hold office within the Northern Judicial District of Oklahoma (3 such offices), Eastern Judicial District of Oklahoma (1 such office), and Western Judicial District of Oklahoma (6 such offices), and the 1 office authorized by Congress to hold such office in the Northern, Eastern, or Western Judicial Districts of Oklahoma, violated and exceeded 28 U.S.C. § 292(b); that § 292(b) violated Article II, § 2, Cl. 2 and Article III, § 1, and as applied, rendering § 292(b) unconstitutional; that Judge Friot's more than 5-years exceeded the 1-year term created by Judge Henry's letter and was not temporary dated March 5, 2014, <u>Doc.538</u>;

15) Order denying appointment of Sixth Amendment Counsel based upon all First Time Sixth Amendment violations of ineffective assistance of appellate counsel; denying reconsideration of the March 4, 2014, order; denying to identify Judge Friot's statutory authority to hold an Article III, § 1 and 28 U.S.C. § 133(a) district judge office in the Northern District of Oklahoma; Denying Motion For Leave to Proceed In Forma Pauperis regarding appointment of Counsel dated March 27, 2014, <u>Doc. 547</u>:

16) Order denying return of property seized by Magistrate issued search warrant seized by IRS on September 16, 2005, after June 3, 2005, IRS Institutional Referral for Grand Jury Investigation, including the remaining $ 2,000 outstanding; denying release of Rule 41(i) papers filed by Magistrate when September 15, 2005, search warrant was required to be filed with the Clerk of Court dated April 10, 2014, <u>Doc. 552</u>;

17) Order denying reconsideration of March 4, 2014, order dated April 28, 2014, Doc. 557;

18) Order granting Respondent's Motion Movant retrieve the Rule 41 seized evidence within a fixed time dated June 11, 2014, <u>Doc. 566</u>;

19) Order denying reconsideration on discovery after receiving from the executive Office of United States Attorneys, Department of Justice,

that there was no record of Charles A. O'Reilly every being app-
ointed as a "Special Assistant United States Attorney" by the
Attorney General, or anyone else and that there was no record of
O'Reilly's employment with the Department of Justice dated July 9,
2014, Doc. 575;

20) Order transferring Movant's release requests where Movant has served
all the sentence of Counts 1,4,5, and 6, leaving only Counts 2 and 3
to be served, where those Counts are for conviction, sentence, and
judgment, based upon Judge Friot's switch of the § 7201 offense of
attempted evasion of assessment, to the § 7201 offense of attempted
evasion of payment, which are direct violations of the Fifth and
Sixth Amendments as held and directed to Judge
Friot in U.S. v. Farr, 536 F.3d 1174, 1179-85(10th Cir. 2008); that
running the sentence in Counts 1,2, and 3, consecutive to each other
violated 18 U.S.C. § 3584(a); that all of the offenses alleged in
Counts 2,3,4,5, and 6, are offenses within Count 1; that the offense
alleged in Counts 3,4,5, and 6, are offenses within Count 2; that
the offense alleged in Counts 4 and 6 are offenses within Count 3;
that cumulative punishment for the same offense violates the Fifth
Amendment Double Jeopardy Clause and is multiplicitous, to the
District of New Mexico, dated July 15, 2014, Doc. 579:

21) Order denying leave to amend 2255 on issues that relate back to the
same set of opperative facts dated July 31, 2014, Doc. 583;

22) Order dismissing all ineffective assistance of appellate counsel
claims on grounds the March 4, 2014, Order denied the merits of each
Ground that moved to Step-Two's "merits" phase, denied Judge Friot
switched the Grand Jury's alleged offense in Counts 2,3, and 4, in
a footnote, and denied the four remaining Grounds dated August 22,
2014, Doc. 584;

23) Judgment dated August 22, 2014, Doc. 585

24) Order denying as Frivolous and that case was closed on August 22,
2014, Movant's claims Charles A. O'Reilly's argument that he was
assigned by a "Deputy Assistant Attorney General," pursuant to 28
U.S.C. § 515(a) and 28 CFR § 0.13(a), was and is not lawful and
for Judge Friot find O'Reilly was never authorized under Article
III to represent the United States of America ever, dated August
26, 2014, Doc. 587:

Respectfully Submitted

Reg. # 02580-063
Federal Satellite Low-La Tuna
P.O. Box 6000
Anthony, New Mexico 88021

4

## CERTIFICATE OF SERVICE

I hereby certify that on September __7__, 2014, I mailed U.S. First Class the above Notice of Appeal to the Clerk of Court, 333 West Fourth St., Tulsa, Oklahoma 74103:

I further certify that all parties to the above proceeding are registered ECF users and shall receive service of the above Notice of Appeal through the Court's ECF system:

> Danny C. Williams, Sr.
> Charles A. O'Reilly
> Jeffrey A. Gallant

Server

## DECLARATION OF MAILING

I declare under the penalty of perjury pursuant to 28 U.S.C. § 1746(1) under the laws of the United States of America that I deposited the above Notice of Appeal in the U.S. Mailbox located inside FSL La Tuna to the address above on September __7__, 2014.

Declarant

No postmark

09-CR-43-SPF

Lindsey Kent Springer
Reg # 02580-063
Federal Satellite Low - La Tuna
P.O. Box 6000
Anthony, New Mexico 88021

"Legal Mail"

RECEIVED

SEP 1 2 2014

Phil Lombardi, Clerk
U.S. DISTRICT COURT

⟨02580-063⟩
Clerk Of Court
Northern District of Okla
333 W 4TH ST
Tulsa, OK 74103
United States

41033839 C006