IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                        Case No. 13-CV-145/09-CR-043

LINDSEY KENT SPRINGER,

    Defendant

FILED AUG 28 2015 Phil Lombardi, Clerk U.S. DISTRICT COURT

MOTION FOR EXTENSION OF TIME TO FILE MOTION
PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE
RULE 60(b)

Lindsey Kent Springer ("Defendant") moves this Court for a 60 day extension to file a Motion pursuant to Federal Rules of Civil Procedure Rule 60(b)(3) based upon fraudulent misrepresentations of Thomas S. Woodward, Jeffrey A. Gallant, Kenneth P. Snoke, Danny C. Williams, and Charles A. O'Reilly.

Plaintiff has recently received responses under the Freedom of Information Act ("FOIA") from Mr. Williams and the Executive Office of United States Attorneys that show that Mr. Woodward was never David E. O'Meilia's "First Assistant" during any time between January 1, 2009 through June 28, 2009. Mr. O'Meilia resigned his office on June 28, 2009, and Mr. Woodward represented in the record of this Court he held the office of "Acting United States Attorney" until either January 21, 2010, or January 25, 2010. On January 17, 2014, Mr. Williams informed the Northern District of Oklahoma Court that Mr. Woodward held the position of "First Assistant" since March 3, 2009. This was a lie.

Mr. Williams and EOUSA also found no record of Mr. Woodward ever being appointed by the Attorney General on or before January 25, 2010. Mr. Woodward, Mr. Snoke, and Mr. O'Reilly, recorded in this case that on January 21, 2010, the Attorney General appointed Mr. Woodward as the Northern District of Oklahoma's United States Attorney. Doc. 292(n.1)

Mr. Williams also recorded in the record of the Northern District of

1

Oklahoma that on January 25, 2010, the Attorney General apointed Mr. Woodward to the Office of United States Attorney, pursuant to 28 U.S.C. § 546(a) and (c)(2). See Doc. 277 in U.S.A. v. Springer, 08-CV-278 dated 1/17/14.

Mr. Woodward, Mr. Snoke, and Mr. O'Reilly, lied about Mr. Woodward being Mr. O'Meilia's First Assistant, pursuant to 5 U.S.C. § 3345(a)(1). Mr. Williams lied on January 17, 2014 stating that Mr. Woodward was appointed to the office of Mr. O'Meilia, as First Assistant, on March 3, 2009. Id. Doc. 277, pg. 2(n.1)

Mr. Woodward, Mr. Snoke, Mr. O'Reilly, and Mr. Williams, lied about Mr. Woodward being appointed by the Attorney General, pursuant to 28 U.S.C. § 546-(a) and (c)(2), on or about January 25, 2010.

In addition, Mr. Woodward, Mr. Snoke, and Mr. O'Reilly, lied to this Court when presenting Mr. O'Reilly, as a Special Assistant United States Attorney for the Northern District of Oklahoma, as of July 1, 2009. See Doc. 104

On October 24, 2013, Mr. Williams, Mr. Gallant, and Mr. O'Reilly, informed this Court that Mr. O'Reilly was appointed by Deputy Assistant Attorney General John A. Marella pursuant to 28 U.S.C. § 515(a) and 28 CFR 0.13(a). Doc. 524, pg. 2. Mr. Williams, Mr. Gallant, and Mr. O'Reilly, also informed this Court that Mr. O'Reilly had received an appointment to the Article II, § 2, Cl. 2 office of Special Assistant United States Attorney, by Mr. O'Meilia, on January 5, 2009. Id. Mr. Williams, Mr. Gallant, and Mr. O'Reilly, continued by stating Mr. O'Reilly received extensions of that appointment on January 4, 2010, January 4, 2011, January 10, 2012, and by Mr. Williams personally, on December 19, 2012. Id. None of this was true when it was said and none of it is true now.

Mr. Williams and EOUSA found no such records in Mr. Williams' agency, save a January 5, 2009 oath Affidvit by Mr. O'Reilly, to which Mr. Williams, Mr. Gallant, and Mr. O'Reilly, as officers of this Court, stated 6 such letters of appointment existed. Doc. 524, pg. 2

The relevant time period is March 10, 2009 through April 23, 2010.

Defendant has just recently, on August 4, 2015, received Mr. Williams and EOUSA's supplement on Mr. O'Reilly, and preceeded by their July 23, 2015 response to Defendant's FOIA requests to Williams on Mr. Woodward and Mr. O'Reilly.

Defendant has also received, from Division Counsel for FOIA and PA matters, that there is no record of Mr. O'Reilly being appointed pursuant to 28 U.S.C. § 515(a), or under 28 CFR § 0.13(a), during the time period asserted by Mr. Williams, Mr. Gallant, and Mr. O'Reilly. Doc. 524, pg. 2

Furthermore, Division Counsel for FOIA and PA matters informed Defendant on or about July 24, 2015, there was no records or documents in the Tax Division showing John A. Marrella held the office of Deputy Assistant Attorney General for the Tax Division on or about December 23, 2008, or anytime around that date. Defendant will show Mr. O'Reilly was never appointed under 28 U.S.C. § 543. Furthermore, Mr. Williams agency and EOUSA found no records of appointment showing the Attorney General appointed Mr. Woodward, Mr. Gallant, or Mr. Snoke, to the Article II, § 2, Cl. 2 office of "Assistant United States Attorney," pursuant to 28 U.S.C. § 542.

To get this evidence Defendant was required to file a complaint under the Freedom of Information Act, and the Administrative Procedures Act, after FOIA requests to Mr. Williams' agency were not complied with, along with EOUSA, either finding records did not exist, did exist in the form of the oath required to be taken after appointment has been made, or refusing to provide the records claiming instruments of appointment to public office were exempt from the FOIA. See Springer v. (1) The agency, United States Attorney for the Northern District of Oklahoma, Danny C. Williams, Sr., Officially, et al, 15-CV-142-JED-FHM.

In that case, Defendants were to file their answer, or any motions, on or before July 27, 2015. Defendants' received a 7 day continuance until August 3, 2015.

3

Defendant filed his FOIA requests to Williams' agency beginning on December 31, 2014, to which EOUSA, on Williams' behalf, mailed their initial response on July 23, 2015, certified mail. Their supplemental was not sent until July 29, 2015. The Declarations filed in support of Defendants' Motion, in 15-CV-142, are dated July 30, 2015.

Defendant was required to response to Defendants' Motion in 15-CV-142 within 21 days pursuant to local rule of the Northern District. Defendant, as Plaintiff in 15-CV-142, filed his response to Defendants' Motion, along with a declaration and additional exhibits, in 15-CV-142, on August 20, 2015.

This Court's denial of Defendant's Motion under 28 U.S.C. § 2255 is dated August 22, 2015.

Rule 60(b)(3) provides a 1-year time period for presenting fraud to the Court.

There are three key instruments of appointment that need to but do not exist. First, Mr. O'Meilia's appointment of Mr. Woodward to the office of "First Assistant" dated March 3, 2009. Of course, along with this evidence requires an instrument of appointment of Mr. Woodward, by the Attorney General, pusuant to 28 U.S.C. § 542, to the Article II, § 2, Cl. 2 inferior office of Assistant United States Attorney.

The second key instrument, to continue Article III standing on behalf of the United States of America, is that on or before January 25, 2010, Mr. Woodward show he was appointed by the Attorney General, pursuant to 28 U.S.C. § 546(a). This term is for no more than 120 days pursuant to 28 U.S.C. § 546(c)-(2). Without the instrument of appointment, noone knows the exact terms of the actual appointment. This instrument of appointment directly impacts Judge Claire V. Eagan's May 24, 2010 appointment of Mr. Woodward, pursuant to 28 U.S.C. § 546(d).

The third key instrument, or instruments, are the 6 letters of appointment

4

identified by Mr. Williams, Mr. Gallant, and Mr. O'Reilly, Mr. O'Reilly received between December 23, 2008, through December 19, 2012. Doc. 524, pg. 2

On July 30, 2015, Ms. Linda Richardson signed a declaration under the penalty of perjury that she could find none of the 6 letters, other than a January 5, 2009 oath Mr. O'Reilly took, and that someone from Mr. Williams' office informed her that O'Reilly had received a 7 year appointment, for a limited purpose, not to exceed January 5, 2016. See Doc. 28-2, pg. 4, § 14 in 15-CV-142.

Defendant needs 60 days to prepare his motion under Rule 60(b)(3) in order to show the record of this Court that the judgment entered on April 28, 2010, was entered in violation of Article III, § 2, and 28 U.S.C. § 547(1).

## CONCLUSION

Defendant respectfully requests this Court to extend the time for Defendant to file his Motion pursuant to Federal Rules of Civil Procedure Rule 60(b)(3) for the reasons stated above.

Respectfully Submitted,

Lindsey Kent Springer
Reg. # 02580-063
Federal Satellite Low-La Tuna
P.O. Box 6000
Anthony, New Mexico 88021

CERTIFICATE OF SERVICE

I hereby certify that I mailed by U.S. First Class, Postage prepaid, on August 21, 2015, the above Motion, to the Clerk of Court, 333 West Fourth Street, Tulsa, Oklahoma 74103:

I further certify that the following are registered ECF users and shall receive service of process of the above Motion through that system:
United States of America

_____
Server

DECLARATION OF MAILING

I declare under the penalty of perjury pursuant to 28 U.S.C. § 1746(1), under the laws of the United States of America, that on August 21, 2015, I deposited the above Motion in the U.S. Mailbox located inside FSL La Tuna to the address listed above.

_____
Declarant

6

Lindsey Kent Springer
Reg. # 02580-063
Federal Satellite Low-hatting
P.O. Box 6000
Anthony, New Mexico 88021

"Legal Mail"

EL PASO TX 799
25 AUG 2015 PM 1 T

postmarked Aug 25, 2015 - SL
09-CR-43

⇔02580-063⇔
Clerk Of Court
Northern District of Okla
333 W 4TH ST
Tulsa, OK 74103
United States

RECEIVED
AUG 28 2015
Phil Lombardi, Clerk
U.S. DISTRICT COURT

