# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Respondent, ) | |
| ) | |
| -vs- ) | Case No. 09-cr-0043-SPF |
| ) | |
| LINDSEY KENT SPRINGER, ) | |
| ) | |
| Defendant/Movant. ) | |

## ORDER

Mr. Springer moves for a sixty-day extension of time within which to file a motion under Rule 60(b)(3), Fed. R. Civ. P. Doc. no. 602. As explained in his motion for an extension, the future Rule 60(b)(3) motion would challenge the court's August 22, 2014[1] rulings on Mr. Springer's § 2255 motion, based on Mr. Springer's contention that prosecutors committed fraud regarding their appointments and their authority to prosecute Mr. Springer. Mr. Springer argues that documents he has obtained, including some delivered to him in late July and very early August of this year, will help him demonstrate fraud.

Rule 60(c)(1), Fed. R. Civ. P., provides that a motion for relief from a judgment brought under Rule 60(b)(3) and based on alleged fraud, must be made within a reasonable time and "no more than one year after entry of the judgment or order" in question.

---

[1] Mr. Springer identifies the rulings in question as dated August 22, 201<u>5</u>, doc. no. 602, p. 4, but that must be a typographical error.

Mr. Springer's motion for an extension does not clarify whether the alleged fraud constituted a fraud on the court. If fraud on the court is the subject of Mr. Springer's future Rule 60(b)(3) motion, then the one-year provision does not limit the court's ability to entertain the Rule 60(b)(3) motion when and if that motion is filed. *See*, Rule 60(d)(3), Fed. R. Civ. P., ("This rule does not limit a court's power to...set aside a judgment for fraud on the court"); Campbell v. Meredith Corp., 345 Fed. Appx. 323, 327, n.8 (10th Cir. 2009) (fraud on the court claims are exempt from the one-year time period); Wright & Miller, 11 Fed. Prac. & Proc. Civ. § 2860 at n.5 (Rule 60(b) does not limit the power of a court to relieve a party from a judgment for fraud upon the court). Accordingly, if Mr. Springer contends fraud on the court occurred, then his requested extension should be denied because an extension is not necessary as a means to avoid the one-year outside time limit.

On the other hand, if Mr. Springer's future Rule 60(b)(3) motion were to assert a type of fraud other than fraud on the court, then for that purpose the one-year outside time limit is absolutely fixed by Rule 60(c)(1). In that situation, the court would not have the authority to extend the one-year outside deadline, in which case the extension should be denied. *See*, 12 Moore's Federal Practice §60.65[2][a] (3d ed.) (there is an "absolute time limit on the motion of one year"; court has no power to grant motions filed late; for example, a court may not consider an amendment to a motion if the amendment is filed after a year, even if the original motion was filed within the one-year period); Campbell, 345 Fed. Appx. at 326 ("Rule 60(b)(3) motions must be filed no more than a year after the entry of judgment," emphasis added; unpublished).

Additionally, even if this were arguably a situation in which the court could extend the deadline because the motion for an extension was put in the prison mail before the one-year anniversary of the challenged rulings, the court would not do so. Sixty days is an unnecessarily long extension, especially in the face of the "no more

than one year" language of Rule 60(c)(1), of which Mr. Springer is obviously aware. Furthermore, Mr. Springer's motion shows he had documents in hand by July and very early August at the latest. This left him sufficient time to file a six-page motion for an extension prior to the one-year anniversary of the § 2255 rulings, indicating that he could have filed a succinct Rule 60(b)(3) motion within the time which he chose to spend, instead, on preparation of a motion for a sixty-day extension. Considering these and all other circumstances, the requested extension of sixty days is unreasonably long.

Mr. Springer's motion for a sixty-day extension of time within which to file a motion for relief under Rule 60(b)(3) (doc. no. 602) is **DENIED**. Nothing stated in this order is intended to pre-judge whether any Rule 60(b)(3) motion Mr. Springer might ultimately file would then be filed within a reasonable period of time, or whether it would constitute a successive §2255 motion.

Dated this 4th day of September, 2015.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

09-0043p133.wpd