2



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

**FILED**

JAN 3 1 2018

Mark C. McCartt, Clerk
U.S. DISTRICT COURT

UNITED STATES OF AMERICA,

     Plaintiff,

v.

                     Case No. 09-CR-043
                         (13-CV-145)

LINDSEY KENT SPRINGER,

     Defendant.

SPRINGER'S REPLY TO O'REILLY'S RESPONSE

TO SPRINGER'S MOTION PURSUANT TO FRCvP RULE

60(d)(3) AND HAZEL-ATLAS GLASS CO.

(Doc. 625)

By:  Lindsey Kent Springer
Reg. # 02580-063
Federal Satellite Camp
P.O. Box 9000
Seagoville, Texas 75159

TABLE OF CONTENTS

Reply.................................................................1

    (1)  Springer's Motion, Doc. 625, is not a successive motion
        barred by the AEDPA.............................................1

    (2)  Springer has not been construed to have raised his Ten
        Jurisdictional Fraud on the § 2255 Court claims in any
        previous federal court filings or case........................4

    (3)  Springer's Motion, Doc. 625, is not time-barred................6

    (4)  Springer's Motion, which has no page limitations by Local
        Rule, and his brief, which must be twenty-five pages or
        less under Local Rule 47.7, does nothing deserving dismissal
        by this § 2255 Court and violates no such Local Rules..........7

    (5)  O'Reilly and Gallant are not appointed according to Article
        II, § 2, Cl. 2 and Federal Law establishing their purported
        offices and cannot be authorized to represent the United
        States of America or allowed to continue to defraud this
        Court.........................................................8

CONCLUSION..........................................................10

CERTIFICATE OF SERVICE..............................................11

DECLARATION OF MAILING..............................................11

TABLE OF AUTHORITIES

Bandimere v. U.S. SEC, 844 F.3d 1168, 1172-73(10th Cir. 2016)............9

Berryhill v. Evans, 466 F.3d 934, 937(10th Cir. 2006).....................2

Buckley v. Valeo, 424 U.S. 1, 126, 132(1976)..............................9

Bulloch v. U.S., 763 F.2d 1115, 1121(10th Cir. 1985)(en banc)............6

Calderon v. Thompson, 523 U.S. 538, 557(1998)............................2

Chisolm v. House, 160 F.2d 632, 643(10th Cir. 1947).....................6

Cleaver v. Maye, 773 F.3d 230(10th Cir. 2014)...........................3

DeCastro v. Bd. of Comm., 322 U.S. 451, 462(1944).......................10

Douglas v. Workman, 560 F.3d 1156, 1193(10th Cir. 2009).................2

Freytag v. CIR, 501 U.S. 868, 878(1991).................................9

Gonzalez v. Crosby, 545 U.S. 524, 532(2005)...........................2,4

Hazel-Atlas Glass Co. v. Hartford Empire Co., 322 U.S. 238, 244-48
(1944)..........................................................1,2,3,4,6,7

Hill v. U.S., 368 U.S. 424(1962)........................................6

Hollaway v. Arkansas, 435 U.S. 475, 486(1978)...........................8

In Re Pickard, 681 F.3d 1201, 1206(10th Cir. 2012)......................3

Lewis v. New Mexico, 423 F.2d 1048, 1049(10th Cir. 1970)................6

Prost v. Anderson, 636 F.3d 578, 584(10th Cir. 2011)....................3

Robinson v. Audi AKT., 56 F.3d 1259, 1265(10th Cir. 1995)...............2

Sanders v. U.S., 373 U.S. 1(1963).......................................6

Shurtleff v. U.S., 189 U.S. 311, 316(1903)..............................10

Springer v. Chapa, 608 Fed. Appx. 258(5th Cir. 2015)................4,5,6

Universal Oil Products Co. v. Root Ref. Co., 328 U.S. 575(1946).........6

U.S. v. Baker, 718 F.3d 1204, 1207(10th Cir. 2013)....................2,3

U.S. v. Bergman, 746 F.3d 1128, 1130(10th Cir. 2014)....................5

U.S. v. Braimah, 559 Fed. Appx. 698, 701(10th Cir. 2014)................9

TABLE OF AUTHORITIES (con'td)

U.S. v. Buck, 281 F.3d 1336, 1341(10th Cir. 2002).......................2,6

U.S. v. Cook, 997 F.2d 1312, 1319(10th Cir. 1993)........................5

U.S. v. Cone, 525 Fed. Appx. 823, 825(10th Cir. 2013)....................2

U.S. v. Hilario, 218 F.3d 17, 21(1st Cir. 2000)..........................9

U.S. v. Navarro, 972 F. Supp. 2d 1296, 1305(E.D.Cal. 1997)..............10

U.S. v. Nelson, 465 F.3d 1145, 1147(10th Cir. 2006)....................2,7

U.S. v. Singleton, 165 F.3d 1297, 1300(10th Cir. 1999)(en banc)..........9

U.S. v. Springer, 875 F.3d 968(10th Cir. 2017).......................2,4,6

U.S. v. Standlof, 667 F.3d 1146, 1166(10th Cir. 2012)....................8

U.S. v. Troutman, 814 F.2d 1428, 1436(n.7)(10th Cir. 1987)...............9

Zurich N. Am. v. Matrix Serv., 426 F.3d 1281, 1291(10th Cir. 2005).......8

STATUTES INVOLVED

28 U.S.C. § 542(a)....................................................9,10

§ 543(a)....................................................9,10

§ 2241.........................................................3

§ 2255...............................................1,2,3,4,5,6,8

§ 2255(h)......................................................1

RULES   INVOLVED

Northern District of Oklahoma Local Rule 47.1.........................1,7

Rule 47.7.........................1,7,8

Rule 83.7(b)(17)...................8

Rule 83.7(b)(18)...................8

Rule 83.8(b).........................8

Federal Rules of Civil Procedures Rule 60...........................3,4,7

Rule 60(b)..........................2,4

RULES INVOLVED (con'td)

Federal Rules of Civil Procdures Rule 60(b)(3)...........................7

Rule 60(d)(3).................1,2,3,4,6,7

Rule 3(b) of the Rules Governing § 2255 Proceedings......................5

Rule 12 of the  Rules Governing § 2255 Proceedings.......................7

CONSTITUTIONAL PROVISIONS INVOLVED

Article II, § 2, Cl. 2...........................................1,8,9,10

REGULATIONS INVOLVED

28 CFR § 0.15(b)(1)(v)....................................................10

§ 0.15(c)(5)....................................................10

## SPRINGER'S REPLY TO O'REILLY'S RESPONSE

Charles A. O'Reilly's ("O'Reilly") response, Doc. 629, to Lindsey Kent Springer's ("Springer") Motion, Doc. 625, which is unsupervised, not accompanied by any brief as required by Local Rule 47.1, and once again resorts to the presumption of regularity that O'Reilly holds a current and valid Article II, § 2, Cl. 2 ("Appointments Clause") Appointment to the inferior office of Special Assistant United States Attorney ("SAUSA"), argues that Springer's Motion deserves dismissal due to (1) Springer's Motion is a successive motion under 28 U.S.C. § 2255(h) and is barred for lack of jurisdiction; (2) other Courts addressing similar claims of fraud on the § 2255 Court by Springer have found the same; (3) Springer's Motion is time-barred by statute or rule; and (4) Springer's Motion violates Local Rule 47.7.

This Court easily must reject O'Reilly's dismissal requests and should not extend the presumption of regularity in these matters based upon the history of the Ten Jurisdictional Frauds unchallenged by O'Reilly, Jeffrey A. Gallant ("Gallant")(appearing in printed name only), and R. Trent Shores ("Shores")(under Shore's authority as the Northern District of Oklahoma's ("NDOK") United States Attorney ("USA")).

(1)   Springer's Motion, Doc. 625, is not a successive motion barred by the AEDPA.

Though Springer's Motion, Doc. 625, is clearly made pursuant to Federal Rules of Civil Procedures ("FRCvP") Rule 60(d)(3) and Hazel-Atlas Glass Co. v. Hartford Empire Co., 322 U.S. 238(1944), Doc. 625, pg. 3(actual), O'Reilly argues that the relief Springer seeks renders Springer's Motion a successive § 2255 motion barred by § 2255(h).  Doc. 629, pg. 1.  O'Reilly provides no brief accompanying his response, as required by Local Rule 47.1, demonstrating support for his position.  Incorporation by reference is also not allowed

1

in the circumstances presented by Springer's Motion.

Springer's Motion raises Ten Jurisdictional Frauds O'Reilly, Gallant, and Danny C. Williams, Sr. ("Williams") committed on the § 2255 Court and showed by competent proof the defects in the integrity of the § 2255 proceedings that led to the August 22, 2014 Judgment denying Springer relief.

When such a motion seeks to correct any of the defects caused by the Ten Jurisdictional Frauds committed in the previously conducted § 2255 proceedings, such a motion "is not advancing a new claim and **should not be characterized as a successful petition.**" U.S. v. Nelson, 465 F.3d 1145, 1147(10th Cir. 2006)(citing Gonzalez v. Crosby, 545 U.S. 524, 532(2005)). See U.S. v. Springer, 875 F.3d 968(n.4)(10th Cir. 2017)(citing U.S. v. Cone, 525 Fed. Appx. 823, 825(10th Cir. 2013)(unpublished) and Berryhill v. Evans, 466 F.3d 934, 937(10th Cir. 2006)); U.S. v. Baker, 718 F.3d 1204, 1207(10th Cir. 2013)(citing Gonzalez, 545 U.S. at 532 & n.5); See also Douglas v. Workman, 560 F.3d 1156, 1193(10th Cir. 2009)(citing Gonzalez, 545 U.S. at 530-32 & n.5 stating that a challenge to the "integrity of the federal habeas proceedings...alleging fraud on the court" was within the habeas court's judicial power and jurisdiction to address and make whatever correction necessary). In Calderon v. Thompson, 523 U.S. 538, 557(1998), the Court affirmed its past Rule that a claim of "fraud on the court calls into question the very legitimacy of the judgment." See Douglas, 560 F.3d at 1193.

Rule 60(d)(3) was added in 2007, Baker, 718 F.3d at 1206, and in U.S. v. Buck, 281 F.3d 1336, 1341(10th Cir. 2002), the Court held Rule 60(b) (which is current Rule 60(d)(3)) authorized a party to "invoke the inherent power of a court to set aside its judgment if procured by fraud."

This Rule is known as the fraud exception to the Rule of finality. See Robinson v. Audi AKT., 56 F.3d 1259, 1265(10th Cir. 1995); See also Hazel-

Atlas Glass Co., 322 U.S. at 248.  This Rule in equity runs "alongside" the Rule of finality.  Id. at 244(after discovered fraud, relief will be granted against fraudulent judgments regardless of when the judgment was entered).

In In Re Pickard, 681 F.3d 1201, 1206(10th Cir. 2012), the Court explained that a Rule 60 motion is not successive where success on the motion ultimately led back to a claim made under § 2255 that was affected by the fraudulent defect.  See also Baker, 718 F.3d at 1207(n.1).  The Pickard Panel asked the question:  "what else could be the purpose of [a Rule] 60 motion?" And the Panel answered their question providing that the "movant is always seeking in the end to obtain § 2255 relief." 681 F.3d at 1206.  A party asserting a True Rule 60(d)(3) and Hazel-Atlas "motion is simply asserting that he did not get a fair shot in the original § 2255 proceeding because its integrity was marred by a flaw that must be repaired in further proceedings." Id.

O'Reilly's response cites to two cases, Prost v. Anderson, 636 F.3d 578, 584(10th Cir. 2011)(not 2013), and Cleaver v. Maye, 773 F.3d 230(10th Cir. 2014), dealing with 28 U.S.C. § 2241 new civil cases and not jurisdictionally related frauds committed in previous conducted § 2255 proceedings, employed to connive at defeating § 2255 claims, pursuant to FRCvP Rule 60(d)(3) and Hazel-Atlas.  The only fraud that a § 2241 Court would be obligated to address are frauds committed before that Court or, unless § 2255 proves inadequate and ineffective to reach frauds on the § 2255 Court-as a habeas corpus substitute-for instance, if frauds committed upon the § 2255 Court were unable to be reached under FRCvP Rule 60(d)(3) and Hazel-Atlas.

Prost and Cleaver are based upon the Rule of finality for which frauds on the § 2255 Court are exceptions to the Rule of finality. See Baker, 718 F.3d at 1206(the § 2255 Court's inherent power to set aside a judgment due

3

to fraud on the § 2255 Court recognized in Hazel-Atlas **"was reflected and confirmed in former Rule 60(b)."**).   Clearly, the "AEDPA did not expressly circumscribe the operation of rule 60(b)." Gonzalez, 545 U.S. at 529.

This Court has already recognized that O'Reilly's response "does not explicitly address the fact that Mr. Springer's motion refers to Rule 60." Doc. 630, pg. 1, n.1.

The response makes no objection to any aspect of Springer's Ten Juris-dictional Fraud claims and only raises frivolous issues, absent any brief in support, attempting to place finality over fraud.

Springer objects to any re-characterization of Springer's Motion as a successive § 2255 motion and requests this Court find Springer's Motion is a True Rule 60(d)(3) and Hazel-Atlas motion for which no merits based opposit-ion has been raised.

(2)  Springer has not been construed to have raised his Ten Jurisdict-ional Fraud on the § 2255 Court claims in any previous Federal Court filings or case.

O'Reilly asserts that the recent decision in Springer, 875 F.3d 968, and Springer v. Chapa, 608 Fed. Appx. 258(Mem)(5th Cir. 2015), Doc. 629, pg. 2-3, shows that Springer's Ten Jurisdictional Fraud Claims have been previo-sly addressed and found by the Tenth Circuit to be successive § 2255 habeas claims and that the same is true in the Fifth Circuit.

This Court's order dated November 29, 2017 merely reflects the holding by the Tenth Circuit in Springer, 875 F.3d 968. In that order, the Tenth Circuit held that "Mr. Springer's Motion to Enjoin raises challenges to his **underlying conviction** based on his claim that the federal prosecutors defra-uded the **conviction** court by misrepresenting their authority."  In Springer's Motion, Doc. 604, Springer sought to enjoin enforcement of the April 28, 2010 Criminal Judgment, not setting aside the August 22, 2014 § 2255 Judgment.

4

The Tenth Circuit distinguished a challenge to a "conviction court" Judgment from that of a "§ 2255" Judgment where fraud on the Court is alleged.

In regard to Doc. 604, Springer merely accepted the proposition that "§ 2255 proceedings...were...the continuation of the same criminal matter." U.S. v. Cook, 997 F.2d 1312, 1319(10th Cir. 1993); See also U.S. v. Bergman, 746 F.3d 1128, 1130(10th Cir. 2014)(a § 2255 motion "remain part of the under-lying criminal prosecution all the same."); and See Rule 3(b) of the Rules Governing § 2255 Proceedings(The Clerk must file the motion and enter it on the criminal docket of the case).

The only reason the Tenth Circuit held Doc. 604 was a second motion under § 2255 was based upon Springer's claims of fraud were not attacking the § 2255 Judgment, but rather, attacked the April 28, 2010 Criminal Judg-ment.  O'Reilly states that Springer "again asks  this Court to set aside its judgment once again asserting that the United States has committed frauds on the Court." Doc. 629, pg. 3.  The phrase "its judgment" is where O'Reilly argues in error.  The Judgment at issue in Doc. 604 was the Criminal Judgment and not the § 2255 Judgment at issue in Doc. 625.

Additionally, Springer objects to O'Reilly's distortion that the United States committed the frauds he makes no effort to oppose.  If there is an official capacity for O'Reilly, Gallant, and Williams to commit frauds against a co-equal branch of the United States Government then such legal authorities should be set forth specifically.  But no concise brief in support was filed.

And the Petition in Chapa clearly, on its face, has nothing to do with the Ten Fraud Upon the § 2255 Court claims raised in Doc. 625 and for which no response in opposition has been made thereto specifically.  O'Reilly has made no attempt to even connect the issues in Chapa with those in Doc. 625 because there is none to connect.

5

Springer is due one fraud free § 2255 proceeding which O'Reilly's response fails to rebut specifically and for which shows Springer has yet to receive in this Court.  The remedy under § 2255 is to be exactly commensurate with federal habeas corpus.  See Lewis v. New Mexico, 423 F.2d 1048, 1049 (10th Cir. 1970)(citing Hill v. U.S., 368 U.S. 424(1962); See also Sanders v. U.S., 373 U.S. 1(1963); And see Chisolm v. House, 160 F.2d 632, 643(10th Cir. 1947)("jurisdictional fraud...is...fraud which goes to the very juris-diction of the court.")

This Court should easily find the recent decision in Springer, 875 F.3d 968, and the Chapa case, are not decisions that involve the Ten Jurisdictional Fraud claims that occurred during Springer's § 2255 proceeding at issue in Doc. 625 and those decisions warrant no dismissal of Springer's present Motion, Doc. 625.    Additionally, there has never been any showing of the purported appointments alleged in the Ten Jurisdictional Fraud claims and this Court should reach the merits having now received the response by O'Reilly.

(3)  Springer's Motion, Doc. 625, is not time-barred.

A motion under FRCvP Rule 60(d)(3) and Hazel-Atlas is not subject to any statute of limitations or rule of limitations.  In Springer's "concise brief" Springer showed that the frauds on the court doctrine requires no formal requirements, Doc. 626, pg. 2(actual), Buck, 281 F.3d at 1341, and there "is no time limit for such proceedings, nor does the doctrine of laches apply." Id. (citing Bulloch v. U.S., 763 F.2d 1115, 1121(10th Cir. 1985)(en banc).  That there is no time bar is beyond question. Id.(citing Universal Oil Products Co. v. Root Ref. Co., 328 U.S. 575(1946)).

FRCvP Rule 60(d)(3)"does not impose a time limit on motions asserting fraud on the court." Bulloch, 763 F.2d at 1121(addressing former Rule 60(b));

6

See also <u>Zurich N. Am. v. Matrix Serv.</u>, 426 F.3d 1281, 1291(10th Cir. 2005) (fraud on the court claims are allowed "outside of the one year period of limitations imposed on the grounds expressly listed in Rule 60(b)(3).")

In <u>Hazel-Atlas</u>, the Supreme Court allowed relief from the frauds upon the court almost Nine-Years after the frauds were committed.  Nothing about the AEDPA changes FRCvP Rule 60(d)(3).  The FRCvP Rule 60 would never apply directly in criminal case Judgments because Rule 60 only applies to civil cases and only made applicable to § 2255 proceedings through Rule 12 of the Rules Governing § 2255 Proceedings. <u>Nelson</u>, 465 F.3d at 1147.

This Court should easily find that Springer's Motion, Doc. 625, is not subject to any statute or rule of limitations and is not barred by anything.

(4)  <u>Springer's Motion, which has no page limitations by Local Rule, and his brief, which must be twenty-five pages or less under Local Rule 47.7, does nothing deserving dismissal by this § 2255 Court and violates no such Local Rules.</u>

Springer's Motion, Doc. 625, and Brief, Doc. 626, do nothing to deserve dismissal violating no Local Rules, including Local Rule 47.7.  O'Reilly admits that Springer's Motion is 24 pages and identifies no terms in any Federal Rule, or Local Rule, that places any page limitations on FRCvP Rule 60(d)(3) motions, or anyother type of motion.

However, Local Rule 47.7 limits briefs in support motions to twenty-five pages or less.  O'Reilly admits the obvious that Springer's brief is eighteen pages which is less than twenty-five pages.  Doc. 629, pg. 2.

Clearly, Local Rule 47.1 distinguishes between "motions" and accompanying "briefs":

"All motions and responses thereto must be accompanied by a concise brief **citing all authorities upon which movant or respondent relies.**"

In fact, the only person in violation of Local Rule 47 is O'Reilly

7

who failed to file a concise brief in support of any response he had to
Springer's Motion as required by Local Rule 47.1.

This Court should clearly find there is no reason to join the length of
Springer's Motion, Doc. 625, with the length of Springer's Brief, Doc. 626,
and, under Local Rule 47.1, each is considered separately. This Court should
also reject O'Reilly's suggestions finding Springer's Brief **does not** violate
Local Rule 47.7. And finally, this Court should find that dismissing Sprin-
ger's Motion, Doc. 625, due to the argument Springer's Motion and Brief
together exceed the twenty-five page limits for briefs, would not lead to
dismissal of the Motion, Doc. 625, where the Motion, by itself, is less than
twenty-five pages finding the brief is what O'Reilly argues causes the Motion
to exceed twenty-five pages. Doc. 629, pg. 2.

(5)  O'Reilly and Gallant are not appointed according to Article II, §
      2, Cl. 2("Appointments Clause") and federal laws establishing
      their purported offices and cannot be authorized to represent the
      United States of America or allowed to continue to defraud this
      Court.

At this juncture, this § 2255 Court should revoke the privilege of the
presumption of regularity it gives to attorneys for the government. O'Reilly
and Gallant have participated in a carefully crafted scheme to defraud this
§ 2255 Court of the truthful adjudication of Springer's § 2255 Motion.

Additionally, it is a federal crime under 18 U.S.C. § 912 every time a
person "falsely purports to speak on behalf the government [of the United
States]." U.S. v. Standlof, 667 F.3d 1146, 1166(10th Cir. 2012). "It is
illegal to falsely claim to be a federal officer." Id. In addition, officers
of this Court(separate from purportedly being an officer of the United States)
are required to speak with honesty, integrity, and candor. See Local Rule
83.7(b)(17), (18), and 83.8(b), as well as Holloway v. Arkansas, 435 U.S.
475, 486(1978)

8

To be authorized to represent the sovereignty of the United States in Federal Court requires the person to be a "properly appointed assistant." U.S. v. Singleton, 165 F.3d 1297, 1300(10th Cir. 1999)(en banc).

The Appointments Clause limits Congress from placing the appointment to office duties into the hands of "inappropriate members of the Executive Branch." Freytag v. CIR, 501 U.S. 868, 878(1991); See also Bandimere v. U.S. SEC, 844 F.3d 1168, 1172-1173(10th Cir. 2016)(the Appointments Clause "prevents the diffusion...by restricting [the Appointments Clause] to specific public officials.")

The method of appointment for inferior officers of the United States is limited by the Appointments Clause to (1) the President without the need for obtaining consent of the U.S. Senate, (2) a Federal Court of Law, and (3) by the head of an Executive Department. Bandimere, 844 F.3d at 1172. Congress gets to choose which of the three methods and lists their choice in the statute that establishes the office for which appointment is required.

"No class or type of office is excluded because of its special function." Buckley v. Valeo, 424 U.S. 1, 132(1976).  Each officer "must" be appointed according to the Appointments Clause methods selected by Congress. Id. at 126

Congress establishes the inferior office of Assistant United States Attorney ("AUSA") at 28 U.S.C. § 542(a).  Congress directs the Attorney General ("AG") to make every AUSA appointment personally. See U.S. v. Braimah, 559 Fed. Appx. 698, 701(10th Cir. 2014)(unpublished)(quoting U.S. v. Hilario, 218 F.3d 17, 21(1st Cir. 2000)).  Congress establishes the inferior office of SAUSA at 28 U.S.C. § 543(a).  The AG is also required to make the SAUSA appointments personally. See U.S. v. Troutman, 814 F.2d 1428, 1436(n.7) (10th Cir. 1987).

However, the AG has delegated erroneously his or her duty to appoint

9

AUSAs and SAUSAs to a properly appointed Deputy Attorney General ("DAG") at 28 CFR §§ 0.15(b)(1)(v) and 0.15(c)(5)(authorizing redelegation). Sections 542 and 543 provide no term of office thus their term cannot "exceed that of the officer appointing them." DeCastro v. Bd. of Comm., 322 U.S. 451, 462 (1944). And there is no life tenure in the Executive Branch. Shurtleff v. U.S., 189 U.S. 311, 316(1903). A "United States Attorney may authorize litigation but he [or she] cannot authorize the pursuit of that litigation by an attorney barred by an Act of Congress." U.S. v. Navarro, 972 F. Supp. 2d 1296, 1305(E.D. Cal. 1997).

Even if this Court were to extend the privilege of the presumption of regularity to O'Reilly and Gallant, notwithstanding their unopposed frauds, that presumption would be that they are not appointed according to the terms of the Appointments Clause, or Sections 542 or 543, where the DAG is neither the head of any Executive Department or listed in either statute as the one authorized to make such inferior office appointments of AUSA or SAUSA. See 28 CFR §§ 0.15(b)(1)(v) and 0.15(c)(5)(AG delegating to DAG duty to appoint).

CONCLUSION

Springer respectfully requests this Court GRANT the relief requested in Springer's now unopposed Motion, Doc. 625, and reject O'Reilly's dismissal claims in his Response, Doc. 629, for the reasons above and herein, finding (1) Springer's Motion is not a successive § 2255 motion, (2) the other cases did not address Springer's § 2255 fraud claims, (3) Springer's Motion is not time barred, (4) Springer's Motion does not violate Local Rule 47.7, and (5) O'Reilly and Gallant are not properly appointed assistants to the USA.

Respectfully Submitted,

Lindsey Kent Springer

10

## CERTIFICATE OF SERVICE

I hereby certify that on January 25, 2018 I mailed the above Reply to the Clerk of Court, 333 West Fourth Street, Tulsa, Oklahoma 74103, by First-Class Mail, Postage Prepaid;

I further certify that the persons representing the United States of America will receive service through the Court's ECF system as follows:

R. Trent Shores
Charles A. O'Reilly
Jeffrey A. Gallant

_____
Server

## DECLARATION OF MAILING

I declare under the penalty of perjury pursuant to 28 U.S.C. § 1746(1), under the laws of the United States of America, that I placed the above Reply in the U.S. Mailbox located inside Seagoville Federal Prison Camp to the address for the Clerk listed above on Janaury 25, 2018.

_____
Declarant

11



no post marks

Lindsey Kent Springer
Reg # 02580-063
Federal Satellite Camp
P.O. Box 9000
Seagoville, Texas 75159

04-cr-43-SPF

RECEIVED

JAN 31 2018

Mark C. McCartt, Clerk
U.S. DISTRICT COURT

<>02580-063<>
Clerk Of Court
Northern District of Okla
333 W 4TH ST
Tulsa, OK 74103
United States

"Legal Mail"