IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
|     Plaintiff/Respondent | ) | |
| | ) | |
|     vs. | ) | Case No. 09-CR-0043-SPF |
| | ) | |
| LINDSEY KENT SPRINGER | ) | |
| | ) | |
|     Defendant/Movant. | ) | |

**UNITED STATES' SUR-REPLY TO DEFENDANT'S REPLY
TO GOVERNMENT RESPONSE TO DEFENDANT'S
MOTION PURSUANT TO FEDERAL RULE OF CIVIL
PROCDURE 60(d)(3) AND HAZEL-ATLAS GLASS CO.
(DOC. NOS. 625 – 627 and 632)**

The United States of America, by and through its attorneys, R. Trent Shores, United States Attorney for the Northern District of Oklahoma, Jeffrey Gallant, Assistant U.S. Attorney, and Charles A. O'Reilly, Special Assistant United States Attorney, hereby files this sur-reply to Mr. Springer's Application to Set Aside the Judgment Entered on August 22, 2014 in Springer's 28 U.S.C § 2255 Proceeding Based Upon Ten Frauds Upon the § 2255 Court and related filings. Notwithstanding Mr. Springer's protestations, and titling his pleading as being made pursuant to Federal Rule of Civil Procedure 60(d)(3), his most recent submissions represent a successive motion for relief which "must be certified by a panel of the appropriate court of appeals. 28 U.S.C. § 2255(h)." Doc. No. 579 (Order dated July 15, 2014). As the Tenth Circuit stated in *United States v. Bell*, "[i]t matters not that [defendant's] motion is based on Rule 60(d)(3), because this court

has squarely held that a motion invoking the district court's inherent power to set aside a judgement obtained through fraud on the court under Rule 60(d)(3) is subject to the certification requirements of § 2255(h)." 600 Fed.Appx. 624, 626 (10th Cir. 2015), citing *United Baker*, 718 F.3d 1204, 1207 (10th Cir. 2013). This Court should dismiss Mr. Springer's motion because he did not obtain an order from the appropriate court of appeals authorizing the district court to consider the motion, thereby depriving this Court of jurisdiction.

## DISCUSSION

The Government will not restate the facts and arguments raised previously in its Motion to Dismiss (doc. 629). However, as the Court noted in its order dated January 11, 2018, the government's motion to dismiss did "not explicitly address the fact that Mr. Springer's motion refers to Rule 60." Doc. 630. Federal Rule of Civil Procedure 60 provides for various instances for courts to correct mistakes, and provides that "[t]his rule does not limit a court's power to . . . set aside a judgment for fraud on the court." Fed.R.Civ.P. 60(d)(3). It is by virtue of this provision that Mr. Springer attempts to get yet another opportunity to present his frivolous and previously rejected assertions before the Court.

A motion to reconsider the denial of a Section 2255 motion must be treated as a request to file a second or successive motion under Section 2255 where the motion "in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *United States v. Pedraza*, 466 F.3d 932, 933-34 (10th Cir. 2006). In appropriate circumstances, a court may consider a motion for

relief from judgment under Fed. R. Civ. P. 60 without construing the motion as a second or successive Section 2255 motion. *See Gonzalez v. Crosby*, 545 U.S. 524 (2005).

*Hazel–Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944), held that federal courts possess the inherent power to vacate a judgment obtained by fraud on the court (322 U.S. at 248–49), thus recognizing the doctrine of fraud on the court. *Robinson v. Audi Aktiengesellschaft*, 56 F.3d 1259, 1266 (10th Cir. 1995). However, the label affixed to a motion asserting that it is brought under *Hazel-Glass* and Fed.R.Civ.P. 60(d)(3) does not change the analysis used to determine if a "pleading is an unauthorized second-or-successive § 2255 motion." *United States v. Baker*, 718 F.3d at 1207. "It is the relief sought, not his pleading's title, that determines whether the pleading is a § 2255 motion." *United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006); *see also United States v. Cone*, 525 Fed.Appx. 823, 825 (10th Cir. 2013).

As was the case in *Nelson*, Mr. Springer does not assert any procedural error in the disposition of his original habeas motion. Instead, Mr. Springer's "Ten Jurisdictional Frauds" attack the authority of the individuals that handled the underlying investigation, conviction, and post-conviction proceedings. As in *Nelson* and *Cone*, Mr. Springer does not raise allegations of a defect only with respect to the Section 2255 proceedings, but also attacks the validity of his underlying conviction. Mr. Springer's false and frivolous allegations of fraud include assertions predating the United States' response to his initial motion pursuant to Section 2255, such as:

- Assistant U.S. Attorney Kenneth Snoke withdrew from the case on June 8, 2010;
- Acting United States Attorney Scott Woodward ceased being the acting United States Attorney in August of 2012, when Danny Williams was sworn in as the United States Attorney,
- Charles A. O'Reilly has served as a Special Assistant U.S. Attorney continuously since his initial appointment in 2009.

Mr. Springer's most recent filings repeat his previously discredited allegations of fraud on the court, but now assert that the Government committed the frauds during the Section 2255 proceedings. "In cases where the allegation of fraud attacks only 'some defect in the integrity of the federal habeas proceedings,' *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005), without attacking 'the substance of the federal court's resolution of a claim on the merits,' the motion will be considered a true 60(b) motion that can be decided by the district court without prior authorization under § 2244(b)." *Berryhill v. Evans*, 466 F.3d 934, 937 (10th Cir. 2006). However, "petitioners cannot circumvent the statutory certification requirements applicable to second-or-successive applications by filing pleadings that are labeled as motions under Rule 60(b), but are habeas corpus petitions in substance." *United States v. Baker*, 718 F.3d at 1208, citing *Gonzalez*, 545 U.S. at 531–32. "[T]o allow a petitioner to avoid the bar against successive § 2255 petitions by simply styling a petition under a different name would severely erode the procedural restraints imposed under 28 U.S.C. §§ 2244(b)(3) and 2255." *United*

*States v. Torres*, 282 F.3d 1241, 1246 (10th Cir. 2002). In those cases in which the allegations of fraud extend beyond just the Section 2255 proceedings, the motion is to be treated as a second or successive habeas petition. Each of Mr. Springer's ten allegations of fraud upon the Section 2255 Court are "effectively indistinguishable from alleging that [he] is, under the substantive provisions of the statutes, entitled to habeas relief." *See Berryhill v. Evans*, supra. Just as the *Berryhill* court concluded in vacating the district court's order denying Mr. Berryhill's 60(b) motion, Mr. Springer "has filed a second or successive habeas petition and not a true 60(b) motion." 466 F.3d at 938. Therefore, the district court lacks subject matter jurisdiction to rule on the merits of the motion.

## CONCLUSION

Based upon the foregoing and the previously filed motion, the United States respectfully renews its request that this Court dismiss Mr. Springer's successive motion for relief under Section 2255 because the Court lacks jurisdiction.

DATED:   9 February 2018

    Respectfully submitted,

    R. TRENT SHORES
    UNITED STATES ATTORNEY

      /s/ *Charles A. O'Reilly*
    CHARLES A. O'REILLY
    California Bar # 160980
    Special Assistant United States Attorney
    JEFFREY A. GALLANT
    Assistant United States Attorney
    110 West Seventh Street, Suite 300
    Tulsa, Oklahoma 74119
    (918) 382-2700

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of February, 2018, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing, and also served the foregoing document by United States Postal mail to:

Lindsey Kent Springer
Defendant
FCI Seagoville
Federal Correctional Institution
P.O. Box 9000
Seagoville, TX 75159
Inmate Number 02580-063.

                                                */s/ Charles A. O'Reilly*
                                                Charles A. O'Reilly
                                                Special Assistant United States Attorney