

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                        Case No. 09-CR-043
                            (13-CV-145)
LINDSEY KENT SPRINGER,

    Defendant.

FILED MAR 30 2018 Mark C. McCartt, Clerk U.S. DISTRICT COURT

MOTION TO RECONSIDER

Lindsey Kent Springer ("Springer") moves this Court to reconsider its order dated March 26, 2018, Doc. 637, granting Charles A. O'Reilly's ("O'Reilly") "Motion for Leave File Out of Time and For Extension of Time to Respond to Defendant/Movant's Application," Doc. 636, and to deny O'Reilly's multiple activity Motion for the reasons below and herein.

BACKGROUND

O'Reilly was **DIRECTED** to respond to Springer's Motion, Doc. 625, on January 8, 2018. Doc. 628. O'Reilly chose to move to dismiss instead. Doc. 629. O'Reilly was then provided another opportunity to address the Ten Frauds at issue in Springer's Motion by way of the filing of a sur-reply. Doc. 630. O'Reilly refused to address the merits specifically in that sur-reply. Doc. 634. O'Reilly was then ordered to address the merits of Springer's Motion, Doc. 625, after learning his Motion to Dismiss had been denied and rejected. Doc. 635. On February 21, 2018, this Court ordered the government file a response in the following words:

> "The government's motion to dismiss is DENIED...The government's response brief is DUE within Thirty days of the date of this order ...Dated this 21st day of February, 2018."

Doc. 635.

The Court's docket entry also specifically directs O'Reilly's

1

response is due on March 23, 2018. See Doc. 635.

O'Reilly admittedly did not file any response nor did any other person on behalf of the United States attorney.

On March 26, 2018, 3 days after the Court's March 23, 2018 deadline, O'Reilly files a Motion for Leave to File Out of Time and For Extension of Time to Respond to Springer's Application. Doc. 636.

In his multiple event Motion, O'Reilly argues that his failure to file a timely response, or ask for more time to do so, is based upon these words:

> "The Government's delay in (sic) resulted from its **mistaken** understanding that, based upon the Court's briefing schedule, the Government was awaiting additional briefing from Mr. Springer. In reviewing the February 21, 2018 order, the Government **now** realizes that it, and not Mr. Springer, was to have filed a response brief by March 23, 2018."

Doc. 636, p. 1-2

This Court granted O'Reilly's multiple event Motion, without the benefit of hearing from Springer, on March 26, 2018, re-ordering O'Reilly to file his response to the Ten Frauds by Friday, April 13, 2018. Doc. 637

ARGUMENT AND OBJECTIONS

1. O'Reilly's Motion Fails to Show or Establish Good Cause for the Delay in Filing his Response and Fails to Show or Establish the Required Reasons for Excusable Neglect.

O'Reilly lists Federal Rules of Civil Procedures Rule 6(b)(1)(B) as authorizing the Court to provide him the relief he seeks in his muliple event Motion. Doc. 636, p. 1-2

Rule 6(b)(1) reads in relevant part:

> "In General. When an act may or must be done within a specified time, the Court may, **for good cause**, extend the time: (A) with or without motion...before the original time or its extension expires, or (B) on motion made after the time has expired if the party failed to act because of **excusable neglect**."

  A. O'Reilly's Motion neither shows or even mentions "Good Cause."

"'[G]ood cause' requires a greater showing than 'excusable neglect.'"

2

Utah Republican Party v. Herbert, 678 Fed. Appx. 697, 700(10th Cir. 2017)(unpublished)(quoting Broitman v. Kirkland, 86 F.3d 172, 175(10th Cir. 1996).

"Good cause comes into play in situations in which there is no fault-excusable or otherwise. In such situations, the need for an extension is usually occassioned by something that is not within the control of the movant." Bishop v. Corsentino, 371 F.3d 1203, 1207(10th Cir. 2004).

Good cause "requires the moving party (that is O'Reilly) to show the deadline 'cannot be met despite the movant's diligent efforts.'" Utah Republican Party, 678 Fed. Appx. at 701(quoting Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Assn., 771 F.3d 1230, 1240(10th Cir. 2014).

There is no mention of any "good cause" by O'Reilly in his Motion nor does anything stated by him therein purport or attempt to show such cause. This Court should find O'Reilly failed to show the Good Cause required by Rule 6(b)(1)(A).

There is nothing in O'Reilly's Motion that suggests or shows the reason for his failing to timely file a response, or seeking pre-deadline extension to do so, is based upon something outside his control.

Failure to read the Court's order until sometime on March 26, 2018, was something totally in the control of O'Reilly.

Failure to read an order denying O'Reilly's Motion to Dismiss, or failing to read the last paragraph (O'Reilly's statement he "was awaiting additional briefing from Mr. Springer" suggests he had read some aspect of the order), is not "good" and certainly not "cause," thus not "good cause" for extending the Court's gracious 30 days (74 days if measured from the January 8, 2018 Order's date) that this Court established by order dated February 21, 2018. Doc. 635.

    B.  <u>O'Reilly's reasons for excusable neglect do not qualify under Rule 6(b)(1)(B).</u>

3

In addition to the requirement of showing "good cause," See <u>Lujan v. Nat'l Wildlife Fed'n</u>, 497 U.S. 871, 896(1990), which was never mentioned by O'Reilly in his multiple event Motion, Rule 6(b)(1)(B)(cited by O'Reilly in his Motion) requires a determination "whether 'the party failed to act because of excusable neglect.'" <u>Utah Republican Party</u>, 678 Fed. Appx. at 700.

The Supreme Court refers to "post-deadline extensions," <u>Lujan</u>, 497 U.S. at 896, "must contain a high degree of formality and precision, puting the opposing party (that is Springer) on notice that a motion is at issue and that he therefore ought to respond." <u>Lujan</u>, 497 U.S. at 896(n.5).

A finding of excusable neglect, in addition to good cause shown for an extension, calls for four factors to be tested. <u>Perez v. El Teguila, LLC</u>, 847 F.3d 1247, 1253(10th Cir. 2017).

These four factors are (1) danger of prejudice to non moving party, (2) length of delay and its potential impact on the judicial proceedings, (3) the reasons for the delay, including whether it was within the reasonable control of movant (that is O'Reilly), and (4) whether the movant (O'Reilly) acted in good faith. <u>Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'Ship</u>, 507 U.S. 380, 395(1993).

"The most important factor is the third: an adequate explanation for delay may, by itself, be sufficient to reject a finding of excusable neglect." <u>Perez</u>, 847 F.3d at 1253(citing <u>U.S. v. Torres</u>, 372 F.3d 1159, 1163 (10th Cir. 2004)).

"A misunderstanding that occurs because a party (or his counsel) elects to read the clear unambiguous terms of a judicial decree through rose-colored glasses **cannot** constitute excusable neglect." <u>Torres</u>, 372 F.3d at 1163(quoting <u>Mirpuri v. ACT, Mfg., Inc.</u>, 212 F.3d 624, 631(1st Cir.

4

2000).

In the Tenth Circuit's view, to allow "Counsel's misinterpretation of a readily accessible, unambiguous rule [or in O'Reilly's circumstances, an order perhaps], **cannot** be grounds for relief unless 'the word "excusable" [is to be] read out of the rule.'" Torress, 372 F.3d at 1163(quoting Prizevoits v. Indian Bell Tel. Co., 76 F.3d 132, 134(7th Cir. 1995).

There is nothing about failing to read the "conclusion" of this Court's unambiguous order dated February 21, 2018 (Doc. 635) that would ever qualify as excusable neglect.

Failing to read all of a Court order, or in this case the words "The government's response brief is DUE within Thirty days of the date of this order," is simply an unacceptable excuse and should be rejected by this Court as it has by similar arguments in other Courts. O'Reilly's argument is that when he read the February 21, 2018 order he decided Springer was the one next up to the plate. Doc. 636, p. 1-2. O'Reilly admits he was aware of the order, that his Motion to Dismiss was denied, and that further briefing had been ordered. Doc. 636, p. 1-2

Not knowing how to read the Court's briefing schedule, or that O'Reilly should have read the Court's unambiguous order, never qualifies as excuseable neglect and this Court should reject O'Reilly's reason for not timely filing a response or asking for a pre-deadline extension.

## CONCLUSION

Springer requests this Court to reconsider its order pursuant to Fed. R. Civ. Pr. Rule 46 and 60(b)(6), or under its supervisory power, and find that (1) the order dated March 26, 2018 was entered without having been heard from Springer on O'Reilly's Motion (Doc. 636); (2) O'Reilly's reason for not timely filing his response, and the reason for his seeking an out-

of-time extension of 21 days, failed to establish or show both good cause for the delay and excusable neglect for seeking the extension after the time to do so having expired, as required by Rule 6(b)(1)(A) and (B); and (3) that this Court deny O'Reilly's Motion and proceed under the position that, no response having been filed, Springer's Motion, Doc. 625, is now confessed as to the facts and grant Springer the relief requested by Springer in his Motion, Doc. 625.

Springer also requests the Court make clear that no futher extensions or continuances will be allowed by the Court.

Respectfully Submitted,

Lindsey Kent Springer
Reg. # 02580-063
Federal Satellite Camp
P.O. Box 9000
Seagoville, Texas 75159

## CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2018, I mailed the above Motion to Reconsider to the Clerk of Court, 333 West Fourth Street, Tulsa, Oklahoma 74103, by First Class Mail, Postage Prepaid;

I further certify that the persons representing the United States of America will receive service of the above Motion to Reconsider through the Court's ECF system as follows:

Jeffrey A. Gallant
Charles A. O'Reilly
United States attorney office

_/s/ Lindsey K. Springer_
Server

## DECLARATION OF MAILING

I declare under the penalty of perjury pursuant to 28 U.S.C. § 1746(1), under the laws of the United States of America, that I placed the above Motion to Reconsider in the U.S. Mailbox located inside Seagoville Federal Prison Camp to the address for the Clerk listed above on March 27, 2017.

_/s/ Lindsey K. Springer_
Declarant

7

Name Lindsey Bent Springer
Reg. No. 02580-063
FEDERAL CORRECTIONAL INSTITUTION
P.O. Box 9000
Seagoville, TX 75159-9000

NORTH TEXAS TX
DALLAS TX 750
28 MAR 2018 PM
Postmarked 3/28/18-SC

"Legal Mail"

⇨02580-063⇦
Clerk Of Court
Northern District of Okla
333 W 4TH ST
Tulsa, OK 74103
United States

09-CR-43-SPF