



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

**FILED**

JUL 1 2 2018

Mark C. McCartt, Clerk
U.S. DISTRICT COURT

UNITED STATES OF AMERICA,

     Plaintiff,

v.

LINDSEY KENT SPRINGER,

     Defendant.

Case No. 09-CR-043
(13-CV-145)

MOTION TO SET ASIDE ORDER AND JUDGMENT DATED
JUNE 22, 2018 FOR FRAUD UPON THE COURT

     Lindsey Kent Springer ("Springer") moves the Court pursuant to Federal
Rules of Civil Procedure ("FRCvP") Rule 60(d)(3) to set aside its Order and
Judgment dated June 22, 2018, Docs. 645, 646, based upon fraud upon the Rule
60(d) proceedings began January 4, 2018 by Charles A. O'Reilly ("O'Reilly"),
Jeffrey A. Gallant ("Gallant"), and R. Trent Shores ("Shores"), in their
April 10, 2018 Court ordered response, Doc. 641, and its attached Exhibits.

     The new evidence revealed publicly on July 3, 2018 shows that "RAC"
appearing on Doc. 641, Exhibit 2, stands for Ronald A. Cimino ("Cimino"),
that Cimino, and not John A. Marrella ("Marrella"), signed Doc. 641, Exhibit
2, that O'Reilly, Gallant, Danny C. Williams, Sr. ("Williams"), and Shores
were fully aware Marrella did not sign Doc. 641, Exhibit 2, and that Marrella
was not Deputy Assistant Attorney General, Tax Division ("DAAGTD") as of or
on December 23, 2008. These facts show O'Reilly, Gallant, Williams, and
now Shores, lied to this Court intending to deceive this Court in its ulti-
mate decision involving Springer's FRCvP Rule 60(d)(3) application as to
the first two fraud claims.

     By showing that Cimino, not Marrella, signed Doc. 641's Exhibit 2, pro-
vides the motive for the fraudulent statement made on October 24, 2013, see
Doc. 627, Exhibit 1, p.2, the restated statement on April 10, 2018, where

1

28 CFR § 0.13(a) only allows an Assistant Attorney General, Tax Division ("AAGTD"), and if delegated by the AAGTD, a DAAGTD to exercise the Attorney General's authority under 28 U.S.C. § 515(a).  Where Cimino was not authorized under 28 CFR § 0.13(a), O'Reilly, Gallant, Williams, and now Shores, lied to this Court to prevent the Court from making that finding of fact and applying that finding with conclusions of law.

In addition, where O'Reilly was not authorized under 28 CFR § 0.13(a), and it is more than clear he was not so authorized, the emphasis turns to Doc. 641, Exhibits 3 and 4, and whether the Attorney General delegated David E. O'Meilia ("O'Meilia"), on or before January 5, 2009, or Thomas Scott Woodward ("Woodward"), on or before January 4, 2010, to make Appointments Clause appointments of Special Assistant United States Attorneys ("SAUSA") pursuant to 28 U.S.C. § 543.

Although O'Reilly, Gallant, and Shores argued that the Attorney General could delegate his authority to appoint SAUSAs under § 543, Doc. 641, p.5-6, nowhere did they identify, or provide, any evidence the Attorney General made such delegations.  This shows that anyone, including O'Reilly, Gallant, Williams, and now Shores, are fully aware O'Reilly could never have relied upon Doc. 641, Exhibit 3 and 4, to justify the October 24, 2013 declarations, see Doc. 627, Exhibit 1, p.2, or their opposition to Springer's request for these records in discovery, Doc. 627, Exhibit 2, p.1-2,

1.  <u>The new evidence shows Doc. 641, Exhibit 2, was signed by Cimino, not Marrella, and that that fact was known by O'Reilly, Gallant, Williams, and Shores, prior to their October 24, 2013 and April 10, 2018 declarations to the contrary.</u>

A.  The new evidence.

On July 3, 2018, in <u>Quiel v. U.S.</u>, 16-CV-01535(D.Arizona), the government provided two relevent letters under authority of 28 U.S.C. § 515(a) and 28

CFR § 0.13(a), dated January 4, 2009 and December 1, 2009, showing Cimino signing the letters in his own name, as Acting Deputy Assistant Attorney General, Tax Division ("Acting DAAGTD"). <u>See Exhibit 28, p. 8,10 attached to this Motion</u>.

This Court can take judicial notice of proceedings in other Federal Courts "if those proceedings have a direct relation to matters at issue." <u>Turner v. McGee</u>, 681 F.3d 1215, 1217(n.2)(10th Cir. 2012).

These two letters show that Cimino was exercising the power of the DAAGTD, in his own name, 11 days after his initials appear on Doc. 641, Exhibit 2. Compare Doc. 641, Exhibit 2's "RAC" by the name of Marrella, with Exhibit 28, p. 8 signed by Cimino as Acting DAAGTD and p. 10 signed also by Cimino as Acting DAAGTD.

Since at least December 23, 2008, Cimino has been presented as exercising the authority the Attorney General places in the AAGTD and DAAGTD under 28 CFR § 0.13(a).

Neither O'Reilly, Gallant, Williams, or now Shores, after looking at Doc. 641, Exhibit 2, ever mention the fact that (1) Marrella was never the DAAGTD on December 23, 2008, and (2) Cimino was neither the DAAGTD on December 23, 2008, nor authorized to sign as a delegate of the Attorney General under the authority of 28 CFR § 0.13(a).

   B.  Springer's Rule 60(d)(3) claims involving Marrella and O'Reilly
       under 28 CFR § 0.13(a).

Springer's first fraud claim in his True FRCvP Rule 60(d)(3) application, showed the United States Department of Justice, Tax Division ("USDOJTD") and Office of Information Policy ("OIP") could locate no official records showing Marrella held the position of DAAGTD on or around December 23, 2008. See Doc. 625, p. 10-11(citing Doc. 627, Exhibits 8,9,10, and 11).

3

Springer's second fraud claim in his True Rule 60(d)(3) application, showed the USDOJTD could not find any official records naming O'Reilly to any position of Trial Attorney, or Special Assistant United States Attorney ("SAUSA"), under 28 U.S.C. § 515(a) and 28 CFR § 0.13(a) between December, 2008 through January, 2015. Doc. 625, p.12(citing Doc. 627, Exhibit 13 and 14).

   C.  O'Reilly, Gallant, and Shores' Court ordered response to Springer's
       First two Fraud on the Court claims dated January 4, 2018.

Doc. 641, p. 5 states:

"With respect to the ten specific allegations of fraud made by Mr.
Springer, John A. Marrella, in his capacity of Deputy Assistant Attorney
General, **appointed** Charles A. O'Reilly to the investigation and pro-
secution of Lindsey Kent Springer...in the Northern District of Oklahoma
by letter dated **December 23, 2008**. Exhibit 2."

Exhibit 2 lists Marrella's purported authority to authorize O'Reilly, for an apparent life-time, derives from 28 CFR § 0.13(a)(2008) and the fact he purports to be the DAAGTD.  Doc. 641, Exhibit 2.

Exhibit 2 purports an issue date of December 23, 2008, has the name of Marrella on it, and presents the author of the signature as "/ RAC." Doc. 641, Exhibit 2.

In Springer's Reply, Doc. 642, Springer shows "RAC" stands for Ronald A. Cimino and that Exhibit 2 is a fraud on the court. Doc. 642, p.2.

In their April 10, 2018 response, Doc. 641, p. 5-6, O'Reilly, Gallant, and Shores, argue that the Attorney General delegated his authority to app-oint  SAUSAs under 28 U.S.C. § 543 to both O'Meilia and Woodward.

Springer's Reply, Doc. 642, showed the Court that  nowhere in Doc. 641, or any attachment, did O'Reilly, Gallant, or Shores, identify the chain of delegation from the Attorney General (different for each O'Meilia and Wood-ward) to O'Meilia or Woodward.  Doc. 642, p. 2.

Doc. 641, p. 5-6, argues that O'Reilly, as a Trial Attorney under 28 CFR § 0.13(a), has the prosecutorial power of a U.S. Attorney "in any judicial district" with no time limitation.

And, if Exhibits 2, 3, and 4, existed, O'Reilly, Gallant, and Shores argued that they would be in O'Reilly's appointment records housed in his file with the USDOJTD. Doc. 641, p.4-5.

D. The Court's June 22, 2018 Order and Judgment.

On June 22, 2018, this Court denied Springer's FRCvP Rule 60(d)(3) application, accepting Doc. 641, Exhibits 2, 3, and 4, and as to Exhibit 2, repeating what Exhibit 2 purports in that it was from Marrella, not Cimino, that Marrella was the DAAGTD as of December 23, 2008, that Exhibit 2 is dated December 23, 2008, over the objections of Springer, and never addressing the fact Exhibit 2 presents the initials of "RAC" after Marrella's name. See Doc. 645, p.2-3.

Springer has filed a timely Motion to Reconsider the Court's Order under FRCvP Rule 59(e), 60(b)(6), and seeks certain specified relief. Doc. 647.

E. O'Reilly, Gallant, Williams, and now Shores, could not argue Cimino authorized Doc. 641, Exhibit 2, or authorized O'Reilly under 28 CFR § 0.13(a), where an Acting DAAGTD would not qualify under 28 § 0.13(a).

28 CFR § 0.13(a) does not delegate the Attorney General's authority under 28 U.S.C. § 515(a) to an Acting DAAGTD or some position under that of DAAGTD. See § 0.13(a)("Each Assistant Attorney General and Deputy Assistant Attorney General...")

The January 4, 2009 and December 1, 2009 letters signed by Cimino show O'Reilly, Gallant, Williams, and now Shores, knew Cimino signed Marrella's name on Doc. 641, Exhibit 2("/ RAC") and that they knew Cimino did not qualfiy under 28 CFR § 0.13(a).

5

In addition, there is no doubt that the Federal Vacancies Reform Act
("FVRA"), 5 U.S.C. § 3345(a)(1), does not apply to the position of DAAGTD
where the office does not require Senate confirmation prior to being app-
ointed by the President ("PAS" officer). See NLRB v. S.W. General, Inc.,
197 LED2D 263, 271(2017).  Whether Cimino qualified, or could qualify, as
Acting DAAGTD does not change whether O'Reilly, Gallant, Williams, or
Shores were aware that the position of DAAGTD was not an office established
by Act of Congress under the Appointments Clause requiring Senate confirm-
ation. See also 28 CFR § 0.137(listing where FVRA applies).

The truth is that "RAC" stands for Cimino, that Cimino issued the letter
dated December 23, 2008, and that O'Reilly, Gallant, Williams, and Shores,
by continuing to proclaim Marrella signed Doc. 641, Exhibit 2, intended the
Court, the public, and Springer to be deceived by their frauds.

This Court should find that Doc. 641, Exhibit 2, is not signed by
Marrella, but rather, is signed by Cimino, that O'Reilly, Gallant, and
Shores knew that and intended to deceive this Court into wrongfully denying
Springer's Rule 60(d)(3) application where Cimino, not Marrella, signed
Doc. 641, Exhibit 2, and Cimino, they knew, did not and would not qualify
under 28 CFR § 0.13(a).

2.  The date of December 23, 2008 on Exhibit 2, Doc. 641, is itself a fraud
on the Court.

On April 10, 2008 O'Reilly, Gallant, and Shores, presented Doc. 641,
and its Exhibit 2, in effort to show, as of December 23, 2008, O'Reilly
"work[ed] for the Department of Justice, Tax Division," and that all records
relating to the appointment and authorization of O'Reilly would be located
in the USDOJTD.  Doc. 641, p.5.

Exhibit 28, p. 8 and 10, attached to this Motion, shows that the way

Cimino placed dates on § 0.13(a) letters he would issue.  Cimino would use a stamp.  See Exhibit 28, p.8("JAN - 4 2009"), and p.10("DEC - 1 2009).

In contrast, Doc. 641's Exhibit 2, which uses the same exact terms under § 0.13(a), types out the date as "December 23, 2008."

The date of December 23, 2008 is a fraud on the court and shows Doc. 641's Exhibit 2 does not deserve the presumption of regularity where what is regular is demonstrated by Exhibit 28, p. 8 and p.10. See U.S. v. Armstrong, 517 U.S. 456, 464(1996)("[i]n the absence of clear evidence to the contrary, Courts presume that [public officials] have properly discharged their official duties.")

Exhibit 28, p. 8 and p. 10 are clear evidence that Doc. 641's Exhibit 2 is not regular and does not deserve the presumption of regularity or legitimacy.  It is a fraud on the court intended to cover up another fraud.

This Court should find that Doc. 641's Exhibit 2 is signed by Cimino, not Marrella, and its date of December 23, 2008 was added to it to match up the declarations made on October 24, 2013 by O'Reilly, Gallant, Williams, and now Shores, that the date of December 23, 2008 is written in a different place than on Exhibit 28, p. 8 and p. 10, is written in different font, different style, different size, and different kerning, than that of the writing on Doc. 641's Exhibit 2.

3.  The Attorney General has not delegated his duty to appoint SAUSAs under 28 U.S.C. § 543 to O'Meilia and Woodward.

On April 10, 2018, O'Reilly, Gallant, and Shores declared that the Attorney General delegated his appointment duty to O'Meilia and Woodward. Doc. 641, p.5-6.  Nowhere did they attempt to explain how the Attorney General's Appointments Clause duties were delegated to O'Meilia or Woodward. No where in Doc. 641's Exhibit 3 or 4 is there any indication that the

recipient of Exhibit 3 and 4, that is O'Reilly, would have concluded that O'Meilia or Woodward were authorized by 28 U.S.C. § 543 to appoint O'Reilly for 1-year terms.

This fraud is paramount where Doc. 641's Exhibit 2 is clearly a fraud on the Court. With that letter off the table, Exhibit 3 and 4 are the only letters for which O'Reilly, Gallant, and Williams could have been looking at to make their October 24, 2013 declarations.

28 U.S.C. § 543 is not mentioned in the October 24, 2013 filing. See Doc. 627, Exhibit 1, p.2. Without any delegation of authority from the Attorney General to O'Meilia and Woodward, O'Reilly, Gallant, Williams, or Shores could not believe   Doc. 641's Exhibit 3 and 4 were lawful or reliable.

It was another fraud on the Court for O'Reilly, Gallant, and now Shores to admit § 543 requires an appointment from the Attorney General, that O'Meilia and Woodward were delegates of the Attorney General to make § 543 appointments but never identify the source of that delegation and the required unbroken chain of authority.

This Court should find that O'Reilly, Gallant, and Shores, committed fraud on the Court when they declared Marrella, not Cimino, signed Doc. 641's Exhibit 2, when they presented Exhibit 2 with a typed December 23, 2008 date knowing that date was not on the original letter and is irregular, and that they argued O'Meilia and Woodward were delegated to appoint O'Reilly under 28 U.S.C. § 543 without identifying the actual delegation from the Attorney General to O'Meilia and Woodward which obviously never existed.

## CONLCUSION

Springer requests this Court set aside its order and judgment dated June 22, 2018, find, based upon the July 3, 2018 evidence attached herein,

that Cimino, not Marrella, signed Doc. 641's Exhibit 2, that O'Reilly,
Gallant, and Shores knew Cimino signed Exhibit 2 and lied to the Court, that
the December 23, 2008 date on Exhibit 2 is irregular, not consistent with
the other print on Exhibit 2, or that of Exhibit 28, p. 8 and p. 10, that
Cimino was not authorized under 28 CFR 0.13(a) to authorize O'Reilly, or
anyone else, on December 23, 2008, before or after, to prosecute Springer
in the Northern District of Oklahoma, or any other Judicial District, for
tax related offenses with a life-time tenure, and that the Attorney General
did not delegate his Appointments Clause duty under 28 U.S.C. § 543 to
appoint SAUSAs to O'Meilia or Woodward, or anyone else.[1]

Springer requests this Court find the facts, issue conclusions of law,
after discovery and an evidentiary hearing, set aside its order and judg-
ment dated June 22, 2018, reinstate the Rule 60(d)(3) application, and
grant the relief Springer sought therein.

Respectfully Submitted,

Reg. # 02580-063
Federal Satellite Camp
P.O. Box 9000
Seagoville, Texas 75159

---

1. The Supreme Court long ago held that the President is required to issue
a COMMISSION to every inferior and principal officer of the United States.
Marbury v. Madison, 5 U.S. (1 Cranch) 137, 180 L.ED 60(1803) "[w]hen a
commission has been signed by the President, the APPOINTMENT is made; and...
the Commission is COMPLETE WHEN THE SEAL OF THE UNITED STATES HAS BEEN
AFFIXED TO IT..." Id. at 155. See also U.S. v. Le Baron, 19 How. 73, 78
(1856)("when a person(s) commission has been signed by the President, and
the seal affixed thereto, his APPOINTMENT TO THE OFFICE IS COMPLETE.").
5 U.S.C. § 2902 requires all COMMISSIONS of all Executive officers be recorded
in the Department of Justice AND SEALED AFTER THE PRESIDENT HAS SIGNED THE
COMMISSION.  Article II, § 3 requires all Commissions be issued by the Pres-
ident.  Neither Marrella, Cimino, Woodward, Snoke, or O'Reilly have any such
Presidential Commission as the records clearly indicate. In Lucia v. SEC, No.
17-130(2018), the Supreme Court held all officers of the United States must
be duly appointed pursuant to the Appointments Clause.

CERTIFICATE OF MAILING

I hereby certify that on July 8, 2018, I mailed First Class, Postage Prepaid, the above Motion and Exhibit 28, to the Clerk of Court, 333 West Fourth Street, Tulsa, Oklahoma 74103;

I further certify that the persons representing the United States of America will receive service through the Court's ECF system as follows:

R. Trent Shores
Charles A. O'Reilly
Jeffrey A. Gallant

_____
Server

DECLARATION OF MAILING

I declare under the penalty of perjury pursuant to 28 U.S.C. § 1746(1), under the laws of the United States of America, that I placed the above Motion and Exhibit 28 in the U.S. Mailbox located inside Seagoville Federal Prision Camp to the address for the Clerk listed above on July 8, 2018.

_____
Declaration of Mailing

ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

ANDREA A. KAFKA
Trial Attorney
United States Department of Justice
Florida Bar No. 0030418
Email: Andrea.Kafka@usdoj.gov
Telephone: 202-305-7932
Attorney for United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MICHAEL QUIEL, | CV 16-1535- JAT |
| Plaintiff, | CR 11-2385-PHX-JAT |
| v. | GOVERNMENT'S RESPONSE TO COURT ORDER REQUIRING EVIDENCE THAT ATTORNEYS IN CRIMINAL MATTER WERE PROPER REPRESENTATIVES OF THE UNITED STATES |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

## **INTRODUCTION**

On June 26, 2018, the Court ordered the government to provide evidence that at least one attorney participating in the underlying criminal matter – *United States v. Kerr, et al.*, Case no. 2:11-cr-02385-JAT, in the United States District Court for the District of Arizona (hereinafter "Criminal Case") – "was a proper representative of the United States," establishing "that the attorney was duly appointed under the Appointments Clause and that the attorney swore the statutorily-required oath to faithfully execute his or her duties." Civ. Doc. 34.[1] Here, the government provides the authority and evidence that both of the attorneys designated to represent the United States in the Criminal Case were proper representatives and duly appointed.

---

[1] "Civ. Doc." refers to the docket created for the purpose of Quiel's Section 2255 motion and related filings, CV 16-1535-JAT.

## **PROCEDURAL HISTORY**[2]

On November 7, 2017, Michael Quiel ("Quiel") filed a Motion to Reconsider the Court's Order denying and dismissing his Motion to Vacate his sentence pursuant to 28 U.S.C. § 2255. Civ. Doc. 23. On December 19, 2017, Quiel filed an Amended Motion for Reconsideration of the Court's Order. Civ. Doc. 24.

On December 21, 2017, Quiel filed a Notice of Appeal in the Ninth Circuit. Civ. Doc. 25. On January 16, 2018, the Court entered an order holding the civil case proceedings in abeyance, specifically, Quiel's Motion and Amended Motion for Reconsideration pursuant to 28 U.S.C. § 2255. Civ. Doc. 27.

On May 25, 2018, the Court ordered the United States to file a response to Petitioner's Amended Motion to Reconsider no later than June 15, 2018. Civ. Doc. 28. On June 8, 2018, the United States filed its Answer in Opposition to Michael Quiel's Motion to Reconsider Order. Civ. Doc. 31. On June 15, 2018, Quiel filed a Reply in Support of his Motion to Reconsider Order. Civ. Doc. 32.

On June 26, 2018, this Court issued an order stating that "[i]n light of the Supreme Court's recent reminder in *Lucia v. SEC*, No. 17-130, 2018 WL 3057893 (2018) that officers of the United States must be duly appointed pursuant to the Appointments Clause, … the Government must provide evidence that at least one attorney participating in the underlying criminal matter was a proper representative of the United States."[3] Civ. Doc. 34. This Court further stated that "[t]his evidence should

---

[2] As this was described at length in the Government's Opposition to Quiel's Motion to Reconsider (Civ. Doc. 31), it is substantially abbreviated here for the limited purposes of responding to the Court's Order of June 26, 2018.

[3] In *Lucia v. SEC*, the Supreme Court reviewed whether administrative law judges of the Securities and Exchange Commission are employees or "Officers of the United States" within the meaning of the Constitution's Appointments Clause. Analogizing to precedent holding that Special Trial Judges of the Tax Court possessed the discretion and authority necessary to be an Officer of the United States, see *Freytag v. Commissioner*, 501 U.S. 868 (1991), the Court determined that the SEC ALJs were Officers of the United States, so they must be appointed in conformity with the Constitution's Appointments Clause. As inferior officers, the SEC ALJs could be appointed by the Commission, but they were appointed by SEC staff, making such appointments unconstitutional.

1    establish that the attorney was duly appointed under the Appointments Clause and that the attorney

2    swore the statutorily-required oath to faithfully execute his or her duties." Civ. Doc. 34.

3                                    **LEGAL PRINCIPLES**

4        Article 2, Section 2, Clause 2 of the Constitution (the "Appointments Clause") requires that all

5
6    "officers" of the United States be appointed by the president, by the "courts of law," or by the "heads of

7    departments." U.S. Const. art. II, §§ 1, 2 cl. 2. In addition to the Appointments Clause, the authority of

8    attorneys employed by the Department of Justice to appear on behalf of the United States in both

9    criminal and civil proceedings has long been recognized by both statute and by the courts in relevant

10   case law. This authority stems primarily from 28 U.S.C. § 515(a) and 28 C.F.R. § 0.13(a). First, as

11   outlined in 28 U.S.C. § 515(a):

12
13               [t]he Attorney General or any other officer of the Department of Justice, or any
                 attorney specially appointed by the Attorney General under law, may, when specifically
14               directed by the Attorney General, conduct any kind of legal proceeding, civil or criminal,
                 including grand jury proceedings and proceedings before committing magistrate judges,
15               which United States attorneys are authorized by law to conduct, whether or not he [or
                 she] is a resident of the district in which the proceeding is brought.

16
17   *See also* 28 U.S.C. §§ 541-543, 547 (discussing the appointment and setting forth the duties and

18   authority of United States Attorneys). The authority granted to the Attorney General by 28 U.S.C.

19   § 515(a) has, pursuant to 28 C.F.R. § 0.13(a), been extended to each Assistant Attorney General and

20   Deputy Assistant Attorney General of the United States Department of Justice. According to 28 C.F.R.

21   § 0.13(a), "[e]ach Assistant Attorney General and Deputy Assistant Attorney General is authorized to

22   exercise the authority of the Attorney General under 28 U.S.C. § 515(a) . . . to designate Department

23   attorneys to conduct any legal proceedings, civil or criminal. . . ." Additionally, the prosecution of

24   criminal proceedings arising under the internal revenue laws has been delegated to the Assistant

25   Attorney General, Tax Division. 28 C.F.R. § 0.70(b). Further delegations of authority from the President

26   of the United States through intermediate officials to the Department's trial attorneys may be found by

27
28   referencing the following sources: 28 U.S.C. §§ 510, 516, 517, 518(b); Fed. R. Crim. P. 1(b).

1  Courts in this Circuit have likewise recognized the authority of attorneys employed by the

2  Department of Justice to appear on behalf of the United States in criminal and civil proceedings. For

3  example, in *Huff v. United States*, a civil case, the Ninth Circuit, citing several of the statutes and

4  regulations outlined herein, rejected the defendants' argument that only a United States Attorney could

5  represent the United States. 10 F.3d 1440, 1443-44 (9th Cir. 1993). In rejecting the defendants'

6  argument, the Ninth Circuit upheld the authority of a trial attorney from the Department of Justice's Tax

7  Division to handle the case. *Id.* In addition, the Ninth Circuit addressed arguments concerning a

8  defective appointment of a Special Assistant United States Attorney in *United States v. Plesinski*, 912

9  F.2d 1033 (9th Cir. 1990), *cert. denied*, 499 U.S. 919, 111 S. Ct. 1306, 113 L. Ed. 2d 241 (1991). In that

10  case, the court recognized the authority of both the Department of Justice and United States Attorneys in

11  the prosecution of federal cases and also discussed the power of the Attorney General to delegate

12  authority to appoint special assistants to the Attorney General. *Id.* at 1036-39.

13
14

15  **DISCUSSION**

16  In the Criminal Case at issue here, one of the Tax Division's Deputy Assistant Attorneys General

17  designated counsel to represent the United States in any legal proceeding, civil or criminal, in the

18  District of Arizona or in any other judicial district. The two attorneys designated to represent the United

19  States were Department of Justice Tax Division, Criminal Enforcement Section, Trial Attorneys

20  Timothy Stockwell and Monica Edelstein, née Bellapravalu (collectively, "Trial Attorneys Stockwell

21  and Edelstein"). Trial Attorneys Stockwell's and Edelstein's authority was exercised pursuant to 28

22  C.F.R. § 0.13(a) (delegating authority to Deputy Assistant Attorneys General to perform functions

23  assigned to Attorney General under 28 U.S.C. § 515(a)) and 28 C.F.R. § 0.13(a) (authority to appoint

24  attorneys to represent the United States). In designating Trial Attorneys Stockwell and Edelstein to

25  represent the United States, the Acting Deputy Assistant Attorney General for the Tax Division

26  conferred authority for counsel to conduct matters including those undertaken in this case, such as filing

27
28

an indictment and litigating the case through and during trial and in post-trial activities. Copies of the: (1) Appointment Affidavits containing an Oath of Office, and (2) Appointment Letters from the Tax Division's Acting Deputy Assistant Attorney General for each of Trial Attorneys Stockwell and Edelstein appear at Exhibits A and B (Stockwell) and C and D (Edelstein), attached hereto.

## CONCLUSION

Accordingly, Department of Justice Tax Division Trial Attorneys Stockwell and Edelstein who handled the Criminal Case were duly appointed officers of the United States when they represented the United States and in all legal proceedings therein. The government respectfully requests that the Court accept this filing and its attached Exhibits A, B, C and D as the evidence required pursuant to the Court's Order of June 26, 2018.

DATED: July 2, 2018.

Respectfully submitted,

ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

*/s/ Andrea A. Kafka*
ANDREA A. KAFKA
Trial Attorney
United States Department of Justice

**CERTIFICATE OF SERVICE**

I certify that on July 2, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to counsel of record in this case.

>  */s/Andrea Kafka*
>  ANDREA KAFKA
>  Trial Attorney
>  United States Department of Justice

6 of 10


# APPOINTMENT AFFIDAVITS

Trial Attorney

10/20/2006

*(Position to which Appointed)*                          *(Date Appointed)*

Department of Justice      Tax Division      Washington, DC

*(Department or Agency)*      *(Bureau or Division)*      *(Place of Employment)*

I, Timothy J. Stockwell , do solemnly swear (or affirm) that—

## A. OATH OF OFFICE

I will support and defend the Constitution of the United States against all enemies, foreign and domestic; that I will bear true faith and allegiance to the same; that I take this obligation freely, without any mental reservation or purpose of evasion; and that I will well and faithfully discharge the duties of the office on which I am about to enter. So help me God.

## B. AFFIDAVIT AS TO STRIKING AGAINST THE FEDERAL GOVERNMENT

I am not participating in any strike against the Government of the United States or any agency thereof, and I will not so participate while an employee of the Government of the United States or any agency thereof.

## C. AFFIDAVIT AS TO THE PURCHASE AND SALE OF OFFICE

I have not, nor has anyone acting in my behalf, given, transferred, promised or paid any consideration for or in expectation or hope of receiving assistance in securing this appointment.

*(Signature of Appointee)*

Subscribed and sworn (or affirmed) before me this 20th day of October , 2006

at Washington      DC

     *(City)*          *(State)*

*(Signature of Officer)*

(SEAL)

Commission expires _____

*(If by a Notary Public, the date of his/her Commission should be shown)*      *(Title)*

Note - If the appointee objects to the form of the oath on religious grounds, certain modifications may be permitted pursuant to the Religious Freedom Restoration Act. Please contact your agency's legal counsel for advice.

7 of 10

U.S. Office of Personnel Management
The Guide to Processing Personnel Actions

NSN 7540-00-634-4015

Standard Form 61
Revised August 2002
Previous editions not usable

**U. S. Department of Justice**

Tax Division

---

Deputy Assistant Attorney General                    *Washington, D.C. 20530*

JAN - 4 2009

Timothy J. Stockwell
U.S. Department of Justice
Tax Division
Western Criminal Enforcement Section
Washington, D.C. 20530

Dear Mr. Stockwell:

As an attorney for the United States who is employed full time by the Department of
Justice and assigned to the Tax Division, you are authorized to represent the United States in any
kind of legal proceeding, civil or criminal, including grand jury proceedings and proceedings
before United States Magistrate Judges in the District of Arizona or in any other judicial district.
You are authorized by the Tax Division to conduct such business on behalf of the United States
that United States Attorneys are authorized to conduct, including such matters as filing an
information, presenting an indictment, and entering into a plea agreement. This authority is
granted pursuant to 28 U.S.C. § 515(a) and 28 C.F.R. § 0.13(a).

You may file a copy of this letter with the Clerk of the District Court as evidence of your
authorization to represent the United States.

Sincerely yours,

Ronald A. Cimino
Acting Deputy Assistant Attorney General

cc: John A. DiCicco
Acting Assistant Attorney General

8 of 10

# APPOINTMENT AFFIDAVITS

Honors Attorney
**(Position to which Appointed)**

10/02/2006
**(Date Appointed)**

Department of Justice
**(Department or Agency)**

Tax Division
**(Bureau or Division)**

Washington, DC
**(Place of Employment)**

I, Monica N. Bellapravalu                                    , do solemnly swear (or affirm) that--

## A. OATH OF OFFICE

I will support and defend the Constitution of the United States against all enemies, foreign and domestic; that I will bear true faith and allegiance to the same; that I take this obligation freely, without any mental reservation or purpose of evasion; and that I will well and faithfully discharge the duties of the office on which I am about to enter. So help me God.

## B. AFFIDAVIT AS TO STRIKING AGAINST THE FEDERAL GOVERNMENT

I am not participating in any strike against the Government of the United States or any agency thereof, and I will not so participate while an employee of the Government of the United States or any agency thereof.

## C. AFFIDAVIT AS TO THE PURCHASE AND SALE OF OFFICE

I have not, nor has anyone acting in my behalf, given, transferred, promised or paid any consideration for or in expectation or hope of receiving assistance in securing this appointment.

*(Signature of Appointee)*

Subscribed and sworn (or affirmed) before me this 2nd day of October                    , 2006

at Washington                    DC
**(City)**                    **(State)**

*(Signature of Officer)*

(SEAL)

*(Title)*

Commission expires_____
**(If by a Notary Public, the date of his/her Commission should be shown)**

Note - If the appointee objects to the form of the oath on religious grounds, certain modifications may be permitted pursuant to the Religious Freedom Restoration Act. Please contact your agency's legal counsel for advice.

9 of 10

U.S. Office of Personnel Management
The Guide to Processing Personnel Actions

NSN 7540-00-634-4015

Standard Form 61
Revised August 2002
Previous editions not usable

**U. S. Department of Justice**

Tax Division

---

Deputy Assistant Attorney General                     *Washington, D.C. 20530*

DEC - 1 2009

Monica B. Edelstein, Esquire
U.S. Department of Justice
Tax Division
Western Criminal Enforcement Section
Washington, D.C. 20530

Dear Ms. Edelstein:

As an attorney for the United States who is employed full time by the Department of Justice and assigned to the Tax Division, you are authorized to represent the United States in any kind of legal proceeding, civil or criminal, including grand jury proceedings and proceedings before United States Magistrate Judges in the District of Arizona or in any other judicial district. You are authorized by the Tax Division to conduct such business on behalf of the United States that United States Attorneys are authorized to conduct, including such matters as filing an information, presenting an indictment, and entering into a plea agreement. This authority is granted pursuant to 28 U.S.C. § 515(a) and 28 C.F.R. § 0.13(a).

You may file a copy of this letter with the Clerk of the District Court as evidence of your authorization to represent the United States.

Sincerely yours,

Ronald A. Cimino
Acting Deputy Assistant Attorney General

cc: John A. DiCicco
    Acting Assistant Attorney General

10 of 10

4668583.1



No post Mark

09-CR-43-SPF

RECEIVED

JUL 12 2018

Mark C. McCartt, Clerk
U.S. DISTRICT COURT

<><>02580-063<>
Clerk Of Court
Northern District of Okla
333 W 4TH ST
Tulsa, OK 74103
United States

Lindsey Kent Springer
Reg # 02580-063
Federal Satellite Camp
P.O. Box 9000
Seagoville, Texas 75159

"Legal Mail"