Case 4:09-cr-00043-SPF   Document 653 Filed in USDC ND/OK on 08/01/18   Page 1 of 8



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.

LINDSEY KENT SPRINGER,

    Defendant/Applicant.

Case No. 09-CR-043
(13-CV-145)

FILED
AUG 1 2018
Mark C. McCartt, Clerk
U.S. DISTRICT COURT

MOTION TO DETERMINE SPECIFICALLY THE CONSTITUTIONAL
VALIDITY OF THE APPOINTMENT TO OFFICE OF
CHARLES A. O'REILLY, JEFFREY A. GALLANT, AND
R. TRENT SHORES

    Lindsey Kent Springer ("Springer") moves this Court for an order requiring Charles A. O'Reilly ("O'Reilly"), Jeffrey A. Gallant ("Gallant"), and R. Trent Shores ("Shores"), to provide Springer and this Court with the evidence that shows the constitutional validity of their current Appointments Clause appointment to their respective offices of the United States pursuant to the Supreme Court's recent decision in Lucia v. US SEC, 17-130(S.Ct. 6.21.18)("'one who makes a timely challenge to the constitutional validity of the Appointment of an officer' is entitled to relief.")(quoting Ryder v. U.S., 515 U.S. 177, 182-183(1995)).  Springer requests this Court make a determination that O'Reilly, Gallant, and Shores, are not holding a current appointment, commission, nor took the oath of office, required by the Constitution and federal law from January 10, 2018 to present day.

<div style="text-align:center">BACKGROUND</div>

    Since at least January 10, 2018, the United States has appeared in this case through O'Reilly and Gallant as designees of Shores.

    O'Reilly has represented to this Court that he holds a constitutionally valid appointment, commission, and has taken the oath to the inferior office of Special Assistant United States Attorney("SAUSA")

1

Gallant has represented to this Court that he holds a constitutionally valid appointment, commission, and has taken the oath to the inferior office of Assistant United States Attorney ("AUSA").

O'Reilly and Gallant have represented to this Court that they are currently designated by Shores who is presented as being the current United States Attorney ("USA") for the Northern District of Oklahoma ("NDOK"). To be the NDOK USA Shores would need an appointment, commission, and having taken the oath to such office.

In the April 10, 2018 Court ordered response, Doc. 641, O'Reilly and Gallant argued to this Court that O'Reilly held an Appointments Clause appointment to the office of "Trial Attorney," an office in the Department of Justice, "whether or not" O'Reilly had "been appointed to be a Special Assistant United States Attorney." Doc. 641, p.5-6.

Exhibit 2 attached to Doc. 641 also states the letter was written on December 23, 2008 to:

> "Charles A. O'Reilly, Esquire, Trial Attorney, U.S. Department of Justice, Tax Division."

Because Exhibit 2 refers to O'Reilly as having already received an appointment as a "Trial Attorney," if he continues to argue his current representation on behalf of the United States of America is as a Trial Attorney, instead of his representations that he is currently a Constitutionally valid SAUSA for the NDOK, Springer includes any evidence that O'Reilly currently holds a Constitutionally valid appointment as a Trial Attorney within the subject matter of this instant Motion.

1. The Supreme Court on June 21, 2018 directed all Federal Courts, including this one, that when a person challenges the constitutional validity of the Appointment of any Appointments Clause officer of the United States, he or she is entitled to a ruling on the merits of such challenge.

This motion is limited to the constitutional validity of the Appointments Clause appointment to office of the United States for O'Reilly, as an SAUSA for the NDOK and Trial Attorney, for Gallant, as an AUSA for the NDOK, and for Shores, as the NDOK USA, between January 10, 2018 to present.

A. <u>Lucia v. US SEC.</u>

In <u>Lucia</u>, citing to <u>Ryder</u>, 515 U.S. at 182-183, the Supreme Court said:

"This Court has held that 'one who makes a timely challenge to the constitutional validity of the appointment of any officer...' is entitled to relief."

In <u>Ryder</u>, the Supreme Court said:

"one who makes a timely challenge to the constitutional validity of the appointment of an officer...is entitled to a decision on the merits of the question..."

515 U.S. at 182-183.

This Court has ordered two responses to Springer's Motions pending under Federal Rules of Civil Procedures ("FRCvP") Rule 59(e) and 60(b)(6), and under Rule 60(d)(3).

B. Evidence of a Valid Appointments Clause appointment.

The constitution authorizes Congress to establish by law all Principal and Inferior offices of the United States. See Article II, § 2, Cl.2 ("the Appointments Clause"). Congress is also vested with "all legislative powers," Article I, § 1, and "to make all laws which shall be necessary and proper for carrying into execution" its general powers. Article I, § 8, Cl. 18.

The Constitution and Congress require each Principal Officer ("PAS") have five (5) evidences showing constitutional validity of their appointment to office, and Inferior Officers require three (3) evidences showing constitutional validity to office with an accompanying designation from their Principal.

(i) Principal Officers under the Appointments Clause.

The Appointments Clause requires a PAS Officer receive (1) a nomination

3

from the President; (2) Advice and Consent from the Senate; (3) Appointment from the President; (4) a commission from the President, and (5) the PAS Officer to take the oath to support and defend the Constitution before exercising the duties of the PAS Office.

(ii)  Inferior Officers under the Appointments Clause.

The Appointments Clause requires an Inferior Officer (1) receive an appointment from the President alone (without Senate Advice and Consent), a Court of Law, or a head of a department; (2) receive a commission from the President; and (3) take the oath to support and defend the Constitution before exercising the duties of the Inferior Office.

(iii)  The Inferior Office of SAUSA for O'Reilly.

28 U.S.C. § 543 authorizes the Attorney General, and only the Attorney General, to appoint, as the head of the Department of Justice, see 28 U.S.C. § 503, an SAUSA for a specific judicial district to assist current USAs in the performance of the USA's duties under 28 U.S.C. § 547.

(iv)  The Inferior Office of AUSA for Gallant.

28 U.S.C. § 542 authorizes the Attorney General, and only the Attorney General, to appoint, as the head of the Department of Justice, see 28 U.S.C. § 503, an AUSA for a specific judicial district to assist current USAs in the performance of the USAs duties under 28 U.S.C. § 547.

(v)  The Principal Office of USA for Shores.

28 U.S.C. § 541 authorizes the President to nominate, and with Advice and Consent of the U.S. Senate, appoint a USA for each of the judicial districts throughout the United States.

(vi)  The purported office of Trial Attorney.

Springer can locate no Federal Law establishing the office of Trial

Attorney.

(vii)  The required commission to each office.

5 U.S.C. § 2902(c) requires all USAs, AUSAs, and SAUSAs, to receive a commission from the sitting President, which is recorded in the Department of Justice.

(viii)  The required oath for USA, AUSA, and SAUSA.

28 U.S.C. § 544 requires, before taking office of USA, AUSA, or SAUSA, that each appointed and commissioned person, take the oath of office they are about to enter.

(ix)  The required oath for Trial Attorneys.

5 U.S.C. § 3331 requires all federal employees, including persons referring to themselves as Trial Attorneys, to take an oath required therein.

(x)  The Constitution.

The Appointments Clause, Article II, § 2, Cl. 2, requires each officer of the United States receive an appointment in accordance with the Appointments Clause and Federal Law. Article II, § 3, requires the President issue a commission to each Principal and Inferior Officer of the United States. Article VI, § 3, requires each Principal and Inferior Officer to take the oath to support and defend the Constitution.

C.  Marbury v. Madison.

The Supreme Court in Marbury v. Madison, 1 Cranch 137, 155-156(1803), explained the evidence necessary to show whether a person holds a constitutionally valid Appointment to Office.

2. Springer requests this Court order O'Reilly, Gallant, and Shores, provide their appointment, commission, and corresponding oath to their respective offices for which they represent the United States of America in these proceedings.

Based upon the foregoing, and in accordance with Lucia, Ryder, and

Marbury, and the others therein, Springer requests this Court enter an order directing O'Reilly, Gallant, and Shores, evidence each their appointments, commissions, and oaths, to the offices they currently purport to this Court they each hold involving the present pending matters before this Court.

Springer would also remind the Court that O'Reilly, Gallant, and Shores, are clearly relying upon something to purport to hold the offices they do.

## CONCLUSION

Lindsey Kent Springer respectfully requests this Court, in accordance with Lucia, Ryder, and Marbury, find that O'Reilly, Gallant, and Shores are not, since January 10, 2018 to present, appointed according to the Appointments Clause, the Commissions Clause, nor have they taken the oath to their purported office of USA (Shores), SAUSA(O'Reilly), AUSA(Gallant), and that their is no office of Trial Attorney for which the Court can scrutinize any purported appointment to O'Reilly in the context of being constitutionally valid.

Respectfully Submitted,

Lindsey Kent Springer
Reg. # 02580-063
Federal Satellite Camp
P.O. Box 9000
Seagoville, Texas 75159

CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2018, I sent by U.S. Mail, First Class, Postage Prepaid, the above Motion to the Clerk of Court, at 333 West Fourth Street, Tulsa, Oklahoma 74103;

I further certify that all parties are registered ECF users and the following shall receive service of the above Motion through the ECF system:

Charles A. O'Reilly
Jeffrey A. Gallant
R. Trent Shores

*/s/ Lindsey K. Springer*
Server

DECLARATION OF MAILING

I declare under the penalty of perjury pursuant to 28 U.S.C. § 1746(1), under the laws of the United States of Amercia, that on July 29, 2018, I deposited the above Motion in the U.S. Mailbox located inside Seagoville Federal Prison Camp to the address listed for the Clerk of Court above.

*/s/ Lindsey K. Springer*
Declarant

7

Name: Lindsey Kent Springer
Reg. No. 02580-063
FEDERAL CORRECTIONAL INSTITUTION
P.O. Box 9000
Seagoville, TX 75159-9000

"Legal Mail"

Postmarked 7/30/18

NORTH TEXAS TX P
DALLAS TX 750
30 JUL 2018

⇔02580-063⇔
Clerk Of Court
Northern District of Okla
333 W 4TH ST
Tulsa, OK 74103
United States

09-CR-43

RECEIVED
AUG 1 2018
Mark C. McCartt, Clerk
U.S. DISTRICT COURT