

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LINDSEY KENT SPRINGER,

    Defendant.

Case No. 09-CR-043
(13-CV-145)

## MOTION TO STRIKE

Lindsey Kent Springer ("Springer") moves this Court for an order striking Docket Entry Numbers 629, 634, 636, 641, and 655, for not being signed by a person authorized to do so under Rule 11(a) of the Federal Rules of Civil Procedure ("FRCvP"). This Motion is made pursuant to FRCvP Rule 11(a)("The Court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention"), Rule 47 of the Federal Rules of Criminal Procedure ("FRCrP"), FRCvP Rule 7(b)(1), Local Civil Rule ("LCvR") 7.2(m) and Local Criminal Rule ("LCrR") 47.1. Springer claims the Docket Entries listed above and herein are not signed, i.e. unsigned, by a person with a Constitutionally valid Appointments Clause appointment to an office of the United States established by Law of Congress.

## BACKGROUND

On January 4, 2018, Springer called to the attention of the United States of America ("U.S. of A."), Charles A. O'Reilly ("O'Reilly"), Jeffrey A. Gallant ("Gallant"), and R. Trent Shores ("Shores"), that O'Reilly, Gallant, and Danny C. Williams, Sr. ("Williams"), committed Ten Frauds on the § 2255 Court in regard to the required Constitutional appointment to office for O'Reilly as a Special Assistant United States Attorney ("SAUSA") for the Northern District of Oklahoma ("NDOK"), to office for Kenneth P. Snoke

("Snoke") as an Assistant United States Attorney ("AUSA") for the NDOK, and for Thomas Scott Woodward ("Woodward") as an AUSA, First AUSA, Acting United States Attorney ("Acting USA"), and United States Attorney ("USA"), for the NDOK, involving Grounds One and Two of Springer's § 2255 Motion. Docs. 625-627.  This Court ordered a response on January 8, 2018 (Doc. 628), January 11, 2018 (Doc. 630), February 21, 2018 (Doc. 635), and March 26, 2018 (Doc. 637), from the government.   On January 10, 2018 (Doc. 629), February 9, 2018 (Doc. 634), March 26, 2018 (Doc. 636), and on April 10, 2018 (Doc. 641), O'Reilly and Gallant, as purported delegates of Shores, signed these respective Docket Entries on behalf of the U.S. of A. as an SAUSA (O'Reilly) and as an AUSA (Gallant).

On June 21, 2018, while  Springer's application (Doc. 625) was pending, the Supreme Court decided Lucia v. SEC, 138 S.Ct. 2044, 2055(2018), reminding all litigants they are encouraged to make Appointments Clause challenges. The Court, 7-2, and quoting from Ryder v. U.S., 515 U.S. 177, 182-183(1995), stated that:

> "one who makes a timely challenge to the constitutional validity of the appointment of an officer...is entitled to [a decision on the merits of the question] relief."

On June 22, 2018, this Court denied Springer's application. Docs. 645-646.

Springer filed a Motion to Reconsider (Doc. 647), a Motion to Vacate (Doc. 649), and a Motion to Determine the Constitutional Validity of the Appointments Clause appointment of O'Reilly, as an SAUSA and Trial Attorney, Gallant, as an AUSA, and Shores, as a USA, from January 10, 2018 to present day (Doc. 653).  On July 10, 2018 (Doc. 648), July 13, 2018 (Doc. 650), and on August 1, 2018 (Doc. 653), the government was ordered to respond to Docket Entries 647, 649, and 653.  On August 2, 2018, O'Reilly and Gallant, as pur-

ported delegates of Shores, filed a response to Docket Entries 647, 649, and 653, on behalf of the government.  Doc. 655.

1. <u>Who can sign for "the government?"</u>

FRCvP Rule 1(b)(1) defines "Attorney for the government" to mean (A) the Attorney General or an authorized assistant; or (B) a United States Attorney or an authorized assistant.

FRCvP Rule 11(a) requires every filing in these proceedings on behalf of the party U.S. of A. "be signed by at least one attorney of record in the attorney's name."  LCvR 83.2(f) defines Attorneys for the United States to mean "Attorneys who are employed or retained by the United States."  LCrR 44.1(f) uses the same language.

"When a statute creates an office for which it assigns specific duties, those duties outline the attributes of the office."  <u>Freytag v. CIR</u>, 501 U.S. 868, 878(1991).  Every filing must be signed on behalf of the United States by a "proper representative of the government."  <u>U.S. v. Providence Journal, Co.</u>, 485 U.S. 693, 708(1988).  Congress has limited those who are authorized to appear on behalf of the U.S. of A.  <u>U.S. v. Navarro</u>, 959 F. Supp. 1273, 1277(E.D. Cal. 1997)(reversed on other grounds).  "Of course, it cannot be otherwise because the government functions only through its officers..." <u>U.S. v. Singleton</u>, 165 F.3d 1297, 1300(10th Cir. 1999)(en banc); see also <u>U.S. v. Bolden</u>, 353 F.3d 870, 877(10th Cir. 2003)(citing 28 U.S.C. § 547 and stating the USA for each judicial district represents the government in all cases occurring in that district).

"Only officers of the Department of Justice or the United States Attorney can represent the United States..."  <u>Singleton</u>, 165 F.3d at 1299  This authority to represent the U.S. of A. is vested in the USA or "his or her properly appointed assistants." Id. at 1300.

3

O'Reilly and Gallant must be "properly apointed assistants" to the United States Attorney in order to sign on behalf the U.S. of A. between January 10, 2018 to present day.

2. <u>The Appointments Clause Offices of SAUSA and AUSA</u>.

28 U.S.C. § 543 establishes the Appointments Clause mode in which Congress chose to have SAUSAs appointed to their inferior offices. <u>Freytag</u>, 501 U.S. at 878. Congress chose the Attorney General ("AG") to Constitutionally appoint SAUSAs as the Head of the Department of Justice ("DOJ"). Id.

28 U.S.C. § 542 establishes the Appointments Clause mode in which Congress chose to have AUSAs appointed to their inferior offices. AUSAs are "appointed directly by the Attorney General." <u>U.S. v. Braimah</u>, 559 Fed. Appx. 698, 701 (10th Cir. 2014)(unpublished)(quoting <u>U.S. v. Hilario</u>, 218 F.3d 19, 22(1st Cir. 2000) and citing § 542(a)); see also <u>Singleton</u>, 165 F.3d at 1300 (AUSAs to exercise authority "conferred upon that office" must be a "properly appointed assistant.") "The Attorney General may appoint attorneys to assist United States attorneys when the public interest so requires." <u>U.S. v. Troutman</u>, 814 F.2d 1428, 1436(n.7)(10th Cir. 1987).

The Appointments Clause allows Congress to choose the AG, as Head of the DOJ, to make inferior office appointments for the office of SAUSA and AUSA.

3. <u>Trial Attorneys</u>.

To the extent O'Reilly continues to assert he holds a current appointment to the purported office of "Trial Attorney," Springer would show that 28 U.S.C. § 515(a), nor 5 U.S.C. § 310 before it, established any office of Trial Attorney. Section 310 read:

> "The Attorney General or any officer of the Department of Justice, or any attorney or counselor specially appointed **by the Attorney General under any provision of law**, may, when thereunto specifically directed by the Attorney General...."

4

See <u>Wall v. U.S.</u>, 384 F.2d 758, 762-63(10th Cir. 1967)(comparing § 310 with 28 U.S.C. § 515(a)).

Section 515(a) reads in relevant part:

"The Attorney General or any **other** officer of the Department of Justice, or any attorney specially appointed by the Attorney General **under law**, may, when specifically directed by the Attorney General..."

The Tenth Circuit found that the change from "under any provision of law" under § 310, to "under law," under 28 U.S.C. § 515(a), was not a "significant change." <u>Wall</u>, 384 F.2d at 762(n.6).

To the extent that the office of Trial Attorney exists, it must come from some other "provision of law" from that of § 515(a). But, there is no such provision of law.

4. <u>O'Reilly and Gallant are prohibited from signing on behalf of the U.S. of A.</u>

In response to O'Reilly and Gallant's Motion to Dismiss, Doc. 629, Springer gave the U.S. of A., O'Reilly, Gallant, shores, and this Court, notice that:

"O'Reilly and Gallant are not appointed according to Article II, § 2, Cl. 2("Appointments Clause") and Federal Law establishing their purported offices and cannot be authorized to represent the United States of America or allowed to continue to defraud this Court."

Doc. 632, p. 8.

On August 1, 2018, Springer filed a Motion to this Court in accordance with <u>Lucia</u>, seeking the Court to have O'Reilly, Gallant, and Shores "provide Springer and this Court with the evidence that shows the Constitutional validity of their current Appointments Clause appointment to their respective offices of the United States..." Doc. 653, p.1.

Springer's Motion, Doc. 653, requested this Court make a determination that O'Reilly, Gallant, and Shores, "are not holding a current appointment, commission, nor took the oath of office, required by the Constitution and

5

federal law from January 10, 2018 to present day." Doc. 653, p.1.

This Court issued an order on August 1, 2018, directing the government respond to Doc. 653. See Doc. 654.

On August 2, 2018, O'Reilly and Gallant, as purported delegates of Shores, filed their response making the single argument that Springer's Motion to determine the Constitutional validity of the Appointment to Office of O'Reilly, Gallant, and Shores, from January 10, 2018 to present, is frivolous. Doc. 655.

There is nothing about what this Court said in 2014 that could address whether O'Reilly, Gallant, or Shores, hold Constitutionally valid appointments between January 10, 2018 to present.

The U.S. of A. did not respond, or provide, any current appointment, commission, or oath, for O'Reilly, Gallant, or Shores, applicable from January 10, 2018 to present.

The Supreme Court in Lucia, 138 S.Ct. at 2055, quoting Ryder, 515 U.S. at 182-183, held:

> "one who makes a timely challenge to the constitutional validity of the appointment of an officer...is entitled to [a decision on the merits of the question] relief."

Springer made that timely challenge and the U.S. of A. declined to provide the evidence of current appointment, commission from the President, and corresponding oath, for O'Reilly, Gallant, and Shores.

Springer's claims are that "there has been a 'trespass upon the executive power of appointment,'" Ryder, 515 U.S. at 182(quoting McDowell v. U.S., 159 U.S. 596, 598(1895)), and that Springer "is entitled to a decision on the merits of the question and whatever relief may be appropriate if a violation indeed occurred." Ryder, 515 U.S. at 183.

The relief, as FRCvP Rule 11(a) provides, is the Court strike Docs. 629,

6

634, 636, 641, and 655, for not being signed by a person Constitutionally and validly appointed under the Appointments Clause and Federal Law.

5. <u>The remedy is to strike and void all filings by O'Reilly and Gallant.</u>

In <u>FEC v. NRA Political Victory Fund</u>, 513 U.S. 88, 99(1994), the Supreme Court dismissed for want of jurisdiction the Federal Election Commission's Petition for Writ of Certiorari where it was signed by an unauthorized attorney for the government. In <u>Providence Journal, Co.</u>, 485 U.S. at 708 (n.11), the Court observed that "Courts <u>must</u> look behind names that symbolized the parties to determine whether a justiciable case or controversy is presented." In <u>Providence Journal, Co.</u>, the Supreme Court held the person signing the Petition was "without authorization to appear on behalf of the United States." Id.

The issues presented herein is not simply about "a misapplication of a statute providing for the assignment of already appointed" representative of the United States, <u>Ryder</u>, 515 U.S. at 182, but is based upon the Appointments Clause of Article II, the Commissions Clause of Article II, and the Oaths Clause of Article VI, and the Federal Laws enacted pursuant to these Constitutional requirements.

When an unauthorized person signs on behalf of a party, FRCvP Rule 11(a) requires the Court to strike any paper so presented. See <u>Sky Harbor Air Serv. v. Reams</u>, 491 Fed. Appx. 875, 892(10th Cir. 2012)(unpublished).

This Court should strike Docket Entries 629, 634, 636, 641, and 655, for not being signed as required by FRCvP Rule 11(a).

CONCLUSION

This Court is requested to find that Docket Entries 629, 634, 636, 641, and 655, are not signed by an attorney with Constitutionally valid appointment to the office of SAUSA (O'Reilly) or AUSA (Gallant) and that O'Reilly,

7

Gallant, and Shores, refused to correct the error after having their attention drawn to the error, warranting this Court to strike Docket Entries 629, 634, 636, 641, and 655, for being intentionally presented in violation of FRCVP Rule 11(a).

Respectfully Submitted,

/s/ Lindsey K. Springer
Reg. # 02580-063
Federal Satellite Camp
P.O. Box 9000
Seagoville, Texas 75159

## CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2018, I sent by U.S. Mail, First-Class, postage prepaid, the above Motion to Strike to the Clerk of Court, 333 West Fourth Street, Tulsa, Oklahoma 74103;

I further certify that the following persons shall be served with the above Motion to Strike by the ECF system that the Court uses:

Charles A. O'Reilly
Jeffrey A. Gallant
R. Trent Shores

_/s/ Lindsey K. Springer_
Server

## DECLARATION OF MAILING

I declare under the penalty of perjury pursuant to 28 U.S.C. § 1746(1), under the laws of the United States of America, that on August 11, 2018, I deposited the above Motion to Strike in the U.S. Mailbox located inside Seagoville Federal Prison Camp to the address listed for the Clerk of Court above.

_/s/ Lindsey K. Springer_
Declarant

