

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.　　　　　　　　　　　　　　　Case No. 09-CR-043
　　　　　　　　　　　　　　　　　　(13-CV-145)
LINDSEY KENT SPRINGER,

    Defendant.

FILED
AUG 20 2018
Mark C. McCartt, Clerk
U.S. DISTRICT COURT

## MOTION FOR LEAVE TO FILE REPLIES

Lindsey Kent Springer ("Springer") moves this Court for leave to file a reply to the responses to Doc. 647, 649, and 653, in the alternative to, and notwithstanding, Springer's Motion to Strike Docs. 629, 634, 636, 641, and 655.

## BACKGROUND

The government was ordered to respond to Springer's Motions, Doc. 647, 649, and 653. Docs. 648, 650, and 654. The Court's three orders withhold allowing Springer to reply. Id. On August 2, 2018, Charles A. O'Reilly ("O'Reilly") signed, on behalf of the United States of America, a response to Docs. 647, 649, and 653. Doc. 655.

## ARGUMENT FOR LEAVE TO REPLY

1. A Reply Is Warranted Involving All Three Motions.

Allowing O'Reilly to continue to represent the United States of America in this case, while having to speak on his own behalf as to his own statements surrounding the fraudulent representations made by him, Jeffrey A. Gallant ("Gallant"), and as purported delegates of Danny C. Williams, Sr. ("Williams"), on or around October 24, 2013, is a scandal of itself and should not be sanctioned by this Court.

Then, as we learn clearly on July 3, 2018, O'Reilly and Gallant lied

1



again on April 10, 2018, declaring John A. Marrella ("Marrella") "appointed" O'Reilly on December 23, 2008, to the purported Constitutionally established inferior office of "Trial Attorney," knowing that the initials "RAC" appearing in that letter stood for Ronald A. Cimino ("RAC") and failing to ever explain who Cimino is, why his initials appear on the December 23, 2008 letter, or that it was Cimino, not Marrella, that signed the December 23, 2008 letter. Presented with the January 5, 2009 letter signed by Cimino in Quiel v. U.S., 16-CV-1535-JAT, 11CR-2385-PHX-JAT(D.C. Arizona), and that O'Reilly and Gallant lied to this Court, as delegates of R. Trent Shores ("Shores") in regard to the December 23, 2008 letter, they make no effort to dispute the fact Cimino, not Marrella, signed the December 23, 2008 letter (Doc. 641, Exhibit 2).

Now that, with proper argument, Springer shows that O'Reilly, Gallant, as delegates of Williams, lied to this Court, Springer, and the public on October 24, 2013 in regard to the source and authority of the December 23, 2008 letter listing 28 U.S.C. § 515(a) and 28 CFR § 0.13(a), O'Reilly, Gallant, as delegates of Williams, declared that O'Reilly received an appointment from David E. O'Meilia ("O'Meilia") as a Special Assistant United States Attorney ("SAUSA") on January 5, 2009, with several extensions year by year from future United States Attorneys. Doc. 627, Exhibit 1, p.2(Doc. 525, p.2)

On April 10, 2018, O'Reilly signed the third response to Springer's Application (Doc. 625) arguing that the Attorney General was authorized by 28 U.S.C. § 543 (a statute never listed on October 24, 2013) to appoint SAUSAs and that appointment authority can be delegated under 28 U.S.C. § 510 to O'Meilia and the others, which now includes Thomas Scott Woodward ("Woodward") as purported Acting United States Attorney by letter dated January 4, 2010, never identifying the delegations from the Attorney Generals in office as of

January 5, 2009 and January 4, 2010 (the dates of Exhibits 3 and 4 attached to Doc. 641).

Given the opportunity to address the delegations to O'Meilia and Woodward in regard to Doc. 647 and 649, O'Reilly and Gallant, as delegates of Shores, remained silent. Doc. 655.

O'Reilly and Gallant admit that 28 U.S.C. § 543 only allows the Attorney General to make appointments, as Head of the Department of Justice, for SAUSAs. Doc. 641, p.5.

The undisputed evidence is that O'Reilly never received an appointment in accordance with Article II, § 2, Cl. 2 ("the Appointments Clause") to any inferior office of Trial Attorney, never signed any oath to any office of Trial Attorney, and never received any Presidential Commission to such office, on or before December 23, 2008. When confronted with the lies that he did, O'Reilly and Gallant lied somemore.

The undisputed evidence is that O'Reilly and Gallant knew that the Appointments Clause required the Attorney General to appoint O'Reilly as an SAUSA and that O'Meilia nor Woodward were the Attorney General, or delegated by the Attorney General, to make the appointments to O'Reilly. O'Reilly and Gallant made no dispute that the Appointments Clause forbids delegation, or redelegation, of the statutory authority to appoint inferior officers under the Appointments Clause. When confronted with the lies that delegations were made, O'Reilly and Gallant went silence. Had O'Reilly received Constitutionally valid appointments year by year under the Appointments Clause, he would have signed corresponding oaths to each appointment and received a Commission from the President. But he did not and never explains why.

Then came Lucia v. S.E.C., 138 S.Ct. 2044, 2055(2018). See Doc. 655, p.6. O'Reilly and Gallant admit that Lucia encourages appointments clause

challenges and, quoting <u>Ryder v. U.S.</u>, 515 U.S. 177, 182-183(1995), that:

> "'[O]ne who makes a timely challenge to the constitutional validity of the appointment of an officer...' is entitled to relief."

"Entitled to relief" clearly incorporates that such a "challenge" is not fivolous.

O'Reilly and Gallant refuse to comply with <u>Lucia</u> and <u>Ryder</u> arguing that this Court has already held Springer's challenges to the "prosecution team" is frivolous. Doc. 655, p.6-7.

However, Springer's Motion, Doc. 653, is not about the "prosecution team" in 2009-2010, but rather, stems from January 10, 2018 to present day. Doc. 653, p.1.

And finally, there is nothing O'Reilly and Gallant point to in the Trial record, or § 2255 record, showing their Constitutionally Valid Apointments, corresponding Presidential Commissions, or oaths to office, at any time, nor as of January 10, 2018 to present.

Springer provided 63 undisputed facts in his Motion to Reconsider that undeniable show that O'Reilly, Gallant, and Williams, on October 24, 2013, and O'Reilly, Gallant, and now Shores, on April 10, 2018 and August 2, 2018, have repeatedly lied to this Court, Springer, and the public, in regard to the appointments to office of O'Reilly, Kenneth P. Snoke ("Snoke"), and Woodward, in effort to prevent Springer from relief under 28 U.S.C. § 2255.

Although there is no evidence that Gallant has ever received any letter appointing him to the Appointments Clause inferior office of Assistant United States Attorney ("AUSA"), the pattern of the letters employed in these fraud proceedings shows that they were issued on a yearly basis and there is nothing in Doc. 641's Exhibit 4 that would show O'Reilly held a Constitutionally Valid Appointment as a SAUSA from January 10, 2018 to present.

CONCLUSION

Springer cannot possibly argue in this Motion for Leave to File Replies everything he would present in his replies and respectfully requests this Court grant Springer leave to file the replies within 14 days from the day of the Court's order.

Respectfully Submitted,

/s/ Lindsey K. Springer
Reg. # 02580-063
Federal Satellite Camp
P.O. Box 9000
Seagoville, Texas 75159

CERTIFICATE OF SERVICE

I hereby certify that on August 15, 2018, I sent by U.S. Mail, First-Class, Postage Prepaid, the above Motion For Leave to File Replies to the Clerk of Court, 333 West Fourth Street, Tulsa, Oklahoma 74103;

I further certify that the following are registered ECF users and shall receive service of the above Motion through the Court's ECF system:

United States of America
Charles A. O'Reilly
Jeffrey A. Gallant
R. Trent Shores

_____
Server

DECLARATION OF MAILING

I declare under the penalty of perjury pursuant to 28 U.S.C. § 1746(1), under the laws of the United States of America, that on August 15, 2018, I deposited the above Motion in the U.S. Mailbox located inside Seagoville Federal Prison Camp to the address for the Clerk of Court listed above.

_____
Declarant

6

Name: Lindsey Kent Springer
Reg. No.: 02580-063
FEDERAL CORRECTIONAL INSTITUTION
P.O. Box 9000
Seagoville, TX 75159-9000

09-CR-43-SPF

"Legal Mail"

**RECEIVED**

AUG 20 2018

Mark C. McCartt, Clerk
U.S. DISTRICT COURT

⇔02580-063⇔
Clerk Of Court
Northern District of Okla
333 W 4TH ST
Tulsa, OK 74103
United States

Post Marked
8/16/18