# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff/Respondent, | ) |
| -vs- | ) Case No. 09-CR-0043-SPF |
| LINDSEY KENT SPRINGER, | ) |
| Defendant/Movant. | ) |

## ORDER

Five motions are before the court, all brought by Lindsey Kent Springer.

### Procedural Background

Following his conviction, by a jury, of various tax crimes, judgment was entered against Mr. Springer on April 28, 2010. Doc. no. 337. Mr. Springer's conviction, and the resulting well-deserved fifteen-year sentence, were affirmed on appeal. United States v. Springer, 444 Fed. Appx. 256, 259 (10th Cir. 2011).

On August 22, 2014, the court entered judgment in proceedings brought by Mr. Springer under 28 U.S.C. § 2255. Doc. no. 585 (judgment). That judgment was in accord with the court's first-stage order (doc. no. 537) and its second-stage order (doc. no. 584), which, together, addressed approximately seventy-six grounds for relief urged by Mr. Springer under § 2255 as challenges to his underlying conviction. The first-stage order stated that Mr. Springer's jurisdictional arguments, which included arguments about the lack of the authority of government prosecutors, were dismissed as procedurally barred; alternatively, those arguments were denied on their merits as frivolous. Doc. no. 537, pp. 6-7 of 12.

On October 13, 2015, Mr. Springer moved to enjoin enforcement of the criminal judgment against him, making fraud on the court arguments regarding the prosecutors' alleged lack of authorization to prosecute him. Doc. no. 604. This court denied the motion, characterizing the arguments as frivolous and as having been previously rejected. The court of appeals found that the motion was a second or successive § 2255 motion which this court should have dismissed or transferred instead of denying, then went on to deny Mr. Springer's request for a certificate of appealability (COA). United States v. Springer, 875 F.3d 968, 983 (10th Cir. 2017).

On January 4, 2018, Mr. Springer moved to vacate and set aside the order and judgment entered on August 22, 2014, which had denied relief with respect to Mr. Springer's original § 2255 motion. Doc. no. 625. He argued that attorneys in the § 2255 proceedings (as opposed to attorneys who participated in his criminal trial) had committed fraud on the court during the § 2255 proceedings when they made certain declarations pertinent to Mr. Springer's original § 2255 motion. The January 4 motion was brought under Rule 60(d)(3) and alleged ten separate frauds upon the § 2255 court. Because it challenged the § 2255 proceedings rather than Mr. Springer's underlying conviction, the court found that the January 4 motion was not a second or successive motion under § 2255 but a true Rule 60(d)(3) motion challenging the judgment of August 22, 2014. Doc. no. 635.

On June 22, 2018, the court denied Mr. Springer's January 4 motion to set aside the order and judgment entered on August 22, 2014. An order (doc. no. 645) and judgment (doc. no. 646) were entered accordingly. In that June 22 order, the court found no fraud on the court had occurred during the § 2255 proceedings. It also found no need for an evidentiary hearing and no need for additional discovery. The court denied Mr. Springer's request for appointment of counsel. Finally, the June 22 order addressed, and denied, a certificate of appealability.

The current motions challenge the June 22, 2018 order (doc. no. 645) and the accompanying judgment (doc. no. 646) which, together, found no fraud on the court during the § 2255 proceedings and declined to set aside the order and judgment entered in those proceedings.

## The Motions

<u>Doc. no. 647</u>. Mr. Springer moves the court to reconsider its order and judgment of June 22, 2018 (doc. nos. 645, 646), under Rules 59(e) and 60(b)(6), Fed. R. Civ. P.

<u>Doc. no. 649</u>. Mr. Springer moves the court to set aside the June 22, 2018 order and judgment (doc. nos. 645, 646) under Rule 60(d)(3), alleging that fraud on the court occurred during the proceedings which began on January 4, 2018, when Mr. Springer sought relief from the ruling on his § 2255 motion by alleging that fraud on the court had occurred during the § 2255 proceedings.

<u>Doc. no. 653</u>. Mr. Springer moves the court to determine the constitutional validity of the appointment to office of government attorneys Charles A. O'Reilly, Jeffrey A. Gallant and R. Trent Shores.  This motion asks the court to require these attorneys to provide Mr. Springer and the court with evidence showing the constitutional validity of their current "Appointments Clause appointment" to their offices, and asks the court to determine that these attorneys do not hold a current appointment.

<u>Doc. no. 656</u>. Mr. Springer moves the court to strike various documents filed by the government in the proceedings which began on January 4, 2018, specifically, doc. nos. 629 (government's response brief), 634 (government's sur-reply brief), 636 (government's motion to file a response brief out of time), 641 (government's response brief) and 655 (government's response brief).  This motion is brought primarily under Rule 11(a), Fed. R. Civ, P. (court must strike unsigned paper), but also under other rules.  The motion argues that the challenged documents are

"unsigned" because they are not signed by a person properly appointed to represent the government in these proceedings.

Doc. no. 657. Mr. Springer moves the court for leave to file reply briefs.

\* \* \* \* \*

The government responded to the first three motions listed above (doc. nos. 647, 649, 653), in a consolidated response brief. Doc. no. 655. No responses have been filed, and none are yet due, with respect to the other motions filed by Mr. Springer (doc. no. 656, 657). After reviewing the motions that have not yet been responded to, the court finds that no response is necessary in order for it to rule. (No reply briefs have been permitted.) Accordingly, all five motions are ready for determination.

## Discussion

Mr. Springer has not made the showing necessary for relief under any of the rules he cites. The government has explained and presented evidence to show the authority of the attorneys whose appointments have been questioned. Furthermore, Mr. Springer's argument that fraud on the court occurred during his § 2255 proceedings is frivolous, and there is no need for further discovery or evidence with respect to these issues. Accordingly, after considering Mr. Springer's motions under the applicable standards, the court rejects the motion to reconsider (doc. no. 647), as well as the motion to set aside (doc. no. 649), the June 22, 2018 order and judgment. In addition, the motion at doc. no. 653 will be denied because there is no need for the court to specifically determine the constitutional validity of any appointments. The motion at doc. no. 656 will be denied because there is no need to strike any documents filed by the government. The motion at doc. no. 657 will be denied because there is no need for reply briefs on these issues.

After careful consideration, the motions at doc. nos. 647, 649, 653, 656 and 657 are **DENIED**.

Certificate of Appealability

A movant in a § 2255 matter is entitled to a certificate of appealability only upon making a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This standard is satisfied by demonstrating that the issues movant seeks to raise are deserving of further proceedings, debatable among jurists of reason, or subject to different resolution on appeal. *See*, Slack v. McDaniel, 529 U.S. 473, 484 (2000) ("[W]e give the language found in §2253(c) the meaning ascribed it in [Barefoot v. Estelle, 463 U.S. 880, 893 (1983)], with due note for the substitution of the word 'constitutional.'"). "Where a district court has rejected the constitutional claims on the merits,...[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. When a prisoner's habeas petition is dismissed on procedural grounds without reaching the merits of the prisoner's claims, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.

One of Mr. Springer's arguments for reconsideration which does not go to the merits is his assertion that the certificate of appealability (COA) standard does not apply in these Rule 60(d)(3) proceedings. Doc. no. 647, pp. 25-27 of 32. He contends, therefore, that the court's order of June 22, 2018 should not have addressed a COA. (The government presents no developed argument in response to this contention.[1]) There are non-frivolous arguments which could be presented on both

---

[1] The government's brief states, in a heading, that the COA standard applies and that the court correctly found that Mr. Springer failed to make the requisite showing for a COA. Doc. no. 655, p. 6 of 8. But the government nowhere addresses the initial question raised by Mr. Springer's

5

sides of this question, which appears to be an open one.[2]  For this reason, in an abundance of caution, the court **GRANTS** Mr. Springer a COA with respect to the following procedural issue.

> Do COA standards and requirements apply to Mr. Springer's challenge to this court's ruling of June 22, 2018 which denied relief under 28 U.S.C. § 2255, where such challenge is brought under Rule 60(d)(3), Fed. R. Civ. P., for fraud on the court during § 2255 proceedings?

Otherwise, a COA remains **DENIED**.

IT IS SO ORDERED this 30th day of August, 2018.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

09-0043p153 rev.docx

---

motion, which is whether COA standards and requirements apply in these Rule 60(d)(3) proceedings.

[2] U.S. v. Chon, 512 Fed. Appx. 855 (10th Cir. 2013), unpublished, states that the court could find no case determining whether the Antiterrorism and Effective Death Penalty Act, with its gatekeeping requirements such as the requirement for a COA, applies to fraud on the court claims raised via Rule 60(d)(3). Id. at 857-58. The court stated that such requirements do, however, apply to a claim of fraud on the court by an opposing party, raised under Rule 60(b)(3). Id. at 857. Rule 11(a) of the Rules Governing 2255 Proceedings states: "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."