IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>-vs- )<br>)<br>LINDSEY KENT SPRINGER, )<br>)<br>Defendant. ) | Case No. 09-CR-0043-SPF |

## ORDER

    Mr. Springer moves for leave to proceed *in forma pauperis* in his appeal of various orders entered in this matter. Doc. no. 663.

    In support of Mr. Springer's request for *ifp* status on appeal, the motion states that Mr. Springer has been advised, after speaking with the Tenth Circuit Court of Appeals, that he needs *ifp* status to qualify for appointment of counsel under the Criminal Justice Act, 18 U.S.C. § 3006A. The motion also notes that at one of the prior stages of these proceedings, the Tenth Circuit Court of Appeals appointed counsel to represent Mr. Springer in that court. Finally, the motion includes a statement describing Mr. Springer's assets, set forth under penalty of perjury. Doc. no. 663, pp. 1 – 6 of 8.

    Having considered these and all of Mr. Springer's arguments, the motion will be denied for the reasons stated below.

    Title 28 U.S.C. § 1915(a)(2) provides that a prisoner seeking to appeal a judgment in a civil proceeding without prepayment of fees, must file the affidavit required by § 1915(a)(1), and must submit a certified copy of the prisoner's trust fund account for the six-month period preceding the notice of appeal. The affidavit

required by § 1915(a)(1) requires certain information to be included and must state the affiant's belief that he is entitled to redress.

Mr. Springer's motion does not show (or state) that he is unable to pay the fees which are necessary in order to proceed with this appeal. For example, Mr. Springer's description of his asserts indicates that he has $1300 in what he characterizes as an "institutional" account at "BOP-Trulinks" [sic]. *Id*. at p. 2 of 8 (referring to the Bureau of Prisons -- Trust Fund Limited Inmate Computer System, TRULINCS). In addition, Mr. Springer's motion does not include a certified copy of Mr. Springer's trust fund account statement (or the institutional equivalent thereof) for the six-month period preceding the filing of the notice of appeal, to be obtained from the appropriate official of the prison at which the prisoner is confined. *See*, 28 U.S.C. § 1915(a)(2).

The motion does not show that Mr. Springer is entitled to *ifp* status on appeal, based on the requirements of 28 U.S.C. § 1915(a).

Under Rule 24(a)(3), Fed. R. App. P., a party who was permitted to proceed *in forma pauperis* in the district court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed *ifp* on appeal without further authorization "unless…the district court…certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding." Pursuant to this Rule, the court finds that, for the reasons stated in detail in the preceding paragraph, Mr. Springer's motion does not meet the requirements necessary for such a motion to be granted.

Conclusion

Mr. Springer's application for *in forma pauperis* status on appeal fails to meet both the procedural and the substantive requirements which are necessary in order for leave to be granted, to a prisoner, to proceed on appeal without prepayment

of filing fees. Accordingly, Mr. Springer's motion is **DENIED**. The Clerk of this Court **SHALL** so advise the Clerk of the Tenth Circuit Court of Appeals.

IT IS SO ORDERED this 20th day of November, 2018.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

09-0043p154.docx