# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> -vs- ) <br> ) Case No. 09-CR-0043-SPF <br> ) <br> LINDSEY KENT SPRINGER, ) <br> ) <br> Defendant. ) | |

## ORDER

Mr. Springer moves for a reduction of his sentence pursuant to 18 U.S.C. §3582(c)(1)(A)(i) of the First Step Act. Doc. nos. 669, 671 (errata sheet with attached exhibit). He seeks an order reducing his sentence to time served, based on his exposure to more than five-hundred days of what he contends is cancer-causing asbestos and breath-taking mold. The government has responded, objecting to relief. Doc. no. 673. A reply brief was filed (doc. no. 677), which the government moves to strike. Doc. no. 678.

1. Motion to Strike

The government argues Mr. Springer's reply brief should be stricken because it is untimely and exceeds the page limit.

The reply brief was due December 11, 2019. Doc. no. 676. The government does not explain why Mr. Springer should not receive the benefit of the prison

mailbox rule in the circumstances presented here.[1] Given the lack of any developed argument on this issue, the court declines to strike the brief as untimely.

For purposes of its page-limit argument, the government relies on N.D. LCrR1.2. The government states that this particular local criminal rule makes the ten-page limit for reply briefs which is found in LCvR7.2(h), applicable in criminal cases. The current version of LCrR1.2 (effective September 26, 2016) does not include the relied-on provision, and the government's argument is rejected on that ground.

The government's motion to strike Mr. Springer's reply brief is **DENIED**.

2. Motion for Reduction of Sentence Under First Step Act

Mr. Springer was convicted of conspiracy to defraud the United States, tax evasion, and failure to file tax returns. He was sentenced to fifteen years' imprisonment (180 months). Doc. no. 336, p. 1 of 4. He now moves for a reduction of his sentence under the First Step Act, arguing that his exposure "to more than 500 days of Cancer Causing Asbestos and Breath-Taking Mold" (doc. no. 669, p. 4 of 126), while working to help seal storage rooms at the warehouse where he was assigned to work between about April 1, 2017 and October 11, 2018 (doc. no. 669, p. 29 of 126), constitutes "extraordinary and compelling reasons" warranting a reduction of his sentence under §3582(c)(1)(A)(i).

---

[1] The reply brief includes a declaration under penalty of perjury which states Mr. Springer deposited the reply brief in the U.S. Mailbox located inside the Federal Transfer Center on December 11, 2019. The certificate of service states Mr. Springer sent the reply brief by U.S. Mail, first class, postage prepaid, on December 11, 2019. The envelope filed with the court includes a stamp or label which states "Sealed in the Presence of Staff," and there appears to be another stamp or label which states "Legal mail." There is also a handwritten "Legal Mail" statement, possibly put there by Mr. Stringer, on the front of the envelope. Doc. no. 677, pp. 22-23 of 23.

The First Step Act permits inmates to file their own compassionate release motions in order to assert that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). The First Step Act, however, did not alter the requirement that prisoners must first exhaust administrative remedies before seeking judicial relief. As stated in §3582(c)(1)(A): "[T]he court, upon motion of the Director of the Bureau of Prisons, or <u>upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,</u> may reduce the term of imprisonment…after considering the factors set forth in section 3553(a) to the extent that they are applicable, if [the court] finds that -- (i) extraordinary and compelling reasons warrant such a reduction…." (Emphasis added.)

Mr. Springer's motion asserts that he has exhausted his administrative remedies. However, nothing in his motion shows that he has asked the Bureau of Prisons to file a compassionate release motion on his behalf, or that the Bureau of Prisons has failed to bring such a motion, or that there has been a lapse of thirty days from the receipt of such a request by the warden of his facility. Although Mr. Springer includes a large stack of papers with his motion, none of those papers mentions compassionate release, or § 3582(c)(1)(A)(i), or the First Step Act.[2]

---

[2] While the papers relate to Mr. Springer's alleged exposure to asbestos and mold, the relief which they request is $2,000,000 for alleged violations of the Eighth Amendment; $2,000,000 for "loss of capacity of life in the future, pain, and mental anguish"; medical and dental coverage for life; and 93.3 months credit on his sentence. *See, e.g.*, doc. no. 669, p. 31 of 126. Mr. Springer contends the request for 93.3 months on his sentence satisfies his obligation to exhaust administrative remedies as required for an inmate to pursue a compassionate release under the First Step Act. The court rejects that argument.

In short, Mr. Springer's motion does not adequately allege, and the papers included with his motion do not show or suggest, that he has exhausted his administrative remedies with respect to a motion for compassionate release under the First Step Act.

Furthermore, even if the court were to find Mr. Springer had exhausted administrative remedies and that he was exposed to asbestos in the manner he contends,[3] he has not shown an extraordinary and compelling ground for compassionate release under the First Step Act.

Mr. Springer argues that he is entitled to relief under U.S. Sentencing Guidelines §1B1.13, Application Note 1(D).  Application Note 1(D) recognizes that "other reasons" not identified in the preceding sections of that note[4] may, "[a]s determined by the Director of the Bureau of Prisons," constitute extraordinary and compelling reasons for relief.  Assuming for purposes of argument only that when a prisoner brings his own motion, Application Note 1(D) should not be read to limit "other reasons" to those "determined by the Director by the BOP," Mr. Springer still has not alleged a basis for the relief he seeks.  His motion relies on his 500-day <u>exposure</u> to cancer-causing asbestos and mold, but he does not argue that he has been diagnosed with, or suffers from, cancer or breathing problems.  Nor does he

---

[3] The government disputes Mr. Springer's contention that he was exposed to friable asbestos. *See, e.g.*, doc. no. 673, ex. 2, stating the material sampled in the storage rooms (black mastic, which was found to be composed of 5% Chrysotile):

> is considered to be non-friable and due to its composition, the only way for such material to become airborne would be by using an aggressive method such as grinding, drilling, or sanding.  None of these methods was used on the mastic itself.  Regardless, in order to determine if it was airborne, air sampling was also conducted and the results were negative.  Sampling was conducted by two independent contractors and both returned with the same results.

[4] Sections (A) – (C) address the medical condition of the defendant, the age of the defendant, and the defendant's family circumstances.

argue that he is currently suffering from a terminal illness, or from a serious physical or medical condition due to exposure to asbestos or mold. He argues, instead, that "there is no cure for asbestos exposure and that the impact shows up between now and 20 years from now." Doc. no. 677, p. 19 of 23. In these circumstances, Mr. Springer has not demonstrated an extraordinary or compelling reason which would justify modification of his term of imprisonment.

After careful consideration, Mr. Springer's motion seeking compassionate release under the First Step Act is **DENIED**.

IT IS SO ORDERED this 19th day of December, 2019.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

09-0043p156.docx