IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Case No. 09-CR-0043-SPF |
| ) | |
| LINDSEY KENT SPRINGER, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Defendant Lindsey Kent Springer moves the court for leave to appeal without pre-payment of costs or fees. Doc. no. 684. The appeal in question challenges two orders: 1) this court's denial of Mr. Springer's motion to strike or invalidate the government's response brief, which was filed in response to Mr. Springer's motion for a reduction of his sentence pursuant to 18 U.S.C. § 3852(c)(1)(A)(i) of the First Step Act; and 2) this court's denial of Mr. Springer's motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) of the First Step Act. *See*, Notice of Appeal (doc. no. 680, appealing rulings at doc. nos. 676, 679).

Pursuant to Rule 24(a), Fed. R. App. P., a party who seeks to proceed on appeal without prepaying fees and costs must submit the required form showing his inability to pay or to give security for fees and costs, and must take his appeal in good faith. As to the latter requirement, a prisoner demonstrates his good faith "when he seeks appellate review of any issue not frivolous." Coppedge v. United States, 369 U.S. 438, 445 (1962). As explained below, Mr. Springer's appeal is not taken in good faith because the issues it raises are legally frivolous.

Mr. Springer moved to strike the government's response brief on the ground that it was signed by a person not authorized to speak for the government. Variants of that argument have been made by Mr. Springer at other stages of his criminal case and have been consistently rejected by the courts. This ground for an appeal is legally frivolous.

Mr. Springer's motion for relief under the First Step Act is also legally frivolous. As the court explained in its order denying relief, Mr. Springer did not allege, and the papers he filed with his motion did not show or suggest, that he had exhausted his administrative remedies with respect to a motion for compassionate release under the First Step Act. The court's order also explained that Mr. Springer had not alleged a basis for the relief he sought. As stated in that order, Mr. Springer alleged that he had been exposed to cancer-causing asbestos and mold, but he did not allege or argue that he had been diagnosed with, or suffers from, cancer or breathing problems. Nor did he allege that he is currently suffering from a terminal or serious physical or medical condition due to the alleged exposure. Thus, even if any applicable administrative remedies had been exhausted, Mr. Springer's motion did not allege a basis for compassionate release.

In accordance with Rule 24(a), Fed. R. App. P., this court **CERTIFIES** that Mr. Springer does not take his appeal in good faith. Mr. Springer's motion for leave to proceed on appeal without prepayment of costs or fees is **DENIED** on that ground. The Clerk of this Court is **DIRECTED** to immediately notify the parties and the Tenth Circuit Court of Appeals of this order.

IT IS SO ORDERED this 14th day of January, 2020.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

09-0043p159.docx