FILED
**United States Court of Appeals**
**Tenth Circuit**

**July 15, 2020**

Christopher M. Wolpert
Clerk of Court

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

LINDSEY KENT SPRINGER,

    Defendant - Appellant.

No. 20-5000
(D.C. No. 4:09-CR-00043-SPF-1)
(N.D. Okla.)

---

### ORDER AND JUDGMENT[*]

---

Before **PHILLIPS**, **MURPHY**, and **McHUGH**, Circuit Judges.

---

Lindsey Kent Springer, a federal prisoner proceeding pro se,[1] appeals the district court's denial of his request for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A).[2] Springer also requests permission to proceed on appeal *in forma*

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Springer is a pro se litigant, we liberally construe his pleading. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted). But we stop short of acting as his advocate and will not "construct a legal theory on . . . [his] behalf." *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (internal quotation marks and citations omitted).

[2] Springer also challenges the district court's denial of his request to strike the government's response, arguing that the Special Assistant United States Attorney (AUSA) who signed the brief on behalf of the government had no authorization to do

*pauperis*. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm. And because we conclude that Springer has failed to advance any non-frivolous arguments, we deny his request to proceed *in forma pauperis*.

## BACKGROUND

On March 1, 2009, a grand jury indicted Springer on one count of conspiring to defraud the United States, in violation of 18 U.S.C. § 371; one count of tax evasion, in violation of 26 U.S.C. § 7201; two counts of tax evasion and aiding and abetting, in violation of 26 U.S.C. § 7201 and 18 U.S.C. § 2; and two counts of failure to file a tax return, in violation of 26 U.S.C. § 7203. On November 16, 2009, a jury found Springer guilty on all six counts. In April 2010, the District Court for the Northern District of Oklahoma sentenced Springer to fifteen years' imprisonment to be followed by three years' supervised release. *United States v. Springer*, 444 F. App'x 256, 259 (10th Cir. 2011) (per curiam) (unpublished).

---

so. And because the government did not file a properly signed brief, Springer contends that the government waived its exhaustion argument. But this compound argument fails because it is built on a faulty premise—the Special AUSA indeed had such authorization, and courts have consistently rejected similar arguments Springer has raised in other proceedings. *E.g.*, *Springer v. Rancourt*, 17 F. App'x 824, 826 (10th Cir. 2001) (unpublished); *Springer v. U.S. Att'y for N. Dist. of Okla.*, No. 15-CV-0142-JED-FHM, 2019 WL 913117, at *3 (N.D. Okla. Feb. 25, 2019); *United States v. Springer*, No. 09-CR-0043-F, 2010 WL 11561885, at *1 (N.D. Okla. Feb. 22, 2010). Thus, the district court did not abuse its discretion in rejecting this argument as frivolous and devoid of merit.

Over the past ten years, Springer has filed numerous unsuccessful motions and civil appeals.[3] Here, he appeals the district court's denial of his September 2019 motion seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), which requires that a prisoner demonstrate that "extraordinary and compelling reasons" justify a reduction in the prisoner's sentence. Springer meets that standard, he claims, because he was exposed "to Cancer Causing Asbestos and Breath-Taking Mold" while incarcerated. R. at 113.

Before his motion arrived in the district court, Springer filed with the Bureau of Prison (BOP) an administrative request, not even mentioning compassionate release. Specifically, he claimed that the BOP had exposed him to asbestos, and he sought (1) $4 million for the BOP's alleged violation of his Eighth Amendment rights, (2) payment of his lifetime "medical and dental expenses," and (3) "5 days credit for every day of [his] incarceration[,] . . . equaling a total [credit] of 2800 days or 93.3 months[.]" *Id.* at 139. The warden denied Springer's administrative request.

In the district court, the government argued two grounds in support of denying Springer's newly-made-compassionate-release motion: (1) that he had not exhausted his administrative remedies, and (2) that his asserted bases for compassionate release did not demonstrate "extraordinary and compelling" circumstances. The government denied Springer's allegations about his being exposed to mold and airborne asbestos in the FCI Seagoville prison, noting that two independent contractors had determined

---

[3] We have previously classified Springer as an abusive litigant and have imposed sanctions and strict filing restrictions on him. *Springer v. IRS ex rel. United States*, 231 F. App'x 793, 802–03 (10th Cir. 2007) (unpublished). These restrictions have done little to curb Springer's filings.

3

that the prison had no "airborne asbestos" but only "non-friable" asbestos. *Id.* at 251 (internal quotation marks omitted); *see also id.* at 147.

The district court denied Springer's request for a sentence reduction under § 3582(c)(1)(A)(i), concluding (1) that Springer had not exhausted his administrative remedies, and (2) that even if he had, his arguments failed to "show[] an extraordinary and compelling ground for compassionate release[.]" Resp. Br. Attach. B-2–3. Springer timely appealed.

On May 8, 2020, Springer was transferred to home confinement under the recently enacted CARES Act due to the COVID-19 pandemic.[4] Springer's transfer to home confinement is not a release from imprisonment, nor does this transfer reduce the length of his custodial sentence. *See United States v. Ko*, 739 F.3d 558, 561 (10th Cir. 2014) ("[Section 3624(c)] makes clear that, even though a prisoner is . . . in home confinement, he is still serving a 'term of imprisonment.' When read together, these statutes plainly indicate that a person is in the BOP's 'custody' while serving the remainder of a sentence in home confinement." (internal citation omitted) (referencing §§ 3621 and 3624(c))).[5]

---

[4] The government "requests leave to file [Springer's] Bureau of Prisons records under seal." Government's Mot. for Leave to File Under Seal 1, ECF No. 10748933 (June 22, 2020). Because the BOP records contain confidential medical and personal information, we grant the government's request to file the BOP Inmate Report under seal. *See Eugene S. v. Horizon Blue Cross Blue Shield of N.J.*, 663 F.3d 1124, 1136 (10th Cir. 2011).

[5] The CARES Act allows the BOP to "place a prisoner in home confinement" under 18 U.S.C. § 3624(c)(2) for a greater "maximum amount of time" than

# DISCUSSION

On appeal, Springer argues the district court erred by denying him compassionate release under 18 U.S.C. § 3582(c)(1)(A). Springer also requests to proceed on appeal *in forma pauperis*.[6] We affirm the district court's denial of his motion and deny Springer's *in forma pauperis* motion.

## I. Springer's Compassionate-Release Request in District Court

Springer argues that the district court erred in denying his compassionate-release request because (1) he has exhausted his administrative remedies, and (2) his circumstances satisfy § 3582(c)(1)(A)(i)'s "extraordinary and compelling" circumstances requirement. We review de novo "the scope of the district court's

---

previously provided for under the statute. *See* Coronavirus Aid, Relief, and Economic Security Act (CARES Act), Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281 (2020). Thus, even though Springer has received some relief under the CARES Act (home confinement), it is not the relief that he seeks through his current § 3582 motion (a *reduction* in the length of his sentence). *See, e.g.*, *United States v. Lopez*, No. W-10-CR-297 (4), 2020 WL 3490225, at *4 (W.D. Tex. June 26, 2020) ("Section 3582(c) contemplates only a reduction in sentence. But Defendant's request to serve the rest of his term in home confinement, as opposed to prison, works no reduction to his sentence. Home confinement merely permits the inmate to serve out his term of imprisonment at home." (internal citation omitted)); *United States v. Robledo*, No. 18CR2190-AJB, 2020 WL 2542641, at *7 (S.D. Cal. May 19, 2020) (same); *Martinez-Brooks v. Easter*, No. 3:20-CV-00569 (MPS), 2020 WL 2405350, at *14 (D. Conn. May 12, 2020) (same); Government's Resp. to Ct. Order 2, ECF No. 10748925 (June 22, 2020) ("Springer [is] in home confinement for the duration of his custodial sentence" and will not become eligible for supervised release" until the end of his sentence, on "February 2, 2023.").

[6] Springer requests this court "to issue an order directing the Clerk of Court to file [his] Motion to Proceed In Forma Pauperis in this appeal." Appellant's Mot. for Order by Mots. Panel Directing Clerk of Ct. to File Mot., ECF No. 10724040 (Mar. 9, 2020) (capitalization removed). We construe this as a motion to accept Springer's previous motion to proceed *in forma pauperis* for filing. Springer's motion to proceed *in forma pauperis* is accepted for filing.

Case 4:09-cr-00043-SPF Document 691 Filed in USDC ND/OK on 07/15/20 Page 6 of 11
Appellate Case: 20-5000  Document: 010110376772  Date Filed: 07/15/2020  Page: 6

authority to reduce a term of imprisonment under § 3582[.]" *See United States v. White*, 765 F.3d 1240, 1245 (10th Cir. 2014) (citation omitted).

Courts may not modify an inmate's sentence under § 3582(c)(1)(A) unless (1) the BOP has made a motion on the inmate's behalf, or (2) the inmate has requested that the BOP make such a motion and has either (a) "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the [inmate]'s behalf" or (b) thirty days have passed since the "warden of the [inmate]'s facility" received a compassionate-release request from the inmate. *See* § 3582(c)(1)(A). Section 3582(c)(1)(A)(i) also requires that the inmate present "extraordinary and compelling reasons" justifying the relief.

Contrary to Springer's argument, he was required to request that the BOP file a compassionate-release motion on his behalf to initiate his administrative remedies. *See, e.g.*, *United States v. Raia*, 954 F.3d 594, 595 (3d Cir. 2020) ("The First Step Act empowers criminal defendants to request compassionate release for 'extraordinary and compelling reasons.' 18 U.S.C § 3582(c)(1)(A)(i). But before they make such requests, defendants *must at least ask the Bureau of Prisons (BOP) to do so on their behalf* and give BOP thirty days to respond." (emphasis added) (footnote omitted) (citing § 3582(c)(1)(A))); *United States v. Surine*, No. 4:07-CR-00304-01, 2020 WL 3547491, at *2 (M.D. Pa. June 30, 2020) ("The record demonstrates that Surine has yet to file any request with the BOP in accordance with § 3582(c)(1)(A) and, accordingly, it is clear from that Surine has not exhausted his administrative remedies."); *United States v. Mogan*, No. CR 14-040, 2020 WL 2558216, at *3 (E.D. La.

6

May 20, 2020) (same)); *United States v. Taylor*, No. CR 3:18-282, 2020 WL 2084974, at *3 (M.D. Pa. Apr. 30, 2020) (concluding that because the inmate did "not request[] compassionate release at [FCC-Hazelton], as she is required to do[,]" she had "not exhausted her administrative remedies under § 3582(c)(1)(A)" (second alteration in original) (internal quotation marks and citation omitted)); *United States v. Wilson*, No. CR 14-209-1, 2020 WL 1975082, at *4 (E.D. Pa. Apr. 24, 2020) (dismissing the defendant's compassionate-release motion for failure to comply with § 3582(c)'s exhaustion requirement because the defendant had "failed to move the [BOP] for his compassionate release"); *United States v. Cruz*, No. 1:95-CR-204, 2020 WL 1904476, at *3 (M.D. Pa. Apr. 17, 2020) ("Regardless, since Cruz has not yet presented his request for compassionate release to the BOP, it must be dismissed . . . since Cruz has not exhausted his administrative remedies under § 3582(c)(1)(A) . . . ."); *United States v. Boyles*, No. 18-20092-JAR, 2020 WL 1819887, at *2 (D. Kan. Apr. 10, 2020) (same); *United States v. Solis*, No. CR 16-015-CG-MU, 2019 WL 2518452, at *2 (S.D. Ala. June 18, 2019) (denying compassionate-release request because the defendant's "motion fails to state that he has requested compassionate release from the BOP or otherwise exhausted his administrative remedies").

Springer has never made such a request. Nowhere in his administrative forms did Springer ever mention compassionate release, § 3582(c)(1)(A), or "extraordinary and compelling" circumstances. Thus, Springer necessarily failed to meet the statute's exhaustion requirements.

II.     **Springer's *In Forma Pauperis* Request On Appeal**

The district court denied Springer's request to proceed on appeal *in forma pauperis*, certifying that the appeal was not taken in good faith and deeming Springer's arguments frivolous. Even so, Springer requests permission from this court to proceed on appeal *in forma pauperis*. *See Rolland v. Primesource Staffing, LLC*, 497 F.3d 1077, 1079 (10th Cir. 2007) (stating that if the district court certifies the appeal was not taken in good faith, a party "may nonetheless move this court for leave to proceed on appeal in forma pauperis [under] the mechanism set forth in Rule 24(a)(5)"). As in the district court, "to succeed on his motion, an appellant must show a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991) (citations omitted).

After reviewing both parties' briefs, the record, and the applicable law, we conclude that the district court properly determined that Springer's arguments were not taken in good faith and that the legal issues raised are frivolous. Thus, we deny his request to proceed *in forma pauperis* and order that he pay the filing fee in full. *See Kinnell v. Graves*, 265 F.3d 1125, 1129 (10th Cir. 2001) ("[T]he dismissal of [an] appeal does not relieve [an appellant] of the responsibility to pay the appellate filing fee in full.").

## CONCLUSION

For the foregoing reasons, we affirm. And because we conclude that Springer has failed to advance any non-frivolous arguments, we deny his request to proceed *in forma pauperis*.

    Entered for the Court

    Gregory A. Phillips
    Circuit Judge

# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT
# OFFICE OF THE CLERK

Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157

Christopher M. Wolpert
Clerk of Court

July 15, 2020

Jane K. Castro
Chief Deputy Clerk

Lindsey Kent Springer
2626 East 72nd Street
Tulsa, OK 74136

**RE:** **20-5000, United States v. Springer**
Dist/Ag docket: 4:09-CR-00043-SPF-1

Dear Appellant:

Enclosed is a copy of the order and judgment issued today in this matter. The court has entered judgment on the docket pursuant to Fed. R. App. P. Rule 36.

Please contact this office if you have questions.

Sincerely,

Christopher M. Wolpert
Clerk of the Court

cc: Jeffrey Andrew Gallant
Samuel Robert Lyons
Alexander Patrick Robbins
Joseph Brian Syverson

CMW/jm

| | |
|---|---|
| **From:** | ca10_cmecf_notify@ca10.uscourts.gov |
| **To:** | CM-ECF Intake OKND |
| **Subject:** | 20-5000 United States v. Springer "Case termination for order and judgment" (4:09-CR-00043-SPF-1) |
| **Date:** | Wednesday, July 15, 2020 10:56:46 AM |

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.

## Tenth Circuit Court of Appeals

**Notice of Docket Activity**

The following transaction was entered on 07/15/2020 at 9:54:14 AM MDT and filed on 07/15/2020

**Case Name:** United States v. Springer
**Case Number:** 20-5000
**Document(s):** Document(s)

**Docket Text:**
[10755315] Affirmed. Terminated on the merits after submissions without oral hearing. Written, signed, unpublished; Judges Phillips, authoring judge, Murphy and McHugh. Mandate to issue. [20-5000]

**Notice will be electronically mailed to:**

Mr. Jeffrey Andrew Gallant: jeff.gallant@usdoj.gov, bill.wright@usdoj.gov, caseview.ecf@usdoj.gov, sarah.m.coffey@usdoj.gov, christina.watson@usdoj.gov, michelle.hammock@usdoj.gov
Samuel Robert Lyons: Samuel.R.Lyons@usdoj.gov, Samuel.R.Lyons@usdoj.gov, Cateps.Taxcriminal@usdoj.gov
Mr. Alexander Patrick Robbins: alexander.p.robbins@usdoj.gov, cateps.taxcriminal@usdoj.gov, stan.j.okula@usdoj.gov
Mr. Joseph Brian Syverson: Joseph.B.Syverson@usdoj.gov, Cateps.Taxcriminal@usdoj.gov

**Notice will not be electronically mailed to the following as the Court does not have a valid email address on file or the person has not consented to service via email. If appropriate, notice will be delivered by other means to:**

Lindsey Kent Springer
2626 East 72nd Street
Tulsa, OK 74136

The following document(s) are associated with this transaction:
**Document Description:** Main Document
**Original Filename:** 20-5000.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1104938855 [Date=07/15/2020] [FileNumber=10755315-0]
[3ff3e9a3cabfbf32a354c89fa54de7d75fe313936f8abf2d862455f1157a996e470b06d1d8467b9fa458f47f5b04fcdac1ee2f1c5ae65756d9e922079f8bbe7e]]

**Document Description:** Order Judgment Cover Letter
**Original Filename:** /opt/ACECF/live/forms/JMartinezNunez_205000_10755315_136.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1104938855 [Date=07/15/2020] [FileNumber=10755315-1]
[7c1a2ce161fcfb939905527bffd6ea983200a2e5c1c32ed6cc6cbe2c31e058ac8293979c652f66c960517ea5396d2cac63779ba4bb34783d3e6dee65d1ec3add]]
**Recipients:**

- Mr. Jeffrey Andrew Gallant
- Samuel Robert Lyons
- Mr. Alexander Patrick Robbins
- Lindsey Kent Springer
- Mr. Joseph Brian Syverson