IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| vs. | Case No. 09-CR-43-2-SPF |
| OSCAR AMOS STILLEY, | |
| Defendant. | |

**United States' Response in Opposition to Defendant's Verified Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(C)(1) (Dkt. ## 694 and 695)**

Defendant Oscar Amos Stilley has filed a motion asking this Court for compassionate release/reduction in sentence pursuant to Title 18, United States Code Section 3582(c)(1)(A(i). While Mr. Stilley styles his motion as one for sentence reduction compassionate release under the First Step Act,[1] he simply seeks to relitigate and appeal his convictions and sentence (Dkt. #s 694 and 695). The United States respectfully opposes the motion, and the Court should deny Mr. Stilley's motion because he has not met his burden of establishing that a sentence reduction is warranted under the statute.

---

1   The one medically-based issue raised in Mr. Stilley's exhibits is that BOP has denied him "meaningful dental care for five years." However, Mr. Stilley then states that he "recently saw the dentist, Dr. Barnham, who told me I probably would never reach the place on the list at which I would get substantial dental care." Doc. #694-2.

## Introduction

Mr. Stilley, a 57-year-old male, is in the eleventh year of a fifteen-year sentence imposed by this Court on April 28, 2020 following his convictions for conspiracy to defraud the United States and income tax evasion. Due to the COVID-19 pandemic, the Bureau of Prison placed Mr. Stilley on home confinement beginning September 9, 2020. His current projected release date is August 10, 2023, taking into account credit for good time served.

## Relevant Background

**1. This Court sentenced Mr. Stilley to 15 years in prison for tax crimes.**

In 2009, a grand jury indicted Mr. Stilley and a co-defendant, charging each with conspiracy to defraud the United States and tax evasion. (Doc. 2). After a jury convicted Mr. Stilley and his co-defendant, this Court sentenced each of them to fifteen years imprisonment. (Docs. 337 and 338). In sentencing the defendants, the Court observed that "I don't think that there is any real possibility that either one of these defendants will change their ways as a result of incarceration. Incarceration and possibly supervised release will essentially be an interruption, albeit a lengthy interruption, in your criminal way of life." The Court also stated that it had "tried to find even a thin strand of truth or integrity to your conduct or your way of life. It is not there. Not even a speck. There is not even a plausible basis upon which you might have deluded yourself into thinking that you are anything but complete frauds and predators." Transcript of Sentencing Hearing, Doc. 403, p. 57 lines 12 to 17 and p. 58 lines 4 to 9.

Mr. Springer and Mr. Stilley appealed their convictions and sentence, and the Tenth Circuit affirmed their convictions and sentences. *United States v. Springer*, 444 F.App'x 256 (10th Cir. 2011).

## 2. Mr. Stilley seeks relief from his conviction and sentence under the First Step Act of 2018.

On May 12, 2021, Mr. Stilley filed a motion before this Court, asserting he seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A), pursuant to recent amendments to that section under the First Step Act of 2018. (Dkt. #s 694 and 695). In his motion Mr. Stilley identifies no basis for compassionate release, but instead recites a litany of "Facts Showing Entitlement to Relief" each attacking Mr. Stilley's conviction and sentence:

- Re-Sentencing Required Due to Miscalculation of Tax Loss, Improper Enhancements, Etc.
- The District Court's announced foundation for sentence
- This Court included "tax losses" that didn't meet up with this Court's own stated rules and evidentiary standards
- Dr. Roberts' trial testimony obliterates the government's theories
- James Lake only provides additional entertainment
- Patrick Turner's tax loss is the gateway to discarding Count 4
- At Re-Sentencing Court Duty Bound to Enter Judgment as a Matter of Law in Favor of Defendant Stilley as to All Counts
- Defendant Stilley had no knowledge of any intent to use his IOLTA account to move money from Patrick Turner to Lindsey Springer until long after all money had left his account
- The government abandoned the alleged Grand Jury indictment wholesale
- Defendant Stilley Denied Due Process
- District Court acted contrary to its own belief and understanding of the law of due process
- Defendant not given fair notice that his conduct may have been construed as illegal, a clear violation of due process
- Indictment In This Case Has Not Been Returned In Open Court; Thus Indictment Is Due To Be Dismissed

3

In short, Mr. Stilley seeks to have this Court reverse its and the Tenth Circuit's previous rulings; he is not entitled to relief.

## Argument and Authorities

The Court should deny Mr. Stilley's motion with prejudice on either of two independently sufficient grounds. First, Mr. Stilley has not established that "extraordinary and compelling reasons" support a sentence reduction; second, Mr. Stilley has not met his burden of showing that a reduction is warranted in light of the danger that Mr. Stilley would pose to the community and the relevant Section 3553(a) factors.

### I. The First Step Act is not a substitute for appellate and habeas corpus relief and is not the appropriate vehicle by which to challenge the conviction or sentence.

Despite titling his motion as being under the First Step Act, Mr. Stilley does not seek compassionate release from prison, which the Bureau of Prisons has already done, releasing him to home confinement starting September 9, 2020. Neither does he seek a reduction in sentence for compassionate reasons contemplated under the First Step Act. Instead, Mr. Stilley asks the Court to "enter judgment as a matter of law, striking the indictment and acquitting Defendant Stilley of all charges [or] alternatively for an amended order which includes no confinement or punishment whatsoever . . . ." Doc. 694 at 6. Section 3582 does not provide a basis for the relief Mr. Stilley requests, nor is he entitled to any such relief.

As stated in the statute under which Mr. Stilley filed his motion:

> [n]otwithstanding the fact that a sentence to imprisonment can subsequently be – (1) modified pursuant to the provisions of subsection (c); corrected pursuant to the provisions of rule 35 of the Federal Rules of Criminal Procedure and section 3742; or (3) appealed and modified, if outside the guideline range, pursuant to the provisions of section 3742; a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes.

18 U.S.C. § 3582. "Compassionate release is a mechanism for inmates to seek a sentence reduction for compelling reasons, not for remedying potential errors in a conviction." *United States v. Musgraves*, 840 F. App'x 11, 13 (7th Cir. 2021).

The Constitution and federal rules provide for means by which defendants can challenge their convictions and sentences. Principles of finality foreclose defendants' efforts to circumvent limitations on post-conviction relief by challenging sentencing determinations "under the guise of a compassionate release motion." *United States v. May*, No. 4:18-CR-199(2), 2021 WL 1572655, at *7 (E.D. Tex. Apr. 20, 2021) (denying compassionate release motion when defendant raised an argument about deficiencies in the PSR and other improper sentencing enhancements). "It is settled that, if all judicial appeals have been properly exhausted through the criminal appeals process, the proper method for challenging a conviction or sentence is by filing a habeas corpus petition. . . . That principle is not altered merely because a defendant has put all of those challenges in a pleading labeled as one for compassionate release for the label does not control." *United States v. Ferguson*, No. 3:04cr13-01, 2021 WL 1701918, at *4 (E.D. Va. Apr. 29, 2021); *see also United States v. Castro-Flores*, No. H-12-614-4, 2021 WL 1516466, at *3 (S.D. Tex. Apr. 16, 2021) ("Defendant's conclusory challenges to the validity of his underlying prosecution, sentences, and

5

convictions do not constitute extraordinary and compelling reasons for compassionate release)".

## II. The First Step Act permits sentence reductions only for "extraordinary and compelling reasons."

The First Step Act took effect December 21, 2018, adopting a variety of criminal justice reforms, including a change to the Compassionate Release provision in 18 U.S.C. § 3582 (c)(1)(A). First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194 (2018). Previously, that statute identified an exception to the general rule that sentences may not be modified once imposed. It had allowed a district court to modify a defendant's sentence if, after the Director of the Bureau of Prisons filed a motion seeking a modification, the court considered the § 3553(a) factors, and found either (i) "extraordinary and compelling reasons" or (ii) that an elderly defendant had served at least 30 years of a mandatory life term under § 3559(c) and did not pose a danger to the community, and that the reduction was "consistent with applicable policy statements issued by the Sentencing Commission."

The First Step Act provides an avenue for seeking compassionate relief under 18 U.S.C. § 3582(c)(1)(A) when the Director of the Bureau of Prisons had failed to do so. The amended statute states:

> (c) Modification of an imposed term of imprisonment. --The court may not modify a term of imprisonment once it has been imposed except that --
>     (1) in any case --
>         (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau

of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--

(i) extraordinary and compelling reasons warrant such a reduction; or

(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

Under 18 U.S.C. § 3582(c)(1)(A), a court may "modify a sentence upon motion of a defendant who has exhausted his administrative rights where, after considering the factors set forth in 18 U.S.C. § 3553(a), the court determines that (1) 'extraordinary and compelling reasons warrant' a sentence reduction and (2) the reduction is 'consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. Rodriguez*, 837 F. App'x 652, 653 (10th Cir. Feb. 24, 2021) (unpublished) (quoting § 3582(c)(1)(A)). As the movant, the defendant bears the burden to establish that he is eligible for a sentence reduction. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016) (defendant bears burden to show reduction is

7

warranted under Section 3582(c)(2).

Before the First Step Act amended Section 3582 to allow defendants to file their own compassionate release motions, the Sentencing Commission had issued a policy statement addressing reduction of sentences under Section 3582(c)(1)(A). As relevant here, the policy statement provided that a court may reduce the term of imprisonment after considering the 18 U.S.C. § 3553(a) factors if the Court finds that (i) "extraordinary and compelling reasons warrant the reduction;" (ii) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and (iii) "the reduction is consistent with this policy statement." USSG § 1B1.13.

However, since the First Step Act amended Section 3582, several circuits, including the Tenth, have held that the policy statement in USSG § 1B1.13 is not "applicable" to motions filed directly by defendants, and that district courts may now exercise independent discretion to determine what types of "extraordinary and compelling reasons warrant" a sentence reduction. *United States v. Maumau*, 993 F.3d 821, 837 (10th Cir. 2021); *United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020); *United States v. Jones*, 980 F.3d 1098 (6th Cir. 2020); *United States v. Gunn*, 980 F.3d 1178, (7th Cir. 2020); *United States v. Brooker*, 976 D.3d 228, 230 (2nd Cir. 2020).

Here, this Court should exercise its independent discretion to deny Stilley's motion because he shows no extraordinary and compelling reason to reduce his sentence (the Bureau of Prisons has already placed Mr. Stilley on home confinement). Instead Mr. Stilley seeks another bite at the appellate apple, again

8

challenging the factual bases for his conviction and sentence.

Moreover, even if the Court were to conclude that anything Mr. Stilley raises constitutes an extraordinary and compelling reason, it should nonetheless deny his motion based on the Section 3553(a) factors. *See, e.g., United States v. Williams*, No. 21-3001, 848 F. Appx 810, 2021 WL 1148456 at n.3 (10th Cir. March 25, 2021) (declining to reach argument that district court erred in concluding defendant failed to establish extraordinary and compelling circumstances, based on court's "explicit statement that even if [defendant] could show extraordinary and compelling circumstances, it would deny relief based on the § 3553(a) factors.").

The Section 3553(a) factors strongly weigh against Mr. Stilley's release, and in deciding whether to exercise its discretion to grant compassionate release, this Court must consider the Section 3553(a) factors. *See* Section 3582(c)(1)(A); *see also United States v. Maumau*, 993 F.3d 821, 837 (10th Cir. 2021) (noting court must consider Section 3553(a) factors before granting Section 3582(c)(1)(A) sentence reduction, and affirming because "district court's decision indicate[d] its finding of 'extraordinary and compelling reasons' was based on its individualized review of all the circumstances of Maumau's case"); *United States v. Fuller*, 467 F. Supp. 3d 1082, 1088 (D. Colo. 2020). ("[T]he fact that Mr. Fuller suffers from hypertension, even combined with the fact that COVID-19 exists in society, is insufficient absent a finding that Mr. Fuller's individual circumstances warrant release"). Unlike virtually every other defendant filing a motion for compassionate release under the First Step

Act, Mr. Stilley identifies no medical bases for release, with the exception of inadequate dental care briefly alluded to in one of his exhibits.

As the Court stated when sentencing Mr. Stilley and his codefendant, the Court "tried to find even a thin strand of truth or integrity to your conduct or your way of life. It is not there. Not even a speck. There is not even a plausible basis upon which you might have deluded yourself into thinking that you are anything but complete frauds and predators." Transcript of Sentencing Hearing, Doc. 403, p. 58 lines 4 to 9. Mr. Stilley's most recent pleadings in which he continues to deny culpability aptly demonstrate that the Court was correct when it stated that his "[i]ncarceration and possibly supervised release will essentially be an interruption, albeit a lengthy interruption, in your criminal way of life." *Id.* p. 57 lines 12 to 17. Mr. Stilley continues to deny culpability for his criminal conduct.

## Conclusion

Mr. Stilley fails to meet his burden under Section 3582(c)(1)(A) of showing either an extraordinary and compelling reason for compassionate release or Section 3553(a) factors weighing in favor of the reduction he seeks, and contrary to his assertions, Mr. Stilley received due process. Also, although couched as a motion for relief pursuant to Section 3582(c)(1), the motion fails to assert any basis for his reduction in sentence cognizable under the First Step Act. Instead, Mr. Stilley's motion challenges the underlying bases of his conviction and sentence. This challenge is not only untimely but he had the opportunity to appeal his conviction and sentence, and his appeal was considered and rejected the Tenth Circuit in *United States v. Springer*,

444 F. App'x 256 (10th Cir. 2011). Mr. Stilley simply seeks to relitigate his conviction and sentence. Based upon the foregoing, the United States respectfully requests that this Court deny Mr. Stilley's motion.

Respectfully submitted,
CLINTON J. JOHNSON
Acting United States Attorney

/s/ Charles A. O'Reilly
Charles A. O'Reilly, CBA # 160980
Special Assistant United States Attorney
110 West Seventh Street, Suite 300
Tulsa, Oklahoma 74119
918.382.2700
charles.a.o'reilly@usdoj.gov

## Certificate of Service

I certify that on July 7, 2021, I electronically transmitted the foregoing to the Clerk of the Court using the ECF System for filing and that, a true and correct copy of the foregoing was served by first-class mail, postage prepaid, to the following who is not an ECF registrant.

> Oscar Amos Stilley
> 10600 N Highway 59
> Cedarville, AR 72932-9246
> Defendant, Pro Se

/s/ William Foreman
William Foreman
Paralegal Specialist
