**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **vs.** | **Case No. 09-CR-0043-SPF** |
| **OSCAR AMOS STILLEY,** | |
| **Defendant.** | |

**United States' Motion to Dismiss Defendant's Verified Motion to**
**Correct or Set Aside a Sentence or Judgment Pursuant to 28 USC 2255**
**as Untimely and Having Been Filed in Violation of Local Rules**
**(Dkt. # 701)**

On September 2, 2021, Defendant Oscar Amos Stilley filed a motion asking this Court to set aside the Judgment or Sentence pursuant to Title 28, United States Code Section 2255. By order dated September 2, 2021, the Court directed the government to respond. Dkt. # 703. The United States moves to dismiss Mr. Stilley's Section 2255 motion both because it is untimely, having been filed more than nine-years after the limitations period, and because it is filed in violation of the local rules regarding the length of motions and briefs.

With respect to Mr. Stilley's 80-page motion for relief pursuant to Title 28, United States Code Section 2255, the limitations period for filing that motion expired December 20, 2012. Also, Northern District of Oklahoma Criminal Local Rule 47.7 which provides that "[n]o brief shall be submitted that is longer than twenty-five (25) pages without leave of Court." Mr. Stilley did not seek leave of Court prior to filing

his motion, and the length is more than three times that permitted by local rule. Rule 47.1 also provides that "briefs exceeding fifteen (15) pages in length shall be accompanied by an indexed table of statutes, rules, ordinances, cases and other authorities cited." Not only did Mr. Stilley's motion exceed the twenty-five page limitation, it contains no indexed table of authorities as required by local rule.

### Statement of Facts

On March 10, 2009, a federal grand jury charged Mr. Stilley and his codefendant, Lindsey Kent Springer with conspiring to defraud the United States (18 U.S.C. §371) and two counts of attempting to evade Mr. Springer's income taxes for the years 2003 and 2005 (26 U.S.C. §7201 and 18 U.S.C. §2).[1] Dkt. # 2. On November 16, 2009, following a twelve-day trial, the jury convicted Mr. Stilley and his codefendant of each charge. Dkt. # 245. This Court sentenced each defendant to fifteen years' imprisonment, three years of supervised release and payment of restitution on April 23, 2010. Dkt. ## 337 and 338.

Mr. Stilley and his codefendant appealed their judgements and convictions and the Tenth Circuit Court of Appeals affirmed their convictions and sentences (*United States v. Springer et al.*, 444 Fed.Appx. 256 (10th Cir. 2011)) and issued its mandate as to Mr. Stilley's conviction on December 20, 2011. Dkt. # 463. Mr. Stilley did not seek a petition for writ of certiorari.

---

[1] The grand jury also charged Mr. Springer with attempting to evade his income tax for the year 2000 and with willfully failing to file income tax returns for the years 2002 and 2004.

2

Due to the COVID-19 pandemic, the Bureau of Prisons placed Mr. Stilley on home confinement beginning September 9, 2020; his current projected release from confinement date is August 10, 2023, taking into account credit for good time served.

On September 1, 2021 Mr. Stilley filed the instant motion asserting thirteen grounds for relief. By order dated September 2, 2021 this Court ordered the United States to respond within 28 days of the order. Dkt. # 703.

## The Court Should Dismiss Mr. Stilley's Motion Because it is Time Barred

Motions filed under Section 2255 are governed by the Anti-Terrorism and Effective Death Penalty Act of 1996 which allows prisoners one year to file such motions. 28 U.S.C. §2255(f); *United States v. Hurst*, 322 F.3d 1256, 1259 (10th Cir. 2003). Title 28, United States Code Section 2255(f) provides that there is a one year period of limitations for motions filed under Section 2255, and that

the limitation period shall run from the latest of —

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Mr. Stilley's judgment of conviction became final December 20, 2011, when the Court of Appeals for the Tenth Circuit issued its mandate. Dkt. # 463.

Mr. Stilley's assertions notwithstanding, nothing prevented him from raising these claims within the limitations period. Indeed, while incarcerated Mr. Stilley filed multiple motions with this Court including:

> 443    Motion for Order Prohibiting Government from Interference with Stilley's Receipt and Use of Computers, Peripherals, Internet Access, Tax Addresses, Forms and Other Items Useful for Peacefully Petitioning for the Redress of Grievances by Oscar Amos Stilley;

> 450    Motion to Accelerate/Extend/Reset Hearing(s)/Deadline(s) Extension of Time to Reply to Response (Re: 444 Response in Opposition to Motion, 443 MOTION for Order Prohibiting Government from Interference with Stilley's Receipt and Use of Computers, Peripherals, Internet Access, Tax Addresses, Forms and Other Items Useful for Peacefully Petitioning for the Redress of Grievances);

> 454    REPLY to Response to Motion (Re: 443 MOTION for Order Prohibiting Government from Interference with Stilley's Receipt and Use of Computers, Peripherals, Internet Access, Tax Addresses, Forms and Other Items Useful for Peacefully Petitioning for the Redress of Grievances).

By way of explanation of why his pleading should be considered timely, Mr. Stilley states he "would argue that his conviction has not yet become 'final' within the legal meaning of the term in 28 USC 2255, even though the 10th Circuit has issued its mandate." Dkt. # 701 p. 72. However, as Mr. Stilley acknowledges, the Tenth Circuit did issue the mandate; his conviction became final almost ten years ago.

Mr. Stilley makes no claim, nor can he, that the Supreme Court recently recognized a relevant right and made it retroactively applicable to cases on collateral review, nor that there are newly discovered facts supporting his claims that could not have been discovered through the exercise of due diligence.

4

Beginning on page 70 of his motion Mr. Stilley alleges that the Department of Justice "engaged in a systematic, years long scorched earth campaign against Defendant Stilley, starting no later than 2004 and continuing at least until Defendant Stilley's incarceration 4-23-2010, for the purpose and with the effect of ruining Defendant Stilley's ability to effectively defend criminal charges." Dkt. # 701 pp. 70-71. It need not be said, but Mr. Stilley's claims are false. Mr. Stilley declined assistance of counsel and elected to proceed pro se. Throughout his trial and appeal Mr. Stilley advocated on his behalf and filed pleadings with this Court even after being incarcerated on April 23,2021. Nothing prevented Mr. Stilley from filing his motion for relief within the one-year limitations period, and nothing excuses Mr. Stilley failing to file a motion for almost a decade.

### The Court Should Strike Mr. Stilley's Motion for Violating Local Rule 47.7

Northern District of Oklahoma Criminal Rule 47.7 – Length of Motion and Brief – provides that briefs are not to exceed twenty-five pages absent leave of Court, and that any briefs exceeding fifteen pages must include an indexed table of authorities. Mr. Stilley's 81-page brief violates each of these provisions of Local Rule 47.7. Mr. Stilley is well aware of page limitations, having filed a motion to reconsider this Court's order striking his pleadings. Dkt. # 267.

## Conclusion

Mr. Stilley's motion is untimely and he fails to establish sufficient basis to excuse compliance with to Title 28, United States Code Section 2255(f). Furthermore, Mr. Stilley did not seek Court permission to file an overlength brief nor did he include an indexed table of authorities as required by Local Rule 47.7. Based upon the foregoing, the United States respectfully requests that this Court dismiss Mr. Stilley's motion for being filed untimely. Alternatively, the United States respectfully requests that the Court strike Mr. Stilley's pleading for being filed in violation of the local rules.

Respectfully submitted,
CLINTON J. JOHNSON
Acting United States Attorney

 /s/ Charles A. O'Reilly
Charles A. O'Reilly, CBA # 160980
Special Assistant United States Attorney
110 West Seventh Street, Suite 300
Tulsa, Oklahoma 74119
918.382.2700
charles.a.o'reilly@usdoj.gov

**Certificate of Service**

I certify that on September 7, 2021, I electronically transmitted the foregoing to the Clerk of the Court using the ECF System for filing, which will send notification of filing to the following ECF registrant:

Oscar Amos Stilley
Defendant *pro se*

/s/ William L. Foreman
William L. Foreman
Paralegal Specialist