IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                                        Case No. 4:09-CR-043 SPF
                                          Case No. 4:21-cv-00361-SPF-CDL

LINDSEY KENT SPRINGER,
OSCAR AMOS STILLEY                                                                          DEFENDANTS

DEFENDANT OSCAR STILLEY'S MOTION TO DETERMINE WHAT RULE GOVERNS RESPONSES TO MOTIONS; TO DETERMINE WHETHER A RESPONSE IS REQUIRED TO A MOTION WITHOUT A SCHEDULING ORDER, AND IF SO WHEN; AND FOR AN EXTENSION OF TIME TO RESPOND TO DOCKET #707, IF RESPONSE IS REQUIRED AT ALL

Comes now Defendant Oscar Stilley (Stilley) and for his motion states:

1.  The government on 9-8-2021 filed a motion (Dkt. 707) requesting this Court to "dismiss" Stilley's "Motion to Stay Proceedings..." filed herein as Docket #702.

2.  The Rules Governing Section 2255 Proceedings for the United States District Courts suggest but do not clearly state that a party to proceedings under 28 USC 2255 need not file any response to the other party's motion, absent a scheduling order from the Court. See Id. Rule 5.

3.  The Rules Governing Section 2255 Proceedings, Rule 12, say that:

    **Rule 12: Applicability of the Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure**
    The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.

4.  On September 14, 2021, Stilley inquired of the clerk as whether and when a response to Docket 707 would be required. The deputy clerk said that Stilley would have to look at the local rules and draw his own conclusions. Reading the rules, and research, have not provided Stilley

with a definite answer.

5.      Local Civil Rule (LCvR) 7-1 allows 21 days to respond to a motion in a civil case, whereas the Local Criminal Rules (LCrR) appear to require a response within 7 days.  LCrR 47-2

6.      Stilley still isn't sure that either of these rules are applicable in a case filed under 28 USC 2255, whether universally or just on some occasions.

7.      Stilley is thus left without reliable and trustworthy knowledge of whether and when a response to Docket #707 is required, absent a scheduling order by the Court.

8.      If a response is due absent a scheduling order, Stilley respectfully requests to know the source of that requirement, and the rules applicable to calculation of the deadline for such a response.

9.      If a response is due, Stilley requests an extension such that the response is due 28 days from the date of this Court's order, on the instant motion.

WHEREFORE, Stilley requests an order stating whether Stilley is required to respond to #707 absent a scheduling order; if so when it is due; the applicable legal authority, such that Stilley and persons similarly situated may in the future understand the source and nature of the obligation to respond, and when, in the absence of a scheduling order; for an extension of time to respond to Docket #707, up through and including the 28th day after this Court's ruling on the instant motion, if a response is required; and such other and further relief as may be appropriate, whether or not specifically requested.

Respectfully submitted.

By: /s/ Oscar Stilley                                          September 14, 2021
Oscar Stilley
10600 N Highway 59
Cedarville, AR 72932-9246
479.384.2303 mobile
479.401.2615 fax
oscarstilley@gmail.com

CERTIFICATE OF SERVICE

Defendant Stilley hereby certifies that on the date stated above he electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. Charles O'Reilly and his confederates continue on with their scheme to "hide out" Lindsey Kent Springer, and deny both of us the opportunity to work together toward common interests. This is the only reason that Springer is not being served with this pleading. Stilley vehemently objects to such lawlessness.