IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.                         Case No. 4:09-CR-043 SPF
                           Case No. 4:21-cv-00361-SPF-CDL

LINDSEY KENT SPRINGER,
OSCAR AMOS STILLEY                                                          DEFENDANTS

DEFENDANT OSCAR STILLEY'S RESPONSE TO THE GOVERNMENT'S MOTION TO DISMISS STILLEY'S MOTION UNDER 28 USC 2255 [DOCKET #705]

Comes now Defendant Oscar Stilley (Stilley) and for his response to the government's motion to dismiss [Dkt. 705] Stilley's motion pursuant to 28 USC 2255 [Dkt. 701] and states:

**Procedural matters**.

Stilley on 9-1-2021 filed a Motion to Vacate/Set Aside/Correct Sentence under 28 USC 2255. Dkt. 701. Government attorney Charles O'Reilly at #705 asks this Court to "dismiss" docket #701. In this way he hopes to avoid the necessity of formally responding to #701, at all.

O'Reilly says nothing about the authority upon which he proceeds. In Docket 707 he complains that Stilley didn't cite his authority for a motion - a totally meritless claim. Now he trots out the limitation period of 28 USC 2255 in a motion to *dismiss a motion*. That does nothing to answer the question about **when the limitations period begins to run**. Nor does it say anything about the procedures which must be followed to raise the defense.

The Rules Governing Section 2255 Proceedings for the United States District Courts attempt to incorporate **both** the Federal Rules of Civil Procedure **and** the Federal Rules of Criminal Procedure, to the extent that they are "not inconsistent with any statutory provisions or these rules..." Attempting to import two sets of inconsistent rules is a recipe for confusion, even

1

more so when the parties can't or won't identify the bases for their motions.

### The presumed basis for the motion is FRCivP 12(b)(6).

Stilley presumes that the government intends its motion to be based on FRCiv.P. 12(b)(6).  Subsection (b) of this rule provides as follows:

> (b) How to Present Defenses. Every defense to a claim for relief in any pleading *must be asserted in the responsive pleading* if one is required. But a party may assert the following defenses by motion:
> .............
> (6) **failure to state a claim upon which relief can be granted**; ...
> (Emphases added)

Stilley cannot see any other subsection that would make any sense at all. Therefore Stilley presumes that the government's motion is a *de facto* 12(b)(6) motion. If the government intended the pleading to be construed otherwise, perhaps this could be made clear in the reply.

### On motion to dismiss, well pleaded allegations are presumed true.

In *United States v. Gallegos*, 459 Fed. Appx. 714, 716 (10th Cir. 2012) the 10th Circuit explained as follows:

> [*716] Mr. Gallegos has failed to satisfy this burden. In his application for a COA, Mr. Gallegos first contends that the district court erred in "dismissing [his] petition under Fed. R. Civ. P. 12(b)(6) when it failed to assume all facts pleaded . . . to be true and considered material not included in the petition." Aplt. Br. at 3. **Mr. Gallegos is correct that in resolving a motion to dismiss under Rule 12(b)(6), a court must "accept as true all well-pleaded factual allegations . . . and view [those] allegations in the light most favorable to the [nonmoving party].**" *Kerber v. Qwest Group Life Ins. Plan*, 647 F.3d 950, 959 (10th Cir. 2011) (quotations omitted). He is also correct that a district court cannot consider material outside of a complaint when considering whether to dismiss a claim under Rule 12(b)(6). See Fed. R. Civ. P. 12(d). But the district court did not dismiss Mr. Gallegos's § 2255 motion under Rule 12(b)(6). Instead, in its thorough order, the court considered all of Mr. Gallegos's claims and rejected them on either procedural or substantive grounds. Mr. Gallegos's arguments concerning Rule 12(b)(6) are [**5] therefore misguided.
> (Emphasis added)

The government takes precisely the opposite approach. Stilley used pages 70-80 of his 2255 motion to set forth facts that render the 1 year statute of limitations inapplicable to him. The government at page 5 of its motion says "[I]t need not be said, but Mr. Stilley's claims are false."

In other words, the government asks this Court to *summarily presume* Stilley's factual allegations false. The government presents no evidence whatsoever, to contradict some 80 pages of detailed factual allegations, made under penalty of perjury. The government presents no legal analysis to show that Stilley's claims, if true, would not entitle him to relief. The government essentially invites this Court to declare all Stilley's factual allegations false, just because counsel for the government wants it that way.

*Robinson v. Ledezma*, 399 Fed. Appx. 329, 329-330 (10th Circuit 2010) involved a petition under 28 USC 2241. Stilley is proceeding under Section 2255, not Section 2241. Nevertheless, this case holds the key to understanding why the government is wrong both on procedure and on the merits. Therefore Stilley will reproduce and highlight substantial parts of this case, beginning with the first two paragraphs:

> This case presents unusual and compelling circumstances for federal post-conviction relief. Petitioner is currently incarcerated for **an additional five years** beyond the statutorily authorized term due to an erroneous specification of his offense in the indictment, plea agreement, and judgment of conviction. The operative mistake, ***actively shared in by defense counsel, the prosecution, and the trial judge***, is patently evident on [**2] the record. The government specifically charged, petitioner (advised by counsel) pled guilty to, and the district court formally convicted defendant of violating 21 U.S.C. § 841(b)(1)(C) for possessing with intent to distribute 1300 grams of marijuana. But possessing with intent to distribute 1300 grams, or 1.3 kilograms, of marijuana is not a violation of [*330] § 841(b)(1)(C), it is a violation of § 841(b)(1)(D) (addressing offense involving less than 50 kilograms of marijuana). And this factually unsupported conviction demonstrably prejudiced the petitioner: the 120-month sentence he received would have been permissible for the former violation but plainly exceeds the five-year maximum

authorized for the latter. Petitioner has already served more than the allowed five years; to keep him confined longer is an injustice.

**Errors cannot always be remedied by legal action**, of course. This is particularly true where **early inaction or procedural misstep by the defendant has left an error in a criminal prosecution unchallenged until well after a conviction has become final**. Congress has erected formidable barriers to relief in this circumstance: the one-year statute of limitations in § 2255(f); [**3] and, where the defendant has already pursued one (or more) § 2255 motion(s) challenging the conviction or sentence in question, the rigorous constraints in § 2255(h) on filing second or successive § 2255 motions. 1 *But these procedural barriers do not fully extinguish the interests of justice.* HN1 The limitations period in § 2255(f) **is subject to equitable tolling** for various reasons, **including the actual innocence of the defendant**. *United States v. Gabaldon*, 522 F.3d 1121, 1124 (10th Cir. 2008). More generally, none of the barriers to or constraints on § 2255 motions may be operative if the § 2255 remedy is properly found "inadequate or ineffective to test the legality of [the defendant's] detention," 28 U.S.C. § 2255(e)--**in which case a petition for a writ of habeas corpus under 28 U.S.C. § 2241 may substitute for the remedy unavailable under § 2255.**
(Emphases added)

In sharp contrast to the facts of *Robinson v. Ledezma*, Stilley has fought for his rights from beginning to end. Stilley has unfailingly claimed his right to one direct appeal. Stilley has continuously persisted in his claim for reasonable access to the courts. His claim of right of reasonable access to the courts is fully briefed at the 5th Circuit, and awaits decision. *Stilley v. Garland*, 5th Circuit #21-60022. Keep in mind that the material Stilley presents for the consideration of this Court is far from exhaustive.

### Statute of limitations is an affirmative defense.

Statute of limitations is an affirmative defense. FRCivP 8(c). The 10th Circuit requires proof sufficient to support a limitations defense. In *Maughan v. SW Servicing*, 758 F.2d 1381, 1387-1388, (10th Cir. 1985) the Court opined:

> HN8 Summary judgment is appropriate only **when the moving party has established that there is no genuine issue of material fact, and that he is entitled to judgment as a matter of law.** Fed. R. Civ. P. 56(c). In considering a motion for summary judgment,

> the evidence must be viewed in the light most favorable to the party opposing the motion. *Lindley v. Amoco Production Co.*, 639 F.2d 671, 672 (10th Cir. 1981). The motion should not be granted where there are conflicting inferences to be drawn from the affidavits. *United States v. Diebold, Inc.*, 369 U.S. 654, 8 L. Ed. 2d 176, 82 S. Ct. 993 (1962). While cases involving statute of limitations defenses [**16] frequently lend themselves to summary disposition, **a court should not grant summary judgment for the defendant if there is a viable issue of fact as to when the limitations period began**. *Dzenits v. Merrill Lynch, Pierce, Fenner & Smith*, 494 F.2d 168, 171 (10th Cir. 1974); 10A Wright & Miller, and Kane, Federal Practice and Procedure § 2734, at 421 (2d ed. 1983).
> (Emphases added)

The government has not properly raised the defense of limitations. Consider Rule 6 of the Rules Governing Section 2255 Proceedings, which provides in pertinent part:

> Rule 6. Discovery
> (a) Leave of Court Required. A judge may, **for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure <u>or</u> Civil Procedure**, or in accordance with the practices and principles of law. If necessary for effective discovery, the judge must appoint an attorney for a moving party who qualifies to have counsel appointed under 18 U.S.C. §3006A.
> (b) Requesting Discovery. A party requesting discovery must provide reasons for the request. The request **must also include any proposed interrogatories and requests for admission, and must specify any requested documents**.
> (Emphases added)

We can clearly see that a district court must have the proposed discovery requests, from a litigant seeking discovery. This would be practically impossible prior to the government's answer to the 2255 motion. If the government *admits* a fact, why would a 2255 claimant wish to conduct discovery in order to *establish* that fact? Such procedure puts the cart before the horse. Stilley filed an 80 page motion which includes 510 numbered paragraphs. The applicable rules simply do not contemplate discovery prior to a response to the motion.

Indeed, the government must decide whether it will properly raise the limitations defense *at all*. Consider once again *Robinson v. Ledezma*, 399 Fed. Appx. 329, 331 (10th Circuit 2010), where the court said:

[*331]  The district court rejected this argument. Assuming that a § 2255 motion was presently unavailable to petitioner, the court held such a motion nevertheless was his exclusive remedy, and dismissed the § 2241 petition without prejudice for lack of jurisdiction. Petitioner now appeals. <u>We affirm the dismissal of the § 2241 petition, but on a slightly different analysis that has significant practical consequences for petitioner:</u> ***we hold that relief under § 2255 is still potentially available and should be pursued promptly in the District of Kansas.*** As explained below, petitioner has a colorable basis for equitably tolling the limitations period in § 2255(f). He must pursue that possibility in the Kansas district court through a proper § 2255 motion ***before resort to a § 2241 petition*** as a substitute for an allegedly "inadequate or ineffective" § 2255 motion is considered. In addition, in light of the ***non-jurisdictional nature*** of the time bar, see *United States v. Kelly*, 235 F.3d 1238, 1243 (10th Cir. 2000), the government could ***expressly waive it*** in the interest of justice to enable a prompt and procedurally [**7] appropriate remedy for the ***patently prejudicial error*** tainting petitioner's conviction and resultant sentence, see generally *Robinson v. Johnson*, 313 F.3d 128, 134 (3d Cir. 2002) (collecting cases recognizing that time-bar in § 2255 <u>and</u> habeas proceedings may be waived by government). Under the unique circumstances here, **we encourage the government to fully consider this expeditious course**.
(Emphases added)

Two factors are in play. One, Stilley has a good claim that limitations didn't start to run until Stilley left prison. Nobody contends that Stilley didn't file within one year of leaving prison. Nobody contends that Stilley didn't file within one year of having access to the official court record consisting of the docket and docket items. Stilley is not aware of any actual argument that a competent attorney would even attempt an appeal without that information.

Two, the government has an ethical duty to waive limitations even if an arguable limitations defense could be raised. Charles Anthony O'Reilly is a California licensed attorney, bar # 160980. Mr. O'Reilly cannot discharge his ethical duties unless he waives limitations on behalf of the government *now*. In fact, a refusal to formally waive limitations is an ethics violation separate from his other ethics violations. He has various duties to *this District Court*, that cannot be discharged in any other way. Even if he stonewalled in this Court, and later confessed error in the 2241 court, his acts would violate California ethics rules.

Lets take a look at one of the Rules of Procedure of the State Bar of California, under TITLE IV. STANDARDS FOR ATTORNEY SANCTIONS FOR PROFESSIONAL MISCONDUCT PART A. This provision provides as follows:

2.2     COMMINGLING AND OTHER TRUST ACCOUNT VIOLATIONS

(a)     *Actual suspension of three months* is the presumed sanction for (1) commingling, (2) failure to deposit funds received for a client or other person to whom the lawyer owes a contractual, statutory, or other legal duty, including advances for fees, costs and expenses, in a client trust account when that conduct does not involve misappropriation, or (3) *failure to promptly pay out entrusted funds*.
(Emphases added)

Stilley explained in his motion for judgment as a matter of law, or for new trial (Dkt. 261) that he had an ethical duty to promptly pay out moneys entrusted to him in his IOLTA account, to the "person entitled" to the funds. Failure to promptly pay such funds to the "person entitled" to same, according to California bar authorities, is grounds for a presumptive 3 month suspension from the practice of law. It is also a civil tort and a crime, under Arkansas, California, and Oklahoma law.

Consider once again *Robinson v. Ledezma*, 399 Fed. Appx. 329, 333-334 (10th Circuit 2010). The Tenth Circuit in that case *did not* say that the remedy of 28 USC 2241 was *necessarily* unavailable. Consider this additional material:

> As we have already touched on, HN6 the time bar in § 2255(f) is subject to tolling on the basis of a **developing set of equitable considerations**. And this court has recognized actual innocence as one of them. *Gabaldon*, 522 F.3d at 1124; see also *Laurson v. Leyba*, 507 F.3d 1230, 1232 (10th Cir. 2007) (noting same point in connection with time bar in § 2244(d)(1)). Diligence in pursuing a § 2255 motion is also a consideration, *Gabaldon*, 522 F.3d at 1124, [**14] though its role in actual-innocence cases has not been definitively settled by this court. We have yet to decide, for instance, **whether a defendant who has demonstrated actual innocence must nevertheless serve the rest of his sentence-possibly the rest of his life-in prison for a crime he did not commit simply because he cannot persuade a court that he acted with sufficient diligence** in

raising the issue. Fortunately, we need not wade deeply into this legal quicksand here. The circumstances surrounding petitioner's prosecution, plea, and sentencing proceedings, described earlier, suggest a **facially plausible excuse** for his failure to promptly recognize and seek to remedy the claim he has now raised. In accepting the factual validity of his conviction, and the resultant legality of his ten-year sentence, under § 841(b)(1)(C), petitioner followed legal representations made throughout the proceedings by the government, his own counsel, and the trial judge; indeed, the unanimous affirmation of legal regularity here **culminated in a defense waiver of appellate and collateral review** should sentencing be carried out in accordance [*334] with his conviction under § 841(b)(1)(C).

These circumstances [**15] raise at least a colorable basis to argue for the exercise of **judicial discretion** in tolling the limitations period in § 2255(f) to permit the presentation of a claim of actual innocence in a proper § 2255 motion. And that is enough to render petitioner's direct recourse to § 2241 in this proceeding *plainly premature and inappropriate*.
(Emphases added)

*Robinson* stands for the proposition that the district court in which a defendant has been sentenced is entitled to a chance to review and correct alleged defects in the first instance. A petition under 28 USC 2255 is brought in the district court in which sentence was imposed. A petition under 28 USC 2241 is brought in the jurisdiction in which the defendant is confined. Stilley now resides in the Western District of Arkansas.

Basically, Mr. O'Reilly's motion involves a request that this Court excuse Mr. O'Reilly from reforming the record to make it *conform to the truth*. He seems to have a premonition that he's going to lose *at least something*, if he admits the true facts. He doesn't want the unpleasant task of explaining his way *around the facts*. He wants this District Court to declare the facts irrelevant. That's the sum and substance of a declaration that "*[I]t need not be said*, but Mr. Stilley's claims are false."

Yes, it does in fact need to be said. If Stilley's claims are false, *it should be said, paragraph by paragraph*. If Stilley's factual allegations are true, they should be forthrightly

admitted.  The judge should then be equipped with a true and accurate record, from which it can issue its ruling.  Then, let the chips fall where they may, as required by the law and the true facts.

None of this can happen unless 1) Mr. O'Reilly waives the defense of limitations, or 2) O'Reilly's limitations defense is unsuccessful.

**The argument for dismissal due to violation of local rules is specious.**

This argument is in the nature of a procedural matter, such as *United States v. Gallegos* holds to be outside the rules of FRCivP 12(b)(6).  The government's argument is fatally flawed.

Mr. O'Reilly in the section heading claims that Stilley's *motion* violates Local Criminal Rule 47.7.  Then he calls Stilley's pleading a "brief" - some of the time.  Amazingly, he seems to have done a perfect job of alternating between theories.   Take a look:

1)   Section heading refers to "Mr. Stilley's ***motion***."

2)   1st paragraph:  "[M]r. Stilley's 81 page ***brief*** violates each of these provisions..."

3)   Conclusion: "Mr. Stilley's ***motion*** is untimely..."

4)   Id.  "Mr. Stilley did not seek Court permission to file an over-length ***brief***..."

5)   Id.  United States ... requests that this Court dismiss Mr. Stilley's ***motion***.

6)   Id.  United States respectfully requests that the Court strike Mr. Stilley's ***pleading***.

Nice! He wore himself out flip-flopping, so he'll just let the Court decide. What is this thing anyway?

Springer filed a motion for over-length brief in support of his first motion pursuant to 28 USC 2255. Dkt. 470 This Court denied the motion. Dkt. 471  Thereupon Springer filed a 90 page motion, (Dkt. 472) a 148 page "declaration," (Dkt. 474) and a brief that didn't exceed 25 pages, excluding technical parts. Dkt. 473

Mr. O'Reilly made no complaint. This Court didn't complain. Everyone knew and understood that the local rule constrained the length of *briefs*, not motions.

Mr. O'Reilly complains about the lack of a table of authorities. This makes no sense at all. In fact, paragraph 5 of the standard form for 2255 motions reads as follows:

> 5. Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. **If you want to submit any legal arguments, you must submit them in a separate memorandum**. Be aware that *any such **memorandum** may be subject to page limits set forth in the local rules of the court where you file this motion.*

(Emphases added)

## CONCLUSION

The government is using the wrong pleading to raise limitations. Additionally, Stilley is actually innocent of the crimes of which he stands convicted. Case law says the government has a duty to waive limitations, so that a miscarriage of justice may be corrected. The government's motion to dismiss should be denied.

Respectfully submitted,

By: /s/ Oscar Stilley                                October 20, 2021
Oscar Stilley
10600 N Highway 59
Cedarville, AR 72932-9246
479.384.2303 mobile
479.401.2615 fax
oscarstilley@gmail.com

### CERTIFICATE OF SERVICE

Defendant Stilley hereby certifies that on the date stated above he electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. Charles O'Reilly and his confederates continue on with their scheme to "hide out" Lindsey Kent Springer, a material witness, source of litigation assistance, or both. This is the only reason that Springer is not being served with this pleading. Stilley vehemently objects to such lawlessness.