IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA                                                               PLAINTIFF

v.                                  Case No. 4:09-CR-043 SPF
                                    Case No. 4:21-cv-00361-SPF-CDL

LINDSEY KENT SPRINGER,
OSCAR AMOS STILLEY                                                                    DEFENDANTS

DEFENDANT OSCAR STILLEY'S RESPONSE TO THE GOVERNMENT'S MOTION TO "DISMISS" DOCKET #702, STILLEY'S MOTION TO STAY PROCEEDINGS, ETC [DOCKET #707]

Comes now Defendant Oscar Stilley (Stilley) and for his response to the government's motion at docket #707 and states:

Stilley on 9-1-2021 filed a Motion to Vacate/Set Aside/Correct Sentence under 28 USC 2255. Dkt. 701. The following day, 9-2-2021, Stilley filed docket #702, which is described upon the docket as follows :

> 09/02/2021   702   MOTION Disclose co-defendant's address, show authority for Friot to preside, 30 day stay of proceedings by Oscar Amos Stilley (Stilley, Oscar) (Entered: 09/02/2021)

Stilley in his motion at #702 sought a stay of proceedings, to continue for 30 days after the government's disclosure of co-defendant Lindsey Springer's contact information. This would allow Stilley to file his responses to pleadings after consultation with Lindsey Springer, who is amongst other things a material witness with respect to some of Stilley's key procedural and substantive arguments now pending before the Court.

Government attorney Charles O'Reilly at #707 asks this Court to "dismiss" docket #702. In this way he hopes to avoid the necessity of formally responding to #702.

1

O'Reilly cites exactly **_no_** binding authority in support of his motion. However, he has helpfully cited exactly **_one_** Tenth Circuit case. That case, *United States v. Patterson*, 253 Fed. Appx. 748, 750-751, 2007 U.S. App. LEXIS 25765, *5-7, while not binding authority, actually supports Stilley's position. There the Court said:

> Patterson argues the district court erred when it denied his post-appeal motion to dismiss the indictment for violating the Speedy Trial Act because the government failed to indict him within thirty days of his arrest. See 18 U.S.C. § 3161(b). In doing so, he is attempting to collaterally attack his conviction which was affirmed on direct appeal. Patterson did not address the jurisdictional basis for his post-appeal motion to dismiss with the district court, but rather attempted to invoke the "**court's inherent power over its own proceedings**." (R. Vol. 2, Doc 91.) This he cannot do.
>
> HN2 "A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant [**6] to statutory authorization." *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997); see also *Bender*, 475 U.S. at 541 ("Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."). ***A motion to vacate, correct or set aside a sentence under 28 U.S.C. § 2255 would provide statutory authority***, but Patterson did not characterize his motion as such. See *Mendoza*, 118 F.3d at 709. Nor did the district court so construe it. Therefore, the district court lacked jurisdiction to hear his motion.
>
> We decline to recharacterize Patterson's motion to dismiss as a 28 U.S.C. § 2255 motion in the first instance. See *United States v. Kelly*, 235 F.3d 1238, 1241-42 (10th Cir. 2002) (addressing the potentially adverse consequences of recharacterizing a pro se post-conviction motion not expressly made under § 2255). If Patterson wants to collaterally attack the sufficiency of his indictment, he must now do so in a timely 28 U.S.C. § 2255 motion. However, we caution that HN3 "[w]hen a defendant fails to raise an issue on direct appeal, he is [*751] barred from raising the issue in a § 2255 [**7] proceeding, unless he establishes either cause excusing the procedural default and prejudice resulting from the error or a fundamental miscarriage of justice if the claim is not considered." *United States v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996).
> (Emphasis added)

Stilley never claimed that he was proceeding on the basis of "inherent authority." He is proceeding under 28 USC 2255. *United States v. Patterson* stands for the opposite of the proposition O'Reilly claims.

2

O'Reilly should know better than to file this frivolous motion. At Docket # 709, this Court stated that failure to timely respond to a motion could be deemed a confession of the motion. This would make no sense if the Court had no jurisdiction whatsoever.

Rule 12 of the Rules Governing Section 2255 Proceedings for the United States District Courts (Rules-2255 Proceedings) provides as follows:

> Rule 12. Applicability of the Federal Rules of Civil Procedure
> The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.

This Court ruled in #709 that the civil rules would apply generally, with respect to time calculations for motions, responses and replies. Of course, scheduling orders, or orders extending time, can modify the presumptive time frames.

Mr. O'Reilly's behavior is unethical. Oklahoma Rules of Professional Conduct (ORPC) Rule 3.3. Candor Toward The Tribunal, provides as follows:

> (a) A lawyer shall not knowingly:
> (1) make a false statement of fact *or law* to a tribunal or **fail to correct a false statement of material fact or law** previously made to the tribunal by the lawyer;
> (2) fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel; or
> (Emphasis added)

If Mr. O'Reilly's material misstatement of law was an innocent oversight, he is cordially invited to so state and explain, in his reply. If he did it on purpose but comes to be sorry for it, he is cordially invited to apologize and concede the point, for the benefit of the Court and Stilley. If he thinks some other path is ethically available to him, he is cordially invited to say what it is, and avail himself of it.

Of course, Mr. O'Reilly should consider the fact that his prosecution of this case involves

a veritable litany of ethics violations, continuing for well over a decade. If he starts down the road of honesty, he might well consider going all the way, and providing this Court with an accurate record upon which to rule.

WHEREFORE, Stilley requests that the Court deny the government's motion, docket #707; direct the government to respond substantively to docket # 702, within a reasonable and specified time period; and for such other and further relief as may be appropriate, whether or not specifically requested.

Respectfully submitted,

By: /s/ Oscar Stilley                             October 20, 2021
Oscar Stilley
10600 N Highway 59
Cedarville, AR 72932-9246
479.384.2303 mobile
479.401.2615 fax
oscarstilley@gmail.com

CERTIFICATE OF SERVICE

Defendant Stilley hereby certifies that on the date stated above he electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. Charles O'Reilly and his confederates continue on with their scheme to "hide out" Lindsey Kent Springer, a material witness, source of litigation assistance, or both. This is the only reason that Springer is not being served with this pleading. Stilley vehemently objects to such lawlessness.