IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-respondent, | ) | |
| | ) | |
| -vs- | ) | Case No. 09-cr-0043-2-SPF |
| | ) | |
| OSCAR AMOS STILLEY, | ) | |
| | ) | |
| Defendant-movant. | ) | |

## ORDER
(ruling on motions at doc. nos. 701, 702, 705, 707)

Defendant Oscar Stilley moves the court to vacate his sentence pursuant to 28 U.S.C. § 2255. Doc. no. 701. In response, the government moves to dismiss Stilley's motion. Doc. no. 705. Stilley filed a response to the government's motion to dismiss. Doc. no. 713. The government did not file a reply brief.

Stilley's second motion seeks a stay of these proceedings pending disclosure of his co-defendant's (Lindsey Springer's) contact information, which Stilley asks the government to provide. Doc. no. 702. This motion asks for an order allowing Stilley and Springer to collaborate. It also asks the court to specify by what legal authority it continues to preside over this case. This motion seeks other relief as well. In response, the government moves to dismiss Stilley's second motion. Doc. no. 707. Stilley filed a response to the government's motion to dismiss. Doc. no. 714. The government did not file a reply brief.

<u>Doc. nos. 701, 705</u>

Stilley and co-defendant Springer appealed their convictions and sentences. Their convictions and sentences were affirmed in <u>United States v. Springer et al.</u>, 444 Fed. Appx. 256 (10th Cir. 2011). As to Stilley, mandate issued on December 20, 2011. Doc. no. 463. Stilley did not petition for a writ of certiorari. Accordingly, Stilley's judgment of conviction became final on December 20, 20<u>11</u>. Stilley's motion to vacate his sentence was not filed until September 1, 20<u>21</u>.

Section 2255 includes a one-year statute of limitations. 28 U.S.C. § 2255(f). Stilley devotes ten pages of his motion (doc. no. 701, pp. 70-80) to arguments intended to show the one-year limitations period should not bar his request for relief under § 2255.[1]

Stilley argues the Department of Justice has participated in a years' long scorched earth campaign against him, ruining his ability to defend the criminal charges against him. He argues the court kept him from filing an appeal by delaying the production of trial transcripts. He argues the clerk of the court of appeals never called anything he filed an opening appellate brief, and that he was required to adopt his co-defendant's appellate brief to avoid waiver. In support of arguments that he has been denied "the keys to the courthouse" all these years, Stilley relies on matters pertinent to <u>Stilley v. Garland, et al.</u>, Case No. 21-60022, pending in the Fifth Circuit Court of Appeals. These and other arguments appear to be aimed at showing that Stilley has not yet had an adequate opportunity to file a proper appeal and that the conduct of the government, as well as the court, entitles him to a tolling of the

---

[1] All of Stilley's arguments related to timeliness have been considered, including those not addressed in this order.

limitations period. In addition, Stilley asserts actual innocence. He argues the government never believed he was guilty of the crimes of conviction and that he is innocent of all counts of conviction. Stilley also argues that § 2255's one-year limitations period is a scam intended to cheat innocent people out of due process and that he should not be bound by it.

Stilley's arguments are rejected. Stilley pursued a direct appeal and lost, and his conviction and sentence became final almost ten years ago. (December 20, 2011, when conviction became final, to September 1, 2021, when motion to vacate filed = almost ten years.) A petitioner must diligently pursue his federal habeas claims; furthermore, a claim of insufficient access to relevant law or legal materials (such as the transcripts Stilley argues were delayed) is not enough to support equitable tolling of the limitations period. See Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000) (one-year period is subject to equitable tolling only in rare and exceptional circumstances; claim of insufficient access to the law is not enough to support tolling); Porter v. Allbaugh, 672 Fed. Appx. 851, 857 (10th Cir. 2016) (difficulty in obtaining trial transcripts is insufficient to constitute extraordinary circumstances, describing holding in United States v. Williams, 219 Fed. Appx. 778, 779 (10th Cir. 2007).[2] Stilley has not shown extraordinary circumstances as a basis for tolling. As for Stilley's claim of actual innocence, this type of claim is only a basis for tolling if founded on new evidence. Foust v. Jones, 261 Fed. Appx. 131, 133 (10th Cir. 2008),[3] citing Sellers v. Ward, 135 F.3d 1333, 1338-39 (10th Cir. 1998). Stilley identifies no new evidence to support an actual innocence claim. Accordingly, this

---

[2] Porter and Williams are unpublished. These and other unpublished decisions are cited for their persuasive value only.

[3] Foust is unpublished.

argument is rejected.  The court also rejects Stilley's argument that § 2255's one-year limitations period is a scam and should not apply to him.

Stilley's conviction and sentence became final on December 20, 2011, when the mandate issued on the court of appeals' decision affirming Stilley's conviction and sentence.  That triggered the one-year limitations period, which expired on December 20, 2012.  Stilley's § 2255 motion was not filed until September 1, 2021, almost nine years late.  (December 20, 2012, when one-year limitations period expired, to September 1, 2021, when motion to vacate filed = almost nine years.)  No basis for tolling the limitations period has been shown.  Accordingly, the court will grant the government's motion to dismiss Stilley's § 2255 motion as untimely.

Doc. Nos. 702, 707

Stilley's second motion seeks a stay in order to obtain Springer's contact information, so that the two of them may collaborate regarding the prosecution of Stilley's § 2255 motion.  The court has now determined that Stilley's § 2255 motion is untimely and should be dismissed.  Consequently, § 2255 cannot provide even an arguable premise for obtaining Springer's contact information or for staying this matter to permit these co-defendants to collaborate.  Other than this motion's connection to Stilley's § 2255 motion, no statutory basis for this post-judgment motion has been identified.  The court concludes it has no jurisdiction over Stilley's second motion and that the government's motion to dismiss it should be granted. *See generally*, United States v. Patterson, 253 Fed. Appx. 748, 750 (10th Cir. 2007) (district court does not have inherent authority to modify a previously imposed sentence and may do so only pursuant to statutory authorization; where motion was

5

not a motion to vacate under § 2255, district court lacked jurisdiction to hear the motion).[4]

## Conclusion

After careful consideration, the government's motions to dismiss are **GRANTED** (doc. nos. 705, 707), and Stilley's motions are **DISMISSED** (doc. nos. 701, 702). A certificate of appealability is **DENIED**.

IT IS SO ORDERED this 4th day of November, 2021.

*[signature: SP Friot]*

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

09-0043p170 (Stilley).docx

---

[4] <u>Patterson</u> is unpublished.