IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) Case No. 09-cr-0043-2-SPF |
| | ) |
| OSCAR AMOS STILLEY, | ) |
| | ) |
| Defendant. | ) |

# ORDER

Before the court is Defendant Oscar Stilley's Motion for an Initial Appearance, doc. no. 741, filed on November 16, 2022.

For the reasons set forth below, the motion will be denied.

Rule 32.1 of the Federal Rules of Criminal Procedure states, in relevant part, as follows:

> **(2) Upon a Summons.** When a person appears in response to a summons for violating probation or supervised release, a magistrate judge must proceed under this rule.
>
> **(3) Advice.** The judge must inform the person of the following:
>
> **(A)** the alleged violation of probation or supervised release;
>
> **(B)** the person's right to retain counsel or to request that counsel be appointed if the person cannot obtain counsel; and
>
> **(C)** the person's right, if held in custody, to a preliminary hearing under Rule 32.1(b)(1).

The purposes of the rule are satisfied where the defendant "possessed all the information that would have been provided to him at an initial appearance." United States v. Griggs, 130 Fed. Appx. 303, at 305 (11th Cir. 2005).

The Ninth Circuit reached the same conclusion under similar circumstances in <u>United States v. Vasquez-Perez</u>, 742 F.3d 896, at 900 (9th Cir. 2014):

> The petition alleged that he violated the terms of his supervised release by committing a crime. Specifically, it contended that Vasquez-Perez violated 8 U.S.C. § 1326 by illegally reentering the United States near Quijota, Arizona on or before August 21, 2011. The revocation petition properly identified the statute Vasquez-Perez was charged with violating and alleged the underlying facts. Accordingly, we are persuaded that Vasquez-Perez was provided proper notice of the alleged violation of his supervised release.

*See also*, <u>United States v. Wimberly</u>, 368 Fed. Appx. 556, at 557 (5th Cir. 2010) (The rule is satisfied where the offender was either "aware of or was granted the Rule 32.1 protections of which he would have been admonished at an initial appearance.").

In the case at bar, Mr. Stilley, who once was a practicing lawyer, is well aware of the factual circumstances asserted to provide a basis for revocation of his supervised release. He has long since been provided the documents from which he is well able to discern the precise nature of the asserted violations. He is also obviously aware, by his mere citation to Rule 32.1 (if nothing else), of his right to retain counsel or to request that counsel be appointed.

Accordingly, the court quite readily concludes that the purposes of Rule 32.1(a) have been fully satisfied. For that reason, the motion, doc. no. 741, is **DENIED**.

DATED this 16th day of November, 2022.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

09-0043p176 (Stilley) .docx