IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA                                             PLAINTIFF

v.                                       Case No. 4:09-CR-043 SPF

OSCAR AMOS STILLEY                                                   DEFENDANT

**DEFENDANT OSCAR STILLEY'S MOTION TO REAPPOINT ROBERT BURTON IV AS STANDBY COUNSEL, WITH INCLUDED SUPPORTING BRIEF**

Comes now Defendant Oscar Stilley (Stilley) and for his motion states:

1.      This Court appointed Robert Burton, IV as standby counsel for Stilley before, after, and during trial.

2.      Stilley requests that Mr. Burton be appointed as standby counsel for the revocation proceedings.

3.      Stilley does not agree to any other attorney without prior consultation.

4.      Stilley does not agree to any capacity, save standby, without prior consultation.

5.      If Mr. Burton is for any reason unavailable or unwilling to serve as standby counsel, Stilley requests that this Court inform Stilley of the options that he has, if any, with respect to the question of counsel.

6.      To the extent not contrary to law or rule or Stilley's legal interests, Stilley incorporates all other motions and briefs filed on the same day as this pleading, as if set forth herein word for word.  Stilley reserves and claims the right to rely on any other part of the official record in the captioned case, from the filing of the first

docket item forward, as defined by Federal Rule of Appellate Procedure (FRAP) 10(a), in support of his claims and arguments.

WHEREFORE, Stilley respectfully requests an order appointing Robert Burton, IV, as standby counsel for the duration of these revocation proceedings; that if this request is denied for any reason, Stilley be informed of the options available to him with respect to the issue of counsel; and for such other and further relief as may be appropriate whether or not specifically requested.

### BRIEF IN SUPPORT OF MOTION

FRCrP 32.1 (a)(3)(B) suggests that persons facing revocation are entitled to retained or appointed counsel.  Otherwise it would seem very odd that the rule requires the supervisee to be so informed.  Caselaw says that revocation of supervised release is part of the punishment for the original crime.  If that is the case, it makes sense the supervisee would be entitled to 6th Amendment counsel, or perhaps to counsel under some other legal provision.

This Court seemed to be very pleased with the performance of Mr. Burton, and allowed over $90,000 of legal fees.  Mr. Burton has familiarity with the proceedings before, during, and after jury trial. Mr. Burton should have an advantage over a lawyer with no prior knowledge of the case.

Stilley has very little experience with revocation of supervised release.

Therefore, if for whatever reason Stilley cannot have Robert Burton IV as standby

counsel, he requests that he be informed of the options available to him.

Respectfully submitted,

By: /s/ Oscar Stilley                                November 20, 2022
Oscar Stilley                                        Date
10600 N Highway 59
Cedarville, AR 72932-9246
479.384.2303 mobile
479.401.2615 fax
oscarstilley@gmail.com

CERTIFICATE OF SERVICE

Defendant Stilley hereby certifies that on the date stated above he electronically
filed the foregoing with the Clerk of the Court by using the CM/ECF system,
thereby serving all persons having ECF privileges and entitled to service in this
case.  Stilley does not have access to Lindsey Springer's physical address, email,
and phone number, and thus cannot serve him.

3