IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA                               PLAINTIFF

v.                              Case No. 4:09-CR-043 SPF

OSCAR AMOS STILLEY                                     DEFENDANT

**DEFENDANT OSCAR STILLEY'S MOTION TO QUASH THE SUMMONS AND STRIKE ALL OTHER DOCUMENTS FROM THE WESTERN DISTRICT OF OKLAHOMA AND DISMISS FOR LACK OF JURISDICTION, WITH INCLUDED SUPPORTING BRIEF**

Comes now Defendant Oscar Stilley (Stilley) and for his motion states:

1. This Court on 8-24-2022 without notice or opportunity to be heard entered an order purporting to transfer jurisdiction over this case to the Western District of Oklahoma (OKWD). Dkt. 733.

2. This Court on 9-20-2022 entered an order fixing a briefing schedule for any challenge to jurisdiction in the OKWD. OKWD 5:22-cr-357-F, Dkt. 13.

3. This Court on page 1 of that order stated that "[I]f the court concludes that the transfer was not authorized by statute, the transfer will be vacated and the matter will proceed in the Northern District (with the undersigned presiding pursuant to cross-designation.) "

4. Stilley filed a challenge jurisdiction in the OKWD. OKWD 5:22-cr-357-F, Dkt. 14, a motion to vacate docket #1, the transfer order. A supporting brief was filed. OKWD 5:22-cr-357-F Dkt. 15.

5. Stephen P. Friot, in his capacity as an OKWD district judge, on 11-3-2022 stated that he was "…not sufficiently satisfied that the transfer from the Northern

District to the Western District was statutorily authorized. …" Id., OKWD 5:22-cr-357-F Dkt. 20, page 2.

6. Stephen P. Friot did not vacate the transfer order, as promised less than 2 months previously.

7. Rather, Stephen P. Friot entered an order purporting to transfer the entire record in OKWD 5:22-cr-357-F. *Id.*

8. Since the OKWD had no jurisdiction, by the admission of the sitting district court, the OKWD had nothing to transfer.

9. The purported transfer of jurisdiction is a legal nullity. There was no jurisdiction to transfer.

10. The petition and amended petition for summons, the summons, and the violation report are all legal nullities.

11. The District Court in the OKND case captioned above is not relying on any claim of statutorily authorized jurisdiction in the OKWD.

12. All the papers accusing Stilley were prepared and filed in the OKWD, by OKWD personnel, whether personnel of the US Probation Office or of the US Attorney's Office.

13. The OKWD summons (OKWD 5:22-cr-357, Dkt. 4) upon which Stilley is commanded to come to courtroom 3 on the 4th floor of the federal courthouse in Tulsa, Oklahoma, answer certain allegations of wrongful conduct, etc., was and is altogether *ultra vires* and void. Said summons is a legal nullity.

14.     No person acting in the capacity of an officer of the OKWD had authority to summon Stilley anywhere, on the basis of the purportedly transferred case.

15.     No personnel of OKWD US Probation had any *de jure* authority to file any petition for warrant or summons, any violation report, or any other accusatory document whatsoever, on the basis of the purported transfer of jurisdiction or otherwise.

16.     Stilley has made diligent inquiry, and has found no official or employee of the OKND US Probation office who claims any responsibility whatsoever, for the issuance of summons or other criminal process against Stilley.

17.     The government will not be prejudiced by the relief sought.

18.     The government is free to file a new petition for warrant or summons in the OKND.

19.     Any such new petition would be totally frivolous and wholly without merit, for a veritable litany of reasons not the least of which being the fact that all the claims made are wholly repugnant to the 4th and 5th Amendments.

20.     Plus, Stilley as of even date has his own motion to modify and clarify. Stilley's pleading is at least one step ahead of anything the government might file.

21.     To the extent not contrary to law or rule or Stilley's legal interests, Stilley incorporates all other motions and briefs filed on the same day as this pleading, as if set forth herein word for word. Stilley reserves and claims the right to rely on any other part of the official record in the captioned case, from the filing of the first

docket item forward, as defined by Federal Rule of Appellate Procedure (FRAP) 10(a), in support of his claims and arguments.

WHEREFORE, Stilley respectfully requests an order quashing the summons and striking all other documents from the Western District of Oklahoma, and dismissing the petition to revoke Stilley's supervised release; and for such other and further relief as may be appropriate whether or not specifically requested.

### BRIEF IN SUPPORT OF MOTION

"Courts created by statute can have no jurisdiction but such as the statute confers." *Sheldon* v. *Sill*, 8 How. 441, 449 (1850).  This principle is aptly explained in *United States v. Dao* (N.D. Cal. 2015), where the Court said:

> Here, the Northern District of California accepted jurisdiction over Defendants' supervision on August 25, 2014. Jurisdiction to modify or terminate supervised release was therefore vested **exclusively** with the Northern District on that date. When the Eastern District of California issued orders nearly a year later purporting to terminate Defendants' terms of release, it did so without jurisdiction. Those orders are, unfortunately, void. See In re Establishment Inspection of Hern Iron Works, 881 F.2d 722, 726-27 (9th Cir. 1989) (stating that any court order issued without jurisdiction is a nullity or "nothing at all"). As a result, Defendants' supervisorial status remains unchanged.
> (Emphasis added)

Same problem here.  The District Court entered an order of transfer.  An OKWD Probation Officer named Jay Mauldin signed a "petition for warrant or summons…," on August 24, 2022.  Dkt. 3.  Another OKWD Probation Officer named

4

Aric Holloway filed an amended petition for warrant or summons…," on September 7, 2022.  Dkt 6.  Mr. Holloway filed a violation report on September 8, 2022. Dkt. 8.

The District Court doesn't even claim the transfer was statutorily authorized.  The order says he was "not sufficiently satisfied that the transfer…was statutorily authorized."  An affirmative statement that one is "not sufficiently satisfied" does not state or imply that the speaker has *any* level of confidence that the transfer *was* statutorily authorized.

Stilley requested vacatur.  The District Court *did not* grant vacatur, despite having promised so to do, in OKWD 5:22-cr-357-F, Docket #13.  Rather, the District Court purported to transfer all the official acts of the OKWD back to the OKND.

The District Court in OKWD 5:22-cr-357-F, Docket #20 said "…the relief sought by defendant in his motion, doc., no. 14, is granted to the following extent: …" Thereupon the order purported to transfer both jurisdiction over Stilley, and all the prosecutorial pleadings against Stilley, back to OKND.

Stilley never sought such relief.  That "relief" is not a subset of the relief sought by Stilley.  Stilley requested "…that Docket #1 be vacated; that proceedings in the OKWD be terminated."  OKWD 5:22-cr-357-F, Docket #14, page 11.

If the OKWD didn't have jurisdiction, all the official acts of officers of OKWD are legal nullities.  When a court lacks jurisdiction, the only thing left to do is to state the fact and dismiss the case.  This principle was well explained in *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83 (1998), as follows:

> We decline to endorse such an approach because it carries the courts beyond the bounds of authorized judicial action and thus offends

5

fundamental principles of separation of powers. This conclusion should come as no surprise, since it is reflected in a long and venerable line of our cases. "Without jurisdiction the court cannot proceed at all in any cause. **Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.**" *Ex parte McCardle*, 7 Wall. 506, 514 (1869). "On every writ of error or appeal, the first and fundamental question is that of jurisdiction, first, of this court, and then of the court from which the record comes. This question the court is bound to ask and answer for itself, even when not otherwise suggested, and without respect to the relation of the parties to it." *Great Southern Fire Proof Hotel Co.* v. *Jones*, *supra*, at 453. The requirement that jurisdiction be established as a threshold matter "spring[s] from the nature and limits of the judicial power of the United States" and is "inflexible and without exception." *Mansfield, C. L.M.R. Co.* v. *Swan*, 111 U.S. 379, 382 (1884).
(Emphasis added)

This District Court does not *believe* that the transfer order, filed on the dockets of both cases, was done pursuant to statutory authorization. No judicial officer claims that the original order of transfer was done on the basis of statutory authorization or jurisdiction.

The original transfer order transferred nothing. It amounts to a legal nullity. The OKWD never had jurisdiction. All the acts of OKWD officers are legal nullities. OKWD 5:22-cr-357, Dkt. 20, transferred nothing because it had nothing to transfer.

The summons is a special case. A criminal summons commands an alleged offender to appear and defend against allegations of misconduct. The OKWD had no jurisdiction and thus no power to issue this summons. It must be quashed and held for naught.

Given the lack of jurisdiction, no further explanation is required. Stilley will provide some additional information, for his own good reasons.

6

Take a look at [Federal Probation and Supervised Release Violations, page 24](). This is an official document of the US Sentencing Commission. It says that 28% of supervisees of OKWD violate the conditions of their supervised release, whereas only 14% of those in OKND do the same.

Should Americans believe that people are twice as bad and twice as deserving of a double shot of prison simply because they live on the wrong side of a political boundary? Or should we acknowledge that political boundaries, political subdivisions, and political appointments to judicial office have life-changing consequences?

Stilley has made diligent inquiry. Nobody in the Western District of Arkansas (ARWD) or the OKND acknowledges the slightest responsibility for the *decision* to attack Stilley criminally. That question is separate from questions about *effectuating* such a decision once made.

Stilley respectfully requested a reasonable time to seek clarification and modification of his conditions of supervised release. This request was denied, but by whom, and in what capacity? Nobody is willing to answer that question.

Respectfully submitted,

By: /s/ Oscar Stilley            November 20, 2022
Oscar Stilley                  Date
10600 N Highway 59
Cedarville, AR 72932-9246
479.384.2303 mobile
479.401.2615 fax
oscarstilley@gmail.com

CERTIFICATE OF SERVICE

Defendant Stilley hereby certifies that on the date stated above he electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, thereby serving all persons having ECF privileges and entitled to service in this case. Stilley does not have access to Lindsey Springer's physical address, email, and phone number, and thus cannot serve him.