IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA                                    PLAINTIFF

v.                              Case No. 4:09-CR-043 SPF

OSCAR AMOS STILLEY                                          DEFENDANT

## DEFENDANT OSCAR STILLEY'S MOTION FOR EARLY PSR, WITH INCLUDED SUPPORTING BRIEF

Comes now Defendant Oscar Stilley (Stilley) and for his motion states:

1.      Stilley has been informed of the existence of pending criminal charges in the captioned case, in the form of revocation proceedings.

2.      Stilley has been informed, pursuant to the US Supreme Court case *Class v. US*, 200 L. Ed. 2d 37 (2018) that "[T]he plea of guilty is, of course, a confession of all the facts charged in the indictment, and also of the evil intent imputed to the defendant."  (Citing to *Commonwealth v. Hinds*, 101 Mass. 209, 210 (1869).)

3.      Stilley is entitled, at the least, to enter either a plea of "guilty" or "not guilty" as he may choose on the basis of a fair and reasonably complete understanding of the nature and cause of the accusations against him.  This is true no matter the nomenclature, for example pleas of "true" or "not true."

4.      Stilley firmly stands upon his right to enter an informed and voluntary plea at initial appearance, either personally or by and through counsel.  Even if initial appearance within the meaning of FRCrP 32.1(a)(2) is denied, the basic principle remains the same.

5.     Stilley cannot upon the bare reading of the amended petition to revoke now pending before the bar of the court understand the charges.

6.     Stilley cannot reasonably know and comprehend the facts that will be for all practical purposes deemed "admitted" by a guilty plea, or the evil intent to be relied upon by the Court in consideration of punishment.

7.     Apparently counsel for the government can't either.  They refuse to say what specific wrongful conduct Stilley would admit to, if he chose to "take a knee."

8.     Stilley is reasonably certain that he will be able to understand the charges, sufficient to enter an informed and voluntary plea, if he is given a chance to promptly and fairly confer with the appropriate US Probation Officer, in the preparation and submission to the Court, of a Presentence Investigation Report (PSR).  It matters not that such report may be denominated a "violation report." For purposes of this pleading, the term "PSR" should be construed to include a "violation report."  Any PSR, by whatever name, should include all information necessary for the statutory and rule based purposes of a PSR.

9.     More than 95% of all federal defendants ultimately plead guilty.

10.     Furthermore, statistically speaking more than 90% of all federal criminal defendants electing a trial, whether by jury or to the court, will be convicted of one or more counts of the indictment.

11.     Neither the government nor the US Probation nor the administration of justice will be prejudiced or disadvantaged in any material way, by the early production of a PSR, since a PSR is virtually always eventually required.

2

12.     An early PSR will contribute to judicial economy, inasmuch as it gives the defendant a better understanding of the true nature and cause of the accusation, the consequences of various findings of fact, and the government's theories of the case and their factual support.

13.     Stilley is statutorily and constitutionally entitled to a fair and speedy trial.

14.     The federal Speedy Trial chapter, in 18 USC 3161(h)(3)(A), excludes from speedy trial calculations "any period of delay resulting from the absence or unavailability of the defendant or an essential witness."

15.     The same chapter, in 18 USC 3162(b), provides punishment for counsel who knowingly allow a case to be set for trial without disclosing the fact that a "necessary" witness would be unavailable for trial.

16.     Stilley, and also the American public generally, are all beneficiaries of the right to speedy trial.   Stilley claims all such rights (whether statutory or constitutional) for himself.

17.     Stilley needs to know the identity of all witnesses known to or reasonably ascertainable by the government, so that neither Stilley nor his counsel (if any, and whether standby or not) will be liable for punishment for allowing a trial to be set despite the unavailability of any "essential" or "necessary" witness.

18.     Stilley respectfully claims and stands upon his constitutional right of compulsory process for witnesses favorable to the defense.

19.     Stilley has legal and equitable rights to evaluate witnesses known to the government, and their relevant personal knowledge, so as to determine for himself

3

whether are not such witnesses may have knowledge such that Stilley would need in order to fairly and effectively exercise his 6th Amendment constitutional right of compulsory process for witnesses in a criminal case.

20.     Stilley cannot well exercise his constitutional rights, and discharge his statutory obligations, without knowing the identity of witnesses known to the government, and the substance of their knowledge of facts material to this case, prior to the time that this court sets this case for trial.

21.     Federal criminal cases are routinely set for trial at the arraignment, or within a few days thereafter.  This case seems to be running faster than normal, with an attempt to cram everything into one hearing.

22.     Therefore, Stilley is constitutionally and statutorily entitled to knowledge of all witnesses known or believed by the government to have knowledge of facts material to the issues in this case, including but not limited to basic facts, facts establishing jurisdiction or venue, etc.

23.     Stilley is constitutionally entitled to plead according to his choice and informed decision making, whether "guilty" or "not guilty," without the threat of retaliation of any kind, including but not limited to threats of additional charges, more severe punishment, novel theories of prosecution, "plumping" of the facts, etc.

24.     Therefore Stilley respectfully requests that this Honorable District Court order the production of the PSR, with all deliberate speed, fairly and honestly upon the accusations in the indictment purportedly returned by the grand jury as well as the alleged violations of supervised release, and not otherwise.

4

25.     Stilley by signature below (whether personally or by and through counsel) agrees to such production of a PSR, and to its early disclosure to the District Court and other authorized persons.

26.     Stilley respectfully requests that the PSR be divided into parts that contain sensitive information about Stilley, and those that merely set forth the alleged offense conduct, etc.  Stilley requests that nothing be sealed except that which is required to protect the personal information of Stilley.

27.     Stilley respectfully requests that the District Court order and direct that the government refrain from any retaliation or adverse consequence whatsoever, based upon Stilley's election(s) with respect to any claims of constitutional right.

28.     Alternatively, Stilley respectfully requests an order commanding the government to disclose, within 5 days of the Court's order, the sum and substance of all threats, retaliation, or adverse consequences whatsoever, that the government may or will utilize in order to "incentivize" the Defendant's "waiver" or other surrender, relinquishment, or diminution of any constitutional right.

29.     Stilley needs this information in order to make an informed decision concerning his legal acts, including but not limited to his entry of a legally authorized plea, or later change of plea, in this criminal case, either personally or by and through counsel.  This request should not be construed to include any criticism of the open and honest rules providing for a 2 or 3 point reduction for acceptance of responsibility, assessed against fair, honest, evenhanded, and

disinterested calculations in the PSR.  Stilley can review these rules in various publicly available legal resources.

30.     Stilley has procured information presumably useful in the preparation of a PSR, based on his understanding of the general outline and the facts normally set forth in a PSR, in order to streamline the process and reduce the time and effort necessary to produce an early PSR.  Stilley stands ready and willing to expedite the process, reduce the burden on US Probation, etc., to the extent not unduly prejudicial to Stilley's constitutional and statutory rights.

31.     Stilley respectfully requests advance notice, at the earliest practicable time, of any unagreed facts for which the Defendant will not be permitted a determination by jury verdict, special verdict, interrogatories, or other findings of fact by the jury.

32.     Stilley claims the right to a jury trial, but only to the extent stated herein.

33.     Stilley claims a jury trial if he faces a potential *aggregate* incarceration in excess of the statutory maximum, with allowances for all vested good time.

34.     Stilley claims the right to know at the outset whether he faces potential aggregate incarceration in excess of the statutory maximum for the three counts of the purported indictment.

35.     Stilley also claims the right to a jury trial if the government proceeds on any theory except the theory stated not less than 6 times in various pretrial pleadings. Specifically, that theory is that Lindsey Springer earned money, and Stilley paid those earnings to him out of client funds.

36.     The pretrial theory is diametrically opposed to the "stealing" theory relied upon at sentencing, which should make it easy to prove Stilley's right to a judgment of acquittal, at any sentencing.

37.     Stilley respectfully requests guidance concerning the process and procedure for litigating disputes, should any arise, concerning findings of the PSR.

38.     Stilley respectfully requests formal advance notice of any intention by the Court to consider a potential upward variance or departure, and the reasons for same.  See *Irizarry v. US*, 553 US 708 (2008), which suggests that such a request is a suitable method of addressing the "distinction without a difference" between a "variance" and a "departure."  All the opinions in that case are important, including concurrences or dissents.

39.     Stilley hereby agrees to waive speedy trial as to those days necessary and proper for the expeditious preparation of an early PSR, including such time as the Court may deem appropriate for either resolving, or setting the framework for resolving, disputes with respect to fair characterization of the accusations of the indictment and any petition for warrant or summons.

40.     Stilley has a pending request for certiorari, 22A334.  Stilley was given a 60 day cure period by letter dated October 20, 2022. Stilley respectfully requests written assurances that he will not be incarcerated contrary to the language and intent of Supreme Court rule 36, which prohibits transferring the custody of a habeas litigant to his disadvantage.

41.     The government amended its petition for warrant or summons to allege a violation of supervised release for pleading the 5th Amendment.

42.     Stilley invited the government to produce citations showing that Stilley's 5th Amendment plea was not legally sound.  No such authorities were provided.

43.     In fact, the allegations of the amended petition for warrant or summons are totally frivolous and wholly without merit, to the extent that they claim a 5th amendment plea violates the terms of supervised release.

44.     Nothing within the standard or special conditions arrogates to the government the right to punish for exercise of a constitutional right.

45.     Stilley believes that upon being confronted with the case law, the government will have to concede that the 5th Amendment allegations are legally frivolous and unsupportable.  The best place to hash these things out is with an honorable US Probation officer preparing a PSR.

46.     To the extent not contrary to law or rule or Stilley's legal interests, Stilley incorporates all other motions and briefs filed on the same day as this pleading, as if set forth herein word for word.  Stilley reserves and claims the right to rely on any other part of the official record in the captioned case, from the filing of the first docket item forward, as defined by Federal Rule of Appellate Procedure (FRAP) 10(a), in support of his claims and arguments.

        WHEREFORE, Stilley respectfully requests that this Court order an early PSR, to be prepared as soon as reasonably practicable, conformably to the statutory and constitutional rights of Stilley as outlined herein, and otherwise; for an order

prohibiting the government from any retaliation or adverse consequence whatsoever, for the claim and exercise of any constitutional or statutory right; alternatively for prompt disclosure of all threats, retaliation, or adverse consequences that the government will or may use to "incentivize" the waiver of one or more constitutional or other legal rights whatsoever; for notice of the maximum punishment he faces under this or any subsequent petition for warrant or summons; for written notice of any potential upward variance or departure, and the reasons for same, as contemplated by the opinions in *Irizarry*, including but not limited to the dissent; for notice of the procedure and means for challenging findings of the PSR; for assurances that Stilley's access to the wherewithal to competently prosecute an appeal will not be diminished; and for such other and further relief as may be appropriate whether or not specifically requested.

### BRIEF IN SUPPORT OF MOTION

Stilley has made diligent efforts to ascertain the nature and cause of the accusation. Aric Holloway refuses to make further findings or clarifications. He claims the court has the right to impose a sentence which will, in the aggregate, exceed the maximum sentence for all three counts of conviction. Indeed he claims the Court could sentence Stilley to 2 years on each of three counts, to run consecutively for 6 years total incarceration. He provides no authority for this extravagant claim.

Prison time due to revocation proceedings is punishment **for the original crime**. *United States v. Haymond*, 869 F.3d 1153, 1165 (10th Cir. 2017)  Stilley can't see any legal way to exceed the statutory maximum sentence without a jury trial.  If the government and/or this Court see things differently, Stilley needs to know before making a plea or response.  Stilley at least needs a starting place, some case law that would arguably support the government's position.

The government has inquired about the possibility of a guilty plea (however denominated) but can't provide the slightest clarification of what a guilty plea means, or the max punishment.  They apparently plan to stand silent if Stilley pleads guilty.  The plan if Stilley doesn't plead is less clear, but Stilley assumes they'd have some arguments, and some case law to back up the arguments.

Stilley needs to know the possible consequences of a guilty plea.  Stilley is entitled to enter an *informed* plea, out of whatever choices the Court may offer.

This Court at the original sentencing found a Guideline Range of 121-151 months, then sentenced Stilley to 180 months.  When Stilley complained, the Court said that it was a variance, not a departure.

The US Supreme Court has suggested the process used here, to prevent unfair surprise, denial of constitutionally required notice, etc.  The dissent in *Irizarry v. United States*, 553 U.S. 708, 722 (2008) suggested as follows:

> … " If a presentence report includes a section on whether a variance would be appropriate under § 3553(a), that would likely eliminate the possibility that the district court would wind up imposing a non-Guidelines sentence for some reason *not previously identified*."
> (Emphasis in original)

Stilley doesn't know the Court's intentions.  The refusal to grant an unopposed motion for initial appearance does not bode well.

Stilley doesn't know what this Court perceives to be the statutory maximum. Stilley got exactly a year off his sentence, after accounting for vested Good Conduct Time from the Department of Justice-Federal Bureau of Prisons (DOJ-FBOP).

Stilley takes the position that the statutory maximum sentence in this case, without a jury, is one year.  "Statutory" must be taken in the light of all relevant statutes, not just one statute stating a general rule.

Stilley takes the position that if the government seeks to rely upon any theory of criminal liability save the pretrial theory, Stilley is entitled to a jury trial. Of course, even the government admitted that the pretrial theory couldn't possibly support a conviction.

Stilley would like to know the position of the government and the Court before entering a plea.  The best place for that is on a PSR.

Stilley has a pending petition for certiorari case at the US Supreme Court, 22A334. Rule 36(1.) of that Court states in pertinent part:

> Pending review in this Court of a decision in a habeas corpus proceeding commenced before a court, Justice, or judge of the United States, the person having custody of the prisoner may not transfer custody to another person unless the transfer is authorized under this Rule.

The gravamen of this rule is that a habeas petitioner generally is not to be subjected to conditions less favorable for the prosecution of the proceedings.  Stilley has inquired of the government about their intentions.

11

Stilley has asked if the government is willing to commit to either a stay pending appeal or home confinement.  Stilley spent two years on home confinement, and got along fine after he got away from an individual who withheld phone bills. Stilley has no doubt that his case manager at City of Faith halfway house in Little Rock, AR, would give him a good recommendation.

Stilley needs to know if he will be *assured* of access to common office software, internet access, competent legal resources, etc.  If that's under attack, Stilley needs to know up front, before he enters a plea.

At the original sentencing, this Court said at 466-467:

24 On the issue of remand, let me first say, gentlemen, that
25 I am fully cognizant of the seriousness of this question,

466
1 especially as it applies in your situation having invoked your
2 right, as you have, and it's an important right, to represent
3 yourselves. And I am fully cognizant of the fact that
4 incarceration may well have some impact on your ability to
5 proceed representing yourselves. **To the extent that the Court**
6 **can within the bounds of the law and common sense ameliorate**
7 **that, then I will be happy to consider anything that the Court**
8 **might properly address in that regard**.
(Emphasis added)

Stilley spent some 2 years on home confinement, without any damage to society.  Stilley wants assurance of a stay pending appeal.  However, if incarceration is imposed and that is denied, Stilley wants ***up front*** assurances that he will be allowed to return to home confinement so as to effectively pursue legal remedies at the 10th Circuit.

12

Stilley is asking the Court to keep its word.  The statutory scheme makes it really easy to do that.  Consider 18 USC 3583 (e)(4), which provides as one option on sentencing for a violation of supervised release:

> (4)  order the defendant to remain at his place of residence during nonworking hours and, if the court so directs, to have compliance monitored by telephone or electronic signaling devices, except that an order under this paragraph may be imposed only as an alternative to incarceration.

Stilley requests this early binding commitment for the three reasons.  One, without this commitment the District Court could intimidate Stilley into a less vigorous defense, lest he offend the District Court and bring down retaliation on himself.  Overt threats aren't required.  Everybody knows the fear in the back of Stilley's mind.

Two, without such an early commitment, the District Court *de facto* gives the government a nice big billy club useful primarily for extorting a false guilty plea.  Without assurances that his litigation capabilities will not be diminished, the ***relative*** appeal of a guilty plea is greatly enhanced.  The government gets an unlawful benefit pretrial.

Three, an order of incarceration in jail or prison simply devastates Stilley's ability to defend himself on appeal or in other proceedings, including but not limited to his 2255 petition.  Even if Stilley walks on eggshells, Stilley faces the possibility that his litigation capabilities will be utterly devastated.

The government amended the petition for warrant or summons to include allegations that Stilley violated supervised release by pleading the 5th Amendment.  The government's own exhibits will show that Stilley invited the government to

show any authority supporting their position.  Government Exhibits 2 and 4, in

each case at continuation page 2.

The government cited no authority because it can't.  The government's theory

is legally frivolous.  Consider the following extensive quotation from *United States*

*v. Richards*, 958 F.3d 961, 966-68 (10th Cir. 2020).

> … Here, neither the Government nor any other entity has threatened—
> explicitly or by implication—to revoke Defendant's supervised release if he
> refuses to answer a question during a polygraph examination on valid Fifth
> Amendment grounds. **Nothing in the record suggests the Government
> has attempted or intends "to take the extra, impermissible step" of
> compelling Defendant to incriminate himself.** *See Murphy*, 465 U.S. at
> 436. To the contrary, the Government affirms in its brief that "Defendant
> faces no risk of revocation based on validly asserting his privilege[ ] because
> such a revocation would be unlawful."
>> Nor does the polygraph condition, on its face, spell out that forbidden
>> penalty. The condition provides "[t]he results of [Defendant's] polygraph
>> testing . . . can be used in a violation proceeding in this criminal case." **It
>> does not follow from this language, however, that the condition
>> permits revocation of Defendant's supervised release based on his
>> refusal to answer polygraph questions on valid Fifth
>> Amendment grounds.** We do not read the district court's order to allow—
>> much less endorse—the imposition of such a **plainly unconstitutional**
>> penalty. *Cf. United States v. Mike*, 632 F.3d 686, 696 (10th Cir.
>> 2011) (interpreting conditions of supervised release narrowly so as not to
>> implicate significant liberty interests); *see also United States v. Davis*, 242
>> F.3d 49, 52 (1st Cir. 2001) (per curiam) (construing special condition
>> of supervised release to avoid Fifth Amendment concerns).
>> While Defendant would have preferred the polygraph condition to
>> include language ensuring the implementation of this requirement will
>> comply with the Fifth Amendment, the absence of such limiting language
>> does not render the condition unconstitutional or otherwise
>> infirm. *See United States v. Pabon*, 819 F.3d 26, 29, 34 (1st Cir.
>> 2016) (concluding polygraph-testing condition without limiting language did
>> not violate the Fifth Amendment because it did not require the defendant to
>> answer incriminating questions); *United States v. Lee*, 315 F.3d 206, 212 (3d
>> Cir. 2003) (same). ***The Fifth Amendment—not the terms of a special
>> condition—guarantees Defendant's privilege against self-
>> incrimination.*** Accordingly, Defendant remains free to legitimately exercise
>> his Fifth Amendment right without facing the risk that a valid assertion of

his privilege and refusal to incriminate himself during a polygraph examination will result in revocation of his supervised release.

  If, at a later date, the Government changes its position and threatens to revoke Defendant's supervised release based on his valid invocation of his privilege against self-incrimination during a polygraph examination, Defendant may raise a Fifth Amendment challenge at that time. *See United States v. Zinn*, 321 F.3d 1084, 1089 (11th Cir. 2003) ("By determining a challenge to the polygraph testing requirement to be generally ripe, however, we do not imply that all specific challenges to the *implementation* of this condition are necessarily ripe."). But until such an eventuality occurs (**and hopefully it never does**), we can only decide whether the challenged polygraph condition facially violates the Fifth Amendment. We conclude it does not.

(Emphases added)

Stilley made diligent effort, both orally and in writing, to explain his quandary and offer performance consistent with the government's interests and his own constitutional rights. The government has offered no brief or citations to authority for its position.

Nor could it. The government's position with respect to the 5th Amendment is *laughably* frivolous. *Of course* they want a guilty plea to their trick bag. *Of course* they don't want to explain or elucidate on anything. Explanation and legal support are contrary to their purposes.

Then in the future, rather than citing any legal authority, they would simply wave Stilley's false confession in his face, and threaten further consequences. They would say that "law of the case" requires Stilley to answer any and all questions, no matter how repugnant to the 5th Amendment.

For all these reasons the Court should order a qualified US Probation Officer of the OKND US Probation Office to prepare a PSR.

15

Respectfully submitted,

By: /s/ Oscar Stilley                     November 20, 2022
Oscar Stilley                                    Date
10600 N Highway 59
Cedarville, AR 72932-9246
479.384.2303 mobile
479.401.2615 fax
oscarstilley@gmail.com

## CERTIFICATE OF SERVICE

Defendant Stilley hereby certifies that on the date stated above he electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, thereby serving all persons having ECF privileges and entitled to service in this case.  Stilley does not have access to Lindsey Springer's physical address, email, and phone number, and thus cannot serve him.