IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA                                        PLAINTIFF

v.                                    Case No. 4:09-CR-043 SPF

OSCAR AMOS STILLEY                                              DEFENDANT

**DEFENDANT OSCAR STILLEY'S MOTION FOR DISCOVERY AND EVIDENCE, WITH INCLUDED SUPPORTING BRIEF**

Comes now Defendant Oscar Stilley (Stilley) and for his motion states:

1.      Stilley in written conversation with opposing counsel has asked for evidence.

2.      The government has turned over their witness and exhibit list, four exhibits to be admitted into evidence by the government, and a letter from Ryan Forsyth, Stilley's Supervising Probation Officer, to the Kory McClintock, a supervisory employee of Northern District of Oklahoma (OKND) US Probation.

3.      The government identified Ryan Forsyth as their only witness, in an email November 8, 2022, stating that if this changed Stilley would be notified.

4.      Ryan Forsyth has repeatedly denied that he even has the authority to decide whether or not to seek revocation proceedings against Stilley.

5.      Indeed Mr. Forsyth, in a letter to Kory McClintock dated 8-18-2022, asked her to ask "…whether Court action is appropriate at this time, or if Mr. Stilley should be granted 30 days to file a motion requesting to remove the electronic monitoring condition."

6.      No US Probation officer with authority to make such a decision has ever told Stilley that they actually decided to pursue revocation proceedings.

7.      The constitution guarantees Stilley the right to know the nature and cause of

the accusation, to confront his accuser(s), to have compulsory process for the

production of witnesses in his favor, etc.

8.      Stilley does not at the present time know the name of his accuser, or the

names of persons with information about this case.  Without this information,

Stilley cannot reasonably and effectively exercise his right to compulsory process.

9.       On information and belief, Stephen P. Friot is actually Stilley's accuser,

within the meaning of the law.

10.     Stilley seeks the following discovery and evidence.

1)  All memos or other writings reasonably falling within the ambit of FRCrP
    26.2, concerning potential testimony at any revocation proceeding, or the
    hearsay sources of same.  Stilley requests this early, not after the witness
    has testified.
2)  Any communications between the Court and the personnel of US
    Probation, (any office) concerning Stilley.
3)  All evidence against Stilley. This should include but not be limited to
    copies of all memos  from any employee of US Probation, to the Court,
    counsel, or another employee of US Probation, of and concerning Oscar
    Stilley and/or this prosecution.
4)  The source code for the computer monitoring software (IPPC Technologies,
    AKA NCPTC).  I request the complete source code for the software that
    you use on your machines, as well as the code put on the devices of
    supervisees.  I want to find out why it hogs resources and gives users the
    "blue screen of death."  I furthermore want to determine what this
    software can access and what it can't.
5)  Documents showing the full contact information of Lindsey Kent Springer,
    plus any documentation evidencing threats or inducements of any kind,
    against him attempting to contact me or communicate with me.

11.     During the underlying criminal investigation, federal agents lied to Stilley

about whether or not he was under criminal investigation.

12.    Based upon those lies, Stilley talked to government agents, and later testified to a grand jury.

13.    Had Stilley known he was under criminal investigation, he would have moved to quash the summons, pleaded the 5th Amendment, etc.

14.    Government agents lied to Stilley and got away with it.  Government agents stole money from Lindsey Springer and got to keep it.  The government has denied Stilley any good faith reason to believe uncorroborated claims by government agents.

15.    To the extent not contrary to law or rule or Stilley's legal interests, Stilley incorporates all other motions and briefs filed on the same day as this pleading, as if set forth herein word for word.  Stilley reserves and claims the right to rely on any other part of the official record in the captioned case, from the filing of the first docket item forward, as defined by Federal Rule of Appellate Procedure (FRAP) 10(a), in support of his claims and arguments.

**BRIEF IN SUPPORT OF MOTION**

The Federal Rules of Criminal Procedure (FRCrP) require the government to provide the supervisee with "the evidence against the person."  See e.g. FRCrP 32.1 (b)(2(B).

Revocations of supervised release are construed as punishments for the original crime.  This was done because any other theory would render proceedings to revoke supervised release flagrantly unconstitutional.

Stilley was told pretrial that the evil he committed consisted of paying Lindsey Springer for work done, out of client funds, at the directive of the clients. The work was constitutionally protected work, assisting the clients with due process, peaceful petition, and other constitutional rights.

At sentencing, Stilley was denounced as a thief, and sentenced on the theory that he helped Springer steal money from Stilley's clients.

Since we're here for yet another round of punishment for the original crime, Stilley needs to know which crime we're talking about. All have fatal flaws. The government abandoned its pretrial theories, under the purported indictment, because any conviction and punishment under said theories would be unlawful.

The theory of sentencing had not so much as a fig leaf pretense of compliance with the 5th Amendment right to indictment. The sentencing theory made a mockery out of just about everything the constitution says about the rights of a criminal defendant.

Stilley requests all the evidence listed above. It is Stilley's prerogative to decide what persons with knowledge he should call as a witness. It is his prerogative to make those decisions **_after_** getting all the government's evidence and carefully reviewing it.

WHEREFORE, Stilley respectfully requests an order commanding the government to turn over all evidence, records, computer files, and information sought herein;

4

and for such other and further relief as may be appropriate whether or not

specifically requested.


Respectfully submitted,


By: /s/ Oscar Stilley                         November 20, 2022
Oscar Stilley                                 Date
10600 N Highway 59
Cedarville, AR 72932-9246
479.384.2303 mobile
479.401.2615 fax
oscarstilley@gmail.com


## CERTIFICATE OF SERVICE

Defendant Stilley hereby certifies that on the date stated above he electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, thereby serving all persons having ECF privileges and entitled to service in this case.  Stilley does not have access to Lindsey Springer's physical address, email, and phone number, and thus cannot serve him.