AO 245D   (Rev. 10/17) Judgment in a Criminal Case for Revocations
Sheet 1

# UNITED STATES DISTRICT COURT

Northern District of Oklahoma

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| | ) | (For **Revocation** of Probation or Supervised Release) |
| **v.** | ) | |
| | ) | |
| OSCAR AMOS STILLEY | ) | Case Number: 09-CR-043-002-SPF |
| | ) | |
| | ) | USM Number: 10579-062 |
| | ) | |
| | | Oscar Amos Stilley, Pro Se |
| | | Defendants Attorney |

**THE DEFENDANT:**

☐ admitted guilt to violation of condition (s) _____ of the term of supervision.

☒ was found in violation of condition(s) Special Conditions after denial of guilt.

The defendant is adjudicated guilty of these violations:

| **Violation Number** | **Nature of Violation** | **Violation Ended** |
|---|---|---|
| Special Condition 3 | Failed to comply with Special Computer Restrictions Conditions | 08/10/2022 |
| Special Condition 9 | Failed to provide email account password or login and password information regarding Pay Pal account. | 11/21/2022 |

   The defendant is sentenced as provided in pages 2 through 8 of this Judgment. The sentence is imposed pursuant to the Sentencing Act of 1984.

☐ The defendant has not violated condition(s) _____ and is discharged as to such violation(s) condition.

   It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid. If ordered to pay restitution, the defendant must notify the Court and United States attorney of material changes in economic circumstances.

November 21, 2022
Date of Imposition of Judgment

*/s/ SP Friot*
Signature of Judge

Stephen P. Friot, United States District Judge
Name and Title of Judge

November 23, 2022
Date

AO 245D (Rev. 10/17) Judgment in Criminal Case for Revocations
Sheet 2 — Imprisonment

DEFENDANT: Oscar Amos Stilley Generation
CASE NUMBER: 4:09CR00043-2

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: Three months.

☐ The Court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

　☐ at _____  ☐ a.m. ☐ p.m. on _____.

　☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

　☐ before 2 p.m. on _____.

　☐ as notified by the United States Marshal.

　☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this Judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this Judgment.

UNITED STATES MARSHAL

By _____

DEPUTY UNITED STATES MARSHAL

AO 245D   (Rev. 10/17) Judgment in a Criminal Case for Revocations
Sheet 3 — Supervised Release

DEFENDANT:       OSCAR AMOS STILLEY
CASE NUMBER:     09-CR-043-002-SPF

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :   Thirty-three months.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☐ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245D    (Rev. 10/17) Judgment in a Criminal Case for Revocations
          Sheet 3A — Supervised Release

DEFENDANT:        OSCAR AMOS STILLEY
CASE NUMBER:      09-CR-043-002-SPF

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervision, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when to report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by the probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so.  If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity.  If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person, such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may, after obtaining Court approval, notify the person about the risk or require you to notify the person about the risk and you must comply with that instruction.  The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

AO 245D     (Rev. 10/17) Judgment in a Criminal Case for Revocations
            Sheet 3B — Supervised Release

DEFENDANT:      OSCAR AMOS STILLEY
CASE NUMBER:    09-CR-043-002-SPF

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall submit his person, residence, office or vehicle to a search, conducted by the United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

2. The defendant shall abide by the "Special Financial Conditions" previously adopted by the Court, as follows:

   a. The defendant shall maintain a checking account in the defendant's name and deposit into this account all income, monetary gains or other pecuniary proceeds, and make use of this account for payment of all personal expenses. All other bank accounts must be disclosed to the probation officer.
   b. The defendant shall not make application for any loan or enter into any credit arrangement, without first consulting with the probation officer.
   c. The defendant shall disclose all assets and liabilities to the probation officer. The defendant shall not transfer, sell, give-away, or otherwise convey any asset, without first consulting with the probation officer.
   d. If the defendant owns or maintains interest in any profit or nonprofit entity, you shall, upon request, surrender and/or make available for review, any and all documents and records of said profit or nonprofit entity to the probation officer.
   e. The defendant shall, upon request of the probation officer, complete a personal financial affidavit and authorize release of any and all financial information, to include income and tax return records, by execution of a Release of Financial Information form, or by any other appropriate means.

3. The defendant shall abide by the "Special Computer Restriction Conditions" previously adopted by the Court, as follows:

   a. The defendant shall disclose all e-mail accounts, Internet connections and Internet connection devices, including screen names and passwords, to the probation officer; and shall immediately advise the probation officer of any changes in his or her e-mail accounts, connections, devices, or passwords.

   b. The probation officer shall have authority to monitor all computer activity, to include all e-mail or Internet connections, to include but not limited to installation of remote monitoring software. Unless waived by the probation officer, the cost of remote monitoring software shall be paid by the defendant.

   c. The defendant shall not access any on-line service using an alias, or access any on-line service using the Internet account, name, or designation of another person or entity; and report immediately to the probation officer access to any Internet site containing prohibited material.

   d. The defendant is prohibited from using any form of encryption, cryptography, stenography, compression, password-protected files or other methods that limit access to, or change the appearance of, data and/or images.

   e. The defendant is prohibited from altering or destroying records of computer use, including the use of software or functions designed to alter, clean or "wipe" computer media, block monitoring software, or restore a computer to a previous state.

   f. If instructed, the defendant shall provide all personal and business telephone records and credit card statements to the probation officer.

4. While on supervision, the defendant shall cooperate with the IRS in preparing and filing true and correct income tax returns for any tax years since 1987 for which the defendant has not filed a tax return; cooperate with the IRS in civil proceedings to determine accurately his tax liabilities for the same years; establish a payment schedule with the IRS and pay all taxes, interest, and penalties owed in connection with his tax debt according to the payment schedule set by the IRS.

AO 245D    (Rev. 10/17) Judgment in a Criminal Case for Revocations
           Sheet 3B — Supervised Release

DEFENDANT:        OSCAR AMOS STILLEY
CASE NUMBER:      09-CR-043-002-SPF

5. The defendant shall not engage in any activity that would constitute the unauthorized or unlicensed practice of law, nor provide representation or services of any kind, advice, suggestions, or recommendations, whether paid or not, to any person or entity, public or private, other than immediate family members, with respect to any matter relating to federal or state taxation. The defendant will maintain no website that refers to any matter relating to federal or state taxation. The defendant will post no material of any kind on any website that refers to any matter relating to federal or state taxation.  The defendant will not file, without the expressed written permission of the Probation Office, any civil action relating to federal income tax.

6. The defendant shall not work directly or indirectly in any business, profession, or self-employment engaged in the offer, sale, purchase, trade, brokering, solicitation, or similar transactions with respect to any real property, securities or negotiable instruments.  The defendant will not engage in telemarketing activities, to include any telephone sales or other such business, campaign, venture, or transaction.  The defendant shall maintain employment.  All employment must be approved in advance by the Probation Officer.  The defendant shall abide by electronic monitoring, curfew requirements, and travel restrictions.

7. If instructed by the Probation Officer, the defendant shall provide originals or copies of all personal and business telephone phone records and all credit card, checking account and PayPal statements to the U.S. Probation Officer.

8. The defendant shall report to the Probation Officer the particulars, as specified by the Probation Officer, of all transactions consummated with a check cashing service. These reports shall be made within 10 calendar days after completion of any such transaction. The defendant shall refrain from transacting business with any check cashing service if so directed by the Probation Officer.

9. The defendant shall disclose all email accounts, Pay Pal accounts, internet connections and communication devises, to include all screen names and passwords.  Your use of email, internet connections, or an internet connection service will be restricted and/or monitored by monitoring software and otherwise, with the costs of remote computer monitoring to be paid by the defendant.  The defendant will be prohibited from accessing any on-line service using an alias or the internet account, name or designation or another person or entity.  The defendant will be prohibited from altering or using any form of encryption or other methods that limit access to, or change, the appearance of data or images.  The defendant will be prohibited from altering or destroying records of computer use.

**U.S. Probation Officer Use Only**

A U.S Probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this Judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions,* available at: www.uscourts.gov.

Defendant's Signature _____    Date _____

AO 245D   (Rev. 10/17) Judgment in a Criminal Case for Revocations
    Sheet 4 — Criminal Monetary Penalties

DEFENDANT:        OSCAR AMOS STILLEY
CASE NUMBER:      09-CR-043-002-SPF

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the Schedule of Payments set forth on Sheet 8.

| | **Assessment** | **JVTA Assessment*** | **Fine** | **Restitution** |
|---|---|---|---|---|
| **TOTALS** | | | | $815,874.93 |

☐  The determination of restitution is deferred until _____.
   An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss**** | **Restitution** | **Priority or Percentage** |
|---|---|---|---|
| As entered in the Judgment imposed April 23, 2010 | | | |
| **TOTALS** | $ _____ | $ 815,874.93 | |

☐  Restitution ordered pursuant to Plea Agreement   $ _____

☒  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the Judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐  The Court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐  the interest requirement is waived for the      ☐ fine    ☐ restitution.

   ☐  the interest requirement for the               ☐ fine    ☐ restitution is modified as follows:

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
**Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245D   (Rev. 10/17) Judgment in a Criminal Case for Revocations
     Sheet 5 — Schedule of Payments

DEFENDANT: OSCAR AMOS STILLEY
CASE NUMBER: 09-CR-043-002-SPF

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☒ Lump sum payment of $ 815,874,93 due immediately, balance due

 ☐ not later than _____ , or

 ☒ in accordance with  ☐ C,  ☐ D,  ☐ E, or  ☒ F below; or

**B** ☐ Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this Judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____, (e.g. 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay.

**F** ☒ Special instructions regarding the payment of criminal monetary penalties:

Any monetary payment is due in full immediately, but payable on a schedule to be determined pursuant to the policy provision of the Federal Bureau of Prisons' Inmate Financial Responsibility Program if the defendant voluntarily participates in this program. If a monetary balance remains, payment is to commence no later than 60 days following release from imprisonment to a term of supervised release in equal monthly payments of $50 or 10% of net income (take home pay), whichever is greater, over the duration of the term of supervised release and thereafter as prescribed by law for as long as some debt remains. Notwithstanding establishment of a payment schedule, nothing shall prohibit the United States from executing or levying upon property of the defendant discovered before or after the date of this Judgment.

Unless the Court has expressly ordered otherwise, if this Judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA Assessments, (8) penalties, and (9) costs, including cost of prosecution and court costs.