

FILED

DEC 1 9 2022

Mark C. McCartt, Clerk
U.S. DISTRICT COURT

IN THE US DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES                                                   PLAINTIFF

V.                          CASE NO. 4:09-CR-43 SPF

OSCAR STILLEY                                                   DEFENDANT

**MOTION TO EXTEND TIME TO PLEAD FURTHER REGARDING MODIFICATIONS AND CLARIFICATIONS OF THE CONDITIONS OF SUPERVISED RELEASE, AND ALSO FOR ORDER COMMANDING THE GOVERNMENT TO RESPOND SPECIFICALLY, PARAGRAPH BY PARAGRAPH, TO ALL MOTIONS FILED BY STILLEY ON OR ABOUT 11-20-2022, WITH INCLUDED BRIEF**

Comes now Defendant Oscar Stilley (Stilley) and for his motion states:

1. Stilley by order dated 11-23-2022 was accorded 21 days to supplement his pleadings requesting modifications and clarifications of the terms of supervised release. "Modification" should be construed to include abolition of all special conditions of supervised release. Whether this was the terms of the original judgment and commitment order (Dkt. 338) or the subsequent judgment and commitment order for 3 months, is not exactly clear.

2. The order, which Stilley does not have in hand, directs the parties to set forth the specific proposed language of remaining special conditions, if any.

3. Stilley lacks the resources to communicate with US Probation and the OKND US District Court's office, sufficiently to determine the points of contention (if any) and the matters that can be agreed.

1

Mail  ___No Cert Svc  ___No Orig Sign
___C/J  ___C/MJ  ___C/Ret'd  ___No Env
___No Cpy's  No Env/Cpy's  ___O/J  ___O/MJ

4. US Probation personnel admitted to Stilley that some of the special conditions were impossible of performance and should be at the very least redrafted to comport with the realities of the modern world.

5. By recollection, the J & C provided that at least some of the terms were applicable only to the extent that US Probation required same.

6. During the hearing November 21, 2022, Stilley and the US Attorney and US Probation reached an agreement with which the parties could live pending a final determination of the motion to modify, at the very least.

7. This Court essentially vetoed that agreement, conducted a revocation hearing, refused to grant a stay without making any findings of arguable points on appeal or flight risk, vetoed home confinement or other less harsh conditions of confinement, and remanded Stilley to the custody of the US Marshals.  The papers say "BOP" for Department of Justice-Federal Bureau of Prisons (DOJ-FBOP).  However, Stilley hears through the grapevine that he will probably do his time in jail because transfer won't occur within the duration of the confinement.  Thus he will be at least de facto in the custody of the US Marshals for this time period.

8. Stilley is currently in jail at David L. Moss Criminal Justice Center (DLMCJC).

9. DLMCJC limits legal resources to the extreme.  There are 2 computers with Microsoft Word, and 2 computers with Fastcase legal research software.

Inmates can't copy and paste from cases, for efficiency. Also this constricts the supply of computers on which to draft pleadings.

10. DL has about 1,500 inmates, except that on Tuesday, December 13, 2022, Stilley heard his Detention Officer (D/O) say it was 2,000. The computers are accessible to the inmates only about 30 hours per week total, often less.

11. Stilley was kept in his cell over 23 hours per day for the first 7 days of incarceration. Stilley was locked down again on December 7, 2022, as group punishment, allegedly because some inmates didn't sufficiently clean graffiti off the walls.

12. The manner and means of obstruction of constitutional rights are too many to list here.

13. Postage isn't sold, only stamped envelopes and $8.95 USPS flat rate envelopes.

14. Stilley has 3 law books and the OKWD and OKWD pleadings since the filing of the petition for summons or warrant to revoke. Stilley saw another inmate get a letter from Kansas City, MO, a week after the postmark, vastly more time than is allowed by reason and by the American Correctional Association (ACA) Standards and Expected Practices. Stilley has sent an electronic request and politely inquired of the D/Os, without success.

15. Stilley still doesn't have the appeal documents customarily sent when an appeal is filed, setting forth the case numbers, schedules, etc.

16. Therefore Stilley proceeds on the basis of his memory.  As this Court stated at trial, "it's never as good as you remember."

17. Stilley filed his notice of appeal by prison mailbox rule on Monday, December 5, 2022.

18. This district court was thereby divested of jurisdiction.  Stilley lacks the time to lay out the fine points and properly brief this claim.  This is the general rule.

19. Defendant files this motion out of an abundance of precaution.

20. Defendant seeks an extension of time up through and including 1-31-2023, to supplement his request to modify the special conditions of release, and clarify the operation of the standard conditions.

21. Unless Stilley gets some relief somewhere, he'll still have the same problems the last day of January.  However, he will do his best to acquire sufficient resources with which to perform the acts directed by the Court, by that date.

22. Stilley wrote the book "Busting the Feds: How to Effectively Defend Yourself Against Federal Criminal Charges." This is available for free from the home page of www.bustingthefeds.com.

23. Stilley is in the process of making an offer to donate 10 computers, peripherals, service, supplies, office supplies, etc., so as to allow due process to the inmates without any cost to the taxpayers.  Actually the taxpayers will reap massive economic benefits.

24. The poverty of Stilley doesn't matter because he has someone lined up to front the money. The inmates themselves will pay the costs, which will be drastically less than costs they currently pay. The costs can be paid in full, and more, by letting the inmates have phone and video phone services at half the current extortionate rates.

25. Stilley has appealed and needs a good record, to include the government's paragraph by paragraph responses to Docket numbers 744-750 inclusive.

26. If the result would be the same, there is no harm no foul if the government is commanded to answer paragraph by paragraph.

WHEREFORE, Stilley requests an extension of time to plead further concerning the issue of the specific modifications of special conditions sought, clarifications of special and standard conditions, etc., up through and including 1-31-2023; an order commanding the government to respond paragraph by paragraph to docket numbers 744-750 inclusive; and such other and further relief as may be appropriate whether or not specifically requested.

**BRIEF IN SUPPORT**

Stilley relies upon other pleadings and briefs since the filing of the first paper for revocation of supervised release. They arrived in the jail mailroom last week, but Stilley still can't get a copy. Stilley is operating from memory, which is a poor substitute for paper and ink and toner.

The general rule is that a notice of appeal generally divests a district court of jurisdiction. Stilley simply doesn't have the resources available to provide proper

5

cites and quotes.  Thus, he must decide where to economize and where to rely on hoary principles of the law, and hope for the best.  If Stilley is wrong he wants to know.

This Court wants to know the specific language that Stilley seeks, with respect to conditions of supervised release.  Stilley seeks clarification of the standard conditions, to the effect that they don't in actual practice result in the violation of any constitutional right or other legal right.  Stilley presumes this was the intent, since any other construction would place the standard conditions in constitutional doubt.

Stilley needs to have substantial discussions with US Probation and/or the attorneys assigned to this case, in order to determine the points of contention.  Otherwise Stilley might essentially impose upon himself a condition, or construction of a condition, that his opponents agree is improper.

Stilley doesn't have standby counsel and doesn't have any reasonable means to seek same.  Stilley has been informed of a possible impediment to Robert Burton IV, but at the close of the hearing was effectively denied any ability to follow up.

It is best to lock the barn door *before* the horse leaves the barn.  Likewise it is best to line up standby counsel first, then make decisions that might preserve or waste liberty.  It is passing strange to ask a man to serve hard time under the difficult conditions of jail, and then later invite him to explain why his liberty was wrongfully denied.

Stilley sought an extension of time with respect to issues of standby counsel. Stilley seeks the full panoply of constitutional rights. This Court bragged upon the expertise and professionalism of Burton. The Court paid him over $90,000, and said he was tempted to allow every penny.

With such a glowing testimonial, Stilley is reluctant to switch horses in the middle of the stream. Stilley hopes the Court will resolve the standby counsel issue first, then proceed with substantive matters. If an impediment is simple and fixable, it seems that the impediment should be removed.

Of course, Stilley also wants to make sure that this Court has jurisdiction over any matter before the Court. Good fences make good neighbors.

**CONCLUSION**

Certain preliminary matters should be taken up and decided, between both parties, with both parties having reasonable parity of resources. Anything less deprives due process, peaceful petition, etc. The extension Stilley seeks is warranted given the complexities of this case. As to motions denied, the government's paragraph by paragraph responses are needed for a good and sufficient record on appeal.

By: _____

Oscar Stilley, Inmate #1189798
David L. Moss Correctional Center
300 North Denver
Tulsa, OK 74103

12-13-2022
Date

7

## PRISON MAILBOX RULE CERTIFICATE OF SERVICE

Stilley by his signature above pursuant to 28 USC 1746 declares under penalty of perjury that on the date stated above he placed a copy of this pleading in the prison outgoing mail receptacle, with sufficient US postage attached, addressed to the Clerk of the Court for filing and service via CM/ECF.

Oscar Stilley 1189798
Tulsa County Jail
300 North Denver
Tulsa, OK 74103

TULSA OK 740

15 DEC 2022 PM 3 L

Postmark 12/15/22 BC

09-cr-43
US District Court Clerk
333 W. 4th Street
Suite 411
Tulsa, OK 74103

RECEIVED

DEC 19 2022

Mark C. McCartt, Clerk
U.S. DISTRICT COURT

74103-388199