IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA                                                PLAINTIFF

v.                                    Case No. 4:09-CR-043 SPF

OSCAR AMOS STILLEY                                                      DEFENDANT

**DEFENDANT STILLEY'S MOTION FOR AN ORDER STATING SPECIFICALLY WHAT LEGAL AUTHORITIES STILLEY'S MOTION (DKT. 774) VIOLATED, WITH OPPORTUNITY TO AMEND APPROPRIATELY; ALTERNATIVELY FOR AN EXTENSION OF TIME TO REPLY, WITH INCLUDED SUPPORTING BRIEF**

Comes now Defendant Oscar Stilley (Stilley) and for his motion states:

1.     This government opposes the relief sought herein.

2.     Stilley filed a motion for modification of conditions, stating specifically that he sought the striking of all the *special* conditions. Dkt. 750, esp. see para. 2, also the 1st clause of the prayer for relief on page 8.

3.     The Court gave Stilley 21 days to supplement, but promptly thereafter sent Stilley to jail. Stilley timely[1] filed a motion to extend this time, due to the jail's interference with his ability to prepare pleadings. The Court denied docket #750 without prejudice on the last day for supplementation. This left no time for mailing Stilley's motion from the jail.

4.     Stilley filed another motion after release from custody, stating specifically that he requested the modification of his conditions of supervised release by striking

---

[1]     Considering the prison mailbox rule.

all the special conditions. Dkt. 774. This would leave all the standard conditions in place.

5.  US Probation said they had no position as to Stilley's proposed modifications of supervised release, (2nd motion) striking all the special conditions and leaving the standard conditions in place.

6.  Stilley and Mr. Gallant had the following email exchange on February 27, 2023:

> Dear Jeff:
>
> I plan to file a motion to modify, to eliminate all the special conditions in my most recent judgment and commitment order. Can you tell me the government's position? If you can't agree to a wholesale removal of the special conditions, could you agree to the removal of part, for example the special computer restriction conditions?
>
> Thanks,
>
> Oscar
>
> His response was:
>
> Mr. Stilley:
>
> I hope you are doing well. I would prefer reviewing your filed motion and the precise modifications you are proposing before stating what the government's position will be with respect to specific modifications. I believe that would be a more efficient way to proceed.

7.  It can scarcely be denied that Stilley made his primary position clear, and that he asked the government's position with respect to a lesser included position.

8.  The government in its response (Dkt. 776) made no attempt whatsoever, to show a connection between any alleged offense of conviction and the special

conditions of supervision, whether "occupational restrictions" or otherwise. They only made oblique references to "Stilley's past criminal activity."

9. The government expanded the special conditions in its proposal. The government has not clarified its intentions as to the scope of its requested ability to seize computer devices based upon "reasonable suspicion."

10. Stilley's left knee is in bad shape and needs expensive medical care, a fact he disclosed to US Probation from the outset of supervision. It sometimes wakes Stilley up at night with pain. Stilley's left hip hurts, but he's not sure what's going on. Stilley on 4-10-2023 visited his doctor about his left knee. Doing three or four hours of manual labor leaves him with two or three days of additional pain. Stilley has an appointment scheduled with his doctor, to try to get it fixed. Stilley has no health insurance. The government knows this if it wants to, since it has a straight shot into any of Stilley's protected health information that comes up on his computer screen.

11. Thus Stilley is faced with the need for a large expenditure as well as time for recuperation, in order to be able to effectively work at manual labor. At the same time his degree in Administrative Management has been rendered virtually worthless.

12. Stilley's supervisor Patti Rush has made a declaration concerning the interests of REVAMP, with respect to the special conditions at issue. See Exhibit "1," attached hereto and incorporated herein as if set forth word for word. This declaration demonstrates that the current special computer conditions are

devastating to the legitimate interests of REVAMP, and that the proposed special conditions are even worse.

WHEREFORE, Stilley respectfully requests an order stating specifically what authorities Stilley violated with his motion, Dkt. 774; giving Stilley 14 days to file an amended motion; providing that the government will be ordered to respond fully and fairly to all arguments Stilley is not legally barred from making; alternatively, for a 10 day extension of time for reply, calculated from the date of the Court's order on this motion; and for such other and further relief as may be appropriate whether or not specifically requested.

## BRIEF IN SUPPORT OF MOTION

The Court in its order directing the government to respond included the following language:

> In responding, the government may disregard all matters in the motion, doc. no. 774, which question or challenge any aspect of the validity or legality of the underlying prosecution and convictions. The response need only address the questions raised in the motion with respect to the defendant's conditions of supervision. **The defendant, Oscar Amos Stilley, is warned that the filing of additional pleadings challenging any aspect of his underlying convictions may cause the court to impose filing restrictions.**
> (Emphasis in original)

The government apparently concludes that any attempt to show a relationship between special conditions and the "offense of conviction" *necessarily*

4

questions or challenges the legality or validity of the underlying prosecution and conviction. The government made not the slightest effort to show any relationship between their proposed special conditions and the offense of conviction, as required by USSG 5F1.5.

The original motion for modification (Dkt. 750) is primarily based on the same premises as Docket 774. The main difference is that for Docket 774, the Court had picked a theory of criminal liability. Stilley showed that in addition to all the vices previously pointed out, this theory violates the doctrine of judicial estoppel.

If the Court planned to excuse the government from a meaningful response, why not say something when the original motion was filed, or when it was dismissed?

The 1st Amendment to the US Constitution guarantees the right of peaceful petition. Nobody has explained to Stilley how or why pointing out errors in a ruling is excluded from that constitutional protection.

Litigiousness alone will not support an injunction restricting filing activities. *In re Oliver,* 682 F.2d at 446; *Pavilonis v. King,* 626 F.2d 1075, 1079 (1st Cir.), *cert. denied,* 449 U.S. 829, 101 S.Ct. 96, 66 L.Ed.2d 34 (1980); *Castro v. United States,* 775 F.2d at 408; *Ruderer v. United States,* 462 F.2d 897, 899 (8th Cir.), *cert. denied,* 409 U.S. 1031, 93 S.Ct. 540, 34 L.Ed.2d 482 (1972).

There is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious. *Phillips v. Carey,* 638 F.2d 207, 208 (10th Cir.), *cert. denied,* 450 U.S. 985, 101 S.Ct. 1524, 67 L.Ed.2d 821 (1981). However, neither the

government nor this Court has ever declared or tried to prove that Stilley's underlying motion is frivolous or malicious – or even wrong. On the contrary, this Court explicitly stated an intent to take a hard look at the special conditions.

Filing restrictions must be narrowly tailored. *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1994) That necessarily requires an accurate statement of what the filer has done wrong in the past. Someone has to plead and prove "the particular abusive behavior involved." *Id*.

Furthermore, the government as Stilley's adversary should be the party to attack on such grounds. The burden should be on the government, and the government should have to file a motion seeking relief. The Court should rule between competing arguments about whether a pleading is frivolous or malicious,[2] stating specifically why, with legal authorities in support.

The 10th Circuit set forth the rules for filing restrictions at *In re Raiser*, 243 F. App'x 376, 378 (10th Cir. 2007), as follows

> "[I]njunctions restricting further filings are appropriate where the litigant's **lengthy and abusive history** is set forth; the court provides **guidelines** as to what the litigant may do to obtain its permission to file an action; and the litigant **receives notice and an opportunity to oppose the court's order before it is implemented**." *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007) *Id*. At the time of the initial order, by the Chief Judge's admission, Mr. Raiser's reply had been misplaced and thus was not considered. This lack of notice and opportunity to respond was not cured by the subsequent order, which was entered after Mr. Raiser filed his notice of appeal and after the district court was divested of jurisdiction. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982). We reverse the district court's restriction order and remand for further proceedings. As for Mr. Raiser's attempted appeal of the district court's denial of the motion to recuse, we dismiss for lack of jurisdiction.

---

[2]  Assuming that this is the legal theory relied upon.

(Emphases added)

This is what the Court would have to do to enter an effective order containing filing restrictions. Stilley acknowledges that no "show cause" order has been entered, at this time. Stilley is simply asking that the Court, by and through proper procedures, give him notice of what he has done wrong, with authorities, along with an opportunity for cure. How often does a true "abusive filer" request the specifics of his alleged wrongful conduct, with authorities, and opportunity for cure?

This Court has stated specifically that Stilley is well able to express himself in writing. This Court understands the fine distinctions of the law, for example the right of a criminal tax defendant to testify about his good faith *beliefs* concerning the law, even though a direct statement of what the law says would be objectionable. Yet Stilley is left to guess about *what specifically* he included in his pleading, that the Court thinks is not constitutionally protected as peaceful petition.

This Court at the hearing 11-21-2022 *explicitly* stated that Stilley had a right to file a motion for modification of conditions. Federal statutes say the same thing. For whatever reason, neither the Court nor the government is willing to acknowledge that Stilley requests the removal of *all* the special conditions. Without controversy that is a "modification" of the conditions of supervised release.

Stilley is not trying to make this motion do service for an appeal. He is currently pursuing an appeal through the proper channels. Stilley is setting forth record facts and law that establish that his position is correct. The relief that he seeks does not include any effort to set aside the criminal judgment altogether.

Stilley has already shown that this Court issued an order with a dispositive motion deadline. *After* that deadline, the government came up with the "theft theory," saying that absent that theory the jury would have acquitted.

The government and the Court complain that Stilley didn't object to the special conditions in the objections that he filed, long after the dispositive motion deadline previously mentioned.

If the arguments that Stilley makes today, in both of his motions for modifications, are *ipso facto* attacks on the "validity or legality" of the prosecution and convictions, why weren't they barred by the original dispositive motion deadline order? How could the Court criticize Stilley for that failure *then*, and *de facto* bar Stilley from making the same arguments today?

We should not forget that the special conditions Stilley attacks were entered 11-22-2023, while Stilley was in jail. The government at the hearing the day before didn't even ask the Court for additional supervision. One can scarcely argue that these questions have already been fully and fairly litigated.

Please note what was sought in the prayer for relief. Stilley didn't seek to set aside the judgment and commitment order. Stilley didn't seek to set aside all the conditions of supervision, or to terminate supervised release altogether. He asked that the *special* conditions be stricken, and that all information gained thereby be destroyed. Dkt. 774, pg. 5.

Suppose Stilley was able to show, to the Court's satisfaction, that the special conditions or some of them did not bear the required relationship to the "offense of

conviction," *without* the ancillary effect of impugning the judgment of conviction or some count thereof altogether. Presumably the Court would strike those special conditions, even if that left nothing but standard conditions of supervision.

How then can a judgment that is impugned as an *ancillary effect* of demonstrating a lack of the required relationship between the special conditions and the offense of conviction, have *greater* power than a conviction the validity of which *nobody questions*?

This isn't a reply, and Stilley doesn't waive reply. This is a motion requesting a ruling on specifically what he did wrong, in docket 774, with reasonable time and opportunity to cure if he so chooses. In fairness this should be done as an adversary proceeding.

If this is denied, Stilley seeks a 10 day extension of time for the filing of his reply, calculated from the date of the Court's order on this motion.

**CONCLUSION**

Stilley should be informed in a lawful way, through proper procedures and consistent with due process, what he did wrong in Docket 774, and what must be removed in order to make it a pleading that he has a legal right to file. Stilley should be accorded a reasonable time and opportunity to cure any specific defects.

If this relief is denied, Stilley should be accorded 10 days from the Court's order, to file a reply to the government's response.

Respectfully submitted,

By: /s/ Oscar Stilley                          April 10, 2023
Oscar Stilley                                   Date
10600 N Highway 59
Cedarville, AR 72932-9246
479.384.2303 mobile
479.401.2615 fax
oscarstilley@gmail.com

CERTIFICATE OF SERVICE

Defendant Stilley hereby certifies that on the date stated above he electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. Stilley's US Probation Officer has objected to Stilley's service of district court pleadings on Lindsey Springer, and said that he will inquire of counsel for the government for guidance on that matter. At the present time, it is Stilley's understanding that he is not permitted to serve this pleading on Springer.