IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA                                                         PLAINTIFF

v.                                     Case No. 4:09-CR-043 SPF

OSCAR AMOS STILLEY                                                              DEFENDANT

## DECLARATION OF PATTI RUSH

I Patti Rush declare as follows:           Exhibit "1"

1. I am of legal age and make this declaration based on personal knowledge of the matters stated herein.

2. I am President of REVAMP (Remember Every Victim and Missing Person in US, Inc.). REVAMP is a non-profit corporation, the office of which is in Fort Smith, Arkansas. REVAMP provides support and services for persons adversely affected by unsolved murders and missing persons cases. REVAMP gets calls from across the United States, and hopes to build effective networks for getting useful information over a wide geographical area.

3. REVAMP employs Oscar Stilley as an Administrative Assistant. Stilley is REVAMP's sole paid employee.

4. When US Probation stated that it had no position concerning Stilley's requested relief, I concluded that I probably wouldn't need to get involved, to ensure a satisfactory result.

5. Earlier in these proceedings, I inquired of two attorneys about the possibilities of legal action to protect REVAMP's interests.

6. Although I have discussed matters with Stilley and asked him to assist in writing, this statement is my own, made for the purpose of protecting the legitimate interests of REVAMP. I understand that this declaration will be submitted as an exhibit in support of a request for a court declaration of what Stilley did wrong in his second request to modify special conditions (Dkt. 776), with a further request for permission to amend his pleading so that it does not violate any law or rules.

7. I have reviewed the government's proposed language for an order of modification of the special conditions of supervised release.

8. The computer restrictions now imposed upon Stilley are devastating to the reasonable and legitimate interests of REVAMP. The proposed new conditions are even worse.

9. Stilley on April 3, 2023 sent an email to Jeff Gallant, explaining that he didn't understand the intent of certain language concerning the use of computers at REVAMP.

10. Mr. Gallant responded by email to say that no proposed order was submitted, but made no attempt to clarify what he intended to say, concerning the right of US Probation to seize certain computers, under certain circumstances. Mr. Gallant will not talk to Stilley on the phone.

11. I tried to call Mr. Gallant, but was informed through another party that this wasn't deemed appropriate.

12. I can't see any other reasonable way to protect the legitimate interests of REVAMP, except a declaration such as this one. I haven't been informed of a clear and definite path for a private entity to formally intervene in a criminal case.

13. REVAMP has secured the services of Stilley for minimum wage ($11 per hour in Arkansas) for the minimum hours (30 per week). In other words, REVAMP has the most favorable possible arrangement, for an employee under the supervision of US Probation.

14. REVAMP is well satisfied with Stilley, and considers him a valuable asset. We believe that we are close to being able to procure the prosecution of a recent homicide, based on information coming from a jail a considerable distance from the county where the death occurred. Stilley took the case and pursued it diligently.

15. The cost of monitoring, approximately $70 per month for two devices, is for all practical purposes a tax on the operations of REVAMP. Everyone understands that Stilley is working as cheaply as he can, and that added expenses mean he has to have additional money

16. REVAMP's board members, volunteers, and supporters are uniformly opposed to the government's proposed special conditions of supervised release.

17. As I read the proposed order, it would force REVAMP to ask for and receive permission before Stilley works on any computer at the Fort Smith office. US Probation would have the power to seize the specified computer on the basis of "reasonable suspicion." The proposed amended special conditions make it clear that

Stilley must warn other users that the devices may be subject to search pursuant to this condition. Stilley couldn't use any other computers.

18. Professional Security, Inc., has been kind enough to share an office, and permit us to use their address, as the principal address of REVAMP. REVAMP owns no computers. Volunteers and board members use their own devices for REVAMP's purposes. Therefore, the proposed special conditions would require REVAMP to buy, set up, and maintain a separate computer for use at the office. At the same time, that computer would be subject to seizure. Professional Security, Inc., would be forced to concede the power of US Probation to enter and seize any such computer. Professional Security, Inc., finds these conditions intolerable. The government's "solution" is expensive, cumbersome, and creates more problems than it solves.

19. I don't recall the search condition from negotiations in court 11-21-2022, or in Mr. Gallant's statement to the Court, concerning the agreement. However, after the hearing, US Probation said that no agreement was in effect, in light of other events of that day.

20. State investigative agencies often share records with us, on condition that we keep the information strictly confidential. We agree to this in advance, which means that Stilley would have to be "fenced out" of this information. Based on past conversations, we wouldn't even be willing to ask them to tolerate the conditions proposed by the government.

21.     Most people are at least nervous about communicating with someone whose computer is monitored by an agency of the federal government.  Plus, in fairness I have to explain this to all contacts, before suggesting that they contact REVAMP's Administrative Assistant.

22.     The government has apparently construed the last sentence of this Court's order, Docket 775, as excusing them from any need to show a relationship between Stilley's special conditions and the offense of conviction, of the kind and to the degree required by the USSG 5F1.5.

23.     It seems reasonable to REVAMP for Stilley to be permitted to plead to the fullest extent of the 1st Amendment right of peaceful petition.  Then the Court could order the government to fully and fairly respond to the entire pleading, including but not limited to challenges based on USSG 5F1.5.

24.     REVAMP's interests do not extend beyond the special conditions of supervision, especially but not limited to those which qualify as "occupational restrictions."  REVAMP has no position one way or another about anything else.  REVAMP is confident that Stilley can and will comply with the standard conditions of supervision.

Pursuant to 28 USC 1746, I declare under penalty of perjury that the foregoing is true and correct.

By: /s/ Patti Rush                                   4-10-2023
Patti Rush, President                            Date
REVAMP