IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Case No. 09-cr-0043-2-SPF |
| | ) | |
| OSCAR AMOS STILLEY, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER MODIFYING SPECIAL CONDITIONS OF SUPERVISION

In accordance with the order entered on this date, addressing the special conditions of supervised release applicable to the defendant Oscar Amos Stilley, it is **ORDERED** that, effective with the entry of this order, Mr. Stilley's special conditions of supervision are modified to read as follows (in their entirety):

SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall submit his person, property, residence, office, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(l)), electronic communication devices, data storage devices, or media, to a search, conducted by the probation officer at a reasonable time and in a reasonable manner, based on a reasonable suspicion of contraband or evidence of a violation of a condition of release (except as set forth in the computer and monitoring condition (Paragraph 7). Failure to submit to a search may be grounds for revocation. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition.

2. The defendant shall abide by the "Special Financial Conditions" previously adopted by the Court, as follows:

    a. The defendant shall maintain a checking account in the defendant's name and deposit into this account all income,

    monetary gains or other pecuniary proceeds, and make use of this account for payment of all personal expenses. All other bank accounts and other financial accounts must be disclosed to the probation officer.

    b. The defendant shall not make application for any loan or enter into any credit arrangement, without first consulting with the probation officer.

    c. The defendant shall disclose all assets and liabilities to the probation officer. The defendant shall not transfer, sell, give-away, or otherwise convey any asset, without first consulting with the probation officer.

    d. If the defendant owns or maintains interest in any profit or nonprofit entity, the defendant shall, upon request, surrender and/or make available for review, any and all documents and records of said profit or nonprofit entity to the probation officer.

    e. The defendant shall, upon request of the probation officer, complete a personal financial affidavit and authorize release of any and all financial information, to include income and tax return records, by execution of a Release of Financial Information form, or by any other appropriate means.

3. While on supervision, the defendant shall cooperate with the IRS in preparing and filing true and correct income tax returns for any tax years since 1987 for which the defendant has not filed a tax return; cooperate with the IRS in civil proceedings to determine accurately his tax liabilities for the same years; establish a payment schedule with the IRS and pay all taxes, interest, and penalties owed in connection with his tax debt according to the payment schedule set by the IRS.

4. The defendant shall not engage in any activity that would constitute the unauthorized or unlicensed practice of law, nor provide representation or services of any kind, advice, suggestions, or recommendations, whether paid or not, to any person or entity public or private other than immediate family members, with respect

to any matter relating to federal or state taxation. The defendant will maintain no website that refers to any matter relating to federal or state taxation. The defendant will post no material of any kind on any website that refers to any matter relating to federal or state taxation without the prior expressed approval of the probation officer. The defendant will not file, without the expressed written permission of the probation officer, any civil action relating to federal income tax.

5. The defendant shall not work directly or indirectly in any business, profession, or self-employment engaged in the offer, sale, purchase, trade, brokering, solicitation, or similar transactions with respect to any real property, securities or negotiable instruments. The defendant will not engage in telemarketing activities to include any telephone sales or other such business, campaign, venture, or transaction. The defendant shall maintain employment. All employment must be approved in advance by the probation officer. The defendant shall abide by electronic monitoring, curfew requirements, and travel restrictions.

6. If instructed by the probation officer, the defendant shall provide originals or copies of all personal and business telephone phone records and all financial account information, including, but not limited to credit card, checking account, PayPal or other online payment systems, statements, to the probation officer.

7. The defendant shall abide by the following computer restrictions and monitoring conditions:

    a. The defendant shall disclose all electronic communications devices, data storage devices, e-mail accounts, internet connections and internet connection devices, including screen names, user identifications, and passwords, to the probation officer; and shall immediately advise the probation officer of any changes in his email accounts, connections, devices, or passwords.

    b. The defendant shall agree to the installation of software designed to monitor activities on any computer, smart phone, tablet, and/or other electronic device the defendant is

3

    authorized to use, except any device that he uses as part of his employment at REVAMP if such usage has been approved by the U.S. Probation Office.  This may include, but is not limited to, software that may record any and all activity on the computer, smart phone, tablet, and/or other devices the defendant may use, including the capture of keystrokes, application information, Internet use history, e-mail correspondence, and chat conversations.  The defendant shall consent to unannounced examinations of any authorized computer, smart phone, tablet, and/or other device, and/or to the removal of any authorized computer, smart phone, tablet, and/or other device conducted by the U.S. Probation Office, so long as such examinations and/or removal are conducted at a reasonable time and in a reasonable manner based on a reasonable suspicion of any violation of conditions of supervised release for the purpose of conducting a more thorough inspection.  The defendant shall pay any costs related to the monitoring service.  Additionally, the defendant shall warn other people who use these devices that the devices may be subject to searches pursuant to this condition.

c. The defendant shall not access any on-line service using an alias, or access any on-line service using the internet account, name, or designation of another person or entity; and shall report immediately to the probation officer access to any internet site containing prohibited material.

d. The defendant is prohibited from using any form of encryption, cryptography, stenography, compression, password protected files or other methods that limit access to, or change the appearance of, data and/or images without permission of the probation officer.

e. The defendant is prohibited from altering or destroying records of computer use, including the use of software or functions designed to alter, clean or "wipe" computer media, block monitoring software, or restore a computer to a previous state.

8. The defendant shall not lease, maintain, or share a post office box, mail drop, or any other repository for mail or package delivery, without prior written permission of the probation officer.

The standard conditions of supervision, doc. no. 338, p. 3, remain in effect as originally imposed.

DATED this 13th day of April, 2023.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

09-0043p184 (Stilley) .docx