IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA                                  PLAINTIFF

v.                          Case No. 4:09-CR-043

OSCAR AMOS STILLEY                                       DEFENDANT

**DEFENDANT'S RESPONSE IN OPPOSITION TO MOTION TO WITHDRAW, WITH INCLUDED SUPPORTING BRIEF**

Comes now Defendant Oscar Stilley (Stilley) and for his response to Docket #799, a motion to withdraw as counsel, and states:

1. Charles O'Reilly, counsel for the government, filed a motion to withdraw Jeffrey Gallant, under the most suspicious circumstances.

2. That motion was granted the same day, before Stilley was able to file a response in opposition.

3. Stephanie Ihler, an Oklahoma Bar licensed attorney, entered her appearance in this case today.

4. Less than two hours later she filed a motion to withdraw as counsel.

5. It is painfully obvious that Charles O'Reilly seeks to rid this case of any attorney who has 1) taken the oath of office as an Oklahoma attorney, and 2) who has a conscience, a moral compass, and legal ethics.

6. Stilley objects to any order granting withdrawal, unless and until some other Oklahoma Bar licensed attorney enters appearance in this case.

WHEREFORE, Stilley respectfully requests that the Court deny the motion to withdraw; and for such other and further relief as may be appropriate whether or not specifically requested.

### BRIEF IN SUPPORT OF MOTION

The local criminal rules require counsel to inquire of the opposing party, and to state whether there is an objection. The rule reads as follows:

**LCrR47-4 Statement of Objection.**

A motion must state on the first page whether it is opposed. If opposed, the motion must recite whether concurrence was refused or explain why concurrence could not be obtained. A motion that fails to recite concurrence of each party may be summarily denied.

Mr. O'Reilly knows that Stilley would oppose this motion. Stilley complained to the court's personnel and to Mr. O'Reilly, about the removal of Jeffrey Gallant as local counsel. Stilley has made it abundantly clear that he wants at least one lawyer on the prosecution team who has raised his or her right hand and sworn the [Oath of Office of Oklahoma Attorneys,](#) which reads as follows:

> You do solemnly swear that you will support, protect and defend the Constitution of the United States, and the Constitution of the State of Oklahoma; **that you will do no falsehood or consent that any be done in court**, and *if you know of any you will give knowledge thereof to the judges of the court, or some one of them, that it may be reformed*; you will not wittingly, willingly or **knowingly promote**, sue, or procure to be sued, **any false or unlawful suit, or give aid or consent to the same**; you will delay no man for lucre or malice, but will act in the office of attorney in this court according to your best learning and discretion, with all good fidelity as well to the court as to your client, so help you God.
> (Emphases added)

Despite much effort, nobody at the US Attorney's office would tell Stilley why Gallant left or provide his contact information. Nor would the Oklahoma Bar Association. O'Reilly now tries to convince Stilley that Gallant retired without formally withdrawing from this case.

## CONCLUSION

This Court should deny any withdrawal of counsel that leaves the prosecution team without at least one attorney who has taken the oath of an Oklahoma attorney.

Respectfully submitted,

By: /s/ Oscar Stilley          October 23, 2024
Oscar Stilley                  Date
10600 N Highway 59
Cedarville, AR 72932-9246
479.384.2303 mobile
oscarstilley@gmail.com

## CERTIFICATE OF SERVICE

Defendant Stilley hereby certifies that on the date stated above he electronically filed the foregoing with the Clerk of the Court by using the electronic filing system, thereby serving all persons having electronic filing privileges and entitled to service in this case.