IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA                                                      PLAINTIFF

v.                            Case No. 4:09-CR-043 SPF

OSCAR AMOS STILLEY                                                      DEFENDANT

**DEFENDANT OSCAR STILLEY'S MOTION FOR AN INITIAL APPEARANCE, WITH INCLUDED SUPPORTING BRIEF**

Comes now Defendant Oscar Stilley (Stilley) and for his motion states:

1. Stilley on October 30, 2024 sent Charles Anthony O'Reilly a letter outlining certain motions that he planned to file.

2. Mr. O'Reilly responded with a blanket objection to all Stilley's motions.

3. This Court has set a November 13, 2024 hearing for revocation and sentencing. No specific mention was made of an initial appearance as required by applicable rules.

4. FRCrP 32.1(a)(2) requires an initial appearance before a magistrate judge.

5. The local criminal rules require a initial appearance in revocation proceedings, and other provisions imply that this right will be respected.

6. Various constitutional, statutory, and rule-based protections require as a practical matter that an initial appearance be conducted.

7. Stilley cannot comply with the rules related to witnesses and subpoenas *duces tecum*, nor exercise his right to compulsory process, without an initial hearing and a determination of which facts are contested and which are not.

8. An initial appearance must be set and conducted a reasonable time prior to any revocation hearing, in order to make the underlying constitutional rights meaningful.

9. Stilley has no job and no regular pay.

10. The trip to Tulsa takes about 2 hours. Stilley drives an old car. In case of any trip in which immediate remand is a possibility, however remote, prudence dictates bringing a driver, to ensure that the car doesn't get impounded.

11. Early afternoon settings will allow Stilley to reasonably make the trip without overnight accommodations, the cost of which Stilley can ill afford.

12. Fortunately, the OKND Local Criminal Rules provide that such initial appearances should be conducted in the afternoon – just not quite as late in the afternoon as the rules of the OKWD.

13. Mr. O'Reilly is already planning to come to Tulsa on November 13, 2024, and thus should not be inconvenienced by an initial appearance the same day, at or about the time initial appearances are normally scheduled. See LCR5-1, Time and Place of Initial Appearance.

14. Repetition of all authorities into each motion filed with respect to this second revocation petition would unduly lengthen the record, and increase the tedium for the parties, counsel, and judicial officers. Therefore Stilley relies on all other pleadings filed in this case, especially but not limited to those filed with respect to this second revocation petition.

15. Stilley submits herewith a brief in support.

WHEREFORE, Defendant requests that the revocation trial for November 13, 2024 be cancelled, and that an initial hearing be if practicable scheduled for some time between 1:00 and 2:00 PM the same day, otherwise at a convenient time with reasonable advance notice to the parties; and for such other and further relief as may be appropriate whether or not specifically requested.

Respectfully submitted,

By: /s/ Oscar Stilley            November 4, 2024
Oscar Stilley                  Date
10600 N Highway 59
Cedarville, AR 72932-9246
479.384.2303 mobile
oscarstilley@gmail.com

## BRIEF IN SUPPORT OF MOTION

FRCrP 32.1(a)(2) requires an initial appearance for persons summoned to answer for an alleged violation of the terms of supervised release. Other provisions of this rule set forth requirements that demonstrate clearly that the purposes of the rule require an initial hearing a reasonable time prior to any revocation or sentencing hearing. Pertinent parts of this rule are set forth below:

> 2) *Upon a Summons.* When a person appears in response to a summons for violating probation or supervised release, a **magistrate judge** must proceed under this rule.
> (3) *Advice.* The ***judge must inform the person*** of the following:
> (A) the alleged violation of probation or supervised release;
> (B) **the person's right to retain counsel or to request that counsel be appointed if the person cannot obtain counsel**; and
> (Emphases added)

Further information is at FRCrP 32.1(a)(5), as set forth below:

3

> (5) *Appearance in a District Lacking Jurisdiction.* If the person is arrested ***or appears** in a district that does not have jurisdiction* to conduct a revocation hearing, the **magistrate judge** must:
> (A) if the alleged violation occurred in the district of arrest, **conduct a preliminary hearing under Rule 32.1(b) and either**:
> (i) transfer the person to the district that has jurisdiction, if the judge finds *probable cause to believe that a violation occurred*; or
> (ii) **dismiss the proceedings and so notify the court that has jurisdiction, if the judge finds no probable cause to believe that a violation occurred;** or
> (B) *if the alleged violation did not occur in the district of arrest*, transfer the person to the district that has jurisdiction if:
> (i) the government produces certified copies of the judgment, warrant, and warrant application, or produces copies of those certified documents by reliable electronic means; and
> (ii) the judge finds that the person is the same person named in the warrant.
>
> (Emphases added)

It is undeniable that Stilley's "crimes," if any exist, happened outside the OKND. However, the petition to revoke was filed in the OKND. The initial appearance (of whatever character and by whatever name) will happen in the OKND. At the present time it is scheduled for November 13, 2024 at 10:00 AM.

Stilley has a right to present **to a magistrate** proof that no violations have occurred. That's protective **process** guaranteed by the 5th Amendment. The Federal Rules of Criminal Procedure have the force of law. Stilley is entitled to rely upon said rules. Stilley is entitled to an initial appearance in which he may make his arguments and get rulings.

The OKND local rules make it clear that the first hearing on a revocation petition is 1) conducted by a magistrate, and 2) an "initial appearance" as contemplated by FRCrP 32.1(a)(2). Consider the following OKND local rule:

4

## LCrR32.1 – Revoking or Modifying Probation or Supervised Release

**LCrR32.1-1 Revocations.**
The Clerk of Court should file under seal any petition and order for warrant or **summons for a violation of** pretrial release, probation, or ***post-conviction supervised release*** and shall seal the subsequent warrant or summons issued. Upon execution of the warrant or summons, the United States Marshals Service and/or the United States Probation Office shall disclose the petition and order for warrant or summons to the defendant and counsel for the defendant. Following the ***initial appearance***, the ***magistrate judge*** shall advise the Clerk's office and they shall unseal the petition and order and the issued warrant or summons.
(Emphases added)

The rule calls for a hearing before a magistrate. This will contribute to judicial economy, since a magistrate of the Northern District of Oklahoma will be in the courthouse and won't have to travel from Oklahoma City, which is in the OKWD.

Counsel for the government made a blanket objection to everything Stilley said he planned to request in a 6-page letter to Mr. O'Reilly. It seems to be in the nature of a "knee-jerk" objection. Anything Stilley wants the government opposes.

This Court set a revocation and sentencing hearing for November 13, 2024. It is impossible to lawfully conduct such a hearing without *first* conducting an initial appearance. Indeed, the most logical time and place to discuss a subsequent setting, of whatever kind and character, would be at the initial appearance. In such case, all parties can be heard as to their schedules and legal positions with respect to upcoming hearings.

Consider the following hierarchy of legal authorities:

1) The US Constitution, 5th Amendment, guarantees "due process," which gives rise to the question of what process is "due;"

2) The Federal Rules of Criminal Procedure, promulgated by the US Supreme Court and having the force of law, say that a ***magistrate judge*** must conduct an initial appearance, the better to prevent violations of the 6th Amendment that would render any resulting judgment ***void***;

3) The judges of the various district courts are authorized to promulgate local rules that are not inconsistent with the Federal Rules of Criminal Procedure. The judges of the OKND have promulgated a rule elucidating upon the right to an initial appearance in a federal supervised release revocation proceeding.

This Court in this very case on April 22, 2009 stated the following at pages 9-10 of the hearing transcript for that day:

> 23 THE COURT: Mr. Stilley, of course, does have a
> 24 legal education and has practiced law, so the matter I'm
> 25 about to touch on perhaps applies more to Mr. Springer
> Page 10
> 1 than Mr. Stilley, but do you understand, both of you,
> 2 that **you will be required to abide by the rules of**
> 3 **criminal law and the rules of courtroom procedure and**
> 4 **that if you demonstrate <u>any unwillingness</u> to abide by**
> 5 **those rules, <u>I may terminate your self-representation</u>**?
> 6 Do you understand that, Mr. Springer?
> 7 MR. SPRINGER: Yes, Your Honor.
> 8 THE COURT: Mr. Stilley?
> 9 MR. STILLEY: Your Honor, I understand the
> 10 requirement to comply with the rules.
> (Emphases added)

This Court told Stilley and his codefendant Lindsey Kent Springer that both must comply with the criminal rules, and that drastic punishment could befall either or both of us if we didn't. Most respectfully, that's precisely what Stilley is requesting at the present time. Let's all play by the rules.

Where did we go wrong in this exercise? Stephen P. Friot is ***not*** a judge of the OKND and apparently is not familiar with its rules. Charles Anthony O'Reilly is

6

likewise not a member of the bar of the OKND, and also apparently lacks knowledge of the local rules. O'Reilly is preternaturally opposed to the appearance of any attorney licensed and practicing in the OKND, since they've taken the Oath of Oklahoma bar licensed attorneys, requiring them to **be honest.** Honesty defeats O'Reilly's purposes since it means that Stilley will walk away from this confrontation **a totally free man**.

Mr. O'Reilly has already prevailed upon District Court to remove two local Oklahoma Bar licensed attorneys off the prosecution team in this case. Apparently Mr. O'Reilly has no "standby" local counsel to tell him his violations of the local rules are **absurd and embarrassing**. He's depending on Stilley to *explain the rules for free*.

If the US Constitution means nothing, and the Supreme Court's carefully considered and promulgated Rules of Criminal Procedure mean nothing, and the OKND Local Rules of Criminal Procedure[1] mean nothing, Stilley's going to prison, on November 13, 2024. It's that simple. Stilley's not going to get the constitutionally required **process due**. The [force of law](#) applicable to the federal criminal rules will not protect him. The local criminal rules will for all practical purposes be *nullified this time*.

---

[1] The OKWD, where Judge Friot sits, has a local criminal rule numbered LCrR32.1 but **does not** have a rule numbered LCrR32.1-1. This may have contributed to the confusion about what is required in this case.

7

Consider this quote from a certain [Virginia Law Review article](#).[2]

… Although revocation proceedings may be ***initiated*** by a U.S. Probation Officer, a U.S. Attorney, ***or even <u>the court itself</u>***, it is an Assistant U.S. Attorney, with all of the resources made available for prosecuting federal crimes, who generally takes on the burden of proving guilt by a preponderance of the evidence.
(Emphases added)

Stilley is thoroughly convinced that the prior revocation proceedings were in fact initiated by none other than Judge Stephen P. Friot. At the very least this claim has not been rebutted or directly denied. Stilley seeks evidence to the contrary – if any exists. If Stilley is correct, his accuser and the decider, in the previous revocation proceedings, were one and the same.

Consider what the prosecution seeks in the present revocation proceedings:

1) There will be no grand jury to act as a check on prosecutorial authority residing in the Court, the US Attorney's Office and personnel, Mr. O'Reilly who hails from another office, and US Probation personnel;

2) No attorney licensed in the State of Oklahoma will be allowed to participate, lest they have a fit of conscience and fulfill the oath of Oklahoma attorneys;

3) No magistrate will serve as a check on this concentration of raw power – which will simultaneously remove a potential source of that dreaded ***fit of conscience*** based on the Oklahoma attorney's oath;

---

[2] Stefan R. Underhill & Grace E. Powell, *Expedient Imprisonment: How Federal Supervised Release Sentences Violate the Constitution* 108 Va. L. Rev. Online 297, Nov. 15, 2022.

4) All the charges, including apparently the most rank speculations, may be decided on "preponderance of the evidence;"

5) None of the protections of the 5th or 6th Amendments will apply;

6) A judge from the OKWD will be able to crush Stilley's ability to appeal an OKND judgment, by the simple expedient of giving him 2 years in prison and denying stay pending appeal. It worked like a charm to prevent Stilley from filing the opening brief for the one direct appeal to which he was **by law and rule entitled**, after the original judgment (Dkt. 338) was entered.

Now is it apparent why this motion is so important to Stilley? The right to an initial appearance before a magistrate is the best chance for Stilley to prevent this from being a "one man show" in which Stilley as a practical matter has no chance at all.

How does one subpoena witnesses without knowing either **where** or **when** to compel their appearance? The OKND simply has no venue over the nine felony charges in this case. Venue is a matter of constitutional dimension.

Consider footnote 19 of *United States v. Will*, 449 US 200 (1980):

> [19] In another, not unrelated context, Chief Justice Marshall's exposition in *Cohens* v. *Virginia*, 6 Wheat. 264 (1821), could well have been the explanation of the Rule of Necessity; he wrote that a court "must take jurisdiction if it should. The judiciary cannot, as the legislature may, avoid a measure because it approaches the confines of the constitution. We cannot pass it by, because it is doubtful. With whatever doubts, with whatever difficulties, a case may be attended, we must decide it, if it be brought before us. *We have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given.* The one or the other would be treason

to the constitution. Questions may occur which we would gladly avoid; but we cannot avoid them." *Id.,* at 404 (emphasis added).
(Emphasis in original)

*No* district judge has legal authority to preside over these felony charges until *a magistrate* conducts an initial appearance. Dodging the initial appearance is *a usurpation of authority not given*. Mr. O'Reilly already knows that an initial appearance in compliance with the Federal Rules of Criminal Procedure will *shatter his bogus case*. That's why he hates the *process due* and won't agree to it. To Mr. O'Reilly, *treason to the constitution[3]* is preferable to losing this frivolous criminal prosecution.

## CONCLUSION

This Court should cancel the 10:00 AM hearing 11-13-2024 and cause the scheduling of an initial appearance before a duly assigned magistrate judge in the early afternoon of the same day, with prompt notice to Stilley.

Respectfully submitted,

By: /s/ Oscar Stilley                         November 4, 2024
Oscar Stilley                                 Date
10600 N Highway 59
Cedarville, AR 72932-9246
479.384.2303 mobile
oscarstilley@gmail.com

## CERTIFICATE OF SERVICE

---

[3] These words come straight out of a US Supreme Court case within living memory. If Mr. O'Reilly doesn't like words like these he can start complying with the constitution.

10

Defendant Stilley hereby certifies that on the date stated above he electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, thereby serving all persons having ECF privileges and entitled to service in this case.