IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA                                  PLAINTIFF

v.                            Case No. 4:09-CR-043

OSCAR AMOS STILLEY                                          DEFENDANT

**DEFENDANT OSCAR STILLEY'S MOTION TO REAPPOINT ROBERT BURTON IV AS STANDBY COUNSEL FOR SECOND REVOCATION PETITION, WITH INCLUDED SUPPORTING BRIEF**

Comes now Defendant Oscar Stilley (Stilley) and for his motion states:

1. Charles O'Reilly has stated a blanket opposition to all of Stilley's planned motions.

2. This Court appointed Charles Robert Burton, IV as standby counsel for Stilley before, after, and during trial.

3. Stilley requests that Mr. Burton be appointed as standby counsel for the revocation proceedings in the Northern District of Oklahoma (OKND).

4. Stilley does not agree to any other attorney without prior consultation and formal agreement on the record.

5. Stilley does not agree to any capacity, save standby, without prior consultation and formal agreement on the record, either during a hearing with a certified court reporter, or in a signed and filed pleading.

6. Stilley waives nothing but will give fair and reasonable consideration to any requests that he waive legal rights.

7. If Mr. Burton is for any reason unavailable or unwilling to serve as standby counsel, Stilley requests that the lawfully assigned magistrate judge inform Stilley of the options that he has, if any, with respect to the question of counsel.

8. If the reappointment of Mr. Burton is denied on grounds of disbarment, Stilley respectfully requests an explanation of why Mr. Burton was disbarred for *inter alia* conversion, yet the personnel of the OKND US Attorney's Office **convert** funds held ***in trust for their clients***, and Stilley cannot even get the evidence necessary to show the extent of their peculations.

9. To the extent Mr. O'Reilly denies the veracity of such claims of conversion and freelance theft by personnel of certain US Attorney's Offices including that of the OKND, Stilley requests a reasonable amount of time to show evidence of what he alleges, with assurances that 1) all ill-gotten gains will be disgorged and the victims made completely whole, and 2) Stilley will not suffer retaliation for proving the relevant facts.

WHEREFORE, Stilley respectfully requests an order appointing Robert Burton, IV, as standby counsel for the duration of these revocation proceedings; that if this request is denied for any reason, Stilley be informed of the options available to him with respect to the issue of 6th Amendment assistance of counsel; and for such other and further relief as may be appropriate whether or not specifically requested.

Respectfully submitted,

By: /s/ Oscar Stilley            November 4, 2024
Oscar Stilley                    Date
10600 N Highway 59
Cedarville, AR 72932-9246

479.384.2303 mobile
oscarstilley@gmail.com

# BRIEF IN SUPPORT OF MOTION

Persons facing revocation of supervised release are entitled to retained or appointed counsel. Fed. R. Crim. P. 32.1 (a)(2-3). Subsection (a) is entitled "Initial Appearance." This provision is reproduced below:

> (2) *Upon a Summons.* When a person appears in response to a summons for violating probation or supervised release, a **magistrate judge** must proceed under this rule.
> (3) *Advice.* The judge **must inform the person** of the following:
> (A) the alleged violation of probation or supervised release;
> (B) the person's right to retain counsel or to request that counsel be appointed if the person cannot obtain counsel; and
> (C) the person's right, if held in custody, to a preliminary hearing under Rule 32.1(b)(1).
> (Emphases added)

See also Fed. R. Crim. P. 32.1 (b)(1)(B)(i) & Fed. R. Crim. P. 32.1 (b)(2)(D).

Sometimes the defendant is entitled to a right. Sometimes a defendant is entitled to be **advised** of a right. Subsection (a) gives the defendant the right to be **formally informed** of a **constitutional** right, by **a magistrate judge**. *Id.* That's a layer of protection to which Stilley is entitled **by rule having the force of law**.

This cannot be glossed over with the real or imagined competence of Oscar Stilley. It is a **legal right**. Until that right is discharged as provided by the rule, no district judge has any right to preside over the case.

Furthermore, this right must be examined in light of a real and serious challenge to venue. It is absurd to ask a defendant to search for counsel without

3

knowing where counsel needs to have a valid license.[1] Consider now Fed. R. Crim. P. 32.1 (a)(5), reproduced in its entirety:

> (5) *Appearance in a District Lacking Jurisdiction.* If the person is arrested or appears ***in a district that does not have jurisdiction*** to conduct a revocation hearing, **the <u>magistrate judge</u> must**:
> (A) **if the alleged violation occurred in the district of arrest**, conduct a preliminary hearing under Rule 32.1(b) and either:
> (i) **transfer the person to the district that has jurisdiction**, if the judge finds **probable cause to believe that <u>a violation occurred</u>**; or
> (ii) **dismiss the proceedings** and so notify the court that has jurisdiction, <u>if the judge finds no probable cause</u> to believe that a violation occurred; or
> (Emphases added)

That provision is instructions to a ***magistrate judge***. No District Judge qualifies for that role.

It is impossible to violate a void judgment. A void judgment has all the force and effect of a blank piece of paper.

Stilley claims entitlement to the 6th Amendment assistance of counsel somewhere, (unless validly waived) even if only to prove to a magistrate judge that Stilley could not possibly have committed any of the alleged offenses, or that he could not have committed them *within the OKND*.

Consider these words of this Court at page 5-6 of the transcript of a hearing April 22, 2009, concerning the issue of standby counsel:

```
24   Both of you have standby counsel. There's one thing
25 that -- and I wholeheartedly agree with Judge Cleary's
1 decision to appoint standby counsel. Not only do you
2 have standby counsel, you have very capable standby
3 counsel. I do agree with Judge Cleary's decision to
4 appoint standby counsel.
```

---

[1]    Assuming arguendo that a valid bar license is necessary.

> 5      The Court of Appeals has not made appointment of
> 6 standby counsel absolutely mandatory, but ***the Court of***
> ***7 Appeals has made it clear that the appointment of standby***
> ***8 counsel is desirable***, and so I certainly wholeheartedly
> 9 agree with Judge Cleary's decision to appoint standby
> 10 counsel.

(Emphasis added)

Stilley is at present no more enthused about a prison term than he was on April 22, 2009. For any possible appearances to the contrary, Stilley would most profusely apologize. Stilley hopes to argue his points and authorities to a judicial officer seated in full compliance with applicable rules. Hopefully the assigned magistrate will agree to do what the [Tenth Circuit] Court of Appeals deems desirable, by appointing standby counsel. Whatever the outcome, Stilley wants his ***process due***. Stilley respectfully requests to be ***informed of his options***.

This Court seemed to be very pleased with the performance of Mr. Burton and allowed over $90,000 of legal fees.  Mr. Burton has familiarity with the proceedings before, during, and after jury trial. Mr. Burton should have an advantage over a lawyer with no prior knowledge of the case.

At the last revocation, Stilley asked for the reappointment of Mr. Burton, in the same standby capacity as before. Stilley is virtually certain that this Court knew that Mr. Burton was disbarred – amongst other reasons for civil conversion of the money of his clients. This Court didn't offer that explanation as a reason for denying the assistance of counsel. The Court suggested that Mr. Burton was no longer on the CJA (Criminal Justice Act, private lawyers assigned for indigent federal defendants) panel.

On information and belief, this Court didn't bring up the disbarment because it would be exceedingly embarrassing to the government. How would the government explain why Stilley should be sent to prison for **not** converting client money, while Mr. Burton was disbarred *inter alia* **for** converting client money?

Stilley will waive the lack of a bar license, if the duly appointed and authorized magistrate judge is willing to do likewise. Mr. Burton swore out the oath of an Oklahoma attorney, and that's good enough for Stilley.

If Stilley is to be deprived of the standby assistance of Mr. Burton, he intends to call Mr. Burton as a witness. One of the chief topics of questioning will be whether or not the disbarment order excused Mr. Burton from compliance with his attorney's oath. If his oath is still binding, he will be asked questions designed to give him an opportunity to discharge the duties of his oath – from a witness stand.

Stilley has very little experience with revocation of supervised release. Therefore, if for whatever reason Stilley cannot have Charles Robert Burton IV as standby counsel, he requests that he be informed of the options available to him – by the magistrate judge lawfully assigned to this proceeding, and *not by any unauthorized judicial officer*.

Respectfully submitted,

By: /s/ Oscar Stilley                          November 4, 2024
Oscar Stilley                                  Date
10600 N Highway 59
Cedarville, AR 72932-9246
479.384.2303 mobile
oscarstilley@gmail.com

## CERTIFICATE OF SERVICE

Defendant Stilley hereby certifies that on the date stated above he electronically filed the foregoing with the Clerk of the Court by using the electronic filing system, thereby serving all persons having electronic filing privileges and entitled to service in this case.