IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA                                             PLAINTIFF

v.                                    Case No. 4:09-CR-043

OSCAR AMOS STILLEY                                                    DEFENDANT

**MOTION TO VACATE DOCKET # 752**

Comes now Defendant Oscar Stilley (Stilley) and for his motion to vacate judgment and commitment order #752 and states:

1. Counsel for the government has stated blanket opposition to Stilley's motions.

2. Stilley is currently in supervised release custody pursuant to a revocation hearing 11-21-2022 in *US v. Stilley*, Northern District of Oklahoma (OKND) 4:09-cr-43. See Judgment and Commitment Order entered 11-23-2022, Dkt. 752.

3. Said judgment and commitment order is void, amongst other reasons because it was entered in violation of Stilley's 6th Amendment right to the assistance of counsel.

4. Without prejudice to any other claims or defenses, Stilley moves the Court to vacate Docket #752, such that no person or entity may rely upon it as a *valid* judgment or attempt to enforce it whatsoever.

5. Stilley is also filing a motion for an initial appearance before a properly selected and seated magistrate judge.

6. After the seating of the magistrate, this motion should be promptly read and studied by the magistrate, since 1) it will greatly uncomplicate the magistrate's task of deciding probable cause, and 2) Stilley faces jeopardy in the Circuit Court of Crawford County, Arkansas, based upon his good faith, honorable challenge to a ***void judgment***. It is manifestly unjust for Stilley to remain in jeopardy and forced to defend, on the theory of violating a judgment that has no more lawful force and effect than a blank sheet of 8.5" X 11" 20-pound 92 brightness Hammermill paper.

7. Stilley most respectfully submits that a discussion of the contours of the assigned magistrate's powers, beyond those expressly set forth in Fed. R. Crim. P. 32.1, would best be conducted at the initial appearance.

8. Stilley submits herewith an included brief in support.

WHEREFORE, Stilley respectfully requests an order vacating docket #752; and for such other and further relief as may be appropriate.

Respectfully submitted,

By: /s/ Oscar Stilley                November 4, 2024
Oscar Stilley                        Date
10600 N Highway 59
Cedarville, AR 72932-9246
479.384.2303 mobile
oscarstilley@gmail.com


**BRIEF IN SUPPORT OF MOTION**

There are two sides to a revocation of supervision in the federal system. First, the court revokes supervision, which pleases the defendant. Defendants are rarely happy about what comes next, when the district court enters a new judgment and commitment order. The old judgment is history, the new judgment is the operative document. If the new one falls, the other one does not magically spring back to life.

If Judge Stephen P. Friot was so inclined, he could have sentenced Stilley to supervision from the moment sentence was pronounced until such time Stilley could get his things packed and get out the courtroom door. He did not have to max Stilley out on supervision. He made it very clear that he didn't have to order any supervision or incarceration *at all*. Rev. TR. 104.[1] He acted like he hadn't even made his mind up yet.

---

[1]   https://bustingthefeds.com/wp-content/uploads/2023/04/TranscriptRevocation.pdf

Judge Friot sentenced Stilley to 3 months incarceration plus another 33 months of supervision, the max he could impose after a 3-month sentence of incarceration. The basic max supervised release term for Stilley's pretended offense is 3 years.

Let's have a basic rundown of what took place. Upon meeting with Probation Officer Ryan Forsyth, Stilley sought thirty days to file a motion to lift the requirement of monitoring software on his computer and phone. In addition to his law degree, Stilley has a BSBA in Administrative Management from the University of Arkansas, with high honors. Those requirements render his degree nearly worthless. Who wants an employee who can't touch a computer unless the employer pays $43.26 per month for software that gives federal prosecutorial authorities a straight shot into their computers? Who wants an employee required to maintain hidden software that literally makes legitimate software *quit working*? Who wants an employee when US Probation reserves the right to walk into the office and literally carry the computers out of the building?

Judge Friot *sua sponte* transferred the criminal case to the Western District of Oklahoma (OKWD) where he actually has a lawful judgeship. OKWD US Probation employees immediately pressed charges against Stilley for not having monitoring software on his phone and computer, pleading the 5th Amendment, etc. Stilley challenged jurisdiction. Judge Friot said he'd vacate his transfer order if Stilley proved that jurisdiction and venue didn't lie in the OKWD.[2] ARWD 5:22-cr-357, Dkt. 13, pg. 1. "Vacate" according to dictionary.com, definition 3, means "to render inoperative; deprive of validity; void; annul: *to vacate a legal judgment.*"

Exactly! Stilley is filing this motion to vacate the **void** judgment #752. It's void now and it ***always was***.

---

[2] The pleadings (sans OKND record which is voluminous) are at https://bustingthefeds.com/wp-content/uploads/2022/11/1-20Less2.pdf

Judge Friot conceded that he wasn't "sufficiently satisfied" that he lawful authority to transfer the case to the OKND. However, instead of *vacating* the transfer, he transferred the entire case, charges and all, back to the OKND, over Stilley's vehement objections.

Stilley was satisfied that he'd be able to persuade OKND US Probation personnel to allow him reasonable opportunity to move to modify the conditions sufficiently to eliminate any requirement of computer and phone monitoring.

The case was transferred from OKWD to OKND on 11-3-2024. Stephen P. Friot magically followed the case back, inserted himself as judge, and accepted the transfer, despite OKND 4:21-go-00001-JED Doc. 14,[3] which requires a random assignment of the judge. On November 4, 2022, Judge Friot set a revocation hearing November 21, 2022. Stilley's assumptions thus crumbled into the dust. Stilley worked feverishly to prepare the pleadings necessary to put up some semblance of a defense.

On 11-16-2024, Stilley filed an unopposed motion for an initial hearing.[4] Dkt. 741.[5]  Judge Friot denied the motion the same day, saying that Stilley was a former lawyer, and amongst other things knew how to request assignment of counsel.

On 11-20-2024, Stilley requested that his original standby counsel, Robert Burton, IV, be appointed as standby counsel, and if that was not allowed, that Stilley be informed of his options. Dkt. 744. (*Id*. at 82. Other references to docket items 732-779 inclusive may be found in this set.)

---

[3] https://storage.courtlistener.com/recap/gov.uscourts.oknd.56205/gov.uscourts.oknd.56205.14.0.pdf Older or newer orders are also available on PACER or Courtlistener.

[4] The government opposed any delay, which is peculiar in light of the timing requirements of the applicable rule.

[5] https://bustingthefeds.com/wp-content/uploads/2023/04/732-779.pdf page 74.

On the day of the hearing, Judge Friot asked a CJA (Criminal Justice Act, or a private attorney on the list for appointment for indigent criminal defendants) lawyer named John Campbell to "remain and confer with Mr. Stilley during this brief recess." Rev. TR. 14. Judge Friot emphasized that he wasn't sure Stilley was entitled to counsel, and that he wasn't appointing Mr. Campbell to anything. *Id*. Stilley scarcely had time for a personal introduction to Mr. Campbell.

As soon as the first witness was called, at page 22 of a 123-page revocation transcript, Mr. Campbell was told that he was free to go. Rev. TR. 22. From that point on, there was not the slightest pretense that Stilley was accorded his 6th Amendment right to the assistance of counsel.

Stilley asked for at least 15 days and preferably 30 days to try to find his own counsel. Rev. TR. 21-22. This request was denied. Judge Friot said he would proceed with the revocation hearing. Stilley would have 15 days to look for counsel. The first 7 of those days were in solitary confinement, in the guise of Covid-19 quarantine. The remainder of that time was in general population of the Tulsa County Jail.[6] Any such lawyer would be for prospective matters, not for the revocation proceeding then before the court. In other words, this concession was a cruel joke and a mockery of the 6th Amendment. Stilley was denied so much as a pretense of 6th Amendment guaranteed assistance of counsel – during the hearing, while his liberty was at stake.

This Court may ask why Stilley didn't raise the issue on his one direct appeal. That's a fair question – even though a party has no duty to appeal a void order. Stilley filed an opposed motion

---

[6]   Formally the David L. Moss Criminal Justice Center.

asking that the 13,000-word limit at the 10th Circuit be increased to 18,000 words. 10th Cir. 22-5113 [Dkt. 010110844408](#).[7] That request was denied the same day. 10th Cir. 22-5113 [Dkt. 010110844616](#).

Stilley filed an [opening brief](#)[8] of 12,986 words, just 14 words shy of the limit. 10th Cir. 22-5113, and a [reply brief](#)[9] of 6,459 words, just 41 under the limit. Despite Stilley's best efforts, the 10th Circuit panel faulted Stilley's briefing on the issue of "fraud upon the court," saying in its [decision](#)[10] that the argument had not been sufficiently developed. Stilley was effectively denied the opportunity to raise the 6th Amendment counsel issue on direct appeal, and by logical extension on certiorari. [US Sup. Ct. #23-966](#).[11]

Consider the case of *Burgett v. Texas*, 389 U.S. 109, 114-15 (1967):

> The same result must follow here. *Gideon* v. *Wainwright* established the rule that the right to counsel guaranteed by the Sixth Amendment was applicable to the States by virtue of the Fourteenth, making it unconstitutional to try a person for a felony in a state court unless he had a lawyer or had validly waived one. And that ruling was not limited to prospective applications. See *Doughty* v. *Maxwell*, 376 U.S. 202; *Pickelsimer* v. *Wainwright*, 375 U.S. 2. In this case the certified records of the Tennessee conviction on their face *raise a presumption that petitioner was denied his right to counsel in the Tennessee proceeding*, and therefore that his conviction was ***void***. Presuming waiver of counsel from a silent record is impermissible. *Carnley* v. *Cochran*, 369 U.S. 506. To permit a conviction obtained in violation of *Gideon* v. *Wainwright* to be used against a person either to support guilt or enhance punishment for another offense (see *Greer* v. *Beto*, 384 U.S. 269) is to erode the principle of that case. Worse yet, since the

---

[7] Part of the reason for including the docket numbers is to highlight the absurdity of 12-digit docket numbers. More enlightened circuits use numbers that the human mind can comprehend and use effectively.

[8] https://bustingthefeds.com/wp-content/uploads/2023/05/38_OpeningBrf.pdf

[9] https://bustingthefeds.com/wp-content/uploads/2023/07/42_ReplyBrf.pdf

[10] https://storage.courtlistener.com/recap/gov.uscourts.ca10.85862/gov.uscourts.ca10.85862.10010936490.1.pdf

[11] https://bustingthefeds.com/wp-content/uploads/2024/03/PetCertFinalLinks1.pdf

defect in the prior conviction was denial of the right to counsel, the accused in effect suffers anew from the deprivation of that Sixth Amendment right.

The **admission of a prior criminal conviction which is constitutionally infirm under the standards of *Gideon* v. *Wainwright* is inherently prejudicial** and we are unable to say that the instructions to disregard it made the constitutional error "harmless beyond a reasonable doubt" within the meaning of *Chapman* v. *California*, 386 U.S. 18. (Emphases added)

Consider now the case of *Lewis v. United States*, 445 U.S. 55, 59-60 (1980):

Four cases decided by this Court provide the focus for petitioner's attack upon his conviction. The first, and pivotal one, is *Gideon* v. *Wainwright, supra*, where the Court held that a state felony conviction without counsel, and without a valid waiver of counsel, was unconstitutional under the Sixth and Fourteenth Amendments. That ruling is fully retroactive. *Kitchens* v. *Smith*, 401 U.S. 847 (1971).

The second case is *Burgett* v. *Texas*, 389 U.S. 109 (1967). There the Court held that a conviction invalid under *Gideon* **could not be used for enhancement of punishment under a State's recidivist statute**. The third is *United States* v. *Tucker*, 404 U.S. 443 (1972), where it was held that such a conviction **could not be considered by a court in sentencing a defendant after a subsequent conviction.** And the fourth is *Loper* v. *Beto*, 405 U.S. 473 (1972), where the Court **disallowed the use of the conviction to impeach the general credibility of the defendant.** The prior conviction, the plurality opinion said, "lacked reliability." *Id.*, at 484, quoting *Linkletter* v. *Walker*, 381 U.S. 618, 639, and n. 20 (1965). (Emphases added)

Finally, consider *Parke v. Raley*, 506 U.S. 20, 24 (1992)

When a defendant challenges a previous conviction through a suppression motion, the Commonwealth must prove the existence of the judgment on which it intends to rely. Once this is done, a presumption of regularity attaches, and the burden shifts to the defendant to produce evidence that his rights were infringed or some procedural irregularity occurred in the earlier proceeding. **If the defendant refutes the presumption of regularity, the burden shifts back to the government affirmatively to show that the underlying judgment was entered in a manner that did, in fact, protect the defendant's rights.** 703 S.W.2d, at 876.

Stilley will spot Plaintiff the ***existence*** of a judgment. It's [Docket #752](). It says plain as day, near the top of page 1, "Oscar Stilley, Pro Se." Charles Robert Burton, IV, for all his faults, is smart and sophisticated on procedure, rules, and customs of the court. Mr. Burton earned over $90,000 taxpayer dollars sitting through the jury trial proceedings in 2009 and the sentencing proceedings in 2010, as standby counsel. Stilley wouldn't have to do so much to "bring him up to speed." He was

Stilley's first choice.[12]

Stilley tried his best to either 1) get Charles Robert Burton, IV, in the same standby counsel role Judge Friot originally approved without the slightest inquiry into Stilley's financial resources or lack thereof, or 2) get some other suitable attorney to serve in a role mutually acceptable to the Court and Stilley, with the understanding that a familiarization process would take some time, or 3) get at least some time for Stilley to try to find assistance of legal counsel through his own efforts and his own pathetically meager resources, rather than be denied the 6th Amendment right of assistance of counsel altogether.

This Court needs to know just a bit more about *Lewis v. United States*, 445 U.S. 55, 71-72 (1980). The majority held that an admittedly void conviction could be used as the sole predicate felony conviction for "felon in possession of a firearm." Justices Brennan, Marshall, and Powell wrote a powerful dissent, stating in pertinent part:

> *Burgett* and its progeny appear to control the result in this case. The clear teaching of those decisions is **that an uncounseled felony conviction can never be used** "to support guilt or enhance punishment for another offense." Here, petitioner could not have been tried and convicted for violating § 1202(a)(1) in the absence of his previous felony conviction. It could not be plainer that his **constitutionally void conviction** was therefore used "to support guilt" for the current offense. The Court's bald assertion to the contrary is **simply inexplicable**.
> (Emphases added)

Oscar Stilley filed an original action petition with the Arkansas Supreme Court, (*Oscar Stilley v. John Thurston et al*, Ark. Sup. Ct. CV-24-453) seeking to compel Respondent Thurston (the Arkansas Secretary of State) to count the signatures on the Arkansas Abortion Amendment of 2024. Respondent Thurston filed a [motion to dismiss](). Stilley [responded and utterly smashed the]()

---

[12] It now appears probable that both Jeffrey Gallant and Judge Friot were aware that Burton was disbarred and didn't want Stilley to know that he was disbarred for conversion, whereas Stilley went to prison because he **would not** convert the funds of his clients.

Attorney General's bogus claims. (This version has working links, which the Luddites of Arkansas refuse to allow in filed pleadings.)

The Arkansas Supreme Court not only dismissed the petition without consideration of the merits, it also referred Stilley to the Crawford County Prosecutor for criminal prosecution. The prosecutor filed a criminal "information" (charging instrument) charging perjury as a Class C felony, which carries a minimum 3-years and maximum 10-years in prison. The sole count in this information contains not a solitary complete sentence, except those he copied verbatim from the Arkansas code. The charge is laughable gibberish and fails to allege a crime. The Crawford County Circuit Court denied Stilley's motion to dismiss without prejudice at the arraignment without asking the prosecutor for a response, whether written or oral.

This Court is piling on, seeking to revoke Stilley's supervised release and incarcerate him yet again for up to two years. *Let's see how well Stilley defends frivolous state felony charges from a jail cell!* If this Court truly thought Stilley committed a felony, and would go to Arkansas state prison after his jury trial scheduled for May 2025, why bother with this revocation proceeding?

Stilley's registration to vote was condition precedent to filing the original action petition against Secretary of State John Thurston. The Arkansas Attorney General claimed that Stilley wasn't qualified to register to vote. Stilley claimed he was entitled to register *inter alia* because his revocation judgment was taken in defiance of the 6th Amendment right to counsel. Stilley made no attempt to conceal his registration papers. The application and voter registration were Exhibits "1" and "2" to his response to motion to dismiss.

The Arkansas Secretary of State defaulted on three motions in CV-24-453, as follows:

1) An 8-7-2024 motion to suppress the criminal judgment on revocation (Dkt. 752);

2) An 8-12-2024 motion to suppress the original criminal judgment (Dkt. 338);

3) An 8-9-2024 motion to expedite responses to discovery which had been served 8-6-2024.

MOTION TO VACATE DKT. 752 -- 11/4/2024                                                Page **9** of **14**

The Arkansas Supreme Court on 9-5-2024 in a *per curiam* (by the court, signed by no one) order dismissed the original action petition despite the defaulted motions. The *per curiam* also referred Stilley for criminal prosecution. The *per curiam* did not rule on any of Stilley's three motions. In fact, it is impossible to divine, from the face of the dismissal order, that Stilley even filed the motions. The order of dismissal was (quite suspiciously) entered **one day prior** to the day upon which Stilley's requests for admissions would have been **deemed admitted** by operation of law. Appointing a Special Master for fact finding, and compelling Stilley to put up $5,000 to pay for it, was essentially a confession that factual disputes existed, which in turn implies that Stilley is ***entitled to reasonable discovery***.

Stilley wishes to **petition the US Supreme Court for certiorari**. This could put the Arkansas Abortion Amendment of 2024 on the ballot, (albeit after the November 2024 election) for the consideration of the voters. If this Court locks up Stilley on the claimed violation of a plainly void judgment, based on US Supreme Court caselaw, it has injected itself into one of the most divisive hot-button issues in this country. If this Court denies a stay pending appeal, it doesn't just deliver a blow to its own credibility. It strikes at the very core of the credibility of the federal bench and bar.

***Nobody*** honestly believes Stilley committed perjury on the voter registration form. ***Nobody*** honestly believes that Stilley isn't a validly registered voter. The Arkansas Attorney General assigned five lawyers to Stilley's case – more than the four defense lawyers assigned to the original action petition filed by Arkansans for Limited Government. With five lawyers against one disbarred and disgraced former lawyer, they ***defaulted*** on three motions, two of which were dispositive.

They didn't answer because *they had no answer*. Ditto for the Arkansas Supreme Court. They didn't rule upon any of these three defaulted motions – because they ***had no rebuttal*** to

Stilley's meritorious arguments. Look at their *per curiam*.[13] They studiously avoided the very issues for which they had ordered a Special Master to "make findings of fact regarding the validity of Oscar Stilley's Voter Registration." The Special Master declared the issues, then nimbly danced his way around them. He said what Stilley was "vigorously" contending, then refused to opine as to whether or not Stilley's contentions were meritorious.

The Arkansas Supreme Court's *per curiam* hangs solely on the slender thread of **legal standing**. Stilley in his motion to suppress the revocation judgment utterly dismantled the standing defense on the basis of US Supreme Court case law on the 6th Amendment Right to Assistance of Counsel. What should we expect the US Supreme Court to do when their well-established legal precedents are brushed off by a state supreme court *without so much as an explanation*? A well drafted, professionally printed petition for certiorari has a **serious chance of success**.

According to the voter registration application form that Stilley signed, Stilley faces up to a $10,000 fine and 10 years in prison under state and federal laws, for registering to vote based upon *false* information. But none of the lawyers and judges involved in this legal battle even ***think*** Stilley's statements were false. By their actions they telegraph an ***unshakable belief*** that Stilley ***told the truth*** on his voter registration application.

Look at the form. Ex. 1, Stilley's Response to Motion to Dismiss dated July 25, 2024. Stilley claimed that "I have not been lawfully convicted of a felony by a lawful court." The caselaw makes it clear that a criminal judgment taken against a defendant who is pleading for his experienced and knowledgeable standby counsel, and if that's not acceptable asking for his options, and if that's not acceptable practically begging for a little time to try to get at least some assistance of counsel, and yet is forced to proceed pro se with no assistance of counsel, is ***void***. It's not

---

[13] Justice Baker did not participate in this order.

*void*__able__. It's __*void*__ in the strictest sense of the word. It's pure unadulterated constitutional *__garbage__*.

Let us not forget the precise words of the Arkansas Supreme Court in its [formal order July 26, 2024](#);

> Gary Arnold Appointed as Special Master to conduct a hearing and ***make findings of fact*** regarding the validity of Oscar Stilley's voter registration. Special Master is ordered to report his findings to this Court by August 26, 2024.
> (Emphasis added)

Stilley challenged Arkansas Secretary of State John Thurston and his five lawyers to come up with case law that says that registering to vote despite an **incontrovertibly void** federal judgment and commitment order is somehow illegal. What five lawyers? Let me list them and their lofty titles:

1) Justin Brascher, Senior Assistant Attorney General for Intergovernmental Affairs

2) Nicholas Bronni, Arkansas Solicitor General

3) Asher Steinberg, Senior Assistant Solicitor General

4) Dylan Jacobs, Deputy Solicitor General

5) Christine Cryer, Senior Assistant Attorney General, Chief, Special Litigation Section

Bronni, Jacobs, and Steinberg were awarded a **2024 U.S. Supreme Court Best Brief Award** by the National Association of Attorneys General of Washington D.C.

Five hotshot lawyers not only failed to come up with any such caselaw, ***they defaulted altogether***. What happened? Did the cat get their tongue?

Arkansas Supreme Court Rule 2-1(d) provides the time frame for the filing of responses to motions:

> *Response*. A response may be filed within 10 calendar days of the filing of a motion or petition. Evidence of service is required.

Stilley has prepared a home-made docket[14] that's much more user friendly than the official docket. Take your pick. Stilley's telling this Court, his adversaries, and the world the truth. Stilley's arguments are unassailable. Stilley's adversaries tacitly admit that Stilley is right, and that Dkt. 752 is ***void***.

We've already established that the US Supreme Court considers Dkt. #752 to be a void judgment. So what is meant by that term? A void judgment is one which, from its inception, was a complete nullity and without legal effect. *Lubben v. Selective Service System Local Bd. No. 27*, 453 F.2d 645, 649, 14 A.L.R. Fed. 298 (C.A. 1 Mass. 1972); *Hobbs v. U.S. Office of Personnel Management*, 485 F. Supp. 456 (M.D. Fla. 1980). A void judgment has the same legal effect as a blank piece of paper. It does not have to be overturned or reversed on appeal to "become void." See *Valley v. Northern Fire and Marine Ins. Co.*, 254 U.S. 348, 353-354, 41 S. Ct. 116 (1920), where the Court explained:

> …Courts are constituted by authority and they can not go beyond the power delegated to them. If they act beyond that authority, and certainly in contravention of it, their judgments and orders are regarded as ***nullities***. They are 354*354 not voidable, but simply void, ***and this even prior to reversal***. *Elliott* v. *Peirsol,* 1 Pet. 328, 344; *Old Wayne Mutual Life Association* v. *McDonough,* 204 U.S. 8.
> (Emphases added)

**CONCLUSION**

A proper officer of this court should promptly enter an order vacating the Judgment and Commitment Order at Docket 752.

Respectfully submitted.

By: /s/ Oscar Stilley                    November 4, 2024

---

[14] This docket includes the order of dismissal but isn't current. Use the official docket to see what has been added since this was uploaded to the web.

Oscar Stilley
10600 N Highway 59
Cedarville, AR 72932-9246
479.384.2303 cell phone
oscarstilley@gmail.com

**CERTIFICATE OF SERVICE**

Defendant Stilley hereby certifies that on the date stated above he electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, thereby serving all persons having ECF privileges and entitled to service in this case.