IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) ) Case No. 09-cr-0043-2-SPF |
| OSCAR AMOS STILLEY, | ) ) ) |
| Defendant. | ) |

## ORDER

Before the court is Defendant Oscar Stilley's Motion for an Initial Appearance, doc. no. 803, filed on November 4, 2024.

For the reasons set forth below, the motion will be denied.

Rule 32.1 of the Federal Rules of Criminal Procedure states, in relevant part, as follows:

> **(2) Upon a Summons.** When a person appears in response to a summons for violating probation or supervised release, a magistrate judge must proceed under this rule.
>
> **(3) Advice.** The judge must inform the person of the following:
>
> **(A)** the alleged violation of probation or supervised release;
>
> **(B)** the person's right to retain counsel or to request that counsel be appointed if the person cannot obtain counsel; and
>
> **(C)** the person's right, if held in custody, to a preliminary hearing under Rule 32.1(b)(1).

The purposes of the rule are satisfied where the defendant "possessed all the information that would have been provided to him at an initial appearance." United States v. Griggs, 130 Fed. Appx. 303, at 305 (11th Cir. 2005).

The Ninth Circuit reached the same conclusion under similar circumstances in United States v. Vasquez-Perez, 742 F.3d 896, at 900 (9th Cir. 2014):

> The petition alleged that he violated the terms of his supervised release by committing a crime. Specifically, it contended that Vasquez-Perez violated 8 U.S.C. § 1326 by illegally reentering the United States near Quijota, Arizona on or before August 21, 2011. The revocation petition properly identified the statute Vasquez-Perez was charged with violating and alleged the underlying facts. Accordingly, we are persuaded that Vasquez-Perez was provided proper notice of the alleged violation of his supervised release.

See also, United States v. Wimberly, 368 Fed. Appx. 556, at 557 (5th Cir. 2010) (The rule is satisfied where the offender was either "aware of or was granted the Rule 32.1 protections of which he would have been admonished at an initial appearance.").

In the case at bar, Mr. Stilley, who once was a practicing lawyer, is well aware of the factual circumstances asserted to provide a basis for revocation of his supervised release. The petition filed on October 10, 2024 (doc. no. 792) runs to 108 pages, most of which consists of documents relevant to the asserted supervised release violations. The petition was supplemented, on October 30, 2024, with 270 more pages of exhibits. Doc. no. 802. Thus, Mr. Stilley has been provided a trove of documents fleshing out the allegations in the petition. And he is also obviously aware, by his mere citation to Rule 32.1 (if nothing else), of his right to retain counsel or to request that counsel be appointed.

Moreover, Mr. Stilley's assertion that he is entitled to "an initial hearing and a determination of which facts are contested and which are not," doc. no. 803, at 1, is specious. First, it is the offender, faced with an assertion of a violation, who determines which of facts averred against him are contested: he is entitled to contest all of the asserted facts. Second, it is not, in any event, the office of the magistrate judge, proceeding under Rule 32.1, to make, or facilitate, "a determination of which facts are contested and which are not."

Accordingly, the court quite readily concludes that the purposes of Rule 32.1(a) have been fully satisfied. For that reason, the motion, doc. no. 803, is **DENIED**.

DATED this 5th day of November, 2024.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

09-0043p189 (Stilley) .docx