IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA                                                        PLAINTIFF

v.                                         Case No. 4:09-CR-043 SPF

OSCAR AMOS STILLEY                                                              DEFENDANT

**DEFENDANT OSCAR STILLEY'S MOTION FOR A TRUE AND CORRECT RECORD, WITH INCLUDED SUPPORTING BRIEF**

Comes now Defendant Oscar Stilley (Stilley) and for his motion states:

1.  The prosecutor in this case, Charles Anthony O'Reilly, has stated his opposition to a true and correct record. He can't win on the basis of truth. He is utterly reliant upon falsehoods, to impose punishment on Stilley.

2.  The record in this case is not true and correct.

3.  Stilley has in the past sought a correction of the record, prior to a ruling on a motion. See e.g. Dkt. 694 and 695.

4.  The aforementioned pleadings were a motion and brief seeking a reduction under 18 USC 3582(c).

5.  Stilley made it clear that he wanted an accurate record first, then a ruling on the motion, no matter the tenor of the ultimate ruling on the underlying motion.

6.  This Court did not issue the order sought by Stilley.

7.  The correction of records with known falsehoods is required by the oath of office of Oklahoma attorneys, applicable attorney ethics rules, federal criminal statutes, etc.

8. If Stilley is truly guilty, an accurate record will not be harmful to the government.

9. To the extent not contrary to law or rule or Stilley's legal interests, Stilley incorporates all other motions and briefs filed on the same day as this pleading, as if set forth herein word for word. Stilley reserves and claims the right to rely on any other part of the official record in the captioned case, from the filing of the first docket item forward, as defined by Federal Rule of Appellate Procedure (FRAP) 10(a), in support of his claims and arguments.

10. Stilley claims and relies upon the right to rely upon any part of this record in support of any motion filed with respect to the pending petition/criminal complaint.

11. Stilley claims and relies upon the right to judicial notice as to any matters that meet the standards of the federal rules, laws, and other authorities with respect to judicial notice of facts.

12. Stilley vehemently objects to a ruling by the Court prior to a response by the government.

13. Stilley includes herewith a brief in support.

WHEREFORE, Stilley respectfully requests an order directing the government to cooperate with Stilley to correct known or reasonably ascertainable material falsehoods in the official record or any part thereof; and for such other and further relief as may be appropriate whether or not specifically requested.

Respectfully submitted,

By: /s/ Oscar Stilley                                                  November 5, 2024
Oscar Stilley                                                     Date
10600 N Highway 59
Cedarville, AR 72932-9246
479.384.2303 mobile
479.401.2615 fax
oscarstilley@gmail.com

**BRIEF IN SUPPORT OF MOTION**

Consider the oath of office taken by the Oklahoma bar licensed attorneys involved in this case. Specifically, the Oath of Office of Oklahoma Attorneys reads as follows:

> You do solemnly swear that you will support, protect and defend the Constitution of the United States, and the Constitution of the State of Oklahoma; **that you will do no falsehood or consent that any be done in court**, and *if you ==know of any== you will give knowledge thereof to the judges of the court, or some one of them, <u>that it may be ==reformed==</u>*; you will not wittingly, willingly or **knowingly promote**, sue, or procure to be sued, **any false or unlawful suit, <u>or give aid or consent to the same</u>**; you will delay no man for lucre or malice, but will act in the office of attorney in this court according to your best learning and discretion, with all good fidelity as well to the court as to your client, so help you God.
> (Emphases added)

It doesn't matter whether the falsity was intentional. It doesn't matter if the source of the falsehood had the whitest heart and the emptiest head in the history of mankind. Mere knowledge imposes legal duties.

All the lawyers on this case, save perhaps Mr. O'Reilly, made oath to give knowledge of falsehoods to one or more judges "that it may be reformed." Therefore it hardly seems an extravagant proposition that a court would order lawyers to keep their oaths as attorneys at law.

3

What kind of falsehoods?  Pretrial, the government repeatedly stated their theory that Springer *earned* the money but didn't pay taxes on it.  After trial, they said that if the jury hadn't concluded that Springer & Stilley stole Turner's $250,000, they would have acquitted.

In other words, the government admits that Stilley ***could not possibly be guilty*** of the charges **of the indictment**.  That means when the District Court – any District Court – does the analysis required by the Sentencing Guidelines, the only lawful outcome is a judgment of acquittal.

Stilley has proven beyond reasonable doubt that his restitution includes $7,901 arising from a math error.  Dkt. 723, pg. 32-33  I have asked US Probation for an accurate statement of account, of any lawful restitution.  They won't do it.  This Court and the world at large should know why.

Not one line item of restitution is factually correct.  Every line item can be proven factually and/or legally false from the record itself.  The government would *love* to correct the math error, save for this fact.  Correction of that one factual error is a slippery slope.  If the government does the honorably and legally required thing, the government won't stop until it hits rock bottom, with every single economic claim against Stilley reduced to rubble.  Correction of this falsehood will lead to the loss of the government's fraudulent judgment and commitment order.

A district court abuses its discretion when it ***bases a decision*** on a clearly erroneous finding of fact or an erroneous conclusion of law, or when its ruling manifests a clear error of judgment. See *Kilgore v. Attorney Gen. of Co.*, 519 F.3d

4

1084, 1086 (10th Cir.2008).  Therefore, correction of the record is *indispensable*, prior to any further proceedings.

Criminal law is in accord.  See 18 USC 1001, which provides in pertinent part:

> 18 U.S. Code § 1001 - Statements or entries generally
>
> **(a)**  Except as otherwise provided in this section, whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully—
> **(1)** falsifies, conceals, or covers up by any trick, scheme, or device a material fact;
> **(2)** makes any materially false, fictitious, or fraudulent statement or representation; or
> **(3)** makes **<u>or uses</u>** any false writing or document knowing the same to contain **any materially false, fictitious, or fraudulent statement or entry**;
> shall be fined under this title, imprisoned not more than 5 years or, if the offense involves international or domestic terrorism (as defined in [section 2331](#)), imprisoned not more than 8 years, or both. If the matter relates to an offense under chapter 109A, 109B, 110, or 117, or section 1591, then the term of imprisonment imposed under this section shall be not more than 8 years.
> **(b)** Subsection (a) does not apply to a party to a judicial proceeding, or that party's counsel, for statements, representations, writings or documents submitted by such party or counsel to a judge or magistrate in that proceeding.

(Emphases added)

The limitation as to judicial pleadings to a judge or magistrate is a good one. Nobody should be in fear of criminal liability for a court filing, even a truly bad one. That would chill 1st Amendment peaceful petition.

Nothing in that limitation exonerates anyone for knowingly ***enforcing*** a judgment based on falsehoods.  When the holder of a judgment becomes aware of falsity infecting the judgment, the mere *use* of that judgment is a federal felony.

5

Thus we can see that federal criminal law is in accord with the Oklahoma oath of office of attorney's at law.  But this is not the only federal statute that criminalizes the government's actions in this case.  See for example 18 U.S. Code § 4 - Misprision of felony.  This statute provides that:

> Whoever, **having knowledge** of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined under this title or imprisoned not more than three years, or both.
> (Emphasis added)

Once again, criminal liability is independent of the whiteness of the heart or the emptiness of the head.  Criminal liability is predicated upon knowledge.  Considering the places this case has been, and the personalities involved, this imposes legal duties on a lot of persons, to include a lot of attorneys.

Joseph Sullivan, the former chief security officer of Uber, learned on or about October 5, 2022 that the archaic and much maligned offense of "misprision of a felony" still has some pretty nasty teeth.  He was convicted of the offense as well as obstruction of justice, by a jury in the Northern District of California. The US Department of Justice still prosecutes such charges.  They should give serious consideration to obeying the laws they enforce against others.

This case directly or indirectly involves many lawyers, including supervisory lawyers.  Consider the following ethical rules, all from the Oklahoma Rules of Professional Conduct (ORPC).

> **Rule 3.1. Meritorious Claims and Contentions**
> A lawyer shall not bring or defend a proceeding, or assert or controvert an issue **therein, unless there is a basis in law and fact for doing so**

6

**that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law**. A lawyer for the defendant in a criminal proceeding, or the respondent in a proceeding that could result in incarceration, may nevertheless so defend the proceeding as to require that every element of the case be established.
(Emphasis added)

There is no arguable basis on law and fact for opposing a true and correct record.

Rule 3.3 provides in pertinent part. If the government wishes to add additional, they should feel free.

**Rule 3.3. Candor Toward The Tribunal**
(a) A lawyer shall not knowingly:
(1) make a false statement of fact or law to a tribunal or **fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer**;
(2) fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel; or
(3) offer evidence that the lawyer knows to be false. If a lawyer, the lawyer's client, or a witness called by the lawyer, has offered material evidence and the lawyer comes to know of its falsity, the lawyer shall take reasonable remedial measures, including, if necessary, disclosure to the tribunal. A lawyer may refuse to offer evidence that the lawyer reasonably believes is false.
(4) fail to disclose a fact to a tribunal when disclosure is necessary to avoid assisting a criminal or fraudulent act by the client.
(b) A lawyer who represents a client in an adjudicative proceeding and who knows that a person intends to engage, is engaging or has engaged in criminal or fraudulent conduct related to the proceeding shall take reasonable remedial measures, including, if necessary, disclosure to the tribunal.
(Emphasis added)

Prosecutors have special responsibilities. Stilley will reproduce the rule and then comment upon it. Bear in mind that the lack of highlighting doesn't mean the government has not violated that portion of the rule in this case.

7

**RULE 3.8 SPECIAL RESPONSIBILITIES OF A PROSECUTOR**
The prosecutor in a criminal case shall:
(a) **refrain from prosecuting a charge that the prosecutor knows is not supported by probable cause**;
(b) **make reasonable efforts to assure that the accused has been advised of the right to, and the procedure for obtaining, counsel and has been given reasonable opportunity to obtain counsel**;
(c) *not seek to obtain from an unrepresented accused a waiver of important pretrial rights*, such as the right to a preliminary hearing;
(d) **make timely disclosure to the defense of all evidence or information known to the prosecutor that tends to negate the guilt of the accused or mitigates the offense, and, in connection with sentencing, disclose to the defense and to the tribunal all unprivileged mitigating information known to the prosecutor,** except when the prosecutor is relieved of this responsibility by a protective order of the tribunal;
(e) not subpoena a lawyer in a grand jury or other criminal proceeding to present evidence about a past or present client unless the prosecutor reasonably believes:
(1) the information sought is not protected from disclosure by any applicable privilege;
(2) the evidence sought is essential to the successful completion of an ongoing investigation or prosecution; and
(3) there is no other feasible alternative to obtain the information;
(f) except for statements that are necessary to inform the public of the nature and extent of the prosecutor's action and that serve a legitimate law enforcement purpose, refrain from making extrajudicial comments that have a substantial likelihood of heightening public condemnation of the accused and exercise reasonable care to prevent investigators, law enforcement personnel, employees or other persons assisting or associated with the prosecutor in a criminal case from making an extrajudicial statement that the prosecutor would be prohibited from making under Rule 3.6 or this Rule;
(g) The lawyer upon whom a subpoena is served shall be afforded a reasonable time to file a motion to quash compulsory process of his/her attendance. Whenever a subpoena is issued for a lawyer who then moves to quash it by invoking attorney/client privilege, the prosecutor may not press further in any proceeding for the subpoenaed lawyer's appearance as a witness until an adversary in camera hearing has resulted in a judicial ruling which resolves all the challenges advanced in the lawyer's motion to quash.
(h) **When a prosecutor knows of new, credible, and material evidence creating a reasonable likelihood that a convicted defendant did not commit an offense of which the defendant was convicted, the prosecutor shall within a reasonable time:**

> **(1) disclose that evidence to an appropriate court and prosecutorial authority in the jurisdiction where the conviction occurred, and**
> **(2) if the judgment of conviction was entered by a court in which the prosecutor exercises prosecutorial authority,**
> **(i) unless a court authorizes delay, make reasonable efforts to disclose that evidence to the defendant's attorney or if the defendant is not represented by counsel to the defendant, and**
> **(ii) if the defendant is not represented by counsel, move the court in which the defendant was convicted to appoint counsel to assist the defendant concerning the evidence, and**
> **(iii) <u>request an appropriate authority to investigate whether the defendant was convicted of an offense that the defendant did not commit.</u>**
> **(i) When a prosecutor learns of clear and convincing evidence establishing that a defendant was convicted in a court <u>in which the prosecutor exercises prosecutorial authority of an offense that the defendant did not commit, the prosecutor shall promptly notify the appropriate court and make reasonable efforts to notify the defendant's counsel and the defendant.</u>**
> (j) A prosecutor's judgment, made in good faith, that the new evidence is not of such nature as to trigger the obligations of sections (h) and (i) of this rule, though subsequently determined to have been erroneous, does not constitute a violation of this rule.
> (Emphases added)

The sum and substance of much of this rule is that a criminal defendant is entitled to a true and correct record, even if it means the prosecutorial team has to eat crow years after the initial jury trial proceedings. This is a continuing obligation. It doesn't go away until the government lawyer performs his ethical duties.

Jeff Gallant, the face of the government's legal team for the last revocation prosecution, didn't oppose Stilley's request for an initial appearance. In fact he agreed to it. Now the Court has denied a much better supported request for initial appearance *without so much as a response from the government*. What is one of the

9

key functions of an initial appearance? To determine whether or not probable cause exists for the prosecution. Why?

Years ago, Scott County, Arkansas had a prosecutor nicknamed "Blue Jean." He got the tag because he routinely wore blue jeans to court. He was eccentric, but he had some good ideas.

Certain Arkansas state laws inhibited his discretion to dismiss DWI charges just because he thought they were bogus or unwarranted or otherwise in need of dismissal. He had a solution for that. When the judge called the case and told the prosecutor to call his first witness, Blue Jean would stand up and say "no witnesses." With no witnesses and no evidence, the judge had no choice but to dismiss the charges.

Supervisory lawyers have their own obligations. See

> **Rule 5.1. Responsibilities of Partners, Managers, and Supervisory Lawyers**
> (a) A partner in a law firm, and a lawyer who individually or together with other lawyers possesses comparable managerial authority in a law firm, shall make reasonable efforts to ensure that the firm **has in effect measures giving reasonable assurance that all lawyers in the firm conform to the Rules of Professional Conduct.**
> (b) A lawyer having direct supervisory authority over another lawyer **shall make reasonable efforts to ensure that the other lawyer conforms to the Rules of Professional Conduct.**
> (c) *A lawyer shall be responsible for another lawyer's violation of the Rules of Professional Conduct if*:
> (1) the lawyer orders or, with knowledge of the specific conduct, ratifies the conduct involved; or
> (2**) the lawyer is a partner or has comparable managerial authority in the law firm in which the other lawyer practices, or has direct supervisory authority over the other lawyer, and knows of the conduct <u>at a time when its consequences can be avoided or mitigated</u> but fails to take reasonable remedial action.**
> (Emphases added)

All parties to this proceeding, ***and the judge***, should agree to a true and correct record.  Then let's follow the truth where it leads us.  As John Lennon said in a song by the same title, "gimme some truth."  That's how Stilley feels about the situation right now.  *Gimme some truth!!!*

More authorities could be cited, but additional effort is hardly necessary.  The authorities cited decisively demonstrate that this Court has a duty to cause the record to conform to the truth.

Respectfully submitted,

By: /s/ Oscar Stilley                                   November 5, 2024
Oscar Stilley                                                   Date
10600 N Highway 59
Cedarville, AR 72932-9246
479.384.2303 mobile
479.401.2615 fax
oscarstilley@gmail.com

CERTIFICATE OF SERVICE

Defendant Stilley hereby certifies that on the date stated above he electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, thereby serving all persons having ECF privileges and entitled to service in this case.  Stilley does not have access to Lindsey Springer's physical address, email, and phone number, and thus cannot serve him.