IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA                                                        PLAINTIFF

v.                                       Case No. 4:09-CR-043

OSCAR AMOS STILLEY                                                              DEFENDANT

## MOTION TO VACATE DOCKET #338

Comes now Petitioner Oscar Stilley (Stilley) and for his motion to vacate judgment and commitment order #338 and states:

1.   Charles Anthony O'Reilly, perhaps sensing that the Court would excuse him from responding to motions, interposed a blanket objection to requests for relief sought by Stilley.

2.   Stilley at 6:11 PM on 11-4-2024 filed a motion for initial appearance before a magistrate judge, *inter alia* for the purpose of seeking an arguably disinterested arbiter of at least parts of this dispute.

3.   This Court denied the motion without awaiting any response, at 3:42 PM on 11-5-2024.

4.   Such rulings without awaiting a response call into question the Court's complaint that Stilley's motions in the last revocation were filed too late to accommodate a reasonable response.

5.   Stilley was sentenced in *US v. Stilley*, Northern District of Oklahoma (OKND) 4:09-cr-43. See Judgment and Commitment Order entered 4-28-2010, Dkt. 338.

6.   Said judgment and commitment order is void, amongst other reasons because it was procured by perjury, fraud, and falsehoods.

7. Said judgment and commitment order is void, amongst other reasons because it was procured by frauds upon the court, within the meaning of applicable case law.

8. Said judgment and commitment order is void, amongst other reasons because it was entered contrary to the requirements of the doctrine of judicial estoppel.

9. Said judgment and commitment order is void, amongst other reasons because that order is predicated on a theory in irreconcilable conflict with the government's pretrial theory.

10. Said judgment and commitment order is void, amongst other reasons because the "theft theory" upon which #338 is predicated, was raised after a *sua sponte* deadline for the filing of dispositive motions.

11. Said judgment and commitment order is void, amongst other reasons because Stilley's adversaries stomped out his ability to prosecute the one direct appeal to which he was entitled by law and rule.

12. Stilley filed two separate motions to recall the mandate in 10th Circuit 10-5057, in which Stilley attempted to get the one direct appeal to which he was entitled. One was under that appeal number, the other was under appeal 10th Circuit 22-5000, an attempt to appeal the denial of his petition under 28 USC 2255, in which he was denied a certificate of appealability.

13. In neither case did the 10th Circuit assign as a reason for denial any claim that Stilley had already prosecuted the one direct appeal to which he was entitled.

14. Such a claim, if true, would be the most logical reason for denying the motion to recall the mandate.

15. Nothing on the docket of 10th Circuit 10-5057 indicates that the clerk of that court thought Stilley filed an opening brief for a direct appeal.

16. Stilley was denied due process because Stephen P. Friot struck Stilley's motion for judgment as a matter of law, based on theories that he himself repudiated in writing, both before and after that decision. Dkt. 695, pg. 15-19.

17. There is no evidence in the record of OKND 4:09-cr-43 to support Judge Stephen P. Friot's findings of Stilley's wrongdoing at the revocation sentencing.

18. There is no evidence in the record of OKND 4:09-cr-43 to support Judge Stephen P. Friot's findings of Stilley's wrongdoing made during the original sentencing in 2010.

19. The testimony presented in OKND 4:09-cr-43 affirmatively proved that Stilley did not steal anything, either as to Count 3 (2003) or Count (4) 2005.

20. The evidence as to both substantive counts proved that Stilley merely followed the lawful directives of his clients, with respect to money held in trust for the use and benefit of said clients.

21. Failure to follow said instructions of clients would have been at minimum a civil conversion of client funds and an ethical violation, presumptively worthy of 3 months actual suspension from the practice of law under applicable California rules.

22. Stilley's purported indictment was not returned in open court, which means its authenticity has not been satisfactorily proven, and that the judgment must be set aside. Dkt. 695 pg. 21-25.

23. If the attorneys who prosecuted Stilley criminally told the truth to the proper tribunals, Stilley would be promptly exonerated of any guilt and set free, with no felony criminal record.

24. Not less than three attorneys involved in the criminal prosecution of Stilley have taken the oath of Oklahoma attorneys, which requires such attorneys to inform appropriate judicial personnel of falsehoods of which they are aware.

25. Stilley is by law entitled to legal process that would set him free if the lawyers who sent him to prison told the truth in conformity with their oaths of office.

26. Stilley made extensive factual statements under oath, particularly in Dockets 694 (motion for sentence reduction) and 701 (motion under 28 USC 2255) but also in other pleadings.

27. Without prejudice to any other defenses, Stilley moves this Court to vacate Docket #338, such that all parties are forbidden to rely upon it as a *lawful* order or to rely upon it as a *valid* judgment.

28. Stilley most respectfully requests that the Court order the government to timely respond to this motion.

29. Stilley most respectfully requests a ruling based upon the 1) competing arguments of the parties after both have been given a fair chance to be heard, and 2) the official record in this case.

30. Stilley submits herewith an included brief in support.

WHEREFORE, Stilley respectfully requests an order vacating OKND 4:09-cr-43 docket #338, as a valid and lawful judgment; and for such other and further relief as may be appropriate.

Respectfully submitted,

By: /s/ Oscar Stilley                         November 5, 2024
Oscar Stilley                                 Date
10600 N Highway 59

Cedarville, AR 72932-9246
479.384.2303 mobile
oscarstilley@gmail.com

## BRIEF IN SUPPORT OF MOTION

Stilley filed his petition in *Oscar Stilley v. John Thurston et al*, Ark. Sup. Ct. 24-CV-453 on July 16, 2024.[1] The Arkansas Supreme Court expedited the matter, ordering a response by the 18th of July at 3:00 PM. The first sentence of their motion to dismiss described Stilley as "a convicted felon, disbarred lawyer, and fraudulently registered voter."

The Arkansas Supreme Court expedited Stilley's response. Stilley responded Thursday, July 25, 2024, along with a set of exhibits,[2] explaining how Stilley's current judgment and commitment order (Dkt. 752) **could not possibly be valid**. The Supreme Court referred the matter to the Special Master Friday the 26th of July, 2024. On Monday the 29th, two additional Assistant Attorney Generals entered their appearances in this case.

Respondent Thurston's answer was filed July 31, 2024. Respondent Thurston persisted in denying that Stilley is a lawfully registered voter, and perhaps more tellingly persisted in the false claim that Stilley is a "convicted felon."

---

[1]   A more user friendly homemade docket, and the docket items in this case up through dismissal, may be found here.

[2]   These versions have operable links. The Luddites of Arkansas do not allow working links in their pleadings.

MOTION TO VACATE DKT. 338 -- 11/5/2024                                                                                                Page **5** of **9**

Stilley is not a convicted *felon*. He is a convicted *innocent person*. Stilley went to prison for doing what was an *ethical duty*, based on the government's pretrial theories in their criminal case. Both Oscar Stilley and Evan Gershkovich have facially valid criminal judgments in their background. Neither are the product of looking at the relevant facts in a different way. In each case, the judgments are the product of *fiction*. Stilley is no more a *felon* than Evan Gershkovich.

"To warrant the impeaching of a foreign judgment because procured by fraud, fraud must be distinctly alleged and charged. *Ritchie v. McMullen*, 159 U.S. 235, 242 (1895)

By the admission of government counsel in the criminal case, Stilley could not *possibly* be guilty based upon the pretrial theories of the government. The post-trial "theft theory" was raised only after the expiration of a deadline for the filing of dispositive motions.

So why wouldn't the Arkansas Attorney General formally take the pretrial theories off the table? Because he ***couldn't*** – if he wanted an order dismissing Stilley's petition in Ark. Sup. Ct. 24-CV-453.

Respondent John Thurston, Arkansas Secretary of State had five bar licensed attorneys, all officers of the court. In addition to their duty to represent their client zealously, they had numerous ethical duties to the tribunal and *to the people*. Rule 1 of the Arkansas Rules of Civil Procedure says that those rules "shall be construed and administered to secure the just, speedy and inexpensive determination of every action."

Would that not include at the very minimum an early stipulation to at least which of three contradictory theories of criminal liability these five lawyers plan to urge the Arkansas Supreme Court to accept?

Stilley pushed his chips to the middle of the table. What chips? How about 1) a [$5,000 bond for expenses for the Special Master proceedings](),[3] 2) a potential fine, in the [warning on the face of the application for voter registration](), of up to $10,000, and 3) incarceration in state and/or federal prison, for up to ten years, also set forth on the face of the voter registration application. *Id.*

Stilley paid $165 to file his petition into one of the most hotly contested initiative petition contests of the election cycle. The first sentence of the first paragraph was "Stilley is a registered voter of the State of Arkansas." Nobody does that, with both eyes open, unless they are utterly convinced of the merits of their position – *and ready to defend it*. Nobody does that unless they have **supreme confidence** that they are right.

The Arkansas Attorney General has enormous resources. The US Attorney for OKND doubtless armed Arkansas Attorney General Tim Griffin and his team of 5 elite lawyers with all the information at his command. Both officials had every incentive to defend Judgment and Commitment Orders 338 and 752 against Stilley's assaults. Both offices are doubtless endowed with the best artificial intelligence, to scour the records of the various court proceedings, looking for chinks in Stilley's armor.

---

[3]  See Stilley's docket number 20. This order may also be reviewed on the [official docket]().

MOTION TO VACATE DKT. 338 -- 11/5/2024                                                                 Page **7** of **9**

Stilley offered Thurston's counsel a set of the links he uses in his pleadings, in support of his arguments, for the asking. He also offered frank discussion, with answers to questions about the proceedings. They didn't ask for any of these things. They doubtless got their information elsewhere, almost certainly from the US Attorney's Office for the OKND.

Stilley's already made his arguments elsewhere. Five of the best lawyers in the office of the Arkansas Attorney General ***defaulted*** on the [motion to suppress Docket #338](#).[4] Why? Because there are no words in the English language to justify Docket #338, or to warrant allowing it to maintain the appearance of validity for another day.

Five of the best lawyers in the office of the Arkansas Attorney General tacitly admit that Docket #338 is a pure unadulterated fraud. Five lawyers by their actions demonstrated a ***sincere belief of the invalidity of Docket #338***, with a confidence no less than that of Oscar Stilley when he filed into a white-hot election contest, in which the first sentence of his first pleading was "Stilley is a registered voter of the State of Arkansas."

Docket #338 is utterly indefensible. It is inexcusable evil, on par with the jailing, prosecution, and conviction of Evan Gershkovich. The time has come for it to be dumped into the dustbin of history.

**CONCLUSION**

This Court should enter an order vacating the Judgment and Commitment Order at Docket 338.

Respectfully submitted.

---

4   The [official docket](#) likewise confirms Stilley's assertions.

By: /s/ Oscar Stilley                                     November 5, 2024
Oscar Stilley
10600 N Highway 59
Cedarville, AR 72932-9246
479.384.2303 cell phone
oscarstilley@gmail.com

## CERTIFICATE OF SERVICE

Defendant Stilley hereby certifies that on the date stated above he electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, thereby serving all persons having ECF privileges and entitled to service in this case.