IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA                                             PLAINTIFF

v.                           Case No. 4:09-CR-043

OSCAR AMOS STILLEY                                                   DEFENDANT

**MOTION TO DISMISS FOR LACK OF VENUE, WITH INCLUDED BRIEF**

Comes now Petitioner Oscar Stilley (Stilley) and for his motion to dismiss for lack of venue, and states:

1. Plaintiff attorney Charles Anthony O'Reilly has cut off effective communications with Stilley.

2. While communications were still active, Mr. O'Reilly said that he opposed everything Stilley requested.

3. This Court has previously made rulings without waiting for a response from the government.

4. Stilley respectfully requests that the Court wait for a response before entering an order or ruling.

5. The entry of rulings less than a day after the filing of the motion gives the public (and Stilley) the impression that Stephen P. Friot is Stilley's adversary as well as his judge and decider.

6. None of the things alleged against Stilley allegedly occurred in the Northern District of Oklahoma (OKND).

7. The infamous crimes alleged against Stilley occurred, if at all, outside the OKND.

8.     None of Stilley's accusers have a good faith belief that the charged crimes occurred in the OKND.

9.     Stilley is entitled to dismissal, on the basis of constitutional and statutory provisions concerning the venue of criminal charges.

10.    Stilley submits herewith an included brief in support.

WHEREFORE, Stilley respectfully requests an order dismissing the Petition/criminal complaint for lack of venue; and for such other and further relief as may be appropriate.

Respectfully submitted,

| | |
|---|---|
| By: /s/ Oscar Stilley<br>Oscar Stilley<br>10600 N Highway 59<br>Cedarville, AR 72932-9246<br>479.384.2303 mobile<br>oscarstilley@gmail.com | November 5, 2024<br>Date |

## BRIEF IN SUPPORT OF MOTION

Stilley is in possession of the "Petition," which is in effect a criminal complaint lodged in utter defiance of the 5th and 6th Amendments. Stilley has read the 9 counts repeatedly.

Not one of these counts contains any allegations that Stilley committed any crimes at any place in the OKND. These allegations of infamous crimes, if true, claim that Stilley committed those crimes in some other state and district.

US Constitution Article 3 § 2 in the third paragraph provides as follows:

> The Trial of **all Crimes**, except in Cases of Impeachment, shall be **by Jury**; and such Trial shall be held in the State **where the said Crimes shall have been committed**; but when not committed within any State, the Trial shall be at such Place or Places as the Congress may by Law have directed. (Emphases added)

The 6th Amendment to the US Constitution provides as follows:

> In **all** criminal prosecutions, the accused shall enjoy the right to a speedy and public ***trial, by an impartial jury of the State and district wherein the crime shall have been committed***, which district shall have been previously ascertained by law, and to **be informed of the nature and cause of the accusation**; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.
> (Emphases added)

Stilley is entitled to freedom from trial in any state and district except the one where the alleged crimes allegedly occurred. Stilley's crimes, if they occurred at all, occurred outside the geographic confines of the OKND. Stilley is of course innocent of any crimes. However, he is entitled to a trial where these imagined crimes were committed.

Consider *U.S. v. Medina-Ramos*, 834 F.2d 874, 875-76 (10th Cir. 1987), where the Court opined:

> The Constitution contains two overlapping provisions on venue in criminal cases. Article III, § 2, cl. 3 requires that the trial of any crime be held in the state in which the crime was committed, while the Sixth Amendment requires that trial be by a jury of the state and district in which the crime was committed. These directives are the product of the Framers' concern over "the unfairness and hardship to which trial in an environment alien to the accused exposes him." *United States v. Johnson,* 323 U.S. 273, 275, 65 S.Ct. 249, 250, 89 L.Ed. 236 (1944). The Supreme Court has pointed out that an expansive interpretation of venue can impose "needless hardship to an accused by prosecution remote from home and from appropriate facilities for defense" and can also lead "to the appearance of abuses, ***if not to abuses***, in the selection of what may be deemed ***a tribunal favorable to the prosecution***." *Id.* Determining venue thus raises
>
>> "matters that touch closely the fair administration of criminal justice and public confidence in it, on which it ultimately rests. These are important factors in any consideration of the effective enforcement of the criminal law . . . . Questions of venue in criminal cases, therefore, are not merely matters of formal legal procedure. ***They raise deep issues of public policy*** in the light of which legislation must be construed."

(Emphases added)

Stilley at 6:11 PM on 11-4-2024 filed a motion for an initial appearance before a magistrate judge, which is without any controversy is a ***matter of right*** under the Federal Rules of Criminal Procedure, which have the force of law. The OKND Local Criminal Rules say the same thing.

Judge Friot denied the motion less than 22 hours later, at 3:42 PM on 11-5-2024, based on his own arguments. The government didn't file a response, and wasn't ordered to file a response. Stilley requests that this Court wait for a response from Stilley's adversary before making a ruling. Anything less gives the appearance that Stephen P. Friot is Stilley's adversary, and furthermore unwilling to comply with established constitutional provisions, laws, and rules favorable to Stilley.

**CONCLUSION**

This Court should enter an order dismissing the criminal complaint entitled a "Petition" for lack of venue.

Respectfully submitted.

By: /s/ Oscar Stilley                                          November 5, 2024
Oscar Stilley
10600 N Highway 59
Cedarville, AR 72932-9246
479.384.2303 cell phone
oscarstilley@gmail.com

**CERTIFICATE OF SERVICE**

Defendant Stilley hereby certifies that on the date stated above he electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, thereby serving all persons having ECF privileges and entitled to service in this case.