IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>OSCAR AMOS STILLEY,<br><br>Defendant. | Case No. 09-CR-0043-SPF |

**United States' Memorandum with Respect to Supervised Release
Revocation Hearing Set for November 13, 2024
(Doc. No. 797)**

The United States of America, by and through its attorneys Clinton J. Johnson, United States Attorney for the Northern District of Oklahoma, and Charles A. O'Reilly, Trial Attorney for the Department of Justice, Tax Division, hereby submits its memorandum with respect to the supervised release revocation hearing set for November 13, 2024.

On October 10, 2024, in response to the United States Probation Office's petition, this Court ordered the issuance of a summons for Oscar Amos Stilley to appear and show cause why his term of supervision should not be revoked. The petition asserted nine violations: (1) failing to maintain full time lawful employment; (2) failing to submit complete financial information; (3) failing to deposit all income to a checking account disclosed to U.S. Probation; (4) failing to maintain software to monitor his computer and internet activity;

(5)  communicating with individuals Mr. Stilley knew had been convicted of felonies;

(6) engaging in the practice of law; (7) committing a crime; (8) failing to notify U.S. Probation of being arrested or questioned by law enforcement within 72 hours; and (9) failing to make restitution payments. Doc. 792. By order dated October 16, 2024, the Court scheduled a hearing on the allegations to be held 10:00 a.m.[1] November 13, 2024. Doc. 793. Mr. Stilley filed his Response to Petition with Defenses November 5, 2024.

For the reasons indicated herein, the United States requests the Court revoke Mr. Stilley's term of supervision, sentence Mr. Stilley to two-years imprisonment for his violations and terminate his supervision.

## Background

In 2009, the grand jury charged Oscar Amos Stilley and Lindsey Kent Springer with conspiring to defraud the United States in violation of Title 18, United States Code Section 371, and with attempting to evade Mr. Springer's individual income taxes for the years 2003 and 2005, in violation of Title 26, United States Code Section 7201.[2] Doc. 2. Following a trial held in 2009, the jury convicted both defendants on all charges in the Indictment.

On April 23, 2010, this district court both sentenced Messrs. Stilley and Springer to fifteen years imprisonment, three years supervised release, and ordered restitution. In addition to the mandatory and standard conditions, as part of the conditions of supervised release, the court ordered special conditions of supervision

---

1   On November 7, 2024, the Court moved the starting time to 9:00 a.m. Doc. 813.

2   The indictment also charged Mr. Springer with one additional count of tax evasion and two counts of willfully failing to file his individual income tax returns for the years 2002 and 2004.

for Mr. Stilley including disclosing financial information, permitting monitoring of his computer activity (including the installation of remote monitoring software) and to refrain from the unauthorized practice of law.

On direct appeal, the Tenth Circuit Court of Appeals affirmed Messrs. Stilley and Springer's convictions and sentences. United States v. Springer, 444 F. App'x 256, 259 (10th Cir. 2011). Mr. Stilley did not challenge the restitution judgment, the term of supervised release, or any of the conditions of supervised release on direct appeal. *Id*. Mr. Stilley's criminal conviction became final December 20, 2011.

In 2021, Mr. Stilley moved to vacate his sentence pursuant to Title 28, United States Code Section 2255. The district and appellate courts dismissed Mr. Stilley's petition as untimely, noting Mr. Stilley filed the petition almost a decade after his conviction became final, denied Mr. Stilley's request for a certificate of appealability, and dismissed Mr. Stilley's appeal noting that the petition "fails to explain why he waited almost nine years after the limitations period expired to file his petition." Doc. 732 p. 2.

On August 10, 2022, Mr. Stilley commenced his term of supervised release; within two weeks he violated the terms of supervision. United States Probation alleged Mr. Stilley violated the special condition of supervised release involving computer restrictions, and this Court issued a summons directing Mr. Stilley to appear and answer the allegations. U.S. Probation filed an amended petition September 7, 2022, alleging three additional violations: (1) failing to provide

3

financial information; (2) failing to provide online account information and passwords; and (3) failing to complete the required monthly supervision report.

This Court scheduled the revocation hearing for November 21, 2022. Doc. 740. On November 16, 2022, Mr. Stilley filed a motion for an initial appearance before a magistrate judge which was denied. Docs. 741 and 742. One day before the hearing, Mr. Stilley filed numerous motions, including a motion for the appointment of Charles Robert Burton IV as standby counsel only, a motion to disqualify the judge, a motion to quash the summons and dismiss the case for lack of jurisdiction, a motion for early PSR, a motion for discovery and evidence, a motion for "a true and correct record", and a motion to clarify and modify the conditions of supervised release. Docs. 744 through 750.

On November 21, 2022, this Court commenced the revocation hearing addressing defendant's motions. The court denied the motion to disqualify the judge. The Court next rejected Mr. Stilley's motion to appoint standby counsel, concluding the motion appeared to be "an ill-conceived attempt to manipulate the process and derail this hearing." Doc. 768 at 7. The Court then denied Mr. Stilley's motion to quash the summons and dismiss for lack of jurisdiction. *Id*. at 8.

At this point the Court paused and gave Mr. Stilley an opportunity to avoid going forward with the revocation hearing, explaining that the conditions of supervised release at issue are "the law of the case;" the only issue was whether Mr. Stilley violated the conditions. *Id*. at 9. The Court then offered to "wipe the slate clean" and continue Mr. Stilley on supervised release, with the condition he

agree to comply going forward. *Id.* at 13. Mr. Stilley's request, the Court briefly recessed for Mr. Stilley to consult with the government, the probation office and with the CJA attorney who was present. *Id.* at 14.

Following the recess, the government indicated the parties had reached a tentative agreement pending the Court's resolution of Mr. Stilley's motions. *Id.* at 14-17. However, Mr. Stilley quickly made clear he was unwilling to unequivocally agree to comply with the conditions the Court went forward with the revocation hearing. *Id.* at 20. The court denied Mr. Stilley's motions for an early presentence report, discovery, and for a "true and correct record," and deferred ruling on the motion to modify release conditions. The Court denied Mr. Stilley's request for a fifteen to thirty-day continuance to retain counsel, noting that the revocation allegations had been pending for more than two months and Mr. Stilley knew of his right to retain counsel. *Id.* at 21-22.

At the hearing, U.S. Probation Officer Ryan Forsyth testified Mr. Stilley was aware of all his conditions of supervised release and that Mr. Stilley violated the four conditions of supervised release detailed in the amended petition. *Id.* at 24. Officer Forsyth described how Mr. Stilley refused to allow the installation of monitoring software on his electronic devices and declined to provide his account usernames and passwords despite repeated requests. *Id.* at 28-29. Officer Forsyth also testified Mr. Stilley failed to disclose his bank accounts, assets, and monthly income and expenses, replying "5th Amendment" to many of the questions. *Id.*

5

at 31-41. Mr. Stilley cross-examined Officer Forsyth but offered no evidence of his own. *Id.* at 44-80.

This Court found the government had proved "beyond a reasonable doubt" Mr. Stilley violated two of the supervised release conditions that did not implicate the Fifth Amendment: the electronic monitoring software condition, and the condition requiring defendant to provide usernames and passwords for his online accounts. *Id*. at 101. This Court also found that Mr. Stilley failed to comply with the financial reporting and supervision conditions but decided it would leave those violation "pending and unadjudicated" pending a motion to modify conditions. *Id*. at 101. This Court invited Mr. Stilley to supplement his motion to modify conditions within 21 days. *Id*. at 101-02.

The government argued the Court should imprison Mr. Stilley for two years with no additional supervised release, asserting incarceration was necessary and that Mr. Stilley's "total noncompliance" wasted the resources of the U.S. Probation office. *Id*. at 104-06. Mr. Stilley incorrectly contended the maximum available term was one year of imprisonment and requested a stay of whatever sentence the Court imposed or, alternatively, home confinement. *Id*. at 106-16. The Court sentenced Mr. Stilley to three months' incarceration, to be followed by 33 months of supervised release. The Court reimposed the conditions of supervised release, denied the requested stay, and remanded Mr. Stilley. *Id.* at 117-21.

**Current Violations**

  U.S. Probation identifies nine violations in its petition.

1.  <u>Violation of Standard Condition No. 7</u>: Mr. Stilley failed to maintain full-time employment and failed to notify U.S. Probation within 72 hours of his loss of full-time employment.

  REVAMP terminated Mr. Stilley's employment with them May 1, 2024. Mr. Stilley notified U.S. Probation of his termination by electronic mail sent late on May 5, 2024; he asserts the delay resulted from his observation of the Sabbath. Despite U.S. Probation offering assistance for Mr. Stilley to find appropriate employment, Mr. Stilley has not obtained full time employment. The only potential employment Mr. Stilley identified to U.S. Probation involved Mr. Stilley interacting with individuals with criminal records, which would have been in violation of Mr. Stilley's terms of release absent permission from U.S. Probation. Based upon the problems at Mr. Stilley's employment with REVAMP, U.S. Probation declined to authorize the new employment.

  Contrary to Mr. Stilley's speculations and allegations, federal employees did not "agitate[] to get Stilley fired." Doc. 811 ¶9. When REVAMP initially hired Mr. Stilley, REVAMP and U.S. Probation reviewed protocols with respect to Mr. Stilley's requests for authorization to communicate with incarcerated individuals as part of his employment.

  On April 12, 2024, REVAMP's President telephoned U.S. Probation advising they were having issues with Mr. Stilley including communicating with incarcerated individuals on REVAMP's behalf but without REVAMP's knowledge;

REVAMP's President also expressed concern regarding Mr. Stilley making questionable expenditures using REVAMP's debit card. REVAMP's President stated she directed Mr. Stilley to provide a variety of documents by 4:00 p.m. regarding these concerns and that his employment would be terminated if he failed to comply.

Eleven days later, on April 23, 2024, REVAMP's President and Executive Director together telephoned U.S. Probation. They stated Mr. Stilley had failed to provide the requested documentation and said they planned to terminate Mr. Stilley's employment. Mr. Stilley failed to perform requested tasks, and also failed to show the more than $4,000 he spent on office supplies using REVAMP funds were for REVAMP-related business. REVAMP agreed to notify U.S. Probation when they officially terminated Mr. Stilley's employment. One week later, U.S. Probation telephoned REVAMP's President. REVAMP verbally terminated Mr. Stilley's employment the previous week, but Mr. Stilley indicated confusion and requested clarification from REVAMP's Board of Directors. REVAMP officially terminated Mr. Stilley's employment May 1, 2024.

Mr. Stilley identified another employment opportunity "that would have had exactly the same terms, conditions, pay, and hours as the job at REVAMP." Doc. 811 ¶15. This employment would have necessitated Mr. Stilley communicating with felons. Doc. 802 pp. 16-17. Because Mr. Stilley's had unauthorized communications with inmates while at REVAMP, U.S. Probation declined to authorize this new employment. U.S. Probation did offer to assist Mr. Stilley in

8

finding new employment; Mr. Stilley did not avail himself of this offer and remains unemployed more than six months after being fired from REVAMP.

2.  <u>Violation of Special Condition No. 2(e)</u>: Mr. Stilley failed to complete personal financial affidavit and authorize release of any and all financial information

As with Mr. Stilley's prior revocation, he continues to provide insufficient information including affidavits on which he asserts the privilege against self-incrimination in response to most of the financial information sought. Doc. 802 pp. 18-42. Mr. Stilley refused to provide U.S. Probation with any justification for his assertion of the privilege.

On June 7, 2024, U.S. Probation inquired about a January 4, 2024, $2,540 deposit into Mr. Stilley's Arvest Bank account. Mr. Stilley stated the money was procured legally but refused to further discuss the $2,540 deposit. While Mr. Stilley provides U.S. Probation with copies of his Arvest Bank statements and checks written on the account, he does not provide copies of the deposit items, including the $2,540 DDA virtual deposit made January 4, 2024. See Doc. 802 pp. 43-48.

3.  <u>Violation of Special Condition No. 2(a)</u>: Mr. Stilley failed to deposit all income, monetary gains and other pecuniary proceeds into a checking account maintained in his name, to use this account for all personal expenses, and to disclose all other financial accounts to U.S. Probation.

Through monitoring Mr. Stilley's electronic communications, U.S. Probation identified approximately $4,000 received from M.W., apparently related to P.W., a federal inmate, between February and May 2024. Mr. Stilley did not deposit these payments into the Arvest Bank account. These payments included a $3,000 U.S. Bank Cashier's Check dated February 27, 2024, payable to an individual sharing

Mr. Stilley's surname. Doc. 802 p. 19. On May 20, 2024, M.W. texted Mr. Stilley that she had just sent him a $1,000 check, to which Mr. Stilley replied, "Perfect! Thank you!!" Doc. 802 p. 19. Mr. Stilley's communications with M.W. continued into August 2024.

4. <u>Violation of Special Condition No. 7(b)</u>: Mr. Stilley failed to pay the costs related to the monitoring systems for his electronic devices

Following release from imprisonment following his first revocation, Mr. Stilley permitted the installation of monitoring systems on his cellular telephone and computer. On July 23, 2024, the monitoring company notified U.S. Probation that Mr. Stilley had revoked authorization for automatic payments for this service. The monitoring company placed Mr. Stilley on invoice billing. On August 30, 2024, Mr. Stilley told U.S. Probation he would not pay any bills for the monitoring systems.

Mr. Stilley refuses to pay for the monitoring systems despite being directed to do so by U.S. Probation. As of September 30, 2024, Mr. Stilley owes $259.56, with $86.52 monthly charges accruing the 23rd of each month. Mr. Stilley's stated reason for ceasing payment is that the price increased.

Despite Mr. Stilley's non-payment, monitoring continued. However, on September 4, 2024, communications ceased from Mr. Stilley's cellular telephone. The next day communications also ceased from Mr. Stilley's computer. The monitoring company notified U.S. Probation of the interruptions on September 8, 2024. When asked about this by U.S. Probation, Mr. Stilley would not answer.

Using Corrlinks, U.S. Probation determined that Mr. Stilley made numerous communications with incarcerated persons since September 8, 2024, confirming Mr. Stilley's use of an unmonitored internet-connected device without permission from U.S. Probation. Doc. 802 pp. 78-81.

5. <u>Violation of Standard Condition No. 8</u>: Mr. Stilley communicated and interacted with persons he knew had been convicted of felonies without permission of U.S. Probation.

Mr. Stilley communicated and interacted with at least five persons he knew had been convicted of felonies without U.S. Probation's permission, including the following:

> On June 3, 2024, communicated with W.B.D. (convicted of discharging a firearm during a drug trafficking crime) Doc. 792 p. 82;
>
> on May 27 and May 28, 2024, communicated with M.A.D., Jr (convicted of 21 U.S.C. §841(a)(1) and (b)(1)(A) and 18 U.S.C. §924(c)) Doc. 802 pp. 68-76;
>
> on July 14, August 18 and 19, September 21 and 24, 2024, communicated with T.H. (convicted of 21 U.S.C. §841(a)(1) and 18 U.S.C. §924(c)(1)(A)(i)) Doc. 802 pp. 77-90;
>
> on June 3, 2024, communicated with R.D.L.C-J (convicted of 21 U.S.C. §§963, 952, 846 and 841A) Doc. 792 pp. 86-89;
>
> on August 27, 28 and 29, 2024, communicated with K.J.N. (convicted of A.C.A. 5-13-301(a)(1)(A) – Terroristic Threatening in the First Degree) Doc. 802 pp. 68-76;
>
> between March 29 and October 3, 2024, communicated with J.M.P. (convicted of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846) Doc. 802 pp. 104-167; and
>
> between September 12 and 29, 2024, communicated with P.M.W., Jr. (convicted of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 851 and 860(a), and 18 U.S.C. §§ 924(c)(1), 922(g)(1), 922(g)(3) and 924(a)(2). Doc. 802 pp. 167-256.

6. <u>Violation of Special Condition No. 5</u>: Mr. Stilley engaged in activity constituting the unauthorized practice of law.

The Arkansas Judiciary website provides that "[t]he practice of law includes any services of a legal nature rendered outside of courts and unrelated to matters pending in the courts, including conveyancing, the preparation of legal instruments of all kinds, and, in general, all advice to clients and all action taken for them in matters connected with the law." https://arcourts.gov/courts/supreme-court/boards-committees/committee-unauthorized-practice-law/home/faq#. Arkansas criminalizes the unauthorized practice of law with the intent to obtain an economic benefit as a Class A misdemeanor. A.C.A. § 16-22-501. Prohibited conduct includes "contact[ing] any person by telephone or in person for the purpose of soliciting business which is legal in nature, as set forth [in the statute]." *Id*.

On numerous occasions, and with respect to at least two individuals J.M.P. and P.M.W., Jr., Mr. Stilley engaged in activity constituting the unauthorized practice of law.

In early October 2024, Mr. Stilley engaged in a series of communications with J.M.P. providing legal advice and drafting legal papers:

October 1

J.M.P. at 7:19 p.m. the next email i send will have some Answer , I'm wasting hours re trying to find the other copy of that petition for forfeiture, recently during the shakedown and lockdown for 2 weeks flat they took 3 of my shelves out of my locker that I'm remaking again out of cardboard. there are hardly any shelves at all in most of our lockers. so to take our shelves that are only cardboard , and would only be in the same exact spot if they were not taken out is dubious. it sucks not having adequate organization or proper due process .

Stilley at 9:06 p.m. It is without controversy an attack on organization. Don't give up. Build back, just like beavers never give up and always build back. You absolutely have to have shelves.

    Keep me posted on progress. The state of Missouri has made it nearly impossible to turn pleadings back into the original document, with Adobe Acrobat. Otherwise I'd email you the petition.

    Use all your resourcefulness to keep access to me and the free world. Think. Think about what others need and what you need. Put your shoulder to the needs of other inmates. Work together. Things will get better.

J.M.P. at 10:49 p.m.   hey tommorrow [sic] ill finish the rest up on defenses , and tort conversion.

October 2

Stilley at 8:58 a.m. Perfect! It's looking good so far.

J.M.P. at 11:35 a.m.   The 2nd affirmative defense is it is not illegal for Mr [ ] to possess the united states currency that officers illegally seized in the first place. At the time officers first initially seized the currency it was not found in close promoxity [sic] to controlled substance and was not intended to be furnished for any controlled substance or to facilitate criminal activity. it must be strongly noted that at the time of officers first initial seizure of Mr. [ ] wallet and currency officers did not have any reasonable suspicion or probable cause to believe Mr. [ ] was involved in any criminal activity , it was not readily apparent that the wallet and phones were incriminating in character at the time officers reached into [ ] vehicle without a warrant or probable cause and seized those items of personal property out of the vehicle before an arrest was even confirmed or showing active. [ ] is the legal owner of the seized property and he is legally entitled to its return as this is evident by proof of his income , bank statements , irs tax records, bill of sell, etc ..

Stilley at 11:40 a.m.   Subject Re: affirmative defenses

    Got it. Are you now going to work on a counterclaim? I just want to know when you're ready for me to work.

J.M.P. at 10:50 p.m.   do you think the duress and or fraud claim are worth adding in there? n i think it covers it , add more or take more from it , to make it worth for litigation. etc., and request for jury trial and declarartory relif?? [sic]

October 3

Stilley at 8:26 a.m. Let me draft something up for you. I'll send it on Trulincs. You'll see formatting issues. Everything will be ok when I send you the hard copy. I'll just want you to tell me what needs to be changed.

Stilley at 12:00 p.m.      emailed draft of an amended answer and counterclaim for J.M.P. in Missouri state court.

Stilley at 12:34 p.m.      Review the complaint. Compare it to what you sent me. Tell me what is redundant, such that I should take it out.

Tell me what is missing, and where I should put it in. Remember, I have everything you sent me. I can copy and paste. Make it as easy as you can on yourself.

Stilley at 12:36 p.m.      I just looked it up. Blue360 sells a Missouri Criminal and Traffic Law Manual for $78. It comes with an electronic copy as well. Try at the law library, see if they'll take delivery, keep the digital version, and put that on their computers. That would leave you with the hard copy.

I know about the money situation. Someone else needs this or needs help getting the legal materials. Talk to your friends, try to find a way.

J.P.M. at 2:21 p.m. ok i got someone that may be calling you , that we ralked [sic] about, dude comes from a great family, smart, was successful out there tell [sic] the feds got him.

Stilley at 2:29 p.m. Subject: Re Demand for Jury Trial

That sounds complicated. Do you really want that kind of language? The statute is simple. Here's what it says.

513.612. Right to file motion to dismiss - jury trial. -Any party may bring one motion to dismiss at any time and such motion shall be heard and ruled on within ten days. Any party may demand a jury trial.

If you get too wordy and complex, the judge will take note.

J.M.P. at 4:49 p.m. Subject: the counterclaim

i only put some suggestions in there on tort of conversion, i used it from artifial [sic] intelligence, so with that i used two different copies, that i need your expertise on reformationg [sic] it to fit the facts of this case. because the element are dominion or control over the property that is inconsistent with the rights of the owner, as my rights were to leave it with my driver (as i was a passenger in the car i owned) , so to seize and impound the car from my driver who is not arrested is a clear violation of my rights cause the owner or owners represtive [sic] have a clear right to control that vehicle because it is no safety hazard and as he was not arressested [sic] my operator always retained the ability and permission to keep the keys and car that he had for weeks. impounding the keys prevented my operator from making his own arrangements in a timely

14

> > manner for its safekeeping, my appeal attorney has a corrected brief that he filed with court of appeals that he done well , its the very last brief he filed , keep in mind is another true fact is our friend showed up with a license to remove the car in a timely manner BEFORE the POLICE TOW OPERATOR DID , and officercers [sic] refused to relinquish my car to my friend that showed up with a license , my operator had 48 hours according to policy to remove the car, officers refused to give the keys back to the operator that is unarrested [sic] and not ticketed.
>
> J.M.P. at 4:49 p.m. Subject: paragraph ten
>
> > Dryden had expired license, so he could stay with the car and make his own arrangements so you need to change paragraph ten
>
> Stilley: at 4:51 p.m.         Tomorrow is Feast of Trumpets, so I won't work, and of course won't work on the weekly Sabbath. I think your deadline for getting something in the mail is Monday the 14th. I'll try to get things together for you on Sunday, although it may well take into Monday.
>
> > For your ready reference I'm pasting in a Missouri rule. I think you'll be ok, but want you to be comfortable with what you're doing. My thinking is that even if you feel the need to request an extension, you can do it next week. But I'm not making the call on that.
>
> J.M.P. at 4:49 p.m. im not sure if defense four is against or for our argument for what the whole purpose is ? so if you think it will weaken the purpose , then leave it out , or if it will weaken our main arguments then take it out ? Please use discretion [sic] in deciding one way or other , as my experience is not great.
>
> Stilley at 4:56 p.m. I got your three messages. I saved them, will go over them Sunday. I'll get this reworked for you and sent back for your review. I'm also working on some discovery."

Mr. Stilley also provided legal advice to P.M.W., Jr., including editing P.M.W., Jr.'s remedies request, drafting a Section 2255 motion, and sending P.M.W., Jr. legal materials between April 15 and September 17, 2024. Doc. 802 pp. 169-249.

7.    <u>Violation of Mandatory Condition No. 1</u>: Mr. Stilley committed a crime.

On July 12, 2024, Mr. Stilley walked into the Crawford County Courthouse and presented a completed and signed Arkansas Voter Registration Application.

15

Mr. Stilley checked "no" to "Have you ever been convicted of a felony without your sentence being discharged or pardoned." Mr. Stilley handwrote "I have not been lawfully convicted of a felony by a lawful court." Immediately under the signature line the form contains the statement, "The information I have provided is true to the best of my knowledge. I do not claim the right to vote in another county or state. If I have provided false information, I may be subject to a fine of up to $10,000 and/or imprisonment of up to 10 years under state and federal laws." The Crawford County Clerk accepted Mr. Stilley's voter application and prepared a Registrant Information Card and Registrant Receipt for Mr. Stilley.

On September 24, 2024, the Crawford County Court issued an arrest warrant for Mr. Stilley on the charge of perjury, a Class C felony pursuant to A.C.A. §5-53-102. The Arkansas prosecuting attorney charged Mr. Stilley with perjury in an information filed October 8, 2024. Currently trial is scheduled for May 6, 2025.

In his response, Mr. Stilley asks "that this Court take judicial notice" of the charge, and asserts the charge consists of "gibberish in sentence fragments, and . . . verbatim reproduction of the Arkansas Code." Doc. 811 ¶¶52-53. Mr. Stilley's defense to the allegation appears to be his assertion that he has never been "lawfully convicted by a lawful court." *Id*. ¶58. A trial jury in the Northern District of Oklahoma convicted Mr. Stilley; Mr. Stilley served more than ten years in prison following his conviction, and the Tenth Circuit affirmed both Mr. Stilley's conviction

16

and sentence. Mr. Stilley lied when he falsely represented to the State of Arkansas on his voter application that he had never been convicted of a felony.

8. Violation of Standard Condition No. 9: Mr. Stilley failed to notify U.S. Probation of his arrest within 72 hours.

Mr. Stilley's response appears to admit to this violation. Despite being arrested for perjury, Mr. Stilley did not notify U.S. Probation. In his response, Mr. Stilley asserts he "listened to the prosecutor saying he was in contact with US Probation and they were considering a revocation hearing." *Id.* ¶ 60. Mr. Stilley then asserts he was in custody for more than 72 hours and did not have the wherewithal to telephone U.S. Probation. *Id.* ¶ 62. Mr. Stilley finally claims that "informing US Probation of this false arrest would have been tantamount to confessing to an infamous crime and a felony that carries up to 2 years in prison," and that "[t]he 5th Amendment protects against any such forced confessions." *Id.* ¶¶ 63-64. Had Mr. Stilley done as required by the terms of supervision (to which he did not object) and advised U.S. Probation of his arrest, he would not be admitting to the validity of the underlying charges. The Fifth Amendment Privilege against self-incrimination is not implicated. Instead of complying, Mr. Stilley made yet another conscious decision to violate the terms of his release.

9.      Violation of Standard Condition No. 4: Mr. Stilley failed to make restitution payments.

To date, Mr. Stilley has paid $4,621.53 towards his $792,988.33 Court ordered restation. Mr. Stilley last made a payment towards his restitution obligation on July 8, 2024, in the amount of $131.00. Mr. Stilley appears to admit the violation, pointing out that the Arkansas Department of Revenue has been returning the restitution he paid. Doc. 811 ¶66. It appears during Mr. Stilley's incarceration the Arkansas Department of Revenue wrote off Mr. Stilley's tax obligations and therefore cannot accept payments on those written off debts. To that end, the Government the Court order Mr. Stilley's future restitution payments be paid to the Internal Revenue Service, to whom the Court ordered Mr. Stilley to pay $684,653 in restitution. Doc. 338.

## Guideline Calculations and Recommendation

Mr. Stilley committed multiple violations of his terms of supervised release, the most serious for Guideline purposes being his commission of a felony. This qualifies as a Grade B violation. U.S.S.G. §7B1.1(a)(2). While the Guidelines state that "[u]pon a finding of a Grade A or B violation, the court shall revoke probation (U.S.S.G. §7B1.3), revocation is discretionary. With a Criminal History Category I, upon revocation for a Grade B violation the Guidelines recommend a term of imprisonment between four and ten months. U.S.S.G. §7B1.4.

The United States Code Section 3583 provides that upon revocation a Court may impose a maximum of a two-year term of imprisonment where, as here, the

conviction that resulted in the term of supervised release is a class D felony. U.S.C. §3583(e)(3).

Given Mr. Stilley's resistance to supervision, demonstrated by his twice violating the terms of release, the United States recommends the Court revoke his supervision, impose a two-year term of imprisonment, and not waste U.S. Probation's or the Court's time with any additional term of supervised release following the term of imprisonment.

## Conclusion

Based upon the foregoing, the Government respectfully requests this Court find that Mr. Stilley violated his terms of supervised release, revoke Mr. Stilley's supervision, and sentence him to two years imprisonment for the violation.

> Respectfully submitted,
> CLINTON J. JOHNSON
> United States Attorney
>
> */s/ Charles A. O'Reilly*
> Charles A. O'Reilly, CBA # 160980
> United States Department of Justice, Tax Division
> Trial Attorney
> 110 West Seventh Street, Suite 300
> Tulsa, Oklahoma 74119
> 202-616-0115
> charles.a.o'reilly@usdoj.gov

**Certificate of Service**

I certify that on November 10, 2024, I electronically transmitted the foregoing to the Clerk of the Court using the ECF System which will send notification to the following ECF registrant:

>Oscar Amos Stilley
>Defendant *pro se*

*/s/ Charles A. O'Reilly*
Charles A. O'Reilly
Trial Attorney
