IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA PLAINTIFF/RESPONDENT

v. Case No. 4:09-cr-043 SEH
Case No. 4:21-cv-361
Case No. 4:25-cv-673

OSCAR AMOS STILLEY DEFENDANT/MOVANT

**OSCAR STILLEY'S FIRST SET OF REQUESTS FOR ADMISSIONS**

Comes now Oscar Stilley (Stilley) and propounds the following requests for admissions to Respondent United States:

**INSTRUCTIONS**

1. The Responding Party is requested to answer the following within the time and by the method prescribed by the Court's applicable rules and rulings.
2. In answering, you are required to provide all information reasonably available to You, Your agents, representatives, employees, attorneys, and investigators.
3. If You are unable to answer any request after exercising due diligence in attempting to answer:
    a. Please answer to the extent of your ability and show the reason for your inability to answer more fully, accurately, or responsively as the case might be.
    b. The information you provide will be deemed to be all of, and the only, information you have regarding the particular request if you do not show

otherwise as provided by this paragraph.

4. You are required to make a good faith effort to comply with these requests, and the Court's rules of discovery require that of you.
5. If objections are interposed, please state the complete basis of the objection, including legal authority upon which you base your objection.
6. If You contend that any information sought is protected by attorney-client or other privilege, state the factual basis for such alleged privilege regarding the specific information requested.
7. If You are confused about any term or request, you are to promptly seek clarification from the Requesting Party.
8. If any request seems burdensome You should make inquiry, because the intent is to limit the burden as much as is reasonably possible, consistent with the interests of justice.
9. You are under a continuing duty to supplement your answers, if you subsequently acquire new information that would materially change your answer.
10. Your answers to this request must be dated, verified, and signed. Whether you comply with such requirement, each response provided to the Requesting Party by You or your attorney shall be deemed to be provided under oath by you with an intention that the Requesting Party may rely on same and deem it to be your honest and complete response to the specific answers.

## DEFINITIONS

For responding to this discovery request, the following words shall have the below ascribed meanings:

"**Agent**" means one who is authorized to act for or in place of another; a representative.

"**Record evidence**" means evidence within the complete official record (as defined by Federal Rule of Appellate Procedure 10(a)) of *US v. Stilley*, Northern District of Oklahoma (OKND) 4:09-cr-43, unless otherwise specified. Filings referenced herein are from those proceedings, unless otherwise noted.

"**Record**" means information that is inscribed on a tangible medium or that is stored in an electronic or other medium and is retrievable in perceivable form.

"**You**," "**Your**," and "**Yours**" means the Responding Party.

1. Admit that Stilley 1) was not represented by counsel, and 2) did not validly waive his 6th Amendment right to assistance of counsel, during the criminal revocation proceedings November 21, 2022, in OKND 4:09-cr-43,[1] in which Stilley's supervision was revoked and he was sentenced (Dkt. 752) to another 3 months in prison plus another 33 months of supervision.

---

[1] This is a link to a version of the Courtlistener docket that has free copies of many of the latest docket items. Another Courtlistener docket, https://www.courtlistener.com/docket/4364206/united-states-v-springer/ has free copies of many older documents. Stilley has been unable to integrate these two dockets.

2. Admit that Docket #752, the Judgment and Commitment Order on revocation in OKND 4:09-cr-43, is void because Stilley neither had assistance of counsel nor validly waived counsel.

3. Admit that Stilley 1) was not represented by counsel, and 2) did not validly waive counsel, on or before the *ex parte* conference prior to the revocation hearing November 13, 2024, during which the Court, by admission of counsel for the government, "notified the United States it needn't respond to [Stilley's] motions." Dkt. 836.

4. Admit that the *ex parte* conference described in the previous paragraph was a "critical stage" of the proceedings, within the meaning of authorities binding upon the tribunal before which this matter is pending.

5. Admit that the judgment arising out of the revocation proceedings November 13, 2024, (Dkt. 820) is void because Stilley was 1) denied the assistance of counsel at the *ex parte* conference herein described, and 2) Stilley did not validly waive his right to 6th Amendment of counsel during that *ex parte* conference.

6. Admit that the judgment arising out of the revocation proceedings November 13, 2024, (Dkt. 820) is void because Dkt. 752 was void for amongst other reasons the denial of 6th Amendment assistance of counsel, and that Stilley cannot be validly found guilty or punished for violating a void order.

7. Admit that the original judgment, Docket #338, is void for reasons stated in Stilley's 2255 petition (Dkt. 846) and documents incorporated therein by reference.

8. Admit that John Thurston, Secretary of State for the State of Arkansas, and his lawyers from the Arkansas Attorney General's Office defaulted on Stilley's motions to suppress Docket #752 and Docket #338, by failing to respond within the ten days allowed by Rule 2-1(d) of the Rules of the Supreme Court and Court of Appeals of the State of Arkansas.

9. Admit that John Thurston, Secretary of State for the State of Arkansas, and his lawyers from the Arkansas Attorney General's Office would not have defaulted on Stilley's motion to suppress Docket #752 if Thurston or his lawyers had an arguable basis for claiming that said judgment[2] was valid.

10. Admit that John Thurston, Secretary of State for the State of Arkansas, and his lawyers from the Arkansas Attorney General's Office would not have defaulted on Stilley's motion to suppress Docket #338, if Thurston or his lawyers had an arguable basis for claiming that this judgment was valid.

11. Admit that counsel for the United States defaulted on Dkt. 805 & Dkt. 809 by failing to respond within the seven days allowed by the Local Criminal Rules for the Northern District of Oklahoma, LCrR47-2 **Timing of Motions**.

---

[2] The motions referred to in this request and the following request were filed in Stilley v. Thurston et al, Ark. Sup. Ct. 24-453. You can verify that both of Stilley's motions were defaulted on the official docket, or on Stilley's home-made docket that is more user friendly. Both **motions** are available through links in Dkt. 805. This link directs to page 9, but you can scroll back and forth to other pages of the document. Links to both versions of the 24-453 **docket** are at page 13.

12. Admit that as a practical matter, Judge Friot *de facto* denied Stilley's pending motions including Dkt. 805 & Dkt. 809 when he secretly told Prosecutor Charles Anthony O'Reilly that he "needn't respond to [Stilley's] motions."

13. Admit that adverse orders and judgments entered contrary to the 6th Amendment right to assistance of counsel are void, and that thus Dkt. 805 & Dkt. 809 remain pending and awaiting decision by an impartial tribunal.

14. Admit that Judge Friot and counsel for the government engaged in undisclosed *ex parte* contacts beginning prior to the sentencing April 21-23, 2010.

Respectfully submitted.

By: /s/ Oscar Stilley September 14, 2026

Oscar Stilley
10600 N Highway 59
Cedarville, AR 72932-9246
479.384.2303 cell phone
oscarstilley@gmail.com

**CERTIFICATE OF SERVICE**

Petitioner Stilley certifies that service has been made on the date stated above by email to the following: Charles O'Reilly at charles.a.o'reilly@usdoj.gov; Vani Singhal at vani.singhal@usdoj.gov.