IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA PLAINTIFF/RESPONDENT

v. Case No. 4:09-CR-043 SEH
Case No. 4:21-cv-361
Case No. 4:25-cv-673

OSCAR AMOS STILLEY DEFENDANT/MOVANT

**STILLEY'S FIRST SET OF INTERROGATORIES**

Comes now Oscar Stilley (Stilley) and propounds the following interrogatories to the United States:

**INSTRUCTIONS**

1. The Responding Party is requested to answer the following within the time and by the method prescribed by the Court's applicable rules and rulings.
2. In answering, you are required to provide all information reasonably available to You, Your agents, representatives, employees, attorneys, and investigators.
3. If You are unable to answer any request after exercising due diligence in attempting to answer:
    a. Please answer to the extent of your ability and show the reason for your inability to answer more fully, accurately, or responsively as the case might be.
    b. The information you provide will be deemed to be all of, and the only, information you have regarding the particular request if you do not show

otherwise as provided by this paragraph.

4. You are required to make a good faith effort to comply with these requests, and the Court's rules of discovery require that of you.
5. If objections are interposed, please state the complete basis of the objection, including legal authority upon which you base your objection.
6. If You contend that any information sought is protected by attorney-client or other privilege, state the factual basis for such alleged privilege regarding the specific information requested.
7. If You are confused about any term or request, you are to promptly seek clarification from the Requesting Party.
8. If any request seems burdensome You should make inquiry, because the intent is limit the burden as much as is reasonably possible, consistent with the interests of justice.
9. You are under a continuing duty to supplement your answers, if you subsequently acquire new information that would materially change your answer.
10. Your answers to this request must be dated, verified, and signed. Whether you comply with such requirement, each response provided to the Requesting Party by You or your attorney shall be deemed to be provided under oath by you with an intention that the Requesting Party may rely on same and deem it to be your honest and complete response to the specific answers.

**DEFINITIONS**

For responding to this discovery request, the following words shall have the below ascribed meanings:

“**Agent**” means one who is authorized to act for or in place of another; a representative.

“**Record evidence**" means evidence within the official record (as defined by Federal Rule of Appellate Procedure 10(a)) of *US v. Stilley*, Northern District of Oklahoma (OKND) 4:09-cr-43, unless otherwise specified.

“**Record**” means information that is inscribed on a tangible medium or that is stored in an electronic or other medium and is retrievable in perceivable form.

“**You**,” “**Your**,” and “**Yours**” means the Responding Party.

1. If you denied request for admission #1, please provide any and all record evidence available to you, to show that Stilley 1) was represented by counsel, and if so the name of said counsel, or 2) validly waived counsel.

2. If you denied request for admission 2, please provide any and all evidence or authority available to you, to show that Judgment and Commitment Order #752 is valid despite having been taken contrary to the 6th Amendment right to assistance of counsel.

3. If you denied request for admission #3, please provide any and all record evidence or other facts or evidence available to you, to show that 1) Stilley was aware

of the *ex parte* hearing when it occurred, 2) Stilley was represented by counsel, and if so the name of said counsel, or 3) Stilley validly waived his 6th Amendment right to assistance of counsel.

4. If you denied request for admission #4, please provide any and all record evidence or other facts or evidence available to you, to show 1) that the *ex parte* conference was not a "critical stage" of the proceedings, and 2) the sum and substance of all orders, rulings, or directives given by the Court (personally or through personnel) during that *ex parte* conference.

5. If you denied request for admission #5, please provide any and all record evidence or other facts or evidence or authority available to you, to show that the judgment represented by Docket #820 is not void.

6. If you denied request for admission #6, please provide any and all record evidence or other facts or evidence available to you, to show that 1) Stilley is lawfully subject to punishment for violating a void order, or 2) that Stilley was being punished for violating a valid order, and if so the docket number of the valid order that Stilley violated.

7. If you denied request for admission #7, please provide any and all record evidence or other facts or evidence available to you, to show that Docket #338 is a valid order.

8. If you denied request for admission #8, please provide a summary of your reasons for that denial.

9. If you denied request for admission #9, please provide a synopsis of the facts, arguments, and chief authorities known to you, most likely to defeat Stilley's motion to suppress #752.

10. If you denied request for admission #10, please provide a synopsis of the facts, arguments, and chief authorities known to you, most likely to defeat Stilley's motion to suppress #338.

11. If you denied request for admission #11, please provide a synopsis of the record evidence, other evidence, arguments, and chief authorities known to you, most likely to defeat Stilley's claim that the government defaulted Stilley's pretrial motions in his second revocation proceedings, save and except #815 which was filed too late to compel a response before the hearing.

12. If you denied request for admission #12, please provide a synopsis of the record evidence, other evidence, arguments, and chief authorities known to you, most likely to defeat Stilley's claim that Judge Friot's telling the government it didn't need to respond to Stilleys motions is a *de facto* denial of the pending motions at that time.

13. If you denied request for admission #13, please provide a synopsis of the record evidence, other evidence, arguments, and chief authorities known to you, most likely to support a claim that Dockets #805 and #809 were validly ruled upon by Judge Friot.

14. Please list all undisclosed *ex parte* contacts between Judge Friot and government counsel. For each such *ex parte* contact please disclose 1) the date, 2) the

parties present (for example chambers personnel). 3) the substance of the matters discussed, and 4) any decisions, orders, agreements, or understandings between the parties.

15. Please provide the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that Respondent may use to support his claims or defenses, unless the use would be solely for impeachment.

16. Please provide a list of all propositions Respondent might seek to prove, by live testimony or otherwise. For each such proposition, please provide the form of a stipulation (if any) that Respondent would accept in lieu of other proof. PLEASE NOTE: At least part of the purpose of this request is to ascertain the facts that Respondent hopes to prove, for the purpose of giving Stilley a chance to stipulate facts that are not the subject of reasonable dispute.

17. Please supplement your responses as soon as is reasonably practicable, in conformity with the rules and the need to expedite the decision of this matter.

Respectfully submitted.

By: /s/ Oscar Stilley September 14, 2026

Oscar Stilley
10600 N Highway 59
Cedarville, AR 72932-9246
479.384.2303 cell phone
oscarstilley@gmail.com

## CERTIFICATE OF SERVICE

Petitioner Stilley certifies that service has been made on the date stated above by email to the following: Charles O'Reilly at charles.a.o'reilly@usdoj.gov; Vani Singhal at vani.singhal@usdoj.gov.