IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA PLAINTIFF/RESPONDENT

v. Case No. 4:09-cr-043 SEH
Case No. 4:21-cv-361 & 4:25-cv-673

OSCAR AMOS STILLEY DEFENDANT/MOVANT

**DEFENDANT STILLEY'S NOTICE OF ERRONEOUS LEGAL CITATION**

Comes Oscar Stilley (Stilley) for his notice of erroneous legal citation states:

Stilley at page 9 of Stilley's Verified Motion to Amend or Set Aside Judgment Pursuant to FRCP 59(e), With Included Brief (Dkt. 867) included the following quote at page 9:

> … As the US Supreme Court explained in *Moore v. Dempsey*, 261 US 86 (1923):
>
> > If the accused, however, is not represented by counsel and has not competently and intelligently waived his constitutional right, the Sixth Amendment stands as a JURISDICTIONAL BAR to a valid conviction and sentence depriving him of his life or his liberty. The judgment of conviction pronounced by a court without jurisdiction is VOID, and one imprisoned thereunder MAY OBTAIN RELIEF BY HABEAS CORPUS (emphases added).

*Moore v. Dempsey* exists but contains no such quote. The error likely arose from a botched attempt to copy a correct and proper quotation from *Johnson v. Zerbst*, 304 US 458 (1938) set forth in the dissent of Justice Souter, joined by Justices Blackmun and Stephens, at page 494 of *Custis v. United States*, 511 U.S. 485 (1994).

The language does exist in *Johnson v. Zerbst*, 304 U.S. 458 (1938).

Beginning at page 467 the *Johnson* Court said:

> Since the Sixth Amendment constitutionally entitles one charged with crime to the assistance of counsel, compliance with this constitutional mandate is an essential jurisdictional prerequisite to a federal court's authority to deprive an accused of his life or liberty. When this 468*468 right is properly waived, the assistance of counsel is no longer a necessary element of the court's jurisdiction to proceed to conviction and sentence. **If the accused, however, is not represented by counsel and has not competently and intelligently waived his constitutional right, the Sixth Amendment stands as a jurisdictional bar to a valid conviction and sentence depriving him of his life or his liberty.** A court's jurisdiction at the beginning of trial may be lost "in the course of the proceedings" due to failure to complete the court — as the Sixth Amendment requires — by providing counsel for an accused who is unable to obtain counsel, who has not intelligently waived this constitutional guaranty, and whose life or liberty is at stake.[22] If this requirement of the Sixth Amendment is not complied with, the court no longer has jurisdiction to proceed. **The judgment of conviction pronounced by a court without jurisdiction is void, and one imprisoned thereunder may obtain release by *habeas corpus*.**[23] A judge of the United States — to whom a petition for *habeas corpus* is addressed — should be alert to examine "the facts for himself when if true as alleged they make the trial absolutely void."[24]
>
> It must be remembered, however, that a judgment can not be lightly set aside by collateral attack, even on *habeas corpus*. When collaterally attacked, the judgment of a court carries with it a presumption of regularity.[25] Where a defendant, without counsel, acquiesces in a trial resulting in his conviction and later seeks release by the extraordinary remedy of *habeas corpus*, the burden of proof rests upon him to establish that he did not competently and intelligently waive his constitutional 469*469 right to assistance of counsel. If in a *habeas corpus* hearing, he does meet this burden and convinces the court by a preponderance of evidence that he neither had counsel nor properly waived his constitutional right to counsel, it is the duty of the court to grant the writ. (Emphases added)

Stilley's citation was erroneous in the following material respects. First, it cited the wrong case, which had an older date than the correct citation. Second, it failed to inform the reader that the two sentences are separated by two intervening sentences. Although the two sentences were in fact verbatim quotes from a US Supreme Court case, Stilley's unprofessional errors were sufficient to confuse, mislead, and potentially embarrass the Court and any other person attempting to rely upon this citation to authority.

Stilley profusely apologizes for his erroneous citation.

Respectfully submitted.

By: /s/ Oscar Stilley November 10, 2026

Oscar Stilley
10600 N Highway 59
Cedarville, AR 72932-9246
479.384.2303 cell phone
oscarstilley@gmail.com

**CERTIFICATE OF SERVICE**

Petitioner Stilley certifies that on the date stated above service has been made on all parties entitled to service by CM/ECF. Stilley is an electronic filer and does not need or want hard copy of electronic filings.